## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES**, **MICHELLE VELOTTA**, and **CHRISTINA LORENZEN** on Behalf of Themselves and All Others Similarly Situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; JEFF WEBB; CHARLESBANK CAPITAL PARTNERS LLC; and BAIN CAPITAL PRIVATE EQUITY,**<br><br>**Defendants.** | Case No. 2:20-cv-02892<br><br><br><br>**MEMORANDUM OF FACTS IN SUPPORT OF EXPEDITED MOTION FOR LEAVE TO APPEAR IN PRETRIAL CONFERENCE IN THE MATTER DOCKETED AS:**<br><br>***American Spirit and Cheer Essentials, Inc. et al. v. Varsity Brands, LLC et al.***, **Case No. 2:20-cv-02782** |

Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen recently filed the above-captioned action alleging a scheme by Defendants to create an illegal monopoly and to dominate the Cheer Competition, Cheer Apparel, and Cheer Camp markets. *See generally* Compl. (ECF. No. 1). Plaintiffs seek to represent a class of indirect purchasers/end payors[1] seeking injunctive relief under Section 16 of the Clayton Act for violations of Sections 1-3 of the Sherman Act, 15 U.S.C. §§ 1-3, damages under state

---

[1] Plaintiffs seek to represent a class of "[a]ll natural persons and entities in the United States that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, until the continuing Exclusionary Scheme alleged herein ends (the "Class Period") for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions." Compl. at p. 7 (ECF No 1).

antitrust laws[2] and unjust enrichment under Tennessee law, and declaratory relief under 28 U.S.C. § 2201 for violations of Sections 1, 2, and 3 of the Sherman Act, 15 U.S.C. §§ 1–3. Plaintiffs' counsel obtained defendants' agreement to waive service of the complaint under Fed. R. Civ. P. 4(d) and expect that process to be completed shortly.

Plaintiffs' complaint raises similar claims to the two cases currently pending before this Court: (1) *American Spirit and Cheer Essentials, Inc. et al. v. Varsity Brands, LLC et al.*, Case No. 2:20-cv-02782 (*"American Spirit"*) and (2) *Fusion Elite All Stars et al. v. Varsity Brands, LLC et al.*, Case No. 2:20-cv-02600 ("*Fusion*"). Unlike these cases, however, Plaintiffs assert claims solely on behalf of a class of indirect purchasers/end payors bringing claims for damages under state law. *See Illinois Brick v. Illinois*, 431 U.S. 720 (1977) (indirect purchasers do not have standing to bring claims for damages under federal antitrust law).

Plaintiffs have reviewed the relevant case dockets and anticipate agreeing to be on the same schedule as both the *American Spirit* and *Fusion* cases so as not to slow down the existing proceedings. Plaintiffs are confident they can coordinate discovery and other pretrial proceedings with the other parties to eliminate duplication of efforts.

Plaintiffs understand that there is a remote scheduling conference to be held in *American Spirit* (ECF Nos. 75, 85) this Wednesday, December 16, 2020 at 10:00 a.m. Due to the overlapping nature of the claims at issue, Plaintiffs believe that it would be more

---

[2] Plaintiffs seek damages under laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin. *Id.* at 7-7, 53-56.

efficient if they are permitted to appear and address any questions the Court may have regarding their case or any other issues that may arise.[3] Plaintiffs have conferred with other plaintiffs' and defense counsel in the case. Defense counsel has indicated they do not object to Plaintiffs' appearance and they consent to our appearance.

Accordingly, Plaintiffs respectfully request leave to appear in the pretrial conference scheduled for December 16, 2020 at 10:00 a.m. in *American Spirit and Cheer Essentials, Inc. et al. v. Varsity Brands, LLC et al*.

Dated: December 15, 2020                    Respectfully submitted,

Van Turner (TN Bar No. 22603)
Katrice Feild (TN Bar No. 31263)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Email: vturner@bruceturnerlaw.net
        katrice@bruceturnerlaw.net

By:_____ */s/ Van Turner*_____
            Van Turner

---

[3] Plaintiffs intend to move for appointment as Interim Lead Counsel under Fed. R. Civ. P. 23(g) with respect to the class of indirect purchaser/end payor plaintiffs forthwith.

Joseph R. Saveri
Steven N. Williams
Kevin E. Rayhill
Elissa A. Buchanan
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
        swilliams@saverilawfirm.com
        krayhill@saverilawfirm.com
        eabuchanan@saverilawfirm.com


Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
Ling S. Wang
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile:  (612) 339-6622
Email:      dgustafson@gustafsongluek.com
            dhedlund@gustafsongluek.com
            dnordin@gustafsongluek.com
            lwang@gustafsongluek.com


Richard M. Paul III
Sean R. Cooper
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Email: rick@paulllp.com
        sean@paulllp.com

*Attorneys for the Indirect Purchaser/End Payor
Plaintiffs*