# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| FUSION ELITE ALL STARS, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>    Defendants. | Case No. 2:20-cv-02600-SHL-cgc<br><br>**Jury Trial Demanded** |
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., ROCKSTAR CHAMPIONSHIPS, LLC, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, and ASHLEY HAYGOOD, Individually and on Behalf of all Others Similarly Situated,<br><br>    Plaintiffs,<br>  v.<br><br>VARSITY BRANDS, LLC; BSN SPORTS, LLC; VARSITY SPIRIT LLC; STANBURY, LLC; HERFF JONES, LLC; BAIN CAPITAL LP; CHARLESBANK CAPITAL PARTNERS, LLC; VARSITY BRANDS HOLDING CO., INC.; VARSITY SPIRIT FASHION & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPIA TOURS, LLC; and JEFF WEBB,<br><br>Defendants. | Case No. 2:20-cv-02782-SHL-atc<br><br>**Jury Trial Demanded** |
| JESSICA JONES, MICHELLE VELOTTA, and CHRISTINA LORENZEN, on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br>  v.<br><br>VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION | Case No. 2:20-cv-02892-SHL-atc<br><br>**Jury Trial Demanded** |

1

| | |
|---|---|
| & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; JEFF WEBB; CHARLESBANK CAPITAL PARTNERS LLC; and BAIN CAPITAL PRIVATE EQUITY, <br><br> Defendants. | |

## ORDER ALLOWING SHARING OF DISCOVERY MATERIAL

WHEREAS, *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.* (the "*Fusion* Action")[1] was filed in this Court on August 13, 2020, and on September 18, 2020[2] the Court consolidated the *Fusion* Action with the *Kathryn Anne Radek, et al. v. Varsity Brands, LLC, et al.* (the "*Radek* Action"),[3] with the consolidated case being a proposed antitrust class action brought under federal antitrust law on behalf of a proposed class of persons and entities, mainly parents and All Star Gyms, buying certain goods and services relating to All Star Cheer and All Star Apparel directly from Varsity;

WHEREAS, on October 27, 2020, *American Spirit and Cheer Essentials, Inc., et al. v. Varsity Brands, LLC, et al.* (the "*American Spirit* Action") was transferred to this Court from the United States District Court for the Northern District of Georgia,[4] that case being a proposed class action under federal antitrust law and federal and state RICO laws on behalf of four proposed classes: (1) a proposed class of parents who bought certain goods and services[5] either directly or indirectly from Varsity; (2) a proposed class of Varsity's potential and actual competitors in the cheerleading event production market; (3) a proposed class of Varsity's potential and actual

---

[1] 2:20-cv-02600-SHL-cgc (W.D. Tenn.).
[2] 2:20-cv-02600-SHL-cgc (W.D. Tenn.), ECF No. 37.
[3] 2:20-cv-02649-SHL-atc (W.D. Tenn.), ECF No. 32.
[4] 2:20-cv-02782-SHL-atc (W.D. Tenn.), ECF No. 56.
[5] The goods and services listed in the class definition include "uniforms, competition fees, event admission fees, camp fees, insurance, travel and accommodation fees, school paraphernalia such as class rings, yearbooks, graduation caps and gowns or graduation announcements, or merchandise." *Id.*, ECF No. 1, ¶ 279(b).

competitors in the cheerleading camp market; and (4) a proposed class of Varsity's potential and actual competitors in the apparel, athletic equipment, and cheer merchandise markets;

WHEREAS, on December 10, 2020, *Jessica Jones, et al. v. Varsity Brands, LLC, et al.* (the "*Jones* Action") was filed in this Court, as a proposed antitrust class action under the laws of multiple states (for damages) and federal antitrust law (for injunctive relief), on behalf of a proposed class of indirect purchasers of goods and services from Varsity, including Varsity cheer competitions, Varsity camps, Varsity apparel, and other goods and services. ("Indirect Purchaser Classes");[6]

WHEREAS, the Court has created a Plaintiffs' Discovery Coordination Committee for the purpose of coordinating discovery across in the *Fusion Elite*, the *American Spirit*, and the *Jones* Actions;[7]

WHEREAS, the Court has entered a Protective Order in the *Fusion Elite* Action that governs the sharing of confidential information exchanged in discovery in that action that would preclude sharing of confidential information across the Plaintiffs' Discovery Coordination Committee;[8]

WHEREAS, it is anticipated that similar protective orders will be entered in the *American Spirit* Action and the *Jones* Action;

WHEREAS, all three cases assert certain claims arising out of the same nucleus of operative facts, and will involve some of the same discovery from some of the same defendants and third parties; and it would serve the interests of justice and efficiency for all three cases to

---

[6] 2:20-cv-02892-SHL-cgc (W.D. Tenn.).
[7] *Fusion Elite* Action, ECF No. 93, *American Spirit* Action, ECF No. 111, *Jones* Action, ECF No. 45 (collectively the "Plaintiff Discovery Coordinating Committee Order").
[8] *Fusion Elite Action*, ECF No. 77.

coordinate discovery as much as is reasonably feasible, including to avoid duplicative or overlapping requests and demands on Defendants;

WHEREAS, judicial efficiency will be served by allowing Plaintiffs and counsel in each case to review and use material produced in each case;

WHEREAS, Defendants' counsel and Plaintiffs in all three cases have indicated their support for the relief requested below;

Accordingly, the following is ordered:

1. Notwithstanding anything in the protective orders governing the use of discovery material entered in each case covered by the Plaintiffs' Discovery Coordination Committee orders, "Confidential" or "Highly Confidential" (as defined in the respective protective orders in each case) information, data and documents produced in any of the cases covered by the Plaintiffs' Discovery Coordination Committee orders may be disclosed to the parties in all cases covered by the Plaintiffs' Discovery Coordination Committee Order;

2. Plaintiffs and their counsel shall treat any materials exchanged pursuant to Paragraph 1 herein as subject to the protective order in each respective case and may only share and use such materials in accordance with the protective order entered in each case; and

3. No materials shall be shared until protective orders are entered in all cases covered by the Plaintiffs' Discovery Coordinating Committee Order.

**IT IS SO ORDERED**, this 22nd day of February, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE