UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES et al., <br><br> Plaintiffs, <br> v. <br><br> VARSITY BRANDS, LLC et al., <br><br> Defendants. | **Civ. Action No. 2:20-cv-02892** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS CHARLESBANK CAPITAL PARTNERS, LLC, AND BAIN CAPITAL PRIVATE EQUITY, LLC**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS ....................................................................................................1

ARGUMENT .........................................................................................................................2

CONCLUSION ......................................................................................................................5

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Ace Tree Surgery, Inc. v. Terex Corp.*,
  No. 16-CV-00775, 2017 WL 1836307 (N.D. Ga. Feb. 21, 2017) ............................................ 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 3

*Copperweld Corp. v. Indep. Tube Corp.*,
  467 U.S. 752 (1984) ................................................................................................................ 3

*Corrigan v. U.S. Steel Corp.*,
  478 F.3d 718 (6th Cir. 2007) ................................................................................................... 2

*Cupp v. Alberto-Culver USA, Inc.*,
  310 F. Supp. 2d 963 (W.D. Tenn. 2004) ................................................................................. 2

*Est. of Smith ex rel. Richardson v. United States*,
  509 F. App'x 436 (6th Cir. 2012) ............................................................................................ 3

*Garcia v. Kashi Co.*,
  43 F. Supp. 3d 1359 (S.D. Fla. 2014) ...................................................................................... 3

*In re Pa. Title Ins. Antitrust Litig.*,
  648 F. Supp. 2d 663 (E.D. Pa. 2009) ....................................................................................... 4

*In re Title Ins. Antitrust Cases*,
  702 F. Supp. 2d 840 (N.D. Ohio 2010) ................................................................................... 3

*Magluta v. Samples*,
  256 F.3d 1282 (11th Cir. 2001) ............................................................................................... 4

*United States v. Bestfoods*,
  524 U.S. 51 (1998) .................................................................................................................. 2

*Z Techs. Corp. v. Lubrizol Corp.*,
  753 F.3d 594 (6th Cir. 2014) ................................................................................................... 5

# INTRODUCTION

Charlesbank and Bain[1] should not be defendants in this case. The Complaint alleges that Charlesbank indirectly owned the Varsity Defendants from 2014 to 2018 and is currently a member of the board of the holding company that indirectly owns the Varsity Defendants. It alleges that Bain acquired the Varsity Defendants from Charlesbank in 2018 and currently owns the Varsity Defendants. Under fundamental principles of corporate separation, such ownership and board membership do not make Charlesbank or Bain liable for the actions of the operating Varsity companies. Plaintiffs' claims against Charlesbank and Bain accordingly should be dismissed.[2]

# STATEMENT OF FACTS

The entirety of the allegations in the Complaint regarding Charlesbank and Bain are that:

- Charlesbank acquired the Varsity Defendants in 2014 and sold them to Bain in 2018. (Compl. ¶¶ 84-85.)

- During the period of its ownership, "Charlesbank conspired with Varsity and Webb to consolidate Varsity's market power by acquiring its biggest rivals." (Compl. ¶ 119.)

- Since the sale to Bain in 2018, Charlesbank "maintains a seat of [sic] Varsity's Board of Directors, and continues to be actively involved in the alleged anticompetitive scheme through this position of power." (Compl. ¶ 119.)

---

[1] For purposes of this memorandum, "Charlesbank" refers to Charlesbank Capital Partners, LLC and "Bain" refers to Bain Capital Private Equity, LLC. "Varsity" and the "Varsity Defendants" refers to Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Spirit Fashions & Supplies, LLC.

[2] Because any claim against Charlesbank or Bain is entirely derivative of their interests in the Varsity Defendants, Charlesbank and Bain join in and adopt by reference the memorandum of law filed by the Varsity Defendants. This memorandum is limited to issues that relate only to Charlesbank and Bain.

- Since the acquisition in 2018, Bain has been "actively involved in the alleged anticompetitive scheme through its seat on Varsity's Board of Directors and its funding of Varsity's acquisition of its rivals."  (Compl. ¶ 120.)

- Bain has "conspir[ed]" with Varsity and Webb, and in doing so "helped Varsity maintain and enhance its monopoly, and ensured that it continues."  (Compl. ¶ 120.)

- Charlesbank and Bain have obtained "financial rewards" from their ownership of the Varsity Defendants.  (Compl. ¶¶ 21-22.)

There are no other allegations specific to Charlesbank or Bain in the Complaint.  For example, other than ownership, being a member of the board of directors, and receiving financial rewards in the form of investment returns, there are no allegations that Charlesbank or Bain did any particular thing at all.

## ARGUMENT

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (quotation marks omitted); *see also Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724-26 (6th Cir. 2007) (same).  Thus, Plaintiffs' allegations against Charlesbank and Bain that they presently or at one time directly or indirectly owned the Varsity Defendants do not state a claim because mere ownership is not sufficient to state a claim against the owner based on the actions of its corporate subsidiaries.  *See, e.g.*, *Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963, 973 (W.D. Tenn. 2004) (dismissing claims against corporate parent because "[t]he Court declines to presume that a parent company participates in every decision or action of its

subsidiary"); *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1394-95 (S.D. Fla. 2014) (dismissing claims against corporate parent that were based on actions of subsidiary).

Plaintiffs' effort to avoid certain dismissal under these principles by throwing in antitrust buzzwords like "conspiracy" and conclusory statements about Charlesbank's and Bain's "involvement" in the "anticompetitive scheme" are precisely the sort of conclusory allegations, unsupported by facts, that must be disregarded in assessing a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e,g.*, *Est. of Smith ex rel. Richardson v. United States*, 509 F. App'x 436, 439 (6th Cir. 2012) ("For a complaint to survive a motion to dismiss, the non-conclusory 'factual content' and the reasonable inferences from that content, must be 'plausibly suggestive' of a claim entitling a plaintiff to relief.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Plaintiffs' assertion that, during their time of ownership, Charlesbank and Bain "conspired" with Varsity and Webb fail for the additional reason that, as a matter of law, an entity such as Charlesbank or Bain is legally incapable of "conspiring" with an entity that it owns.  *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 777 (1984).  Nor is it possible as a matter of law for an entity to "conspire" with an officer or employee of a subsidiary entity.  *Id.* at 769.  To the extent it has any legal significance at all, Plaintiffs' invocation of the conclusory term "conspire" merely refers to the fact that during different times Charlesbank and Bain held an interest in the Varsity Defendants, which does not create a basis for holding Charlesbank or Bain liable for the actions of the Varsity Defendants.  *See, e.g.*, *In re Title Ins. Antitrust Cases*, 702 F. Supp. 2d 840, 908 (N.D. Ohio 2010) ("Even viewing Plaintiffs' allegations of 'approval and

assent' and 'ownership and control' in a light most favorable to Plaintiffs, as the Court must for the purposes of the pending motion, these allegations amount to nothing more than conduct typical of any parent and subsidiary.") (quotation marks omitted); *see also In re Pa. Title Ins. Antitrust Litig.*, 648 F. Supp. 2d 663, 686-87 (E.D. Pa. 2009) (dismissing such claims against corporate parent); *Ace Tree Surgery, Inc. v. Terex Corp.*, No. 16-CV-00775, 2017 WL 1836307, at *4 (N.D. Ga. Feb. 21, 2017) (ordering plaintiffs to replead their complaint for the same reason).

Plaintiffs also make generalized and non-specific allegations that Defendants "[a]ct[ed] in concert" (Compl. ¶ 1) and seemingly seek to assign all of the actions alleged in the Complaint—most of which precede Charlesbank's ownership of Varsity and virtually all of which precede Bain's ownership—to Charlesbank and Bain without differentiation. Doing so would be improper as a matter of law. *See, e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (ordering district court to require plaintiffs to replead their complaint because allegations were not separately specified as to each claim and each defendant, "ma[de] no distinction among the fourteen defendants charged, though geographic and temporal realities ma[d]e plain that all of the defendants could not have participated in every act complained of"). Indeed, Bain is not alleged to have had *any* involvement in the Varsity Defendants before 2018 and Charlesbank is not alleged to have had *any* involvement with the Varsity Defendants before 2014, and, after the sale to Bain in 2018, is only alleged to have had a position on the board of the holding company that indirectly owns the Varsity Defendants.

The only specific activity of the Varsity Defendants that Plaintiffs try to connect to Charlesbank and Bain—although only through conclusory allegations that do not suggest anything more than ordinary ownership—is that Charlesbank and Bain "conspired with Varsity and Webb to consolidate Varsity's market power by acquiring its biggest rivals" and that Bain

4

"fund[ed] Varsity's acquisition of its rivals." (Compl. ¶¶ 119-20.) As discussed above, such non-specific and conclusory allegations do not suffice to convert claims against a subsidiary to a claim against its owner or an investor or board member.

That issue aside, almost every acquisition identified in the Complaint is alleged to have occurred *prior to* Charlesbank's indirect acquisition of the Varsity Defendants in 2014. Virtually all of the rest are alleged to have occurred more than four years prior to this case being filed. Any claim based on those acquisitions is barred on its face by the statute of limitations. *See, e.g.*, *Z Techs. Corp. v. Lubrizol Corp.*, 753 F.3d 594, 599 (6th Cir. 2014) (affirming dismissal on pleadings of antitrust claims under Section 2 of the Sherman Act and Section 7 of the Clayton Act as to two acquisitions consummated more than four years prior to the commencement of the action because acquisitions occurred outside the statute of limitations). The only exception is one sentence in the Complaint about acquisitions in "2016-2017" (Compl. ¶ 97) (*i.e.*, straddling the limitations period). However, there are no allegations about whether or how those acquisitions of so-called "actual or potential competitors in the Cheer Competition Market" (*id.*) had any effect on competition. Merely identifying a few acquisitions does not suffice to state a claim against the Varsity Defendants, much less against Charlesbank.

There are likewise literally *no* acquisitions alleged for the time period in which Bain has owned Varsity *at all*. The conclusory assertion that Bain "fund[ed] . . . Varsity's acquisition of its rivals" and that Bain and Charlesbank "conspired" during this period (Compl. ¶¶ 119-20) must therefore be disregarded entirely.

## CONCLUSION

For the foregoing reasons and the reasons stated in the Varsity Defendants' memorandum, Defendants Bain and Charlesbank respectfully request that the Court dismiss the Complaint against them in its entirety.

5

Dated: March 12, 2021

Respectfully submitted,

/s Matthew S. Mulqueen

George S. Cary*
Mark W. Nelson*
Alexis Collins*
Steven J. Kaiser*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
mnelson@cgsh.com
alcollins@cgsh.com
skaiser@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Bain Capital Private Equity, LLC and Charlesbank Capital Partners, LLC*