Appendix 1

Chart of State Antitrust Laws

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law | State Statute Authorizes Indirect Purchaser Actions |
|---|---|---|---|
| Arizona<br><br>Ariz. Rev. Stat. Ann. §§ 44-1402, 44-1403 *et seq.* | Ariz. Rev. Stat. Ann. §§ 44-1402, 44-1403 | Ariz. Rev. Stat. Ann. § 44-1412 ("This article shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this article among those states that enact it. It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes.") | *Bunker's Glass Co. v. Pilkington PLC*, 75 P.3d 99, 102-09 (Ariz. 2003) (en banc) ("Nothing in [the language of the Arizona antitrust statute] restricts the right of action to direct purchasers injured by violations of the Arizona Antitrust Act or precludes indirect purchasers from suing. Indeed the Court of Appeals reasoned, and we agree, that by defining the term 'person' to include an 'individual,' the legislature signaled its intent to allow indirect purchasers to sue, because individuals are rarely direct purchasers.") |
| Arkansas<br><br>Ark. Code Ann. §§ 4-88-101 *et seq.* | Ark. Code Ann. § 4-88-107(a)(10) | *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1108-09 (N.D. Cal. 2007) | *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 350 F. Supp. 2d 160, 178-79 (D. Me. 2004) ("I find no support in the ADTPA or Arkansas caselaw for a ban on indirect purchaser suits. The ADTPA provides a private cause of action for damages for any person injured by a violation of the ADTPA, and is not limited to a cause of action for direct purchasers. 26 Ark. Code Ann. § 4–88–113(f). Arkansas also does not prohibit indirect |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law | State Statute Authorizes Indirect Purchaser Actions |
|---|---|---|---|
| | | | purchaser suits under its antitrust laws. *See* Ark. Code Ann. §§ 4–75–201 to –320.") |
| California<br><br>Cal. Bus. & Prof. Code § 16700 *et seq.* and § 17200 *et seq.* | Cal. Bus. & Prof. Code §§ 16720, 17200 | *Tucker v. Apple Computer, Inc.*, 493 F. Supp. 2d 1090, 1102 (N.D. Cal. 2006) ("The Cartwright Act has identical objectives to the federal antitrust acts, and cases construing the federal antitrust laws are permissive authority in interpreting the Cartwright Act.") | Cal. Bus. & Prof. Code § 16750(a) ("This action may be brought by any person who is injured in his or her business or property by reason of anything forbidden or declared unlawful by this chapter, regardless of whether such injured person dealt directly or indirectly with the defendant.") |
| District of Columbia<br><br>D.C. Code §§ 28-4502, 28-4503 *et seq.* | D.C. Code §§ 28-4502, 28-4503 | D.C. Code § 28-4515 ("It is the intent of the Council of the District of Columbia that in construing this chapter, a court of competent jurisdiction may use as a guide interpretations given by federal courts to comparable antitrust statutes.") | D.C. Code § 28-4509(a) ("Any indirect purchaser in the chain of manufacture, production, or distribution of goods or services, upon proof of payment of all or any part of any overcharge for such goods or services, shall be deemed to be injured within the meaning of this chapter.") |
| Florida<br><br>Fla. Stat. Ann. §§ 501.201 *et seq.* | Fla. Stat. Ann. § 501.204(1) | *Cal. Dental Ass'n v. F.T.C.*, 526 U.S. 756, 762 n.3 ("The FTC Act's prohibition of unfair competition and deceptive acts or practices, 15 U.S.C. § 45(a)(1), overlaps the scope of § 1 of the Sherman Act, 15 U.S.C. § 1, aimed at prohibiting restraint of trade, *FTC v. Indiana Federation of Dentists*, 476 | *Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100, 109 (Fla. App. 1996) ("[T]he Florida DTPA clearly expresses the legislative policy to authorize consumers (that is, indirect purchasers) to bring actions under the Florida DTPA for price-fixing conduct.") |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law | State Statute Authorizes Indirect Purchaser Actions |
|---|---|---|---|
| | | U.S. 447, 454-455, 106 S.Ct. 2009, 90 L.Ed.2d 445 (1986)") | |
| Hawaii<br><br>Haw. Rev. Stat. §§ 480-2, 480-4, 480-9, et seq. | Haw. Rev. Stat. §§ 480-4, 480-9 | Haw. Rev. Stat. § 480-3 ("This chapter shall be construed in accordance with judicial interpretations of similar federal antitrust statutes . . . .") | Haw. Rev. Stat. § 480-3 ("[L]awsuits by indirect purchasers may be brought as provided in this chapter.") |
| Illinois<br><br>740 Ill. Comp. Stat. Ann. 10/3 et seq. | 740 Ill. Comp. Stat. Ann. 10/3(1), (3) | 740 Ill. Comp. Stat. Ann. 10/11 ("When the wording of this Act is identical or similar to that of a federal antitrust law, the courts of this State shall use the construction of the federal law by the federal courts as a guide in construing this Act.") | 740 Ill. Comp. Stat. Ann. 10/7(2) ("No provision of this Act shall deny any person who is an indirect purchaser the right to sue for damages.") |
| Iowa<br><br>Iowa Code §§ 553.4, 553.5, et seq. | Iowa Code §§ 553.4, 553.5 | Iowa Code § 553.2 ("This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter. This construction . . . shall be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices.") | *Comes v. Microsoft Corp.*, 646 N.W.2d 440, 451 (Iowa 2002) ("Nothing in the Iowa Competition Law or in federal antitrust law requires us to find indirect purchasers may not maintain an antitrust action. We conclude our antitrust law contemplates *all* injured consumers are authorized to bring suit to enforce our antitrust laws.") |
| Kansas | Kan. Stat. Ann. § 50-112 | Kan. Stat. Ann. § 50-163(b) ("[T]he | Kan. Stat. Ann. § 50-161(b) ("[A]ny |

3

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law | State Statute Authorizes Indirect Purchaser Actions |
|---|---|---|---|
| Kan. Stat. Ann. §§ 50-101 et seq. | | Kansas restraint of trade act shall be construed in harmony with ruling judicial interpretations of federal antitrust law by the United States supreme court.") | person who may be damaged or injured by any agreement, monopoly, trust, conspiracy or combination which is declared unlawful by the Kansas restraint of trade act shall have a cause of action against any person causing such damage or injury. Such action may be brought by any person who is injured in such person's business or property by reason of anything forbidden or declared unlawful by the Kansas restraint of trade act, regardless of whether such injured person dealt directly or indirectly with the defendant."); *see also* Kan. Stat. Ann. § 50-163(d) ("The Kansas restraint of trade act shall not be construed to prohibit . . . actions or proceedings by indirect purchasers pursuant to K.S.A. 50- 161, and amendments thereto . . . .") |
| Maine<br><br>Me. Rev. Stat. Ann., tit. 10, §§ 1102 et seq. | Me. Rev. Stat. Ann. tit. 10, § 1102 | *McKinnon v. Honeywell Int'l Inc.*, 977 A.2d 420, 424 (Me. 2009) ("[W]e look to both state and federal antitrust law for guidance in the interpretation of the Maine antitrust statute . . . .") | Me. Rev. Stat. Ann. tit. 10, § 1104(1) ("Any person . . . injured directly or indirectly in its business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by section 1101, 1102 or 1102-A, may sue for the injury in a civil action.") |

4

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law | State Statute Authorizes Indirect Purchaser Actions |
|---|---|---|---|
| Massachusetts<br><br>Mass. Gen. Laws Ann. ch. 93A, §§ 1, 2, 9, *et seq.* | Mass. Gen. Laws Ann. ch. 93A, § 2(a) | *In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 175 (D. Mass. 2013) ("[A]s to the four states in which the named End-Payors make their claims under those states' consumer protection laws (Florida, California, Massachusetts, and Vermont), courts have held that the violation of traditional antitrust elements constitutes a violation of the relevant consumer protection statute.".) | *Ciardi v. F. Hoffman-La Roche, Ltd.*, 762 N.E.2d 303, 309-14 (Mass. 2002) (indirect purchasers can recover damages for antitrust violations under the consumer protection statute) |
| Michigan<br><br>Mich. Comp. Laws Ann. §§ 445.771 *et seq.* | Mich. Comp. Laws Ann. §§ 445.772, 445.773 | Mich. Comp. Laws Ann. § 445.784(2) ("It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes . . .") | Mich. Comp. Laws Ann. § 445.778(2) ("Any other person threatened with injury or injured directly or indirectly in his or her business or property by a violation of this act may bring an action . . . .") |
| Minnesota<br><br>Minn. Stat. Ann. §§ 325D.49, 325D.52, *et seq.* and Minn. Stat. Ann. §§ 8.31 *et seq.* | Minn. Stat. Ann. §§ 325D.51, 325D.52 | *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 626-29 (Minn. 2007) (en banc) ("Minnesota antitrust law is generally interpreted consistently with federal antitrust law.") | Minn. Stat. Ann. § 325D.57 ("Any person . . . injured directly or indirectly by a violation of sections 325D.49 to 325D.66, shall recover . . . .") |
| Mississippi | Miss. Code Ann. § 75-21-3 | *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 | Miss. Code Ann. § 75-21-9 ("Any person . . . injured or damaged by a |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law | State Statute Authorizes Indirect Purchaser Actions |
|---|---|---|---|
| Miss. Code Ann. §§ 75-21-3 et seq. | | F. Supp. 2d 1072. 1098 (N.D. Cal. 2007) ("[T]he antitrust statutes of these five states [which include Mississippi] are to be applied with federal antitrust principles in mind.") | trust and combine as herein defined, or by its effects direct or indirect, may recover all damages . . . .") |
| Missouri<br><br>Mo. Rev. Stat. §§ 407.020 et seq. | *Picone v. Shire PLC*, Civ. A. No. 16-cv-12396-ADB, 2017 WL 4873506, at *18 (D. Mass. Oct. 20, 2017) ("[A]ntitrust violations may state a claim for unfair practices under the MMPA.") | *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 416 (E.D. Pa. 2010) | *Gibbons v. J. Nuckolls, Inc.*, 216 S.W.3d 667, 669 (Mo. 2007) ("The statute's plain language does not contemplate a direct contractual relationship between plaintiff and defendant, and Missouri courts have not imposed such a requirement through statutory construction.") |
| Montana<br><br>Mont. Code Ann. §§ 30-14-103 et seq. | Mont. Code Ann. § 30-14-103 | Mont. Code Ann. § 30–14–104(1) ("It is the intent of the legislature that in construing 30–14–103 due consideration and weight shall be given to the interpretations of the federal trade commission and the federal courts relating to section 5(a)(1) of the Federal Trade Commission Act . . . .") | *In re Dynamic Random Access Memory (DRAM) Litig.*, 516 F. Supp. 2d 1072, 1112 (N.D. Cal. 2007) (holding that indirect purchasers have standing under Montana's antitrust provisions) |
| Nebraska<br><br>Neb. Rev. Stat. §§ 59-801, 59-802, et seq. | Neb. Rev. Stat. §§ 59-801, 59-802 | Neb. Rev. Stat. § 59-829 ("When any provision of sections 59-801 to 59-831 and sections 84-211 to 84-214 or any provision of Chapter 59 is the same as or similar to the language of a | Neb. Rev. Stat. § 59-821 ("Any person who is injured in his or her business or property by any other person or persons by a violation of sections 59-801 to 59-831, whether such injured |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law | State Statute Authorizes Indirect Purchaser Actions |
|---|---|---|---|
| | | federal antitrust law, the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts.") | person dealt directly or indirectly with the defendant, may bring a civil action . . . .") |
| Nevada<br><br>Nev. Rev. Stat. §§ 598A.060 et seq. | Nev. Rev. Stat. § 598A.060 | Nev. Rev. Stat. § 598A.050 ("The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes.") | Nev. Rev. Stat. § 598A.210(2) ("Any person injured or damaged directly or indirectly in his or her business or property by reason of a violation of the provisions of this chapter may institute a civil action . . . .") |
| New Hampshire<br><br>N.H. Rev. Stat. §§ 356:2, 356:3, et seq. | N.H. Rev. Stat. §§ 356:2, 356:3 | N.H. Rev. Stat. § 356:14 ("In any action or prosecution under this chapter, the courts may be guided by interpretations of the United States' antitrust laws.") | N.H. Rev. Stat. § 356:11 ("Any person injured in his business or property by reason of a violation of this chapter may recover . . . regardless of whether that person dealt directly or indirectly with the defendant.") |
| New Mexico<br><br>N.M. Stat. Ann. § 57-1-1, 57-1-2, et seq. | N.M. Stat. Ann. §§ 57-1-1, 57-1-2 | N.M. Stat. Ann. § 57-1-15 ("Unless otherwise provided in the Antitrust Act, the Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws. This construction shall be made to achieve uniform application of the state and federal laws prohibiting restraints of trade and monopolistic practices.") | N.M. Stat. Ann. § 57-1-3 ("All contracts and agreements in violation of Section 57-1-1 or 57-1-2 NMSA 1978 shall be void, and any person threatened with injury or injured in his business or property, directly or indirectly, by a violation of Section 57-1-1 or 57-1-2 NMSA 1978 may bring an action . . . .") |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law | State Statute Authorizes Indirect Purchaser Actions |
|---|---|---|---|
| New York<br><br>N.Y. Gen. Bus. Law § 340 | N.Y. Gen. Bus. Law § 340(1) | *Reading Int'l, Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 332-33 (S.D.N.Y. 2003) ("Under New York law, the state and federal antitrust statutes 'require identical basic elements of proof.'"); *Gebman v. Kelly*, No. 08-CV-307, 2008 WL 3413955, at *4 (N.D.N.Y. Aug. 8, 2008) ("Courts generally interpret New York's Donnelly Act 'in a fashion identical to its federal counterpart, the Sherman Act.'") | N.Y. Gen. Bus. Law § 340(6) ("In any action pursuant to this section, the fact that . . . any person who has sustained damages by reason of violation of this section has not dealt directly with the defendant shall not bar or otherwise limit recovery . . . .") |
| North Carolina<br><br>N.C. Gen. Stat. §§ 75-1, 75-2.1, *et seq.* | N.C. Gen. Stat. §§ 75-1, 75-2.1 | *Crain v. Debartolo*, No. 7:14-CV-29-D, 2015 WL 73961, at *8 n.3 (E.D.N.C. Jan. 6, 2015) ("'Federal case law interpretations of the federal antitrust laws are persuasive authority in construing [North Carolina] antitrust statutes.'") | *Teague v. Bayer AG*, 671 S.E.2d 550, 555 (N.C. Ct. App. 2005) ("[I]ndirect purchasers have standing under N.C. Gen. Stat. § 75–16 to sue under the antitrust laws of North Carolina.") |
| North Dakota<br><br>N.D. Cent. Code §§ 51- 08.1-01 *et seq.* | N.D. Cent. Code §§ 51-08.1-02, 51-08.1-03 | *In re Electronic Books Antitrust Litig.*, No. 11 MD 2293(DLC), 2014 WL 2535112, at *15 (S.D.N.Y. June 5, 2014) ("The language of NDUSAA parallels Section 1 of the Sherman Act. And North Dakota courts look to federal antitrust law in interpreting the NDUSSA.") | N.D. Cent. Code § 51-08.1-08(3) ("In any action for damages under this section, the fact that the . . . person threatened with injury or injured in its business or property by any violation of the provisions of this chapter has not dealt directly with the defendant does not bar recovery.") |

8

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law | State Statute Authorizes Indirect Purchaser Actions |
|---|---|---|---|
| Oregon<br><br>Or. Rev. Stat. §§ 646.725, 646.730, et seq. | Or. Rev. Stat. §§ 646.725, 646.730 | Or. Rev. Stat. § 646.715(2) ("The decisions of federal courts in construction of federal law relating to the same subject shall be persuasive authority in the construction of ORS 646.705 (Definitions for ORS 136.617 and 646.705 to 646.805) to 646.805 (Effect of prior final judgment or decree) and 646.990 (Penalties).") | Or. Rev. Stat. § 646.780(1)(a) ("A person . . . injured in its business or property by a violation of ORS 646.725 (Prohibited acts) or 646.730 (Monopolies prohibited) may sue for the injury . . . . An action authorized by this paragraph may be brought regardless of whether the plaintiff dealt directly or indirectly with the adverse party.") |
| Rhode Island<br><br>R.I. Gen. Laws §§ 6-36-1 et seq. | R.I. Gen. Laws §§ 6-36-4, 6-36-5 | R.I. Gen. Laws § 6-36-2(b) ("This chapter shall be construed in harmony with judicial interpretations of comparable federal antitrust statutes insofar as practicable . . . .") | R.I. Gen. Laws § 6-36-12(g) ("In any action under this section the fact that a person or public body has not dealt directly with the defendant shall not bar or otherwise limit recovery.") |
| South Dakota<br><br>S.D. Codified Laws §§ 37-1-3.2 et seq. | S.D. Codified Laws § 37-1-3.2 | S.D. Codified Laws § 37-1-22 ("It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes.") | S.D. Codified Laws § 37-1-33 ("No provision of this chapter may deny any person who is injured directly or indirectly in his business or property by a violation of this chapter the right to sue for and obtain any relief . . . .") |
| Tennessee<br><br>Tenn. Code Ann. §§ 47-25-101 et seq. | Tenn. Code Ann. § 47-25-101 | *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 521 (Tenn. 2005) (court considers "state antitrust regulations to supplement and complement the federal antitrust laws and the enforcement of these state | Tenn. Code Ann. § 47-25-106; *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 517 (Tenn. 2005) ("[T]he plain language of section 47-25-106 provides a cause of action to indirect purchasers.") |

9

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law | State Statute Authorizes Indirect Purchaser Actions |
|---|---|---|---|
| | | laws to be consistent with the federal antitrust laws") | |
| Utah<br><br>Utah Code Ann. §§ 76-10-3101, et seq. | Utah Code Ann. §§ 76-10-3104 | Utah Code Ann. § 76-10-3118 ("The Legislature intends that the courts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes and by other state courts to comparable state antitrust statutes.") | Utah Code Ann. § 76-10-3109 ("A person . . . who is injured or is threatened with injury in his business or property by a violation of the Utah Antitrust Act may bring an action for injunctive relief and damages, regardless of whether the person dealt directly or indirectly with the defendant.") |
| Vermont<br><br>Vt. Stat. Ann. Tit. 9 §§ 2453 et seq. | In re Microsoft Corp. Antitrust Litig., 261 F. Supp. 2d 366, 368 (D. Md. 2003) (recognizing that maintenance of a monopoly is a violation of the VCFA and citing Vt. Stat. Ann. Tit. 9 § 2461(b)) | In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig., MDL No. 2445, 2017 WL 4642285, at *11 (E.D. Pa. Oct. 17, 2017) (holding that Vermont state antitrust law is "consistently interpreted in parallel, if not identically, with the Sherman Act" and citing Carter v. Gugliuzzi, 716 A. 2d 17, 21 (Vt. 1998)) | Vt. Stat. Ann. Tit. 9 § 2465 (b) ("In any action for damages or injury sustained as a result of any violation of State antitrust laws . . . the fact that the . . . person has not dealt directly with a defendant shall not bar or otherwise limit recovery.") |
| West Virginia<br><br>W. Va. Code Ann. §§ 47-18-4 et seq. | W. Va. Code Ann. § 47-18-4 | W. Va. Code Ann. § 47-18-16 ("This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes.") | W. Va. Code St. R. § 142-9-2 ("Any person who is injured directly or indirectly by reason of a violation of the West Virginia Antitrust Act . . . may bring an action for damages . . .") |
| Wisconsin | Wisc. Stat. Ann. §§ | Lerma v. Univision Comms., Inc., 52 | Wisc. Stat. Ann. § 133.18(1)(a) |

| State and Applicable Statute | State Statute Section(s) Parallel to Federal Antitrust Law | State Statute Is Interpreted in Harmony with Federal Law | State Statute Authorizes Indirect Purchaser Actions |
|---|---|---|---|
| Wisc. Stat. Ann. §§ 133.03 *et seq.* | 133.03(1), 133.03(2) | F. Supp. 2d 1011, 1015-16 (E.D. Wis. 1999) ("Wisconsin courts have held that the state version is generally controlled by federal court decisions regarding the Sherman Act.") | ("[A]ny person injured, directly or indirectly, by reason of anything prohibited by this chapter may sue therefor . . . .") |