# APPENDIX A

| State | Relevant State Statute | Indirect Purchaser Plaintiffs Have No Standing to Sue Under State Law |
|---|---|---|
| Alabama | Ala. Code §§ 8-10-1, *et seq.* | Alabama's antitrust statutes do not reach interstate commerce. *See Abbott Laboratories v. Durrett*, 746 So. 2d 316, *337-39 (Sup. Ct. Ala. 1999) (holding that "these statutes regulate monopolistic activities that occur within . . . the geographic boundaries of the state" because "the Legislature intended to limit the scope of Alabama's antitrust regulations to transactions involving intrastate commerce.") |
| Alaska | Alaska Stat. §§ 45.50.562, *et seq.* | Only the Alaska Attorney General may seek monetary relief on behalf of indirect purchasers. *In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1163 (N.D. Cal. 2015). |
| Arkansas | Ark. Code Ann. §§ 4-75-301, *et seq.* | "There is no private right to a cause of action pursuant to the subchapter of the Arkansas Code relating to unfair monopolies." *Coffee.org, Inc. v. Green Mountain Coffee Roasters, Inc.*, 2012 WL 511485, at *4 (W.D. Ark. Feb 15, 2012). |
| Colorado | Colo. Rev. Stat. §§ 6-4-104, *et seq.* | Indirect purchaser actions are not allowed under Colorado law. *Pomerantz v. Microsoft Corp.,* 50 P.3d 929, 934 (Colo. App. 2002) |
| Connecticut | Conn. Gen. Stat. §§ 42-110b, *et seq.* | Plaintiffs do not have standing to bring suit under the Connecticut Unfair Trade Practices Act because it requires privity between the plaintiff and defendant in private suits. *Vacco v. Microsoft Corp.,* 260 Conn. 59, 87 (2002). |
| Idaho | Idaho Code §§ 48-104, *et seq.* | Idaho law only allows an attorney general to bring an action on behalf of an indirect purchaser. Idaho Code § 48-108. |
| Illinois | 740 Ill. Comp. Stat. §§ 10/3, *et seq.* | Indirect purchaser class suits may only be brought by the Illinois Attorney General as *parens patriae.* 740 Ill. Comp. Stat. § 10/7; *Staley v. Gilead Sciences, Inc.*, 446 F. Supp. 3d 578, 626 (N.D. Cal. 2020) (dismissing indirect purchaser claim made under Illinois Antitrust Act); *In re Nexium (Esomeprazole) Antitrust Litig.*, 968 F. Supp. 2d 367, 409 (D. Mass. 2013) (same). |

[AM_ACTIVE 403083211_14]

| State | Relevant State Statute | Indirect Purchaser Plaintiffs Have No Standing to Sue Under State Law |
|---|---|---|
| Maryland | Md. Code, Com Law, Section 11-204, *et seq*. | Only the state or a political subdivision thereof may maintain an action for damages stemming from an antitrust violation in Maryland. Md. Code Ann., Com. Law § 11-209(b)(ii). |
| Washington | Was. Rev. Code Ann. §§ 19.86.010 *et seq*. | Indirect purchaser actions are not allowed under Washington law. *Blewett v. Abbott Laboratories*, 86 Wash. App. 782, 783-84 (Wash. Ct. App. 1997) ("Guided by *Illinois Brick*, we hold indirect purchasers are not "injured" by anti-competitive activity and therefore lack standing to sue under RCW 19.86.090.") |

[AM_ACTIVE 403083211_14]