# APPENDIX B

| State | Relevant State Statute | State Law Does Not "Mirror" Federal Law |
|---|---|---|
| Alabama | Ala. Code §§ 8-10-1, *et seq*. | Alabama's laws are not interpreted consistently with federal law. Alabama's antitrust laws are "fixed according to the original intent of the legislature that enacted them in 1891 and did not depend on whether subsequent changes in federal law might have allowed for their more liberal reach." *Griffiths v. Blue Cross and Blue Shield of Ala.*, 147 F. Supp. 2d 1203, 1219 (N.D. Ala. 2001) (citing *Abbott Laboratories v. Durrett*, 746 So. 2d 316, 318-22 (Ala. 1999)). |
| Arizona | Ariz. Rev. Stat. §§ 44-1402, *et seq*. | "Arizona . . . provide[s] for treble damages only upon a showing that a defendant's violation was 'flagrant.'" *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 99 (S.D.N.Y. 2017) (citing Ariz. Rev. Stat. § 44–1408). Whether Defendants' alleged conduct was "flagrant" would therefore create unique legal and factual issues. |
| California | Cal. Bus. and Prof. Code §§ 16720, *et seq*. | Plaintiffs' claim under California law cannot be sustained because its antitrust provisions do not "deal[] expressly with monopolization or attempted monopolization" and "do[] not address unilateral conduct." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986), opinion modified on other grounds on denial of reh'g, 810 F.2d 1517 (9th Cir. 1987); *see, e.g.*, Compl. ¶ 156-164 (alleging that Varsity, unilaterally, illegally bundled its products and counter-programmed rivals' competitions).<br><br>Furthermore, "[i]nterpretations of federal antitrust law are at most instructive, not conclusive, when construing the Cartwright Act, given that the Cartwright Act was modeled not on federal antitrust statutes but instead on statutes enacted by California's sister states around the turn of the 20th century." *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1195 (Cal. Sup. Ct. 2013). |
| District of Columbia | D.C. Code §§ 28-4502, *et seq*. | As Plaintiffs note, federal law is only a permissive "guide" for interpreting the District of Columbia's antitrust laws. D.C. Code § 28-4515. Furthermore, there is a "unique District of Columbia [antitrust] statute which permits the fact of injury and the amount of damages to be proven on a class-wide basis without requiring proof of such matters by each individual member of the class." *Wood v. Abbott Lab'ys*, No. 96-512561-CZ, 1997 WL 824019, at *2 (Mich. Cir. Ct. Sept. 11, 1997). D.C. Code § 28-4508. Because of that |

1

| State | Relevant State Statute | State Law Does Not "Mirror" Federal Law |
|---|---|---|
| | | unique District of Columbia law, the calculations for D.C. residents' injuries and damages would be materially different from those residing elsewhere, causing individualized issues to predominate.<br><br>Furthermore, at least one court has rejected the application of the continuing violations doctrine under the law of the District of Columbia, creating additional individualized issues. *In re Pre-Filled Propane Tank Antirust Litig.*, 2019 WL 4796528, at *12 (W.D. Mo. Aug. 21, 2019). |
| Florida | Fla. Stat. §§ 501.201, *et seq.* | Plaintiffs do not seek to recover under Florida antitrust laws because indirect purchasers may not recover under those laws. *Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100, 108 (Fla. Dist. Ct. App. 1996). Thus, Plaintiffs only seek to recover under Florida's consumer protection laws. (Compl. ¶ 31, 255).<br><br>Plaintiffs note that "the *FTC* Act's prohibition on unfair competitions and deceptive acts or practices . . . overlaps the scope of § 1 of the Sherman Act." *Cal Dental Ass'n. v. F.T.C.*, 526 U.S. 756, 762 n.3 (1999). That does not demonstrate that *Florida's* consumer protection statute mirrors or encompasses federal antitrust laws. It does not. "Florida courts would not necessarily follow federal interpretations of the Sherman Act." *In re Pre-Filled Propane Tank Antirust Litig.*, 2019 WL 4796528, at *12 (W.D. Mo. Aug. 21, 2019) (holding that the continuing violations doctrine does not apply under Florida law); *compare* Fla. Stat. Ann. § 401.204(1) *to* 15 U.S.C. § 2. |
| Iowa | Iowa Code §§ 553.4, *et. eq.* | Under Iowa law, courts have discretion to order double damages only upon a finding of willful or flagrant. Iowa Code § 553.12 (stating that "exemplary damages which do not exceed twice the actual damages [are] awarded under subsection 2 . . . if: (a) the trier of fact determines that the prohibited conduct is willful or flagrant . . . "). |
| Kansas | Kan. Stat. Ann. §§ 50-101, *et seq.* | "[T]he Kansas Monopolies and Unfair Trade Act by its terms prohibits combinations and conspiracies only." *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 283 (D. Mass. 2004) (citations and quotations omitted). Here, therefore, Plaintiffs would not have standing to |

2

| State | Relevant State Statute | State Law Does Not "Mirror" Federal Law |
|---|---|---|
| | | bring their claims for unilateral attempted monopolization under Kansas law. *See, e.g.*, Compl. ¶ 156-164 (alleging that Varsity, unilaterally, illegally bundled its products and counter-programmed rivals' competitions). Furthermore, the statute of limitations under Kansas antitrust law is only three years, in contrast to federal law's four year statute of limitations. *Idstrom v. All. Radiology, P.A.*, 388 P.3d 923 (Kan. Ct. App. 2017). |
| Michigan | Mich Comp. Laws Ann. § 445.771, *et seq*. | It is inappropriate to include Michigan in a nationwide class because Michigan antitrust law permits treble damages only upon a showing that a defendant's violation was "flagrant." *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 99 (S.D.N.Y. 2017) (citing *A & M Supply Co. v. Microsoft Corp.,* 252 Mich.App. 580, 583, 654 N.W.2d 572 (2002)). |
| Mississippi | Miss. Code Ann. §§ 75-21-3 | To state a claim under Mississippi antitrust law, Plaintiffs must allege that the monopoly was "accomplished in part at least by transactions lying wholly within [the state]." *State ex rel. Fitch v. Yazaki North America, Inc.*, 294 So. 3d 1178 (Sup. Ct. of Miss. 2020). Here, Plaintiffs make no such assertions. Furthermore, Mississippi antitrust claims have only a three year statute of limitations. Miss. Code Ann. § 15-1-49(1). |
| Nebraska | Neb. Rev. Stat. §§ 59-801 | Under Nebraska law, only the Attorney General of Nebraska may seek treble damages. *Compare* Neb Rev. St. 59-821 ("any person . . . shall recover actual damages") *to* Neb. Rev. St. 84-212 (The Attorney General . . . may recover treble damages."). |
| New Hampshire | N.H. Rev. Stat. Ann. §§ 356:2, *et seq*. | Under New Hampshire law, a party may recover doubled or trebled damages only if the court so determines in its discretion. N.H. Rev. Stat. §§ 358-A:10; *In re Globe Distributors, Inc.*, 129 B.R. 304, 320 (Bankr. D.N.H. 1991) ("Whether the damages should be doubled or trebled is problematical since the statute authorizes a choice in that |

3

| State | Relevant State Statute | State Law Does Not "Mirror" Federal Law |
|---|---|---|
| | | regard in the discretion of the Court but provides no standard for the exercise of that discretion."). |
| New York | N.Y. Gen. Bus. Law §§ 340, *et seq*. | New York's antitrust statute, the Donnelly Act, does not apply to unilateral conduct. *Commonwealth Elec. Inspection Servs., Inc. v. Town of Clarence*, 6 A.D.3d 1185, 1186 (N.Y. App. Div. 2004) ("We conclude that the action taken by each of the municipalities in this case, consisting of the enactment of a particular ordinance, was purely unilateral and thus was not accomplished by means of the essential statutorily proscribed "contract, agreement, arrangement or combination."). Furthermore, New York's Donnelly Act does not contain a harmonization provision, and it is "well settled" that New York courts will interpret New York antitrust law differently from federal law "where State policy, differences in the statutory language or the legislative history justify such a result." *Sperry v. Crompton Corp.*, 863 N.E.2d 1012, 1018 (N.Y. 2007). |
| North Dakota | N.D. Cent. Code §§ 51-08.01, *et seq*. | Under North Dakota law, damages may be increased to up to three times actual damages if the trier of fact finds that the violation is "flagrant." N.D. Cent. Code §§ 51-08.1-08(2). |
| Oregon | Or. §§ 646.725, *et seq*. | Although federal law is "persuasive" when interpreting Oregon antitrust law, it is far from binding. For example, the Ninth Circuit declined to follow federal standards for deciding whether a bundled discount violated Oregon antitrust laws, instead determining that to be an "unsettled" question of Oregon law and certifying the question to the Oregon Supreme Court. *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883, 911 (9th Cir. 2008). |
| Tennessee | Tenn. Code Ann. §§ 47-25-101 | Tennessee antitrust law does not provide a cause of action for unilateral conduct. *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 284 (D. Mass. 2004) (Reviewing Tennessee's antitrust statute and holding that "[n]one of these terms appears to include unilateral conduct."). Here, therefore, Plaintiffs would not have standing to bring their claims for unilateral attempted monopolization under Tennessee Law. *See, e.g.*, Compl. ¶ 156-164 |

| State | Relevant State Statute | State Law Does Not "Mirror" Federal Law |
|---|---|---|
| | | (alleging that Varsity, unilaterally, illegally bundled its products and counter-programmed rivals' competitions). <br><br> Furthermore, as Plaintiffs concede, in Tennessee, "state antitrust regulations *supplement* and complement the federal antitrust laws." *Freeman Indus. LLC v. Eastman Chem Co.*, 172 S.W.3d 512, 521 (Tenn. 2005) (emphasis added). "Supplementing" is not the same as—and is indeed inconsistent with—"mirroring" federal antitrust laws. <br><br> Additionally, the statute of limitations for Tennessee antitrust laws is only three years, whereas it is four years under federal antitrust law. *In re Pre-Filled Propane Tank Antirust Litig.*, No. 14-02567-MD-W-GAF, 2019 WL 4796528, at *15 (W.D. Mo. Aug. 21, 2019). Furthermore, the Court would need to determine whether federal law's continuing violations doctrine applies under Tennessee law, creating an individualized issue for Tennessee residents and purchasers. *Id.* (noting that "the Court is unaware of any Tennessee court opinion that has recognized the continuing violation doctrine as applied to [Tennessee Trade Practices Act] claims or to [the three year] statute of limitations"). |