# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES**, **MICHELLE VELOTTA**, and **CHRISTINA LORENZEN** on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; JEFF WEBB; CHARLESBANK CAPITAL PARTNERS LLC; and BAIN CAPITAL PRIVATE EQUITY,**<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-cgc |

**STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY**

The parties through their respective counsel of record stipulate to the following regarding the scope of expert discovery in the above-captioned matters and all other matters subsequently consolidated with them (collectively, the "Actions"), subject to approval by the Court.

1. This Stipulation and Order Concerning Testifying Expert Discovery ("Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or any of the deadlines set forth in the Complex Track Scheduling Order.

2. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

3. For purposes of the Action, the requirements of Fed. R. Civ. P. 26(a)(2)(B)(ii) shall be limited to "the facts, data, and other information relied on by the witness in forming them."

4. For purposes of this Action, the requirements of Fed. R. Civ. P. 26(b)(4)(C)(ii) shall be limited to "the facts, data or other information that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."

5. Except as provided in paragraphs 7 and 8 below, the following types of information shall *not* be the subject of any form of discovery, no request for discovery shall be construed as including a request for such information, and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

    a. the content of written and oral communications solely among and between:

        i. counsel and the expert and/or the expert's staff and/or supporting firms;

        ii. counsel and any non-testifying expert consultant and/or the

1

|       |       |                                                                                   |
|-------|-------|-----------------------------------------------------------------------------------|
|       |       | consultant's staff;                                                               |
|       | iii.  | the expert and other experts and/or other non-testifying expert consultants;      |
|       | iv.   | experts and their staff and/or supporting firms;                                  |
|       | v.    | non-testifying expert consultants and their staffs;                               |
|       | vi.   | the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants. |
| b.    |       | notes, drafts, written communications, preliminary or intermediate calculations, summaries, computations or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert or consultant, including drafts or parts of or whole Fed. R. Civ. P. 26(a)(2)(B) expert reports, affidavits, exhibits or declarations. |

6. The limitations contained in paragraphs 5 above shall not apply to any communications, documents, data sets, data runs, calculations, computations or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports.

7. The limitations contained in paragraph 5 above do not affect any obligation under the Federal Rules that an expert might otherwise have to respond to questions regarding: (a) investigations or modeling (including any regression analyses) that the expert attempted but rejected, (b) the reasons for rejecting any such investigations or modeling, (c) the hourly rates of the expert and his or her staff, (d) the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and (e) the amount of money billed for the report and associated work. A party may seek leave of Court for further deposition questioning of a testimonial expert on issues 8(a) – 8(e) upon a showing of compelling need.

8. Within three business days of any party serving any expert report and/or expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the party or parties proffering the expert witness shall produce: the data or other information relied upon by the expert witness

2

in forming the expert witness's opinions; any exhibits that will be used to summarize or support the expert witness's opinions; any work product (including but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the expert witness that is based on the output from any computer programs that are produced; the expert witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the expert witness has testified as an expert at trial or by deposition; and a statement of the hourly rate to be paid for the expert witness's time in this case. "Data or other information relied upon" shall be deemed to include, but will not be limited to, underlying data, spreadsheets, computerized regression analysis, computer code to generate the empirical results and/or other underlying reports and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions.

      9.      The information required by paragraph 8 above to be produced shall be produced electronically (via email, disc or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software that is reasonably and commercially available (*e.g.*, Microsoft Word, Excel). Documents that are publicly available need not be produced absent specific request if they are identified with sufficient specificity to allow the opposing side to locate and obtain the document. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number. Paragraph 8 does not impact or apply to any deadlines, rules, or procedures governing demonstrative exhibits for hearings or trial.

      10.      Paragraph 8 above is not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any hearing or trial. The use of any such demonstrative exhibits

shall be subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules, unless otherwise provided by order of the Court. The use of demonstrative exhibits not provided with an expert's report at trial shall be governed by the Final Pretrial Order.

11. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert and the expert will, without a subpoena (a) produce all of the materials and information called for in paragraph 8 above, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

12. Nothing in this Stipulation shall permit a party or a testifying expert to withhold any proposition, fact, belief or other data, information or material on which the expert relies in support of her or his opinion(s) in this matter.

13. The parties agree to comply with this Stipulation pending the Court's approval.

**IT IS SO ORDERED.**

DATED: _____  _____
Hon. Sheryl H. Lipman
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2021                         By: __/s/ Joseph R. Saveri_____

Joseph R. Saveri\*
Steven N. Williams\*
Ronnie Seidel Spiegel\*
Kevin E.Rayhill\*
Elissa A. Buchanan\*
Anna-Patrice Harris\*
JOSEPH SAVERI LAW FIRM, LLC
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspeigel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
aharris@saverilawfirm.com

Van Turner (TN Bar No. 22603)
Katrice Feild (TN Bar No. 31263)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net
katrice@bruceturnerlaw.net

Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
Ling. S. Wang
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
lwang@gustafsongluek.com

Richard M. Paul III*
Sean R. Cooper*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com

Jason Hartley*
Jason Lindner*
HARTLEY LLP
101 W. Broadway, Ste 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*Attorneys for Individual and Representative Plaintiffs*

* Admitted *pro hac vice*

6

| | |
|---|---|
| Dated: July 27, 2021 | By: _/s/ Steven J. Kaiser_____ |

George S. Cary*
Mark W. Nelson
Alexis Collins
Steven J. Kaiser*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Ave., NW
Washington, DC 20037
Tel: (202) 974-1500
gcary@cgsh.com
mnelson@cgsh.com
alcollins@cgsh.com
skaiser@cgsh.com

* Admitted *pro hac vice*

Adam S. Baldridge (TN #23488)
Matthew S. Mulqueen (TN #28418)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
165 Madison Ave., Suite 2000
Memphis, TN 38103
Tel: (901) 577-8166
abaldridge@bakerdonelson.com
mmulqueen@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC; Charlesbank Capital Partners, LLC; and Bain Capital Private Equity, LP*

| | |
|---|---|
| Dated: July 27, 2021 | By: _/s/ Nicole D. Berkowitz_____ |

Grady Garrison (TN 8097)
Nicole D. Berkowitz (TN #35046)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
165 Madison Ave., Suite 2000
Memphis, TN 38103
Tel: (901) 577-8166
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*


Dated: July 27, 2021                    By:  */s/ Paul Coggins*

 

Paul Coggins*
Brendan Gaffney*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

\* Admitted *pro hac vice*

Edward L. Stanton III (TN Bar #018904)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7336
Facsimile: (901) 680-7201
Edward.Stanton@butlersnow.com

*Attorneys for Jeff Webb*