**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>Defendants. | Case No. 2:20-cv-02600-SHL-cgc<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**
**FROM DEFENDANT U.S. ALL STAR FEDERATION, INC.**

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes

Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek,

Lauren Hayes, and Janine Cherasaro (collectively, "Plaintiffs"), individually and on behalf of all

others similarly situated, move this Court, pursuant to Fed. R. Civ. Pro. 37 and Local Rule

26.1(b), for an order compelling Defendant U.S. All Star Federation, Inc. ("USASF") to

respond fully to Plaintiffs' First Request for Production of Documents, properly served by

Plaintiffs pursuant to Fed. R. Civ. P. 34 on October 19, 2020.

USASF has objected and refused to produce responsive documents related to the

following requests:

> **REQUEST NO. 10**: All Documents reflecting or relating to the USASF programs,
> initiatives, rules and policies, including: (a) the process by which Your programs,
> initiatives, rules, and policies are developed, reviewed, and implemented; (b) a list
> of all current and historical programs, initiatives, rules, and policies; (c) the
> rationale for all programs, initiatives, rules, and policies; (d) how the programs,
> initiatives, rules, and policies have changed over time; and (e) the rationale for any
> such changes.
>
> **RESPONSE**: USASF objects to this Request to the extent it seeks documents
> relating to USASF "programs" and "initiatives" as those terms are vague and
> undefined. USASF is unable to determine what Plaintiffs are requesting beyond
> USASF's rules and policies. USASF also objects to this Request to the extent it

1

seeks documents protected from disclosure by the attorney client privilege, work product doctrine, and/or any other privilege or confidentiality obligations. USASF further objects to this Request to the extent it seeks documents relating to USASF's rules and policies that are not relevant to the claims or defenses of any party to this action. Subject to and without waiving the foregoing, USASF will search for and produce, for the time period January 1, 2015 to June 30, 2020, non-privileged responsive documents relating to USASF Cheer Rules, Athletic Performance Standards, legality rules, event producer membership guidelines and sanctioning standards, and Professional Responsibility Code.

***

**REQUEST NO. 11**: Documents sufficient to identify all current and historical partner and affiliate members, corporate sponsors, and/or official partners, including financial and other requirements to become an affiliate member.

**RESPONSE**: USASF objects to this Request on the basis that it is not properly limited in time and seeks information which has no relevance to any party's claims or defenses. USASF's affiliate members, corporate sponsors, and/or official partners are not at issue in this action. As a result, it is USASF's position that it is not proportional to the needs of this case for USASF to search for and/or produce any documents in response to this Request. Documents produced in response to other Requests may contain information responsive to this Request, and those documents will not be withheld on the basis of the objections to this Request.

***

**REQUEST NO. 82**: Documents sufficient to show all monies paid by Varsity to USASF and all loans, gifts, or payments made by Varsity to USASF, including for each loan, gift, or payment of money, the terms of the loan, gift, or payment, what the loan, gift, or payment was used for, and, if applicable, USASF's repayment history.

**RESPONSE**: USASF objects to this Request as not properly limited in time. USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce nonprivileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020, to the extent such documents exist, pursuant to the parameters set forth in Exhibit A.

***

**REQUEST NO. 83**: Documents sufficient to show all monies paid by USASF to Varsity, including for each loan, gift, or payment of money, the terms of the loan, gift, or payment, what the loan, gift, or payment was used for, and, if applicable, the repayment history.

2

**RESPONSE**: USASF objects to this Request as not properly limited in time. USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce nonprivileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

\*\*\*

**REQUEST NO. 87:** Documents sufficient to identify the USASF Staff, Employees and directors, by name and job title, who were paid by Varsity, and the amounts that were paid by Varsity, since 2003.

**RESPONSE:** USASF objects to this Request as not properly limited in time. USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list of "the USASF Staff, Employees and directors, by name and job title, who were paid by Varsity, and the amounts that were paid by Varsity, since 2003." USASF is not aware of any document already in existence that provides the requested information.

\*\*\*

**REQUEST NO. 98:** Irrespective of time period, all statements, affidavits, declarations or other factual material referring to or submitted by You in connection with any investigation or litigation concerning the reporting of sexual misconduct with the cheer industry or business, as well as the requests that prompted the provision by You of those Documents.

**RESPONSE**: USASF objects to this Request as it is not limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged sexual misconduct have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request as the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

\*\*\*

**REQUEST NO. 99:** Irrespective of time period, all Documents provided by You to any news outlet or other organization in response to allegations of sexual misconduct by Varsity, and Independent Event Producers, or USASF Staff, Employees, directors, workers, vendors, or contractors, at Varsity or USASF Events, or affiliated with Varsity or USASF in any way.

3

**RESPONSE**: USASF objects to this Request as it is not limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged sexual misconduct have nothing to do with the subject matter of this lawsuit.

***

**REQUEST NO. 100:** Documents sufficient to show Your policies regarding reporting of sexual misconduct and any other physical or mental abuse of minors, including hazing, bullying, and emotional abuse by You, Your members, or others in the All Star Cheer industry, including Documents reflecting or relating to Your SafeSport Code, SafeSport policies, SafeSport training, Your Professional Responsibility Code & Proactive Minor Abuse Prevention Policies, and the Athletes 1st initiative.

**RESPONSE**: USASF objects to this Request as not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to USASF's policies regarding reporting of sexual misconduct and other physical or mental abuse have nothing to do with the subject matter of this lawsuit. Subject to and without waiving the foregoing objections, USASF will produce copies of its SafeSport Code and Professional Responsibility Code.

***

**REQUEST NO. 101:** All Documents reflecting or relating to insurance or insurance policies relating to coverage for allegations or litigation related to sexual misconduct.

**RESPONSE**: USASF objects to this Request as it is not limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged sexual misconduct, and specifically insurance coverage for allegations or litigation related to sexual misconduct, have nothing to do with the subject matter of this lawsuit.

***

**REQUEST NO. 102:** All Communications between Varsity and USASF concerning the reporting of sexual misconduct, as well as all Documents reflecting Your desire or efforts to thwart, limit or suppress such reporting.

**RESPONSE**: As to the first portion of this Request, USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged sexual misconduct have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements. As to the second portion of this Request, subject to and without waiving the foregoing objections, USASF is not aware of any documents "reflecting [its] desire or efforts to thwart, limit or suppress such reporting" that would be responsive to this Request.

\*\*\*

**REQUEST NO. 103:** Documents sufficient to identify any of Your Staff, workers, Employees, directors, vendors, contractors, or Gym owners, coaches, choreographers, or judges associated with any of Your Events, that have been convicted of sex crimes against minors, including those whom are registered as sex offenders.

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged sexual misconduct have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

\*\*\*

**REQUEST NO. 104:** Documents sufficient to show the background check process, including primary and secondary screenings, for anyone age 18 years or older who accompanies a Team into a warm-up or backstage area at all Events, including Gym owners, coaches, volunteers and non-coaching Staff members associated with a program, and adult Athletes who are 19 years or older, before being employed or permitted to participate in or attend Events.

5

**RESPONSE**: USASF objects to this Request as it is not limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to USASF's background check process have nothing to do with the subject matter of this lawsuit.

***

**REQUEST NO. 105:** Documents sufficient to show the effect of a person being flagged during any background check or screening process, including whether flagged persons were still permitted to work in the All Star or cheerleading industry including at All Star Events.

**RESPONSE**: USASF objects to this Request as it is not limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to the effect of a person being flagged any background check or screening process have nothing to do with the subject matter of this lawsuit.

***

**REQUEST NO. 106:** Documents sufficient to identify all Gym owners, coaches, volunteers, and non-coaching Staff members associated with a program, and adult Athletes who have been flagged during Your background check or screening processes, including why they were flagged, whether membership was suspended or revoked, and if so, whether membership was reinstated.

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to individuals who have been "flagged" during USASF's background check or screening process has no relevance to this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

***

**REQUEST NO. 107:** Documents sufficient to identify all suspended members and members ineligible for USASF membership.

6

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to individuals who have been suspended from USASF membership or are ineligible for USASF membership have no relevance to this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

***

**REQUEST NO. 108:** Documents sufficient to identify all complaints You received from Your members or customers regarding sex offenders within the All Star or cheerleading industry, including the names and roles of any persons identified in the complaints and the allegations against them.

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged complaints regarding sex offenders within the All Star or cheerleading industry have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

***

**REQUEST NO. 109:** Documents sufficient to show any action taken by You in response to the complaints identified in Request No. 108.

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged complaints regarding sex offenders within the All Star or cheerleading industry have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

***

**REQUEST NO. 110:** All Communications between Varsity and USASF concerning the complaints identified in Request No. 108 and concerning any identified or suspected sex offenders within the All Star or cheerleading industry.

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged complaints regarding sex offenders within the All Star or cheerleading industry have nothing to do with the subject matter of this lawsuit. USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

***

**REQUEST NO. 111:** All Documents reflecting or relating to any discussions, deliberations, analyses, or Communications regarding the effect, if any, of sexual misconduct and surrounding publicity on USASF's sales, membership, dues, revenues, costs, profitability, competition, or competitors in any market in which USASF competes.

**RESPONSE**: USASF objects to this Request as it is not limited in time. USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged sexual misconduct have nothing to do with the subject matter of this lawsuit.

The parties have also been unable to reach agreement on the relevant time period and appropriate search terms for locating responsive electronically stored information. For clarity and the Court's convenience, the disputed search terms are set forth in Exhibit 3. Finally, the parties are in disagreement as to whether USASF must search the USASF e-mail accounts of seven custodians—USASF employees Dana Fielding, Glenda Broderick, Robin Galik, Kinshas Garrett, Karen Wilson, Shauna Holm, and Angela Bruno. They are also in disagreement as to whether the Google Drives for these custodians and two additional USASF employees—Lynn Singer and

Alison Stangle, who have been offered as custodians by USASF—must be imaged and searched for responsive documents.

In support of this Motion to Compel, Plaintiffs rely on the contemporaneously filed memorandum of law and all supporting documents thereto.

Dated: May 5, 2021                    Respectfully submitted,

                                      By: /s/ Katherine Van Dyck
                                      Jonathan W. Cuneo*
                                      Katherine Van Dyck*
                                      Victoria Sims*
                                      **CUNEO GILBERT & LADUCA, LLP**
                                      4725 Wisconsin Avenue NW, Suite 200
                                      Washington, DC 20016
                                      Telephone: (202) 789-3960
                                      jonc@cuneolaw.com
                                      kvandyc@cuneolaw.com
                                      vicky@cuneolaw.com

                                      H. Laddie Montague, Jr.*
                                      Eric L. Cramer*
                                      Mark R. Suter*
                                      **BERGER MONTAGUE PC**
                                      1818 Market Street, Suite 3600
                                      Philadelphia, PA 19106
                                      Telephone: (215) 875-3000
                                      hlmontague@bm.net
                                      ecramer@bm.net
                                      msuter@bm.net

                                      Gregory S. Asciolla*
                                      Karin E. Garvey*
                                      Veronica Bosco*
                                      **LABATON SUCHAROW LLP**
                                      140 Broadway New York, NY 10005
                                      Telephone: (212) 907-0700
                                      gasciolla@labaton.com
                                      kgarvey@labaton.com
                                      vbosco@labaton.comInterim

                                      *Co-Lead Counsel for the Proposed Direct Purchaser Class*

9

J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
**JUSTICE CATALYST LAW, INC.**
718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

10

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Admitted pro hac vice

*Counsel for the Proposed Direct Purchaser Class*

11

## **CERTIFICATE OF GOOD FAITH**

Consistent with Local Rule 26(b)(1) and 7.2(a)(1).01(b)(3), counsel for Plaintiffs have attempted to resolve the issues raised in this Motion in good faith with USASF. Plaintiffs and USASF began engaging in telephonic conferences in December 2020 and have been meeting by phone nearly every week since then in an effort to narrow the parties' disputes, but the parties were unable to resolve the matters raised in this motion.

/s/ Katherine Van Dyck
Katherine Van Dyck

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on May 5, 2021, the foregoing was served via ECF

processing upon the following:

<table>
<tr>
<td>
Adam S. Baldridge<br>
Matthew S. Mulqueen<br>
BAKER DONELSON BEARMANN<br>
CALDWELL & BERKOWITZ<br>
165 Madison Ave Ste 2000<br>
Memphis, TN 38103<br>
Tel: 901-526-2000<br>
abaldridge@bakerdonelson.com<br>
mmulqueen@bakerdonelson.com
</td>
<td>
Grady M. Garrison<br>
Nicole D. Berkowitz<br>
BAKER DONELSON BEARMAN<br>
CALDWELL & BERKOWITZ, P.C.<br>
165 Madison Ave. Ste. 2000<br>
Memphis, TN 38103<br>
Tel: 901-526-2000<br>
ggarrison@bakerdonelson.com<br>
nberkowitz@bakerdonelson.com
</td>
</tr>
<tr>
<td>
George S. Cary<br>
Mark W. Nelson<br>
Alexis Collins<br>
Steven J. Kaiser<br>
CLEARY GOTTILEB STEEN &<br>
HAMILTON LLP<br>
2112 Pennsylvania Avenue NW Ste 1000<br>
Washington, DC 20037<br>
Tel: 202-974-1500<br>
gcary@cgsh.com<br>
mnelson@cgsh.com<br>
alcollins@cgsh.com<br>
skaiser@cgsh.com
</td>
<td>
*Attorneys for Defendant U.S. All Star*<br>
*Federation, Inc.*
</td>
</tr>
</table>

*Attorneys for Defendants Varsity Brands,*
*LLC, Varsity Spirit Fashions & Supplies, Inc.,*
*and Varsity Spirit, LLC*

*/s/ Katherine Van Dyck*
Katherine Van Dyck

13