## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VARSITY BRANDS, LLC, et al., <br><br> Defendants. | Case No. 2:20-cv-02600-SHL-cgc <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC AND VARSITY SPIRIT FASHION & SUPPLIES, LLC

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, move this Court, pursuant to Fed. R. Civ. P. 37 and Local Rule 26.1(b), for an order compelling Defendants Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC (collectively, "Varsity") to respond fully to Plaintiffs' First Request for Production of Documents, properly served pursuant to Fed. R. Civ. P. 34 on October 16, 2020.

Varsity has objected and refused to produce documents related to the following requests for production, the responses to which are set forth verbatim, in accordance with Local Rule 26.1(b)(2):

> **REQUEST NO. 20**: All of Your monthly, quarterly, and annual audited and unaudited financial statements and related data, including profit and loss statements, balance sheets, cash flow statements, income statements, regulatory filings (including Your income tax returns), issuance of equity or debit, loans, and money owed or receivable.

1

**RESPONSE:** Varsity objects to Request No. 20 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. For example, the request is not limited to the subject matter of the litigation, but instead seeks information regardless of the product(s) or service(s) at issue. Varsity further objects that the terms "financial statements," "related data," "balance sheets," "income statements," "regulatory filings," and "money owed or receivable" are vague and ambiguous. Varsity further objects that "issuance of equity or debit" does not refer to a document, but rather actions. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 56:** Documents identifying Varsity employees responsible for computing final scores for All Star Events after judges submit their score cards.

**OBJECTIONS AND RESPONSE:** Varsity objects to Request No. 56 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. For example, the request is not limited to the subject matter of the litigation, All Star Apparel and All Star Competitions. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 62:** Documents sufficient to show all entities that You partner with for Event ticket sales, including the years for which You partnered with those entities, as well as all documents relating to financial arrangements between You and such entities.

**RESPONSE:** Varsity objects to Request No. 62 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. For example, the request is not limited to the subject matter of the litigation, All Star Apparel and All Star Competitions. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 77:** Documents sufficient to show all monies paid by Varsity to USASF, including for each loan, gift, or payment of money, the terms of the loan, gift, or payment, what the loan, gift, or payment was used for, and, if applicable, USASF's repayment history.

**RESPONSE:** Varsity objects to Request No. 77 as overly broad, unduly burdensome, and disproportional to the needs of the case. For example, the request

is not limited to the subject matter of the litigation, All Star Apparel and All Star Competitions. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

\*\*\*

**REQUEST NO. 78:** Documents sufficient to show all monies paid by USASF to Varsity and all loans made by USASF to Varsity, including for each loan, gift, or payment of money, the terms of the loan, gift, or payment, what the loan, gift, or payment was used for, and, if applicable, Varsity's repayment history.

**RESPONSE:** Varsity objects to Request No. 78 as overly broad, unduly burdensome, and disproportional to the needs of the case. For example, the request is not limited to the subject matter of the litigation, All Star Apparel and All-Star Competitions. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories.

\*\*\*

**REQUEST NO. 82:** Documents sufficient to identify the USASF employees, by name and job title, who were paid by Varsity, and the amounts that were paid by Varsity, since 2003.

**RESPONSE:** Varsity objects to Request No. 82 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. For example, the request seeks information regarding individuals from more than 15 years ago and is not limited to the subject matter of the litigation. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

\*\*\*

**REQUEST NO. 93:** Irrespective of time period, all documents provided by You to any news outlet or other organization in response to allegations of sexual misconduct by Varsity or USASF employees, at Varsity or USASF Events, or affiliated with Varsity or USASF in any way.

**RESPONSE:** Varsity objects to Request No. 93 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case, exacerbated by its unlimited time period and scope. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 94:** Documents sufficient to show Your policies regarding reporting of sexual misconduct.

**RESPONSE:** Varsity objects to Request No. 94 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 95:** All documents reflecting or relating to insurance or insurance policies relating to coverage for allegations or litigation related to sexual misconduct.

**RESPONSE:** Varsity objects to Request No. 95 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 96:** All communications between Varsity and USASF concerning the reporting of sexual misconduct, as well as all documents reflecting Your desire or efforts to thwart, limit or suppress such reporting.

**RESPONSE:** Varsity objects to Request No. 96 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 97:** Documents sufficient to identify any of Your workers, employees, or contractors, or Gym owners, coaches, choreographers, or judges associated with any of Your Events, that have been convicted of sex crimes against minors, including those whom are registered as sex offenders.

**RESPONSE:** Varsity objects to Request No. 97 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 98:** Documents sufficient to show the background check process for coaches and Gym owners before being permitted to participate in or attend Events, including how many times coaches and Gym owners were flagged for sexual misconduct.

**RESPONSE:** Varsity objects to Request No. 98 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 99:** Documents sufficient to show the effect of a person being flagged during any background check process, including whether flagged persons were still permitted to work in the All Star or cheerleading industry.

**RESPONSE:** Varsity objects to Request No. 99 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 100:** Documents sufficient to identify all complaints You received from Your customers, Teams, Athletes, or Gyms regarding sex offenders within the All Star or cheerleading industry, including the names and roles of any persons identified in the complaints and the allegations against them.

**RESPONSE:** Varsity objects to Request No. 100 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 101:** Documents sufficient to show any action taken by You in response to the complaints identified in Request No. 100.

**RESPONSE:** Varsity objects to Request No. 101 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. Varsity further objects that the request is not a proper document request, but is an interrogatory and its promulgation seeks to circumvent the negotiated limits on

interrogatories. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 102:** All communications between Varsity and USASF concerning the complaints identified in Request No. 100 and concerning any identified or suspected sex offenders within the All Star or cheerleading industry.

**RESPONSE:** Varsity objects to Request No. 102 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. In light of those objections, Varsity will not produce documents in response to this request.

***

**REQUEST NO. 103:** All documents reflecting or relating to any discussions, deliberations, analyses, or communications regarding the effect, if any, of sexual misconduct and surrounding publicity on Varsity's sales, revenues, costs, profitability, competition, or competitors in any market in which Varsity competes.

**RESPONSE:** Varsity objects to Request No. 103 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. In light of those objections, Varsity will not produce documents in response to this request.

The parties have also been unable to reach agreement on the relevant time period for data.

The parties are also in disagreement as to two custodians—James Hill and Jamie Parrish.

In support of this Motion to Compel, Plaintiffs rely on the contemporaneously filed memorandum of law and all supporting documents thereto.

Dated: May 5, 2021                    Respectfully submitted,

By: /s/ *Victoria Sims*
Jonathan W. Cuneo*
Katherine Van Dyck*
Victoria Sims*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com

6

vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Mark R. Suter*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
**LABATON SUCHAROW LLP**
140 Broadway New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.com

*Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
**JUSTICE CATALYST LAW, INC.**

718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Admitted pro hac vice

*Counsel for the Proposed Direct Purchaser Class*

## **CERTIFICATE OF GOOD FAITH**

Consistent with Local Rule 26(b)(1) and 7.2(a)(1).01(b)(3), counsel for Plaintiffs have attempted to resolve the issues raised in this Motion in good faith with Varsity. Plaintiffs and Varsity began engaging in meet and confers in December 2020 and have been meeting by phone nearly every week since then in an effort to narrow the parties' disputes, but the parties were unable to resolve the matters raised in this motion.

*/s/ Victoria Sims*
Victoria Sims

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 5, 2021, the foregoing was served via ECF processing upon the following:

Adam S. Baldridge
Matthew S. Mulqueen
BAKER DONELSON BEARMANN
CALDWELL & BERKOWITZ
165 Madison Ave Ste 2000
Memphis, TN 38103
Tel: 901-526-2000
abaldridge@bakerdonelson.com
mmulqueen@bakerdonelson.com

George S. Cary
Mark W. Nelson
Alexis Collins
Steven J. Kaiser
CLEARY GOTTILEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW Ste 1000
Washington, DC 20037
Tel: 202-974-1500
gcary@cgsh.com
mnelson@cgsh.com
alcollins@cgsh.com
skaiser@cgsh.com

*Attorneys for Defendants Varsity Brands, LLC, Varsity Spirit Fashions & Supplies, Inc., and Varsity Spirit, LLC*

Grady M. Garrison
Nicole D. Berkowitz
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
165 Madison Ave. Ste. 2000
Memphis, TN 38103
Tel: 901-526-2000
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for Defendant U.S. All Star Federation, Inc.*

*s/ Victoria Sims*
Victoria Sims