# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FUSION ELITE ALL STARS, et al.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>**Defendants.** | Case No. 2:20-cv-02600-SHL-cgc |

**DEFENDANT U.S. ALL STAR FEDERATION, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

COMES NOW Defendant U.S. All Star Federation, Inc. ("USASF"), pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court ("Local Rules"), and responds to the First Set of Interrogatories propounded by Plaintiffs as follows:

**OBJECTIONS TO DEFINITIONS**

1. USASF objects to the term "Defendants" to the extent it is intended to include persons who have not yet been identified as Defendants in this action. The Defendants in this case are Varsity and USASF and where the term "Defendants" appears in the Requests, USASF will interpret that term to cover Varsity and USASF only.

2. USASF objects to the definitions of "document" and "documents." The parties have negotiated the meaning of the term "document" for discovery purposes in this litigation as set forth in the parties' Joint Stipulated Protocol for the Discovery of Electronically-Stored Information and Hard Copy Documents (the "Agreed ESI Protocol"). USASF will follows the definition in the parties' Agreed ESI Protocol and disregard the definition in Plaintiffs' First Set of Requests for Production.

in time. USASF further objects to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it seeks information not relevant to any party's claims or defenses. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Information relating to any other goods or services offered or sold by other persons that Plaintiffs define as "Preferred Vendors" are not relevant to any party's claims or defenses in this action. As a result, it is USASF's position that it is not proportional to the needs of this case for USASF to gather information regarding "Preferred Vendors" which is unrelated to this action.

**INTERROGATORY NO. 8**: Identify each and every present or former Employee who held any position at or performed any work, whether compensated or uncompensated, for Varsity or USA Cheer during the Relevant Time Period. For each Person identified, Identify: (a) whether each Person was employed by USA Cheer, Varsity, or both; (b) the dates of employment and position(s) held at USA Cheer, Varsity, or both; and (c) whether the Varsity or USA Cheer positions were compensated and, if so, the Person(s) who were responsible for setting and paying that compensation.

**RESPONSE**: Pursuant to USASF's objections to Interrogatory Nos. 1-3 and 5, USASF construes this as Interrogatory No. 28. USASF objects to this Interrogatory as not properly limited in time. USASF further objects to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it seeks information relating to USASF employees who have also "held any position at or performed any work, whether compensated or uncompensated" for USA Cheer, which is not a party to this action and information regarding which is not relevant to any party's claims or defenses. USASF objects to this Interrogatory on the basis that the phrase "performed any work, whether compensated or uncompensated" is vague and ambiguous and it is unclear what

15

activity is included in this phrase. USASF therefore construes this Interrogatory as limited to seeking information regarding USASF employees who have been simultaneously employed by Varsity or had an agreement pursuant to which they would perform work for Varsity during the time period January 1, 2015 to June 30, 2020. Subject to this construction and subject to and without waiving those objections, USASF responds that Steve Peterson and Jim Chadwick have held leadership positions at USASF while employed by Varsity. In addition, prior to January 31, 2015, all employees of USASF were Varsity employees, although USASF proceeds were used to reimburse Varsity for those payroll expenses. USASF may also, from time to time, reimburse Varsity for work undertaken by Varsity employees on USASF's behalf.

**INTERROGATORY NO. 9**: Identify USASF's annual production costs for All Star Events, during the Relevant Time Period, including a description of each type of expense or other cost incurred.

**RESPONSE**: Pursuant to USASF's objections to Interrogatory Nos. 1-3 and 5, USASF construes this as Interrogatory No. 29. USASF objects to this Interrogatory as not properly limited in time. USASF further objects to this Interrogatory as vague and ambiguous as it is unclear whether this Interrogatory seeks an identification of the types of annual production costs or the dollar amount of those costs, and on the basis that it is further unclear whether this Interrogatory seeks USASF's annual production costs for the entire the time period at issue or whether it seeks a year-by-year break down of those costs. Accordingly, in light of the language seeking a "description of each type of expense or other cost incurred," USASF construes this Interrogatory as seeking the types of annual production costs and information on whether those types of costs varied from year-to-year. Subject to this construction and without waiving the foregoing objections, under Rule 33(d), USASF refers to its financial records which are being produced and

16

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 28th day of December, 2020, the foregoing was served by email on all counsel of record as follows:

H. Laddie Montague, Jr.
Eric L. Cramer
Mark R. Suter
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net
*Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

Jonathan W. Cuneo
Katherine Van Dyck
Victoria Sims
**CUNEO GILBERT & LADUCA LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Tel: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com
*Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

Gregory S. Asciolla
Karin E. Garvey
Veronica Bosco
Ethan H. Kaminsky
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.com
ekaminsky@labaton.com
*|Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

J. Gerard Stranch, IV
Benjamin A. Gastel
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com
*Liaison Counsel for Plaintiffs and the Proposed Direct Purchaser Class*

Benjamin D. Elga
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street
Brooklyn, NY 11201
Tel: (518) 732-6703
belga@justicecatalyst.org
*Additional Counsel for Plaintiffs and the Proposed Direct Purchaser Class*

Brian Shearer
Craig L. Briskin
**JUSTICE CATALYST LAW, INC.**
718 7th Street NW
Washington, DC 20001
Tel: (518) 732-6703
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org
*Additional Counsel for Plaintiffs and the Proposed Direct Purchaser Class*

| | |
|---|---|
| Roberta D. Liebenberg<br>Jeffrey S. Istvan<br>Mary L. Russell<br>**FINE KAPLAN AND BLACK, R.P.C**<br>One South Broad St., 23rd Floor<br>Philadelphia PA 19107<br>Tel: (215) 567-6565<br>rliebenberg@finekaplan.com<br>jistvan@finekaplan.com<br>mrussell@finekaplan.com<br>*Additional Counsel for Plaintiffs and the Proposed Direct Purchaser Class* | Nathan A. Bicks<br>Frank B. Thacher III<br>**BURCH, PORTER, & JOHNSON, PLLC**<br>130 North Court Ave.<br>Memphis, TN 38103<br>Telephone: (901) 524-5000<br>nbicks@bpjlaw.com<br>fthacher@bpjlaw.com<br>*Additional Counsel for Plaintiffs and the Proposed Direct Purchaser Class* |
| Aubrey B. Harwell, Jr.<br>Charles Barrett<br>Aubrey B. Harwell III<br>**NEAL & HARWELL, PLC**<br>1201 Demonbreun St., Suite 1000<br>Nashville, TN 37203<br>Telephone: (615) 244-1713<br>aharwell@nealharwell.com<br>cbarrett@nealharwell.com<br>tharwell@nealharwell.com<br>*Additional Counsel for Plaintiffs and the Proposed Direct Purchaser Class* | Adam S. Baldridge<br>Matthew Sinon Mulqueen<br>**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ**<br>165 Madison Ave Ste 2000<br>Memphis, TN 38103<br>Tel: 901-526-2000<br>Tel: 901-577-8234<br>abaldridge@bakerdonelson.com<br>mmulqueen@bakerdonelson.com<br>*Attorneys for Defendants Varsity Brands, LLC, Varsity Spirit Fashions & Supplies, Inc., and Varsity Spirit, LLC* |

Steven Kaiser
Alexis Collins
George Cary
Mark W. Nelson
**CLEARY GOTTILEB STEEN & HAMILTON LLP** 2112 Pennsylvania Avenue NW Ste 1000 Washington, DC 20037
Tel: 202-974-1554 Tel: 202-974-1519
Tel: 202-974-1920
Tel: 202-974-1500
skaiser@cgsh.com
alcollins@cgsh.com gcary@cgsh.com
mnelson@cgsh.com
*Attorneys for Defendants Varsity Brands, LLC, Varsity Spirit Fashions & Supplies, Inc., and Varsity Spirit, LLC*

s/ Nicole D. Berkowitz
Nicole D. Berkowitz
