# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>Defendants. | Case No. 2:20-cv-02600-SHL-cgc<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' CONSENT MOTION TO FILE
## UNDER SEAL CONFIDENTIAL MATERIALS

Pursuant to the Protective Order entered by this Court on November 16, 2010, (Dkt. 77), Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro (collectively, "Plaintiffs") respectfully move the Court for an order permitting them to file the following documents under seal:

- **Exhibit 1**: This is an excerpt from a document Bates stamped JEFF00236982 that was produced by Jefferies LLC ("Jefferies") in response to a subpoena properly served by Plaintiffs on or about November 12, 2020. Exhibit 1 is a presentation made by Varsity to Jefferies, contains internal business strategies, and was designated "CONFIDENTIAL" by Jefferies.

- **Exhibit 2**: This document, Bates stamped VAR00009293, was produced by Defendants Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC (collectively, "Varsity") pursuant to requests for production served by Plaintiffs on October 16, 2020. Exhibit 2 is a presentation containing financial projections, various marketing strategies, and investment opportunities related to the growth of Defendant Varsity Spirit, LLC that Varsity has designated as "Confidential".

- **Exhibit 3:** This document, Bates stamped VAR00082292, was produced by Varsity. Exhibit 3 is an e-mail communication between Varsity's General Manager and Vice President of Sales and USASF's former president discussing internal business strategies that Varsity has designated as "Confidential".

Plaintiffs further request that portions of their Opposition to the Defendant U.S. All Star Federation, Inc.'s ("USASF") Motion for Protective Order ("Opposition"), Dkt. 103, which reference Exhibits 1, 2, and 3 (collectively "Exhibits") be placed under seal.

Because Varsity and Jefferies designated these Exhibits as "Confidential" upon producing them to Plaintiffs, the Protective Order requires that "such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with the rules of the Court." Dkt. 77 at 14. And "[w]hen it comes to 'material filed with discovery motions' that do not 'require judicial resolution of the merits,' courts have held that the common-law presumption of access does not attach." *United States v. Sittenfeld*, No. 20-CR-142, slip op., 2021 WL 1438300, at *7 (S.D. Ohio Apr. 15, 2021) (citation omitted). To hold otherwise would "undermine[] the primary purpose of discovery: 'to encourage the disclosure of information and materials to avoid unnecessary surprise and to level the playing field.'" *Id*. at *8 (citation omitted).

A number of courts opining on the intersection of protective orders and public access agree with the decision in *Sittenfeld*. For instance, the Seventh Circuit states that it is "the *dispositive* documents [that] enter the public record." *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 546 (7th Cir. 2002). The First Circuit also held that "there is no right of public access to documents considered in civil discovery motions" and that "[m]aterials submitted to a court for its consideration of a discovery motion are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 11, 13 (1st Cir.1986). Relying on the Supreme Court's decision in *Seattle Times v. Rhinehart*, the court explained that "*Seattle Times* has foreclosed any claim of an absolute public right of access to discovery materials." *Id*. at 6 (quoting 467 U.S. 20 (1984)). "[A] request to compel or protect

the disclosure of information in the discovery process is not a request for a disposition of substantive rights" and therefore no presumption of access attaches. *Id.* at 13. "There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Id*. Permitting public access to discovery could make the discovery process even "more complicated and burdensome than it already is." *Id.* at 12; *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164-165 (3d Cir. 1993) (also relying on *Seattle Times* and *Anderson* and holding that there is no presumptive right of public access to discovery-related motions because "a holding that discovery motions and supporting materials are subject to a presumptive right of access would make raw discovery, ordinarily inaccessible to the public, accessible merely because it had to be included in motions precipitated by inadequate discovery responses or overly aggressive discovery demands.")

The Eleventh Circuit likewise opined, "The better rule is that material filed with discovery motions is not subject to the common-law right of access," contrasting such filings with those "that require judicial resolution of the merits." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312-13 (11th Cir. 2001). Thus, "documents filed in connection with motions to compel discovery are not subject to the common-law right of access." *Id*; *see also Walker v. Segway Inc.*, No. 11-cv-382, 2013 WL 2077223, at *1 (D.N.H. May 15, 2013) ("Because discovery disputes ordinarily do not result in the determination of the parties' substantive rights, those filings are not judicial records to which the presumption of public access attaches"); *Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc.*, No. 13-cv-23881, 2014 WL 5305582, at *2 (S.D. Fla. Oct. 15, 2014) (citation omitted) (The "public's common law right of access attaches to the documents" when "discovery materials are filed in connection with a *substantive* pretrial motion" and holding

that "[h]ere, there is ample reason to seal the filed emails. First, these documents have not been attached to a substantive pretrial motion of any kind. Second, at issue here is a discovery dispute—i.e., whether the documents that Defendants claim are protected work product should in fact be produced.") (emphasis in original).

In the instant case, the sealing of these Exhibits will serve to promote the free exchange of documents and information between the Plaintiffs, USASF, and Varsity (the "Parties"), and between the Parties and third parties possessing information highly relevant to USASF and Varsity's conspiracy to monopolize in violation of 15 U.S.C. § 2, during discovery. And maintaining Exhibit 1 under seal will further encourage third parties like Jefferies, who have not been accused of any wrongdoing, to fully cooperate with subpoenas served in this matter. Moreover, Plaintiffs propose the least restrictive means of maintaining the confidentiality of the Exhibits. A redacted version of their Opposition and non-confidential exhibits will be maintained on the public record.

For these reasons, Plaintiffs respectfully request that this Court grant their motion and enter the attached order maintaining the Confidential Exhibits and portions of the Opposition discussing them permanently under seal in the above-captioned matter.

Dated: May 19, 2021                    Respectfully submitted,

                                       By: */s/ Katherine Van Dyck*
                                       Jonathan W. Cuneo*
                                       Katherine Van Dyck*
                                       Victoria Sims*
                                       **CUNEO GILBERT & LADUCA, LLP**
                                       4725 Wisconsin Avenue NW, Suite 200
                                       Washington, DC 20016
                                       Telephone: (202) 789-3960
                                       jonc@cuneolaw.com

kvandyc@cuneolaw.com
vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Mark R. Suter*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
**LABATON SUCHAROW LLP**
140 Broadway New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.comInterim

*Co-Lead Counsel for the Proposed Direct Purchaser Class*
J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
**JUSTICE CATALYST LAW, INC.**

718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Admitted pro hac vice

*Counsel for the Proposed Direct Purchaser Class*

## CERTIFICATE OF GOOD FAITH

Consistent with Local Rule 26(b)(1) and 7.2(a)(1).01(b)(3), counsel for Plaintiffs, Katherine Van Dyck and Victoria Sims, have conferred with counsel for USASF, Nicole Berkowitz, on May 18, 2021, and Steven Kaiser, counsel for the Varsity Defendants, on May 19, 2021, and all parties are in agreement with the relief requested in this Motion.

*/s/ Katherine Van Dyck*
Katherine Van Dyck

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 19, 2021, the foregoing was served via ECF processing upon the following:

| | |
|---|---|
| Adam S. Baldridge<br>Matthew S. Mulqueen<br>BAKER DONELSON BEARMANN<br>CALDWELL & BERKOWITZ<br>165 Madison Ave Ste 2000<br>Memphis, TN 38103<br>Tel: 901-526-2000<br>abaldridge@bakerdonelson.com<br>mmulqueen@bakerdonelson.com | Grady M. Garrison<br>Nicole D. Berkowitz<br>BAKER DONELSON BEARMAN<br>CALDWELL & BERKOWITZ, P.C.<br>165 Madison Ave. Ste. 2000<br>Memphis, TN 38103<br>Tel: 901-526-2000<br>ggarrison@bakerdonelson.com<br>nberkowitz@bakerdonelson.com |
| George S. Cary<br>Mark W. Nelson<br>Alexis Collins<br>Steven J. Kaiser<br>CLEARY GOTTILEB STEEN &<br>HAMILTON LLP<br>2112 Pennsylvania Avenue NW Ste 1000<br>Washington, DC 20037<br>Tel: 202-974-1500<br>gcary@cgsh.com<br>mnelson@cgsh.com<br>alcollins@cgsh.com<br>skaiser@cgsh.com | *Attorneys for Defendant U.S. All Star Federation, Inc.* |

*Attorneys for Defendants Varsity Brands, LLC, Varsity Spirit Fashions & Supplies, Inc., and Varsity Spirit, LLC*

 

/s/ Katherine Van Dyck
Katherine Van Dyck