UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS et al.,<br><br>           Plaintiffs,<br>  v.<br><br>VARSITY BRANDS, LLC et al.,<br><br>           Defendants. | Civ. Action No. 2:20-cv-2600 |

**DECLARATION OF STEVEN J. KAISER IN SUPPORT OF VARSITY DEFENDANTS'
RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

I, Steven J. Kaiser, declare as follows:

1.      I am one of Varsity's counsel and have been personally involved in the matters described below.

2.      Varsity has to date incurred more than $4 million in costs associated with locating, processing, reviewing, and producing hundreds of thousands of pages of documents and hundreds of thousands of data elements in this case.

3.      Document discovery in this case began in October 2020 when the parties served document requests on each other.  As required by Rule 34, Varsity responded to Plaintiffs' 109 requests in November 2020, stating its objections and, as to each request, stating what production it would make.

4.      Among other things, in its responses Varsity committed to review and produce documents from 14 custodians using very broad search terms such as "price," "contact," and "agreement."  The custodians included the founder of Varsity, the head of Varsity's cheerleading business, his second-in-command, the comptroller of the cheerleading business, and the other

senior business and operational leaders of the cheerleading business. The time period was January 1, 2015 to June 30, 2020.

5.      Varsity has diligently reviewed the hundreds of thousands of documents that "hit" on broad search terms across the 14 custodians and already has produced hundreds of thousands of pages of materials out of this review, with more to come as the process proceeds. In addition, Varsity has produced hundreds of thousands of data records relating to its costs and its sales of the products and services that Plaintiffs have brought into issue in this case, down all the way to the transaction level. The time period covered by this data is 2015 to 2020.

6.       Plaintiffs did not contact Varsity about Varsity's responses to Plaintiffs' document requests for nearly a month after they were served. That initial communication is attached as Exhibit A. From this point until May 5, Varsity and Plaintiffs conducted at least 23 separate conference calls spanning approximately 35 hours, not counting preparation and follow-up or conferences between USASF and Plaintiffs.

7.      Plaintiffs sent me a letter, an excerpt of which is attached as Exhibit B, demanding that Varsity produce documents from 41 additional custodians. They likewise continued to demand that Varsity comply with Request 30, attached as Exhibit C, which requests granular data on Varsity's costs, in "any markets You believe Varsity compete," including "markets" that have nothing to do with All-Star cheerleading.

8.      When Varsity said it would not provide such data, Plaintiffs threatened Varsity with a motion to compel. Plaintiffs likewise demanded additional search terms that would have led to hundreds of thousands of additional documents having to be reviewed.

9.      When informed that Varsity had sampled documents that hit on these new search terms and found virtually zero responsive documents, Plaintiffs continued to pursue them (albeit

in ever slightly-reduced forms), ultimately abandoning them just days before filing their motion to compel.

10.     Varsity has served interrogatories requesting that Plaintiffs produce evidence of their allegations that rules and practices at All Star cheer competitions favor teams wearing Varsity apparel.

11.     Plaintiffs initially refused to produce any evidence in response to this interrogatory and labeled it a "contention interrogatory" in their responses and objections and in subsequent discussions.  The relevant interrogatory response is attached as Exhibit D.

12.     When pressed, Plaintiffs pointed to an opinion in a 2010 case not involving All Star cheerleading, where Varsity's founder was said to have testified that Varsity's innovations in apparel had helped teams do better in *collegiate* competitions (which are distinct from the All Star market at issue in this case).

13.     Varsity and Plaintiffs agreed that Varsity would provide the amount of money that Varsity advanced on behalf of USASF, and that would satisfy Plaintiffs in respect of Requests 77 and 78.  Plaintiffs were unable to articulate any particular relevance to the earlier period or explain why Varsity should be put to the burden of going further back in time.

14.     Varsity offered to compromise on Request 82—which seeks salary information of all USASF employees who were paid by Varsity since 2003—by offering to produce the titles and salaries of the two most senior and significant USASF employees at issue and to provide an aggregate total of salary "paid" for USASF employees from 2015.

15.     Plaintiffs' only stated objection to this resolution was that it would not cover the 2012 to 2014 period. They were unable to articulate any particular relevance to the earlier period or explain why Varsity should be put to the burden of going further back in time.

16.     The parties agreed to put off further discussion of Requests 92 to 103, which are directly related to a pending motion to strike, for at least 60 days. The relevant excerpt of a letter from Plaintiffs memorializing that agreement is attached as Exhibit E.

17.     Toward the end of the meet and confer process, in a letter attached as Exhibit F, Plaintiffs sought to leverage their original demand of 41 custodians by implying that if Varsity did not agree to add four additional custodians—John Nichols, Pash Nangia, Brian Carroll, and Daniel Kessler-—they would move to compel others beyond the two on which they ultimately moved.  Varsity ultimately succumbed to that request by adding the four custodians.

18.     Based on the cost of reviewing custodial files to date, I estimate that adding Jamie Parrish and James Hill would cost Varsity, at a minimum, many hundreds of thousands of dollars in additional discovery costs.

19.     Plaintiffs' document requests contained a number of confusing and overlapping requests that were not explicitly identified as seeking "transactional data" but that Plaintiffs later asserted were requests for transactional data (among other things).  On January 12, Varsity set out its questions about those requests in a letter to Plaintiffs, attached as Exhibit G.

20.     On May 4, the day before motions were due, Plaintiffs asked for a stipulation to extend that agreement until July 5. The proposed stipulation, which is attached as Exhibit H, however, also would have eliminated the requirement to submit document discovery disputes by May 5, 2021 and instead would have permitted Plaintiffs to "[move] to compel one or both Defendants to produce additional documents and data, employ additional search terms, review additional custodial files, and/or produce other forms of discovery related to potential disputes about requests that are not currently ripe for resolution, that are presently unknown to Plaintiffs,

or should the documents and data that are produced by Defendants prove insufficiently responsive to the Varsity and USASF RFPs."

21.     Plaintiffs refused to identify what additional issues (other than Plaintiffs' RFPs 98 to 111) would be subject to this proposed stipulation, which essentially would have eviscerated the Court's scheduling order. This discussion is contained in an email exchange that is attached as Exhibit I.

22.     Plaintiffs labeled the topic of sexual misconduct as "not relevant to the claims or defenses in this litigation" when responding to Varsity's first set of discovery requests. The relevant portion of those Responses and Objections is attached as Exhibit J.

23.     I declare under penalty of perjury that the foregoing is true and correct. Executed on May 19, 2021.

Steven J. Kaiser

# EXHIBIT A

| | |
|---|---|
| **From:** | Vicky Sims |
| **To:** | Kaiser, Steven J. |
| **Cc:** | Veronica Bosco |
| **Subject:** | Fusion Elite All Stars v. Varsity Brands |
| **Date:** | Wednesday, December 9, 2020 11:32:04 AM |

Steve,

I hope all is well. I write regarding the Varsity Defendants' Responses and Objections to Plaintiffs' Requests for Production. Are Varsity Defendants available to meet and confer with Plaintiffs either Monday 10 am ET-4:30 pm ET or Tuesday 10 am ET-noon ET or 2 pm ET-4:30 pm ET?

Victoria Sims, Esquire
Cuneo Gilbert & LaDuca
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Phone: (202) 789-3960
Direct: (202) 449-3958
Fax: (202) 789-1813

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

# EXHIBIT B

# Labaton Sucharow

212 907 0883 direct
212 907 0700 main
212 883 7083 fax
vbosco@labaton.com

**New York Office**
140 Broadway
New York, NY 10005

January 6, 2021

**SENT VIA ELECTRONIC MAIL**

Steven J. Kaiser
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com

Re:   *Fusion Elite v. Varsity*, No. 2:20-cv-2600 (W.D. Tenn.)

Dear Counsel:

We write to follow up on our December 14 and December 21, 2020 meet and confers regarding Varsity's responses to Plaintiffs' First Request for Production of Documents, dated October 16, 2020 (the "Requests"). We believe the summary below accurately reflects our conversations and the parties' positions to date.

**Relevant Time Period**

In the Requests, Plaintiffs initially proposed an overall relevant time period of May 26, 2008 to the present. In its written responses, Varsity said that it would produce documents for the period of January 1, 2015 to June 30, 2020. During our December 14 meet and confer, Varsity stated further that it was willing to consider a compromise proposal regarding time period.

Plaintiffs now propose, for purposes of compromise, that the relevant time period for data and documents covered by the Requests served on Varsity would be January 1, 2011 through the date of collection, with carve-outs for the following limited Requests, as specified:

- Requests 36-41: January 1, 2004 – date of collection
- Request 79: January 1, 2003 – date of collection
- Request 84-85: January 1, 2003 – date of collection

**Labaton Sucharow**

January 6, 2021
Page 2

## Market Scope

As to market scope, Plaintiffs are awaiting Varsity's position on the extent to which discovery in this case should focus on any markets, aside from the All Star Competition and All Star Apparel markets (as Plaintiffs have defined each market in the Complaint). To the extent that Varsity proposes to limit the discovery it produces to the All Star Competition and All Star Apparel markets, Varsity would be precluded from asserting that those markets are broader than they are defined in Plaintiffs' Complaint.

As to the scope of the definition of the All Star Apparel market, Varsity has agreed that "shoes" and "equipment" are within the scope of All Star Apparel and that it is not going to withhold production of any documents based on its objections to the definitions of the words "shoes" and "equipment." Plaintiffs have clarified, to the extent possible based on their knowledge, that "equipment" is anything sold by Varsity relating to All Star Cheer that is not shoes or uniforms, such as props, poms, backpacks or other bags, etc.; however, Plaintiffs have noted that Varsity is in the better position to know what it sells.

## Data Requests

During our December 21 meet and confer, Varsity stated that it has not yet investigated its data at all, despite having agreed in the parties' stipulated Scheduling Order, Doc. No. 61, to "COMPLETION OF PRODUCTION OF TRANSACTIONAL DATA IN RESPONSE TO REQUESTS FOR PRODUCTION Within 100 days of service of the relevant requests for production of documents"—*i.e.*, January 25, 2021.

Varsity contends that the Requests for Production seeking data, *i.e.*, Requests Nos. 23-30, should have been posed as interrogatories rather than requests for production, even though, as quoted above, Varsity agreed to produce "Transactional Data" in response to "Requests for Production" and "relevant *requests for production of documents*," <u>not</u> interrogatories. While Plaintiffs do not agree that their document requests seeking transactional data—quite typical in antitrust cases—are interrogatories, if it would resolve the dispute and cause Varsity to produce its transactional data as promised, Plaintiffs will agree to deduct two interrogatories from their agreed total (*i.e.*, Plaintiffs would get 28 instead of 30, total), if Varsity would: (a) also deduct two of its own interrogatories and (b) agree to produce its responsive transactional data along the timeline set forth in the Stipulated Order, *i.e.*, by January 25, 2021.

The only other issue Varsity has identified with Plaintiffs' data requests is the time period, which is addressed above.

As Plaintiffs have addressed Varsity's concerns, Plaintiffs expect Varsity to make its transactional data production, as provided for in the Court Order.

**Plaintiffs' Proposed Additional Varsity Custodians as of January 6, 2021**

1. Adam Stluka

2. Andrea Hern

3. Augustina Sexton

4. Brian Carroll

5. Catherine Morris

6. Chris Darby

7. Clint Anstaett

8. Daniel Kessler

9. Darrell Bagby

10. Dorothy McNinch

11. Emily Zemlachenko

12. Gary Spencer

13. Jennifer Bond

14. Jessica Radon

15. Jim Chadwick

16. John Nichols

17. Justin Carrier

18. Katherine Rausch

19. Keith McCown

20. Kim Conley

21. Kim Williams

22. Lauren Camell

23. Lisa Collins

24. Lois Ann Murphee

25. Matt Goto

26. Matthew Cowdery

27. Melanie Berry

28. Michelle Edwards

29. Mike Burgess

30. Mike Pare

31. Molly Key

32. Nikki Shaikh

33. Pash Nangia

34. Peyton Rudolph

35. Phil Holdsworth

36. Rachel Tushek

37. Rocio Arenas

38. Steve Peterson

39. Tara Harris

40. Tina Sexton

41. Wade Brewster

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., | |
| Plaintiffs, | Case No. 2:20-cv-02600-SHL-cgc |
| v. | |
| VARSITY BRANDS, LLC, et al., | **Jury Trial Demanded** |
| Defendants. | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC, AND VARSITY SPIRIT FASHION & SUPPLIES, LLC

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs'[1] request that defendants Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC (the "Varsity Defendants") produce for inspection and copying, within 30 days, the documents listed below.

## DEFINITIONS

1.      The term "All Star" cheerleading means the discipline of cheerleading that involves athletes performing routines composed of tumbling, stunting, pyramids, and dance. It is distinct from traditional school cheerleading (sideline cheering) in that its primary purpose is competition, while school cheer primarily involves crowd leading and other roles associated with generating school spirit.

---

[1] Plaintiffs are Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Janine Cherasaro, and Lauren Hayes.

e.   costs paid by a Gym, Team, Athlete, Spectator, or other purchaser, for Apparel purchased at an Event.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of your business or are otherwise not available in electronic form, please produce such data in hard copy.

**REQUEST NO. 30:**   Documents and data (in machine-readable format such as *.csv, *.txt or other native flat file format) sufficient to show Your actual costs, in as granular form as the information is maintained, for all business costs you incurred in any markets You believe Varsity competes, reported on a monthly basis if available, including:

a.   Your actual costs for running cheerleading camps, including venue costs, promotional costs, travel costs, advertising costs, compensation for judges, workers, employees, or contractors, insurance costs, and all other costs incidental to producing and promoting cheerleading camps;

b.   Your actual costs for owning Gyms, in as granular form as possible, including venue costs, promotional costs, advertising costs, compensation for workers, employees, or contractors, insurance costs, and all other costs incidental to maintaining Gyms;

c.   Your actual costs for producing choreography, in as granular form as possible, including promotional costs, advertising costs, compensation for choreographers, insurance costs, and all other costs incidental to producing and promoting choreography; and

d.   all other costs in an itemized fashion.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of your business or are otherwise not available in electronic form, please produce such data in hard copy.

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF
## TENNESSEE

FUSION ELITE ALL STARS, et al.,

     Plaintiffs,

  v.

VARSITY BRANDS, LLC, et al.,

     Defendants.

**Civ. Action No. 2:20-cv-02600-SHL-cgc**

**Jury Trial Demanded**

## PLAINTIFFS KATHRYN ANNE RADEK'S, LAUREN HAYES'S, AND JANINE CHERASARO'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

## <u>PRELIMINARY STATEMENT</u>

  Plaintiffs Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro ("Plaintiffs") hereby provide these Responses and Objections to Defendants' First Set of Interrogatories to Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro. All responses contained herein are based only upon such information and documents presently available and specifically known to Plaintiffs. Further independent discovery, independent investigation, legal research, and analysis may supply additional facts and/or add meaning to the known facts. The objections set forth below are given without prejudice to Plaintiffs' right at trial to produce evidence of any subsequently discovered fact or facts that may later develop.

## <u>GENERAL OBJECTIONS</u>

  Plaintiffs object generally to the Interrogatories on the following grounds, each of which is incorporated by reference in the responses to the individual Responses and Objections below

Subject to their objections, Plaintiffs provide the enclosed responses, setting forth the Varsity and/or USASF All Star Competitions they attended during the Relevant Time Period. Please see Appendix B.

**INTERROGATORY NO. 3:**

Provide for each of the "[a]t least 35 All Star Gyms" that you allege in paragraph 234 of your Complaint closed in 2019:

    (1)  the former gym's name,

    (2)  the former gym's address,

    (3) the former gym's telephone number, and

    (4) the name of the former gym's owner(s).

**Response:** Plaintiffs object to this Interrogatory because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and certain portions, namely subsections (2)-(4) are not relevant to the claims or defenses in this litigation. Plaintiffs further object to this Interrogatory to the extent it seeks information equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs further object to this Interrogatory as a premature contention interrogatory. Plaintiffs further object to this Interrogatory to the extent that it includes multiple subparts in what purports to be a single interrogatory.

Subject to their objections, Plaintiffs provide the names of 37 gyms that closed in 2019 and 2020, in Appendix C.

**INTERROGATORY NO. 4:**

Provide a list of the rules that were allegedly "written to favor Varsity's latest All Star

Apparel Designs" as stated in paragraph 193 of your Complaint.

**Response:** Plaintiffs object to this Interrogatory to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Interrogatory to the extent it seeks information equally accessible to, or in the possession of Defendants and can therefore be obtained from another source that is more convenient and less burdensome. Plaintiffs further object to this Interrogatory as a premature contention interrogatory.

**INTERROGATORY NO. 5:**

Provide a list of every instance where you contend that USASF judges awarded extra points to an All Star Team because that team was wearing Varsity apparel, as stated in paragraph 154 of the Complaint, stating for each:

(1) the basis for that contention,

(2) the name of the competition where the instance occurred,

(3) the date(s) of the competition,

(4) the venue of the competition,

(5) the identities of any individual or entity with whom you discussed that such team was awarded extra points for wearing Varsity apparel, and the substance of said discussion(s).

**Response:** Plaintiffs object to this Interrogatory because it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors). Plaintiffs also object to this Interrogatory to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs further object to this Interrogatory to the extent it seeks information equally accessible to, or in the possession of Defendants and can therefore

be obtained from another source that is more convenient and less burdensome. Plaintiffs further object to this Interrogatory as a premature contention interrogatory. Plaintiffs further object to this Interrogatory to the extent that it includes multiple subparts in what purports to be a single interrogatory.

Respectfully submitted,

Dated: November 23, 2020

By: _/s/ Victoria Sims_____
Jonathan W. Cuneo*
Katherine Van Dyck*
Victoria Sims*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Mark R. Suter*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
Ethan H. Kaminsky*
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.com

# **EXHIBIT E**



4725 WISCONSIN AVE, NW, SUITE 200
WASHINGTON, DC 20016
TEL: (202) 789-3960
FAX: (202) 789-1813
www.cuneolaw.com

Victoria Sims, Esquire
Telephone: (202) 449-3958
vicky@cuneolaw.com
Admitted to Practice in Maryland
and the District of Columbia

**SENT VIA ELECTRONIC MAIL**
Steven J. Kaiser
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com

March 1, 2021

Re:     *Fusion Elite, et al. v. Varsity*, No. 2:20-cv-2600 (W.D. Tenn.)


Dear Counsel:

Plaintiffs write to follow up on our various meet and confers regarding Varsity's responses to Plaintiffs' First Request for Production of Documents (the "Requests"). We believe the summary below accurately reflects our conversations and the parties' positions to date. Plaintiffs understand that the parties will discuss these issues at the parties' Wednesday meet and confer and request that Varsity prepare its position on all of the issues identified in this letter, for discussion on Wednesday. Absent agreement, Plaintiffs will move to compel on the below-described Requests.

**Requests in Response to Which Varsity Initially Agreed to Produce Documents**

With respect to Requests Nos. 3, 5, 6-8, 10-12, 14, 16-18, 37-44, 46-55, 57-59, 63, 64, 67-70, 74-76, 80, 87, 88, 104-106, Varsity agreed, in its responses and objections, to produce documents concerning All Star Competitions and All Star Apparel, and only withhold such responsive documents on the basis of time period and search parameters (custodians and search terms). Plaintiffs have made certain counter-proposals regarding market scope, relevant time period, custodians and search terms that are under consideration.

## Market Scope Proposal

In response to Plaintiffs' February 18, 2021 email to Varsity, which sought an expanded market scope for certain requests (1, 19, 31, 33, 35 (c)-(g), (i), (j), (n), (r), 42, 43, 48, 49,[1] 70, 106), Varsity advised that it would be willing to produce documents concerning dance and STUNT, to the extent such documents also mention All Star Cheer. Plaintiffs asked whether Varsity would also be willing to produce documents concerning both scholastic and All Star Cheer in response to requests identified in Plaintiffs' February 18, 2021 email (even if the scholastic cheer documents do not mention All Star cheer). Varsity agreed to consider this request. Plaintiffs also ask Varsity to include documents concerning recreational cheer, such as Pop Warner. To the extent Varsity intends to argue that any markets other than those already described are part of the relevant apparel market, Plaintiffs ask Varsity to produce documents concerning those markets, in response to the carved-out requests, to the extent such documents also mention recreational, scholastic or All Star Cheer.

## Requests in Response to Which Varsity Initially Objected to Production

Varsity has refused to produce responsive documents, or otherwise objected to, each of the below Requests. By way of compromise, Plaintiffs now offer the following proposals and/or seek the following clarifications about each respective Request.

### Request No. 1

For a variety of purposes potentially relevant to this litigation, including, *e.g.*, to understand (a) Varsity's relevant streams of income, (b) the effects, if any on revenues and profits after certain  acquisitions and resulting market consolidation, (c) how Varsity made certain decisions and why, (d) how Varsity and its parent entities define the relevant apparel and competition markets in which Varsity competes, Plaintiffs request that Varsity produce board documents responsive to this Request relating to All Star or scholastic or recreational cheer or which are otherwise applicable to cheer. Included in what Plaintiffs are seeking are broader company policies applicable to the cheer business, such as general policies or practices concerning acquisitions. Plaintiffs also request, as part of their market scope proposal, that responsive documents concerning dance and STUNT be produced, to the extent they also mention or relate to scholastic, recreational or All Star Cheer. To the extent Varsity intends to argue that any markets other than those described are part of the relevant apparel market, Plaintiffs ask Varsity to produce documents concerning those markets, to the extent such documents also mention recreational, scholastic or All Star cheer.

### Request No. 2

For a variety of purposes potentially relevant to this litigation, including, *e.g.*, (a) to understand Varsity's view of behavior that is compliant with antitrust laws, (b) whether Varsity enforced internal antitrust policies, and (c) how Varsity's view on these subjects may have changed throughout the Relevant Time Period, Plaintiffs request that Varsity produce its antitrust compliance policies and affirmations by employees that they read such policies, if any exist, as well as discussions of those policies as they relate to cheerleading.

---

[1] Plaintiffs also add RFP No. 13, which is related to RFP No.49, and RFP No. 37.

Plaintiffs would also accept a list of individuals who worked at USASF at the time they worked at Varsity or prior to the time they worked at Varsity.

Request No. 84

Varsity has agreed to produce documents showing the owner of the USASF URL. Plaintiffs ask that it also produce documents showing the owner of Perfect Privacy LLC.

Request No. 85

This Request seeks information relevant to demonstrating the extent of Varsity's and USASF's relationship and opportunities to collude. Varsity has agreed to advise Plaintiffs which USASF offices were co-located with Varsity. Provided Plaintiffs receive a list of USASF offices for the relevant time period from USASF or Varsity, and provided Varsity agrees to provide this information in a manner that can be used as admissible evidence at trial, Plaintiffs will accept this offer.

Request No. 86

Plaintiffs need to understand which groups USASF was a member of in order to analyze the scope of USASF's control and influence over the All Star cheer industry and the avenues available to USASF to effectuate its conspiracy with Varsity. Plaintiffs have asked Varsity to produce responsive documents, to the extent they concern All Star Cheer.

Request No. 89

This Request seeks information regarding Varsity's ESI sources. Varsity has advised that it is engaging in cooperative discussions regarding ESI sources. Provided Varsity continues to so do and discloses all sources of potentially responsive ESI, Plaintiffs will agree to defer this request and not move on it unless an issue arises regarding identification of ESI sources.

Request Nos. 90-91

Plaintiffs will accept Varsity's retention polices for the Relevant Time Period and documents sufficient to show departure from those policies in satisfaction of these Requests.

Request Nos. 92-103

As Plaintiffs have discussed with Varsity, Plaintiffs are willing to defer action on these Requests for 60 days, provided the parties agree on all other issues.

Request No. 107

Plaintiffs maintain that any statements, affidavits or declarations made by, or documents submitted by, Varsity characterizing the markets in which Varsity sells, or that speak to the alleged anticompetitive conduct alleged in the Complaint, or provide potential explanations or justifications for such alleged

# EXHIBIT F

| | |
|---|---|
| **From:** | Vicky Sims <Vicky@cuneolaw.com> |
| **Sent:** | Tuesday, May 4, 2021 9:35 PM |
| **To:** | Kaiser, Steven J. |
| **Cc:** | Veronica Bosco; Mark R. Suter; 'Mulqueen, Matt'; Katie Van Dyck |
| **Subject:** | RE: Search Terms |
| **Attachments:** | Varsity - Additional Search Terms Custodians and Proposals for RFP Time Period Exceptions (5.4).pdf |

Steve,

In an attempt to try to bridge the gap on the time period, we are making one final attempt at a compromise proposal, attached. Please let us know whether the parties are in agreement.

With respect to custodians, Plaintiffs can accept Nangia, Carroll, Nichols and Kessler, but also need Parrish and Hill. If Varsity does not agree to add Parrish and Hill, Plaintiffs will move to compel on those custodians only, provided we have agreement on the other four Varsity previously offered.

Please also advise whether the parties have agreement on Plaintiffs' search term proposal, below.

---

**From:** Vicky Sims
**Sent:** Saturday, May 1, 2021 8:44 AM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>
**Cc:** Veronica Bosco <VBosco@labaton.com>; Mark R. Suter <msuter@bm.net>; Mulqueen, Matt <mmulqueen@bakerdonelson.com>; Katie Van Dyck <kvandyck@cuneolaw.com>
**Subject:** RE: Search Terms

Thank you, Steve.

We are amenable to accepting the below terms and reserving our rights on the rest, provided Varsity agrees to add the additional terms below and that we also reach agreement on the Plaintiffs' search terms. Attached, for your convenience is a redline of our prior proposal.

**Plaintiffs' Proposed Edits to Previous Search Terms**

market w/5 share

(increase*) w/2 price

(stay w/3 play) or (stay*play) or STP

**Plaintiffs' Proposed Edits to Disputed Search Terms Listed in Varsity 3/19 Appendix A**

(barrier*) w/5 (entry or market)

(board or BOD) w/3 (present* or material* or minutes or script or slides)

(Charlesbank or Bain) w/20 (present* or slides or diligence or analy*)

# EXHIBIT G

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

NEW YORK

PARIS

BRUSSELS

LONDON

FRANKFURT

COLOGNE

MOSCOW

ROME

MILAN

HONG KONG

BEIJING

BUENOS AIRES

SÃO PAULO

ABU DHABI

SEOUL

GEORGE S. CARY
MITCHELL S. DUPLER
GIOVANNI P. PREZIOSO
MATTHEW D. SLATER
DAVID I. GELFAND
MICHAEL A. MAZZUCHI
MARK W. NELSON
D. BRUCE HOFFMAN
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
PAUL D. MARQUARDT
JEREMY CALSYN
LEAH BRANNON
MATTHEW C. SOLOMON
KATHERINE MOONEY CARROLL
ELAINE EWING
NOWELL D. BAMBERGER
KENNETH S. REINKER
ALEXIS COLLINS
RESIDENT PARTNERS

KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEC. HINDS
SARA D. SCHOTLAND
WILLIAM B. MCGURN III
JOHN S. MAGNEY
MARK LEDDY
JOHN C. MURPHY, JR.
DAVID M. BECKER
JANET L. WELLER
LINDA J. SOLDO
MICHAEL H. KRIMMINGER
SENIOR COUNSEL

W. RICHARD BIDSTRUP
STEVEN J. KAISER
KATHLEEN WARD BRADISH
CUNZHEN HUANG**
CHASE D. KANIECKI
MACEY LEVINGTON
CARL LAWRENCE MALM
CHARLES STERLING
CARL F. EMIGHOLZ
RESIDENT COUNSEL

JOHN P MCGILL, JR
MATTHEW I. BACHRACK
LARRY WORK-DEMBOWSKI
PATRICK FULLER
SAIF I. SHAH MOHAMMED
CHRISTIAN J. MAHONEY
SENIOR ATTORNEYS

EMILY M. ARNOLD
GRAHAM BANNON
HANI BASHOUR
TAYLOR H. BATES
ZACHARY BAUM
ELSBETH BENNETT
LINDEN BERNHARDT
JORGE A. BONILLA LOPEZ
MADISON C. BUSH
SAMUEL H. CHANG
CHINWE T. CHUKWUOGO
EVERETT K. CORAOR
LISA M. DANZIG
KATHERINE DENBY
BRANDON J. FIGG
MEREDITH LEIGH FINN
CHRISTOPHER M. FITZPATRICK
ALAN B. FREEDMAN
SAMUEL G. FULLER
LAUREN E. GILBERT*
MELISSA GOHLKE
SAVANNAH HAYNES*
CHRISTOPHER J. HILDEBRAND
JESSICA HOLLIS
STEPHEN J. HOUCK
RICHARD HUBER
SAMEER JAYWANT
ANDREW L. KLINE
JOHN F. KOZAK
TOBIAS A. KRAFT
NATHANAEL F. KURCAB
ELISE G. LANE
GABRIEL J. LAZARUS
ALEXIS R.B. LAZDA
CLOTILDE LE ROY
JOHN A. LIGHTBOURNE
MOLLY MA
NORA MCCLOSKEY
ADAM MOTIWALA
RICK REDMOND
BEN ROSENBLUM
MICHAEL G. SANDERS
MICHAEL SCHULMAN
WILLIAM SEGAL
GARRETT D. SHINN
SARAH M. STANTON
NICOLE TATZ
ZACH TSCHIDA
JACK H L. WHITELEY*
JIM WINTERING
HUANBING IZZY XU

JEANNE-PALOMA ZELMATI
IRIS MENGYAO ZHOU
ASSOCIATES

* Admitted only to a bar other
than that of the District of
Columbia. Working under the
supervision of principals of
the Washington office.

** Special Legal Consultant,
qualified in the People's
Republic of China.

D: +1 (202) 974-1554
skaiser@cgsh.com

January 12, 2021

<u>VIA EMAIL</u>

Victoria Sims, Esq.
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016

Re: <u>*Fusion Elite v. Varsity*</u>, Civ. Action No. 2:20-cv-2600 (W.D. Tenn.)

Dear Ms. Sims:

This letter is in response to yours of January 11.

Your letter suggests that Varsity has an obligation to produce "transactional data," apparently however Plaintiffs may define that term and notwithstanding Varsity's objections, by January 25. When quoting from the Order, however, you once again omit that any required production was "subject to any unresolved objections of the producing Party." As we have told you, now more than once, because Varsity continues to have unresolved objections, the deadline is not operative by its own terms.

Your ultimatum that Varsity, "by 5 pm ET, on Tuesday, January 12" agree to do as you say in the letter is likewise inappropriate. Indeed, in your letter you for the first time make a new proposal in response to our letter of January 6 while at the same time withdraw a

Victoria Bosco, Esq.
January 12, 2021
Page 2

previous proposal you had made.[1]  Yet you expect immediate capitulation to your demand, which of course is not in any sense realistic or appropriate.

As to Plaintiffs' new proposal, apparently you concede that much of the information listed in the RFPs that you previously referred to as "transaction data," in fact does not seek transactional data or is overlapping with other RFPs.  In what you disingenuously assert is a "compromise," you nevertheless insist that Varsity immediately produce "transactional data" on the subjects identified in "Plaintiffs' Requests Nos. 29, as modified by Plaintiffs' October 28th letter, and non-duplicative portions of Requets [sic] Nos. 23 and 27, no later than January 25, 2021."  You leave it to us to determine what aspects of Requests Nos. 23, 27, and 29 are for "transaction data" and what are "non-duplicative."  You withdraw your prior offer to treat these requests as interrogatories, as the Federal Rules require, and likewise do not agree to withdraw or in any way modify or clarify these requests or Request Nos. 24 to 26, 28 or 30, apparently expecting Varsity to provide its response without any compromise or reduction in demand from the Plaintiffs to reflect Varsity's well-taken objections..

As to your demand, as an initial matter, Requests 23 and 27 are not requests for transaction data at all, and even by your argument are not part of any January 25 deadline.  Rather they are requests for "documents sufficient to show Your actual costs for all Events *on an Event by Event basis*" (Request 23) and for "documents sufficient to show Your actual costs … associated with all of your Apparel, *on a monthly basis*"; neither is transactional by its terms, nor are "costs" generally transactional in nature.

As to Request 29 (in its original form or as purportedly modified), as we have told you, Varsity does not have "documents sufficient to show" the vast array of information requested.  A "[d]efendant is not required to create documents in response to [a] plaintiff's request for discovery," *Harris v. Advance America Cash Advance Centers, Inc.*, 288 F.R.D. 170 (S.D. Ohio 2012).  Indeed, it is inconceivable that to us that you could seriously expect any party to have the array of requested data identified in Request 29 in available documents:

> *Documents and data (in machine-readable format such as \*.csv, \*.txt or other native flat file format) in as granular form as it is maintained, including by transaction or receipt, broken down by purchaser, including at minimum for each purchaser the name, address, phone number, email address, customer number, and main contact person or persons, itemized by product code, number of items sold, description of product, price, date, check, or other payment method, and transaction, sufficient to show the following:*
>
>     *a.    the terms of each sale;*

---

[1] Previously, you had offered to reduce by two the number of interrogatories that Plaintiffs' data requests would be counted as.  You apparently have now withdrawn that offer.  You also previously insisted that Varsity reduce its interrogatory count and now say that Varsity has issued "document requests that, by Varsity Defendants' logic, function as interrogatories."  You have identified no such document requests and, in any event, did not object to any of Defendants' requests on this basis, even in your December 30 letter.

Victoria Bosco, Esq.
January 12, 2021
Page 3

b.      the invoice number;

c.      the purchase order number;

d.      net price paid per item, including all rebates, discounts, and returns;

e.      whether the transaction occurred at an Event, over the internet, by phone, or in some other place;

f.      the location from which the goods were shipped;

g.      the customer's name and address, including the identity of the customer that was billed and the location to which the goods were shipped;

h.      the date You shipped the goods, the date You billed for the goods, and the date the customer took delivery;

i.      the specification and type of goods, including any unique purchaser-specific identifier, and product classifications and detailed descriptions sold for each transaction;

j.      the quantity (and units of measure) for each type of good sold in connection with each sale;

k.      all pricing information concerning the sale, including shipping, tax, or similar charges, and the gross and net unit price for each item in the sale;

l.      the currency in which the sale was billed and paid;

m.      any discounts, rebates, credits, freight allowances, returns, free goods and/or services or any other pricing adjustment for each sale, with sufficient information to attribute these adjustments to individual sales;

n.      documents sufficient to understand all codes in the file or invoice;

o.      whether the transaction was associated with or made pursuant to a Contract with Varsity, an Offer from Varsity, including the Contract or Offer date, and the impact of the transaction on the purchaser's rebate status under the Contract or Offer;

p.      any and all additional fees or costs associated with the transaction (including manufacturing cost, freight charge and transportation cost, sales and distribution cost, marketing or sales cost, and any other cost attributed or allocated to the sale); and

Victoria Bosco, Esq.
January 12, 2021
Page 4

> q.   *costs paid by a Gym, Team, Athlete, Spectator, or other purchaser,*
> *for Apparel purchased at an Event.*

As Varsity noted in its original objections to this request, in addition to being an interrogatory, this request is overly broad, unduly burdensome, and disproportional to the needs of the case. First, there is the issue of time period. The putative class period in this case begins on May 26, 2016 yet Plaintiffs originally demanded data from January 1, 2008 and continue to demand data from January 1, 2011. There is no justification for this decade-long time period, which at a minimum would be disproportional to the needs of the case (as well as being largely if not entirely irrelevant and unduly burdensome). Nor is the request limited to particular products or services, such as those as to which Plaintiffs seek damages.

Varsity's other objections are well taken. Among other things, putting aside what documents exist or what information is otherwise available, you have not explained what is meant by "the terms of each sale" or explained why "the invoice number" or the "purchase order number" would be relevant. Nor have you explained why "the location from which the goods were shipped" or the "date You shipped the goods, the date You billed for the goods, and the date the customer took delivery" would be relevant or why "documents sufficient to show all codes in the file or invoice" would be needed. We also do not understand why you would think that "i" ("the specification and type of goods, including any unique purchaser-specific identifier, and product classifications and detailed descriptions sold for each transaction") would be considered "transaction data" or why it would be relevant and proportional to the needs of the case, although it is possible we do not understand what you are looking for in "i." Item "m" also does not appear to be transactional data, but purports, in the guise of a document request, that Varsity "attribute … adjustments to individual sales." Similarly, Item "o" purports to require Varsity to analyze the "impact of the transaction on the purchaser's rebate status" as well as investigate, for each transaction, whether it was "associated with or made pursuant to a Contract with Varsity," and, if it does, provide non-transaction data regarding the "Contract or offer date." This is not transactional data (nor is it even remotely the proper subject of a document request). It also seems that "q" ("costs paid by a Gym, Team, Athlete, Spectator, or other purchaser, for Apparel purchased at an Event") seeks duplicative information as "e" ("whether the transaction occurred at an Event, over the internet, by phone, or in some other place"), although, again, we may be misunderstanding your request.

Notwithstanding its well-taken objections to RFP 29, as we have told you, Varsity is investigating the extent to which it has transaction-by-transaction sales data regarding All Star competition registration, spectator fees, and so-called All Star apparel and what that data contains. We expect to have more information about that in the near future, although probably not by the times you proposed in your letter, at which time we think it would make sense to have a further discussion with you on the topic. In that regard, we previously proposed a time on January 15, to which you have not responded. In any event, we believe it would at a minimum be premature to engage the Court at this point on this issue (or the many issues that Defendants

Victoria Bosco, Esq.
January 12, 2021
Page 5

have with Plaintiffs' deficient document and interrogatory production, as outlined in my letters of January 6), but if you feel otherwise let us know.

In the meantime, we expect, given the Court's direction to Plaintiffs to coordinate on discovery to the extent possible, but please confirm, that the Plaintiffs in the *American Sprit* and *Jones* cases have given you authority to resolve these issues on their behalf. It would be inherently unduly burdensome and improper for Varsity to be subjected to multiple rounds of transaction data productions for the same products and services.

Very truly yours,

*Steven J. Kaiser*

Steven J. Kaiser

# EXHIBIT H

| | |
|---|---|
| **From:** | Vicky Sims <Vicky@cuneolaw.com> |
| **Sent:** | Tuesday, May 4, 2021 2:25 PM |
| **To:** | Kaiser, Steven J.; Berkowitz, Nicole |
| **Cc:** | Katie Van Dyck; Veronica Bosco; Eric L. Cramer; Karen Garvey; Ben Gastel; Benjamin Elga; Lucy Bansal; Mark R. Suter |
| **Subject:** | Fusion Elite All Stars v. Varsity Brands LLC |
| **Attachments:** | 2021.05.04 Draft Stip. - Reservation of Rights.docx |

Nicole and Steve,

As discussed in our letters to you of March 1, 2021 and April 2, 2021 and your responses, and also, as discussed with Nicole this week and last, attached is a stipulation to pause briefing on Requests Nos. 92 to 103 to Varsity and Requests Nos. 98 to 111 to USASF, which requests relate to allegations taken up in your Motion to Strike. This stipulation also contains a reservation of rights on the other requests, to avoid burdening the Court with disputes that are not ripe.

Please let us know if we have Defendants' agreement to file the attached.

Victoria Sims, Esquire
Cuneo Gilbert & LaDuca
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Phone: (202) 789-3960
Direct: (202) 449-3958
Fax: (202) 789-1813

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>    Plaintiffs,<br> v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>   Defendants. | Case No. 2:20-cv-02600-SHL-cgc<br><br>**Jury Trial Demanded** |

**STIPULATION AND [PROPOSED] ORDER**
**REGARDING DISCOVERY DEADLINES**

WHEREAS, Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics,

Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center,

Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro (collectively, "Plaintiffs") served

their First Request for Production of Documents ("Plaintiffs' Varsity RFPs") on Defendants

Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC

(collectively "Varsity") on October 16, 2020;

WHEREAS, Varsity served its written responses and objections to Plaintiffs' Varsity

RFPs on November 16, 2020;

WHEREAS, Plaintiffs served their First Request for Production of Documents

("Plaintiffs' USASF RFPs") on Defendant U.S. All Star Federation, Inc. ("USASF") on October

19, 2010;

WHEREAS, USASF served its written responses and objections to the Plaintiffs' USASF

RFPs on November 18, 2020;

WHEREAS, Defendants Varsity and USASF (collectively "Defendants") served their First Sets of Requests for Production ("Defendants' RFPs to Plaintiffs") on Plaintiffs on October 16, 2020;

WHEREAS, Plaintiffs served their written responses and objections to the Defendants' RFPs to Plaintiffs on November 16, 2020;

WHEREAS, each of the parties has produced a limited number of documents and data in response to the RFPs served to date;

WHEREAS, the parties have engaged in numerous, lengthy telephonic conferences regarding their discovery responses—on a near-weekly basis and sometimes with multiple such conferences in a given week—in an attempt to reach agreements, eliminate objections, and avoid unnecessarily burdening the Court with discovery disputes;

WHEREAS, the Scheduling Order entered by the Court on October 15, 2020, Dkt. 61, provides for Motions to Compel to be filed 90 days from service of the Parties' first Requests for Production;

WHEREAS, this Court granted the parties' joint motion to amend the Scheduling Order and extended the deadline for filing Motions to Compel to May 5, 2021, Dkt. 100;

WHEREAS, the parties want to ensure they are not estopped from filing, after the May 5, 2021 deadline, motions to compel the production of documents, data, custodians, search terms, and other forms of discovery, which are not currently ripe for resolution in part due to the limited amount of discovery that has been exchanged thus far in this matter; and

WHEREAS, Request Nos. 92 to 103 of Plaintiffs' Varsity RFPs and Request Nos. 98 to 111 of Plaintiffs' USASF RFPs seek documents related to allegations of sexual abuse and misconduct in the cheerleading industry that are the subject of Defendants' motion to strike, filed

on December 1, 2020 (Dkt. 82), and Defendants object to producing documents in response to those requests while Defendants' motion to strike is pending;

IT IS HEREBY STIPULATED AND AGREED by all parties, through their undersigned counsel, that:

1.      The deadline for filing a motion to compel related to Request Nos. 92 to 103 of the Varsity RFPs and Request Nos. 98 to 111 of the USASF RFPs is, subject to approval from the Court, extended to July 5, 2021;

2.      For those of Plaintiffs' Varsity RFPs and Plaintiffs' USASF RFPs that are not the subject of the motions to compel filed by Plaintiffs contemporaneously herewith, Plaintiffs shall not be estopped from moving to compel one or both Defendants to produce additional documents and data, employ additional search terms, review additional custodial files, and/or produce other forms of discovery related to potential disputes about requests that are not currently ripe for resolution, that are presently unknown to Plaintiffs, or should the documents and data that are produced by Defendants prove insufficiently responsive to the Varsity and USASF RFPs; and

3.      For all Defendants' RFPs to Plaintiffs that are not the subject of the motions to compel filed by Defendants contemporaneously herewith, Defendants similarly shall not be estopped from moving to compel Plaintiffs to produce additional documents and data, employ additional search terms, review additional custodial files, and/or produce other forms of discovery related to potential disputes about requests that are not currently ripe for resolution, that are presently unknown to Defendants, or should the documents that are produced by Plaintiffs prove insufficiently responsive to Defendants' RFPs to Plaintiffs.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Sheryl H. Lipman
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2021                    By: */s/ Benjamin A. Gastel*
                                      J. Gerard Stranch, IV (TN BPR #23045)
                                      Benjamin A. Gastel (TN BPR #28699)
                                      **BRANSTETTER, STRANCH & JENNINGS, PLLC**
                                      223 Rosa Parks Ave. Suite 200
                                      Nashville, TN 37203
                                      Telephone: (615) 254-8801
                                      gerards@bsjfirm.com beng@bsjfirm.com

                                      *Liaison Counsel for the Proposed Direct Purchaser
                                      Class*

                                      H. Laddie Montague, Jr.*
                                      Eric L. Cramer*
                                      Mark R. Suter*
                                      **BERGER MONTAGUE PC**
                                      1818 Market Street, Suite 3600
                                      Philadelphia, PA 19106
                                      Telephone: (215) 875-3000
                                      hlmontague@bm.net
                                      ecramer@bm.net
                                      msuter@bm.net

                                      Jonathan W. Cuneo*
                                      Katherine Van Dyck*
                                      Victoria Sims*
                                      CUNEO GILBERT & LADUCA, LLP
                                      4725 Wisconsin Avenue NW, Suite 200
                                      Washington, DC 20016
                                      Telephone: (202) 789-3960
                                      jonc@cuneolaw.com
                                      kvandyc@cuneolaw.com
                                      vicky@cuneolaw.com

                                      Gregory S. Asciolla*
                                      Karin E. Garvey*
                                      Veronica Bosco*
                                      **LABATON SUCHAROW LLP**
                                      140 Broadway New York, NY 10005
                                      Telephone: (212) 907-0700
                                      gasciolla@labaton.com
                                      kgarvey@labaton.com
                                      vbosco@labaton.comInterim

                                      *Co-Lead Counsel for the Proposed Direct Purchaser
                                      Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
**JUSTICE CATALYST LAW, INC.**
718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Admitted pro hac vice

*Counsel for the Proposed Direct Purchaser Class*

Dated: May 5, 2021                [INSERT DEFENDANT SIGNATURE BLOCK]

# EXHIBIT I

| | |
|---|---|
| **From:** | Vicky Sims <Vicky@cuneolaw.com> |
| **Sent:** | Tuesday, May 4, 2021 3:43 PM |
| **To:** | Kaiser, Steven J.; Berkowitz, Nicole |
| **Cc:** | Katie Van Dyck; Veronica Bosco; Eric L. Cramer; Karen Garvey; Ben Gastel; Benjamin Elga; Lucy Bansal; Mark R. Suter |
| **Subject:** | RE: Fusion Elite All Stars v. Varsity Brands LLC |

Steve,

There have been numerous requests with respect to which Varsity has advised Plaintiffs that responsive documents will be produced in response to other requests. There have also been numerous inquiries made by Plaintiffs to which Plaintiffs have not yet received an answer or a position from Varsity or USASF. In addition, there been requests in response to which we understood from you or Nicole that Varsity or USASF do not possess responsive documents. We have sought to come to agreement on a number of requests, custodians, search terms and other parameters, without having received the majority of Defendants' production. We do not currently know what will be produced and do not see a reason to burden the Court with arguments that may be mooted by a review of the production. This stipulation provides for a mutual reservation of rights, so that Defendants may have the same opportunity as Plaintiffs.

---

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Tuesday, May 4, 2021 3:01 PM
**To:** Vicky Sims <Vicky@cuneolaw.com>; Berkowitz, Nicole <nberkowitz@bakerdonelson.com>
**Cc:** Katie Van Dyck <kvandyck@cuneolaw.com>; Veronica Bosco <VBosco@labaton.com>; Eric L. Cramer <ecramer@bm.net>; Karen Garvey <KGarvey@labaton.com>; Ben Gastel <beng@bsjfirm.com>; Benjamin Elga <belga@justicecatalyst.org>; Lucy Bansal <lbansal@justicecatalyst.org>; Mark R. Suter <msuter@bm.net>
**Subject:** RE: Fusion Elite All Stars v. Varsity Brands LLC

Vicky,

Could you tell us what issues you don't think are ripe?

———

Steven J. Kaiser
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

---

**From:** Vicky Sims <Vicky@cuneolaw.com>
**Sent:** Tuesday, May 4, 2021 2:25 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; Berkowitz, Nicole <nberkowitz@bakerdonelson.com>
**Cc:** Katie Van Dyck <kvandyck@cuneolaw.com>; Veronica Bosco <VBosco@labaton.com>; Eric L. Cramer <ecramer@bm.net>; Karen Garvey <KGarvey@labaton.com>; Ben Gastel <beng@bsjfirm.com>; Benjamin Elga <belga@justicecatalyst.org>; Lucy Bansal <lbansal@justicecatalyst.org>; Mark R. Suter <msuter@bm.net>
**Subject:** Fusion Elite All Stars v. Varsity Brands LLC

Nicole and Steve,

As discussed in our letters to you of March 1, 2021 and April 2, 2021 and your responses, and also, as discussed with Nicole this week and last, attached is a stipulation to pause briefing on Requests Nos. 92 to 103 to Varsity and Requests Nos. 98 to 111 to USASF, which requests relate to allegations taken up in your Motion to Strike. This stipulation also contains a reservation of rights on the other requests, to avoid burdening the Court with disputes that are not ripe.

Please let us know if we have Defendants' agreement to file the attached.

Victoria Sims, Esquire
Cuneo Gilbert & LaDuca
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Phone: (202) 789-3960
Direct: (202) 449-3958
Fax: (202) 789-1813

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement

# EXHIBIT J

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF
## TENNESSEE

|  |  |
|---|---|
| FUSION ELITE ALL STARS, et al.,<br><br>Plaintiffs,<br>v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>Defendants. | **Civ. Action No. 2:20-cv-02600-SHL-cgc**<br><br>**Jury Trial Demanded** |

## PLAINTIFFS FUSION ELITE ALL STARS, STARS AND STRIPES GYMNASTICS ACADEMY, INC. D/B/A STARS AND STRIPES KIDS ACTIVITY CENTER, AND SPIRIT FACTOR LLC D/B/A FUEL ATHLETICS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

### <u>PRELIMINARY STATEMENT</u>

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, and Stars and Stripes Gymnastics Academy, Inc., d/b/a Stars and Stripes Kids Activity Center ("Plaintiffs") hereby provide these Responses and Objections to Defendants' First Set of Requests for Production to Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, and Stars and Stripes Gymnastics Academy, Inc., d/b/a Stars and Stripes Kids Activity Center. All responses contained herein are based only upon such information and documents presently available and specifically known to Plaintiffs. Further independent discovery, independent investigation, legal research and analysis may supply additional facts and/or add meaning to the known facts. The objections set forth below are given without prejudice to Plaintiffs' right at trial to produce evidence of any subsequently discovered fact or facts that may later develop.

1

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs object to this Request to extent it seeks information that is private, privileged and/or subject to statutory protections and/or privacy laws.

**REQUEST FOR PRODUCTION NO. 65:**

All results of background checks for any employees where the background check indicated any prior incidence of violent conduct and/or sexual misconduct.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs object to this Request to extent it seeks information that is private, privileged and/or subject to statutory protections and/or privacy laws.

**REQUEST FOR PRODUCTION NO. 66:**

All reports regarding sexual misconduct or physical or mental abuse made to USASF or to any other organization, including law enforcement, regarding any of your employees.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also

object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs object to this Request to extent it seeks information that is private, privileged and/or subject to statutory protections and/or privacy laws.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show the actions you took in response to information reported on any background check for any employee.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production. Plaintiffs object to this Request to extent it seeks information that is private, privileged and/or subject to statutory protections and/or privacy laws.

**REQUEST FOR PRODUCTION NO. 68:**

All documents concerning the "recent article in USA Today" alleged in paragraph 238 in your Complaint, including what, if any, actions you took in response to the referenced article.

**Response:** Plaintiffs object to this Request because it is vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case (considering the Fed. R. Civ. P. 26(b)(1) factors), and not relevant to the claims or defenses in this litigation. Plaintiffs also object to this Request to the extent it seeks privileged information, attorney work product, attorney-client communications, or information otherwise protected from production.