UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS et al., <br><br> Plaintiffs, <br> v. <br><br> VARSITY BRANDS, LLC et al., <br><br> Defendants. | Civ. Action No. 2:20-cv-2600 |

## DECLARATION OF LANDON CRAFT

I, Landon Craft, based on personal knowledge, declare as follows:

1. I am the Business Unit Controller, All Star, at Varsity Spirit.

2. I understand that Plaintiffs in this case have asked for "profit and loss" statements for certain cheerleading competitions.

3. Varsity does not have a pre-existing collection of such profit and loss statements.

4. All information that would be found in "profit and loss" statements—and much more detail—can be found in these general ledger data for events.

5. I understand that the general ledger files for events have been produced to Plaintiffs.

6. Plaintiffs can readily derive profit and loss statements, at whatever level of specificity they desire, from this data.

7. I also understand that Plaintiffs have asked for certain information about USASF.

8. First, I understand that Plaintiffs have asked for a list of "all monies paid by Varsity to USASF, including for each loan, gift, or payment of money, the terms of the loan, gift,

or payment, what the loan, gift, or payment was used for, and, if applicable, USASF's repayment history" and the same for payments "by USASF to Varsity."

9. Varsity does not have a pre-existing document showing such information.

10. As a general matter, Varsity and USASF have many transactions between them, particularly because Varsity provides certain payroll and back office services to USASF, for which Varsity is reimbursed.

11. To create a report of the kind requested would require a review of all of Varsity's receipts and disbursements during the applicable time period. This would be a manual process using Varsity's general ledger records. Because Varsity's current general ledger system was deployed in 2013, it would not be possible to use it to derive the information Plaintiffs request for before that time.

12. I further understand that Plaintiffs request "documents sufficient to identify the USASF employees, by name and job title, who were paid by Varsity, and the amounts they were paid by Varsity, since 2003."

13. Varsity does not have a pre-existing document showing such information.

14. To create a report of the kind requested would require a review of Varsity's payroll records for the applicable time period. This would be a manual process. The records likewise may not go back in time.

15. I also understand that Plaintiffs request agreements with ticket vendors.

16. Varsity does not maintain these agreements in a repository. To assemble such contracts would require a significant undertaking on Varsity's part to locate the relevant agreements from various sources (and, in the first instance, to identify those sources). It might not be possible to locate all agreements, particularly going back in time..

2

17. I declare under penalty of perjury that the foregoing is true and correct. Executed on May 19, 2021.

_____
Landon Craft