# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FUSION ELITE ALL STARS, et al.** | Case No. 2:20-cv-02600-SHL-cgc |
| **Plaintiffs,** | |
| **v.** | |
| **VARSITY BRANDS, LLC, et al.** | |
| **Defendants.** | |

## DEFENDANT U.S. ALL STAR FEDERATION, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant U.S. All Star Federation, Inc. ("USASF"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court ("Local Rules"), and responds to the First Request for Production of Documents propounded by Plaintiffs as follows:

### OBJECTIONS TO DEFINITIONS

1.      USASF objects to the request for production within 30 days.  USASF will follow the schedule to which the parties agreed, which was entered as an order of the Court on October 15.  *See* ECF 61.

2.      USASF objects to the definitions of "All Star Apparel" and "Apparel" as vague and ambiguous, in particular in the use of the term "equipment," which is undefined and does not suggest "apparel."  USASF also objects to the definitions of "All Star Apparel" and "Apparel" because they include "shoes," which are not generally considered "apparel."  USASF will disregard the inclusion of "shoes" and "equipment" in the definitions of "All Star Apparel" and "Apparel" in responding to these Requests.

3.      USASF objects to the term "Defendants" to the extent it is intended to include persons who have not yet been identified as Defendants in this action.  The Defendants in this case are Varsity and USASF and where the term "Defendants" appears in the Requests, USASF will interpret that term to cover Varsity and USASF only.

4.      USASF objects to the definitions of "document" and "documents."  The parties have negotiated the meaning of the term "document" for discovery purposes in this litigation as set forth in the parties' Joint Stipulated Protocol for the Discovery of Electronically-Stored Information and Hard Copy Documents (the "Agreed ESI Protocol").  USASF will follows the definition in the parties' Agreed ESI Protocol and disregard the definition in Plaintiffs' First Set of Requests for Production.

5.      USASF objects to the term "employee" in that it defines the term in an unnatural way to include non-employees.  Where the term employee appears in the requests, USASF will interpret that term to cover actual employees of USASF.

6.      USASF objects to the term "Plaintiffs" to the extent it seeks to encompass any person or entity other than a current Plaintiff in this case.  Where the term Plaintiffs appears in the requests, USASF will interpret that term to cover the current Plaintiffs in this case.

7.      USASF objects to the terms "You" or "Your" to the extent they seek to include any person or entity beyond USASF.  Where "You" or "Your" appears in the requests, USASF will interpret the terms to cover USASF.

## OBJECTIONS TO INSTRUCTIONS

1.      USASF objects to Instructions 2, 3, 8, and 11 (both in its original form and as purportedly modified by a letter dated October 28, 2020 from Mark R. Suter to various counsel for Defendants) as vague and ambiguous and seeking to impose obligations beyond those required by

2

the Federal Rules of Civil Procedure.  USASF will respond in accordance with the Federal Rules of Civil Procedure and will disregard Instructions 2, 3, 8, and 11 in their entirety.

2.      USASF objects to Instruction 4 as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure.  USASF will respond in accordance with the Federal Rules of Civil Procedure and will otherwise disregard Instruction 4 in its entirety.  Without in any way limited the foregoing, USASF further objects to Instruction 4 and to all of the requests to the extent they are intended to apply to information or documents that is not available in the ordinary course of USASF's business, for example archive and/or disaster recovery backups of electronic data.

3.      USASF objects to Instructions 9, 10, 12, and 14 to the extent they are inconsistent with the parties' Agreed ESI Protocol.  USASF will comply with the parties' Agreed ESI Protocol and will otherwise disregard Instructions 9, 10, 12, and 14.

4.      USASF objects to Instruction 13 as seeking to impose unduly burdensome obligations that are beyond those required by the Federal Rules of Civil Procedure.  USASF will respond in accordance with the Federal Rules of Civil Procedure and will disregard Instructions 13 in its entirety.

5.      USASF further objects to Instruction 14 to the extent it calls for information beyond that which is required by Rule 26 of the Federal Rules of Civil Procedure.  USASF will comply with Rule 26 of the Federal Rules of Civil Procedure and will otherwise disregard Instruction 14.

6.      USASF objects to the time period contained in Instruction 15 and the embedded definition of "Relevant Time Period."  Any request for documents for the more than 12 year period specified by Instruction 15 would be overly broad, unduly burdensome, and disproportional to the needs of the case.  To the extent USASF produces documents in response to the requests, USASF

3

will only do so for the period January 1, 2015 to June 30, 2020.

7.      USASF objects to Instructions 16, 17, and 18 as seeking to impose obligations beyond that which is required under the Federal Rules of Civil Procedure.  USASF will comply with the Federal Rules of Civil Procedure and will otherwise disregard Instructions 16, 17, and 18.

## GENERAL OBJECTIONS

1.      USASF generally objects to any Request, instruction, or definition to the extent that it requests information outside the scope of the Federal Rules of Civil Procedure or Local Rules of this Court, is prohibited by law, or attempts to impose a duty upon USASF not contemplated by the rules or by law.

2.      USASF generally objects to providing any information or documents that may be protected from disclosure by the attorney-client privilege, by the work product doctrine, by any other privilege, by confidentiality and/or by any relevant law or statute.

3.      USASF generally objects to the extent the requested information or documents is irrelevant to the claims and defenses at issue and not proportional to the needs of the case.

4.      USASF generally objects to the extent the Requests are overly broad, vague, and/or ambiguous, particularly to the extent the Requests could be construed to seek discovery related to communications between USASF and its attorneys.  USASF answers these Requests assuming that they do not seek such communications.

5.      USASF generally objects to the extent the Requests are unduly burdensome.

6.      USASF generally objects to the extent the Requests seek information and/or documents which reflect the policies of a person or entity other than USASF, were generated by a person or entity other than USASF, and/or may contain proprietary and/or confidential information of a person or entity other than USASF.

4

7.      USASF objects to the extent that the Requests assume facts and knowledge which are the subject of this lawsuit and which have not been proven in this case.

8.      The Objections to Definitions, Objections to Instructions, and General Objections are applicable to each and every one of the following specific objections, answers, and responses, and failure to repeat an objection in answer to a specific Request shall not be deemed a waiver of the objection.  Further, if USASF specifically repeats one or more of these Objections to Definitions, Objections to Instructions, and/or General Objections in response to a specific Request, such specific objection shall not be a waiver of any other Objection.

9.      USASF reserves the right to interpose other objections, both general and specific, as applicable.

10.     USASF reserves the right to supplement, amend, alter, and/or modify its answers to Plaintiffs' Requests.

Subject to and without waiving the foregoing Objections to Definitions, Objections to Instructions, and General Objections above, USASF makes the following responses and objections to Plaintiffs' Requests for Production of Documents:

## REQUESTS FOR PRODUCTION

I.      **CORPORATE STRUCTURE AND GOVERNANCE**

**REQUEST NO. 1**:  From January 1, 2003 to the present, all Documents reflecting (a) board of director and board and standing committee agendas, board meeting minutes (and drafts thereof), standing committee meeting minutes (and drafts thereof), pre-board meeting board packets, presentations made to or by the board of directors and board and standing committees, and notes and Communications regarding board of director and board and standing committee meetings regarding some or all of the facts and allegations in the Complaint; and (b) Your Bylaws

5

and any other corporate governance Documents, irrespective of date, and any and all amendments or additions thereto.

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. Plaintiffs' claim against USASF is subject to a four-year statute of limitations.  USASF also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligations.  USASF further objects to this Request to the extent it seeks documents relating to all standing committees, many of which have nothing to do with the claims or defenses in this lawsuit.  USASF objects to this Request as overly broad and unduly burdensome and not proportional to the needs to the case to the extent it seeks a large volume of documents which are likely to be largely duplicative in subject matter and content (i.e., minutes, notes, and presentations from the same meetings), many of which are unrelated to the claims and defenses in this action, will require significant redactions for privilege and confidentiality concerns, and which may not be readily located with ESI searches. Subject to and without waiving the foregoing objections, USASF will produce board of director meeting minutes and notes of board of director meetings kept by Jim Chadwick for the time period January 1, 2015 to June 30, 2020, as well as USASF's corporate charter and by-laws in effect during that time period.

**REQUEST NO. 2**:  All Documents reflecting or relating to Your 501(c)(3) federal tax status, including (a) Communications about why You organized Yourself as a not for profit corporation; (b) Communications between You and the Internal Revenue Service concerning the designation of USASF as a not for profit corporation; (c) Your Bylaws; (d) Your non-profit charter; and (e) any other Documents concerning the purposes and powers of the organization and plans for disposition of its assets upon dissolution.

6

**RESPONSE**:  USASF is not aware of any documents responsive to this Request as it does not have 501(c)(3) federal tax status.

**REQUEST NO. 3**:  All Documents reflecting or relating to Your Tennessee mutual benefit corporation and/or not-for-profit status, including (a) Communications or filings with the State of Tennessee related to Your mutual benefit corporation and/or not-for-profit status; (b) Communications or Documents regarding why You organized Yourself as a mutual benefit or not-for-profit corporation; and (c) Communications or Documents regarding dissolution, revocation, or reorganization of Your Tennessee mutual benefit corporation or not-for-profit status.

**RESPONSE**:  USASF objects to this Request to the extent it is not properly limited in time.  USASF further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all" communications regarding USASF's Tennessee tax status.  The requested documents have no connection to the claims or defenses in this action.  There is no challenge to USASF's status as a Tennessee mutual benefit non-profit organization, nor would Plaintiffs have standing to challenge this designation.  USASF also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligations.  Subject to and without waiving the foregoing objections, USASF will produce documents sufficient to identify its Tennessee mutual benefit non-profit status for the time period January 1, 2015 to June 30, 2020.

**REQUEST NO. 4**:  Documents sufficient to show the following with respect to Your executive committee or committee of similar name: (a) the current and historical members; (b) membership requirements and/or who is eligible for membership; (c) how committee members are

4823-4474-1071v10
- 11/18/2020

elected or appointed; (d) the current and historical day to day operations; (e) how the requirements and operations have changed over time, and (f) the rationale for any such changes.

**RESPONSE**: USASF objects to this Request to the extent it is not properly limited in time.  USASF also objects to this Request on the basis that the phrase "the current and historical day to day operations" is vague and ambiguous and appears to refer to a potentially very broad range of activities.  It is not clear what documents Plaintiffs would deem "sufficient to show" the current historical day to day operations of its executive committee.  USASF also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligations.  Subject to and without waiving the foregoing objections, USASF will produce, for the time period January 1, 2015 to June 30, 2020, a copy of its by-laws, which sets forth the composition of its executive committee.

**REQUEST NO. 5**:  Documents sufficient to identify each of Your standing committees, including for each committee: (a) the name or title; (b) the current and historical members; (c) membership requirements and/or who is eligible for membership; (d) how committee members are elected or appointed; (e) the current and historical day to day operations; (f) how the requirements and operations have changed over time; and (g) the rationale for any such changes.

**RESPONSE**: USASF objects to this Request to the extent it is not properly limited in time.  USASF also objects to this Request on the basis that the phrase "the current and historical day to day operations" is vague and ambiguous and appears to refer to a potentially very broad range of activities.  It is not clear what documents Plaintiffs would deem "sufficient to show" the current historical day to day operations of its standing committees.  USASF further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because

8

many of USASF's standing committees deal with matters unrelated to the claims or defenses in this action.  Plaintiffs should identify the specific standing committees for which this Request is intended to seek documents.  USASF also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligations.  Subject to and without waiving the foregoing objections, after Plaintiffs have identified the standing committees to which this Request pertains, USASF will produce, for the time period January 1, 2015 to June 30, 2020, a listing of the committee members, documents sufficient to show the eligibility requirements, and documents sufficient to show the process for electing or appointing members and any changes to that process over time (to the extent such documents exist).

**REQUEST NO. 6**:  Documents sufficient to identify each of Your advisory boards, including for each board: (a) the name or title; (b) the current and historical members; (c) membership requirements and/or who is eligible for membership; (d) how committee members are elected or appointed; (e) the current and historical day to day operations; (f) how the requirements and operations have changed over time; and (g) the rationale for any such changes.

**RESPONSE**: USASF objects to this Request to the extent it is not properly limited in time.  USASF also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligations.  USASF also objects to this Request on the basis that the phrase "the current and historical day to day operations" is vague and ambiguous and appears to refer to a potentially very broad range of activities.  It is not clear what documents Plaintiffs would deem "sufficient to show" the current historical day to day operations of its advisory boards.  USASF also objects to this Request on the basis that "advisory boards" is vague and undefined.  USASF

9

is already producing documents relating to its board of directors and certain standing committees, and does not know what other structures "advisory boards" is intended to encompass. USASF does not have any separate advisory boards and, therefore, is not aware of any documents responsive to this Request.

**REQUEST NO. 7**: Documents sufficient to identify all Employees and Staff, including full-time, part-time and volunteer Staff, broken out by year joined and including the name, title, and responsibilities of each Employee or Staff member.

**RESPONSE**: USASF objects to this Request to the extent it is not properly limited in time. USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list of "all Employees and Staff . . . broken out by year joined and including the name, title, and responsibilities of each Employee or Staff member." USASF is not aware of any document already in existence that provides the requested information. USASF also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case. USASF has already identified the employees that it believes have knowledge relevant to the claims and defenses in this matter in the context of its Rule 26(a)(1) Initial Disclosures. USASF further states that significant information regarding its employees is available on its website. Plaintiffs have no need for further information regarding "all" employees, staff members, and volunteer staff of USASF, and USASF objects to searching for or producing any documents in response to this Request. Documents produced in response to other Requests may identify USASF employees, staff members, or volunteer staff and those documents will not be withheld on the basis of the objections to this Request.

4823-4474-1071v10
- 11/18/2020

**REQUEST NO. 8**:  Documents sufficient to show what constitutes good standing for all committees and advisory boards, including your policies for removing committee and board members who are not in good standing and the rationale for all such policies.

**RESPONSE**:  USASF objects to this Request to the extent it is not properly limited in time.  USASF further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because many of USASF's committees deal with matters unrelated to the claims or defenses in this action.  USASF objects to this Request on the basis that the term "advisory board" is vague and undefined.  USASF does not have a separate advisory board.  USASF also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligations.  Subject to and without waiving the foregoing objections, USASF is not aware of any documents responsive to this Request.

**REQUEST NO. 9**:  Documents sufficient to identify all Employees and Staff, including full-time, part-time, and volunteer Staff, who have had their good standing designation revoked at any time, even if it has been since reinstated, including Documents sufficient to show when and why their designation was revoked.

**RESPONSE**:  USASF objects to this Request to the extent it is not properly limited in time.  USASF further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks information not relevant to any party's claims or defenses.  There are no allegations in the Complaint that relate to the good standing of any USASF Employees or Staff.  Further, this Request relates to "all" such Employees and Staff regardless of their relevance to the claims or defenses in this action.  Subject to and without waiving the foregoing objections, USASF is not aware of any documents responsive to this Request.

11

**REQUEST NO. 10**:  All Documents reflecting or relating to the USASF programs, initiatives, rules and policies, including: (a) the process by which Your programs, initiatives, rules, and policies are developed, reviewed, and implemented; (b) a list of all current and historical programs, initiatives, rules, and policies; (c) the rationale for all programs, initiatives, rules, and policies; (d) how the programs, initiatives, rules, and policies have changed over time; and (e) the rationale for any such changes.

**RESPONSE**:  USASF objects to this Request to the extent it seeks documents relating to USASF "programs" and "initiatives" as those terms are vague and undefined.  USASF is unable to determine what Plaintiffs are requesting beyond USASF's rules and policies.  USASF also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligations. USASF further objects to this Request to the extent it seeks documents relating to USASF's rules and policies that are not relevant to the claims or defenses of any party to this action.  Subject to and without waiving the foregoing, USASF will search for and produce, for the time period January 1, 2015 to June 30, 2020, non-privileged responsive documents relating to USASF Cheer Rules, Athletic Performance Standards, legality rules, event producer membership guidelines and sanctioning standards, and Professional Responsibility Code.

**REQUEST NO. 11**:  Documents sufficient to identify all current and historical partner and affiliate members, corporate sponsors, and/or official partners, including financial and other requirements to become an affiliate member.

**RESPONSE**:  USASF objects to this Request on the basis that it is not properly limited in time and seeks information which has no relevance to any party's claims or defenses.  USASF's affiliate members, corporate sponsors, and/or official partners are not at issue in this action.  As a

12

result, it is USASF's position that it is not proportional to the needs of this case for USASF to search for and/or produce any documents in response to this Request.   Documents produced in response to other Requests may contain information responsive to this Request, and those documents will not be withheld on the basis of the objections to this Request.

**REQUEST NO. 12**:  Documents sufficient to identify all registration requirements for becoming an affiliate member, including financial and other requirements to become an affiliate member and any required supporting documentation that must be submitted to USASF in order to become a member.

**RESPONSE**:  USASF objects to this Request on the basis that it is not properly limited in time and seeks information which has no relevance to any party's claims or defenses.  USASF's affiliate members, corporate sponsors, and/or official partners are not at issue in this action.  As a result, it is USASF's position that it is not proportional to the needs of this case for USASF to search for and/or produce any documents in response to this Request.   Documents produced in response to other Requests may contain information responsive to this Request, and those documents will not be withheld on the basis of the objections to this Request.

**REQUEST NO. 13**:  All Documents reflecting or relating to Your National Meeting or meeting of similar name, including for each year of the Relevant Time Period, Documents sufficient to identify (a) every person or entity that attended; (b) every Staff member that presented on or discussed a topic, answered participant questions, led participant breakout assemblies, or otherwise assisted in the organization of the National Meeting in any way; and (c) the topics discussed.

**RESPONSE**:  USASF objects to this Request on the basis that it is not properly limited in time.  USASF also objects to this Request as overly broad, unduly burdensome, and not

13

proportional to the needs of the case as it seeks the identities of "every" person or entity who attended meetings over the course of multiple years, the identities of "every" person who "discussed a topic" or "answered" a question or "otherwise assisted" at the National Meeting, and all of the topics discussed. This is an extremely broad Request with minimal, if any, relevance to the claims and defenses in this matter. To the extent any "topics" relevant to this matter were discussed at the National Meeting for the time period January 1, 2015 to June 30, 2020, documents relating to those topics and discussions will be produced in response to other Requests. USASF objects to performing additional searches for documents in response to this Request.

**REQUEST NO. 14**: All Documents reflecting or relating to Your policies, practices, guidelines and training directed to compliance with the antitrust or competition laws of the United States, of any state of the United States, the District of Columbia, or any foreign country, including all Documents concerning the creation of such policies, and any statements signed by Your Staff, Employees, executives, or board members acknowledging their receipt of or compliance with Your antitrust compliance policies.

**RESPONSE**: USASF objects to this Request on the basis that it is not properly limited in time. USASF objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligations. Subject to and without waiving the foregoing objections, USASF is not aware of any non-privileged documents responsive to this Request.

II.   **CONTRACTS AND OFFERS**

**REQUEST NO. 15**: All Documents reflecting or relating to (a) Contracts (whether executed or not) between You and any All Star Gym, All Star Team, and/or All Star Athlete; (b) Offers by You to any Team Gym, Team, or Athlete to sell goods or services, including offers to

14

sell goods or services where discounts, rebates, or Prices depend upon multiple purchases; (c) Communications and/or negotiations with such Gyms, Teams, or Athletes, or their respective representatives, referencing or relating to such agreements or negotiations; and (d) Communications prepared by or sent to any person outside USASF that reference or relate to any such agreements, Contracts, Offers, or negotiations.

**RESPONSE**: USASF objects to this Request as not properly limited in time. USASF further objects to this Request as overbroad and not proportional to the needs of the case to the extent it seeks documents not relevant to any party's claims or defenses.  Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  The putative class is persons that "directly paid Varsity or any wholly or partially owned Varsity subsidiary" for specific goods and services.  Documents relating to any goods or services offered or sold by USASF are not relevant to any party's claims or defenses in this action.  This Request is further overbroad to the extent it seeks "all" documents reflecting or referring to contracts between USASF and any All Star Gym, All Star Team, and/or All Star Athlete and communications relating to any such contracts.  USASF has hundreds of thousands of members and there is no basis for Plaintiffs to require USASF at this juncture to search for and collect any agreements with these members or any communications regarding the same.

As a result, USASF construes this Request to seek documents relating to offers by USASF to any Team Gym, Team, or Athlete to sell All Star cheerleading apparel or competition fees where discounts, rebates, or Prices depend upon multiple purchases, communications and/or negotiations with Gyms, Teams, or Athletes referencing or relating to the same, and communications prepared by or sent to any person outside USASF that reference or relate to the same.  Subject to and without waiving the foregoing objections, USASF is not aware of any documents relating to (1) offers by

15

USASF to any Team Gym, Team, or Athlete to sell All Star cheerleading apparel or competition fees where discounts, rebates, or Prices depend upon multiple purchases, (2) communications and/or negotiations with Gyms, Teams, or Athletes referencing or relating to the same, or (3) communications prepared by or sent to any person outside USASF that reference or relate to the same.

**REQUEST NO. 16**:  All Documents reflecting or relating to (a) Contracts (whether executed or not) between You and K&K Insurance Group, Inc. or associated entities; (b) Communications and/or negotiations with K&K Insurance Group, Inc. or their respective representatives, referencing or relating to such agreements or negotiations; and (c) Communications prepared by or sent to any person outside USASF that reference or relate to any such agreements or negotiations.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF is not aware of any contracts with K&K Insurance Group, Inc., or communications and/or negotiations with K&K Insurance Group, Inc. responsive to this Request.  As a result, because no agreement between USASF and K&K Insurance Group, Inc. exists, USASF is also not aware of any communications prepared by or sent to any person outside USASF that reference or relate to any such agreements or negotiations between USASF and K&K Insurance Group.

**REQUEST NO. 17**:  All Documents reflecting or relating to (a) Contracts (whether executed or not) between You and Varsity or associated entities, including any Contract(s) for producing the Cheerleading Worlds Championship; (b) Communications and/or negotiations with

16

Varsity or its respective representatives, referencing or relating to such agreements or negotiations; and (c) Communications prepared by or sent to any person outside USASF that reference or relate to any such agreements or negotiations.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the search parameters set forth in Exhibit A.

**REQUEST NO. 18**:  Documents sufficient to show the fees, dues, rebates, requirements, dates, terms, and duration associated with each Contract between You and any Event Producer, Gym, Team, or Athlete.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF further objects to this Request to the extent it seeks the production of documents relating to the individual contracts between USASF and any Event Producer, Gym, Team, or Athlete.  Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce documents sufficient to show the types of fees, dues, rebates, requirements, terms, and duration generally associated with USASF's contracts with Event Producers, Gyms, Teams, and Athletes.

**REQUEST NO. 19**:  All Documents regarding Preferred Vendors, including any revenue-sharing agreements or other Contracts between You and any such Preferred Vendor, as well as any Documents showing revenues, expenditures, gains, and losses.

**RESPONSE**: USASF objects to this Request as not properly limited in time. USASF further objects to this Request as overbroad and not proportional to the needs of the case to the extent it seeks documents not relevant to any party's claims or defenses.  Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to any other goods or services offered or sold by other persons that Plaintiffs define as "Preferred Vendors" are not relevant to any party's claims or defenses in this action.  As a result, it is USASF's position that it is not proportional to the needs of this case for USASF to search for and/or produce any documents in response to this Request.   Documents produced in response to other Requests may contain information responsive to this Request, and those documents will not be withheld on the basis of the objections to this Request.

**REQUEST NO. 20**:  All Documents reflecting or relating to the financial, economic, or competitive effects of using a Preferred Vendor instead of an outside, non-preferred vendor, including any policies denying Gyms or Teams' use of outside, non-preferred vendors.

**RESPONSE**: USASF objects to this Request as not properly limited in time. USASF further objects to this Request as it seeks documents not relevant to any party's claims or defenses. Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to any other goods or services offered or sold by other persons that Plaintiffs define as "Preferred Vendors" are not relevant to any party's claims or defenses in this action.  Subject to and without waiving the foregoing objections, USASF is not aware of any documents responsive to this Request.

**REQUEST NO. 21**:  All Documents reflecting or relating to actual or proposed contractual or Offer terms or provisions, or model contractual or Offer terms or provisions, for use in any types of agreements between You and any Event Producer, Gym, Team, or Athlete, including all

18

Documents reflecting or relating to the financial, economic, or competitive effects of such actual or potential Contracts or Offers. Responsive Documents include all Communications, studies, analyses, memoranda or other Documents referencing or relating to the effects of such Contracts, Offers, or contractual provisions on:

a. Your revenues and losses;

b. Your ability to attract Gyms, Event Producers, or Athletes to attend Your Events or join Your organization;

c. Your Prices, fees, dues, rebates, discounts, or other terms of sale; and/or

d. any actual or potential competitor and that competitor's ability to compete with USASF in producing Events or engaging in any other line of business.

**RESPONSE**: USASF objects to this Request on the basis that it is not properly limited in time. USASF also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. USASF objects to this Request as overly broad and unduly burdensome and not proportional to the needs of the case to the extent it intends to request *every* contract between USASF and an Event Producer, Gym, Team, or Athlete, and accordingly, USASF construes this Request as seeking form contracts, draft contracts, and communications discussing contractual provisions for contracts between USASF and an Event Producer, Gym, Team, or Athlete, but not the actual executed contracts themselves. Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 22**:  All Documents reflecting or relating to Your Member Perks Program, including (a) Documents identifying all current and historical members of the program, (b) Documents identifying all requirements for membership, (c) dues or fees paid by members, (d) all agreements or other Contracts between You and any member of the program, (e) all agreements or other Contracts between you and Abenity, (f) all member-only discounts and corporate rates offered to program members, and (g) any other discounts, perks, or benefits offered to program members, including any benefits related to Events or Apparel.

**RESPONSE**:  USASF objects to this Request on the basis that it is not properly limited in time.  USASF also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation.  USASF objects to this Request as overly broad and unduly burdensome and not proportional to the needs of the case to the extent it Requests a list of *all* current and historical members of the Member Perks Program and *all* agreements or Contracts between USASF and any member of the program.  USASF further objects to this Request as overbroad and not proportional to the needs of the case to the extent it seeks documents not relevant to any party's claims or defenses.  Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  The putative class includes persons that "directly paid Varsity or any wholly or partially owned Varsity subsidiary" for specific goods or services.  Documents relating to any other goods or services offered or sold by Abenity are not relevant to any party's claims or defenses in this action.  As a result, it is USASF's position that it is not proportional to the needs of this case for USASF to search for and/or produce any documents in response to this Request.   Documents produced in response to other Requests may contain

20

information responsive to this Request, and those documents will not be withheld on the basis of the objections to this Request.

**REQUEST NO. 23**:  Documents sufficient to identify each of Your Staff, Employees and board members involved in approving or negotiating the terms of each of Your Contracts, Offers, or agreements with any Event Producers, vendors, Gyms, Teams, or Athlete.

**RESPONSE**: USASF objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list that identifies "each of Your Staff, Employees and board members involved in approving or negotiating the terms of each of Your Contracts, Offers, or agreements with any Event Producers, vendors, Gyms, Teams, or Athlete."  USASF is not aware of any document already in existence that provides the requested information.  Documents produced in response to other Requests may identify USASF employees, staff members, or board members that are involved in approving or negotiating the terms of its Contracts, Offers, or agreements with Event Producers, vendors, Gyms, Teams, or Athlete, and those documents will not be withheld on the basis of the objections to this Request.

III.   **FINANCIALS**

**REQUEST NO. 24**:  For each year of the Relevant Time Period, all financial statements, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, pro formas, and similar financial Documents relating to You.

**RESPONSE**:  USASF objects to this Request as it is not properly limited in time.  USASF therefore construes this Request as seeking documents for the time period January 1, 2015 to June 30, 2020.  USASF is not aware of equity valuations, asset appraisals, financial models, investor presentations, or pro formas responsive to this Request.  USASF further objects to this Request to

21

the extent it seeks "all" such documents and would require USASF to perform ESI searches rather than simply producing individual copies of the requested documents. For the time period January 1, 2015 to June 30, 2020, USASF will produce a copy of its profit and loss statements, balance sheets, monthly and annual financial statements, and high-level budgets to the extent these documents exist.

**REQUEST NO. 25**: All of Your monthly, quarterly, and annual audited and unaudited financial statements and related data, including profit and loss statements, balance sheets, cash flow statements, income statements, regulatory filings (including Your income tax returns), issuance of equity or debit, loans, and money owed or receivable.

**RESPONSE**: USASF objects to this Request as it is not properly limited in time. USASF therefore construes this Request as seeking documents for the time period January 1, 2015 to June 30, 2020. USASF is not aware of equity valuations, asset appraisals, financial models, investor presentations, or pro formas responsive to this Request. USASF further objects to this Request to the extent it seeks "all" such documents and would require USASF to perform ESI searches rather than simply producing individual copies of the requested documents. USASF objects to producing its income tax returns as the information contained therein is simply redundant of information contained in other requested documents and, therefore, this Request is not proportional to the needs of the case. For the time period January 1, 2015 to June 30, 2020, USASF will produce a copy of its profit and loss statements, balance sheets, monthly and annual financial statements, and high-level budgets to the extent these documents exist.

**REQUEST NO. 26**: For each year of the Relevant Time Period, all payroll Documents, including Documents sufficient to show the monies paid to each Staff member, Employee, worker,

22

director, board member, executive committee member, standing committee member, judge, official, or any other person paid by You, broken out by individual person and role.

**RESPONSE**:  USASF objects on the basis that this Request is not properly limited in time and is overly broad, unduly burdensome, and not proportional to the needs of the case.  This request seeks "all payroll Documents" over many years, which would include all documents relating to every check issued and every direct deposit made for payroll.  This is a potentially massive volume of documents that have no relevance to the claims or defenses of the parties.  USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list that identifies "the monies paid to each . . . person paid by You, broken out by individual person and role."  USASF is not aware of any document already in existence that provides the requested information.

**REQUEST NO. 27**:  Documents sufficient to show the current and historical annual dues paid by each Staff member, Employee, volunteer, worker, director, board member, executive committee member, standing committee member, or any other person affiliated with Your membership, broken out by individual person and role.

**RESPONSE**:  USASF objects on the basis that this Request is not properly limited in time and is overly broad, unduly burdensome, and not proportional to the needs of the case.  This request seeks documents relating to dues paid by dozens of persons over many years.  This is a potentially massive volume of documents that have no relevance to the claims or defenses of the parties.  USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list that identifies "the current and historical annual dues paid by [numerous persons], broken out by individual person

23

and role."  USASF is not aware of any document already in existence that provides the requested

information.

**REQUEST NO. 28**:  Documents sufficient to show what Staff membership annual dues

are used for, including whether these dues are used toward Staff payroll, for any of Your other

expenses, investments, salaries, bonuses, or payments, and, if applicable, describing all such other

expenses, investments, salaries, bonuses, or payments.

**RESPONSE**:  USASF objects on the basis that this Request is not properly limited in time

and is not relevant to any party's claims or defenses in this matter.  As set forth in response to

Request Nos. 24 and 25, USASF  is producing a copy of its profit and loss statements, balance

sheets, monthly and annual financial statements, and high-level budgets to the extent these

documents exist, for the time period January 1, 2015 to June 30, 2020.  USASF is not aware of

any documents that show what any specific dues are used for other than the foregoing documents.

**REQUEST NO. 29**:  Documents sufficient to show the current and historical affiliate

and/or associate membership dues, broken out by individual affiliate member, corporate sponsor,

official partner, or associate member.

**RESPONSE**:  USASF objects on the basis that this Request is not properly limited in time

and is overly broad, unduly burdensome, and not proportional to the needs of the case.  This request

seeks documents relating to dues paid by dozens of persons over many years.  This is a potentially

massive volume of documents that have no relevance to the claims or defenses of the parties.

USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a

Request for Production of Documents in that it requests the creation of a list that identifies "the

current and historical affiliate and/or associate membership dues, broken out by individual affiliate

24

member, corporate sponsor, official partner, or associate member." USASF is not aware of any document already in existence that provides the requested information.

**REQUEST NO. 30**: Documents sufficient to show what affiliate and/or associate membership annual dues are used for, including whether these dues are used toward Staff payroll or for any of Your other expenses, investments, salaries, bonuses, or payments and, if applicable, describing all such other expenses, investments, salaries, bonuses, or payments.

**RESPONSE**: USASF objects on the basis that this Request is not properly limited in time and is not relevant to any party's claims or defenses in this matter. As set forth in response to Request Nos. 24 and 25, USASF is producing a copy of its profit and loss statements, balance sheets, monthly and annual financial statements, and high-level budgets to the extent these documents exist, for the time period January 1, 2015 to June 30, 2020. USASF is not aware of any documents that show what any specific dues are used for other than the foregoing documents.

**REQUEST NO. 31**: Documents sufficient to show what Gym, Athlete, Team, Spectator, judge, choreographer, vendor, Event Producer, and coach membership fees or dues are used for, including whether these dues or fees are used toward Staff payroll or for any of Your other expenses, investments, salaries, bonuses, or payments and, if applicable, describing all such other expenses, investments, salaries, bonuses, or payments.

**RESPONSE**: USASF objects on the basis that this Request is not properly limited in time and is not relevant to any party's claims or defenses in this matter. As set forth in response to Request Nos. 24 and 25, USASF is producing a copy of its profit and loss statements, balance sheets, monthly and annual financial statements, and high-level budgets to the extent these documents exist, for the time period January 1, 2015 to June 30, 2020. USASF is not aware of any documents that show what any specific dues are used for other than the foregoing documents.

25

**REQUEST NO. 32**:  Documents sufficient to identify the sources of all other incoming monies received by You in addition to the dues and fees described in Request Nos. 27 and 29, including any fees or monies received in association with Your Season of Service, leadership workshops, Your National All Star Cheer And Dance Day, Your legality official training and certification programs, or Your Athletes 1st program.

**RESPONSE**:  USASF objects on the basis that this Request is not properly limited in time and is not relevant to any party's claims or defenses in this matter.  As set forth in response to Request Nos. 24 and 25, USASF  is producing a copy of its profit and loss statements, balance sheets, monthly and annual financial statements, and high-level budgets to the extent these documents exist, for the time period January 1, 2015 to June 30, 2020.  USASF objects to producing any further documents in response to this Request on the basis that they would not be relevant to any party's claims or defenses in this matter.  The putative class is persons that "directly paid Varsity or any wholly or partially owned Varsity subsidiary" for certain goods or services, which has no connection to USASF's revenue sources.

**REQUEST NO. 33**:  Documents sufficient to show what all incoming monies received by You in addition to the dues and fees described in Request Nos. 27 and 29 are used for, including whether monies are used toward Staff payroll, payments to any other persons or entities, or for any of Your other expenses, investments, salaries, bonuses, or payments and, if applicable, describing all such other expenses, investments, salaries, bonuses, or payments.

**RESPONSE**:  USASF objects on the basis that this Request is not properly limited in time and is not relevant to any party's claims or defenses in this matter.  As set forth in response to Request Nos. 24 and 25, USASF is producing a copy of its profit and loss statements, balance sheets, monthly and annual financial statements, and high-level budgets to the extent these

documents exist, for the time period January 1, 2015 to June 30, 2020.  USASF is not aware of

any documents that show what any specific incoming monies are used for other than the foregoing

documents.

**REQUEST NO. 34**:  Documents sufficient to show sales, revenues, expenditures, profits

and losses in as granular a form as you maintain such information for (a) all of Your Events on an

Event-by-Event basis; (b) membership dues or fees; (c) creation and distribution or rules or

regulations relating to All Star Cheer or other cheerleading related activities and Events; and (d)

any and all other goods or services sold, provided, distributed, disseminated, or licensed by You.

**RESPONSE**:  USASF objects to this Request as not properly limited in time. Subject to

and without waiving the foregoing objections, for the time period January 1, 2015 to June 30,

2020, USASF will search for and produce financial information regarding its sales, revenues,

expenditures, and profits and losses for The Cheerleading Worlds to the extent such information

is in its possession, custody, or control.   USASF does not keep records of sales, revenues,

expenditures, or profits in connection with any USASF-sanctioned event with the exception of The

Cheerleading Worlds.  As to the remainder of this Request, as set forth in response to Request Nos.

24 and 25, USASF will produce a copy of its profit and loss statements, balance sheets, monthly

and annual financial statements, and high-level budgets to the extent these documents exist, for

the time period January 1, 2015 to June 30, 2020.  USASF objects to producing any further

documents in response to this Request on the basis that they would not be relevant to any party's

claims or defenses in this matter.  The putative class is persons that "directly paid Varsity or any

wholly or partially owned Varsity subsidiary" for certain goods or services, which has no

connection to USASF's revenues, costs, and profits for any other goods or services.

27

**REQUEST NO. 35**:  Documents sufficient to show all direct-to-consumer sales, including quantity, Price, product, and purchaser, for Apparel or souvenir apparel *(e.g.,* t-shirts, sweatshirts, hats, jackets, etc.), sold at Your Events.

**RESPONSE**:  USASF objects to this Request as not properly limited in time. Subject to and without waiving the foregoing objections, USASF does not keep records of consumer sales made at USASF-sanctioned events and, therefore, is not aware of any documents responsive to this Request.

**REQUEST NO. 36**:  Documents and data (in machine-readable format such as *.csv, *.txt or other native flat file format) sufficient to show Your actual costs, in as granular form as the information is maintained, for all Events on an Event by Event basis, including:

a.  Your actual costs for producing Events, including venue costs, promotional costs, travel costs, advertising costs, compensation for judges, workers, Staff, Employees, contractors, insurance costs, and all other costs incidental to producing and promoting Events;

b.  Your actual costs involved in promoting USASF as a brand, including advertising expenses; development of USASF trademarks and logos; and legal fees expended in protecting USASF's purported intellectual property rights; and

c.  all other costs associated with producing Events in an itemized fashion.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of your business or are otherwise not available in electronic form, please produce such data in hard copy.

**RESPONSE**:  USASF objects to this Request as not properly limited in time. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30,

28

2020, USASF will produce financial information regarding its expenditures and costs for The Cheerleading Worlds to the extent such information is in its possession, custody, or control. USASF does not keep records of expenditures or costs in connection with any USASF-sanctioned event with the exception of The Cheerleading Worlds.

**REQUEST NO. 37**:  Documents and data (in machine-readable format such as *.csv, *.txt or other native flat file format) in as granular form as it is maintained, including by transaction or receipt, sufficient to show the following:

a.  total receipts from Events, broken down by Event, and identifying the purchasers by name, address, customer number, and main contact person or persons;

b.  total revenues derived from Event ticket sales to Spectators, and identifying the purchasers by name, address, customer number, and main contact person or persons;

c.  total revenues derived from Event entry fees for Event Producers, Gyms, Teams, Athletes, or anyone else, and identifying the purchasers by name, address, customer number, and main contact person or persons; and

d.  total revenues derived from the sale of advertising during Events, identifying the sources of all such revenues.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of your business or are otherwise not available in electronic form, please produce such data in hard copy.

**RESPONSE**:  USASF objects to this Request as not properly limited in time. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce financial information regarding its revenues for The Cheerleading Worlds to the extent such information is in its possession, custody, or control.  USASF does not

4823-4474-1071v10
- 11/18/2020

keep records of revenues in connection with any USASF-sanctioned event with the exception of

The Cheerleading Worlds.

**REQUEST NO. 38**: Documents and data (in machine-readable format such as *.csv, *.txt

or other native flat file format) in as granular form as it is maintained, including by transaction or

receipt, broken down by Event Producer, Gym, Team, Athlete, Spectator, or other means of

identifying the purchaser or customer, including at minimum by name, address, phone number,

email address, customer number, and main contact person or persons, and itemized by relevant

categories, including date, check or other payment method, and transaction, in electronic format,

sufficient to show the following:

a. cost of fees or costs of attendance at an Event by a Gym, Team, Athlete, Spectator, or

any other means of identifying the purchasers by name, address, customer number, and

main contact person or persons; and

b. any and all additional fees or costs paid by an Event Producer, Gym, Team, Athlete,

Spectator, or other customer.

If such data are not kept, or have not been kept, in electronic form in the ordinary course

of your business or are otherwise not available in electronic form, please produce such data in hard

copy.

**RESPONSE**: USASF objects to this Request as not properly limited in time. USASF

further objects to this Request to the extent it seeks information for *every* person, broken down by

transaction or receipt, and including detailed information regarding the purchaser, who has

attended a USASF-sanctioned event.  The putative class is persons that "directly paid Varsity or

any wholly or partially owned Varsity subsidiary," and is not connected to persons who paid any

fees to USASF.  Subject to and without waiving the foregoing objections, for the time period

30

January 1, 2015 to June 30, 2020, USASF will produce financial information regarding the cost associated with attendance at The Cheerleading Worlds to the extent such information is in its possession, custody, or control.  USASF does not keep records of the costs associated with attendance at any USASF-sanctioned event with the exception of The Cheerleading Worlds.

IV.    **EVENTS**

**REQUEST NO. 39**:  Documents sufficient to identify each USASF sanctioned Event during the Relevant Time Period, including (a) date; (b) location; (c) Event Producer(s); (d) participating Gyms; (e) winning Gyms; (f) whether the Event is a Championship or Championship Qualifier, and, if the latter, for which Championship it is a Qualifier; (g) number of athletes performing; (h) number of Bids available to be awarded; (i) number of Bids actually awarded; (j) type of Bids awarded; and (k) what each Gym and/or Team paid to participate in the Event, including a total amount per Gym and broken out on a Team-by-Team basis, if available.

**RESPONSE**: USASF objects to this Request to the extent it is not properly limited in time.  USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list of "each USASF sanctioned Event during the Relevant Time Period, including (a) date; (b) location; (c) Event Producer(s); (d) participating Gyms; (e) winning Gyms; (f) whether the Event is a Championship or Championship Qualifier, and, if the latter, for which Championship it is a Qualifier; (g) number of athletes performing; (h) number of Bids available to be awarded; (i) number of Bids actually awarded; (j) type of Bids awarded; and (k) what each Gym and/or Team paid to participate in the Event, including a total amount per Gym and broken out on a Team-by-Team basis, if available." USASF is not aware of any document already in existence that provides the requested information.  USASF also objects to this Request as overly broad, unduly burdensome, and not

31

proportional to the needs of this case as it would require USASF to compile substantial information that is separately maintained and may not even exist. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce documents sufficient to identify each USASF-sanctioned event and certain information regarding such event, to the extent that information can be located with a reasonable search. As stated above, with the exception of The Cheerleading Worlds, USASF does not maintain records of what each Gym and/or Team paid to participate and, therefore, is not aware of any documents responsive to this Request.

**REQUEST NO. 40**: All Documents reflecting Communications between Varsity and USASF concerning the awarding of Bids and/or related Bid data, including all Documents relating to or identifying: (a) which Events are permitted to award Bids, including, *e.g.*, what "tier" each Event is; (b) how many Bids may be awarded at each Event; (c) to whom Bids may be offered; and/or (d) what type of Bids may be awarded.

**RESPONSE**: USASF objects to this Request as not properly limited in time. USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 41**: All Documents reflecting Communications between Varsity and USASF about USASF member attendance at All Star or other Events, including Varsity Events, USASF-member IEP Events, and non-USASF sanctioned Events.

32

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 42**:  All Documents reflecting or relating to the designation of "tier 1" status for cheer Events is, including all Documents showing: (a) the exclusivity of "tier 1" Events to offer fully-paid Bids to the Cheerleading Worlds; (b) how an Event is conferred with "tier 1" status; (c) identifying which Events have "tier 1" status; and (d) the financial, economic, or competitive effects of limiting the amount of "tier 1" Events.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. USASF further objects to this Request to the extent it seeks "all" documents reflecting or relating to the designation of "tier 1" status on the basis that the Request is overly broad, unduly burdensome, and not proportional to the needs of the case.  Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce its Membership Guidelines and other documents sufficient to show its approval processes for Tier 1 events.

**REQUEST NO. 43**:  All Documents reflecting or relating to Bids awarded by Independent Event Producers, including all Documents reflecting or relating to the number and/or type of Bids available or offered at Events produced by Independent Event Producers.

33

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 44**:   All Documents reflecting, analyzing, or discussing relating to competition with or between Event Producers, including any and all Documents reflecting any efforts on Your part to take business from, or direct business to, an Event Producer.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF is not aware of any documents responsive to this Request.

**REQUEST NO. 45**:  Documents sufficient to identify each person or entity You consider to be, or considered to have been, an actual or potential competitor of USASF or Varsity in producing Events, selling Apparel, regulating or setting rules for cheerleading, or in any other line of USASF's or Varsity's business, including:

    a.  all Documents analyzing, discussing or relating to the competitive strengths or weaknesses of actual or potential competitors;

    b.  for each year in the Relevant Time Period, Documents sufficient to identify the individual shares of the market or markets in which you participate or purport to set rules for or regulate, for each producer, competitor, or, measured as a percentage of

total sales in dollars or units;

c.  all Documents and data referencing or relating to determination of all Prices, dues, and fees charged by You, Varsity, or competitors of You and Varsity for: (a) attendance or participation at Events; (b) sale of Apparel; (c) membership or other affiliation fees or dues; or (d) any other good or service provided by US ASF or Varsity; and

d.  all Documents discussing the business models or other aspects of actual or potential competitors of USASF or Varsity in all markets in which USASF or Varsity competes, including any Documents reflecting comparisons of Prices, dues, or fees charged by USASF or Varsity relative to actual or potential competitors.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF does not take any position on who is a competitor of Varsity and, therefore, does not have any documents responsive to that portion of the Request.  Further, to the extent any other entity produces an international-level cheerleading event or disseminates rules for cheerleading, USASF does not keep records of such persons or identify them as competitors of USASF and, accordingly, does not have any documents responsive to the remainder of the Request.

**REQUEST NO. 46**:  Documents sufficient to describe the sport or athletic activity of All Star cheerleading, including of how it differs from other kinds of cheerleading.

**RESPONSE**:  Documents sufficient to respond to this Request are available on USASF's website at https://www.usasf.net/all-star.  USASF objects to performing any further ESI searches

35

in response to this Request on the basis that it would be unduly burdensome and not proportional to the needs of this case.

**REQUEST NO. 47**:  Documents sufficient to describe (a) USASF's current and historical criteria for whether an Event can be considered a USASF-sanctioned All Star Event; (b) how such criteria have changed over time; and (c) the rationale for any such changes.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce its form Membership Applications, "Tier" Membership documentation, Sanctioning Guidelines, Company Agreements, and Approval Guidelines.

**REQUEST NO. 48**:  Documents sufficient to identify (a) the current and historical requirements of a Gym, Athlete, and/or Team to attend any Event, Championship Qualifier, or Championship, including all Documents reflecting or relating to the financial, economic or competitive effects of such requirements, broken out an Event-by-Event basis; (b) how such requirements have changed over time; and (c) the rationale for any such changes.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation.  USASF objects to this Request to the extent it seeks documents "sufficient to identify" the current and historical requirements of a Gym, Athlete, and/or Team to attend any Event, Championship Qualifier, or Championship and then improperly dictates that those documents sufficient to make those identifications would necessarily include "all Documents reflecting or

36

relating to the financial, economic or competitive effects of such requirements." USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list of "broken out on an Event-by-Event basis." USASF is not aware of any document already in existence that provides the requested information.

Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce its Professional Responsibility Code, Athletic Performance Standards, USASF Cheer Rules, and documentation sufficient to show any other membership or eligibility standards required to participate in USASF-sanctioned events.

**REQUEST NO. 49**: All Documents regarding (a) USASF members' current and historical attendance at non-USASF Events, including Communications regarding individual non-USASF Events, Communications regarding trends relating to non-USASF Events, and All Star cheer season schedules submitted by member Gyms and Teams; (b) how attendance and Communications have changed over time; and (c) the rationale for any such changes.

**RESPONSE**: USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 50**: All Documents reflecting (a) current and historical Communications regarding USASF Athletes attendance at any Event claiming to be a World or International Championship other than the International Cheer Union, World Championships, or USASF/IASF Worlds, including internal Communications on the topic; (b) current and historical external Communications to USASF members; (c) how such Communications have changed over time; and (d) the rationale for any such changes.

37

**RESPONSE**: USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 51**:  Documents sufficient to show (a) Your Event rules, currently and historically, including all rules, limitations, or restrictions that You impose at Events or regarding Events, such as geographic limitations as to where those Events may take place and who may participate; (b) how Your Event rules have changed over time; and (c) the rationale for any such changes.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce its Membership Guidelines and documentation relating to its "Tier" approval process.

**REQUEST NO. 52**:  Documents sufficient to show (a) the current and historical rules and scoring guidelines imposed on Teams at USASF All Star Events, including any copyrights; (b) how such rules have changed over time; and (c) the rationale for any such changes.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

38

**REQUEST NO. 53**:  All Documents reflecting Communications demanding non- USASF Events refrain from using USASF Event rules.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 54**:  All Documents reflecting USASF members who reported liability insurance coverage through carriers other than K&K Insurance.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF further objects to this Request as unduly burdensome and not proportional to the needs of the case. Every year, each member gym is required to upload the declarations page for their insurance coverage.  These documents are not stored in a central location; rather, each of these documents is stored independently, housed in each member gym's membership profile.  Additionally, USASF does not keep records of which USASF members reported liability insurance coverage through which carrier.  In other words, in order to obtain the documents responsive to this Request, USASF would need to manually collect thousands of documents stored independently in each member gym's membership profile.  USASF objects to performing such searches or producing any documents responsive to this Request.

**REQUEST NO. 55**:  All Documents concerning any restrictions or rules prohibiting Event producers from holding Bid-qualifying Events within a certain distance of any other Bid-qualifying Events or within the same geographic area or region, including any and all Documents

39

reflecting Communications between You and Varsity or anyone else regarding any such rules or restrictions.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 56**:  All Documents reflecting or relating to the financial or economic effects of Your Event rules, limitations, and restrictions described in Request No. 51.

**RESPONSE**:  USASF objects to this Request on the basis that it is not properly limited in time.  USASF objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligations.  Subject to and without waiving the foregoing objections, USASF is not aware of any non-privileged documents responsive to this Request.

**REQUEST NO. 57**:  Documents sufficient to show the information included on Event scoresheets and/or Event scorebooks, including all Event scoring categories and points available at each Event.

**RESPONSE**:  USASF objects to this Request on the basis that it is not properly limited in time.  Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will search for and produce score sheets for The Cheerleading Worlds. USASF is not aware of responsive documents relating to any other event in its possession, custody, or control.

40

**REQUEST NO. 58**:  All Documents concerning instructions given to Your Event judges.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll" documents "concerning" instructions given to Event judges, and not simply documents sufficient to show the instructions given to event judges. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce the club division instructions provided to judges for The Cheerleading Worlds.  USASF is not aware of responsive documents relating to any other event in its possession, custody, or control.

**REQUEST NO. 59**:  All Documents concerning or reflecting the relationship, if any, between the brand of Apparel, the choice of choreographer, or the ownership of a Gym, on the one hand, and scoring at competitions, on the other.

**RESPONSE**:  USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 60**:  All Documents concerning the rules, limitations, or restrictions imposed by You on Athletes, Spectators, coaches, judges, and officials, relating to such persons' participation in Events hosted by Independent Event Producers.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. USASF also objects to this Request as vague and ambiguous as it is unclear whether this Request seeks documents concerning unique rules, limitations, or restrictions relating to persons' participations in Events hosted by Independent Event Producers or whether this Request seeks

41

documents concerning rules, limitations, or restrictions relating to persons' participations in Events generally that are also applicable to those hosted by Independent Event Producers.  Accordingly, USASF construes this Request as seeking only those documents concerning unique rules, limitations, or restrictions imposed by USASF on Athletes, Spectators, coaches, judges, and officials relating specifically to those persons' participation in Events hosted by Independent Event Producers as opposed to events hosted by other persons.  Subject to this construction, and subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 61**:  Documents sufficient to identify all requirements for Event Producers, Gyms, Athletes, Teams, Spectators, legality officials, and/or coaches to participate in or produce USASF-sanctioned events.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce its Professional Responsibility Code, Member Event Producer Compliance Guide, Event Sanctioning Standards, and Company Member Agreements.

**REQUEST NO. 62**:  Documents sufficient to identify all requirements for USASF membership, broken out for Event Producers, Gyms, Athletes, Teams, Spectators, legality officials, and coaches.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-

42

client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce its Professional Responsibility Code, Member Event Producer Compliance Guide, Event Sanctioning Standards, and Company Member Agreements.

**REQUEST NO. 63**:  Documents sufficient to show USASF's membership policies, Prices, dues, fees and Prices, for Gyms, Athletes, Teams, Spectators, judges, choreographers, vendors, Event Producers, legality officials, and coaches.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce its Professional Responsibility Code, Member Event Producer Compliance Guide, Event Sanctioning Standards, and Company Member Agreements.

**REQUEST NO. 64**:  Documents sufficient to identify all USASF members (including member Athletes, Gyms, Teams, and Coaches), broken out by membership type and listing year joined and duration of membership.

**RESPONSE**:  USASF objects to this Request to the extent it is not properly limited in time.  USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list of "all USASF members (including member Athletes, Gyms, Teams, and Coaches), broken out by membership type and listing year joined and duration of membership."  USASF is not aware of any document already in existence that provides the requested information.  USASF also objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case as it would

43

require USASF to compile substantial information that is separately maintained, may not even exist, and has minimal relevance to the claims or defenses of any party in this matter. The putative class is persons that "directly paid Varsity or any wholly or partially owned Varsity subsidiary" for specific goods and services. Detailed information regarding all USASF members has no connection to the putative class.

**REQUEST NO. 65**: Documents sufficient to identify all requirements for becoming a USASF Athlete, Gym, Team, and/or Coach member, including financial and other requirements to become a member and any required supporting documentation that must be submitted to USASF in order to become a member.

**RESPONSE**: USASF objects to this Request as not properly limited in time. USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce its Professional Responsibility Code, Member Event Producer Compliance Guide, Event Sanctioning Standards, and Company Member Agreements.

**REQUEST NO. 66**: Documents sufficient to identify all USASF judges, choreographers and legality officials, broken out by title, responsibilities, and years serving in relevant position.

**RESPONSE**: USASF objects to this Request to the extent it is not properly limited in time. USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list of "all USASF judges, choreographers and legality officials, broken out by title, responsibilities, and years serving in relevant position." USASF is not aware of any document already in existence that provides the requested information. USASF also objects to this Request as overly broad, unduly burdensome,

44

and not proportional to the needs of this case as it would require USASF to compile substantial
information that is separately maintained, may not even exist, and has minimal relevance to the
claims or defenses of any party in this matter.  The putative class is persons that "directly paid
Varsity or any wholly or partially owned Varsity subsidiary" for specific goods and services.
Detailed information regarding all USASF judges, choreographers, and legality officials has no
connection to the putative class.

**REQUEST NO. 67**:  Documents sufficient to identify all requirements for becoming a
USASF judge, choreographer, and/or legality official, including any financial and other
requirements to become a member and any required supporting documentation that must be
submitted to USASF in order to become a judge, choreographer, or legality official.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also
objects to this Request to the extent it seeks information protected from disclosure by the attorney-
client privilege, work product doctrine, and/or any other privilege or confidentiality obligation.
USASF further objects to this Request on the basis that USASF does not have a separate
membership category for choreographers, judges, or legality officials.  USASF also objects to this
Request as overly broad, unduly burdensome, and not proportional to the needs of this case as the
documents sought have minimal relevance to the claims or defenses of any party in this matter.
The putative class is persons that "directly paid Varsity or any wholly or partially owned Varsity
subsidiary" for specific goods and services.  Information regarding the requirements for USASF
judges, choreographers, and legality officials has no connection to the putative class.

**REQUEST NO. 68**:  All Documents reflecting or relating to the financial, economic, or
competitive effects of USASF membership requirements.

**RESPONSE**:  USASF objects to this Request on the basis that it is not properly limited in time.  USASF further objects to this Request as the phrase "reflecting or relating to the financial, economic, or competitive effects of USASF membership requirements" is vague and ambiguous. USASF does not know what documents Plaintiffs seek with this Request.  Documents relating to USASF membership requirements are being produced in response to other Requests.  USASF is not aware of any documents that address the "effects"—financial, economic, or competitive—of the USASF membership requirements.

**REQUEST NO. 69**:  Documents sufficient to the show the conditions and restrictions associated with maintaining a USASF membership for Gyms, Athletes, Teams, Spectators, judges, choreographers, vendors, Event Producers, legality officials, and coaches.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. USASF further objects to this Request on the basis that USASF does not have a separate membership category for choreographers, judges, or legality officials.  Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF will produce its Professional Responsibility Code, Member Event Producer Compliance Guide, Event Sanctioning Standards, and Company Member Agreements.

**REQUEST NO. 70**:  All Communications to USASF members regarding Events not sanctioned by USASF.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation.

46

Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 71**:  Documents sufficient to identify the total number of Event tickets sold on a monthly, quarterly and annual basis, together with Documents sufficient to show the location where the sales were made (city and state); what means was used to pay for the tickets (*i.e.,* cash, credit card, debit card, check, etc.); and whether the tickets were sold by you or using a third party.

**RESPONSE**:  USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 72**:  Documents sufficient to identify the website URLs where tickets to Events are available for purchase by consumers, either directly or indirectly through USASF, and the years for which You utilized those URLs.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request on the basis that it seeks information not relevant to any party's claims or defenses or proportional to the needs of the case.  USASF objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list that identifies website URLs where tickets to Events are available for purchase by consumers.  USASF is not aware of any such list already in existence in its possession, custody, or control.

**REQUEST NO. 73**:  Documents sufficient to show all entities that You partner with for Event ticket sales, including the years for which You partnered with those entities, as well as all Documents relating to financial arrangements between You and such entities.

47

**RESPONSE**: USASF objects to this Request as not properly limited in time.  USASF objects on the basis that the phrase "partner with for Event ticket sales" is vague and ambiguous and, therefore, USASF construes this Request as seeking documents sufficient to show all entities that USASF contracts with for ticket sales.  Subject to and without waiving the foregoing, for the time period January 1, 2015 to June 30, 2020, USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 74**:  Documents sufficient to show Your policies and practices concerning Event ticket pricing, including any Documents reflecting or relating to the financial, economic, or competitive effects of ticket pricing.

**RESPONSE**:  USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 75**:  All Communications between You and any Independent Event Producer or Varsity about changes in Event ticket pricing.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 76**:  Documents sufficient to show all travel subsidies paid to Gyms for attending Events for all Events hosted or sponsored by Varsity, Independent Event Producers, and/or USASF during the Relevant Time Period.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  Subject to and without waiving the foregoing objection, for the time period January 1, 2015 to June 30, 2020,

4823-4474-1071v10
- 11/18/2020

USASF will produce its form Tier 1 and 2 Company Member Agreements and General Membership Guidelines.

V.   **ALL STAR APPAREL**

**REQUEST NO. 77**:  All Communications concerning Apparel between You or any of your Staff, Employees or directors, on the one hand, and any Gym, Athlete, Team, Spectator, judge, choreographer, vendor, Event Producer, legality official, and/or coach, on the other.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. USASF further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs allege that USASF has conspired with Varsity to monopolize the cheerleading apparel industry.  Every communication that USASF has ever had with any person relating to apparel is extremely overbroad given the particular subject matter at issue in this case.  Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request that refer to Varsity apparel for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 78**:  All Documents constituting or reflecting any policy or practice of Yours regarding which entities or persons may showcase or sell merchandise at USASF events, as well as Documents sufficient to identify all persons or entities permitted to do so.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to

49

June 30, 2020, USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 79**:  All Documents reflecting Your desire or efforts to thwart, limit or suppress any Apparel manufacturers' ability to showcase or sell Apparel at Your Events.

**RESPONSE**:  USASF objects to this Request on the basis that it incorrectly assumes that USASF desires or engages in efforts to "thwart, limit or suppress any Apparel manufacturers' ability to showcase or sell Apparel."  Accordingly, USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 80**:  Documents sufficient to show all entities that You partner with for Varsity-branded All Star Apparel sales, including any financial arrangements between You and such entities.

**RESPONSE**:  USASF objects to this Request on the basis that it incorrectly assumes that USASF "partner[s]" with any entity "for Varsity-branded All Star Apparel sales."  Accordingly, USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 81**:  All Documents reflecting Your policies relating to Apparel manufacturers' competition with Varsity-branded Apparel.

**RESPONSE**:  USASF objects to this Request on the basis that it incorrectly assumes that USASF has any policy that differentiates between "Apparel manufacturers' competition with Varsity-branded Apparel." Accordingly, USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

## VI.    RELATIONSHIP BETWEEN VARSITY AND USASF

4823-4474-1071v10
- 11/18/2020

**REQUEST NO. 82**:  Documents sufficient to show all monies paid by Varsity to USASF and all loans, gifts, or payments made by Varsity to USASF, including for each loan, gift, or payment of money, the terms of the loan, gift, or payment, what the loan, gift, or payment was used for, and, if applicable, USASF's repayment history.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020, to the extent such documents exist, pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 83**:  Documents sufficient to show all monies paid by USASF to Varsity, including for each loan, gift, or payment of money, the terms of the loan, gift, or payment, what the loan, gift, or payment was used for, and, if applicable, the repayment history.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 84**:  Documents sufficient to show the origins of the original 2003 trademark application for the marks "U.S. All Star Federation" and "USASF," including who applied for the trademark and who was listed as the owner, including Documents sufficient to show transfer and current ownership of those trademarks, if applicable.

51

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 85**:   Documents reflecting or relating to the National All Star Cheerleading Coaches' Congress ("NACCC"), including but not limited to all Documents relating to or reflecting whether USASF was funded to thwart a competitive threat posed by the NACCC and how Varsity and USASF planned to or did thwart competition, as well as all Documents reflecting or relating to USASF's acquisition of NACCC in 2005. Responsive Documents include all state and federal tax filings and Communications with state and federal tax agencies, including but not limited to any Communications with the Internal Revenue Service regarding USASF's acquisition of NACCC.

**RESPONSE**:  USASF objects to this Request on the basis that it seeks information from an acquisition which took place approximately fifteen years ago and, accordingly, has no relevance to the claims or defenses of any party to this matter.  Plaintiffs' claim against USASF is subject to a four-year statute of limitations, and USASF's formation and subsequent acquisition of NACCC took place many years before the conduct alleged to be at issue in this lawsuit.  USASF further objects to this Request to the extent it seeks documents regarding "whether USASF was funded to thwart a competitive threat posed by the NACCC and how Varsity and USASF planned to or did thwart competition," which infers some sort of allegedly improper motive on the part of Varsity

52

and USASF, which Defendants deny.   Thus, subject to and without waiving the foregoing objections, USASF does not have documents "reflecting" any effort to thwart competition.

**REQUEST NO. 86**:  Documents sufficient to identify what email addresses USASF Staff, Employees and directors have used since 2003 for official USASF business.

**RESPONSE**: USASF objects to this Request to the extent it is not properly limited in time.  USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list of "what email addresses USASF Staff, Employees and directors have used since 2003 for official USASF business."  USASF is not aware of any document already in existence that provides the requested information.  Subject to and without waiving the foregoing objections, USASF anticipates that documents produced in response to other Requests—including email communications—will reflect the email addresses used by relevant USASF Staff, Employees and directors for the time period January 1, 2015 to June 30, 2020.

**REQUEST NO. 87**:  Documents sufficient to identify the USASF Staff, Employees and directors, by name and job title, who were paid by Varsity, and the amounts that were paid by Varsity, since 2003.

**RESPONSE**: USASF objects to this Request as not properly limited in time.  USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list of "the USASF Staff, Employees and directors, by name and job title, who were paid by Varsity, and the amounts that were paid by Varsity, since 2003."  USASF is not aware of any document already in existence that provides the requested information.

53

**REQUEST NO. 88**:  Documents sufficient to identify all individuals who have been affiliated with in any way, including by employment status, volunteer status, payments, and board membership, at one time or another (even if not simultaneously), by both USASF and Varsity, or a company owned by Varsity.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  Further, USASF objects on the basis that information regarding whether every individual ever associated with USASF was at any time employed by Varsity or a company owned by Varsity is not in USASF's possession, custody, or control.  USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list of "all individuals who have been affiliated with in any way, including by employment status, volunteer status, payments, and board membership, at one time or another (even if not simultaneously), by both USASF and Varsity, or a company owned by Varsity." USASF is not aware of any document already in existence that provides the requested information.

**REQUEST NO. 89**:  Documents sufficient to identify, since 2003, the owner of the URL www.usasf.net, as well as the owner of all registrations associated with the URL, such as "PERFECT PRIVACY, LLC "

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request on the basis that it seeks documents not relevant to any party's claims or defenses in this matter.  Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF states that it is not aware of any documents already in existence responsive to this Request.

**REQUEST NO. 90**:  Documents sufficient to show, beginning January 1, 2003, the address(es) of USASF's and Varsity's offices.

54

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request on the basis that it seeks documents not relevant to any party's claims or defenses in this matter.  USASF objects to this Request to the extent it intends to require USASF to perform burdensome ESI searches for documents relating to the addresses of USASF's offices and Varsity's offices.  Subject to and without waiving the foregoing objections, USASF anticipates that documents produced in response to other Requests—including correspondence—will reflect the addresses used by USASF and possibly Varsity for the time period January 1, 2015 to June 30, 2020.

**REQUEST NO. 91**:  Documents sufficient to identify all Varsity-owned and/or Varsity-created cheerleading groups and/or governing bodies of which USASF is a "member," such as USA Cheer, including the address and telephone numbers of each group and the Staff or Employees of each group.

**RESPONSE**:  USASF objects to this Request to the extent it is not properly limited in time.  USASF also objects to this Request on the basis that it is an Interrogatory masquerading as a Request for Production of Documents in that it requests the creation of a list of "all Varsity-owned and/or Varsity-created cheerleading groups and/or governing bodies of which USASF is a "member," such as USA Cheer, including the address and telephone numbers of each group and the Staff or Employees of each group."  USASF is not aware of any document already in existence that provides the requested information.

**REQUEST NO. 92**:  Documents sufficient to show, beginning on January 1, 2003, the composition of the USASF board, including the type of board seat held (*e.g.,* seats reserved for Gym owners and/or coaches, or seats reserved for certain competition Event Producers), the

employer of each board member, and whether that employer was, at the time, an entity owned by
Varsity.

**RESPONSE**: USASF objects to this Request to the extent it is not properly limited in
time.  USASF also objects to this Request to the extent it seeks documents protected from
disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or
confidentiality obligations.  Subject to and without waiving the foregoing objections, USASF will
produce, for the time period January 1, 2015 to June 30, 2020, a copy of its by-laws, which sets
forth the composition of its board.

**REQUEST NO. 93**:  Documents sufficient to show, beginning on January 1, 2003, the
selection process for USASF board member candidates, including the names of the members of
the nominating committee.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also
objects to this Request to the extent it seeks information protected from disclosure by the attorney-
client privilege, work product doctrine, and/or any other privilege or confidentiality obligation.
Subject to and without waiving the foregoing objections, USASF will produce non-privileged
documents responsive to this Request for the time period January 1, 2015 to June 30, 2020.

**REQUEST NO. 94**:  All Documents reflecting or relating to Communications between
You or any of your Staff, Employees, directors, or anyone working on Your behalf, on the one
hand, and Varsity, Varsity's executives, directors, or Employees, or anyone acting on Varsity's
behalf and/or Bain and/or Charlesbank and/or Partners Group, on the other, concerning any of the
following topics:

      a.  Event production, including All Star or other Events, Varsity Events, USASF
           sanctioned Events, USASF-member IEP Events, and non-USASF sanctioned Events,

56

including Event sales and expenditures;

b.  Independent Event Producers;

c.  the demand, supply, output, revenues, income, profits, sales arising out of or relating

to All Star or other Events;

d.  Apparel, including Apparel sales and expenditures, if any;

e.  the demand, supply, output, revenues, income, profits, sales arising out of or relating

to All Star or other Apparel;

f.  the demand, supply, output, revenues, income, profits, sales arising out of or relating

to any other market in which USASF or Varsity competes or participates; and

g.  the market shares of any competitors or suppliers in any market in which USASF or

Varsity competes or participates.

**RESPONSE**: USASF objects to this Request as not properly limited in time.  USASF

further objects to this Request as overly broad, unduly burdensome, and not proportional to the

needs of the case.  This Request would seek every communication between USASF and anyone

associated with "Varsity, Varsity's executives, directors, or Employees, or anyone acting on

Varsity's behalf and/or Bain and/or Charlesbank and/or Partners Group" regarding a very broad

range of topics.  Subject to and without waiving the foregoing objections, for the time period

January 1, 2015 to June 30, 2020, USASF is running ESI searches pursuant to the parameters

identified in Exhibit A, which it expects to generate a reasonable number of documents for

USASF's review, and USASF will produce those non-privileged documents responsive to this

Request.

VII.  **DOCUMENT RETENTION AND PRESERVATION**

**REQUEST NO. 95**:  Documents sufficient to identify and describe the systems and structures You use to store, maintain, or utilize Your ESI, including all codes, information, documentation, ESI or programs necessary to utilize any ESI You are producing in response to these requests.

**RESPONSE**: USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 96**:  Documents sufficient to show Your preservation, retention, backup, storage, destruction, and litigation hold policies and practices for Documents, electronic Communications equipment, and data storage media (including phones, mobile devices, laptops, tablets, pagers, personal computers, servers, removable storage media, cloud storage, and backup media) as well as any changes to, enforcement of, and compliance with, those policies over the Relevant Time Period.

**RESPONSE**:  USASF objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation.  Subject to and without waiving the foregoing objections, USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 97**:  All Documents concerning any known departure or variance from any of Your policies concerning the retention, storage, or destruction of any Document identified in Request No. 96.

**RESPONSE**:  USASF objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation.  Subject to and without waiving the foregoing objections, USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

58

VIII.   **SEXUAL MISCONDUCT**

**REQUEST NO. 98**:  Irrespective of time period, all statements, affidavits, declarations or other factual material referring to or submitted by You in connection with any investigation or litigation concerning the reporting of sexual misconduct with the cheer industry or business, as well as the requests that prompted the provision by You of those Documents.

**RESPONSE**:  USASF objects to this Request as it is not limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to alleged sexual misconduct have nothing to do with the subject matter of this lawsuit.  USASF further objects to this Request as the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

**REQUEST NO. 99**:  Irrespective of time period, all Documents provided by You to any news outlet or other organization in response to allegations of sexual misconduct by Varsity, and Independent Event Producers, or USASF Staff, Employees, directors, workers, vendors, or contractors, at Varsity or USASF Events, or affiliated with Varsity or USASF in any way.

**RESPONSE**:  USASF objects to this Request as it is not limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to alleged sexual misconduct have nothing to do with the subject matter of this lawsuit.

59

**REQUEST NO. 100**:  Documents sufficient to show Your policies regarding reporting of sexual misconduct and any other physical or mental abuse of minors, including hazing, bullying, and emotional abuse by You, Your members, or others in the All Star Cheer industry, including Documents reflecting or relating to Your SafeSport Code, SafeSport policies, SafeSport training, Your Professional Responsibility Code & Proactive Minor Abuse Prevention Policies, and the Athletes 1st initiative.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.   Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to USASF's policies regarding reporting of sexual misconduct and other physical or mental abuse have nothing to do with the subject matter of this lawsuit.  Subject to and without waiving the foregoing objections, USASF will produce copies of its SafeSport Code and Professional Responsibility Code.

**REQUEST NO. 101**:  All Documents reflecting or relating to insurance or insurance policies relating to coverage for allegations or litigation related to sexual misconduct.

**RESPONSE**:  USASF objects to this Request as it is not limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.   Documents relating to alleged sexual misconduct, and specifically insurance coverage for allegations or litigation related to sexual misconduct, have nothing to do with the subject matter of this lawsuit.

60

**REQUEST NO. 102**:  All Communications between Varsity and USASF concerning the reporting of sexual misconduct, as well as all Documents reflecting Your desire or efforts to thwart, limit or suppress such reporting.

**RESPONSE**:  As to the first portion of this Request, USASF objects to this Request as it is not properly limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.   Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets. Documents relating to alleged sexual misconduct have nothing to do with the subject matter of this lawsuit.  USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.  As to the second portion of this Request, subject to and without waiving the foregoing objections, USASF is not aware of any documents "reflecting [its] desire or efforts to thwart, limit or suppress such reporting" that would be responsive to this Request.

**REQUEST NO. 103**:  Documents sufficient to identify any of Your Staff, workers, Employees, directors, vendors, contractors, or Gym owners, coaches, choreographers, or judges associated with any of Your Events, that have been convicted of sex crimes against minors, including those whom are registered as sex offenders.

**RESPONSE**:  USASF objects to this Request as it is not properly limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.   Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to alleged sexual misconduct

61

have nothing to do with the subject matter of this lawsuit.  USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

**REQUEST NO. 104**:  Documents sufficient to show the background check process, including primary and secondary screenings, for anyone age 18 years or older who accompanies a Team into a warm-up or backstage area at all Events, including Gym owners, coaches, volunteers and non-coaching Staff members associated with a program, and adult Athletes who are 19 years or older, before being employed or permitted to participate in or attend Events.

**RESPONSE**:  USASF objects to this Request as it is not limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to USASF's background check process have nothing to do with the subject matter of this lawsuit.

**REQUEST NO. 105**:  Documents sufficient to show the effect of a person being flagged during any background check or screening process, including whether flagged persons were still permitted to work in the All Star or cheerleading industry including at All Star Events.

**RESPONSE**:  USASF objects to this Request as it is not limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to the effect of a person being flagged any background check or screening process have nothing to do with the subject matter of this lawsuit.

62

**REQUEST NO. 106**:   Documents sufficient to identify all Gym owners, coaches, volunteers, and non-coaching Staff members associated with a program, and adult Athletes who have been flagged during Your background check or screening processes, including why they were flagged, whether membership was suspended or revoked, and if so, whether membership was reinstated.

**RESPONSE**:   USASF objects to this Request as it is not properly limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.   Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to individuals who have been "flagged" during USASF's background check or screening process has no relevance to this lawsuit.  USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

**REQUEST NO. 107**:   Documents sufficient to identify all suspended members and members ineligible for USASF membership.

**RESPONSE**:   USASF objects to this Request as it is not properly limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.   Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to individuals who have been suspended from USASF membership or are ineligible for USASF membership have no relevance to this lawsuit.  USASF further objects to this Request to the extent the documents sought are

63

protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

**REQUEST NO. 108**:  Documents sufficient to identify all complaints You received from Your members or customers regarding sex offenders within the All Star or cheerleading industry, including the names and roles of any persons identified in the complaints and the allegations against them.

**RESPONSE**:  USASF objects to this Request as it is not properly limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.   Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to alleged complaints regarding sex offenders within the All Star or cheerleading industry have nothing to do with the subject matter of this lawsuit.  USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

**REQUEST NO. 109**:  Documents sufficient to show any action taken by You in response to the complaints identified in Request No. 108.

**RESPONSE**:  USASF objects to this Request as it is not properly limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.   Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.  Documents relating to alleged complaints regarding sex offenders within the All Star or cheerleading industry have nothing to do with the

64

subject matter of this lawsuit.  USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

**REQUEST NO. 110**:  All Communications between Varsity and USASF concerning the complaints identified in Request No. 108 and concerning any identified or suspected sex offenders within the All Star or cheerleading industry.

**RESPONSE**:  USASF objects to this Request as it is not properly limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.   Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading apparel and competition markets.   Documents relating to alleged complaints regarding sex offenders within the All Star or cheerleading industry have nothing to do with the subject matter of this lawsuit.  USASF further objects to this Request to the extent the documents sought are protected from disclosure under various federal and state confidentiality and privacy laws and USASF's contractual agreements.

**REQUEST NO. 111**:   All Documents reflecting or relating to any discussions, deliberations, analyses, or Communications regarding the effect, if any, of sexual misconduct and surrounding publicity on USASF's sales, membership, dues, revenues, costs, profitability, competition, or competitors in any market in which USASF competes.

**RESPONSE**:  USASF objects to this Request as it is not limited in time.  USASF further objects to this Request as it seeks information not relevant to the claims or defenses of any party in this matter, and is overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs allege that USASF conspired with Varsity to monopolize the All Star cheerleading

65

apparel and competition markets.  Documents relating to alleged sexual misconduct have nothing to do with the subject matter of this lawsuit.

IX.     **MISCELLANEOUS**

**REQUEST NO. 112**:  All Documents reflecting or concerning Your Communications with any of the Plaintiffs.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation.  Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 113**:  All Communications between You and anyone else, including members of the proposed Class, referencing or relating to the allegations in the Complaint, including the filing of the Complaint, exclusive of any Communications protected by attorney/client privilege.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation.  Subject to and without waiving the foregoing objections, USASF will search for and produce non-privileged documents responsive to this Request for the time period January 1, 2015 to June 30, 2020 pursuant to the parameters set forth in Exhibit A.

**REQUEST NO. 114**:  All Documents created, produced, published or issued by third party analysts or consultants regarding USASF and the cheerleading industry, including, reports that

66

analyze or project demand, revenues, income, profits or market share derived from or relating to All Star or other Events, and All Star or other Apparel.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 115**:  Irrespective of time period, all statements, affidavits, declarations or other factual material referring to or submitted by You in connection with any investigation or litigation, including investigations and litigation related to All Star Apparel and the definition of cheerleading as a sport, as well as the requests that prompted the provision by You of those Documents.

**RESPONSE**:  USASF objects to this Request as not properly limited in time.  USASF also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other privilege or confidentiality obligation. USASF further objects to this Request as irrelevant to the extent it seeks documents relating to *any* litigation or investigation, regardless of their connection to the subject matter at issue in this action. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF is not aware of any documents responsive to this Request that relate to the claims or defenses of any party in this action.

**REQUEST NO. 116**:  Irrespective of time period, all Documents provided by You to the Federal Trade Commission, Securities and Exchange Commission, Department of Justice, a state

67

attorney general, or any other governmental agency regarding Varsity or USASF, as well as all such requests that prompted the provision by You of those Documents.

**RESPONSE**: USASF objects to this Request as not properly limited in time. Subject to and without waiving the foregoing objections, for the time period January 1, 2015 to June 30, 2020, USASF is not aware of any documents responsive to this Request in its possession, custody, or control.

**REQUEST NO. 117**: All Documents not otherwise responsive to any of these requests relating to Your answers to any of Plaintiffs' Interrogatories.

**RESPONSE**: USASF objects to this Request as nonsensical in that no Interrogatories have been served on USASF. In addition, USASF objects to this request as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case and as seeking to impose obligations beyond those of the Federal Rules of Civil Procedure. The term "relating to" is also vague and ambiguous as applied to "Your answers to any of Plaintiffs' Interrogatories." Because Plaintiffs have not promulgated any interrogatories in this case, there are no documents to produce. In light of USASF's objections, USASF will not otherwise produce documents in response to this request, including if Plaintiffs in the future propound interrogatories.

Dated: November 18, 2020.

Respectfully submitted,

s/ Nicole D. Berkowitz
Grady M. Garrison (TN #008097)
Nicole D. Berkowitz (TN #35046)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

68

165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone:  901.577.8166
Facsimile:  901.577.0866
Email:  ggarrison@bakerdonelson.com
Email:  nberkowitz@bakerdonelson.com

4823-4474-1071v10
- 11/18/2020

**EXHIBIT A**
**ESI SEARCH PARAMETERS**

A. Repositories/Applicable Custodians:
    a. Email Data of Jim Chadwick, Steve Peterson, Amy Clark, Alison Stangle, Lynn Singer
    b. Google Drive Data owned by Jim Chadwick, Steve Peterson, Amy Clark
B. Time Period: January 1, 2015 to June 30, 2020
C. Search Terms:
1. Varsity /10 scor!
2. Varsity /10 bid
3. Varsity /10 sanction!
4. Varsity w/10 guidelines
5. Varsity w/10 apparel
6. Varsity w/10 rebates
7. Varsity w/10 policies
8. "tier 1" w/10 bid
9. "tier 1" w/10 requirement!
10. "Not sanctioned"
11. Unsanctioned
12. "Independent Event Producer!" /10 (sanction! OR bid! OR Varsity)
13. IEP /10 (sanction! OR bid! OR Varsity)
14. "U.S. Patent and Trademark Office"
15. USPTO
16. "U.S. Copyright Office"
17. "Copyright registration"
18. "trademark registration"
19. "Cheer Rules"
20. "Athletic Performance Standards"
21. "legality rules"
22. "membership guidelines"
23. "sanctioning standards"
24. "Professional Responsibility Code"
25. "Fusion Elite"
26. "Spirit Factor"
27. "Fuel Athletics"
28. "Stars and Stripes"
29. Radek
30. "Lauren Hayes"
31. Cherasaro
32. "K&K Insurance"
33. "tier 1" AND (bid OR Varsity OR exclusiv! OR requirement!)
34. "eligibility standards"
35. "warmup requirements"
36. "warm-up requirements"

70

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of November, 2020, the foregoing was served by email on all counsel of record as follows:

H. Laddie Montague, Jr.
Eric L. Cramer
Mark R. Suter
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net
*Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

Jonathan W. Cuneo
Katherine Van Dyck
Victoria Sims
**CUNEO GILBERT & LADUCA LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Tel: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com
*Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

Gregory S. Asciolla
Karin E. Garvey
Veronica Bosco
Ethan H. Kaminsky
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.com
ekaminsky@labaton.com
|*Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

J. Gerard Stranch, IV
Benjamin A. Gastel
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com
*Liaison Counsel for Plaintiffs and the Proposed Direct Purchaser Class*

Benjamin D. Elga
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street
Brooklyn, NY 11201
Tel: (518) 732-6703
belga@justicecatalyst.org
*Additional Counsel for Plaintiffs and the Proposed Direct Purchaser Class*

Brian Shearer
Craig L. Briskin
**JUSTICE CATALYST LAW, INC.**
718 7th Street NW
Washington, DC 20001
Tel: (518) 732-6703
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org
*Additional Counsel for Plaintiffs and the Proposed Direct Purchaser Class*

4823-4474-1071v10
- 11/18/2020

Roberta D. Liebenberg
Jeffrey S. Istvan
Mary L. Russell
**FINE KAPLAN AND BLACK, R.P.C**
One South Broad St., 23rd Floor
Philadelphia PA 19107
Tel: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com
*Additional Counsel for Plaintiffs and the
Proposed Direct Purchaser Class*

Nathan A. Bicks
Frank B. Thacher III
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com
*Additional Counsel for Plaintiffs and the
Proposed Direct Purchaser Class*

Aubrey B. Harwell, Jr.
Charles Barrett
Aubrey B. Harwell III
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com
*Additional Counsel for Plaintiffs and the
Proposed Direct Purchaser Class*

Adam S. Baldridge
Matthew Sinon Mulqueen
**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ**
165 Madison Ave Ste 2000
Memphis, TN 38103
Tel: 901-526-2000
Tel: 901-577-8234
abaldridge@bakerdonelson.com
mmulqueen@bakerdonelson.com
*Attorneys for Defendants Varsity Brands, LLC,
Varsity Spirit Fashions & Supplies, Inc., and
Varsity Spirit, LLC*

Steven Kaiser
Alexis Collins
George Cary
Mark W. Nelson
**CLEARY GOTTILEB STEEN &
HAMILTON LLP** 2112 Pennsylvania
Avenue NW Ste 1000 Washington, DC 20037
Tel: 202-974-1554 Tel: 202-974-1519
Tel: 202-974-1920
Tel: 202-974-1500
skaiser@cgsh.com
alcollins@cgsh.com gcary@cgsh.com
mnelson@cgsh.com
*Attorneys for Defendants Varsity Brands,
LLC, Varsity Spirit Fashions & Supplies, Inc.,
and Varsity Spirit, LLC*

s/ Nicole D. Berkowitz
Nicole D. Berkowitz