# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, SPIRIT FACTOR LLC d/b/a FUEL ATHLETICS, and STARS AND STRIPES GYMNASTICS ACADEMY INC. d/b/a STARS AND STRIPES KIDS ACTIVITY CENTER, on behalf of themselves and all others similarly situated<br><br>    Plaintiffs,<br> v.<br><br>VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC, VARSITY SPIRIT FASHION & SUPPLIES, LLC, and U.S. ALL STAR FEDERATION, INC.,<br><br>    Defendants. | **Civ. Action No. 2:20-cv-02600-SHL-cgc** |

**REPLY IN SUPPORT OF U.S. ALL STAR FEDERATION, INC.'S MOTION FOR PROTECTIVE ORDER**

Plaintiffs continue to insist on ESI collection and review efforts that would financially cripple Defendant U.S. All Star Federation, Inc. ("USASF"). USASF has *manually* collected nearly 1,000 documents in an effort to reach a compromise with Plaintiffs, in addition to the additional 20,000 electronic records which it has collected from five custodians. Furthermore, USASF has expressed a willingness to do even more ESI collection and review, *within reason*. Nevertheless, Plaintiffs have yet to retreat from their unreasonable ESI requests. USASF therefore asks the Court for assistance in setting reasonable limits on the discovery sought by Plaintiffs.

**A.   USASF Is Not Refusing To Produce Any Documents It Has Already Agreed to Produce.**

Plaintiffs are mistaken in their claim that USASF is refusing to produce documents that USASF previously agreed to produce. While Plaintiffs' requests are overly broad and/or seek documents not relevant to this lawsuit, in the spirit of compromise, USASF agreed to produce certain specific documents in response.[1] However, USASF never agreed to run Plaintiffs' extremely broad search terms across numerous USASF employees' emails and Google Drives in response to these Requests. To the extent that Plaintiffs continue to insist that USASF do so, these Requests are overly broad and seek the discovery of irrelevant information and documents.[2]

---

[1] As to the request seeking information regarding USASF's affiliate members (Request No. 11), USASF had tentatively agreed to produce information relating to the members who had waived USASF's confidentiality obligation or for whom USASF did not have a confidentiality obligation, but expressly reserved its right to challenge the relevancy if Plaintiffs raised the issue. Given that Plaintiffs raised this issue in their Motion to Compel, USASF explained why the information sought was not relevant. Given that the Court will need to resolve this issue anyway, USASF believes that the Court's relevancy ruling as to the affiliate members should apply uniformly to Plaintiffs' requested production of documents relating to all affiliate members of USASF.

[2] Plaintiffs' discussions of USASF's agreement on Request Nos. 49 and 77 are misleading. As to Request No. 49, USASF informed Plaintiffs that it does not believe it has any responsive documents and agreed to produce documents only in the chance it located such documents in its review. As to Request No. 77, USASF agreed to produce a limited number of communications it could locate relating to apparel, but certainly never represented that it had communications recommending teams wear Varsity's apparel or denigrating a competitor's apparel.

1

Additionally, as to Request Nos. 98-111, with the sole exception of producing a copy of its SafeSport Code and Professional Responsibility Code, USASF *never* agreed to produce any documents in response to these Requests. As explained more fully in USASF's Response in Opposition to Plaintiffs' Motion to Compel, these Requests have no relevance to this litigation and are clearly intended to harass and oppress USASF. (*See* USASF's Resp., pp. 10-11, ECF No. 116).

**B.     Plaintiffs Fail to Demonstrate Relevance.**

In response to a motion for protective order, "[t]he party seeking discovery is obliged to demonstrate relevance." *Johnson v. CoreCivic, Inc.*, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Only upon a showing of relevance does the burden shift to the party opposing discovery on the issue of proportionality. *Id.* Plaintiffs provide no explanation as to the relevance of running 1,500+ different search variations across numerous custodians and document repositories. While USASF does not dispute that portions of Plaintiffs' requests and ESI proposals seek the discovery of relevant documents, much of the information sought has minimal, if any, relevance. This is Plaintiffs' burden, and Plaintiffs have fallen far short of satisfying it.

**C.     The Proportionality Factors Weigh In Favor of Granting USASF Relief.**

Moreover, each of the Rule 26(b)(1) proportionality factors weighs in favor of USASF.

    **1.     *Importance of the Issues At Stake.*** Plaintiffs' conclusory statement that the issues in this litigation are important does not make them so. At its core, this is a dispute between private parties for money damages. *See Lawson v. Spirit AeroSystems, Inc.*, 2020 WL 3288058, at *11 (D. Kan. June 18, 2020) (although plaintiffs sought "tens of millions of dollars," the claims did not "implicate any broader societal impact"). There are no constitutional or civil rights concerns here.

    **2.     *Amount in Controversy.*** Plaintiffs vaguely assert that "All Star Cheer is notoriously expensive" and "Varsity benefits from this to the tune of hundreds of millions, if not a

2

billion, dollars in revenue annually." (Plaintiffs' Resp., p. 12). But the amount in controversy is not the total amount paid by athletes participating in All Star Cheer or the total amount of Varsity's annual revenue. The amount in controversy is a fraction of that amount based on Plaintiffs' claim that they overpaid Varsity in the Relevant Markets. Notably, in evaluating this factor, courts have cautioned that "courts must look beyond the (often inflated) value stated in the ad damnum clause of the complaint." *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 321 n.65 (S.D.N.Y. 2003).

Moreover, the amount in controversy specifically as to USASF is much lower. Although Plaintiffs seek to hold USASF jointly and severally liable with Varsity, there is no reality where Plaintiffs could collect "hundreds of millions" or "a billion" dollars from USASF. As to the actual amount in controversy, the costs Plaintiffs seek to impose on USASF are astronomical.

**3.    *The Parties' Relative Access to Information.*** Plaintiffs improperly minimize the discovery they are receiving from Varsity. Varsity has spent millions of dollars on discovery, has already produced 117,718 pages of documents so far, and has indicated that its review is still ongoing. The fact that Plaintiffs and Varsity have any ongoing discovery disputes is a testament to the unreasonable nature of Plaintiffs' requests and not due to any deficiencies in Varsity's production. There is already demonstrable overlap between the documents produced by USASF and Varsity. (*See* Plaintiffs' Resp., p. 5 n.6). To the extent USASF possesses other documents, they can be located with *reasonable* ESI searches. However, the additional ESI that Plaintiffs seek is cumulative of what are already obtaining from USASF or from other sources, such as Varsity.

**4.    *The Resources of the Parties.*** Varsity's resources are not the proper focus. USASF does not have any outstanding loans to Varsity, Varsity is not currently paying USASF's employee salaries, and Varsity has no obligation to provide USASF with financial support in this litigation.

3

USASF, as a non-profit which has suffered net losses over the last few years, requests the Court's assistance to avoid the financial ruin that Plaintiffs seek to impose with their ESI requests.

5.   ***The Importance of the Discovery Sought.***   In addition to the 16 terms identified on page 14 of Plaintiffs' Response, USASF also agreed to run a number of additional terms, including terms containing the words "Varsity," "bid," "apparel," "tier 1", "requirement," "not sanctioned", "unsanctioned", and "independent event producer," with appropriate limiters.  (ECF No. 104-2).[3] Further, USASF has separately agreed to produce documents relating to the allocation of Worlds bids, USASF's rules, legality, and safety standards, and the instructions provided to judges for Worlds.[4]  These documents, together with USASF's agreed search terms, will capture documents related to USASF's bid allocation, USASF's dealings with Varsity, USASF's dealings with other event producers and apparel manufacturers, and whether USASF's rules favored Varsity.

6.   ***Undue Burden and Expense.***   The financial burden Plaintiffs seek to impose on USASF is in the millions of dollars.[5] Plaintiffs have not identified any case where a court permitted discovery so extensive that it stood to bankrupt the responding party.[6] Plaintiffs are incorrect about the number of hits generated from their search proposals and misstate the burden in collecting Google Drive documents.[7]  In order to identify the responsive documents, USASF employees

---

[3] Plaintiffs also ignore USASF's May 5, 2021 search term proposal, which contains over 1000 search terms and is sufficient to identify responsive documents in this matter.  (ECF No. 116-4).
[4] In light of the page limit, USASF's Motion did not set out every document USASF agreed to produce beyond ESI searching. That does not mean USASF has not agreed to produce them.
[5] Rule 26(b) and (c) specifically consider the "expense" of the proposed discovery and the "allocation of expenses," which includes attorneys' fees.  The shorthand phrase "cost" or "cost-shifting" does not undermine the language in the Rule.
[6] Setting aside that Plaintiffs misstated the number of search terms, custodians, and volume of ESI in some of the cases cited in footnotes 12 and 13 of the Response, these cases generally involved parties with much greater resources and amounts in dispute, in some instances reaching $7 billion.
[7] Exhibits 3 and 4 to Plaintiffs' Response reflect that these documents are possessed by those custodians which USASF has already identified: Jim Chadwick, Amy Clark, and Steve Peterson.

4

would need to individually review all of these hundreds of documents, not merely click a few buttons. The procedure identified by Plaintiffs is just an alternative route to downloading files which would not relieve USASF of its processing and review costs.

### D. The Court Has The Authority to Limit Discovery Under Rule 26(b)(2) and (c).

Regardless of the proportionality analysis, the Court has the authority under Rule 26(b)(2) and (c) to issue a protective order to protect USASF from oppression or undue burden or expense. Even if the Court finds that the discovery sought is proportional to the needs of the case, the Court is still empowered to grant USASF relief from undue burden or expense. The Court should "prevent use of discovery to wage a war of attrition or as a device to coerce a party." Fed. R. Civ. P. 26, advisory committee notes (1983).

### E. Cost-Shifting Is An Appropriate Alternative Under Rule 26(b)(2)(B) and Local Rule 26.1(e)(9).

Finally, Plaintiffs' arguments against cost-shifting are incorrect. *See Lawson*, 2020 WL 3288058, at *8 (holding that the cost-shifting provisions in Rule 26 are "not limited to non-reasonably accessible discovery"). In *Lawson*, the court specifically noted that the approach to cost-shifting taken in *Zubulake* "is no longer accepted" and that "other courts focused on Rule 26(b) proportionality factors to determine which party should bear the costs of discovery without regard to whether ESI was reasonably accessible or not." *Id.* at *9. The *Lawson* court further reiterated that beyond proportionality, Rule 26(c)(1) "was amended in 2015 'to include an express recognition of protective orders that allocate expenses for disclosure or discovery.'" *Id.* (quoting Fed. R. Civ. P. 26(c)(1) advisory committee's note (2015)).

USASF's request that the Court shift the expense (including attorneys' fees) of any excess discovery to Plaintiffs is consistent with the Federal Rules of Civil Procedure and well within the Court's authority. USASF requests this as an alternative to limiting discovery altogether.

5

May 26, 2021

Respectfully submitted,

*/s/ Nicole D. Berkowitz*
Grady Garrison (TN #008097)
Nicole D. Berkowitz (TN #35046)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of May 2021, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system and/or via U.S. Mail, postage prepaid, to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

s/ Nicole D. Berkowitz
Nicole D. Berkowitz