# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>Defendants. | Case No. 2:20-cv-02600-SHL-cgc<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC, AND VARSITY SPIRIT FASHION & SUPPLIES, LLC

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro (collectively, "Plaintiffs") respectfully move the Court, pursuant to Local Rule 7.2(c), for leave to file a Reply in support of their Motion to Compel Discovery Responses (the "Motion") (Dkt. 105) from Defendants Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC (collectively, "Varsity"). In support thereof, Plaintiffs state as follows:

1. On May 5, 2021, Plaintiffs filed their Motion, which included a memorandum in support.

2. On May 19, 2021, Varsity submitted its Response in Opposition to Plaintiffs' Motion (the "Response") (Dkt. 111).

3. Varsity's Response raises several issues that require reply. First, Varsity makes an accusation that Plaintiffs failed to substantiate the claim that "their experts 'may not have sufficient data for the pre-damages period to do a proper analysis of impact and damages' . . . with any

factual support, for example a declaration from an expert explaining why and how such data would be necessary." *Id.* at 6 (quoting Motion at 8). Plaintiffs deserve an opportunity to respond to this accusation with the requested declaration, which they have appended to their filing. Varsity's Response also includes material omissions regarding the parties' discussions of compromises during their meet and confers on the transactional data issue. In addition, Varsity's Response contains a statement that has the potential to mislead the Court regarding Plaintiffs' damage period and the reason why Plaintiffs are seeking this additional data, omissions regarding the connection between the Apparel and Competition Markets, and a misleading statement regarding how far back in time Varsity's transactional data is available. Plaintiffs deserve an opportunity to respond to these statements and omissions, as set forth in their appended Reply and declaration of counsel.

4. Varsity's Response also includes misstatements or misunderstandings about Requests Nos. 20, 56, 62, 77, 78, 82 and 92 to 103. Namely, Varsity raises a completely new argument regarding Plaintiffs' request for production of event-specific profit-and-loss statements in response to Request No. 20. Varsity also incorrectly describes Plaintiffs' position on and support for production of the material Plaintiffs seek in response to Request No. 56. Varsity creates confusion regarding Plaintiffs' Request No. 62 and proposes a new solution that is entirely unworkable. Varsity's Response contains a material omission regarding its post-2015 USASF salary information, with respect to Request No. 82. Varsity misrepresents that the parties reached agreement on production in response to Requests Nos. 77 and 78 and deferral of Requests Nos. 92 to 103. Finally, Varsity's response makes the misstatement that the two additional custodians whose files Plaintiffs seek are duplicative of other custodians' files. Plaintiffs deserve an opportunity to respond to these statements and omissions in their Reply as well.

5. In order to adequately respond to Varsity's Response and clarify the record, Plaintiffs seek to file the attached Reply memorandum, including an expert declaration demonstrating their need for the transactional data sought.

For these reasons, Plaintiffs respectfully request leave to file the Reply and supporting documents attached to this Motion. Pursuant to L.R. 7.2(c), Plaintiffs make this timely request within 7 days of service of Varsity's Response.

Dated: May 26, 2021                    Respectfully submitted,

By: */s/ Victoria Sims*
Jonathan W. Cuneo*
Katherine Van Dyck*
Victoria Sims*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Mark R. Suter*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
**LABATON SUCHAROW LLP**
140 Broadway New York, NY 10005

Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.comInterim

*Co-Lead Counsel for the Proposed Direct Purchaser Class*
J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
**JUSTICE CATALYST LAW, INC.**
718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.

Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

\*Admitted pro hac vice

*Counsel for the Proposed Direct Purchaser Class*

## **CERTIFICATE OF GOOD FAITH**

Consistent with Local Rule 26(b)(1) and 7.2(a)(1).01(b)(3), counsel for Plaintiffs, Victoria Sims, sought to confer with counsel for Varsity, Steven Kaiser, on May 25, 2021, via electronic email, inquiring whether Varsity Defendants opposed this Motion. Varsity did not respond, thus Plaintiffs understand that the parties are not in accord.

/s/ Victoria Sims
Victoria Sims

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 26, 2021, the foregoing was served via ECF processing upon the following:

| | |
|---|---|
| Adam S. Baldridge<br>Matthew S. Mulqueen<br>BAKER DONELSON BEARMANN<br>CALDWELL & BERKOWITZ<br>165 Madison Ave Ste 2000<br>Memphis, TN 38103<br>Tel: 901-526-2000<br>abaldridge@bakerdonelson.com<br>mmulqueen@bakerdonelson.com | Grady M. Garrison<br>Nicole D. Berkowitz<br>BAKER DONELSON BEARMAN<br>CALDWELL & BERKOWITZ, P.C.<br>165 Madison Ave. Ste. 2000<br>Memphis, TN 38103<br>Tel: 901-526-2000<br>ggarrison@bakerdonelson.com<br>nberkowitz@bakerdonelson.com |
| George S. Cary<br>Mark W. Nelson<br>Alexis Collins<br>Steven J. Kaiser<br>CLEARY GOTTILEB STEEN &<br>HAMILTON LLP<br>2112 Pennsylvania Avenue NW Ste 1000<br>Washington, DC 20037<br>Tel: 202-974-1500<br>gcary@cgsh.com<br>mnelson@cgsh.com<br>alcollins@cgsh.com<br>skaiser@cgsh.com | *Attorneys for Defendant U.S. All Star Federation, Inc.* |

*Attorneys for Defendants Varsity Brands, LLC, Varsity Spirit Fashions & Supplies, Inc., and Varsity Spirit, LLC*

*/s/ Victoria Sims*
Victoria Sims