# EXHIBIT 3

| | |
|---|---|
| **From:** | Vicky Sims |
| **To:** | Kaiser, Steven J.; mmulqueen@bakerdonelson.com |
| **Cc:** | Eric L. Cramer; Mark R. Suter; Katie Van Dyck; Veronica Bosco; Karin Garvey (KGarvey@labaton.com) |
| **Subject:** | Fusion Elite All Stars v. Varsity Brands LLC |
| **Date:** | Monday, April 19, 2021 10:07:00 AM |

Counsel,

Thank you for the meet and confer on Wednesday. We write to follow up on the outstanding items the parties have been discussing.

- Market Scope
    Plaintiffs will agree to the following compromise on market scope.
    - Varsity will agree not to redact the following information
        - General discussions of Varsity Spirit's business
        - General discussions applicable to the cheer business, such as discussions of general acquisition policies, discussions of USASF, discussions regarding production or sale of apparel that are not specific to any specific type of apparel. Please note these are just examples used to explain what is meant by our proposal, not an all-inclusive list.
        - General discussions of Varsity's business. Varsity states that it seeks to redact general discussions of the Varsity Brands business that are not clearly applicable to the cheer business. Plaintiffs agree, for the time being, to allow such redactions and to reserve rights their rights to challenge them.
    - Plaintiffs would be willing to reserve their rights regarding redactions of material solely relating to the Herff Jones and BSN businesses, provided Defendants agree not to raise or refer to, in any way, Herff Jones or BSN businesses in their defense of this case.
    - Varsity will produce documents sufficient to show Varsity's competitors in the additional markets of dance, STUNT, recreational cheer and sideline cheer in response to Requests Nos. 49 and 70.
- Custodians
    - After Plaintiffs twice revised and cut down their custodian request, and offered descriptions of each custodian's importance, Varsity offered to add only 3 custodians, on a provisional basis only. Plaintiffs are not able to accept this offer. As a final attempt at a compromise, Plaintiffs request that Varsity also add the following custodians, in addition to the three discussed on Wednesday's call (Nangia, Nichols and Carroll): Kessler, Hill, Parrish, Finley, and Noone.
    - Requests for Production

- Nos. 19 & 20
    - Varsity states that it does not have asset appraisals
    - Varsity has inquired whether budgets such as Bain00001738, Bain00000769 would meet Plaintiffs' needs. Due to Bain's redactions, Plaintiffs are not able to fully review these documents. However, assuming most of these redactions will not be present, Plaintiffs will accept these budgets, subject to a reservation of rights.
    - Varsity will produce investor presentations from the documents provided to Bain as part of its acquisition by Bain. Plaintiffs also request Varsity to include investor presentations provided to Charlesbank/Partners as part of that acquisition. Varsity states, in terms of presentations made to Charlesbank/Partners and Bain, after those acquisitions had been completed, that those materials are expected to be in the files of custodians Webb, Seeley and Nichols and will be produced to the extent they are located by search terms. Please also advise whether such documents will be produced if they are go-get documents, and if investor presentations in connection with any unconsummated acquisitions would be similarly captured by the contemplated ESI search as well.
    - Varsity has suggested providing monthly profit & loss statements to Plaintiffs. Varsity suggested that Plaintiffs review these statements and reserve their rights to determine whether they also require apparel-specific profit and loss statements. Plaintiffs accept this offer. Plaintiffs also request event-specific profit and loss statements. Varsity states that these are not systematically kept for all events. Plaintiffs thus request profit and loss statements for the following events, if they exist: JAMfest/LIVE!, Spirit Celebration Grand Championship, Spirit Celebration Challenge, and profit and loss statements for newly acquired IEPs in the immediate years following acquisition. Plaintiffs also request that Varsity agree to produce any other event-specific profit and loss statements it locates as part of its ESI search.
- Nos. 31 and 35
    - Varsity states that it will produce responsive documents to the extent it locates them through the searches it has already proposed.