# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

FUSION ELITE ALL STARS et al.,

              Plaintiffs,

    v.

VARSITY BRANDS, LLC et al.,

              Defendants.

**Civ. Action No. 2:20-cv-2600**

## VARSITY DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

ARGUMENT.......................................................................................................................1

I.       Plaintiffs' Suggestion That There Was an Agreement Regarding 2011 to 2014 Data Is Simply False.................................................................................................................1

II.      Plaintiffs' Other Requests Should Be Denied ................................................................4

      A.   Plaintiffs Do Not Dispute that Request 20 Does Not Even Cover the Documents Plaintiffs Seek or Otherwise Justify the Production of So-Called Event Profit and Loss Statements When They and Plaintiffs Already Have the Underlying Information .............................................................4

      B.   Plaintiffs Provide No Basis to Justify Their Disproportionate Demand for Varsity to Provide the Names of Individuals Responsible for Scoring at Varsity's Events in Response to RFP 56. ................................................................4

      C.   Plaintiffs Do Not Justify Their Disproportionate Demand for Ticketing Agreements in Response to RFP 62 Simply to Learn if "Title Passed." ................5

      D.   Plaintiffs Do Not Justify Their Disproportionate Demand for All Transactions Between USASF and Varsity or All Employees of USASF with Their Salaries in Response to RFP 77, 78, and 82. ........................................5

      E.   Plaintiffs Effectively Concede Their Abuse Allegations Are Irrelevant ................5

      F.   Plaintiffs Provide No Justification for the Two Additional Custodians, Whom They Acknowledge are Lower-Level ........................................................6

III.     Plaintiffs Do Not Defend Their Attempted Reservation of Rights.....................................6

CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITIES

**Federal Cases**

*Abraitis v. United States*,
  No. 11-CV-2077, 2012 WL 2885586 (N.D. Ohio July 13, 2012)............................................3

*Scottsdale Ins. Co. v. Flowers*,
  513 F.3d 546 (6th Cir. 2008)................................................................................................3

*Select Specialty Hosp.-Memphis, Inc. v. Tr. of Langston Cos., Inc.*,
  No. 19-CV-2654-JPM-TMP, 2020 WL 4275264 (W.D. Tenn. July 24, 2020) ........................3

Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashions & Supplies, LLC (collectively, "Varsity") hereby respond to Plaintiffs' Motion for Leave to File Reply Memorandum in Support of Motion to Compel Discovery Responses from Varsity Defendants, ECF No. 120.

## INTRODUCTION

Plaintiffs provide no basis for departing from the default rule in this district against replies on discovery motions.  Instead, they simply seek to correct deficiencies in their original filing with, among other things, a declaration that could have and should have been submitted with their original motion papers.  They further attempt to elaborate on why Varsity should be ordered to provide the various items of disputed discovery, but in doing so simply rehash the deficient arguments in their original brief and fail to address or correct the fact that they have offered no justification for the additional burden that they seek to impose on Varsity on top of the millions of dollars in costs that Varsity has already incurred in responding to Plaintiffs' massive, overreaching, and ever-shifting discovery demands.

Ultimately, the Court can judge for itself whether the proposed reply is of any assistance to it.  In the final analysis, nothing that Plaintiffs now say rescues any aspect of their motion to compel, which should be denied in its entirety.

## ARGUMENT

### I.  Plaintiffs' Suggestion That There Was an Agreement Regarding 2011 to 2014 Data Is Simply False

Plaintiffs say that Varsity's response "includes material omissions regarding the parties' discussions of compromises during their meet and confers on the transactional data issue."  (Pls.' Mot. for Leave at 2.)  Plaintiffs allege that "Varsity indicated that it would produce the transactional data Plaintiffs requested back to 2011 on the condition that parties in the *Jones* and

*American Spirit* cases would agree to not seek a more expanded set of data." (Pls.' Proposed Reply Br. at 3.) That is simply false. Early in the parties' discussions, Varsity indicated to Plaintiffs that, consistent with the Court's orders regarding the coordination of overlapping discovery among this case and the other two cases (ECF No. 93), Varsity was not inclined to produce data on any particular topic without the agreement of all three plaintiffs groups as to the form and content of such data. Plaintiffs indicated at a meet and confer on January 19 and then again on February 17 that they would not accept data beginning in 2015 but rather insisted on 2011. On April 14 and again on April 30, Varsity reiterated that it was not inclined to agree to produce data from 2011 while there were numerous other pending issues. (Kaiser Decl. ¶ 2.)

Despite the fact that there was obviously no agreement, Plaintiffs now say there was. This is all the more curious in that Plaintiffs mentioned no such agreement in their motion to compel. The only written correspondence they *now* cite is a self-serving email that *Plaintiffs* sent on May 21, two days *after* Varsity responded to Plaintiffs' motion to compel. In that email, Plaintiffs reported that they had (finally, apparently) obtained the agreement of the plaintiffs in the other cases to limit their request for data to 2011 forward and vaguely hinted that, if Varsity were willing to provide that data, it "may also enable us to reach agreement on a number of the other outstanding discovery disputes." (Sims Decl., ECF No. 120-4, Ex. 2.) When Varsity asked for a specific proposal, Plaintiffs responded by saying, "Your position is noted," and informed Varsity that they would file a motion for leave to reply. (Kaiser Decl. ¶ 3.) Given this record, there plainly was no agreement as to 2011 to 2014 data.

Otherwise, Plaintiffs in their proposed reply present a declaration from an economist, which of course should have been included with their original filing, not presented in a proposed reply. The Court should disregard this declaration in its entirety for that reason alone. *See*

*Abraitis v. United States*, No. 11-CV-2077, 2012 WL 2885586, at *1 (N.D. Ohio July 13, 2012)

("New evidence and new arguments are not appropriate in a reply brief."); *see also Select*

*Specialty Hosp.-Memphis, Inc. v. Tr. of Langston Cos., Inc.*, No. 19-CV-2654-JPM-TMP, 2020

WL 4275264, at *9 (W.D. Tenn. July 24, 2020) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d

546, 553 (6th Cir. 2008)) ("An argument raised for the first time in a reply brief is considered

waived.").

Beyond its untimeliness, the declaration does not provide a basis for expanding the data

period by four additional years.  Ultimately, Plaintiffs and their expert proceed from a false

premise that they can somehow increase their damage claim by challenging out-of-period

conduct (which is to say conduct that occurred outside the statute of limitations period).  They do

not dispute that nearly 18 months of pre-period data, which has already been provided, would

otherwise suffice.  But the economist reveals that his "interest[] in studying" various issues using

2011 to 2014 data is based on the faulty legal premise that events in 2015, in particular the out-

of-period acquisition of JAM Brands, can somehow form the basis for an enhanced damages

claim (*see* Mot. for Leave, Ex. 1, at ¶¶ 14-16), which is wrong as a matter of law.  (*See* ECF No.

73 at 8-9.)[1]  Thus, the late-provided declaration changes nothing and Plaintiffs' request for data

from 2011 to 2014 should be denied.  (*See also* Varsity Opp'n Br. at 6-7.)

---

[1] Otherwise the declaration points to unsubstantiated speculation about Varsity's rebate programs
during the pre-2015 period, speculation which is not supported by any allegations in the
Complaint.  (*See, e.g.*, Mot. for Leave, Ex. 1, at ¶ 18 ("there may have been material changes
within the terms of the Varsity Family Plan and the Varsity Network Agreement …."").)  In
addition to being pure speculation put forward for the first time in an untimely declaration,
Plaintiffs cannot challenge those programs as a matter of law because they do not allege below-
cost pricing by Varsity, an absolute legal requirement to challenge a discount program under the
antitrust laws.  (*See* ECF No. 83-1 at 11-12).

## II. Plaintiffs' Other Requests Should Be Denied

### A. Plaintiffs Do Not Dispute that Request 20 Does Not Even Cover the Documents Plaintiffs Seek or Otherwise Justify the Production of So-Called Event Profit and Loss Statements When They and Plaintiffs Already Have the Underlying Information

Plaintiffs do not dispute that Request 20 does not even cover the "event-specific profit and loss statements" they seek. Nor do they identify a specific request to which they would be responsive. In essence, Plaintiffs seek to use their motion to compel as a free shot at non-responsive discovery, which would stand the Federal Rules on their head. Plaintiffs are also simply wrong that "the Ledger Varsity has produced from 2015 forward does not provide information grouped by events [or] compare a particular event's profits to its costs." (Pls.' Proposed Reply Br. at 4.) As the controller of Varsity's All Star business set forth in his sworn declaration, which Plaintiffs do not contradict with a declaration of their own, including from their putative expert, the opposite is the case. (*See* Craft Decl., ECF No. 114 at 1 ("Plaintiffs can readily derive profit and loss statements, at whatever level of specificity they desire, from [the general ledger files].").)

### B. Plaintiffs Provide No Basis to Justify Their Disproportionate Demand for Varsity to Provide the Names of Individuals Responsible for Scoring at Varsity's Events in Response to RFP 56.

Plaintiffs likewise provide no basis for their request for the names of individuals who were responsible for scoring at Varsity's events. They cite a case from 2010, which they acknowledge did not even involve All-Star Cheerleading, the subject of this lawsuit. (Pls.' Opening Br. at 4.) They mischaracterize a statement in an opinion in that case as suggesting that there was "bias in a similar market." (*Id.*) Yet, as the quote on which they seek to justify their request indicates, all Varsity's former chairman said was that part of scoring in cheerleading involves the use of props, and that Varsity sells props. (*Id.*) That is no basis for an allegation of

4

scoring bias in other competitions in a different market, years later, and certainly provides no basis for the disproportionate and irrelevant discovery Plaintiffs seek.

### C.     Plaintiffs Do Not Justify Their Disproportionate Demand for Ticketing Agreements in Response to RFP 62 Simply to Learn if "Title Passed."

Here again Plaintiffs do not justify the massive sweep of their requests and the burden it would impose on Varsity.  And Plaintiffs also misconstrue Varsity's point—Varsity does not suggest that Plaintiffs depose each vendor, rather Varsity simply noted that the practices of Varsity with its vendors could much more efficiently be developed in depositions of Varsity employees.  (*See also* Varsity Opp'n Br. at 11-12.)

### D.     Plaintiffs Do Not Justify Their Disproportionate Demand for All Transactions Between USASF and Varsity or All Employees of USASF with Their Salaries in Response to RFP 77, 78, and 82.

Plaintiffs again provide no basis for the massive sweep of the discovery they seek. Plaintiffs will have ample opportunity to explore the relationship with between Varsity and USASF at depositions and have no real need for data about every payment that one may have made to the other over dozens of years.  (*See also* Varsity Opp'n Br. at 12-14.)

### E.     Plaintiffs Effectively Concede Their Abuse Allegations Are Irrelevant

Plaintiffs purport to "incorporate by reference" an argument about Requests 98 to 111 to USASF that they say covers their Requests 92 to 103 to Varsity.  (*See* Pls.' Proposed Br. at 5.)  In that argument, though, Plaintiffs concede that they "are not seeking to recover damages resulting from any sexual misconduct."  (ECF No. 118-1 at 4.)  Having made that concession, Plaintiffs nevertheless argue say that "USASF should be compelled to produce documents relating to the environment of sexual abuse it enabled."  (*Id.*)

As Varsity discussed in its brief (Varsity Opp'n Br. at 14-19), and as Plaintiffs now essentially concede, Plaintiffs' "sexual abuse" allegations have no place in this case, and

discovery as to them would be a pointless distraction and costly waste of time.  Moreover, Plaintiffs have refused all discovery of them on the subject, calling such discovery "irrelevant," even though the sexual abuse at issue is sexual abuse at the very gyms they seek to represent. And now they have confirmed that they are not even making claims relating to sexual abuse. Their attempt to abuse discovery in this case through requests relating to sexual abuse—all a transparent effort to bully Varsity and USASF with threats of scandal and embarrassment— should be denied.

### F.   Plaintiffs Provide No Justification for the Two Additional Custodians, Whom They Acknowledge are Lower-Level

Plaintiffs' argument in support of adding yet more custodians to the 18 from whose files Varsity is already producing documents is a canard.  Indeed, the only proffered justification for what they seem to acknowledge are "lower-level" employees is the speculation that "such employees will likely have drafts of documents showing Varsity's thought process in implementing its policies, and communications with customers," (Pls.' Mot. for Leave at 5) they say, without any support, that this is "confirmed in Hill's case."  (*Id.*)  But even though Plaintiffs represent customers of Varsity, they are unable to identify a *single* communication that they had involving the individuals at issue, nor do they identify any documents from the thousands that Varsity has already produced that suggests that the individuals are legitimate sources of additional burdensome discovery, given the needs of the case.  The Federal Rules do not permit such endless fishing expeditions.

### III.   Plaintiffs Do Not Defend Their Attempted Reservation of Rights

Finally, it is worth noting that Plaintiffs do not try to defend their attempt to "reserve rights." A self-stated "reservation" cannot sidestep the Court's orders setting May 5, 2021 as the deadline for Plaintiffs to submit disputes to the Court regarding Varsity's responses to Plaintiffs'

requests for production.  (*See* ECF Nos. 61, 101.)

**CONCLUSION**

Plaintiffs in their motion for leave to file reply in support of their motion to compel provide nothing that changes the fact that their motion to compel, and their motion for leave, should be denied.

Dated: June 9, 2021                              Respectfully submitted,

/s Matthew S. Mulqueen

George S. Cary*
Alexis Collins*
Steven J. Kaiser*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
alcollins@cgsh.com
skaiser@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Defendants Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashions & Supplies, LLC*

7
