UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

FUSION ELITE ALL STARS et al.,

        Plaintiffs,

v.

VARSITY BRANDS, LLC et al.,

        Defendants.

Civ. Action No. 2:20-cv-2600

**DECLARATION OF STEVEN J. KAISER IN SUPPORT OF VARSITY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY**

I, Steven J. Kaiser, declare as follows:

1. I am one of Varsity's counsel and have been personally involved in the matters described below.

2. Varsity never agreed to produce data for the 2011 to 2014 time period. Early in the parties' discussions, Varsity indicated to Plaintiffs that, consistent with the Court's orders regarding the coordination of overlapping discovery among this case and the other two cases, Varsity was not inclined to produce data on any particular topic without the agreement of all three plaintiffs groups as to the form and content of such data.

3. During telephonic meet and confer discussions on April 14 and April 30, 2021, Varsity reiterated that it was not inclined to agree to produce data from 2011 while there were numerous other pending issues.

4. On May 21, 2021, Plaintiffs sent me an email stating that they had obtained the agreement of the plaintiffs in the other cases to limit data to 2011 forward and vaguely hinted that, if Varsity were willing to provide that data, the parties "may also enable us to reach

agreement on a number of the other outstanding discovery disputes." When Varsity responded by asking for a specific proposal, Plaintiffs on May 25 responded by writing "[y]our position is noted," and informed Varsity that it would file a motion for leave to reply, which they did the next day. Attached as Exhibit A to this declaration is a true and correct copy of that correspondence.

5. I declare under penalty of perjury that the foregoing is true and correct. Executed on June 9, 2021.

_____
Steven J. Kaiser

# EXHIBIT A

| | |
|---|---|
| **From:** | Vicky Sims |
| **To:** | Kaiser, Steven J.; "mmulqueen@bakerdonelson.com" |
| **Cc:** | Veronica Bosco; Katie Van Dyck; Mark R. Suter; Eric L. Cramer; Karen Garvey |
| **Subject:** | RE: Fusion Elite All Stars v. Varsity Brands, LLC |
| **Date:** | Tuesday, May 25, 2021 10:25:25 PM |

Steve,

Your position is noted.

Plaintiffs intend to file a motion for leave to file a reply in support of our motion to compel. Please advise as to Varsity's position on said request.

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Tuesday, May 25, 2021 5:34 PM
**To:** Vicky Sims <Vicky@cuneolaw.com>; 'mmulqueen@bakerdonelson.com' <mmulqueen@bakerdonelson.com>
**Cc:** Veronica Bosco <VBosco@labaton.com>; Katie Van Dyck <kvandyck@cuneolaw.com>; Mark R. Suter <msuter@bm.net>; Eric L. Cramer <ecramer@bm.net>; Karen Garvey <KGarvey@labaton.com>
**Subject:** RE: Fusion Elite All Stars v. Varsity Brands, LLC

Vicky,

If you have a proposal that Plaintiffs would like to make, please do so. I think the issue of time period of data and everything else below was discussed at significant length during the meet and confers.

Thanks.

___

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

**From:** Vicky Sims <Vicky@cuneolaw.com>
**Sent:** Friday, May 21, 2021 11:08 AM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; 'mmulqueen@bakerdonelson.com' <mmulqueen@bakerdonelson.com>
**Cc:** Veronica Bosco <VBosco@labaton.com>; Katie Van Dyck <kvandyck@cuneolaw.com>; Mark R. Suter <msuter@bm.net>; Eric L. Cramer <ecramer@bm.net>; Karen Garvey <KGarvey@labaton.com>
**Subject:** RE: Fusion Elite All Stars v. Varsity Brands, LLC

Steve,

We write to follow up on the below. Please let us know when we may expect a response to the below inquiries.

We also write to follow up on the issue of the time period for Varsity's data production. You previously requested confirmation that if Varsity produced the requested data back to 2011, parties in the related cases before Judge Lipman would not seek a more expanded set of All Star Apparel and Competition data. We have now obtained that agreement. Plaintiffs in the *American Spirit* and *Jones* cases agree to accept the same All Star Apparel and Competition data as Plaintiffs in *Fusion Elite All Stars*, provided the time period is expanded back to 2011. Plaintiffs are willing to discuss adjusting this time period for any particular categories of data for which there is significant burden associated with going back to 2011.

All parties will, of course, retain the right to ask questions about the data, and we will coordinate those questions, to the best of our ability, as we are already coordinating our data analyses.

Please advise whether this resolves the data time period issue. We are available to discuss at your convenience. We believe that reaching agreement on the data may also enable us to reach agreement on a number of the other outstanding discovery disputes.

---

**From:** Vicky Sims
**Sent:** Friday, April 23, 2021 4:11 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; mmulqueen@bakerdonelson.com
**Cc:** Veronica Bosco <VBosco@labaton.com>; Katie Van Dyck <kvandyck@cuneolaw.com>; Mark R. Suter <msuter@bm.net>; Eric L. Cramer <ecramer@bm.net>; Karin Garvey (KGarvey@labaton.com) <KGarvey@labaton.com>
**Subject:** Fusion Elite All Stars v. Varsity Brands, LLC

Counsel,

Thank you for your data productions. We appreciate Defendants' productions, and seek the adjustments noted below.
1. Please produce all transactional data, rebate data, spectator fee data, general ledger and cost data back to 2011. As we stated on our calls, the other groups share our view that the data production must go back to 2011.
2. Please provide team-level transactional data to the extent it exists
3. Please provide item-level data, in addition to order-level transactional data for apparel sales, as indicated in your sample
4. Please provide transactional, cost and spectator fee data for Worlds, to the extent Varsity possesses it
5. Please provide responses to the below questions regarding the more recently-produced data.

Rebate data

Please provide definitions of the fields included.

Please advise how the following fields are determined or calculated:

1. Rebate percentage
2. Percentage override
3. Competition rebate total amount
4. Rebate cash total amount
5. Rebate apparel credit total amount
6. Apparel rebate

Spectator Fee Data

Please provide more guidance regarding the spectator fee data. Specifically:
1. What is covered by the "Payment Processing" and "Royalty (USD)" fields (see e.g. VAR00117706)?
2. Is "Amount Owed" (= Royalty (USD) + Net Sales (USD)) owed by spectators to Varsity?
3. Why is "Gross Refunded" / "Qty Tickets Refunded" not equal to price?
4. What do the following fields represent: "Reserve Amount (USD)," "Access Codes Applied (USD)," "Public Discounts Applied (USD)," "Coded Discounts Applied (USD)," and "Holds Applied?"

General Ledger

Please define the following fields in the general ledger:
1. Oper Unit
2. Journal Date
3. Journal ID
4. Jrnl Line Number
5. AP Unit
6. Vchr Line #
7. Vchr Distrib Line #

Please also confirm that "Amount" is positive in the event of an expense paid by Varsity and negative in the event of a credit to Varsity.

Further, to the extent that any of the data fields described above are connected to fields in other datasets, please provide a mapping of those connections.


Victoria Sims, Esquire
Cuneo Gilbert & LaDuca
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Phone: (202) 789-3960

Direct: (202) 449-3958

Fax: (202) 789-1813

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement