IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES**, **MICHELLE VELOTTA**, and **CHRISTINA LORENZEN** on Behalf of Themselves and All Others Similarly Situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; JEFF WEBB; CHARLESBANK CAPITAL PARTNERS LLC; and BAIN CAPITAL PRIVATE EQUITY,**<br><br>**Defendants.** | Case No. 2:20-cv-02892-SHL-cgc |

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Joseph Saveri Law Firm, LLP, Bruce Turner, PLLC, Gustafson Glueck PLLC, Hartley LLP, and Paul LLP respectfully submit this memorandum of fact and law in support of their motion to withdraw as counsel for Ms. Christina Lorenzen. The Joseph Saveri Law Firm has been unable to communicate with Plaintiff Christina Lorenzen, making representation excessively difficult. As a member of the class, by withdrawing from representation, there will be no materially adverse impact on Ms. Lorenzen's interests. Ms. Lorenzen's lack of communication has been in violation of her obligations in retention of the Joseph Saveri Law Firm. For these reasons, the Joseph Saveri Law Firm, LLP, Bruce Turner, PLLC, Gustafson Glueck PLLC, Hartley LLP, and Paul LLP's, respectfully moves the court to grant its permission to allow Joseph Saveri Law Firm to withdraw from representing Ms. Christina Lorenzen in this matter.

Plaintiff will continue to be a member of the proposed class and therefore there will be no interruption of representation in this matter. Accordingly, the withdrawal of counsel for Ms. Lorenzen as a class representative will not delay this action or prejudice either party and can be accomplished without material adverse effect on the interests of Ms. Lorenzen. Thus, pursuant to LR 83.5 and the Tennessee Rules of Professional Conduct, the Joseph Saveri Law Firm, LLP, Bruce Turner, PLLC, Gustafson Glueck PLLC, Hartley LLP, and Paul LLP's moves this Court to be allowed to withdraw as counsel of record for Plaintiff Christina Lorenzen.

Counsel is hesitant to reveal anything which may constitute attorney-client communications or attorney work product, and states generally: Counsel reached out to Ms. Lorenzen on September 29, 2021, seeking to set up a phone call to further discuss the case. Williams Decl. ¶ 2. Ms. Lorenzen responded but refused to speak. Williams Decl. ¶ 3. Counsel reached out again to attempt to set up a phone conversation, asking if specific times would work for her. Upon no response, Counsel sent further potential dates ranging from September 29, 2021 to October 11, 2021. Williams Decl. ¶¶ 4-5. Ms. Lorenzen has still not responded to any of these attempts to communicate nor agreed to any of the proposed times to talk. See Williams Decl. ¶¶ 2-6.  The last suggested time for setting up a phone call with Ms. Lorenzen was October 11, 2021. Williams Decl. ¶ 5. As each suggested time has passed, it is clear that Ms. Lorenzen does not intend to continue communicating with counsel. Due to this lack of communication, counsel notified Ms. Lorenzen that they would be filing this motion, and still have not received any response from Ms. Lorenzen. Williams Decl. ¶ 7. While this has been taking place, the action has been proceeding and the Plaintiffs have discovery obligations which must be fulfilled.

The agreement between Ms. Lorenzen and Joseph Saveri Law Firm sets out the duties of both the attorney and the client as a class representative and that Ms. Lorenzen's primary

responsibility in this litigation is to the proposed class. Ms. Lorenzen's lack of communication makes her unable to fulfill her duty to the class to vigorously prosecute the lawsuit. Ms. Lorenzen has failed "substantially to fulfill an obligation to the lawyer regarding the lawyer's services." Tenn. Sup. Ct. R. 8, Rules of Prof'l Conduct R. 1.16(b)(5).  Further, by not communicating with counsel, Ms. Lorenzen has rendered representation unreasonably difficult permitting withdrawal. Tenn. Sup. Ct. R. 8, Rules of Prof'l Conduct R. 1.16(b)(6); *See generally*, *In re Jamie B.*, 2017 WL 2829855, at *6 (Tenn. Ct. App. 2017) (Holding that "a failure to communicate and the failure to appear for trial can render a representation unreasonably difficult"). Despite multiple emails Ms. Lorenzen has refused to communicate in any fashion, making representation impossible. As Ms. Lorenzen has failed to fulfill her obligations to the lawyer and has made representation unreasonably difficult through refusing to communicate, counsel seeks to withdraw from representation pursuant to both LR 8.35 and Rule 1.16 of Tennessee's Rules of Professional Conduct.

As a member of the class, Ms. Lorenzen's rights will not be materially affected through withdrawal, as she remains a member of the class. Permissive withdrawal from representation may occur if the "withdrawal can be accomplished without material adverse effect on the interests of the client." Tenn. Sup. Ct. R. 8, Rules of Prof'l Conduct R. 1.16(b)(1). Upon the resolution of the litigation, Ms. Lorenzen shall remain a class member and recover the same as other class members. Due to being only one of the class representatives in this litigation, withdrawal of representation shall further not delay the proceedings of the case. See e.g., *In re Cincinnati Policing*, 214 F.R.D. 221, 222 (S.D. Oh. 2003) (Holding withdrawal permissible due to remaining class representative would represent the class adequately). As Ms. Lorenzen still retains all her legal rights as a class member, withdrawal can proceed without any material

adverse effect on her interests. Tenn. Sup. Ct. R. 8, Rules of Prof'l Conduct R. 1.16(b)(1). The other class representatives will still be able to zealously protect the interests of the class, and Ms. Lorenzen shall still retain all rights she possesses as a class member.

WHEREFORE, the Joseph Saveri Law Firm, LLP, Bruce Turner, PLLC, Gustafson Glueck PLLC, Hartley LLP, and Paul LLP's hereby requests the Court's permission to withdraw as counsel effective immediately and be relieved of any further obligations.

Dated: October 16, 2021

Respectfully submitted,

By: /s/ Steven N. Williams
        Steven N. Williams

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*
Kevin E. Rayhill*
Elissa A. Buchanan*
Anna-Patrice Harris*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
        swilliams@saverilawfirm.com
        rspeigel@saverilawfirm.com
        krayhill@saverilawfirm.com
        eabuchanan@saverilawfirm.com
        aharris@saverilawfirm.com

Van Turner (TN Bar No. 22603)
**BRUCE TURNER, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile; (901) 290-6611
Email: vturner@bruceturnerlaw.net

Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
Ling S. Wang
**GUSTAFSON FLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, mN 55402
Telephone: (612) 333-8844
Facsimile: (612) 399-6622
Email: dgustafson@gustafsongluek.com
  dhedlund@ gustafsongluek.com
  dnordin@ gustafsongluek.com
  lwang@ gustafsongluek.com


Richard M. Paul III*
Sean R. Cooper*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Email: rick@paulllp.com
  sean@puallp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com


*Admitted pro hac vice*

*Attorneys for Individual and Representative Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2021, I served a copy of the foregoing document via email on the counsel listed below.

| | |
|---|---|
| George S. Cary<br>Steven J. Kaiser<br>**CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>2112 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>gcary@cgsh.com<br>skaiser@cgsh.com | Matthew S. Mulqueen<br>Adam S. Baldridge<br>**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**<br>165 Madison Avenue, Suite 2000<br>Memphis, TN 38103<br>Phone: (901) 526-2000<br>Fax: (901) 577-0866<br>mmulqueen@bakerdonelson.com<br>abaldridge@bakerdonelson.com |
| Paul Coggins<br>Brendan Gaffney<br>**LOCKE LORD LLP**<br>2200 Ross Avenue, Suite 2800<br>Dallas, TX 75201<br>pcoggins@lockelord.com<br>bgaffney@lockelord.com | Grady Garrison<br>Nicole D. Berkowitz<br>James Andrew Roach<br>**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**<br>165 Madison Avenue, Suite 2000<br>Memphis, TN 38103<br>ggarrison@bakerdonelson.com<br>nberkowitz@bakerdonelson.com<br>aroach@bakerdonelson.com |

I hereby certify that on October 16, 2021, I served a copy of the foregoing document via Overnight Delivery on the party listed below.

Plaintiff Christina Lorenzen
1604 Willow Dr.
Berthoud, CO 805013

                                                                                  */s/ Ashleigh Jensen*
                                                                                    Ashleigh Jensen