## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>        Defendants. | Case No. 2:20-cv-02600-SHL-cgc<br><br>**JURY TRIAL DEMANDED** |
| **JONES**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**BAIN CAPITAL PRIVATE EQUITY,** et al.,<br><br>        Defendants. | Case No. 2:20-cv-02892-SHL-cgc<br><br>**JURY TRIAL DEMANDED** |
| **AMERICAN SPIRIT AND CHEER ESSENTIALS, INC.**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al,<br><br>        Defendants. | Case No. 2:20-cv-2782-SHL-cgc<br><br>**JURY TRIAL DEMANDED** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO FACILITATE COORDINATION OF DEPOSITIONS IN THE RELATED ACTIONS

**TABLE OF CONTENTS**

I.     INTRODUCTION ...........................................................................................................1

II.    BACKGROUND ............................................................................................................3

III.   ARGUMENT .................................................................................................................6

IV.    CONCLUSION..............................................................................................................11

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro (collectively, "*Fusion Elite* Plaintiffs"); Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen (collectively, "*Jones* Plaintiffs"); and Plaintiffs American Spirit and Cheer Essentials, Inc., Rockstar Championships, LLC, Jeff & Craig Cheer, LLC, d/b/a Jeff and Craig Camps, and Ashley Haygood (collectively, *American Spirit* Plaintiffs") hereby respectfully submit this Memorandum of Law in Support of their Joint Motion to Facilitate Coordination of Depositions in the above-captioned matters (collectively, the "Related Actions").

## I.    INTRODUCTION

On January 26, 2021, this Court ordered the in *Fusion Elite*, *Jones*, and *American Spirit* Plaintiffs (collectively, "Plaintiffs") to coordinate their discovery efforts and "minimize duplication of deponents and questions at depositions." (Order Establishing Plaintiffs' Discovery Coordination Committee, No. 20-cv-2600, Dkt. 93.) Pursuant to the Order, Plaintiffs have coordinated, wherever feasible. For example, Plaintiffs are discussing and planning depositions, noticing common witnesses, and scheduling Fed. R. Civ. P. 30(b)(1) and 30(b)(6) depositions. Part of that coordination involves the consolidation and allocation of deposition time for shared witnesses in the Related Actions.

To that end, Plaintiffs in the three Related Actions have discussed and agreed to a procedure that would enable them to schedule a single deposition for particular witnesses and to permit all parties to attend and use the transcripts and exhibits from those depositions and to provide and allocate time for Plaintiffs in each case to question common witnesses on non-overlapping issues. However, this is an antitrust case involving a complex record of business transactions and communications occurring over the course of many years. And although All

Star Cheer is a common thread running through the three Related Actions, the cases are not identical.

The Related Actions assert claims and injuries with respect to different markets and affecting different groups of consumers and businesses. *See infra* Section II. As a result, the depositions require more than seven hours to question overlapping witnesses with knowledge relevant to all three cases. Under the Federal Rules, Plaintiffs are arguably allowed to serve a notice of deposition in each Related Action for each common witnesses, thereby requiring those witnesses to sit for potentially two or three separate Fed. R. Civ. P. 30(b)(1) depositions (for a total of 14 to 21 hours of questioning each). Plaintiffs have met and conferred and agreed to a stipulation in order to minimize that burden and promote efficiency. The proposed stipulation would consolidate multiple depositions totaling over 20 hours into a single deposition of 9 to 11 hours in length. With respect to Fed. R. Civ. P. 30(b)(6) depositions noticed in more than one Related Action, the stipulation would provide for an additional three hours for each notice served.[1] Given the many non-overlapping claims in the Related Actions and the various parties involved across the Related Actions, Plaintiffs' proposal provides for efficient discovery, minimizes costs and burdens, and is imminently reasonable.

---

[1] The *Fusion Elite* Plaintiffs and Defendants Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC (collectively, "Varsity") and U.S. All Star Federation, Inc. ("USASF") previously agreed to limit Varsity's 30(b)(6) deposition to 15 hours and USASF's 30(b)(6) deposition to 7 hours. (No. 20-cv-2600, Dkt. 89 at 3.) However, that agreement is limited to depositions noticed only in the *Fusion Elite* Action, and a deposition protocol has not yet been agreed to in the *Jones* or *American Spirit* Actions.

Defendants[2] are unwilling to agree and have rejected it out of hand. Defendants instead seek to treat the Related Actions as a single case and, regardless of the complexity of this action, insist that Plaintiffs should be limited to a single, seven-hour deposition. (Ex. 1 at 1.)

Plaintiffs jointly seek entry of a Proposed Order, submitted herewith, allowing for additional time to depose witnesses whose depositions are noticed by more than one group of Plaintiffs in the Related Actions.[3] Such an order is consistent with protocols followed in other antitrust cases of similar—and arguably smaller—scales, *see infra* Section III, and advances the interests of justice and principles of sound discovery and case management. *See* Fed. R. Civ P. 1 (providing that the Federal Rules of Civil Procedure "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding").

## II.    BACKGROUND

The Complaints in the Related Actions share the allegation that Varsity has, in concert with USASF, monopolized the All Star Competition and All Star Cheer markets (collectively, the "All Star Markets"). (*E.g.* No. 20-cv-2600, Dkt. 56 ¶¶146, 156-69, 189, 194, 217.)

*Fusion Elite* Plaintiffs seek to represent a class of entities and natural persons that directly paid Varsity for: (a) registration, entrance, spectator, or other fees and expenses associated with participation in one or more All Star competitions or (b) All Star apparel. (*Id.* ¶40.) This Court

---

[2] The term "Defendants" refers to all entities and individuals named as defendants in the Related Actions.

[3] Though motions for additional deposition time typically arise after the first seven hours of testimony are taken, anticipatory motions are permitted under circumstances such as these. *MRP Properties, LLC v. United States*, No. 17-11174, 2020 WL 1640161, at *2 (E.D. Mich. Apr. 2, 2020).

denied, in full, Varsity and USASF's motion to dismiss *Fusion Elite* Plaintiffs' complaint on August 26, 2021. (No. 20-cv-2600, Dkt. 141.)

The *Jones* case contains a number of additional claims and names additional parties as Defendants. Plaintiffs further allege that the defendants in their action—Varsity, USASF, Jeff Webb, Charlesbank Capital Partners LLC ("Charlesbank"), and Bain Capital Private Equity ("Bain") (collectively, the "*Jones* Defendants")—conspired to form an exclusionary scheme to monopolize the markets for cheer competitions, cheer camps, and cheer apparel (the "*Jones* Markets"). (No. 20-cv-2892, Dkt. 1 ¶¶1-6, 16-22, 117.) The *Jones* case is therefore substantially broader. The *Jones* Plaintiffs seek to represent parents and families of athletes who participated in the sport of competitive cheer through All Star gyms or schools and who indirectly paid more than they otherwise would have for goods and services in the *Jones* Markets absent the *Jones* Defendants' anticompetitive conduct. (*Id*. ¶¶1-6, 29.)

The *American Spirit* Plaintiffs bring additional allegations related to the All Star Gyms, as well as monopolization of markets for recreational and scholastic cheerleading and athletic equipment, band uniforms, graduation regalia, and cheer on behalf of parents, others similarly situated, and the entities referenced in the *American Spirit* complaint.  In addition to their Sherman Act claims, the *American Spirit* Plaintiffs bring claims under federal and state RICO statutes. (No. 20-cv-2782, Dkt. 1 ¶¶1-2.) The *American Spirit* Plaintiffs also name BSN Sports, LLC; Stanbury, LLC; Herff Jones, LLC; Varsity Intropa Tours, LLC; and the USA Federation for Sport Cheering as defendants. (*Id*. ¶¶9-21.)

While there are witnesses common to each of the case and there is some overlap in relevant evidence and proof, there are substantial differences. For example, each of the Related Actions has both overlapping and also distinct claims arising out of distinct acts in different

markets affecting different parties. Plaintiffs in the Related Actions have internally agreed to certain coordination measures, including communicating in advance of all depositions to minimize duplicative questions. In order to promote efficiency and coordination, Plaintiffs have met, conferred and agreed to a reasonable process to streamline depositions and to provide for the use of the depositions taken in each of the Related Actions. The proposed stipulation would permit Plaintiffs in each case to attend and use the transcripts and exhibits from one another's depositions, (*see* Proposed Order at ¶¶4-5), and to coordinate and take a single deposition of common witnesses with the requisite time needed to address non-overlapping issues, (*see* Proposed Order at ¶¶6-7).

The relevant overlapping percipient witnesses include numerous current and former Varsity employees. Many of them have a decade or more of knowledge regarding Varsity's operations. They have also served on various USASF boards and committees, and they are custodians for thousands of documents already produced in *Fusion Elite*.[4] Their knowledge of

---

[4] While Varsity and USASF have made productions related to *Fusion Elite* Plaintiffs' claims, productions have largely not yet commenced at all related to the non-overlapping claims in the *Jones* and *American Spirit* Actions.

- In the *Jones* Action, four motions to compel are pending against the *Jones* Defendants— including Varsity, Jeff Webb, Bain, and Charlesbank—seeking certain custodians, application of certain search terms, and production on certain requests and time periods. (No. 2:20-cv-02892, Dkts. 100, 101, 102, and 103.) To the extent the *Jones* Plaintiffs have access to productions and custodians relevant to their claims and allegations, they are making best efforts to participate and complete the depositions on the topics where it is possible to do so and where sufficient custodians and productions exist. To the extent document production has not occurred or remains in dispute, *Jones* Plaintiffs reserve their rights to reserve their time and continue any depositions where custodians or documents on claims are not yet produced or, in the alternative, where any disputes as to those documents are not yet resolved.

- Regarding several Defendants and topics, the *American Spirit* Plaintiffs may not obtain discovery until the Court denies Defendants' motions to dismiss *American Spirit*. (No. 2:20-cv-02782-SHL-cgc, Dkt. 132 at *4). Consequently, the *American Spirit* Plaintiffs

the issues in this litigation is "particularized and distinct." *In re Intel Corp. Microprocessor Antitrust Litig.* ("*Intel*"), No. CIV. A. 05-441-JJF, 2008 WL 5377979, at *1 (D. Del. Dec. 18, 2008).

### III.   ARGUMENT

To enable Plaintiffs in all three Related Actions to coordinate common depositions and avoid noticing duplicative percipient witness and 30(b)(6) depositions, Plaintiffs must have the ability to attend, ask questions at, and use testimony from depositions noticed in any of the other Related Actions. If this is not permitted, Plaintiffs in each of the Related Actions will each have to notice their own depositions. If this were the case, many witnesses would be subject to 3 separate depositions for a cumulative 21 hours. Plaintiffs' goal is to avoid this scenario and coordinate depositions to avoid duplicative questions and wasting the time of witnesses, the parties, and counsel. Still, it is imperative that coordinating Plaintiffs be allowed sufficient time to develop the evidence to which they are entitled to prove their case. The parties should be permitted, at each deposition, to question witnesses about issues specific to their cases, to the extent possible.

Plaintiffs will work together to coordinate in advance of all depositions to minimize duplication of questions and promote the efficient use of the parties' and the witnesses' time.

---

reserve their right to obtain further discovery (including further deposition testimony) if and when the Court denies Defendants' motions to dismiss the *American Spirit* complaint.

- *Fusion Elite* Plaintiffs' allegations regarding the Varsity and USASF Defendants' conduct concerning sexual abuse and background checks are subject to a Motion to Strike, and discovery concerning those allegations is currently paused. *Fusion Elite* Plaintiffs similarly reserve their rights to seek further time, if necessary, and continue any depositions to pose questions regarding these topics.

Any continued depositions will be subject to the time limits agreed upon by the parties or ordered by this Court.

Additionally, though, given the different markets, parties, and interests involved, each plaintiff group will need to ask distinct questions about distinct markets or conduct affecting distinct allegedly injured parties. For instance, the *Jones* Plaintiffs will need to question witnesses about cheer camps and scholastic cheer apparel and competitions, in addition to the All Star Cheer. Similarly, the Court entitled the *American Spirit* Plaintiffs to question witnesses about (a) athletic equipment, (b) band uniforms, and (c) graduation regalia if and when it denies any of Defendants' motions to dismiss in *American Spirit*.  (No. 2:20-cv-02782-SHL-cgc, Dkt. 132 at 4).  Even now, however, the *American Spirit* Plaintiffs are entitled to discovery specific to the claims of the apparel companies, independent competition production companies, and independent camp production companies they represent.  Indeed, these companies are unrepresented in any of the other actions. This will require an allocation of additional time beyond the seven hours that Defendants agreed to for just the *Fusion Elite* Action.

Had discovery in the Related Actions not been coordinated, overlapping witnesses would have been subject to three separate seven-hour depositions, one for each case. Plaintiffs proposed the following terms to Defendants after noticing the depositions of two former Varsity employees:

> Plaintiffs in any of the Related Actions may serve a notice of deposition with respect to any deposition noticed pursuant to Rule 30(b)(1) by Plaintiffs in one of the other Related Actions. For each additional notice that is served, Plaintiffs shall receive two additional hours to examine Defendants' Witnesses, in addition to the time provided in the Discovery Order, Doc. No. 89 (seven hours), for a total of 11 hours should Plaintiffs in all three Related Actions notice the deposition. The additional time requirements set forth herein will apply to depositions first noticed by Plaintiffs in any of the Related Actions.

(Proposed Order at ¶6.) This reduces the total time Plaintiffs would have been allotted under Rule 30(d)(1), for depositions noticed in all three Related Actions, by 10 hours. Defendants rejected this proposal and took a position that ignores the realities of discovery in antitrust

matters of this size and scope, unliterally declaring that "there will not be more than one deposition of any individual in the three cases without leave of court" and demanding that no deposition exceed seven hours. (Ex. 1 at 1, 2.) Defendants' position places far greater restrictions on depositions than those imposed by Rule 30.

"Although the rule generally limits a deposition to a single day of seven hours, on its face, the rule provides for extensions beyond that presumptive limitation." *Dow Chem. Co. v. Reinhard*, No. 07-12012-BC, 2008 WL 1735295, at *3 (E.D. Mich. Apr. 14, 2008). Rule 30(d)(1) specifically instructs, "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The advisory committee notes further explain that additional time may be justified where numerous and lengthy documents are involved, in multi-party cases, and where the witness's lawyer wants to examine him or her. *Id*.; *Dow Chem.*, 2008 WL 1735295, at *3. "[I]t is precisely the facts and circumstances of any given litigation which must be considered in determining whether an extension of the time for deposition is 'needed to fairly examine the deponent.'" *Intel*, 2008 WL 5377979, at *2.

As in *Intel*, the allegations made in the Related Actions "touch upon the entirety of the [cheerleading] industry" as well as youth sports, marching bands, and academic regalia. *Id*. at *4. "As a suit arising under the antitrust laws, it is not simply an action between private litigants seeking to resolve personal grievances but rather one potentially having broad consequences affecting large numbers of customers and millions of consumers." *Id*. The conduct at issue in the Related Actions goes back to at least 2004 and involves billions of dollars in sales by Varsity in large national markets. (*E.g.* No. 20-cv-2600, Dkt. 56 ¶¶38, 59, 70-71, 73, 168, 197); *see also*

*United States v. City of Evansville*, No. 09-cv-00128, 2012 WL 3867134, at *2 (S.D. Ind. Sept. 5, 2012) ("Allegations of damages spanning many years is a potential justification for allowing additional time."); *MRP Properties*, 2020 WL 1640161, at *2 (allowing a defendant ten hours per deposition "to question the experts regarding overarching policies and historical events, as well as detailed information about twelve separate refineries").

Recognizing that the scope of these allegations would require discovery beyond what is contemplated by the Federal Rules of Civil Procedure, *Fusion Elite* Plaintiffs, Varsity, and USASF submitted a stipulation, which this Court approved, allowing each side 55 non-expert depositions, including one corporate deposition of 15 hours, for Varsity Defendants and one corporate deposition of 7 hours for USASF. (No. 20-cv-2600, Dkt. 89 at 3.) Concerning 30(b)(1) depositions, the stipulation provides, consistent with Rule 30(d)(1), that "no witness shall be deposed for more than one day of 7 hours." (*Id.*) The stipulation does *not*, however, contemplate the number of hours permitted when a party in a separate matter, such as one of the Related Actions, separately notices a deposition of the same witness. Nor does the Order Establishing Plaintiffs' Discovery Committee allocate or limit deposition time. It simply instructs Plaintiffs to "minimize duplication of deponents and questions at depositions," which Plaintiffs are seeking to do through this Motion and the Proposed Order. (No. 20-cv-2600, Dkt. 93 at 5.) Plaintiffs in the three Related Actions will require more than seven hours for the depositions of witnesses with knowledge relevant to more than one of the Related Actions, to the extent they are noticed in multiple actions. To be clear, for depositions only noticed in one of the Related Actions, the seven-hour limit would govern, and no additional time would be sought, for Plaintiffs' questions.

Plaintiffs' request for additional time is consistent with deposition protocols in other antitrust cases. *See*, *e.g.*, *Intel*, 2008 WL 5377979, at *4 (permitting depositions between 14 and 22.5 hours long for six fact witnesses); Ex. 2 at 5, *In re Hard Drive Suspension Assemblies Antitrust Litig.*, No. 19-md-02918, Dkt. 287 (N.D. Cal. Nov. 6, 2020) (generally permitting depositions up to 9 hours when noticed by 3 separate groups of plaintiffs, with two sets of non-overlapping claims); Ex. 3 at 7, *In re Qualcomm Antitrust Litig.*, No. 17-md-02773, Dkt. 305 (N.D. Cal. Jan. 24, 2018) (generally permitting depositions up to 14 hours for all Apple and Qualcomm employees and all non-party deponents); Ex. 4 at 2, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944, Dkt. 1738 (N.D. Cal. June 17, 2013) (permitting depositions up to 15 hours when noticed by two separate groups of plaintiffs). As in these antitrust cases, the claims here involve multiple classes of direct and indirect purchasers. The Related Actions make certain similar allegations. Both the *Jones* and *American Spirit* matter involve markets that are not at issue in *Fusion Elite*. They also involve different class members and different transactions.

Defendants also ignore the difficulties created by the COVID-19 pandemic. Many, if not all, of the depositions will take place via remote video technology. Counsel for *Fusion Elite* Plaintiffs are located in Washington, DC; Philadelphia; and New York. Counsel for *Jones* Plaintiffs are in San Francisco; Seattle; Kansas City; Minneapolis; Memphis; and other locations. Counsel for *American Spirit* Plaintiffs are in Alpharetta, Georgia. Most of the fact witnesses are located in Memphis, although some of them have temporarily relocated during the pandemic. Thus, while Plaintiffs are working diligently with vendors to ensure that these remote proceedings run smoothly, technical difficulties are bound to arise, and sharing documents through computer screens will inevitably consume more deposition time than usual. Under these circumstances and given the scope of the Related Actions and the witnesses' knowledge,

Plaintiffs' proposal will reasonably and fairly allow the parties to examine deponents, as Rule 30(d)(1) permits, without any undue burden on Defendants. The additional limited number of hours Plaintiffs are requesting should be permitted.

## IV.    CONCLUSION

In order to facilitate efficient and non-duplicative depositions in the Related Actions, as called for by the Order Establishing Plaintiffs' Discovery Coordination Committee (No. 20-cv-2600, Dkt. 93), Plaintiffs respectfully request the entry of a deposition coordination order. The scope of litigation before this Court is broad, and Plaintiffs are entitled to a full and fair opportunity to depose witnesses with relevant knowledge. Plaintiffs' proposal—which will allow for an additional four hours of questioning, across all three Related Actions, for 30(b)(1) depositions and an additional six hours for 30(b)(6) depositions noticed in all three Related Actions—is restrained and reasonable under the circumstances. For these and the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion and implement the necessary coordination provisions for depositions noticed, including an additional two hours of questioning for each additional notice of a 30(b)(1) deposition and an additional three hours for each additional notice of a 30(b)(6) deposition served in the Related Actions.

Dated: October 19, 2021                    Respectfully submitted,

By: */s/ Katherine Van Dyck*
Jonathan W. Cuneo*
Katherine Van Dyck*
Victoria Sims*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Mark R. Suter*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
**LABATON SUCHAROW LLP**
140 Broadway New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.com

*Interim Co-Lead Counsel in the Fusion Elite Action for the Proposed Direct Purchaser Class*

J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel in the Fusion Elite Action for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
**JUSTICE CATALYST LAW, INC.**
718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703

cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Counsel in the Fusion Elite Action for the Proposed
Direct Purchaser Class*

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*
Kevin E. Rayhill*
Elissa A. Buchanan*
Anna-Patrice Harris*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940

13

Email:  jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspeigel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
aharris@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Email: vturner@bruceturnerlaw.net

Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
Ling S. Wang
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
lwang@gustafsongluek.com

Richard M. Paul III*
Sean R. Cooper*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Email: rick@paulllp.com
sean@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com

14

*Attorneys in the Jones Action for Individual and Representative Plaintiffs*

Robert A. Falanga*
Kobelah Svensen Bennah*
**LAW OFFICES**
**FALANGA & CHALKER**
11200 Atlantis Pl #C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123

*Interim Lead Class Counsel in the American Spirit Action for the Proposed Independent Event Production Class, the Competitive Recreational, College, High School or Junior High School Student Parent Class, the Apparel, Athletic Equipment and Merchandise Class, and the Cheer Camp Market Class*

* Admitted pro hac vice