# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS et al.,<br><br>    Plaintiffs,<br>  v.<br><br>VARSITY BRANDS, LLC et al.,<br><br>    Defendants. | No. 2:20-cv-02600-SHL-atc<br><br><br>**VARSITY BRANDS, LLC, VARSITY SPIRIT LLC, AND VARSITY SPIRIT FASHIONS & SUPPLIES LLC ANSWER TO THE FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendants Varsity Brands, LLC, Varsity Spirit LLC, and Varsity Spirit Fashions & Supplies, LLC ("Varsity"), as and for their answer to the Consolidated Complaint, (Oct. 2, 2020) ECF No. 56 (the "Complaint"), respectfully state as follows:

No response is required to the various headings or subheadings throughout the Complaint. To the extent that responses are required to such headings or subheadings, they are denied. To the extent that any allegation is not specifically admitted, it is denied.

To the extent the allegations in the Complaint refer to the U.S. All Star Federation ("USASF"), its employees, or any related entities or persons, Varsity lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them as specified in Federal Rule of Civil Procedure 8.1(b)(5). In addition, the Complaint collectively refers to Varsity and USASF as "Defendants." To the extent that the allegations in the Complaint relate to a collective group of "Defendants," unnamed defendants, or others, Varsity denies the allegations to the extent they suggest that Varsity engaged in any scheme, enterprise, conspiracy, or other wrongdoing.

1. Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 1.

2. Varsity admits that the company that is now known as Varsity Spirit was founded by Jeff Webb in 1974, and otherwise denies the allegations in Paragraph 2.

3.      Varsity admits that cheerleading can take several forms, including club cheerleading, and that USA Cheer describes itself as "the National Governing Body for Sport Cheering in the United States."  The terms "elite" and "competitive type" are vague and ambiguous and Varsity denies the allegations in Paragraph 3 on that basis.  As to the quotation, Varsity refers to the indicated document for its true and complete contents.

4.      Varsity admits that some cheer events are not staged as support for football or basketball games.  Because the terms employed are vague and ambiguous, Varsity otherwise denies the allegations asserted in this paragraph.

5.      Varsity denies the allegations in Paragraph 5.

6.      Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 6 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that cheerleading can take several forms, including club cheerleading.  Varsity admits that cheerleading teams may compete with each other at competitions.  Varsity otherwise denies the allegations asserted in this paragraph.

7.      Varsity admits that certain competitions are produced and/or promoted for All Star teams.  Varsity admits that, like any business providing a service, Varsity having customers is important to its success.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the remaining allegations contained in Paragraph 7 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

8.      Paragraph 8 consists of characterizations of Plaintiffs' case, to which no response is required.  To the extent a response is required, Varsity denies there is any basis for Plaintiffs' claims and therefore denies the allegations.

9.      Paragraph 9 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

10.     Paragraph 10 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

11.     Paragraph 11 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

12.     Paragraph 12 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

13.     Paragraph 13 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 13 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

14.     Varsity denies the allegations in Paragraph 14.

15.     Varsity denies the allegations in Paragraph 15.

16.     Varsity denies the allegations in Paragraph 16.

17.     Paragraph 17 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 17 for their true and correct contents.  Varsity otherwise denies the allegations in Paragraph 17.

18.     Varsity denies the allegations in Paragraph 18.

19.     Paragraph 19 purports to characterize the contents of a television series, which speaks for itself.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of whether the purported statement was made.  Varsity denies that its President "was forced to acknowledge that he 'understand[s]' the observation that Varsity controls cheerleading," and Varsity denies the context in which Plaintiffs seek to misleadingly quote the statement and otherwise denies the allegations in Paragraph 19.

20.     Varsity admits that its President, referring to the many products and services that Varsity offers its customers, made the indicated statement, but denies the context in which Plaintiffs seek to misleadingly quote the statement and otherwise deny the allegations in Paragraph 20.

21.     Varsity denies the allegations in Paragraph 21.

22.     Paragraph 22 states legal conclusions and characterizes Plaintiffs' purported legal position to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity notes in particular denial of the characterization that this case has been brought by "the Class" as no class has been certified.

23.     Paragraph 23 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

24.     Varsity does not contest venue in the United States District Court for the Western District of Tennessee.

25.     Paragraph 25 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity admits that it does business in the United States and in the Western District of Tennessee and does not contest in personam jurisdiction over it for this action.  Varsity otherwise denies the allegations asserted in this paragraph.

26.     Varsity denies the allegations in Paragraph 26.

27.     Paragraph 27 states legal conclusions to which Varsity need not respond.  Varsity admits that its products and services are sometimes sold in interstate commerce.  Varsity otherwise denies the allegations in Paragraph 27.

28.     Varsity denies the allegations in Paragraph 28.

29.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 29 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that Fusion Elite All Stars has purchased from Varsity.  Varsity otherwise denies the allegations in Paragraph 29.

30.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 30 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that Spirit Factor LLC d/b/a Fuel

Athletics has purchased from Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

31.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 31 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that Stars and Stripes Gymnastics Academy, Inc. d/b/a Stars and Stripes Kids Activity Center has purchased from Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

32.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 32 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

33.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 33 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

34.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 34 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

35.     Varsity admits the allegations in Paragraph 35, except that Varsity Brands, LLC has a principal place of business in Dallas, Texas, not Memphis, Tennessee.

36.     Varsity admits the allegations in Paragraph 36.

37.     Varsity admits the allegations in Paragraph 37.

38.     Varsity admits that it has been a portfolio company of Bain Capital Private Equity since July 2018, and has been privately held since 2003.  Varsity otherwise denies the allegations asserted in this paragraph.

39.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 39 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

40.     Paragraph 40 characterizes Plaintiffs' action and states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

41.     Paragraph 41 characterizes Plaintiffs' action and states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

42.     Paragraph 42 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 42 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

43.     Paragraph 43 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

44.     Paragraph 44 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

45.     Paragraph 45 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

46.     Paragraph 46 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

47.     Paragraph 47 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

48.     Paragraph 48 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

49.     Paragraph 49 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

50.     Paragraph 50 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

51.     Paragraph 51 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

52.     Paragraph 52 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

53.     Paragraph 53 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

54.     Paragraph 54 characterizes Plaintiffs' complaint and states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

55.     Paragraph 55 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

56.     Paragraph 56 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Paragraph 56 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 56 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

57.     Paragraph 57 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

58.     Paragraph 52 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

59.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 59 insofar as they relate to

individuals or entities other than Varsity.  Varsity admits that in June 2020, Varsity Brands announced it had completed transactions raising approximately $185 million in new capital. Varsity otherwise denies the allegations asserted in this paragraph.

60.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 60 insofar as they relate to individuals or entities other than Varsity.  Paragraph 60 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 60 for their true and correct contents.  Varsity admits that All Star cheer can be athletically rigorous and technically challenging, requiring strength, flexibility, endurance effort, coordination, and cooperative teamwork, among other skills.  Varsity otherwise denies the allegations asserted in this paragraph.

61.     Varsity admits the allegations asserted in Paragraph 61, noting that tumbling is subject to various limitations in All Star cheer based on the skill level and age group of the athletes and that coaches and choreographers determine which tumblers do individual tumbling passes.

62.     Varsity admits the allegations asserted in Paragraph 62, noting that stunting is subject to various limitations in All Star cheer based on the skill level and age group of the athletes.

63.     The term "drill style" is vague and ambiguous, and Varsity denies that dance movements all fit that characterization.  Varsity otherwise admits the allegations asserted in Paragraph 63.

64.     Varsity admits the allegations asserted in Paragraph 64, noting that routines have varying degrees of difficulty based on skill level and age group.

65.     Varsity admits the allegations asserted in Paragraph 65.

66.     Varsity denies that Jeff Webb "hired hot dogs."  Varsity otherwise admits the allegations asserted in Paragraph 66.

67.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 67 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that All Star cheer emerged in the late 1980s.

68.     Varsity admits the allegations asserted in Paragraph 68.

69.     Varsity admits the allegations asserted in Paragraph 69, except that Varsity denies that NCA was UCA's "only rival" and denies that "WE ARE CHEERLEADING" is a registered trademark of UCA.

70.     Varsity admits that in 2004, it acquired the National Spirit Group, the parent company of the National Cheerleading Association.

71.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 71 insofar as they relate to individuals or entities other than Varsity.  The allegation that Varsity "created" the USASF is vague and ambiguous and on that basis Varsity denies it.  Varsity admits that it owns the National Cheerleading Association, CheerSport, and America's Best Championships brands.  Varsity otherwise denies the allegations asserted in this paragraph.

72.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 72 insofar as they relate to individuals or entities other than Varsity.  Paragraph 72 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 72 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

73.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 73 insofar as they relate to individuals or entities other than Varsity.  Paragraph 73 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such

characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 73 for their true and correct contents. Varsity admits that it funded the USASF at its inception and for some years thereafter (no other industry participant would do so). Varsity denies that it provided an "interest-free $1.8 million loan" at the inception of USASF in 2003 but admits that any money that Varsity provided to support USASF was repaid by 2013. Varsity admits that it has supported USASF throughout its existence and that, as part of supporting the USASF's work, it has donated employee time and provided office space to help start the organization. Varsity otherwise denies the allegations asserted in this paragraph.

74.     Varsity admits it has supported USASF throughout its existence and donated employee time and provided office space to help start the organization. Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 74 insofar as they relate to individuals or entities other than Varsity. Paragraph 74 purports to characterize the contents of written documents, which documents speak for themselves. Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 74 for their true and correct contents. Varsity otherwise denies the allegations asserted in this paragraph.

75.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 75 insofar as they relate to individuals or entities other than Varsity. Paragraph 75 purports to characterize the contents of written documents, which documents speak for themselves. Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 75 for their true and correct contents. Varsity admits that it supplied office space for USASF as part of it support. Varsity otherwise denies the allegations asserted in this paragraph.

76.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 76 insofar as they relate to individuals or entities other than Varsity. Paragraph 76 purports to characterize the contents of

written documents, which documents speak for themselves.  Varsity admits that it owns the brands associated with the Universal Cheerleaders Association, the Universal Dance Association, the National Cheerleaders Association, the United Spirit Association, the American Cheerleaders Association, the Universal Dance Association, and JAMFest.  Varsity admits that it has paid the salaries of some USASF staff members in the past, and that Varsity was later reimbursed for those payments by USASF.  Varsity otherwise denies the allegations asserted in this paragraph.

77.     Varsity admits the allegations asserted in Paragraph 77.

78.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 78 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

79.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 79 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that Bill Seely is the President of Varsity Spirit LLC and the President of USA Cheer.  Varsity otherwise denies the allegations asserted in this paragraph.

80.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 80 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

81.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 81 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

82.     Paragraph 82 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with

the contents of the referenced documents and refers to the documents cited in Paragraph 82 for their true and correct content.

83.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 83.  Varsity otherwise denies the allegations asserted in this paragraph.

84.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 84 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that it offers many popular cheer events under a variety of brand names and denies that its connection to those events is hidden.  Varsity otherwise denies the allegations asserted in this paragraph.

85.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 85 insofar as they relate to individuals or entities other than Varsity. Insofar as the term "business model" is vague and ambiguous, Varsity otherwise denies the allegations asserted in this paragraph.

86.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 86 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

87.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 87 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

88.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 88 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that bids can be fully paid, partially paid, or at-large, and that bids are typically awarded at competitions by the producers of those competitions. Varsity otherwise denies the allegations asserted in this paragraph.

89.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 89 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that it offers events under The Summit and U.S. Finals brands. Varsity otherwise denies the allegations asserted in this paragraph.

90.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 90 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

91.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 91 and otherwise denies the allegations in this paragraph.

92.     Varsity admits the allegations asserted in Paragraph 92, except that Varsity denies that USASF is "under the control of Varsity."

93.     Varsity denies the allegations in this paragraph.

94.     The allegations in Paragraph 94 are vague and ambiguous and on that basis, Varsity denies the allegations in Paragraph 94.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 95 insofar as they relate to individuals or entities other than Varsity.

95.     Varsity admits that Varsity Spirit LLC offers a competition under The Summit brand, which it founded in 2013.

96.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 96 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that The Summit is a high-caliber event with a number of divisions, and that the event has been held in the past at the ESPN's Wide World of Sports Complex at the Walt Disney World Resort.  Varsity otherwise denies the allegations asserted in this paragraph.

97.     Varsity admits that it typically requires teams which attend The Summit to receive a bid, and that, as the producer of the Summit, it determines which competitions have the authority to award bids to The Summit.  Varsity otherwise denies the allegations asserted in this paragraph.

98.     Varsity admits that the bids to attend The Summit, a Varsity-produced event, are only available from other Varsity-produced events.  Varsity otherwise lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 98.

99.     Varsity admits that Varsity Spirit LLC offers a competition under the U.S. Finals brand.

100.    Varsity admits that U.S. Finals-branded events were scheduled to take place in multiple locations, including in April and May 2021 in Sevierville, TN; Grapevine, TX; Myrtle Beach, SC; Phoenix, AZ; Louisville, KY; Pensacola, FL; Kansas City, MO; and Ocean City, MD. These events had to be canceled, however, due to the global Covid-19 pandemic.  Varsity admits that in the past U.S. Finals-branded events have taken place in multiple locations and that the scores from the various locations are compared.  Varsity otherwise denies the allegations asserted in Paragraph 100.

101.    Varsity denies the allegations asserted in Paragraph 101.

102.    Paragraph 102 provides a definition of All Star Apparel that Plaintiffs have adopted and as to which no response is required.  For convenience, Varsity will follow this definition in responding to the Complaint, but denies the definition has any significance.

103.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 103 insofar as they relate to individuals or entities other than Varsity.

104.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 104 insofar as they relate to individuals or entities other than Varsity.

105.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 105 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that All Star cheer athletes wear uniforms, which vary greatly, and otherwise denies the allegations asserted in this paragraph.

106.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 106 insofar as they relate to individuals or entities other than Varsity, including USASF rules.  Varsity otherwise denies the allegations asserted in Paragraph 106.

107.     Varsity admits that it started selling apparel in 1980, including apparel that may have been used in All Star Competitions.  Varsity otherwise denies the allegations in Paragraph 107.

108.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 108.  Varsity refers to the referenced "article" for its full and complete contents.

109.     Paragraph 109 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 109 for their true and correct contents.  Varsity otherwise denies the allegations in Paragraph 109.

110.     Varsity admits that it determines the entities with which it partners for Varsity events.  Varsity otherwise denies the allegations in Paragraph 110.

111.     Varsity admits the allegations asserted in Paragraph 111.

112.     Varsity admits the allegations asserted in Paragraph 112.

113.     Varsity admits the statements cited from the Varsity website are correct and that, to the extent it offers All Star Competition as defined in the Complaint, they are sanctioned by the USASF. Varsity otherwise denies the allegations in Paragraph 113 because, among other things, they are vague and imprecise.

114.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 114, other than Varsity admits that some All Star Gyms have paid Varsity registration fees to enter All Star Competitions.  The term "close economic substitutes that could constraint their pricing" is vague and ambiguous, as is the term "leading up to" and Varsity denies the associated allegations on that additional basis. Varsity otherwise denies the allegations asserted in Paragraph 114.

115.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 115.

116.     Varsity admits that the USASF develops rules for All Star Competitions and that the USASF rules provided for segmentation into levels and divisions.  Varsity otherwise denies the allegations in Paragraph 116.

117.     The term "functional or economic substitute" is vague and ambiguous and on that basis Varsity denies the allegations in the first sentence of Paragraph 117.  Varsity lacks sufficient information to form a belief as to whether the allegations in the paragraph are always true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and on that basis denies them.

118.     The term "functional or economic substitute" is vague and ambiguous and on that basis Varsity denies the allegations in the first sentence of Paragraph 118.  Varsity lacks sufficient information to form a belief as to whether the allegations in the paragraph are always true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and on that basis denies them.

119.     The term "functional or economic substitute" is vague and ambiguous and on that basis Varsity denies the allegations in the first sentence of Paragraph 119.  Varsity lacks sufficient information to form a belief as to whether the allegations in the paragraph are always true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and on that basis denies them.

120. The term "functional or economic substitute" is vague and ambiguous and on that basis Varsity denies the allegations in the second sentence of Paragraph 120. Varsity admits that it has supported STUNT. The remainder of the paragraph contains vague and ambiguous allegations, which Varsity denies on that basis. Varsity refers to the cited document for its true and accurate contents. Varsity otherwise denies the allegations in Paragraph 120

121. The terms "essentially owned by," "funded by," and "run by" are vague and ambiguous and on that basis Varsity denies the allegations in Paragraph 121.

122. Paragraph 122 states legal conclusions to which Varsity need not respond. To the extent any response to these allegations is necessary, Varsity denies them.

123. Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 123 insofar as they relate to individuals or entities other than Varsity and otherwise denies the allegations.

124. Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 124 insofar as they relate to individuals or entities other than Varsity and otherwise denies the allegations.

125. The term "functional or economic substitute" is vague and ambiguous and on that basis Varsity denies the allegations in the first sentence of Paragraph 125. Varsity otherwise lacks sufficient information to form a belief as to whether the allegations in the paragraph are true.

126. Varsity denies the allegations in Paragraph 126.

127. Varsity denies the allegations in Paragraph 127.

128. Varsity admits that it acquired JAM Brands in 2015. Varsity otherwise denies the allegations in the first and second sentences of Paragraph 128. As to the alleged magazine quote, Varsity refers to the cited publication for its true and complete contents, which it does not endorse. Varsity otherwise denies the allegations in Paragraph 128.

129. Varsity denies the allegations in Paragraph 129 other than it admits that it decides what teams are allowed to compete at its events (including so-called All Star Championships)

and that USASF decides what teams are allowed to compete at Worlds, based on long-established rules and procedures.

130.    Varsity denies that the marketing phrase "we are cheerleading" illustrates "dominance" by Varsity or anyone else.

131.    Varsity denies the allegations in Paragraph 131.

132.    Varsity admits that an event producer must be able to finance the events it wants to produce but denies any implication that this imposes any barrier to entry, particularly given the myriad of entities that produce events.  Varsity otherwise denies the allegations in Paragraph 132.

133.    Varsity admits that a competition must have teams to be a competition but denies the implication that this imposes any barrier to entry, particularly given the thousands of teams and myriad of entities that produce events.  Varsity otherwise denies the allegations in Paragraph 133.

134.    Varsity admits that a competition must have some means of scoring events and judges typically serve that role denies the implication that this imposes any barrier to entry, given the widespread availability of judges and myriad of entities that produce events.  Varsity otherwise denies the allegations in Paragraph 134.

135.    Varsity denies the first sentence of Paragraph 135.  Varsity admits that competitions must have rules.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations about what all event producers and teams "want" in respect of competitions.  Varsity otherwise denies the allegations in Paragraph 135.

136.    Varsity denies the allegations in Paragraph 136.

137.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 137 and denies the allegations directed against it.

138.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 138.

139.    Varsity denies the allegations in Paragraph 139.

140.    The terms "specialized apparel," "specialized equipment," and "every detail" are vague and ambiguous and on that basis Varsity denies the allegations in the first sentence of Paragraph 140.  Varsity refers to the USASF's rules for their true and accurate content and, to the extent that allegations in Paragraph 140 are inconsistent with those rules and otherwise denies the allegations in Paragraph 140.

141.    The term "specialized apparel and equipment" is vague and ambiguous and on that basis, and on the basis that Varsity does not know what, if anything, gyms "require," Varsity denies the allegations in Paragraph 141.

142.    Varsity denies the allegations in Paragraphs 142.

143.    Paragraph 143 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity also notes that the terms "primary market," "USASF standards," and "targeted customers" are vague and ambiguous.  Varsity otherwise denies the allegations in Paragraph 143.

144.    Varsity denies the allegations in Paragraph 144.

145.    Varsity admits that it holds at least 200 copyrights on uniform designs, and that it has successfully enforced its copyrights when they have been infringed.  Varsity otherwise denies the allegations in Paragraph 145.

146.    Varsity denies the allegations in Paragraph 146.

147.    Varsity denies the allegations in Paragraph 147.

148.    Varsity denies the allegations in Paragraph 148.

149.    Varsity admits that businesses, including apparel manufacturers, may make capital investments in the course of business.  Varsity otherwise denies the allegations in Paragraph 149, which are vague and ambiguous.

150.    Varsity denies the allegations in Paragraph 150.

151.    Insofar as the terms "specially trained designers" and "specialty equipment" are vague and ambiguous, Varsity denies the allegations in Paragraph 151.

152.    Varsity admits that it holds at least 200 copyrights on uniform designs, and that it has successfully enforced its copyrights when they have been infringed.  Varsity agrees that the law requires parties not to infringe copyrights or trademarks held by others.  Varsity otherwise denies the allegations asserted in Paragraph 152.

153.    Varsity denies the allegations in Paragraph 153 other than it admits that it decides what vendors may sell products at its own competitions.

154.    Varsity denies the allegations in Paragraph 154.

155.    Varsity denies the allegations in Paragraph 155.

156.    Varsity denies the allegations in Paragraph 156.  Varsity lacks knowledge or information sufficient to form a belief as to whether the quote attributed to "one insider" is an accurate quote.

157.    Varsity denies the allegations in Paragraph 157.

158.    Varsity denies the allegations in Paragraph 158.  Varsity lacks knowledge or information sufficient to form a belief as to whether the quote attributed to "an organization of independent gyms and coaches" is an accurate quote.

159.    Varsity admits that JAM Brands conducted cheerleading competitions in various divisions and owned what is referred to as COA and what is referred to as America's Best. Varsity denies the remaining allegations in Paragraph 159 and notes that, among other things, the terms "Varsity's chief competitor," "major IEP," "in Ohio," and "in Texas" are vague and ambiguous.

160.    Varsity lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 160 and notes that, among other things, the terms "many," "largest," "most popular," "coveted," "disruptive," "aggressive," "new event concepts," and "competed directly" are vague and ambiguous.

161.    Paragraph 161 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 161 for

their true and correct contents.  Varsity admits that it sent a letter following the announcement of its acquisition of JAM Brands and otherwise denies the allegations asserted in this paragraph.

162.    Varsity denies the allegations in Paragraph 162.

163.    Varsity denies the allegations in Paragraph 163.  As to the contents of the referenced article, Varsity refers to the article for its true and complete comments.

164.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 164 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

165.    Varsity admits that it acquired Spirit Celebration in 2017.  Varsity otherwise denies the allegations asserted in Paragraph 165.

166.    Varsity admits that it acquired Epic Brands in 2018.  Varsity otherwise denies the allegations asserted in Paragraph 166, which among other things are vague and ambiguous.

167.    Varsity admits that there are many other providers of cheerleading competitions in the United States and around the world but otherwise lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 167 insofar as they relate to individuals or entities other than Varsity

168.    The allegations in Paragraph 168 refer to "once-independent competitions" but the list is of entities.  Varsity accordingly denies the allegations asserted in this paragraph.

169.    Varsity denies the allegations in Paragraph 169.

170.    Varsity denies the allegations in Paragraph 170.

171.    Varsity denies the allegations in Paragraph 171.

172.    Varsity denies the allegations in Paragraph 172.

173.    Varsity denies the allegations in Paragraph 173.

174.    Varsity denies the allegations in Paragraph 174.

175.    Varsity denies the allegations in Paragraph 175.

176.    Varsity denies the allegations in Paragraph 176.

177.     Varsity denies the allegations in Paragraph 177.

178.     Varsity denies the allegations in Paragraph 178.

179.     Varsity admits that it offers a rebate program called the Family Plan to any gym that chooses to participate and qualifies for participation but otherwise denies the allegations in Paragraph 179.

180.     Varsity admits that the Family Plan rebate is based a gym's participation in Varsity's competitions and apparel purchases over a one-year period.  Varsity admits that the rebate is not affected by the purchase of transportation, tickets, or other event costs.  Varsity otherwise denies the allegations in Paragraph 180.

181.     Varsity denies the allegations in Paragraph 181.

182.     Varsity denies the allegations in Paragraph 182.

183.     Varsity denies the allegations in Paragraph 183, except insofar as the Varsity Family Plan has provided discounts on apparel.

184.     Varsity admits that it has provided Varsity Fashion Dollars that can be used for future purchase of apparel if the recipient chooses but otherwise denies the allegations in Paragraph 184.

185.     Varsity denies the allegations in Paragraph 185.

186.     Varsity denies the allegations in Paragraph 186.

187.     Varsity admits that it holds at least 200 copyrights on uniform designs.  Varsity otherwise denies the allegations asserted in Paragraph 187.

188.     Varsity denies the allegations in Paragraph 188.

189.     Varsity admits that, like all event producers, it controls the vendors that sell at its events but otherwise denies the allegations in Paragraph 189.

190.     Varsity admits that, like all event producers, it decides which vendors sell at its events.  Varsity lacks knowledge or information sufficient to form a belief as to Rebels' relationship with JAM Brands.  As to the alleged article, Varsity lacks knowledge or information

sufficient to form a belief as to the accuracy of the purported quote and otherwise denies the allegations in Paragraph 190.

191.    Varsity admits that, like all event producers, it decides which vendors sell at its events.  Varsity lacks knowledge or information sufficient to form a belief as to Nfinity's relationship with third parties and otherwise denies the allegations in Paragraph 191.

192.    Varsity denies the allegations in Paragraph 192.

193.    Varsity denies the allegations in Paragraph 193.

194.    Varsity lacks knowledge or information sufficient to form a belief as to the accuracy of the quote or as to the allegations regarding individuals or entities other than Varsity and otherwise denies the allegations in Paragraph 194.

195.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 195 insofar as they relate to individuals or entities other than Varsity.

196.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 196 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

197.    The allegation that Varsity "founded" the USASF is vague and ambiguous and on that basis Varsity denies it.  Varsity admits that it funded the USASF at its inception and for some years thereafter (no other industry participant would do so).  Varsity denies that it provided an "interest-free $1.8 million loan" at the inception of USASF in 2003 but admits that any money that Varsity provided to support USASF was repaid by 2013.  Varsity admits that the original trademark applicant for the marks "U.S. All Star Federation" was Varsity Spirit Corporation. Varsity otherwise denies the allegations in Paragraph 197.

198.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 198 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that it has supported USASF throughout

its existence and that, as part of supporting the USASF's work, it allowed USASF employees at times to work at Varsity's offices.  Varsity otherwise denies the allegations asserted in this paragraph.

199.    Varsity denies that it "currently pays the salaries of at least two top employees at USASF, including the President Jim Chadwick and the Vice President of Events/Corporate Alliances Steve Peterson."  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the remaining allegations in Paragraph 199.

200.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 200 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

201.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 201 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

202.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 202 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that it owns the brands associated with Universal Cheerleaders Association, CheerSport, National Cheerleaders Association, United Spirit Association, American Cheerleaders Association, Universal Dance Association, and JAMfest.  Varsity otherwise denies the allegations asserted in this paragraph.

203.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 203 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

204.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 204 insofar as they relate to

individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

205.    Varsity denies the allegations in Paragraph 205.

206.    Varsity denies the allegations in Paragraph 206.

207.    Varsity denies the allegations in the first and third sentences of Paragraph 207 and, as to the second sentence, refers to the USASF rules for their true and complete content.

208.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 208 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

209.    Varsity denies the allegations in Paragraph 209.

210.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 210 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

211.    Varsity denies the allegations in Paragraph 211.

212.    Varsity denies the allegations in Paragraph 212.

213.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 213 insofar as they relate to individuals or entities other than Varsity.  Paragraph 213 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 213 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

214.    Varsity denies the allegations asserted in the first and third sentences of Paragraph 214.  Varsity admits the allegations asserted in the second sentence of Paragraph 214.

215.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 215 insofar as they relate to individuals or entities other than Varsity.

216.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 216 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

217.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 217 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

218.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 218 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

219.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 219 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

220.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 220 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

221.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 221 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

222.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 222 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

223.    Varsity denies the allegations in Paragraph 223.

224.    Varsity denies the allegations in Paragraph 224.

225.    Varsity denies the allegations in Paragraph 225.

226.    Varsity denies the allegations in Paragraph 226.

227.    Varsity denies the allegations in Paragraph 227.

228.    Varsity denies the allegations in Paragraph 228.

229.    Varsity denies the allegations in Paragraph 229.

230.    Varsity denies the allegations in Paragraph 230.

231.    Varsity admits that, at a limited number of events where guaranteeing reasonable hotel rates is necessary for the competition to be staged, certain participants are required to lodge at a particular hotel or hotels.  Varsity otherwise denies the allegations in Paragraph 231.

232.    Varsity denies the allegations in Paragraph 232.

233.    Varsity denies the allegations in Paragraph 233.

234.    Varsity lacks knowledge or information sufficient to form a belief about the allegation in the last sentence of Paragraph 234.  Varsity otherwise denies the allegations in Paragraph 234.

235.    Varsity denies the allegations in Paragraph 235.

236.    Varsity denies that there was an "Exclusionary Scheme" and otherwise denies the allegations in Paragraph 236.

237.    Paragraph 237 is subject to a pending motion to strike and no response is required.  To the extent a response is required, Varsity denies the allegations in Paragraph 237.

238.    Paragraph 238 is subject to a pending motion to strike and no response is required.  To the extent a response is required, Varsity refers to the purported article for its true and complete contents and otherwise denies the allegations in Paragraph 238.

239.    Paragraph 239 is subject to a pending motion to strike and no response is required.  To the extent a response is required, Varsity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 insofar as they relate to third parties.

240.    Paragraph 240 is subject to a pending motion to strike and no response is required.  To the extent a response is required, Varsity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240.

241.    Paragraph 241 is subject to a pending motion to strike and no response is required.   To the extent a response is required, Varsity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 that are directed at parties other than Varsity and denies the allegations directed at Varsity.

242.    Varsity incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

243.    Paragraph 243 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

244.    Paragraph 244 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

245.    Paragraph 245 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

246.    Paragraph 246 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response to Paragraph 246 is required, Varsity denies that Plaintiffs or the Class they seek to represent, have any cognizable claim and otherwise denies the allegations in Paragraph 246.

247.    Paragraph 247 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response to Paragraph 247 is required, Varsity denies that Plaintiffs or the Class they seek to represent, have any cognizable claim and otherwise denies the allegations in Paragraph 247.

248.    Varsity incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

249.    Paragraph 249 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

250.    Paragraph 250 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

251.    Paragraph 251 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

252.    Varsity denies the allegations asserted in Paragraph 252.

253.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 253 insofar as they relate to individuals or entities other than Varsity.

254.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 254 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

255.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 255 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

256.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 256 insofar as they relate to

individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

257.    Varsity denies the existence of an Exclusionary Scheme and otherwise denies the allegations of Paragraph 257.

258.    Varsity denies the existence of a "conspiracy" and otherwise denies the allegations of Paragraph 258.

259.    Paragraph 259 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

260.    Paragraph 260 contains Plaintiffs' characterization of their action and legal conclusions, to which no response is required.  To the extent a response to Paragraph 260 is required, Varsity denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations in Paragraph 260.

261.    Paragraph 261 contains Plaintiffs' characterization of their action and legal conclusions, to which no response is required.  To the extent a response to Paragraph 261 is required, Varsity denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations in Paragraph 261.

262.    Paragraph 262 is a self-operative statement to which no response is required.  Varsity reserves its rights as to triability of any claim or counterclaim in this case.

## GENERAL DENIAL

263.  Varsity denies all allegations contained in the Complaint (including headings and captions) not specifically admitted in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Insofar as the bulk of the conduct referenced in the Complaint occurred more than four years prior to Plaintiffs filing their action, Plaintiffs' claims for damages are barred, in whole or in part, by the statute of limitations.

2.      Insofar as the bulk of the conduct referenced in the Complaint occurred more than four years prior to Plaintiffs filing their action, Plaintiffs' claims for injunctive relief are barred, in whole or in part, by the doctrine of laches.

3.      Plaintiffs' claims may not be maintained as a class action.

4.      Plaintiffs lack standing to pursue one or more of their claims.

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of in pari delicto and/or unclean hands.

6.      Plaintiffs allege that they have been damaged by conduct known to them and dating as far back as 2003.  Yet Plaintiffs chose to continue patronizing Varsity's All Star competitions, chose to continue purchasing All Star apparel from Varsity, and otherwise failed to take steps to avoid or lessen their alleged damages.  Plaintiffs' claims are therefore barred, in whole or in part, by their failure to mitigate damages, waiver, estoppel, and/or by the voluntary payment doctrine.

7.      Plaintiffs have failed to state a claim upon which relief can be granted.

## RESERVATION OF RIGHTS

Varsity currently has insufficient knowledge or information upon which to form a belief as to any other potential affirmative defenses that may be available to it, and expressly reserves the right to amend or supplement this Answer and affirmative defenses, as well as to assert any and all additional or alternative defenses under any applicable law or regulations, in the event that discovery indicates that such defenses are available.  Assertion by Varsity of any affirmative defense(s) or any other defense(s) shall not be deemed a concession that Varsity bears the burden of proof with respect to any of them.  Varsity reserves its right to assert counterclaims as may be appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Varsity denies that Plaintiffs are entitled to any relief and respectfully requests a judgment against Plaintiffs as follows:

A.  That Plaintiffs take nothing by their Complaint in this action;

B.  That the Court enter judgment against Plaintiffs and in favor of Varsity, and that the Complaint in this action be dismissed with prejudice as to Varsity;

C.  That the Court award Varsity any and all other relief to which it may be entitled or which the Court deems just and proper.

Dated: September 30, 2021

Respectfully submitted,

By: _s/ Matthew S. Mulqueen_
George S. Cary*
Steven J. Kaiser*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Ave, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com

* Admitted _pro hac vice_

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

_Counsel for Defendants Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashions & Supplies, LLC_