UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, et al.,<br><br>    Plaintiffs,<br>v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>    Defendants. | Civ. Action No. 2:20-cv-02600 |
| JESSICA JONES, et al.,<br><br>    Plaintiffs,<br>v.<br><br>BAIN CAPITAL PRIVATE EQUITY, et al.<br><br>    Defendants. | Civ. Action No. 2:20-cv-02892 |
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., et al.,<br><br>    Plaintiffs,<br>v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>    Defendants. | Civ. Action No. 2:20-cv-02782 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT MOTION**

Defendants Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC; Jeff Webb; Charlesbank Capital Partners LLC; Bain Capital Private Equity; U.S. All Star Federation, Inc.; and USA Federation for Sport Cheering (collectively, "Defendants") hereby respond to Plaintiffs' submission styled as "Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in the Related Actions." For the reasons stated below, Plaintiffs' motion should be denied.

## INTRODUCTION

Plaintiffs style their motion as a motion to "facilitate coordination of depositions," when in fact it is a motion for blanket permission to abrogate the Federal Rules of Civil Procedure's limitation of depositions to one day of seven hours. In particular, under Plaintiffs' proposal, if two of the Plaintiffs groups choose to notice a particular deposition, Plaintiffs would get nine hours. If all three did, they would get eleven hours.[1] These rules would apply regardless of the witness (party or third party) or the information the witness might have.

Plaintiffs' main argument is that the scope of the three cases are different. That is a red herring for multiple reasons, not the least of which are that all of the cases, have, at their core, *identical* allegations about cheerleading, and that all of the deponents that have been requested to date worked exclusively in Varsity's cheerleading business. Indeed, it is this fundamental overlap among the cases that caused the Court to order coordination of discovery in the first place, which Plaintiffs effectively seek to ignore. (*See* Order, No. 2:20-cv-02600, ECF No. 93 (ordering Plaintiffs to "minimize duplication of deponents and questions at depositions").) And,

---

[1] Plaintiffs also propose increasing the Rule 30(b)(6) depositions by an additional three hours for each notice served, which would seemingly increase Varsity's 30(b)(6) deposition from the agreed 15 hours in *Fusion Elite* to 21 hours, and increase USASF's 30(b)(6) deposition to 13 hours.

1

as Plaintiffs concede, the Court has stayed discovery as to the non-cheerleading aspects of *American Spirit*, which is the only case that goes beyond cheerleading.

Should there be a need for additional time for a particular deposition, that can and should be taken up on a case-by-case basis with any disputes addressed with reference to the particular circumstances of the witness. Plaintiffs' motion should be denied.

## ARGUMENT

The Federal Rules of Civil Procedure limit depositions to one day of seven hours. *See* Fed. R. Civ. P. 30(d)(1). "The party seeking a court order to extend the examination . . . is expected to show good cause to justify such an order." Fed. R. Civ. P. 30, Advisory Committee Note to the 2000 Amendments. Plaintiffs have failed to do that here. None of their arguments withstand scrutiny.

I.   **THE NON-STAYED ASPECTS OF THE THREE CASES ARE COMMON**

Plaintiffs first say that the three cases have differences. But all three cases are virtually identical in their allegations about cheerleading. The only real difference is that, in *Fusion Elite*, Plaintiffs confine their allegations to one particular type of cheerleading, All Star cheerleading, while the other two have allegations about other forms of cheerleading as well. In other words, the allegations in *Fusion Elite* are *contained in* the allegations in *Jones* and *American Spirit*. Plaintiffs should not receive additional time to depose individuals simply because one case is *narrower* than the others. Likewise, the allegations against USASF are essentially the same across all three cases. It is illogical for Plaintiffs to suggest that unrelated allegations in the *American Spirit* case in any way necessitate more time for the depositions of USASF employees or USASF's Rule 30(b)(6) deposition.

To be sure, *American Spirit* has allegations about Varsity businesses that are not related to cheerleading. But, this Court has stayed discovery into those claims and of those businesses

pending the outcome of Defendants' motions to dismiss. (Order, No. 2:20-cv-02782, ECF No. 132.) Plaintiffs essentially concede this point, stating that, in the unlikely event the claims about Varsity's other businesses are allowed to go forward, discovery into those claims will need to be addressed *separately*. (Pls.' Br. at 5, n.5 ("[T]he *American Spirit* Plaintiffs reserve their right to obtain further discovery (including further deposition testimony) if and when the Court denies Defendants' motion to dismiss the *American Spirit* complaint. . . . Any continued depositions will be subject to the time limits agreed upon by the parties or ordered by this Court.").) In other words, the non-cheerleading allegations in the *American Spirit* case are not at issue here because discovery into those claims and allegations is stayed. And, of course, because those allegations relate to other businesses, the witnesses are unlikely to be common in any event.

Plaintiffs argue that the *American Spirit* Plaintiffs are nevertheless entitled to additional hours of questioning "specific to the claims of the apparel companies, independent competition production companies, and independent camp production companies they represent" because they are "unrepresented in any of the other actions." (Pls.' Br. at 7.) But that is a red herring— the claims in *Jones* and *Fusion Elite* are based on the *exact same* nucleus of operative facts and a subset of the antitrust theories as the claims in *American Spirit*. The only difference is that in *Fusion Elite* and *Jones* the Plaintiffs are purchasers of the products and services at issue, with the theory of harm being that Varsity drove apparel companies, independent competition production companies, and independent camp productions out of the market, resulting in increased prices. (Amended Complaint, No. 2:20-cv-02600, ECF No. 56, ¶ 21 (alleging that as a result of Varsity's conduct, Plaintiffs have "paid higher prices for All Star Competitions, All Star Apparel, and related goods and services bought directly from Varsity than they would have paid in a competitive marketplace absent the Exclusionary Scheme"); Complaint, No. 2:20-cv-02892,

3

ECF No. 1, ¶ 6 (alleging that as a result of Varsity's conduct, Plaintiffs have "paid higher prices for Cheer Competitions, Cheer Apparel, and Cheer Camps, as well as related goods and services, than they would have paid in a competitive marketplace absent the Exclusionary Scheme"). The relevant Plaintiffs in *American Spirit* are an apparel company, an independent competition production company, and an independent camp producer who assert that they lost business as a result of this *same conduct*. (Class Action Complaint, No. 2:20-cv-02782, ECF No. 1, ¶¶ 5-7 (Plaintiffs have been "curtailed from selling" cheer uniforms, cheerleading competitions, and cheer camps "in a competitive market.").) There is no need or justification for hours of additional questioning on these same topics by multiple sets of lawyers. Indeed, the Court has already specifically ordered that *not* to happen.

In seeking an omnibus order abrogating Rule 30(d)(1), Plaintiffs likewise make no showing as to any particular witness. The case on which they principally rely demonstrate that this is a threshold requirement to obtain more time. *See In re Intel Corp. Microprocessor Antitrust Litig.*, Nos. 05-441-JJF, 05-485-JJF, 2008 WL 5377979 (D. Del. Dec. 18, 2008), at *2 (allowing certain additional time for six witnesses based on specific showings as to the "particularized knowledge" and "documents personally authored by each one").[2] *See also* Fed. R. Civ. P. 30, Advisory Committee Note to the 2000 Amendments ("The party seeking a court

---

[2] The orders from other cases that Plaintiffs cite (Pls.' Br. at 10) provide no basis for what Plaintiffs seek. Two of the three were stipulations that the court merely entered at the parties' request. In one of those, the parties (class plaintiffs and opt out plaintiffs) had agreed to nine hours, not the eleven that Plaintiffs seek here. (*See* Van Dyck Decl, Ex. 2.) In the other stipulation, the Federal Trade Commission was a party, which is not the situation here. (*See* Van Dyck Decl, Ex. 3.) In the one apparently contested matter, the court did not give direct and indirect purchaser class plaintiffs more than seven hours to depose witnesses as Plaintiffs seek here. (*See* Van Dyck Decl., Ex. 4.) Instead, the court allowed additional time for opt-out plaintiffs and state attorneys general, neither of which are present in this case. The court did not explain its reasoning as to why such additional time was warranted.

order to extend the examination . . . is expected to show good cause to justify such an order."). In fact, the *Fusion Elite* Plaintiffs even agreed that "no witness shall be deposed for more than one day of 7 hours" without "leave of Court for good cause shown." (Discovery Order, No. 2:20-cv-02600-SHL-cgc, ECF No. 89 at 3).[3] This deficiency is all the more glaring in light of the thirteen individuals that Plaintiffs have noticed for deposition, all of whose testimony could only be relevant to Plaintiffs' cheerleading claims.

## II.   PLAINTIFFS ARE ALREADY RECEIVING MORE DEPOSITION TIME THAN THEY ARE ENTITLED TO UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.

In requesting additional hours of questioning, Plaintiffs ignore that the negotiated deposition protocol in *Fusion Elite* provides for up to "55 non-expert depositions" per side. (Discovery Order, No. 2:20-cv-02600-SHL-cgc, ECF No. 89 at 3). In other words, Plaintiffs already have the potential to take nearly 400 hours of deposition testimony, in addition to their portion of the time in any third-party depositions noticed by Defendants under the *Fusion Elite* protocol. This is far more than the default 70 hours of testimony (10 seven-hour depositions) afforded by Rule 30 of the Federal Rules of Civil Procedure.

Plaintiffs now seek to further enlarge those generously negotiated deposition limits. By seeking an additional two hours of deposition testimony for each of the *American Spirit* and *Jones* plaintiff groups, plus three hours in the Rule 30(b)(6) depositions, Plaintiffs are seeking well over 200 additional potential deposition hours. This is grossly excessive, and there is no

---

[3] In that same stipulated Discovery Order, the Court further limited Plaintiffs' time for depositions of third-party witnesses who were previously employed by any Party (and whose depositions were noticed by both sides) from 7 to 5 hours, reserving 2 hours for the cross-noticing party that formerly employed the deponent. (*See id.* at 4.) The Court also ordered the opposing sides to split evenly the 7 hours for regular third-party witnesses. (*See id.*) The relief Plaintiffs seek in this motion ignores that Order by seeking 9 to 11 hours for Plaintiffs to depose any Rule 30(b)(1) witness.

reason why Plaintiffs should be permitted to benefit from the number of depositions negotiated in *Fusion Elite* but not be held to the negotiated time limit for those depositions.

### III. REMOTE DEPOSITIONS DO NOT JUSTIFY A BLANKET INCREASE IN DEPOSITION TIME

Plaintiffs' other argument (never previously mentioned to Defendants, including during the negotiation of the relevant discovery agreements)—that they need more time because of "difficulties created by the Covid-19 pandemic" (Pls.' Br. at 10)—is risible. They argue that "technical difficulties are bound to arise, and sharing documents through computer screens will inevitably consume more deposition time than usual." (*Id.*) In fact, parties in complex litigations have been conducting remote depositions throughout the period of Covid-19 restrictions, and Plaintiffs fail to point to a single instance where "technical difficulties" made it impossible to comply with Rule 30(d)(1). The negotiated deposition protocol in *Fusion Elite* contemplated remote depositions and yet limited the time of such depositions to one day of seven hours. (Discovery Order, No. 2:20-cv-02600-SHL-cgc, ECF No. 89 at 3, 5 ("Except as otherwise provided herein . . . no witness shall be deposed for more than one day of 7 hours . . . . The Parties agree that solely due to the Covid-19 pandemic . . . all depositions shall be held remotely.").) And speculation that "sharing documents through computer screens will inevitably consume more deposition time than usual" is belied by experience in other litigations and in any event does not justify expanding the time for deposition by more than 50% for each witness. Moreover, if Plaintiffs are concerned that the use of computer screens to share documents will prove unwieldy, they are certainly welcome to provide the documents in hard copy form ahead of time.

### CONCLUSION

Plaintiffs have provided no basis, much less good cause, to enter an order to expand the

6

time for depositions from seven to eleven hours for all deponents at their whim. Plaintiffs' motion should be denied.

| | |
|---|---|
| Dated: November 2, 2021 | Respectfully submitted,<br><br>s/ Matthew S. Mulqueen<br><br>George S. Cary*<br>Steven J. Kaiser*<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>2112 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>Phone: (202) 974-1500<br>Fax: (202) 974-1999<br>gcary@cgsh.com<br>skaiser@cgsh.com<br><br>* Admitted *pro hac vice*<br><br>Matthew S. Mulqueen (TN #28418)<br>Adam S. Baldridge (TN #23488)<br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ<br>165 Madison Avenue, Suite 2000<br>Memphis, TN 38103<br>Phone: (901) 526-2000<br>Fax: (901) 577-0866<br>mmulqueen@bakerdonelson.com<br>abaldridge@bakerdonelson.com<br><br>*Attorneys for Defendants Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC; Charlesbank Capital Partners, LLC; and Bain Capital Private Equity* |

Grady Garrison (TN #008097)
Nicole D. Berkowitz (TN #35046)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*

Paul Coggins*
Brendan Gaffney*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500 Memphis,
Tennessee 38119 Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com

*Attorneys for Jeff Webb*

8