# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., <br>     Plaintiffs, <br> v. <br><br> VARSITY BRANDS, LLC, et al., <br>     Defendants. | No. 2:20-cv-2600-SHL-tmp |
| AMERICAN SPIRIT AND CHEER <br> ESSENTIALS, INC., et al., <br>     Plaintiffs, <br> v. <br><br> VARSITY BRANDS, LLC, et al., <br>     Defendants. | No. 2:20-cv-2782-SHL-tmp |
| JESSICA JONES, et al., <br><br>     Plaintiffs, <br> v. <br><br> BAIN CAPITAL PRIVATE EQUITY, et al., <br>     Defendants. | No. 2:20-cv-2892-SHL-tmp |

## AMENDED SCHEDULING ORDER

In accordance with the Court's Order Granting in Part and Denying in Part Plaintiffs' Joint Motion to Modify Scheduling Orders, (ECF No. 157), filed in all three above-captioned cases,[1] and acknowledging the absence of an amended deadline for Plaintiffs' Reply in Support

---

[1] The Court references the ECF numbers for docket entries from American Spirit and Cheer Essentials, Inc., et al., v. Varsity Brands, LLC, et al., No. 2:20-cv-2782-SHL-tmp, in this Order. The Court's Order Granting in Part and Denying in Part Plaintiffs' Joint Motion is also noted as ECF No. 175 in the Jessica Jones v. Bain Capital Private Equity, et al., matter, and ECF No. 170 in the Fusion Elite All Stars, et al., v. Varsity Brands, LLC, et al. matter.

of Class Certification, the following dates are established in this newly Amended Scheduling Order:

**DEADLINE FOR SERVING INTERROGATORIES AND REQUESTS FOR ADMISSION:** March 14, 2022

**DEADLINE FOR COMPLETION OF DEPOSITIONS:** April 18, 2022

**CLOSE OF FACT DISCOVERY:** April 18, 2022

**DEADLINE TO SERVE EXPERT REPORTS ON ALL ISSUES FOR WHICH A PARTY BEARS THE BURDEN OF PROOF:** May 18, 2022

**DEADLINE TO SERVE OPPOSING EXPERT REPORTS:** July 13, 2022

**DEADLINE TO SERVE EXPERT REBUTTAL REPORTS:** September 12, 2022

**DEADLINE FOR EXPERT WITNESS DEPOSITIONS[2]:** October 12, 2022

**DEADLINE FOR MOTIONS FOR CLASS CERTIFICATION AND TO EXCLUDE EXPERTS UNDER F.R.E. 702/ DAUBERT MOTIONS:** November 16, 2022

**DEADLINE FOR OPPOSITIONS TO MOTIONS FOR CLASS CERTIFICATION AND TO EXCLUDE EXPERTS UNDER F.R.E. 702/ DAUBERT MOTIONS:** January 11, 2023

**DEADLINE FOR REPLIES IN SUPPORT OF MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/ DAUBERT MOTIONS:** February 9, 2023

**DEADLINE FOR PLAINTIFFS' REPLY IN SUPPORT OF MOTIONS FOR CLASS CERTIFICATION:** February 21, 2023 [3]

**STATUS CONFERENCE TO SET THE SCHEDULE FOR SUMMARY JUDGMENT MOTIONS, PRE-TRIAL ORDERS, TRIAL AND TO ADDRESS OTHER PENDING ISSUES:** January 18, 2023 at 9:30 AM

**OTHER RELEVANT MATTERS:**

The parties do not consent to trial before the Magistrate Judge.

---

[2] Absent agreement of the Parties, each expert is subject to a maximum of one deposition lasting no more than seven hours.
[3] According to Plaintiffs in email correspondence on December 15, 2021, Defendants consent to this amended deadline.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR. The Mediator must file a Mediation Certification form, as noted above.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60). The opposing party must file a response to any opposed motion.

Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

*No other requests for extensions of these deadlines will be granted absent extraordinary circumstances.*

**IT IS SO ORDERED,** this 16th day of December, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE