# **EXHIBIT 1(b)**

# ADDENDUM TO EMPLOYMENT AGREEMENT

This addendum to your employment agreement dated December 22, 2008 (this "Addendum") by and between you and Varsity Spirit Corporation (the "Company") confirms the timing of certain terms of your employment agreement with the Company and modifies your employment agreement in light of Section 409A of the Internal Revenue Code of 1986, as amended and the rules, regulations and guidance issued thereunder ("Section 409A").

1. Section 9(b) of your employment agreement conditions payment or provision of certain benefits following the termination of your employment without "Cause" (as defined in your employment agreement) (an "Involuntary Termination") upon your execution of a Settlement Agreement and General Release and Waiver (the "Release"). Subject to the terms and conditions of your employment agreement and this Addendum:

   (a) the Company shall not commence making severance or other payments or providing benefits following your Involuntary Termination, unless:

      (i) if you are 40 years of age or more at the time of such Involuntary Termination, you execute the Release and deliver it to the Company on or before the 45th day following such Involuntary Termination, and the Release becomes effective and irrevocable in its entirety on the seventh day following the date that you execute such Release; or

      (ii) if you are less than 40 years of age at the time of such Involuntary Termination, you execute the Release and deliver it to the Company on or before the 10th day following such Involuntary Termination;

   (b) the first installment of any such payments or benefits shall be made on the first payroll period following the applicable deadline for execution or, if applicable, non-revocation of the Release; provided, however, that if such deadline for execution or, if applicable, non-revocation, of the Release falls in the calendar year following the calendar year in which your Involuntary Termination occurs, payments shall commence on the first payroll period following later of (i) the first business day in the calendar year following the calendar year in which your Involuntary Termination occurs and (ii) the date on which your Release becomes effective and irrevocable in its entirety.

   (c) the first installment of any such payments or benefits shall include all amounts that were not paid during the period between your Involuntary Termination the date on which the Release became effective and irrevocable in its entirety; and all such payments and benefits shall be paid to you no later than the last day of the second calendar year following the calendar year in which occurs an Involuntary Termination; and

   (d) the Company shall deliver the Release to you within 10 days following your Involuntary Termination; and if the Company fails to deliver such Release on or prior to the tenth day after the date of your Involuntary Termination, such failure shall constitute a waiver of your requirement to execute a Release.

NY\1481652.2

2.     To the extent applicable, it is intended that the payments and benefits provided to you under your employment agreement (a) be exempt from Section 409A by reason of such payments qualifying as "short-term" deferral within the meaning of Treas. Reg. Sec. 1.409A-1(b)(4), (b) not provide for a deferral of compensation due to the application of Treas. Reg. Sec. 1.409A-1(b)(9)(iii) (separation pay due to involuntary separation from service), or (c) be in full compliance with Section 409A. Your employment agreement shall be construed in a manner to give effect to such intention. Your right to receive any installment payments under your employment agreement shall be treated as a right to receive a series of separate and distinct payments. In no event whatsoever (including, but not limited to, as a result of this section or otherwise) shall the Company be liable for any tax, interest or penalties that may be imposed on you under Section 409A. Neither the Company nor any of its affiliates shall have any obligation to indemnify or otherwise hold you harmless from any and all such taxes, interest or penalties, or liability for any damages related thereto. You acknowledge that you have been advised to obtain independent legal, tax or other related counsel in connection with Section 409A.

3.     Except as otherwise provided herein, your employment agreement with the Company shall remain in full force and effect in accordance with its terms.

4.     This Addendum may be executed by one or more of the parties to this Addendum on any number of separate counterparts (including counterparts delivered by telecopy), and all of said counterparts taken together shall be deemed to constitute one and the same instrument. Any such counterpart delivered by telecopy shall be effective as an original for all purposes.

Please indicate your acceptance of the terms and provisions of this Addendum on or before December 31, 2008 by signing two copies of this Agreement and returning two signed copies to Robert Tisdale, 6745 Lenox Center Court, Ste. 300, Memphis, TN 38115 or email rtisdale@varsityspirit.com. Varsity will sign and return one signed copy to you for your files. By signing below, you acknowledge and agree that you have carefully read this Agreement in its entirety, fully understand and agree to its terms and provisions, and intend and agree that it be final and legally binding on you and the Company.

Sincerely,

**Varsity Spirit Corporation**

By: _/s/ John M. Nichols_
Name: John Nichols
Title: CFO/Senior V.P.

Acknowledged and agreed as of the date first above written:

Employee's signature: _Marlene L. Cota_
Employee Name, please print: Marlene L. Cota

NY\1481652.2