# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., <br><br> Plaintiffs, <br> v. <br><br> VARSITY BRANDS, LLC, et al., <br><br> Defendants. | Civ. Action No. 2:20-cv-02600 |
| JESSICA JONES, et al., <br><br> Plaintiffs, <br> v. <br><br> BAIN CAPITAL PRIVATE EQUITY, et al. <br><br> Defendants. | Civ. Action No. 2:20-cv-02892 |

**REPLY IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA DIRECTED TO MARLENE COTA AND FOR PROTECTIVE ORDER**

Plaintiffs do not seriously dispute that unless the documents at issue are rightfully in Ms. Cota's possession, they should be returned to Varsity and not turned over to Plaintiffs in response to their subpoena. Any doubt on that factual issue should be more than put to rest by the declaration of Robert Tisdale, which was submitted on this Court's invitation. *See Fusion Elite*, ECF No. 186-2. Mr. Tisdale swears under oath that he packed the boxes with personal items and no Varsity documents were in the boxes, all of which is confirmed by his contemporaneous notes. *Id.* However these documents ended up in Ms. Cota's possession, it is also uncontroverted that she was contractually obligated to return them to Varsity. Indeed, Ms. Cota has agreed to return the documents, but for the instant subpoena.

1

Plaintiffs in essence want a second crack at discovery of Ms. Cota's documents having agreed not to pursue those documents from Varsity directly. In that regard, Plaintiffs do not dispute that Varsity provided organizational charts showing Ms. Cota and her title more than a year ago. They try to blame Varsity for their decision not to seek documents from Ms. Cota, first by mischaracterizing Varsity's obligations under the initial disclosure obligations of Rule 26 and then by ignoring Varsity's objections to Plaintiffs' overbroad interrogatories, about which they never raised any issues with Varsity. Plaintiffs further mischaracterize Defendants' motion as seeking to silence Ms. Cota pursuant to confidentiality obligations, and brush aside persuasive guidance from former Chief Magistrate Judge Vescovo and District Court Judge Mays quashing subpoenas and granting a protective order in an almost identical situation. None of these arguments has merit.

## I. PLAINTIFFS MISCONSTRUE THE BASIS FOR DEFENDANTS' MOTION

The highly analogous cases that Defendants cited in their motion make clear that Varsity has standing to seek relief as to Varsity's property improperly in Ms. Cota's possession. *See e.g., Elvis Presley Enters., Inc. v. City of Memphis, Tennessee*, No. 218CV02718SHMDKV, 2020 WL 4283279, at *3 (W.D. Tenn. Apr. 6, 2020), *aff'd*, No. 2:18-CV-02718, 2020 WL 4015476 (W.D. Tenn. July 16, 2020); *StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*, No. 1:15–MC–00010, 2015 WL 1022083, at *2 (N.D. Ohio Mar. 9, 2015). Because Plaintiffs have no answer to those cases, they misconstrue Defendants' motion as seeking to "buy the silence" of Ms. Cota pursuant to confidentiality provisions in Defendants' various agreements with her. *Fusion Elite*, ECF No. 180 at PageID 2811. That is not Defendants' position, and the cases Plaintiffs cite for that argument are therefore inapposite.[1] Defendants are not asking the Court to quash the deposition subpoena

---

[1] *See Fusion Elite*, ECF No. 180 at PageID 2811; *B.L. v. Schuhmann*, No. 18-cv-151, 2020 WL 3145692, *1 (W.D. Ky. June 12, 2020); *Gard v. Grand River Rubber & Plastics Co.*, No. 1:20CV125, 2021 WL 75655, at *5 (N.D. Ohio Jan. 8, 2021).

2

issued to Ms. Cota, nor are they seeking to stop the production of purely personal documents in her possession. Defendants are instead asking the Court to prevent Plaintiffs from obtaining *Varsity's* exclusive property—which they could only have properly obtained through Rule 34 (although they chose not to, instead pursuing other custodians in agreeing with Varsity about the scope of its document production)—via a Rule 45 subpoena to Ms. Cota.

## II. VARSITY DID NOT PROVIDE THESE DOCUMENTS TO MS. COTA

Plaintiffs state in their Response that "Varsity does not deny" that the company "intentionally gave Ms. Cota the documents at issue after her employment ended." *Id.* at PageID 2812. This is simply false. In correspondence sent to Ms. Cota and Plaintiffs' counsel prior to the filing of Defendants' motion, Defendants stated quite clearly that "Varsity disputes that any of its employees provided Ms. Cota with Varsity's property—including the material outlined in your letter—in connection with her termination. The items that Varsity packed up in boxes for Ms. Cota included only personal items." *Id.*, ECF No. 178-3 at PageID 2747.

On January 12, 2021, the Court issued a *sua sponte* order granting the parties leave to file affidavits to clarify how these documents came into Ms. Cota's possession. On January 18, 2022, Defendants filed a sworn declaration from Robert Tisdale—the human resources professional who packed up the boxes in question—stating unequivocally that he did not include in those boxes any of the Varsity material that Ms. Cota now claims to possess. *See id.*, ECF No. 186-2 at PageID 2862. That testimony is corroborated by contemporaneous notes he made on the date he packed the boxes stating that he "separated personal items from Varsity Items." *Id.* at PageID 2865–66. Varsity did not voluntarily provide these documents to Ms. Cota and most certainly did not waive any privilege that attached to them.

3

### III. PLAINTIFFS HAVE NO EXCUSE FOR FAILING TO SEEK MS. COTA'S DOCUMENTS THROUGH RULE 34 DISCOVERY

Plaintiffs attempt to deflect away from their failure to propose Ms. Cota as a Rule 34 document custodian by arguing that it was somehow Varsity's obligation to disclose Ms. Cota as a potential witness under Rule 26. *See Fusion Elite*, ECF No. 180 at PageID 2807. But that ignores the actual language of Rule 26, which requires a party to disclose "each individual likely to have discoverable information—along with the subjects of that information—*that the disclosing party may use to support its claims or defenses*." Fed. R. Civ. P. 26(a)(1)(A)(i). Varsity has never intended to use Ms. Cota to support its claims or defenses because her former job responsibilities are simply irrelevant to this case.

Plaintiffs also claim that Varsity should have included Ms. Cota in a response to an interrogatory asking for the identity of individuals who drafted contracts with third-party sponsors of cheerleading events. *See Fusion Elite*, ECF No. 180 at PageID 2808. Plaintiffs provide no facts supporting the contention that Ms. Cota actually had such responsibilities. But more importantly, as Plaintiffs acknowledge, Varsity objected to the request as seeking "irrelevant information, as overly broad, unduly burdensome, and disproportional to the needs of the case." *Id.*, ECF No. 180-3 at PageID 2836. Plaintiffs never raised any issue with that objection or Ms. Cota's absence from any interrogatory response until now, despite Varsity's production nearly one year ago of an organizational chart listing Ms. Cota and her job title. *See id.*, ECF No. 178-1 at ¶ 10. Nor do Plaintiffs make any attempt in their Response to excuse their failure to request Ms. Cota as a Rule 34 document custodian in light of that organizational chart.

### IV. PLAINTIFFS ARE ATTEMPTING TO INJECT SCANDAL AND EMBARRASSMENT INTO THIS LITIGATION

The Court may wonder why Plaintiffs, having decided not to pursue Ms. Cota's Varsity files from Varsity, seek them now. It seems clear that they are motivated by an improper desire to

4

deflect the case into salacious innuendo regarding sexual abuse, all in an effort to inflame and scandalize. In particular, Ms. Cota appeared on a television program in August 2021 about incidents of sexual abuse at cheerleading gyms in which she purportedly made disparaging comments about Varsity.

This issue is simply not relevant to the claims in this case. Indeed, it was only in their fourth complaint in this case that the *Fusion Elite* Plaintiffs included tenuous allegations that Varsity's alleged market share somehow allowed gyms—i.e., members of Plaintiffs' putative class—to be owned by, to be managed by, or to employ sex offenders. *See Fusion Elite*, ECF No. 56 at ¶¶ 238-239. (Plaintiffs in the other cases have not made such allegations.) At the same time and confirming that these allegations have no place in this suit, Plaintiffs have taken the position that information in *their* possession, custody, and control relating to sexual abuse is "not relevant to the claims or defenses in this litigation." *Id.*, ECF No. 82-2 at PageID 566. Defendants' motion to strike Plaintiffs' scurrilous abuse allegations—intended to avoid the very type of unfortunate discovery tactics Plaintiffs now employ—remains pending. *Id.* at ECF No. 82. Even the *Fusion Elite* Plaintiffs agreed to stay discovery on these topics until after the motion to strike is resolved. (Notably, having not said anything on the issue for months, the *Fusion Elite* Plaintiffs contacted Varsity on January 12, 2021, asking to discuss the issue again. The timing of this contact, is, of course, telling.)[2]

---

[2] It is not clear that Ms. Cota actually has any Varsity-owned documents regarding abuse by putative class members in her possession, or knowledge of actual facts on this topic—her former role as "VP Corporate Alliances" has no connection to the subject matter.

5

## CONCLUSION

For all the reasons set out in the motion and this reply, Defendants respectfully request that the Court quash or modify the subpoena *duces tecum* and issue a protective order so that Ms. Cota can satisfy her contractual obligations to return Varsity's property to the company.

Dated: January 18, 2022

Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Jennifer Kennedy Park*
Steven J. Kaiser*
Heather Nyong'O*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
jkpark@cgsh.com
skaiser@cgsh.com
hnyongo@cgsh.com
lbernhardt@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Bain Capital, LP; Charlesbank Capital Partners, LLC; Varsity Brands Holding Co., Inc.;*

*Varsity Spirit Fashions & Supplies, LLC; Varsity Intropa Tours*

7