# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., ROCKSTAR CHAMPIONSHIPS, LLC, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, and ASHLEY HAYGOOD, Individually and on Behalf of all Others Similarly Situated, <br>                 Plaintiffs, <br><br> v. <br><br> VARSITY BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT, LLC, STANBURY, LLC, HERFF JONES, LLC, BAIN CAPITAL, LP, CHARLESBANK CAPITAL PARTNERS, LLC, VARSITY BRANDS HOLDING CO., INC., VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPA TOURS, LLC and JEFF WEBB, <br>                 Defendants. | CIVIL ACTION <br> FILE NUMBER: <br> 2:20-cv-02782-SHL-tmp <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS** |

1

## I. BACKGROUND

Since October 28 2021, the Corporate Defendants have failed to obey the Court's order to provide discovery. Doing so prejudiced the American Spirit Plaintiffs. Indeed, it hindered (and may prevent) the American Spirit Plaintiffs from meeting the Court's April 18, 2022 deadline for completing depositions and closing fact discovery. (Amended Scheduling Order, ECF No. 159). Nevertheless, the Corporate Defendants refuse to cooperate. That is true despite repeated requests, reminders, and warnings. As a result, their behavior warrants sanctions of consequence.

## II. FACTS

In February of 2021, the American Spirit Plaintiffs served Requests for Production of Documents to Defendants Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Co., Inc. ("Varsity") and Varsity Spirit Fashion & Supplies, LLC., as well as to BSN Sports, LLC ("BSN"), Herff Jones, LLC ("Herff Jones"), and Stanbury Uniforms, LLC ("Stanbury"). (attached as Ex. "A," "B," "C," and "D"). Those requests sought relevant information (information of consequence with a tendency to make the facts alleged in the Complaint more or less probable). (*Id.*; ECF No. 1).

On March 12, 2021, the Corporate Defendants moved the Court "to preclude discovery of the [Corporate] Defendants related to products sold by [BSN, Stanbury, and Herff Jones] as well as all discovery from those entities." (ECF No. 118 at *2).

On June 1, 2021, the Court granted that motion in part. (ECF No. 132). Notably, the Court held that "[s]hould the [Corporate] Defendants' motions to dismiss be denied in whole or in part, this protective order shall be terminated and responses to any discovery that is withheld pursuant to this protective order ***shall* be provided to Plaintiffs within thirty (30) days** of the entry of the relevant order on motion to dismiss." (*Id.* at *4) (emphasis added).

Moreover, the June 1, 2021 protective order never prevented scholastic discovery as to the nationwide market for recreational, college, high school, and junior high school sideline cheerleading along with regional, state and national competitions in the field of cheerleading in addition to the nationwide market for cheer camps (*Id.* at *2).

On October 28, 2021, the Court denied in part Defendants' motions to dismiss. (ECF No. 141).

Since October 28, 2021, however, the Corporate Defendants (including Varsity) have refused to produce even the first responsive document related to products sold by BSN, Stanbury, or Herff Jones (all held by Varsity). Since October 28, 2021, the Corporate Defendants have refused to re-produce previously redacted

3

documents related to products sold by BSN, Stanbury, or Herff Jones (all held by Varsity). Finally, since February 2021, BSN, Stanbury, and Herff Jones (all held by Varsity) have evidently refused to produce any responsive documents *whatsoever*. Those statements are true despite *repeated* requests and reminders made to the Corporate Defendants both telephonically and in print. (*E.g.*, Exs. "E" and "F").

### III.   RELEVANT LAW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When parties fail to cooperate,

> [the Sixth Circuit Court of Appeals] has determined that four factors are to be considered when reviewing a decision by a district court to impose sanctions under Rule 37. (hereinafter, the "Regional Refuse test"). The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction[.]

*Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (internal citations omitted). The fourth factor relates to dismissals and need not be considered here. *See, e.g.*, *Holbrook v. Ownbrix Int'l Corp.*, No. 219CV02879JPMCGC, 2021 WL 783550, at *3 (W.D. Tenn. Mar. 1, 2021) (citing *id.*) (granting Plaintiffs' motion for sanctions, establishing facts germane to Defendants' motion to dismiss admitted in favor of the

Plaintiffs, finding Plaintiffs' Requests for Admission admitted, ordering document production, and denying Defendants' Motion to Dismiss.).

Trial courts have broad authority to issue Rule 37 sanctions. Indeed, if appealed, the Sixth Circuit will review Rule 37 sanctions only for abuse of discretion. *Fencorp, Co. v. Ohio Kentucky Oil Corp.*, 675 F.3d 933, 942 (6th Cir. 2012) (affirming district court sanction of taking Plaintiff's allegations as established).

## IV.   DISCUSSION

### A.   The Corporate Defendants' Failure to Cooperate was Willful.

In the Sixth Circuit, "willfulness" is defined as "a conscious and intentional failure to comply with the court order." *Bass v. Jostens, Inc*., 71 F.3d 237, 241 (6th Cir. 1995). The burden is on the disobedient party "to show that the failure was due to inability and not to willfulness, bad faith, or fault." *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 322 (E.D. Mich. 1996) (citing *Reg'l Refuse*, 842 F.2d at 154; *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642–43 (1976)).

In this case, it would be challenging for the Corporate Defendants to prove their failure to comply was due to inability and not willfulness. Indeed, could they

truthfully even claim *inability* to produce, for example, even a single product catalogue? (Ex. A, Req. 18 at *9). Could they honestly plead *inability* to produce sales figures? (*Id.*, Req. 43 at *16). Can we reasonably believe they suffered an *inability* to produce even a single document that identifies their website? (*Id.*, Req. 61 at *25). Indeed, any statement that *inability* prevented the Corporate Defendants from producing *any* such documents will strain the limits of good faith.

**B.   The Corporate Defendants' Failure to Cooperate Prejudiced the American Spirit Plaintiffs.**

The prejudice prong is established where a failure to cooperate results in, *inter alia*, increased difficulties in discovery. *See, e.g.*, *In re Fam. Resorts of Am., Inc.*, 972 F.2d 347 (6th Cir. 1992) ("As far as the document requests are concerned, this is clearly correct, because the defendants never responded to these requests at all . . . . Clearly, such incomplete responses prejudice the [movant's] ability to prepare its case and increase the difficulty of future discovery.").

In this case, the Corporate Defendants prejudiced the American Spirit Plaintiffs. Clearly, BSN's, Stanbury's and Herff Jones's (all held by Varsity) refusal to produce *any* responsive documents whatsoever prejudiced the American Spirit Plaintiffs' ability to prepare their case and increased the difficulty of future

6

discovery. *Id.* Indeed, the American Spirit Plaintiffs have been unable to use responsive documents to identify deponents, conduct relevant questioning, and clarify contested matters. Such difficulty impedes both the discovery of the truth and the preparation of an illuminating trial.

**C.  The Corporate Defendants were Warned that Failure to Cooperate Could Lead to Sanctions.**

The Corporate Defendants were warned. (Ex. F).

## V.  CONCLUSION

For the foregoing reasons, the American Spirit Plaintiffs move that the Court issue an order:

(1)  Directing that the factual allegations pertaining to BSN, Herff Jones, and Varsity, be taken as established for purposes of the action, as the American Spirit Plaintiffs claim in their Complaint;

(2)  Issue an order compelling Varsity Brands Holding Co., Inc., Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashion & Supplies, LLC., BSN, Herff Jones, and Stanbury to submit documents responsive to all outstanding requests within 7 days with complete production due in 45 days; and

    (3)    Stay further proceedings until the order is obeyed.

Respectfully submitted,

This 9th day of February 2022.

s/ Robert A. Falanga
Robert A. Falanga, Esq.
Attorney Bar No. 254400
Interim Lead Class Counsel

s/ Kobelah Svensen Bennah
Kobelah Svensen Bennah
Attorney Bar No. 378113

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Pl #C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
robert@falangalaw.com
kobelah@falangalaw.com