# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC.,   ROCKSTAR CHAMPIONSHIPS, LLC, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, and ASHLEY HAYGOOD, Individually and on Behalf of all Others Similarly Situated, Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT LLC, STANBURY, LLC, HERFF JONES, LLC, BAIN CAPITAL, LP, CHARLESBANK CAPITAL PARTNERS, LLC,VARSITY BRANDS HOLDING CO., INC., VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPIA TOURS, LLC and JEFF WEBB, Defendants. | CIVIL ACTION FILE NUMBER: <u>1:20-cv-03088-SCJ</u><br><br><br>**CLASS ACTION**<br><br>**<u>REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HERFF JONES, LLC</u>** |

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 34 Plaintiff requests that Defendant, Herff Jones, LLC (herein after referred to as "Herff Jones") produce and permit Plaintiff to inspect and copy the following documents. Defendant is requested to produce the documents at the offices of Falanga & Chalker, 11200 Atlantis Place, Suite C, Alpharetta, Georgia 30022, within the period of time allocated in the Scheduling Order (ECF No. 100) for this Request for Production of Documents. These document requests are continuing in nature and must be supplemented as required by Fed. R. Civ. P. 26 (b)(e).

For the purposes of this request, the term "document" means anything serving as proof, or which may be relied upon to record or prove something, and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, correspondence, contracts, invoices, billings, memoranda, reports, notices, transcripts, summaries, minutes, electronic mail, and data compilations, including those in computer media or memory.  The term "document shall have the meaning and description as agreed to by the parties in the Joint Stipulated Protocol for the Discovery of Electronically-Stored Information and Hard Copy Documents known as the "Agreed ESI Protocol".

For purposes of this request, the term "Defendant" includes all persons or

organizations acting on behalf of or at the behest of the Defendants named in the caption of this action and Herff Jones, LLC.

Wherever the term "Defendants" "you" or "your" appears in the requests, it shall refer to any of the Varsity defendants in this case and Herf Jones, LLC.

Whenever and wherever a request asks for documents during time periods not limited to the class period, or which pre-date the class period (2016-2020), then Plaintiffs argue that those documents so requested are discoverable and relevant for proving or showing the alleged exclusive dealing contracts and activity that constitutes "tying" type activity violations. See Eastman Kodak Co. v. Image Tech. Servs., 504 U.S. 451, 462 (1992); Bell v. Cherokee Aviation Corp., 660 F. 2d 1123, 1127 (6th Cir. 1981).  Therefore, Plaintiffs object to any attempt by Defendants in this case to limit all discovery to the class period (2016-2020).

## REQUESTS FOR PRODUCTION

### 1.

Please produce any and all financial records or agreements that would reflect how much money was taken in and what was spent out associated with funds obtained by Herff Jones, LLC for any sales done that were associated with the scholastic sales of merchandise or apparel (caps and gowns) for the years 2016, 2017, 2018 and 2019. Plaintiff agrees to keep this information confidential and is

willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

2.

Please produce any and all financial records associated with the business of the Herff Jones, LLC for the years 2016, 2017, 2018 and 2019. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

3.

Please produce a copy of the restrictive "exclusivity" email, memo, letter or directive sent by VP Bill Boggs in approximately 2008 to the college coaches stating:

> "After much thought and deliberation and based on a number of factors, NCA/ NDA (Varsity) is initiating a new policy related to College Nationals: Due to TV, admin concerns regarding school-based priorities, image and funding, and sponsorship considerations, teams that compete in NCA/NDA College Championships may not be eligible to participate in any other event promoted as a cheer or dance "national championship."

4.

Produce any and all documents, agreements or contracts that relate to or establish any type relationship between Jeff Webb, Varsity Brands, any of the other Defendants in this case and Herff Jones, LLC that were entered into from 2010 until

the present.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

5.

Please produce any and all contracts, documents, memos, letters, or any agreements between Jeff Webb,  Varsity Brands, any of the other Defendants in this case  and Herff Jones, LLC or any of the other associated or subsidiary companies (not to be limited to, but to include the co-defendants listed in this litigation) that came into existence or entered into at any time during the last ten years.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

6.

Please identify and produce a complete list of the name, address, title and phone number for every president and vice-president for Varsity Brands, LLC and each co-defendant subsidiary company, including Herff Jones, LLC,  listed in this litigation for the years 2016, 2017, 2018, 2019 and 2020.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

7.

Produce any and all documents, agreements or contracts that relate to or establish the sale, merger or purchase, of Herff Jones, LLC or any of your subsidiary companies which were entered into during the years 2016, 2017, 2018, 2019 or 2020.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

8.

Please produce any and all contracts, documents, memos, letters, or any agreements between Jeff Webb, Varsity Brands, LLC, Herff Jones, LLC, any subsidiary of Varsity Brands, LLC, or USA Federation for Sport Cheering (USA Cheer) and Varsity Intropa Tours, Inc. which were entered into during the years 2016, 2017, 2018 and 2019. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

9.

Please produce any documents, ledgers, accounting records or other financial records that would reflect the gross annual revenues and the net profits for Herff Jones, LLC for each of the years 2016, 2017, 2018 and 2019. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

10.

Please produce any records that would reflect how many full time employees Herff Jones, LLC had in each of the years 2016, 2017, 2018 and 2019. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

11.

Please produce any and all proposed contracts, documents, memos, letters, or any agreements between Jeff Webb, Varsity Brands, LLC, Herff Jones, LLC, any subsidiary of Varsity Brands, LLC, that reflect any proposal or offer to buy and/or merge with Jostens, Inc. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

12.

Please produce any document or record that reflects any and all schools that you sold merchandise or apparel to during the years 2016, 2017, 2018, 2019 or 2020 and includes the address of the school and the contact person at the school that the sale was consummated with or through.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

13.

Please produce a list that would include the identity by name of  the student sized or measured for any type of scholastic cap and gown, parents name, address, email address and phone number associated with scholastic sales by your scholastic sales employees/representatives (not All Star sales reps) for each of the years 2016, 2017, 2018, 2019 and 2020.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

14.

Please produce any record or document that would reflect a list that would include the identity by name of  the student that purchased any merchandise, the parents name, address, email address and phone number associated with scholastic sales by your scholastic sales (not All Star sales reps) employees/representatives for each of the years 2016, 2017, 2018, 2019 and 2020.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

15.

Please produce any record or document that would reflect a list that would include the identity by name of  the student and/or parent who purchased either a class ring or a champions ring, their address, email address and phone number

associated with scholastic sales by your scholastic sales (not All Star sales reps) employees/representatives for each of the years 2016, 2017, 2018, 2019 and 2020. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

16.

Please produce any record or document that would reflect a list that would include the identity of each school by name, address, email address, phone number, contact person at the school, who attended a Varsity Spirit sponsored camp, convention or program for each of the years 2016, 2017, 2018, 2019 and 2020. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

17.

Please produce any and all financial records that would reflect the amount charged or accepted by Herff Jones, LLC, Varsity Brands, LLC, or any subsidiary company, for holding a summer camp, event, convention or program for each school team, that would include the identity of each school by name, address, email address, phone number, contact person at the school, who paid for a Varsity sponsored camp, event, convention or program and the amount charged to the individual school for each summer camp, event, convention or program for each of the years 2016, 2017, 2018, 2019 and 2020. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

18.

Please produce a copy of every Herff Jones, LLC, Varsity Brands, LLC, or

any subsidiary company of Varsity Brands, LLC catalogs for each of the years 2016, 2017, 2018, 2019 and 2020. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

19.

Please produce a copy of every exclusive sales contract or "All School Deal" agreement that Herff Jones, LLC, Varsity Brands, LLC, or any subsidiary company of Varsity Brands, LLC was a party to or entered into with any school for each of the years 2016, 2017, 2018, 2019 and 2020. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

20.

Please produce any documents or sales employees manuals or training manuals that existed for the years 2016, 2017, 2018, 2019 and 2020 used by the sales staff or sales managers for scholastic sales employees of Herff Jones, LLC, Varsity Brands, LLC or any subsidiary companies of Varsity Brands, LLC.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

21.

Please produce a copy of every written or video produced promotion, sales or marketing brochure, commercial or material generated for marketing, public relations or promotion and/or selling either merchandise, apparel or a service for Herff Jones, LLC, Varsity Brands, LLC or any subsidiary company of Varsity Brands, LLC for each of the years 2016, 2017, 2018 and 2019. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

22.

Please produce a copy of the Impact program video for the re-branding of Catawba Ridge High School located in South Carolina and a copy of the total amount billed or charged by BSN Sports, LLC, Herff Jones, LLC, Varsity Brands, LLC or any subsidiary company of Varsity Brands, LLC for this Impact program project. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

23.

Please produce a copy of the Impact program contract or agreement for the re-branding of Catawba Ridge High School located in South Carolina and a copy of the total amount billed or charged by BSN Sports, LLC, Stanbury, Herff Jones, LLC, Varsity Brands, LLC or any subsidiary company of Varsity Brands, LLC for this Impact program project.

24.

Please produce a complete list of all schools, including their name, address and phone number, who entered into any type of exclusive sales contract or "All School Deal" agreement with BSN Sports, LLC, Stanbury, LLC, Herff Jones, LLC, Varsity Brands, LLC or any subsidiary company of Varsity Brands, LLC for the years 2016, 2017, 2018, 2019 and 2020. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

25.

Please produce a copy of any and all contracts or agreements entered into by BSN Sports, LLC, Herff Jones, LLC, Varsity Brands, LLC or any subsidiary company of Varsity Brands, LLC and Director's Showcase International (DSI)

which was done in between the years 2018 and 2020.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

26.

Please produce any and all records, contracts, agreements and financial documents that reflect any type of arrangement between Herff Jones , LLC, BSN Sports, LLC, Varsity Brands, LLC or any subsidiary of Varsity Brands, LLC and Varsity Intropa Tours that have existed since 2010.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

27.

Please produce a copy of any and all exclusive sales or "All School Deal" contracts or agreements entered into by BSN Sports, LLC, Herff Jones, LLC, Stanbury Apparell, LLC, Varsity Brands, LLC, Varsity Spirit, LLC or any subsidiary company of Varsity Brands, LLC and Tulsa High School, Piedmont High School, Tulsa Public Schools, Byng High School, Moore Public Schools, Oklahoma City Public Schools, Mustang High School, Deercreek High School or Carl Albert High School, all located in Oklahoma,  which were done in between the years 2014 and 2020.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

28.

Please produce a complete list, including names, addresses, email addresses and phone number for all Herff Jones, LLC sales personnel that worked for Herff Jones, LLC during the years 2016, 2017, 2018, 2019 and 2020.  Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege

and/or confidential agreement with Defendant to protect this information.

29.

Please produce a complete list of the schools, including their addresses, contact person for sales at the school, and phone numbers for the schools that Herff Jones, LLC has done business with since the year 2016. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

30.

Please produce any and all covenants not to compete entered into with any employee and any documents used to train or guide the sales staff at Herff Jones, LLC for sales training to guide their sales staff in selling Herff Jones,LLC apparel, merchandise or products to schools. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

31.

Please produce the proposals, prospectus, contracts or agreements associated for Varsity Brands (or any of their subsidiaries) purchasing and/or merging with Herff Jones, LLC. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

32.

Please produce any and all contracts or agreements associated with the Impact Program and any schools for the last five (5) years that Herff Jones, LLC was involved with or was made a party thereto. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

33.

Please produce any and all advertising materials including print, email, electronic or video used by Varsity Spirit, LLC or Herff Jones, LLC, sales staff to promote the Impact program for schools that were done from 2012 to the present. Plaintiff agrees to keep this information confidential and is willing to execute an agreed upon privilege and/or confidential agreement with Defendant to protect this information.

34.

From 2015 to the present, all documents reflecting (a) your board of director and board committee agendas, your board meeting minutes (and drafts thereof), pre-board meeting board packets, presentations made to or by the board of directors and board committees, including any and all notes and communications regarding board of director and board committee meetings regarding some or all of the facts and allegations in the Complaint; and (b) your bylaws and any other corporate governance documents, irrespective of date, and any and all amendments or additions thereto.

35.

All documents from 2012 to the present, reflecting or relating to your policies, practices, guidelines and training directed to compliance with the antitrust or competition laws of the United States, of any state of the United States, the District of Columbia, or any foreign country, including all documents concerning the creation of such policies, and any statements signed by your employees acknowledging their receipt of or compliance with your antitrust compliance policies.

36.

All Documents from 2015 to the present, reflecting or relating to (a) Contracts

(whether executed or not) between you and any school, school principal, school superintendent, school administrator, school coach or school board, including, all contracts and agreements between you and any school, school principal, school superintendent, athletic director, school administrator, school coach or school board, (b) Offers by you to any school, school principal, school superintendent, school administrator, school coach or school board to sell goods or services, including offers to sell goods or services where your discounts, rebates, or prices depend upon multiple or combined purchases of products or services, (c) communications and/or negotiations with school, school principal, school superintendent, school administrator, athletic director, school coach or school board, or their respective representatives, referencing or relating to such contracts, offers, or negotiations, and (d) communications prepared by or sent to any person outside Varsity or Herff Jones, LLC that reference or relate to any such contracts, Impact Programs, offers, or negotiations, including copies of all 1099s issued to any school or school board for rebates or other payments by Varsity or Herff Jones, LLC.

37.

Documents from 2015 to the present, sufficient to show the terms and duration associated with each contract between you and any school, school principal, school superintendent, school administrator, school coach or school board, and each offer you made available to any school, school principal, school superintendent, school administrator, school coach, athletic director or school board.

38.

All documents from 2015 to the present, reflecting or relating to the effects of any of the contracts, offers, or contractual provisions entered into with schools, had on the business or sales of any actual or potential competitor of yours such as Jostens.

39.

All documents from 2015 to the present, reflecting or relating to the administration, monitoring, auditing, or enforcement or threatened enforcement of any of your terms of sale, offers, contracts, contractual or offer provisions, with any school, school principal, school superintendent, athletic director, school administrator, school coach or school board.

40.

Documents from 2015 to the present, sufficient to identify each of your employees involved in approving or negotiating the terms of each of your school contracts, offers, or agreements with any school, school principal, school superintendent, athletic director, school administrator, school coach or school board.

41.

For each year from 2015, all financial statements, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, pro formas, and similar financial documents relating to Herff Jones, LLC.

42.

All of your monthly, quarterly, and annual audited and unaudited financial statements and related data, including profit and loss statements, balance sheets, cash flow statements, income statements, regulatory filings (including your income tax returns), issuance of equity or debit, loans, and money owed or receivable from 2015 to the present.

43.

Documents from 2015 to the present, sufficient to show sales, revenues, profits or losses in as granular a form as you maintain it for (a) all of your school sales in merchandise or services.

44.

Documents from 2015 to the present, sufficient to show all direct-to-consumer
sales, including quantity, net price, product, purchaser and purchasers phone
number, name and address, for any apparel, merchandise or graduation regalia sold
on your web site or any other website owned by you, or by any other means.

45.

Documents since 2015 sufficient to show, on a purchase by purchase basis as
well as in the aggregate, the purchases of Varsity or Herff Jones, LLC-branded
apparel, merchandise such as class rings and championship rings, caps and gowns
or graduation regalia by schools or parents of school children, or other customer,
including at least the following information for each purchaser or customer: name,
address, phone number, email address, customer number, and main contact person
or persons, identifying the items, prices and other terms of sale.

46.

Documents and data since 2015 to the present (in machine-readable format
such as *.csv, *.txt or other native flat file format) sufficient to show your actual
costs, in as granular form as the information is maintained, associated with all of
your merchandise and apparel, on a monthly basis and in electronic format,
including:

a. Your costs for producing and selling the merchandise or apparel, including
material costs, compensation for workers, employees, contractors, insurance costs,
and all other costs incidental to producing and selling the school merchandise or
apparel;

b. Your costs for advertising expenses;

c. Your costs for development of  trademarks and logos;

d. Your costs for legal fees expended in protecting the purported intellectual property rights; and

e. all other costs associated with producing and selling your school merchandise and apparel in an itemized fashion.

　　　If such data are not kept, or have not been kept, in electronic form in the ordinary course of your business or are otherwise not available in electronic form, please produce such data in hard copy.

47.

　　　For scholastic sales of merchandise and apparel, documents and data since 2015 to the present (in machine-readable format such as *.csv, *.txt or other native flat file format), in as granular form as it is maintained, itemized on a purchaser by purchaser basis, including for each customer or purchaser, at minimum, identity of school, name, address, phone number, email address, customer number, and main contact person or persons, including date, in electronic format, sufficient to show the following:

a. total receipts from school merchandise and apparel:

b. total revenues derived from the sale of advertising involving school merchandise and apparel:

c. total revenues derived from the sale of merchandise and apparel to schools, students, students parents or other purchasers;

d. total revenues derived from the sale of merchandise and apparel to schools, students, students parents or other purchasers;

e. total revenues derived from the sale of any merchandise and apparel to schools, students, students parents or other purchasers; and

f. total revenues derived from licensing your merchandise and apparel.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of your business or are otherwise not available in electronic form, please produce such data in hard copy.

48.

For scholastic sales of merchandise and apparel, documents and data since 2015 to the present (in machine-readable format such as *.csv, *.txt or other native flat file format) in as granular form as it is maintained, including by transaction or receipt, broken down by purchaser, including at minimum for each purchaser the name, address, phone number, email address, customer number, and main contact person or persons, itemized by product code, number of items sold, description of product, price, date, check, or other payment method, and transaction, sufficient to show the following:

a. the terms of each scholastic sale;

b. the invoice number;

c. the purchase order number;

d. net price paid per item, including all rebates, discounts, and returns;

e. whether the transaction occurred at the school, over the internet, by phone, or in some other place;

f. the location from which the goods were shipped;

g. the customer's name and address, including the identity of the customer that was billed and the location to which the goods were shipped;

h. the date you shipped the goods, the date you billed for the goods, and the date the customer took delivery;

i. the specification and type of goods, including any unique purchaser-specific identifier, and product classifications and detailed descriptions sold for each transaction;

j. the quantity (and units of measure) for each type of good sold in connection with each sale;

k. all pricing information concerning the sale, including shipping, tax, or similar charges, and the gross and net unit price for each item in the sale;

l. the currency in which the sale was billed and paid;

m. any discounts, rebates, credits, freight allowances, returns, free goods and/or services or any other pricing adjustment for each sale, with sufficient information to attribute these adjustments to individual sales;

n. documents sufficient to understand all codes in the file or invoice;

o. whether the transaction was associated with or made pursuant to a contract with Herff Jones, an offer from Herff Jones, including the contract or offer date, and the impact of the transaction on the purchaser's discount, credit or rebate status under the contract or offer;

p. any and all additional fees or costs associated with the transaction (including manufacturing cost, freight charge and transportation cost, sales and distribution cost, marketing or sales cost, and any other cost attributed or allocated to the sale); and

q. costs paid by a school, school parent, teacher or other purchaser, for merchandise or apparel that was purchased.

49.

Documents since 2016 to the present, sufficient to show any proposed, contemplated, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spinoffs or any other change in Herff Jones, LLC's ownership or the ownership of any subsidiaries, corporate affiliates, departments, business units or other subdivisions of your company.

50.

Documents from 2015 to the present, sufficient to show the beneficial ownership of Herff Jones, LLC and changes thereto over time, including documents sufficient to show any stock or other interests owned by each person holding a beneficial ownership.

51.

Since 2015, all documents, not to be limited to, but including proposals and perspectus,  provided by Herff Jones, LLC to Charlesbank Capital Partners and/or Partners Group in connection with the purchase of all or an interest in Herff Jones, LLC by Charlesbank Capital Partners and Partners Group. (It is pointed out that these documents possibly may contain important financial information such as estimates of percentage of share of the markets, etc. which would be relevant to the claims of the Plaintiffs in this case)

52.

Documents sufficient to show the price paid by Charlesbank and Partners Group for Herff Jones or an interest in Herff Jones.

53.

Documents in existence since 2017, sufficient to show the relationship between Herff Jones, LLC  and Bain, including:

a. all documents reflecting or relating to any purchase agreements entered into by Herff Jones, LLC and Bain and/or to any agreements wherein Herff Jones agreed with Bain Capital, including documents reflecting or relating to the negotiations preceding any such agreements and communications regarding such agreements;

b. documents sufficient to identify each of the Herff Jones employees involved in approving or negotiating the terms of any purchase agreement produced in response to this request;

c. all documents reflecting or relating to due diligence requests made by Bain Capital to Herff Jones related to Bain's acquisition, in whole or in part, of Herff Jones and any responses by you to such requests;

d. all documents reflecting or relating to studies or analyses of the effects of any contracts or offers produced in response to this request on your revenues, success, strategy, profitability or on the prices or fees you charged schools, teachers, parents of students or students, or anyone else;

e. all documents reflecting or relating to financial data, summaries, financial, SWOT or other analyses, white papers, slide decks, or other due diligence files related to the decision to sell Herff Jones, LLC, in whole or in part to Bain Capital and/or Bain's decision to buy some or all of Herff Jones;

f. all communications received or sent by Herff Jones, LLC's current and/or former officers, directors, agents, accountants, employees, and partners related to Bain's acquisition of Herff Jones, LLC;

g. all documents reflecting or relating to communications received or sent by Herff Jones, LLC's current and/or former officers, directors, agents, accountants, employees, and partners related to Bain Capital's due diligence investigation of Herff Jones, LLC or any of the other Varsity defendants in this case;

h. all documents discussing, referring to, or describing the methodology used by Herff Jones, LLC as part of Bain Capital's due diligence review of Herff Jones, LLC;

i. all documents reflecting or relating to bids, indications of value, suggested bids, discussions of value or correspondence related to Herff Jones, LLC prepared by or on behalf of Bain Capital;

j. all documents including correspondence, communications, hand-outs, presentations, notes, minutes or summaries-related to Bain Capital's purchase of Herff Jones;

k. all promotional documents, public statements, announcements, disclosures, or press releases issued by Bain Capital relating to Herff Jones, LLC;

l. all documents or communications exchanged with Bain Capital regarding Herff Jones, LLC or any of the other Varsity defendants in this case;

m. all documents or communications exchanged with Bain Capital regarding the "All School" agreement or exclusionary agreements or any other contract, agreement or offer made to or entered into with schools;

n. all documents or communications exchanged with Bain Capital regarding acquisitions by Herff Jones, LLC;

o. all contracts or written agreements or memorandum of understandings or drafts thereof between Bain and Varsity, Bain and Herff Jones, LLC, Bain and Charlesbank, or Bain and any of Bain's Partner Group;

p. all documents and communications between Bain's current and/or former officers, directors, agents, employees, and partners and any of Herff Jones directors or officers;

q. all documents and communications between the current and/or former officers, directors, agents, employees, and partners of Charlesbank Capital Partners and/or Partners Group and any of  the Varsity defendants in this case or Herff Jones, LLC directors or officers related to Bain's acquisition of Herff Jones; and

r. all documents created, produced, published or issued by Bain Capital or third party analysts or consultants regarding Herff Jones and the school merchandise or school apparel industry, including without limitation, reports that analyze or project demand, revenues, income, profits or market share derived from or relating to school merchandise and apparel.

54.

All documents reflecting or relating to Your competition with Jostens or other such competitors, including any and all documents reflecting any efforts on Herff Jones part to take business from your alleged competitors or potential competitors.

55.

Documents from 2015 to the present, sufficient to identify each person or entity Herff Jones considers to be, or previously considered to be, an actual or

potential competitor of Herff Jones in selling merchandise and apparel to schools including:

a. all documents analyzing, discussing or relating to the competitive strengths or weaknesses of actual or potential competitors;

b. for each year in the relevant requested time period, documents sufficient to identify the individual shares of the market or markets in which you participate, for Herff Jones and each of Herff Jones actual or potential competitors in each school market in which you compete, measured as a percentage of total sales in dollars;

c. all documents and data referencing or relating to determination of all prices and fees charged by Herff Jones or your competitors: (a) for sale of school merchandise (b) sale of school apparel; (c) or for any other good or service provided by Herff Jones; and

d. all documents discussing the business models or other aspects of actual or potential competitors of Herff Jones in all markets in which Herff Jones competes, including any documents reflecting comparisons of prices or fees charged by Herff Jones relative to actual or potential competitors, marketing strategies, or sponsorships.

56.

All documents in existence since 2015 to the present, reflecting communications between Herff Jones or any of your employees and any school, school superintendent, school administrator, principal or teacher regarding decisions to purchase or purchases of school merchandise or apparel.

57.

A list of all school sales staff members employed by Herff Jones, LLC from 2015 to the present including their names, sales territory they were assigned to, address and phone numbers.

58.

Documents in existence from 2015 to the present, sufficient to identify each person or entity Herff Jones, LLC considers to be, or considered to have been, an actual or potential competitor of Herff Jones in producing and selling school merchandise and apparel, and:

a. all documents analyzing, discussing or relating to the competitive strengths or weaknesses of actual or potential competitors;

b. for each year since 2015, documents sufficient to identify the individual shares of the market or markets in which you participate, for Herff Jones and each of your actual or potential competitors, measured as a percentage of total sales in dollars;

c. all documents and data referencing or relating to the determination of prices and fees charged for merchandise or apparel by Herff Jones or your competitors; and

d. all documents discussing the business models or other aspects of actual or potential competitors of Herff Jones. Responsive documents include any materials relating to comparisons of prices or fees charged by Herff Jones relative to actual or potential competitors.

59.

Documents in existence since 2015, sufficient to show all entities that Herff Jones partners with for Herff Jones-branded school merchandise or apparel sales, including any financial arrangements between you and such entities.

60.

Documents in existence since 2015 to the present, sufficient to show any of the other defendants listed in this litigation,  that Herff Jones partners with for Herff jones-branded school merchandise or apparel sales, including any financial arrangements between you and such entities.

61.

Documents in existence since 2015 to the present, sufficient to identify the website URLs where Herff Jones school merchandise and  apparel is available for purchase.

62.

Documents since 2015 to the present, sufficient to identify all Herff Jones owned school merchandise and apparel copyright designs.

63.

All documents in existence from 2015 to the present, reflecting any steps or lawsuits Herff Jones have taken to limit the sales of other school merchandise and apparel manufacturers.

64.

Documents since 2015 describing the Herff Jones designs and specifications of school merchandise and apparel.

65.

Documents in existence from 2015 to the present, describing or analyzing Herff Jones target customer base for its school merchandise and apparel.

66.

Documents sufficient to identify and describe the systems and structures Herff Jones uses to store, maintain, or utilize your ESI, including all codes, information,

documentation, ESI or programs necessary to utilize any ESI that Herff Jones is producing in response to these requests for school related merchandise and apparel.

67.

Documents sufficient to show any policy or procedures at Herff Jones for the preservation, retention, backup, storage, destruction, and litigation hold policies and practices for documents, electronic communications equipment, and data storage media (including phones, mobile devices, laptops, tablets, pagers, personal computers, servers, removable storage media, cloud storage, and backup media) as well as any changes to, enforcement of, and compliance with, those policies that have existed since 2015 to the present.

68.

All documents since 2015 to the present which reflect anything concerning any known departure or variance from any of Herff Jones policies concerning the retention, storage, or destruction of any document identified in Request No. 67.

69.

All documents since 2011 to the present, reflecting or relating to Herff Jones communications with any of the Plaintiffs in this case.

70.

All communications since 2011between Herff Jones, your employees and/or officers and anyone else, including members of the proposed Class, referencing or relating to the allegations in the Complaint, including the filing of the Complaint, exclusive of any communications protected by attorney/client privilege.

71.

All documents since 2015 to the present that were created, produced, published or issued by third party analysts or consultants regarding Herff Jones and the school merchandise and apparel industry, including, reports that analyze or project demand, revenues, income, profits or market share derived from or relating to school merchandise and apparel.

72.

From 2012 until the present, all documents provided by Herff Jones to the Federal Trade Commission, Securities and Exchange Commission, Department of Justice, a state attorney general, or any other governmental agency regarding Herff Jones, LLC's selling of school merchandise and apparel, as well as all such requests that prompted the provision by Herff Jones of those documents.

Respectfully submitted,

*/s/ Robert A Falanga*
Robert A. Falanga, Esq.
Georgia Bar No. 254400
Interim Lead Counsel

*/s/ Kobelah S. Bennah*
Kobelah S. Bennah
Georgia Bar No. 378113

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Place, Suite C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
RobertFalanga@FalangaLaw.com
kobelah@falangalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing PLAINTIFFS FIRST REQUEST TO PRODUCE ADDRESSED TO DEFENDANT HERFF JONES, LLC with the Clerk of Court using the CM/ECF system and/or mail which will automatically send email notification of such filing to the following attorneys of record:

Adam S. Baldridge
Nicole D. Berkowitz
Sarah Margaret Carrier
Grady M. Garrison
Matthew Sinon Mulqueen
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103

Edward L. Stanton, III
BUTLER SNOW LLP
6075 Poplar Avenue
Suite 500
Memphis, TN 3119

George Cary
Alexis Collins
Steven J. Kaiser
Mark W. Nelson
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037

Paul Edward Coggins
Brendon Patrick Gaffney
Talis Colgan Trevino
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

Respectfully submitted,

This  9th  day of February  2021.

s/  Robert A. Falanga
Robert A. Falanga, Esq.
Attorney Bar No. 254400
Interim Lead Counsel for
Plaintiffs and their
Putative Classes


s/  Kobelah Svensen Bennah
 Kobelah Svensen Bennah
Attorney Bar No. 378113
Attorney for Plaintiffs and their Putative Classes

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Pl #C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
robert@falangalaw.com
kobelah@falangalaw.com