# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., ROCKSTAR CHAMPIONSHIPS, LLC, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, and ASHLEY HAYGOOD, Individually and on Behalf of all Others Similarly Situated, <br>          Plaintiffs, <br><br> v. <br><br> VARSITY BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT, LLC, STANBURY, LLC, HERFF JONES, LLC, BAIN CAPITAL, LP, CHARLESBANK CAPITAL PARTNERS, LLC, VARSITY BRANDS HOLDING CO., INC., VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPA TOURS, LLC and JEFF WEBB, <br>          Defendants. | CIVIL ACTION <br> FILE NUMBER: <br> 2:20-cv-02782-SHL- tmp <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. APPLICABLE LAW ............................................................................................1

III. DISCUSSION........................................................................................................2

    A. The June 1, 2021 Order Terminated. ...........................................................2

    B. *Thogus* does not Help the Defendants......................................................3

    C. This Case is More Like *Blumberg*...........................................................5

IV. CONCLUSION......................................................................................................5

## I.   INTRODUCTION

The Corporate Defendants' motion is easy to deny.  In sum, they ostensibly rely on a terminated protective order to "protect" themselves from requests for relevant information and discovery as to the nationwide market for recreational, college, high school, and junior high school sideline cheerleading along with regional, state and national competitions in the field of cheerleading in addition to the nationwide market for cheer camps directed to others.  Pretty thin.  Indeed, this motion was probably offered primarily to distract from the American Spirit Motion to Compel and for Sanctions they knew was coming.  (ECF No. 167.)

Plaintiffs need the scholastic discovery materials and documents in order to prepare for depositions of Defendant employees and other third parties.  The deadline for depositions is April 18, 2022 per the Amended Scheduling Order issued by the Court. (ECF No. 159.)

## II.   APPLICABLE LAW

Rule 26:

(b)      Discovery Scope and Limits.

(1)      Scope in General.

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]

(c)     Protective Orders.

(1)     In General.

A party or any person from whom discovery is sought may move for a protective order[.] The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

(emphasis added).  Within these parameters, District Courts have broad discretion to deny protective orders. *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

### III.   DISCUSSION

**A.   The June 1, 2021 Protective Order Terminated.**

The Corporate Defendants' first argument boils down to this: "the Protective Order remains in effect and flatly precludes discovery of much of the information that Plaintiffs seek[.]" (ECF No. 165 at *6.) Well, let us turn to the plain terms of that order. (ECF No. 132.)  In doing so, it is clear the Corporate Defendants do not show good cause for a second protective order.

On June 1, 2021, the Court declined to outright deny the Corporate Defendants' first motion for protective order. *Id.*  Instead, the Court provided that **"[s]hould the [Corporate] Defendants' motions to dismiss be denied in whole or in part, this protective order shall be terminated** and responses to any discovery that is withheld pursuant to this protective order shall be provided to Plaintiffs within

3

thirty (30) days of the entry of the relevant order on motion to dismiss." (*Id.* at *4) (emphasis added).

Then, **on October 28, 2021, the Court denied in part Defendants' motions to dismiss.** (ECF No. 141.) Thus, the June 1, 2021 Order **terminated**; responses are overdue. Simple. And on that simple ground, each of the Corporate Defendants' cases is distinguishable. *See*, *Fed. Express Corp. v. Accu-Sort Sys.*, No. 01-2503 MA/P, 2005 WL 8156708, at *1 (W.D. Tenn. May 17, 2005) (addressing non-terminated Jan. 25 order); *Thogus Prod. Co. v. Bleep, LLC*, No. 1:20CV1887, 2021 WL 827003, at *5 (N.D. Ohio Mar. 4, 2021) (addressing non-terminated Jan. 28 order). Nevertheless, the Corporate Defendants refuse to cooperate. (*See, e.g.*, ECF No. 167).

B. *Thogus* does not Help the Defendants.

The Corporate Defendants' second argument boils down to this: "the sheer number of subpoenas that Plaintiffs seek to issue suggest that the discovery is intended to interfere with Varsity's customer relationships." (ECF No. 165 at *9). This, they argue, is "good cause" for the Court to issue a protective order. In support, the Corporate Defendants rely entirely upon *Thogus*.

It is pointed out that the June 21, 2021 Protective Oder never prevented scholastic discovery as to the nationwide market for recreational, college, high school, and junior high school sideline cheerleading along with regional, state and

4

national competitions in the field of cheerleading in addition to the nationwide market for cheer camps (ECF No. 132, pg. 2).

Before turning to *Thogus*, it is important to put these 240 subpoenas in the right context of *American Spirit* (the first-filed pending antitrust action against the Corporate Defendants). That is this: ***the vast majority of the Corporate Defendants' monopolistic activity does not involve the niche market of competitive cheerleading.*** Instead, ***the vast majority*** of the Corporate Defendants' monopolistic activity involves their 90%+ shares of the scholastic cheer merchandise and uniforms, athletic equipment, marching band uniform, and graduation regalia markets in the nation's **more than 100,000 middle schools, high schools, and colleges comprising more than 40 *million* students** (*including* scholastic cheerleaders). (*See, e.g.*, Complaint at *34-36; 38-39; 41-43; 82-84; 100-101) (*See also* Nat'l Ctr. for Educ. Statistics, *Fast Facts*, Educational Institutions; https://nces.ed.gov/fastfacts/display.asp?id=372;https://nces.ed.gov/fastfacts/display.asp?id=84; (last visited February 21, 2022).

Keeping that in mind, the subpoenas at issue ask fewer than 250 of those institutions (**fewer than 0.25%**) to respond to **fewer than 5, non-harassing** requests. Indeed, the requests generally seek relevant information the Corporate Defendants should have disclosed months ago.

Now *Thogus*: that case does not help the Corporate Defendants. Indeed, the *Thogus* Court found, "the Subpoenas at issue [were] nothing more than an end around" a ***non-terminated*** order denying discovery. *Thogus*, 2021 WL 827003 at * 6. In contrast, the subpoenas at issue here are non-harassing. Moreover, they do not circumvent the June 1, 2021 order **because that order terminated on October 28, 2021.** *C.f. Comau LLC v. Blue Cross Blue Shield of Michigan*, No. 19-12623, 2021 WL 4635910, at *3 (E.D. Mich. Oct. 7, 2021) ("The considerations at play in [*Thogus*], are not present here. Unlike in that case, Plaintiff is not seeking documents from nearly all of [Defendant's] customers and there is no reason to believe the purpose of the Subpoenas is to harass [the Defendant] and hurt its business. Moreover, the Court does not agree that the Subpoenas are an attempt to circumvent the Court's [non-terminated] Order[.]"). Consequently, the Corporate Defendants have still not shown good cause for a protective order.

**C.     This Case is More Like *Blumberg*.**

With the foregoing in mind, we can see this case is much more like *Blumberg v. Ambrose*, No. 13-CV-15042, 2014 WL 4988380, at *4 (E.D. Mich. Oct. 7, 2014) ("Insofar as Defendants contend that the [183] subpoenas will harass and damage their client relationships, such conclusory statements and unsubstantiated speculation of adverse actions taken on behalf of non-parties in response to a subpoena fail to constitute good cause for a protective order."). As with the

*Blumberg* Defendants, the Corporate Defendants' unsubstantiated speculation regarding excessive burden and harm to client relationships fails.

## IV.   CONCLUSION

The Court should Deny the Corporate Defendants' Motion.

Respectfully submitted,

This 21st day of February, 2022.

s/  Robert A. Falanga
Robert A. Falanga, Esq.
Attorney Bar No. 254400
Interim Lead Class Counsel

s/  Kobelah Svensen Bennah
Kobelah Svensen Bennah
Attorney Bar No. 378113

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Pl #C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
robert@falangalaw.com
kobelah@falangalaw.com

## PLAINTIFF'S CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel to this action with a copy of Plaintiff's Response to Defendants Motion for Protective Order for the above-styled case by either hand delivering same, by e-file and/or by depositing a copy of them in the United States mail in a properly addressed envelope with adequate postage affixed thereto as follows:

Cleary, Gottlieb, Steen & Hamilton
Attn:  Steven J. Kaiser, Esq.
            Alexis Collins, Esq.
            Mark W. Nelson, Esq.
            George S. Cary, Esq.
2112 Pennsylvania Avenue, NW
Washington, D.C. 20037

Baker, Donelson, Bearman
Caldwell & Berkowitz
Attn:  Nicole Berkowitz, Esq.
            Grady Garrison, Esq.
            Adam S. Baldridge, Esq.
            Matthew Sinon Mulqueen, Esq.
165 Madison Avenue
Suite 2000
Memphis, TN.  38103

Locke Lord, LLP
Attn:  Ms. Talis C. Trevino, Esq.
Terminus 200, Suite 1200
3333 Piedmont Road, NE
Atlanta, Georgia 30305

Lock Lord, LLP
Attn:  Paul Edward Coggins, Esq.
            Brendon Patrick Gaffney, Esq.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201

Butler Snow, LLP
Attn:  Edward L. Stanton, Esq.
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 30119

This  21st  day of  February , 2022.

 S/ Robert A. Falanga
Robert A. Falanga
Attorney for the Plaintiffs
Georgia Bar No.: 254400

8

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Place, Suite C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
RobertFalanga@FalangaLaw.com
kobelah@falangalaw.com