**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>        Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |
| **JONES**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**BAIN CAPITAL PRIVATE EQUITY**, et al.,<br><br>        Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' JOINT RESPONSE TO APPEAL OF ORDER GRANTING
IN PART AND DENYING IN PART MOTION TO QUASH OR MODIFY SUBPOENA
<u>DIRECTED TO MARLENE COTA AND FOR PROTECTIVE ORDER</u>**

## **TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................................1

II.    BACKGROUND ...................................................................................................2

III.   LEGAL STANDARD............................................................................................5

IV.   ARGUMENT .......................................................................................................6

       A.     Magistrate Pham's Order Was Not an Abuse of Discretion ....................................6

             1.    Defendants Raise No Basis for Quashing the Subpoena under Rule 45......7

             2.    The Order Correctly Interprets and Enforces Rule 26 ............................7

       B.     The Order Correctly Interprets Authorities Submitted to the Court ......................9

       C.     Defendants' Conduct Is Obstructing Discovery .................................................11

V.     CONCLUSION...................................................................................................12

CERTIFICATE OF SERVICE .........................................................................................17

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro ("*Fusion Elite* Plaintiffs") and Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen ("*Jones* Plaintiffs") (collectively, "Plaintiffs") hereby response, pursuant to L.R. 72.1(g), to the Appeal of Order Granting in Part and Denying in Part Motion to Quash or Modify Subpoena Directed to Marlene Cota and for Protective Order (the "Appeal") filed by Defendants Varsity Spirit, LLC, Varsity Brands, LLC, Varsity Brands Holding Co., Inc., Varsity Spirit Fashions & Supplies, LLC ("Varsity") and Defendants Bain Capital, LP, and Charlesbank Capital Partners, LLC ("non-Varsity Defendants") (collectively, "Defendants"). For the reasons set forth below, Defendants have failed to show that the Order previously entered by Magistrate Judge Pham (Dkt. 195) ("Order") is clearly erroneous or contrary to law and should be denied.

## I.    INTRODUCTION

Defendants have filed a last-minute appeal of Magistrate Judge Pham's Order that denied, in substantial part, their motion to quash a subpoena served by Plaintiffs on third party witness Marlene Cota. Their appeal rests on the thinnest of reeds and is nothing but a delay tactic meant to shield themselves from their own unlawful conduct and prejudice Plaintiffs' attempts to complete discovery before the court-ordered deadline of April 18, 2022. The sole basis for Defendants' appeal is that Magistrate Pham should not have looked outside the Sixth Circuit for opinions interpreting the Federal Rules of Civil Procedure. This is one of the most basic principles of federal jurisprudence. While decisions outside the Sixth Circuit may not be controlling, they are certainly persuasive, especially when the single decision Defendants rely upon for a contrary ruling is so easily distinguishable. Defendants fail to meet the high burden set for appealing a magistrate judge's ruling, and Plaintiffs' respectfully request that this Court

deny their appeal, especially where the discovery sought is so highly relevant to Plaintiffs' claims and where Defendants now unilaterally have the full benefit of the evidence and what it contains.

## II.   BACKGROUND

Marlene Cota was employed by Varsity from approximately June 2005 to January 2018 and held the title of "VP Corporate Alliances" at the time of her termination. (*Fusio Elite* Dkt. 178 at 3-5.) Her documents are indisputably relevant to Plaintiffs' claims. In August 2021, Ms. Cota was interviewed by Mary Carillo on HBO's Real Sports with Bryant Gumbel exposé regarding the "allegations of sexual abuse within the glitzy world of competitive cheerleading." (*Fusion Elite* Dkt. 180-5.) In that episode, the following exchange occurred regarding Varsity's role in All Star Cheer and the impact of its monopoly on child safety:

> Cota: The priority was 'protect the brand.'
> Carillo: Not the child?
> Cota: Correct
>
> ….
>
> Cota: 90-95% of the business of cheerleading is controlled by Varsity.
> Carillo: So from top to bottom? From the bows in their hair to all the events?
> Cota: Ponytails to the toes.
>
> ….
>
> Cota: They created a governing body so that they could manage how they were going to keep that growth, that machine, going.
> Carillo: Did anyone see an issue with a massive multibillion dollar corporation creating the governing body?
> Cota: No. You know the, the directive was always profit, profit, profit.
> Carillo: So what is the USASF in your eyes?
> Cota: It's just another appendage of Varsity.

(*Fusion Elite* Dkt. 180-1 ¶6.) Those statements relate directly to Plaintiffs' allegations that Varsity (1) uses its control of USASF to increase its market power, (*Fusion Elite*, Dkt. 56 ¶¶197-

205; *Jones*, Dkt. 1 ¶¶102-120), and (2) "refused to take action [against sex abuse] because its market share and lack of effective competition allowed it to resist calls for a more rigid, restrictive, and expensive background check system," (*Fusion Elite*, Dkt. 56 ¶241).

Ms. Cota's knowledge, and the description of her former job at Varsity make clear that she is a highly relevant figure in this litigation. Yet her name does not appear in Varsity's initial disclosures, served by Varsity on October 30, 2020. (*Fusion Elite* Dkt. 180-2.) In addition, on November 25, 2020, *Fusion Elite* Plaintiffs served interrogatories on Varsity that included a request to "[i]dentify all Person(s) responsible for negotiating, drafting, implementing, and approving any Contracts on behalf of Varsity with . . . (c) third-party merchandisers or retailers selling Apparel or other cheerleading-related merchandise at All Star Events [and] (d) any Sponsor of All Star Events, Championships, or Championship Qualifiers." (*Fusion Elite* Dkt. 180-3.)[1] In its responses served on December 28, 2020, Varsity identified two employees who negotiated with third-party merchandisers and retailers—John Newby and Chris Darby (*Id*. at 49.) It identified no employees who negotiated with Sponsors, and Ms. Cota's name is not identified anywhere else in the interrogatory responses. (*Id*.) Ms. Cota was also excluded from the list of custodians Varsity identified in response to *Fusion Elite* Plaintiffs' First Request for Production of Documents. (*Fusion Elite* Dkt. 180-4.) Instead, Varsity told Plaintiffs for the first time in its underlying motion that Ms. Cota "was primarily involved in corporate sponsorships." (*Fusion Elite*, Dkt. 178 at 2.) Then, it criticized *Fusion Elite* Plaintiffs in the same breath for not identifying her as a custodian sooner. (*Id*.) Clearly, Varsity should have disclosed Ms. Cota's identity sooner.

---

[1] Plaintiffs have not relied on any redacted portions of this exhibit.

Plaintiffs have not had an opportunity to review Ms. Cota's documents, but it is clear

letter that Ms. Cota should have been identified in Varsity's discovery responses as a custodian

and not in a television interview that aired after negotiations over custodians had concluded.

Responsive documents in Ms. Cota's possession include:

- "agreements and other documents describing or referencing Ms. Cota's employment compensation, and/or the terms and conditions of her employment with Varsity;"

- "correspondence between Ms. Cota and Varsity employees and/or sponsors or other third parties pertaining to sponsorships, competitions, competitors, and other business dealings;"

- "business development documents disseminated by Varsity to its employees and/or third parties including documents related to acquiring sponsorships and commissions for the acquisition of new sponsorships;" and

- "Ms. Cota's personal notes made during her employment with Varsity, some of which are loose leaf and many of which are contained in volumes of notebooks."

(Dkt. 178-2 at 2; Dkt. 191-1 ¶4.) These categories are directly relevant to Plaintiffs' claims that

Varsity monopolized the All Star Cheer and All Star Apparel Markets, including by "den[ying]

its actual and potential competitors access to the showrooms at its market-dominant All Star

Competitions." (Dkt. 56 ¶153.) Varsity should not be permitted to conceal those documents from

Plaintiffs now, based on its own lack of transparency.

Reference to Ms. Cota in a Sportico.com article on September 16, 2021 also indicates

that Ms. Cota has highly relevant information about the relationship between Defendant Jeff

Webb and his successor as CEO at Varsity Adam Blumenfeld, as well as the role of Charlesbank

and Bain as owners of Varsity. For example, the Sportico piece quotes Ms. Cota and further

cements the high relevancy of documents and information that may be in her possession:

> Cota, who contends that Webb still coveted the top job, describes
> the dynamic between him and Blumenfeld as a 'rivalry, and
> probably not a healthy one.' Webb disputes that characterization,
> calling the relationship 'cordial.' (The Varsity spokesperson said:
> 'Adam and Jeff have long enjoyed – and continue to enjoy – a

> cordial and constructive professional relationship.') In any case, Cota says Blumenfeld was better suited at playing the 'Wall Street game.'
>
> 'I have every opportunity to throw Jeff under the bus,' Cota said, 'but I think it is important for people to understand that while Jeff is a businessman, the real commoditization of the brand didn't happen until the [arrival] of Charlesbank and Adam Blumenfeld and BSN and Bain Capital.'

(Ex. 2 at 6.)

There is some dispute regarding how Ms. Cota came into possession of the documents. However, Ms. Cota has stated unequivocally, under threat of perjury, that two Varsity employees delivered the documents to her car, after she was terminated, in boxes. (Dkt. 191-1 ¶3.) She does not know who packed the boxes but notes that the paperwork was clearly from her Varsity office. (*Id.* ¶4.)

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Rule 72(a) provides "considerable deference to the determinations of magistrates." *Siegler v. City of Columbus*, No. 12-cv-472, 2014 WL 1096159, at *1 (S.D. Ohio Mar. 19, 2014) (quoting *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)). "While Rule 72(a) does not use the phrase 'abuse of discretion,' the standard applied under this rule for a nondispositive motion parallels the standard . . . for appellate review of discovery orders." *Nathan v. Ohio State Univ.*, No. 10-cv-872, 2013 WL 139874, at *2 (S.D. Ohio Jan. 10, 2013) (citing *Getsy v. Mitchell*, 495 F.3d 295, 310 (6th Cir. 2007) (en banc) ("[A] district court abuses its discretion where it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact.")). A district court's

review of legal conclusions under the "contrary to law" standard "may overturn any conclusions of law which contradict or ignore applicable precepts of law." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); *Peters v. Credits Prot. Ass'n LP*, No. 13-cv-0767, 2015 WL 1022031, at *3 (S.D. Ohio Feb. 19, 2015).

Because Defendants argue that Magistrate Judge Pham misapplied the law to their motion, (Dkt. 198 at 2-3), this Court must determine whether those legal conclusions are contrary to the law. *Kutzback v. LMS Intellibound, LLC*, No. 13-cv-02767, 2020 WL 1317345, at *2 (W.D. Tenn. Mar. 17, 2020). "'A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Goree v. United Parcel Serv., Inc.*, No. 14-cv-2505, 2015 WL 11120732, at *2 (W.D. Tenn. Oct. 5, 2015). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Id*.

## IV.   ARGUMENT

### A.   Magistrate Pham's Order Was Not an Abuse of Discretion

Defendants' new attempt to block Plaintiffs' access to the highly relevant discovery in Ms. Cota's possession and to undo a proper decision by Magistrate Pham, because they do not want Plaintiffs to have access to damaging evidence, has no basis under the law and should not be entertained. Defendants now try anew to prevent Plaintiffs from accessing the information by claiming that Magistrate Judge Pham misinterpreted their original motion and that they "did not seek . . . to prevent Ms. Cota from disclosing information pursuant to her confidentiality agreements" with Varsity. (Dkt. 198 at 8.) Instead, they make the argument that Ms. Cota's documents "should have been requested via Rule 34." (*Id*.) Defendants want an opportunity "to lodge objections based on relevance, proportionality, embarrassment, harassment, and other

grounds for protection afforded by Rules 34 and 26." *Id.* at 12. This is not what Rule 45 or Rule 26 allows.

### 1.   *Defendants Raise No Basis for Quashing the Subpoena under Rule 45*

A non-party may quash a subpoena under Rule 45 only if the subpoena "'(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.'" Fed. R. Civ. P. 45(d)(3)(A). Defendants has never met these requirements. Nonetheless, "[i]n an abundance of caution," Magistrate Judge Pham allowed Defendants to review the documents for privilege before producing them to Plaintiffs, curing and addressing their only possible objection to the subpoena. (Order at 11-12.)

Indeed, Defendants fail to inform that it has now had a full opportunity to review, identify, and withhold material for which they claimed privilege or other protection. Ms. Cota produced Bates-stamped copies of the documents at issue, totaling 1,370 pages, to Varsity on February 4, 2022. (Van Dyck Decl. ¶¶3-4.) But Defendants do not identify a single document that actually is privileged or otherwise protected. Having failed to do so, Defendants have not carried their burden of proof. Magistrate Judge Pham's Order, which gave Defendants wide latitude (despite his skepticism) to identify any privileged documents that required quashing the subpoena, was not an abuse of discretion and was not contrary to Rule 45.

### 2.   *The Order Correctly Interprets and Enforces Rule 26*

Ignoring the requirements of Rule 45, Defendants seek a protective order under Rue 26. They do so on entirely spurious grounds. Under Rule 26, this Court can enter a protective order only "'for good cause shown' . . . 'from annoyance, embarrassment, oppression, or undue burden or expense.'" *Elvis Presley Enters., Inc. v. City of Memphis, Tenn.*, No. 18-cv-02718, 2020 WL

4283279, at *3 (W.D. Tenn. Apr. 6, 2020), *aff'd*, 2020 WL 4015476 (W.D. Tenn. July 16, 2020) (quoting Fed. R. Civ. P. 26©(1)). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *Id*. Defendants must articulate "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024, 2008 WL 5235992, at *2 (E.D. Mich. Dec. 15, 2008) (citation omitted). Defendants fail to meet this standard.

Whether the materials are relevant and discoverable under Rule 26 was litigated before Magistrate Judge Pham. After extensive briefing and a review of the record, Magistrate Judge Pham concluded that the material was discoverable and should be produced. (Order at 9-10.) He found "that plaintiffs have established that the discovery sought is relevant" and proportional to the needs of the case. (*Id*.) There is no basis for overturning this sound decision. The documents relate directly to Ms. Cota's work at Varsity and the facts at issue in this litigation.[2] *See supra* Section II.

In their appeal, Defendants now suggest that that they *might* have relevancy (or some other) objections.[3] (Dkt. 198 at 12.) This is not well taken. Defendants' objections are vague and non-specific and fail to satisfy the standard for legitimate objections. *See B.L. v. Schuhmann*, No. 18-cv-151, 2020 WL 3145692, at *5 (W.D. Ky. June 12, 2020) (denying motion to quash where "assertions [we]re insufficiently vague to allow the Court to conclude the subpoena request[ed] disclosure of trade secrets").

---

[2] Defendants' appeal also fails to distinguish between the categories of documents at issue. For example, they do not explain how Ms. Cota's private journals would be privileged, and it is even less clear what property interest Defendants would have over them.

[3] Defendants identify proportionality as a *possible* objection, but it is difficult to imagine how less than 2,000 pages would be *dis*-proportional to the needs of this particular case.

Defendants' only specific relevancy objection relates to documents concerning sexual abuse and misconduct in the All Star Cheer industry. (Dkt. 198 at 4.) *Fusion Elite* Plaintiffs filed a motion to compel seeking documents from Varsity on this topic on February 15, 2022. (Dkt. 199.) As *Fusion Elite* Plaintiffs stated there and in their opposition to Varsity's motion to strike, Plaintiffs' allegations that Defendants failed to properly police sexual abuse and predation in the All Star Cheer industry relate directly to an issue central to their § 2 monopoly claims—whether Defendants' scheme had anticompetitive effects in the All Star Competition Market. *See Dodge Data & Analytics LLC v. iSqFt, Inc.*, 183 F. Supp. 3d 855, 863-64 (S.D. Ohio 2016). A decrease in quality—safety is an aspect of quality—is one such anticompetitive effect. *See Nilavar v. Mercy Health Sys. W. Ohio,* 142 F. Supp. 2d 859, 874 (S.D. Ohio 2000) (allegations of "higher prices, lower quality services, and less choice for consumers . . .  constitute the kind of injuries that the antitrust laws were enacted to prevent"); (*Fusion Elite* Dkt. 56 ¶¶237-241). Defendants' failure to adopt stricter standards to protect the young athletes that participate in their sport reduced quality as direct and proximate result of their dominant market position and exclusion of rivals. Any documents relating to the issue of sex abuse in Ms. Cota's possession are relevant and should be produced.

Magistrate Judge Pham's ruling denying a Defendants' request for a protective order was not contrary to law. The Order correctly applied Rule 26, and the finding of relevancy was not an abuse of discretion. (Order at 9-10.)

### B.    The Order Correctly Interprets Authorities Submitted to the Court

Defendants attempt to bootstrap Magistrate Judge Pham's analysis of a non-precedential trial court decision as an error of law. This effort fails. In their motion to quash, Defendants cited the decision in *Elvis Presley Enters., Inc. v. City of Memphis, Tenn.*, No. 18-cv-02718, 2020 WL 4283279, at *3 (W.D. Tenn. Apr. 6, 2020), *aff'd*, 2020 WL 4015476 (W.D. Tenn. July 16, 2020).

This decision does not compel a different result. First, this trial court decision is not binding precedential authority. Second, it is inapposite and readily distinguishable. In *Elvis Presley*, the trial court quashed a Rule 45 subpoena purportedly issued to compel production by a party, long after discovery closed. "The court w[ould] not allow EPE to circumvent its scheduling orders by seeking documents from a party by a Rule 45 subpoena." *Id*. at *5. In affirming that ruling, the district court reiterated, "The Magistrate Judge found that EPE was attempting to use Rule 45 to circumvent the Court's discovery deadlines." *Elvis Presley*, 2020 WL 4015476, at *12. Here, the subpoena at issue here was served entirely consistently with the Court's discovery order. It was served on November 3, 2021, well before the fact discovery deadline of April 18, 2022. (Ex 1.) Thus, Plaintiffs are not using Rule 45 to circumvent discovery deadlines, Magistrate Judge Pham was not bound by the *Elvis Presley* decision, and his ruling was not contrary to law.

The cases Magistrate Judge Pham relied upon in the Order confirm that Varsity's appeal lacks merit. As Defendants point out, the court in *In re Mitchell* concluded that even if the debtor had standing, health care records were not the type of "'other protected' matter set out in 45(d)(3)(A)(iii) because, among other reasons, the debtor had put his medical condition at issue in the litigation." (Dkt. 198 at 9) (citing No. 18-br-40736, 2019 WL 1054715, at *3 (Bankr. D. Idaho Mar. 5, 2019). Here too, Magistrate Judge Pham concluded that (1) Varsity had standing to challenge the subpoena and (2) it *might* "require[] disclosure of privileged or other protected matter." *Id*.; Fed. R. Civ. P. 45(d)(3)(A); (Dkt. 193 at 10-12). Then, he permitted Varsity to review the documents to claw back any such privileged materials. (Dkt. 193 at 11-12.) As shown in Section III.A *supra*, this is entirely consistent not only with *Miller* but also with Rule 45 and is

not contrary to law.[4] Thus, on all fronts, there was no abuse of discretion because Magistrate Pham correctly applied the law.

### C.      Defendants' Conduct Is Obstructing Discovery

"The principle of public access to legal proceedings guides any decision that seeks to limit that access." *Fenney v. Wal-Mart Stores E., LP*, 2018 WL 6492967, at *1 (W.D. Tenn. Nov. 5, 2018) (citation and quotations omitted). "Indeed, '[t]he purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case.'" *Smith & Nephew Inc. v. Nw. Ortho Plus, Inc.*, No. 12-cv-02476, 2012 WL 13027947, at *1 (W.D. Tenn. July 17, 2012) (citation omitted); Fed. R. Civ. P. 26(b)(1) advisory committee's note.

Defendants' position—that Plaintiffs can collect these documents at issue only through Rule 34—would create an absurd result. Ms. Cota's attorney has reviewed the documents. Counsel for Varsity, Charlesbank, and Bain have reviewed the documents. Only Plaintiffs and this Court have not seen them, and Defendants ask this Court to suppress them based on a technicality that occurred because Defendants did not disclose Ms. Cota as a custodian. (Order at 3.) That is not the purpose that the Federal Rules of Civil Procedure serve. They "are flexible and permit discovery 'regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *In re May*, No. 05-10521, 2006 WL 4458360, at *4 (Bankr. N.D. Ohio Aug. 14, 2006), *aff'd*, 368 B.R. 85 (B.A.P. 6th Cir. 2007) (quoting Fed.R.Civ.P. 26(b)); *see also G. & P.*

---

[4] The remaining two cases Defendants discuss in their appeal deal with enforcement of confidentiality agreements. *Gard v. Grand River Rubber & Plastics Co.*, No. 20-cv-125, 2021 WL 75655 (N.D. Ohio Jan. 8, 2021); *Kelly v. Romines*, No. 11-mc-0047, 2012 WL 681806 (D.N.M. Feb. 27, 2012). Despite devoting a great deal of paper to descriptions of Varsity's agreements with Ms. Cota, Defendants no longer appear to dispute the rule that such agreements are not a basis for quashing subpoenas or a protective order, and to the extent that was a basis for Magistrate Judge Pham's ruling, it was not contrary to law.

11

*Amusement Co. v. Regent Theater Co.*, 9 F.R.D. 721, 724 (N.D. Ohio 1949) ("Rules of discovery were not meant to be hindered by technicalities which would allow the suppression of evidence which meets the requirements of Rule 26(b).").

Defendants' claim that Plaintiffs should have sought the documents from Varsity should not prevail. Defendants have, at every turn, resisted and delayed discovery. They have "tak[en] what is supposed to be a transparent process under the Federal Rules of Civil Procedure and turn[ed] it into an all-out war over information." *DiLuzio v. Vill. of Yorkville, Ohio*, No. 11-cv-1102, 2016 WL 7406535, at *31 (S.D. Ohio Dec. 22, 2016), *report and recommendation adopted*, 2017 WL 780605 (S.D. Ohio Feb. 28, 2017). Now, Defendants refuse to produce any of the documents they received from Ms. Cota without even seeking a stay of Magistrate Judge Pham's order. That flouts Magistrate Judge Pham's authority and prejudices Plaintiffs' ability to prosecute their cases. Depositions are being taken without the benefit of these documents, and time is running out. In the meantime, Plaintiffs find themselves before this Court again and again as they work to complete discovery before the April 18 close of fact discovery. Defendants' continued efforts to prevail by delay and obfuscation should not be rewarded, especially here where the documents are indisputably relevant and where Defendants are the only party that has the benefit of seeing them.

## V.    CONCLUSION

Magistrate Judge Pham's order was well within his discretion and was not contrary to the law of this District or this Circuit. The order properly quashed the subpoena, to the extent it sought privileged documents, and Defendants have been given a chance to withhold any privileged documents from Plaintiffs. Defendants do not allege any further injury that would result from the production of the documents to Plaintiffs, and Magistrate Judge Pham's ruling that the non-privileged documents should be produced was proper under Rules 45 and 26.

Having failed to demonstrate that the order is contrary to the law or an abused of discretion,

Defendants' appeal should be denied.


Dated: February 25, 2022                        Respectfully submitted,


                                                By: /s/ Katherine Van Dyck
                                                Jonathan W. Cuneo*
                                                Katherine Van Dyck*
                                                Victoria Sims*
                                                CUNEO GILBERT & LADUCA, LLP
                                                4725 Wisconsin Avenue NW, Suite 200
                                                Washington, DC 20016
                                                Telephone: (202) 789-3960
                                                jonc@cuneolaw.com
                                                kvandyc@cuneolaw.com
                                                vicky@cuneolaw.com

                                                H. Laddie Montague, Jr.*
                                                Eric L. Cramer*
                                                Michael Kane*
                                                Mark R. Suter*
                                                BERGER MONTAGUE PC
                                                1818 Market Street, Suite 3600
                                                Philadelphia, PA 19106
                                                Telephone: (215) 875-3000
                                                hlmontague@bm.net
                                                ecramer@bm.net
                                                mkane@bm.net
                                                msuter@bm.net

                                                Gregory S. Asciolla*
                                                Karin E. Garvey*
                                                Veronica Bosco*
                                                LABATON SUCHAROW LLP
                                                140 Broadway New York, NY 10005
                                                Telephone: (212) 907-0700
                                                gasciolla@labaton.com
                                                kgarvey@labaton.com
                                                vbosco@labaton.com

                                                *Interim Co-Lead Counsel in the Fusion Elite Action
                                                for the Proposed Direct Purchaser Class*

                                                J. Gerard Stranch, IV (TN BPR #23045)

13

Benjamin A. Gastel (TN BPR #28699)
BRANSTETTER, STRANCH & JENNINGS,
PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel in the Fusion Elite Action for the
Proposed Direct Purchaser Class*

Benjamin D. Elga*
JUSTICE CATALYST LAW, INC.
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
JUSTICE CATALYST LAW, INC.
718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
FINE KAPLAN AND BLACK, R.P.C.
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
BURCH, PORTER, & JOHNSON, PLLC
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
NEAL & HARWELL, PLC

14

1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Counsel in the Fusion Elite Action for the Proposed Direct Purchaser Class*

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Katharine A. Malone*
Anna-Patrice Harris*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
kmalone@saverilawfirm.com
aharris@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Email: vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
HARTLEY LLP
101 West Broadway, Suite 820

15

San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

*Attorneys in the Jones Action for Individual and
Representative Plaintiffs*

* Admitted pro hac vice

+Located in Washington State

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 25, 2022, the foregoing was served via

ECF processing upon the following:

Adam S. Baldridge
Matthew S. Mulqueen
BAKER DONELSON BEARMANN
CALDWELL & BERKOWITZ
165 Madison Ave Ste 2000
Memphis, TN 38103
Tel: 901-526-2000
abaldridge@bakerdonelson.com
mmulqueen@bakerdonelson.com

George S. Cary
Mark W. Nelson
Alexis Collins
Steven J. Kaiser
CLEARY GOTTILEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue NW Ste 1000
Washington, DC 20037
Tel: 202-974-1500
gcary@cgsh.com
mnelson@cgsh.com
alcollins@cgsh.com
skaiser@cgsh.com

*Attorneys for Defendants Varsity Brands,*
*LLC; Varsity Spirit Fashions & Supplies,*
*Inc.; Varsity Spirit, LLC; Varsity Brands*
*Holding Co., Inc.; Varsity Intropia Tours,*
*LLC; Bain Capital Private Equity; Bain*
*Capital, LP; Charlesbank Capital Partners,*
*LLC; BSN Sports, LLC; Stanbury, LLC; and*
*Herff Jones,LLC;*

Grady M. Garrison
Nicole D. Berkowitz
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
165 Madison Ave. Ste. 2000
Memphis, TN 38103
Tel: 901-526-2000
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for Defendant U.S. All Star*
*Federation, Inc. and USA Federation for*
*Sport Cheering*

Paul Coggins
Brendan Gaffney
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
pcoggins@lockelord.com
bgaffney@lockelord.com

*Attorneys for Defendant Jeff Webb*

/s/ Katherine Van Dyck
Katherine Van Dyck