# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Tennessee

| Fusion Elite All Stars, et al. v. Varsity Brands LLC, et al. | ) | Civil Action No. 2:20-cv-2600-SHL |
|---|---|---|
| *Plaintiff          Defendant* | ) | |
| | ) | |
| Jones, et al. v. Bain Capital Private Equity, et al. | ) | Civil Action No. 2:20-cv-02892-SHL |
| *Plaintiff          Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Marlene Cota, 1248 East Crestwood Drive, Memphis, TN 38119

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Veritext Court Reporting Service Center, 236 Adams Avenue, The Alpha House, Memphis, TN 38101 | Date and Time: 12/03/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/03/2021

CLERK OF COURT                                    OR               s/ Katherine Van Dyck

*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs**, who issues or requests this subpoena, are:

Katherine Van Dyck, Cuneo Gilbert & LaDuca LLP, 4725 Wisconsin Ave NW, Ste 200, Washington, DC 20016, 202-789-3960, kvandyck@cuneolaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:20-cv-2600-SHL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to the Federal Rules of Civil Procedure, this will serve as a request for the Subpoenaed Party, Marlene Cota, to produce the following Documents in the time period required by the attached subpoena:

## DEFINITIONS

1. The term "All Star" cheerleading means the discipline of cheerleading that involves athletes performing routines composed of tumbling, stunting, pyramids, and dance. It is distinct from traditional school cheerleading (sideline cheering) in that its primary purpose is competition, while school cheer primarily involves crowd leading and other roles associated with generating school spirit.

2. The term "All Star Apparel" means the clothing (including uniforms), shoes, accessories, or equipment purchased for use by All Star Team athletes at Events and during practices and training.

3. The term "All Star Competition" or "Competition" means an All Star cheerleading competition, including Championships.

4. The term "All Star Gym" or "Gym" means a cheerleading gym whose members are athletes on All Star cheerleading Teams.

5. The term "All Star Team" or "Team" means a cheerleading squad that competes in All Star Competitions.

6. The terms "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and any." The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

7. The term "Apparel" means the clothing (including uniforms), shoes, accessories, or equipment purchased for use by All Star cheerleaders at Competitions or during practices and training.

8. The term "Championship" means one of three nationally recognized All Star cheerleading championship competitions in the United States: the Cheerleading Worlds, the Summit, and the U.S. Finals.

9. The terms "Communication" and "Communications" are used in the broadest possible sense and mean every conceivable manner or means of disclosure, transfer or exchange of oral or written information between one or more persons or entities and shall include, without limitation, notes, letters, memoranda, e-mails, texts, instant messages, social media posts, social media messages, facsimiles, reports, briefings, telegrams, telexes, or by oral contact by such means as face to face meetings and telephone conversations, or any form of transmittal of information in the form of facts, ideas, inquiries or otherwise. The term "communicate" means to exchange, transfer, or disseminate facts or information, regardless of the means by which it is accomplished.

10. The term "Complaint" means the Consolidated Class Action Complaint, attached as **Exhibit 1**, or any future amended complaint(s) filed in *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02600-SHL-cgc (W.D. Tenn.).

11. The terms "concerning," "reflecting," "regarding," and "relating to" are used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reporting, stating, or summarizing.

12. The term "Contract" means any contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons, together with all modifications or amendments thereto.

13. The term "Defendants" means Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC, and U.S. All Star Federation, Inc.

14. The terms "Document" and "Documents" are used in the broadest sense allowable under Rule 45 of the Federal Rules of Civil Procedure, including any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or store communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. It includes notes, letters, memoranda, e-mails, texts, instant messages, social media posts, facsimiles, reports, briefings, telegrams, telexes, records, envelopes, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, questionnaires, surveys, drawings, diagrams, instructions, notes of meetings or communications, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, print-outs of information store or maintained by electronic data processing or work processing equipment, all other data compilations from which information can be obtained including without limitation optical storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks, and magnetic tapes. The term "Document" also means every copy of a Document where such copy is not an identical duplicate of the original.

15. The term "Employee" means, without limitation, any current or former officer, director, executive, manager, board member, secretary, staff member, consultant, messenger, or agent.

16. The term "including" means including but not limited to.

17. The term "Independent Event Producers" or "IEPs" means All Star Competition producers not wholly or partially owned by Varsity or USASF.

18. The term "Plaintiffs" means Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro.

19. The term "USASF" means defendant U.S. All Star Federation, Inc., its predecessor and successor entities, its officers, directors, shareholders, parent and subsidiary companies (whether direct or indirect), divisions, Employees, agents, attorneys, representatives, and other persons acting or authorized to act on its behalf.

20. The terms "Varsity" or "Varsity Defendants" mean Defendants Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC, each of their predecessor and successor entities, officers, directors, shareholders, parent and subsidiary companies (whether direct or indirect), divisions, Employees, agents, attorneys, representatives, and other persons acting or authorized to act on their behalf.

21. The terms "You," "Your," or "Your Company" means the persons or entities upon whom these Requests for Productions were served; for an entity, each of its predecessors, successors, parents, divisions, subsidiaries, and affiliates, each other entity directly or indirectly, wholly or in part, owned or controlled by it, and each partnership or joint venture to which any of

them is a party; and all present and former directors, officers, Employees, agents, consultants, or other persons acting for or on behalf of any of them.

## INSTRUCTIONS

1. The Definitions above are provided only for purposes of discovery, in conformance with Rule 45 of the Federal Rules of Civil Procedure and are not intended to be used for any purpose other than discovery. Plaintiffs reserve the right to modify these Definitions or utilize different Definitions for any other purpose.

2. The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3. All words not defined in the Definitions shall be construed using their plain and ordinary meaning. If more than one meaning can be ascribed to a word, the meaning that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

4. In answering and responding to these requests, You shall furnish such information and Documents in Your possession, custody or control, including information that is in the possession, custody or control of Your agents, consultants, accountants, investigators, and (subject to any otherwise applicable privileges) attorneys.

5. Each request herein shall be construed independently. No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

6. All headings set forth within the numbered requests below are for continuity only and shall not be deemed to control or affect the meaning or construction of any request.

7. Where the context in a request makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.

8. Your obligation to respond to these requests is a continuing one. If, after responding to these requests, You obtain or become aware of any new or additional information pertaining to a request contained herein, You must supplement Your answer in accordance with Federal Rules of Civil Procedure 26 and 34.

9. You are to produce entire Documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any Documents. Copies which differ from the original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Each Document requested herein must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless of whether You consider the entire Document to be relevant or responsive. The use or disclosure of Documents produced in response to these requests is subject to the limitations set forth in the Stipulated Protective Order, attached as **Exhibit 2**, and the Stipulation Regarding Production of Electronically Stored Information ("ESI Protocol"), attached as **Exhibit 3**. Accordingly, redaction of Documents to preserve confidentiality is unnecessary and production of Documents that have been redacted for purposes of production in response to these requests will not constitute compliance with these requests. If any part of a Document is responsive to any request, the whole Document is to be produced.

10. You are requested to produce any and all electronically stored information in the manner required by the ESI Protocol. Unless otherwise limited by the ESI Protocol, pursuant to Federal Rules of Civil Procedure 45 electronically stored information should be produced in native format (including metadata) whenever possible.

11. Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request and constitute (e.g., routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials). This includes Documents sufficient to explain the meaning of any data responsive to any of the below requests, including all record layouts, data dictionaries, field codes, and other codes or descriptions.

12. Any alteration of a responsive Document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final Document is a separate and distinct Document and it must be produced.

13. If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14. If any Document is withheld, in whole or in part, due to a claim of privilege of any kind, provide a privilege log that sets forth separately with respect to each Document: (a) the nature of the privilege or ground of confidentiality claimed; (b) the author(s) of the Document (designating which, if any, are attorneys); (c) the title of the Documents (or subject line if the Document in an email); (d) the recipient(s) of the Document, including all persons who received copies of the Document (designating which, if any, are attorneys); (e) a description of the Document (or redacted portion of the Document) as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure; (f) the Bates range of the Document; and (g) the privilege log reference number. Any privilege log or list is to be produced in an Excel spreadsheet or other format capable of electronic sorting.

15. Unless otherwise noted herein, the relevant time period for these Requests is January 1, 2011 to the present (the "Relevant Time Period"). These Requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

16. To the extent that You contend that Documents responsive to a particular request were previously produced to the Federal Trade Commission, Securities and Exchange Commission, Department of Justice, a state attorney general, or any other governmental agency, or as part of any other litigation, identify the specific request in any particular request for Documents, in response to which You produced such Documents and explain how You searched for Documents and produced them in response to such request for Documents, including by producing a list of the search terms used to identify Documents responsive to the applicable request for Documents, the relevant time period searched, and the custodians whose files were searched.

17. In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

18. If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the

8

request shall be stated in accordance with Rule 45 of the Federal Rules of Civil Procedure. If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced. Further, if You object to part of a request, You must state the basis of Your objections in accordance with Rule 45.

19. Each production shall be submitted with a transmittal letter that includes the case caption; production volume name; encryption method/software used; and passwords for any password protected files.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All Documents or Communications reflecting, relating to, or concerning Varsity.

**REQUEST NO. 2:** All Documents reflecting, relating, relating to or concerning Your employment by Varsity Defendants, and your termination, separation, or severance from Varsity.

**REQUEST NO. 3:** All Documents or Communications relating to or concerning All Star Competitions or All Star Apparel.

**REQUEST NO. 4:** All Documents or Communications reflecting, relating to, or concerning current or former Varsity employees, including but not limited to Brian Elza and Tres LeTars.

**REQUEST NO. 5:** All Documents or Communications reflecting, relating to, or concerning the U.S. All Star Federation.

**REQUEST NO. 6:** All Documents or Communications reflecting, relating to, or concerning contracts or sales arrangements or proposals known in sum or substance as the Family Plan, Network Agreement, or Varsity Bucks, discussed at Paragraphs 170 to 185 of the Complaint.

**REQUEST NO. 7:**     All Documents or Communications reflecting, relating to, or concerning acquisitions by Varsity of Independent Event Producers, Apparel manufacturers, Gyms, and any other entities.

**REQUEST NO. 8:**     All Documents or Communications reflecting, relating to, or concerning sexual abuse, predation, harassment, misconduct or any other sex crimes against or related to All Star cheerleaders, whether occurring at All Star Competitions or elsewhere, as discussed at Paragraphs 237 to 241 of the Complaint.