# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JESSICA JONES et al.,

    Plaintiffs,

v.

BAIN CAPITAL PRIVATE EQUITY, et al.,

    Defendants.

)
)
)
)
)
)
)
)

No. 2:20-cv-02892-SHL-tmp

---

**ORDER GRANTING THE PARTIES' (1) JOINT MOTION TO PERMIT THE DEPOSITION OF DEFENDANT JEFF WEBB TO BE TAKEN AFTER THE CLOSE OF FACT DISCOVERY AND (2) JOINT MOTION TO PERMIT THE DEPOSITION OF CURRENT AND FORMER EMPLOYEES OF BAIN CAPITAL PRIVATE EQUITY, LP, AND CHARLESBANK CAPITAL PARNERS, LLC**

---

Before the Court are two motions: (1) the Parties' Joint Motion to Permit the Deposition of Defendant Jeff Webb to be Taken After the Close of Fact Discovery, (ECF No. 207), and (2) the Parties' Joint Motion to Permit the Deposition of Current and Former Employees of Bain Capital Private Equity, LP ("Bain") and Charlesbank Capital Partners, LLC ("Charlesbank") to Take Place On or Before May 7, 2022. (ECF No. 209.) The motions were filed on March 14 and March 15, 2022, respectively.

The Parties first seek to depose Defendant Jeff Webb no later than May 13, 2022, almost a month after the fact discovery deadline of April 18, 2022.[1] (ECF No. 207.) In support, they explain that Mr. Webb's lead counsel is representing a client in a criminal trial set to begin on April 4, 2022, in the Eastern District of Texas, and the trial is anticipated to last at least two

---

[1] The fact discovery deadline of April 18, 2022, (see ECF No. 175), is also imposed for the associated cases, American Spirit and Cheer Essentials, Inc., et al., v. Varsity Brands, LLC, et al., No. 2:20-cv-02782-SHL-tmp; and Fusion Elite All Stars, et al., v. Varsity Brands, LLC, et al., No. 2:20-cv-02600-SHL-tmp ("Associated Cases").

weeks.  They contend that, because the proposed dates for Mr. Webb's  deposition conflict with his lead counsel's trial setting, all Parties[2] consent to deposing Mr. Webb after the discovery deadline on a mutually agreeable date, no later than May 13, 2022.

Second, the Parties jointly seek to depose current and former employees of Bain and Charlesbank no later than May 7, 2022.  (ECF No. 209.)  They assert that Bain and Charlesbank will substantially complete their respective production of documents as required by the Chief Magistrate Judge Tu M. Pham's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel, (see ECF No. 174), by April 1, 2022, and that they desire to take these depositions with the benefit of those productions.  Further, they state that the Parties do not seek to modify any other deadlines in the Amended Scheduling Order, (ECF No. 175), as a result of these depositions.

In its Amended Scheduling Order, the Court stated that "[n]o other requests for extensions of these deadlines will be granted absent extraordinary circumstances."  (Id. at PageID 2788.)  The Parties do not state in either Motion that their requested exceptions to the fact discovery deadline are extraordinary circumstances.  They also fail to explain why Mr. Webb's deposition had to be scheduled at the 11th hour of the fact discovery window.

However, because the Parties are cooperating to find mutually agreed-upon dates for these depositions, and because they state that this relief will not impact the rest of the Amended Scheduling Order, the Court will **GRANT** the Motion.  The Court therefore requires the deposition of Mr. Webb to be taken no later than **May 13, 2022**, and requires the depositions of former Bain and Charlesbank employees to be taken no later than **May 7, 2022**.  No other

---

[2] The Motion states that Plaintiffs in the Associated Cases also "cross notice this deposition and do not object to this Motion."  (ECF No. 207.)

deadline is, or will be, altered.

      **IT IS SO ORDERED,** this 16th day of March, 2022.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
