## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES**, **MICHELLE VELOTTA**, and **CHRISTINA LORENZEN** on Behalf of Themselves and All Others Similarly Situated, | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; JEFF WEBB; CHARLESBANK CAPITAL PARTNERS LLC; and BAIN CAPITAL PRIVATE EQUITY,** | **JURY DEMAND** |
| Defendants. | |

## INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM VARSITY DEFENDANTS

Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, move this Court, pursuant to Fed. R. Civ. P. 37 and Local Rule 26.1(b), for an order compelling Defendants Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC (collectively, "Varsity") to respond fully to the requests for discovery set forth below. Varsity has objected and refused to comply with the following discovery requests, the responses to which are set forth verbatim, in accordance with Local Rule 26.1(b)(2):

1.      **Plaintiffs' Amended First Request for Production of Documents**

**Definition 18.**

"Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, text messages, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

**Objections and Response to Definition 18**.

None.

**Request for Production No. 6:**

For each Camp owned or operated by Varsity, Documents, Communications, and data in as granular form as they are maintained, including by transaction or receipt, to show the following:

a.      the name, location, date, number of attendees, athlete cohort (for example, All-Star or School), activity (for example, cheer or dance), and brand of the Camp;

b.      name, address, email address, customer number, and contact person(s) of each Athlete, School, All-Star Gym, and/or Team participating in the Camp;

c.      amount each Athlete, School, All-Star Gym, and/or Team paid to participate in the Camp, including total amounts per School and on a Team-by-Team basis, if available;

d.      all costs of operating the Camp, including venue costs, promotional costs, travel costs, advertising costs, insurance costs, and compensation for Employees, contractors, and workers; and

e.       all revenues received by Varsity at the Camp, identifying the purchasers (whether an Athlete, Team, School, or All-Star Gym) by name, address, customer number, and contact person(s), and specifying the item purchased (for example, registration fees, room and board expenses, coaching fees, choreography fees—including fees for V!ROC, licensing fees, merchandise sales, apparel sales, or any other source of revenue or income).

**<u>Objections and Response to Request No. 6</u>:**

Varsity objects to Request No. 6 because it seeks wholly irrelevant information, and is unduly burdensome, overly broad and disproportionate to the needs of the case. Varsity also objects to Request No. 6 because, by its nature, it purports to require Varsity to create a document, which is improper under the Federal Rules of Civil Procedure. Varsity also objects to Request No. 6 because it confusingly seeks "Documents, Communications, and data in as granular form as they are maintained."

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain
what information is sought by this Request, Varsity will not produce documents in response to this
Request.

INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM VARSITY DEFENDANTS

2.      **Plaintiffs' Second Request for Production of Documents**:

**Request No. 1**:

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof, provisions between You and Kevin Brubaker.

**Objection and Response to Request No. 1**:

Varsity objects to Request No. 1 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and nonexecuted versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 2**:

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof, provisions between You and Marlene Cota.

**Objection and Response to Request No. 2**:

Varsity objects to Request No. 2 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and non executed versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist

of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 3:**

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof between You and Brian Elza.

**Objection and Response to Request No. 3:**

Varsity objects to Request No. 3 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and non-executed versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 4:**

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof between You and Jim Hill.

**Objection and Response to Request No. 4:**

Varsity objects to Request No. 4 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and nonexecuted versions of agreements" and "[a]ll Documents or Communications referring or

relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 5:**

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof between You and Tres Letard.

**Objection and Response to Request No. 5:**

Varsity objects to Request No. 5 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and nonexecuted versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 6:**

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof between You and Kevin Meagle.

**Objection and Response to Request No. 6:**

Varsity objects to Request No. 6 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and nonexecuted

versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 7:**

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof between You and Pash Nangia.

**Objection and Response to Request No. 7:**

Varsity objects to Request No. 7 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and nonexecuted versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity'sobjections, Varsity will not produce documents in response to this Request.

**Request No. 8:**

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof between You and John Nichols.

**Objection and Response to Request No. 8:**

Varsity objects to Request No. 8 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and nonexecuted versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 9:**

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof between You and Sheila Noone.

**Objection and Response to Request No. 9:**

Varsity objects to Request No. 9 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and nonexecuted versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 10:**

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or

terms, including any drafts or non-executed versions thereof between You and Jamie Parrish.

Objection and Response to Request No. 10:

Varsity objects to Request No. 10 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and nonexecuted versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 11:**

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof between You and Josh Quintero.

**Objection and Response to Request No. 11:**

Varsity objects to Request No. 11 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and non-executed versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 12:**

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof between You and Abel Rosa.

**Objection and Response to Request No. 12:**

Varsity objects to Request No. 12 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and nonexecuted versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 13:**

All Documents or Communications referring or relating to any separation, severance, termination, employment, or non-disclosure Agreements, provisions or terms, including any drafts or non-executed versions thereof between You and Jeff Webb.

**Objection and Response to Request No. 13:**

Varsity objects to Request No. 13 because it seeks irrelevant information and is unduly burdensome, overly broad, and disproportionate to the needs of the case. Varsity further objects to this request because it seeks "drafts and nonexecuted versions of agreements" and "[a]ll Documents or Communications referring or relating to" agreements, which can be expected to largely, if not entirely, consist of privileged documents, which would impose the additional undue burden of

privilege logging. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 14:**

All Documents or Communications between You and Nfinity Athletic Corporation, including but not limited to any Communications with Tate Chalk, relating to Competitive Cheer, Camps, and/or Apparel.

**Objection and Response to Request No. 14:**

Varsity objects to Request No. 14 because it seeks irrelevant information and is duplicative, unduly burdensome, overly broad, and disproportionate to the needs of the case. In addition, Varsity objects to Request No. 14 as seeking to circumvent the parties' agreement as to the scope of Varsity's productions in response to Plaintiffs' First Set of Requests for Production of Documents. Plaintiffs may not issue new requests covering the same topics as the requests resolved by the parties' agreement, and Varsity has no obligation to provide documents in response to such requests. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 15:**

All Documents or Communications between You and Rebel Athletic, including, but not limited to any Communications with Karen Noseff Aldridge, relating to Competitive Cheer, Camps, and/or Apparel.

**Objection and Response to Request No. 15:**

Varsity objects to Request No. 15 because it seeks irrelevant information and is duplicative, unduly burdensome, overly broad, and disproportionate to the needs of the case. In addition, Varsity objects to Request No. 15 as seeking to circumvent the parties' agreement as to the scope of Varsity's productions in response to Plaintiffs' First Set of Requests for Production of Documents. Plaintiffs may not issue new requests covering the same topics as the requests

resolved by the parties' agreement, and Varsity has no obligation to provide documents in response to such requests. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 16:**

All Documents or Communications between You and Kevin Brubaker relating to Competitive Cheer, Camps, and/or Apparel, either while an Employee of Varsity or after leaving Varsity.

**Objection and Response to Request No. 16:**

Varsity objects to Request No. 16 because it seeks irrelevant information and is duplicative, unduly burdensome, overly broad, and disproportionate to the needs of the case. In addition, Varsity objects to Request No. 16 as seeking to circumvent the parties' agreement as to the scope of Varsity's productions in response to Plaintiffs' First Set of Requests for Production of Documents. Plaintiffs may not issue new requests covering the same topics as the requests resolved by the parties' agreement, and Varsity has no obligation to provide documents in response to such requests. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 17:**

All Documents or Communications between You and Marlene Cota relating to Competitive Cheer, Camps, and/or Apparel, either while an Employee of Varsity or after leaving Varsity.

**Objection and Response to Request No. 17:**

Varsity objects to Request No. 17 because it seeks irrelevant information and is duplicative, unduly burdensome, overly broad, and disproportionate to the needs of the case. In addition, Varsity objects to Request No. 17 as seeking to circumvent the parties' agreement as to the scope of Varsity's productions in response to Plaintiffs' First Set of Requests for Production of Documents.

Plaintiffs may not issue new requests covering the same topics as the requests resolved by the parties' agreement, and Varsity has no obligation to provide documents in response to such requests. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 18:**

All Documents or Communications between You and Sheila Noone relating to Competitive Cheer, Camps, and/or Apparel, either while an Employee of Varsity or after leaving Varsity.

Objection and Response to Request No. 18:

Varsity objects to Request No. 18 because it seeks irrelevant information and is duplicative, unduly burdensome, overly broad, and disproportionate to the needs of the case. In addition, Varsity objects to Request No. 18 as seeking to circumvent the parties' agreement as to the scope of Varsity's productions in response to Plaintiffs' First Set of Requests for Production of Documents. Plaintiffs may not issue new requests covering the same topics as the requests resolved by the parties' agreement, and Varsity has no obligation to provide documents in response to such requests. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 19:**

All Documents or Communications between You and David Owens relating to Competitive Cheer, Camps, and/or Apparel, either while an Employee of Varsity or after leaving Varsity.

**Objection and Response to Request No. 19:**

Varsity objects to Request No. 19 because it seeks irrelevant information and is duplicative, unduly burdensome, overly broad, and disproportionate to the needs of the case. In addition, Varsity objects to Request No. 19 as seeking to circumvent the parties' agreement as to the scope of Varsity's productions in

INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM VARSITY DEFENDANTS

response to Plaintiffs' First Set of Requests for Production of Documents. Plaintiffs may not issue new requests covering the same topics as the requests resolved by the parties' agreement, and Varsity has no obligation to provide documents in response to such requests. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 20:**

All Documents or Communications between You and Josh Quintero relating to Competitive Cheer, Camps, and/or Apparel, either while an Employee of Varsity or after leaving Varsity.

**Objection and Response to Request No. 20:**

Varsity objects to Request No. 20 because it seeks irrelevant information and is duplicative, unduly burdensome, overly broad, and disproportionate to the needs of the case. In addition, Varsity objects to Request No. 20 as seeking to circumvent the parties' agreement as to the scope of Varsity's productions in response to Plaintiffs' First Set of Requests for Production of Documents. Plaintiffs may not issue new requests covering the same topics as the requests resolved by the parties' agreement, and Varsity has no obligation to provide documents in response to such requests. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

**Request No. 21:**

All Documents or Communications between You and Abel Rosa, relating to Competitive Cheer, Camps, and/or Apparel, either while an Employee of Varsity or after leaving Varsity.

**Objection and Response to Request No. 21:**

Varsity objects to Request No. 21 because it seeks irrelevant information and is duplicative, unduly burdensome, overly broad, and disproportionate to the needs of the case. In addition, Varsity objects to Request No. 21 as seeking to

circumvent the parties' agreement as to the scope of Varsity's productions in response to Plaintiffs' First Set of Requests for Production of Documents. Plaintiffs may not issue new requests covering the same topics as the requests resolved by the parties' agreement, and Varsity has no obligation to provide documents in response to such requests. In light of Varsity's objections, Varsity will not produce documents in response to this Request.

3.     **Plaintiffs' First Set of Interrogatories;**

**Interrogatory No. 12:**

Identify all past and present loan or credit relationships Varsity has had or currently has with NFHS, AACCA, ICU, USASF, or USA Cheer. For each loan or credit relationship identified, describe: (a) the debtor and lender; (b) the nature and the amount of the loan or credit facility; (c) the beginning date of the loan or credit facility; and (d) when any such loan or credit facility was discharged, forgiven, assigned, or transferred.

**Objection and Response to Interrogatory No. 12:**

Varsity objects to Interrogatory No. 12 as seeking irrelevant information, as overly broad, unduly burdensome, and disproportional to the needs of the case, in particular in its request for information about ICU. Varsity further objects to the term "loan and credit relationships" as vague, ambiguous, and susceptible to multiple interpretations. Subject to and without waiving those objections, Varsity responds that it has supported USASF and USA Cheer broadly in their endeavors to expand cheerleading and make it available to millions of participants, to create safety guidelines, and to standardize rules. This has included having its employees serve on the boards of those entities, providing financial support, providing proprietary teaching technology, and providing management support. As part of that support, Varsity financially supported part of USASF's operations for a period

INDIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM VARSITY DEFENDANTS

of time, ultimately advancing a total of approximately $1,800,000, which USASF paid in full by November 2013. Varsity also provided financial support to AACCA prior to its merger with USA Cheer. Varsity is not aware of any "loan or credit relationship" with NFHS.

**Interrogatory No. 14:**

Identify the respective market shares of Varsity and all competitors for each year during the Relevant Time Period with respect to (1) Cheer Events, (2) Cheer Apparel, (3) Cheer Camps, (4) Dance Event Producers, and (5) Dance Apparel.

**Objection and Response to Interrogatory No. 14:**

Varsity objects to Interrogatory No. 14 as seeking irrelevant information, as overly broad, unduly burdensome, and disproportional to the needs of the case, in particular in its request for information about competitors in Dance Events and Dance Apparel. Subject to and without waiving those objections, Varsity responds that it does not possess this information about Cheer Events, Cheer Apparel, and Cheer Camps because it does not know the sales of all suppliers of Cheer Events, Cheer Apparel, or Cheer Camps (or Dance Events or Dance Apparel) and therefore cannot provide "market shares" at it understands that term.

**Interrogatory No. 18:**

Identify all members, officers, and Directors of the Board of Directors or any committee thereof of Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Co., LLC, or Hercules Holding Co., LLC. For each Person identified, Identify (a) the name of the Person; (b) the board(s) and committees in which they served; (c) the years in which they served; and (d) the positions (e.g., Chairman, Vice Chairman, Secretary) in which they served.

**Objection and Response to Interrogatory No. 18:**

Varsity objects to Interrogatory No. 18 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case. In light

of these objections, Varsity will not provide a further response to this interrogatory.

**Interrogatory No. 19:**

Identify all Varsity Employees who are or were members, officers, and Directors of the Board of Directors, or committees thereof, of NFHS, AACCA, ICU, USASF, or USA Cheer. For each Employee identified, Identify (a) the name of the Varsity Employee; (b) the board(s) or committees on which they served; and (c) the positions held on any board(s) or committees on which they served.

**Objection and Response to Interrogatory No. 19:**

Varsity objects to Interrogatory No. 19 as seeking irrelevant information, overly broad, unduly burdensome, and disproportional to the needs of the case.

Dated: March 18, 2022                     Respectfully submitted,

                                          By:_____/s/ Joseph R. Saveri_____
                                                    Joseph R. Saveri


                                          Joseph R. Saveri*
                                          Steven N. Williams*
                                          Ronnie Seidel Spiegel*+
                                          Kevin E. Rayhill*
                                          Elissa A. Buchanan*
                                          JOSEPH SAVERI LAW FIRM, LLP
                                          601 California Street, Suite 1000
                                          San Francisco, California 94108
                                          Telephone: (415) 500-6800
                                          Facsimile:   (415) 395-9940
                                                  jsaveri@saverilawfirm.com
                                                  swilliams@saverilawfirm.com
                                                  rspiegel@saverilawfirm.com
                                                  krayhill@saverilawfirm.com
                                                  eabuchanan@saverilawfirm.com

                                          Van Turner (TN Bar No. 22603)
                                          BRUCE TURNER, PLLC
                                          2650 Thousand Oaks Blvd., Suite 2325
                                          Memphis, Tennessee 38118
                                          Telephone: (901) 290-6610
                                          Facsimile: (901) 290-6611
                                          Email: vturner@bruceturnerlaw.net

                                          Richard M. Paul III*
                                          Sean R. Cooper*
                                          Ashlea Schwarz*
                                          PAUL LLP
                                          601 Walnut, Suite 300
                                          Kansas City, Missouri 64106
                                          Telephone: (816) 984-8100
                                          rick@paulllp.com
                                          sean@paulllp.com
                                          ashlea@paulllp.com

Jason S. Hartley*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

*Attorneys in the Jones Action for Individual and
Representative Plaintiffs*

*\* Admitted pro hac vice*

*+Located in Washington State*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2022, I served a copy of the foregoing document via the Court's ECF system, effecting service on all interested parties.

*/s/ Joseph R. Saveri*
Joseph R. Saveri