# Exhibit 7

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

NEW YORK · PARIS · BRUSSELS · LONDON · FRANKFURT · COLOGNE · MOSCOW · ROME · MILAN · HONG KONG · BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 (202) 974-1554
skaiser@cgsh.com

GEORGE S. CARY, MITCHELL S. DUPLER, GIOVANNI P. PREZIOSO, MATTHEW D. SLATER, DAVID I. GELFAND, MICHAEL A. MAZZUCHI, MARK W. NELSON, D. BRUCE HOFFMAN, ROBIN M. BERGEN, DEREK M. BUSH, BRIAN BYRNE, PAUL D. MARQUARDT, JEREMY CALSYN, LEAH BRANNON, MATTHEW C. SOLOMON, KATHERINE MOONEY CARROLL, ELAINE EWING, NOWELL D. BAMBERGER, KENNETH S. REINKER, ALEXIS COLLINS
RESIDENT PARTNERS
KENNETH L. BACHMAN, JR., DANIEL B. SILVER, RICHARD DEC. HINDS, SARA D. SCHOTLAND, WILLIAM B. MCGURN III, JOHN S. MAGNEY, MARK LEDDY, JOHN C. MURPHY, JR., DAVID M. BECKER, JANET L. WELLER, LINDA J. SOLDO, MICHAEL H. KRIMMINGER
SENIOR COUNSEL
W. RICHARD BIDSTRUP, STEVEN J. KAISER, KATHLEEN WARD BRADISH, CUNZHEN HUANG**, CHASE D. KANIECKI, MACEY LEVINGTON, CARL LAWRENCE MALM, CHARLES STERLING, CARL F. EMIGHOLZ
RESIDENT COUNSEL
JOHN P. MCGILL, JR., MATTHEW I. BACHRACK, LARRY WORK-DEMBOWSKI, PATRICK FULLER, SAIF I. SHAH MOHAMMED, CHRISTIAN J. MAHONEY
SENIOR ATTORNEYS

EMILY M. ARNOLD, GRAHAM BANNON, HANI BASHOUR, TAYLOR H. BATES, ZACHARY BAUM, ELSBETH BENNETT, LINDEN BERNHARDT, JORGE A. BONILLA LOPEZ, MADISON C. BUSH, SAMUEL H. CHANG, CHINWE T. CHUKWUOGO, EVERETT K. CORAOR, LISA M. DANZIG, KATHERINE DENBY, BRANDON J. FIGG, MEREDITH LEIGH FINN, CHRISTOPHER M. FITZPATRICK, ALAN B. FREEDMAN, SAMUEL G. FULLER, LAUREN E. GILBERT*, MELISSA GOHLKE, SAVANNAH HAYNES*, CHRISTOPHER J. HILDEBRAND, JESSICA HOLLIS, STEPHEN J. HOUCK, RICHARD HUBER, SAMEER JAYWANT, ANDREW L. KLINE, JOHN F. KOZAK, TOBIAS A. KRAFT, NATHANAEL F. KURCAB, ELISE G. LANE, GABRIEL J. LAZARUS, ALEXIS R.B. LAZDA, CLOTILDE LE ROY, JOHN A. LIGHTBOURNE, MOLLY MA, NORA MCCLOSKEY, ADAM MOTIWALA, KELSEY NUSSENFELD, RICK REDMOND, BEN ROSENBLUM, MICHAEL G. SANDERS, MICHAEL SCHULMAN, WILLIAM SEGAL, GARRETT D. SHINN, SARAH M. STANTON, NICOLE TATZ, ZACH TSCHIDA, JACK H.L. WHITELEY*, JIM WINTERING, HUANBING IZZY XU

JEANNE-PALOMA ZELMATI, IRIS MENGYAO ZHOU
ASSOCIATES

* Admitted only to a bar other than that of the District of Columbia. Working under the supervision of principals of the Washington office.

** Special Legal Consultant, qualified in the People's Republic of China.

March 18, 2022

Kevin E. Rayhill, Esq.
Joseph Saveri Law Firm, LLP
601 California Street, Suite 1000
San Francisco, CA 94108

Re:  *Jones v. Varsity*

Counsel:

This letter is in response to yours of March 17.  Unfortunately, you resorted to mischaracterizing our discussion in an effort to put words in our mouths, which is inappropriate and unacceptable.  We will not engage in further discussions with you if this pattern continues.

In terms of Varsity's production of documents, as I previously informed Ms. Malone, who you told us on the call has left the firm and apparently did not communicate with you prior to her departure, Varsity's production in compliance with their agreement with Plaintiffs was substantially completed by the end of 2021, with a small additional production in January 2022.

Varsity is not required to identify the location of documents in its production.  But, to demonstrate your assertion that Varsity has produced "no text messages" is false, *see, e.g.*, VAR00462081.  Likewise as to your false assertion about camp data, *see, e.g.*, VAR00462074.  In the future, before you accuse Varsity of not complying with its agreements, we would appreciate Plaintiffs' reviewing the materials that have been produced to them, which in this case were produced more than two months ago.

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the cities listed above.

[AM_ACTIVE 403836323_2]

Joseph R. Saveri, Esq., et al.
March 18, 2022
Page 2

As to Plaintiffs' Second Requests for Production, what I told you was the Varsity views this request to be an attempt to circumvent the parties' agreement as to document productions in this case. The requests for the most part retread the same ground covered by Plaintiffs' First Requests for Production, seeking to expand the production outside the scope of the parties' agreement, which is improper. To the extent the Second Requests seek additional items, those items are irrelevant and would be almost entirely privileged. Having said all that to you and having received no response from you, you left Varsity with no choice but to stand on its objections.

As to Interrogatory 12, you refused to engage in a meaningful discussion of what Plaintiffs are seeking. The Interrogatory as written is confusing and vague. We told you that we believe the information we provided about USASF was sufficient (and fully responsive); we are not sure what Plaintiffs' position is on that because you refused to state one (or at least stick to one). We can tell you that a similar level of detail is not reasonably available as to AACCA. We are checking on USA Cheer per your request.

As to Interrogatory 13, what we actually said was that, if the title(s) that Mr. Seely had with USA Cheer and Mr. Lord had with AACCA during the defined period would suffice to resolve Plaintiffs' issue with Varsity's response, Varsity would consider providing it. You said you would "take that back." In the meantime, we received an email from you that said "we would consider Interrogatory 13 resolved if Varsity provides information regarding their titles and the dates they served at USASF, AACCA, NFHS, or USA Cheer, respectively, if applicable." Although this is not exactly the same thing as we discussed, Varsity is willing to provide that information to resolve Interrogatory 13: Mr. Seely's title at USA Cheer during the time period of Varsity's response was President of the Board. Mr. Lord's title at AACCA was Executive Director (until 2018) and then, at USA Cheer (from 2018 to the end of the period), his title has been Director of Education and Programs. Interrogatory 13 is accordingly resolved on the terms you proposed in your letter.

As to Interrogatory 14, once again you misstate what you were told, which is that Varsity does not have information about the entire size of the so-called "markets" for which you seek "market share data."

As to Interrogatory 18 and 19, I asked you to explain the relevance of the information sought in those interrogatories, and you declined to do so, which is Plaintiffs' burden. As such, Varsity stands on its objections.

We have responded separately on the topic of depositions of Bain and Charlesbank, which I note further was not a subject of the meet and confer but sprung on us without advanced notice (as were several other items). Bain and Charlesbank reject your argument and its premises in its entirely, whether as to 20 depositions or 14. Bain, Charlesbank, and Varsity reserve their rights as to the number of depositions being taken in this case.

Joseph R. Saveri, Esq., et al.
March 18, 2022
Page 3

                                                    Best regards,

                                                    Steven J. Kaiser