# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, *et al.*,<br><br>       Plaintiffs,<br>  v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>       Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br>**Jury Trial Demanded** |
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., *et al.*,<br><br>       Plaintiffs,<br>  v.<br><br>VARSITY BRANDS, LLC, *et al.*,<br><br>       Defendants. | Case No. 2:20-cv-02782-SHL-tmp<br>**Jury Trial Demanded** |
| JESSICA JONES, et al.,<br>       Plaintiffs,<br>  v.<br><br>VARSITY BRANDS, LLC; *et al.*,<br><br>       Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br>**Jury Trial Demanded** |

**DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM FOR PROTECTIVE ORDER REQUIRING COORDINATION AND LIMITING TIME FOR THIRD PARTY DEPOSITIONS**

# TABLE OF CONTENTS

Factual and Procedural Background ................................................................................ 2

Legal Standard ................................................................................................................. 6

Argument ......................................................................................................................... 8

I. The Jones and American Spirit Plaintiffs Have Exceeded the Limit for Depositions in These Cases. ............................................................................................................... 8

II. Good Cause Exists to Require Plaintiffs to Coordinate and To Protect Defendants from Unreasonably Cumulative and Duplicative Testimony. ................................................. 9

Conclusion ..................................................................................................................... 13

Certificate of Consultation ............................................................................................. 16

i

Come now all Defendants in the above-referenced actions, by and through counsel, under Federal Rules of Civil Procedure 26 and 30, and hereby file this motion and supporting memorandum for a protective order requiring Plaintiffs to coordinate as to third-party depositions and placing reasonable time limits on such depositions of no more than one day of seven hours.

On several occasions, the Court has admonished Plaintiffs to coordinate discovery across these three cases to minimize the burden caused by needlessly duplicative and cumulative discovery, particularly as to depositions. Despite those admonishments, as well as the Court's imposition of time limits on certain coordinated party depositions, Plaintiffs have taken the position that they are collectively entitled to upwards of twenty-one hours to depose each third-party witness not represented by counsel for one of the Defendants. Plaintiffs have also failed to coordinate and have wasted needless time asking duplicative questions across and within depositions. Plaintiffs' inefficient conduct has led to each of the four third-party depositions taken so far stretching past a single day of seven hours—and in two of those four instances, spanning two days each.

Plaintiffs' position on these depositions is unreasonable and disproportional to the needs of the case, particularly given the highly condensed deposition schedule between now and the close of fact discovery on April 18, 2022. The packed schedule is, moreover, the unfortunate result of Plaintiffs' own delay. For good cause and to limit needlessly cumulative and duplicative discovery, Defendants seek a protective order limiting Plaintiffs to a collective maximum of a single day of seven hours for each third-party deponent for all future third-party depositions in these cases. Given the limited time between now and April 18, as well as the looming proposed or noticed dates for these depositions, Defendants also request that the Court set an expedited briefing schedule and require Plaintiffs to respond within seven days from today, which is the same schedule the

1

Court recently adopted for Plaintiffs' motion to compel the deposition of Adam Blumenfield. *Fusion Elite*, No. 2:20-cv-02600-SHL-tmp, ECF No. 219.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court made clear at the outset of these cases that Plaintiffs had an obligation to coordinate on discovery—and particularly depositions—to minimize the inefficiency and burden that would otherwise result from cumulative and duplicative efforts. At the December 16, 2020 scheduling conference in the *American Spirit* case, for example—which the *Jones* Plaintiffs attended—Defendants objected to Plaintiffs in the three cases taking multiple depositions of third parties, former employees, and current employees. *See American Spirit*, No. 2:20-cv-02782-SHL-tmp, ECF No. 101 at PageID 246-47. Counsel for the *American Spirit* Plaintiffs agreed with Defendants' position that deponents should be subject to a single day of deposition:

> With that said, I agree with Mr. Kaiser that the depositions, as far as depositions I think that everybody should know, hey, on such and such a date we're going to take so and so's deposition. If you want to be there, be there. If you're not there, then you don't get a second bite at the apple. That I agree with.

*Id.* at PageID 349. The Court also agreed, stating that requiring Plaintiffs to coordinate on depositions "just ma[de] sense." *Id.* at 350. As a result, and in order "[t]o promote efficiency in discovery," the Court ordered Plaintiffs to "cooperate with Plaintiffs in the other antitrust cases against Defendants in this District, including *Fusion Elite*, No. 20-2600, and *Jones v. Bain Capital Private Equity*, No. 20-2892. Where possible, Plaintiffs' attorneys in all related cases will coordinate depositions to avoid duplication." *American Spirit*, ECF No. 100. The Court also invited Defendants to file a motion if a situation arose where "discovery [was] not being handled according to Rule 1." *Id.*, ECF No. 101 at PageID 351.

Several days after the scheduling conference in *American Spirit*, the Court entered an agreed order in *Fusion Elite* setting certain discovery limitations for that case. *See Fusion Elite*,

ECF No. 89. The order limited each side to a total of fifty-five non-expert depositions, inclusive of third-party depositions. *Id.* The order also made clear that, absent agreement of the parties, no individual witness would be "deposed for more than one day of 7 hours, except that counsel for a party witness [could] continue questioning the witness on the same day after the noticing party's 7 hours [were] finished." *Id.* at PageID 666. The order also set out how those seven hours were to be allocated for third-party witnesses when both sides noticed the deposition. *Id.* at PageID 667. If Plaintiffs noticed a deposition of a former employee of a Defendant and the Defendant cross-noticed that deposition, for example, Plaintiffs were allowed only five hours of questioning and the Defendant was allowed two. *See id.* No similar order has been entered in the *Jones* or *American Spirit* cases.

Plaintiffs initially had up to sixteen months (starting in October 2020 for *Fusion Elite*) to complete fact discovery. *See, e.g.*, *Fusion Elite*, ECF Nos. 61 and 177. Yet Plaintiffs waited until the last minute to begin noticing depositions of Defendants, Defendants' employees, and third parties. It was not until October 2021, for example, that Plaintiffs moved the Court for an order to facilitate coordination of depositions across the three cases. The Court's order on that motion set certain time limits for Plaintiffs' coordinated depositions of Defendants and individuals represented by counsel for Defendants[1] but did not expressly address depositions of third parties. *See* Order, *Fusion Elite*, ECF No. 172. At the hearing addressing the motion, Chief Magistrate Judge Pham admonished Plaintiffs that the time limits set out in the order should not be "misused or abused." *Id.*, ECF No. 206 at PageID 3530.

---

[1] Depositions covered by that order may last between seven and eleven hours depending on how many Plaintiff groups notice each deposition.

3

Plaintiffs did not take a single deposition until November 16, 2021. *See* **Exhibit A**, Declaration of Matthew S. Mulqueen ¶ 16(i). Two days after taking their first deposition, Plaintiffs requested a four-month extension of all deadlines in the Court's scheduling orders, including the fact discovery deadline. *See Fusion Elite*, ECF No. 173. The Court rejected that request and instead granted Plaintiffs a limited extension of two months, with clear instructions that no further requests for extensions would be granted absent "extraordinary circumstances." *See id.* ECF No. 175.

Plaintiffs' delay has resulted in a highly condensed and nearly unmanageable deposition schedule. Plaintiffs have either taken, noticed, or indicated an intention to take the deposition of approximately fifty-five deponents. The vast majority of those depositions have been noticed or requested by counsel in each of the three cases. Plaintiffs noticed twenty-seven of those depositions between March 1 and April 18, with several more depositions proposed but not yet noticed. Mulqueen Decl. ¶ 4. Five of those depositions are of third parties formerly employed by Varsity: Cole Stott, Kevin Brubaker, Abel Rosa, Josh Quintero, and Marlene Cota. (The only dates that Plaintiffs have confirmed for those five proposed depositions are March 29 for Mr. Quintero[2] and April 6 for Ms. Cota. Plaintiffs issued a subpoena for Mr. Rosa's deposition setting it for April 4, but have not yet issued a notice with that date.) Mulqueen Decl. ¶¶ 10-15.

Adding to the burden imposed by the unreasonably condensed deposition schedule has been Plaintiffs' track record of pushing depositions beyond reasonable time limits. Numerous depositions have stretched late into the evening or into second days because of Plaintiffs'

---

[2] Plaintiffs noticed Mr. Quintero's March 29, 2022 deposition on the evening of March 23, 2022—a mere six days before the deposition was noticed to take place. Following Plaintiffs' notice, Defendants learned from Mr. Quintero's attorney that Mr. Quintero objects to his deposition lasting any longer than seven hours. Mr. Quintero's attorney also stated that Plaintiffs had agreed to that limitation. *See* Mulqueen Decl. ¶¶ 13-14.

needlessly cumulative and duplicative questioning. *See* Hill Dep. Rough Tr. at 2, 402 (lasting nearly twelve hours)³; Parrish Dep. Tr. at 302 (continuing deposition a second day); Lauchaire Dep. Tr. at 520 (concluding at 9:54 p.m. after stretching almost twelve hours); Kennedy Dep. Rough Tr. at 360 (concluding at 7:51 p.m. after over eleven hours).

Plaintiffs' misuse and abuse of time has also extended to depositions of third parties. At first, Plaintiffs worked semi-cooperatively. Their first two depositions—of former Varsity employees Brian Elza and Tres LeTard—were conducted under an agreement with each witness for eight hours of deposition testimony each. But since then, Plaintiffs have repeatedly pushed more and more beyond the boundaries of reasonableness. Plaintiffs' deposition of former Varsity employee Jamie Parrish stretched more than two full days.⁴ *See* Parrish Dep. Tr. at 302. After that, Plaintiffs' deposition of former Varsity employee Jim Hill resulted in a deposition that began at 9:27 a.m. and ended at 8:51 p.m. *See* Hill Dep. Rough Tr. at 2, 402. Varsity objected numerous times during Mr. Hill's deposition to needlessly duplicative questioning by *Fusion Elite* counsel to topics that had already been covered by *Jones* counsel (and, indeed, had also already been covered by other witnesses). *Id.* at 210, 241. Plaintiffs chose to ignore the issue and simply continued questioning Mr. Hill on those topics. *See id.*

---

³ Excerpts from the following deposition transcripts are attached to **Exhibit A**, Mulqueen Decl. as Exhibits: Brian Elza Dep. Tr. Day 1; Brian Elza Dep. Tr. Day 2, attached as **Exhibit 8;** Tres LeTard Dep. Tr., attached as **Exhibit 9;** Nicole Lauchaire Dep. Tr., attached as **Exhibit 10;** Damianne Albee Dep. Tr., attached as **Exhibit 11;** Craig Davis Dep. Tr. Day 1; Davis Dep. Tr. Day 2, attached as **Exhibit 12;** Jamie Parrish Dep. Tr. (Final and Rough), attached as **Exhibit 13;** Steve Peterson Dep. Tr., attached as **Exhibit 14;** Pashupati Nangia Dep. Tr., attached as **Exhibit 15;** Jackie Kennedy Dep. Rough Tr., attached as **Exhibit 16;** Jim Hill Dep. Rough Tr., attached as **Exhibit 17**.

⁴ This was particularly outrageous given that counsel for the *American Spirit* Plaintiffs represented Mr. Parrish at his deposition (in addition to issuing a subpoena to Mr. Parrish on behalf of the *American Spirit* Plaintiffs, a potential conflict of interest), which should have allowed Plaintiffs to streamline and even better coordinate their examinations.

5

Plaintiffs continue to assert that they are allowed up to seven hours of questioning per third party witness for *each* Plaintiff group that notices the deposition, which would be up to twenty-one hours if all three Plaintiffs' groups noticed a particular deposition. For example, Plaintiffs recently stated that they may question Ms. Cota—noticed by the *Fusion* Elite and *Jones* Plaintiffs—for up to *fourteen hours* over *two days*. Mulqueen Decl. ¶ 12. That position is patently unreasonable and disproportional to the needs of the case in light of the Court's orders regarding coordination of discovery, the cumulative and duplicative nature of the relevant knowledge possessed by these third-party witnesses, Plaintiffs' track record of asking duplicative questions within depositions, and the condensed deposition schedule that has resulted from Plaintiffs' delay. Defendants therefore seek a protective order limiting third party depositions to a single day of seven hours.

## LEGAL STANDARD

Rule 26 authorizes the court "for good cause shown" to issue a protective order to protect a person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Among other remedies, a Court may specify "terms, including time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted).

"Under Rule 26(c), a party may move for a protective order to protect itself from annoyance, embarrassment, oppression, or undue burden or expense, regardless of whether the moving party is seeking to prevent disclosure of information by a nonparty, as long as the moving party can tie the protected information to an interest listed in the rule." *Elvis Presley Enters., Inc. v. City of Memphis, Tenn.*, No. 2:18-CV-02718, 2020 WL 4015476, at *14 (W.D. Tenn. July 16, 2020). And "[u]ltimately, whether to grant a protective order is within the discretion of the trial

6

court." *Large on behalf of Large v. Blazer*, No. 3:20-CV-1012, 2022 WL 99986, at *2 (M.D. Tenn. Jan. 10, 2022).

Further, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1); *see In re Tennessee Valley Auth. Ash Spill Cases*, No. 3:09-CV-06, 2010 WL 2757176, at *1 (E.D. Tenn. July 13, 2010). "By order, the court may alter the limits in [the federal] rules on the number of depositions and interrogatories or on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A). A court must limit the extent of discovery otherwise allowed by the Rules if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Thus, "even where good cause exists to extend a deposition, the court must limit the additional time if it determines that any of the circumstances set forth in Rule 26(b)(2)(C) are present." *Servis One, Inc. v. OKS Grp. Int'l Pvt. Ltd.*, No. 20-CV-4661, 2022 WL 605439, at *6 (E.D. Pa. Feb. 28, 2022) (internal quotation marks omitted).

Importantly, Rule 26(b)(1) outlines a proportionality analysis which considers (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "Determinations as to proportionality are subject to change with the circumstances of the case." *Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 18-cv-2104-JTF-tmp, 2020 WL 1527827, at *2 (W.D. Tenn. Mar. 30, 2020) (internal

7

citations and quotations omitted). "This is in part because '[c]onsiderations of proportionality can include reviewing whether discovery production has reached a point of diminishing returns.'" *Id.* (quoting *Abbott v. Wyo. Cty. Sheriff's Off.*, 15-CV-531W, 2017 WL 2115381, at *2 (W.D.N.Y. May 16, 2017)).

Given these standards, the court should issue a protective order limiting the length of third-party depositions to seven hours.

## **ARGUMENT**

With fifteen business days left on the calendar until the close of discovery and approximately twenty depositions noticed or proposed by Plaintiffs during that period, it is particularly important that discovery proceed in a "just, speedy, and inexpensive" manner. Fed. R. Civ. P. 1. Plaintiffs have up to eleven hours of deposition testimony to seek from each individual witness represented by counsel for Defendants, other than Defendant USASF's witnesses as to which Plaintiffs have up to nine hours of deposition testimony, on top of the twenty-one hours and nine hours of Rule 30(b)(6) testimony Plaintiffs are entitled to take of Varsity and USASF, respectively.[5] Plaintiffs are neither entitled to, nor deserve, more than a single day of seven hours for the remaining third party deponents for the reasons set out below.

I.  **THE JONES AND AMERICAN SPIRIT PLAINTIFFS HAVE EXCEEDED THE LIMIT FOR DEPOSITIONS IN THESE CASES.**

As an initial matter, the *Jones* and *American Spirit* Plaintiffs have already taken ten depositions in this case. *See* Mulqueen Decl. ¶ 7. Any further deposition by Plaintiffs in those cases would require leave of Court, which the *Jones* and *American Spirit* Plaintiffs have neither

---

[5] Plaintiffs have issued Rule 30(b)(6) notices seeking testimony on 120 topics from Varsity and 47 topics from USASF. *See* Mulqueen Decl. ¶ 8. Plaintiffs have already taken approximately twelve hours of 30(b)(6) testimony from Varsity representatives and over four hours of 30(b)(6) testimony from USASF representatives.

8

sought nor obtained, or the parties' consent. *See* Fed. R. Civ. P. 30(a)(2)(A)(i) ("A party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken . . . by the plaintiffs . . . ."). Indeed, as of the date of the filing of this motion, the *Jones* and *American Spirit* Plaintiffs have taken, on their own notice, eighteen depositions each. Mulqueen Decl. ¶ 7. Although Defendants have indulged Plaintiffs' seemingly insatiable desire for depositions by stipulating to certain depositions outside the ten-deposition limit, Defendants are certainly not required to do so endlessly or to do so as to any particular deposition. Any remaining third-party depositions can be validly noticed by the *Fusion Elite* Plaintiffs only. All remaining depositions are therefore presumptively limited to a single day of seven hours. Fed. R. Civ. P. 30(d)(1).

II.   **GOOD CAUSE EXISTS TO REQUIRE PLAINTIFFS TO COORDINATE AND TO PROTECT DEFENDANTS FROM UNREASONABLY CUMULATIVE AND DUPLICATIVE TESTIMONY.**

Even if the *Jones* and *American Spirit* Plaintiffs could validly issue secondary or tertiary notices to third-party witnesses, there is no valid reason for Plaintiffs to take more than seven hours of testimony from witnesses given the Court's coordination requirements. Indeed, "seven hours, when used wisely, is a substantial amount of time to question a deponent." *Stockwell v. Hamilton*, No. CV 15-11609, 2018 WL 10279116, at *4 (E.D. Mich. May 3, 2018) (denying motion to extend deposition time for non-party witness); *see* Fed. R. Civ. P. 30(d)(1) advisory committee notes (2000) (cautioning that where multiple parties are involved "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest"). This is particularly true for third-party witnesses with no direct stake in the litigation. *See Pizzuti v. Nashville Hosp. Cap., LLC*, No. 2:18-MC-0040, 2018 WL 5303061, at *4 (S.D. Ohio Oct. 25, 2018) (granting motion for protective order to prevent unduly burdensome deposition of non-party witness and emphasizing witness's non-party status as a

9

"significant factor"); *Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505-TAV-HBG, 2020 WL 6470173, at *2 (E.D. Tenn. Nov. 3, 2020) (granting motion to quash deposition subpoena and noting the undue burden on the non-party witness).

Over the course of numerous party and third-party depositions to date, Plaintiffs have demonstrated a proclivity for unreasonably duplicative and burdensome questioning across and within depositions. At the recent twelve-hour-long deposition of former Varsity employee Jim Hill, for example, counsel for the *Jones* Plaintiffs spent several hours asking questions on topics including Varsity's Family Plan. Hill Dep. Rough Tr. at 62-72, 162-175. Then, over Defendants' repeated objections, counsel for the *Fusion Elite* Plaintiffs wasted significant time asking cumulative and duplicative questions about Varsity's Family Plan. Hill Dep. Rough Tr. at 215-42. Both sets of questions were themselves duplicative of questions that Plaintiffs had previously posed to other witnesses about Varsity's Family Plan. *Compare* Hill Dep. Rough Tr. at 215-21 (asking numerous questions about the plan, including how it changed over time) *with* Elza Dep. Tr. at 201-21 (asking numerous questions about the plan, including how it changed over time) and LeTard Dep. Tr. at 130-42 (asking Mr. LeTard, who created the Family Plan, numerous questions about it, including how it changed over time).[6]

There is good reason to believe that Plaintiffs intend to ask more cumulative and duplicative questions of the remaining third-party witnesses Plaintiffs have proposed. Cole Stott, Kevin Brubaker, Abel Rosa, and Josh Quintero each worked for Varsity in All Star cheer operations

---

[6] Plaintiffs have engaged in similarly repetitive questioning on several other topics, including acquisitions (*see* Elza Dep. Tr. at 230-31, 283-309, LeTard Dep. Tr. at 257-95, Nangia Dep. Tr. at 25-27, Nichols Dep. Tr. at 47-50, 67-70, 86-106, Hill Dep. Rough Tr. at 247-56), Varsity's housing policies for event competitions (*see* Nangia Dep. Tr. at 45-47, 331-34, Elza Dep. Tr. at 342-46, LeTard Dep. Tr. at 394-97, Albee Dep. Tr. at 297-315, Davis Day 2 Dep. Tr. at 163-82, Kennedy Dep. Rough Tr. at 328-37), and Summit bids (*see* Nangia Dep. Tr. at 28-30, Albee Dep. Tr. at 78-90, 136-40, Lauchaire Dep. Tr. at 290-92, Hill Dep. Rough Tr. at 69-74).

(Cole Stott as General Manager of Varsity's Knoxville Office, Kevin Brubaker as National Sales Director of New Development, Abel Rosa as Vice President of Operations, and Josh Quintero as D2 Summit National Sales Director. *See Jones*, ECF No. 215.) Plaintiffs have already spent three days deposing the two former co-general managers of Varsity's All Star Cheer division (Brian Elza and Tres LeTard), two days deposing Varsity's current general manager of All Star Cheer (John Newby, also an Executive Vice President of the company), and several days deposing other current employees with knowledge of All Star Cheer operations. *See, e.g.*, Elza Dep. Tr. Day 1 at 1; Elza Dep. Tr. Day 2, at 1; LeTard Dep. Tr. at 1. Plaintiffs also issued Rule 30(b)(6) notices to Varsity with 120 topics, many of which relate to All Star cheer. Mulqueen Decl. ¶ 8.

Plaintiffs have provided no reason why they need more than a single day of seven hours for Stott, Brubaker, Rosa, and Quintero (who has objected to sitting for more than seven hours), particularly when Plaintiffs have already thoroughly plowed the ground on All Star cheerleading with other witnesses. These witnesses have no apparent connection to the scholastic cheer claims unique to the *Jones* case or the non-cheerleading claims unique to the *American Spirit* case (discovery on the latter topic is, in any event, stayed). *See American Spirit*, ECF No. 177. Even if they did, there is no reason why Plaintiffs cannot coordinate questioning and complete these depositions in one day of seven hours.

Similarly, there is no valid reason why Plaintiffs would need upwards of fourteen hours to question former Varsity employee Marlene Cota other than to annoy, embarrass, oppress, and unduly burden her and Defendants. Plaintiffs have previously indicated that they believe Ms. Cota has relevant information regarding Plaintiffs' allegation that Varsity prohibited apparel competitors from selling merchandise at Varsity events. *See Fusion Elite*, ECF No. 180 at PageID 2809. Putting aside the frivolity of that allegation (no one would walk into the FedEx Forum expecting

11

the Grizzlies to be selling Utah Jazz jerseys, for example), it is a topic that can be covered with minimal time.

Plaintiffs have also argued that Ms. Cota has information regarding "the role of Charlesbank and Bain as owners of Varsity" and "the connection between Varsity's monopolistic behavior and the rampant sex abuse existing in All Star Cheer." *Id.* at PageID 2818. This is nonsense. Ms. Cota was not a high-level executive at Varsity. She was a vice president who worked on corporate sponsorships (i.e., working with companies that wanted to sponsor events so as to market to Varsity's customers), and there is no evidence she has actual, non-speculative knowledge of either of those two topics, the latter of which is merely scandalous and subject to Varsity's pending motion to strike. *See Fusion Elite*, ECF No. 82. Regardless, Plaintiffs have had, and will have, ample opportunity to address Varsity's relationship with Bain and Charlesbank in the numerous depositions they have noticed of those entity's representatives who are more directly connected to that issue than Ms. Cota.[7] Plaintiffs have not suggested that the depositions of any of *those* individuals requires fourteen hours. It begs the question of why such an unreasonable amount of time is necessary for Ms. Cota. Simply put, it is not.

Defendants have and will continue to experience prejudice and harm in the absence of a protective order. *See In re Ohio Execution Protocol Litig.*, 845 F.3d at 236. In order to protect their interests, Defendants must incur the time and expense of sitting through these depositions and cross-examining witnesses as appropriate. For cross-noticed depositions, Defendants have to wait for Plaintiffs to finish questioning before Defendants can begin their direct examinations—

---

[7] The *Jones* Plaintiffs have demanded upwards of *twenty* depositions of Bain and Charlesbank employees, even though the Court in *American Spirit* dismissed the claims that were brought against Bain and Charlesbank (a nearly identical motion to dismiss in *Jones* remains pending) and issued separate 30(b)(6) notices with 33 topics each to Bain and Charlesbank. Mulqueen Decl. ¶ 9.

an acute problem when Plaintiffs' questioning goes beyond normal business hours and the witness, attorneys, court reporter, and videographer are worn out and have family or other obligations to attend to. Plaintiffs' track record in these depositions shows that they will continue to push them beyond reasonable limits if left unchecked.

## CONCLUSION

For all of the reasons set out above, Defendants respectfully request that the Court issue a protective order requiring Plaintiffs to coordinate as to all future third-party depositions. Defendants also request that the Court set the following time limits for all future third-party depositions: (a) for a deposition noticed by at least one Plaintiff and not cross-noticed by any Defendant, one day of seven hours; (b) for a deposition of a former employee of any Defendant noticed by at least one Plaintiff and cross-noticed by any Defendant, one day of seven hours, with five hours allocated for questioning by Plaintiffs and two hours for questioning by Defendants; and (c) for a deposition of a third-party not formerly employed by any Defendant and noticed by at least one Plaintiff and at least one Defendant, one day of seven hours, with three and one half hours for questioning by Plaintiffs and three and one half hours for questioning by Defendants.

Defendants also respectfully request that the Court order an expedited briefing schedule requiring Plaintiffs to respond no later than seven days from the filing of this motion.

Dated: March 25, 2022                      Respectfully submitted,

                                              s/ Matthew S. Mulqueen

                                              George S. Cary*
                                              Steven J. Kaiser*
                                              Linden Bernhardt*
                                              CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                              2112 Pennsylvania Avenue, NW
                                              Washington, DC 20037
                                              Phone: (202) 974-1500

Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit Fashions & Supplies, LLC; Varsity Intropa Tours*

s/ Nicole D. Berkowitz

Grady Garrison (TN #008097)
Nicole D. Berkowitz (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866

ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc. and USA Federation for Sport Cheering, d/b/a USA Cheer*

s/ Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*
Michele Naudin
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500 Memphis, Tennessee 38119 Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com

*Attorneys for Jeff Webb*

15

**CERTIFICATE OF CONSULTATION**

I hereby certify, pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 7.2(a)(1)(B), that on March 24, 2022, I emailed counsel for Plaintiffs on behalf of all Defendants and advised Plaintiffs that Defendants intended to file a motion seeking the substantive relief set out above and an expedited briefing scheduling. The parties conferred via email on March 25, 2022 but were unable to reach an accord on the issues set out in this motion. Plaintiffs suggested that the parties call the Chief Magistrate Judge's chambers to address the issue in lieu of Defendants filing a motion. Defendants stated that they intended to file the motion as required by the federal and local rules, which set out the requirements for raising discovery disputes with the Court. (Defendants also note that on one prior occasion following the *American Spirit* Plaintiffs' attempts to raise substantive issues with the Court informally via email, Judge Lipman's chambers advised Plaintiffs to file a motion. *See, e.g.*, *American Spirit*, ECF No. 177 at PageID2444.)

Plaintiffs offered to agree to an expedited briefing schedule with their response due April 4, 2022 if Defendants agreed to forego their right to seek leave to file a reply. Defendants informed Plaintiffs that Defendants could not agree to forego their right to seek such leave before seeing Plaintiffs' response and that proposed or scheduled depositions on March 29, April 4, and April 6 required Defendants to maintain their request for a response deadline of April 1.

s/ Matthew S. Mulqueen