# EXHIBIT 4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Tennessee

| | |
|---|---|
| American Spirit and Cheer Essentials, Inc. et al v. Varsity Brands, LLC et al<br>Plaintiffs    Defendants | Civil Action No. 2:20-cv-02782-SHL-tmp |
| Fusion Elite All Stars et al v. Varsity Brands, LLC et al<br>Plaintiffs    Defendants | Civil Action No. 2:20-cv-02600-SHL-tmp |
| Jones et al v. Bain Capital Private Equity et al<br>Plaintiffs    Defendants | Civil Action No. 2:20-cv-02892-SHL-tmp |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Abeldeliz Rosa
12827 NIGHT HERON DR, KNOXVILLE, TN 37922

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Veritext<br>606 W Main St, Suite 350<br>Knoxville TN 37902 | Date and Time:<br>03/11/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/18/2022

*CLERK OF COURT*

OR

_____    /s/ Joseph R. Saveri
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
_____, who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1000, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  Case No. 2:20-cv-02892-SHL-cg

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____  ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to the Federal Rules of Civil Procedure, this will serve as a request for the Subpoenaed Party, Abeldeliz Rosa, to produce the following Documents ("Requests") for the time period May 26, 2008 to present.

## DEFINITIONS

1. "AACCA" means The American Association of Cheerleading Coaches and Administrators and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, Employees, agents, representatives, or any persons acting or authorized to act on their behalf.

2. "Agreement" means any oral or written Contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

3. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

4. "All-Star" cheerleading means the discipline of cheerleading that involves athletes performing routines composed of tumbling, stunting, pyramids, and dance. It is distinct from traditional school cheerleading (sideline cheering) in that its primary purpose is competition, while school cheer primarily involves crowd leading and other roles associated with generating school spirit.

5. "All-Star Apparel" means the clothing (including uniforms), shoes, accessories, or equipment purchased for use by All-Star Team athletes at All-Star Events and during practices and training.

6. "All-Star Event" means a cheerleading or dance competition, including Championship events involving All-Star Cheerleading Teams.

7. "All-Star Cheer Event Producer" means any entity or person who finances, operates, organizes, or advertises an event related to All-Star Cheerleading.

8. "All-Star Gym" means any private enterprise that trains teams of athletes to perform All-Star Cheerleading routines in competitions.

9. "All-Star Team" means a cheerleading squad that competes in All-Star Competitions.

10. "And" and "or" should be construed so as to require the broadest possible response. If, for example, a Request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

11. "Any" shall be construed to mean "any and all."

12. "Bid" means an official offer from an All-Star or School Cheer Event Producer inviting an All-Star Cheerleading or School Cheer Team to attend a Championship or School Cheer competition.

13. "Camp" means any camp at which athletes and teams practice Competitive Cheer or dance skills and develop cheerleading or dance routines for School Cheer or All-Star Cheerleading.

14. "Championship" means any of the nationally recognized All-Star Cheerleading championship competitions in the United States, including but not limited to the Cheerleading Worlds, The Summit, or the U.S. Finals or other national championship competitions.

15. "Communication" or "Communications" means or refers to without limitation, any oral, typed, or written communications of any kind, and any non-verbal transmission, relay or exchange of information or knowledge, by and to whomever made, in any format such as electronic communications, emails, facsimiles, telephone communications, text messaging or instant, multimedia, or social messaging (including SMS, MMS, Allo, Gchat, Gmessage, WhatsApp, iMessage, or other text, or chat, via whichever application or provider, wire or computer transmissions, via any video conference platform (e.g., Zoom, Goodle or fact-to-face

meetings (including any notes or transcripts thereof), interviews, consultations, Agreements and understandings between or among two or more person, and other published or transmitted oral written material including all soft (electronic) copies of the above. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

16. "Competitive Cheer" means an activity in which teams of athletes perform routines composed of cheerleading moves or routines, including but not limited to, tumbling, stunting, pyramids, and synchronized dance, and in the case of School Cheer, elements of traditional sideline cheer such as band chants, fight songs, and motivational cheers.

17. "*American Spirit* Complaint" means the Consolidated Class Action Complaint, attached as Exhibit 3, or any future complaint(s) filed in *American Spirit v. Varsity Brands,* Case No., 2:20-cv-02782-SHL-cgc. (W.D. Tenn.).

18. "*Fusion* Complaint" means the Consolidated Class Action Complaint attached as Exhibit 2, or any future amended complaint(s) filed in *Fusion All Stars, et al. v. Varsity Brands, LLC, et al.,* Case No. 2:20-cv-02600-SHL-cgc (W.D. Tenn.).

19. "*Jones* Complaint" means the Consolidated Class Action Complaint, attached as Exhibit 1, or any future complaint(s) filed in *Jones et al. v. Varsity Brands LLC et al.,* Case No. 2:20-cv-02892-SHL-cgc (W.D. Tenn.).

20. "Concerning," "reflecting," "regarding," and "relating to" are used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reporting, stating, or summarizing.

21. "Contract" means *any* contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons, together with all modifications or amendments thereto.

22. "Defendant" means any Defendant listed in the operative and any amended *American Spirit* Complaint, *Jones* Complaint, or *Fusion* Complaint.

23. "Document" or "Documents" has the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and encompasses all forms of tangible expression, including all ESI or data, and all written, recorded, printed, typed, transcribed, filmed, digitized, or graphic matter and all other tangible things and media upon which any handwriting, typing, printing, computer code, software, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented, including papers, books, records, correspondence, reports, memoranda, electronic mail (e-mail), text, instant, or social media messages such as those sent or received via All, Google+, Google Chat, Google Hangouts, Google Groups, Google Messenger, Google Talk , Google Voice, Gtalk, Gchat, WhatsApp, Twitter, Facebook or iMessage), drafts, , telegrams, files, telephone logs and messages, cloud storage, hard drives, solid state disks or solid-state drives, removable media, minutes or transcripts of meetings or communications.

24. "Employee" means, without limitation, any current or former officer, director, executive, manager, board member, secretary, staff member, consultant, messenger, or agent.

25. "IASF" means International All-Star Federation and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, Employees, agents, representatives, or any persons acting or authorized to act on their behalf.

26. "IMPACT Program" or "VIP Branding" or "New School Construction Program" refers to Varsity School partnership programs.

27. "Independent Event Producers" or "IEPs" means All-Star Competition producers not wholly or partially owned by Varsity or USASF.

28. "Plaintiffs" means Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, Janine Cherasaro, Jessica Jones, Michelle Velotta,

Christina Lorenzen, American Spirit and Cheer Essentials, Inc., Rockstar Championships, LLC, Jeff & Craig Cheer, LLC, and Ashley Haygood.

29. "NCA" means the National Cheerleading Association and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, Employees, agents, representatives, or any persons acting or authorized to act on their behalf.

30. "NFHS" means National Federation of State High Schools Association and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, Employees, agents, representatives, or any persons acting or authorized to act on their behalf.

31. "School" means public or private junior high, high school, college, or university, including school districts and state government entities the oversee the high school, college, and university system, together with all present and former officers, Employees, agents, representatives, or any persons acting or authorized to act on their behalf.

32. "School Cheer" means a discipline of cheerleading in which routines composed of tumbling, stunting, pyramids, dance, and elements of traditional sideline cheer such as band chants, fight songs, and motivational cheers are performed by teams of athletes affiliated with Schools.

33. "School Cheer Apparel" means the clothing (including uniforms), shoes, accessories, or equipment purchased for use by School Cheer athletes at Competitions, Camps, and during practices and training.

34. "School Cheer Competition" means nationally recognized School Cheer competitions in the United States, including but not limited to: UCA National High School Cheerleading Championship; UCA National College Championship; UDA National College

Championship; NCA National High School Cheerleading Championship; NCA College National Championship; and NDA College National Championship.

35. "School Cheer Event" means a cheerleading or dance competition, including Championship events involving School Cheer teams.

36. "School Cheer Event Producer" means any entity or person who finances, operates, organizes, or advertises an event related to School Cheer.

37. "School Cheer Team" means a cheerleading squad that competes in School Cheer Competitions.

38. "UCA" means Universal Cheerleading Association, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, Employees, agents, representatives, or any persons acting or authorized to act on their behalf.

39. "USA Cheer" means the USA Federation for Sport Cheering and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, Employees, agents, representatives, or any persons acting or authorized to act on their behalf.

40. "USASF" means the U.S. All Star Federation, Inc. and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, Employees, agents, representatives, or any persons acting or authorized to act on their behalf.

41. "Varsity" or Varsity Defendants" means Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashion & Supplies, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity

which they manage or control, together with all present and former directors, members, officers, Employees, agents, representatives, or any persons acting or authorized to act on their behalf.

42. "You," or "Your," means the persons or entities upon whom these Request are served; for an entity, each of its predecessors, successors, parents, divisions, subsidiaries, and affiliates, each other entity directly or indirectly, wholly or in part, owned or controlled by it, and each partnership or joint venture to which any of them is a party; and all present and former directors, officers, Employees, agents, consultants, or other persons acting for or on behalf of any of them.

## INSTRUCTIONS

1. The Definitions above are provided only for purposes of discovery, in conformance with Rule 45 of the Federal Rules of Civil Procedure and are not intended to be used for any purpose other than discovery. Plaintiffs reserve the right to modify these Definitions or utilize different Definitions for any other purpose.

2. The Definitions and the Requests are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3. All words not defined in the Definitions shall be construed using their plain and ordinary meaning. If more than one meaning can be ascribed to a word, the meaning that would make a Document be covered by the Requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the Request.

4. In answering and responding to these Requests, You shall furnish such information and Documents in Your possession, custody or control, including information that is in the possession, custody or control of Your agents, consultants, accountants, investigators, and (subject to any otherwise applicable privileges) attorneys.

5. Each Request herein shall be construed independently. No Request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

6. Where the context in a Request makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.

7. Your obligation to respond to these Requests is a continuing one. If, after responding to these Requests, You obtain or become aware of any new or additional information pertaining to a request contained herein, You must supplement Your answer in accordance with Federal Rules of Civil Procedure 45.

8. Documents should be produced in accordance with the terms of the Stipulated Protective Order and the Stipulation Regarding Production of Electronically Stored Information ("ESI Protocol"), attached as Exhibits 4-9 to this subpoena

9. If there are no Documents or other things responsive to any particular Request, Your response shall state so in writing.

10. If any Document is withheld, in whole or in part, due to a claim of privilege of any kind, please provide a privilege log that sets forth separately with respect to each Document: (a) the nature of the privilege or ground of confidentiality claimed; (b) the author(s) of the Document (designating which, if any, are attorneys); (c) the title of the Documents (or subject line if the Document in an email); (d) the recipient(s) of the Document, including all persons who received copies of the Document (designating which, if any, are attorneys); (e) a description of the Document (or redacted portion of the Document) as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure; (f) the Bates range of the Document; and (g) the privilege log reference number. Any privilege log or list is to be produced in an Excel spreadsheet or other format capable of electronic sorting.

11. Unless otherwise noted herein, the relevant time period for these Requests is May 26, 2008 to the present (the "Relevant Time Period"). These Requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

12. In the event that any Document or other thing responsive to these Requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material; (b) all persons who received copies of the material, including any indicated and blind copy recipients,; (c) the present custodian of the material; (d) the date of the material; (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

13. If You have any good faith objections to any Request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with Rule 45 of the Federal Rules of Civil Procedure. If there is an objection to any part of a Request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced. Further, if You object to part of a Request, You must state the basis of Your objections in accordance with Rule 45.

14. Each production shall be submitted with a transmittal letter that includes the case caption; production volume name; encryption method/software used; and passwords for any password protected files.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All Documents or Communications reflecting, relating to, or concerning Varsity.

**REQUEST NO. 2:**

All Documents produced by You in response to any subpoenas received by You related to in *Fusion Elite All Stars et al. v. Varsity Brands, LLC et al*., Case No., 2:20-cv-02600-SHLcgc.

**REQUEST NO. 3:**

All Documents produced by You in response to any subpoenas received by You related to in *American Spirit v. Varsity Brands,* Case No., 2:20-cv-02782-SHL-cgc.

**REQUEST NO. 4:**

All Documents reflecting, relating to or concerning Your employment by Varsity Defendants, and Your termination, separation, or severance from Varsity.

**REQUEST NO. 5:**

All Documents or Communications reflecting, relating to, or concerning School Cheer, School Cheer Competitions, or School Cheer Apparel.

**REQUEST NO. 6:**

All Documents or Communications relating to or concerning All-Star Competitions or All-Star Apparel.

**REQUEST NO. 7:**

All Documents or Communications reflecting, relating to, or concerning current or former Varsity Employees or officers, including but not limited to Brian Elza and Tres LeTard.

**REQUEST NO. 8:**

All Documents or Communications reflecting, relating to, or concerning Bids, including but not limited to, Documents and Communications relating to Varsity's influence on Bids or how All-Star or School Cheer Teams were selected to receive Bids.

**REQUEST NO. 9:**

All Documents and Communications reflecting, relating to, or concerning rule-making bodies for All-Star Cheerleading or School Cheer, including but not limited to USASF, AACCA, NFHS, IASF, USA Cheer, or others.

**REQUEST NO. 10:**

All Documents and Communications reflecting, relating to, or concerning rebate, loyalty, or branding programs offered to School Cheer Teams or All-Star Gyms, such as Varsity's Impact or VIP Branding programs, or New School Construction Program.

**REQUEST NO. 11:**

All Documents and Communications reflecting, relating to, or concerning to Camps.

**REQUEST NO. 12:**

All Documents and Communications reflecting, relating to, or concerning any Agreements with any Defendant, including, but not limited to separation Agreements, employment Agreements, consulting Agreements, indemnification Agreements, and defense Agreements, including any non-disclosure Agreements or provisions included in any Agreements.

10

**REQUEST NO. 13:**

All Documents sufficient to show past or present ownership interest in any Defendant.

**REQUEST NO. 14:**

All Documents and Communications reflecting, relating to, or concerning Varsity's connection to Walt Disney World, or any All-Star or School Cheer Events held at Walt Disney World.

**REQUEST NO. 15:**

All Documents and Communications reflecting, relating to, or concerning Varsity's Stay-to-Play Program.

**REQUEST NO. 16:**

All Documents and Communications reflecting, relating to, or concerning broadcasting of All-Star or School Cheer Events, including all Documents and Communications relating to Varsity TV, or any restrictions on filming or streaming All-Star or School Cheer Events.

**REQUEST NO. 17:**

All Documents and Communications reflecting, relating to, or concerning Defendant Jeff Webb.

**REQUEST NO. 18:**

All Documents and Communications reflecting, relating to, or concerning Defendant Bain Capital Private Equity or Defendant Charlesbank Capital Partners, LLP or any of their Employees, officers or directors.

**REQUEST NO. 19:**

All Documents or Communications reflecting, relating to, or concerning Contracts or sales arrangements or proposals known in sum or substance as the Family Plan, Network Agreement, or Varsity Bucks, or other rebate or discount programs discussed at Paragraphs 170 to 185 of the *Fusion* Complaint and Paragraphs 141 to 152 of the *Jones* Complaint.

**REQUEST NO. 20:**

All Documents or Communications reflecting, relating to, or concerning acquisitions by Varsity of Independent Event Producers, All-Star or School Cheer Apparel manufacturers, Gyms, Camps, and any other entities.

**REQUEST NO. 21:**

All Documents or Communications reflecting, relating to, or concerning sexual abuse, predation, harassment, misconduct or any other sex crimes against or related to All-Star cheerleaders, whether occurring at All-Star Competitions or elsewhere, as discussed at Paragraphs 237 to 241 of the *Fusion* Complaint.