**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | |
| | **JURY DEMAND** |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO
TAKE DEPOSITIONS OF CHARLESBANK AND BAIN**

---

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ....................................................................................................... 1

II.  BACKGROUND ....................................................................................................... 5

     A.   Procedural Background .................................................................................. 5

     B.   Plaintiffs' Attempts to Stipulate to a Reasonable Number of Depositions ..................... 6

     C.   Additional Defendants and Claims in the *Jones Action* .................................. 8

III. LEGAL STANDARDS ............................................................................................ 10

IV.  ARGUMENT ........................................................................................................... 11

     A.   The Requested Depositions are Proportional to the Needs of the Case ........................ 11

     B.   The Depositions Sought are Not Unreasonably Cumulative or Duplicative ................ 15

          1.   Plaintiffs Have Not Had a Sufficient Opportunity to Obtain the Information by Discovery in the Action ............................................................................. 17

          2.   Depositions are Clearly Beneficial ....................................................... 19

V.   CONCLUSION ........................................................................................................ 20

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Alexander v. FBI*,
   192 F.R.D. 20 (D.D.C. 2000) ................................................................................10

*American Spirit and Cheer Essentials, Inc., et al. v. Varsity Brands, LLC, et al.*,
   Case No. 2:20-cv-2782-SHL-tmp (W.D. Tenn.) .......................................................4

*Bamberg v. Lernout*,
   225 F.R.D. 64 (D. Mass. 2004) ............................................................................17

*Berry v. Rite Aid Corp.*,
   2001 WL 527815 (E.D. Pa. May 16, 2001) ............................................................17

*Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*,
   178 F.Supp.2d 198 (E.D.N.Y. Oct. 19, 2001) .......................................................12

*In re Boston Scientific Corp. Pelvic Repair System Prod. Liab. Litig.*,
   Case No. 12-MDL-2326, Pretrial Order No. 36 (S.D. W. Va. 2013) ....................14

*California v. American Stores Co.*,
   495 U.S. 271 (1990) .............................................................................................19

*Campbell v. Stores*,
   2014 WL 12591798 (C.D. Cal. May 12, 2014) ....................................................14

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   2016 WL 721680 (N.D. Cal. Jan. 28, 2016) .........................................................12

*Cavalier Tel., LLC v. Verizon Va., Inc.*,
   330 F.3d 176 (4th Cir. 2002) ...............................................................................19

*In re Currency Conversion Fee Antitrust Litig.*,
   2009 WL 10695357 (S.D.N.Y. Oct. 22, 2009) .....................................................12

*Dick v. Sprint Communications Co. L.P.*,
   297 F.R.D. 283 (W.D. Ky. Jan. 30, 2014) ............................................................12

*Dickson v. Microsoft Corp.*
   309 F.3d 193 (4th Cir. 2002) ...............................................................................19

*Eastman Kodak Co. v. Image Tech. Servs.*,
   504 U.S. 451 (1992) .............................................................................................19

*Fed. Trade Comm'n v. A1 Janitorial Supply Corp.*,
   2018 WL 7506108 (N.D. Ill. Sept. 26, 2018) ..........................................................14

*Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*,
   Case No. 2:20-cv-02600-SHL-tmp (W.D. Tenn.) .......................................... *passim*

*Gross v. Bare Escentuals, Inc.*,
   2006 WL 3161386 (S.D. N.Y. Oct 30, 2006) ..........................................................14

*Hickman v. Taylor*,
   329 U.S. 495 (1947)...............................................................................................10

*In re High-Tech Employee Antitrust Litig.*,
   2015 WL 5159441 (N.D. Cal. Sept. 2, 2015) .........................................................12

*Lewis v. ACB Business Services, Inc.*,
   135 F.3d 389 (6th Cir. 1998) ................................................................................10

*In re Lithium Ion Batteries Antitrust Litig.*,
   2019 WL 3856413 (N.D. Cal. Aug. 16, 2019) ........................................................12

*M. Shanken Commc'ns, Inc. v. Variant Events, LLC*,
   2011 WL 2978007 (E.D. Va. May 25, 2011) ..........................................................15

*Mallas v. United States*,
   54 F.3d 773 (4th Cir. 1995) ..................................................................................17

*Martin v. Armstrong World Indus., Inc.*,
   2007 WL 758073 (D.N.J. Mar. 8, 2007)................................................................17

*Meredith Corp. v. SESAC, LLC*,
   87 F.Supp.3d 650 (S.D.N.Y. Feb. 19, 2015)..........................................................12

*Mitchell v. Nat'l R.R. Passenger Corp.*
   208 F.R.D. 455 (D.D.C. 2002)..............................................................................11

*Nitsch v. DreamWorks Animation SKG Inc.*,
   2017 WL 2423161 (N.D. Cal. June 5, 2017) ..........................................................13

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
   2019 WL 6888488 (E.D.N.Y. Dec. 16, 2019) ........................................................12

*Procaps S.A. v. Patheon Inc.*,
   2015 WL 2090401 (S.D. Fla. May 5. 2015) ..........................................................14

*Shane Group v. Blue Cross Blue Shield of Mich.*,
   2015 WL 1498888 (E.D. Mich., Mar. 31, 2015) ....................................................12

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS
CHARLESBANK AND BAIN

*In re Southeastern Milk Antitrust Litig.*,
   2012 WL 12875983 (E.D. Tenn. July 11, 2012) ...................................................12

*Strode v. City of Venice*,
   2007 WL 1595559 (S.D. Ill. 2007) ................................................................11, 17

*In re: Takata Airbag Products Liability Litigation*,
   2016 WL 5844311, Master File No. 15-2599 (S.D. Florida, Sept. 8, 2016) ..........14

*In re Transpacific Passenger Air Travel Transportation Antitrust Litig.*,
   2018 WL 6267840 (N.D. Cal. Sept. 24, 2018) .....................................................13

*Vica Coal Co., Inc. v. Crosby*,
   212 F.R.D. 498 (S.D.W.Va. 2003)........................................................................17

*In re Visa Check/Mastermoney Antitrust Litig.*,
   297 F.Supp.2d 503 (E.D.N.Y. Dec. 19, 2003)......................................................12

*In re Washington Mutual, Inc. Sec., Deriv. & ERISA Litig.*,
   Case No. 08-MDL-1919, Amended Stipulated Order Establishing Deposition
   Protocol (W.D. Wash. 2010) (ECF No. 245)..........................................................14

**Rules**

Fed. R. Civ. P. 12 ...........................................................................................................5

Fed. R. Civ. P. 23 .........................................................................................................16

Fed. R. Civ. P. 26 ................................................................................................. *passim*

Fed. R. Civ. P. 30 ................................................................................................. *passim*

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS
CHARLESBANK AND BAIN

Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen ("Plaintiffs") respectfully submit this Memorandum of Law in support of Plaintiffs' Motion for Leave to take Depositions of Charlesbank and Bain ("Motion") in the above-captioned action (the "*Jones Action*"). While Defendants[1] have agreed to 55 depositions for Varsity, USASF and third parties, they refuse to allow deposition discovery for Charlesbank and Bain to proceed other than for one Bain fact witness, two Charlesbank witnesses, and a Rule 30(b)(6) deposition of each (to which they have challenged the topics generally, but have yet to provide Plaintiffs with any specific objections). Plaintiffs now move the Court for an order allowing for deposition discovery of Charlesbank and Bain. Given the short time constraints, Plaintiffs request an expedited response from Defendants of April 7, 2022.

## I.      INTRODUCTION

For months, Plaintiffs have been diligently pursuing a stipulation with Defendants to govern the number of depositions in the *Jones Action*, as is routine in complex antitrust class actions. While there is already a stipulation in place in the *Fusion Action*,[2] allocating 55 total depositions to Varsity, USASF and third parties in that action (25 for current Varsity and USASF

---

[1] "Defendants" in the *Jones Action* include Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit & Fashion Supplies, LLC (collectively, "Varsity"); United States All Star Federation ("USASF"), Jeff Webb, Charlesbank Capital Partners, LLC ("Charlesbank"), and Bain Capital Private Equity ("Bain") (collectively, "Defendants"). Only Varsity and USASF are Defendants in the related action *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02600-SHL-tmp (W.D. Tenn.) ("*Fusion Action*").

[2] The "Fusion Stipulation," *Fusion Action*, ECF No. 89, was entered only 5 days after Plaintiffs in the *Jones Action* filed their initial complaint on December 10, 2020. While Plaintiffs in the *Jones Action* did not have input into the Fusion Stipulation, they have been coordinating with Plaintiffs in the *Fusion Action* as to the common defendants (Varsity and USASF) and common third parties to avoid duplication. Depositions have been proceeding at a rigorous pace for those Defendants. Saveri Decl., ¶3. The Fusion Stipulation does not address any deposition numbers for Jeff Webb, Charlesbank or Bain, as they are not defendants in the *Fusion Action*. Saveri Decl., ¶4.

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS CHARLESBANK AND BAIN

witnesses; 30 for former Varsity and USASF employees and third parties), there is no equivalent stipulation in the *Jones Action* to address the three additional *Jones Action* Defendants – Jeff Webb, Charlesbank and Bain. *See Fusion Action*, ECF No. 89. Plaintiffs seek to take an additional 20 depositions of Bain and Charlesbank witnesses to cover these additional Defendants in their own action (18 fact witnesses and one Rule 30(b)(6) deposition, each).[3]

During meet and confer and in trying to come to agreement with Defendants on the stipulation for depositions of additional Defendants in the *Jones Action*, Plaintiffs proposed 20 depositions, collectively, for Charlesbank and Bain, which is proportional to the numbers allocated to Varsity and USASF, and to the needs of the case, especially given its complexity. *See* Declaration of Joseph R. Saveri ("Saveri Decl."), ¶5, filed herewith. Defendants refused this proposal. *Id.* In a good faith effort to compromise, Plaintiffs uncomfortably dropped the proposed number from 20 to a total of 14 Charlesbank and Bain – 12 Rule 30(b)(1) fact witnesses to allocate across Bain and Charlesbank as Plaintiffs choose, and one Rule 30(b)(6) deposition, each. *Id.* Defendants refused. *Id.* Plaintiffs have attempted to resolve this issue with Defendants to no avail. *Id.*

With the discovery deadline looming (as well as Bain and Charlesbank's production of documents for 12 custodians ordered by the Court on December 13, 2021, still barely started), *see Jones Action*, ECF No. 174 (Dec. 13, 2021, Order), Plaintiffs have noticed the depositions of 15 Bain and Charlesbank Rule 30(b)(1) witnesses who would all have highly relevant information to support Plaintiffs' allegations. Saveri Decl., ¶6. Plaintiffs have also served a Rule 30(b)(6) deposition notice on each. Saveri Decl., ¶12. With only minimal productions from

---

[3] Mr. Webb is not counted in the depositions at issue. Plaintiffs have agreed to count Mr. Webb within the 55 depositions allocated in the *Fusion Action*. Saveri Decl., ¶2, fn. 2.

Charlesbank and Bain to date, Plaintiffs anticipate and leave space for three additional fact witnesses, if needed, once production is complete, hence the requested 18 witnesses.

Now, just as they did with document discovery, Charlesbank and Bain – large corporate defendants in this complex antitrust action who Plaintiffs allege engaged in an exclusionary scheme along with Varsity, USASF and Jeff Webb – are blocking discovery and are stonewalling Plaintiffs to avoid deposition discovery. They maintain that ***they will only agree to produce one Bain fact witness, two Charlesbank fact witnesses, and one Rule 30(b)(6) deposition, each (and only on their list of preferred topics)***. This is so even where the individuals noticed are those who sit at the heart of Plaintiffs' allegations. They include individuals from Bain and Charlesbank who served as officers and directors on Varsity's Board of Directors (in some cases multiple Varsity-entity boards) alongside key Varsity leaders such as CEO Adam Blumenfeld and his predecessor, CEO and Defendant Jeff Webb and made decisions on Varsity's acquisitions of competitors and other policies and decisions before the Board, individuals who investigated every aspect of Varsity's operations for Charlesbank and Bain in due diligence efforts prior to Charlesbank and Bain's respective acquisitions of Varsity, individuals who were part of the deals to purchase or sell Varsity, and individuals who were involved in the day-to-day affairs and decisions made at Varsity, including decisions related to Varsity's many acquisitions and even Varsity's response to public accusations and articles regarding its dominant monopolies and anticompetitive conduct in the "relevant markets" at issue in the *Jones Action* – the markets for cheerleading competitions, cheerleading camps, and cheerleading apparel. Saveri Decl., ¶¶6, 10-12.

As the Court has repeatedly noted, ***discovery as to Charlesbank and Bain has not been stayed*** pending a ruling on their motions to dismiss. *See Jones* Action, ECF Nos. 174, 205. As

Judge Lipman similarly explained in the *Fusion Action*:

> I am not inclined to stay anything pending a motion to dismiss. It's not the way I view my role as a Judge in pushing cases and moving people toward resolution. I hate doing it.  I only do it when basically the law tells me I have to in qualified immunity cases or, you know, arbitration clauses from time to time force me to do that.  But otherwise, I'm just not inclined to do it. I don't think it's appropriate. I think setting aside time where the Court is dealing with the motion to dismiss just frankly, I think, takes lawyers off the hook, and I'm not inclined to do that. *Fusion Action*, ECF No. 55 at 21 (H'rg Transcript, October 2, 2020).

While Plaintiffs have made every effort to work with Defendants and the parties in the related actions,[4] Defendants are playing games, again, and are seeking to impede the uncovering of highly relevant testimony using Federal Rule of Civil Procedure Rule 30(a)(2) as a threat and excuse to evade discovery and run out the clock. They claim that because Plaintiffs have been participating in the 55 Varsity and USASF and third-party depositions (and have participated in more than 10 of the 55 agreed), they are now precluded from taking adequate depositions of Charlesbank and Bain under Rule 30(a)(2) without leave of court. *See* Saveri Decl., ¶3. This tactic is especially transparent where Bain and Charlesbank have generally refused to cooperate in any document discovery related to Bain and Charlesbank, all along, and have only complied when ordered to do so by the Court on December 13, 2021. *See Jones Action*, ECF No. 174 at

---

[4] The "related actions" include the *Fusion Action* as well as *American Spirit and Cheer Essentials, Inc., et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-2782-SHL-tmp (W.D. Tenn.). The parties the related actions were ordered to coordinate on discovery by the Court. *See Jones Action*, ECF No. 36 (parties ordered to generally coordinate in discovery matters, "Coordination Order") and *Fusion Action*, ECF No. 172 (providing for time limit guidelines at depositions, "Deposition Coordination Order"). The Coordination Order expressly recognized that 1) the *Jones Action* names different Defendants from *Fusion* and *American Spirit*, and 2) the three cases are "brought on behalf of largely non-overlapping classes of persons and entities whose interests may come into conflict, and who may need or desire to take different positions, and thus must not be consolidated, and should continue to have distinct sets of counsel." Coordination Order at 4.

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS CHARLESBANK AND BAIN

24-25, ordering productions for 12 Charlesbank and Bain custodians, for which substantial production has yet to come and only after Plaintiffs said they would go to the Court did Defendants agree to substantial production by April 1, 2022. *See Jones Action*, ECF No. 209.

Enough is enough. Plaintiffs have made a reasonable proposal to discover relevant deposition testimony pertaining to Charlesbank and Bain. Plaintiffs should be allowed leave for 20 collective depositions (18 fact witnesses and one Rule 30(b)(6) deposition each) for Charlesbank and Bain, to be allocated across the two Defendants as Plaintiffs see fit, which is still much less than the numbers in the *Fusion Action* with respect to Defendants Varsity and USASF, alone. Plaintiffs respectfully request that the Court grant the leave requested. Otherwise, Plaintiffs will suffer prejudice and large swaths of relevant testimony will be excluded. Plaintiffs have consulted with Defendants on this Motion and have confirmed they oppose.

## II.     BACKGROUND

### A.     Procedural Background

The *Jones Action* was filed on December 10, 2020. *See Jones Action*, Complaint, ECF No. 1. On December 15, 2021, the Fusion Stipulation governing depositions of Varsity, USASF, and third parties was entered. *See Fusion Action*, ECF No. 89. On April 7, 2021, the Court entered a pretrial order setting forth an initial schedule, including discovery. *Jones Action*, ECF No. 61. Among other things, the Court ordered that discovery was to proceed immediately without regard to the status of the pleadings.[5] After hearing oral argument on November 4, 2021 on Plaintiffs' motions to compel discovery from Bain and Charlesbank on December 6, 2021, on December 13, 2021, the Court ordered that Bain and Charlesbank must produce the custodial

---

[5] Defendants Rule 12 motions in the *Jones Action* are under submission. *See Jones Action*, ECF Nos. 100-103. On August 26, 2021, the Court denied the motions to dismiss in the *Fusion Action*. *See Fusion Action*, ECF No. 141.

files for 12 of the 17 custodians requested by Plaintiffs. *See Jones Action*, ECF No. 174. On December 7, 2021, the Court modified its previous scheduling order to allow for an extension of the fact discovery cutoff until April 18, 2022, with opening expert reports being due on May 18, 2022. *See Jones Action*, ECF No. 175, at 3. On March 15, 2022, the Court entered a stipulation between the Jones Plaintiffs and Bain and Charlesbank to allow for substantial completion of production by April 1, 2022, and with an extension on the time to complete Charlesbank and Bain depositions (given the lack of documents) until May 7, 2022. *See Jones Action*, ECF No. 209.

**B.      Plaintiffs' Attempts to Stipulate to a Reasonable Number of Depositions**

Well before discovery started in this case, the parties in the *Fusion Action* negotiated and stipulated to the rules and number limits for depositions of defendants and third parties in that action. *See Fusion Action*, ECF No. 89. The Fusion Stipulation, which was entered only five days after the Complaint in *Jones Action* was filed, provided for extensive deposition discovery for the parties in the *Fusion Action.* Per the Fusion Stipulation, each party side may take up to 55 non-expert depositions of Varsity, USASF, and third parties in that action. *Id.* at 3. The 55 depositions are allocated with each party-side being allowed 25 depositions of current Varsity and USASF witnesses (to be allocated across Varsity and USASF as the parties may so choose), and 30 depositions of third-party witnesses, including but not limited to any former Varsity and USASF employees (to be allocated across third parties and former employees of Varsity and USASF as the parties may so choose). *See id.* at 3-4. Plaintiffs have been coordinating with the plaintiffs in the related actions to schedule and participate in those depositions. *See* Saveri Decl., ¶5. However, the Fusion Stipulation does not include or allocate any spots for depositions of the additional Defendants in the *Jones Action* – Jeff Webb, Charlesbank, or Bain, all of whom are Defendants in the *Jones Action*, but not in the *Fusion Action*, and all of whom Plaintiffs expect

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS CHARLESBANK AND BAIN

would testify to the numerous additional non-overlapping allegations made in the *Jones Action*.

Plaintiffs in the *Jones Action*, despite not having had the opportunity to participate in the negotiation of the Fusion Stipulation in the first instance, have still made best efforts to consider the limits set forth in the Fusion Stipulation as to Varsity, USASF and third parties. At the same time, they have rightfully attempted to address the limits for the additional *Jones* Defendants to come up with a similar stipulation to govern the additional Defendants in the *Jones Action*. Saveri Decl., ¶2. Considering the three additional Defendants in this complex antitrust action and the much broader set of allegations and issues in the *Jones Action*, Plaintiffs reasonably proposed 20 depositions (beyond the Fusion Stipulation) to cover the three additional *Jones* Defendants. Defendants refused. *Id.,* ¶5. Even when Plaintiffs uncomfortably agreed to lower the number to a total of 14 (with Mr. Webb being allocated in the Fusion Stipulation numbers), Defendants refused. *See id.* Plaintiffs further attempted to meet and confer to no avail. *Id.*

With the discovery of April 18, 2022 cutoff looming and with hardly any documents yet produced by Charlesbank and Bain, Plaintiffs have noticed 15 Bain and Charlesbank witnesses, collectively, including a Rule 30(b)(6) deposition of each Defendant. *Id.,* ¶6. On March 24, 2022, Defendants finally confirmed that they will only agree to schedule one Bain deposition (Ryan Cotton) and two Charlesbank depositions (Andrew Janower and Joshua Beer). As defense counsel, Steven Kaiser put it on March 24, 2022, when Plaintiffs asked for confirmation for the certificate of consultation: "Bain and Charlesbank's position has always been that any depositions beyond the three were inappropriate." *Id.,* Ex. 10. Defendants have stated that they will allow Plaintiffs' Rule 30(b)(6) notices as to each, however, they are also delaying those depositions by challenging Plaintiffs' list of proposed topics. *Id.,* Ex. 11.

## C.     Additional Defendants and Claims in the *Jones Action*

As the Coordination Order expressly recognizes, the *Jones Action* has a much broader list

of parties and issues than in the *Fusion Action*. Coordination Order at 4. Among other things, the

*Jones Action* includes three additional Defendants, including Jeff Webb, Charlesbank, and Bain,

who are not addressed in the Fusion Stipulation, at all. Both Bain and Charlesbank are large

corporate defendants, each tied to Varsity and each the target of numerous allegations in the

*Jones Action* Complaint. *See Jones Action*, Complaint, ¶¶1-6, 22, 85, 117-120.

The scope of the *Jones Action* is much broader than the scope of the *Fusion Action*. The

*Jones Action* also involves claims as to three markets, including the markets for cheerleading

competitions, cheerleading camps, and cheerleading apparel (the "Relevant Markets"), while the

*Fusion Action* only makes claims in the markets for competitions and apparel. *See id.*, ¶¶1-6,

166-225. Further, the *Jones Action* makes allegations as to products in the Relevant Markets that

were purchased through both All Star gyms and schools, while the *Fusion Action* is only on

behalf of All Star gyms and those gyms' purchases from Varsity. *See id.* The *Jones Action* is on

behalf of indirect purchasers (parents and families of cheer athletes) while the *Fusion Action* is

on behalf of direct purchasers. As indirect purchasers, Plaintiffs allege both an initial level of

illegal overcharge on products in the Relevant Markets as well as the pass on of such illegal

overcharges by gyms and schools to Plaintiffs, whereas direct purchasers in the *Fusion Action*

only focus on the initial level of illegal overcharges. *See id.*, ¶¶237, 262, 29-37. As the Court has

noted when ruling on Plaintiffs' motions to compel documents from Charlesbank and Bain:

> The plaintiffs allege that Charlesbank and Bain actively participated
> in a conspiracy to monopolize the cheerleading industry, namely by
> providing financial support and guidance to Varsity in its acquisition
> of competitors.  Charlesbank and Bain have conceded that many of
> the materials the Plaintiffs have requested are relevant. Considering
> proportionality, the issues at stake in this case are national in
> implication  and  importance,  with  a  substantial  amount  in

8

controversy stemming from allegedly anticompetitive pricing and
trade practices.   In terms of the parties resources, Bain and
Charlesbank are both sophisticated investment firms:  Charlesbank
acquired Varsity in 2014 for $1.4 billion and sold its interest to Bain
for $2.5 billion (ECF No. 102-1 at 3) Many of the plaintiffs' claims
can only be resolved through fairly extensive discovery from
Charlesbank and Bain, the only parties who have access to the
information. *Jones Action*, ECF No. 174.

While Plaintiffs assert claims against Varsity and USASF as do the plaintiffs in the

related actions, Plaintiffs also assert numerous claims against Jeff Webb, Charlesbank and Bain,

who are not defendants in the *Fusion Action* and who are not accounted for in the numbers for

Varsity, USASF and third parties, *i.e.,* not included in the 55 depositions allocated for Varsity,

USASF and third parties in the Fusion Stipulation. For example, Plaintiffs in the *Jones Action*

allege claims related to Charlesbank's ownership of Varsity from 2014-2018 and Bain's

ownership of Varsity from 2018 to present. *See Jones Action*, Complaint, ECF No. 1, ¶¶84, 91,

119. The 20 individuals whom Plaintiffs seek to depose from Charlesbank and Bain were all

directly involved in or would have knowledge of the anticompetitive conduct alleged. Numerous

individuals from Charlesbank and Bain sat on the Boards of Directors at Varsity and, as officers

and directors of the Varsity entities, would have been involved in the anticompetitive conduct

alleged. *See* Saveri Decl., ¶¶10-12. In addition, numerous individuals from Charlesbank and Bain

were involved in the assessment of Varsity and its operations through extensive due diligence

and/or were involved in the deals through which Varsity was acquired. *See id.* Plaintiffs believe

that a number of these individuals were also involved in the day-to-day management and

decision-making at Varsity during the tenure of Charlesbank and Bain ownership of Varsity. *See*

*id.*

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS
CHARLESBANK AND BAIN

### III.   LEGAL STANDARDS

The scope of discovery is within the broad discretion of the trial court. Courts have

considerable discretion to expand deposition discovery beyond the presumptive 10 deposition

limit set forth in Rule 30(a)(2)(A)(i), and routinely do so in complex antitrust cases. *See Lewis v.*

*ACB Business Services, Inc*., 135 F.3d 389, 402 (6th Cir. 1998) (District courts have discretion in

setting the scope of discovery). A party wishing to take more than ten depositions must obtain

leave of court to do so. Fed. R. Civ. P. 30(a)(2). The Court must permit more than ten

depositions when it is "consistent with Rule 26(b)(1) and Rule 26(b)(2)." *Id*. In considering a

motion for leave to take additional depositions, a court must decide whether allowing additional

depositions is "proportional" to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P.

26(b)(1). Rule 26 provides that additional discovery should be allowed unless the Court

determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or is

obtainable from some other source that is more convenient, less burdensome, or less expensive;

(2) the moving party has had ample opportunity to obtain the information by discovery in the

action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, in

light of the factors listed in the Rule. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

In interpreting these discovery rules, the Supreme Court has long held that they should be

entitled to "broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Courts

routinely have expanded deposition limits where they have determined that the concerns

underlying Rule 26(b)(2)(C) are not implicated. *See, e.g., Alexander v. FBI,* 192 F.R.D. 20

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS
CHARLESBANK AND BAIN

(D.D.C. 2000); *Strode v. City of Venice*, 2007 WL 1595559 (S.D. Ill. 2007); *Mitchell v. Nat'l R.R. Passenger Corp.* 208 F.R.D. 455 (D.D.C. 2002). Here, because the request for additional depositions falls squarely within the boundaries of Rule 26, Plaintiffs' Motion must be granted. The depositions sought by Plaintiffs are those of witnesses with material knowledge for one or more elements of Plaintiffs' claims, and the value of the information sought by Plaintiffs overwhelmingly outweighs the burden. Without the chance to discovery testimony from witnesses from two of the five major defendants in the *Jones Action*, Plaintiffs would suffer prejudice and large swaths of relevant testimony and evidence would potentially be excluded.

## IV.   ARGUMENT

### A.   The Requested Depositions are Proportional to the Needs of the Case

In complex cases, as here, where multiple defendants are involved, stipulations are generally entered into allowing for ample depositions of defendants' witnesses and setting out reasonable terms for those depositions to take place. This is the case in the *Fusion Action* where the Fusion Stipulation, which allows for 25 depositions for just current Varsity and USASF defendants and another 30 to include former Varsity and USASF employees as well as third parties. Fusion Stipulation at 3-5. Compare the deposition numbers in the Fusion Stipulation to those being offered for similarly large and important Defendants Bain and Charlesbank in the *Jones Action* – ***Defendants currently only agreeing to one witness for Bain, two witnesses for Charlesbank and possibly one Rule 30(b)(6) deposition for each***. This is so despite the Court's explicit confirmation that discovery is not stayed as to Bain and Charlesbank and ordering document production for 12 custodians across the two Defendants.[6]

---

[6] Plaintiffs also find Defendants' position to be a transparent delay tactic, consistent with its general effort to preclude all discovery related to Bain and Charlesbank while their motions to dismiss are pending. Defendants refused to allow document discovery to proceed, producing

In fact, it is commonplace in complex class action antitrust cases with multiple

defendants to see nearly or more than 100 depositions take place. *See, e.g., In re Southeastern*

*Milk Antitrust Litig.*, 2012 WL 12875983, *3 (E.D. Tenn. July 11, 2012) (in class action Court

allowed over 100 depositions); *Shane Group v. Blue Cross Blue Shield of Mich.*, 2015 WL

1498888, at *9 (E.D. Mich., Mar. 31, 2015) (169 depositions); *Dick v. Sprint Communications*

*Co. L.P.*, 297 F.R.D. 283 (W.D. Ky. Jan. 30, 2014) (more than three dozen depositions where

one defendant sued); *see also In re Visa Check/Mastermoney Antitrust Litig.*, 297 F.Supp.2d 503,

523 (E.D.N.Y. Dec. 19, 2003) (litigation involved "almost 400 depositions of witnesses");

*Meredith Corp. v. SESAC, LLC*, 87 F.Supp.3d 650, 656 (S.D.N.Y. Feb. 19, 2015) (approximately

50 depositions taken in case involving one defendant); *In re Cathode Ray Tube (CRT) Antitrust*

*Litig.*, 2016 WL 721680, at *7 (N.D. Cal. Jan. 28, 2016) (plaintiffs took over 70 merits

depositions of defense witnesses); *In re High-Tech Employee Antitrust Litig.*, 2015 WL 5159441,

*2 (N.D. Cal. Sept. 2, 2015) ("class counsel reviewed over 3.2 million pages of documents, and

took or defended nearly 100 depositions").[7]

---

nothing until ordered to do so by the Court on December 13, 2021. *See Jones Action*, ECF No.
174. Even after the Court's Order, Defendants had not produced hardly any documents as of
March 14, 2022, and only upon Plaintiffs' notification that they planned to file a motion to seek
compliance, they agreed to stipulate and produce documents by April 1, 2022. *See Jones Action*,
ECF No. 209. Defendants have also attempted to use Federal Rule of Civil Procedure 30(a)(2) as
a threat in refusing to agree to plaintiffs' reasonable deposition proposal, suggesting that
Plaintiffs should give up all Bain and Charlesbank depositions because they only may have ten
across all Defendants even though they agreed to 25 depositions for current Varsity and USASF
witnesses, alone. *See* Saveri Decl., ¶12.

[7] *See also, e.g., In re Currency Conversion Fee Antitrust Litig.*, 2009 WL 10695357, *3
(S.D.N.Y. Oct. 22, 2009) (plaintiffs in multi-district antitrust litigation conducted "more than 100
depositions"); *Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 178
F.Supp.2d 198, 208 (E.D.N.Y. Oct. 19, 2001) (class action case involved over 100 depositions);.
*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 2019 WL 6888488,
at *3 (E.D.N.Y. Dec. 16, 2019) (175 depositions of defense and third party witnesses); *In re
Lithium Ion Batteries Antitrust Litig.*, 2019 WL 3856413, at *5 (N.D. Cal. Aug. 16, 2019) (over

This is a complex antitrust case involving four corporate defendants (along with Mr. Webb), including two sophisticated investment banking firms. As the Court has recognized in assessing the proportionality of Plaintiffs' document requests to Bain and Charlesbank:

> Considering proportionality, the issues at stake in this case are national in implication and importance, with a substantial amount in controversy stemming from allegedly anticompetitive pricing and trade practices. In terms of the parties' resources, Bain and Charlesbank are both sophisticated investment firms: Charlesbank acquired Varsity in 2014 for $1.4 billion and sold its interest to Bain for $2.5 billion. Many of the plaintiffs' claims can only be resolved through fairly extensive discovery from Charlesbank and Bain, the only parties who have access to this information.

*See Jones Action*, ECF No. 174 at 6. Plaintiffs allege anticompetitive conduct over many years and involving dozens of persons. As the Court has already found, 12 employees of Charlesbank and Bain are custodians from whose files ESI is ordered to be searched and produced. And as is always the case, custodial files may inform Plaintiffs of additional people who may have knowledge or played a role in the alleged anticompetitive conduct. Even from the sparse discovery that has been produced to date by Bain and Charlesbank, Plaintiffs can already identify at least 18 important witnesses, including those who were officers and directors of Varsity, those who were involved with Bain and Charlesbank's due diligence and purchase of Varsity, and those who were involved in the day-to-day management of Varsity, all of which go straight to the heart of Plaintiffs' claims. Saveri Decl., ¶¶10-11.

Indeed, "fairly extensive discovery" is the norm for complex cases such as this, especially where defendants are large corporate actors and where a case has such as broad scope

---

80 depositions); *In re Transpacific Passenger Air Travel Transportation Antitrust Litig.*, 2018 WL 6267840, at *3 (N.D. Cal. Sept. 24, 2018) (62 depositions); *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161 (N.D. Cal. June 5, 2017) (25 depositions of one defendant).

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS CHARLESBANK AND BAIN

as the one alleged. Plaintiffs in complex antitrust cases such as this one routinely carve out the

number of depositions to be more than those afforded by the federal rules, in recognition of the

complexity of the action and the multiple defendants who may be involved. In fact, there are

numerous cases involving multiple defendants, where courts have approved discovery plans

*without limitations* on the number of depositions a party may take. *See, e.g., In re Boston*

*Scientific Corp. Pelvic Repair System Prod. Liab. Litig.*, Case No. 12-MDL-2326, Pretrial Order

No. 36 at 2 (S.D. W. Va. 2013) (abrogating any federal or local cap on depositions); *In re*

*Washington Mutual, Inc. Sec., Deriv. & ERISA Litig.*, Case No. 08-MDL-1919, Amended

Stipulated Order Establishing Deposition Protocol at 9, (W.D. Wash. 2010) (ECF No. 245) ("The

presumptive limitation on the number of depositions that either side may take does not apply in

this case, and thus Plaintiffs and Defendants need not seek leave of Court under Federal Rule of

Civil Procedure 30(a)(2) to take in excess of 10 depositions.").

Given the nature of the claims and the scope of discovery, Plaintiffs' proposal (20

depositions) is proportional and reasonable. *See In re: Takata Airbag Products Liability*

*Litigation*, 2016 WL 5844311, Master File No. 15-2599 (S.D. Florida, Sept. 8, 2016) (finding

that 10 depositions per defendant group was a reasonable starting point in a complex class action

litigation); *Gross v. Bare Escentuals, Inc.,* 2006 WL 3161386 (S.D. N.Y. Oct 30, 2006)

(allowing plaintiffs to take four additional depositions beyond the ten permitted by Rule 30);

*Procaps S.A. v. Patheon Inc.,* 2015 WL 2090401 (S.D. Fla. May 5. 2015) (acknowledging that

Rule 30(a) should be interpreted in the light of reason and practical experience and relaxed when

required); *Fed. Trade Comm'n v. A1 Janitorial Supply Corp.*, 2018 WL 7506108 (N.D. Ill. Sept.

26, 2018) (permitting ten additional depositions when the need to gather additional evidence was

great given the financial stakes); *Campbell v. Stores*, 2014 WL 12591798 (C.D. Cal. May 12,

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS
CHARLESBANK AND BAIN

2014) (granting ten additional deposition when request was made in good faith and furthered the purpose of efficient trial preparation); *M. Shanken Commc'ns, Inc. v. Variant Events, LLC*, 2011 WL 2978007 (E.D. Va. May 25, 2011) (concluding twenty-three additional depositions were warranted because the information sought from the depositions could be dispositive on at least two counts and other methods of discovery were equally as cumbersome and expensive as oral depositions).

**B.      The Depositions Sought are Not Unreasonably Cumulative or Duplicative**

None of the factors identified in Rule 26(b)(2)(a) which might limit discovery are present here. The testimony sought is not unreasonably cumulative or duplicative; it cannot be obtained from any other source, let alone a source that is more convenient, less burdensome or less expensive than from the party and individuals alleged to have participated in the anticompetitive conduct; Plaintiffs are moving expeditiously to depose these witnesses in the window between document production and the close of discovery; and this testimony is highly relevant and proportional to the needs of the case within the meaning of Rule 26(b)(1).

The depositions Plaintiffs seek are not "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2). As the Court has recognized, "plaintiffs' claims can only be resolved through fairly extensive discovery from Charlesbank and Bain." *Jones Action*, ECF No. 174 at 6. Plaintiffs are requesting only the number of depositions necessary to gather sufficient evidence and to prove their claims with the benefit of a developed evidentiary record. As the Court has recognized, Bain and Charlesbank are the only parties that have access to the evidence Plaintiffs need. *See id.*

The *Jones Action* involves three separate antitrust claims against five Defendants, four of whom are large, sophisticated corporate entities. Each claim will likely require the Plaintiffs to prove such fact-intensive elements as product market, geographic market, and likely competitive

effects, as well as claims that a conspiracy existed, that each defendant joined, and the acts in furtherance of the conspiracy taken by each defendant, as well as the harm alleged.

And as indicated in their motions to dismiss and their discovery responses, Defendants have denied many key factual allegations in the Complaint. These denials will require Plaintiffs to obtain extensive evidence through deposition testimony. Among these issues are (1) whether the anticompetitive scheme existed; (2) its nature, scope, purpose, and effects; (3) whether the anticompetitive scheme caused Plaintiffs' injuries; (4) the amount of such injury; and (5) issues regarding class certification including the requirements of Rule 23(a) and (b)(2).

Defendants Charlesbank and Bain deny they participated in the formation or implementation of the alleged anticompetitive scheme. Charlesbank and Bain further deny that their officers, managers and directors determined corporate strategy for Varsity, including Varsity's acquisition strategy. Charlesbank and Bain also deny such personnel were actively engaged in the management and direction of Varsity during their respective periods of ownership. In the face of such denials, Plaintiffs should be afforded the opportunity to disprove the denials through meaningful deposition discovery. The depositions sought all hit directly at the heart of Plaintiffs' allegations. The witnesses sought are the specific Bain and Charlesbank employees who served as officers and directors on Varsity's boards, in some instances on multiple Varsity-owned entity boards throughout the time period when anticompetitive conduct was alleged, and during the time when Varsity's boards would have needed to approve conduct that Plaintiffs allege. They also include the individuals who assessed Varsity for purchase through due diligence, participated in the related deals, and who remained at the company and took part in managing Varsity after the Charlesbank and Bain acquisitions.

Even if the Court grants this Motion, Plaintiffs will be forced to make difficult choices about which depositions to take. Given the nature of this complex antitrust case, Plaintiffs' request for 14 depositions across both Charlesbank and Bain is neither unreasonably cumulative nor duplicative.

### 1. Plaintiffs Have Not Had a Sufficient Opportunity to Obtain the Information by Discovery in the Action

Rule 26 protects against depositions sought in bad faith or in an effort to abuse the discovery process or harass the defendant. *See e.g., Vica Coal Co., Inc. v. Crosby,* 212 F.R.D. 498, 504 (S.D.W.Va. 2003); *Strode v. City of Venice*, 2007 WL 1595559, *1 (S.D.Ill. June 1, 2007). Typically, courts have applied Rule 26(b)(2)(C)(ii) when parties have been dilatory or negligent about seeking timely discovery (*see, e.g., Mallas v. United States*, 54 F.3d 773 (4th Cir. 1995)), or when they have sought to circumvent discovery limits by serving new requests at or after the applicable deadline. *See, e.g., Martin v. Armstrong World Indus., Inc.*, 2007 WL 758073, *2 (D.N.J. Mar. 8, 2007); *Bamberg v. Lernout*, 225 F.R.D. 64, 65-66 (D. Mass. 2004); *Berry v. Rite Aid Corp.*, 2001 WL 527815, *1 (E.D. Pa. May 16, 2001). No such abuse is present here.

Plaintiffs need a full and fair opportunity under the Federal Rules of Civil Procedure to gather the facts and testimony necessary to prove the elements of its claims. This is not a case where the Plaintiffs already have had "ample opportunity to obtain the information by discovery in the action," Fed. R. Civ. P. 26(b)(2)(C)(ii) because Defendants Bain and Charlesbanks have just begun to produce documents. Plaintiffs do not even have the productions of the twelve Bain and Charlesbank custodians that the Court ordered to be produced on December 13, 2021, and which now have a deadline for substantial completion on April 1, 2022. As Plaintiffs allege, Charlesbank and Bain orchestrated and implemented the anticompetitive scheme, including

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS CHARLESBANK AND BAIN

providing financial support for Varsity. *See* Complaint, *Jones Action*, ECF No. 1, ¶¶1-6, 84-85,

117-120. In addition, during the respective periods in which the firm's owned Varsity and its

related companies, the two companies—through their executives and agents—actively owned

and operated Varsity, making not just long-term strategic decisions but also exercising day-to-

day management and authority. Discovery to date has confirmed these allegations. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS
CHARLESBANK AND BAIN



These are just some of the examples Plaintiffs have discovered to date, and Plaintiffs fully expect to uncover additional evidence showing Bain and Charlesbank's active control over Varsity's operations, including Varsity's acquisitions of competitors and pricing practices, as the review of Bain and Charlesbank document productions is just starting.

### 2.    Depositions are Clearly Beneficial

Defendants have not demonstrated any burden. And, even if they find a way to argue burden, it does not outweigh the benefit of the depositions sought. Fed. R. Civ. P. 26(b)(2). To prove liability in cases under the federal or state antitrust law requires addressing relevant product and geographic markets, causation, and competitive effects. *See e.g., California v. American Stores Co.*, 495 U.S. 271 (1990); *Dickson v. Microsoft Corp.* 309 F.3d. 193 (4th Cir. 2002); and *Cavalier Tel., LLC v. Verizon Va., Inc.,* 330 F.3d 176 (4th Cir. 2002). The Supreme Court has recognized that to resolve antitrust cases, courts must focus on "particular facts disclosed by the record." *Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 466-67 (1992) (*quoting Maple Flooring Manufacturers Assn. v. United States*, 268 U.S. 563, 579 (1925)). The Supreme Court held in its seminal case *Brown Shoe Co. v. U.S.*, that "Congress prescribed a pragmatic, *factual* approach" in defining relevant markets. 370 U.S. 294, 336 (1962) (emphasis added). In its Opinion denying the Motion to Dismiss in the *Fusion Action*, this Court discussed the important role that discovery will play in resolving many of the central legal issues in this case. *See Fusion Action*, ECF No. 141 at 5 (summary procedures are sparingly because

antitrust claims are fact-intensive) and 9 ("geographic market analysis is fact specific, and it may require additional support at later phases of litigation.").

The requested discovery will allow Plaintiffs to discover the facts in Bain and Charlesbank's knowledge and seek testimony to support their allegations as to both the elements of monopoly as well as the elements of the conspiracy claims alleged, and the resulting harm. Plaintiffs would be prejudiced without the opportunity to discover such testimony. Thus, the "needs of the case," the "importance of the issues at stake in the action," and "the importance of the discovery in resolving the issues" all counsel in favor of modestly expanding the deposition limit, include key defendants witnesses from Bain and Charlesbank – as they have been expanded to 25 (across current Varsity and USASF defendants) and 30 (for former Varsity and USASF and other third parties in the *Fusion Action*). Fed. R. Civ. P. 26(b)(2)(C)(iii).

In other words, Plaintiffs must be allowed to support their claims through the testimony of all Defendants in their action, not just one for Bain and two for Charlesbank as Defendants ridiculously attempt to maintain. Defendants have not articulated any burden, rather, they simply are attempting to further delay discovery for Bain and Charlesbank while they attempt to run out the clock.

## V.    CONCLUSION

Plaintiffs respectfully request that the Court grant leave to take an adequate number of depositions for Charlesbank and Bain. Plaintiffs are entitled to a full and fair opportunity to depose witnesses with relevant knowledge. Plaintiffs' proposal—which will allow for a limited number of individuals with relevant knowledge to be deposed—is restrained and reasonable under the circumstances. For these and the foregoing reasons, the *Jones* Plaintiffs respectfully

request that this Court grant their Motion and allow deposition discovery of Defendants

Charlesbank and Bain to proceed as requested.

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS
CHARLESBANK AND BAIN

Dated: March 28, 2022                    Respectfully submitted,

                                         By:_____/s/ Joseph R. Saveri_____
                                                 Joseph R. Saveri


                                         Joseph R. Saveri*
                                         Steven N. Williams*
                                         Ronnie Seidel Spiegel*+
                                         Kevin E. Rayhill*
                                         Elissa A. Buchanan*
                                         JOSEPH SAVERI LAW FIRM, LLP
                                         601 California Street, Suite 1000
                                         San Francisco, California 94108
                                         Telephone: (415) 500-6800
                                         Facsimile:  (415) 395-9940
                                                 jsaveri@saverilawfirm.com
                                                 swilliams@saverilawfirm.com
                                                 rspiegel@saverilawfirm.com
                                                 krayhill@saverilawfirm.com
                                                 eabuchanan@saverilawfirm.com

                                         Van Turner (TN Bar No. 22603)
                                         BRUCE TURNER, PLLC
                                         2650 Thousand Oaks Blvd., Suite 2325
                                         Memphis, Tennessee 38118
                                         Telephone: (901) 290-6610
                                         Facsimile: (901) 290-6611
                                         Email: vturner@bruceturnerlaw.net

                                         Richard M. Paul III*
                                         Sean R. Cooper*
                                         Ashlea Schwarz*
                                         PAUL LLP
                                         601 Walnut, Suite 300
                                         Kansas City, Missouri 64106
                                         Telephone: (816) 984-8100
                                         rick@paulllp.com
                                         sean@paulllp.com
                                         ashlea@paulllp.com

                                         Jason S. Hartley*
                                         HARTLEY LLP
                                         101 West Broadway, Suite 820
                                         San Diego, CA 92101
                                         Telephone: (619) 400-5822

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS
CHARLESBANK AND BAIN

Email: hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted pro hac vice

+Located in Washington State

*Attorneys for Individual and
Representative Plaintiffs*

MEMORANDUM OF LAW ISO MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS
CHARLESBANK AND BAIN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2022, I served a copy of the foregoing document via the Court's ECF system, effecting service on all interested parties.

*/s/ Joseph R. Saveri*
Joseph R. Saveri