# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** Plaintiffs, v. **VARSITY BRANDS, LLC, et al.** Defendants. | Case No. 2:20-cv-02892-SHL-tmp **JURY DEMAND** |

## DECLARATION OF JOSEPH SAVERI IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE DEPOSITIONS OF DEFENDANTS CHARLESBANK AND BAIN

I, Joseph Saveri, declare the following under penalty of perjury:

1. I am the founder and managing partner of the Joseph Saveri Law Firm, LLP., counsel for Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen (collectively, "Plaintiffs"), in *Jones v. Bain Capital Private Equity*, case no. 2:20-cv-02892-SHL-tmp ("*Jones Action*"). I am a member in good standing of the State Bar of California and have been admitted *pro hac vice* in the United States District Court for the Western District of Tennessee, Western Division. I am over 18 years of age and have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them. I write this declaration in support of Plaintiffs' Motion for Leave to Take Depositions of Defendants Charlesbank and Bain ("Motion").[1]

---

[1] "Defendants" in the *Jones Action* include Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit & Fashion Supplies, LLC (collectively, "Varsity"); United States All Star

2. Plaintiffs in the *Jones Action* have tried for months to engage with Defendants to agree on a routine stipulation mainly to address the numbers of depositions for Defendants Charlesbank and Bain.[2] While there is already a stipulation to address the numbers for defendants in the related *Fusion Action* (Varsity and USASF, and third parties), allowing for 55 total depositions in that action, there is none yet in place to address the three additional Defendants in the *Jones Action*, all of whom Plaintiffs allege in their Complaint, were equally as involved in the monopolies and conspiracies alleged. *See Fusion Action*, Case No. 2:20-cv-02600-SHL-tmp (W.D. Tenn.), ECF No. 89 (the "Fusion Stipulation"). Plaintiffs have tried to engage with Defendants, to no avail, and have proposed a reasonable number of depositions, commensurate with those proposed in the *Fusion Action* and proportional to the needs of this complex case.

3. Plaintiffs did not have any input into the Fusion Stipulation, which was entered on December 15, 2021, only 5 days after Plaintiffs in the *Jones Action* filed their initial Complaint on December 10, 2021. *See Jones Action*, ECF No. 1, and long before any discovery had even begun in the *Jones Action*. Nevertheless, Plaintiffs in the *Jones Action,* have made best efforts to coordinate with the parties in the related actions as to common defendants (Varsity and USASF) and common third parties so as to avoid duplication and to comply with the Court's Orders on coordination amongst the related actions.[3] Depositions have been proceeding at a rigorous pace

---

Federation ("USASF"), Jeff Webb, Charlesbank Capital Partners, LLC ("Charlesbank"), and Bain Capital Private Equity ("Bain") (collectively, "Defendants"). Only Varsity and USASF are Defendants in the related action *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02600-SHL-tmp (W.D. Tenn.) ("*Fusion Action*").

[2] Mr. Webb is not counted in the depositions at issue. Plaintiffs have agreed to count Mr. Webb within the 55 depositions allocated in the *Fusion Action*.

[3] The "related actions" include the *Fusion Action* as well as *American Spirit and Cheer Essentials, Inc., et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-2782-SHL-tmp (W.D.

for those Defendants. Defendants claim that because Plaintiffs have been participating in the 55 Varsity, USASF, and third-party depositions (and have participated in more than 10 of the 55), they are now precluded from taking adequate depositions of Charlesbank and Bain under Rule 30(a)(2).

4.  The Fusion Stipulation does not address any deposition numbers for Jeff Webb, Charlesbank or Bain, as they are not defendants in the *Fusion Action*. *Fusion Action*, ECF No. 89.

5.  While Plaintiffs have been coordinating on the 55 depositions as to Varsity, USASF, and third parties, Plaintiffs have attempted to obtain a stipulation with Defendants to address the additional Defendants in the *Jones Action*, and the numbers of depositions to be taken of those Defendants. During meet and confer, Plaintiffs first proposed 20 depositions, collectively, for Charlesbank and Bain, which is generally proportional to the numbers allocated to Varsity and USASF, and to the needs of the case, especially given its complexity. Defendants refused this proposal. In a good faith effort to compromise and with the looming discovery cutoff of April 18, 2022, Plaintiffs uncomfortably dropped the proposed number from 20 to a total of 14 Charlesbank and Bain – 12 Rule 30(b)(1) fact witnesses to allocate across Bain and Charlesbank as Plaintiffs choose, and one Rule 30(6)(6) deposition, each. Defendants refused. *See* Exs. 10-12, attached hereto.

---

Tenn.). The parties the related actions were ordered to coordinate on discovery by the Court. *See Jones Action*, ECF No. 36 (parties ordered to generally coordinate in discovery matters, "Coordination Order") and *Jones Action*, ECF No. 39 (providing for time limit guidelines at depositions, "Deposition Coordination Order"). The Coordination Order expressly recognized that 1) the *Jones Action* names different Defendants from *Fusion* and *American Spirit*, and 2) the three cases are "brought on behalf of largely non-overlapping classes of persons and entities whose interests may come into conflict, and who may need or desire to take different positions, and thus must not be consolidated, and should continue to have distinct sets of counsel." Coordination Order at 4.

6. With the discovery deadline looming as well as Bain and Charlesbank's production of documents for 12 custodians ordered by the Court on December 13, 2021, still barely started, *see Jones Action*, ECF No. 174 (Dec. 13, 2021, Order), and no substantial completion expected until April 1, 2022, Plaintiffs have noticed depositions of 15 Bain and Charlesbank witnesses (three of whom have been identified as former employees) who, at a minimum, Plaintiffs believe would have information directly relating to Plaintiffs' allegations.

7. Despite continued efforts by Plaintiffs to find agreement with Defendants, On March 24, 2022, Defendants finally confirmed that they will only agree to schedule one Bain deposition (Ryan Cotton) and two Charlesbank depositions (Andrew Janower and Joshua Beer). As defense counsel, Steven Kaiser put it on March 24, 2022, when Plaintiffs asked for confirmation for the certificate of consultation: "Bain and Charlesbank's position has always been that any depositions beyond the three were inappropriate." *See* Ex.10, attached hereto. Defendants have stated that they will allow Plaintiffs' Rule 30(b)(6) notices as to each, however, they are also delaying those depositions by challenging Plaintiffs' list of proposed topics. *See* Ex. 11, attached hereto. As of March 28, 2022, Defendants have yet to respond to Plaintiffs' proposed lists of Rule 30(b)(6) deposition topics.

8. On December 13, 2021, Magistrate Judge Pham ordered that Defendants Charlesbank and Bain must search and produce the custodial files for 12 out of the 17 requested custodians. *See Jones Action*, Order (Dec. 13, 2021), ECF No. 174 at 24-25 (ordering productions for 12 Charlesbank and Bain custodians). To date, Plaintiffs have received 331 documents for Bain, total, and 1,802 documents for Charlesbank total. Defendants have stated in phone calls and correspondence that they anticipate a total production of 50,000 documents. *See* Ex. 12, attached hereto. While Defendants did agree to complete production by April 1, 2022

(and to extend the date to complete depositions to May 7, 2022), such stipulation came only after there was extensive delay and when Plaintiffs said they were planning to file a motion with the Court to seek compliance with the Court's Order (ECF No. 174), ordering production.

9. It appears to Plaintiffs that Defendants are employing the same tactics as they did with respect to the motion to compel – refusing to cooperate in any discovery for Charlesbank and Bain (seemingly taking the position that they have already been dismissed), even where the Court has ruled that this stance is not appropriate and there is no stay as to discovery of Charlesbank and Bain. *See id.*

10. Plaintiffs believe there are at least 18 individuals from Charlesbank and Bain who were directly involved in or would have knowledge of the anticompetitive conduct alleged. Numerous individuals from Charlesbank and Bain sat on the Boards of Directors at Varsity and, as officers and directors of the Varsity entities, would have been involved in the anticompetitive conduct alleged. In addition, numerous individuals from Charlesbank and Bain were involved in the assessment of Varsity and its operations through extensive due diligence and/or were involved in the deals through which Varsity was acquired. Plaintiffs believe that a number of these individuals were also involved in the day-to-day management and decision-making at Varsity during the tenure of Charlesbank and Bain ownership of Varsity. Plaintiffs also believe Charlesbank and Bain's pending productions may also reveal the roles of other individuals who may have played key roles in the alleged anticompetitive conduct and for whom there would be good cause to depose.

11. As Plaintiffs allege, Charlesbank and Bain orchestrated and implemented the anticompetitive scheme, including providing financial support for Varsity. In addition, during the respective periods in which the firm's owned Varsity and related companies, the two

companies—through their executives and agents—actively owned and operated Varsity, making not just long-term strategic decisions but also exercising day-to-day management and authority. Discovery to date has confirmed these allegations. *See, e.g.*, ███████████

███████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████  These are just some of the examples Plaintiffs have discovered to date, and Plaintiffs fully expect to uncover additional evidence showing Bain and Charlesbank's active control over Varsity's operations, including Varsity's acquisitions of competitors and pricing practices, as the review of Bain and Charlesbank document productions is just starting.

12.  After diligent research and all that they can surmise to date, given the lack of a true substantial production from either Bain or Charlesbank, who have produced little so far, Plaintiffs have determined that the following Bain and Charlesbank witnesses, at a minimum, will possess information highly relevant to their claims, and have noticed them to date: Bain (*Ryan Cotton, Josh Bekenstein, Jay Corrigan, Kate Steinman (former); Tom O'Rourke (former), Ethan Portnoy, Saron Tesfalul and Spencer Dahl); Charlesbank (*Joshua Beer, *Andrew Janower; Neil Kalvelage (former), Brandon White, David Katz, Kim Davis, and Jesse Ge). Plaintiffs have also issued Rule 30(b)(6) notices to each Bain and Charlesbank. Defendants have allowed only those with asterisks.

13.  Defendants have also attempted to use Federal Rule of Civil Procedure 30(a)(2) as a threat in refusing to agree to plaintiffs' reasonable deposition proposal, suggesting several times that Plaintiffs should give up all Bain and Charlesbank depositions because they only may have ten across all Defendants even though they agreed to 25 depositions for current Varsity and USASF witnesses, alone. Defendants claim that Plaintiffs used up all of their 10 depositions allowed in the case on the depositions for the other Defendants and, therefore, they do not need to agree to provide any deponents, and none beyond the three that they offer for both defendants, collectively.

14. Plaintiffs' counsel, Katharine Malone met and conferred with defense counsel Steven Kaiser and others regarding the issues raised in the motion by exchanging drafts of a proposed stipulation on February 8, 2022 and February 10, 2022. Plaintiffs' counsel, Ms. Malone, conferred with Defendants on the phone before and after these email exchanges to try to and reach an agreement. Plaintiffs again conferred on March 24, 2022 with Mr. Kaiser and others via email and confirmed that the parties are at an impasse.

15. Attached as Exhibit 1 is a true and accurate copy of ███████████

16. Attached as Exhibit 2 is a true and accurate copy of ███████████ ███████████████████████████████████████████████

17. Attached as Exhibit 3 is a true and accurate copy of ███████████ ███████████████████████████████████████████████

18. Attached as Exhibit 4 is a true and accurate copy of ███████████ ███████████

19. Attached as Exhibit 5 is a true and accurate copy of ███████████ ███████████████████████████████████████

20. Attached as Exhibit 6 is a true and accurate copy of ███████████ ███████████████████████

21. Attached as Exhibit 7 is a true and accurate copy of ███████████ ███████████████████████████.

22. Attached as Exhibit 8 is a true and accurate copy of ███████████ ███████████████████████████████████████████████ ███████████

23. Attached as Exhibit 9 is a true and accurate copy of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

24. Attached as Exhibit 10 is a true and accurate copy of a March 24, 2022 email received from Steven Kaiser.

25. Attached as Exhibit 11 is a true and accurate copy of a March 17, 2022 letter received from Steven Kaiser.

26. Attached as Exhibit 12 is a true and accurate copy of an email string between Steven Kaiser and Katharine Malone.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of March 2022.

                                          */s/ Joseph R. Saveri*

                                          Joseph R. Saveri

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2022, I served a copy of the foregoing document via the Court's ECF system, effecting service on all interested parties.

*/s/ Joseph R. Saveri*

Joseph R. Saveri
