**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>      Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br><br><br>**JURY TRIAL DEMANDED** |
| **JONES**, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>**BAIN CAPITAL PRIVATE EQUITY,** et al.,<br><br>      Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br>**JURY TRIAL DEMANDED** |
| **AMERICAN SPIRIT AND CHEER ESSENTIALS, INC.**, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al,<br><br>      Defendants. | Case No. 2:20-cv-2782-SHL-tmp<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION**
**<u>FOR PROTECTIVE ORDER</u>**

# TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................................2

II.    BACKGROUND ..................................................................................................3

III.   LEGAL STANDARD...........................................................................................8

IV.    ARGUMENT ......................................................................................................10

      A.   Defendants Do Not Have Standing to Seek a Protective Order for Third-Parties Whom They Do Not Represent...............................................................................10

      B.   Defendants Have Failed to "Articulate Specific Facts Showing Clearly Defined and Serious Injury" and Have Not Met the Good Cause Standard.......................12

      C.   As this Court Has Held "Where the Deposition of a Single Witness or a Corporation is Noticed in Two or More of the" Related Actions "Additional Time Will Be Needed to Fairly Examine that Deponent"................................................13

      D.   Plaintiffs Should Be Permitted to Continue Negotiating Deposition Time with Counsel for Third-Parties, as They Have Been Doing Successfully Throughout Discovery .............................................................................................................13

      E.   Defendants Have Not Provided any Basis as to Why They Need to Take a Portion of Plaintiffs' Deposition Time for Themselves ....................................................15

      F.   Defendants' Claims of Duplication Are Unfounded .............................................15

      G.   Defendants' Arguments Regarding Deposition Limits in *Jones* and *American Spirit* Are Irrelevant ...........................................................................................16

V.     CONCLUSION....................................................................................................17

      **CERTIFICATE OF SERVICE** ..................................................................21

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro ("*Fusion Elite* Plaintiffs"); Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen ("*Jones* Plaintiffs"); and Plaintiffs American Spirit and Cheer Essentials, Inc., Rockstar Championships, LLC, Jeff & Craig Cheer, LLC, d/b/a Jeff and Craig Camps, and Ashley Haygood (collectively, *American Spirit* Plaintiffs"), (collectively, "Plaintiffs") hereby oppose Defendants' Motion for Protective Order (*Fusion Elite*, Dkt. 221 or "Motion") filed by Defendants Varsity Spirit, LLC, Varsity Brands, LLC, Varsity Brands Holding Co., Inc., and Varsity Spirit Fashions & Supplies, LLC ("Varsity"), Defendant U.S. All Star Federation ("USASF"), Defendant Bain Capital, LP ("Bain"), and Defendant Charlesbank Capital Partners, LLC ("Charlesbank") (collectively, "Defendants"). For the reasons set forth below, Defendants have no standing to challenge subpoenas served on third-parties whom they do not represent and fail to show any good cause for a protective order. Accordingly, Defendants' Motion should be denied.

## I.      INTRODUCTION

In their most recent attempt to thwart Plaintiffs' discovery efforts and silence their former employees Defendants have filed, in the final three weeks of discovery, a Motion for Protective Order seeking to interfere with depositions of parties they do not even represent—parties who have already agreed with Plaintiffs' counsel on time limits for their depositions. Defendants' latest obstruction is a transparent attempt to limit the honest and unfavorable testimony of third-parties and prevent Plaintiffs from completing their discovery.

Defendants do not state that any third party has complained about the length of its deposition or sought Defendants' help to negotiate deposition limits with Plaintiffs. In fact, the situation is quite the opposite. Plaintiffs have cooperatively worked with counsel for third parties

to schedule and plan their depositions while accommodating, the third parties' schedules. These depositions have proceeded smoothly and no third-party has needed to approach this Court for a protective order. The only ones complaining are Defendants. And their complaint is simply that they do not wish to be put to the task of attending all of the third-party depositions noticed by Plaintiffs. The solution for that is simple—Defendants can forego any depositions or portions of depositions that they deem not to be worth their time, and obtain transcripts thereafter. Instead of doing so, though Defendants have forced Plaintiffs to litigate this entirely unnecessary motion and ask this Court to order that even a third-party who wants to sit for more than five hours of Plaintiffs' questioning is not permitted to do so. *See* Memorandum in Support of Defendants' Motion for Protective Order ("Memo.") at 13.

Defendants have failed to "articulate specific facts showing clearly defined and serious injury resulting from the discovery sought" and have thus not met the good cause standard for a protective order. *Nix v. Sword,* 11 Fed.Appx. 498, 500 (6th Cir.2001).

## II.    BACKGROUND

The *Fusion Elite* Plaintiffs began pursuing written discovery from Varsity and USASF on October 16, 2020, and October 19, 2020, with the service of their Requests for Production. *See* Declaration of Victoria Sims ("Sims Decl."), at ¶2-3. Despite this, Varsity did not produce responsive documents for some of its custodians until August 15, 2021. Sims Decl. at ¶4. USASF, as a result of negotiations stemming from the Motion to Compel that Plaintiffs were forced to file against it, did not complete its document production until January 14, 2022. Sims Decl. at ¶5. [1]

---

[1] Defendants Bain and Charlesbank have still have not complied with the Court's December 13, 2021 order compelling production of documents.  *See* Case No. 2:20-cv-02892-SHL-tmp Dkt. 174 at 24-25 (December 13, 2021, Order on Charlesbank and Bain Motions to Compel); Dkt.

Despite these delays, and the fact that Plaintiffs did not have complete Defendant

document productions, Plaintiffs began noticing Defendants' depositions on September 14, 2021,

with notices of the depositions of former Varsity employees Brian Elza and Francis "Tres"

Xavier LeTard, III. Sims Decl. at ¶6. Plaintiffs did not receive agreement on deposition dates for

these witnesses until October 14, 2021, after Varsity connected Plaintiffs with their attorney, and

Plaintiffs were not able to take their depositions until a month later, on November 16-17 and

November 22. Sims Decl. at ¶¶ 8-11.

Defendants also delayed resolution of the issue of how many hours would be permitted

for depositions noticed in multiple of the three above-captioned cases ("the Related Actions")—

an issue that needed to be determined for depositions to proceed.

Plaintiffs began discussions with Defendants on September 29, 2021, with the intent of

negotiating a stipulation that would enable coordination among Plaintiffs in all three related

cases, and set forth time limits on depositions of witnesses whose depositions were noticed in

more than one case. Sims Decl. at ¶7.

Unable to make any headway with Defendants through negotiations, Plaintiffs filed their

Motion to Facilitate Coordination of Depositions in the Related Actions on October 19, 2021.

---

227 (Jones Plaintiffs' Motions to Compel Charlesbank and Bain). Bain and Charlesbank have
represented that their production of an estimated 50,000 documents would be completed by April
1, 2022. To date, Bain and Charlesbank have produced approximately 2,100 documents, a small
fraction.  Bain and Charlesbank were asked to comply within 45 days of the Order. When they
failed to agree, the *Jones* Plaintiffs made repeated inquiries as to when compliance would be
forthcoming. It was only after the Jones Plaintiffs indicated the intention to seek court
intervention, that Charlesbank and Bain agreed to stipulate to complete substantial production for
the 12 ordered custodians by April 1, 2022. *See* Case No. 2:20-cv-02892-SHL-tmp Dkt 209. To
date, only 331 documents have been received from Bain, and 1,802 from Charlesbank of the
estimated 50,000 to be produced. Case No. 2:20-cv-02892-SHL-tmp Dkt 227 (Declaration of
Joseph R. Saveri) in support of *Jones* Plaintiffs' March 28 motion for leave. In addition, Bain
and Charlesbank have also taken the position that Plaintiffs are not entitled to take the
depositions of a substantial number of the knowledgeable witnesses.  *See* Case No. 2:20-cv-
02892-SHL-tmp Dkt. 227.

Case 2:20-cv-02600-SHL-tmp, Dkt. 155. In their Motion, Plaintiffs sought two additional hours of deposition time, per case, for each 30(b)(1) witness represented by defense counsel, on top of the original seven hours permitted for a deposition noticed in one case. Memorandum of Law in Support of Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in the Related Actions, at 2, Case 2:20-cv-02600-SHL-tmp, Dkt. 155-1.

In their Opposition, Defendants complained that the order proposed by Plaintiffs "would apply regardless of the witness (party or third party)." Defendants' Response to Plaintiffs' Joint Motion, at 1. Case 2:20-cv-02600-SHL-tmp, Dkt. 159. Plaintiffs stated that "[t]hird party depositions will be negotiated with those parties' counsel," and referred Defendants to such agreements already reached with respect to the depositions of Mr. Elza and Mr. LeTard. Reply in Support of Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in the Related Actions, at 5, Case 2:20-cv-02600-SHL-tmp, Dkt. 166. Defendants did not dispute that assertion, or seek an alternate order from the Court as part of the resolution of the deposition timing issues before the Court.

Chief Magistrate Judge Tu M. Pham ultimately granted Plaintiffs' Motion, ordering that "[w]here the deposition of a single witness or a corporation is noticed in two or more of the above-captioned matters, additional time will be needed to fairly examine that deponent, given the scope of the *Fusion Elite*, *Jones*, and *American Spirit* matters." Order Granting Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in Related Actions, Case 2:20-cv-02600-SHL-tmp, Dkt.172, ¶1 (November 15, 2021) ("Deposition Order"). The order also states that, with respect to party and third-party witnesses represented by defense counsel, "Plaintiffs in any of the Related Actions may serve a notice of deposition with respect to any deposition noticed pursuant to Rule 30(b)(1) by Plaintiffs in one of the other Related Actions. For each additional

notice that is served, Plaintiffs shall receive two additional hours . . ." Deposition Order, at ¶6. Plaintiffs have been adhering to that order.

Since commencing depositions, Plaintiffs have negotiated the deposition time for third parties with the counsel who represents them, taking into account the specifics of each third-party's situation in terms of the relevant information he or she possessed and his or her availability and scheduling requirements.

On November 3, 2021, Plaintiffs served Marlene Cota, a former Varsity employee, with a non-party subpoena to produce certain documents in her possession and appear for a deposition on January 11, 2022. Case 2:20-cv-02600-SHL-tmp, Dkt. 193, at 4. Ms. Cota was employed by Varsity from approximately 1998 to January 2018 and held the title of "VP Corporate Alliances" at the time of her termination. Case 2:20-cv-02600-SHL-tmp, Dkt. 193, at 3. As detailed in a letter from Ms. Cota's attorney sent to Defendants, when Ms. Cota was terminated, Varsity ordered her "to return the following day to receive her personal things." Case 2:20-cv-02600-SHL-tmp, Dkt. 178-2 at 1. The next day, two Varsity employees "placed boxes of Ms. Cota's personal items into her vehicle." *Id*. These boxes contained numerous documents relevant to Plaintiffs' claims, including:

> • "agreements and other documents describing or referencing Ms. Cota's employment compensation, and/or the terms and conditions of her employment with Varsity;"
>
> • "correspondence between Ms. Cota and Varsity employees and/or sponsors or other third parties pertaining to sponsorships, competitions, competitors, and other business dealings;"
>
> • "business development documents disseminated by Varsity to its employees and/or third parties including documents related to acquiring sponsorships and commissions for the acquisition of new sponsorships;" and
>
> • "Ms. Cota's personal notes made during her employment with Varsity, some of which are loose leaf and many of which are contained in volumes of notebooks."

Case 2:20-cv-02600-SHL-tmp, Dkt. 180, at 4.

Ms. Cota agreed to comply with Plaintiffs' subpoena, but the Varsity, Bain and Charlesbank Defendants moved for a protective order to preclude Ms. Cota from producing her documents in response to Plaintiffs' subpoena, on December 27, 2021. Case 2:20-cv-02600-SHL-tmp, Dkt. 178. Defendants claimed that the material sought by Plaintiffs belonged to Varsity, not Ms. Cota, based on confidentiality and employment agreements between Ms. Cota and Varsity. *Id.* at 3. Plaintiffs opposed Defendants' motion, arguing that Ms. Cota's documents are indisputably relevant to Plaintiffs' claims. Case 2:20-cv-02600-SHL-tmp, Dkt. 179.

On January 28, 2022, Chief Magistrate Judge Pham denied Defendants' motion save for allowing Defendants to withhold privileged documents (as long as they were logged). Case 2:20-cv-02600-SHL-tmp, Dkt. 193. Chief Magistrate Judge Pham found that the documents in Ms. Cota's possession "appear to be relevant to [P]laintiff[s'] claims that Varsity 'monopolized the All-Star Cheer and All-Star Apparel Markets' and engaged in anticompetitive practices that were instituted around the availability of corporate sponsorships." *Id.* at 9. He also found that Ms. Cota "may have documents relevant to [P]laintiffs' claims that Varsity excluded 'potential competitors['] access to the showrooms at [its] market-dominant All Star Competitions.'" *Id.* Accordingly, the Order required Marlene Cota "to provide a complete copy of the documents in question to Varsity within seven days from the date of th[e] order[,]" and further ordered Defendants to, within seven days, "review the documents, produce all non-privileged documents to plaintiffs, and if applicable, produce a privilege log." *Id.* at 12-13.

After receiving Ms. Cota's documents, Varsity has refused to produce them to Plaintiffs. And, rather than seek a stay of the Chief Magistrate's Order, Varsity unilaterally withheld the documents from Plaintiffs in violation of the Order and instead, on February 11, 2022—the day their production was due—appealed the Order to the Court. Case 2:20-cv-02600-SHL-tmp, Dkt. 198. Plaintiffs have still not received the documents that Defendants were ordered to produce to

them more than a month ago and Defendants have even opposed Plaintiffs' request for a hearing

on their appeal. Case 2:20-cv-02600-SHL-tmp, Dkt. 227. In attempt to further interfere with

Plaintiffs' discovery on Ms. Cota, Defendants have filed the instant motion, asking this Court to

preclude Ms. Cota from giving the testimony that she has agreed to provide.

It should be noted that Defendants have also delayed scheduling of Defendant

depositions, often taking a month or longer to respond to requests for dates. *See* Ex. 10.

### III.    LEGAL STANDARD

"'The scope of a subpoena issued under Rule 45 of the [FRCP] is ... subject to the

general relevancy standard applicable to discovery under [FRCP] 26(b)(1).'" *Orlowski v. Bates*,

No. 11-cv-01396, 2017 WL 5957931, at *1 (W.D. Tenn. Oct. 5, 2017) (citation omitted). "[T]he

scope of discovery under a subpoena is the same as the scope of discovery under Rule 26."

*Whiting v. Trew*, No. 3:20-CV-54 , 2020 WL 6468131, at *7 (E.D. Tenn. Nov. 3, 2020) (quoting

*Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio May 6, 2011). The

applicable Rule 26 standard "'is to be liberally construed to permit broad discovery.'" *Id*. at *2.

Relevance in discovery is more liberal than the trial setting, "as Rule 26(b) allows any "line of

interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *See*,

*e.g.*, *Lewis v. ABC Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

Under Rule 26, this Court can only enter a protective order "'for good cause shown' . . .

'from annoyance, embarrassment, oppression, or undue burden or expense.'" *Elvis Presley*

*Enters., Inc. v. City of Memphis, Tenn.*, No. 18-cv-02718, 2020 WL 4283279, at *4 (W.D. Tenn.

Apr. 6, 2020), *aff'd*, 2020 WL 4015476 (W.D. Tenn. July 16, 2020) (quoting Fed. R. Civ. P.

26(c)(1)). The party who seeks a protective order from the court bears the burden of showing that

good cause exists. *Nix,* 11 Fed. Appx. 498 at 500. In order to demonstrate the required good

cause, the party seeking the protective order "must articulate specific facts showing clearly

defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citations and internal quotation marks omitted*).  E.E.O.C. v. Tepro, Inc.*, 38 F. Supp. 3d 883, 886 (E.D. Tenn. 2014); *Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024, 2008 WL 5235992, at *2 (E.D. Mich. Dec. 15, 2008) (Defendants must articulate "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements.") (citation omitted).

The Sixth Circuit has held that "to justify a protective order, one of Rule 26(c)(1)'s enumerated harms 'must be illustrated with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp*., 699 F.3d 884, 901 (6th Cir. 2012)(citations omitted). The Sixth Circuit explained: "In keeping with this principle, while we sometimes have considered the need for the deposition—i.e., its potential to result in relevant testimony—in reviewing the grant or denial of a protective order, we have not abandoned the requirement that one of the harms listed in Rule 26(c)(1)(A) must be specified in order to warrant a protective order." *Id., see also A.K. by & through Kocher v. Durham Sch. Servs., L.P.*, No. 15-2663-JTF-DKV, 2016 WL 11249067, at *1–2 (W.D. Tenn. Nov. 22, 2016).

"'A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself . . .'" *Brakebill v. Moncier*, No. 3:14-CV-105-TAV-CCS, 2015 WL 7281664, at *4 (E.D. Tenn. Nov. 17, 2015) (quoting 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed.)). "[A] party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person." *Brakebill*, 2015 WL 7281664, at *4 (quoting 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed.)).

"Although the rule generally limits a deposition to a single day of seven hours, on its face, the rule provides for extensions beyond that presumptive limitation." *Dow Chem. Co. v. Reinhard*, No. 07-12012, 2008 WL 1735295, at *3 (E.D. Mich. Apr. 14, 2008). Rule 30(d)(1)

specifically instructs, "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The advisory committee notes further explain that additional time may be justified where numerous and lengthy documents are involved, in multi-party cases, and where the witness's lawyer wants to examine him or her. *See id.*; *Dow Chem.*, 2008 WL 1735295, at *3. "[I]t is precisely the facts and circumstances of any given litigation which must be considered in determining whether an extension of the time for deposition is 'needed to fairly examine the deponent.'" *In re Intel Corp. Microprocessor Antitrust Litig.*, No. CIV. A. 05-441, 2008 WL 5377979, at *1 (D. Del. Dec. 18, 2008).

## IV.    ARGUMENT

### A.    Defendants Do Not Have Standing to Seek a Protective Order for Third-Parties Whom They Do Not Represent

Nowhere in their 13-page brief do Defendants identify any authority allowing a party to limit a third-party's deposition testimony because it does not wish to attend that third-party's deposition or does not like the testimony that third-party intends to provide.

In the cases cited by Defendants that involved a motion to quash or a motion for protective order concerning a subpoenaed deposition, it was the subpoenaed third-party, not one of the parties, who had requested relief from the court or needed protection from the subpoena. *See Adkisson v. Jacobs Eng'g Grp., Inc.,* No. 3:13-CV-505, 2020 WL 6470173, at *1 (E.D. Tenn. Nov. 3, 2020) (subpoenaed individual filed motion to quash); *Pizzuti v. Nashville Hosp. Cap., LLC*, No. 2:18-MC-0040, 2018 WL 5303061, at *1-*2 (S.D. Ohio Oct. 25, 2018) (subpoenaed individual filed motion to quash); *Elvis Presley Enterprises, Inc. v. City of Memphis, Tennessee*, No. 2:18-CV-02718, 2020 WL 4015476, at *2 (W.D. Tenn. July 16, 2020) (city filed a motion to quash to protect its mayor, a "high-ranking government official who is generally protected from

10

being deposed."). That is, of course, not the situation here. Defendants are not seeking to protect any third party—they have made clear they are seeking to protect themselves. *See* Memo., at 9 ("Good Cause Exists . . . .to Protect *Defendants*") (emphasis added).

A motion for a protective order on third-party discovery should be filed to protect third parties, not parties who wish to suppress unfavorable evidence. For that reason, parties do not have standing to challenge subpoenas directed at third-parties absent a claim of privilege, which Defendants are not making, and which, in any event, could not serve as a basis for quashing or limiting a deposition subpoena. *See Donahoo v. Ohio Dept. of Youth Services*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) ("The law is clear, absent a claim of privilege a party has no standing to challenge a subpoena to a nonparty.") (internal citations omitted), *see also Riding Films, Inc. v. Doe*, 2013 WL 3322221, at *6 (S.D. Ohio July 1, 2013) (no standing by party to quash a subpoena where "[the nonparty] has not moved to quash the subpoena, *nor has it even suggested that responding to the subpoena will impose an undue burden on it*.") (emphasis in original); *Griffiths v. Ohio Farmers Ins. Co.*, 2010 WL 2639918, * at 5 (N.D. Ohio June 29, 2010) (noting that the nonparty "has not objected to the subpoena nor moved to quash it and he is the only party with standing to oppose it") (citation omitted); *J.B. Hunt Transp., Inc. v. Adams*, 2007 WL 789042, at *8 (E.D. Mich. Mar. 14, 2007) ("Without addressing the merits of J.B. Hunt's arguments, the court finds that J.B. Hunt lacks standing to move to quash the [] subpoenas. [The recipient] itself has not objected to the subpoenas or moved to quash them.").

Defendants have pointed to no third-party seeking or requiring protection from Plaintiffs' subpoenas.

**B.      Defendants Have Failed to "Articulate Specific Facts Showing Clearly Defined and Serious Injury" and Have Not Met the Good Cause Standard**

To show good cause under Rule 26, Defendants must "must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix,* 11 Fed.Appx. 498 at 500. Defendants have done no such thing. They have not provided any evidence of injury that would result to either them or to third-parties if Plaintiffs were permitted to complete the final two weeks of discovery continuing to negotiate third parties' depositions with those parties and with their counsel as they have been doing for the last six months. In fact, Defendants do not have a declaration from a single subpoenaed third-party articulating any anticipated injury. The only declaration Defendants have attached to their motion is that of Varsity's counsel, complaining primarily about party discovery, and the 30(b)(6) notice Varsity refused to respond to for two and a half months, until it was threatened with a motion to compel. Sims Decl., ¶¶12 and 13.

Despite wringing their hands over the depositions of Messrs. Brubaker, Stott, Rosa and Quintero (whose five-hour-long deposition was taken this past Tuesday) (Sims Decl. at ¶14), Defendants are unable to assemble declarations from any of these individuals asserting any clearly defined or serious injury. Nor have Defendants articulated any specific injury that they will suffer if these individuals' depositions proceed as noticed. All Defendants have said is that they have had to spend, at most, several extra hours in depositions—hardly a "serious injury." *See* Memo., at 12. Involved on behalf of Defendants are multiple law firms, each with hundreds of attorneys. Surely, Defendants can find staffing for a handful of depositions.

**C.    As this Court Has Held "Where the Deposition of a Single Witness or a Corporation is Noticed in Two or More of the" Related Actions "Additional Time Will Be Needed to Fairly Examine that Deponent"**

As stated, this Court's Order on Plaintiffs' Motion to Facilitate Coordination of Depositions, held that "[w]here the deposition of a single witness or a corporation is noticed in two or more of the above-captioned matters, additional time will be needed to fairly examine that deponent . . ." Deposition Order, ¶1. Defendants have provided no basis to disturb that law of the case.

Further, "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent . . ." Fed. R. Civ. P. 30(d)(1). The advisory committee notes further explain that additional time may be justified where numerous and lengthy documents are involved, in multi-party cases . . . *Id.*; *Dow Chem.*, 2008 WL 1735295, at *3.

A number of the third-party deponents whose depositions Plaintiffs have noticed, including Marlene Cota and Cole Stott, the former President of Varsity's Knoxville office, worked for Varsity for over ten years, have over 1,000 pages and had duties relevant to multiple of Plaintiffs' allegations. Sims Decl. at ¶¶15-16.

**D.    Plaintiffs Should Be Permitted to Continue Negotiating Deposition Time with Counsel for Third-Parties, as They Have Been Doing Successfully Throughout Discovery**

As described, Plaintiffs have been negotiating third-party depositions with third-parties' counsel since October 2021. This makes sense, because it is counsel for these third-parties, not Defendants, who are in the best position to negotiate the dates and times of these individuals' depositions. Third-parties' own counsel has knowledge of their schedules, their other commitments, and the time they are able to devote to a deposition. Plaintiffs have been able to reach agreement with each third-party who has been deposed, no third parties have had to go to the Court for a protective order and none have filed a motion to quash—only Defendants have

13

done this. With only two weeks remaining in the discovery period, Plaintiffs should be able to complete their deposition negotiations in this same fashion, rather than throwing the process into a state of disarray by allowing Defendants to interfere. Where third parties have possessed less relevant information and have indicated a need for a shorter deposition, Plaintiffs have agreed to a deposition lasting seven hours or less—as was the case with Mr. Quintero's deposition, which was completed in five hours. Sims Decl. at ¶14. Where a witness has possessed information relevant to numerous claims, in multiple of the Related Actions, Plaintiffs have requested more time.

A prime example is the deposition of Ms. Cota. As set forth in the attached declaration of Ms. Cota's attorney, Bryan Meredith, Plaintiffs conferred with Mr. Meredith and agreed upon a deposition of Ms. Cota that would commence on April 6 and last up to 14 hours. Declaration of Bryan Meredith, at ¶3-4 ("Meredith Decl."), attached as Ex. 8. This agreement was reached with the input of Mr. Mulqueen, counsel for Varsity, after confirmation that the agreed dates would work for Defendants as well. Sims Declaration, at ¶17; Meredith Decl., at ¶¶4-5. In fact, after discussing several two-day periods for the deposition (including April 15-16), Mr. Mulqueen agreed that the deposition would "begin" on April 6, and at no time did Mr. Mulqueen ask Plaintiffs to share any of their deposition time with Defendants. Sims Declaration, at ¶18, Ex. 9 (Email exchange between Mulqueen and Sims). To accommodate Defendants, Plaintiffs even moved a different deposition, that of Sheila Noone, to a new date, to enable Mr. Mulqueen to make himself available for Ms. Cota's deposition on April 6-7. *See* Ex. 9. Plaintiffs and Defendants had agreement on Ms. Cota's deposition, with the approval of Ms. Cota's counsel. Defendants should not now be able to go back on that agreement, which Ms. Cota remains prepared to honor. Meredith Decl., at ¶6.

As set forth in the briefing on the Motion to Quash Plaintiffs' subpoena to Ms. Cota, Ms. Cota worked at Varsity for two decades, and possesses information regarding Varsity's monopolization of the All Star Competition and All Star Apparel Markets, Varsity's relationship with and use of USASF, Varsity's failure to ensure athlete safety, and the relationship between Varsity, Bain and Charlesbank. Case 2:20-cv-02600-SHL-tmp, Dkt. 180, at 2, 5. Thus, it makes sense that more than seven hours are needed for her deposition. Ms. Cota's agreement to provide this testimony should not be abrogated. Plaintiffs should be able to take up to 14 hours of deposition testimony from Ms. Cota, as she has agreed they may do.

### E.   Defendants Have Not Provided any Basis as to Why They Need to Take a Portion of Plaintiffs' Deposition Time for Themselves

Defendants do not make any showing whatsoever as to why they require testimony from any of the third-parties whose depositions Plaintiffs have noticed nor do they provide any authority that dictates that one party should automatically receive one half of another party's deposition time.

Quite to the contrary, Defendants seem to argue that the third-parties whose depositions Plaintiffs have noticed do not possess relevant information. *See* Memorandum in Support of Defendants' Motion for Protective Order ("Memo.") at 11. Defendants' arguments only highlight the fact that Defendants seek a portion of Plaintiffs' third-party deposition time only to take that time away from Plaintiffs, not to pursue any discovery that they require.

### F.   Defendants' Claims of Duplication Are Unfounded

Defendants claim, with no input from any third party, that the testimony of certain noticed third-parties will be duplicative. However, that is an argument that only the subpoenaed deponents may make, not Defendants. In the sole, out-of-district case cited by Defendants in favor of their argument for limiting deposition time, the deponent submitted a declaration attesting to the fact that he had little-to-no discoverable information. *Pizzuti*, 2018 WL 5303061,

at *5 ("Ron Pizzuit has put forward through sworn declarations specific facts demonstrating he has very limited knowledge of the matters that are the subject of the underlying litigation."). No proposed deponent has done so here, and there is no reason to believe that this would be the case.

Furthermore, Plaintiffs are in no way prohibited from questioning different witnesses about the same program, for instance, the Varsity Family Plan, which was in place for over a decade and involved numerous provisions that touched both the All Star Apparel and All Star Competition markets at issue in all three Related Actions. There is no merit to Varsity's argument that Plaintiffs' questions to different witnesses about this key element of Varsity's monopolization scheme is evidence of unnecessary duplication.

### G. Defendants' Arguments Regarding Deposition Limits in *Jones* and *American Spirit* Are Irrelevant

Defendants claim that the *Jones* and *American Spirit* Plaintiffs may not participate in further depositions without leave. Memo., at 8. Of course, any such limitation does not apply to the *Fusion* Plaintiffs, who have stipulated with Defendants to 55 depositions and have not exceeded that limit. Further, on March 28, 2022, *Jones* Plaintiffs filed a motion for leave, Dkt. 227, and submitted a proposed order which asks for acknowledgment of *Jones*' participation in the 55 *Fusion* depositions, plus additional depositions for Charlesbank and Bain. ECF No. 227, and [Proposed] Order submitted to Chambers on March 28, 2022.[2] Moreover, the Deposition

---

[2] In *Jones*, Plaintiffs have been in prolonged discussions regarding deposition issues with Defendants. The main outstanding issue is the number of depositions to be taken from Bain and Charlesbank, who are only Defendants in *Jones*. Bain and Charlesbank take the position that there should be no more than three Rule 30(b)(1) depositions, total – one for Bain and two for Charlesbank, and one Rule 30(b)(6) deposition, each, on which they still have yet to respond to Plaintiffs' notices. This issue has now been submitted to the Court. *See* Dkt. 227 and [Proposed] Order submitted to Chambers for Judge Lipman on March 28, 2022. Bain and Charlesbank have still not substantially produced documents in response to the Court's December 13, 2021 Order.  See Dkt. 174. And, while they have now agreed to substantial production on the 12 outstanding custodians by April 1, 2022 and to extend depositions to May 7, 2022, see Dkt.. 209,

Order states that "Plaintiffs in any one of the Related Actions may attend and question witnesses at depositions noticed in any of the other Related Actions." Deposition Order, at ¶5. This is without regard to the deposition limits in each action. Plaintiffs, working in a coordinated fashion, have taken numerous third-party and party depositions, as contemplated by the Order. Thus, limits in the *Jones* and *American Spirit* actions do not militate for a reduction in the duration of depositions agreed to by Plaintiffs' and third-parties' counsel.

## V.    CONCLUSION

Plaintiffs respectfully request that Varsity's Motion for Protective Order be denied.

Dated: April 1, 2022                        Respectfully submitted,


                                            By: */s/ Victoria Sims*
                                            Jonathan W. Cuneo*
                                            Victoria Sims*
                                            CUNEO GILBERT & LADUCA, LLP
                                            4725 Wisconsin Avenue NW, Suite 200
                                            Washington, DC 20016
                                            Telephone: (202) 789-3960
                                            jonc@cuneolaw.com
                                            vicky@cuneolaw.com

                                            H. Laddie Montague, Jr.*
                                            Eric L. Cramer*
                                            Michael Kane*
                                            Mark R. Suter*
                                            BERGER MONTAGUE PC
                                            1818 Market Street, Suite 3600
                                            Philadelphia, PA 19106
                                            Telephone: (215) 875-3000
                                            hlmontague@bm.net
                                            ecramer@bm.net
                                            mkane@bm.net

---

it was only after *Jones* Plaintiffs asserted that they would take the matter of non-production and lack of agreement on depositions to the Court.

msuter@bm.net

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
**DICELLO LEVITT GUTZLER**
60 East 42nd Street, Suite 2400
New York, NY 10165
Telephone: (646) 933-1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
vbosco@dicellolevitt.com

*Interim Co-Lead Counsel in the Fusion Elite Action
for the Proposed Direct Purchaser Class*

J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
BRANSTETTER, STRANCH & JENNINGS,
PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel in the Fusion Elite Action for the
Proposed Direct Purchaser Class*

Benjamin D. Elga*
JUSTICE CATALYST LAW, INC.
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
FINE KAPLAN AND BLACK, R.P.C.
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)

18

BURCH, PORTER, & JOHNSON, PLLC
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
NEAL & HARWELL, PLC
1201 Demonbreun St., Suite 1000 Nashville, TN
37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com
*Counsel in the Fusion Elite Action for the Proposed
Direct Purchaser Class*

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
        jsaveri@saverilawfirm.com
        swilliams@saverilawfirm.com
        rspiegel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Email: vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com

sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

*Attorneys in the Jones Action for Individual and
Representative Plaintiffs*

* Admitted pro hac vice

+Located in Washington State

Robert A. Falanga*
Kobelah Svensen Bennah*
**LAW OFFICES
FALANGA & CHALKER**
11200 Atlantis Pl #C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123

*Interim Lead Class Counsel in the American Spirit
Action for the Proposed Independent Event Production
Class, the Competitive Recreational, College, High
School or Junior High School Student Parent Class, the
Apparel, Athletic Equipment and Merchandise Class,
and the Cheer Camp Market Class*

* Admitted pro hac vice

20

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 1, 2022 the foregoing was served via ECF processing upon the following:

Adam S. Baldridge
Matthew S. Mulqueen
BAKER DONELSON BEARMANN
CALDWELL & BERKOWITZ
165 Madison Ave Ste 2000
Memphis, TN 38103
Tel: 901-526-2000
abaldridge@bakerdonelson.com
mmulqueen@bakerdonelson.com

George S. Cary
Steven J. Kaiser
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue NW Ste 1000
Washington, DC 20037
Tel: 202-974-1500
gcary@cgsh.com
skaiser@cgsh.com

*Attorneys for Defendants Varsity Brands,
LLC; Varsity Spirit Fashions & Supplies,
Inc.; Varsity Spirit, LLC; Varsity Brands
Holding Co., Inc.; Varsity Intropia Tours,
LLC; Bain Capital Private Equity; Bain
Capital, LP; Charlesbank Capital Partners,
LLC; BSN Sports, LLC; Stanbury, LLC; and
Herff Jones,LLC;*

Grady M. Garrison
Nicole D. Berkowitz
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
165 Madison Ave. Ste. 2000
Memphis, TN 38103
Tel: 901-526-2000
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for Defendant U.S. All Star
Federation, Inc.*

Paul Coggins
Brendan Gaffney
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
pcoggins@lockelord.com
bgaffney@lockelord.com

*Attorneys for Defendant Jeff Webb*

*/s/ Victoria Sims*
Victoria Sims