# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>BAIN CAPITAL PRIVATE EQUITY, *et al.*,<br><br>            Defendants. | **Case No. 2:20-cv-02892** |

## DECLARATION OF STEVEN J. KAISER IN SUPPORT OF VARSITY DEFENDANTS' RESPONSE TO MOTION TO COMPEL

I, Steven J. Kaiser, declare as follows:

1.      I am one of Varsity's counsel and have been personally involved in the matters described below.

2.      On November 17, 2021, Varsity and the *Jones* Plaintiffs agreed on the scope of Varsity's production in response to Plaintiffs' first requests for production of documents, resolving all issues with those requests, including in respect of the custodians whose text messages would be searched and produced—to wit, Bill Seely, John Newby, John Sadlow, Buffy Duhon, and Melanie Berry—and to produce certain data in respect of camps.  *See* Rayhill Decl., Ex. 1, Email from Katharine Malone to Steven J. Kaiser, ECF No. 214-2.

3.      Varsity reviewed and produced text messages for Bill Seely, John Newby, John Sadlow, Buffy Duhon, and Melanie Berry to the extent they were responsive to Plaintiffs' requests, within the agreed parameters of discovery between the parties.

4.      Varsity provided Plaintiffs with its own sales of cheerleading events, cheerleading apparel, and cheerleading camps, as well as a list of entities Varsity views as alternative suppliers in those areas.  These productions were sufficient to resolve similar interrogatories propounded by the plaintiffs in the *Fusion Elite* matter, whom Plaintiffs in this matter were ordered to coordinate with in discovery.

5.      Varsity provided information about Varsity's support to various organizations such as NFHS, AACCA, ICU, USASF, and USA Cheer to the extent it has it reasonably available.

6.      Varsity produced the camp data it agreed to produce.

7.      I spoke by phone with Plaintiffs' counsel on March 15, 2022, during which conversation Plaintiffs' counsel stated incorrectly that Varsity had not produced any text messages.  I informed Plaintiffs' counsel that Varsity had fully complied with its agreement to review and produce text messages for certain custodians.

8.      The document with bates stamp VAR00462074 contains camp data and includes tabs called "Camp Financial Statement" and "Camp Transaction Details," which contain the information that plaintiffs seek.

9.      The custodians from which Varsity has produced documents include the current president of Varsity's cheerleading business, his two immediate predecessors in that role, the current and past general managers of Varsity's All Star cheerleading business, and numerous individuals in the public relations, communications, operations, and apparel areas of Varsity's cheerleading business.

10.      Marlene Cota, Josh Quintero, Abel Rosa, Kevin Brubaker, and Sheila Noone were all listed on organization charts that were originally produced to *Fusion Elite* in February 2021

and provided to the *Jones* Plaintiffs in May 2021, in particular in documents with the bates

numbers VAR00009403, VAR00009428, VAR00009912.

11.     The majority of the documents Plaintiffs cite in support of their motion for

Marlene Cota, Josh Quintero, Abel Rosa, Kevin Brubaker, and Sheila Noone were produced to

the Plaintiffs in May and June 2021. Only two documents that Plaintiffs cite were produced after

June 2021, both of which were produced in August 2021.

12.     In February 2021, Varsity produced an organization chart with bates number

VAR00009411. This was later provided to the *Jones* Plaintiffs in May 2021. The organization

chart was dated January 1, 2017 and listed Marlene Cota as "VP Corporate Alliances."

13.     Varsity has produced its internal database in which it tries to track third-party

cheer events.

14.     Attached as Exhibit 1 is a true and correct copy of a letter I sent to Kevin Rayhill

on March 18, 2022.  In this letter, I identified bates stamps for a production of camps data and an

exemplar text message produced by Varsity.

15.     Attached as Exhibit 2 is a true and correct copy of an email dated November 4,

2021 from Katharine Malone to this Court, copying counsel for the parties.

16.     Attached as Exhibit 3 is a true and correct copy of an email dated November 18,

2021 from Katharine Malone to this Court, copying counsel for the parties.

17.     Attached as Exhibit 4 is a true and correct copy of a letter dated April 29, 2021

from Mark R. Suter to me.

18.     Attached as Exhibit 5 is a true and correct copy of Plaintiffs' Notice of Subpoenas

to Marlene Cota, which was served on November 3, 2021.

19.     Attached as Exhibit 6 is a true and correct copy of an email dated April 1, 2022 from Kevin Rayhill to Matthew Mulqueen and me, copying counsel for the Plaintiffs.

20.     I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 1, 2022.


_____
Steven J. Kaiser