**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

|  |  |
|---|---|
| JESSICA JONES, *et al.*,<br><br>               Plaintiffs,<br>      v.<br><br>BAIN CAPITAL PRIVATE EQUITY, *et al.*,<br><br>               Defendants. | **Case No. 2:20-cv-02892** |

**DECLARATION OF STEVEN J. KAISER IN SUPPORT OF VARSITY DEFENDANTS'
RESPONSE TO MOTION TO COMPEL**

    I, Steven J. Kaiser, declare as follows:

    1.      I am one of Varsity's counsel and have been personally involved in the matters described below.

    2.      On November 17, 2021, Varsity and the *Jones* Plaintiffs agreed on the scope of Varsity's production in response to Plaintiffs' first requests for production of documents, resolving all issues with those requests, including in respect of the custodians whose text messages would be searched and produced—to wit, Bill Seely, John Newby, John Sadlow, Buffy Duhon, and Melanie Berry—and to produce certain data in respect of camps. *See* Rayhill Decl., Ex. 1, Email from Katharine Malone to Steven J. Kaiser, ECF No. 214-2.

    3.      Varsity reviewed and produced text messages for Bill Seely, John Newby, John Sadlow, Buffy Duhon, and Melanie Berry to the extent they were responsive to Plaintiffs' requests, within the agreed parameters of discovery between the parties.

4.      Varsity provided Plaintiffs with its own sales of cheerleading events, cheerleading apparel, and cheerleading camps, as well as a list of entities Varsity views as alternative suppliers in those areas.  These productions were sufficient to resolve similar interrogatories propounded by the plaintiffs in the *Fusion Elite* matter, whom Plaintiffs in this matter were ordered to coordinate with in discovery.

5.      Varsity provided information about Varsity's support to various organizations such as NFHS, AACCA, ICU, USASF, and USA Cheer to the extent it has it reasonably available.

6.      Varsity produced the camp data it agreed to produce.

7.      I spoke by phone with Plaintiffs' counsel on March 15, 2022, during which conversation Plaintiffs' counsel stated incorrectly that Varsity had not produced any text messages.  I informed Plaintiffs' counsel that Varsity had fully complied with its agreement to review and produce text messages for certain custodians.

8.      The document with bates stamp VAR00462074 contains camp data and includes tabs called "Camp Financial Statement" and "Camp Transaction Details," which contain the information that plaintiffs seek.

9.      The custodians from which Varsity has produced documents include the current president of Varsity's cheerleading business, his two immediate predecessors in that role, the current and past general managers of Varsity's All Star cheerleading business, and numerous individuals in the public relations, communications, operations, and apparel areas of Varsity's cheerleading business.

10.     Marlene Cota, Josh Quintero, Abel Rosa, Kevin Brubaker, and Sheila Noone were all listed on organization charts that were originally produced to *Fusion Elite* in February 2021

and provided to the *Jones* Plaintiffs in May 2021, in particular in documents with the bates numbers VAR00009403, VAR00009428, VAR00009912.

11.     The majority of the documents Plaintiffs cite in support of their motion for Marlene Cota, Josh Quintero, Abel Rosa, Kevin Brubaker, and Sheila Noone were produced to the Plaintiffs in May and June 2021. Only two documents that Plaintiffs cite were produced after June 2021, both of which were produced in August 2021.

12.     In February 2021, Varsity produced an organization chart with bates number VAR00009411. This was later provided to the *Jones* Plaintiffs in May 2021. The organization chart was dated January 1, 2017 and listed Marlene Cota as "VP Corporate Alliances."

13.     Varsity has produced its internal database in which it tries to track third-party cheer events.

14.     Attached as Exhibit 1 is a true and correct copy of a letter I sent to Kevin Rayhill on March 18, 2022.  In this letter, I identified bates stamps for a production of camps data and an exemplar text message produced by Varsity.

15.     Attached as Exhibit 2 is a true and correct copy of an email dated November 4, 2021 from Katharine Malone to this Court, copying counsel for the parties.

16.     Attached as Exhibit 3 is a true and correct copy of an email dated November 18, 2021 from Katharine Malone to this Court, copying counsel for the parties.

17.     Attached as Exhibit 4 is a true and correct copy of a letter dated April 29, 2021 from Mark R. Suter to me.

18.     Attached as Exhibit 5 is a true and correct copy of Plaintiffs' Notice of Subpoenas to Marlene Cota, which was served on November 3, 2021.

19.     Attached as Exhibit 6 is a true and correct copy of an email dated April 1, 2022 from Kevin Rayhill to Matthew Mulqueen and me, copying counsel for the Plaintiffs.

20.     I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 1, 2022.

_____

Steven J. Kaiser

4

# EXHIBIT 1

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

D: +1 (202) 974-1554
skaiser@cgsh.com

GEORGE S. CARY
MITCHELL S. DUPLER
GIOVANNI P. PREZIOSO
MATTHEW D. SLATER
DAVID I. GELFAND
MICHAEL A. MAZZUCHI
MARK W. NELSON
D. BRUCE HOFFMAN
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
PAUL D. MARQUARDT
JEREMY CALSYN
LEAH BRANNON
MATTHEW G. SOLOMON
KATHERINE MOONEY CARROLL
ELAINE EWING
NOWELL D. BAMBERGER
KENNETH S. REINKER
ALEXIS COLLINS
RESIDENT PARTNERS

KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEC. HINDS
SARA D. SCHOTLAND
WILLIAM B. MCGURN III
JOHN S. MAGNEY
MARK LEDDY
JOHN C. MURPHY, JR.
DAVID M. BECKER
JANET L. WELLER
LINDA J. SOLDO
MICHAEL H. KRIMMINGER
SENIOR COUNSEL

W. RICHARD BIDSTRUP
STEVEN J. KAISER
KATHLEEN WARD BRADISH
CUNZHEN HUANG**
CHASE D. KANIECKI
MACEY LEVINGTON
CARL LAWRENCE MALM
CHARLES STERLING
CARL F. EMIGHOLZ
RESIDENT COUNSEL

JOHN P. MCGILL, JR.
MATTHEW I. BACHRACK
LARRY WORK-DEMBOWSKI
PATRICK FULLER
SAIF I. SHAH MOHAMMED
CHRISTIAN J. MAHONEY
SENIOR ATTORNEYS

EMILY M. ARNOLD
GRAHAM BANNON
HANI BASHOUR
TAYLOR H. BATES
ZACHARY BAUM
ELSBETH BENNETT
LINDEN BERNHARDT
JORGE A. BONILLA LOPEZ
MADISON C. BUSH
SAMUEL H. CHANG
CHINWE T. CHUKWUOGO
EVERETT K. CORAOR
LISA M. DANZIG
KATHERINE DENBY
BRANDON J. FIGG
MEREDITH LEIGH FINN
CHRISTOPHER M. FITZPATRICK
ALAN B. FREEDMAN
SAMUEL G. FULLER
LAUREN E. GILBERT*
MELISSA GOHLKE
SAVANNAH HAYNES*
CHRISTOPHER J. HILDEBRAND
JESSICA HOLLIS
STEPHEN J. HOUCK
RICHARD HUBER
SAMEER JAYWANT
ANDREW L. KLINE
JOHN F. KOZAK
TOBIAS A. KRAFT
NATHANAEL F. KURCAB
ELISE G. LANE
GABRIEL J. LAZARUS
ALEXIS R.B. LAZDA
CLOTILDE LE ROY
JOHN A. LIGHTBOURNE
MOLLY MA
NORA MCCLOSKEY
ADAM MOTIWALA
KELSEY NUSSENFELD
RICK REDMOND
BEN ROSENBLUM
MICHAEL G. SANDERS
MICHAEL SCHULMAN
WILLIAM SEGAL
GARRETT D. SHINN
SARAH M. STANTON
NICOLE TATZ
ZACH TSCHIDA
JACK H. L. WHITELEY*
JIM WINTERING
HUANBING IZZY XU

JEANNE-PALOMA ZELMATI
IRIS MENGYAO ZHOU
ASSOCIATES

* Admitted only to a bar other
  than that of the District of
  Columbia. Working under the
  supervision of principals of
  the Washington office.

** Special Legal Consultant,
   qualified in the People's
   Republic of China.

March 18, 2022

Kevin E. Rayhill, Esq.
Joseph Saveri Law Firm, LLP
601 California Street, Suite 1000
San Francisco, CA 94108

Re: _Jones v. Varsity_

Counsel:

This letter is in response to yours of March 17.  Unfortunately, you resorted to mischaracterizing our discussion in an effort to put words in our mouths, which is inappropriate and unacceptable.  We will not engage in further discussions with you if this pattern continues.

In terms of Varsity's production of documents, as I previously informed Ms. Malone, who you told us on the call has left the firm and apparently did not communicate with you prior to her departure, Varsity's production in compliance with their agreement with Plaintiffs was substantially completed by the end of 2021, with a small additional production in January 2022.

Varsity is not required to identify the location of documents in its production.  But, to demonstrate your assertion that Varsity has produced "no text messages" is false, _see, e.g._, VAR00462081.  Likewise as to your false assertion about camp data, _see, e.g._, VAR00462074.  In the future, before you accuse Varsity of not complying with its agreements, we would appreciate Plaintiffs' reviewing the materials that have been produced to them, which in this case were produced more than two months ago.

[AM_ACTIVE 403836323_2]

Joseph R. Saveri, Esq., et al.
March 18, 2022
Page 2

As to Plaintiffs' Second Requests for Production, what I told you was the Varsity views this request to be an attempt to circumvent the parties' agreement as to document productions in this case. The requests for the most part retread the same ground covered by Plaintiffs' First Requests for Production, seeking to expand the production outside the scope of the parties' agreement, which is improper. To the extent the Second Requests seek additional items, those items are irrelevant and would be almost entirely privileged. Having said all that to you and having received no response from you, you left Varsity with no choice but to stand on its objections.

As to Interrogatory 12, you refused to engage in a meaningful discussion of what Plaintiffs are seeking. The Interrogatory as written is confusing and vague. We told you that we believe the information we provided about USASF was sufficient (and fully responsive); we are not sure what Plaintiffs' position is on that because you refused to state one (or at least stick to one). We can tell you that a similar level of detail is not reasonably available as to AACCA. We are checking on USA Cheer per your request.

As to Interrogatory 13, what we actually said was that, if the title(s) that Mr. Seely had with USA Cheer and Mr. Lord had with AACCA during the defined period would suffice to resolve Plaintiffs' issue with Varsity's response, Varsity would consider providing it. You said you would "take that back." In the meantime, we received an email from you that said "we would consider Interrogatory 13 resolved if Varsity provides information regarding their titles and the dates they served at USASF, AACCA, NFHS, or USA Cheer, respectively, if applicable." Although this is not exactly the same thing as we discussed, Varsity is willing to provide that information to resolve Interrogatory 13: Mr. Seely's title at USA Cheer during the time period of Varsity's response was President of the Board. Mr. Lord's title at AACCA was Executive Director (until 2018) and then, at USA Cheer (from 2018 to the end of the period), his title has been Director of Education and Programs. Interrogatory 13 is accordingly resolved on the terms you proposed in your letter.

As to Interrogatory 14, once again you misstate what you were told, which is that Varsity does not have information about the entire size of the so-called "markets" for which you seek "market share data."

As to Interrogatory 18 and 19, I asked you to explain the relevance of the information sought in those interrogatories, and you declined to do so, which is Plaintiffs' burden. As such, Varsity stands on its objections.

We have responded separately on the topic of depositions of Bain and Charlesbank, which I note further was not a subject of the meet and confer but sprung on us without advanced notice (as were several other items). Bain and Charlesbank reject your argument and its premises in its entirely, whether as to 20 depositions or 14. Bain, Charlesbank, and Varsity reserve their rights as to the number of depositions being taken in this case.

Joseph R. Saveri, Esq., et al.
March 18, 2022
Page 3

Best regards,

Steven J. Kaiser

# EXHIBIT 2

| From: | Katharine Malone |
|---|---|
| To: | ecf_Judge_Lipman@tnwd.uscourts.gov; JudgePham_Chambers@tnwd.uscourts.gov |
| Cc: | pcoggins@lockelord.com; Ed Stanton (Edward.Stanton@butlersnow.com); Atchley, Holly; Long, Veronica; Joseph Saveri; Ronnie Spiegel; Steve Williams; Kevin Rayhill; Elissa A. Buchanan; Anna-Patrice Harris; vturner@bruceturnerlaw.net; dgustafson@gustafsongluek.com; dhedlund@gustafsongluek.com; Dan Nordin; ashlea@paulllp.com; lwang@gustafsongluek.com; hartley@hartleyllp.com; Jason Lindner; rick@paulllp.com; Sean Cooper; Kaiser, Steven J.; Cary, George S.; mmulqueen@bakerdonelson.com; abaldridge@bakerdonelson.com; nberkowitz@bakerdonelson.com; ggarrison@bakerdonelson.com; aroach@bakerdonelson.com; Katharine Malone |
| Subject: | Jones et al v. Bain Capital Private Equity et al., Case No: 2:20-cv-02892-SHL-cgc |
| Date: | Thursday, November 4, 2021 8:13:17 PM |

Dear Judge Lipman and Judge Pham:

At the hearing on Plaintiffs' motion to compel additional documents from the Varsity Defendants, Magistrate Judge Claxton directed the parties to submit a joint statement on the issues that remain open in Plaintiffs' motion to compel. Below please find that list for your review and consideration.

1. **MATTERS IN DISPUTE**
   - **Requests/Custodians**
     - **Cheer Camp Market (Request Nos. 2-8)**
       - Plaintiffs believe that Bill Seely, John Sadlow, and Tres LeTard, Adam Blumenfeld, Jamie Parrish, and Melanie Berry should be custodians whose documents would be searched for these requests. Varsity disagrees.

     - **School Events, Camps, and Apparel (Request Nos. 12-20, 22-27)**
       - Plaintiffs believe that John Sadlow, Buffy Duhon, Adam Blumenfeld, Jamie Parrish, and Melanie Berry should be custodians whose documents would be searched for these requests. Varsity disagrees.

     - **Varsity Branding and Incentive Programs for Schools (Request No. 56)**
       - Plaintiffs believe that John Newby and Adam Blumenfeld should be custodians whose documents would be searched for these requests. Varsity disagrees.

     - **Barriers to Entry (Request No. 42)**
       - Plaintiffs believe that John Sadlow, Tres LeTard, Bill Seely, Adam Blumenfeld, Jim Hill, and Jamie Parrish should be custodians whose documents would be searched for these requests. Varsity disagrees.

     - **Varsity's Relationship with Disney (Request Nos. 62-63)**
       - Plaintiffs believe that Jeff Webb, Bill Seely, Adam Blumenfeld, and Melanie Berry should be custodians whose documents would be searched for these requests. Varsity disagrees.

   - **Text Messages**
     - Plaintiffs have requested that Varsity search text messages of the custodians as matched with each bucket of requests. Varsity maintains its objections to doing so.

   - **Time Period**

- Prior to the hearing, Plaintiffs identified a relevant time period for the documents to extend from January 1, 2012 to present. Varsity maintains that the Court ruled that the start date for productions will be January 1, 2015. (T. at 17:23 to 17:25.) Varsity further believes that the cutoff for document production should be June 30, 2020 and maintains its objection to a period extending past that date.

2. **STRUCTURED/TRANSACTIONAL DATA**
- **Data Relating to Camps & Schools**
  - Plaintiffs requested transactional data relating to camps that Varsity produces and schools with whom Varsity partners, with fields comparable to those produced for All Star in the *Fusion* matter. Plaintiffs believed that Varsity had agreed to this, and that the only remaining potential dispute related to the exact fields to be populated. Varsity notes that this is not part of Plaintiffs motion to compel but will consider Plaintiffs' request.

Finally, as the hearing before Magistrate Judge Claxton originally scheduled for tomorrow has been taken off calendar, Plaintiffs' counsel seeks guidance on the Court's preference for scheduling that follow-up.

Thank you,
Kate Malone

**Katharine L. Malone**
*Associate Attorney*



601 California St., Suite 1000
San Francisco, CA 94108
**T** 415.500.6800 x803
**F** 415.395.9940

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

# EXHIBIT 3

| From: | Katharine Malone |
|---|---|
| To: | "ecf_Judge_Lipman@tnwd.uscourts.gov"; "ECF_Judge_Pham@tnwd.uscourts.gov" |
| Cc: | pcoggins@lockelord.com; "Ed Stanton (Edward.Stanton@butlersnow.com)"; "Atchley, Holly"; "Long, Veronica"; Joseph Saveri; Ronnie Spiegel; Steve Williams; Kevin Rayhill; Elissa A. Buchanan; Anna-Patrice Harris; "vturner@bruceturnerlaw.net"; dgustafson@gustafsongluek.com; "dhedlund@gustafsongluek.com"; Dan Nordin; "ashlea@paulllp.com"; lwang@gustafsongluek.com; hartley@hartleyllp.com; Jason Lindner; rick@paulllp.com; Sean Cooper; Kaiser, Steven J.; Cary, George S.; mmulqueen@bakerdonelson.com; "abaldridge@bakerdonelson.com"; nberkowitz@bakerdonelson.com; ggarrison@bakerdonelson.com; "aroach@bakerdonelson.com" |
| Subject: | Jones et al v. Bain Capital Private Equity et al., Case No: 2:20-cv-02892-SHL-cgc |
| Date: | Thursday, November 18, 2021 3:38:21 PM |

Dear Judge Lipman and Judge Pham,

The *Jones* Plaintiffs and the Varsity Defendants have successfully resolved the outstanding discovery disputes outlined in ECF No. 100 (Motion to Compel Discovery Responses from Varsity Defendants). The parties would like to request that the Court take this motion off calendar for the November 19, 2021 hearing.

Thank you,

**Katharine L. Malone**
*Associate*



601 California Street, Suite 1000
San Francisco, CA 94108
**T** 415.500.6800
**F** 415.395.9940

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

# EXHIBIT 4



**MARK R. SUTER** / *ASSOCIATE*
**d** 215.875.3021 | msuter@bm.net

April 29, 2021

**VIA EMAIL**

Steven J. Kaiser, Esq.
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue
Washington, DC 20037

Re:     *Fusion Elite All Stars v. Varsity Brands, LLC*, No. 2:20-cv-02600 (W.D. Tenn.)

Dear Steve:

Plaintiffs have learned that Varsity Spirit recently filed an action in the Western District of Tennessee against a former Varsity employee, Josh Quintero. *Varsity Spirit LLC f/n/a Varsity Spirit Corporation v. Josh Quintero*, No. 2:21-cv-02191-JPM-tmp (W. D. Tenn. Mar. 31, 2021). In the suit, Varsity alleges that by going to work for a competitor, Quintero has violated a non-compete provision in his employment contract with Varsity and has thereby caused Varsity as much as $75 million in competitive harm.

In its verified complaint, Varsity claims that Quintero has used Varsity's "confidential, proprietary, and trade secret information, which is maintained in both electronic and hard copy forms," *id.* at ¶16, to give a Varsity rival information that it could allegedly use to gain market share from Varsity. In particular, Varsity references "[i]nformation about specific services, athlete and coach training, techniques, competition scoring system, bid processes, pricing models, and customers" as well as "information regarding customers and prospective customers, costing, gross margins, pricing, strategic business plans, market plans for national events and competitions, service and product design, processes, proprietary methods, and financial information." *Id.* at ¶¶14-15. Varsity also references additional information, including its "entire EOS business model and processes, how bids are awarded, how the championship events are decided, and future business plans for these events, including the D2 Summit." *Id.* at ¶15. Based on Varsity's descriptions, these documents and associated information are highly likely to be relevant to Plaintiffs' claims in this case, and in particular would be responsive to Request Nos. 3-14, 19-20, 23, 29, 37, 42-55, 57-66 in Plaintiffs' First Request for Production of Documents to Varsity and may be responsive to other Requests as well. Please confirm that Varsity will be producing any such responsive documents and information to Plaintiffs in this case.

April 29, 2021
Page 2 of 2



Varsity further alleges in its complaint against Quintero that The Open Championship Series (OCS) is a "direct competitor of Varsity," which competes with Varsity on a "nationwide" basis. *Id.* at ¶¶23-24. Please confirm that Varsity will be producing documents and information supporting Varsity's claim that it competes with OCS on a nationwide basis, especially to the extent such materials are responsive to Plaintiffs' Request Nos. 48-49.

Finally, Varsity further alleges in its complaint against Quintero that "the loss of dozens, if not hundreds, of customers from the D2 summit alone . . . while difficult to quantify, exceeds $75,000.000." *Id.* at ¶36. Please confirm that Varsity will be producing all documents and facts supporting this claim, particularly as such documents are responsive to Plaintiffs' Request No. 23.

Sincerely,

Mark R. Suter

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |
| **JONES**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**BAIN CAPITAL PRIVATE EQUITY,** et al.,<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' NOTICE OF SUBPOENAS**

Pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, Janine Cherasaro, Jessica Jones, Michelle Velotta, and Christina Lorenzen have caused the subpoenas and related documents attached hereto to be served upon Marlene Cota, commanding her appearance at a deposition and to produce the documents, information described in Schedule A attached thereto at the time and place specified on the Subpoena or a time and place as counsel may agree.

Dated: November 3, 2021                    Respectfully submitted,

1

By: */s/ Katherine Van Dyck*
Jonathan W. Cuneo*
Katherine Van Dyck*
Victoria Sims*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Mark R. Suter*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
**LABATON SUCHAROW LLP**
140 Broadway New York, NY 10005
Telephone: (212) 907-0700
gasciolla@labaton.com
kgarvey@labaton.com
vbosco@labaton.com

*Interim Co-Lead Counsel for the Proposed Direct
Purchaser Class*

J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

2

*Liaison Counsel for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Admitted pro hac vice

*Counsel in the Fusion Elite Action for the Proposed Direct Purchaser Class*

Joseph R. Saveri*
Steven N. Williams*

3

Ronnie Seidel Spiegel*
Kevin E. Rayhill*
Elissa A. Buchanan*
Anna-Patrice Harris*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
Email:  jsaveri@saverilawfirm.com
          swilliams@saverilawfirm.com
          rspeigel@saverilawfirm.com
          krayhill@saverilawfirm.com
          eabuchanan@saverilawfirm.com
          aharris@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Email: vturner@bruceturnerlaw.net

Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
Ling S. Wang
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
          dhedlund@gustafsongluek.com
          dnordin@gustafsongluek.com
          lwang@gustafsongluek.com

Richard M. Paul III*
Sean R. Cooper*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Email: rick@paulllp.com

sean@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com

*Attorneys in the Jones Action for Individual and
Representative Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on November 3, 2021 via electronic mail upon the following:

Adam S. Baldridge
Matthew S. Mulqueen
BAKER DONELSON BEARMANN
CALDWELL & BERKOWITZ
165 Madison Ave Ste 2000
Memphis, TN 38103
Tel: 901-526-2000
abaldridge@bakerdonelson.com
mmulqueen@bakerdonelson.com

George S. Cary
Mark W. Nelson
Alexis Collins
Steven J. Kaiser
CLEARY GOTTILEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue NW Ste 1000
Washington, DC 20037
Tel: 202-974-1500
gcary@cgsh.com
mnelson@cgsh.com
alcollins@cgsh.com
skaiser@cgsh.com

*Attorneys for Defendants Varsity Brands,
LLC; Varsity Spirit Fashions & Supplies,
Inc.; Varsity Spirit, LLC; Varsity Brands
Holding Co., Inc.; Varsity Intropia Tours,
LLC; Bain Capital Private Equity; Bain
Capital, LP; Charlesbank Capital Partners,
LLC; BSN Sports, LLC; Stanbury, LLC; and
Herff Jones,LLC;*

Grady M. Garrison
Nicole D. Berkowitz
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
165 Madison Ave. Ste. 2000
Memphis, TN 38103
Tel: 901-526-2000
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for Defendant U.S. All Star
Federation, Inc. and USA Federation for
Sport Cheering*

Paul Coggins
Brendan Gaffney
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
pcoggins@lockelord.com
bgaffney@lockelord.com

*Attorneys for Defendant Jeff Webb*

/s/ Katherine Van Dyck
Katherine Van Dyck

6

# EXHIBIT 6

| | |
|---|---|
| **From:** | Kevin Rayhill |
| **To:** | Kaiser, Steven J.; mmulqueen@bakerdonelson.com |
| **Cc:** | Ronnie Spiegel; Joseph Saveri; Chris Hydal |
| **Subject:** | RE: Certificate of Consultation |
| **Date:** | Friday, April 1, 2022 3:08:54 AM |

Steve,

We have agreement.

Kevin

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Tuesday, March 29, 2022 12:17 PM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>; mmulqueen@bakerdonelson.com
**Cc:** Ronnie Spiegel <rspiegel@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Chris Hydal <chydal@saverilawfirm.com>
**Subject:** RE: Certificate of Consultation

Kevin,

Yes, Varsity is willing to produce the agreements as stated and they will show the information you indicate.  Please confirm we have agreement.  If so, we will tell the Court in our filing that requests 1-13 are resolved.

Thanks.

---

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

**From:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Sent:** Friday, March 18, 2022 6:45 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; mmulqueen@bakerdonelson.com
**Cc:** Ronnie Spiegel <rspiegel@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Chris Hydal <chydal@saverilawfirm.com>
**Subject:** RE: Certificate of Consultation

Steve,

Plaintiffs will accept your offer regarding Request Nos. 1-13 provided we receive documents sufficient to show the 13 individuals' severance agreements, any financial arrangement between

Varsity and the individuals that post-dates termination of the individuals' employment (if, for example, they are retained as consultants or continue to participate in any ESOP or other ownership arrangement), and any nondisclosure agreements. Plaintiffs will refrain from moving on these Requests if Varsity will agree to produce these documents.

Plaintiffs are standing by Request Nos. 14-21. 14 and 15 concern Varsity's communications with two of its primary competitors. And 16-21 relate to individuals whose roles at Varsity only came to light through Plaintiffs ongoing investigations. These individuals were never part of any negotiations regarding custodians, and Plaintiffs never agreed to refrain from seeking further discovery as new facts come to light.

Plaintiffs remain open to negotiation, including after we file any motion to compel.

Sincerely,

Kevin

**From:** Ronnie Spiegel <rspiegel@saverilawfirm.com>
**Sent:** Friday, March 18, 2022 2:10 PM
**To:** Joseph Saveri <jsaveri@saverilawfirm.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; Chris Hydal <chydal@saverilawfirm.com>
**Subject:** FW: Certificate of Consultation

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Friday, March 18, 2022 2:05 PM
**To:** Ronnie Spiegel <rspiegel@saverilawfirm.com>
**Cc:** mmulqueen@bakerdonelson.com
**Subject:** RE: Certificate of Consultation

Ronnie, we were a bit taken aback by this insofar as Kevin asked for a response by today but then you sent this.

In any event, in the spirit of compromise, Varsity would be willing to provide the agreements that are sought to resolve those requests (1-13) to the extent they exist and Varsity can locate them through a reasonable search.  This is not an "agreement" to do that that you may pocket as you seek more on 1-13, but an offer that we hope you will accept to resolve 1-13 both ways.  Varsity does not think that any of the agreements, or this line of discovery, is relevant or appropriate, but is interested in moving things forward in a productive way.

As to the other documents (RFPs 14-21), as you know we negotiated a very specific and extensive set of protocols to find and produce documents that relate to the substance of Plaintiffs' allegations.  To the extent the individuals and organizations surfaced during those reviews, the

documents that would be responsive to RFPs 14-21 would have been included in the production.  So
at some level we don't really understand what we are being asked to do or why we are being asked
to do it.  If the idea is to pull in more custodians in, that just seems like reneging on our agreement
about custodians.  Perhaps you can explain.

We are really trying to understand where you are coming from on all of this; please help us.

Thanks.

Steven J. Kaiser
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

**From:** Ronnie Spiegel <rspiegel@saverilawfirm.com>
**Sent:** Friday, March 18, 2022 3:43 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; mmulqueen@bakerdonelson.com;
nberkowitz@bakerdonelson.com; bgaffney@lockelord.com
**Cc:** Vicky Sims <Vicky@cuneolaw.com>; Mark R. Suter <msuter@bm.net>; Joseph Saveri
<jsaveri@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Kevin Rayhill
<krayhill@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>
**Subject:** RE: Certificate of Consultation

Hi Steve,

Please also note that Plaintiffs plan to move to compel today on RFP 6 from Plaintiffs' First set of
RFPs to Varsity re Varsity's failure to provide sufficient data on camps as promised, as well as RFPs 1-
21 from Plaintiffs' Second Set of RFPs to Varsity and Interrogatories 12, 14, 18, and 19 from
Plaintiffs' First Set of Interrogatories to Varsity. Kindly let us know Varsity's position for the
certificate of consultation.  We remain available today if Varsity believes there is any room for
compromise or items to further discuss.

Best,
Ronnie

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Friday, March 18, 2022 12:10 PM
**To:** Ronnie Spiegel <rspiegel@saverilawfirm.com>; mmulqueen@bakerdonelson.com;
nberkowitz@bakerdonelson.com; bgaffney@lockelord.com
**Cc:** Vicky Sims <Vicky@cuneolaw.com>; Mark R. Suter <msuter@bm.net>; Joseph Saveri
<jsaveri@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Kevin Rayhill
<krayhill@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>

**Subject:** RE: Certificate of Consultation

I'll check with the client.  You've given me no basis for a deposition, but I'll let you know if the threat
moves them.

——

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com  |  clearygottlieb.com

**From:** Ronnie Spiegel <rspiegel@saverilawfirm.com>
**Sent:** Friday, March 18, 2022 2:45 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; mmulqueen@bakerdonelson.com;
nberkowitz@bakerdonelson.com; bgaffney@lockelord.com
**Cc:** Vicky Sims <Vicky@cuneolaw.com>; Mark R. Suter <msuter@bm.net>; Joseph Saveri
<jsaveri@saverilawfirm.com>; Ashleigh Jensen <ajensen@saverilawfirm.com>; Kevin Rayhill
<krayhill@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>
**Subject:** Certificate of Consultation

Hi Steve,
As a head's up, we plan to move to compel the deposition of Adam Blumenfeld, and plan to file
papers later today.  Per the requirement for the certificate of consultation we are letting you know
and ask that you kindly confirm back to us your position.  We remain available to speak this
afternoon.  However, my understanding is that Varsity has confirmed that Mr. Blumenfeld will not be
made available and that the parties are at complete impasse on this item.
Best,
Ronnie

*Ronnie S. Spiegel, Partner

601 California Street, Suite 1000
San Francisco, CA 94108
T +1 415 500 6800
F +1 415 395 9940

*Located in Washington State
400 N.W. Gilman Blvd
P.O. Box. 906
Issaquah, WA 98027

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement