# **EXHIBIT 1**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, *et al.*,<br><br>　　　　Plaintiffs,<br>　v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br>**Jury Trial Demanded** |
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., *et al.*,<br><br>　　　　Plaintiffs,<br>　v.<br><br>VARSITY BRANDS, LLC, *et al.*,<br><br>　　　　Defendants. | Case No. 2:20-cv-02782-SHL-tmp<br>**Jury Trial Demanded** |
| JESSICA JONES, et al.,<br>　　　　Plaintiffs,<br>　v.<br><br>VARSITY BRANDS, LLC; *et al.*,<br><br>　　　　Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br>**Jury Trial Demanded** |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REQUIRING COORDINATION AND LIMITING TIME FOR THIRD PARTY DEPOSITIONS**

　　Defendants file this short reply to address two issues set out in Plaintiffs' Response in Opposition to Defendants' Motion for Protective Order.

　　First, Plaintiffs concede that the *Jones* and *American Spirit* Plaintiffs must seek leave to take any further depositions in these cases because they have each already exceeded the ten

1

depositions allowed under Rule 30. *See* Response, ECF No. 228 at PageID 4281. While the *Jones* Plaintiffs have moved for leave to take eighteen depositions of defendants Jeff Webb, Charlesbank, and Bain (*see Jones*, ECF No. 227), they have not moved for leave to take the deposition of any third-party witness. That leaves the *Fusion Elite* Plaintiffs as the only parties with valid deposition notices for these third parties. And in *Fusion Elite*, the Court's Discovery Order limits <u>all</u> 30(b)(1) depositions to seven hours and sets clear rules for how those hours will be allocated when parties cross-notice depositions.[1] *See Fusion Elite*, ECF No. 89 at PageID 667.

That should be the end of the story. Instead, Plaintiffs make the extraordinary argument that those limitations are "irrelevant" and that they are free to take third-party depositions of up to *fourteen hours over two days* simply because the deponent is willing to sit for that long. ECF No. 228 at PageID 4281, 4280. Plaintiffs' position that they may ignore the Federal Rules of Civil Procedure and this Court's Discovery Order at their whim is remarkable. It is also without any basis and the Court should, respectfully, reject it out of hand.

Second, Plaintiffs' Response falsely implies that Defendants agreed to Ms. Cota's deposition lasting more than a single day of seven hours. ECF No. 228 at PageID 4279 ("Defendants had agreement on Ms. Cota's deposition, with the approval of Ms. Cota's counsel. Defendants should not now be able to go back on that agreement, which Ms. Cota remains prepared to honor."). Plaintiffs did agree to move the date for Ms. Cota's deposition to accommodate undersigned counsel's schedule, which was appreciated. But in the same email exchange

---

[1] In their Response, Plaintiffs argue that Defendants have not provided "any authority that dictates that one party should automatically receive one half of another party's deposition time." *Fusion Elite*, ECF No. 228 at PageID 4280. Defendants have not asked for half of the deposition time of any third-party witness so far. In any event, the authority for allocating time when Defendants cross-notice a deposition is the Court's Discovery Order in *Fusion Elite*. ECF No. 89.

2

referenced in and attached to Plaintiffs' Response, Defendants very clearly stated their opposition Ms. Cota's deposition lasting longer than a single day of seven hours:

> We do not see any reason why Ms. Cota's deposition (and, for that matter, the deposition of any other third party witness) should be longer than a single day, particularly given the complexities of scheduling between now and April 18th, the burden and expense Defendants are incurring in light of the high number of depositions Plaintiffs are seeking, and the requirement for Plaintiffs to coordinate on discovery. Defendants reserve their rights to seek appropriate relief on the issue with the court.

ECF No. 230-9 at PageID 4347. After unsuccessfully attempting to resolve the matter without the Court's involvement, Defendants filed their motion for protective order. Defendants are not "go[ing] back" on an agreement for a two-day deposition because such agreement never existed.

For these reasons and the reasons explained in the Motion for Protective Order, Defendants respectfully request that the Court issue a protective order requiring Plaintiffs to coordinate as to all future third-party depositions and setting time limits for such depositions as set out in the Motion.

Dated: April 4, 2022

Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP

3

1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

\* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit Fashions & Supplies, LLC; Varsity Intropa Tours*

s/ Nicole D. Berkowitz

Grady Garrison (TN #008097)
Nicole D. Berkowitz (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc. and USA Federation for Sport Cheering, d/b/a USA Cheer*

s/ Brendan P. Gaffney

4

Paul E. Coggins*
Brendan P. Gaffney*
Michele Naudin
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500 Memphis,
Tennessee 38119 Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com

*Attorneys for Jeff Webb*