**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | |
| | **JURY DEMAND** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF INDIRECT
PURCHASER PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES
FROM VARSITY DEFENDANTS**

Plaintiffs Jessica Jones and Christina Lorenzen (Plaintiffs"), by and through their undersigned counsel, hereby file this Plaintiffs' Motion for Leave to File Reply in Support of Indirect Purchaser Plaintiffs' Motion to Compel Discovery Responses from Varsity Defendants ("Motion"), pursuant to Federal Rules of Civil Procedure 26 and 30 and Local Rule 7.2(c). Plaintiffs filed their motion on March 18, 2022. ECF No. 214. Defendants responded in opposition on April 1, 2022 ("Opposition"). ECF No. 238.

In their Response, Varsity[1] raises two arguments against Plaintiffs' Motion, First, Varsity states that Plaintiffs' Motion is an attempt to "vastly expand the scope of discovery." This is wrong and necessitates a reply from Plaintiffs. The first two issues raised by Plaintiffs relate to Plaintiffs' First Requests for Production, with which Varsity still has not fully complied. First,

---

[1] As used herein, "Varsity" refers to Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Spirit Fashions & Supplies, LLC.

Plaintiffs seek text messages Defendants have expressly agreed to produce. Plaintiffs' definition of Communications in their First Set of Requests for Production—to which Varsity did not object—expressly included text messages. Thus this Request is not an expansion of the scope of discovery.

Second, Plaintiffs seek structured data regarding Varsity cheer camps. Plaintiffs requested this data in their first Requests for Production, which were served on Varsity more than a year ago on March 26, 2021. On November 17, 2021, Varsity agreed to supply the data and to "remain available to negotiate any questions or issues related to the fields to be produced" and "discuss the specific fields to be produced, as necessary." Varsity has not upheld its end of that agreement. The data in the one document Varsity refers to in its Opposition (*see* Opposition at PageID 4555) does not contain the level of granularity that Plaintiffs asked for (and that was produced to the Direct Purchaser Plaintiffs in response to similarly worded requests relating to All-Star competitions and apparel). *See* Motion at 2-3 (PageID 3673-3674) (Plaintiffs' Request for Production No. 6). Plaintiffs have raised this issue repeatedly with Varsity to no avail. Moreover, Defendants have refused to answer any of Plaintiffs' written questions regarding the data that was produced, despite agreeing to do so.

Varsity's second argument is that Plaintiffs' Second Requests for Production amount to a "second bite at the apple." This argument also fails, and requires a response from Plaintiffs. Requests Nos. 14 and 15 from Plaintiffs' Second Requests for Production, served on Defendants on January 21, 2022, seek communications between Varsity and two of its competitors in the market for cheer apparel. *See* Motion at PageID 3682 & 3683. These communications were not sought in Plaintiffs' First Requests for Production, as plaintiffs only became aware of these potential communications through discovery.

Plaintiffs' First Set of Interrogatories, served on Varsity on January 25, 2022, seek to fill in gaps in the record that Plaintiffs have identified as discovery has progressed. Interrogatory Nos. 12 and 19 seek information regarding Varsity's relationships with various organizations related to competitive cheer. Interrogatory No. 14 seeks information about Varsity share of the relevant markets. And Interrogatory No. 18 seeks information about the makeup of the Boards of Directors of Varsity and its parent companies. This information is relevant to Plaintiffs claims and is not redundant with prior discovery requests.

To make the record clear, the assertions in Varsity's Opposition warrant a response. For that reason, Plaintiffs seek leave to file a short reply brief by April 12, 2022.

Dated: April 6, 2022

Respectfully submitted,

By:_____ /s/ Joseph R. Saveri_____
                Joseph R. Saveri


Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted pro hac vice

+Located in Washington State

*Attorneys for Individual and
Representative Plaintiffs*

PLAINTIFFS' MOTION FOR LEAVE FILE REPLY IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
MOTION TO COMPEL DISCOVERY RESPONSES FROM VARSITY DEFENDANTS

## <u>CERTIFICATE OF CONSULTATION</u>

I hereby certify, pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 7.2(a)(1)(B), that on April 6, 2022, counsel at my firm emailed counsel for Defendants advising them that Plaintiffs intended to file a motion seeking the relief set out above, and that given the need for expedited resolution of this matter, Plaintiffs intended to file by 10:00 a.m. CDT on April 8th. Plaintiffs have not received a response to that email.

*/s/ Joseph R. Saveri*

Joseph R. Saveri

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 6, 2022, I served a copy of the foregoing document via the

Court's ECF system, effecting service on all interested parties.

*/s/ Joseph R. Saveri*
Joseph R. Saveri