# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VARSITY BRANDS, LLC, et al., <br><br> Defendants. | Case No. 2:20-cv-02600-SHL-tmp <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFFS' NOTICE OF SUBPOENA OF NONPARTY DAVID HANBERRY

PLEASE TAKE NOTICE that pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned matter have caused the Subpoena attached hereto to be served upon non-party David Hanberry, commanding his appearance at a remote deposition, location to be determined, on April 13, 2022 or a time as counsel may agree.

Dated: April 5, 2022

Respectfully submitted,

By: /s/ Karin E. Garvey

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
**DICELLO LEVITT GUTZLER**
60 East 42nd Street, Suite 2400
New York, NY 10165
Telephone: (646) 933-1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
vbosco@dicellolevitt.com

Jonathan W. Cuneo*
Victoria Sims*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960

jonc@cuneolaw.com
vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Mark R. Suter*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net

*Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
**JUSTICE CATALYST LAW, INC.**
718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor

2

Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Sarah E. Stuart (TN BPR # 035329)
**BURCH, PORTER, & JOHNSON, PLLC**
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
sstuart@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Admitted pro hac vice

*Counsel for the Proposed Direct Purchaser Class*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2022, I served a copy of the foregoing via email on the following counsel:

George S. Cary
Steven J. Kaiser
Linden Bernhardt
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Heather Nyong'o
Jennifer K. Park
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road Palo Alto, CA 94304
hnyongo@cgsh.com
jpark@cgsh.com

Matthew S. Mulqueen
Adam S. Baldridge
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000 Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Charlesbank Capital Partners, LLC; Varsity Brands, LLC; Bain Capital Private Equity; Varsity Spirit Fashions & Supplies; BSN Sports, LLC; Varsity Spirit LLC; Stansbury, LLC; Herff Jones, LLC; Varsity Brands Holding Co., Inc.; Varsity Intropia Tours, LLC*

Grady Garrison
Nicole D. Berkowitz

James Andrew Roach
Mathew S. Mulqueen
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000 Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com
aroach@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.; USA Federation for Sport Cheering*

Paul Coggins
Brendan Gaffney
Kip Mendrygal
Jennifer M. McCoy
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800 Dallas, TX 75201
pcoggins@lockelord.com
bgaffney@lockelord.com
kmendrygal@lockelord.com
jennifer.mccoy@lockelord.com

Edward L. Stanton III
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Edward.Stanton@butlersnow.com

*Attorneys for Jeff Webb*

Robert Falanga
H. Kobelah Bennah
Falanga & Chalker
11200 Atlantis Pl., #C
Alpharetta, GA 30022
Phone: 770-955-2123

4

Fax: 770-955-2123
rfalanga@mindspringcom
Robert@FalangaLaw.com
kobelah@falangalaw.com

*Attorneys for Plaintiffs American Spirit and Cheer Essentials, Inc.; Rockstar Championships, LLC; Jeff & Craig Cheer, LLC; Ashley Haygood*

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*
Kevin E. Rayhill*
Elissa A. Buchanan*
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, CA 94108
Tel.: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd, Suite 2325
Memphis, TN 38118
Tel.: (901) 290-6610
Fax: (901) 290-6611
vturner@bruceturnerlaw.net

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel.: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

Richard M. Paul, III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut Street, Suite 300
Kansas City, MO 64106
Tel.: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com

*Attorneys for the Plaintiffs and proposed Indirect Purchaser Class*

*\* Admitted pro hac vice*


*/s/ Veronica Bosco*
Veronica Bosco

5

# UNITED STATES DISTRICT COURT
for the
Western District of Tennessee

| Fusion Elite All Stars, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:20-cv-02600-SHL-tmp |
| Varsity Brands, LLC, et. al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: David Hanberry

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remote location - TBD | Date and Time: 4/13/2022 9:30 AM |
|---|---|

The deposition will be recorded by this method: TBD

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/5/2022

CLERK OF COURT

OR    /s/ Veronica Bosco

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Fusion Elite Plaintiffs , who issues or requests this subpoena, are:

Veronica Bosco, One Grand Central Place, 60 E 42nd St Suite 2400, New York, NY 10165, 646-933-1000, vbosco@dicellolevitt.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:20-cv-02600-SHL-tmp

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print]  [Save As...]  [Add Attachment]  [Reset]

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).