# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | |
| | **JURY DEMAND** |

## INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM VARSITY DEFENDANTS

Plaintiffs Jessica Jones and Christina Lorenzen respectfully submit this Reply in Support of Indirect Purchaser Plaintiffs' Motion to Compel Discovery Responses.

## I.    Plaintiffs First Requests for Production[1]

### A.    Structured Data Relating to Varsity's Cheer Camps

Request for Production No. 6 seeks structured data regarding Varsity cheer camps, one of the three types of commerce for which Plaintiffs seek damages. Varsity refuses to provide it despite agreeing to do so. See ECF No. 214-2 (Nov. 17, 2021 email exchange between Plaintiffs and Varsity). However, Varsity *has* produced structured transaction-level data for the two other types of commerce at issue in this case: cheer competitions and apparel. Varsity concedes the cheer camp information is relevant, but instead of honoring its agreement, Varsity points Plaintiffs to a few isolated reports of aggregate information found in its ESI production and otherwise tells Plaintiffs to go find the information themselves. In its opposition, Varsity claims this is sufficient under Rules 26 and 34. Not so.

First, there is no dispute that the information is relevant. Second, there is no dispute that Varsity maintains such information in the ordinary course of its business. Indeed, the documents to which Varsity refers Plaintiffs appear to be—and one would logically assume them to be—generated from underlying data or datasets. Third, Varsity raises boilerplate burdensome objections, failing to specify—as they must—the basis and specifics of the burden claim.

Varsity's approach contravenes accepted practice under the Federal Rules with respect to

---

[1] In their Motion, Plaintiffs asked the Court to order Varsity to produce text messages from all custodians. Varsity maintains that it has produced all responsive text messages. Opposition. PageID 4554. However, contrary to the ESI Stipulation in this case, the text messages have been produced with insufficient metadata. As a proposed compromise, Plaintiffs contacted Varsity on March 10, 2022, and offered to withdraw this request if Varsity would provide the Bates numbers for the text messages it has produced. See Declaration of Kevin E. Rayhill ("Rayhill Decl."), Exh. 1. At this time, Plaintiffs have not heard back from Varsity. Varsity should provide this information within three days. If not, Varsity should comply with the ESI Stipulation.

the production of datasets and databases. *See generally, The Sedona Conference Database Principles Addressing the Preservation and Production of Databases and Database Information in Civil Litigation*, 15 Sedona Conf. Journal 171 (2014) ("*Sedona Database Principles*"). The production, review and analysis of such data is standard in antitrust cases for the purposes of expert economist analysis of prices, sales, costs, supply, demand, market conditions, and other relevant topics. Plaintiffs seek structured data for cheer camps, like the data for competitions and apparel, because this is the type of data most well suited to this analysis. *See Sedona Database Principles*, at 183 ("responsive data must be provided in a format that supports the legitimate intended use").

Plaintiffs have sought to meet and confer and work informally with Varsity to obtain the necessary data and to minimize burden. *See Sedona Database Principles* 183 ("the requesting party must make reasonable efforts to work with the responding party to ensure that structured ESI extracted from a database is produced in an appropriate reasonably usable format."). Varsity ignores the fact that Plaintiffs have repeatedly sought to meet and confer regarding the cheer camp data. *See* ECF No. 214-2 (Nov. 17, 2021 email with agreement to produce camp data); ECF No. 214-3 (Mar. 14, 2022 letter from Plaintiffs to Varsity seeking camp data); ECF No. 214-6 (Plaintiffs' email asking Varsity to identify camps data by Bates number); ECF No. 214-7 (Mar. 17 letter seeking Bates numbers for camp data). Plaintiffs have done so in order to address burden concerns and obtain the information consistent with the proportionality and other principles set forth in Rule 26. See *Sedona Database Principles*, 186 (noting it may be "in the best interest of the parties to meet and confer."); *see also Sedona Principles Addressing Electronic Document Production* (2d 2007), Principle 3 (recommending the parties "meet and confer" as soon as practicable to seek to agree on the scope of each party's rights and

responsibilities). Indeed, Varsity in the past has given lip service to these principles. On November 17, 2021, Varsity agreed to produce the data and to answer Plaintiffs' questions about the data. See ECF No. 214-2. Varsity has failed to live up to its promises and its concomitant obligations under the Federal Rules.

Plaintiffs remain willing to meet and confer regarding the databases containing the cheer camp structured data. The Court may order the parties to meet and confer within 7 days regarding the data. If an agreement is not reached, the Court could appoint a Special Master. Or the Court could simply order Varsity to produce the underlying data in native form.

## II.    Plaintiffs' Second Requests for Production

Following the filing of the Motion, Varsity agreed to produce the material responsive to Request Nos. 1-13 from Plaintiffs' Second Requests for Production. This issue appears to be resolved. Varsity should do so within 3 days.

### A.    Communications With Rebel and Nfinity (Request Nos. 14 &15)

Request Nos. 14 and 15 seek communications between Varsity and two of its competitors in the apparel market: Nfinity Athletic Corporation and Rebel Athletic. Recent discovery and deposition testimony has disclosed that Varsity took steps to prevent its competitors from attending Varsity events, including Nfinity and Rebel Athletic. *See e.g.,* Rayhill Decl., Exh. 2, Parrish Deposition Transcript, 88:8-89:11.; Exh. 3, Letard Deposition Transcript., 398:17-399:24; Exh. 4; Wright Exhibit 28 (USASF's Steve Peterson telling Rebel ███████████ ████████████████). Varsity's efforts to foreclose and exclude competitors is a central aspect of the anticompetitive scheme Plaintiffs challenge. Varsity does not dispute the relevancy of this information. Instead, it states that it included "Rebel" and "Nfinity" as search terms for certain custodians. If Varsity can confirm their search captured all emails to and from Rebel and Nfinity, Plaintiffs will consider these Requests to be satisfied. Plaintiffs note that a search of the

documents produced to date yielded only 3 emails between Varsity and Rebel and 27 between Varsity and Nfinity (excluding automatically generated sales emails).

### B.  Documents Relating to Six Former Employees.

Based on recent discovery, Plaintiffs seek to obtain documents from six additional custodians: (1) Kevin Brubaker; (2) Abel Rosa; (3) David Owens; (4) Josh Quintero; (5) Sheila Noone; and (6) Marlene Cota. The first four were former employees who—following termination or separation from Varsity—attempted to enter the market as rival independent event producers. Indeed, Varsity has recently sued each of them, accusing them incorrectly of violating their employment contracts. *See* Rayhill Decl., Exh. 5 (Yahoo Sports story entitled "Accused Cheer Monopolist Varsity Squares Off Against Ex-Employees"). This type of exclusionary conduct goes to the heart of Plaintiffs' claims. Noone is a former employee who has direct knowledge of Varsity's efforts to ███████████████████████████████████ ██████████, both during her tenure as a Varsity employee and after she left Varsity's employ. Cota is a Varsity employee who was directly involved in ████████████████████. The Court has previously determined that her deposition should be taken. ECF No. 245.

Varsity asserts that Plaintiffs were foreclosed from seeking documents from custodians other than those previously agreed to or subject to the motions to compel. This is incorrect. There was no such order and, indeed, such an order would be inconsistent with the discovery rules as well as principles of efficient case management and due process. It is hardly uncommon—and indeed it should be reasonably expected—that litigants learn more about the underlying facts as the case progresses, including the identity of additional witnesses. Here, Varsity did not disclose these witnesses in its discovery responses or indicate they possessed relevant information.[2] Nor

---

[2] Plaintiffs are willing to negotiate search terms. Varsity has not disclosed how many potentially responsive documents exist or specified any burden in producing the additional documents.

INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM VARSITY DEFENDANTS

did Varsity disclose the litigation it commenced against them. *See* Rayhill Decl., Exh. 6.

## III.   Varsity's Incomplete or Deficient Interrogatory Responses

Varsity's position with respect to the interrogatories is inconsistent with its obligations under the Federal Rules and is inconsistent with discovery that shows that Varsity possesses responsive information.

Interrogatory No. 12[3] seeks information regarding Varsity's financial support for USASF, AACCA, ICU, and USA Cheer. Recent discovery indicates that, in addition to providing loans of uncertain terms, Varsity provided a line of credit to certain of these organizations. Varsity also maintained employment relationships with key staff of these organizations and provided additional financial incentives in the form of ███████████ ██████████, but has refused to provide information about the nature of this financial consideration. Varsity is obliged to answer the interrogatory based on information it has and must do so truthfully even if the answer requires detailed information.

Interrogatory No. 14 seeks information regarding the market shares for Varsity and its competitors. This is a core disputed issue in the case. Varsity evades the interrogatory stating it does not possess relevant information. Opposition, PageID 4564. This is improper and incorrect. Varsity has produced documents explicitly referring to market share. See e.g., Exh. 7, Elza Exh. 4, VAR00323450 at 456; Exh. 8, Elza Exh 5, VAR00101100 at fourth page; Exh. 9, Lauchaire Exh 34, VAR00342340 at 347. Plaintiffs are entitled to know Varsity's position. Under Rule 37(a), Plaintiffs are entitled to an order compelling an answer binding Varsity.

---

[3] With respect to Interrogatories 18 and 19, Varsity has simply refused to answer, instead interposing boilerplate objections. *See Walker v. Lakewood Condo Owners Ass'n,* 186 F.R.D.584, 587 ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete . . . answer must be treated as a failure to disclose, answer, or respond.").

Dated: April 11, 2022                    Respectfully submitted,

                                         By: _____*/s/ Joseph R. Saveri*_____
                                                    Joseph R. Saveri


                                         Joseph R. Saveri*
                                         Steven N. Williams*
                                         Ronnie Seidel Spiegel*+
                                         Kevin E. Rayhill*
                                         Elissa A. Buchanan*
                                         JOSEPH SAVERI LAW FIRM, LLP
                                         601 California Street, Suite 1000
                                         San Francisco, California 94108
                                         Telephone: (415) 500-6800
                                         Facsimile:   (415) 395-9940
                                                jsaveri@saverilawfirm.com
                                                swilliams@saverilawfirm.com
                                                rspiegel@saverilawfirm.com
                                                krayhill@saverilawfirm.com
                                                eabuchanan@saverilawfirm.com

                                         Van Turner (TN Bar No. 22603)
                                         BRUCE TURNER, PLLC
                                         2650 Thousand Oaks Blvd., Suite 2325
                                         Memphis, Tennessee 38118
                                         Telephone: (901) 290-6610
                                         Facsimile: (901) 290-6611
                                         Email: vturner@bruceturnerlaw.net

                                         Richard M. Paul III*
                                         Sean R. Cooper*
                                         Ashlea Schwarz*
                                         PAUL LLP
                                         601 Walnut, Suite 300
                                         Kansas City, Missouri 64106
                                         Telephone: (816) 984-8100
                                         rick@paulllp.com
                                         sean@paulllp.com
                                         ashlea@paulllp.com

Jason S. Hartley*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
David A Goodwin*
Ling Shan Wang*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
dgoodwin@gustafsongluek.com
lwang@gustafsongluek.com

* Admitted pro hac vice
+Located in Washington State
Attorneys for Individual and
Representative Plaintiffs

INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY
RESPONSES FROM VARSITY DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2022, I served a copy of the foregoing document via the Court's ECF system, effecting service on all interested parties.

*/s/ Joseph R. Saveri*
Joseph R. Saveri