```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
_____

JESSICA JONES, et al.,         )
                               )
     Plaintiffs,               )
                               )
v.                             )    No. 20-cv-02892-SHL-tmp
                               )
VARSITY BRANDS, LLC, et al.,   )
                               )
     Defendants.               )
_____

     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION
        FOR LEAVE TO TAKE DEPOSITIONS OF CHARLESBANK AND BAIN
_____
```

Before the court is plaintiffs' Motion for Leave to Take Depositions of Charlesbank and Bain Capital, filed on March 28, 2022. (ECF No. 227.) The defendants responded on April 5, 2022. (ECF No. 244.) For the reasons below, the motion is GRANTED in part and DENIED in part.

## I.   BACKGROUND

The present case involves antitrust claims brought against Varsity Brands, LLC, its affiliated brands and companies, and its prior and present owners. Charlesbank owned Varsity from 2014 through June 2018, when it sold its interest to Bain, who remains the majority owner. (ECF No. 102-1 at 3.) In brief, the plaintiffs allege that the defendants conspired to and did in fact form a monopoly over the cheerleading industry in the United States. The

plaintiffs filed their complaint on December 10, 2020, seeking class certification, damages, and injunctive relief. (ECF No. 1.)

The present motion concerns plaintiffs' desire to obtain twenty depositions of witnesses relevant to their claims against Charlesbank and Bain Capital. Two other related cases are currently proceeding before presiding U.S. District Judge Sheryl Lipman: American Spirit and Cheer Essentials Inc. v. Varsity Brands, LLC, 2:20-cv-02782-SHL-tmp (W.D. Tenn. Jul. 24, 2020) ("American Spirit") and Fusion Elite All Stars v. Varsity Brands, LLC, 2:20-cv-02600-SHL-tmp (W.D. Tenn. Aug. 13, 2020) ("Fusion Elite"). Bain and Charlesbank were initially defendants in American Spirit but were dismissed from that case on October 28, 2021. (American Spirit ECF No. 141.) A motion to dismiss Bain and Charlesbank from the present case remains pending. (ECF No. 60.) The two are not and were never listed as defendants in Fusion Elite. Given the related nature of these cases, the court previously ordered all plaintiffs to coordinate discovery in order to minimize repetitive and duplicative requests and depositions. (ECF No. 45.) The court also later entered an order allowing for an extension of deposition time wherever a deposition was noticed by more than one plaintiff group. (ECF No. 159.)

Before these orders, Fusion Elite plaintiffs had negotiated with defendants regarding depositions in their case and agreed to fifty-five depositions of witnesses related to claims against the

-2-

Varsity defendants, USASF, and third parties. (Fusion Elite ECF No. 89.) Due to the court's later orders to coordinate depositions, the Jones and American Spirit plaintiffs have been present at many of these depositions and participated in questioning. (ECF No. 228-1.) Varsity and USASF are defendants in all of the related cases. Jones plaintiffs also agreed to treat their deposition of Jeff Webb, Varsity's founder who they have sued individually, as included within the fifty-five Varsity defendant depositions. (Id. at 2 n.2.)

Plaintiffs claim that they "have tried for months to engage with Defendants on a routine stipulation" in the vein of the Fusion Elite stipulation described above, specifically seeking 20 depositions related to defendants Bain and Charlesbank. (Id. at 2.) Plaintiffs claim that discovery regarding Bain and Charlesbank has been difficult. The court first confronted these issues on September 18, 2021, when plaintiffs filed Motions to Compel Discovery Responses from both Bain and Charlesbank, seeking documents from a variety of custodians. (ECF Nos. 101, 102.) Bain and Charlesbank opposed the motion, arguing that discovery as to them should be stayed due to a pending motion to dismiss them from the case. (ECF No. 111-112.) On December 13, 2021, the undersigned granted plaintiffs' Motion to Compel in part, ordering defendants to produce responsive documents according to previously agreed

-3-

upon search terms for twelve of the desired custodians.[1] (ECF No. 174.)

Three days after that order was entered, on December 16, 2021, plaintiffs' counsel emailed defense counsel asking for an estimate of when the ordered production "might occur (and be substantially completed) for Varsity, Charlesbank, and Bain" so that "we can best plan for and schedule depositions." (ECF No. 227-14 at 5.) Plaintiffs proposed a forty-five day timeline for the productions to be complete. (Id.) Defense counsel did not reply, and plaintiffs followed up on January 7, 2022, to which they received a brief response stating that defendants were trying to meet plaintiffs' proposed timeline. (Id.) However, this did not come to pass, and plaintiffs had received no documents by February 11. (Id. at 4.) Ultimately, defendants stated that plaintiffs' unwillingness to allow certain documents to be omitted had caused delays and stated that production would not be complete by the end of February. (Id. at 3.) By March 2, 2022, plaintiffs had received "2,133 documents" of an estimated production of "50,000 documents."[2] (Id. at 2.) Plaintiffs then proposed to defendants that the time "to complete

---

[1] Specifically, the undersigned ordered that the custodial files of Ryan Cotton, Spencer Dahl, Ethan Portnoy, Kate Steinman, Tom O'Rourke, Saron Tesfalul, Andrew Janower, Joshua Beer, Jesse Ge, Neil Kalvelage, David Katz, and Brandon White be searched. (ECF No. 174 at 24-25.)

[2] This estimate was provided by defendants.

the depositions of Bain and Charlesbank witnesses" be extended until May 7, 2022, and that defendants "commit to substantial completion of all productions by April 1, 2022." (Id. at 1.) The parties jointly submitted this proposal to the court, which entered it as an order on March 16, 2022, but disputes about the number of depositions and who would be deposed remained. (ECF No. 209, 211.)

Plaintiffs then filed the present motion on March 28, 2022. (ECF No. 227.) They seek an order similar to the Fusion Elite stipulation granting them 20 additional depositions of Charlesbank and Bain witnesses. (ECF No. 228 at 19.) In their motion, plaintiffs note that defendants have only agreed to a total of three depositions of Bain and Charlesbank employees.[3] They argue that "[t]he witnesses sought are the specific Bain and Charlesbank employees who served as officers and directors on Varsity's boards . . . [and] include the individuals who assessed Varsity for purchase through due diligence, participated in the related deals, and who remained at the company and took part in managing Varsity after the Charlesbank and Bain acquisitions." (Id. at 21.) Defendants responded on April 5, 2022, arguing that thirty-two depositions have already been taken in this case, that Plaintiffs should specifically identify their proposed deponents, and that

---

[3]Defendants agreed to depositions of Ryan Cotton, Joshua Beer, and Andrew Janower. Defendants also proposed Cotton and either Janower or Beer would serve as Bain and Charlesbank's Rule 30(b)(6) representatives, respectively.

-5-

this court's prior order denying the deposition of Varsity Brands CEO Adam Blumenfeld applies *a fortiori* here. (ECF No. 244 at 7.) Plaintiffs subsequently filed a reply.

## II. ANALYSIS

Where a party seeks leave of court to go beyond ten depositions, "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 31(a)(2). Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio Jun. 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties'

resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Alongside these factors, Federal Rule of Civil Procedure 26(b)(2)(C) requires the court to limit the scope of discovery where discovery would be "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

Plaintiffs argue generally that these twenty extra depositions are relevant and proportional to the needs of the case because they are necessary to resolve their claims against Bain and Charlesbank. They argue that it is "commonplace in complex class action antitrust cases with multiple defendants to see nearly or more than 100 depositions take place." (ECF No. 228 at 17) (collecting cases). Further, plaintiffs note that Bain and Charlesbank's involvement in the events underlying plaintiffs' claims remains heavily disputed, and that "Plaintiffs should be afforded the opportunity to disprove the denials through meaningful deposition discovery." (Id. at 21.)

As the undersigned has previously stated regarding proportionality and relevance of discovery as to Bain and Charlesbank:

-7-

> The plaintiffs allege that Charlesbank and Bain actively participated in a conspiracy to monopolize the cheerleading industry, namely by providing financial support and guidance to Varsity in its acquisition of competitors. Charlesbank and Bain have conceded that many of the materials the plaintiffs have requested are relevant. Considering proportionality, the issues at stake in this case are national in implication and importance, with a substantial amount in controversy stemming from allegedly anticompetitive pricing and trade practices. In terms of the parties' resources, Bain and Charlesbank are both sophisticated investment firms: Charlesbank acquired Varsity in 2014 for $1.4 billion and sold its interest to Bain for $2.5 billion. (ECF No. 102-1 at 3.) Many of the plaintiffs' claims can only be resolved through fairly extensive discovery from Charlesbank and Bain, the only parties who have access to this information.

(ECF No. 174 at 6.) The undersigned finds this applicable to the present motion as well. Further, as plaintiffs correctly point out, they have not had "ample opportunity to obtain the information by discovery in the action," due to the fact that Bain and Charlesbank only completed their production after the present motion was filed, and after significant satellite litigation over a Motion to Compel. Fed. R. Civ. P. 26(b)(2)(c). Defendants' argument that "the schedule crunch is entirely of Plaintiffs' own making" in this case is not well taken, especially as to Bain and Charlesbank, given that these two defendants resisted engaging in discovery until the court ordered discovery to proceed in December 2021. (ECF No. 244 at 13.) Defendants also accuse plaintiffs of engaging in "dilatory conduct" by not noticing depositions of Bain and Charlesbank witnesses until they received documents from Bain and Charlesbank, without acknowledging their own role in

significantly pushing back the production of documents until April 1, 2022.[4] (ECF No. 244 at 14.) Given this record, the undersigned finds that plaintiffs should be entitled to take extra depositions.[5]

However, the undersigned also finds that plaintiffs have not adequately demonstrated that they should get twenty extra depositions. Plaintiffs appear to seek an order along the lines of the <u>Fusion Elite</u> stipulation, granting them twenty depositions for yet-to-be-named deponents. But the <u>Fusion Elite</u> plaintiffs secured their stipulation early in the discovery process. Here, plaintiffs ask the court to order a broad expansion of their deposition allowance mere weeks before discovery is set to close.

---

[4] It bears repeating: discovery as to Bain and Charlesbank is not and never has been stayed. Indeed, staying discovery as to these defendants has been denied, multiple times, by both the undersigned and the presiding district judge. (ECF Nos. 55, 174.) Defendants have repeatedly noted that they expect Bain and Charlesbank to be dismissed from the case. (ECF No. 244 at 4.) Defendants' confidence in their ability to predict the rulings of the court is not a reason to prevent or stall discovery.

[5] While defendants argue that the reasoning underlying the undersigned's previous order denying the deposition of Adam Blumenfeld should apply equally to the present motion, the undersigned disagrees. Perhaps most obviously, Blumenfeld works for Varsity Brands, not Bain and Charlesbank. Many depositions of Varsity Brands witnesses have already been taken, including those with largely duplicative knowledge of what Blumenfeld was alleged to have known. In contrast, many Bain and Charlesbank witnesses that plaintiffs seek to depose are alleged to have in-depth personal knowledge of Bain and Charlesbank's approach to their ownership of Varsity Brands.

The motion does not provide any individualized justification for any of plaintiffs' proposed deponents. In a sworn declaration, plaintiffs' counsel states:

> After diligent research and all that they can surmise to date, given the lack of a true substantial production from either Bain or Charlesbank, who have produced little so far, Plaintiffs have determined that the following Bain and Charlesbank witnesses, at a minimum, will possess information highly relevant to their claims, and have noticed them to date: Bain (*Ryan Cotton, Josh Bekenstein, Jay Corrigan, Kate Steinman (former); Tom O'Rourke (former), Ethan Portnoy, Saron Tesfalul and Spencer Dahl); Charlesbank (*Joshua Beer, *Andrew Janower; Neil Kalvelage (former), Brandon White, David Katz, Kim Davis, and Jesse Ge). Plaintiffs have also issued Rule 30(b)(6) notices to each Bain and Charlesbank. Defendants have allowed only those with asterisks.

(ECF No. 228-1 at 7.) This vague description of the deponents as having "highly relevant" information falls short of demonstrating why plaintiffs should be entitled to take extra depositions. However, in deciding this motion, the court will consider the record as a whole and will rely on plaintiffs' previous Motion to Compel, a motion in which plaintiffs provided more specific arguments as to the relevance of the above-named individuals.[6] (ECF No. 174 at 3-4.) Additionally, plaintiffs' reply, filed after receiving the full production from Bain and Charlesbank that was ordered in December, suggests that possibly thousands of documents

---

[6] In an order granting that motion in part, the undersigned denied Josh Bekenstein, Jay Corrigan, and Kim Davis as custodians. The undersigned finds no reason to allow plaintiffs to depose these three individuals.

were produced by the defendants that appear to relate to several of these individuals.

The undersigned concludes that of those originally identified as custodians (not including Cotton, Beer, and Janower, whose depositions defendants have agreed to), the plaintiffs have adequately shown that they should be allowed to take the deposition of six of those custodians: (1) Tom O'Rourke, (2) Saron Tesfalul, (3) Neil Kalvelage, (4) Brandon White, (5) David Katz, and (6) one of the three members of the Impact Deal Team working under Cotton, either Kate Steinman, Ethan Portnoy, or Spencer Dahl, at plaintiffs' choosing. These depositions will be in addition to the agreed depositions of Cotton, Beer, and Janower.

### III. CONCLUSION

For the above reasons, the plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART. This order shall not be interpreted as extending any of the discovery deadlines already imposed by the district judge.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 11, 2022
Date