# Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES et al.,<br><br>                    Plaintiffs,<br>v.<br><br>VARSITY BRANDS, LLC et al.,<br><br>                    Defendants. | Civ. Action No. 2:20-cv-02892 |

**RESPONSES OF DEFENDANTS VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; AND VARSITY SPIRIT FASHIONS & SUPPLIES, LLC TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Defendants Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Spirit Fashions & Supplies, LLC (collectively, "Varsity") hereby respond to Plaintiffs' Second Set of Interrogatories.

**OBJECTIONS TO DEFINITIONS**

1.  Varsity notes that the vast majority of the terms purportedly defined in the "Definitions" (other than "You," "Your," and "state") are not used in the interrogatories and including them in the Definitions is inappropriate and improper surplusage. Because the terms are not used, no further response is needed, but Varsity specifically notes that it does not accept the definitions for any other purpose and specifically reserves its rights should Plaintiffs seek to use the same or similar definitions in other circumstances.

2.  Varsity objects to the terms "You" and "Your" in Definition 37 to the extent they seek to include any person or entity beyond Varsity. Where "You" or "Your" appear in the requests, Varsity will interpret the terms to cover Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Spirit Fashions & Supplies, LLC.

## OBJECTIONS TO INSTRUCTIONS

1. Varsity objects to the Instructions to the extent Plaintiffs seek to impose any burden on Varsity beyond those required by the Federal Rules of Civil Procedure. Varsity will respond in accordance with the Federal Rules of Civil Procedure and will otherwise disregard the Instructions.

2. Varsity objects to the time period contained in Instruction 7 and the embedded definition of "Relevant Time Period" as overly broad and unduly burdensome, and as seeking to renegotiate the limits on discovery previously agreed upon by the parties. To the extent Varsity responds to these requests, Varsity will only do so for the period December 10, 2016 to June 30, 2020.

## OBJECTIONS AND RESPONSES TO REQUESTS

The above objections are explicitly incorporated by reference to each of the following responses as if they were set forth in full in each individual response.

Interrogatory No. 1: State each affirmative defense to the claims against You.

Objection and Response to Interrogatory No. 1: Varsity objects to Interrogatory 1 as seeking information that Varsity is not required to provide prior to filing an answer in this case. Subject to and without waiving the foregoing objections, Varsity will identify any affirmative defenses when and to the extent an answer is required under the Federal Rules of Civil Procedure. Without limitation on its right to assert affirmative defenses at the time of its answer in this case, Varsity further notes that the defenses set forth in its Answer to the Complaint in *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.* are equally applicable to the claims in this case.

<u>Interrogatory No. 2</u>:  State each fact which you contend supports each affirmative defense You stated in response to Interrogatory No. 1.

<u>Objection and Response to Interrogatory No. 2</u>: Varsity objects to Interrogatory 2 as seeking information that Varsity is not required to provide prior to filing an answer in this case, and as seeking attorney work product.  Subject to and without waiving the foregoing objections, Varsity will identify the facts supporting its affirmative defenses when and to the extent it is required to do so under the Federal Rules of Civil Procedure. Without limitation on its right to assert affirmative defenses at the time of its answer in this case, Varsity further notes that the defenses set forth in its Answer to the Complaint in *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.* are equally applicable to the claims in this case.

Dated: April 4, 2022                                    <u>Steven J. Kaiser                              </u>

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Rd, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

3

\* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Defendants Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Spirit Fashions & Supplies, LLC*