IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **VARSITY BRANDS, LLC, et al.** <br><br> Defendants. | Case No. 2:20-cv-02892-SHL-tmp <br><br><br><br><br><br> **JURY DEMAND** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY DEFENDANT BAIN CAPITAL PRIVATE EQUITY**

Plaintiffs Jessica Jones and Christina Lorenzen (collectively "Plaintiffs"), individually on behalf of themselves and on behalf of all others similarly situated, respectfully submit this Memorandum of Law in Support of their Motion to Compel Reponses to Interrogatories from Bain Capital Private Equity and seek an order compelling Bain to respond to Plaintiff's First Set of Interrogatories.

## I.   INTRODUCTION

Plaintiffs move to compel response to two simple interrogatories. One asks for Defendants' affirmative defenses. The other asks for the facts supporting any such defenses. Defendants' only objection is that they do not have to respond until the motions to dismiss have been decided. But that argument has been repeatedly rejected by the Court and there is no basis for it here. Plaintiffs will be prejudiced if they do not receive answers to these interrogatories. Plaintiffs need to know Defendants' affirmative defenses and the facts supporting them, so they can gather facts and testimony to mount an adequate rebuttal. Plaintiffs therefore respectfully ask the Court to compel responses to the two interrogatories.

## II.   STATEMENT OF FACTS

**A.   PROCEDURAL HISTORY**

Plaintiffs filed their Class Action Complaint on December 10, 2020. ECF No. 1. Defendants, including Bain, filed a Motion to Strike Class Allegations and motions to dismiss the Complaint on March 12, 2021. ECF Nos. 55–60. On August 26, 2021, the Court denied defendants' motions to dismiss in the *Fusion* action. *See Fusion*, ECF No. 141. The motions to dismiss in the *Jones* action are fully briefed and are awaiting the Court's ruling. ECF Nos. 67-71, 72-76. The Court has ordered, however, that full discovery can proceed while the motions to dismiss are pending. *See, e.g.*, ECF Nos. 61, 170. Discovery has now been ongoing for many

months and the discovery cutoff is on April 18. Expert reports are currently due on May 18, 2022.

Plaintiffs served the interrogatories at issue on March 3, 2022. Defendants served their responses on April 4, 2022. On April 7, Plaintiffs sought to meet and confer with Defendants. The parties met and conferred on April 12.  The parties could not come to an accord, and Plaintiffs informed Defendants they would move to compel responses.

### B.   SUMMARY OF PLAINTIFFS' ALLEGATIONS AGAINST DEFENDANTS

The nature of Plaintiffs' claims is set forth in their Complaint and have been the subject of considerable discovery motion practice. *See, e.g.*, ECF Nos. 165, 174, 195, 229, 231, 236, 245, 261. Plaintiffs will not repeat those allegations here. In summary, Plaintiffs allege Varsity and the other Defendants conspired to monopolize and fix prices of products in the markets for competitive cheer, cheer camps, and cheer apparel through an exclusionary scheme. *See* Complaint, ECF 1. Varsity now occupies a dominant market position with estimates of market share exceeding 80 or 90 percent. Pursuant to the scheme, Varsity ruthlessly acquired and excluded its rivals, controlled and corrupted the rule-making bodies in the sport, and monopolized the markets. As a result of Defendants' anticompetitive scheme, Plaintiffs have been forced to pay prices for cheer competitions, cheer camps, and cheer apparel that were higher than they would have been absent Defendants' anticompetitive scheme. Plaintiffs allege that the violations are ongoing.

### III.   LEGAL STANDARD

The scope of interrogatories and obtainable discovery is defined by Fed. R. Civ. P. 26(b). *See* Fed. R. Civ. P. 33(a)(2). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and

location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33. When responding to an interrogatory, a party must state all specific objections, or the objection is waived. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Drutis v. Rand McNally & Co.,* 236 F.R.D. 325, 337 (E.D. Ky. 2006). Under Rule 37(a)(3)(B)(iii), a party may obtain an order compelling an interrogatory response where a party fails to answer a Rule 33 interrogatory.

## IV.    ARGUMENT

At issue are two interrogatories and a single objection. Interrogatory No. 1 asks Defendants to "[s]tate each affirmative defense to the claims against You."  Rayhill Decl., Exhibit A at 2. Interrogatory No. 2 asks Defendants to "[s]tate each fact which you contend supports each affirmative defense You stated in response to Interrogatory No. 1." *Id*. at 3. Defendants' sole basis for refusing to respond to both is that they do not have to respond to these interrogatories until after their Motion to Dismiss has been resolved. But Defendants' single objection is groundless, and the Court should compel them to respond.

First, as a threshold matter, the interrogatories are timely and relevant. They ask for affirmative defenses and the facts supporting those defenses. Plaintiffs need to know Defendants' affirmative defenses, as well as the facts in support, so that Plaintiffs can gather evidence to dispute those defenses and those facts. *See* Fed. R. Civ. P. 26(b). Plaintiffs also need the answers to prepare their expert reports which are due on May 18, 2022.

Second, the interrogatories are not objectionable. And Defendants have waived any objection not stated in their responses. Fed. R. Civ. P. 33(b)(4); *Drutis v. Rand McNally & Co.,*

Case No. 2:20-cv-02892-SHL-tmp                             3
PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES TO
INTERROGATORIES BY DEFENDANT BAIN CAPITAL PRIVATE EQUITY

236 F.R.D. 325, 337 (E.D. Ky. 2006). Defendants have not objected on relevance or burden. Nor have they objected, under Rule 33(b), that the interrogatory can only be answered after certain "designated discovery is complete." As such, all such objections are waived.

Third, Defendants only basis for refusing to respond is groundless. Defendants object that the interrogatories seek "information that Bain is not required to provide prior to filing an answer." But Defendants' objection has already been rejected by the Court in multiple prior orders holding that discovery has not been stayed pending the motions to dismiss for any party, including Bain or Charlesbank. *See* ECF 261 at 9 n.4 ("It bears repeating: discovery as to Bain and Charlesbank is not and never has been stayed. Indeed, staying discovery as to these defendants has been denied, multiple times, by both the undersigned and the presiding district judge."); *see also* ECF No. 61 and 170 (scheduling orders related to discovery). In fact, the parties have been engaging in discovery for many months and the fact discovery cutoff is April 18. Plaintiffs are entitled to know the nature and basis of any defenses Defendants may interpose. *See* Fed. R. Civ. P. 26(b).

Further, Defendants cite no legal authority for their position that certain interrogatories do not have to be answered "prior to filing an answer." Rayhill Decl., Exhibit A at 2–3. Under Rule 33(a)(2), "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." There is no authority for the position that interrogatories can be ignored until after the Answer, when discovery is ongoing. Neither Rule 8(c) (affirmative defenses) nor Rule 12(a) (responsive pleadings) so provides. Indeed, as the Court has repeatedly found, there is no discovery stay. Defendants' maintenance of this position is frivolous.

While Rule 33 states that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other

time," the rule is meant to protect a responding party "from being hemmed into fixing its position without adequate information." *United States v. Blue Cross Blue Shield of Michigan*, 2012 WL 12930840, at *4 (E.D. Mich. May 30, 2012) (citing *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 233 (E.D.N.Y. 2007)). But Defendants have made no objection on the grounds that they lack adequate information. In fact, Defendants state that they are prepared to answer the interrogatories; they refuse to do so because they claim that they are not yet *required* to under the Federal Rules. *See* Rayhill Decl., Exhibit A at 2 ("Bain will identify any affirmative defenses when an answer is required under the Federal Rules[.]"); *id*. at 3 ("Bain will identify the facts supporting its affirmative defenses if, when, and to the extent it is required to do so under the Federal Rules."). Their refusal is simply intended to conceal the affirmative defenses they intend to interpose.

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted.

Dated: April 13, 2022

Respectfully submitted,

By: _____/s/ Joseph R. Saveri_____
          Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:　(415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Case No. 2:20-cv-02892-SHL-tmp     6

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY DEFENDANT BAIN CAPITAL PRIVATE EQUITY

Jason S. Hartley*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
David A Goodwin*
Ling Shan Wang*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
dgoodwin@gustafsongluek.com
lwang@gustafsongluek.com

* Admitted pro hac vice

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*