IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, MICHELLE VELOTTA**, and **CHRISTINA LORENZEN** on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; JEFF WEBB; CHARLESBANK CAPITAL PARTNERS LLC; and BAIN CAPITAL PRIVATE EQUITY,**<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br>**JURY DEMAND** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY DEFENDANT JEFF WEBB**

Plaintiffs Jessica Jones and Christina Lorenzen (collectively "Plaintiffs"), individually on behalf of themselves and on behalf of all others similarly situated, respectfully submit this Memorandum of Law in Support of their Motion to Compel Interrogatory Responses from Jeff Webb and seek an order compelling Webb to respond to Plaintiffs' First Set of Interrogatories.

## I.   INTRODUCTION

Plaintiffs move to compel responses to two simple interrogatories. One asks for Webb's affirmative defenses. The other asks for the facts supporting those defenses. Webb's primary objection is that he does not have to respond until the motions to dismiss have been decided. But that argument has been repeatedly rejected by the Court and there is no basis for it here. Plaintiffs will be prejudiced if they do not receive answers to these interrogatories. Plaintiffs need to know Webb's affirmative defenses and the facts supporting them, so they can gather

facts and testimony to mount an adequate rebuttal. Plaintiffs therefore respectfully ask the Court to compel responses to the two interrogatories.

## II. STATEMENT OF FACTS

### A. PROCEDURAL HISTORY

Plaintiffs filed their Class Action Complaint on December 10, 2020. ECF No. 1. Defendants, including Webb, filed a Motion to Strike Class Allegations and motions to dismiss the Complaint on March 12, 2021. ECF Nos. 55–60. The motions to dismiss in the *Jones* action are fully briefed and are awaiting the Court's ruling. ECF Nos. 67-71, 72-76. The Court has ordered, however, that full discovery shall proceed while the motions to dismiss are pending. *See, e.g.*, ECF Nos. 61, 170. Discovery has now been ongoing for many months and the discovery cutoff is on April 18. ECF No. 170. Expert reports are due on May 18, 2022. *Id.*

Plaintiffs served the interrogatories at issue on March 3, 2022. Defendants served objections on April 4, 2022. On April 7, Plaintiffs sought to meet and confer with Defendants. The parties met and conferred on April 12.  The parties could not come to an accord, and Plaintiffs informed Defendants they would move to compel responses.

### B. SUMMARY OF PLAINTIFFS' ALLEGATIONS AGAINST DEFENDANTS

The nature of Plaintiffs' claims is set forth in their Complaint and have been the subject of considerable discovery motion practice. *See, e.g.*, ECF Nos. 165, 174, 195, 229, 231, 236, 245, 261. Plaintiffs will not repeat those allegations here. In summary, Plaintiffs allege Varsity and the other Defendants conspired to monopolize and fix prices of products in the markets for competitive cheer, cheer camps, and cheer apparel through an exclusionary scheme. *See* Complaint, ECF 1. Webb was the Founder of Varsity and served as the Chief Executive Officer of Varsity. He was a chief architect of the anticompetitive scheme and directly involved in the illegal activity giving rise to Plaintiffs' claim. He also was a member of Board of Directors and

participated—with Defendants Charlesbank and Bain—in the management and operations of Varsity including developing and implementing Varsity's acquisition of competitors and exclusion of rivals. Varsity now occupies a dominant market position with estimates of market share exceeding 80 or 90 percent. Pursuant to the scheme, Varsity ruthlessly acquired and excluded its rivals, controlled and corrupted the rule-making bodies in the sport, including USASF, and monopolized the markets. Webb continued to be actively involved in the scheme after he stepped down as an executive of Varsity. As a result of Defendants' anticompetitive scheme, Plaintiffs have been forced to pay prices for cheer competitions, cheer camps, and cheer apparel that were higher than they would have been absent Defendants' anticompetitive scheme. Plaintiffs allege that the violations are ongoing.

### III.   LEGAL STANDARD

The scope of interrogatories and obtainable discovery is defined by Fed. R. Civ. P. 26(b). *See* Fed. R. Civ. P. 33(a)(2). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33. When responding to an interrogatory, a party must state all specific objections, or the objection is waived. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Drutis v. Rand McNally & Co.,* 236 F.R.D. 325, 337 (E.D. Ky. 2006). Under Rule 37(a)(3)(B)(iii), a party may obtain an order compelling an interrogatory response where a party fails to answer a Rule 33 interrogatory.

## IV.   ARGUMENT

At issue are two interrogatories. Interrogatory No. 1 asks Webb to "[s]tate each affirmative defense to the claims against You." Rayhill Decl., Exhibit A at 2. Interrogatory No. 2 asks Webb to "[s]tate each fact which supports each affirmative defense in response to Interrogatory No. 1." *Id*. at 3. Webb primarily objects that he does not have to respond to these interrogatories until after the Motion to Dismiss has been resolved. Webb also mistakenly claims that "Plaintiffs have exceeded their limit of twenty-five interrogatories under Federal Rule of Civil Procedure 33." *Id.* at 3–4.  For the reasons set forth succinctly below, the Court should compel them to respond.

First, as a threshold matter, the interrogatories are timely and relevant. They ask for affirmative defenses and the facts supporting those defenses. Plaintiffs need to know Webb's affirmative defenses, as well as the facts in support, so that Plaintiffs can gather evidence to dispute those defenses and those facts. *See* Fed. R. Civ. P. 26(b). Plaintiffs also need the answers to prepare their expert reports which are due on May 18, 2022.

Second, the interrogatories are not objectionable.  And Webb has waived any objection not stated in his responses. Fed. R. Civ. P. 33(b)(4); *Drutis v. Rand McNally & Co.,* 236 F.R.D. 325, 337 (E.D. Ky. 2006). For example, Webb has not objected on relevance or burden. As such, all such objections are waived.

Third, Webb's primary basis for refusing to respond is groundless. Webb objects that the interrogatories seek information that Webb is not required to provide prior to filing an answer in this case. *Id.* at 2–4.  But Webb's objection has already been rejected by the Court in multiple prior orders holding that discovery has not been stayed pending the motions to dismiss for any party. *See, e.g.*, ECF 261 at 9 n.4; *see also* ECF No. 61 and 170 (scheduling orders related to discovery). In fact, the parties have been engaging in discovery for many months and the

discovery cutoff is on April 18. Plaintiffs are entitled to know the nature and basis of any defenses Defendants may interpose. *See* Fed. R. Civ. P. 26(b).

Further, Webb cites only Rule 8 for his position that certain interrogatories do not have to be answered prior to filing an answer. Rayhill Decl., Exhibit A at 3. But Rule 8 merely addresses general rules of pleadings, it says nothing of responses to interrogatories. Under Rule 33(a)(2), "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." There is no authority for Webb's position that interrogatories can be ignored until after the Answer, when discovery is ongoing. Neither Rule 8(c) (affirmative defenses) nor Rule 12(a) (responsive pleadings) so provides. Indeed, as the Court has repeatedly found, there is no discovery stay. Webb's maintenance of this position is frivolous.

Fourth, Webb objects to Interrogatory No. 2 on the grounds that "discovery is ongoing and the Interrogatory requires Mr. Webb to 'state each fact' supporting each affirmative defense." Putting aside that this objection is vague and unspecific, Rule 33 provides that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. Proc. 33(a)(2). But the rule is meant to protect a responding party "from being hemmed into fixing its position without adequate information." *United States v. Blue Cross Blue Shield of Michigan*, 2012 WL 12930840, at *4 (E.D. Mich. May 30, 2012) (citing *Strauss v. Credit Lyonnais, S.A.,* 242 F.R.D. 199, 233 (E.D.N.Y. 2007)). Discovery has been ongoing for many months, and the discovery cutoff is on April 18. At this point in the case, Webb can surely respond substantively, even if not complete.

Lastly, Webb claims that "Plaintiffs have exceeded their limit of twenty-five interrogatories under Federal Rule of Civil Procedure 33." But this is wrong on multiple levels.

For starters, Plaintiffs have served only a total of seven interrogatories on Webb: (two in the First Set of Interrogatories at issue in this motion, and five in the Second Set of Interrogatories). Further, Plaintiffs are entitled to serve fifty interrogatories to Webb because there are two named plaintiffs in the action. Under Rule 33, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Rule 33 allows 25 interrogatories *per party*, not per side. Since there are two named Plaintiffs in the *Jones* action, both Plaintiffs may serve 25 interrogatories on each Defendant, or 50 total against Webb. *See, e.g.*, *Bradfield v. Donahue*, 2016 WL 5661855, at *2 (W.D. Tenn. Sept. 29, 2016) ("There are six individual Plaintiffs in this case, and each of them was entitled to serve up to 25 interrogatories."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2015 WL 13756256, at *2 (N.D. Cal. Dec. 17, 2015) ("Plaintiffs have not come close to [the 25 interrogatory] limit, given that each named plaintiff is entitled to serve 25 interrogatories."); *Nahas v. City of Mountain View*, 2005 WL 8177627, at *2 (N.D. Cal. June 1, 2005) ("Rule 33 provides that each party may serve 25 interrogatories on any other party. . . . Accordingly, because there are three plaintiffs in the case, a total of 75 interrogatories could be served on each defendant."). Thus, Plaintiffs have not come close to hitting their 50-interrogatory limit against Webb.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted.

Dated: April 14, 2022

Respectfully submitted,

By:     */s/ Joseph R. Saveri*
        Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*
Kevin E. Rayhill*
Elissa A. Buchanan*
Anna-Patrice Harris*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
       swilliams@saverilawfirm.com
       rspeigel@saverilawfirm.com
       krayhill@saverilawfirm.com
       eabuchanan@saverilawfirm.com
       aharris@saverilawfirm.com

Van Turner (TN Bar No. 22603)
**BRUCE TURNER, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Email: vturner@bruceturnerlaw.net

Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
Ling S. Wang
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
       dhedlund@gustafsongluek.com
       dnordin@gustafsongluek.com
       lwang@gustafsongluek.com

Richard M. Paul III*
Sean R. Cooper*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Email: rick@paulllp.com
      sean@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com

* *Admitted pro hac vice*

*Attorneys for Individual and Representative Plaintiffs*

Case No. 2:20-cv-02892-SHL-tmp    8

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
RESPONSES TO INTERROGATORIES BY DEFENDANT JEFF WEBB