IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, MICHELLE VELOTTA**, and **CHRISTINA LORENZEN** on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; JEFF WEBB; CHARLESBANK CAPITAL PARTNERS LLC; and BAIN CAPITAL PRIVATE EQUITY,**<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br><br><br>**JURY DEMAND** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY DEFENDANT U.S. ALL STAR FEDERATION**

Plaintiffs Jessica Jones and Christina Lorenzen (collectively "Plaintiffs"), individually on behalf of themselves and on behalf of all others similarly situated, respectfully submit this Memorandum of Law in Support of their Motion to Compel Responses to Interrogatories by Defendant U.S. All Star Federation, Inc. ("USASF"), and seek an order compelling USASF to respond to Plaintiff's First Set of Interrogatories.

### I.    INTRODUCTION

Plaintiffs move to compel responses to two simple interrogatories. One asks for Defendants' affirmative defenses. The other asks for the facts supporting those defenses. Defendants' only objection is that they do not have to respond until the motions to dismiss have been decided. But that argument has been repeatedly rejected by the Court and there is no basis for it here. Plaintiffs will be prejudiced if they do not receive answers to these interrogatories.

Plaintiffs need to know Defendants' affirmative defenses and the facts supporting them, so they can gather facts and testimony to mount an adequate rebuttal. Plaintiffs therefore respectfully ask the Court to compel responses to the two interrogatories.

## II.    STATEMENT OF FACTS

### A.    PROCEDURAL HISTORY

Plaintiffs filed their Class Action Complaint on December 10, 2020. ECF No. 1. Defendants, including USASF, filed a Motion to Strike Class Allegations and motions to dismiss the Complaint on March 12, 2021. ECF Nos. 55–60. On August 26, 2021, the Court denied defendants' motions to dismiss in the *Fusion* action. *See* ECF No. 141. The motions to dismiss in the *Jones* action are fully briefed and are awaiting the Court's ruling. ECF Nos. 67-71, 72-76. The Court has ordered, however, that full discovery shall proceed while the motions to dismiss are pending. *See, e.g.*, ECF Nos. 61, 170. Discovery has now been ongoing for many months and the discovery cutoff is on April 18. ECF No. 170. Expert reports are due on May 18, 2022. *Id.*

Plaintiffs served the interrogatories at issue on March 3, 2022. Defendants served their responses on April 4, 2022. On April 7, Plaintiffs sought to meet and confer with Defendants. The parties met and conferred on April 12.  The parties could not come to an accord, and Plaintiffs informed Defendants they would move to compel responses.

### B.    SUMMARY OF PLAINTIFFS' ALLEGATIONS AGAINST VARSITY

The nature of Plaintiffs' claims is set forth in their Complaint and have been the subject of considerable discovery motion practice. *See, e.g.*, ECF Nos. 165, 174, 195, 229, 231, 236, 245, 261. Plaintiffs will not repeat those allegations here. In summary, Plaintiffs allege Varsity and the other Defendants conspired to monopolize and fix prices of products in the markets for competitive cheer, cheer camps, and cheer apparel through an exclusionary scheme. *See* Complaint, ECF 1. Varsity now occupies a dominant market position with estimates of market

share exceeding 80 or 90 percent. Pursuant to the scheme, Varsity ruthlessly acquired and excluded its rivals, controlled and corrupted the rule-making bodies in the sport, including USASF, and monopolized the markets. As a result of Defendants' anticompetitive scheme, Plaintiffs have been forced to pay prices for cheer competitions, cheer camps, and cheer apparel that were higher than they would have been absent Defendants' anticompetitive scheme. Plaintiffs allege that the violations are ongoing.

### III.  LEGAL STANDARD

The scope of interrogatories and obtainable discovery is defined by Fed. R. Civ. P. 26(b). *See* Fed. R. Civ. P. 33(a)(2). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33. When responding to an interrogatory, a party must state all specific objections, or the objection is waived. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Drutis v. Rand McNally & Co.,* 236 F.R.D. 325, 337 (E.D. Ky. 2006). Under Rule 37(a)(3)(B)(iii), a party may obtain an order compelling an interrogatory response where a party fails to answer a Rule 33 interrogatory.

### IV.  ARGUMENT

At issue are two interrogatories. Interrogatory No. 1 asks Defendants to "[s]tate each affirmative defense to the claims against You." Rayhill Decl., Exhibit A at 2. Interrogatory No. 2 asks Defendants to "[s]tate each fact which supports each affirmative defense stated in

response to Interrogatory No. 1." *Id*. at 3. Defendants primarily object that they do not have to respond to these interrogatories until after their Motion to Dismiss has been resolved. And in addition to boilerplate privilege objections, they also frivolously claim that "Plaintiffs are far in excess of the twenty-five interrogatory limit set forth in Rule 33." For the reasons set forth succinctly below, the Court should compel them to respond.

First, as a threshold matter, the interrogatories are timely and relevant. They ask for affirmative defenses and the facts supporting those defenses. Plaintiffs need to know Defendants' affirmative defenses, as well as the facts in support, so that Plaintiffs can gather evidence to dispute those defenses and those facts. *See* Fed. R. Civ. P. 26(b). Plaintiffs also need the answers to prepare their expert reports which are due on May 18, 2022.

Second, the interrogatories are not objectionable. And Defendants have waived any objection not stated in their responses. Fed. R. Civ. P. 33(b)(4); *Drutis v. Rand McNally & Co.,* 236 F.R.D. 325, 337 (E.D. Ky. 2006). Defendants have not objected on relevance or burden. Nor have they objected, under Rule 33(b), that the interrogatory can only be answered after certain "designated discovery is complete." As such, all such objections are waived.

Third, Defendants' primary basis for refusing to respond is groundless. Defendants object that the interrogatories seek "information that USASF is not required to provide prior to filing an answer in this case." But Defendants' objection has already been rejected by the Court in multiple prior orders holding that discovery has not been stayed pending the motions to dismiss for any party. *See, e.g.*, ECF 261 at 9 n.4; *see also* ECF No. 61 and 170 (scheduling orders related to discovery). In fact, the parties have been engaging in discovery for many months and the discovery cutoff is on April 18. Plaintiffs are entitled to know the nature and basis of any defenses Defendants may interpose. *See* Fed. R. Civ. P. 26(b).

Further, Defendants cite no legal authority for their position that certain interrogatories do not have to be answered "prior to filing an answer in this case." Rayhill Decl., Exhibit A at 2–3. Under Rule 33(a)(2), "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." There is no authority for Defendants' position that interrogatories can be ignored until after the Answer, when discovery is ongoing. Neither Rule 8(c) (affirmative defenses) nor Rule 12(a) (responsive pleadings) so provides. Indeed, as the Court has repeatedly found, there is no discovery stay. Defendants' maintenance of this position is frivolous.

While Rule 33 states that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time," the rule is meant to protect a responding party "from being hemmed into fixing its position without adequate information." *United States v. Blue Cross Blue Shield of Michigan*, 2012 WL 12930840, at *4 (E.D. Mich. May 30, 2012) (citing *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 233 (E.D.N.Y. 2007)). But Defendants have made no objection on the grounds that they lack adequate information. In fact, Defendants state that they are prepared to answer the interrogatories; they refuse to do so because they are not yet *required* to under the Federal Rules. *See* Rayhill Decl., Exhibit A at 3 ("USASF will identify any affirmative defenses when an answer is required under the Federal Rules[.]"); *id.* ("USASF will identify the facts supporting its affirmative defenses when . . . it is required to do so under the Federal Rules[.]"). Their refusal is simply intended to conceal the affirmative defenses they intend to interpose.

Fourth, Defendants claim that "Plaintiffs are far in excess of the twenty-five interrogatory limit set forth in Rule 33." But this is wrong on multiple levels. For starters, Plaintiffs have served only a total of seven interrogatories on USASF: (two in the First Set of Interrogatories at issue in this motion, and five in the Second Set of Interrogatories). Further, Plaintiffs are entitled

to serve fifty interrogatories to USASF because there are two named plaintiffs in the action. Under Rule 33, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Defendants appear to be confusing "parties," with "sides." Since there are two named Plaintiffs in the *Jones* action, both Plaintiffs may serve 25 interrogatories on each Defendant, or 50 total against USASF. *See, e.g.*, *Bradfield v. Donahue*, 2016 WL 5661855, at *2 (W.D. Tenn. Sept. 29, 2016) ("There are six individual Plaintiffs in this case, and each of them was entitled to serve up to 25 interrogatories."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2015 WL 13756256, at *2 (N.D. Cal. Dec. 17, 2015) ("Plaintiffs have not come close to [the 25 interrogatory] limit, given that each named plaintiff is entitled to serve 25 interrogatories."); *Nahas v. City of Mountain View*, 2005 WL 8177627, at *2 (N.D. Cal. June 1, 2005) ("Rule 33 provides that each party may serve 25 interrogatories on any other party. . . . Accordingly, because there are three plaintiffs in the case, a total of 75 interrogatories could be served on each defendant."). Thus, Plaintiffs have not come close to hitting their 50-interrogatory limit against USASF. Finally, each interrogatory sets forth a single primary question and primary line of inquiry. The first asks USASF to state its affirmative defenses. The second asks for the factual support. *See* Fed. R. Civ. P. 33, 1993 Advisory Committee Notes (stating that an interrogatory should be treated as a single question "even though it requests that the time, place, persons present, and contents be stated separately for each conclusion for each such communication.")

      For the foregoing reasons, Plaintiffs' motion should be granted.

Case No. 2:20-cv-02892-SHL-tmp     6

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY DEFENDANT U.S. ALL STAR FEDERATION

Dated: April 14, 2022

Respectfully submitted,

By:    */s/ Joseph R. Saveri*
        Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*
Kevin E. Rayhill*
Elissa A. Buchanan*
Anna-Patrice Harris*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
    swilliams@saverilawfirm.com
    rspeigel@saverilawfirm.com
    krayhill@saverilawfirm.com
    eabuchanan@saverilawfirm.com
    aharris@saverilawfirm.com

Van Turner (TN Bar No. 22603)
**BRUCE TURNER, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Email: vturner@bruceturnerlaw.net

Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
Ling S. Wang
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
    dhedlund@gustafsongluek.com
    dnordin@gustafsongluek.com
    lwang@gustafsongluek.com

Case No. 2:20-cv-02892-SHL-tmp     7

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES TO
INTERROGATORIES BY DEFENDANT U.S. ALL STAR FEDERATION

Richard M. Paul III*
Sean R. Cooper*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Email: rick@paulllp.com
      sean@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com

* *Admitted pro hac vice*

*Attorneys for Individual and Representative Plaintiffs*