## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC. by HEIDI WEBER, ROCKSTAR CHAMPIONSHIPS, LLC by DAVID OWENS, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, by CRAIG HALLMARK, MARK LUKENS and KATHLEEN LUKENS, and ASHLEY HAYGOOD, Individually and on Behalf of all Others Similarly Situated,<br><br>                   Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT LLC, HERFF JONES, LLC, VARSITY BRANDS HOLDING CO., INC., VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPA TOURS, LLC and JEFF WEBB,<br><br>                   Defendants. | CIVIL ACTION FILE NUMBER: 2:20-cv-02782-SHL-tmp<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AMENDED SCHEDULING ORDER** |

1

## I.    BACKGROUND

This is an antitrust class action.  To be clear, the vast majority of the Defendants' alleged monopolistic activity does not involve the niche market of competitive cheerleading.  Instead, the vast majority of the Corporate Defendants' monopolistic activity involves their 90%+ shares of the athletic equipment, marching band uniform, and graduation regalia markets in the nation's more than 100,000 middle schools, high schools, and colleges comprising more than 40 million students (including scholastic cheerleaders). ((See, e.g., First Amended Complaint ECF No. 209 at PageID at *3201-3204; 3206-3208; 3210-3211; 3246-3247; 3250-3254; 3256; 3268) (See also, Nat'l Ctr. for Educ., Enrollment in Elementary, Secondary, and Degree-Granting Postsecondary Institutions, Digest of Education Statistics (April 18, 2022) https://nces.ed.gov/programs/digest/d19/tables/dt19_105.30.asp).)  In such cases, antitrust plaintiffs require an incredible amount of both information and time to produce well-founded expert opinion for the Court and jury.

To ensure no waste of resources until the Court concluded the investment was warranted, the Court stayed most discovery for 302 days while allowing discovery related to competitive cheerleading to proceed. (ECF No. 132 at PageID 793, (staying all discovery "related to 'marching band uniforms, graduation regalia and

other scholastic merchandise such as yearbooks and class rings, and athletic equipment.'".).)

Indeed, on March 12, 2021, all Defendants other than Mr. Webb applied for and received a stay of discovery (ECF No. 132 at PageID 793.)  That stay remained effective unless and until the Court at least in part denied pending motions to dismiss (Id.)  Moreover, that stay blocked discovery from *all* parties (including Mr. Webb) regarding the subject topics. (ECF No. 177 at Page ID 2454.)  That stay even blocked discovery from *third* parties. (Id.) Further, the Court held the stay applied even after it denied one motion to dismiss; it applied until the Court denied at least in part several of Defendants' pending *motions* to dismiss.  (Id. at PageID 2448.)  Then on March 30, 2022, the Court denied in whole or part all remaining Defendants' motions to dismiss.  (ECF No. 2922.)  Thus, proceedings regarding the majority of the monopolization at issue have now resumed after a 302-day stay.  In these extraordinary circumstances, the current scheduling order would be patently unfair and prejudicial to the American Spirit Plaintiffs if left unamended.[1]

## II.    RELEVANT RULES

Rule 16(b)(4) of the Federal Rules of Civil Procedure governs modifications to scheduling orders.  Specifically, Rule 16(b)(4) permits district courts to amend or

---

[1] Simultaneously, the American Spirit Plaintiffs have readily agreed to Defendants' requested discovery extensions. (See, e.g., ECF No. 188 (granting Joint Motion to Permit the Deposition of Plaintiffs after the Close of Fact Discovery.))

modify deadlines in pretrial scheduling provided the movant demonstrates "good cause." (Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002).)

In the current case, the Court previously advised that requests for extensions of these deadlines will be granted in the case of "extraordinary circumstances." (ECF No. 159 at PageID 1205).

An extension is especially appropriate where Plaintiffs' experts will not have sufficient time to prepare their reports if an extension is not granted. (See, e.g., Ruiz v. Bueno, No. 12-cv-0809, 2014 WL 347041, at *3 (S.D. Ohio Jan. 30, 2014); Heisler v. Maxtor Corp., No. 06-cv-06634, 2011 WL 1496114, at *3 (N.D. Cal. Apr. 20, 2011).)

## III.   DISCUSSION

If not amended, the current schedule would be extraordinarily and severely prejudicial.  Indeed, if not amended, the current order would allow, for example, only:

- 18 days to start and complete depositions regarding the majority of monopolization at issue;

- 18 days of fact discovery regarding the majority of monopolization at issue; and

- 48 days to complete and serve expert reports.

That is in a purported class-action antitrust matter in which the parties agreed to allow:

- 429 days to start and complete depositions;

- 429 days to start and complete fact discovery; and

- 457 days to complete and serve expert reports.

(ECF No. 97-3 at PageID 279 (jointly proposing schedule); No. 100 at Page ID 321 (ordering jointly proposed schedule).)

For the sake of simplicity and fairness, the American Spirit Plaintiffs ask only that an Amended Scheduling Order preserve the litigation periods to which the parties previously agreed. This is easily accomplished by extending all pertinent due dates 302 days from the entry of the Court's order lifting the stay. (*See* ECF No. 159 at PageID 1204). Simultaneously, the American Spirit Plaintiffs seek additional discovery regarding only those matters both to which the stay applied and which remain at issue: those relating to "graduation regalia and other scholastic merchandise such as yearbooks and class rings, and athletic equipment.'" Thus, for example, such an order would exclude goods and services in the relatively niche field of competitive cheerleading while allowing discovery of scholastic cheerleading merchandise.

## IV.   CONCLUSION

For the foregoing reasons, the American Spirit Plaintiffs ask that the Court

grant their motion for an Amended Scheduling Order.


Respectfully submitted,


This 18th day of April 2022.

s/  Robert A. Falanga
Robert A. Falanga, Esq.
Attorney Bar No. 254400
Interim Lead Class Counsel

s/  Kobelah Svensen Bennah
Kobelah Svensen Bennah
Attorney Bar No. 378113

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Pl #C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
robert@falangalaw.com
kobelah@falangalaw.com