UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES, *et al.*, <br><br>             Plaintiffs, <br>     v. <br><br> BAIN CAPITAL PRIVATE EQUITY, *et al.*, <br><br>             Defendants. | **Case No. 2:20-cv-02892** |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS TO COMPEL RESPONSES TO INTERROGATORIES**

Defendants Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashions & Supplies, LLC (collectively, "the Varsity Defendants"), Charlesbank Capital Partners, LLC ("Charlesbank"), Bain Capital Private Equity ("Bain"), Jeff Webb, and U.S. All Star Federation, Inc. ("USASF") jointly respond in opposition to Plaintiffs' motions to compel responses to interrogatories (ECF Nos. 265, 269, 270, 274, 275).

## BACKGROUND

On March 3, 2022, Plaintiffs served their First Sets of Interrogatories to Defendants Bain, Charlesbank, USASF, and Webb and their Second Set of Interrogatories to the Varsity Defendants.  Each set of interrogatories was virtually identical and asked the responding party to (1) "state each affirmative defense to the claims against You" and (2) "State each fact which supports each affirmative defense stated in response to Interrogatory No. 1."  (*See* ECF Nos. 265-3, 269-3, 270-3, 274-3, 275-3).

On April 4, 2022, each Defendant served its responses and objections to these interrogatories.  Defendants objected to these interrogatories on the basis that they were premature as Defendants were not required to identify their affirmative defenses or the factual basis for such defenses prior to filing an answer in this action.  Defendants' motions to dismiss (ECF Nos. 57, 58, 59, 60) and motion to strike (ECF No. 55) remain pending, and Defendants' deadline to file an answer and plead affirmative defenses has not yet been triggered.  Defendants further object to these interrogatories on the basis that they call for attorney work product, that Interrogatory No. 2 is overly broad and unduly burdensome, and, in the case of Webb and USASF, on the additional basis that Interrogatory No. 2 contains multiple discrete subparts such that Plaintiffs have exceeded the twenty-five-interrogatory limit in Rule 33.  In view of these objections, Plaintiffs' motions to compel should be denied.

# ARGUMENT

### A. Prior to The Deadline to Plead Affirmative Defenses, Defendants Should Not Be Required to Identify Affirmative Defenses or the Facts In Support.

Plaintiffs' interrogatories seek the premature identification of affirmative defenses and the facts in support of those defenses. Under Rule 12 of the Federal Rules of Civil Procedure, the filing of a motion under Rule 12 "alters" the time for serving a responsive pleading. Fed. R. Civ. P. 12(a)(4). Pursuant to Rule 12(a)(4), where a Rule 12 motion has been filed, a responsive pleading need only be served "if the court denies the motion or postpones its disposition until trial," in which case "the responsive pleading must be served within 14 days after notice of the court's action." Rule 8(c) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c).

Plaintiffs fail to cite any legal authority for their position that Defendants must identify their affirmative defenses or the facts in support thereof prior to serving a responsive pleading. Other courts that have considered this issue have generally found that interrogatories seeking an identification of affirmative defenses and/or a listing of facts supporting those affirmative defenses are premature where a defendant has not yet filed an answer or pleaded affirmative defenses. *See, e.g.*, *It Strategies Group, Inc. v. Allday Consulting Group, Inc.*, Case No. 13-60014-CIV-SCOLA/Snow, 2013 WL 11976702, at *2 (S.D. Fla. July 3, 2012) (finding interrogatory relating to affirmative defenses premature because "Defendants have not yet filed an answer or affirmative defenses"). In some circuits, a defendant need not specifically name affirmative defenses until the summary judgment stage or even the pretrial statement stage of the case. *See, e.g.*, *Barnes v. District of Columbia*, 270 F.R.D. 21, 22-23 (D.D.C. 2010). Defendants are unaware of any federal court which has required a defendant to state its affirmative defenses or the facts in support thereof in response to discovery requests *prior to* the deadline to answer

2

the complaint, and Plaintiffs have not cited to any such authority.

At this point, any identification of affirmative defenses that Defendants *might* plead would be attorney work product and protected from disclosure under the work product doctrine. *See Hickman v. Taylor*, 329 U.S. 495, 510 (1947) ("Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney."). Under Rule 26(b), Plaintiffs are not entitled to discovery of such privileged matter, and the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed R. Civ. P. 26(b)(1), (b)(3)(B).

Further, Plaintiffs' assertions that they "need to know [Defendants'] affirmative defenses, as well as the facts in support, so that Plaintiffs can gather evidence to dispute those defenses and those facts" and that they "need the answers to prepare their expert reports" ring hollow. (*See* ECF No. 265-1 at p. 3; ECF No. 269-1 at p. 3; ECF No. 270-1 at p. 3; ECF No. 274-1 at p. 4; ECF No. 275-1 at p. 4). Plaintiffs have had Defendants' motions to dismiss and motion to strike briefing for over one year. Plaintiffs also have access to the Answers (including affirmative defenses) filed in the *Fusion Elite* matter, Case No. 2:20-cv-02600 (W.D. Tenn.), ECF Nos. 148 and 149. Many of Defendants' theories and defenses should be apparent to Plaintiffs from these filings. Indeed, Plaintiffs were more than capable of serving requests for production of documents and taking depositions in this matter without the benefit of an express statement of Defendants' affirmative defenses and a list of facts in support. Plaintiffs did not even serve the interrogatories at issue until nearly 16 months after filing this lawsuit, with responses scheduled to be due just two weeks before the close of fact discovery. Plaintiffs' insistence that they need the requested information is disingenuous and does not provide a basis for requiring Defendants

to prematurely disclose their affirmative defenses before the time required under the Federal Rules. Plaintiffs will receive notice of Defendants' affirmative defenses at the time required by the Federal Rules and to the level of detail required by the federal pleading standards. Plaintiffs' motions to compel can and should be denied on this basis alone.

    **B. Plaintiffs' Request to Identify All Facts In Support of Defendants' Affirmative Defenses Would Be Overly Broad and Unduly Burdensome Even After the Pleading Deadline.**

Even putting aside the prematurity of Plaintiffs' interrogatories, Interrogatory No. 2—which seeks a list of all facts which support Defendants' affirmative defenses—is overly broad and unduly burdensome. (*See* ECF No. 265-3 at p. 3-4 (objecting to the extent Plaintiffs seek to impose a burden beyond those required by the Federal Rules of Civil Procedure and stating that Varsity will identify the facts supporting its defenses only "to the extent it is required to do so under the Federal Rules"); ECF No. 269-3 at p. 2-3 (same); ECF No. 270-3 at p. 2-3 (same); ECF No. 274-2-4 (same); ECF No. 275-3 at p. 3-4 (same)).

While contention interrogatories are permitted in the Sixth Circuit, "contention interrogatories must typically be narrowly tailored and ask for specific details or legal positions; interrogatories asking for 'all facts' in support of a position have been held to be overly burdensome." *Hedge v. Vought Aircraft Indus., Inc.*, No. 3:05-0831, 2008 WL 11510345, at *6 (M.D. Tenn. Aug. 14, 2008). Courts in this Circuit have characterized the type of broad interrogatories in the vein of Interrogatory No. 2 as "blockbuster interrogatories," which are "understandably met with concern by the courts." *Lillard v. University of Louisville*, Civil Action No. 3:11-cv-554-JGH, 2014 WL 12725816, at *7 (W.D. Ky. Apr. 7, 2014); *see also Grynberg v. Total S.A.*, Civil Action No. 03-cv-01280, 2006 WL 1186836, at *5-7 (D. Colo. May 3, 2006) ("[T]o require Total to first identify each denial of a material allegation and each

4

affirmative defense in its pleadings and then state all material facts supporting the denial or affirmative defense . . . is unduly burdensome as a matter of law and an abuse of the discovery system."); *Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997) ("Whatever may be said for the virtues of discovery and the liberality of the federal rules, which perhaps all courts recognize, there comes at some point a reasonable limit against indiscriminately hurling interrogatories at every conceivable detail and fact which may relate to a case."); *Bovarie v. Schwarzenegger*, Civil No. 08-cv-1661-LAB(NLS), 2011 WL 719206, at *2 (S.D. Cal. Feb. 22, 2011) ("The Court agrees that seeking every fact that underlies every affirmative defense is unduly burdensome.").

At this point, Defendants have not determined which affirmative defenses they will assert or how many. In addition to federal antitrust claims, this case also contains dozens of claims under various state laws, each of which are different, and many of which do not even permit an individual cause of action or provide a basis for class certification. Defendants could potentially have multiple distinct affirmative defenses under each of these different state laws. Moreover, Defendants have collectively produced approximately 150,000 documents, comprising hundreds of thousands, if not over one million, pages of documents. The parties have engaged in dozens of depositions, with additional depositions still to come. Identifying all of the facts which support the affirmative defenses that Defendants might assert in the future would be an insurmountable task and is unduly burdensome.[1] This Court should, like other courts in this Circuit and nationwide, find that Plaintiffs' request for *all* facts which support Defendants'

---

[1] In the event that the Court disagrees with Defendants and orders Defendants to respond to Interrogatory No. 2, Defendants respectfully request that the Court consider the volume of materials at issue in this case and the voluminous nature of Plaintiffs' request in setting any deadline for Defendants to respond to Interrogatory No. 2. Responding to this Interrogatory could easily take hundreds of attorney-hours, and Defendants have already been forced to expend millions of dollars defending Plaintiffs' claims and responding to abusive discovery demands.

5

affirmative defenses to be overly broad and unduly burdensome as a matter of law and deny Plaintiffs' motions to compel.

### C. Plaintiffs' Interrogatories Are In Excess of the Twenty-Five Interrogatories Allotted Under Federal Rule of Civil Procedure 33.

Defendants Webb and USASF additionally object to Interrogatory No. 2 on the basis that Federal Rule of Civil Procedure 33(a)(1) limits each party to no more than 25 interrogatories. Fed. R. Civ. P. 33(a)(1). As the Western District of Tennessee has recognized, "[t]he Advisory Committee Notes explain that '[p]arties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects.'" *Owners Ins. Co. v. KW Real Estate Ventures*, No. 2:19-cv-02581-MSN-cgc, 2020 WL 7480939, at *1 (W.D. Tenn. Dec. 18, 2020) (quoting Fed. R. Civ. P. 33, Advisory Committee Note to 1993 Amendment). *See also Aldridge v. City of Memphis*, No. 05-2966-BV, 2007 WL 9706238, at *2 (W.D. Tenn. July 12, 2007) (same).

Interrogatory No. 2 is, in fact, multiple discrete interrogatories, seeking a list of all facts supporting each affirmative defense that Defendants may raise. Thus, if Defendants raise 25 affirmative defenses, Interrogatory No. 2 would constitute 25 discrete interrogatories. *See Williams v. Serra Chevrolet Automotive, LLC*, Civil Action No. 12-11756, 2013 WL 5447878, at *1-2 (E.D. Mich. Sept. 30, 2013) (denying motion to compel where interrogatory asked for detailed information concerning sixteen separate paragraphs of the complaint on the basis that it "contain[ed] discrete subparts and must be counted as multiple interrogatories"); *ProconGPS, Inc. v. Skypatrol, LLC*, Case No. C 11-3975 SI, 2013 U.S. Dist. LEXIS 47133 (N.D. Cal. Apr. 1, 2013) ("a single interrogatory asking the bases of multiple affirmative defenses should count as separate interrogatories"); *Bovarie*, 2011 WL 719206, at *2 ("An interrogatory that seeks a response as to multiple affirmative defenses is counted as a separate interrogatory for each

6

affirmative defense.").

The issue with the number of interrogatories served by Plaintiffs is aggravated by the interrogatories contained in their Second Sets of Interrogatories to Defendants Webb and USASF. *See* **Exhibits A and B**. Interrogatory No. 1 in the Second Set of Interrogatories to each of Webb and USASF asks "Is Your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: state the number of the request, state all facts upon which You base Your response or contention, state the names, addresses, and telephone numbers of all persons who have knowledge of the facts; and identify all documents and other tangible things that support Your response." *See id.* This itself contains 3 discrete subparts: a request for facts, a request for the identities of persons with knowledge, and a request to identify all documents that support the response.

Further, it refers to a voluminous set of requests for admission. Plaintiffs served 57 requests for admission to Webb, including 11 requests for admission which each sought information about 20 different documents. In other words, Interrogatory No. 1 in the Second Set of Interrogatories to Webb sought information regarding 266 different requests for admission, and then contained 3 subparts related to each of those requests, totaling **798** discrete interrogatories. Plaintiffs served 25 requests for admission to USASF, including 11 requests for admission which each sought information about 155 different documents. Thus, Interrogatory No. 1 in the Second Set of Interrogatories to USASF sought information regarding 1,719 different requests for admission, and then contained 3 subparts related to each of those requests,

totaling **5,157** discrete interrogatories.[2] *See Estate of Fahner ex rel. Fahner v. Cty. of Wayne*, Civil Action No. 08-cv-14344, 2009 WL 4644788, at *2 (E.D. Mich. Dec. 3, 2009) (finding that plaintiff had "effectively turned twenty-seven Requests for Admission into a potential 270 Interrogatories by making an additional ten inquiries for each denied Request for Admission" and striking the extraneous subparts); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) ("Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admission were based . . . essentially transforms each request for admission into an interrogatory.  This is not the purpose requests for admission were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admission that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a)."); *Makeaeff v. Trump University*, Civil No. 10-CV-0940-GPC(WVG), 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be multiplied by the number of RFAs that were not unqualified admissions").

Considering the number of discrete interrogatories contained in Plaintiffs' Second Sets of Interrogatories to Webb and USASF, Plaintiff is far over the twenty-five interrogatory limit, even if Defendants ultimately state fewer than twenty-five affirmative defenses.  The sheer number of interrogatories served in this case is harassing, overly burdensome, and constitutes an abuse of the discovery process.  Plaintiffs' claim that they have "served only a total of seven interrogatories" on USASF and Webb (ECF No. 274-1 at p. 6; ECF No. 275-1 at p. 5) grossly understates the number of interrogatories actually served on these defendants, including discrete

---

[2] The Second Sets of Interrogatories to each Webb and USASF also contained 4 additional interrogatories.

subparts.

The Court should also reject Plaintiffs' claim that "[s]ince there are two named Plaintiffs in the *Jones* action, both Plaintiffs may serve 25 interrogatories on each Defendants, or 50 total against [USASF and Webb]." (ECF No. 274-1 at p. 6; ECF No. 275-1 at p. 6). This is not a situation where one party served one set of interrogatories and another party served a separate, distinct set. Each of the two remaining Plaintiffs, Jessica Jones and Michelle Velotta, propounded both the First Sets of Interrogatories and Second Sets of Interrogatories served on Webb and USASF. (*See* ECF No. 274-3; ECF No. 275-3; **Exhibits A. B, C, and D**). Further, courts have rejected this argument, particularly when one side with multiple parties is represented by the same attorneys. *See, e.g.*, *McCarthy v. PaineWebber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (rejecting as disingenuous the argument of the defendants, who were represented by the same firm, that they were allowed to serve 25 interrogatories a piece); *Allen v. Sch. Bd. for Santa Rosa Cty., Fla.*, No. 3:10CV142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011) (rejecting argument that three defendants could serve 75 interrogatories). Still other courts have found that "even if the interrogatories do not exceed the number permitted by rule, they are abusive" where the interrogatories divide the issues in the case into numerous subparts and demand a list of evidence relevant to each separate subpart. *See Gray v. Price*, 2020 WL 12721645, at *5 (E.D. Mich. Feb. 12, 2020) (quoting *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006)).

The sheer number of interrogatories served on Defendants is abusive and far in excess of the limit under Rule 33. This provides yet another basis for denying Plaintiffs' motion to compel.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motions to compel responses (ECF Nos. 265, 269,

9

270, 274, 275) should be denied.

Dated: April 22, 2022          Respectfully submitted,

/s/ Nicole D. Berkowitz
Grady Garrison (TN #008097)
Nicole D. Berkowitz (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nberkowitz@bakerdonelson.com
aroach@bakerdonelson.com
kglover@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*

/s Matthew S. Mulqueen
George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

10

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Defendants Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC; Charlesbank Capital Partners, LLC; and Bain Capital Private Equity*

s/ Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*
Kiprian E. Mendrygal*
Jennifer McCoy*
Katie Wright*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com
kmendrygal@lockelord.com
Jennifer.mccoy@lockelord.com
Katie.wright@lockelord.com

* Admitted *pro hac vice*

Edward L. Stanton III (TN Bar #018904)
S. Keenan Carter (TN #023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7336
Facsimile: (901) 680-7201

11

Edward.Stanton@butlersnow.com
Keenan.carter@butlersnow.com

*Attorneys for Jeff Webb*

12