# **EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, MICHELLE VELOTTA**, and **CHRISTINA LORENZEN** on Behalf of Themselves and All Others Similarly Situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; JEFF WEBB; CHARLESBANK CAPITAL PARTNERS LLC; and BAIN CAPITAL PRIVATE EQUITY,**<br><br>**Defendants.** | Case No. 2:20-cv-02892-SHL-tmp<br><br>**JURY DEMAND** |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO U.S. ALL STAR FEDERATION**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen hereby request that Defendant U.S. All Star Federation, Inc.("USASF") answer each of the following interrogatories, under oath within 30 days.

**DEFINITIONS**

1.  "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2.  "And" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B." You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

3.  "Any" shall be construed to mean "any and all."

4. "Document" or "Documents" has the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and encompasses all forms of tangible expression, including all ESI or data, and all written, recorded, printed, typed, transcribed, filmed, digitized, or graphic matter and all other tangible things and media upon which any handwriting, typing, printing, computer code, software, drawing, representation, electrostatic or other copy, sound or video recording, magnetic or electrical impulse, visual reproduction or communication is recorded, reproduced or represented, including papers, books, records, correspondence, reports, memoranda, electronic mail (e-mail), text, instant or social media messages, drafts, telegrams, files, telephone logs and messages, cloud storage, hard drives, solid state disks or solid-state drives, removable media, minutes or transcripts of meetings or communications.

5. "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent, or other Person who is or was employed by USASF.

6. "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group, or other form of legal entity.

7. "State" means to express something clearly in writing.

8. "You," "Your," or "Your company" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, together with all present and former directors, officers, Employees, agents, representatives, or any Persons acting or purporting to act on behalf of the responding Defendant.

## INSTRUCTIONS

1. The Definitions above are provided only for purposes of discovery, in conformance with Rule 33 of the Federal Rules of Civil Procedure and are not intended to be used for any purpose other than discovery. Plaintiffs reserve the right to modify these Definitions or utilize different Definitions for any other purpose.

2. The terms defined above, and the individual interrogatories are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3. All words not defined in the Definitions shall be construed using their plain and ordinary meaning. If more than one meaning can be ascribed to a word, the meaning that would make a document be covered by the interrogatories should be used, unless You provide written notice of the specific ambiguity.

4. In answering and responding to these interrogatories, You shall furnish such information and Documents in Your possession, custody or control, including information that is in the possession, custody or control of Your agents, consultants, accountants, investigators, and (subject to any otherwise applicable privileges) attorneys.

5. Each interrogatory herein shall be construed independently. No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request. Where the context in an interrogatory makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.

6. Your obligation to respond to these interrogatories is a continuing one. If, after responding to these interrogatories, You obtain or become aware of any new or additional information pertaining to an interrogatory contained herein, You must supplement Your answer in accordance with Federal Rules of Civil Procedure 26 and 33.

7. Unless otherwise noted herein, the relevant time period for these interrogatories is January 1, 2012, to June 30, 2020 (the "Relevant Time Period").

8. If You answer any interrogatory by reference to business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure and as the term "business record" is defined under the Federal Rules of Evidence, produce the business records and identify such documents by Bates number, as well as the name of the Employee certifying the Documents as business records for purposes of answering the interrogatory.

9. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to. If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire interrogatory or to a part of the interrogatory shall be stated in accordance with Rule 33 of the Federal Rules of Civil Procedure. If there is an objection to any part of an interrogatory, then the part objected to should be identified and information responsive to the remaining unobjectionable part should be timely provided. Further, if You object to part of an interrogatory, You must state the basis of Your objections in accordance with Rule 33.

10. To the extent that you elect to produce Documents in response to any of the interrogatories, any such production shall be accompanied by a transmittal letter that includes the case caption; production volume name; encryption method/software used; and passwords for any password protected files.

11. The responses are to be signed by the Person making them and the objections signed by the attorney making them.

12. Each interrogatory, and each subpart thereof, shall be separately set forth verbatim in Your response and accorded a separate answer.

13. No part of an interrogatory shall be left unanswered merely because an objection was interposed to another part of the interrogatory.

14. If You object to any interrogatory or subpart thereof, the objection shall state with specificity all grounds for the objection. Any ground not stated shall be waived.

15. If You are unable to answer any interrogatory, the reasons for Your inability to answer shall be separately stated in detail for each interrogatory. Failure to provide information in response to these interrogatories will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these interrogatories.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

State each affirmative defense to the claims against You.

**INTERROGATORY NO. 2:**

State each fact which supports each affirmative defense stated in response to Interrogatory No. 1.

| | |
|---|---|
| Dated: March 3, 2022 | By:  */s/ Joseph R. Saveri*  <br>  Joseph R. Saveri |

Joseph R. Saveri*
Steven N. Williams*
Kevin R. Rayhill*
Ronnie Seidel Spiegel*+
Elissa A. Buchanan*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
    swilliams@saverilawfirm.com
    rspeigel@saverilawfirm.com
    eabuchanan@saverilawfirm.com
    krayhill@saverilawfirm.com

Van Turner (TN Bar No. 22603)
**BRUCE TURNER, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Email: vturner@bruceturnerlaw.net

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
    dhedlund@gustafsongluek.com
    dnordin@gustafsongluek.com
    lwang@gustafsongluek.com

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Email: rick@paulllp.com
      sean@paulllp.com
      ashlea@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
Email: hartley@hartleyllp.com

*Admitted pro hac vice*

+*Located in Washington State*

*Attorneys for Individual and Representative Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2022, I served a copy of the foregoing document via email on the counsel listed below.

                                                      */s/ Ruby Vazquez-Ponce*
                                                      Ruby Vazquez-Ponce

| | |
|---|---|
| George S. Cary<br>Steven J. Kaiser<br>Jennifer K. Park<br>Linden Bernhardt<br>**CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>2112 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>gcary@cgsh.com<br>skaiser@cgsh.com<br>jkpark@cgsh.com<br>lbernhardt@cgsh.com<br><br>Heather Nyong'o<br>**CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>1841 Page Mill Road<br>Palo Alto, CA 94304<br>hnyongo@cgsh.com<br><br>*Attorneys for Charlesbank Capital Partners, LLC; Varsity Brands, LLC; Bain Capital Private Equity; and Varsity Spirit Fashions & Supplies*<br><br><br>Paul Coggins<br>Brendan Gaffney<br>Kip Mendrygal<br>Jennifer M McCoy<br>**LOCKE LORD LLP**<br>2200 Ross Avenue, Suite 2800<br>Dallas, TX 75201<br>pcoggins@lockelord.com<br>bgaffney@lockelord.com<br>kmendrygal@lockelord.com<br>jennifer.mccoy@lockelord.com | Matthew S. Mulqueen<br>Adam S. Baldridge<br>**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**<br>165 Madison Avenue, Suite 2000<br>Memphis, TN 38103<br>Phone: (901) 526-2000<br>Fax: (901) 577-0866<br>mmulqueen@bakerdonelson.com<br>abaldridge@bakerdonelson.com<br><br>*Attorneys for Charlesbank Capital Partners, LLC; Varsity Brands, LLC; Bain Capital Private Equity; and Varsity Spirit Fashions & Supplies*<br><br>Grady Garrison<br>Nicole D. Berkowitz<br>James Andrew Roach<br>**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**<br>165 Madison Avenue, Suite 2000<br>Memphis, TN 38103<br>Phone: (901) 526-2000<br>Fax: (901) 577-0866<br>ggarrison@bakerdonelson.com<br>nberkowitz@bakerdonelson.com<br>aroach@bakerdonelson.com<br><br>*Attorneys for U.S. All Star Federation, Inc.* |

Edward L. Stanton III
**BUTLER SNOW LLP**
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Edward.Stanton@butlersnow.com

*Attorneys for Jeff Webb*