```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
_____
                               )
JESSICA JONES, et al.,         )
                               )
                               )
     Plaintiffs,               )
                               )
v.                             )
                               )   No. 20-cv-02892-SHL-tmp
VARSITY BRANDS, LLC, et al.,   )
                               )
                               )
     Defendants.               )
_____

          ORDER DENYING PLAINTIFFS' MOTIONS TO COMPEL RESPONSES TO
                      INTERROGATORIES BY ALL DEFENDANTS
_____
```

Before the court are plaintiffs' five Motions to Compel Responses to Interrogatories by defendants Bain Capital Private Equity ("Bain"); Charlesbank Capital Partners, LLC ("Charlesbank"); Jeff Webb; U.S. All Star Federation, Inc. ("USASF"); and all Varsity defendants. (ECF Nos. 265, 269, 270, 274, 275.) The five motions were filed between April 12 and 14, 2022. (Id.) All defendants jointly filed a response on April 22, 2022. (ECF No. 286.) For the reasons below, all motions are DENIED without prejudice.

## I.    BACKGROUND

The present case involves antitrust claims brought against Varsity Brands, LLC, its affiliated brands and companies, and its

prior and present owners.[1] In brief, the plaintiffs allege that the defendants conspired to and did in fact form a monopoly over the cheerleading industry in the United States. The plaintiffs filed their complaint on December 10, 2020, seeking class certification, damages, and injunctive relief. (ECF No. 1.) On March 12, 2021, all of the defendants jointly filed a motion to strike class allegations from the complaint, (ECF No. 55), and separately filed motions to dismiss. (ECF Nos. 57, 58, 59, 60.) These motions remain pending. On December 16, 2021, the court entered an Amended Scheduling Order, which extended the close of fact discovery to April 18, 2022. (ECF No. 177.)

On March 3, 2022, plaintiffs served their First Sets of Interrogatories on defendants Bain, Charlesbank, USASF, and Webb, and their Second Set of Interrogatories on the Varsity defendants. (ECF No. 286 at 1.) Each set consisted of the following interrogatories:

- **Interrogatory No. 1:** State each affirmative defense to the claims against You.

---

[1] Two other related cases are currently proceeding before U.S. District Judge Sheryl Lipman: Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al., 2:20-cv-02600-SHL-tmp (W.D. Tenn. Aug. 13, 2020) ("Fusion") and American Spirit and Cheer Essentials Inc., et al. v. Varsity Brands, LLC, et al., 2:20-cv-02782-SHL-tmp (W.D. Tenn. Jul. 24, 2020) ("American Spirit").

- **Interrogatory No. 2:** State each fact which you contend supports each affirmative defense You stated in response to Interrogatory No. 1.

(ECF Nos. 265, 269, 270, 274, 275.) On April 4, each defendant served its responses and objections to the interrogatories. (ECF No. 286 at 1.) Defendants argued the interrogatories are premature because defendants are not required to file a responsive pleading while the motion to strike and motions to dismiss remain pending. (ECF No. 286 at 1.) All defendants further objected to the interrogatories on the basis that they call for attorney work product and that Interrogatory No. 2 is overly broad and unduly burdensome. (Id.) Defendants Webb and USASF argue that because Interrogatory No. 2 contains multiple discrete subparts, plaintiffs have exceeded the twenty-five-interrogatory limit set forth in Federal Rule of Civil Procedure 33. (Id.) Plaintiffs' present motions ask the court to compel defendants' responses to those interrogatories.

## II.  ANALYSIS

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc.,

No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio Jun. 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Plaintiffs state that they "need to know Defendants' affirmative defenses, as well as the facts in support, so that Plaintiffs can gather evidence to dispute those defenses and those facts. Plaintiffs also need the answers to prepare their expert reports which are due on May 18, 2022." (ECF No. 265-1 at 3) (internal citations omitted). Plaintiffs argue that defendants' objection that the interrogatories seek information that they are not required to provide prior to filing an answer is without merit because "[this] objection has already been rejected by the Court

in multiple prior orders holding that discovery has not been stayed pending the motions to dismiss for any party[.]" (ECF No. 265-1 at 4.) The court has indeed expressed a reluctance to stay discovery in prior orders. However, declining to compel discovery here does not constitute a stay. A discovery stay is based solely on the discretion of the court; however, the situation at bar deals with the parties' obligations under the federal rules.

Federal Rule of Civil Procedure Rule 8(c) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. . . ." However, defendants' filing of their motion to strike and motions to dismiss tolled the time period for filing responsive pleadings. Fed. R. Civ. P. 12(a)(4). Under Rule 12(a)(4), a responsive pleading need only be filed "if the court denies the [Rule 12] motion or postpones its disposition until trial[,] in which case, the responsive pleading must be served within 14 days after notice of the court's action . . . ." Id. Here, neither triggering event has occurred; the court has not denied the motions to dismiss or stated that it will postpone its disposition until trial.

Plaintiffs fail to provide any legal basis to support their request to compel defendants to identify the affirmative defenses that they *may* bring before the federal rules require them to do so. In essence, what the plaintiffs are asking is for the court to require defendants to state what affirmative defenses they are

-5-

thinking about bringing. Ordering defendants to reveal their legal strategy earlier than the Rules necessitate at the very least raises questions as to whether that information would be considered attorney work product, and thus protected from production. Fed. R. Civ. P. 26(b)(1), (b)(3)(B). Therefore, the undersigned finds plaintiffs' motions to be premature and denies them without prejudice.

### III. CONCLUSION

For the reasons stated above, plaintiffs' motions are DENIED without prejudice.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 25, 2022
Date