**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>          Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |
| **JONES**, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>**BAIN CAPITAL PRIVATE EQUITY**, et al.,<br><br>          Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |

**JOINT PLAINTIFFS' MOTION TO MODIFY EXPERT DISCOVERY DEADLINES AND SUPPORTING MEMORANDUM OF LAW**

**MOTION**

COME NOW Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro (collectively, "Fusion Elite Plaintiffs") and Plaintiffs Jessica Jones and Christina Lorenzen (collectively, "Jones Plaintiffs") ("Fusion Elite Plaintiffs" and "Jones Plaintiffs" together, "Plaintiffs") individually and on behalf of all others similarly situated, move this Court for an order modifying the expert discovery deadlines previously established by this Court's December 16, 2021 Amended Scheduling Order (ECF No. 177). Plaintiffs' Motion does not propose to move any filing deadline with the Court, nor will it prejudice

1

any party. The American Spirit Plaintiffs support the relief sought by this Motion to the extent it is granted without prejudice and unrelated to their separate extension motion.[1] Plaintiffs reached out to Defendants regarding this request on Friday, April 22nd.[2] Counsel for Defendant Jeff Webb indicated that Mr. Webb does not oppose this Motion.[3] Counsel for the other Defendants have failed to respond.

Specifically, Plaintiffs move this Court for an order amending the current deadlines set for expert discovery as follows:

| Deadline | Current Date | Proposed Date |
| --- | --- | --- |
| Opening Expert Reports | May 18, 2022 | June 27, 2022 |
| Opposing Expert Reports | July 13, 2022 | August 22, 2022 |
| Rebuttal Expert Reports | September 12, 2022 | October 19, 2022 |
| Expert Witness Depositions | October 12, 2022 | November 11, 2022 |

This Motion seeks to modify only the dates identified above and seeks to leave the remainder of the dates in the Amended Scheduling Order unaffected, including the dates for class motions and *Daubert* briefs which would continue to be due November 16. ***No filing deadlines with the Court would move under this proposal***.

## MEMORANDUM OF POINTS AND AUTHORITIES

In support of their Motion, Plaintiffs state as follows:

1.      The Scheduling Orders previously entered by this Court provide that fact discovery and depositions must be completed in all Related Actions by April 18, 2022.[4] The Scheduling Orders set the deadline for opening expert reports as May 18, 2022—with opposing expert reports

---

[1] *See* **Exhibit A**, Apr. 22, 2022 E-mail from R. Falanga to E. Cramer, et al.
[2] *See* **Exhibit B**, Apr. 22, 2022 E-mail from E. Cramer to S. Kaiser, et al.
[3] *See* **Exhibit C**, Apr. 25, 2022 E-mail from P. Coggins to E. Cramer et al.
[4] No. 2:20-cv-2600-SHL-tmp (W.D. Tenn. Dec. 16, 2021), ECF No. 177; No. 2:20-cv-02892-SHL-tmp (W.D. Tenn. Dec. 16, 2021), ECF No. 175.

due July 13, 2022, and rebuttal expert reports due on September 12, 2022.[5] The Scheduling Orders set the deadline to complete expert witness depositions as October 12, 2022 and for motions for class certification and under Fed. R. Evid. 702/*Daubert* Motions as November 16, 2022.[6] This Court's Order allows these deadlines to be modified under extraordinary circumstances.[7]

2.     The basis for the requested extension is that Plaintiffs' experts currently do not have adequate time to incorporate certain documentary (including data) and deposition evidence into their reports and analyses, because important data productions and depositions were either completed recently or are still ongoing. For example, a substantial portion of Defendants' documents and data was produced or disclosed at the very end of the fact discovery period, *i.e.*, within the last few weeks. And important third-party data that Plaintiffs anticipate will soon be produced has yet to be produced. Moreover, many key depositions (including that of Mr. Webb, the former founder and CEO of Varsity) have yet to be accomplished and will continue through May 18, the current opening expert report deadline.

3.     The ongoing depositions and production of documents and data, which will continue up until the current deadline for expert reports, as well as the experts' need to incorporate and analyze depositions and productions that are still ongoing constitute extraordinary circumstances. Federal Rule of Civil Procedure 16(b)(4) permits the Court to amend or modify pretrial scheduling orders for good cause. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus., Inc*., 426 F.3d 824, 830 (6th Cir. 2005) (internal quotation marks and citations omitted).

---

[5] *Id*.
[6] *Id*.
[7] *Id*.

4.      An extension is especially appropriate where Plaintiffs' experts will not have sufficient time to prepare their reports if an extension is not granted. *See*, *e.g.*, *Ruiz v. Bueno*, No. 12-cv-0809, 2014 WL 347041, at *3 (S.D. Ohio Jan. 30, 2014) (finding that plaintiffs would be prejudiced if an extension was not granted where experts would not have time to obtain necessary information needed to make expert disclosures); *Heisler v. Maxtor Corp.*, No. 06-cv-06634, 2011 WL 1496114, at *3 (N.D. Cal. Apr. 20, 2011) (granting extension of due date for expert report where expert report was highly relevant to the analysis of plaintiffs' claims and the defendant was not prejudiced by the extension).

5.      Plaintiffs have been diligent in attempting to meet the case management order's deadlines for fact and expert discovery to date. Plaintiffs have taken thirty-seven depositions of Defendants' current and former employees pursuant to Fed. R. Civ. P. 30(b)(1), seven depositions of Defendants' corporate representatives pursuant to Fed. R. Civ. P. 30(b)(6), and one deposition of an Independent Event Producer unrelated to any of the Defendants in this case. Plaintiffs have made all efforts to schedule depositions prior to the close of fact discovery and have only scheduled depositions later to accommodate Defense Counsel or in light of Defendants' late productions. Plaintiffs have also defended ten depositions of proposed class representatives. Plaintiffs filed Motions to Compel against Defendants in May 2021, September 2021, and April 2022, and have continuously followed up on missing portions of Defendants' productions. But even with Plaintiffs' best efforts, Defendants still only completed their productions just before the close of fact discovery. Plaintiffs also filed two Motions to Compel discovery from third parties, prior to deadline for the close of fact discovery, beginning in July 2021.

6.      In short, Defendants completed their productions and provided necessary information just before the close of fact discovery, and discovery (both documentary and

depositions) remains ongoing. Plaintiffs will therefore be prejudiced if the requested relief is not granted.

7.      Defendants Varsity, Bain, Charlesbank, and Jeff Webb have together made over a dozen separate productions of documents totaling over 93,500 documents—and comprising over a third of Defendants' total productions in this case—during the month of April alone. *See* Varsity (Cota production; VAR038; VAR039); USASF (USASF_007); Bain (BAIN003, BAIN004); Charlesbank (CB003, CB004, CB005, CB006, CB007, CB008); Webb (WEBB-IPP-004). One of those productions was that of former Varsity employee Marlene Cota, who Plaintiffs subpoenaed on November 3, 2021, and whose subpoena was subject to a Motion to Quash before Chief Magistrate Pham[8] and an Appeal to this Court,[9] which Appeal this Court denied, ordering the documents produced on April 1, 2022.[10]  In addition, Jones Plaintiffs only received the bulk of Charlesbank and Bain documents on April 1, 2022, leaving Plaintiffs and their experts little time to analyze and incorporate these productions into depositions and expert reports.[11]

8.      Varsity only recently provided answers to long-ago propounded questions relating to its transactional data productions. Fusion Elite Plaintiffs sent Varsity a letter on February 1, 2022 outlining certain concerns and questions regarding the scope and completeness of Varsity's production of transactional data.[12] Varsity waited two weeks before responding only that it would

---

[8] No. 2:20-cv-2600-SHL-tmp (W.D. Tenn. Dec. 27, 2021), ECF No. 178.
[9] No. 2:20-cv-2600-SHL-tmp (W.D. Tenn. Feb. 11, 2022), ECF No. 198.
[10] No. 2:20-cv-2600-SHL-tmp (W.D. Tenn. Apr. 1, 2022), ECF No. 229.
[11] While the Court ordered Defendants in the Jones Action, Charlesbank and Bain, to produce documents in that action on December 13, 2021, the bulk of that discovery was only substantially completed on April 1, 2022, leaving Plaintiffs' experts with a sparse amount of time to cull the resulting 90,000 documents produced. *See* No. 2:20-cv-02892-SHL-tmp (W.D. Tenn. Dec. 13, 2021), ECF No. 174 (Jones, Order Granting in Part and Denying in part Plaintiffs' Motion to Compel Discovery Responses from Defendants Bain Capital Private Equity and Charlesbank Capital Partners, LLC).
[12] *See* **Exhibit D**, Feb. 1, 2022 Ltr. from V. Sims to S. Kaiser.

not discuss or answer questions relating to the data it produced.[13] On February 18, 2022, Fusion Elite Plaintiffs sent Varsity a second letter identifying a smaller subset of the previously issued data questions for which Fusion Elite Plaintiffs requested a more immediate response.[14] On February 22, 2022, Varsity responded simply that it "is not in a position to engage in 'informal' discovery."[15] On March 2, 2022, Fusion Elite Plaintiffs served a formal deposition notice on Varsity pursuant to Fed. R. Civ. P. 30(b)(6) addressing these same data questions.[16] On March 15, 2022, Varsity designated Landon Craft to testify on behalf of Varsity on the topics set out in the Notice.[17] During the deposition, which took place on April 8, 2022, Fusion Elite Plaintiffs' counsel questioned Mr. Craft regarding the completeness of Varsity's data productions, and the types of data that Varsity did not produce to Plaintiffs. Following revelations during the course of the deposition and additional follow-up correspondence from Fusion Elite Plaintiffs' counsel after the deposition,[18] Varsity waited until three days prior to the fact discovery deadline to provide information about Varsity's data that was necessary for Plaintiffs' expert to understand and incorporate Varsity's data production in their analyses of this case.[19]

9.     Furthermore, many key depositions (including that of Mr. Webb, the former founder and CEO of Varsity) have yet to be accomplished and will continue through May 17.

10.     On March 16, 2022, the Court entered an Order Granting the Jones Plaintiffs' and Defendants' (1) Joint Motion to Permit the Deposition of Defendant Jeff Webb to be Taken After

---

[13] *See* **Exhibit E**, Feb. 14, 2022 E-mail from S. Kaiser to V. Sims et al.
[14] *See* **Exhibit F**, Feb. 18, 2022 Ltr. from M. Suter to S. Kaiser.
[15] *See* **Exhibit E**, Feb. 22, 2022 E-mail from S. Kaiser to M. Suter et al.
[16] *See* **Exhibit G**, Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) of Defendants Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC (Mar. 2, 2022).
[17] *See* **Exhibit H**, Mar. 15, 2022 Ltr. from M. Mulqueen to M. Suter.
[18] *See* **Exhibit I**, Apr. 11, 2022 E-mail from M. Suter to M. Mulqueen.
[19] *See* **Exhibit I**, Apr. 15, 2022 E-mail from M. Mulqueen to M. Suter.

the Close of Fact Discovery and (2) Joint Motion to Permit the Deposition of Current and Former Employees of Bain Capital Private Equity, LP, and Charlesbank Capital Partners, LLC, Jones et al. v. Varsity Brands LLC, et al.[20] The Court's Order requires the deposition of Mr. Webb to be taken no later than May 13, 2022 and requires the depositions of former Bain and Charlesbank employees to be taken no later than May 7, 2022. *Id.* at 2. Six depositions of former Bain and Charlesbank employees are scheduled to take place between now and May 6, 2022. The deposition of Mr. Webb—a key witness in both cases as Varsity's founder and former CEO—is currently scheduled to take place May 12-13.

11.    On April 22, 2022, the Court granted Fusion Elite Plaintiffs' Motion to Allow Plaintiffs to Depose Non-Parties Goldman Sachs & Co., LLC and Jefferies LLC between April 19, 2022 and May 13, 2022.[21] Those depositions are both currently scheduled to take place in early May.

12.    The deposition of David Owens, the owner of the event producer Rockstar, a plaintiff in *American Spirit*, and a third-party witness in *Jones* and *Fusion Elite* is going forward on May 17, 2022, pursuant to this Court's Order Granting the Parties' Joint Motion to Permit the Deposition of Plaintiffs After the Close of Fact Discovery.[22]

13.    Plaintiffs have been diligent in pursuing third-party discovery but anticipate receiving additional third-party productions within the next month that Plaintiffs' experts will seek to incorporate into their analyses.

14.    On April 20, 2022, the Court granted in part Fusion Elite Plaintiffs' Motion to Compel Nfinity Athletic LLC ("Nfinity") to Comply with Subpoena Duces Tecum ordering

---

[20] No. 2:20-cv-02892-SHL-tmp (W.D. Tenn. Mar. 16, 2022), ECF No. 211.
[21] No. 2:20-cv-02600-SHL-tmp (W.D. Tenn. Apr. 22, 2022), ECF No. 250.
[22] No. 2:20-cv-02782-SHL-tmp (W.D. Tenn. Mar. 23, 2022), ECF No. 188.

Nfinity to produce transactional data relating to its Apparel business by May 18, 2022.[23] In its Order, the Court found that Fusion Elite Plaintiffs had presented evidence of a need for the transactional data and "that their expert requires this data in order to conduct analyses necessary to prove their theory of the case."[24] The Court did not alter any scheduling deadlines in its Order but stated that "this order does not bar Fusion Elite from filing a motion to extend the Scheduling Order's deadlines."[25]

15.    Fusion Elite Plaintiffs are also awaiting a ruling on their Motion to Compel Rebel Athletic, Inc. ("Rebel") to Comply with Subpoena Duces Tecum, which was filed on April 21, 2022 and seeks similar transactional data from Rebel.[26] Fusion Elite Plaintiffs initially filed their Motion to Compel against Rebel on July 9, 2021 in the Northern District of Texas, along with a Motion to Transfer it to the Western District of Tennessee.[27] That Motion was transferred from the Northern District of Texas to the Western District of Tennessee on December 3, 2021,[28] and has, since that time, been *sub judice*. On April 21, 2022, Fusion Elite Plaintiffs filed a motion seeking a hearing on that Motion to Compel.[29] As with the Nfinity transactional data that Fusion Elite Plaintiffs will receive next month, Fusion Elite Plaintiffs' expert has provided a declaration stating that Rebel's data is necessary to his analysis of the All Star Apparel market.[30]

16.    As indirect purchasers, Jones Plaintiffs seek to support their allegations of the pass through of the alleged overcharges in three relevant markets (cheer competitions, cheer camps,

---

[23] No. 2:22-cv-02226-SHL-tmp (W.D. Tenn. Apr. 20, 2022), ECF No. 17 at 15-16.
[24] *Id.* at 15.
[25] *Id.* at 17.
[26] No. 2:21-mc-00028-SHL-tmp (W.D. Tenn. Apr. 21, 2022), ECF No. 35.
[27]  No. 2:21-mc-00028-SHL-tmp (W.D. Tenn. July 9, 2021), ECF No. 1.
[28] No. 2:21-mc-00028-SHL-tmp (W.D. Tenn. Dec. 3, 2021), ECF No. 20.
[29] No. 2:21-mc-00028-SHL-tmp (W.D. Tenn. Apr. 21, 2022), ECF No. 35.
[30] No. 2:21-mc-00028-SHL-tmp (W.D. Tenn. July 9, 2021), ECF No. 3, Ex. 5.

and cheer apparel). Jones Plaintiffs have served more than 75 subpoenas on non-party All-Star gyms, seeking data and information relevant to this pass-through analysis and which will specifically be considered by Plaintiffs' experts in formulating their reports. Jones Plaintiffs have diligently pursued the data and information sought; however, some gyms have been slower to respond, with some data still being received.

17.     Without sufficient time to analyze the late-produced and ongoing document and data productions and depositions, Plaintiffs' experts may not be able to fully incorporate the incoming testimony, documents and data into their expert reports. Given Plaintiffs' diligence in seeking the information, Plaintiffs will be unfairly prejudiced if they are not granted the requested relief.

18.     For the above reasons, Plaintiffs respectfully request that for good cause shown and under the extraordinary circumstances presented here, the Court issue an order extending the expert discovery deadlines accordingly. Without such extension, Plaintiffs will be prejudiced as they may not have sufficient time to analyze and incorporate the information needed to make full expert disclosures and reports. A proposed order granting this relief is being emailed to the Court.

Dated: April 26, 2022

Respectfully submitted,

By: */s/ Benjamin A. Gastel*
    J. Gerard Stranch, IV (TN BPR #23045)
    Benjamin A. Gastel (TN BPR #28699)
    BRANSTETTER, STRANCH &
    JENNINGS, PLLC
    223 Rosa Parks Ave. Suite 200
    Nashville, TN 37203
    Telephone: (615) 254-8801
    gerards@bsjfirm.com
    beng@bsjfirm.com

    *Liaison Counsel for Plaintiffs and the*
    *Proposed Direct Purchaser Class*

    H. Laddie Montague, Jr.*
    Eric L. Cramer*
    Michael J. Kane*
    Mark R. Suter*
    BERGER MONTAGUE PC
    1818 Market Street, Suite 3600
    Philadelphia, PA 19106
    Telephone: (215) 875-3000
    hlmontague@bm.net
    ecramer@bm.net
    mkane@bm.net
    msuter@bm.net

    Jonathan W. Cuneo*
    Victoria Sims*
    CUNEO GILBERT & LADUCA LLP
    4725 Wisconsin Avenue NW, Suite 200
    Washington, DC 20016
    Tel: (202) 789-3960
    jonc@cuneolaw.com
    vicky@cuneolaw.com

    Karin E. Garvey*
    Gregory S. Asciolla*
    Veronica Bosco*
    DICELLO LEVITT GUTZLER
    One Grand Central Place
    60 East 42nd Street, Suite 2400
    New York, NY 10165
    Tel: (646) 933-1000
    kgarvey@dicellolevitt.com

10

gasciolla@dicellolevitcom
vbosco@dicellolevitt.com

* Admitted pro hac vice

*Interim Co-Lead Counsel for the Proposed
Direct Purchaser Class*

Benjamin D. Elga*
JUSTICE CATALYST LAW, INC.
81 Prospect Street
Brooklyn, NY 11201
Tel: (518) 732-6703
belga@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
FINE KAPLAN AND BLACK, R.P.C
One South Broad St., 23rd Floor
Philadelphia PA 19107
Tel: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
BURCH, PORTER, & JOHNSON, PLLC
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
NEAL & HARWELL, PLC
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Additional Counsel for Plaintiffs and the
Proposed Direct Purchaser Class*

\* Admitted pro hac vice

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101

Telephone: (619) 400-5822
hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
David A Goodwin*
Ling Shan Wang*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
dgoodwin@gustafsongluek.com
lwang@gustafsongluek.com

* Admitted pro hac vice

+Located in Washington State

*Attorneys in the Jones Action for Individual
and Representative Plaintiffs*

## <u>CERTIFICATE OF CONSULTATION</u>

The undersigned hereby certifies that on this the 22nd day of April, 2022, counsel for Plaintiffs consulted via electronic mail with counsel for Defendants[31] regarding their position on the forgoing motion. Counsel for Defendant Jeff Webb indicated that Mr. Webb does not oppose this Motion. Counsel for the other Defendants have failed to respond.

*/s/ Benjamin A. Gastel*
Benjamin A. Gastel

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 26th day of April, 2022, the foregoing was filed electronically. Notice of this filing will be sent by way of the Court's CM/ECF electronic filing system and/or via U.S. Mail, prepaid postage, to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ Benjamin A. Gastel*
Benjamin A. Gastel

---

[31] *See* **Exhibit B**, Apr. 22, 2022 E-mail from M. Cramer to Stephen J. Houck, Bennah Kobelah, Robert Falanga, Ashleiah Jensen, Joseph Saveri, Elissa A. Buchanan, Steven Kaiser, Michael Kane, Kevin Rayhill, Nicole Berkowitz, Grady Garrison, Paul Coggins

14