# EXHIBIT I

## Nicole Vandewalker

| | |
|---|---|
| **From:** | Mark R. Suter <msuter@bm.net> |
| **Sent:** | Tuesday, April 26, 2022 4:35 PM |
| **To:** | Alyson Beridon; Nicole Vandewalker |
| **Subject:** | Fwd: Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al., 2:20-cv-02600 (W.D. Tenn.) |

Begin forwarded message:

**Mark R. Suter** / *Associate*

215.875.3021   201.647.6525



1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

**From:** "Eric L. Cramer" <ecramer@bm.net>
**Date:** April 15, 2022 at 8:10:11 PM EDT
**To:** Kathryn Kaduck <kkaduck@econone.com>, "Hal J. Singer - Econ One Research, Inc. (hsinger@econone.com)" <hsinger@econone.com>, "Mark R. Suter" <msuter@bm.net>
**Subject: Fwd: Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al., 2:20-cv-02600 (W.D. Tenn.)**

**Eric L. Cramer** / *Chairman*

215.875.3009   215.327.9583

 

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

**From:** Mulqueen, Matt <mmulqueen@bakerdonelson.com>
**Sent:** Friday, April 15, 2022 6:05:23 PM
**To:** Mark R. Suter <msuter@bm.net>; George Cary <gcary@cgsh.com>; skaiser@cgsh.com <skaiser@cgsh.com>; Haynes, Savannah <shaynes@cgsh.com>; hnyongo@cgsh.com <hnyongo@cgsh.com>; Baldridge, Adam <abaldridge@bakerdonelson.com>; Garrison, Grady <ggarrison@bakerdonelson.com>; Riccio, Nicole <NRiccio@bakerdonelson.com>
**Cc:** Eric L. Cramer <ecramer@bm.net>; Michael Kane <mkane@bm.net>; Joshua P. Davis <jdavis@bm.net>; Vicky Sims <Vicky@cuneolaw.com>; 'kgarvey_dicellolevitt.com' <kgarvey@dicellolevitt.com>; Veronica Bosco <vbosco@dicellolevitt.com>
**Subject:** RE: Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al., 2:20-cv-02600 (W.D. Tenn.)

Mark,

Thank you for your email. The parties spent several months negotiating the scope of Varsity's production of data in response to Plaintiffs' requests for production. Those negotiations included Varsity providing, at Plaintiffs' request, a sample of the format for transactional data that Varsity was willing to produce as part of an overall compromise on the scope of production. *See* Feb. 16, 2021 Email from Steve. J. Kaiser with attached sample data. The parties eventually agreed that Varsity's production of transactional data in the format Varsity had provided to Plaintiffs would close out Varsity's production in response to Plaintiffs' data requests.

Regarding your contention that certain "participant fields were not included in the reports that were produced to Plaintiffs as part of the Nationals tabs in VAR0043989-92 and VAR00010122-23," such fields were not part of the form of data production agreed upon by the parties. Moreover, your assertion is incorrect. The Nationals (i.e., packaged events) tabs found in VAR0043989-92 and VAR00010122-23 contain all participant fields available in the AS400 system (Participant, Sponsor, Family) for the years 2011-2016. At the portion of the transcript you cite, Mr. Craft was testifying about Exhibit 9 to his deposition (VAR00010125), which contains transactional data for packaged and non-packaged events from Salesforce for 2018. Mr. Craft's testimony regarding participant data not found in that file pertains only to packaged event data found in Salesforce for 2017-2020 (i.e. the data reflected in VAR00010124-27). And Varsity has already produced the participant data available in Salesforce for 2017-2020 packaged All Star events. *See* VAR00604983-86. That should resolve any issue Plaintiffs have regarding such data.

As to your contention that "Mr. Craft testified that Varsity did not produce to Plaintiffs any data corresponding to 'do not use' customer types," Mr. Craft actually stated that he did not know what documents Varsity produced to Plaintiffs. *See* Craft Rough Tr. 124:5-6. In any event, Mr. Craft testified that the documents identified in Topic 106 of Plaintiffs' Rule 30(b)(6) Notice reflected All Star Customer Types. *See id.* 56-59. That is because the *Fusion Elite* case concerns only All Star cheerleading. The "do not use" (reflected as "DN" in the underlying data) Customer Type that Mr. Craft mentioned in his deposition is not limited to All Star cheerleading. We are not currently aware of any way--aside from a manual transaction-by-transaction review--to isolate DN Customer Types associated with All Star cheerleading. We are continuing to look at this issue and will follow up with our position on your request for this data, and otherwise reserve our rights and objections in response to Plaintiffs' requests for production.

Regards,

**Matthew S. Mulqueen**
Shareholder
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Direct Dial: (901) 577-8234
Direct Fax: (901) 577-0843
E-mail:  mmulqueen@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, South Carolina, Tennessee, Texas, Virginia, and Washington, D.C.

> **From:** Mark R. Suter <msuter@bm.net>
> **Sent:** Monday, April 11, 2022 8:08 AM
> **To:** George Cary <gcary@cgsh.com>; skaiser@cgsh.com; Haynes, Savannah <shaynes@cgsh.com>; hnyongo@cgsh.com; Mulqueen, Matt

<mmulqueen@bakerdonelson.com>; Baldridge, Adam <abaldridge@bakerdonelson.com>; Garrison, Grady <ggarrison@bakerdonelson.com>; Riccio, Nicole <NRiccio@bakerdonelson.com>
**Cc:** Eric L. Cramer <ecramer@bm.net>; Michael Kane <mkane@bm.net>; Joshua P. Davis <jdavis@bm.net>; Vicky Sims <Vicky@cuneolaw.com>; 'kgarvey_dicellolevitt.com' <kgarvey@dicellolevitt.com>; Veronica Bosco <vbosco@dicellolevitt.com>
**Subject:** Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al., 2:20-cv-02600 (W.D. Tenn.)

Counsel,

During the 30(b)(6) deposition of Landon Craft, Mr. Craft testified about data in Varsity's possession created and maintained in the ordinary course of business that was not produced to Plaintiffs in this litigation.

First, when questioned about observations from Varsity's rebate database (*i.e.*, VAR00352214) that do not appear in Varsity's event datasets (*i.e.*, VAR00439289-92 and VAR00010122-27), Mr. Craft testified that Varsity did not produce to Plaintiffs any data corresponding to "do not use" customer types—despite the fact that such information is readily maintained in Varsity's AS400 and Salesforce databases and can be easily exported into a customized report from those databases. *See* Craft Ex. 3; Craft Rough Tr. 79-86. Second, Mr. Craft testified that even though Varsity tracks how many athletes register for its packaged (*i.e.*, National) events, those participant fields were not included in the reports that were produced to Plaintiffs as part of the Nationals tabs in VAR0043989-92 and VAR00010122-23. *See* Craft Rough Tr. 120-125.

Plaintiffs request that Varsity rerun each of the above transactional datasets to include (1) all data corresponding to "do not use" customer types and (2) all participant data for Varsity's National events. This information is undoubtedly responsive to Plaintiffs' RFPs and should have been produced long ago. Given that this missing data should have been produced much earlier and that discovery closes on April 18, we request that the data be produced no later than **April 15, 2022**.

Mark


**Mark R. Suter** / *Associate*
215.875.3021   201.647.6525

---

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.