# Exhibit D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES et al., <br><br> Plaintiffs, <br><br> v. <br><br> VARSITY BRANDS, LLC et al., <br><br> Defendants. | **Civ. Action No. 2:20-cv-02892** |

**DEFENDANT BAIN CAPITAL PRIVATE EQUITY, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS**

Under Rule 34 of the Federal Rules of Civil Procedure, Defendant Bain Capital Private Equity, LLC[1] ("Bain") hereby sets forth its Objections and Responses to Plaintiffs' first Request for Production of Documents (the "Requests").

**GENERAL OBJECTIONS**

Bain objects to the Definitions, Requests, and Instructions to the extent they purport to impose any obligations upon Bain that differ from, exceed the scope of, or are in addition to those imposed by the Federal Rules of Civil Procedure, applicable local rules, or any other applicable laws or rules.

Bain objects to the Requests to the extent they purport to require the production of information and documents that are not in Bain's possession, custody, or control and/or that could be obtained from other sources that are more convenient, more efficient, less burdensome, or less expensive than obtaining the same information from Bain. Bain further objects to the

---

[1] Referred to as "Bain Capital Private Equity" in Plaintiffs' Complaint.

1

Requests to the extent they are intended to apply to information or documents that are not available in the ordinary course of Bain's business, such as archive and/or disaster recovery backups of electronic data. To the extent Bain produces or searches for information or documents, Bain will do so from within Bain's own files.

Bain objects to the Requests to the extent they call for information that is not relevant to a claim or defense in this action or are not proportional to the needs of this action.

Bain objects to the Requests to the extent they impose burdens and obligations to conduct anything beyond a reasonable search for responsive documents or to produce "all" or "any" documents.

Bain objects to the Requests to the extent they seek material that is subject to attorney-client privilege or the work product doctrine.

Any production in response to these Requests should not be construed as a stipulation that the material is relevant, within the scope of permitted examination, a waiver of Bain's general or specific objections, or a commitment that requests for similar discovery would be treated in a similar manner. Any written Response by Bain to a particular Request should not be construed as a stipulation that Bain has any documents responsive to that Request. Any production in response to these Requests that constitute or contain material that is subject to the attorney-client privilege or the work product doctrine does not constitute waiver of the protections afforded by those doctrines.

## OBJECTIONS TO DEFINITIONS

Bain objects to the definitions of "All," "And," "Any," and "or" as confusing, vague, and ambiguous. Bain will interpret those terms as they are commonly used in the English language.

Bain objects to the definition of "Apparel" as vague and ambiguous, in particular with respect to the use of the term "equipment," which is undefined and does not suggest "apparel." Bain further objects to the term "Apparel" to the extent it is intended to refer to apparel used for non-cheerleading activities. Bain further objects to the phrase "practices and training" as vague and ambiguous. Bain will disregard the inclusion of "equipment" in the definition of Apparel in responding to these requests.

Bain objects to the definition of Charlesbank to the extent it includes anyone other than Charlesbank Capital Partners, LLC, and any known and current officers, directors, or employees of that entity. Bain will interpret the term "Charlesbank" to refer to Charlesbank Capital Partners, LLC and any known and current officers, directors, or employees of those entities, as obvious from the face of the document at issue.

Bain objects to the inclusion of "dance" as not relevant to a claim or defense in this action and to the undefined term "Camp" within the definition of "Camp Producer." Bain will exclude "dance" from the definition of "Camp Producer."

Bain objects to the definition of "Communication" as overly broad, vague, and ambiguous to the extent it would require Bain to produce "oral" communications, including "telephone communications" and "face-to-face meetings." Bain will interpret the term "Communication" to refer to documentary communications capable of being produced.

Bain objects to the definition of "Document" to the extent it differs from the definition of "Document" used by the Parties in the forthcoming Joint Stipulated Protocol for the Discovery of Electronically-Stored Information and Hard Copy Documents (the "ESI Protocol"). Bain will follow the definition in the ESI Protocol and disregard the definition attached to these Requests.

Bain objects to the definition of "Due Diligence" as vague and ambiguous to the extent it requires an evaluation of whether a document "establish[es] . . . the commercial potential of a firm." Bain will disregard that phrase when interpreting the term "Due Diligence" and will interpret the term as it uses it in the ordinary course of its business.

Bain objects to the definition of "Employee" in that it defines the term in an unnatural way to include non-employees. Where the term employee appears in the requests, Bain will interpret that term to cover actual employees.

Bain objects to the definition of "Event Producer" as vague and ambiguous because it relies on the undefined terms "Championship," "Championship Qualifier," and "School Event," and because it unnaturally and ambiguously includes advertisers and those who "finance" events. Bain will interpret the term "Event Producer" to mean producers of cheerleading events as used in the ordinary course of Varsity's business.

Bain objects to the definitions of "Identify" and "Identity" as having no place in document requests, as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure, and to the extent they purport to require Bain to produce a detailed list of information regarding any individual or entity. Bain further objects to these definitions as overly broad and irrelevant to the extent they purport to require the production of sensitive personally identifiable information, such as home addresses and phone numbers, social security numbers, personal e-mail addresses, etc. Bain will disregard the definitions of "Identify" and "Identity" and will interpret the terms to mean a request for information to identify the individual or entity as distinct from other individuals or entities with which the individual or entity could reasonably be mistaken.

Bain objects to the definition of "Including" as adding ambiguity into many of the Requests in which it is employed. In responding to Requests where the text after "including" does not seem germane to the request, Bain will disregard that text as further set forth in its responses to individual requests.

Bain objects to the definition of "Varsity" to the extent it includes anyone other than the entities named in the definition (Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashions & Supplies, LLC) and any known and current officers, directors, or employees of those entities. Bain will interpret the term "Varsity" as meaning the entities listed above and any known and current officers, directors, or employees of those entities, as obvious from the face of any document at issue.

Bain objects to the definitions of "Bain," "You," "Your," and "Your company" to the extent they include any person or entity beyond Bain. Where "Bain," "You," "Your," and "Your company" appear in the requests, Bain will interpret the terms to mean Bain.

Bain objects to Instruction Nos. 1, 5, 6, 11, 14, and 15 as vague, ambiguous, and seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure. Bain will respond in accordance with the Federal Rules of Civil Procedure and will disregard Instruction Nos. 1, 5, 6, 11, 14, and 15 in their entirety.

Bain objects to Instruction No. 3 as seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure. Bain will respond in accordance with the Federal Rules of Civil Procedure and will disregard Instruction No. 3 in its entirety. Without limiting the foregoing, Bain further objects to Instruction No. 3 and to all of the Requests to the extent they are intended to apply to information or documents that are not available in the ordinary course of Bain's business, for example archive and/or disaster recovery backups of electronic data.

Bain objects to the definition of "Relevant Time Period," and to each Request, as overly broad, unduly burdensome, and disproportional to the needs of the case to the extent they purport to require production over an unlimited or overly broad period of time. To the extent Bain produces documents in response to the Requests, Bain will only do so for the period January 1, 2015 to June 30, 2020.

Bain objects to Instruction No. 12 in its entirety and will disregard it.

Bain objects to the Instructions to the extent they differ from the ESI Protocol in this action.

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

Request No. 1: All Documents constituting or relating to the purchase Agreement between You and Varsity regarding the acquisition of any interest in Varsity, including without limitation any amendments, modifications, or negotiations.

Objections and Response to Request No. 1: In addition to the foregoing General Objections, Bain objects to Request No. 1 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case. Bain further objects to Request No. 1 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents" without limitation to the subject matter of the litigation or time period.

In light of those objections, Bain will not produce documents in response to this Request.

Request No. 2: Documents sufficient to Identify any consultants, attorneys, accountants, bankers, or advisors retained in connection with the acquisition or disposition of any interest in Varsity.

Objections and Response to Request No. 2:  In addition to the foregoing General Objections, Bain objects to Request No. 2 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case.

Subject to and without waiving those objections, Bain will produce final versions of presentations made to or by Varsity that relate to the subject matter of cheerleading that it can locate through a reasonable search of the files of the individual at Bain most likely to have such files.

Request No. 3:  Documents sufficient to Identify each of Your Employees and any third parties acting on Your behalf (including attorneys, accountants, consultants, agents, and any other Person acting on Your behalf) involved in approving or negotiating the terms of Your acquisition of any interest in Varsity.

Objections and Response to Request No. 3:  In addition to the foregoing General Objections, Bain objects to Request No. 3 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case.  Bain further objects to Request No. 3 as cumulative and duplicative of prior Requests.

In light of those objections, Bain will not produce documents in response to this Request.

Request No. 4:  Documents sufficient to Identify each of Your Employees and any third parties acting on Your behalf (including attorneys, accountants, consultants, agents, and any other Person acting on Your behalf) involved in governing, managing, or working for or on behalf of Varsity, including title, responsibilities, and dates of service.

Objections and Response to Request No. 4:  In addition to the foregoing General Objections, Bain objects to Request No. 4 as overly broad, unduly burdensome, irrelevant, and

7

disproportional to the needs of the case. Bain further objects to Request No. 4 as cumulative and duplicative of prior Requests.

In light of those objections, Bain will not produce documents in response to this Request.

Request No. 5: All Documents and Communications referring or relating to Your ownership and operation of Varsity, including without limitation: all financial data, summaries, or analyses, including profit and loss or asset and debit ledgers, annual reports, SWOT analyses, market analyses, risk analyses, cost analyses, profit projections, financing, long-range plans, growth strategies, and strategies regarding acquisition by Varsity of other Event Producers, Apparel manufacturers, or Camp Producers.

Objections and Response to Request No. 5: In addition to the foregoing General Objections, Bain objects to Request No. 5 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case. Bain further objects to Request No. 5 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents and Communications" without limitation to the subject matter of the litigation or time period. Bain further objects to the undefined terms and phrases "financial data," "summaries," "analyses," "profit and loss or asset and debit ledgers," "SWOT analyses," "market analyses," "risk analyses," "cost analyses," "profit projections," "financing," "long-range plans," "growth strategies," and "strategies regarding acquisition" as vague, ambiguous, and cumulative. Bain further objects to Request No. 5 as cumulative and duplicative of prior Requests.

Subject to and without waiving those objections, Bain will produce final versions of presentations made to or by Varsity that relate to the subject matter of cheerleading that it can locate through a reasonable search of the files of the individual at Bain most likely to have such files.

Request No. 6:  All Due Diligence Documents and Communications referring or relating to Your acquisition of any interest in Varsity, regardless of whether the Documents were created by You or by third parties, including without limitation: financial data, summaries, SWOT analyses, market analyses, risk analyses, cost analyses, profit projections, financing, long-range plans, growth strategies, and strategies regarding acquisition by Varsity of other Event Producers, Apparel manufacturers, or Camp Producers.

Objections and Response to Request No. 6:  In addition to the foregoing General Objections, Bain objects to Request No. 6 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case.  Bain further objects to Request No. 6 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Due Diligence Documents and Communications" without limitation to the subject matter of the litigation or time period.  Bain further objects to the undefined terms and phrases "financial data," "SWOT analyses," "market analyses," "risk analyses," "cost analyses," "profit projections," "financing," "long-range plans," "growth strategies," and "strategies regarding acquisition" as vague, ambiguous, and cumulative.  Bain further objects to Request No. 6 as cumulative and duplicative of prior Requests.

In light of those objections, Bain will not produce documents in response to this Request.

Request No. 7:  All Documents and Communications created for or by Your board of directors, or any subcommittee thereof, relating to Your acquisition of any interest in Varsity, and/or operation of Varsity, including all financial reports, profit and loss statements, profit projections, acquisition strategies, market analyses, risk analyses hand-outs, presentations, notes, minutes, reports, white papers, studies, inquiries, or summaries.

9

<u>Objections and Response to Request No. 7</u>:  In addition to the foregoing General Objections, Bain objects to Request No. 7 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case.  Bain further objects to Request No. 7 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents and Communications" without limitation to the subject matter of the litigation or time period.  Charlesbank further objects to the undefined terms and phrases "financial data," "profit and loss statements," "profit projections," "acquisition strategies," "market analyses," "risk analyses," "hand-outs," "presentations," "notes," "minutes," "reports," "white papers," "studies," "inquiries," or "summaries" as vague, ambiguous, and cumulative.  Bain further objects to Request No. 7 as cumulative and duplicative of prior Requests.

Subject to and without waiving those objections, Bain will produce final versions of presentations made to or by Varsity that relate to the subject matter of cheerleading that it can locate through a reasonable search of the files of the individual at Bain most likely to have such files.

<u>Request No. 8</u>:  All promotional Documents, public statements, announcements, disclosures, or press releases issued by You relating to Varsity or Your acquisition or disposition of any interest in Varsity.

<u>Objections and Response to Request No. 8</u>:  In addition to the foregoing General Objections, Bain objects to Request No. 8 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case.  Bain further objects to Request No. 8 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll" documents without limitation to the subject matter of the litigation or time period.  Bain further objects that the undefined terms "promotional Documents," "public statements," "announcements," and

"disclosures" are vague and ambiguous. Bain further objects to Request No. 8 as cumulative and duplicative of prior Requests.

In light of those objections, Bain will not produce documents in response to this Request.

Request No. 9:  All Documents and Communications referring or relating to the acquisitions or disposition of any interest in Camp Producers by Varsity, including without limitation all Communications exchanged with Varsity, Charlesbank, or any other Person involved in facilitating, analyzing, financing, publicizing, advising, or rating any such acquisition.

Objections and Response to Request No. 9:  In addition to the foregoing General Objections, Bain objects to Request No. 9 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case. Bain further objects to Request No. 9 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents and Communications" and "all Communications exchanged with Varsity" without limitation to the subject matter of the litigation or time period. Bain further objects to Request No. 9 as cumulative and duplicative of prior Requests.

Subject to and without waiving those objections, Bain will produce final versions of presentations made to or by Varsity that relate to the subject matter of cheerleading that it can locate through a reasonable search of the files of the individual at Bain most likely to have such files.

Request No. 10:  All Documents and Communications referring or relating to any loans or credit provided to Varsity including without limitation loan Agreements, loan application forms, loan covenants, business credit reports.

Objections and Response to Request No. 10:  In addition to the foregoing General Objections, Bain objects to Request No. 10 as overly broad, unduly burdensome, irrelevant, and

11

disproportional to the needs of the case. Bain further objects to Request No. 10 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents and Communications" without limitation to the subject matter of the litigation or time period. Bain further objects to the terms "loan Agreements," "loan application forms," "loan covenants," and "business credit reports" as vague and ambiguous. Bain further objects to Request No. 10 as cumulative and duplicative of prior Requests.

In light of those objections, Bain will not produce documents in response to this Request.

<u>Request No. 11</u>: All Documents and Communications referring or relating to the financing of Varsity, including without limitation business plans, consolidated financial statements, investor presentations, and memorandums.

<u>Objections and Response to Request No. 11</u>: In addition to the foregoing General Objections, Bain objects to Request No. 11 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case. Bain further objects to Request No. 11 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents and Communications" without limitation to the subject matter of the litigation or time period. Bain further objects to the terms "financing," "business plans," "consolidated financial statements," "investor presentations," and "memorandums" as vague and ambiguous. Bain further objects to Request No. 11 as cumulative and duplicative of prior Requests.

Subject to and without waiving those objections, Bain will produce final versions of presentations made to or by Varsity that relate to the subject matter of cheerleading that it can locate through a reasonable search of the files of the individual at Bain most likely to have such files.

Request No. 12: All financial analysts' reports by Moody's, Standard and Poor's, or other rating agencies' reports, including all drafts thereof, concerning the acquisition of Varsity by Bain or Charlesbank and/or other buyers who had a proposal or expression of interest concerning any acquisition merger, consolidation, business combination, or other similar transaction for series of transactions involving Varsity or its subsidiaries.

Objections and Response to Request No. 12: In addition to the foregoing General Objections, Bain objects to Request No. 12 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case. Bain further objects to Request No. 12 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll" documents without limitation to the subject matter of the litigation or time period. Bain further objects to the undefined terms "financial analysts' reports," "ratings agencies," "acquisition merger," "consolidation," and "business combination" as vague and ambiguous. Bain further objects to Request No. 12 as cumulative and duplicative to the extent it requests drafts in addition to final documents. Bain further objects to Request No. 12 as cumulative and duplicative of prior Requests.

Subject to and without waiving those objections and in addition to the documents that Bain will produce in response to Request No. 2, Bain will produce final versions of any presentations or reports from third parties to the extent they relate to the subject matter of cheerleading that it can locate through a reasonable search of the files of the individual at Bain most likely to have such files.

Request No. 13: All Documents and Communications referring or relating to insurance contracts, reservations of rights, and/or coverage disputes pertaining to the claims or liabilities of this lawsuit or Related Actions, including without limitation: (a) the kind of coverage; (b) the

13

name and address of insurance company; (c) the name, address, and telephone number of each named insured; (d) policy number; (e) the limits of coverage for each type of coverage contained in the policy; (f) and the name, address, and telephone number of the custodian of the policy.

Objections and Response to Request No. 13: In addition to the foregoing General Objections, Bain objects to Request No. 13 to the extent it exceeds the requirements of Fed. R. Civ. P. 26(a)(1)(A)(iv), and as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case. Bain further objects to Request No. 13 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents and Communications" without respect to time period. Bain further objects to Request No. 13 as cumulative and duplicative of prior Requests.

Subject to and without waiving those objections, Bain will comply with Fed. R. Civ. P. 26(a)(1)(A)(iv).

Request No. 14: All Documents referring or relating to any joint defense, contribution, indemnification Agreements, or judgment sharing Agreement relating to any investigation, civil, or criminal litigation involving the marketing of Competitive Cheer, Apparel, or Camp.

Objections and Response to Request No. 14: In addition to the foregoing General Objections, Bain objects to Request No. 14 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case. Bain further objects to Request No. 14 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents" without respect to the subject matter of the litigation or time period. Bain further objects to the undefined terms "Competitive Cheer" and as vague and ambiguous. Bain further objects to Request No. 14 as cumulative and duplicative of prior Requests.

In light of those objections, Bain will not produce documents in response to this Request.

Request No. 15: All Documents referring or relating to the valuation of any interest in Varsity.

Objections and Response to Request No. 15: In addition to the foregoing General Objections, Bain objects to Request No. 15 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case. Bain further objects to Request No. 15 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents" without respect to the subject matter of the litigation or time period. Bain further objects to Request No. 15 as cumulative and duplicative of prior Requests.

Subject to and without waiving those objections, Bain will produce final versions of presentations made to or by Varsity that relate to the subject matter of cheerleading that it can locate through a reasonable search of the files of the individual at Bain most likely to have such files.

Request No. 16: For each year of the Relevant Time Period, Your annual or investor reports including all drafts thereof.

Objections and Response to Request No. 16: In addition to the foregoing General Objections, Bain objects to Request No. 16 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case. Bain further objects to Request No. 16 as cumulative and duplicative to the extent it requests drafts in addition to final documents. Bain further objects to Request No. 16 as cumulative and duplicative of prior Requests.

Subject to and without waiving those objections, Bain will produce final versions of presentations made to or by Varsity that relate to the subject matter of cheerleading that it can locate through a reasonable search of the files of the individual at Bain most likely to have such files.

Request No. 17: All Documents referring or relating to Securities and Exchange Commission filings by You, including without limitation S-1, Prospectus, 8-K, 10K, current and annual reports, including drafts thereof.

Objections and Response to Request No. 17: In addition to the foregoing General Objections, Bain objects to Request No. 17 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case. Bain further objects to Request No. 17 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents" without respect to the subject matter of the litigation or time period. Bain further objections to Request No. 17 to the extent it requests publicly available documents available through means that are more convenient, more efficient, less burdensome, or less expensive than obtaining the same information from Bain. Bain further objects to Request No. 17 as cumulative and duplicative to the extent it requests drafts in addition to final documents. Bain further objects to Request No. 17 as cumulative and duplicative of prior Requests.

In light of those objections, Bain will not produce documents in response to this Request.

Request No. 18: All Documents referring and relating to Hart-Scott-Rodino Act filings with the Federal Trade Commission, Department of Justice, or any other federal or state governmental agency or body relating to the acquisitions of Events Producers, Camp Producers, and Apparel manufacturers by Varsity.

Objections and Response to Request No. 18: In addition to the foregoing General Objections, Bain objects to Request No. 18 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case. Bain further objects to Request No. 18 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents"

16

without respect to the subject matter of the litigation or time period.  Bain further objects to Request No. 18 as cumulative and duplicative of prior Requests.

In light of those objections, Bain will not produce documents in response to this Request.

Request No. 19:  All Documents You submitted voluntarily or produced subject to subpoena or other civil investigatory demand regarding Varsity.

Objections and Response to Request No. 19:  In addition to the foregoing General Objections, Bain objects to Request No. 19 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case.  Bain further objects to Request No. 19 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents" without respect to the subject matter of the litigation or time period.  Bain further objects to Request No. 19 as cumulative and duplicative of prior Requests.

Subject to and without waiving those objections, Bain will re-produce materials related to the subject matter of cheerleading which it has produced in the Related Actions.

Request No. 20:  All Documents and Communications referring to relating to compensation or remuneration paid to Varsity officers, managers, directors, including without limitation name, position, amount of compensation, factors in determining compensation, and other financial benefits received.

Objections and Response to Request No. 20:  In addition to the foregoing General Objections, Bain objects to Request No. 20 as overly broad, unduly burdensome, irrelevant, and disproportional to the needs of the case.  Bain further objects to Request No. 20 as overly broad, unduly burdensome, vague, ambiguous, and irrelevant because it requests "[a]ll Documents" without respect to the subject matter of the litigation or time period.  Bain further objects to Request No. 20 as cumulative and duplicative of prior Requests.

In light of those objections, Bain will not produce documents in response to this Request.

Dated: April 26, 2021                             /s *Steven J. Kaiser*

George S. Cary*
Alexis Collins*
Steven J. Kaiser*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
alcollins@cgsh.com
skaiser@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Bain Capital Private Equity, LLC*