Exhibit L

JOSEPH SAVERI
LAW FIRM

601 CALIFORNIA STREET
SUITE 1000
SAN FRANCISCO CA 94108

TEL  415.500.6800
FAX  415.395.9940

April 26, 2022

**Via Electronic Mail**

Steven Kaiser
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, NW
Ste 1000
Washington, DC 20037

Re:     Jones v. Varsity Brands LLC, No. 2:20-cv-02892-SHL-tmp (W.D.
        Tenn.)

Dear Steve,

Last week, you provided us logs of over 10,000 documents that Bain and
Charlesbank withheld from production on privilege or work product
grounds. The logs were produced to us after the close of discovery,
seven days before the first of several depositions of Bain and
Charlesbank personnel, more than one year after we served our
document requests to Bain and Charlesbank, and long past the deadlines
set forth in the joint-stipulated discovery protocols. Those rules had the
purpose and effect of providing the parties with an opportunity to assert
privilege claims while providing the other side with an opportunity to
identify and resolve issues in advance of the close of discovery and
depositions. The production of the logs at this juncture is untimely. The
prejudice is especially great given the volume of materials withheld. As
we have indicated, the privilege claims have been waived and we repeat
our request for the documents withheld.

By serving the logs so late, Plaintiffs have been denied the opportunity to
review the log in advance of the depositions, including those of Bain and
Charlesbank affiliated witnesses. In addition, we have not had the benefit
of these materials in connection with other discovery in the case,
including additional document requests and interrogatories.

Steven Kaiser
April 26, 2022
Page 2

In addition, even a cursory review indicates the logs themselves are inadequate. The logs do not provide sufficient detail to allow Plaintiffs or the court to evaluate, under Rule 26(b)(5), your untimely assertions of privilege. This includes the following:

- The list of individuals included on emails (to, from, cc, bcc) and the custodians of emails do not contain email domain information, or any other information showing which entity the individual listed is associated or affiliated with.

- The same is true for documents.  You have not provided any information on what entity the authors/custodians are associated of affiliated with.

- You have included a column for "Other Counsel" without providing any information about what this field is or where it comes from.

- You have provided columns for "date created," "date," "date sent," "date received," "date last modified," and "date accessed." It is unclear what these various date fields mean, given that "date sent" and "date received" are the only dates that make sense for emails, and "date created" and "date last modified" for documents. We don't know what the "date" and "date accessed" fields mean, or why an email has a date for all 6 fields.

- Your descriptions of the document are vague, general, and inadequate to evaluate your assertions of privilege. Examples of some of the inadequate entries that are often used to describe voluminous numbers of documents are listed below:

  o "Regarding Varsity Brands Notes"

  o "Regarding Draft Press Release"

  o "Regarding Contents of Press Release"

  o "Regarding Data Gathering Exercise for Yearbook Transaction"

  o "Regarding Content of Draft Disclosure Presentation"

Steven Kaiser
April 26, 2022
Page 3

- o "Regarding Varsity Preemption Bid Letter"

- o "Regarding Varsity's Structure"

- o "Regarding Proposed Acquisition of Varsity Brands"

- o "Regarding Proposed Acquisition of Jam Brands"

- o "Relating to Varsity Stock Purchase Agreement with Aaron Flaker, Emmitt Tyler and Daniel Kessler"

- o "Regarding Proposed Acquisition of Director's Showcase International"

- o "Regarding Proposed Acquisition of Allgoods"

- o "Regarding Varsity Allgoods Purchase Price Adjustment"

- o "Regarding Proposed Acquisition of Cheerleading Company"

- o "Regarding Varsity Incentive Plan"

- o "Regarding Internal Investigation in Connection with Varsity Brands Personnel Employment"

- o "Regarding Varsity Closing Statement"

- o "Regarding Proposed Officer & Director Changes"

- o "Regarding Draft Corporate Communication Plan"

Further, even without adequate information to properly assess your privilege assertions, Plaintiffs have identified numerous entries on your log that raise questions about the propriety of your privilege assertions.  These include but are not limited to the following example:

- There are over 1,500 responsive parent emails on the Charlesbank log alone that include no attorney in the To, From, or CC fields, yet you assert attorney-client privilege as the basis for withholding these responsive documents.

Steven Kaiser
April 26, 2022
Page 4

- o *See, e.g.*, CHAR000000826; CHAR000001453; CHAR000001924; CHAR000002683; CHAR000002746; CHAR000004617; CHAR000008617; CHAR000008865; CHAR000009125; CHAR000009137; CHAR000009195; CHAR000009196; CHAR000009212; CHAR000011743; CHAR000014839; CHAR000014976; CHAR000017073; CHAR000020235; CHAR000024619; CHAR000025069; CHAR000031598; CHAR000031764; CHAR000032484; CHAR000033256; CHAR000033523; CHAR000033574; CHAR000033577; CHAR000033578; CHAR000033683; CHAR000035345; CHAR000035785; CHAR000035792; CHAR000036185; CHAR000036663; CHAR000037036; CHAR000039692; CHAR000044425; CHAR000044495; CHAR000055204; CHAR000058255; CHAR000058319; CHAR000064582; CHAR000064583; CHAR000064935; CHAR000070971; CHAR000074106; CHAR000092807; CHAR000093014; CHAR000094435; CHAR000097408; CHAR000102306; CHAR000102433; CHAR000106439; CHAR000107330; CHAR000107339; CHAR000107342; CHAR000107347; CHAR000107350; CHAR000108088; CHAR000110190; CHAR000113203; CHAR000113205; CHAR000115949; CHAR000116125; CHAR000117229; CHAR000117764; CHAR000118244; CHAR000125171; CHAR000126081; CHAR000126119; CHAR000127632; CHAR000129351; CHAR000131256; CHAR000138209; CHAR000138542; CHAR000138546; CHAR000138547; CHAR000138652; CHAR000138673; CHAR000138682; CHAR000138684; CHAR000138761; CHAR000138787; CHAR000138896; CHAR000138931; CHAR000138989; CHAR000139001; CHAR000139003; CHAR000139015; CHAR000139016; CHAR000139031; CHAR000139552; CHAR000139561; CHAR000139563; CHAR000139834; CHAR000141070; CHAR000141309; CHAR000141890; CHAR000143672; CHAR000145943; CHAR000146142; CHAR000146895

Steven Kaiser
April 26, 2022
Page 5

- There are numerous emails on both logs in which a lawyer appears only to have been copied on communications between non-lawyers. Adding a lawyer to an email does not protect the communication as privileged.

- Some entries identify individuals who do not appear to be attorneys as the source of privileged communications and list the same individual as both an attorney in one column, and not an attorney in another column.

  o *See e.g.*, CHAR000115097.

With the immediately upcoming depositions of Bain and Charlesbank employees (for example Tesfalul is scheduled for tomorrow, 4.27.2022, and Katz, White, Kalvelage, and O'Rourke are scheduled for later this week and next week), Plaintiffs are not able to address and resolve deficiencies either before the Bain and Charlesbank depositions or before the close of fact discovery under Rule 26 or as was expressly provided for in the  ESI protocols.

We will proceed with the Tesfalul (Bain) deposition tomorrow under a full reservation of rights to seek any and all appropriate relief from the Court, including seeking an order that your untimely and inadequate assertions of privilege are waived, a continuance of the depositions, and our costs and fees resulting therefrom.


Sincerely,

*/s/ Kevin E. Rayhill*

Kevin E. Rayhill