**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| FUSION ELITE ALL STARS, *et al.*,<br><br>          Plaintiffs,<br>   v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>          Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br>**Jury Trial Demanded** |
| JESSICA JONES, et al.,<br>          Plaintiffs,<br>   v.<br><br>VARSITY BRANDS, LLC; *et al.*,<br><br>          Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br>**Jury Trial Demanded** |

**DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM FOR SANCTIONS**
**AND FOR PROTECTIVE ORDER REGARDING OUT-OF-TIME DEPOSITION**

1

Come now all Defendants in the above-referenced actions, by and through counsel, under Federal Rules of Civil Procedure 26, 30, and 37, and hereby file this motion and supporting memorandum for sanctions and for a protective order in connection with Plaintiffs' notice of deposition of David Owens, which is in violation of the Court's scheduling order at ECF No. 175[1], and was scheduled without reasonable notice to Defendants.

## I.     BACKGROUND

As the Court is aware, the deadline for fact discovery in the *Fusion Elite* and *Jones* matters was April 18, 2022, and the Court made clear that this deadline would not be extended absent extraordinary circumstances.  While Plaintiffs sought leave to take several depositions after the close of fact discovery, Plaintiffs did not seek leave to take the deposition of David Owens.  Mr. Owens is the owner of Rockstar Championships, LLC, a plaintiff in the *American Spirit* matter. In *American Spirit*, the parties to that action sought leave to take Mr. Owens' deposition after the close of fact discovery (ECF No. 187), and the Court granted them leave to do so (ECF No. 188). The *Fusion Elite* Plaintiffs and the *Jones* Plaintiffs did not join in the motion at ECF No. 187, nor did they separately seek leave to take Mr. Owens' deposition after their fact discovery deadline. Nor did the *Fusion Elite* Plaintiffs or the *Jones* Plaintiffs serve any notice or otherwise indicate an intent to take Mr. Owens' deposition before the close of fact discovery.

On April 8, 2022, the *American Spirit* Plaintiffs and Defendants agreed that Mr. Owens' deposition would take place on May 17, 2022.  (**Exhibit A –** 4/8/2022 Email Between Counsel.) On May 9, 2022, just 8 days before Mr. Owens' scheduled deposition, in response to an effort to reschedule the deposition of Plaintiff Haygood as a result of her late production of documents in violation of a separate order of this Court (*see American Spirit*, ECF No. 189), Defendants were

---

[1] All citations to the ECF record are to the *Fusion Elite* matter, unless otherwise specified.

informed *for the first time* that "Ms. Haygood will not be available [on May 18, 2022] as you have already booked day 2 of the David Owens deposition for that day."  (**Exhibit B** – 5/9/2022 Email Between Counsel.)  Of course, Defendants had not asked Mr. Owens to be available for a second day on May 18, 2022, intended to comply with Rule 30's one-day of seven hours limitation, and were not even available on May 18, 2022.  After inquiring further, Defendants were informed at 5:38 pm CT on May 9 that "[t]he Fusion and Jones cases asked for two days as they have hours of questions for Mr. Owens . . . ."  (*Id.*)  One minute later, the *Fusion Elite* and *Jones* Plaintiffs served their cross-notice.  (**Exhibit C** – 5/9/2022 Email Attaching Cross-Notice.)  On May 16, 2022, just one day before Mr. Owens' scheduled deposition and less than 10 days before their proposed dates, Plaintiffs indicated that they would be willing to reschedule the second day of Mr. Owens' deposition to May 25 or 26, 2022 to accommodate a scheduling conflict for counsel for USASF and USA Cheer.  (**Exhibit D** – 5/16/2022 Email Between Counsel.)

The *Fusion Elite* and *Jones* Plaintiffs' cross-notice was served *after the close of fact discovery*, without leave of Court, for a second deposition day in violation of Rule 30(d)(1), without regard to Defendants' schedules, and on short notice.  Plaintiffs now—again on short notice—seek to take a second day of Mr. Owens' deposition on May 25 or 26, 2022, after the deadline for *American Spirit* Plaintiffs' depositions (*see American Spirit* ECF No. 188 and ECF No. 236 at 6).  This is not a situation where the *Fusion Elite* and *Jones* Plaintiffs intend to appear at the already scheduled deposition of Mr. Owens and just ask a handful of questions.  Rather, they intend to take their own full-day deposition of Mr. Owens after fact discovery has closed and on short notice.  This is highly improper.

The Court has generously granted Plaintiffs leave on several occasions in the past to exceed limitations in the Federal Rules or the Court's schedule, even where they did not seek leave to do

so.  For example, the Court granted "the <u>Jones</u> and <u>American Spirit</u> plaintiffs leave to participate in the four already noticed third-party depositions" even though they did not file an affirmative motion.  (ECF No. 234 at 6-7.)  The Court also granted Plaintiffs leave to depose third-parties Jeffries and Goldman after the fact deposition deadline, although it "remind[ed] Plaintiffs of the impropriety of moving for such an extension on the day of the deadline."  (ECF No. 250 at 1.)  All of those deadlines have now passed and fact discovery in *Fusion Elite* and *Jones* has truly closed. Worse yet, this time, Plaintiffs did not even bother to ask the Court for leave, placing the burden and expense on Defendants to seek relief for Plaintiffs' noncompliance.  Plaintiffs' conduct reflects a lack of respect for the Court's orders and the Federal Rules.

## II.      LAW AND ARGUMENT

### A.  Plaintiffs' Cross-Notice Violates the Court's Scheduling Order.

On December 7, 2021, the Court entered an Order Granting in Part and Denying in Part Plaintiffs' Joint Motion to Modify Scheduling Orders ("the Scheduling Order").  (ECF No. 175.) In this Order, the Court declined to grant Plaintiffs' request for a four-month extension of all deadlines, acknowledging "Plaintiffs' contribution to the need for more time," and set the close of fact discovery for April 18, 2022.  (*Id.*)  Since that time, the parties have sought leave to take certain depositions after April 18, 2022 due to particular circumstances pertaining specifically to those depositions, all of which had been noticed prior to the fact discovery deadline (*see* ECF Nos. 242 and 243 (re leave to conclude the deposition of Sheila Noone on April 19, 2022), ECF Nos. 244 and 250 (re leave to take depositions of Goldman Sachs and Jeffries between April 18 and May 13, 2022), *Jones* ECF Nos. 207 and 211 (re leave to take deposition of Jeff Webb between

April 18 and May 13, 2022);[2] *Jones* ECF Nos. 209 and 211 (re leave to take deposition of Bain and Charlesbank employees after April 18, 2022 but before May 7, 2022). In other words, *Fusion Elite* and *Jones* Plaintiffs certainly knew *how* to obtain leave to take Mr. Owens' deposition after the close of fact discovery, but deliberately failed to do so, instead springing a last-minute cross-notice on Defendants in violation of the Scheduling Order. If the Court's Scheduling Order is to have any effect, Plaintiffs cannot now be permitted to circumvent it, after failing to timely seek leave from the Court to take this deposition after the close of fact discovery.

Further, nothing in the Court's Order Granting Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in the Related Action (ECF No. 172) permits the *Fusion Elite* and *Jones* Plaintiffs to circumvent the fact discovery deadline without seeking leave.[3] That would run roughshod over the Scheduling Order. Of note, the deadline for certain discovery has been extended in *American Spirit*. (ECF No. 236.) If the *Fusion Elite* and *Jones* Plaintiffs are permitted to engage in additional depositions noticed in *American Spirit* after fact discovery has closed in *Fusion Elite* and *Jones* without seeking leave, these Plaintiffs could engage in additional fact discovery during after the expert discovery period and potentially even after class certification

---

[2] The motion to take the deposition of Jeff Webb was filed only in the *Jones* action, but specifically noted that "Plaintiffs in Fusion Elite All Stars, et a. v. Varsity Brands, LLC et al., Case No. 2:20-cv-02600-SHL-cgc; and American Spirit v. Varsity Brands, Case No. 2:20-cv-02782-SHL-cgc will cross notice this deposition and do not object to this Motion." (ECF No. 207 ¶ 5.) No similar notation was made in the *American Spirit* motion relating to the deposition of Mr. Owens, nor did the *Fusion Elite* or *Jones* plaintiffs otherwise make their intention to cross-notice this deposition known prior to May 9, 2022.

[3] In addition to this Order not addressing any discovery deadlines in the case and being designed to address depositions of witnesses represented by counsel for Defendants, this Order was also entered by Magistrate Judge Pham. All of the other orders granting leave to take depositions after the fact discovery deadline have been entered by District Judge Lipman, and Magistrate Judge Pham has not been referred those types of motions. Under Local Rule 72.1, Magistrate Judge Pham could not have modified the deadlines in this case, unless District Judge Lipman had referred such issue to him.

briefing.  This would wreak havoc on the Scheduling Order, create a moving target of Plaintiffs' theories of relief, and be severely prejudicial to Defendants' ability to mount a defense in *Fusion Elite* and *Jones*. Indeed, the purpose of a fact discovery cutoff in the first place is to protect against such prejudice.

### B.  Plaintiffs Should Not Be Permitted to Violate Fed. R. Civ. P. 30(d)(1).

In addition to violating the Scheduling Order, Plaintiffs have also made clear their intention to ignore Federal Rule of Civil Procedure 30(d)(1), which limits depositions to "1 day of 7 hours" "[u]nless otherwise stipulated or ordered by the court."  Fed. R. Civ. P. 30(d)(1).  Defendants have not stipulated to Mr. Owens' deposition exceeding 7 hours, nor has any Court order granted Plaintiffs leave to exceed Rule 30(d)(1) as to Mr. Owens' deposition.

"By order, the court may alter the limits in [the federal] rules on the number of depositions and interrogatories or on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A).  A court must limit the extent of discovery otherwise allowed by the Rules if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Thus, "even where good cause exists to extend a deposition, the court must limit the additional time if it determines that any of the circumstances set forth in Rule 26(b)(2)(C) are present." *Servis One, Inc. v. OKS Grp. Int'l Pvt. Ltd.*, No. 20-CV-4661, 2022 WL 605439, at *6 (E.D. Pa. Feb. 28, 2022) (internal quotation marks omitted).

Importantly, Rule 26(b)(1) outlines a proportionality analysis which considers (1) the

importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "Determinations as to proportionality are subject to change with the circumstances of the case." *Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 18-cv-2104-JTF-tmp, 2020 WL 1527827, at *2 (W.D. Tenn. Mar. 30, 2020) (internal citations and quotations omitted). "This is in part because '[c]onsiderations of proportionality can include reviewing whether discovery production has reached a point of diminishing returns.'" *Id.* (quoting *Abbott v. Wyo. Cty. Sheriff's Off.*, 15-CV-531W, 2017 WL 2115381, at *2 (W.D.N.Y. May 16, 2017)). Further, Rule 30(d)(3) provides additional authority for the Court to limit or terminate a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

There is no reason why *Fusion Elite* and *Jones* Plaintiffs should be permitted to extend a deposition of another Plaintiff in *American Spirit*, particularly where fact discovery has closed and Plaintiffs have not requested leave to do so. Plaintiffs have already put Defendants through hundreds of hours of depositions, including to ask unreasonably duplicative and burdensome questions across and within depositions. There are twelve Defendants across the three cases, represented by three separate counsel. As a result, an extra full-day deposition, plus the additional preparation, time, and court reporter and videographer fees involved, is likely to collectively cost Defendants upwards of $25,000. There is no reason why Defendants should be forced to incur these costs for a deposition that was not even noticed by *Fusion Elite* and *Jones* Plaintiffs before the discovery deadline. Plaintiffs have known about Mr. Owens and his involvement in Rockstar Championships, LLC since the inception of this lawsuit and had ample time to schedule his

deposition before the close of fact discovery.  At this late juncture, allowing Plaintiffs to exceed the limitations under Rule 30(d)(1) would be unfairly expensive and prejudicial to Defendants. The Court should order the deposition be limited and/or terminated before the *Fusion Elite* or *Jones* Plaintiffs begin their questioning under Rule 26(b), Rule 30(d)(1), and Rule 30(d)(3).

### C. Plaintiffs' Cross-Notice Fails to Comply with Fed. R. Civ. P. 30(b)(1) And This Court's Guidelines for Professional Courtesy.

Plaintiffs' cross-notice of Mr. Owens is problematic for the additional reason that Plaintiffs did not provide notice that they intended Mr. Owens' deposition to extend into a second day of May 18, 2022 until just *eight days* before Mr. Owens' deposition was scheduled to occur.  (*See* Exhibit C.)  On May 16, 2022, just *one day* before Mr. Owens' scheduled deposition, Plaintiffs have offered to proceed with a second day of Mr. Owens' deposition on May 25 or 26.  (*See* Exhibit D.)  Not only is this again short notice, but this is *after* the deadline for his deposition in *American Spirit*.  *See* **Exhibit E** - 3/24/2022 Email Between Counsel; *American Spirit* ECF No. 188 and ECF No. 236 at 6.)

Plaintiffs' repeated failure to provide timely notice to Defendants is unreasonable.  Rule 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give **reasonable written notice to every other party**.  The notice must state the time and place of the deposition . . . ."  Fed. R. Civ. P. 30(b)(1) (emphasis added).  The Local Rules also include "Guidelines for Professional Courtesy," which repeatedly provide that a lawyer should "[c]onsult opposing counsel, when practical, before scheduling hearings and depositions" (Section II(1)(a)) and "[a] lawyer should, when practical, consult with opposing counsel before scheduling hearings and depositions in a good faith attempt to avoid scheduling conflicts" (Section II(9)).

Other courts have recognized that eight or even ten days is insufficient notice, particularly in cases that are complex and where, due to competing demands imposed by other depositions, the

opposing party would be unable to accommodate the belated notices. *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (finding ten business days' notice insufficient because "the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious—or at least probable—that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices"); *Kellogg Co. v. FBC Flexible Packaging Corp.*, 2013 WL 3805670, at *2 (W.D. Mich. July 22, 2013) (finding six days' notice insufficient "very near the end of the discovery period, when at least several other depositions were taking place or being prepared"); *Cramer v. Oak Haven Resort, Inc.*, 2018 WL 10384172, at *1 (E.D. Tenn. Aug. 17, 2018) (quashing deposition notice issued six days prior to the deposition, without conferring with any of the other attorneys in the case). The unreasonable notice provided to Defendants is itself grounds for precluding Plaintiffs from taking a second day of deposition testimony from Mr. Owens.

Because of the belated notice from Plaintiffs, the counsel for Defendants USASF and USA Cheer who has already prepared for the deposition of Mr. Owens is unavailable for a second day on May 18, 2022. Further, the proposed dates of May 25 and 26, 2022 are after the applicable deadline for Mr. Owens' deposition in *American Spirit*. This provides yet another basis to issue a protective order and reject Plaintiffs' efforts to take an out-of-time deposition of Mr. Owens.

### D. This Is Not The First Time Plaintiffs Have Played Fast and Loose With The Requirements for Deposition Notice.

Further, this is not the first time Plaintiffs have provided insufficient notice to Defendants of a deposition. On February 8, 2022, in light of the fact that two third-party depositions had been noticed by subpoena for the upcoming week—on February 15 and 17 respectively, but Plaintiffs had never provided any update to Defendants regarding whether these depositions would actually be occurring on the noticed dates—Defendants sent an email to counsel for Plaintiffs requesting

an update and further stating that "absent an explicit agreement regarding a particular deposition, we require, at a minimum, at least 14 days' notice that a deposition is actually taking place." (*See* ECF No. 236-7 Email Correspondence Regarding Brubaker and Hill, ECF No. 236-7). Defendants requested "as much notice as possible and the courtesy of coordinating with Defendants' regarding availability before any date is finalized so that we may minimize rescheduling." (*See id.*).

On March 23, 2022, with no regard for Defendants' request for reasonable notice and without coordinating regarding Defendants' availability, Plaintiffs served Defendants notice of the deposition of Josh Quintero setting the deposition for March 29, 2022, just six days later. Defendants promptly informed Plaintiffs that "a mere six days of advance notice is not reasonable," although Defendants ultimately were able to rearrange their schedules to accommodate this deposition. (*See* Email Correspondence Regarding Quintero, ECF No. 236-8).

On April 7, 2022, Plaintiffs informed Defendants that they would be taking the deposition of Cole Stott on April 13, 2022, without providing Defendants with any update regarding scheduling, confirmation that Mr. Stott had been served with a subpoena for deposition, or any indication that this deposition would even occur. (*See* Email Confirmation, ECF No. 236-3.) On April 5, 2022, Plaintiffs served notice on Defendants that they would be serving a subpoena for the deposition of David Hanbery, an owner of certain event producer members of USASF, to be scheduled for "April 13, 2022 or a time as counsel may agree." (See Subpoena for Deposition of David Hanbery, ECF No. 236-4.) On April 7, 2022, without consulting with Defendants regarding their availability, Plaintiffs informed Defendants that this deposition would take place less than one week later, on April 13, 2022. (*See* Email Confirmation, ECF No. 236-5.) Plaintiffs refused to accommodate Defendants' scheduling conflicts until *after* Defendants moved the Court for a protective order.

Now, for a *fourth* time, Plaintiffs have belatedly cross-noticed the deposition of Mr. Owens. They have shown no regard for the Court's Scheduling Order or the rules regarding deposition notice. This is even more egregious because fact discovery has closed in *Fusion Elite* and *Jones*, and Plaintiffs' new proposed dates are after the applicable deadline in *American Spirit*.

## III.   CONCLUSION

In light of the foregoing, Defendants respectfully request that the Court issue a protective order precluding Plaintiffs from acting on their cross-notice and from taking a second day of deposition testimony from Mr. Owens. No further extensions of the fact discovery deadline are warranted, given that this situation has resulted from Plaintiffs' own malfeasance and Plaintiffs did not seek leave of the Court. Defendants also respectfully request any other sanctions the Court deems warranted under Rule 37, in light of Plaintiffs' attempt to violate the Court's Scheduling Order.[4]

Dated: May 16, 2022                  Respectfully submitted,

s/ Nicole Berkowitz Riccio

Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com
aroach@bakerdonelson.com
kglover@bakerdonelson.com

---

[4] Defendants reserve their rights to object to the use of the *Fusion Elite* and *Jones* Plaintiffs' deposition of Mr. Owens under Federal Rule of Civil Procedure 32.

*Attorneys for U.S. All Star Federation, Inc. and USA Federation for Sport Cheering, d/b/a USA Cheer*

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit Fashions & Supplies, LLC; Varsity Intropa Tours*

12

s/ Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*
Kiprian E. Mendrygal*
Jennifer McCoy*
Katherine Wright
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8855
pcoggins@lockelord.com
bgaffney@lockelord.com
kmendrygal@lockelord.com
jennifer.mccoy@lockeord.com
katie.wright@lockelord.com

* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
S. Keenan Carter (TN # 023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.carter@butlersnow.com

*Attorneys for Jeff Webb*

4880-6211-9967v3
2933399-000004 05/16/2022

## <u>CERTIFICATE OF CONSULTATION</u>

I hereby certify, pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 7.2(a)(1)(B), that on

May 10, 11, 13, and 16, 2022, I emailed with counsel for Plaintiffs on behalf of all Defendants and

advised Plaintiffs that Defendants intended to file a motion seeking the substantive relief set out

above.  Plaintiffs indicated that they oppose this motion.

<u>s/ Nicole Berkowitz Riccio</u>