UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES, *et al.*,<br><br>         Plaintiffs,<br>    v.<br><br>VARSITY BRANDS, LLC, *et al.*,<br><br>         Defendants. | Case No. 2:20-cv-02892 |

**DECLARATION OF STEVEN J. KAISER IN SUPPORT OF BAIN'S AND
CHARLESBANK'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

I, Steven J. Kaiser, declare as follows:

1.      I am one of Bain's and Charlesbank's counsel and have been personally involved in the matters described below.

2.      Plaintiffs proposed, and Bain and Charlesbank accepted, that Bain and Charlesbank complete production of their documents by April 1, 2022.  Plaintiffs never discussed the specific timing for production of Bain's and Charlesbank's privilege logs following April 1, and Bain and Charlesbank worked diligently to complete their privilege logs as soon as possible after April 1 production.  Bain produced its privilege log on April 19, 2022 and Charlesbank produced its log on April 20, 2022.

3.      Bain and Charlesbank produced documents on April 1 which indicated "redaction for privilege," leaving unredacted the authors and recipients of the documents, the date of the documents, the subject matter of the documents (in the case of emails) and most of the other

information that would subsequently be put on any log.  Plaintiffs did not question any of these redactions.

4.      Bain's and Charlesbank's privilege logs were completed in substantially identical form to the privilege logs submitted by Varsity in this case, including with respect to whether email addresses were included on the logs.

5.      Documents listed on Bain's and Charlesbank's privilege logs that listed an attorney as a "cc" were reviewed again to ensure they were validly subject to a privilege claim.

6.      Attached as Exhibit 1 is a true and correct copy of an email chain, the top email of which is dated March 10, 2022 from Steven J. Kaiser to Ronnie Spiegel and Matthew Mulqueen, copying Ashleigh Jensen, Joseph Saveri, and Katharine Malone.  Exhibit 1 also contains a true and correct copy of an email dated February 15, 2022 from Steven J. Kaiser to Katharine Malone and Stephen J. Houck, copying Joseph Saveri, Ronnie Spiegel, Elissa A. Buchanan, and Anna-Patrice Harris.

7.      Attached as Exhibit 2 is a true and correct copy of an email dated September 20, 2021 from Steven J. Kaiser to plaintiffs' counsel in the *Jones*, *American Spirit*, and *Fusion Elite* matters, including Kevin Rayhill and Joseph Saveri.

8.      Attached as Exhibit 3 is a true and correct copy of an email chain, the top email of which is dated May 2, 2022 from Steven J. Kaiser to Kevin Rayhill, copying Joseph Saveri, Ronnie Spiegel, David Seidel, Dan Nordin, and Matthew Mulqueen.  Exhibit 3 also contains true and correct copies of an email dated April 18, 2022 from Kevin Rayhill to Steven J. Kaiser and Matthew Mulqueen, copying Joseph Saveri, Ronnie Spiegel, David Seidel, and Dan Nordin, as well as an email dated April 19 from Steven J. Kaiser to Kevin Rayhill and Matthew Mulqueen, copying Joseph Saveri, Ronnie Spiegel, David Seidel, and Dan Nordin.

9.      Attached as Exhibit 4 is a true and correct copy of an email dated November 30, 2021 from Steven J. Kaiser to Katharine Malone and Matthew Mulqueen, copying Ronnie Spiegel, Nicole Berkowitz, and Brendan Gaffney.

10.      Attached as Exhibit 5 is a true and correct copy of a letter dated December 22, 2021 from Steven J. Kaiser to Sean Cooper.

11.      Attached as Exhibit 6 is a true and correct copy of an email dated December 3, 2021 from Anna-Patrice Harris to Steven J. Kaiser, copying Katharine Malone, Matthew Mulqueen, Ronnie Spiegel, Nicole Berkowitz, and Brendan Gaffney.  Exhibit 5 also contains all three attachments to that email.

12.      I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 16, 2022.

Steven J. Kaiser

# EXHIBIT 1

| From: | Kaiser, Steven J. |
|---|---|
| To: | Ronnie Spiegel; mmulqueen@bakerdonelson.com |
| Cc: | Ashleigh Jensen; Joseph Saveri; Katharine Malone |
| Subject: | RE: Varsity (Jones): production deadline for Varsity, CB, and Bain |
| Date: | Thursday, March 10, 2022 6:32:11 PM |
| Attachments: | image001.jpg |

I think we were a bit confused when the deposition notices were issued, but, anyway -

As to Charlesbank and Bain, your proposal of April 1 for substantial completion of document productions and depositions to take place between April 19 to May 7 is accepted.

I imagine we will need something for the Court like they are doing with Webb.  We can put that together if you'd like.

Thanks.

———

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com  |  clearygottlieb.com

**From:** Ronnie Spiegel <rspiegel@saverilawfirm.com>
**Sent:** Thursday, March 10, 2022 6:14 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; mmulqueen@bakerdonelson.com
**Cc:** Ashleigh Jensen <ajensen@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Katharine Malone <kmalone@saverilawfirm.com>
**Subject:** FW: Varsity (Jones): production deadline for Varsity, CB, and Bain

Hi Steve,

My understanding is that we have proposed the same timeline and have followed up with you to confer, with no response. See below. Given the very short timeline and discovery cutoff, we need confirmation of a date certain for substantial completion and time to have documents in hand for depositions. Please let us know if Charlesbank and Bain can agree to the dates proposed. If you believe it would be productive to discuss this further, we remain available today and tomorrow before 2 pm Pacific time.

Ronnie

**From:** Katharine Malone <kmalone@saverilawfirm.com>
**Sent:** Wednesday, March 2, 2022 6:18 PM

**To:** 'Kaiser, Steven J.' <skaiser@cgsh.com>; Houck, Stephen J. <shouck@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Anna-Patrice Harris <aharris@saverilawfirm.com>
**Subject:** RE: Varsity (Jones): production deadline for Varsity, CB, and Bain

Steve,

I write to follow up on our discussions regarding the status of the production of responsive materials by Charlesbank and Bain. The Court issued its order to produce the documents on December 13, 2021. To date, we have received 2,133 documents (331 for Bain and 1,802 for Charlesbank). We understand that you estimate a total production of approximately 50,000 documents. You have not committed to a date certain for substantial completion of the production of responsive documents. Given this lack of document production, we would like to request a fact discovery extension, until May 7, 2022, to complete the depositions of Bain and Charlesbank witnesses.  Also, we ask that you commit to substantial completion of all productions by April 1, 2022.

Please let us know if you would be willing to agree to this proposal.

---

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Thursday, February 24, 2022 9:59 AM
**To:** Katharine Malone <kmalone@saverilawfirm.com>; Houck, Stephen J. <shouck@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Anna-Patrice Harris <aharris@saverilawfirm.com>
**Subject:** RE: Varsity (Jones): production deadline for Varsity, CB, and Bain

Kate,

We take it from the below that Plaintiffs have rejected once and for all our proposals for speeding things along, which is regrettable.

That said, we agree with your read of the order and, in addition to the documents you already have from Bain and Charlesbank, will provide a further production for each by February 27, 2022 (Bain's has already been made).

We also agree with that 165 days after the magistrate's order would be after the close of fact discovery and, as noted in my email of February 15, "[g]iven the close of discovery on April 18, Charlesbank and Bain have been working mightily to comply with the Court's order of December 13 and expect to complete their productions well ahead of that deadline."  Probably the more relevant deadline at this point is fourteen days before the depositions, although, again, we are attempting to be done in advance of that as well.

---

**Steven J. Kaiser**

Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

**From:** Katharine Malone [mailto:kmalone@saverilawfirm.com]
**Sent:** Thursday, February 24, 2022 12:30 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; Houck, Stephen J. <shouck@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>;
Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Anna-Patrice Harris
<aharris@saverilawfirm.com>
**Subject:** RE: Varsity (Jones): production deadline for Varsity, CB, and Bain

Steve,

The scheduling order in this case (ECF 61) states that rolling production of documents shall begin no
later than 75 days, which is Monday, February 27, 2022.  As such, we expect to begin receive
document productions on a rolling basis immediately.

As to the issue of completion, 165 days from December 13, 2021 is May 27, 2022, *six weeks after the
close of fact discovery* under the amended scheduling order.  Is it Bain and Charlesbank's position
that the end of May is their deadline for substantial completion of their productions? If not, provide
the date by which the parties will substantially complete this production.

Thanks,
Kate

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Tuesday, February 15, 2022 6:29 AM
**To:** Katharine Malone <kmalone@saverilawfirm.com>; Houck, Stephen J. <shouck@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>;
Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Anna-Patrice Harris
<aharris@saverilawfirm.com>
**Subject:** RE: Varsity (Jones): production deadline for Varsity, CB, and Bain

Kate:

We will endeavor to send some additional materials this week.

What is written below, however, is not really correct.  When you asked if Varsity, Bain and
Charlesbank would meet your arbitrary timelines, we responded that they would try.  As we
discussed, in the case of Bain and Charlesbank, the task proved impossible because of the large
amounts of irrelevant documents relating to the technical back and forth negotiation of deal-related
documents, many of which are privileged in whole or in part and all are irrelevant.  When I asked if

3

those could be omitted, you first rejected the idea but then suggested Plaintiffs would consider the proposal.  To date we have not heard back.  Plaintiffs' apparent unwillingness to make this common sense adjustment has timing consequences.  If you have reconsidered that position, please let us know.

We also note that the order in this case relating to the timing of productions (ECF 61), specifies completing production by 165 days from the date objections are resolved, which in this case was December 13, 2021.  Given the close of discovery on April 18, Charlesbank and Bain have been working mightily to comply with the Court's order of December 13 and expect to complete their productions well ahead of that deadline.  The end of this month of February is likely to prove too ambitious, however, for the reasons we discussed.

---

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

---

**From:** Katharine Malone <kmalone@saverilawfirm.com>
**Sent:** Friday, February 11, 2022 7:12 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; Houck, Stephen J. <shouck@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Anna-Patrice Harris <aharris@saverilawfirm.com>
**Subject:** RE: Varsity (Jones): production deadline for Varsity, CB, and Bain

Steve,

I wanted to again follow up on the status of the document productions for Charlesbank and Bain. As you know, the court ordered production of these documents on December 16, 2021. Based on our prior communications, we were led to believe that Charlesbank and Bain would be substantially complete with the production by the end of January 2022.  To date, we have received none of the documents the court ordered to be produced.  When we spoke on last Thursday, February 3, you indicated that your clients would substantially complete the by February 28, 2022.

Please confirm by 5pm PST Monday, February 14, 2022 that the Charlesbank and Bain defendants will begin producing the ordered documents immediately and that production will be substantially complete by February 28, 2022.

Thanks,
Kate

---

**From:** Katharine Malone
**Sent:** Tuesday, February 1, 2022 9:19 AM

**To:** 'Kaiser, Steven J.' <skaiser@cgsh.com>; Houck, Stephen J. <shouck@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Elissa A. Buchanan
<EABuchanan@saverilawfirm.com>; Anna-Patrice Harris <aharris@saverilawfirm.com>
**Subject:** RE: Varsity (Jones): production deadline for Varsity, CB, and Bain

Hi Steve,

I wanted to check in again on these productions.  We've received a few volumes from Varsity over
the past month but nothing from Bain or Charlesbank.  Our calculation of the 45 days from the order
was yesterday.  When should we expect to receive those documents? It would be helpful to get a
sense of the remaining Varsity and banks' production size as well.

Thanks,
Kate

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Monday, January 10, 2022 5:19 PM
**To:** Katharine Malone <kmalone@saverilawfirm.com>; Houck, Stephen J. <shouck@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Elissa A. Buchanan
<EABuchanan@saverilawfirm.com>; Anna-Patrice Harris <aharris@saverilawfirm.com>
**Subject:** RE: Varsity (Jones): production deadline for Varsity, CB, and Bain

We are trying to meet your proposed timeline.

———

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

**From:** Katharine Malone <kmalone@saverilawfirm.com>
**Sent:** Friday, January 7, 2022 5:33 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; Houck, Stephen J. <shouck@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Elissa A. Buchanan
<EABuchanan@saverilawfirm.com>; Anna-Patrice Harris <aharris@saverilawfirm.com>
**Subject:** RE: Varsity (Jones): production deadline for Varsity, CB, and Bain

Hi Steve,

I'm following up on the question of when we can expect production for Varsity and the banks to be
substantially complete.

Thanks,

Kate

---

**From:** Katharine Malone
**Sent:** Thursday, December 16, 2021 1:49 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; Houck, Stephen J. <shouck@cgsh.com>
**Cc:** Ronnie Spiegel <rspiegel@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Anna-Patrice Harris <aharris@saverilawfirm.com>
**Subject:** Varsity (Jones): production deadline for Varsity, CB, and Bain

Hi Steve,

We are hoping you can give us a sense of when production might occur (and be substantially completed) for Varsity, Charlesbank, and Bain. For Mr. Webb, the Court ordered 45 days for completion from the date of the order. We are hoping there can be a similar timeframe for production from Varsity, Bain and Charlesbank so that we can best plan for and schedule depositions.  Please let us know your timing or if you would like to discuss this any further.

Thanks,
Kate

**Katharine L. Malone**
*Associate*



601 California Street, Suite 1000
San Francisco, CA 94108
**T** 415.500.6800
**F** 415.395.9940

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient,

please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at: https://www.clearygottlieb.com/footer/privacy-statement

# EXHIBIT 2

| **From:** | Kaiser, Steven J. |
| **To:** | varsitylitigation@cuneolaw.com; Robert Falanga; Kobelah Bennah; Joseph Saveri; Ronnie Spiegel; Kevin Rayhill; Elissa A. Buchanan; Anna-Patrice Harris; Sofia Jordan; Dan Nordin; dhedlund@gustafsongluek.com; dgustafson@gustafsongluek.com; hartley@hartleyllp.com; Jason Lindner; Sean Cooper; rick@paulllp.com; Gurjit Aulkh |
| **Subject:** | Varsity antitrust litigations |
| **Date:** | Monday, September 20, 2021 7:07:04 PM |
| **Attachments:** | VARSITY PRIVILEGE LOG VOL01.xlsx |

Counsel:

The production that was provided a short while ago today was of certain documents that were previously held from Varsity's production for privilege review.  The attached privilege log corresponds to those documents that were withheld or redacted in that review.  The redacted documents were included in the production in redacted form along with any documents that were produced in full out of that review.

If there are any issues with the format of the log, please let us know as soon as possible.  As Varsity's privilege review is ongoing, we intend to utilize this format for future privilege log installments unless we hear otherwise from you.

Best regards,

———

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com  | clearygottlieb.com

# EXHIBIT 3

| From: | Kaiser, Steven J. |
|---|---|
| To: | "Kevin Rayhill" |
| Cc: | Joseph Saveri; Ronnie Spiegel; David Seidel; Dan Nordin; mmulqueen@bakerdonelson.com |
| Subject: | RE: Charlesbank and Bain Privilege Logs |
| Date: | Monday, May 2, 2022 6:37:00 PM |

Mr. Rayhill:

To state the obvious, if there was waiver, the content of the logs is irrelevant.  If you persist on the waiver track, we cannot justify the cost and expense of responding to your letter, although, to be sure, we do not think their assertions that the contents of the log are insufficient under the Federal Rules has any merit, which we would explain further in such a response.

We think a more productive course would be to drop the waiver argument and work through any issues you think you have with the log.  But it is up to you.  If you want to discuss further, let us know.  Thanks.

———

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

**From:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Sent:** Monday, May 2, 2022 1:48 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>; David Seidel <dseidel@saverilawfirm.com>; Dan Nordin <dnordin@gustafsongluek.com>; mmulqueen@bakerdonelson.com
**Subject:** RE: Charlesbank and Bain Privilege Logs

Steve,

Thank you for your response.

Plaintiffs maintain that Charlesbank and Bain's logs were so untimely that you have waived privilege. In addition, the untimely logs are wholly inadequate. Our April 26 letter noted numerous facial deficiencies with the logs that prevent us from assessing whether your assertion of privilege over thousands of documents is proper. The burden to establish the privilege for each document withheld or redacted for privilege lies with Bain and Charlesbank. "[T]he standard for testing the adequacy of the privilege log is whether, as to each document, it sets forth facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *Vaughan v. Celanese Americas Corp*., 2006 WL 3592538, at *3 (W.D.N.C. Dec. 11, 2006). Bain and Charlesbank have failed to carry this burden.

Given the highly prejudicial nature of your untimely logs and the exigent circumstances with depositions underway, we must move for relief from the court without delay. However, Plaintiffs' motion to the court on waiver should have no effect on Charlesbank and Bain's ability or obligation to comply with Rule 26, to cure the deficiencies, and to produce a privilege log that "will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(ii). We have noted numerous facial deficiencies. Your response appears to concede that corrections are needed. We don't see how they would be "pointless." We invite you to make corrections immediately. Nothing in Plaintiffs' forthcoming motion or correspondence to date waives, foregoes, or in any way excuses Defendants' requirements under the Federal Rules.

Sincerely,

Kevin

**Kevin E. Rayhill**
*Associate Attorney*

JOSEPH SAVERI
L A W   F I R M

601 California Street, Suite 1000
San Francisco, CA 94108
**T** 415.500.6800 x804
**F** 415.395.9940

---

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Monday, May 2, 2022 7:17 AM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>; David Seidel <dseidel@saverilawfirm.com>; Dan Nordin <dnordin@gustafsongluek.com>; mmulqueen@bakerdonelson.com
**Subject:** RE: Charlesbank and Bain Privilege Logs

Mr. Rayhill:

We understand from your April 26 letter that the question you are asking is whether Bain and Charlesbank agree that their privileges have been waived and will agree to produce all of the documents on their privilege logs as result (or remove the redactions of privileged material on those documents, as the case may be).

You are correct that Charlesbank and Bain do not agree with your suggestion that there has been privilege waiver and do not agree with your production request.  Charlesbank and Bain acted in good faith and with diligence in completing the logs, which as you know were voluminous given the scope of Plaintiffs' requests.

We find it hard to believe you are seriously pursuing a waiver argument under these circumstances,

but, in any event, Charlesbank and Bain reserve all of their rights in the event Plaintiffs follow
through on the threatened motion, including asking the Court for an award of costs for responding
to it, and all other pertinent relief.

Likewise, assuming that is the direction Plaintiffs go, the logic of your argument will mean that a
response to your questions about the logs would be pointless and we will proceed accordingly.

Best regards,

_____

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

**From:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Sent:** Saturday, April 30, 2022 4:26 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; mmulqueen@bakerdonelson.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>;
David Seidel <dseidel@saverilawfirm.com>; Dan Nordin <dnordin@gustafsongluek.com>
**Subject:** RE: Charlesbank and Bain Privilege Logs

Dear Steve,

We have not heard back from you on the privilege log issue and believe the parties are at impasse.
We plan to file a motion on Monday morning seeking an order that Charlesbank and Bain's privilege
assertions are waived. For purposes of the certificate of consultation, please let us know if
defendants oppose.

Kevin

**From:** Kevin Rayhill
**Sent:** Tuesday, April 26, 2022 7:32 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; mmulqueen@bakerdonelson.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>;
David Seidel <dseidel@saverilawfirm.com>; Dan Nordin <dnordin@gustafsongluek.com>
**Subject:** RE: Charlesbank and Bain Privilege Logs

Steve,

Please see the attached correspondence.

Kevin

---

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Tuesday, April 19, 2022 7:24 PM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>; mmulqueen@bakerdonelson.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>; David Seidel <dseidel@saverilawfirm.com>; Dan Nordin <dnordin@gustafsongluek.com>
**Subject:** RE: Charlesbank and Bain Privilege Logs

Kevin:

We disagree entirely with your assertion of waiver.

As we have told you and your former colleague, Plaintiffs' unreasonable insistence that the back and forth involving outside counsel relating to routine aspects of the purchase and sale of Varsity Brands be logged has hampered the finalization of the privilege logs. We tried to work with you and your former colleague to mitigate this issue, but were turned back at every turn, which was an unfortunate choice on Plaintiffs' part. This delayed the production and the provisioning of the privilege logs, as we told you it would.

In any event, attached is the Bain log. We will send the Charlesbank log as soon as it is finalized, which we expect in the next day or two.

Have a nice evening.

———

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

**From:** Kevin Rayhill <krayhill@saverilawfirm.com>
**Sent:** Monday, April 18, 2022 9:19 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; mmulqueen@bakerdonelson.com
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>; David Seidel <dseidel@saverilawfirm.com>; Dan Nordin <dnordin@gustafsongluek.com>
**Subject:** Charlesbank and Bain Privilege Logs

Dear Steve:

Plaintiffs have not received any log specifying Charlesbank or Bain documents withheld on privilege or work product grounds. Given the expiration of the deadline, in the absence of required logs, a claim of privilege would no longer be timely and such claim is waived. Further to the Court's orders regarding the production of documents in advance of depositions, and the order providing for the production of

privilege logs in advance of the depositions, any custodial documents withheld on privilege grounds
should be produced without delay.

Sincerely,

**Kevin E. Rayhill**
*Associate Attorney*

JOSEPH SAVERI
L A W   F I R M

601 California Street, Suite 1000
San Francisco, CA 94108
**T** 415.500.6800 x804
**F** 415.395.9940

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use
by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that
any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly
prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by
**Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more
useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out
more Click Here.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient,
please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in
certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient,
please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in
certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement

# EXHIBIT 4

| From: | Kaiser, Steven J. |
|---|---|
| To: | Katharine Malone; mmulqueen@bakerdonelson.com |
| Cc: | Ronnie Spiegel; nberkowitz@bakerdonelson.com; Gaffney, Brendan P. |
| Bcc: | {F220589864}.AM_ACTIVE@AMEMM.CGSH.COM |
| Subject: | RE: Varsity (Jones): Jones deposition |
| Date: | Tuesday, November 30, 2021 11:10:08 AM |

Kate,

Thank you for the heads up.  I hope Ms. Jones feels better soon.

In the meantime, It appears that Ms. Jones has withheld at least two documents on the basis of "privilege" (see JONES_000262 and JONES_00263) and has redacted most of her production without providing a basis for the redactions.

We do not believe we have been provided a privilege log or any information about these redactions. Please provide that information.

We also do not appear to have received any log regarding the redactions in the other Plaintiffs' productions or about any documents that were withheld from those productions.  Please provide that information as well.

Finally, please include all parties in the case in correspondence about deposition scheduling.   I have added Ms. Berkowitz and Mr. Gaffney to this response with that in mind.

Thank you.

———

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

**From:** Katharine Malone <kmalone@saverilawfirm.com>
**Sent:** Tuesday, November 30, 2021 10:24 AM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; mmulqueen@bakerdonelson.com
**Cc:** Ronnie Spiegel <rspiegel@saverilawfirm.com>
**Subject:** Varsity (Jones): Jones deposition

Counsel,

Ms. Jones has just informed us this morning that she is feeling very sick and that she does not expect that she will be feeling better by tomorrow or in any condition to participate in her deposition.  We believe that it is best to reschedule her deposition and we will get back to you as soon as we can with alternate dates. Thank you for your understanding.

Kate

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use
by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that
any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly
prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by
**Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more
useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out
more Click Here.

# EXHIBIT 5

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

GEORGE S. CARY
MITCHELL S. DUPLER
GIOVANNI P. PREZIOSO
DAVID I. GELFAND
MICHAEL A. MAZZUCHI
MARK W. NELSON
D. BRUCE HOFFMAN
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
JEREMY CALSYN
LEAH BRANNON
MATTHEW C. SOLOMON
ELAINE EWING
NOWELL D. BAMBERGER
DANIEL P. CULLEY
KENNETH S. REINKER
MACEY LEVINGTON
RESIDENT PARTNERS
KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEC. HINDS
SARA D. SCHOTLAND
WILLIAM B. MCGURN III
JOHN S. MAGNEY
MARK LEDDY
JOHN C. MURPHY, JR.
DAVID M. BECKER
JANET L. WELLER
LINDA J. SOLDO
MICHAEL H. KRIMMINGER
MATTHEW D. SLATER
SENIOR COUNSEL
W. RICHARD BIDSTRUP
STEVEN J. KAISER
KATHLEEN WARD BRADISH
CUNZHEN HUANG**
CHASE D. KANIECKI
CARL LAWRENCE MALM
CHARLES STERLING
CARL F. EMIGHOLZ
JOHN P. MCGILL, JR.
RESIDENT COUNSEL
MATTHEW I. BACHRACK
LARRY WORK-DEMBOWSKI
PATRICK FULLER
SAIF I. SHAH MOHAMMED
CHRISTIAN J. MAHONEY
SENIOR ATTORNEYS

EMILY M. ARNOLD
NICO BANKS
GRAHAM BANNON
HANI BASHOUR
TAYLOR H. BATES
ZACHARY BAUM
LINDEN BERNHARDT
JORGE A. BONILLA LOPEZ
JACKIE M. BRUNE*
JOSEPH R. BURSON
MADISON C. BUSH
ALEXIO D. CAMPBELL
NICOLE LABELL CARY
SAMUEL H. CHANG
CHINWE T. CHUKWUOGO
EVERETT K. CORAOR
MARKANTHONY CURTIS
LISA M. DANZIG
WILLIAM S. DAWLEY
BRANDON J. FIGG
CHRISTOPHER M. FITZPATRICK
ALAN B. FREEDMAN
LAUREN E. GILBERT
MELISSA GOHLKE
MICHAEL GOLDENBERG
BENJAMIN HAYES
SAVANNAH HAYNES
CHRISTOPHER J. HILDEBRAND
JESSICA HOLLIS
STEPHEN J. HOUCK
SAMEER JAYWANT
VERONICA JOUBERT
EUGENE K. KIM
JOHN F. KOZAK
TOBIAS A. KRAFT
BLAIR WEST KUYKENDALL
ELISE G. LANE
GABRIEL J. LAZARUS
JOHN A. LIGHTBOURNE
MEGAN LINDGREN
MAIA LIVENGOOD
MOLLY MA
SHANNON MANLEY
JACK MASSEY*
NORA MCCLOSKEY
BETHLEHEM MEBRATU
KELSEY NUSSENFELD
AMBER V. PHILLIPS
CALEB J. ROBERTSON
BEN ROSENBLUM

MICHAEL G. SANDERS
MICHAEL SCHULMAN
WILLIAM SEGAL
DAVID SEIDMAN
GARRETT D. SHINN
TOM STANDIFER*
NICOLE TATZ
ISABEL M. TUZ
ZACH TSCHIDA
JACK H. L. WHITELEY*
TRACEY H. ZHANG
ASSOCIATES

* Admitted only to a bar other
  than that of the District of
  Columbia. Working under the
  supervision of principals of
  the Washington office.

** Special Legal Consultant,
   qualified in the People's
   Republic of China.

D: +1 (202) 974-1554
skaiser@cgsh.com

December 22, 2021

Sean Cooper, Esq.
Paul LLP

via email – Sean@PaulLLP.com

Re:  Jones Litigation

Dear:Mr. Cooper:

This letter responds to your questions about Varsity's privilege logs in the Fusion Elite litigation of September 20, 2021 and October 11, 2021.

The date listed is the date available in the metadata and show when the document was modified or sent.  Attached is a spreadsheet showing all available additional date information in the metadata by document number.

The Email From/Author column shows, for emails, the sender of the email, and for other types of documents, the author, to the extent available in the metadata.  The type of document is separately listed and therefore this information is available to you from the log itself.

To your question about metadata in general, the columns list data that was obtained from metadata, not manually entered.

Sean Cooper, Esq.
Page 2

We do not understand your question/request about "Email From/Author, Email To, Email CC, Email BCC."  The individuals listed with asterisks after their names are attorneys acting as such.

"Other Counsel" lists other counsel involved in the document, beyond what the metadata fields show, typically counsel that appear in an email chain but not on the top email or, in the case of attorney-prepared documents such as draft agreements, prepared the document.

Your request about "Standalone Document or Attachment" is misplaced, as the column "recordtype" provides this information.  The specifics about which documents are attachments (and which documents they are attached to) is listed in the columns ParentID and AttachmentID.

We disagree that the extensive information about the documents in the logs and otherwise made available through the redacted documents does not provide sufficient information to assess the claims of privilege.  For example, surely you do not contend that more information is needed to assess whether a communication with counsel requesting legal advice regarding contractual terms and conditions is not privileged?  Or that a communication with counsel where counsel gave legal advice regarding "incorporation filings" is not privileged?  Likewise, we do not believe that many if any documents not involving lawyers were withheld, but if you have specific examples that you want us to look at, please let us know.  If the document was produced in redacted form, we direct you to also look at the redacted document to see if it answers whatever question you may have.

With best regards,

Steven J. Kaiser

# EXHIBIT 6

| | |
|---|---|
| **From:** | Anna-Patrice Harris |
| **To:** | Kaiser, Steven J. |
| **Cc:** | Katharine Malone; mmulqueen@bakerdonelson.com; Ronnie Spiegel; nberkowitz@bakerdonelson.com; bgaffney@lockelord.com |
| **Subject:** | Varsity Plaintiffs" Privilege Log |
| **Date:** | Friday, December 3, 2021 1:25:49 PM |
| **Attachments:** | Lorenzen Privilege Log (002).pdf |
| | Vellotta Privilege Log (002).pdf |
| | Jones Privilege Log.pdf |

Counsel,

Please find attached privilege logs for Plaintiffs Jones, Vellotta and Lorenzen dated December 3, 2021. All other redactions are in relation to non-responsive personal information.


Anna Patrice Harris

Associate Attorney

Saveri Law Firm

601 California Street, Suite 1000

San Francisco, CA 94108

T 415.500.6800

F 415.395.9940



**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

LORENZEN PRIVILEGE LOG
December 2, 2021

| Begin Bates | End Bates | All Custodians | Author | Bcc | Cc | Custodian | Date Created | Date Received | Date Sent | Document Type | Subject | To | From | Privilege Type | Withheld in Entirety |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LORENZEN_000778 | LORENZEN_000778 | Christina Lorenzen | clorenzen | | | Christina Lorenzen | 9/6/2019 15:07 | | | DOCUMENT | Cheer and band Scheduling | | | Attorney Client Privilege | Yes |
| LORENZEN_000838 | LORENZEN_000838 | Christina Lorenzen | | | | Christina Lorenzen | | 9/3/2019 16:07 | 9/3/2019 16:06 | EMAIL | RE: HELP! URGENT! (Cheer and band scheduling) | "My Email" <angelseekscowboy3@yahoo.com> | "jshively@shivelydemos.com" <jshively@shivelydemos.com> | Full Doc A/C Privilege | Yes |

1 of 1

VELLOTTA PRIVILEGE LOG
December 2, 2021

| Begin Bates | End Bates | All Custodians | Author | Bcc | Cc | Custodian | Date Created | Date Received | Date Sent | Document | Subject | To | From | Privilege Type | Withheld in Entirety |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VELOTTA_000002 | VELOTTA_000002 | Michelle Velotta | | | | Michelle Velotta | | 12/11/2020 15:14 | 12/11/2020 15:14 | EMAIL | RE: (Privileged and Confidential) Document Preservation RE: Varsity Cheer) | "mcvskm10" <mcvskm10@gmail.com> | "Brian Lowry" <BLowry@saverilawfirm.com> | Attorney-Client Privilege | Yes |

1 of 1

JONES PRIVILEGE LOG
December 2, 2021

| Begin Bates | End Bates | All Custodians | Author | Bcc | Cc | Custodian | Date Created | Date Received | Date Sent | Document Type | Subject | To | From | Privilege Type | Withheld in Entirelty? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JONES_000262 | JONES_000262 | Jessica Jones | | | | Jessica Jones | | 12/2/2020 0:43 | 12/2/2020 0:43 | EMAIL | (Privileged and Confidential) Document Preservation RE: Varsity Cheer | Jessica Jones <jessica.jones@joneslife.org> | Brian Lowry <BLowry@saverilawfirm.com> | Attorney-Client Privilege | Yes |
| JONES_000263 | JONES_000263 | Jessica Jones | Kevin Rayhill | | | Jessica Jones | 12/2/2020 0:09 | | | LETTER | Preservation of Records | Jessica Jones <251 N Bluff Ave., Whichita KA 67208> | Kevin Rayhill of Joseph Saveri Law Firm | Attorney-Client Privilege | Yes |

1 of 1