UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FUSION ELITE ALL STARS, *et al.*,<br><br>　　　Plaintiffs,<br>　v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>　　　Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br>**Jury Trial Demanded** |
| JESSICA JONES, et al.,<br>　　　Plaintiffs,<br>　v.<br><br>VARSITY BRANDS, LLC; *et al.*,<br><br>　　　Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br>**Jury Trial Demanded** |

**DEFENDANTS' NOTICE REGARDING MOTION FOR SANCTIONS AND FOR PROTECTIVE ORDER REGARDING OUT-OF-TIME DEPOSITION**

Per the direction of Magistrate Judge Pham on May 17, 2022, Defendants in the above-referenced actions hereby provide notice to the Court as follows:

1.　The deposition of David Owens, scheduled by Defendants for May 17, 2022, and purportedly cross-noticed by the *Fusion Elite* and *Jones* Plaintiffs concluded in the evening of May 17, 2022 with all parties having asked all the questions they chose to ask of Mr. Owens. As a result, Defendants withdraw as moot their Motion for Sanctions and for Protective Order Regarding Out-of-Time Deposition (the "Motion").

2.　Defendants <u>do not</u> withdraw their request for sanctions and specifically request their attorneys' fees incurred in preparing their Motion and for the time spent to seek guidance from Magistrate Judge Pham during the deposition of Mr. Owens.

1

3. As set forth in Defendants' Motion, the *Fusion Elite* and *Jones* Plaintiffs issued a purported cross-notice of Mr. Owens' deposition after fact discovery in those cases had closed and on short notice. The *Fusion Elite* and *Jones* Plaintiffs insisted that they were entitled to a full second deposition day of seven hours for their own examination and anticipated using all of the seven hours.

4. Before seeking relief from the Court, on May 13, 2022, Defendants suggested that the *Fusion Elite* and *Jones* Plaintiffs could depose Mr. Owens after Defendants concluded their examination, but that deposition would be completed on May 17 as the Federal Rules require. (*See Fusion Elite*, ECF No. 265-4 at PageID 4815; *Jones*, ECF No. 296-4 at PageID 6585.) On May 16, 2022, Plaintiffs rejected this, said they would go forward with a second day whether Defendants participated or not. Defendants were compelled to file the Motion.

5. The *Fusion Elite* and *Jones* Plaintiffs disrupted the beginning of Mr. Owens's deposition by insisting that Defendants withdraw the Motion. Defendants said they would not do so and the deposition commenced. After the first break, however, the *Fusion Elite* and *Jones* Plaintiffs insisted that the deposition not go forward at all unless Magistrate Judge Pham was contacted immediately. Defendants once again stated that the *Fusion Elite* and *Jones* Plaintiffs could conduct a reasonable follow up examination after Defendants were done with their questioning, but that Defendants would not withdraw their Motion if Plaintiffs intended to continue examining Mr. Owens on a second day. Plaintiffs refused to even go back on the record unless and until Defendants relented to their insistence that Magistrate Judge Pham be contacted immediately. Defendants acceded to Plaintiffs' demands.

6. Before Magistrate Judge Pham, Defendants again indicated that Plaintiffs could—as is the case in any deposition—conduct a reasonable follow up examination but that they were

2

not entitled to notice depositions after the close of fact discovery in their cases, which is what they had done here. Defendants and the witness indicated that they would stay later into the evening of the one deposition day to afford the *Fusion Elite* and *Jones* Plaintiffs the opportunity to conduct their examination. Plaintiffs argued that, notwithstanding the discovery cutoff, they were entitled to issue new notices after the cutoff and to question witnesses for as long as the witness would allow, including into a second day (and presumably longer). Ultimately Magistrate Judge Pham directed the parties to continue the deposition and report back the next day.

7. Following this conference, the deposition continued. In any event, the *Fusion Elite* and *Jones* Plaintiffs were able to ask all of the questions they chose to ask of Mr. Owens, notwithstanding that they had represented that they had 7 hours of questions. In fact, they only examined Mr. Owens for roughly 2 hours and 22 minutes, concluding their examination just after 9:15 pm CT. Plaintiffs concluded their examination of their own accord without being cutoff for any reason.

8. Mr. Owens' deposition would have concluded even earlier had Plaintiffs not interrupted the deposition in the middle to involve Magistrate Judge Pham. Indeed, absent that disruption, the deposition would have been completed by 8:15 pm CT. (The deposition started at 9:30 am CT.)

9. In view of the amount of time the *Fusion Elite* and *Jones* Plaintiffs actually spent examining Mr. Owens, it is clear that they never needed the 7 hours that they insisted on and that there was no need to interrupt Mr. Owens' deposition for an hour to contact the Court. Rather, Plaintiffs forced Defendants to unnecessarily incur the time and expense of preparing the Motion and arguing the issue to the Court. Plaintiffs also wasted the Court's time on an issue that should

3

have been resolved by the parties on the terms that Defendants suggested. The witness's time was also wasted, as was his counsel's.

10. For these reasons, and as more fully set out in Defendants' Motion, Defendants respectfully request that the Court award Defendants their attorneys' fees and costs incurred in connection with the Motion pursuant to Rules 30(d)(2)-(3), 37(a)(5), and 37(b)(2) and the Court's inherent authority.

Dated: May 18, 2022                    Respectfully submitted,

                                       s/ Nicole Berkowitz Riccio

                                       Grady Garrison (TN #008097)
                                       Nicole Berkowitz Riccio (TN #35046)
                                       James Andrew Roach (TN #37934)
                                       Karen Lott Glover (TN #38714)
                                       BAKER, DONELSON, BEARMAN, CALDWELL
                                       & BERKOWITZ
                                       165 Madison Avenue, Suite 2000
                                       Memphis, TN 38103
                                       Phone: (901) 526-2000
                                       Fax: (901) 577-0866
                                       ggarrison@bakerdonelson.com
                                       nriccio@bakerdonelson.com
                                       aroach@bakerdonelson.com
                                       kglover@bakerdonelson.com

                                       *Attorneys for U.S. All Star Federation, Inc. and USA Federation for Sport Cheering, d/b/a USA Cheer*

                                       s/ Matthew S. Mulqueen

                                       George S. Cary*
                                       Steven J. Kaiser*
                                       Linden Bernhardt*
                                       CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                       2112 Pennsylvania Avenue, NW
                                       Washington, DC 20037
                                       Phone: (202) 974-1500
                                       Fax: (202) 974-1999
                                       gcary@cgsh.com

4

skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit Fashions & Supplies, LLC; Varsity Intropa Tours*

s/ Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*
Kiprian E. Mendrygal*
Jennifer McCoy*
Katherine Wright
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

5

        kmendrygal@lockelord.com
        jennifer.mccoy@lockeord.com
        katie.wright@lockelord.com

\* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
S. Keenan Carter (TN # 023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.carter@butlersnow.com

*Attorneys for Jeff Webb*

4859-0329-1168v2
2933399-000004 05/18/2022