# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | |
| | **JURY DEMAND** |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6) DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS, LLC AND BAIN CAPITAL PRIVATE EQUITY, LLC

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................... 1

II.    FACTUAL BACKGROUND ................................................................................. 2

   A.   Summary of Allegations ................................................................................ 2

   B.   Notices of Deposition of Corporate Designees Pursuant to Rule 30(b)(6)........................ 2

III.   SUMMARY OF PLAINTIFFS' ALLEGATIONS REGARDING CHARLESBANK AND BAIN ................................................................................................................ 5

IV.   LEGAL STANDARD ........................................................................................... 7

V.    ARGUMENT ......................................................................................................... 8

   A.   The Topics on Which Rule 30(b)(6) Testimony Is Sought Are Highly Relevant to Plaintiffs' Claims And Warrant 30(b)(6) Testimony ............................................. 8

      1.   Topic 1. The funding and financial support Bain and Charlesbank provided to Varsity, and any financial transfers from Varsity to Bain or Charlesbank................................... 8

      2.   Topic 2. Bain and Charlesbank's oversight of and involvement in the business operations of any Varsity-owned entity.............................................................. 9

      3.   Topic 3. Details of any financial arrangements and/or transactions by and between Bain/Charlesbank and Defendants USASF and Webb.................................... 10

      4.   Topic 4. Any disputes, inquiries, or investigations relating to The Relevant Markets by any governmental agencies, including states' attorneys general, during the Relevant Time Period .................................................................................................. 11

   B.   Defendants Agreed to Provide Rule 30(b)(6) Witnesses But Then Reneged.................... 12

VI.   CONCLUSION.................................................................................................... 15

Case No. 2:20-cv-02892-SHL-tmp            i

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6)
DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS, LLC AND BAIN
CAPITAL PRIVATE EQUITY, LLC

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Adkisson v. Jacobs Eng'g Grp., Inc.*,
   2020 WL 8254453 (E.D. Tenn. Nov. 23, 2020) ....................................................7

*Am. Soc. of Mech. Engineers, Inc. v. Hydrolevel Corp.*,
   456 U.S. 556 (1982) ..............................................................................................6

*Arandell Corp. v. Centerpoint Energy Servs., Inc.*,
   900 F.3d 623 (9th Cir. 2018) .................................................................................6

*Bledsoe v. FCA US LLC*,
   2021 WL 1720833 (E.D. Mich. Apr. 30, 2021) ....................................................7

*Copperweld Corp. v. Indep. Tube Corp.*,
   467 U.S. 752 (1984) ..............................................................................................6

*Guaranty Residential Lending, Inc. v. Homestead Mortg. Co. LLC*,
   291 Fed.Appx. 734 (6th Cir. 2008) ......................................................................14

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*,
   847 F.3d 1221 (10th Cir. 2017) .............................................................................6

*Teledyne Indus., Inc. v. NLRB*,
   911 F.2d 1214 (6th Cir. 1990) .............................................................................14

*United States v. Blue Cross Blue Shield of Mich.*,
   2012 WL 4513600 (E.D. Mich. Oct. 1, 2012) ......................................................7

**Federal Statutes**

15 U.S.C. § 7 ............................................................................................................11

15 U.S.C. §18 ...........................................................................................................11

**Rules**

Fed. R. Civ. P. 26(b)(1)..............................................................................................7

Fed. R. Civ. P. 30(b)(1)...........................................................................................1, 3

Fed. R. Civ. P. 30(b)(6)......................................................................................*passim*

Fed. R. Evid. 803(6)..................................................................................................12

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6)
DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS, LLC AND BAIN
CAPITAL PRIVATE EQUITY, LLC

Plaintiffs Jessica Jones and Christina Lorenzen ("Plaintiffs") respectfully submit this Memorandum of Law in support of Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition Testimony from Defendants Charlesbank Capital Partners, LLC and Bain Capital Private Equity, LLC ("Motion"). Plaintiffs now move the Court for an order allowing for Rule 30(b)(6) testimony of Charlesbank and Bain, as to four topics. Plaintiffs request an expedited response from Defendants of May 23, 2022.

## I.    INTRODUCTION

This Motion seeks to compel Defendants Charlesbank and Bain to provide Rule 30(b)(6) deposition testimony. Plaintiffs have made best efforts to come to a compromise with Defendants. Plaintiffs reduced their initial list of topics from thirty-three to four by assessing what may have been completed through Rule 30(b)(1) testimony and paring down the topics to only those that were not adequately covered. Defendants have refused to provide any Rule 30(b)(6) deposition testimony.[1] Defendants do not raise any specific objections as to the topics. Instead, Defendants argue that they never agreed to produce 30(b)(6) witnesses, and even if they did agree, the Court has held that such depositions are not permitted. Both arguments fail. Defendants did make an agreement to produce Rule 30(b)(6) witnesses, as confirmed in writings with Plaintiffs and in filings with the Court by which they are now bound. The Court did not adjudicate whether the Plaintiffs may proceed with these depositions because, when Plaintiffs previously moved to compel Rule 30(b)(6) testimony, Defendants asserted their agreement to the

---

[1] The Court has previously noted that Defendants have "resisted engaging in discovery until the court ordered discovery to proceed," despite the Defendants having "conceded that many of the materials the plaintiffs have requested are relevant." *See* ECF No. 261 at 8. Defendants continue to do the same again here.

Court. Indeed, the Court's order refers to and memorializes the agreement Defendants now argue they did not make.

## II.     FACTUAL BACKGROUND

### A.     Summary of Allegations

Plaintiffs filed their Class Action Complaint on December 10, 2020. ECF No. 1. Defendants, including Charlesbank and Bain, filed motions to strike the class allegations and motions to dismiss the Complaint on March 12, 2021. ECF Nos. 55–60. On August 26, 2021, the Court denied defendants' motions to dismiss in the *Fusion* action. *See* Fusion, ECF No. 141. The motions to dismiss in the *Jones* action are fully briefed and are awaiting the Court's ruling. ECF Nos. 67-71, 72-76. The Court has ordered, however, that full discovery can proceed while the motions to dismiss are pending. *See, e.g.*, ECF Nos. 61, 170. The Court has repeatedly ordered discovery as to Charlesbank and Bain to proceed, confirming that discovery as to Charlesbank and Bain has not been stayed. *See, e.g.,* ECF No. 261 at 9 n.4.

### B.     Notices of Deposition of Corporate Designees Pursuant to Rule 30(b)(6)

Plaintiffs have complied with the requirements of Rule 30(b)(6), including the obligation to "confer in good faith about the matters for examination." *See* Rule 30(b)(6). On March 2, 2002, Plaintiffs requested depositions of corporate designees of Charlesbank and Bain respectively pursuant to Rule 30(b)(6). Rayhill Decl. Ex. B. Defendants did not respond. *Id.* On March 11, 2022, Plaintiffs properly issued depositions notices of Charlesbank and Bain. Rayhill Decl. Ex. D. Hearing nothing, on March 17, 2022, Plaintiffs followed up in writing regarding the availability of the corporate designees. *Id.* Defendants responded by letter on March 17, 2022. *Id.* Ex. A. In their letter, Defendants agreed to Rule 30(b)(6) depositions. Defendants stated that "Bain and Charlesbank do not object to providing witnesses on appropriate topics under Rule

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6)
DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS, LLC AND BAIN
CAPITAL PRIVATE EQUITY, LLC

30(b)(6)." Rayhill Decl. Ex. A at 2 [March 17 letter from S. Kaiser]. Nonetheless, they noted that

they objected to "all of the topics," and stated that they would provide details on the objections

"in the near future." *Id.* Plaintiffs heard nothing further. *Id.* at Ex. B.[2]

Meanwhile, Plaintiffs attempted to reach an agreement on the number of witnesses to be

deposed pursuant to Rule 30(b)(1). Plaintiffs sought leave to depose a total of eighteen

Charlesbank and Bain Rule 30(b)(1) witnesses, in addition to the two respective 30(b)(6)

witnesses. *Id*. The parties failed to reach agreement and the matter was submitted to the Court.

ECF No. 228-2. In Plaintiffs' Motion to Compel Depositions, Plaintiffs asked for 18 fact

witnesses, and a Rule 30(b)(6) deposition of both Charlesbank and Bain. *See id.* at 2 ("Plaintiffs

seek to take . . . 18 fact witnesses and one Rule 30(b)(6) deposition, each)*. Defendants'

agreement with respect to Rule 30(b)(6) depositions was noted in the moving papers. *Id.* at 1

("Defendants . . . refuse to allow deposition discovery for Charlesbank and Bain to proceed other

than for one Bain fact witness, two Charlesbank witnesses, and a Rule 30(b)(6) deposition of

each."); *id.* at 3 ("[Defendants] . . . agree to produce one Bain fact witness, two Charlesbank fact

witnesses, and one Rule 30(b)(6) deposition each."); *id*. at 7 ("Defendants have stated that they

will allow Plaintiffs' Rule 30(b)(6) notices as to each, however, they are also delaying those

depositions by challenging Plaintiffs' list of proposed topics.").

---

[2] Meanwhile, Defendants delay in complying with the Court's December 15 order requiring the production of documents continued. Approximately one year before, on March 26, 2021, Plaintiffs served requests for production on Bain and Charlesbank. After months of negotiation and near complete refusal by Charlesbank and Bain to produce even the bare minimum and to cooperate at all in document discovery, Plaintiffs sought court intervention, filing motions to compel production of documents. ECF Nos. 101 and 102. On December 13, 2021, the Court granted the motions in part and denied them in part, ordering Charlesbank and Bain to produce responsive documents. ECF No. 174. Defendants' tardy production and efforts to frustrate and delay document production have been documented in prior filings and recognized by the Court. *See* ECF No. 261 at 4–5, 8–9. Charlesbank and Bain finally completed their document productions on April 1, 2022.

In their opposition, while opposing the motion with respect to the eighteen 30(b)(1) witnesses, Defendants confirmed their agreement over 30(b)(6) depositions, noting that Defendants "expected that [A. Janower, J. Beer, and R. Cotton] will likewise provide any Rule 30(b)(6) testimony for Bain and Charlesbank." ECF No. 244 at 2. Defendants made no other mention of Rule 30(b)(6) testimony. *Id.*

The Court memorialized the agreement of the parties on the Rule 30(b)(6) depositions in a footnote. ECF No. 261 (the "April 11, 2022 Order") at 5 n.3. The Court then addressed the dispute before it, permitting Plaintiffs to take the depositions of 6 witnesses in addition to the three witnesses Defendants had agreed to. *Id.* at 11. The parties sought to schedule the depositions pursuant to the April 11, 2022 Order.

On April 21, 2022, Defendants refused to schedule the 30(b)(6) depositions of Charlesbank and Bain. *See* Rayhill Decl. Ex. B [April 21 email from Kaiser]. Defendants took the position that they had never agreed to 30(b)(6) depositions, and that even if they had agreed, the Court denied Plaintiffs the right to take the depositions in the April 11, 2022 Order. Rayhill Decl. ¶ 5, Ex. B; Seidel Decl. ¶ 2. Defendants hyperbolically complained that all of the topics Plaintiffs noticed for 30(b)(6) deposition "seek levels of detail that could not possibly be addressed in testimony because the memory exercise involved would be beyond human capability." Rayhill Decl. Ex. B [April 21, 2022 email from Kaiser]. Nevertheless, Plaintiffs continued to negotiate with Defendants in order to obtain a compromise. On May 4, Plaintiffs proposed reducing the number of topics to four topics, plus the authentication of business records as follows:

> (1) Topic 1. The funding and financial support Bain and Charlesbank provided to Varsity, and any financial transfers from Varsity to Bain or Charlesbank.

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6)
DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS, LLC AND BAIN
CAPITAL PRIVATE EQUITY, LLC

(2) Topic 2. Bain and Charlesbank's oversight of and involvement in the business operations of any Varsity-owned entity.

(3) Topic 3. Details of any financial arrangements and/or transactions by and between Bain/Charlesbank and Defendants USASF and Webb.

(4) Topic 4. Any disputes, inquiries, or investigations relating to The Relevant Markets by any governmental agencies, including states' attorneys general, during the Relevant Time Period.

(5) The authentication of Charlesbank and Bain documents.

*See* Rayhill Decl. Ex. B. Plaintiffs' efforts (on May 4, May 6, and May 11) to reach agreement on the narrowed set of topics were unsuccessful. *See* Rayhill Decl. Ex. B, Ex. C; Seidel Decl. ¶ 2. Finally, on May 11, Plaintiffs suggested a further comprise, suggesting Rule 30(b)(6) testimony on three substantive topics (Topics 2, 3, and 4), and a written response to Topic 1 Rayhill Decl. Ex. C [May 11 email from D. Seidel to S. Kaiser]. This was rejected as well. *Id.*

## III.    SUMMARY OF PLAINTIFFS' ALLEGATIONS REGARDING CHARLESBANK AND BAIN

The nature of Plaintiffs' claims is set forth in their Complaint and has been the subject of considerable discovery motion practice. *See, e.g.*, ECF Nos. 165, 174, 195, 229, 231, 236, 245, 261. With respect to Charlesbank and Bain, Plaintiffs allege Charlesbank and Bain were direct participants in the anticompetitive scheme. As the evidence shows, Charlesbank purchased Varsity in 2014, for $1.5 billion dollars. In so doing, Charlesbank knew that Varsity was the dominant firm in the markets at issue here and had erected significant barriers to entry and engaged in business practices to foreclose rivals and exclude competition. Charlesbank's acquisition of Varsity, included Varsity Brands, Inc. and Varsity Spirit, Inc. Complaint, ECF No. 1 at ¶ 84. Charlesbank became the majority shareholder and obtained control of Varsity. That year, Charlesbank converted both Varsity Brands, Inc. and Varsity Spirit, Inc. to limited liability companies owned and controlled by Charlesbank. Charlesbank owned over 65% of Varsity's

stock. As Varsity's parent, Charlesbank controlled Varsity through its control of the Varsity boards of directors and management boards. Charlesbank and Charlesbank subsidiaries, affiliates, officers and directors managed and operated Varsity. Charlesbank was actively involved in numerous aspects of Varsity's business, overseeing management, directing strategy, approving and funding acquisitions, hiring and firing key employees, setting and approving compensation, hiring consultants and otherwise directing Varsity's activities.

In 2018, Charlesbank sold Varsity to Bain Capital for approximately $2.5 billion. Complaint, ECF No. 1 at ¶ 85. Charlesbank received total payouts of $1.047 billion. At the time of Bain's acquisition, Charlesbank invested another $160 million, maintaining a seat on the Varsity Board of Directors and otherwise continuing to be involved in the management of Varsity. After the acquisition by Bain, Bain controlled Varsity through its control of the Varsity boards of directors and management boards. Through its agents, officers and directors, Bain also managed and operated Varsity. Bain has been actively involved in numerous aspects of Varsity's business, overseeing management, directing strategy, approving and funding acquisitions, hiring and firing key employees, setting and approving compensation, hiring consultants and otherwise directing Varsity's activities.

Charlesbank and Bain are also vicariously liable for the anticompetitive conduct of Varsity. *See Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1226 (10th Cir. 2017) (parent company and subsidiary treated as a single entity for antitrust purposes, including Section 2 claims), *Arandell Corp. v. Centerpoint Energy Servs., Inc.*, 900 F.3d 623, 629 (9th Cir. 2018) (parent and subsidiary have full unity of interest); *Am. Soc. of Mech. Engineers, Inc. v. Hydrolevel Corp.*, 456 U.S. 556 (1982) (establishing principal and agent liability under antitrust law); *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 771 (1984) (coordinated activity of

a parent and subsidiary considered to be a single enterprise). Plaintiffs further allege that

Charlesbank and Bain were and continue to be actively involved in the alleged anticompetitive

scheme through seats on Varsity's Board of Directors. Complaint, ECF No. 1 at ¶ 119.

Charlesbank and Bain dispute these allegations. Indeed, the Court has already found that many of

"[P]laintiffs' claims can only be resolved through fairly extensive discovery from Charlesbank

and Bain, the only parties who have access to" relevant information concerning those

Defendants. ECF No. 174 at 6.

## IV.    LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits parties to obtain discovery "regarding any

nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Evidence is relevant when it has "any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be

without the evidence." *Bledsoe v. FCA US LLC*, 2021 WL 1720833, *1 (E.D. Mich. Apr. 30,

2021). In antitrust cases, even broad discovery is not discouraged. Given the importance of

private enforcement to the antitrust regime in the United States, and the significant market wide

injuries sustained, "[t]he public policy implications in this matter favor extremely broad

discovery." *United States v. Blue Cross Blue Shield of Mich.*, 2012 WL 4513600, at *3 (E.D.

Mich. Oct. 1, 2012).

Depositions of corporate designees pursuant to Rule 30(b)(6) are important and efficient

discovery tools. *See Adkisson v. Jacobs Eng'g Grp., Inc.,* 2020 WL 8254453, at *2 (E.D. Tenn.

Nov. 23, 2020) ("A Rule 30(b)(6) witness differs from a 'mere corporate employee' because,

unlike an individual witness, the testimony of a Rule 30(b)(6) witness represents the knowledge

of the corporation and testimony under the rule binds the corporation." (quoting *Edwards v.*

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6)
DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS, LLC AND BAIN
CAPITAL PRIVATE EQUITY, LLC

*Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019)). Under Federal Rule of Civil

Procedure 30(b)(6), a "party may name as the deponent a public or private corporation . . . and

must describe with reasonable particularity the matters for examination." Fed. R. Civ. P.

30(b)(6). "The named organization must designate one or more officers, directors, or managing

agents, or designate other persons who consent to testify on its behalf." *Id.* Reliance on the

provisions of Rule 30(b)(6) depositions does not preclude "a deposition by any other procedure

allowed by [the] rules." *Id.*

## V.     ARGUMENT

### A.     The Topics on Which Rule 30(b)(6) Testimony Is Sought Are Highly Relevant to Plaintiffs' Claims And Warrant 30(b)(6) Testimony

Plaintiffs are entitled to testimony with respect to each of the deposition topics. Each

seeks relevant information. Defendants have offered no substantive objection as to their scope.

#### 1.   Topic 1. The funding and financial support Bain and Charlesbank provided to Varsity, and any financial transfers from Varsity to Bain or Charlesbank

Topic 1 seeks basic information regarding the financial terms of the most significant

financial transactions in this case as well as information regarding dividends and other payments

from Varsity to Charlesbank and Bain. This would include payments paid by Charlesbank to

Varsity when it purchased the company in 2014, as well as additional financial support or other

payments made thereafter. Similarly, it would include payments made by Bain to Varsity when

Bain purchased Varsity in 2018. It would also include any payments of dividends or other

payments by Varsity to Charlesbank and Bain, its owners and largest shareholders. In addition to

providing the basic details regarding the financial terms of the key transactions in this case, this

information goes to show the nature and extent of corporate ownership. The size of these

transactions shows the value of the Varsity monopoly. Dividends or other payments show the

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6) DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS, LLC AND BAIN CAPITAL PRIVATE EQUITY, LLC

amount of monopoly profits achieved or obtained by the owners of Varsity and further show involvement in the scheme. Such information is relevant to Charlesbank and Bain's liability for the anticompetitive conduct whether vicariously or directly. *See supra* Section III. The jury would be able to rely on this evidence in a finding of liability because it shows the monopolistic scheme exits, Charlesbank and Bain intentionally participated in it, and obtained supracompetitve profits as a result. Significantly, as the deposition testimony and the documentary records show, these transactions are complex and require substantial explanation from Defendants Charlesbank and Bain directly. Even the Charlesbank principles responsible for the purchase and sale of Varsity, and who sat on the Board of Directors, could not –or would not—explain the transactions. *See, e.g.*, Rayhill Decl. Ex. E ███████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████[3]

## 2. Topic 2. Bain and Charlesbank's oversight of and involvement in the business operations of any Varsity-owned entity

Topic 2 concerns Charlesbank and Bain's oversight of and involvement in the business operations of any Varsity-owned entity. This topic is relevant to the direct involvement by Charlesbank and Bain in controlling and directing the affairs of Varsity, including acquisitions, strategic and competitive decisions with respect to cheer, camps and apparel (the three Relevant Markets). The involvement of Charlesbank and Bain in this conduct is a core factual issue in this

---

[3] One of the specific purposes of Rule 30(b)(6) was to prevent such a strategy. *See* 1970 Advisory Committee Notes, ("It will curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it.")

case, including the extent to which the participants acted as a single entity. *See supra* Section III. For example, as noted above, the jury would be able to rely on this evidence in a finding of liability because it shows the monopolistic scheme exits, Charlesbank and Bain intentionally participated in it.

### 3. Topic 3. Details of any financial arrangements and/or transactions by and between Bain/Charlesbank and Defendants USASF and Webb

Topic 3 concerns the financial dealings between Charlesbank and Bain and USASF and Jeff Webb, the founder of Varsity, its former CEO and Chairman of the Board of Directors, and its largest shareholder prior to the Charlesbank acquisition. It also includes the role of Charlesbank and Bain in the financial arrangements with USASF, the rule-making body owned by Varsity. USASF is a Defendant in the case and is one of the key participants in the monopolistic scheme. Among other things, USASF required mandatory membership in USASF to participate in sanctioned events. USASF set rules for allocating bids to end of the year world championships, control of which were a key element of Varsity's efforts to foreclose competition and exclude rival event promoters. USASF executives and decision makers were employees of Varsity and received Varsity stock options and other incentives. As plaintiffs allege, and the evidence shows, USASF did so to benefit Varsity and to exclude and punish independent event producers and other Varsity rivals. ECF No. 1 at 27-35. These are key elements of the anticompetitive scheme at issue in the case. Jeff Webb was the founder of Varsity who set Varsity on an anticompetitive course and sought to monopolize the market. Payments by Charlesbank and Bain to Webb, the largest individual shareholder of Varsity and its affiliated entities, are important to complete the financial details of the key transactions. In addition, any additional payments to Webb, for example as a consultant, will also show bias. The involvement

of Charlesbank and Bain in this conduct is a core factual issue in this case, including the extent to which the participants acted as a single entity. *See supra* Section III.

    **4.   Topic 4. Any disputes, inquiries, or investigations relating to The Relevant Markets by any governmental agencies, including states' attorneys general, during the Relevant Time Period**

    Topic 4 calls for testimony regarding governmental inquires directed at Charlesbank and Bain, or at Varsity while Charlesbank and Bain were Varsity's controlling parent. To the extent there have been any regulatory or other proceedings between the parties and governmental agencies, such information will be an important source of relevant evidence. Corporate acquisitions are also a key element of the monopolistic scheme Such agencies routinely conduct inquiries regarding competitive issues including the effects on markets, competitions, prices and consumers of business decisions, including mergers and acquisitions. In particular, under the Hart-Scott-Rodino Antitrust Improvements Act of 1976. 15 U.S.C. §18a. *See* https://www.ftc.gov/legal-library/browse/statutes/hart-scott-rodino-antitrust-improvements-act-1976 ("The Act establishes waiting periods that must elapse before such acquisitions may be consummated and authorizes the enforcement agencies to stay those periods until the companies provide certain additional information about the likelihood that the proposed transaction would substantially lessen competition in violation of Section 7 of the Clayton Act.").[4] The parties' HSR filings require them to disclose basic information about the transaction and their businesses and competitive market conditions, such as their subsidiaries, revenues, and information about competitive overlaps between their businesses. The Department of Justice, the Federal Trade Commission, and state attorneys general conduct antitrust investigations routinely. Such

---

[4] Plaintiffs allege that Defendants acquired monopoly power, among other things, by acquiring competitors. Plaintiffs are further aware that some of these transactions were of sufficient size to require premerger disclosure.

investigations are often confidential and not widely shared with company managers and other business persons. Thus, fact witnesses may be wholly unaware of certain governmental investigations. Only Charlesbank and Bain's own corporate testimony would be able to provide testimony on all governmental investigations into the Relevant Markets during Charlesbank and Bain's ownership of Varsity. Indeed, if fact witnesses were sufficient, there would never be any need for 30(b)(6) depositions.

### 5. Foundational Testimony

Finally, Plaintiffs need a Charlesbank and Bain corporate representative to authenticate documents produced by Charlesbank and Bain that have no available custodian, such as documents produced from central files. Such evidence will establish the exception to the hearsay rule for business records pursuant to Rule of Evidence 803(6).

## B. Defendants Agreed to Provide Rule 30(b)(6) Witnesses But Then Reneged

In lieu of formal objections or substantive concerns regarding the notices or the proposed topics, Defendants raise two related arguments. First, Defendants argue that they never agreed to provide 30(b)(6) witnesses. Second, they argue, that, even if they did agree, the Court's April 21, 2022 Order denied Plaintiffs the right to take the 30(b)(6) depositions. Each is unavailing.

As to the first, the record is clear that Defendants agreed to produce corporate designees. Plaintiffs complied with Rule 30(b)(6). As required by the Rule, Plaintiffs sought to confer in advance of issuing the notices, issued the notices and then met and conferred in good faith on numerous occasions, both before and after the April 21, 2022 Order. Ultimately, after substantial back and forth, Plaintiffs have proposed—and are now seeking—testimony on a substantially limited set of topics. When Plaintiffs were able to elicit a response, the manifestations of assent are well documented, as set forth above. *See supra* Section II.B.

Defendants did not object to the requests. *See e.g.*, Rayhill Decl. Ex. A at 2. [March 17 letter from S. Kaiser]. In Defendants' letter, they specifically stated that "Bain and Charlesbank do not object to providing witnesses on appropriate topics under Rule 30(b)(6)." *Id.* at 2. Indeed, they have never supplied formal objections or sought a protective order. Defendants objected only to "the topics as written," and stated they would "provide further details on the objections in the near future." *Id.* They never did. See Rayhill Decl. Ex. B.

The filings with the Court evidence this agreement too. In Plaintiffs' motion to compel, Plaintiffs recite Defendants' agreement on 30(b)(6) depositions. *See* ECF No. 228-2 at 1 ("Defendants . . . refuse to allow deposition discovery for Charlesbank and Bain to proceed other than for one Bain fact witness, two Charlesbank witnesses, and a Rule 30(b)(6) deposition of each."); *id.* at 3 ("[Defendants] . . . agree to produce one Bain fact witness, two Charlesbank fact witnesses, and one Rule 30(b)(6) deposition each."); *id*. at 7 ("Defendants have stated that they will allow Plaintiffs' Rule 30(b)(6) notices as to each, however, they are also delaying those depositions by challenging Plaintiffs' list of proposed topics."). Defendants did not quarrel with these representations. In fact, the opposite is true: Defendants confirmed the agreement. Defendants stated to the Court: "It is expected that [A. Janower, J. Beer, and R. Cotton] will likewise provide any 30(b)(6) testimony for Bain and Charlesbank." ECF No. 244 at 2. Defendants thus affirmed their agreement to the Court.

The April 21, 2022 Order memorializes the agreement. Since there was no disagreement, the Court noted: "Defendants agreed to depositions of Ryan Cotton, Joshua Beer, and Andrew Janower. Defendants also proposed Cotton and either Janower or Beer would serve as Bain and Charlesbank's Rule 30(b)(6) representatives, respectively." ECF No. 261 at 5 n.3. To confirm this point, the Court noted that its list of deponents ordered to be deposed were in addition to

"Cotton, Beer, and Janower, whose depositions defendants have agreed to." ECF No. 261 at 11; *see also id.* at 11 ("These depositions will be in addition to the agreed depositions of Cotton, Beer, and Janower."). Further, there is likewise no discussion of any aspect of the substance of the 30(b)(6) notice, including the topics. Were there a dispute, the parties would have surely raised and briefed this issue.

Principles of judicial estoppel prevent Defendants from denying an agreement they previously affirmed to the Court. *See generally Guaranty Residential Lending, Inc. v. Homestead Mortg. Co. LLC*, 291 Fed.Appx. 734, 743 (6th Cir. 2008) ("Judicial estoppel is most commonly applied to bar a party from making a factual assertion in a legal proceeding which directly contradicts an earlier assertion made in the same proceeding or a prior one.") (citation omitted); *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1220 (6th Cir. 1990) ("Judicial estoppel exists to protect the *courts* from the perversion of judicial machinery through a party's attempt to take advantage of both sides of a factual issue at different stages of the proceedings.") (quotation marks and citations omitted) (emphasis in the original).

As to the second argument, Defendants' tortured reading of the April 21, 2002 Order should be rejected. The moving papers, and Defendants' opposition, confirmed the agreement of the parties on the issue, not a dispute. There is nothing in the Order denying Plaintiffs' motion for 30(b)(6) testimony, and it was Defendants themselves that attested to the Court in their Opposition that they would use Janower, Beer, and Cotton as 30(b)(6) deponents, therefore taking that issue away from needing Court intervention. *See* ECF No. 244 at 2.

Ultimately, the Defendants have attempted to use their own delay and gamesmanship to their advantage. In recent meet and confer efforts, Defendants now assert Plaintiffs have delayed

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6) DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS, LLC AND BAIN CAPITAL PRIVATE EQUITY, LLC

too long to bring a motion to compel 30(b)(6) testimony.[5] Of course, had Defendants performed as they had agreed, the depositions could have taken place earlier. The 30(b)(1) witnesses could have been designated as the 30(b)(6) witnesses in response to Plaintiffs' request, or other witnesses could have been designated. Any unreasonable delay has been caused by Defendants' misleading the Court by asserting their agreement on 30(b)(6) depositions in their filed opposition, ECF No. 244 at 2, only to subsequently refuse.

Similarly, to the extent Defendants now argue Plaintiffs delayed too long, equitable estoppel precludes such a result, since it was Defendants' affirmative assertions agreeing to Rule 30(b)(6) testimony—both in their March 17 letter to Plaintiffs and in their opposition, ECF No. 244 at 2, filed with the Court—on which Plaintiffs relied. *See Teledyne Indus.*, 911 F.2d at 1220 (6th Cir. 1990) ("[E]quitable estoppel serves to protect litigants from unscrupulous opponents who induce a litigant's reliance on a position, then reverse themselves to argue that they win under the opposite scenario.").

## VI.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion and allow highly relevant Rule 30(b)(6) testimony on the four requested topics to proceed. In anticipation of an opposition brief, Plaintiffs request the opportunity to file a short reply.

---

[5] It is of note that Defendants continue to accuse Plaintiffs of delay. *See* ECF 244 at 10–11. Defendants' accusation is not supported by the record and is unfair. The Court has noted previously that this argument is "not well taken, especially as to Bain and Charlesbank." ECF 261 at 8. Defendants' delay in production of documents, failure to schedule witnesses, and reneging on their earlier agreement filed with the court, is the root of these delays. Defendants' dilatory conduct forced Plaintiffs into completing substantial document and deposition discovery at the end of the discovery period set by the Court. When Defendants' performance of their discovery obligations came up short after months of delay, Defendants criticize Plaintiffs for not taking them to task sooner.

Dated: May 19, 2022

Respectfully submitted,

By: _____/s/ Joseph R. Saveri_____
        Joseph R. Saveri


Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6)
DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS, LLC AND BAIN
CAPITAL PRIVATE EQUITY, LLC

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
David A Goodwin*
Ling Shan Wang*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
dgoodwin@gustafsongluek.com
lwang@gustafsongluek.com

* Admitted pro hac vice

+Located in Washington State

*Attorneys for Individual and
Representative Plaintiffs*

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RULE 30(b)(6)
DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS, LLC AND BAIN
CAPITAL PRIVATE EQUITY, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Dated: May 19, 2022                     By:    */s/ Joseph R. Saveri*
                                                Joseph R. Saveri