# Exhibit C

| | |
|---|---|
| **From:** | Kaiser, Steven J. <skaiser@cgsh.com> |
| **Sent:** | Thursday, May 19, 2022 6:06 AM |
| **To:** | David Seidel |
| **Cc:** | Joseph Saveri; Ronnie Spiegel; Eric L. Cramer; Kevin Rayhill; Haynes, Savannah; Cary, George S.; Houck, Stephen J.; mmulqueen@bakerdonelson.com |
| **Subject:** | RE: Outstanding Discovery Issues |

David,

We have been at an impasse about further depositions beyond the nine the Court allowed (and which were completed two weeks ago) for a month. We have explained repeatedly why the Court's resolution of Plaintiffs' motion for leave to take eighteen 30(b)(1) depositions and two 30(b)(6) depositions, which the Court said it "granted in part and denied in part," granting nine 30(b)(1) depositions while denying the rest of Plaintiffs' request, including its request for 30(b)(6) depositions, resolved this issue. Plaintiffs neither moved for reconsideration nor appealed that decision, which would have been the appropriate way to challenge it.

Bain and Charlesbank's good faith efforts to appease Plaintiffs by offering to provide information outside of a deposition were an effort to head off Plaintiffs' burdening the Court with an unnecessary and baseless discovery motion. Plaintiffs unfortunately have rejected them. Bain and Charlesbank reserve all of their rights.

---

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com | clearygottlieb.com

---

**From:** David Seidel <dseidel@saverilawfirm.com>
**Sent:** Wednesday, May 18, 2022 8:47 PM
**To:** Kaiser, Steven J. <skaiser@cgsh.com>; Cary, George S. <gcary@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>; Eric L. Cramer <ecramer@bm.net>; Kevin Rayhill <krayhill@saverilawfirm.com>; Haynes, Savannah <shaynes@cgsh.com>; Dispenza, Linda M. <ldispenza@cgsh.com>
**Subject:** RE: Outstanding Discovery Issues

Steve,

Thank you for your response.

On the Rule 30(b)(6) testimony from Charlesbank and Bain, we think the parties have reached an impasse, and we will be moving to compel. As we have discussed, Defendants had previously agreed to providing Rule 30(b)(6) testimony, and we don't read the Courts' order at ECF 261 to have denied Rule 30(b)(6) testimony. We also disagree, as discussed previously, that your general assertions about fact witnesses covering the topics provides a basis to refuse 30(b)(6) testimony here. I also disagree that you offered written responses to topics 3 and 4. My understanding from our last call was that your clients might be willing to entertain providing a written response to topic 4, but that you were not sure if they would agree to even that. In any event, we don't think a written response to topics 3 and 4 are sufficient, which is

why we sought Rule 30(b)(6) testimony, not interrogatories. We were, however, willing to accept a written response to topic 1, but you have rejected that proposal.

We will respond regarding the document requests and Seely deposition issues separately.

Best,
David

---

**From:** Kaiser, Steven J. <skaiser@cgsh.com>
**Sent:** Friday, May 13, 2022 11:15 AM
**To:** David Seidel <dseidel@saverilawfirm.com>; Cary, George S. <gcary@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>; Eric L. Cramer <ecramer@bm.net>; Kevin Rayhill <krayhill@saverilawfirm.com>; Haynes, Savannah <shaynes@cgsh.com>; Dispenza, Linda M. <ldispenza@cgsh.com>
**Subject:** RE: Outstanding Discovery Issues

David,

We will not reiterate the reasons that Plaintiffs are not entitled to more depositions in this case (30(b)(6) or otherwise), as they have been explained to you and your colleagues several times now.  In terms of your four topics, as we discussed, it seems that topics 1 and 2 were explored during the depositions at length, and you certainly had the opportunity to explore all of the topics during the depositions.  We tried to address providing additional information to you in writing on topics 3 and 4 (and clarified that 3 relates to Webb and USASF, which clarification we thank you for) but it appears you are not interested in what we suggested.  And, as we discussed, authentication objections would be premature, although we still have no sense of what you have in mind particularly as relates to volume.

As to HSR filings, as previously communicated, none of the acquisitions by Varsity were subject to the HSR Act.  In addition, the scope of Bain's and Charlesbank's productions in response to the Jones Plaintiffs' documents requests was set by the Court's order of December 13, 2021, which has been complied with in full.  Likewise, the parties' agreements defines the scope of production as to Varsity, which again have been complied with.  The specific requests you cite were the subject of negotiations between the parties and the resolution of those negotiations did not include HSR filings.  We suggest you review the records since you were not involved in those discussions.  As I am sure you can understand, Bain, Charlesbank, and Varsity are not willing to renegotiate past agreements after the close of discovery.

As to Mr. Seely, below is the list of documents that helped refresh Mr. Seely's recollection in preparation for his 30(b)(6) deposition.

1. VAR00424222, with attachment -223
2. VAR0030017
3. VAR00415167, with attachment -169
4. VAR00104980, with attachment -983
5. VAR00239207

As to the issue of a proffer, we told you and your colleagues that Varsity would consider providing a proffer on what Mr. Seely told Mr. Elza and Mr. LeTard about why they were being terminated, which is what Mr. Saveri said was not privileged.  That is not what you wrote below, where you seem to suggest that Varsity agreed to consider providing "an explanation of the underlying facts."  That may be an inadvertent turn of phrase, but if you have in mind something more than what Mr. Seely told Mr. Elza and Mr. LeTard, that is new discovery and would be inappropriate, as discovery closed on April 18 with limited exceptions that do not include this topic.  Further, Plaintiffs had ample opportunities to seek that discovery before the period closed.  We note in that regard that Plaintiffs asked similar questions of Mr. Elza,

Mr. LeTard, and Mr. Stott during their depositions, and could have asked such questions of other Varsity witnesses as well or otherwise followed up during the discovery period.

If you would like to discuss any of this further, let us know.

Have a nice weekend.

---

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com  |  clearygottlieb.com

---

**From:** David Seidel <dseidel@saverilawfirm.com>
**Sent:** Wednesday, May 11, 2022 1:54 PM
**To:** Cary, George S. <gcary@cgsh.com>; Kaiser, Steven J. <skaiser@cgsh.com>
**Cc:** Joseph Saveri <jsaveri@saverilawfirm.com>; Ronnie Spiegel <rspiegel@saverilawfirm.com>; Eric L. Cramer <ecramer@bm.net>; Kevin Rayhill <krayhill@saverilawfirm.com>; Haynes, Savannah <shaynes@cgsh.com>; Dispenza, Linda M. <ldispenza@cgsh.com>
**Subject:** Outstanding Discovery Issues

Steve and George,

We are writing to address several outstanding issues.

First, as I discussed with Steve last week, we have been discussing the 30(b)(6) depositions of Charlesbank and Bain and we understand your position is that we are not entitled to any such depositions. We need (and are entitled to) 30(b)(6) depositions of Charlesbank and Bain. As discussed on the call, we are trying to accommodate your blanket objections to our 30(b)(6) topics and are willing to limit the 30(b)(6) testimony substantially. On our call you rejected our proposal for 30(b)(6) depositions on the below topics:

    1. The funding and financial support Bain and Charlesbank provided to Varsity, and any financial transfers from Varsity to Bain or Charlesbank.
    2. Bain and Charlesbank's oversight of and involvement in, since acquisition, the business operations of any Varsity-owned entity.
    3. Details of any financial arrangements and/or transactions by and between Bain/Charlesbank and any of the other Defendants.
    4. Any disputes, inquiries, or investigations relating to The Relevant Markets by the Federal Trade Commission, U.S. Securities & Exchange Commission, United States Department of Justice, or states' attorneys general, or other government agencies or regulations initiated at any time during the Relevant Time Period, including:
        a. The governmental entity;
        b. The scope of the investigation; and
        c. The scope of the documents You produced in response to the investigation.

We seek 30(b)(6) deposition testimony from Charlesbank and Bain on the above four topics, as well as to authenticate certain documents. If you would prefer to provide written responses to item 1 above, we are willing to remove item 1 from the 30(b)(6) topics. Let us know if you will agree, otherwise we will seek intervention from the Court.

Second, we do not believe Varsity, Charlesbank, or Bain have produced any fillings or submissions made pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, 15 U.S.C. § 18a (§ 7A of the Clayton Act regarding premerger notifications). This would include filings regarding any of Varsity's acquisitions. Nor have Charlesbank or Bain produced any HSR filings related to their acquisitions of Varsity. HSR filings are responsive to the following RFPs:
- Jones Plaintiffs' RFP 1 to Charlesbank and Bain
- Jones Plaintiffs' RFP 19 and 20 to Charlesbank
- Jones Plaintiffs' RFP 18 and 19 to Bain
- The Fusion Plaintiffs' RFP 108 to Varsity.

If these materials have been produced, we would appreciate it if you would direct us to the documents by Bates number.

Third, there are still outstanding issues with respect to Mr. Seely's deposition. During our meet and confer on 4/28, you said you would immediately provide us with all the documents that refreshed Mr. Seely's recollection. We have not received those documents. Please send us the documents by end of day today.

We also disagree with your assertion during the meet and confer that the reason Mr. Seely fired Mr. Elza or Mr. Letard is privileged. Underlying facts are not privileged, regardless of whether the underlying fact happened to be disclosed to Mr. Seely by an attorney. Nor are Mr. Seely's statements to either Mr. Elza and Mr. Letard at the time of their firing privileged. You have indicated that there may be other sources of law that would protect these communications, but our research has not located any. During our meet and confer you said you would consider providing us with an explanation of the underlying facts as to why Mr. Elza and Mr. Letard were fired. Without telling us what counsel said, please provide us with the underlying facts as to why Mr. Elza and Mr. Letard were fired. Once we have this information, we will then be able to determine whether any follow up questions on this subject or motion practice on this issue is warranted. The explanation will also allow us to decide whether we need to move to compel for the remainder of our deposition time up to 11 hours.

Best,
David

**David Seidel**
Associate

_____



601 California Street, Suite 1000
San Francisco, CA 94108
**T** 415.500.6800 x906
**F** 415.395.9940

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement