**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>        Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>        Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br><br><br>**JURY DEMAND** |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DOCUMENTS
WITHHELD BY DEFENDANTS CHARLESBANK CAPITAL PARTNERS LLC AND
BAIN CAPITAL PRIVATE EQUITY**

## I.     WAIVER IS PROPER REMEDY IN THIS CASE

While Defendants' opposition is long on rhetoric and factual mischaracterization, it is short on legal authority for their position. Defendants cite cases for the unremarkable proposition that waiver is a harsh remedy. ECF 297 at PageID 6605. But Defendants do not contest the applicability of the cases in this circuit that Plaintiffs cited, in which courts found waiver appropriate from conduct less egregious than Defendants' conduct here. Indeed, Defendants do not dispute the applicability of the two most directly on point cases: *Hennigan v. General Electric Company*, and *Burlington Northern*. The Court should follow those cases and find waiver here. Defendants' extreme delay warrants the only commensurate remedy at this late juncture: waiver. Indeed, Defendants identify no alternative remedy.

Defendants' conduct was part of a pattern and practice to delay, stonewall, and otherwise refuse to respond to discovery in a timely basis. Plaintiffs served document requests in March of 2021. Yet Defendants essentially refused to produce anything. ECF 290-6; ECF 290-7; *see also* ECF 261 at 5240 n.4. Defendants forced Plaintiffs to move to compel, even though they later "conceded" the relevance of the materials. ECF 261 at 5239. Even after the Court ordered Defendants to produce documents in December, 2021, Defendants still dragged their feet and continued to delay. *See, e.g.*, ECF 261 at 5235–36. Plaintiffs repeatedly asked defendants to produce their documents in a timely manner. Defendants stonewalled those inquiries, ultimately confirming that they would produce the documents at the *earliest* by April 1, 2022.[1]

---

[1] Defendants mischaracterize their long delayed confirmation of the April 1, 2022 date of production as an "agreement.," as though the Plaintiffs got what they wanted and cannot complain. Plaintiffs were entitled to expect that Defendants would comply promptly with the Court's Order. Their repeated efforts to obtain confirmation of the timing of compliance does not constitute an agreement as to the timing of the privilege log, or to excuse all of Defendants prior delay. Plaintiffs asked for the commitment as part of an agreement to produce witnesses for

The Court found that Defendants had created the "schedule crunch" because they "resisted engaging in discovery until the court ordered discovery to proceed in December 2021." ECF 261 at 5239. In fact, even as late as April 11, 2022, the Court still needed to instruct Defendants that "discovery as to Bain and Charlesbank is not and never has been stayed." *Id.* at 5240 n.4. The Court held: "Defendants' confidence in their ability to predict the rulings of the court is not a reason to prevent or stall discovery." *Id.* There is no question that Defendants prevented and stalled discovery for over a year, produced the bulk of their production only 18 days before the discovery cutoff, and did not produce a privilege log until after discovery closed.

The prejudice that plaintiffs have suffered is severe. Defendants produced a tardy production of documents, followed three weeks later by the delivery of privilege logs totaling roughly 10,000 entries on Plaintiff after the close of discovery, long after any meaningful opportunity to review the log prior to the completion of document discovery or depositions, including the deposition of a key witness who appears on thousands of the logs entries. Plaintiffs were denied the ability to assess the privilege claims and challenge documents before depositions and during the course of discovery and the Court's discovery schedule. The Discovery Protocols, ECF 91 at 740—which Defendants ignored—established the timing of the privilege logs and was designed to prevent exactly this situation. Yet even now, Defendants' delay continues: after Plaintiffs informed Defendants that their log was not adequate for plaintiffs to assess the privilege in specific ways (as required by Rule 26(b)(5)(A)(i)-(ii)), Defendants still refuse to cure their log, using this very motion as grounds for not complying with Rule 26. Rayhill Decl. Ex. A. They fail to carry their burden of establishing privilege on the documents withheld.

---

depositions after the close of discovery.  It does not refer to the privilege log or the Discovery Protocols, ECF 91 at 740, which addresses the logs.

## II.     THE *BURLINGTON NORTHERN* FACTORS ALL SUPPORT WAIVER

First, Defendants repeat throughout that their logs were not untimely since they were served 18-19 days after their April 1, 2022 document production. This is false. The measure of untimeliness is not from when Defendants produced documents. It is from when the requests were served and their responses due. *See* Fed. R. Civ. P. 34(b)(2); *Burlington*, 408 F.3d at 1149; *Hennigan*, 2011 WL 13214444 at *3. Defendants seek to hold against Plaintiffs their long delay in producing responsive documents, compounded by months-long delay in complying with the Court's order. Under Defendants' completely backwards interpretation of *Burlington*, the longer Defendants delayed in producing their documents, the less tardy their logs would be, since they are simply looking at the time between when they produced their privilege logs (April 19 and 20) and when they produced the bulk of their production (April 1). But neither *Burlington* nor *Hennigan* so held. Both cases measured the timeliness of the privilege logs from the service of the document requests and their objections and responses (as required by Rule 34), even though the plaintiffs in both cases also had to move to compel for production, just as here. *See Burlington*, 408 F.3d at 1149 (five months delay from requests); *Hennigan*, 2011 WL 13214444 at *3 (12 months after initial response to requests).

Even worse than in *Burlington* and *Hennigan*, Defendants' logs were produced after the close of discovery. They were also out of the parameters set by the Discovery Protocols in this case, ECF 91 at 740. Those Protocols clearly tie the privilege logs to the service of requests for production ("135 days after"), since the parties also agreed to a production schedule that was tied to the discovery requests. Even assuming (incorrectly) that Defendants' obligation to identify withheld documents arose no earlier than the date of the order of the motion to compel (on December 13, 2022), they still produced a privilege log more than four months later, after the

close of discovery, and after their own witness, from whom they were knowingly withholding documents, had already been deposed, and just days before other depositions. The final backstop in the Discovery Protocols ensured that, no matter when Defendants ultimately produced documents, "all logs must be complete" 90 days before the fact discovery cutoff so that the requesting party could review the log far in advance of the discovery cutoff. ECF 91 at 740. Defendants never sought relief from the Discovery Protocols. They simply ignored it. Although waiver is not contingent on bad faith, the Defendants conduct in producing their documents 18 days before the fact discovery cutoff, and knowingly withholding thousands of documents from a key witness without producing a privilege log until after the deposition and after the close of fact discovery shows bad faith, particularly given Defendants' prior conduct.

Second, as addressed in Plaintiffs' moving papers, Defendants logs do not adequately justify the privilege. ECF 290-1 at 5679–83. The logs do not provide sufficient detail to allow Plaintiff or the Court to assess the privilege. *See* Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). Even after being asked to support their privilege claims in specific ways and cure their logs, Defendants refused. Rayhill Decl. Ex. A. Indeed, Defendants even tried to get Plaintiffs to drop their waiver argument in exchange for Defendants curing their log. *Id.* They still refuse on the grounds that they do not have enough resources to respond to this motion and also provide an adequate log. *Id.* It is Defendants burden to substantiate their privilege claims. They cannot withhold responsive documents and blame Plaintiffs for their refusal to justify it. This too shows bad faith.

Third, Defendants' claims of exceptional circumstances rings hollow. Defendants again attempt to blame Plaintiffs, the holidays, and even COVID-19 for their own failures. ECF 297 at 6610. But this court has already rejected that argument. ECF 261 at 5239. Further, Defendants attempt to mislead the court by claiming that "[i]n stark contrast, in *Burlington Northern*, the

production was actually mainly a reproduction of documents that had been made in a previous case." ECF 297 at 6610. But as Plaintiffs noted in their motion and attached as an exhibit, just as in *Burlington*, Defendants had also received roughly identical document requests in a subpoena served on them by the *Fusion* Plaintiffs all the way back in November 2020. *See* ECF 290-1 at 5667 n.4; ECF 290-9; ECF 290-10. Defendants say nothing about this. Moreover, this was not the basis of the decision in *Burlington*. The absence of the fact here would not diminish that all the other factors tip strongly in favor of Plaintiffs and does not address at all the prejudice and unfairness of the production of privilege logs after the close of discovery.

### III. PLAINTIFFS' PRIVILEGE LOGS ARE IRRELEVANT

Finally, Defendants argue, for the first time ever, that their violations and delay with respect to their privilege logs should be excused because Plaintiffs' logs are equally violative and untimely. But besides the fact that is not true, Plaintiffs privilege logs are irrelevant to this motion. Defendants did not object or file a motion. And it is not surprising why: as Plaintiffs' logs indicate, Plaintiffs only withheld four (4) documents. And Defendants have had months to assess or challenge these privilege claims because Plaintiffs provided the logs on a timely basis, long before the discovery cutoff and depositions.

### IV. CONCLUSION

Defendants have no excuse for the prejudice caused by their untimely and overbroad assertion of privilege claims over thousands of documents. The logs were also produced either after or just days before depositions of key Defendant witnesses. The Court should not condone Defendants' behavior. Waiver is the adequate remedy here, and well supported by *Burlington Northern* and cases in this circuit.

Dated: May 20, 2022

Respectfully submitted,

By: ___/s/ *Joseph R. Saveri*___
        Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DOCUMENTS WITHHELD BY
DEFENDANTS CHARLESBANK CAPITAL PARTNERS LLC AND BAIN CAPITAL PRIVATE EQUITY

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
David A Goodwin*
Ling Shan Wang*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
dgoodwin@gustafsongluek.com
lwang@gustafsongluek.com

* Admitted pro hac vice

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*

7

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DOCUMENTS WITHHELD BY DEFENDANTS CHARLESBANK CAPITAL PARTNERS LLC AND BAIN CAPITAL PRIVATE EQUITY

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, I served a copy of the foregoing document via the Court's ECF system, effecting service on all interested parties.

*/s/ Joseph R. Saveri*
Joseph R. Saveri