UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES, *et al.*,<br><br>        Plaintiffs,<br>    v.<br><br>VARSITY BRANDS, LLC, *et al.*,<br><br>        Defendants. | Case No. 2:20-cv-02892 |

### DECLARATION OF STEVEN J. KAISER IN SUPPORT OF BAIN'S AND CHARLESBANK'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL 30(B)(6) DEPOSITIONS

I, Steven J. Kaiser, declare as follows:

1. I am one of Bain's and Charlesbank's counsel and have been personally involved in the matters described below.

2. By early March 2022, Plaintiffs had exceeded the number of depositions they were permitted to take under the Federal Rules of Civil Procedure, but continued to notice additional depositions.

3. Bain and Charlesbank did not reach an agreement with the Plaintiffs regarding the number of depositions that Plaintiffs could take of Bain and Charlesbank.

4. Bain and Charlesbank suggested that testimony from Ryan Cotton, Joshua Beer, and Andrew Janower would be sufficient to the needs of the case, including as to any legitimate and agreed 30(b)(6) topics. Plaintiffs rejected this approach and insisted on eighteen depositions of current and former Bain and Charlesbank employees and to have Bain and Charlesbank provide additional 30(b)(6) depositions on 33 topics.

5. After the Court decided Plaintiffs' motion for leave to take depositions of Bain and Charlesbank, the parties had many communications regarding scheduling the nine Bain and Charlesbank depositions that the Court allowed without a single mention of 30(b)(6) depositions.

6. The nine Bain and Charlesbank depositions that the Court allowed were completed by May 7, 2022.

7. During a telephone call between myself and David Seidel on May 5, 2022, Bain and Charlesbank again made it clear that they would not produce further Bain and Charlesbank deponents beyond the nine as to which the Court granted leave. Plaintiffs were asked what additional questions they might have about 30(b)(6) Topics 1 and 2. Plaintiffs were unable to provide a single example. Plaintiffs were also asked if there were particular documents that they had questions about for authentication. Plaintiffs never responded.

8. During the nine depositions of current and former Bain and Charlesbank personnel, Plaintiffs asked some questions related to their proposed Topic 1, but certainly could have followed up with more. Plaintiffs asked no questions related to their proposed Topic 3, and essentially no questions related to their proposed Topic 4. Plaintiffs spent a large portion of their time, if not the majority of their time, in the depositions of Bain and Charlesbank asking questions related to their proposed Topic 2, and seemingly exhausted the topic. Plaintiffs asked many questions about the origins of documents during the nine Bain and Charlesbank depositions.

9. Plaintiffs questioned Jeff Webb during his deposition about any proceeds he received from the Bain and Charlesbank transactions and had every opportunity to ask him questions about payments directly from Bain and Charlesbank. Plaintiffs chose not to do so.

10. Plaintiffs did not ask a single USASF witness about payments by Bain and Charlesbank to USASF.

11. None of the Varsity acquisitions that Plaintiffs have brought into issue in this case required a filing under the Hart-Scott-Rodino Act.

12. Plaintiffs spent just over two hours on the record questioning Ryan Cotton at his deposition, about two and a half hours on the record questioning Andrew Janower at his deposition, about three and a half hours on the record question Joshua Beer at his deposition, and likewise had additional time with other Bain and Charlesbank witnesses that they chose not to use.

13. Plaintiffs spent over an hour (creating at least 50 pages of deposition transcript) exploring Charlesbank's role in Jeff Webb's transition from CEO of Varsity Brands.

14. Based on the anticipated costs of preparation, travel, and deposition time, I estimate the expense of reopening discovery to accommodate Plaintiffs' request at $50,000 or more.

15. Attached as Exhibit 1 is a true and correct copy of an email chain, the top email of which is dated March 24, 2022 from Steven J. Kaiser to Ronnie Spiegel, copying Matthew Mulqueen, Nicole Berkowitz, Paul Coggins, Brendan Gaffney, Joseph Saveri, and Elissa Buchanan.

16. I declare under penalty of perjury that the foregoing is true and correct. Executed on May 24, 2022.

_____
Steven J. Kaiser

# EXHIBIT 1

| | |
|---|---|
| **From:** | Kaiser, Steven J. |
| **To:** | Ronnie Spiegel |
| **Cc:** | mmulqueen@bakerdonelson.com; nberkowitz@bakerdonelson.com; pcoggins@lockelord.com; bgaffney@lockelord.com; Joseph Saveri; Elissa A. Buchanan |
| **Subject:** | Re: Stipulation re depositions |
| **Date:** | Thursday, March 24, 2022 4:43:30 PM |

Ronnie there is no agreement. You rejected our proposal. We've discussed this several times with you. You may not just take the parts you like and try to get more.

—

**Steven J. Kaiser**
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
T: +1 202 974 1554
skaiser@cgsh.com  |  clearygottlieb.com

> On Mar 24, 2022, at 1:49 PM, Ronnie Spiegel <rspiegel@saverilawfirm.com> wrote:
>
>
> Counsel,
>
> Please note, Jones Plaintiffs are planning to file a motion shortly to enter the proposed deposition protocol in the Jones Action, and to ask the court to order a sufficient number of depositions for Bain and Charlesbank depositions. We believe we are at impasse with our last compromise proposal to you being 14 total depositions, including a Rule 30(b)(6) deposition for each (to allocate as we choose across both defendants), and with Mr. Webb being allocated within the Fusion 55.  My understanding is that Defendants will not agree to the 14 proposed, and last offered 10 total (4+1, each). It also seems now that Defendants are taking the position that only three fact witnesses will be produced, total, with one Rule 30(b)(6) deposition for each. Please let us know by EOB today if you would like to reconsider and agree to our compromise offer of 14. If not, please kindly let us know that as well.  We are available to discuss this further today, if you feel it would be productive.
>
> Thanks,
> Ronnie
>
> **\*Ronnie S. Spiegel, Partner**
>
> 
>
> 601 California Street, Suite 1000
> San Francisco, CA 94108

T +1 415 500 6800
F +1 415 395 9940

*Located in Washington State
400 N.W. Gilman Blvd
P.O. Box. 906
Issaquah, WA 98027

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.