UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES, ET AL.<br><br>　　　　　Plaintiffs,<br>　v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-02892-SHL-tmp |

**CHARLESBANK'S AND BAIN'S MOTION FOR LEAVE TO FILE SURREPLY**

Come now Defendants Charlesbank and Bain and move this Court for leave to file the attached surreply in opposition to Plaintiffs Motion to Compel the production of all documents that Defendants have withheld as privileged. In support of this motion, Defendants state as follows:

1. On May 2, 2022, Plaintiffs filed a Motion to Compel the production of all documents that Defendants had withheld as privileged. (ECF No. 290.)

2. On May 16, Defendants responded. (ECF No. 297.)

3. On May 17, Plaintiffs sought leave to file a reply. (ECF No. 299.)

4. The Court granted that request the same day. (ECF No. 300.)

4. On May 20, Plaintiffs filed their reply. (ECF No. 310.)

5. The reply contained several misleading statements that warrant a further response from Defendants. In particular:

　　a. Plaintiffs erroneously state that Defendants did not "dispute the applicability of … *Hennigan v. General Electric Company*, and *Burlington Northern*" (ECF No. 310, at PageID 6824), which is not true. *See* Defs.' Mem. at 9-18, ECF No. 297, at

PageID 6607-16 (addressing inapplicability of *Burlington Northern* and *Hennigan* in section entitled "*Burlington Northern* Does Not Support Waiver Here").

b. In an effort to force fit the circumstances at hand into *Burlington Northern*, Plaintiffs erroneously characterize the subpoena issued to Defendants in *Fusion Elite*. (ECF No. 300, at PageID 6827-28.) In particular, Plaintiffs failed to tell the Court the all-critical fact that Plaintiffs have had all the documents produced in response to the *Fusion Elite* subpoena for nearly a year and they are not at issue in this motion. By contrast, the assessment of the timeliness of the logs in *Burlington Northern* was based in large part on the fact that the documents at issue were assembled for a previous litigation. (*See* ECF No. 297, at PageID 6610-11.) This is entirely different from the situation here, where the scope of the document production was litigated and the documents that the Court ultimately required to be produced in December 2022 (which was a subset of what Plaintiffs' demanded in their motion) had to be assembled, reviewed and logged *after* the Court ruled on December 13, 2022.

c. Plaintiffs assert that their own privilege logs, which provided far less information than they say is required for privilege logs, are "irrelevant." (ECF No. 310 at PageID 6828.) That is wrong because Plaintiffs' privilege logs establish the information that Plaintiffs' believe is needed to adequately assess privilege claims. Notably, Plaintiffs do not dispute that their logs provided less information than Defendants' logs and, in fact, would not pass muster under Plaintiffs' position as to what a privilege log needs to contain.

6. Defendants respectfully request that the Court grant its motion for leave to file a sur-reply.

Dated: May 24, 2022

Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted pro hac vice

                    Matthew S. Mulqueen (TN #28418)
                    Adam S. Baldridge (TN #23488)
                    BAKER, DONELSON, BEARMAN,
                     CALDWELL & BERKOWITZ
                    165 Madison Avenue, Suite 2000
                    Memphis, TN 38103
                    Phone: (901) 526-2000
                    Fax: (901) 577-0866
                    mmulqueen@bakerdonelson.com
                    abaldridge@bakerdonelson.com

                    *Attorneys for Charlesbank Capital Partners,*
                     *LLC and Bain Capital Private Equity*

## CERTIFICATE OF CONSULTATION UNDER LOCAL RULE 7.2(a)(1)(B)

I hereby certify that on May 24, 2022, I emailed counsel for Plaintiffs (specifically David Seidel and Ronnie Spiegel of the Saveri Law Firm) advising them that Defendants intended to file a motion seeking the relief set out above. The response was "We don't oppose so long as we also get to file a one-page surreply to respond to yours."

                                              _____
                                              Steven J. Kaiser