**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**JESSICA JONES, et al.,**

Plaintiffs,

v.

**VARSITY BRANDS, LLC, et al.**

Defendants.

Case No. 2:20-cv-02892-SHL-tmp

**JURY DEMAND**

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RULE 30(b)(6) DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS LLC AND BAIN CAPITAL PRIVATE EQUITY**

## I. DEFENDANTS' PROCEDURAL ARGUMENTS IGNORE THE RECORD

Defendants make three procedural arguments: (1) that the Court already denied Plaintiffs' request; (2) that Defendants never agreed to Rule 30(b)(6) depositions; and (3) that Plaintiffs are "out of time." None are well-taken and they ignore the record in support of Plaintiffs' motion.

### A. Defendants' Opposition Ignores Their Prior Filings to the Court.

Defendants first claim the Court already "rejected Plaintiffs' request for 30(b)(6) depositions of Bain and Charlesbank," and Plaintiffs "neither asked for clarification, moved for reconsideration nor appealed the decision." ECF No. 311 at PageID 6851. Not so. Defendants ignore their own prior filing to the Court with respect to that motion. ECF 244. Plaintiffs have raised this point numerous times. *See* ECF 304-1 at 6693, 6702, 6703, 6704. Defendants have no answer. Defendants' prior filing in opposition to Plaintiffs' prior motion to compel Rule 30(b)(6) testimony, ECF 244, should estop them and is dispositive. *See* ECF 304-1 at 6703, 6704.

In Defendants' prior opposition to Plaintiffs' motion to compel 30(b)(6) depositions of Bain and Charlesbank, Defendants did not object or otherwise oppose Rule 30(b)(6) depositions. Instead, Defendants' only mention of Rule 30(b)(6) depositions was to affirm to the Court that "It is expected that [A. Janower, J. Beer, and R. Cotton] will likewise provide any 30(b)(6) testimony for Bain and Charlesbank." *See* ECF 304-1 at 6702 (citing ECF 244 at 4657). This does not contest the 30(b)(6) deposition. Instead, it does the opposite. It affirms it. As explained in Plaintiffs' Motion, that is why the Court merely memorialized the agreement in a footnote. *See* ECF 304-1 at 6702–03. It is improper for Defendants to then turn around and claim that the Court "rejected" Plaintiffs' prior request when (a) the Court did no such thing and (b) it was Defendants themselves that affirmed to the Court they did not oppose Rule 30(b)(6) depositions. In addition to ignoring their prior filing, Defendants also ignore Plaintiffs' arguments applying

the principles of judicial and equitable estoppel. *See* ECF 304-1 at 6703, 6704.

Moreover, Defendants' argument that Plaintiffs should have moved for reconsideration, clarification, or appealed the April 11 Order makes no sense for the same reasons. Since the Court did not "reject" Plaintiffs' motion for Rule 30(b)(6) testimony—and correctly memorialized Defendants' agreement—there was no basis for Plaintiffs to appeal or seek reconsideration. Nor was the order unclear so that clarification was needed or warranted. Of course, if Defendants thought the Court "rejected" Plaintiffs' motion for 30(b)(6) testimony, they could have sought clarification themselves or moved for a protective order since nowhere in the Court's order, ECF 261, did the Court deny Plaintiffs' motion for 30(b)(6) testimony, and it was Defendants' obligation under Rule 30(b)(6), to comply with Plaintiffs' notice for Rule 30(b)(6) depositions. *See* ECF 304-1 at 6697 ("The named organization *must* designate one or more [agents] . . . to testify on its behalf." quoting Rule 30(b)(6)); *See also New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 165–66 (D. Mass. 2007).

**B.     Defendants' Opposition Ignores Their March 17 Letter.**

Defendants' Opposition also turns a blind eye to their March 17 letter. Defendants state in opposition that there "never was any general agreement on 30(b)(6) depositions." ECF 311 at 6852. In their March 17 letter, Defendants affirmed: "Bain and Charlesbank do not object to providing witnesses on appropriate topics under Rule 30(b)(6)." ECF 304-3 [Ex. A] at 6712. There is thus no question that Defendants agreed to 30(b)(6) testimony.

Defendants are left with arguing about the use of asterisks. *See* ECF 311 at 6853. This fares no better. Plaintiffs added asterisks to Beer, Janower and Cotton to note the specific individuals that Defendants agreed to, and it was Beer, Janower and Cotton who Defendants had proposed using for 30(b)(6) testimony. Moreover, Plaintiffs unequivocally stated numerous times

to the Court in plain English that Defendants had agreed to Rule 30(b)(6) depositions. *See* ECF 304-1 at 6702 (quoting ECF 228-2 at 1, 3, 7). Defendants ignore this too.

**C. Defendants' "Out of Time" Argument Fails.**

Defendants argue that Plaintiffs' second motion to compel Rule 30(b)(6) testimony must be denied because Plaintiffs are "out of time." ECF 311 at 6853. This argument is unavailing. This is the second motion to compel 30(b)(6) depositions. Plaintiffs initially brought a motion to compel 30(b)(6) depositions well within the discovery window. On April 11, 2022, the Court issued its order on the motion, including the affirmation of the agreement regarding 30(b)(6) depositions. To say that Plaintiffs are out of time because they were required, based on Defendants' conduct, to file a *second* motion to compel is unfair. *See New England Carpenters*, 242 F.R.D. at 165–66 ("[It] is not proper . . . to refuse to comply with the [30(b)(6)] notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel."). Also, the fact that Defendants failed to comply with the April 11, 2022 Order provides an additional basis for relief under Rule 37(b) for failure to comply with court order. *See* Fed. R. Civ. P. 37(b).

Further, Defendants ignore their own conduct in causing any delay. Based on the record, including the Defendants' March 17 letter, their filing to the Court, ECF 244, and the Court's April 11 Order, ECF 261, Defendants had agreed to Rule 30(b)(6) testimony. Defendants' unwarranted assertion that the Court denied Plaintiffs' request for 30(b)(6) testimony and their refusal to meet and confer is what caused any undue delay. Moreover, Defendants were required under Rule 30(b)(6) to comply with the deposition notice. *See* ECF 304-1 at 6697 (quoting Rule 30(b)(6)). If they believed the notice was objectionable, the law is settled that they were required to file for a protective order, not disregard the notice and force Plaintiffs to file a motion to

compel. *See New England Carpenters*, 242 F.R.D. at 165–66 (holding a receiving party is obligated to comply with Rule 30(b)(6) notice or file protective order). They did not do so.

Once Defendants reneged on their agreement, Plaintiffs immediately tried to meet and confer with Defendants that day. *See* ECF 304-4 [Ex. B] at 6716 [April 21 email]. Defendants' dilatory conduct continued. Defendants did not respond for two days and did not provide any alternative meet and confer dates. *Id.* [April 25 email]. Plaintiffs raised the issue directly with Defendants at the first opportunity, during a separate meet and confer that happened to be scheduled for April 28. *Id.* at 6715 [April 27 email]. It was at that time that Defendants articulated the baseless position that the Court had denied Plaintiffs' first motion to compel 30(b)(6) testimony. ECF 304-2 [Rayhill Decl.] at ¶ 5. On May 4, in order to minimize the dispute, Plaintiffs agreed to substantially limit the deposition topics. ECF 304-4 [Ex. B] at 6714. Despite these efforts, Defendants rejected it on May 6, 2022, one day before the Charlesbank and Bain deposition window closed on May 7, 2022. ECF 304-8 [Seidel Decl.] at ¶ 2. Nonetheless, Plaintiffs continued to meet and confer to attempt to resolve this dispute without Court intervention. Indeed, despite Defendants' intransigence, Plaintiffs offered an even more limited proposal on May 11. Defendants rejected that too on May 13. ECF 304-5 [Ex. C] at 6724–26. Plaintiffs filed this motion six days later on May 19.

Defendants also do not address Plaintiffs' arguments on judicial and equitable estoppel. ECF 304-1 at 6703–04. These equitable doctrines preclude Defendants from arguing undue delay here, since it was Defendants' agreement on which Plaintiffs relied to their detriment.

## II.     PLAINTIFFS' PROPOSED TOPICS ARE PROPER

For the first time in this protracted dispute, Defendants take specific issue with the four proposed topics as well as Plaintiffs' desire to authenticate certain documents that do not contain

a custodian. Defendants argue that none of the topics are relevant. ECF 311 at 6858–59. Plaintiffs' motion to compel adequately addresses why these topics are proper, relevant, and necessary. ECF 304-1 at 6697–6701. Next, Defendants take inconsistent positions with respect to the topics. First, they object to topics 1 and 2 because Plaintiffs asked some related questions to fact witnesses. Second, Defendants take issue with topics 3 and 4 because Plaintiffs did not ask related questions to fact witnesses. ECF 311 at 6854. Really, Defendants object to the use of Rule 30(b)(6) testimony at all. But the burden was on Defendants to file for a protective order. *New England Carpenters*, 242 F.R.D. at 165–66.

Moreover, Rule 30(b)(1) and Rule 30(b)(6) are not mutually exclusive. Indeed, as the Advisory Committee Notes makes clear, Rule 30(b)(6) "supplements" the existing provisions of Rule 30(b)(1), which permits the examining party to examine witnesses in their individual capacity. *See* 1970 Advisory Committee Notes, subdivision (b)(6). Moreover, the provision "will curb the 'bandying' of . . . officers or managing agents. . . ." *Id*. Plaintiffs experienced this conduct here. *See* ECF 304-1 at 6698 [redacted text filed under seal]; ECF 304-7 [Ex. E filed under seal]. These are just a few examples. Rule 30(b)(6) testimony is an efficient and necessary means to elicit binding testimony from corporate Defendants. *See, e.g.*, *Adkisson v. Jacobs Eng'g Grp., Inc.*, 2020 WL 8254453, at *2 (E.D. Tenn. Nov. 23, 2020).

Plaintiffs carefully culled the original 33 topics to the four topics now in dispute based on what was adequately covered by fact witnesses. The four proposed topics are those for which 30(b)(6) testimony is particularly important and necessary here, taking into consideration the prior fact witnesses' testimony, the complexity of the case, and the relevant issues.

Plaintiffs respectfully ask the Court to grant Plaintiffs' Motion.

Dated: May 26, 2022

Respectfully submitted,

By: */s/ Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

6

REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RULE 30(b)(6) DEPOSITION TESTIMONY FROM DEFENDANTS CHARLESBANK CAPITAL PARTNERS LLC AND BAIN CAPITAL PRIVATE EQUITY

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
David A Goodwin*
Ling Shan Wang*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
dgoodwin@gustafsongluek.com
lwang@gustafsongluek.com

* Admitted pro hac vice

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2022, I served a copy of the foregoing document via the Court's ECF system, effecting service on all interested parties.

*/s/ Joseph R. Saveri*
Joseph R. Saveri