UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES, ET AL.<br><br>        Plaintiffs,<br>  v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>        Defendants. | Case No. 2:20-cv-02892-SHL-tmp |

**CHARLESBANK'S AND BAIN'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL 30(B)(6) DEPOSITIONS**

      Come now Defendants Charlesbank and Bain and move this Court for leave under LR 7.2(c) to file the attached surreply in opposition to Plaintiffs' Motion to Compel 30(b)(6) depositions. In support of this motion, Defendants state as follows:

      1.      On May 20, 2022, Plaintiffs filed a Motion to Compel 30(b)(6) depositions of Bain and Charlesbank. (ECF No. 304.)

      2.      On May 24, Defendants responded. (ECF No. 311.)

      3.      On May 25, Plaintiffs sought leave to file a reply. (ECF No. 314.)

      4.      The Court granted that request the same day. (ECF No. 316.)

      4.      On May 26, Plaintiffs filed their reply. (ECF No. 318.)

      5.      The reply contains several statements and omissions that warrant a further response from Defendants. In particular, and as set out fully in Defendants' attached proposed surreply (Exhibit 1), Plaintiffs ignore the unequivocal communication of March 24 from Defendants to Plaintiffs that demonstrates there was no agreement on the Rule 30(b)(6) depositions; do not address how they could be entitled to take two additional depositions (under Rule 30(b)(6) or otherwise) when they had not obtained leave of Court to exceed the ten

depositions allowed under Rule 30; fail to address how the topics they identified on May 4 could have been the subject of depositions that took place beginning on April 19; do not explain their failure to use the nine depositions that the Court granted them leave to take to even explore most of the topics, or to explain what is missing from the topics they did explore; misconstrue the relevant procedural posture and viability of the improperly-noticed depositions; and fail to explain why Defendants waited so long to bring this motion.

6.	For all of these reasons, Defendants respectfully request that the Court grant its motion for leave to file a surreply and treat the attached Exhibit 1 as that surreply.

Dated: May 31, 2022

Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

        * Admitted pro hac vice

        Matthew S. Mulqueen (TN #28418)
        Adam S. Baldridge (TN #23488)
        BAKER, DONELSON, BEARMAN,
         CALDWELL & BERKOWITZ
        165 Madison Avenue, Suite 2000
        Memphis, TN 38103
        Phone: (901) 526-2000
        Fax: (901) 577-0866
        mmulqueen@bakerdonelson.com
        abaldridge@bakerdonelson.com

        *Attorneys for Charlesbank Capital Partners,*
         *LLC and Bain Capital Private Equity*

## CERTIFICATE OF CONSULTATION UNDER LOCAL RULE 7.2(a)(1)(B)

  I hereby certify that on May 31, 2022, Steven J. Kaiser emailed counsel for Plaintiffs (specifically David Seidel and Ronnie Spiegel of the Saveri Law Firm) advising them that Defendants intended to file a motion seeking the relief set out above. Mr. Seidel responded, "If you're asking for a surresponse, we don't oppose so long as you don't oppose us filing a surreply." Defendants did not agree to Plaintiffs' proposal and the parties are therefore unable to reach an accord as to all issues set out in this motion.

        s/ Matthew S. Mulqueen
        Matthew S. Mulqueen