**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>                Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |
| **JONES**, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>**BAIN CAPITAL PRIVATE EQUITY**, et al.,<br><br>                Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR SANCTIONS AND PROTECTIVE ORDER**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................................................1

II.     BACKGROUND FACTS ...........................................................................................5

III.    LEGAL STANDARD..................................................................................................9

IV.     ARGUMENT ..............................................................................................................9

        A.      The Owens Deposition Concluded in One Day, as Defendants Unreasonably
                Demanded, and to the Inconvenience of All Attending........................................10

        B.      Defendants Have Suffered No Injury and Did Not Have Good Cause for a
                Protective Order ...................................................................................................10

        C.      Plaintiffs' Notices Regarding the Owens Deposition Were Proper and in Accord
                with the Court's Orders on Scheduling and Coordination....................................11

                1.      Plaintiffs' Abided by the Court's Scheduling Order................................11

                2.      Plaintiffs Have Not Violated Fed. R. Civ. P. 30(d)(1).............................13

                3.      Plaintiffs Provided Reasonable Notice of Their Intention to Participate in
                        the Owens Deposition .................................................................................14

        D.      Defendants Have No Basis for Sanctions ............................................................16

        E.      Defendants Have No Basis to Object to the Use of Mr. Owens's Deposition.......18

V.      CONCLUSION...........................................................................................................19

PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AND
PROTECTIVE ORDER

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Hart v. United States*,
    772 F.2d 285 (6th Cir. 1985) ................................................................................................14

*Nix v. Sword*,
    11 F. App'x 498 (6th Cir. 2001) ...........................................................................................9

*In re Ohio Execution Protocol Litig.*,
    845 F.3d 231 (6th Cir. 2016) ................................................................................................9

*Westbrook v. Charlie Sciara & Son Produce Co.*,
    No. 07-2657 MA/P, 2008 WL 839745 (W.D. Tenn. Mar. 27, 2008) .....................................9

*Zone Sports Ctr., LLC v. Nat'l Sur. Corp.*,
    No. 111CV00845LJOBAM, 2012 WL 13034350 (E.D. Cal. Mar. 7, 2012)....................14, 15

**Rules**

Fed. R. Civ. P. 26.................................................................................................................9

Fed. R. Civ. P. 30(b)(1)..................................................................................................12, 14

Fed. R. Civ. P. 30(b)(6)..................................................................................................12, 17

Fed. R. Civ. P. 30(d)(1)........................................................................................................13

Fed. R. Civ. P. 32................................................................................................................18

Fed. R. Civ. P. 37..........................................................................................................16, 17

Fed. R. Civ. P. 37(b)(2)........................................................................................................17

Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro ("*Fusion Elite* Plaintiffs") and Plaintiffs Jessica Jones and Christina Lorenzen ("*Jones* Plaintiffs") (collectively, "Plaintiffs") hereby oppose Defendants'[1] inappropriate Motion for Sanctions and Motion for Protective Order Regarding Out-of-Time Deposition, ECF No. 265 ("Motion").[2] This opposition is supported by the Declaration of Kevin Rayhill ("Rayhill Decl."), filed herewith. For the reasons set forth below, Defendants' Motion must be denied.

## I.     INTRODUCTION

As explained more fully below, On May 16, 2022, the day before the Owens deposition was set to proceed, Defendants filed their Motion, which improperly sought to prevent Plaintiffs from deposing Mr. Owens. ECF No. 265. Defendants' Motion frivolously argued that Plaintiffs' cross-notice of the deposition was invalid. On May 18, 2022, Defendants then filed a notice with the Court stating that "Defendants withdraw as moot their Motion for Sanctions and for Protective Order." ECF No. 267 ("Defendants' Notice"). Yet despite their purported withdrawal of the Motion, Defendants' Notice to the Court goes on to state that they "do not withdraw their request for sanctions." *Id.* It is thus unclear what Defendants have or have not withdrawn, and now leave Plaintiffs with arguments, however baseless, with no opportunity to answer.

---

[1] "Defendants" are U.S. All Star Federation, Inc. and USA Federation for Sport Cheering, d/b/a USA Cheer; Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit Fashions & Supplies, LLC; Varsity Intropa Tours; Bain Capital Private Equity; Charlesbank Capital Partners, LLC, and Jeff Webb (collectively, "Defendants").

[2] Unless otherwise specified, all references to ECF numbers herein refer to the Court's docket in the *Fusion Elite* action. Defendants' Motion also appears at ECF No. 296 in the *Jones* action.

Regardless, Defendants' request for sanctions in their Motion (and Notice) is baseless, and should be denied. Therefore, Plaintiffs submit this opposition, where the Motion remains unclear and to set the record straight.

Mr. Owens is a Plaintiff in the *American Spirit* Action but is also the owner of a large cheerleading event producer—a competitor of Varsity—whose allegations in the *American Spirit* action overlap with many of Plaintiffs' allegations in the *Fusion Elite* action and the *Jones* action. He is also the author and recipient of numerous key documents produced by Defendants. Mr. Owens's deposition was originally scheduled for March 17, 2022, a date before the fact discovery cutoff of April 18, 2022. When his deposition was moved, at the insistence of Defendants, to May 17, a date after the cutoff, in an agreement never provided to Plaintiffs in *Fusion Elite* or *Jones*, Plaintiffs cross-noticed his deposition, to be able to coordinate with the *American Spirit* action, and to obtain testimony for their own actions, along with Defendants, on this new date. Importantly, Mr. Owens and his counsel fully agreed to sit for deposition on a second day, and to participate in the deposition as to all parties.

Despite this, Defendants filed the instant Motion for Protective Order and Sanctions. Defendants' Motion was yet another inappropriate attempt to block damaging testimony they did not wish to be revealed. Defendants suffered no injury. . They had their full opportunity to take the deposition of Mr. Owens, unimpeded. They had their full seven hours. Plaintiffs properly cross-noticed Mr. Owens's deposition, after reaching agreement with Mr. Owens's counsel, just as Defendants had done. Given the importance of Mr. Owens's testimony to all actions, Plaintiffs properly cross-noticed Mr. Owens' deposition in accordance with the Court's Order Establishing Plaintiffs' Discovery Coordination Committee (ECF No. 93) (requiring coordination of depositions across the three cases), and the Court's Order Granting Plaintiffs' Joint Motion to

PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AND PROTECTIVE ORDER

Facilitate Coordination of Depositions in the Related Actions ("Coordination Order" or "ECF No. 172") (allowing Plaintiffs in any of the three related actions to question witnesses in any deposition noticed in any of the three actions) to sit for a second day after Defendants' portion of the deposition had concluded.

When Defendants first threatened their motion for protective order and sanctions, they primarily argued that Plaintiffs' cross-noticed portion of the deposition could not proceed because one member of Defense Counsel had a scheduling conflict for the second consecutive day of the deposition, May 18. In response, Plaintiffs immediately sought additional dates from Mr. Owens and his counsel and offered to change the second day from being continuous (on May 18) to a date that would work for Defendants (even though their questioning would be concluded). But tellingly, Defendants never responded with their availability on the newly proposed dates (May 25 or 26), and instead rejected the proposal on the grounds that Plaintiffs could not depose Mr. Owens on a second day regardless of Defendants' availability. Defendants stated that the only way they would allow Plaintiffs to participate in the deposition was if Plaintiffs from both actions finished their questions on the same day as Defendants, after Defendants had concluded their seven hours (plus any breaks), *i.e.,* late into the evening, forcing the witness, court reporter and all attending to essentially endure a double deposition on the same day.

Defendants' inappropriate behavior is not new. Defendants used similar inappropriate tactics with respect to the depositions of former-employee third parties Mr. Stott and Ms. Cota, filing motions for protective orders where their own ability to question a witness was not at all imposed upon, where they would suffer no prejudice, and where no privilege was implicated. In both instances, the Court found that Defendants did not have good cause for a protective order.

PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AND PROTECTIVE ORDER

*See* ECF Nos. 234 and 240. And, as the Court noted in denying Defendants' similar motion for a

protective order regarding Ms. Cota, and four other ex-Varsity employees, good cause to seek a

protective order does not exist where Defendants suffer no harm:

> To establish good cause for a protective order under Rule 26,
> defendants must 'articulate specific facts showing clearly defined
> and serious injury resulting from the discovery sought.' *Nix*, 11 F.
> App'x 498 at 500. Defendants have failed to do so. … The only
> harm defendants have alleged is that they must 'incur the time and
> expense of sitting through these depositions and cross-examining
> witnesses as appropriate.' (ECF No. 221 at 12) That certainly does
> not rise to the level of a serious injury. *Jones*, ECF 245 at PageID
> 4745 (citing *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001)).[3]

The Court also noted that *Fusion Elite* Plaintiffs may properly negotiate time limits for

depositions with counsel for the deponents, even if Defendants disagree with the time agreed to

by the deponent. *Fusion*, ECF No. 234, at 4430 ("Plaintiffs' negotiation of time limits with

counsel for third parties is entirely consistent with the court's prior order in the *Fusion* case.")

As with their previous attempts, good cause did not exist for a protective order and

consequently not for any sanctions.

The Owens deposition has already concluded on  agreement of the parties, and after

Plaintiffs rightly consulted the Court at the outset. Despite Plaintiffs' cooperating with

Defendants' restrictive demands and relinquishing a significant portion of their agreed-upon

time, so as to finish questioning of Mr. Owens in one day as Defendants had unreasonably

---

[3] Defendants also sought to obstruct time at other depositions, engaging in the exact type of
conduct that they accused Plaintiffs of in their Motion and Notice.  For example, Defendants
filed a cross-notice in between the first and second days of Mr. Parrish's deposition testimony,
after Mr. Parrish's deposition had already started, presumably after they heard the content of the
testimony from the first day. *See* Rayhill Decl., Ex. R. Defendants also cross-noticed the March
21 deposition of Jim Hill on March 15, only five days before it was due to begin, *id.,*, ¶ 27,
despite now claiming that Plaintiffs' cross-notice issued eight days before the Owens deposition
provided them with insufficient notice.

requested to the inconvenience of all who attended, Defendants filed their Notice, effectively withdrawing their Motion in full as moot, but then also inappropriately requesting sanctions where no harm was suffered. ECF No. 267. Plaintiffs filed their own Notice in response (ECF No. 268). With the Motion possibly still standing, Plaintiffs have no choice but to respond, and to expend the unnecessary time and resources to do so.

The Court should deny Defendants' baseless and unreasonable Motion, to the extent it still stands, and deny Defendants' request for sanctions. on principle, and because the witness and the Defendants themselves agreed to the deposition and Plaintiffs were only following the Court's orders to coordinate their notice and participate in the Owens deposition, with the *American Spirit* action, as they did.

## II.   BACKGROUND FACTS

On January 10, 2022, Robert Falanga, counsel for Mr. Owens, informed Plaintiffs in *Fusion Elite* and *Jones* that Defendants intended to depose Mr. Owens on March 17, 2022. *See* Rayhill Decl., Ex. A. On February 17, 2022, Plaintiffs asked Mr. Falanga for a copy of Defendants' deposition notice in order to cross-notice the deposition, but no notice had been served. *Id.*, Ex. B. Over the ensuing weeks, Plaintiffs diligently sought Defendants' notice of the Owens deposition so that they could cross-notice the deposition. Plaintiffs sent follow-up emails to Mr. Falanga seeking Defendants' notice on February 25, March 22, April 27, and May 6, 2022. *Id.*, Exs. C, F, G, H, respectively. Plaintiffs also made verbal requests for Defendants' notice on April 20 and May 6. *Id.*, ¶¶ 6 and 8, respectively.

But the date for the Owens deposition was in flux for many weeks, and it was unclear to Plaintiffs whether the deposition would even go forward. For example, on March 8, 2022, Plaintiffs learned that Mr. Owens's deposition would not be going forward on March 17, 2022.

PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AND PROTECTIVE ORDER

*Id.*, Ex. D. However, two days later, on March 10, 2022, Plaintiffs learned that Defendants now intended to move forward with Mr. Owens's deposition on March 17, 2022, but that Mr. Falanga was now unavailable on that date and would seek an alternate date. *Id.*, Ex. E.

On April 20, 2022, after the close of fact discovery in the *Jones* and *Fusion Elite* actions, Plaintiffs learned that Mr. Owens's deposition had been re-scheduled for May 17, 2022. *Id.*, ¶ 6. Plaintiffs again asked Mr. Falanga for a copy of Defendants' deposition notice, but notice had still not been served. *Id*. ¶¶ 6–8. Plaintiffs finally received the notice from Mr. Falanga on May 6, 2022 (Defendants did not serve the notice on Plaintiffs). *Id.*, Ex. I.

After receiving Mr. Owens's deposition notice on May 6, 2022, Plaintiffs served their cross-notice on all the parties on May 9, 2022. *Id.*, Ex. J-K.

On May 10, 2022, Nicole Riccio, counsel for Defendant USASF, sent an email on behalf of all Defendants objecting to the cross-notice and asking Plaintiffs to withdraw the cross-notice. Ms. Riccio also stated that Defendants did not stipulate to a proposed second day of testimony on May 18, 2022, and in any event counsel for USASF had a scheduling conflict on that day. *Id.*, Ex. L. Plaintiffs responded the same day, stating their position that Paragraph 5 of the Court's Order Granting Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in the Related Actions ("Coordination Order" or "ECF No. 172") granted authority for Plaintiffs to cross-notice Mr. Owens's deposition: "Plaintiffs in any one of the Related Actions may attend and question witnesses at depositions noticed in any of the other Related Actions." ECF No. 172 ¶ 5. Plaintiffs also pointed out that the date for Mr. Owens's deposition was set by Defendants, not Plaintiffs, and that the deponent had agreed to the two days of deposition time. Rayhill Decl., Ex. L [May 10 email from K. Rayhill].

On May 11, 2022, Ms. Riccio responded, declaring Plaintiffs' cross-notice "null and void and in violation of the Court's scheduling order." *Id.* Mr. Owens and his counsel had agreed to sit for a second day if necessary. Only Defendants objected to the proposed second day, despite the fact that their time with the witness would have already concluded. Ms. Riccio stated that "[t]he date for Mr. Owens' deposition has been confirmed since April 8." *Id.*, ¶ 14. Yet, Defendants did not inform Plaintiffs of the new date for Mr. Owens's deposition, and never served notice of the Owens deposition on Plaintiffs. *Id.* ¶ 14.

On May 12, 2022, Plaintiffs responded to Ms. Riccio, offering, as a courtesy, to look for different dates for a potential second day of testimony for Mr. Owens. *Id.*, ¶ 15.

On May 13, 2022, Defendants' position changed, this time stating, "Defendants would agree not to file their motion for protective order if Plaintiffs would agree to complete their questioning of Mr. Owens on May 17, after Defendants conclude their questioning." *Id.*, ¶ 16. However, because Defendants had previously objected to the deposition potentially exceeding seven hours and had given no assurances that Plaintiffs would be able to fully depose Mr. Owens, the parties were not able to reach agreement. *Id.*, ¶ 17.

Later, on May 16, 2022, Ms. Riccio informed Plaintiffs that Defendants had changed their position yet again, now reverting to their original position, stating, "Defendants do not believe that Plaintiffs may proceed with any deposition since fact discovery has closed. We will proceed with our motion." *Id.*, ¶ 18.

On May 16, 2022, fewer than 24 hours before the deposition was to commence, Defendants filed their Motion for Sanctions and for Protective Order Regarding Out-of-Time Deposition. ECF No. 265.

On May 17, 2022, the morning after Defendants filed their motion, the deposition of Mr. Owens went forward. At the first break in the deposition, Plaintiffs sought a hearing with Chief Magistrate Pham to resolve whether Plaintiffs would be able to depose Mr. Owens. During the hearing, Chief Magistrate Pham stated:



Defendants did not relinquish any of their seven hours to Plaintiffs, and questioned Mr. Owens past the close of business on May 17.

Despite not being able to start their questioning until 7:45 pm Eastern Time, nearly eleven hours after the deposition began, Plaintiffs made best efforts to finish their questioning of Mr. Owens that day, to accommodate Defendants. Given that Mr. Owens might be fatigued at that point, Plaintiffs opted not to introduce certain exhibits or pursue certain lines of questioning in order to spare the witness's time. After Plaintiffs finished their questions, Defendants subjected Mr. Owens to another round of re-direct questioning before finally ending the deposition at 10:41 pm, Eastern time, even though they had already exhausted the seven hours allowed them under Rule 30 at that point. *Id.*, ¶¶ 22–24.

PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AND PROTECTIVE ORDER

### III.   LEGAL STANDARD

Defendants' motion for a protective order is governed by Federal Rule of Civil Procedure 26. Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). As such, the court has discretion to limit the scope of discovery by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). "To determine whether good cause exists, and the proper level of protection, the court 'must balance the requesting party's need for discovery against the resisting party's claimed harm that will result from disclosure.'" *Westbrook v. Charlie Sciara & Son Produce Co.*, No. 07-2657 MA/P, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008) (quoting *In re Michael Wilson & Partners, Ltd.*, No. 06-cv-02575-MSK-KLM, 2007 WL 3268475, at *1 (D. Colo. Oct. 30, 2007)).

"The burden of establishing good cause for a protective order rests with the movant." *Nix*, 11 F. App'x at 500. To establish good cause, defendants must "articulate specific facts showing clearly defined and serious injury resulting from the discovery sought." *Jones* ECF 245 (citing *Nix*, 11 F. App'x at 500). The moving party must show good cause "for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236–37 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citations omitted)).

### IV.   ARGUMENT

Defendants' Motion is groundless and, therefore, any continuing request for sanctions is groundless. Defendants' Motion was a transparent attempt, again, to try to stop or limit

testimony that they knew would be damaging to them, if allowed to come out. This tactic is plain. For the following reasons, there was no basis for Defendants' Motion and, therefore, no basis for any sanctions related to that Motion.

**A.      The Owens Deposition Concluded in One Day, as Defendants Unreasonably Demanded, and to the Inconvenience of All Attending**

In an effort to coordinate and to best ensure that the witness would only need to sit once, Plaintiffs agreed to try to finish all questioning of Mr. Owens in a single long day, as Defendants unreasonably demanded. However, despite Plaintiffs' accommodations and the great inconvenience caused by Defendants to all who attended, Defendants still refused to withdraw their Motion in its entirety, seeking sanctions through their notice to the Court, causing Plaintiffs to go to the unnecessary time and expense of filing this opposition. *See* ECF No. 267.[4]

**B.      Defendants Have Suffered No Injury and Did Not Have Good Cause for a Protective Order**

Defendants were never in danger of suffering any harm related to the Owens deposition, nor did they suffer any harm, at any point. A stated scheduling conflict or inconvenience for Defendants to attend the questioning of a witness by another party does not constitute harm that warrants a protective order. As the Court explained when Defendants tried similar tactics to block the testimony of Ms. Cota and four other witnesses:

> To establish good cause for a protective order under Rule 26, defendants must 'articulate specific facts showing clearly defined and serious injury resulting from the discovery sought.' *Nix*, 11 F. App'x 498 at 500. Defendants have failed to do so. … The only

---

[4] In addition, Mr. Owens willingly agreed to sit for deposition in accordance with all notices. Mr. Owens is a plaintiff in the *American Spirit* action and a third-party in the *Fusion Elite* and *Jones* Actions. Defendants do not represent Mr. Owens and no personal interest or privilege relating to Defendants was implicated regarding the testimony of Mr. Owens.

> harm defendants have alleged is that they must 'incur the time and expense of sitting through these depositions and cross-examining witnesses as appropriate.' (ECF No. 221 at 12) That certainly does not rise to the level of a serious injury. *Jones*, ECF 245 at PageID 4745 (citing *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001)).

The same is true again here. Defendants claim that they were purportedly harmed because Plaintiffs would be allowed to question a witness (relevant to all parties in all actions) ***after*** Defendants' time had concluded, on a "second day," on May 18, which Defendants claim presented a scheduling conflict for one member of defense counsel (who could have certainly requested assistance from the three other attorneys in her firm who entered appearances in this case) to attend and to presumably cross-examine. Rayhill Decl., Ex. L [May 11 email from N. Riccio]. Prior to Defendants' filing their Motion and to attempt to accommodate Defendants' stated scheduling conflict, Plaintiffs proposed moving the second day of deposition to May 25 or 26. The witness and his counsel agreed. *Id.*, ¶ 17. Yet, Defendants refused to answer whether they were available on May 25 or 26 and moved forward with their Motion anyway. *See* Rayhill Decl., Ex. L [May 16 email from N. Riccio]. No harm has been suffered by Defendants, at any time, in any respect.  Accordingly, Defendants have no grounds for any sanctions..

**C.  Plaintiffs' Notices Regarding the Owens Deposition Were Proper and in Accord with the Court's Orders on Scheduling and Coordination**

**1.  Plaintiffs' Abided by the Court's Scheduling Order**

Defendants also improperly tried to block Mr. Owens' testimony by claiming that Plaintiffs' notices relating to the deposition were not in line with the Court's Scheduling Order (ECF No. 175) because the date for the deposition was moved by Defendants and Mr. Owens to May 17, after the *Fusion Elite* and *Jones* actions' April 18 cutoff date. ECF No. 265 at PageID 4785. This argument goes against the Court's Coordination Order, ECF No. 172.

In the Court's Coordination Order, the Plaintiffs in all three related actions moved the Court for an order to "enable them to conduct depositions noticed pursuant to Rule 30(b)(1) and Rule 30(b)(6)" in any of the three related actions. ECF No. 172 at 2618. The Court granted the motion and provided specific provisions to enable the parties to do so. The Coordination specifically provides that "[t]estimony from depositions taken in any of the Related Actions may be used in any or all of the other Related Actions as if taken in that action, including at trial." ECF No. 172 at ¶ 4. Thus, the deposition of Mr. Owens, noticed by Defendants in the *American Spirit* action, could be used in either the *Fusion Elite* or *Jones* actions "as if taken in [those] action[s]." *Id.* It also provides that that "Plaintiffs in any one of the Related Actions may attend and question witnesses at depositions noticed in any of the other Related Actions." *Id.*, ¶ 5. Further, it provides that "Plaintiffs in the Related Actions may allocate the total deposition time amongst themselves as they choose." *Id.* at ¶ 8. Plaintiffs were simply adhering to the Court's Coordination Order, which specifically provided for their participation. Plaintiffs should not be faulted or prejudiced from obtaining highly relevant testimony, where Defendants and the witness decided to move the date of deposition to another date, especially where Plaintiffs were not first consulted. Defendants' exaggerated and hyperbolic arguments that the Plaintiffs' cross notice of Mr. Owens' deposition after the close of discovery would "run roughshod," "wreak havoc," and "be severely prejudicial" to Defendants, ECF 265 at 4786–87, are nonsense, given that Defendants themselves did not notice the deposition until after the close of fact discovery. Under the Coordination Order, Mr. Owen's deposition testimony is relevant to Plaintiffs' action, and Plaintiffs served proper cross-notices allowing them to participate. *See* ECF No. 172.

## 2.    Plaintiffs Have Not Violated Fed. R. Civ. P. 30(d)(1)

Defendants' argument that Plaintiffs' questioning of Mr. Owens violated Rule 30(d)(1)'s "1 day of 7 hours" limit, is also without merit. ECF 265 at 4787. Under Rule 30(d)(1), the default time limit is "one day of 7 hours," "[u]nless otherwise stipulated or ordered by the court." Fed. R. Civ. P. 30(d)(1). This argument is not applicable here. The Court has specifically ordered that the parties may have additional time, depending on the number of parties to notice a deposition, ECF No. 172, and Mr. Owens' counsel agreed that Plaintiffs would receive seven hours to question Mr. Owens.

In addition, there was a stipulation here. On May 17, 2022, the deposition of Mr. Owens went forward by agreement of the parties. As discussed in the Background Section, above, Plaintiffs sought a hearing with Chief Magistrate Judge Pham to confirm whether Plaintiffs would be able to depose Mr. Owens. During the hearing, Chief Magistrate Judge Pham stated:

> for purposes of the proceeding here today, there's no dispute by the defendants



Therefore, Defendants unequivocally agreed to "go . . . beyond the seven hour cutoff" on the record before Chief Magistrate Judge Pham, just as Defendants themselves have questioned

witnesses whose depositions were noticed by Plaintiffs, beyond the seven hour cut-off, including Jim Hill, Jamie Parrish and Marlene Cota. Based on this alone, there cannot be any violation of Rule 30(b)(1) for "exceeding 7 hours" as Defendants continue to assert. ECF 265 at 4787. In light of Defendants' agreement on the record, Plaintiffs proposed that the parties jointly notify the Court that Defendants' Motion was withdrawn. *See* Rayhill Decl., ¶ 25; Exhibits N and O. Although Defendants withdraw their Motion by notice to the Court, ECF No. 267, they claimed they were withdrawing only a portion of it, seemingly refusing to withdraw their motion as to sanctions. *See Id.*, ¶ 26; Exhibit P; ECF No. 267.

### 3.    Plaintiffs Provided Reasonable Notice of Their Intention to Participate in the Owens Deposition

Defendants claim that Plaintiffs' notice of the Owens deposition failed to provide reasonable notice under Federal Rule of Civil Procedure 30(b)(1). Under Rule 30(b)(1), parties "must give reasonable written notice [of a deposition] to every other party." Reasonable notice under Rule 30(b)(1) is a factual inquiry that must take the individual circumstances into consideration. *See, e.g.*, *Hart v. United States*, 772 F.2d 285, 286 (6th Cir. 1985) ("The rules do not require any particular number of days, so that reasonableness may depend on the particular circumstances."). There is no bright line rule on the number of days. Absent unique circumstances, courts often hold that reasonable notice requires "at least five business days," but under uncommon circumstances, even less may be held reasonable. *Zone Sports Ctr., LLC v. Nat'l Sur. Corp.*, No. 111CV00845LJOBAM, 2012 WL 13034350, at *1 (E.D. Cal. Mar. 7, 2012) (collecting cases). "The most important consideration, however, is whether the notice is reasonable under the circumstances of the case." *Id.* (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)).

There is no dispute that Plaintiffs' cross notice was served on May 9, eight days before the deposition was scheduled to occur on May 17, and nine days before the deposition was initially set to continue on May 18. ECF 265 at 4789; Rayhill Decl., Ex. K. Defendants argue it was unreasonable because eight or nine days is too short a period for notice. But courts have held that as few as five days is sufficient. *Zone Sports Ctr., LLC v. Nat'l Sur. Corp.*, No. 111CV00845LJOBAM, 2012 WL 13034350, at *1 (collecting cases). Eight days for a cross-notice is more than reasonable here. Defendants did not suffer any undue surprise or burden, Mr. Owens is a known Plaintiff in the *American Spirit* action, and the Court's Coordination Order specifically allows for all parties to participate. ECF No. 172. Moreover, Plaintiffs' cross-notice was served immediately after Plaintiffs received the Defendants' deposition notice on May 6, and Defendants never even served their deposition notice on the *Fusion* or *Jones* Plaintiffs. *See* Rayhill Decl., Exs. I, K. It appears Defendants intentionally did not serve the *Fusion* or *Jones* Plaintiffs with notice of Mr. Owens's deposition, despite the Court's Coordination Order specifically providing that all related actions are able to participate in any deposition. Defendants also cannot claim any hardship in making the witness available on the date. Defendants do not represent the witness, they had their full day to question him, and the witness and counsel had no objections to the participation of the other actions. Plaintiffs were merely cross-noticing an already-scheduled deposition, which was in no way prohibited by the Court's Order allowing the Owens deposition to proceed after the close of fact discovery *see* ECF No. 188 in Case No. 20-cv-2782-SHL-tmp [*American Spirit*]. Based on the record and the particular circumstances here, the eight days' notice was more than reasonable.

It bears mention that Defendants' Motion and continuing arguments in their Notice are especially transparent given their repeated requests (and denials) for protective orders as to other

witnesses. For example, Defendants served their cross-notice of Mr. Parrish's deposition, in between Day 1 and Day 2 of testimony, after the deposition had already begun, presumably not liking the harmful testimony that was elicited. Rayhill Decl., ¶ 24. Defendants cross-noticed Mr. Hill's deposition only three business days before it was scheduled to begin. Rayhill Decl., ¶ 25. As mentioned above, Defendants attempted to block the testimony of Ms. Cota and four other witnesses whom they did not represent. Defendants likewise tried to prevent the revelation of Ms. Cota's documents and testimony from seeing the light of day. *See, e.g., Fusion*, ECF No. 178 (Defendants' motion for protective order regarding Marlene Cota) and *Fusion*, ECF No. 198 (Defendants' appeal on the Court's decision allowing production of Marlene Cota's documents). *See also, e.g., Fusion*, ECF No. 229 (Court's Order denying Defendants' appeal).

### D.      Defendants Have No Basis for Sanctions

Defendants titled their Motion as a motion for "Sanctions and for Protective Order." ECF 265. Defendants purport to seek sanctions under Rules 37. *Id.* at 4783, 4792. But Defendants provided no argument, no analysis, and no legal authority for their vague request for sanctions in their Motion. Indeed, the only mention of sanctions in their Motion is in the title of the Motion, the introductory paragraph stating that they seek sanctions, and in the Conclusion stating only that they seek "any other sanctions the Court deems warranted under Rule 37, in light of Plaintiffs' attempt to violate the Court's Scheduling Order." *Id.* at 4792. Nor can they. Such a request is frivolous and inappropriate, especially considering all of the time and expense Defendants have caused Plaintiffs to respond to this now moot Motion, and consistently throughout all of their repeated attempts to hinder and block Plaintiffs' attempts to take reasonable discovery. It was frivolous in their Motion, and is likewise frivolous that they continue to maintain this "request" in their Notice.

Rule 37 provides that a Court may issue sanctions if "a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order *to provide or permit discovery*." Fed. R. Civ. P. 37(b)(2) (emphasis added). There is no basis under Rule 37 to issue sanctions for cross-noticing a deposition scheduled by another party after the close of fact discovery, or for consulting the Court where needed to avoid conflict at the deposition. Plaintiffs' cross-notice of Mr. Owens was not in violation of the scheduling order. The Court explicitly held that "Plaintiffs in any one of the Related Actions may attend and question witnesses at depositions noticed in any of the other Related Actions." ECF 172 ¶ 5. That Order by definition allows Plaintiffs to issue cross-notices in any properly noticed deposition in any of the three Related Actions since a cross-notice is the procedural means to give notice of participation in the deposition. Thus, as explained more fully above in Section IV.B.1, Plaintiffs cross-notice of Mr. Owens did not violate any Court orders. Further, Plaintiffs cannot be sanctioned for issuing a cross-notice agreed to by the deponent and his counsel, just because Defendants do not want Plaintiffs questioning the deponent.

As such, even if Rule 37 provided for sanctions for cross-noticing a deposition noticed after the discovery cut off (it does not), Defendants' vague and unexplained request for sanctions in their Motion would still fail, since Plaintiffs' cross-notice properly complied with the Court's Coordination Order, ECF No. 172.

Moreover, even though Defendants "withdr[e]w as moot their Motion for Sanctions and for Protective Order," they still "request" sanctions in their notice. *See* ECF No. 267. Putting aside that Defendants' notice improperly argues for sanctions outside of a formal motion, Defendants' notice puts forth new legal authority not contained in their Motion for the first time, asking for sanctions under Rules 30(d)(2)-(3), 37(a)(5), and 37(b)(2) and the Court's inherent

authority. All of these grounds are baseless. First, Rule 30(d)(2)-(3) allow a court to sanction a party that "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). But as explained above, it was Defendants that attempted to exclude Plaintiffs from deposing Mr. Owens in direct contravention to the Court's Coordination Order, ECF No. 172. Plaintiffs did not impede Defendants; it is the other way around.

Second, as explained above, Rule 37(b)(2) only provides for sanctions where a party "fails to obey an order to provide or permit discovery." As explained above, Plaintiffs' cross-notice fully complied with the Court's Coordination Orders. Moreover, Defendants' Notice does not allege what order Plaintiffs are alleged to have violated. Defendants' withdrawn Motion claims that Plaintiffs violated the scheduling order because the cross-notice is for a deposition after the close of discovery. But as explained above, that argument is nonsense, as it was Defendants who noticed the deposition for deposition after the close of discovery despite the Coordination Order providing that all parties may participate and use the deposition in all of the related cases. *See* ECF No. 172. Nor is the scheduling order even an order "to provide or permit discovery." Indeed, Defendants cite no legal authority that a party can be sanctioned for filing a cross-notice of a deposition that occurred outside the discovery window. Nor are there any grounds for sanctions under the Court's inherent authority, since the conduct that Defendants recite in their notice request is not sanctionable, as explained more fully above. For all of the reasons explained, this request in Defendants' Motion must also be denied and perhaps this harassment by Defendants to be noted by the Court.

## E.   Defendants Have No Basis to Object to the Use of Mr. Owens's Deposition

Buried in a footnote, Defendants state that they "reserve their rights to object to the use of the *Fusion Elite* and *Jones* Plaintiffs' deposition of Mr. Owens under Federal Rule of Civil

Procedure 32." ECF No. 265 at 4792 n.4. But Defendants have no basis to object to its use, since the Court's Coordination Order already addressed this issue, holding that "[t]estimony from depositions taken in any of the Related Actions may be used in any or all of the other Related Actions as if taken in that action, including at trial." ECF No. 172 at ¶ 4. And as discussed above, the Court also held that "Plaintiffs in any one of the Related Actions may attend and question witnesses at depositions noticed in any of the other Related Actions." *Id.* ¶ 5. Mr. Owen's testimony was properly elicited, and Defendants have suffered no harm and have no grounds whatsoever to seek a protective order, sanctions, or any other redress.

## V.    CONCLUSION

Defendants have tried, once again, to derail and obstruct important testimony from being revealed. The only party that could be entitled to sanctions here is Plaintiffs, not Defendants. The Court should formally deny Defendants' Motion for a Protective Order and Sanctions as moot, hold Plaintiffs' cross-notice of Mr. Owens in compliance with the Court's Coordination Order, ECF No. 172, and should deny Defendants' request for sanctions as not sufficiently asserted and frivolous. For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion and requests for any sanctions be denied..

Dated: May 31, 2022                    Respectfully submitted,


                                       By: /s/ *Joseph R. Saveri*
                                       Joseph R. Saveri*
                                       Steven N. Williams*
                                       Ronnie Seidel Spiegel*+
                                       Kevin Rayhill*
                                       Elissa A. Buchanan*
                                       JOSEPH SAVERI LAW FIRM, LLP
                                       601 California Street, Suite 1000
                                       San Francisco, California 94108
                                       Telephone: (415) 500-6800
                                       Facsimile:   (415) 395-9940
                                            jsaveri@saverilawfirm.com
                                            swilliams@saverilawfirm.com
                                            rspiegel@saverilawfirm.com
                                            krayhill@saverilawfirm.com
                                            ebuchanan@saverilawfirm.com

                                       Van Turner (TN Bar No. 22603)
                                       BRUCE TURNER, PLLC
                                       2650 Thousand Oaks Blvd., Suite 2325
                                       Memphis, Tennessee 38118
                                       Telephone: (901) 290-6610
                                       Facsimile: (901) 290-6611
                                       Email: vturner@bruceturnerlaw.net

                                       Richard M. Paul III*
                                       Sean R. Cooper*
                                       Ashlea Schwarz*
                                       PAUL LLP
                                       601 Walnut, Suite 300
                                       Kansas City, Missouri 64106
                                       Telephone: (816) 984-8100
                                       rick@paulllp.com
                                       sean@paulllp.com
                                       ashlea@paulllp.com

                                       Jason S. Hartley*
                                       HARTLEY LLP
                                       101 West Broadway, Suite 820
                                       San Diego, CA 92101
                                       Telephone: (619) 400-5822
                                       Email: hartley@hartleyllp.com

PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AND
PROTECTIVE ORDER

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

*Attorneys in the Jones Action for Individual and
Representative Plaintiffs*

Jonathan W. Cuneo*
Victoria Sims*
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Michael Kane*
Mark R. Suter*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
mkane@bm.net
msuter@bm.net

Gregory Asciolla
Karin Garvey
Veronica Bosco
DiCello Levitt Gutzler

One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
646.933.1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
vbosco@dicellolevitt.com

*Interim Co-Lead Counsel in the Fusion Elite Action
for the Proposed Direct Purchaser Class*


J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
BRANSTETTER, STRANCH & JENNINGS,
PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel in the Fusion Elite Action for the
Proposed Direct Purchaser Class*


Benjamin D. Elga*
JUSTICE CATALYST LAW, INC.
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
JUSTICE CATALYST LAW, INC.
718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
FINE KAPLAN AND BLACK, R.P.C.
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565

22

rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
BURCH, PORTER, & JOHNSON, PLLC
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
NEAL & HARWELL, PLC
1201 Demonbreun St., Suite 1000 Nashville, TN
37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com
*Counsel in the Fusion Elite Action for the Proposed
Direct Purchaser Class*

* Admitted pro hac vice

+Located in Washington State

PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AND
PROTECTIVE ORDER

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 31, 2022, I served a copy of the foregoing document via the

Court's ECF system, effecting service on all interested parties.

*/s/ Joseph R. Saveri*
Joseph R. Saveri

PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AND
PROTECTIVE ORDER