**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>           Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |
| **JONES**, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>**BAIN CAPITAL PRIVATE EQUITY**, et al.,<br><br>           Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF KEVIN E. RAYHILL IN SUPPORT OF PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AND PROTECTIVE ORDER**

I, Kevin Rayhill, declare and state as follows:

I am an attorney at the Joseph Saveri Law Firm, LLP. ("JSLF"), counsel for Plaintiffs Jessica Jones and Christina Lorenzen (collectively, "Plaintiffs "), in *Jones v. Bain Capital Private Equity*, case no. 2:20-cv-02892-SHL-tmp ("*Jones*"). I am a member in good standing of the State Bar of California and have been admitted *pro hac vice* in this Court. I am over 18 years of age and have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them.

1.      On January 10, 2022, Robert Falanga, counsel for David Owens, a named

Plaintiff in the related case *American Spirit and Cheer Essentials, Inc., v. Varsity Brands, LLC*,

No. 2:20-cv-02782-SHL-tmp ("*American Spirit*"), emailed the *Jones* and *Fusion Elite All Stars,*

*et al. v. Varsity Brands, LLC, et al.,* No. 2:20-cv-02600-SHL-tmp ("*Fusion")* Plaintiffs

informing them that Mr. Owens was scheduled to be deposed on March 17, 2022. A true and

correct copy of this email is attached hereto as **Exhibit A**

2.      On February 17, 2022, counsel for the *Jones* Plaintiffs, Elissa Buchanan, emailed

Mr. Falanga asking for Mr. Owens's deposition notice in order to cross-notice the deposition.

Mr. Falanga explained that the notice had not yet been served and he believed that Mr. Owens's

deposition may not go forward. A true and correct copy of this email is attached hereto as

**Exhibit B**.

**3.**      On February 25, 2022, Elissa Buchanan followed up with Mr. Falanga reminding

him that the *Jones* and *Fusion* Plaintiffs intended to cross-notice Mr. Owens's deposition. A true

and correct copy of this email is attached hereto as **Exhibit C.**

4.      On March 8, 2022, Mr. Falanga informed the *Jones* Plaintiffs that Mr. Owens's

deposition would not be going forward on March 17, 2022. A true and correct copy of this email

is attached hereto as **Exhibit D**. However, two days later, on March 10, 2022, Mr. Falanga

informed the *Jones* and *Fusion* Plaintiffs that Defendants now intended to move forward with

Mr. Owens's deposition on March 17, 2022. Mr. Falanga stated that he was going to request an

alternative date. A true and correct copy of this email is attached hereto as **Exhibit E.**

5.      On March 22, 2022, Elissa Buchanan emailed Mr. Falanga asking if Mr. Owens's

deposition had been re-scheduled. A true and correct copy of this email is attached hereto as

**Exhibit F**.

6.      After being informed by Mr. Falanga at the April 20, 2022 Plaintiffs' Discovery Coordination meeting that Mr. Owens's deposition was re-scheduled for May 17, 2022, the *Jones* and *Fusion* Plaintiffs reminded Mr. Falanga that they intended to cross-notice the deposition.

7.      On April 27, 2022, Elissa Buchanan emailed Mr. Falanga reminding him that the *Jones* and *Fusion* Plaintiffs intended to cross-notice Mr. Owens's deposition and asked if Defendants' deposition notice had been served yet. A true and correct copy of this email is attached hereto as **Exhibit G**.

8.      On May 6, 2022, Elissa Buchanan emailed Mr. Falanga asking about the notice for Mr. Owens's deposition. A true and correct copy of the email is attached hereto as **Exhibit H**. Later on May 6, 2022, I understand that Elissa Buchanan called Mr. Falanga. On the call, Mr. Falanga informed Elissa that he had received the notice a week earlier and would email the *Jones* Plaintiffs the notice. After the call Mr. Falanga emailed the notice. A true and correct copy of that email is attached hereto as **Exhibit I**. This was the first instance the *Fusion Elite* and the *Jones* Plaintiffs received any formal notice of Defendants' intent to depose Mr. Owens. Defendants did not serve the notice on the *Jones* and *Fusion Elite* Plaintiffs. As noted above, the *Jones* Plaintiffs had made repeated requests for Defendants' notice so that Plaintiffs could cross-notice the deposition, beginning on February 17, 2022.

9.      After receiving Mr. Owens's deposition notice, the *Jones* and *Fusion* Plaintiffs served their cross-notice on all the parties on May 9, 2022. True and correct copies of the email is attached hereto as **Exhibits J.**

10.     On May 9, 2022, the *Jones* Plaintiffs, along with Plaintiffs in the related case *Fusion Elite All Stars v. Varsity Brands*, LLC, No, 2:20-cv-02600-SHL-tmp ("*Fusion*") (*Fusion*

Plaintiffs, collectively with *Jones* Plaintiffs, "Plaintiffs"), served our cross-notice of the deposition of David Owens ("Cross-Notice"), a named Plaintiff in the related case *American Spirit and Cheer Essentials, Inc., v. Varsity Brands, LLC*, No. 2:20-cv-02782-SHL-tmp ("*American Spirit*"), on all parties in the three related actions.

11.    A true and correct copy of Plaintiffs' Cross-Notice referenced in the preceding paragraph is attached hereto as **Exhibit K**.

12.    On May 10, 2022, Nicole Riccio, counsel for Defendant USASF, sent an email on behalf of all Defendants objecting to the Cross-Notice and asking Plaintiffs to withdraw the Cross-Notice. Ms. Riccio also stated that Defendants did not stipulate to a proposed second day of testimony on May 18, 2022, and in any event counsel for USASF had a scheduling conflict on that day. The email exchange described in this and the following paragraphs is also contained in **Exhibit L.**

13.    Later on May 10, 2022, I responded to Ms. Riccio's email, stating Plaintiffs' position that Paragraph 5 of the Court's Order Granting Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in the Related Actions granted authority for Plaintiffs to cross-notice Mr. Owens's deposition: "Plaintiffs in any one of the Related Actions may attend and question witnesses at depositions noticed in any of the other Related Actions." ECF No. 172 at ¶ 5.[1] I pointed out that the date for Mr. Owens's deposition was set by Defendants, not Plaintiffs. Regarding the length of the deposition, I stated that the witness has agreed to sit for two days, and because he was not Defendants' witness, Defendants lacked standing to object to the length of the deposition.

---

[1] Unless otherwise specified, all references to ECF numbers refer to the Court's docket in the *Fusion Elite* action.

14.     On May 11, 2022, Ms. Riccio responded, declaring Plaintiffs' Cross-Notice "null and void and in violation of the Court's scheduling order." However, Ms. Riccio indicated that Defendants' position had apparently changed, now objecting only that "Defendants never agreed (or were even asked) by anyone **to be available for a second day** on May 18. **It is this second day which presents a scheduling conflict**, and **Defendants absolutely have standing to object to this second day** as parties to these lawsuits." (Emphasis added.) Ms. Riccio stated that "[t]he date for Mr. Owens' deposition has been confirmed since April 8." Yet Defendants had not informed Plaintiffs of the new date for Mr. Owens's deposition. Defendants did not serve notice of the Owens deposition until after the close of fact discovery in the *Jones* and *Fusion* actions, and never served the notice on Plaintiffs in those actions.

15.     On May 12, 2022, I responded to Ms. Riccio, stating, "As a courtesy to USASF, Plaintiffs are looking into different dates for a potential second day of testimony for Mr. Owens."

16.     On May 13, Ms. Riccio replied, "Defendants would agree not to file their motion for protective order if Plaintiffs would agree to complete their questioning of Mr. Owens on May 17, after Defendants conclude their questioning."

17.     On May 16, 2022, I responded to Ms. Riccio, stating, "Mr. Owens has very generously agreed to make himself available for the second day of his deposition on May 25 or May 26, despite the inconvenience this will cause him." Because Defendants had previously objected to the deposition potentially exceeding seven hours and had given Plaintiffs no assurances that they would not attempt to run out the clock and prevent Plaintiffs from deposing Mr. Owens, Plaintiffs did not agree not to seek a second day of testimony.

18.     Later on May 16, 2022, Ms. Riccio informed Plaintiffs that Defendants had apparently reverted to their original position, stating, "Defendants do not believe that Plaintiffs

may proceed with any deposition since fact discovery has closed. We will proceed with our motion."

19.     On May 16, 2022, Defendants filed their Motion for Sanctions and for Protective Order Regarding Out-of-Time Deposition ("Motion"). ECF No. 265 in the *Fusion Elite* action and ECF No. 296 in the *Jones* action.



22.     At approximately 7:45 pm ET, Defendants finished their questioning of Mr. Owens, having exhausted their time allowed under Rule 30 by taking approximately seven hours of testimony. A review of the transcripts shows that Defendants were on the record questioning Mr. Owens for at least approximately seven hours:

DECLARATION OF KEVIN E. RAYHILL

| Time of Day (Eastern Time) | Net Elapsed Time | Cumulative Elapsed Time | Counsel |
|---|---|---|---|
| 10:29 am – 12:12 pm | 1 hr. 43 min. | 1 hr. 43 min. | Mr. Kaiser |
| 1:12 pm – 2:37 pm | 1 hr. 25 min. | 3 hr. 08 min. | Mr. Kaiser |
| 3:19 pm – 4:45 pm | 1 hr. 26 min. | 4 hr. 34 min. | Mr. Kaiser |
| 5:06 pm – 5:18 pm | 12 min. | 4 hr. 46 min. | Mr. Kaiser |
| 5:19 pm – 7:14 pm | 1 hr. 55 min. | 6 hr. 41 min. | Mr. Kaiser/Brendan Gaffney/Ms. Riccio |
| 7:25 pm – 7:45 pm | 20 min. | 7:01 | Ms. Riccio |

23.     At approximately 7:45 pm ET, Plaintiffs began their questioning. Mr. Owens exhibited noticeable fatigue but persevered through the long day of questioning. During my part of the questioning, I made strategic choices to forego some exhibits and some lines of questioning in order to ensure that Plaintiffs could finish questioning in one day.

24.     At 10:41 pm, Eastern time, after three of the Defendants had asked questions on re-direct, the Owens deposition was concluded. Thus, while Plaintiffs made some sacrifices in terms of their planned exhibits and questions in order to finish in one day, Plaintiffs were able to depose Mr. Owens and the entire deposition concluded in one day.

25.     On May 18, 2022, I sent Defendants a proposed joint notice to the Court, as Chief magistrate Pham had requested, stating that all issues relating to the Owens deposition has been resolved and that the parties were notifying the Court that the Motion had been withdrawn. Attached hereto as **Exhibits N and O** are true and correct copies of my email and the proposed joint notice, respectively.

26.     On May 19, 2022, Ms. Riccio responded, "While Defendants agree that their request for a protective order is moot, Defendants do not intend to withdraw their motion for sanctions. A true and correct copy of the email is attached hereto as **Exhibit P.**

27.     Defendants served their cross-notice of Mr. Parrish's deposition, in between Day 1 and Day 2 of testimony, after the deposition had already begun, presumably not liking the harmful testimony that was elicited. Attached hereto as **Exhibit R** is a true and correct copy of Defendants' cross-notice of Mr. Parrish.

28.     Defendants cross-noticed Mr. Hill's deposition only three business days before it was scheduled to begin. Attached hereto as **Exhibit Q** is a true and correct copy of Defendants' cross-notice of Mr. Hill.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on May 31, 2022.

By: _/s/ Kevin E. Rayhill_
         Kevin E. Rayhill

DECLARATION OF KEVIN E. RAYHILL