UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES, ET AL.<br><br>         Plaintiffs,<br>   v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>         Defendants. | Case No. 2:20-cv-02892-SHL-tmp |

**CHARLESBANK'S AND BAIN'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL 30(B)(6) DEPOSITIONS**

Come now Defendants Charlesbank and Bain and file this surreply in opposition to Plaintiffs' Motion to Compel 30(b)(6) depositions and state as follows:

1. On May 20, 2022, Plaintiffs filed a Motion to Compel 30(b)(6) depositions of Bain and Charlesbank. (ECF No. 304.)

2. On May 24, Defendants responded. (ECF No. 311.)

3. On May 25, Plaintiffs sought leave to file a reply. (ECF No. 314.)

4. The Court granted that request the same day. (ECF No. 316.)

4. On May 26, Plaintiffs filed their reply. (ECF No. 318.)

5. The reply contained several statements and omissions that warrant a further response from Defendants. In particular:

   a. **There was no agreement.** Plaintiffs continue to argue that Defendants "agreed" to depositions under Rule 30(b)(6). (*See, e.g.*, ECF 318 at 1-2.) However, they do not mention, much less address, the unequivocal communication of March 24 from Defendants to Plaintiffs that demonstrates that this is simply not correct. Plaintiffs' attempt to convert the efforts to compromise as embodied in the March

1

17 letter, all of which efforts Plaintiffs rejected in their quixotic effort to obtain twenty depositions of Bain and Charlesbank, is not well taken.  As is plain from the subsequent March 24 email, Bain and Charlesbank clearly and unequivocally informed Plaintiffs that "there is no agreement," which was in response to Plaintiffs' assertion "that Defendants are taking the position that only three fact witnesses will be produced, total, with one Rule 30(b)(6) deposition for each."  As Defendants further stated in the March 24 email, "You may not just take the parts you like and try to get more."  (ECF No. 311-1, Kaiser Decl. ¶ 15 & Exhibit 1.)

b. **Plaintiffs sought but did not obtain leave to take additional deposition beyond the ten provided for in the Federal Rules and the nine the Court awarded.**  Plaintiffs do not address how they could be entitled to take two additional depositions (under Rule 30(b)(6) or otherwise) when they had not obtained leave of the Court to exceed the ten depositions allowed under Rule 30 and, in fact, their request for such leave was not granted.

c. **Fundamentally, Plaintiffs are at cross-purposes with themselves.**  They argue that Rule 30(b)(6) depositions are different from Rule 30(b)(1) depositions (which is certainly correct), but simultaneous say that an order granting leave to take nine depositions, all of which they took, somehow *actually* granted them leave to take *eleven* depositions.  This position is all the more untenable because, in fact, Plaintiffs asked for leave to take "one 30(b)(6) deposition, each," and the Court did not grant that request.  Plaintiffs, in effect, concede this in stating that this is their second motion to compel 30(b)(6) depositions.  (ECF No. 318 at 3.)

d. **The topics were not agreed nor could they have been.** Plaintiffs, in their original brief, admitted that the topics for any 30(b)(6) deposition were not agreed. (ECF 304-1 at 3.) They do not explain in their reply how the topics they identified on May 4 could have been the subject of depositions that took place beginning on April 19. Moreover, they tacitly concede that their fifth topic—which would require a witness to be able to authenticate nearly one hundred thousand separate documents (or presumably some unspecified subset thereof)—was not even put forward in any form until May 4.

e. **Plaintiffs' assertion that the topics at issue are critical is not well taken.** Plaintiffs do not address their failure to use the nine depositions that the Court granted them leave to take to even explore most of the topics, or to explain what is missing from the topics they did explore. Simply put, Plaintiffs are seeking to put burden on Defendants for burden's sake, which is improper.

f. **Defendants were not required to seek a protective order.** Plaintiffs' notice was void *ab initio* because it exceeded the ten depositions allowed under Rule 30, which is why Plaintiffs sought leave to take the depositions in the first place. It was also improper on its face because it did not specify a date and time for the deposition. And, in any event, the matter of 30(b)(6) depositions was *sub judice* with the filing of Plaintiffs' motion for leave. Once Plaintiffs' motion for "one 30(b)(6) deposition, each" was denied, Plaintiffs' "notice" was moot.

g. **Plaintiffs do not explain why they should be excused from waiting until they took all of the depositions that the Court has permitted in this case, and then an additional two weeks, to bring this motion.** This is all the more inexplicable

3

in that Plaintiffs knew of Defendants' position on April 21, nearly a month before they brought this motion. Plaintiffs' efforts to obscure the timing falls flat because the April 21 communication is clear.

For all of these reasons, and as set out in Defendants prior submissions in opposition, Plaintiffs' motion should be denied.

Dated: June 1, 2022                    Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted pro hac vice

5

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Charlesbank Capital Partners,
 LLC and Bain Capital Private Equity*