```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

_____
                                    )
**JESSICA JONES, et al.,**          )
                                    )
     **Plaintiffs,**                )
                                    )
**v.**                              )   No. 20-cv-2892-SHL-tmp
                                    )
**VARSITY BRANDS, LLC, et al.,**    )
                                    )
     **Defendants.**                )
                                    )
_____

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**
_____

Before the court by order of reference is plaintiffs' Motion to Compel 30(b)(6) Deposition Testimony from Defendants Charlesbank Capital Partners LLC ("Charlesbank") and Bain Capital Private Equity ("Bain"), filed on May 19, 2022. (ECF No. 304.) For the reasons below, plaintiffs' motion is GRANTED in part.

### I.   BACKGROUND

The present case involves anti-trust claims brought against Varsity Brands, LLC, its affiliated brands and companies, and its prior and present owners.[1] Charlesbank owned Varsity from 2014

---

[1]Two other related cases are currently proceeding before U.S. District Judge Sheryl Lipman: Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al., 2:20-cv-02600-SHL-tmp (W.D. Tenn. Aug. 13, 2020) and American Spirit and Cheer Essentials Inc., et al. v. Varsity Brands, LLC, et al., 2:20-cv-02782-SHL-tmp (W.D. Tenn. Jul. 24, 2020).

through June 2018, when it sold its interest to Bain, who remains the majority owner. (ECF No. 102-1 at 3.) In brief, plaintiffs allege that defendants conspired to and did in fact form a monopoly over the cheerleading industry in the United States.

The history of discovery between the Jones plaintiffs and Charlesbank and Bain is long, complicated, and dominated by motion practice. Relevant for the purposes of the present motion are two prior motions: a Motion to Extend Deadline to Permit Depositions, and a Motion to Take Depositions from Charlesbank and Bain. (ECF Nos. 209, 228.)

First, both parties filed a Joint Motion seeking to extend the deposition deadline for current and former employees of Bain and Charlesbank on March 15, 2022. (ECF No. 209.) In this joint motion, the parties noted that Bain and Charlesbank's production of documents (ordered by the court on December 13, 2021) had not been completed, and that the plaintiffs wished to take depositions of Bain and Charlesbank witnesses "with the benefit of those productions." (Id. at 2.) The original deposition deadline, and close of fact discovery, was set for April 18, 2022. (ECF No. 175.) The parties proposed that the production be completed by April 1, 2022, and that depositions be completed by May 7, 2022. (Id.) On March 16, 2022, presiding District Judge Sheryl Lipman granted the joint motion. (ECF No. 211.)

Second, in February and March 2022, plaintiffs and defendants unsuccessfully discussed whether Bain and Charlesbank would willingly provide any deposition witnesses. As it became clear that negotiations would not lead to an agreement, defendants' counsel sent a letter to plaintiffs' counsel with the subject line "*Jones v. Varsity:* Depositions of Bain and Charlesbank" on March 17, 2022. (ECF No. 227-13 at 2-3.) In this letter, which "set[] forth the respective positions of Bain and Charlesbank as to the depositions of Bain and Charlesbank and their current and former employees[,]" the defendants stated that they agreed to the depositions of three fact witnesses: Ryan Cotton, Joshua Beer, and Andrew Janower. (Id. at 3.) Regarding potential Rule 30(b)(6) depositions of Bain and Charlesbank, defendants stated the following:

> Second, as to the 30(b)(6) depositions, Bain and Charlesbank find all of the topics to be, [sic] many for multiple reasons. Although Bain and Charlesbank do not object to providing witnesses on appropriate topics under Rule 30(b)(6), they will not do so on the topics as written. We will provide further details on the objections in the near future. Bain and Charlesbank tentatively expect that any 30(b)(6) testimony will be given in conjunction with the depositions of Messrs. Bain, Janower, and Beer as the case may be.[2]

(Id. at 3.) Discussions continued after this letter but no agreement was reached. On March 24, 2022, plaintiffs' counsel

---

[2] Plaintiffs had previously noticed Rule 30(b)(6) depositions of Charlesbank and Bain on March 11, 2022. (ECF No. 304-1 at 5.)

emailed defendants' counsel with notice that they planned to file a motion to compel regarding these issues. In relevant part, plaintiffs' counsel wrote:

> We believe we are at impasse with our last compromise proposal to you being 14 total depositions, including a Rule 30(b)(6) deposition for each (to allocate as we choose across both defendants), and with Mr. Webb being allocated within the Fusion 55. My understanding is that Defendants will not agree to the 14 proposed, and last offered 10 total (4+1, each). It also seems now that Defendants are taking the position that only three fact witnesses will be produced, total, with one Rule 30(b)(6) deposition for each. Please let us know by EOB today if you would like to reconsider and agree to our compromise offer of 14. If not, please kindly let us know that as well. We are available to discuss this further today, if you feel it would be productive.

(ECF No. 227-12 at 3.) Defense counsel responded: "Ronnie there is no agreement. You rejected our proposal. We've discussed this several times with you. You may not just take the parts you like and try to get more." (Id. at 2.) The plaintiffs filed a Motion to Compel on March 28, 2022. (ECF No. 228.)

In that motion, the plaintiffs sought an order compelling the depositions of eighteen fact witnesses from Charlesbank and Bain, as well as one Rule 30(b)(6) corporate designee witness from each defendant. (Id. at 7.) Plaintiffs noted throughout their motion that the defendants had agreed to produce three fact witnesses and a Rule 30(b)(6) deposition from both Bain and Charlesbank. (ECF No. 228-2 at 1, 3, 7.) Specifically, plaintiffs wrote:

> While Defendants have agreed to 55 depositions for Varsity, USASF and third parties, they refuse to allow

> deposition discovery for Charlesbank and Bain to proceed other than for one Bain fact witness, two Charlesbank witnesses, and a Rule 30(b)(6) deposition of each (to which they have challenged the topics generally, but have yet to provide Plaintiffs with any specific objections).

(ECF No. 227-1 at 1.) Defendants, despite previously stating in the March 24, 2022 email that there was no agreement regarding these issues, represented in their response that they agreed to produce Andrew Janower and Joshua Beer of Charlesbank and Ryan Cotton of Bain, and that it was "*expected that these individuals will likewise provide any 30(b)(6) testimony for Bain and Charlesbank.*" (ECF No. 244 at 5) (emphasis added). This is the only mention of Rule 30(b)(6) depositions in the defendants' response. Defendants further represented:

> these are the individuals who led Charlesbank's acquisition of Varsity Brands and its involvement with Varsity Brands during the period of Charlesbank's ownership (Mr. Janower); the individual who led Charlesbank's involvement with Varsity Brands as a minority investor during the period after Charlesbank's sale of Varsity Brands to Bain in mid-2018 (Mr. Beer), and the individual who led Bain's acquisition of Varsity Brands and subsequent involvement with Varsity Brands after that point (Mr. Cotton). Notably, these are the same three individuals that Plaintiffs initially requested on February 18, which request Bain and Charlesbank immediately agreed. [sic]

(Id. at 9-10.) In a declaration attached to their response, defendants' counsel stated: "Bain and Charlesbank have maintained the position that the depositions of Andrew Janower, Joshua Beer, and Ryan Cotton would be sufficient and proportional to the needs

- 5 -

of the case, which has been communicated to the Plaintiffs numerous times during the course of the parties' discussions." (ECF No. 244-1.) Defendants objected to any further depositions.

On April 11, 2022, the court granted in part and denied in part plaintiffs' motion. (ECF No. 261.) In summarizing the events leading up to the motion, the undersigned noted: "Defendants agreed to depositions of Ryan Cotton, Joshua Beer, and Andrew Janower. Defendants also proposed Cotton and either Janower or Beer would serve as Bain and Charlesbank's Rule 30(b)(6) representatives, respectively." (Id. at 5, n.3.) The court ordered the following:

> The undersigned concludes that of those originally identified as custodians (not including Cotton, Beer, and Janower, whose depositions defendants have agreed to), the plaintiffs have adequately shown that they should be allowed to take the deposition of six of those custodians: (1) Tom O'Rourke, (2) Saron Tesfalul, (3) Neil Kalvelage, (4) Brandon White, (5) David Katz, and (6) one of the three members of the Impact Deal Team working under Cotton, either Kate Steinman, Ethan Portnoy, or Spencer Dahl, at plaintiffs' choosing. These depositions will be in addition to the agreed depositions of Cotton, Beer, and Janower.

(Id. at 11.)

Following this order, plaintiffs emailed defendants on April 20, 2022, the day after Beer's deposition, seeking to schedule other depositions and discuss any further objections regarding the scope of the proposed Rule 30(b)(6) depositions. (ECF No. 304-4 at 5.) Defendants emailed back the following:

> The Court did not permit 30(b)(6) depositions, rather it allowed the nine specific 30(b)(1)'s. Plaintiffs'

>    30(b)(6) notices accordingly are moot now. As an aside, the categories in Plaintiffs' 30(b)(6) notices are not reasonably specific and/or seek levels of detail that could not possibly be addressed in testimony because the memory exercise involved would be beyond human capability.

(<u>Id.</u>) Further negotiations and offers followed, with plaintiffs proposing to reduce the scope of the Rule 30(b)(6) depositions to four topics as opposed to the thirty-two they had initially proposed. (<u>Id.</u> at 2-3.) However, defendants maintained that the court had denied any Rule 30(b)(6) depositions and ultimately rejected all proposals on May 13, 2022. Plaintiffs then filed the present motion on May 19, 2022, seeking to compel Rule 30(b)(6) deposition testimony from Charlesbank and Bain. (ECF No. 304.)

In their motion, plaintiffs identify five topics on which they seek testimony:

  (1)  The funding and financial support Bain and Charlesbank provided to Varsity, and any financial transfers from Varsity to Bain or Charlesbank.

  (2)  Bain and Charlesbank's oversight of and involvement in the business operations of any Varsity-owned entity.

  (3)  Details of any financial arrangements and/or transactions by and between Bain/Charlesbank and Defendants USASF and Webb.

  (4)  Any disputes, inquiries, or investigations relating to The Relevant Markets by any governmental agencies, including states' attorneys general, during the Relevant Time Period.

  (5)  The authentication of Charlesbank and Bain documents.

(ECF No. 304-1 at 7-8.) Defendants responded on May 24, 2022. (ECF No. 311.) In their response, defendants argue that the court denied Rule 30(b)(6) depositions in its prior order, that the plaintiffs' motion to compel is untimely given the court's Scheduling Order and prior deadlines, and that the proposed topics are not appropriate due to their duplicative nature and broad scope. Plaintiffs filed a reply on May 26, 2022. (ECF No. 318.) Defendants filed a surreply on June 1, 2022. (ECF No. 323.)

## II.   ANALYSIS

### A.   The Court's Prior Order

Defendants argue that because the court did not previously explicitly state that plaintiffs could take Rule 30(b)(6) depositions, those depositions were effectively denied. This is incorrect. At the time of that prior order, defendants had represented to the court that the depositions of Ryan Cotton, Andrew Janower, and Joshua Beer were not in dispute, multiple times, across numerous filings. (ECF No. 244 at 5, 9-10, 14; ECF No. 244-1). They had further represented that it was "expected that these individuals will likewise provide any 30(b)(6) testimony for Bain and Charlesbank." (ECF No. 244 at 5.) In their response and surreply, defendants cite to an email between the parties' counsel on March 24, 2022, as evidence that no agreement existed. Defendants' counsel wrote that "there is no agreement. You rejected our proposal. We've discussed this several times with

- 8 -

you. You may not just take the parts you like and try to get more." (ECF No. 227-12 at 2.) Defendants nevertheless represented in their response to the prior motion that they still had agreed to the Beer, Janower, and Cotton depositions and that it was "expected that these individuals will likewise provide any 30(b)(6) testimony for Bain and Charlesbank." See (ECF No. 244 at 4-5, 8, 10, 11, 12, 13, 14; ECF No. 244-1 at 2.) Regardless of what discussions counsel may have had leading up to the prior motion to compel, the fact remains that when the issue was brought to the court's attention, defendants at that point did not dispute plaintiffs' statement that the parties had agreed on taking Rule 30(b)(6) depositions. The reason that Rule 30(b)(6) depositions were not expressly ordered is because defendants did not dispute that they were going to make 30(b)(6) witnesses available for depositions once topics were agreed to. Defendants' argument is based on an incorrect reading of the court's prior order. As an aside, given the fact that the parties had at a minimum agreed to depose Cotton, Janower, and Beer as fact witnesses, the undersigned would have allowed two of those individuals to be designated Rule 30(b)(6) deponents as well.[3]

---

[3]To the extent the briefing for the prior motion to compel raised any issues regarding Rule 30(b)(6) depositions, those issues related to defendants repeated, but general, objections to the scope of the Rule 30(b)(6) notices plaintiffs sent on March 11. See, e.g., (ECF No. 304-3 at 3) ("Although Bain and Charlesbank do not object to providing witnesses on appropriate topics under Rule

**B.      Timeliness of the Current Motion**

The defendants argue that plaintiffs have waited too long to bring a motion to compel Rule 30(b)(6) testimony, based on the deadlines set in the court's Scheduling Order and prior decisions. The court initially set the close of fact discovery for April 18, 2022. (ECF No. 175.) However, the deadline for depositions of Bain and Charlesbank witnesses was later extended to May 7, 2022, with the understanding that "this relief will not impact the rest of the Amended Scheduling Order[.]" (ECF No. 211 at 2.) In the Amended Scheduling Order, the court stated that "***No other requests for extensions of these deadlines will be granted absent extraordinary circumstances.***" (ECF No. 175 at 3.) Defendants argue that since the May 7 deadline has now passed, plaintiffs' motion is untimely.

The court finds extraordinary circumstances exist here that excuse the late filing of this motion. The reason for the delayed filing of the motion is solely due to defendants' incorrect interpretation of the court's prior order. Further, on March 17,

---

30(b)(6), they will not do so on the topics as written. We will provide further details on the objections in the near future. Bain and Charlesbank tentatively expect that any 30(b)(6) testimony will be given in conjunction with the depositions of Messrs. Bain, Janower, and Beer as the case may be.") The discussions both parties presented reflected potential future compromise on the topics of any Rule 30(b)(6) depositions, which would be given by Cotton, Beer, and Janower. The scope of any Rule 30(b)(6) topics was not briefed by either party in the prior motion. (ECF No. 227-13 at 3.)

2022, defendants' counsel stated that specific objections regarding the scope of the Rule 30(b)(6) topics would be coming in the "near future," but did not provide any specific objections until their response to the present motion. (ECF No. 304-3 at 3.) Indeed, when plaintiffs reached out to defendants on April 20, 2022, to discuss when those objections would be forthcoming, defendants advanced the argument that the court's prior order had categorically denied Rule 30(b)(6) depositions and again refused to provide specific objections to the noticed topics. (ECF No. 304-4 at 5.) Meet and confers proceeded over the following week, which the court will assume were in good faith, including an exchange on April 28, 2022, where defendants noted that they "were willing to discuss a reduced set of topics for 30(b)(6) depositions." (ECF No. 304-4 at 2.) When plaintiffs reached out with a proposed reduced set of topics on May 4, 2022, defendants stated that they would ask their clients about the proposal. (Id.) Defendants did not substantively respond until May 13, 2022, when they rejected the proposal. (ECF No. 304-5 at 3.) It is unclear, given the timeline, what else the plaintiffs could have done. As late as May 4, defendants represented that some compromise on the issue of Rule 30(b)(6) topics could be forthcoming, and that opportunity was only foreclosed on May 13. This motion was filed on May 19, just five days later. Plaintiffs should not be prejudiced by their attempts at compromise and consultation.

- 11 -

**C.   Scope of Rule 30(b)(6) Depositions**

"An organization that is served with a notice for a Rule 30(b)(6) deposition is obligated to produce a witness or witnesses knowledgeable about the subjects described in the notice and to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation." Adkisson v. Jacobs Eng'g Grp., Inc., No. 3:13-CV-505-TAV-HBG, 2021 WL 1685955, at *4 (E.D. Tenn. Feb. 3, 2021)(quoting Janko Enters. v. Long John Silver's, Inc., No. 3:12-CV-345-S, 2014 WL 11152378, at *12 (W.D. Ky. Apr. 3, 2014)). A Rule 30(b)(6) notice "must describe with reasonable particularity the matters for examination," and the deponent "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for and what is not." Alvey v. State Farm Fire & Cas. Co., No. 517CV00023TBRLLK, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018) (citation and internal quotation marks omitted). Generally, "prior deposition testimony from individual fact witnesses does not relieve a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition." Edwards v. Scripps Media, Inc., 331 F.R.D. 116, 121 (E.D. Mich. 2019) (quoting Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc., No. 2:15-CV-3023, 2018 WL 3358641, at *12 (S.D.

Ohio July 10, 2018)). However, a corporation may show that the record is fully developed on a topic so that the Rule 30(b)(6) topic is "unreasonably duplicative and cumulative." Edwards, 331 F.R.D. at 121 (citing White v. Wal-Mart Stores E., L.P., No. 518CV00034TBRLLK, 2018 WL 5083891, at *3 (W.D. Ky. Oct. 18, 2018)).

The scope of discovery, including Rule 30(b)(6) depositions, is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1); see also Edwards, 331 F.R.D. at 121 ("Federal Rule of Civil Procedure 26(b)(1) applies to Rule 30(b)(6)" depositions). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the

amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "It is well established that the scope of discovery is within the sound discretion of the trial court." Pittman v. Experian Information Solutions, Inc., 901 F.3d 619, 642 (6th Cir. 2018)(quoting Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993)).

As the undersigned has previously stated regarding proportionality of discovery as to Bain and Charlesbank:

> The plaintiffs allege that Charlesbank and Bain actively participated in a conspiracy to monopolize the cheerleading industry, namely by providing financial support and guidance to Varsity in its acquisition of competitors. . . . Considering proportionality, the issues at stake in this case are national in implication and importance, with a substantial amount in controversy stemming from allegedly anticompetitive pricing and trade practices. In terms of the parties' resources, Bain and Charlesbank are both sophisticated investment firms: Charlesbank acquired Varsity in 2014 for $1.4 billion and sold its interest to Bain for $2.5 billion. (ECF No. 102-1 at 3.) Many of the plaintiffs' claims can only be resolved through fairly extensive discovery from Charlesbank and Bain, the only parties who have access to this information.

(ECF No. 174 at 6.) The undersigned finds this applicable to the present motion as well.

Plaintiffs seek testimony on five topics: 1) the funding and financial support Bain and Charlesbank provided to Varsity, and any financial transfers from Varsity to Bain or Charlesbank; 2) Bain and Charlesbank's oversight of and involvement in the business operations of any Varsity-owned entity; 3) details of any financial arrangements by and between Bain/Charlesbank and defendants USASF and Webb; 4) any disputes, inquiries, or investigations relating to The Relevant Markets by any governmental agencies during the Relevant Time Period; and 5) the authentication of documents. (ECF No. 304-1 at 4-5.)

Defendants claim that the topics proposed are "inappropriate and unnecessary, and requiring Rule 30(b)(6) depositions on them would be disproportional to the needs of the case." (ECF No. 311 at 1.) They also argue generally that the plaintiffs already had the opportunity to raise these topics in the Rule 30(b)(1) depositions and should not be permitted a "do-over." (Id. at 15.) This argument is not well-taken. If defendants had followed the court's prior order and engaged in negotiations regarding the scope of the Rule 30(b)(6) depositions, those depositions could have been completed on the same day as the Rule 30(b)(1) depositions. Because there is good cause to allow the Rule 30(b)(6) depositions, the undersigned now turns to the topics at issue.

**Topic 1: The funding and financial support Bain and Charlesbank provided to Varsity, and any financial transfers from Varsity to Bain or Charlesbank**

Plaintiffs seek information regarding the "financial terms of the most significant transactions in the case as well as information regarding dividends and other payments from Varsity to Charlesbank and Bain." (ECF No. 304-1 at 8.) Plaintiffs argue this information is relevant to "the key transactions in this case," and "goes to show the nature and extent of corporate ownership." (Id.) Defendants argue that information regarding monetary transfers to and from Bain and Charlesbank are irrelevant because "[t]he mere payment of dividends or provisioning of support" would not show involvement in an anticompetitive scheme. (ECF No. 311 at 15.) The undersigned finds that this information is relevant to determining Charlesbank and Bain's liability for the alleged anticompetitive activity. Defendants are ordered to produce a corporate designee with knowledge as to this topic.

**Topic 2: Bain and Charlesbank's oversight of and involvement in the business operations of any Varsity-owned entity**

Plaintiffs argue Topic 2 is relevant to the core factual issue of whether Bain and Charlesbank were directly involved in the alleged monopolistic scheme. (ECF No. 304-1 at 5.) Defendants do not appear to challenge the relevance of topic two, but rather argue that plaintiffs have already fully addressed this topic in their fact depositions. (ECF No. 311 at 17.) However, "prior deposition testimony from individual fact witnesses does not relieve a corporation from designating a corporate

- 16 -

spokesperson in response to a Rule 30(b)(6) notice of deposition." Edwards, 331 F.R.D. at 121 (quoting Majestic Bldg. Maint., Inc., 2018 WL 3358641, at *12. The court finds that plaintiffs are entitled to ask further questions on these topics to the Rule 30(b)(6) deponents. However, the court limits the scope of the topic to address only those Varsity-owned entities that are involved in the cheer market. Defendants are ordered to produce a corporate designee with knowledge as to this topic, as modified.

**Topic 3: Details of any financial arrangements and/or transactions by and between Bain/Charlesbank and Defendants USASF and Webb**

Topic 3 seeks information regarding the financial dealings between Charlesbank and Bain and defendants USASF and Jeff Webb. (ECF No. 304-1 at 10.) USASF is the rule making body for All Star Cheerleading. Plaintiffs allege that USASF, under the control of defendant Varsity, created competition rules that denied potential competitors a foothold in the industry. (ECF No. 1 at 27.) Defendants note that "plaintiffs do not even try to articulate any theory of relevance of such a payment involving USASF in their brief." (ECF No. 311 at 16.) Plaintiffs allege that USASF is controlled by Varsity, and Varsity is and was controlled by Bain and Charlesbank. Because of this apparent connection, the undersigned finds that the burden of answering questions on this topic is outweighed by the likely benefit.

- 17 -

Plaintiffs argue that "[p]ayments by Charlesbank and Bain to Webb, the largest individual shareholder of Varsity and its affiliated entities, are important to complete the financial details of key transactions," and are relevant to show Webb's "bias." (ECF No. 304-1 at 10.) Defendants argue that "plaintiffs do not challenge the transactions involving [Webb] and Bain and Charlesbank as illegal, and they are far from the 'key transactions' in the case." (ECF No. 311 at 16.) Defendants further note that "[p]laintiffs questioned Mr. Webb about any proceeds he received from the transactions and had every opportunity to ask him questions about payments directly from Bain or Charlesbank but chose not to do so." (Id.) The undersigned finds the burden of allowing questions about this topic is outweighed by the likely benefit. Defendants are ordered to produce a corporate designee with knowledge as to this topic.

**Topic 4. Any disputes, inquiries, or investigations relating to The Relevant Markets by any governmental agencies, including states' attorneys general, during the Relevant Time Period**

Topic 4 calls for testimony regarding governmental investigations directed at Charlesbank, Bain, or Varsity during the relevant time period. Plaintiffs assert that governmental agencies "routinely conduct inquiries regarding competitive issues including the effects on markets, competitions, prices and consumers of business decisions, including mergers and

acquisitions." (ECF No. 304-1 at 11.) Plaintiffs claim that this information would be highly relevant because "corporate acquisitions are . . . a key element of [a] monopolistic scheme." (Id.) Defendants characterize the existence of such investigations as speculative but do not dispute their relevance. Instead, defendants argue that "Plaintiffs did not spend any significant time asking questions about such an investigation of any Bain or Charlesbank Witness." (ECF No. 311 at 16.) However, plaintiffs explain that these types of investigations "are often confidential and not widely shared with company managers and other business persons. Thus, fact witnesses may be wholly unaware of certain governmental investigations." (ECF No. 304-1 at 11-12.) The undersigned finds that information relating to these investigations, if any, would provide information relevant to plaintiffs' claims. Defendants are ordered to produce a corporate designee with knowledge as to this topic.

**Topic 5: The authentication of Charlesbank and Bain Documents**

Plaintiffs state that they require a corporate representative from Charlesbank and Bain to authenticate documents that have no available custodian, such as documents produced from central files. (ECF No. 304-1 at 12.) Defendants note that this topic was not raised in plaintiffs' Rule 30(b)(6) notice. (ECF No 311 at 17.) When this issue arose in discussions between the parties, defendants asked if there were particular documents that

plaintiffs had questions about and plaintiffs did not respond. (Id.) Defendants argue that it is unduly burdensome to require defendants to be able to testify as to the authenticity of the 95,335 documents produced by Bain and Charlesbank. (Id.) Further, defendants argue that this request is premature, and "the time to raise authentication objection was when exhibits were identified for trial." (Id.)

The court agrees with defendants and finds that given the very late addition of this topic, its lack of specificity, and the potential large volume of documents at issue, plaintiffs blanket request to have a records custodian authenticate records is denied.

### III. CONCLUSION

For the above reasons, the Motion to Compel is GRANTED in part and DENIED in part. The parties shall complete the Rule 30(b)(6) depositions within thirty days of the entry of this order.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 1, 2022
Date