UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FUSION ELITE ALL STARS, et al., <br><br>         Plaintiffs, <br>   v. <br><br> VARSITY BRANDS, LLC, et al., <br><br>         Defendants. | Civ. Action No. 2:20-cv-02600 |
| JESSICA JONES, et al., <br><br>         Plaintiffs, <br>   v. <br><br> BAIN CAPITAL PRIVATE EQUITY, et al. <br><br>         Defendants. | Civ. Action No. 2:20-cv-02892 |

**DEFENDANTS' MOTION TO AMEND SCHEDULING ORDERS
TO EXTEND DEADLINES RELATED TO EXPERT DISCOVERY
AND CLASS CERTIFICATION**

Defendants in the above-captioned matters jointly move the Court for an order modifying the expert discovery and class certification deadlines previously established by this Court's December 16, 2021, Amended Scheduling Order (ECF No. 177)[1] and May 10, 2022, Order Granting Parties' Joint Motion for Entry of Agreed Amendment to Scheduling Orders (ECF No. 254). Defendants propose modest extensions that will allow Defendants adequate time to review

---

[1] Unless otherwise noted, all docket references will refer to entries in *Fusion Elite All Stars, et. al v. Varsity Brands, LLC, et. al*, Case No. 2:20-cv-02600.

1

and to respond to the six voluminous expert reports that Plaintiffs have produced. Given the large and unexpected number of expert witnesses, Defendants also propose a brief extension of the expert deposition, class certification, and *Daubert* motion deadlines. The *Jones* Plaintiffs do not oppose this motion and agree with Defendants' proposed dates.[2] The *Fusion Elite* Plaintiffs, however, do not agree with these proposed dates.

To facilitate the ongoing coordination of these cases, and for all the extraordinary circumstances and good cause set out below, Defendants request that the Court adopt the revised dates agreed to by Defendants and the *Jones* Plaintiffs in both the *Jones* and *Fusion Elite* cases. Due to the quickly-approaching current expert deadlines—including the current responsive disclosure deadline of August 26, 2022—and the importance of resolving this motion expeditiously, Defendants also request that the Court set an expedited briefing schedule for this Motion making the *Fusion Elite* Plaintiffs' response due no later than August 17, 2022. In support of this motion, Defendants state as follows:

In April 2022, the *Fusion Elite* and *Jones* Plaintiffs filed a joint motion seeking extensions of the expert discovery deadlines in each case. (ECF No. 251.) The motion argued that Plaintiffs' experts did not have adequate time to incorporate certain evidence into their reports and analysis. (*See id.*) After Plaintiffs filed their motion, Plaintiffs and Defendants conferred and reached agreement on a proposed amended expert discovery schedule. The proposed amended schedule was presented to the Court via motion. (ECF No. 254). The Court granted the parties' motion on May 10, 2022, setting an August 26, 2022, deadline to file opposing expert reports and an October 21, 2022, deadline to file rebuttal reports. (ECF No. 255.) The Order also set a November 11, 2022, deadline for expert witness depositions. (*Id.*) The May 2022 Order did not change the Court's earlier Scheduling Order, setting November 16, 2022 as the deadline for *Daubert* motions

---

[2] The *Jones* Plaintiffs' agreement on the proposed amended dates relates to the *Jones* case only.

and class certification motions.  (*See* ECF No. 177.)  Consistent with the Court's prior orders requiring coordination between the two cases, the amended schedule adopted the same deadlines for each case.

As expert-related discovery has progressed, it has become clear that these deadlines no longer allow adequate time for the parties to complete expert discovery.  Federal Rule of Civil Procedure 16(b)(4) permits the Court to amend or modify pretrial schedule orders for good cause.  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Andretti v. Borla Performance Idus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (internal quotation marks and citations omitted).  As explained below, and despite the exercise of diligence in meeting the current deadlines, Defendants are faced with extraordinary circumstances and have good cause to seek an extension of the current schedule.

At the time the parties jointly proposed the current expert discovery schedule, Defendants were not aware of how many experts Plaintiffs planned to disclose or how long those experts' reports would be.  *See* Declaration of Matthew S. Mulqueen ¶ 1 (attached as **Exhibit 1**).  Defendants certainly did not expect that Plaintiffs would disclose a total of six experts across the two cases.  Those six experts' reports are voluminous, totaling over 600 pages inclusive of appendices.  *Id.* ¶ 5.  The reports contain over 2,100 footnotes with record citations and additional substantive material.  *Id.*  Defendants and their experts have worked diligently to timely review Plaintiffs' reports and to prepare responsive reports in time to meet the opposing expert deadline.  Despite this diligence, Plaintiffs' voluminous expert production has put a particular strain on Defendants' experts.  Defendants collectively and currently contemplate disclosing two responsive experts in each case.  Defendants also anticipate that the same two experts will be disclosed in each case, meaning that each expert has a double workload in preparing reports that respond to

3

both the *Fusion Elite* and *Jones* experts. *Id.* ¶ 7. One of Defendants' experts has had multiple scheduling conflicts in July and August, including their anticipated participation as a testifying witness in a bench trial next week. *Id.* ¶ 9. Defendants and their experts have worked diligently and tirelessly since Plaintiffs' disclosure deadline to complete the work necessary to produce responsive reports by August 26. *Id.* ¶ 8. Despite that diligence—and given the complex issues at stake, the large number of opening reports, the volume of material within those reports, and scheduling conflicts—more time is required to allow Defendants' experts to fully analyze and respond to Plaintiffs' expert reports. *Id.* ¶ 10; *See Ruiz v. Bueno*, No. 12-cv-0809, 2014 WL 347041, at *3 (S.D. Ohio Jan. 30, 2014) (finding that parties would be prejudiced if an extension was not granted where experts would not have sufficient time to prepare adequate disclosures).

As for expert depositions, the current schedule provides three weeks falling immediately after the rebuttal report deadline. With Plaintiffs having disclosed six experts, and Defendants anticipating disclosing at least two experts of their own in each case, the current deposition schedule does not give the parties time to adequately prepare for and take the depositions that will be necessary. There is little chance the parties will be able to successfully coordinate schedules and complete depositions of Plaintiffs' six experts, plus Defendants' experts, in a mere three weeks. The large number of law firms and lawyers that will have to be involved in the preparation for and attendance at these depositions will only increase the anticipated scheduling difficulties.

Defendants also propose modest extensions to the briefing deadlines for class certification and *Daubert* motions to accommodate the proposed extensions to the expert disclosure and deposition deadlines.

Importantly, Defendants' counsel conferred with Plaintiffs' counsel in good faith. Negotiation with the *Jones* Plaintiffs resulted in agreement on the deadlines proposed in this Motion. Defendants were unable to reach an agreement over dates with the *Fusion Elite* Plaintiffs.

4

Even so, the deadlines proposed in this Motion should apply to both the *Jones* and *Fusion Elite* cases. The Court has already recognized the importance and practicality of coordinating discovery in these matters. *See* ECF No. 93 at PageID 761; ECF No. 97 at PageID 807–04; ECF No. 89. Coordination is particularly important in this expert phase of discovery given the overlap in factual allegations addressed in Plaintiffs' expert reports and the fact that Defendants currently anticipate disclosing the same two experts in each of the cases. Most of the work in conducting expert discovery and preparing class certification briefings will overlap in the two cases, and this is especially true for conducting expert depositions. It would be inefficient, for example, for the parties to spend time and effort preparing for the depositions of Defendants' experts on two separate occasions as opposed to the currently-contemplated single window for depositions. The same is true for preparation for the depositions of Plaintiffs' experts given the overlapping content and themes across the reports in the two cases.

Defendants suggest modest extensions that serve the interests of all parties in fully and adequately completing expert discovery and that will not result in any undue prejudice. These proposed deadlines will keep the *Fusion Elite* and *Jones* cases on the same discovery track and will not extend past the current expert discovery deadlines in the related *American Spirit* case. *See American Spirit and Cheer Essentials, Inc. et al v. Varsity Brands, LLC, et al*, Case No. 2:20-cv-02782, *See* ECF No. 236.[3] Nor will these modest extensions necessarily impact summary judgment or trial, as those dates have not yet been set by the Court.[4]

---

[3] The current deadlines in *American Spirit* include initial expert disclosures on November 18, 2022; opposing expert reports on January 13, 2023; rebuttal expert reports on March 13, 2023; expert witness depositions by April 12, 2023; and motions for class certification and *Daubert* motions on May 16, 2023.
[4] The Court has set a status conference for January 18, 2023, to set the schedule for summary judgment motions, pre-trial orders, and to address other pending issues.

Specifically, Defendants propose the following amended schedule:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Opposing Expert Reports | August 26, 2022 | September 23, 2022 |
| Rebuttal Expert Reports | October 21, 2022 | December 14, 2022 |
| Expert Witness Depositions | November 11, 2022 | January 24, 2023 |
| Deadline for Motions for Class Certification and Motions to Exclude Expert Testimony | November 16, 2022 | February 10, 2023 |
| Deadline for Oppositions to Motions for Class Certification and Motions to Exclude Expert Testimony | January 11, 2023 | March 31, 2023 |
| Deadline for Replies in Support of Motions Exclude Expert Testimony | February 9, 2023 | April 28, 2023 |
| Deadline for Plaintiffs' Reply in Support of Motion for Class Certification | February 21, 2023 | May 25, 2023 |

Given the quickly-approaching responsive expert deadline of August 26, 2022, Defendants request that the Court set an expedited briefing schedule with Plaintiffs' responses to this Motion due no later than August 17, 2022. Defendants are continuing to discuss the relief sought in this motion with Plaintiffs and will advise the Court if the parties reach any agreement on the proposed amended schedule.

## **CONCLUSION**

For all of the extraordinary circumstances and good cause set out above, Defendants respectfully request that the Court issue an Order requiring expedited briefing on this Motion and setting Plaintiffs' response deadline as August 17, 2022. Defendants further request an Amended Scheduling Order adopting the dates Defendants have proposed herein.

Dated: August 11, 2022                    Respectfully submitted,

                                          s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; BSN Sports, LLC; Varsity Spirit, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit Fashions & Supplies, LLC; Varsity Intropa Tours*

s/ Nicole Berkowitz Riccio

Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL

7

& BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com
aroach@bakerdonelson.com
kglover@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc. and USA Federation for Sport Cheering, d/b/a USA Cheer*

s/ Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*
Michele Naudin
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500 Memphis, Tennessee 38119 Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com

*Attorneys for Jeff Webb*

## CERTIFICATE OF CONSULTATION

I hereby certify, pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 7.2(a)(1)(B), that between August 4th and 10th, 2022, I conferred via email and telephone with counsel for Plaintiffs (including Joseph Saveri for the *Jones* Plaintiffs and Eric Cramer for the *Fusion Elite* Plaintiffs) on behalf of all Defendants on the scheduling matters set out in this Motion.  On August 10, 2022, Joseph Saveri agreed to the proposed dates included in this motion on behalf of the *Jones* Plaintiffs.  Also on August 10, 2022, Eric Cramer stated that the *Fusion Elite* Plaintiffs opposed the amended deadlines set out in this Motion.  The parties are continuing to discuss these issues and Defendants will update the Court expeditiously if they reach any proposed agreement with the *Fusion Elite* Plaintiffs.

s/ Matthew S. Mulqueen