### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES, ET AL.<br><br>              Plaintiffs,<br>   v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>              Defendants. | **Case No. 2:20-cv-02892-SHL-tmp**<br><br><br>**BAIN CAPITAL PRIVATE EQUITY'S ANSWER TO THE CLASS ACTION COMPLAINT** |

Bain Capital Private Equity ("Bain"), as and for their answer to the Class Action Complaint, ECF No. 1 (December 10, 2020) (the "Complaint"), respectfully states as follows:

No response is required to the various headings or subheadings throughout the Complaint. To the extent that responses are required to such headings or subheadings, they are denied. To the extent a response is required, all answers to allegations in a particular paragraph of the Complaint should be construed to apply equally to the allegations contained in the footnote or subpart, if any, accompanying or comprising such paragraph of the Complaint, unless expressly stated otherwise. To the extent that any allegation is not specifically admitted, it is denied.

To the extent the allegations in the Complaint refer to (1) Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Spirit Fashions & Supplies, LLC ("Varsity"); (2) the U.S. All Star Federation ("USASF"), its employees, or any related entities or persons; or (3) Charlesbank Capital Partners, LLC ("Charlesbank"), its employees, or any related entities or persons, Bain lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and therefore denies them as specified in Federal Rule of Civil Procedure 8.1(b)(5).

In addition, the Complaint collectively refers to Varsity, USASF, Bain, and Charlesbank as "Defendants."  To the extent that the allegations in the Complaint relate to a collective group of "Defendants," unnamed defendants, or others, Bain denies the allegations to the extent they suggest that Bain engaged in any scheme, enterprise, conspiracy, or other wrongdoing.

1.      Bain denies the allegations in Paragraph 1.

2.      Bain admits that cheerleading can involve teams performing routines with a variety of elements and that cheerleading teams can be affiliated with, among other things, private gyms and schools.  Bain further admits that some cheerleading teams choose to compete with one another in competitions and that competitions typically have rules.  Bain otherwise denies the allegations asserted in Paragraph 2, in part because the term "Competitive Cheer" is vague and ambiguous.

3.      Bain denies the allegations in Paragraph 3.

4.      Bain denies the allegations in Paragraph 4.

5.      Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 5.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

6.      Bain denies the allegations in Paragraph 6.

7.      Paragraph 7 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

8.      Paragraph 8 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain does not contest personal jurisdiction over it for this action.  Bain otherwise denies the allegations asserted in this paragraph.

9.      Paragraph 9 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them. Bain does not contest venue in the United States District Court for the Western District of Tennessee.  Bain otherwise denies the allegations asserted in this paragraph.

10.     Bain denies the allegations in Paragraph 10.

11.     Paragraph 11 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them, in part because the specific "products and services" and "activities" of the various "Defendants" are not specified.

12.     Bain denies the allegations in Paragraph 12.

13.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 13 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

14.     Michelle Velotta is no longer a named Plaintiff in this action.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 14 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

15.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 15 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

16.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 16 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

17.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 17 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

18.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 18 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

19.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 19 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

20.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 20 insofar as they relate to individuals or entities other than Bain.  Bain admits that Jeff Webb was Chairman of the Board of Directors of Varsity Brands, LLC.  Bain otherwise denies the allegations asserted in this paragraph.

21.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 21 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

22.     Bain denies that it owned Varsity Brands at any time.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 22 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

23.     Paragraph 23 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

24.     Paragraph 24 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

25.     Paragraph 25 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

26.     Paragraph 26 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

27.     Paragraph 27 states legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.  Paragraph 27 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 27 for their true and correct contents.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 27 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

28.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 28 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

29.     Paragraph 29 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Injunctive Relief Class," as no class has been certified.

30.     Paragraph 30 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is

necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Nationwide Damages Class," as no class has been certified.

31.     Paragraph 31 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "State Law Damages Class," as no class has been certified.

32.     Paragraph 32 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Classes," as no class has been certified.

33.     Paragraph 33 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Classes," as no class has been certified.

34.     Paragraph 34 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Classes," as no class has been certified.

35.     Paragraph 35 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Classes," as no class has been certified.

36.     Paragraph 36 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by "the Classes," as no class has been certified.

37.     Paragraph 37 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by "the Classes," as no class has been certified.

38.     Paragraph 38 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

39.     Paragraph 39 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

40.     Paragraph 40 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

41.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 41 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

42.     Bain admits that cheerleading can involve teams performing routines with a variety of elements, and Bain admits that cheerleading can be athletically rigorous and technically challenging, requiring strength, flexibility, endurance, effort, coordination, focus and cooperative teamwork, among other skills.  Bain otherwise denies the allegations asserted in Paragraph 42.

43.     Bain admits that some cheer events are not sideline performances in support of a sporting event.  Bain otherwise denies the allegations asserted in Paragraph 43, in part because the terms employed are vague and ambiguous.

44.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 44 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

45.     Bain admits that cheerleading teams may compete with one another at competitions and that those competitions can take a number of forms.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 45 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

46.     Bain admits that competitions can last for one or more days.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 46 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

47.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 47 insofar as they relate to individuals or entities other than Bain.  Bain admits that Varsity offers cheer events.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

48.     Bain admits that cheerleading teams can be affiliated with private gyms, schools, and other organizations.  Bain otherwise denies the allegations asserted in Paragraph 48, in part because the terms employed are vague and ambiguous.

49.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 49 insofar as they relate to individuals or entities other than Bain.  Bain admits that some All Star Gyms have paid Varsity registration fees to enter All Star competitions.  Bain otherwise denies the allegations asserted in this paragraph.

50.     Bain admits that cheerleading can involve teams performing routines with a variety of elements, including tumbling, stunting, and dance, that such routines can be set to music, that cheerleading teams can compete with one another, and that cheerleading teams are open to a range of age groups.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 50 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

51.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 51 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

52.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 52 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

53.     Paragraph 53 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 53 for their

9

true and correct contents. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 53 insofar as they relate to individuals or entities other than Bain. Bain admits that cheer competitions can include cheerleading teams associated with schools and that competitions can include elements such as tumbling, stunting, pyramids, dance, chants, fight songs, and cheers. Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

54.     Bain admits that Varsity owns the brands associated with the National Cheerleaders Association and the Universal Cheerleaders Association and that Varsity operates cheerleading competitions and camps under those brands, among others. Bain otherwise denies the allegations asserted in Paragraph 54, in part because the terms employed are vague and ambiguous.

55.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 55 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

56.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 56 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

57.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 57 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

58.     Bain admits that Varsity's IMPACT program provides a number of offerings to schools, including rebranding. Bain otherwise denies the allegations asserted in Paragraph 58.

59.      Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 59 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

60.      Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 60 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

61.      Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 61.  Paragraph 61 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 61 for their true and correct contents.

62.      Bain admits that some cheerleaders and cheerleading teams attend camps.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 62 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

63.      Bain admits that Varsity offers cheerleading camps.  Bain otherwise denies the allegations asserted in Paragraph 63.

64.      Bain admits that Varsity Spirit is the largest cheerleading camp provider in the world.  Bain otherwise denies the allegations asserted in Paragraph 64.

65.      Bain admits that Varsity offers cheerleading camps under a variety of brands, including UCA, NCA, United Spirit Association, and V!ROC.  Bain otherwise denies the allegations asserted in Paragraph 65.

66.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 66 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

67.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 67 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

68.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 68 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

69.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 69 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

70.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 70 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

71.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 71 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

72.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 72 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

73.     Bain admits that Varsity offers cheer-related products.  Bain otherwise denies the allegations asserted in Paragraph 73.

74.     Bain admits that Varsity offers cheerleading camps.  Bain otherwise denies the allegations asserted in Paragraph 74.

75.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 75 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

76.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 76 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

77.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 77 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

78.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 78 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

79.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 79 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

80.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 80 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

81.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 81 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

82.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 82 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

83.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 83 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

84.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 84 insofar as they relate to individuals or entities other than Bain.

85.     Bain denies the allegations in Paragraph 85.

86.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 86 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

87.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 87 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

88.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 88 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

89.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 89 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

90.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 90 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

91.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 91 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

92.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 92 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

93.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 93 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

94.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 94 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

95.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 95 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

96.     Paragraph 96 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 96 for their true and correct contents.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in this paragraph insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

97.     Bain denies the allegations asserted in Paragraph 97.

98.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 98 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

99.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 99 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

100.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 100 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

101.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 101 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

102.    Bain denies the allegations in Paragraph 102.

103.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 103 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

104.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 104 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

105.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 105 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

106.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 106 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

107.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 107 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

108.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 108 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

109.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 109 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

110.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 110 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

111.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 111 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

112.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 112 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

113.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 113 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

114.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 114 insofar as they relate to individuals or entities other than Bain.  Paragraph 114 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 114 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

115.    Bain denies the allegations in Paragraph 115.

116.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 116 insofar as they relate to individuals or entities other than Bain.  Paragraph 116 purports to characterize the contents of written

documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 116 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

117.    Bain denies the allegations in Paragraph 117.

118.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 118 insofar as they relate to individuals or entities other than Bain. Bain admits that Jeff Webb founded the company that is now known as Varsity Spirit.  Bain otherwise denies the allegations asserted in this paragraph.

119.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 119 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

120.    Bain denies the allegations in Paragraph 120.

121.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 121 insofar as they relate to individuals or entities other than Bain.  Bain admits that Varsity offers cheer events.  Bain otherwise denies the allegations asserted in this paragraph.

122.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 122 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

123.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 123 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

124.     Bain denies the allegations in Paragraph 124.

125.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 125 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

126.     Bain denies the allegations in Paragraph 126.

127.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 127 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

128.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 128 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

129.     Bain denies the allegations in Paragraph 129.

130.     Bain denies the allegations in Paragraph 130.

131.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 131 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

132.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 132 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

133.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 133 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

134.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 134 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

135.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 135 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

136.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 136 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

137.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 137 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

138.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 138 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

139.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 139 insofar as they relate to individuals or entities other than Bain.  Paragraph 139 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 139 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

140.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 140 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

141.     Bain denies the allegations in Paragraph 141.

142.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 142 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

143.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 143 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

144.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 144 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

145.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 145 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

146.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 146 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

147.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 147 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

148.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 148 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

149.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 149 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

150.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 150 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

151.     Bain admits that Varsity's IMPACT program provides a number of offerings to schools, including rebranding.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 151 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

152.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 152 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

153.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 153 insofar as they relate to individuals or entities other than Bain.  Paragraph 153 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in

Paragraph 153 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

154.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 154 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

155.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 155 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

156.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 156 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

157.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 157 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

158.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 158 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

159.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 159 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

160.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 160 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

161.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 161 insofar as they relate to individuals or entities other than Bain.  Paragraph 161 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 161 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

162.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 162 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

163.    Paragraph 163 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

164.    Bain denies the allegations in Paragraph 164.

165.    Paragraph 165 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

166.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 166 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

167.    Bain denies the allegations in Paragraph 167.

168.    Bain denies the allegations asserted in Paragraph 168, in part because the term "close economic substitutes that could constrain their pricing" is vague and ambiguous.

169.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 169.

170.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Bain denies the allegations in the first sentence of Paragraph 170.  Bain lacks knowledge or information sufficient to form a belief as to whether the allegations in the paragraph are always true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and, on that basis, Bain denies them.

171.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Bain denies the allegations in the first sentence of Paragraph 171.  Bain lacks knowledge or information sufficient to form a belief as to whether the allegations in the paragraph are always true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and, on that basis, Bain denies them.

172.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Bain denies the allegations in the first sentence of Paragraph 172.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 172 insofar as they relate to individuals or entities other than Bain.  The remainder of the paragraph contains vague and ambiguous allegations, which Bain denies on that basis.  Bain refers to the cited document for its true and accurate contents.  Bain otherwise denies the allegations asserted in this paragraph.

173.    Paragraph 173 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

174.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Bain denies the allegations in the first sentence of Paragraph 174.  Bain lacks sufficient information to form a belief as to whether the allegations in the paragraph are always

true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and, on that basis, Bain denies them.

175.    Bain lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 175 are true.

176.    Bain denies the allegations in Paragraph 176.

177.    Bain denies the allegations in Paragraph 177.

178.    Bain denies the allegations in Paragraph 178.

179.    Bain denies the allegations in Paragraph 179.

180.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 180 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

181.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 181 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

182.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 182 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

183.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 183 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

184.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 184 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

185.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 185 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

186.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 186 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

187.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 187 insofar as they relate to individuals or entities other than Bain.  Paragraph 187 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 187 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

188.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 188 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

189.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 189 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

190.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 190 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

191.    Paragraph 191 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them, in part because the terms "primary market" and "targeted customers" are vague and ambiguous.

192.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 192 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

193.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 193 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

194.    Bain denies the allegations in Paragraph 194.

195.    Bain denies the allegations in Paragraph 195.

196.    Bain admits that businesses, including apparel manufacturers, may make capital investments in the course of business.  Bain otherwise denies the allegations asserted in Paragraph 196, which are vague and ambiguous.

197.    Bain denies the allegations in Paragraph 197, in part because the terms employed are vague and ambiguous.

198.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 198 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

199.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 199 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

200.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 200 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

201.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 201 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

202.    Paragraph 202 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms "instrumental" and "championship level" are vague and ambiguous.

203.    Bain admits that Varsity offers cheerleading camps.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 203 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

204.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 204 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the term "largest cheerleading championships" is vague and ambiguous.

205.    Paragraph 205 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain also notes that the terms "primary market," "USASF standards," "targeted customers," and "regional sense of camps" are vague and ambiguous.  Bain otherwise denies the allegations asserted in this paragraph.

206.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 206 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

207.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 207 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

208.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 208 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

209.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 209 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms "a lot of money" and "equipment" are vague and ambiguous.

210.    Bain denies the allegations in Paragraph 210.

211.    Bain admits that Varsity offers cheerleading camps.  Bain otherwise denies the allegations asserted in Paragraph 211.

212.    Bain denies the allegations in Paragraph 212.

213.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 213 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

214.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 214 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

215.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 215 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

216.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 216 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

217.     Paragraph 217 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

218.     Paragraph 218 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

219.     Bain denies the allegations in Paragraph 219.

220.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 220 insofar as they relate to individuals or entities other than Bain.  Paragraph 220 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 220 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

221.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 221 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

222.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 222 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

223.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 223 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

224.    Bain lacks knowledge or information sufficient to form a belief as to whether the allegations in the paragraph are true.  Paragraph 224 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

225.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 225 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

226.    Bain denies the allegations in Paragraph 226.

227.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 227 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

228.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 228 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

229.     Bain denies the allegations in Paragraph 229.

230.     Paragraph 230 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

231.     Bain incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

232.     Paragraph 232 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

233.     Bain denies the allegations in Paragraph 233.

234.     Paragraph 234 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

235.     Paragraph 235 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

236.     Paragraph 236 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

237.     Bain denies the allegations in Paragraph 237.

238.     Paragraph 238 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent any response is required, Bain denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations asserted in Paragraph 238.

239.     Bain incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

240.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 240 state legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.

241.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 241 states legal conclusions to which Bain need not respond. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 241 insofar as Bain relate to individuals or entities other than Bain.  Bain admits that Varsity Spirit, LLC is a Tennessee company and that Varsity Spirit, LLC and Varsity Spirit Fashions & Supplies, LLC have a principal place of business in Tennessee.  Bain otherwise denies the allegations in this paragraph.

242.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 242 state legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.

243.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 243 state legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.

244.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 244 state legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

245.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  Paragraph 245 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response to Paragraph 245 is required, Bain denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations in Paragraph 245.

246.     Bain incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

247.     Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief.  The remaining allegations in Paragraph 247 state legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

248.     Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief.  The remaining allegations in Paragraph 248 state legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

249.    Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief.  The remaining allegations in Paragraph 249 state legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

250.    Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief.  Paragraph 250 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response to Paragraph 250 is required, Bain denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations in Paragraph 250.

251.    Bain incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

252.    Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in Paragraph 252 are denied.

253.    Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The

remaining allegations in Paragraph 253 state legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.

254.    Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in Paragraph 254 state legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.

255.    Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in Paragraph 255 state legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.

256.    Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  Paragraph 256 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response to Paragraph 256 is required, Bain denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations in Paragraph 256.

257.    Bain incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

258.    Paragraph 258 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent any response is required, Bain denies that Plaintiffs or the

Class they seek to represent have any cognizable claim and otherwise denies the allegations asserted in Paragraph 258.

259.   Bain denies the allegations in Paragraph 259.

260.   Bain denies the allegations in Paragraph 260.

261.   Bain denies the allegations in Paragraph 261.

262.   Paragraph 262 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

263.   Paragraph 263 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

264.   Paragraph 264 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

265.   Paragraph 265 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

266.   Paragraph 266 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

267.   Bain incorporates by reference its answers to the preceding and succeeding paragraphs as if fully stated herein.

268.   Paragraph 268 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent any response is required, Bain denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations asserted in Paragraph 268.

## GENERAL DENIAL

269.     Bain denies all allegations contained in the Complaint (including headings and captions) not specifically admitted in this Answer.

## JURY DEMAND

Plaintiffs' jury demand is a self-operative statement to which no response is required. Bain reserves its rights as to triability of any claim or counterclaim in this case.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Insofar as the bulk of the conduct referenced in the Complaint occurred outside the applicable statute of limitations and/or statute of repose period, more than four years prior to Plaintiffs filing their action, Plaintiffs' claims for damages are barred, in whole or in part, by the statute of limitations and/or statute of repose.

2.     Insofar as the bulk of the conduct referenced in the Complaint occurred more than four years prior to Plaintiffs filing their action (or more than such other period as may be deemed relevant), Plaintiffs' claims for injunctive relief are barred, in whole or in part, by the doctrine of laches.

3.     Plaintiffs' claims may not be maintained as a class action.  In addition to not satisfying the requirements of Rule 23, under the laws of many states, claims under the state antitrust and consumer protection statutes may not be brought as a class action.  For example, Ark. Code § 4-88-113, Mont. Code Ann. § 30-14-133, and Tenn. Code Ann. § 47-18-109(g) prohibit class actions. Kan. Stat. Ann. § 50-634 prohibits private class actions for damages or civil penalties, except under limited circumstances.  Cal. Bus. & Prof. Code § 17203 places restrictions on persons who can serve as class representative and the type of relief that can be recovered.  See also Brown v. Allstate Ins. Co., 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998).  To

the extent any of Plaintiffs' state law claims may not be brought as a class action or as a class

action for damages, Plaintiffs lack standing to pursue such claims individually, lack standing to

pursue such claims on behalf of a class, and cannot state a plausible claim for relief.

4. Plaintiffs lack standing to pursue one or more of their claims.

5. Plaintiffs allege that they have been damaged by conduct known to them and

dating as far back as 2003. Yet Plaintiffs chose to continue patronizing Varsity's cheerleading

competitions, chose to continue purchasing apparel from Varsity, and otherwise failed to take

steps to avoid or lessen their alleged damages. Plaintiffs' claims are therefore barred, in whole or

in part, by their failure to mitigate damages, waiver, estoppel, and/or by the voluntary payment

doctrine.

6. Plaintiffs have failed to state a claim upon which relief can be granted, including

as stated in the motions to dismiss of the various Defendants, which were recently granted in part

by the Court. This includes, but is not limited to, failure to state a claim under the Tennessee

Trade Practices Act and failure to state a claim under the Tennessee Trade Practices Act.

7. Plaintiffs bring claims under numerous state antitrust and consumer protection

statutes. Many states require procedural requirements to be satisfied before a plaintiff may file a

lawsuit on such claim. For example, Ariz. Rev. Stat. § 44-1415, Nev. Rev. Stat. § 598A.210,

Utah Code Ann. § 76-10-3109, Cal. Bus. Prof. Code § 17209, and Or. Rev. Stat. § 646.638(2),

require notice and/or service on the state attorney general simultaneously with the filing of the

complaint. In the District of Columbia, any lawsuit must be brought in the Superior Court of the

District Court of Columbia. D.C. Code § 28-3905(k)(5). In Maine and Massachusetts, a plaintiff

must provide a defendant a written demand at least 30 days prior to the filing of an action for

damages. Me. Stat. tit. 5 § 213; Mass. Gen. Laws ch. 93A § 9. To the extent any of Plaintiffs

failed to satisfy any state procedural prerequisites before filing this action, Plaintiffs lack standing to pursue such state law claims and fail to state a claim for relief.

## RESERVATION OF RIGHTS

Bain currently has insufficient knowledge or information upon which to form a belief as to any other potential affirmative defenses that may be available to it, and expressly reserves the right to amend or supplement this Answer and affirmative defenses, as well as to assert any and all additional or alternative defenses under any applicable law or regulations, in the event that discovery indicates that such defenses are available. Assertion by Bain of any affirmative defense(s) or any other defense(s) shall not be deemed a concession that Bain bears the burden of proof with respect to any of them. Bain reserves its right to assert counterclaims as may be appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Bain denies that Plaintiffs are entitled to any relief and respectfully requests a judgment against Plaintiffs as follows:

A. That Plaintiffs take nothing by their Complaint in this action;

B. That the Court enter judgment against Plaintiffs and in favor of Bain, and that the Complaint in this action be dismissed with prejudice as to Bain;

C. That the Court award Bain any and all other relief to which it may be entitled or which the Court deems just and proper.

Dated: August 15, 2022

Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted pro hac vice

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Bain Capital Private Equity*