IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>        Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>        Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br>**JURY DEMAND** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Plaintiffs Jessica Jones and Christina Lorenzen ("Plaintiffs") respectfully submit this Memorandum of Law in support of Plaintiffs' Motion for Leave to Amend. Plaintiffs seek leave to name additional Charlesbank and Bain entities as Defendants who were not known at the time the complaint was filed.

            **I.**        **FACTUAL BACKGROUND**

Plaintiffs filed their class action complaint on December 10, 2020. ECF No. 1. Defendants USASF, Jeff Webb, Varsity[1], Charlesbank, and Bain filed motions to strike the class allegations and motions to dismiss the complaint on March 12, 2021. ECF Nos. 55–60. In their complaint, Plaintiffs named Bain Capital Private Equity, Charlesbank Capital Partners LLC, Varsity, USASF and Jeff Webb as Defendants. *See* ECF No. 1 at ¶¶ 16–22.

On August 1, 2022, the Court granted in part and denied in part the Defendants' motions to dismiss. ECF No. 333. This was the first and only set of Rule 12 motions with respect to the

---

[1] Plaintiffs refer to "Varsity" to include all of the Varsity-branded Defendants.

complaint. To date, Plaintiffs have not amended the complaint. Defendants first filed their answers on August 15, 2022. ECF Nos. 336–340.

As the Court is aware, Plaintiffs efforts to obtain discovery from Bain and Charlesbank was met with substantial delay and resistance, ultimately requiring repeated law and motion practice and court intervention.[2] On June 1, 2022, the Court ordered Charlesbank and Bain to sit for their depositions through corporate designees pursuant to Federal Rule of Civil Procedure 30(b)(6). ECF No. 325. Plaintiffs took the corporate depositions of Charlesbank and Bain on July 6 and 7, 2022.

## II.     LEGAL STANDARD

Rule 15(a)(2) provides that a party may seek leave to amend, and the district court should "freely give" leave to amend when "justice so requires." The Sixth Circuit holds that "the federal courts are obligated to freely allow amendments to pleadings," and generally may only "deny leave to amend if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Iron Workers' Loc. No. 25 Pension Funds v. Steel Enterprises, Inc.*, No. 07-CV-10882-DT, 2008 WL 4449860, at *2 (E.D. Mich. Sept. 30, 2008) (citing *Ed v. Timkin Roller Bearing*, 486 F.2d 870 (6th Cir.1973)). "[P]rejudice to

---

[2] The resistance and refusal of Bain and Charlesbank to comply timely with their discovery obligations in this case is well documented in Magistrate Judge Pham's discovery rulings. Bain and Charlesbank initially argued that no discovery was permissible until their motions to dismiss were adjudicated. *See* ECF No. 261 at 3. The Court had to repeatedly order Bain and Charlesbank to comply with discovery requests. *See* ECF No. 174; ECF No. 261 at 9 n.4 ("Defendants have repeatedly noted that they expect Bain and Charlesbank to be dismissed from the case. . . . Defendants' confidence in their ability to predict the rulings of the court is not a reason to prevent or stall discovery."); ECF No. 325 at 8 ("Defendants argue that because the court did not previously explicitly state that plaintiffs could take Rule 30(b)(6) depositions, those depositions were effectively denied. This is incorrect."); ECF No. 325 at 15 ("If defendants had followed the court's prior order and engaged in negotiations regarding the scope of the Rule 30(b)(6) depositions, those depositions could have been completed on the same day as the Rule 30(b)(1) depositions.").

the non-moving party is the touchstone for the denial of an amendment." *Ketter v. City of Newark*, No. 04-CV-00550, 2008 WL 11453690, at *1 (S.D. Ohio July 25, 2008) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

### III. THE COURT SHOULD GRANT LEAVE TO AMEND TO ADD ADDITIONAL CORPORATE AFFILIATES AS DEFENDANTS

Plaintiffs have not yet had the opportunity to amend.[3] The very first filing in this case, ECF No. 1, remains the operative complaint. Plaintiffs seek leave to amend the complaint to add as defendants ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. In particular, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ in 2014. In 2018, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. In addition, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

During the 30(b)(6) depositions of Charlesbank, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ was confirmed.

---

[3] Plaintiffs recently sought reconsideration of the Court's order granting Defendants' motions to dismiss on the Tennessee antitrust and consumer protection claims. ECF No. 335. In Plaintiffs' motion for reconsideration, Plaintiffs sought leave to amend to add factual allegations on the cheer camps and cheer competitions markets, and to address certain specific pleading requirements of state laws giving rise to Plaintiffs' claims. Should the Court find that Plaintiffs had not adequately pled facts concerning those markets, Plaintiffs would seek leave to amend on similar grounds. *See* ECF No. 335-1 at 10 ("In the alternative, if the Court declines to reconsider as to USASF, Plaintiffs ask the Court for leave to amend the complaint to add additional factual allegations describing cheer camps and cheer competitions, so as to show how they fall within the ambit of the statute.").

See Seidel Decl., Ex. A at 18:13–19:5, 20:21–21:9, 41:2–22, 54:21–58:14 [Charlesbank 30(b)(6) deposition transcript]. ███████████████████████████████████

███████████████████████████████ :

| ███ | ███████ |
|---|---|
| ████████████████ | ███ |
| ████████████████ | ███ |
| ██████████ | ███ |
| ██████████ | ███ |
| █████████████ | ███ |
| ██████████████████ | ███ |
| ████████████████████ | ███ |
| ███████████████ | ███ |

Among other things, the depositions confirmed that it was ██████████████ ██████████████████████████████ In connection with the transaction, ███████████████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████. Documents and other materials which evidence this structure were not produced in discovery until 2022. It was also confirmed that ████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████. See Seidel Decl., Ex. A at 192:8–12.

During Bain's 30(b)(6) deposition, the identities of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were confirmed. *See* Seidel Decl., Ex. B at 33:19–34:8 [Bain 30(b)(6) deposition transcript]. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮:

| ▮▮ | ▮▮ |
|---|---|
| ▮▮ | ▮▮ |
| ▮▮ | ▮▮ |
| ▮▮ | ▮▮ |
| ▮▮ | ▮▮ |
| ▮▮ | ▮▮ |
| ▮▮ | ▮▮ |
| ▮▮ | ▮▮ |
| ▮▮ | ▮▮ |
| ▮▮ | ▮▮ |

Documents and other materials which evidence this structure were not produced in discovery until 2022. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Barring the production of additional as yet undisclosed information, discovery is complete, including with respect to Charlesbank and Bain. Adding such entities at this stage of the proceedings would not cause undue prejudice to Defendants. Plaintiffs would require no

additional discovery as ███████████████████████████████████████

███████████████████████████████████████. Indeed, because the individuals who served as officers and managers █████████████████████████ ███ and they are document custodians with respect to the production of electronically stored information, Plaintiffs understand that the discovery with respect to these entities would have been included within the scope of Defendants' search for documents responsive to Plaintiffs' document requests and other discovery. Thus, just as in *Ketter v. City of Newark*, the addition of these affiliated corporate entities will "not introduce new facts or require additional discovery." 2008 WL 11453690, at *3 (S.D. Ohio July 25, 2008). Nor could Plaintiffs have added these defendants "at the outset of the lawsuit." *Id.*; *see also McClain v. Pennsylvania Dep't of Corr.*, No. 1:19-CV-1951, 2021 WL 5227677, at *4 (M.D. Pa. Sept. 10, 2021) (allowing amendment to add defendants and claims even where "some limited, additional discovery" was necessary). The information relevant to the identity and role of these entities was not known, and could not have reasonably been known, until the production of documents and depositions which was not complete until July 2022. Moreover, the amendments will allow the pleadings to conform to the evidentiary record and proof as to identities of the true owners and operators of Varsity that was not known, and could have not reasonably been known, at the time of the filing of the complaint or earlier in the proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion for leave to amend to name as defendants the additional Charlesbank and Bain entities.

Dated: August 23, 2022

Respectfully submitted,

By:     /s/ *Joseph R. Saveri*
          Joseph R. Saveri

Joseph R. Saveri\*
Steven N. Williams\*
Ronnie Seidel Spiegel\*+
Kevin E. Rayhill\*
Elissa A. Buchanan\*
David Seidel\*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
David A Goodwin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
dgoodwin@gustafsongluek.com

* Admitted pro hac vice

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*

## CERTIFICATE OF CONSULTATION

This is to certify that counsel for Plaintiffs and Defendants have consulted regarding the issues presented in this motion. The dates and manner of the consultations are as follows: On August 10, 2022, David Seidel for Plaintiffs met by phone with Matt Mulqueen, and communicated by email with Nicole Riccio and Brendan Gaffney. David Seidel also emailed Matt Mulqueen, Nicole Riccio, and Brendan Gaffney on August 19, 2022. All Defendants oppose the motion.

By: ___*/s/ Joseph R. Saveri*___
Joseph R. Saveri