## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES and CHRISTINA LORENZEN, on behalf of themselves and all others similarly situated<br><br>    Plaintiffs,<br>  v.<br><br>VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC, VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., JEFF WEBB, CHARLESBANK CAPITAL PARTNERS LLC, and BAIN CAPITAL PRIVATE EQUITY<br><br>    Defendants. | **Civ. Action No. 2:20-cv-02892-SHL** |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**

I.      **INTRODUCTION**

Plaintiffs' Motion to Reconsider Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("Motion for Reconsideration") is utterly groundless and should be denied. Plaintiffs' description of USASF's motion to dismiss briefing is inaccurate and understates the extent to which USASF raised its arguments for dismissal of Plaintiffs' claims under the Tennessee Trade Practices Act ("TTPA") and Tennessee Consumer Protection Act ("TCPA"). Plaintiffs made the strategic decision not to respond to those arguments. Plaintiffs' regret for that strategy choice, in hindsight, is not a basis for reconsideration.

Further, Plaintiffs present a misleading view of the allegations in their Complaint in an attempt to contort camp and competition services—which are inherently intangible services—into viable TTPA claims. Plaintiffs then rely on out-of-circuit case law, which has been rejected by a majority of courts, in an effort to claim the TCPA class action bar is "procedural" rather than "substantive." Plaintiffs ignore, however, that every federal court in Tennessee to have addressed the issue has found that class actions cannot be brought under the TCPA, including after *Shady Grove*. The Court's dismissal of the TTPA and TCPA claims was proper and consistent with applicable case law. Moreover, the Court's logic applied equally to Varsity[1], Bain, Charlesbank, and Webb, and the Court had authority to dismiss the claims against all Defendants on the same basis that it dismissed the claims against USASF. Plaintiffs have failed to show any clear error or manifest injustice as required for reconsideration of the Court's order. The Court should deny Plaintiffs' Motion for Reconsideration in its entirety.

II.     **LAW AND ARGUMENT**

        **A.  Standards for Motions for Reconsideration**

---

[1] "Varsity" as used herein refers collectively to Varsity Brands, LLC, Varsity Spirit, Inc., and Varsity Spirit Fashions & Supplies, LLC.

1

Motions to reconsider[2] "are disfavored and seldom granted because they contradict notions of finality and repose." *Zino v. Whirlpool Corp.*, 141 F. Supp. 3d 762, 764–65 (N.D. Ohio 2015); *In re Regions Morgan Keegan Sec., Derivative & Erisa Litig.*, 2013 WL 2319271, at *2 (W.D. Tenn. May 28, 2013) ("Motions to reconsider . . . are used sparingly and in rare circumstances." (internal quotation marks omitted)). A court may grant a motion for reconsideration under Rule 54(b) only if there is "(1) an intervening change of controlling law; (2) new evidence [is] available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citation omitted). "'A motion to reconsider under Rule 54(b), however, may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought.'" *Williams v. Ocwen Loan Servicing, LLC*, 2019 WL 7756071, at *2 (W.D. Tenn. Dec. 30, 2019) (quoting *Madden v. City of Chattanooga*, 2010 WL 670107, at *4 (E.D. Tenn. Feb. 19, 2010) (citation and internal quotation marks omitted)).

**B. USASF Adequately Raised Arguments for Dismissal of the TTPA and TCPA Claims.**

Plaintiffs' contention that USASF's arguments for dismissal were not adequately raised is incorrect.  USASF raised these specific arguments, and Plaintiffs simply decided not to respond.  Specifically, with respect to the TTPA claim, USASF devoted a full paragraph to the argument that

---

[2] Plaintiffs also cite Federal Rule of Civil Procedure 60(b) as a route to reconsideration.  However, Rule 60(b) applies to "final" orders, and is thus, not applicable here. *See* Fed. R. Civ. P. 60 (b) ("Grounds for Relief from a Final Judgment, Order, or Proceeding"); *Schilling Foods, LLC v. Citicorp Payment Services, Inc*, No. 2:18-CV-2320-MSN-DKV, 2019 WL 13153250, at *2 (W.D. Tenn. July 31, 2019) (explaining that Rule 60(b) was inapplicable because there were still claims remaining in the matter and final judgment had not been entered). Moreover, the Western District of Tennessee Local Rules specifically state that a party may move for revision of an interlocutory order only under Federal Rule of Civil Procedure 54(b). L.R. 7.3.  "Motions to reconsider interlocutory orders are not otherwise permitted." *Id.*

the TTPA applies only to tangible goods, not intangible services.  ECF No. 57-1 at 18.  USASF argued that based on the statute itself and the holding in *Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747 (Tenn. Ct. App. 2006), the TTPA claim could not apply to the alleged Cheer Competitions and Cheer Camps market, which are inherently intangible services.  *Id.*  In their response, rather than address this argument head-on, Plaintiffs merely acknowledged and acquiesced to this argument by stating "USASF does not dispute that the TTPA applies to the Cheer Apparel Market, and thus Count Two will proceed against USASF as to that market."  ECF No. 69 at 14-15.  Plaintiffs, however, made no effort to address USASF's arguments for dismissal of Count Two with respect to the Cheer Competitions and Cheer Camps markets.  Plaintiffs' claim that they "did not address why claims within the cheer competitions and cheer camps markets were not 'intangible services,' in part because the face of the complaint adequately pleads facts showing that the cheer camps and cheer competitions markets are not purely 'intangible services'" is disingenuous at best.

Further, Plaintiff's assertion that "USASF did not contend in its Reply (ECF No. 74) that Plaintiff had conceded this point" (ECF No. 335-1 at 1) is unequivocally false and a misrepresentation to the Court.  To the contrary, USASF specifically raised Plaintiffs' concession in its reply:

> Critically Plaintiffs do not respond to USASF's arguments that the Tennessee Trade Practices Act ('TTPA') cannot support a claim for the alleged Cheer Competitions and Cheer Camps markets, which involve intangible services and appear to concede that they cannot state a TTPA claim for these markets.  Thus, at the start, the Court should limit Plaintiffs' TTPA claim to the alleged Cheer Apparel market, which is the only alleged market involving tangible goods.

ECF No. 74 at 6.  If Plaintiffs disagreed with this statement and felt the need to raise it with the Court, they could have sought leave to file a sur-reply.  However, Plaintiffs' statements in their response regarding this argument and failure to file a sur-reply demonstrate unequivocally that at the time of briefing, Plaintiffs had conceded that the TTPA claim did not apply to the Cheer

Competitions and Cheer Camps market.  Now, nearly eighteen months later, Plaintiffs seek to make a different strategic choice.  That is not a proper basis for reconsideration. *See Williams*, 2019 WL 7756071, at *2 (Rule 54(b) "may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought").

Next, with respect to the TCPA claim, USASF again adequately raised its arguments for dismissal.  USASF devoted a full paragraph to Plaintiffs' state consumer protection act claims. *See* ECF No. 57-1 at 20.  With respect to Plaintiffs' Tennessee law claims, USASF argued that Plaintiffs failed to allege the commission of any act prohibited by Tenn. Code Ann.§ 47-18-104, that Plaintiffs could not bring a class action under Tenn. Code Ann. § 47-18-109(g), and even sought the imposition of fees against Plaintiffs due to the baseless nature of this claim under Tenn. Code Ann. § 47-18-109(e)(2).  *Id.* at 20 & n.3.  In other words, USASF cited three separate subsections of the TCPA.  It was clear USASF sought dismissal of Plaintiffs' TCPA claim.

Moreover, the same argument that the TCPA does not give rise to a class action was raised in Defendants' Motion to Strike.  ECF No. 56 at 16 & n.5.  Plaintiffs elected not to address this argument in either their response to USASF's Motion to Dismiss *or* in response to Defendants' Motion to Strike.  In other words, Plaintiffs had multiple opportunities to address this argument and failed to do so.  As the Court has previously held, "Because the Indirect Purchasers do not respond to this argument, the Court finds that point conceded." ECF No. 333 at 40.  Yet again, Plaintiffs' change in strategy or post-hoc regret nearly a year-and-a-half later is not a basis for reconsideration.  *See Navarro v. Procter & Gamble Co.*, No. 1:17-cv-406, 2021 WL 913103, at *2 (S.D. Ohio Mar. 10, 2021) ("[U]ndoubtedly, every party that loses on one issue or another wishes

they had said more, expressed their point differently, or marshaled more support for their position. These regrets, however, often come too late, as courts rarely grant motions for reconsideration.").

Not only should the Court deny Plaintiffs' motion, but it should also award Defendants their attorneys' fees under Tenn. Code Ann. § 47-18-109(e)(2), as requested in USASF's Motion to Dismiss.  *See* ECF No. 57-1 at 20 & n.3.  Plaintiffs—neither of which are Tennessee citizens—brought a TCPA claim that was frivolous and without legal or factual merit.  Further, they sought to bring a TCPA claim as a class action, even though the statute plainly states that that "[n]o class action lawsuit may be brought to recover damages for an unfair or deceptive act or practice declared to be unlawful by this part."  Tenn. Code Ann. § 47-18-109(g).  Then, they twice failed to respond to Defendants' arguments on this issue, both in response to USASF's Motion to Dismiss and to Defendants' Motion to Strike.  Now, Plaintiffs are further wasting Defendants' and the Court's resources by bringing this baseless Motion for Reconsideration.  *See infra* Section II.D. Plaintiffs should be "bound by the consequences of [their] strategy to pursue a TCPA claim so utterly lacking in an adequate factual [or legal] predicate" and ordered to pay Defendants' attorneys' fees incurred in defending this claim.  *See Milan Supply Chain Sols., Inc. v. Navistar, Inc.*, 627 S.W.3d 125, 161 (Tenn. 2021) (affirming award of attorneys' fees for bringing frivolous TCPA claim).

### C.  Plaintiffs' TTPA Claim Lacks Merit and Was Properly Dismissed.

Even if the Court were to consider Plaintiffs late arguments regarding their TTPA claim, it would not change the outcome.  "The law is well settled that the TTPA applies only to tangible goods, not intangible services."  *Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 751 (Tenn. Ct. App. 2006).  The Tennessee Supreme Court has recognized two purposes of the TTPA: first, "to preserve full and free competition in the ***sale of merchandise*** that 'had become a part of the mass of property

5

in the State'"; and second, "to preserve full and free competition in the ***manufacture and sale of***
***'articles of domestic growth and domestic raw material.***"   *Freeman Indus., LLC v. Eastman*
*Chemical Co.*, 172 S.W.3d 512, 517 (Tenn. 2005) (emphasis added) (quoting *Baird v. Smith*, 161
S.W. 492, 493 (Tenn. 1913)).  In other words, the focus of the TTPA is clearly the manufacture and
sale of physical, tangible merchandise and raw materials.  Tennessee courts have consistently
rejected efforts to apply the TTPA to transactions involving services.  *See Beaudreau v. Larry Hill*
*Pontiac/Oldsmobile/GMC, Inc.*, 160 S.W.3d 874, 882 (Tenn. Ct. App. 2004) (TTPA not applicable
to the arranging of vehicle financing services); *Jo Ann Forman, Inc. v. Nat'l Council on Comp.*
*Ins., Inc.*, 13 S.W.3d 365, 373 (Tenn. Ct. App. 1999) (TTPA not applicable to workers'
compensation insurance premiums); *McAdoo Contractors, Inc. v. Harris*, 439 S.W.2d 594, 597
(Tenn. 1969) (TTPA not applicable to award of a building construction contract).

Plaintiffs' allegations concerning camps and competitions reference services and not
products, and thus, Plaintiffs fail to state a claim under the TTPA. Plaintiffs point to several
paragraphs of the Complaint that they say describe products instead of services. (ECF No. 335-1
at 9 (referencing ¶¶ 47, 51, 63, 74, 184, & 213)). But these paragraphs do not describe tangible
products. Paragraph 47 merely describes the number of teams and participants at cheer
competitions; Plaintiffs cannot in good faith claim that this alleges anything more than event
producers providing the service of hosting competitions. (ECF No. 1 at ¶ 47). Paragraph 51 alleges
that All Star participants pay to compete in competitions, which includes fees for events, music
licensing, and insurance—all intangibles.  (*Id.* at ¶ 51).  Paragraph 63 mentions that cheer camps
provide a sales platform for "cheer apparel and other income streams" but this allegation is about
an incidental effect of camps, and it mentions apparel, which is an alleged market that the Court
addressed separately from camps and competitions. (*Id.* at ¶ 63).  Paragraph 74 alleges that Varsity

4867-7194-8078v3
2933399-000004 08/22/2022

organizes camps, and it is entirely unclear why the Plaintiffs assert that this Paragraph refers to tangibles. (*Id.* at ¶ 74). Paragraph 84 describes the bid process, but Plaintiffs provide no real justification as to why a bid is a product and not part of the event production service. (*Id.* at ¶ 84). Indeed, a bid to participate in another event is analogous to the award of a building construction contract found to be outside the scope of the TTPA in *McAdoo Contractors*. And finally, Paragraph 213 describes incidentals to camps such as lodging and dining, but again, it is unclear how Plaintiffs can argue that this refers to separate, tangible products instead of incidentals related to the camp service. (*Id.* at ¶ 213).

Plaintiffs make a last-ditch attempt to argue that they sufficiently alleged that camps and competitions are a combination of goods and services. But they cite no case law in support of this argument. Nor can they. Indeed, Plaintiffs' position is not so different from one that the Tennessee Court of Appeals rejected in *Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747 (Tenn. Ct. App. 2006). In *Bennett*, the trial court dismissed plaintiffs' claims under the TTPA because the plaintiffs alleged conduct involving credit card services and not products. *Id.* On appeal, the plaintiffs attempted to avoid the issue by alleging that credit card services affected products. *Id.* at 752–53. The appellate court rejected plaintiffs' attempt to avoid well-settled case law by using "an incidental effect upon products as a backdoor to state a cause of action." *Id.* at 752.

Similarly, in *Baird Tree Co. v. City of Oak Ridge*, the court rejected the Plaintiff's argument that a contract for tree-trimming was a combination of services and goods simply because the project incidentally required the purchase of herbicide. No. E200701933COAR3CV, 2008 WL 2510581, at *7 (Tenn. Ct. App. June 24, 2008). The *Baird* Court explained that the Tennessee Supreme Court established the principle that the TTPA applies to tangibles in a case regarding a construction contract. *Id.* (referencing *McAdoo Contractors, Inc. v. Harris,* 222 Tenn. 623, 439

S.W.2d 594 (1969)). The *Baird* court concluded that "[i]f a contractor having to purchase building materials to complete construction of a warehouse does not involve tangible goods, we fail to see how the service contract at issue would involve tangible goods simply because herbicide would have to be purchased in order to complete some of the requirements of the service contract." *Id.*

The bottom line is that Tennessee case law makes clear that the TTPA does not apply to service-oriented markets even where tangible products are incidentally involved. The Court properly dismissed this claim as to the Cheer Competitions and Cheer Camps markets.

### D. Plaintiffs' TCPA Claim Lacks Merit and Was Properly Dismissed.

Likewise, even considering Plaintiffs' belated arguments raised for the first time in their Motion for Reconsideration, the Court properly dismissed Plaintiffs' TCPA claim. The TCPA plainly states that that "[n]o class action lawsuit may be brought to recover damages for an unfair or deceptive act or practice declared to be unlawful by this part." Tenn. Code Ann. § 47-18-109(g). Plaintiffs point to *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), as support for the proposition that state procedural bars are not applicable in federal court. *Shady Grove*, however, dealt with a New York procedural statute, N.Y. C.P.L.R. § 901, that was largely analogous to Federal Rule of Civil Procedure 23. As Plaintiffs acknowledge, there are federal courts that have considered the issue have found that the TCPA class action bar was substantive because "the limitation here is contained in the substantive statute itself, not in a separate procedural rule." *Bearden v. Honeywell Int'l, Inc.*, 2010 WL 3239285, at *10 (M.D. Tenn. Aug. 16, 2010). As explained by the *Bearden* court, "the class-action limitation reflects a policy that the proper remedy for a violation affecting a class of consumers is prosecution by the Attorney General or by the Tennessee Department of Commerce and Insurance—not a private class action." *Id.* at *10 (quoting *Walker v. Sunrise-Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008).

The *Bearden* court described this restriction as "a part of Tennessee's framework of substantive rights and remedies." *Id.*

While Plaintiffs describe *Bearden* as "one of the few courts to hold that the TCPA class action bar was substantive," Plaintiffs fail to cite any case from a federal court located in Tennessee that supports their position. To the contrary, it appears that *every* federal court in Tennessee to have considered the issue has found that class actions cannot be brought under the TCPA. *See, e.g.*, *Ham v. Swift Transp. Co., Inc.*, 2011 WL 13350069, at *2-3 (W.D. Tenn. Oct. 12, 2011) (Donald, J.) (concluding that the Tennessee Supreme Court in *Walker* "does not permit class actions brought pursuant to the statute" and that "neither Fed. R. Civ. P. 23 nor the United States Supreme Court decision in *Shady Grove* alters the *Walker* holding"); *Faber v. CIOX Health, LLC*, 2017 WL 5957206, at *7 (W.D. Tenn. Sept. 29, 2017) ("Defendant is correct; the Tennessee Supreme Court has expressly held that the TCPA does not allow class actions under its provisions."); *Chester v. State Farm Fire and Cas. Co.*, 2008 WL 4415596, at *4 (E.D. Tenn. Sept. 24, 2008) ( "Reading *Walker* and the TCPA in their entireties, this court must conclude that the intent of Tennessee's Supreme Court and legislature was to prohibit *all* class actions under the TCPA."); *Thomas v. LG Elecs. U.S.A., Inc.*, 2007 WL 4293043, at *4 (M.D. Tenn. Dec. 6, 2007) ( "Since 1991, when the General Assembly removed the 'but not in a representative capacity' language from § 47-18-109(a)(1), every court that has interpreted § 47-18-109(a)(1) has either concluded or strongly suggested that class actions cannot be maintained under the TCPA.").

Indeed, numerous other courts have found various state class action restrictions to be "intertwined with [state] substantive rights and remedies" for purposes of the *Shady Grove* analysis and continued to apply them in federal court. *See, e.g.*, *In re Nexium (Esomeprazole) Antitrust Litig.*, 2013 WL 4832176, at *28 (D. Mass. Sept. 11, 2013) (dismissing claims under the Illinois

Antitrust Act based on class action bar); *Phillips v. Philip Morris Cos. Inc.*, 290 F.R.D. 476, 481 (N.D. Ohio 2013) (dismissing Ohio Consumer Sales Practices Act claims for failing to meet requirements in Ohio Rev. Code § 1445.09(B)); *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 415-16 (S.D.N.Y. 2011) (dismissing indirect purchaser claim under Illinois Antitrust Act based on class action bar); *In re Wellbutrin XL Antitrust Litig.*, 756 F. Supp. 2d 670, 677 (E.D. Pa. 2010) (denying motion to amend to add claims under Illinois Antitrust Act based on class action bar); *Davis v. Ace Hardware Corp.*, 2014 WL 688132, at *16-17 (D. Del. Feb. 21, 2014) (applying pre-filing limitations in Florida's Asbestos Act which were found within the Act and not a separate state procedural rule); *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198 (S.D.N.Y. 2012) (finding class actions prohibited under TCPA and granting motion to dismiss); *Fejzulai v. Sam's West, Inc.*, 205 F. Supp. 3d 723, 728-29 (D.S.C. 2016) (dismissing class claims under South Carolina Trade Practices Act); *Helpling v. Rheem Mfg. Co.*, 2016 WL 1222264, at *14 (N.D. Ga. Mar. 23, 2016) (finding after *Shady Grove* that Rule 23 does not preempt O.R.C. § 1345.09(B) and dismissing class claims).

Further, Plaintiffs' reliance on the Eleventh Circuit's decision in *Lisk v. Number One Wood Preserving, LLC* is misplaced. The *Lisk* decision "has been rejected by many courts, 'with most courts outside of that [C]ircuit implicitly or explicitly disagreeing with its interpretation of *Shady Grove* and its determination that there was "no meaningful distinction" between CPLR Section 901 and the Alabama class action bar.'" *Fullmer v. A-1 Collection Agency, LLC*, 2022 WL 1538675, at *4 (D. Utah May 16, 2022) (quoting *Delgado v. Ocwen Loan Servicing, LLC*, 2017 WL 5201079 at *1, *10 (E.D.N.Y. Nov. 9, 2017) (dismissing class claims under Alabama's Deceptive Trade Practices Law, Georgia's Fair Business Practices Act, and Tennessee's Consumer Protection Act)). As the U.S. District Court for the District of Utah put it succinctly: "*Lisk* is not

persuasive." *Fullmer*, 2022 1538675, at *4 (finding that "UCSPA subsections (2) and (4)(a) are clearly distinguishable from the Alabama statute, which was a bar on *all* private individual class actions, placing it in direct conflict with Rule 23"); *see also Chapman v. Priceline Grp., Inc.*, 2017 WL 4366716, at *7 (D. Conn. Sept. 30, 2017) (finding *Lisk* unpersuasive and granting motion to strike class allegations based on CUTPA's class requirements); *Fejzulai*, 205 F. Supp. 3d at 729 (finding *Lisk* unpersuasive and not binding).

The TCPA's class action bar is found in the substantive statute itself.  It does not bar *all* class actions, but rather only those brought under the TCPA.  Plaintiffs have not cited to any federal court in Tennessee or the Sixth Circuit that has declined to apply the TCPA's class action bar.  To the contrary, every Tennessee federal court that has considered this argument has rejected it.  The Court properly dismissed Plaintiffs' TCPA claim in the first instance.  In any event, Plaintiffs' arguments fall far short of the standard for reconsideration under Rule 54(b).

### E.  The Court's Findings as to USASF Apply Equally to All Defendants.

Plaintiffs complain that the other Defendants did not raise the arguments that the Court found meritorious in granting in part Defendants' Motions to Dismiss.  As a threshold matter, this is not entirely accurate.  Webb raised the TTPA arguments independently in his briefing.  *See* ECF No. 58-1 at 12-13 (citing the language of the TTPA requiring that the transaction involve "the manufacture or sale of articles"); ECF No. 75 at 6 (arguing that the TTPA "does not apply to intangible services such as 'cheer competition and camps'"). Further, as Plaintiffs acknowledge Varsity adopted by reference the arguments made by USASF on the state law claims, which include the TTPA and TCPA claims.  *See* ECF No. 73 at 10.  And Bain and Charlesbank adopted by referenced the arguments made by Varsity.  *See* ECF No. 60-1 at 1 n.2.

Moreover, as Plaintiffs also acknowledge, all Defendants raised the class action bar in the TCPA in the Motion to Strike.  *See* ECF No. 56 at 16 & n.5.  Plaintiffs' claim that they responded

4867-7194-8078v3
2933399-000004 08/22/2022

to this argument by citing *Shady Grove* is yet another sleight of hand in a brief fraught with misrepresentations.  Plaintiffs' sole reference to *Shady Grove* is on page 3 of their Response to the Motion to Strike, in the general "Relevant Facts" section, as support for the proposition that "Federal Rule of Civil Procedure 23 governs with respect to class certification of claims under state law."  *See* ECF No. 70 at 3.  Plaintiffs do not provide any argument—or even a parenthetical— which would indicate that this is intended to respond to Defendants' arguments with respect to the TCPA class action bar.  To the contrary, it is clear from Plaintiffs' Response to the Motion to Strike that Plaintiffs conceded the applicability of the TCPA class action bar here as well, this time in response to arguments by all Defendants.

Even setting aside whether the TTPA and TCPA arguments were raised by Varsity, Webb, Bain, and Charlesbank during the motion to dismiss briefing, the Court had authority to dismiss these claims as to all Defendants.  "A district court may dismiss a complaint with respect to a non-moving defendant *sua sponte* where the issues are substantially the same as those deemed to warrant dismissal and the plaintiff was given notice of the grounds for dismissal and an opportunity to be heard." *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, 2021 WL 2021436, at *4 (M.D. Tenn. May 20, 2021) (collecting cases); *see also Miles v. United States*, 2015 WL 8539042, at *3 (S.D. Ohio Dec. 11, 2015) (for the same reasons the court granted the other defendants' motions to dismiss, it *sua sponte* dismissed the claims against the remaining defendant); *Keene v. Rossi*, 2016 WL 552724, at *1 n.1 (E.D. Mich. Feb. 12, 2016) (arguments advanced in co-defendants' motions to dismiss applied equally to nonmoving defendant and warranted dismissal of claims against him); *Saint Torrance v. Equifax, Inc.*, 2008 WL 11453686, at *2 (S.D. Ohio May 30, 2008) (adopting report and recommendation to dismiss complaint against one defendant and, *sua sponte*, dismiss other three defendants on the same basis).  The Sixth

12

Circuit has endorsed this approach, acknowledging that "[l]ogically," if a plaintiff has failed to state a claim "regarding the moving parties, they have also failed to state a claim against the nonmoving parties." *Melton v. Blankenship*, 2009 WL 87472 (6th Cir. Jan. 13, 2009). The fact that a defendant did not raise an argument in its own motion to dismiss "does not cure the defects in the plaintiffs' complaint that prevented it from surviving a motion to dismiss." *Id.*

The fatal legal defects in Plaintiffs' TTPA and TCPA claims apply equally to all Defendants. USASF raised these arguments in its Motion to Dismiss, and despite an opportunity to respond, Plaintiffs failed to do so and conceded these arguments. As to the TCPA claim, Plaintiffs missed a *second* opportunity to respond to the arguments involving the class action bar in response to Defendants' Motion to Strike. The Court was well within its authority to find that the TTPA and TCPA claims against all Defendants should be dismissed on the same basis as the claims against USASF.

Even more, as discussed above, Plaintiffs cannot state a claim under the TTPA in the Cheer Competitions and Cheer Camps markets as a matter of law. Plaintiffs also cannot bring a class action under the TCPA as a matter of law. There is no reason to require the other Defendants to defend against these claims until they inevitably succeed on a motion for judgment on the pleadings or motion for summary judgment. *See Lexicon, Inc. v. Safeco Ins. Co. of Amer.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006) (judicial economy requires the court to address arguments before it, rather than forcing parties to raise those arguments later). The Court should reject Plaintiffs' Motion for Reconsideration.

### F.  Plaintiffs Should Not Be Permitted Leave to Amend.

Plaintiffs' Motion for Reconsideration, although not styled as a motion for leave to amend, makes multiple references to the possibility of amending the Complaint. *See, e.g.*, ECF No. 335-1 at 9, 10, and 14 n.9. It is well-established in the Sixth Circuit that "[a] request for leave to amend

'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend." *La. Sch. Employees' Retirement Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)); *Smith v. CommonSpirit Health*, 37 F.4th 1160, 1170 (6th Cir. 2022). Thus, Plaintiffs' request is not even procedurally proper.

Moreover, the deadline to amend pleadings was November 19, 2021, more than nine months ago.  At no time in opposing Defendants' Motions to Dismiss did Plaintiffs request the opportunity to amend.  Plaintiffs' request is too late and would be highly prejudicial to Defendants at this late juncture.  The parties have completed fact discovery, and expert discovery is well underway.  If Plaintiffs were permitted to amend their Complaint now to change the scope of the relevant markets—which would also presumably impact Plaintiffs' damages theories—it would be overwhelmingly prejudicial to Defendants, which have expended substantial time and financial resources in this litigation already.  Plaintiffs' request for leave to amend should be denied.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Reconsideration and reject Plaintiffs' request for leave to amend.  Further, Defendants should be awarded its attorneys' fees and costs in defending against Plaintiffs' Tennessee cheerleading competition and camp claims and Plaintiffs' Motion for Reconsideration.  Tenn. Code Ann. § 47-18-109(e)(2).


Dated: August 26, 2022                         Respectfully submitted,

                                               s/ Nicole Berkowitz Riccio
                                               _____

                                               Grady Garrison (TN #008097)
                                               Nicole Berkowitz Riccio (TN #35046)
                                               James Andrew Roach (TN #37934)

Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com
aroach@bakerdonelson.com
kglover@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103

15

Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC; Charlesbank Capital Partners, LLC; Bain Private Equity*

s/ Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*
Kiprian E. Mendrygal*
Jennifer McCoy*
Katherine Wright
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com
kmendrygal@lockelord.com
jennifer.mccoy@lockeord.com
katie.wright@lockelord.com

* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
S. Keenan Carter (TN # 023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.carter@butlersnow.com

*Attorneys for Jeff Webb*

4867-7194-8078v3
2933399-000004 08/22/2022