# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | **JURY DEMAND** |

### REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO RECONSIDER

Plaintiffs' Motion for Reconsideration ("Motion") sought reconsideration on a very narrow issue: whether Plaintiffs had "conceded" two specific arguments under the TTPA and the TCPA. Plaintiffs argued that the Court erred in holding that Plaintiffs had conceded the two arguments on the grounds that (1) Varsity and Webb never raised these arguments, and therefore, at minimum, the claims should not be dismissed as to Varsity or Webb; and (2) USASF did not adequately raise them to warrant concession. Were Defendants to properly raise those issues to be heard on the merits, Plaintiffs would respond in due course at that time.

Defendants' Opposition to Plaintiffs' Motion ("Opposition") recites Defendants' usual hyperbole throughout, accusing Plaintiffs of being "disingenuous," "misleading," and engaging in "sleight of hand in a brief fraught with misrepresentations." But Defendants do little to rebut Plaintiffs' showing that Plaintiffs did not concede the arguments. With respect to Varsity and Webb, Defendants' Opposition fails to rebut that Varsity and Webb never raised the arguments at issue. Varsity and Webb cannot point to any place in their moving papers where the arguments were made. With respect to USASF, Defendants' Opposition does little to rebut Plaintiffs' argument that USASF did not adequately raise the arguments to warrant concession as to USASF either.

Moreover, Defendants' invitation to the Court to address these important issues on the merits for the first time on a motion for reconsideration is improper. Indeed, it only supports Plaintiffs' Motion because Defendants' Opposition is almost entirely comprised of substantive arguments under the TTPA and TCPA that Defendants *never raised in their motions to dismiss*.

1. **Defendants Admit that Varsity and Webb Never Raised the Arguments**

Plaintiffs' primary argument was that Varsity and Webb did not move to dismiss Plaintiffs claims under the TTPA or the TCPA on the grounds that the Court deemed Plaintiffs

had "conceded," and, therefore, Plaintiffs did not concede them. *See* ECF No. 335-1 at 5–8. Defendants' only response is contained in two paragraphs of its fourteen-page Opposition. ECF No. 345 at 11–12. These two paragraphs do nothing to rebut Plaintiffs' primary argument. First, in a half-hearted concession, Defendants state that Plaintiffs' argument is not "entirely" accurate, because "Webb raised the TTPA arguments independently in his briefing." ECF No. 345 at 11. But significantly, Defendants' citations prove that in fact Webb did not raise the arguments. In the first citation, Defendants cite to the portion of Webb's motion to dismiss that quoted the TTPA. In that section, however, Webb cites to the TTPA for entirely different purposes and does not raise Defendants' "intangibility" argument. ECF No. 58-1 at 12–13. The second is once again to Webb's *reply brief*. ECF No. 75 at 6. Plaintiffs made the point in their Motion for Reconsideration that the only time Webb himself raised the argument was for the first time in his reply. *See* ECF No. 335-1 at 6–7. Defendants' Opposition confirms it. Plaintiffs have cited numerous cases for the hornbook principle that arguments raised for the first time in reply are not proper and must be disregarded. *Id*. Defendants do not—and cannot—dispute Plaintiffs argument that Webb's reply brief contention cannot lead to the conclusion that Plaintiffs had conceded the argument in their prior opposition brief.

Next, once again citing to a subsequent reply brief, Defendants argue that "Plaintiffs acknowledge Varsity adopted by reference the arguments made by USASF on the state law claims, which include the TTPA and TCPA claims." ECF No. 345 at 11. Not so. As Plaintiffs pointed out in its Motion, Varsity's only effort to adopt USASF's arguments was in Varsity's *reply brief*, ECF No. 73 at 10, filed concurrently with USASF's reply brief. *See* ECF No. 335-1 at 7. Varsity failed to raise the issue in its moving papers. Therefore, there was no concession as to Varsity.

Third, with respect to the class action bar found in the TCPA, Defendants now admit that Varsity and Webb did not raise the TCPA class action bar except in their separate Motion to Strike, and there only in a footnote. ECF No. 345 at 11. Plaintiffs' Opposition to the Motion to Strike specifically stated that under the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), federal procedure for class actions as set forth in Rule 23 governs in federal court. ECF No. 70 at 3. Defendants then argue that Plaintiffs' Motion employs "sleight of hand," and "misrepresentation," because, according to Defendants, Plaintiffs' opposition does not count because it was set forth in the "Relevant Facts" section. ECF No. 345 at 12. Defendants therefore agree that Plaintiffs opposed the class action bar in the Motion to Strike, but argue it was not properly placed. Given Defendants' own wholesale efforts to bootstrap arguments made in other parties' replies through "adoption" rather than as duly noticed Rule 12(b)(6) motions, this argument is particularly weak. Further, Defendants ignore that even in Defendants' Motion to Strike, a motion that is not at issue here, Defendants themselves only raised the TCPA class action bar in a footnote and did not provide any argument or explanation as to why Tennessee's procedural statute would supplant Federal Rule of Civil Procedure 23, in contravention of *Shady Grove*.

In short, Defendants do not rebut that Varsity and Webb never raised the two specific arguments that the Court held Plaintiffs had conceded by failing to respond.

2. **USASF Did Not Adequately Raise the Issues to Warrant Concession**

Defendants do not contest the factual assertions underpinning Plaintiffs' argument that even USASF did not adequately raise the arguments and Plaintiffs did not concede them. With respect to the TTPA claim, Defendants do not contest the following: (1) USASF did not provide any support or argument for its single conclusory statement that cheer camps and competitions

"are intangible services;" and (2) this is a factual contention that is governed by Plaintiffs' well-pleaded allegations to the contrary. *See* ECF No. 335-1 at 9. With respect to the TCPA claim, Plaintiffs showed that USASF's only reference to the TCPA class action bar in its moving papers is a single sentence stating that "Plaintiffs cannot even bring a class action under some of the cited state laws," and citing the TCPA as an example. Defendants do not contest this. Likewise, as Plaintiffs also showed, USASF did not argue that Plaintiffs conceded the TCPA point, despite arguing concession as to numerous other state consumer protection claims. *See* ECF No. 335-1 at 7 n.6. Defendants do not contest this either.

### 3. Sixth Circuit Case Law Holds That the TCPA Class Action Bar Is Not Applicable

Defendants state that "Plaintiffs have not cited to any federal court in . . . the Sixth Circuit that has declined to apply the TCPA's class action bar." ECF No. 345 at 11. That is inaccurate. Plaintiffs' Motion cited two district court cases from the Sixth Circuit that held that the TCPA class action bar was procedural, not substantive, and therefore not applicable in federal court under *Shady Grove*. *See* ECF No. 335-1 at 16 ("Numerous district courts in the Sixth Circuit have held that the class action bar found in the Tennessee consumer protection statute is procedural and therefore is no bar to class actions governed by Rule 23 in federal court. *See Reynolds v. FCA US LLC*, 546 F. Supp. 3d 635, 657 (E.D. Mich. 2021) (allowing class action under TCPA to proceed); *Francis v. Gen. Motors, LLC*, 504 F. Supp. 3d 659, 689 (E.D. Mich. 2020) (same)").

### 4. The New Substantive Issues Raised By Defendants Should Not Be Addressed In This Motion for Reconsideration

Ignoring the basic point that Defendants did not move to dismiss on these issues, Defendants now take the opportunity to raise a host of arguments that have never been made until now. This further highlights the fact that these arguments were never raised before, and the

prior moving papers are devoid of them. This is the whole point of Plaintiffs' Motion. That Defendants' Opposition is packed full of new substantive arguments that Defendants never raised in their Motions to Dismiss supports Plaintiffs' Motion. Presenting new unfamiliar arguments in opposition to the motion for reconsideration shows that Plaintiffs have not had a fair opportunity to brief the issues during the motion to dismiss stage because Varsity and Webb never raised the arguments in their motion, and USASF did not adequately do so.[1]

Plaintiffs' Motion merely asked the Court to find that Plaintiffs did not concede arguments that were never raised. Plaintiffs' Motion outlined why Plaintiffs are correct on the merits *if and when* the Defendants properly raise the issues. Plaintiffs' Motion was not meant to exhaust Plaintiff's substantive arguments and was not an invitation to rule on the merits. Plaintiffs' Motion sought relief from the narrow point that the arguments had not been properly raised in the prior motion practice. Indeed, if the Court were to grant Plaintiffs' Motion, Defendants would remain free to make the substantive arguments under Rule 56, if they desire, and if so, Plaintiffs would have the opportunity to respond in due course.

Thus, the Court should decline Defendants' invitation to use the Motion for Reconsideration as the procedural vehicle to address important issues in this case.[2] Defendants must properly raise the issues, such that Plaintiffs may properly respond. Only upon a procedurally proper motion that allows Plaintiffs to properly respond may the Court rule on these important issues. That is why Plaintiffs' Motion for Reconsideration should be granted.

---

[1] Even if the Court finds that Plaintiffs conceded the claims as to USASF, the concession cannot apply to Varsity or Webb who never raised the issues.

[2] Defendants' request for attorney fees should also be rejected. Plaintiffs' claims are not "frivolous and without legal or factual merit." ECF No. 345 at 5. Moreover, this Motion for Reconsideration is not "baseless." *Id.* Varsity and Webb never raised the arguments, and USASF failed to adequately raise them.

Dated: September 1, 2022

Respectfully submitted,

By:    */s/ Joseph R. Saveri*
       Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
David A Goodwin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
dgoodwin@gustafsongluek.com

* Admitted pro hac vice

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*