UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES, ET AL.<br><br>             Plaintiffs,<br>     v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>             Defendants. | Case No. 2:20-cv-02892-SHL-tmp |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
COMPLAINT**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

    I.    PLAINTIFFS' REQUEST FOR LEAVE TO AMEND IS UNTIMELY UNDER THE COURT'S SCHEDULING ORDER ............................................................................ 2

    II.    PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENT WOULD BE FUTILE........................................................................ 5

        A.   Ownership Does Not Provide a Basis for Liability ................................................. 6

CONCLUSION................................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Corrigan v. U.S. Steel Corp.*,

    478 F.3d 718 (6th Cir. 2007) ...............................................................7

*Doe v. Mich. State Univ.*,

    989 F.3d 418 (6th Cir. 2021) ...........................................................2, 5

*Interstate Packaging Co. v. Century Indem. Co.*,

    291 F.R.D. 139 (M.D. Tenn. 2013) ......................................................5

*Iron Workers' Loc. No. 25 Pension Funds v. Steel Enters., Inc.*,

    No. 07-CV-10882-DT, 2008 WL 4449860 (E.D. Mich. Sept. 30, 2008) ...............................8

*Ketter v. City of Newark*,

    No. 04-CV-00550, 2008 WL 11453690 (S.D. Ohio July 25, 2008) ......................................8

*Kuyat v. BioMimetic Therapeutics, Inc.*,

    747 F.3d 435 (6th Cir. 2014) ...........................................................5-6

*Leary v. Daeschner*,

    349 F.3d 888 (6th Cir. 2003) .............................................................2

*McClain v. Pa. Dep't of Corr.*,

    No. 1:19-CV-1951, 2021 WL 5227677 (M.D. Pa. Sept. 10, 2021) ......................................8

*Ross v. Am. Red Cross*,

    567 F. App'x 296 (6th Cir. 2014) .......................................................4

*U.S. ex rel. Martin Marietta Materials, Inc. v. Nelson, Inc.*,

    286 F.R.D. 327 (W.D. Tenn. 2012) ......................................................2

**Other Authorities**

Fed. R. Civ. P. 16 ..............................................................................2-3

W.D. Tenn., *Electronic Case Filing Attorney User Manual* I.B. 7 (2014) ...................................6

## INTRODUCTION[1]

Plaintiffs' motion to add seventeen new parties as defendants, which was brought more than nine months after the Court-ordered deadline for motions to amend pleadings, should be denied.

The timing of Plaintiffs' request aside, Plaintiffs provide no substantive basis for adding these seventeen entities as defendants. They do not provide a proposed amended complaint at all. In their brief, Plaintiffs identify the proposed seventeen new defendants as certain investment funds advised by Defendant Charlesbank Capital Partners ("Charlesbank") that invested in Varsity Brands in 2014 (the "2014 Investors"), along with certain investment funds advised by Defendant Bain Capital Private Equity ("Bain") and other funds advised by Charlesbank that invested in Varsity Brands in 2018 (the "2018 Investors").[2] None of the Investors were ever owned by Bain or Charlesbank. They are (or were) owned by a myriad of parties.

In addition to being untimely, Plaintiffs' motion should be denied as futile. In deciding Bain and Charlesbank's Motions to Dismiss, the Court held that alleging that one entity owned another is not sufficient to state a claim against the owner on the basis of the owned-entity's actions. Rather, direct and active participation of the owner in the complained-of conduct is

---

[1] All Defendants join in this response.

[2] The 2014 Investors are Charlesbank Equity Fund VIII, Limited Partnership; Charlesbank Equity Fund VII, Limited Partnership; CB Offshore Equity Fund VIII, L.P.; CB Offshore Equity Fund VII, L.P.; CB Parallel Fund VII, Limited Partnership; Charlesbank Equity Coinvestment Fund VIII, Limited Partnership; Charlesbank Equity Coinvestment Fund VII, Limited Partnership; and CB Associates Fund VIII, Limited Partnership. The 2018 Investors are Bain Capital Fund XII, L.P.; Charlesbank Equity Fund IX, Limited Partnership; BCIP Associates V, LP; Bain Capital Fund (Lux) XII, SCSp; Bain Capital Fund (DE) XII, L.P.; CB Offshore Equity Fund IX, Limited Partnership; Charlesbank Executives Fund IX, Limited Partnership; BCIP Associates V-B, LP; and Charlesbank Associates Fund IX, Limited Partnership. The 2014 Investors and 2018 Investors are collectively referred to herein as "the Investors."

required.  Here, Plaintiffs offer no allegations of participation by the Investors in the cheerleading-related activity that Plaintiffs have brought into issue in this lawsuit.

## ARGUMENT

Where, as here, a party seeks to file an amended complaint after the time for doing so in the relevant scheduling order has passed, the movant must satisfy the good cause requirements of Rule 16 to modify the scheduling order *and* satisfy the Rule 15 requirements to amend a pleading.  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).")  Even where the Rule 16 requirements are satisfied, a motion to amend should not be granted where, as here, the proposed amendment would be futile, which is to say it would not state a claim under the standards for a motion to dismiss.  *See, e.g., Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) (holding that denial of motion to amend under Rule 15 was proper because amendment "would not withstand a motion to dismiss for failure to state a claim" and thus would be futile).

## I.   PLAINTIFFS' REQUEST FOR LEAVE TO AMEND IS UNTIMELY UNDER THE COURT'S SCHEDULING ORDER

In its April 7, 2021, Scheduling Order (ECF No. 61), this Court ordered that any motions to amend the pleadings be filed by November 19, 2021.  Plaintiffs have not sought leave from this order under Rule 16 or even acknowledged its existence.  *See also U.S. ex rel. Martin Marietta Materials, Inc. v. Nelson, Inc.*, 286 F.R.D. 327, 330 n.1 (W.D. Tenn. 2012) (denying leave to amend where the motion "relie[d] solely on Rule 15's liberal standard for amendments and d[id] not address the Rule 16 standard" and "the court [was] forced to rely on scant information otherwise before the court to determine the excusability of [movant's] failure to

amend before the expiration of the Rule 16(b) deadline"). Nor have Plaintiffs provided good cause for such a modification, both of which are requirements under Rule 16. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Plaintiffs seek to excuse their delay in filing their motion through incorrect and misleading statements about the course of discovery in this case—suggesting that Bain and Charlesbank improperly "resist[ed] and refuse[d]" to participate in discovery. (Pls.' Br. at 2 n.2.)[3] That is entirely false. In fact, as Judge Pham's repeated rulings denying large portions of Plaintiffs' motions to compel demonstrates, Plaintiffs unreasonably demanded far more discovery from Bain and Charlesbank than was justified.[4] For example:

- Plaintiffs demanded that the time period for production of documents span from 2008 to the present for both Charlesbank and Bain; Judge Pham denied production prior to 2015 for Charlesbank and 2017 for Bain and set a forward cutoff of June 30, 2020. (ECF No. 174 at 25.) In other words, Judge Pham denied nearly 60% of the period as to Charlesbank and nearly 75% as to Bain.

- Plaintiffs demanded that Bain and Charlesbank search and produce text messages, which Judge Pham denied. (*Id.* at 8.)

- Plaintiffs demanded production of documents from seventeen custodians, including one of Bain's in-house counsel, and refused every effort by Bain and Charlesbank to settle on a more reasonable number and exclude their in-house counsel. Judge Pham denied Plaintiffs' demand as to five, including denying the demand for documents from Bain's in-house counsel. (*Id.* at 24-25.)

- Plaintiffs demanded depositions of twenty Bain and Charlesbank employees and former employees; Judge Pham permitted ten (ECF No. 261), which is exactly what Bain and Charlesbank had proposed in negotiations. (Kaiser Decl. ¶ 2.)

- Plaintiffs originally demanded 30(b)(6) testimony from Bain and Charlesbank on thirty-two topics (ECF No. 325 at 7; ECF No. 304-6 at 10-14, 26-30), only to belatedly reduce the demand the night before the final Bain deposition (and after all of the Charlesbank depositions had been concluded) to four topics (*see* ECF No. 304-4), which expanded to five when they filed their motion to compel.

---

[3] All references to Plaintiff's Brief in this Opposition are to the unredacted version filed under seal at ECF No. 344, unless noted otherwise.

[4] Plaintiffs did not appeal any of these orders and, as noted, disclaim any need for further discovery.

(ECF No. 325 at 7-8.)  Of those five topics, Judge Pham rejected one, allowed three, and allowed a limited version of the other.  (ECF No. 325.)  In other words, Judge Pham ultimately accepted only three of the original thirty-two topics in full and one in part.  More than 90% of the topics were either dropped or rejected.

- Plaintiffs moved to compel the production of all of the documents that Bain and Charlesbank had withheld as privileged; Judge Pham denied that motion in its entirety.  (ECF No. 326.)

Plaintiffs likewise did not bring any motion to compel until September 18, 2021, even though they had Bain's and Charlesbank's responses to their discovery requests on April 26, 2021, nearly five months earlier.  Ultimately, it was Plaintiffs' unreasonable positions and dilatory follow-up that led to the timing of discovery of Bain and Charlesbank.  And, at no time did Plaintiffs even suggest, must less request, a change to the Court-ordered deadline for seeking leave to amend, to which deadline they had likewise agreed.

But this is all beside the point—Plaintiffs' excuse for their long delay in seeking leave to amend is that they only "confirmed" through discovery in 2022 that the seventeen defendants they now seek to add as defendants invested in Varsity Brands.  The choice of the word "confirmed," as opposed to "learned," is telling.  In fact, the 2018 Investors were listed in a document that was produced in June 2021.  (Kaiser Decl. ¶ 3.)  Likewise, the 2014 Investors were listed in a document that was produced in October 2021.  (Kaiser Decl. ¶ 3.)  Thus, Plaintiffs knew the identity of these investors well before the deadline for seeking leave to amend their complaint.  Their *post hoc* rationalization notwithstanding, Plaintiffs easily could have, and, per the scheduling order, should have, sought the leave to amend they now seek by the November 19, 2021, deadline.  *See Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) ("A plaintiff does not establish 'good cause' to modify a case schedule to extend the deadline to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the

deadline."); *Interstate Packaging Co. v. Century Indem. Co.*, 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (finding that the plaintiff had not demonstrated good cause because "Plaintiff has not argued that it *could not* through reasonable diligence have previously raised its theory, but merely discusses *why it did not*") (emphasis in original).

Granting the motion would prejudice the nonmoving parties. Although Plaintiffs commit that no further discovery will be required (Pls.' Br at 5-6), discovery costs are not the only cognizable prejudice. The seventeen Investors who would be added as new defendants would be prejudiced by being added to the case years after it began and even more years after their respective investments in Varsity Brands. Another round of Rule 12 motions practice can be anticipated as well as the need to extend the schedule. The existing Defendants would be prejudiced by having extraneous parties thrust into the case, which ultimately seems contrived to distract the fact-finder from the actual antitrust issues in the case, which are many steps removed from the 2014 Investors and the 2018 Investors. The mere fact that the existing Defendants have to respond to this motion is itself prejudicial, particularly as they are in the midst of working with their experts ahead of the September 23 deadline for the production of expert reports. There would be further prejudice from having to respond to the amended complaint. Thus, although there would be no new discovery, there would be prejudice.

## II.    PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENT WOULD BE FUTILE

No motion to amend should be granted if the amendment would, as here, be futile. As discussed above, in determining whether an amendment would be futile, the proposed amendment is evaluated under the same standards applicable to a motion to dismiss for failure to state a claim. *Doe*, 989 F.3d at 427. Here, Plaintiffs inexplicably do not provide the amended complaint that they propose to file. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435,

5

444 (6th Cir. 2014) ("Normally, a party seeking an amendment should attach a copy of the amended complaint."); W.D. Tenn., *Electronic Case Filing Attorney User Manual* I.B.7 (2014) ("If the document you wish to file requires leave of court, such as an amended complaint filed after a responsive pleading or a document filed out of time, you should . . . simultaneously email your proposed amended document to the presiding judge's chambers email address."). If the Court is inclined to treat Plaintiffs' brief as a stand-in for the allegations they would put into an amended complaint, it should deny Plaintiffs' motion. *Kuyat*, 747 F.3d at 444 (upholding denial of motion for leave to amend "[b]oth because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint").[5]

## A.    Ownership Does Not Provide a Basis for Liability

Based on their brief, Plaintiffs ask for leave to amend to add the seventeen 2014 Investors and 2018 Investors as new defendants on the basis that they were investors in Varsity Brands, the indirect parent of Varsity Spirit, which is the division of Varsity Brands that Plaintiffs actually accuse of wrongdoing. (*See* Pls.' Br. at 3 ("Plaintiffs seek leave to amend the complaint to add as defendants the specific Charlesbank and Bain entities that acquired and maintained ownership interests in Varsity during the period of time relevant to Plaintiffs' claims.")) Although Plaintiffs describe these funds as "affiliates" of Bain and Charlesbank, to the extent Plaintiffs mean by the use of that term to imply they are under common ownership as Bain and Charlesbank, they are incorrect. Rather, as discussed above, each of the Investors is an investment fund that is advised by either Bain or Charlesbank. These investment funds made investments in Varsity Brands.

---

[5] In a footnote, Plaintiffs also refer to the off-hand request to amend to add additional factual allegations describing cheer camps and cheer competitions contained within Plaintiffs' motion for reconsideration. (Pls.' Br. at 3 n.3 (referring to ECF No. 335-1).) Defendants have already addressed this request in their Response to Plaintiffs' Motion for Reconsideration. (*See* ECF No. 345 at 13-14.) In any event, the instant motion for leave to amend does not appear to propose any amendments to the cheer camps and cheer competitions markets.

Such an investment—whether majority or minority—is not sufficient to make the investor liable for the acts of the entity. Indeed, as this Court has held, even "a parent cooperation is … generally not liable for the acts of its subsidiaries." (*American Spirit* ECF No. 141 at 11, citing *United States v. Bestfoods*, 524 U.S. 51 (1998); *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724-26 (6th Cir. 2007).) Likewise, a "seat on the Board of Directors" is not enough to confer liability for the entity's actions. (ECF No. 332 at 12.)

These prior holdings of the Court vitiate any possible claim against the Investors based on the actions of Varsity, making any proposed amendment to add them as defendants futile. Certainly, if a parent corporation is not generally liable for the acts of its subsidiary, investors in that corporation are not liable. Likewise, receiving "dividends in proportion to th[eir] ownership interests" (*Id.* at 4), another of Plaintiffs' assertions,[6] provides no basis for liability.

Plaintiffs likewise provide no allegations implicating any of these funds, much less all of them, in anything relevant to the litigation. At most Plaintiffs assert that "[b]y operation of certain agreements between or among the Charlesbank affiliated entities, Charlesbank acquired a majority interest in Varsity and, through Charlesbank principals or designees, acquired and exercised control and management authority with respect to Varsity." (Pls.' Br. at 4.) Plaintiffs make an identical allegation about Bain, substituting Bain for Charlesbank. (*See id.* at 3, 4.) But these are allegations about Charlesbank and Bain putting themselves in a position vis-à-vis Varsity Brands, not about the Investors. Indeed, the 2014 and 2018 Investors are not alleged to have done anything other than make investments in 2014 and 2018, which is insufficient to implicate them under the Court's prior rulings.

---

[6] In addition to being irrelevant, Plaintiffs' statement as to dividends is also incorrect as to the 2018 Investors. There has been no such dividend.

Plaintiffs likewise cite no authority to support their apparent contention that the Investors are proper defendants simply because the entity that advises them (or advised them) has been deemed a proper defendant.[7]  This cannot be squared with the Court's decision to allow claims against Bain and Charlesbank to go forward on the basis that "[d]iscovery may elucidate further facts as to Bain and Charlesbank's *direct participation* in the scheme, which will be required at later litigation stages." (ECF No. 332 at 15 (emphasis added).)  Here, there is not even a hint of a basis to allege such "direct participation" in the "scheme" by the Investors, much less any actual allegations.  Although Plaintiffs have not provided a proposed amended complaint or specified what allegations they would put into an amended complaint, in their brief all they say is that each Investor made an investment, collected dividends, and exercised its voting right as to members of the board of directors of Varsity Brands.  If such allegations were sufficient to state a claim on the basis of liability for Charlesbank's (or Bain's, as the case may be) subsequent involvement in Varsity's operations, all investors would be so liable for the actions of the entities they invest in and the concept of limited liability would be obliterated.  And, as Plaintiffs themselves state, discovery is complete, which presumably means if there were evidence of actual involvement by the 2014 Investors or the 2018 Investors in the so-called "scheme" or any basis for allegations to that effect, Plaintiffs would have identified it.  They have not.

---

[7] None of the cases on which Plaintiffs rely have anything to do with funds or fund advisors, but rather relate to the timing of adding defendants and claims in the specific circumstances of the case at issue.  *See Ketter v. City of Newark*, No. 04-CV-00550, 2008 WL 11453690 (S.D. Ohio July 25, 2008) (involving assertion of new claim based on changed law); *McClain v. Pa. Dep't of Corr.*, No. 1:19-CV-1951, 2021 WL 5227677 (M.D. Pa. Sept. 10, 2021) (involving claim of prisoner related to attempted suicide), accepted in part, denied in part, 2021 WL 5205948 (M.D. Pa. Nov. 9, 2021); *Iron Workers' Loc. No. 25 Pension Funds v. Steel Enters., Inc.*, No. 07-CV-10882-DT, 2008 WL 4449860 (E.D. Mich. Sept. 30, 2008) (involving claims under ERISA).  There are inapposite here.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File an Amended Complaint in its entirety.

Dated: September 6, 2022

Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

9

*Attorneys for Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC; Charlesbank Capital Partners, LLC; Bain Capital Private Equity LP*

s/ Nicole Berkowitz Riccio

Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com
aroach@bakerdonelson.com
kglover@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*

s/ Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*
Kiprian E. Mendrygal*
Jennifer McCoy*
Katherine Wright
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com
kmendrygal@lockelord.com
jennifer.mccoy@lockeord.com
katie.wright@lockelord.com

* Admitted pro hac vice

10

Edward L. Stanton III (TN #018904)
S. Keenan Carter (TN # 023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.carter@butlersnow.com

*Attorneys for Jeff Webb*