# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**  Plaintiffs,  v.  **VARSITY BRANDS, LLC, et al.**  Defendants. | Case No. 2:20-cv-02892-SHL-tmp  **JURY DEMAND** |

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Defendants' Opposition makes two arguments: First, that Plaintiffs should have moved to amend to add claims against additional Charlesbank and Bain entities before the original scheduling order's November 19, 2021 deadline. Second, that Plaintiffs' amendment would be futile because the Court will dismiss the claims against those entities. Both are wrong.

1. **Plaintiffs Could Not Have Sought Leave to Amend Before the Bain and Charlesbank 30(b)(6) Depositions.**

Plaintiffs' motion is based on the premise that they did not have the opportunity to obtain discovery as to the identity or involvement of the additional Charlesbank and Bain entities until document production was complete and depositions were taken, including 30(b)(6) depositions of Charlesbank and Bain in July 2022. It was through that discovery—improperly delayed by Defendants until 2022—that Plaintiffs discovered the identities of the particular partners and partnerships, their involvement in the facts giving rise to Plaintiff's claims, and the bases for naming them as defendants. Although documents produced during discovery mention these entities, the contractual relationships, and the extent of their involvement, ownership, and benefit is highly detailed, complicated, and far from obvious. The few documents that mentioned those entities produced in the early stages of discovery were far from complete and did not describe or provide Plaintiffs with an accurate picture of the complex nature of these relationships or the facts necessary to state a claim against the entities. Indeed, it was not until the 30(b)(6) depositions, which Defendants did everything they could to prevent and delay, that Plaintiffs uncovered the relevant facts and received a full picture.

A. **Defendants' reliance on the November 2021 amendment deadline is misplaced because Defendants failed to timely comply with their discovery obligations.**

Rule 16's good cause standard focuses on whether the moving party acted with reasonable diligence. *See, e.g.*, *Drexel Chem. Co., v. Fluorochemika Corp., LLC*, 2013 WL 12253105, at *1 (W.D. Tenn. June 24, 2013). Here, Plaintiffs acted with diligence, overcoming

Charlesbank and Bain's discovery failures. From the outset, Plaintiffs proceeded with discovery, consistent with the Court's orders. Charlesbank and Bain resisted discovery, including document and deposition discovery, forcing Plaintiffs to move to compel. Charlesbank and Bain did not substantially complete document production until April 1, 2022, and deposition discovery was not completed until the 30(b)(6) depositions occurred in July 2022. Defendants' reliance on the November 2021 deadline is wholly misplaced. The November 2021 deadline was based on the completion of discovery prior to that date. The scheduling order setting that date required that the parties complete "document production . . . [w]ithin 165 days" of the document requests, "subject to any unresolved objections of the producing Party." ECF No. 61 at 2. Plaintiffs timely served document requests on Charlesbank and Bain on March 26, 2021. Seidel Decl. ¶¶ 4–5. 165 days later was September 7, 2021. Logically, the deadline for amending was set to give Plaintiffs the opportunity to take discovery and use that discovery in connection with finalizing their claims. The intransigence of Charlesbank and Bain frustrated this orderly plan. Charlesbank and Bain largely—and incorrectly—refused to produce documents, arguing they would be dismissed from the suit. *See* ECF No. 343-1 at 2 n.2. Ultimately, after being compelled to produce documents in December 2021, Defendants finally produced their documents on April 1, 2022. *See* Seidel Decl. ¶¶ 6–8. And they were not dismissed. Defendants should not be allowed to delay discovery and then bar Plaintiffs from using that discovery in fashioning their claims.

Further, Defendants do not dispute that the Charlesbank and Bain depositions were delayed by months after the close of discovery. While Defendants list several items to make the irrelevant point that not all of Plaintiffs' motions to compel were granted in their entirety, ECF No. 349 at 3–4, Defendants do not dispute that Judge Pham repeatedly documented Defendants' attempts to impede discovery. *See* ECF No. 343-1 at 2 n.2.

Specifically with respect to the 30(b)(6) depositions of Charlesbank and Bain, those depositions were first delayed because Charlesbank and Bain did not make the bulk of their document production until April 1, 2022. *See* ECF No. 325 at 2. Defendants then agreed to produce 30(b)(6) witnesses in an email to Plaintiffs and in a subsequent filing to Judge Pham. *See* ECF No. 325 at 3, 5. But when Plaintiffs sought to schedule the 30(b)(6) depositions, Charlesbank and Bain flatly refused to produce 30(b)(6) witnesses. *Id.* at 6–7. Charlesbank and Bain even erroneously asserted that Judge Pham had *denied* Plaintiffs request for 30(b)(6) depositions. *Id.* at 8. To the contrary, Judge Pham held Defendants were "incorrect," and had not "followed the court's prior order." *See* ECF No. 325 at 8–9. Judge Pham held that "[i]f defendants had followed the court's prior order," the 30(b)(6) depositions, "could have been completed [sooner] on the same day as the Rule 30(b)(1) depositions." It was those depositions that shed light on the highly complicated 2014 and 2018 transactions and on the additional defendants to be named.[1]

B.  **The two documents Defendants cite do not support Defendants' position.**

Defendants cite two documents that they say establishes the nature of these entities such that Plaintiffs should have brought a motion to name them by November 2021. Not so. The first document is the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Seidel Decl. Ex. 1 [VAR00314244]. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, the document says little about the involvement of the limited partners in the management and operation of Varsity or the conduct

---

[1] Moreover, all of this occurred while the Motions to Dismiss were still pending.

giving rise to Plaintiffs' claims. Neither Charlesbank nor Bain contend to the contrary. Indeed, as Defendants state, this document merely shows that "the 2018 Investors were listed in a document that was produced in June 2021." ECF No. 349 at 4. This document is only a small and relatively unenlightening piece in the larger factual record developed subsequently giving rise to Plaintiffs' claims against the additional entities.

The second document also fails to support Defendants' argument. That document is a large excel file related to the ████████████ for the 2014 transaction, produced by third-party Goldman Sachs. *See* Seidel Decl. Ex. 2 [GS-007732]. That excel file consists of 17 different tabs and includes numerous entities and voluminous financial information about the transaction using unexplained and unfamiliar terms. The meaning of the document is not self-evident. It contains no narrative or other explanation as to its meaning. This spreadsheet is largely impenetrable without other documents and deposition testimony to understand it. It was not until the 30(b)(6) depositions that Plaintiffs received full explanation of this document.[2] Plaintiffs could not be expected to understand this excel file until after Plaintiffs analyzed the full scope of Charlesbank and Bain's document production and took their 30(b)(6) depositions.

2.  **Plaintiff's Motion to Amend is Not Futile.**

Defendants argue that it would be futile to add claims against certain Charlesbank and Bain entities because the Court will ultimately dismiss them. Defendants argue that these entities are not liable because "investment . . . is not sufficient to make the investor liable," and because

---

[2] 

having "seat[s] on the Board of Directors" is also insufficient "to confer liability." ECF No. 349 at 7. The bases of Plaintiffs' claims are not so limited, and even if it were, Defendants' argument has already been rejected by the Court. Indeed, Bain and Charlesbank made the same arguments to the Court in their Motions to Dismiss. The Court denied them. *See* ECF No. 332 at 12 ("By alleging Varsity's role in an exclusionary scheme . . . Plaintiffs have sufficiently alleged a claim in which the Holding Company Defendants could be viewed as a shared enterprise with Varsity."); *id.* at 13 ("Because the Court finds that Plaintiffs sufficiently alleged independent participation by these Defendants in the shared enterprise, it DENIES Defendants' Motion as to this argument."). Plaintiffs' allegations will show, just as they did with Bain and Charlesbank, at minimum the following, sufficient to state a claim against them: That Defendants, acting in concert, participated independently in an anticompetitive scheme to foreclose competition and exclude rivals. The evidence shows that the acquisitions of rivals was a key feature of this conduct. The evidence also shows that the funds necessary for such acquisitions came from capital advanced or arranged by Charlesbank and Bain, including the limited partnerships Plaintiffs seek to add. Further, the affiliated entities either received hundreds of millions of dollars in monopoly profits in the form of special dividends or proceeds of the $2.88 billion sale to Bain in 2018 or stand to receive similar payouts in the future. In addition, these affiliated entities, together with Charlesbank and Bain are liable for the acts of their agents in violation of federal and state antitrust, consumer protection, and common law.

      If the Court wishes Plaintiffs to submit a proposed amended Complaint before ruling on the motion for leave to amend, Plaintiffs will do so.

Dated: September 13, 2022				Respectfully submitted,

By:_____/s/ Joseph R. Saveri_____
Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
David A Goodwin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
dgoodwin@gustafsongluek.com

* Admitted pro hac vice

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*