UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES, ET AL.<br><br>    Plaintiffs,<br> v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>    Defendants. | Case No. 2:20-cv-02892-SHL-tmp |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiffs ask this Court for leave to file a reply in further support of their motion for leave to file an amended complaint. While Defendants[1] are not opposed to such a filing if the Court thinks it would be helpful (and notes the Court granted the motion at ECF No. 353), they note the following regarding Plaintiffs' proposed reply.

First, the proposed reply states that the Court has rejected arguments relating to what is required for an investor to have liability for the actions of a company in which it has invested. (ECF No. 351-1, at 4-5.) This is a curious point, given the "arguments" that Plaintiffs said the Court rejected are *direct quotations* from the Court's prior rulings, in particular that being the owner of a company or being a member of the board of directors does not make one liable for the actions of the company. (*See* ECF No. 349 at 7, quoting ECF No. 332 at 12, *American Spirit* ECF No. 141 at 11.)

---

[1] All Defendants join in this response.

Second, in attempting to explain their undisputed failure to meet the November 19, 2021 deadline for filing a motion to amend—a deadline they did not even acknowledge in their opening brief—Plaintiffs concede that documents setting forth the identity and roles of all of the investors that Plaintiffs now seek to make parties to this litigation were produced to it well ahead of the deadline.  (ECF No. 351-1 at 1 (conceding that "documents produced in the early days of discovery" "mentioned [the] entities" that Plaintiffs now seek to add), *id.* at 3-4 (conceding that these documents indicated who the investors in Varsity Brands were).  They argue that they did not have "full knowledge" relating to those investors, but identify no new information acquired later other than in the most conclusory of terms.  Moreover, failure to pursue information until after the deadline to amend pleadings is not "good cause."  *Interstate Packaging Co. v. Century Indem. Co.*, 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (finding that the plaintiff had not demonstrated good cause because "Plaintiff has not argued that it could not through reasonable diligence have previously raised its theory, but merely discusses why it did not") (emphasis in original).

Third, Plaintiffs reiterate that the basis for liability for the new defendants is acquisitions that Varsity made.  (ECF No. 351-1, at 5.)  As is clear from their original complaint and as Plaintiffs do not dispute, *none* of those acquisitions occurred after the 2018 Investors made their investments, which is another reason why Plaintiffs' amendment would be futile as to the 2018 Investors.  Moreover, as Plaintiffs well know, no 2018 Investor has ever received a dividend from Varsity Brands (*see* ECF No. 349 at 11 n.6) and Plaintiffs' speculation that at some point they may sell their interests at a profit (ECF No. 351-1 at 5), in addition to being irrelevant, is also just that, speculation.  (*See also* ECF No. 349 at 12.)

Finally, Plaintiffs belatedly offer to provide the proposed of amended complaint, which of course they should have done with their original filing. They have provided no reason to conclude that they could, consistent with Rule 11 and in light of the fact that discovery has closed, actually make allegations that could state a claim against the 2014 Investors or the 2018 Investors. Plaintiffs' vague assertions and conclusory allegations fall far short and would continue to fall far short in any proposed amended complaint.[2]

Dated: September 15, 2022

Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)

---

[2] Should the Court request Plaintiffs to provide their proposed amendment, Defendants would reserve the right to further respond.

Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC; Charlesbank Capital Partners, LLC; Bain Capital Private Equity LP*


s/ Nicole Berkowitz Riccio

Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com
aroach@bakerdonelson.com
kglover@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*


s/ Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*
Kiprian E. Mendrygal*
Jennifer McCoy*
Katherine Wright
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

4

Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com
kmendrygal@lockelord.com
jennifer.mccoy@lockeord.com
katie.wright@lockelord.com

* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
S. Keenan Carter (TN # 023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.carter@butlersnow.com

*Attorneys for Jeff Webb*