# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, MICHELLE VELOTTA,** and **CHRISTINA LORENZEN** on Behalf of Themselves and All Others Similarly Situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; JEFF WEBB; CHARLESBANK CAPITAL PARTNERS LLC; and BAIN CAPITAL PRIVATE EQUITY,**<br><br>**Defendants.** | Case No. 2:20-cv-02892-SHL-cgc<br><br>**JURY DEMAND** |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CHARLESBANK CAPITAL PARTNERS LLC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Jessica Jones, Michelle Velotta, and Christina Lorenzen ("Plaintiffs") hereby request that Defendant Charlesbank Capital Partners LLC produce and permit inspection and copying by Plaintiffs of all Documents, electronically stored information, and things that are in Your possession, custody, or control responsive to the following Requests for Production within thirty (30) days following the date of service of these Requests.

# DEFINITIONS

1. "Agreement" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

2. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

3. "And" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

4. "Any" shall be construed to mean "any and all."

5. "Apparel" means the clothing (including uniforms), shoes, accessories, or equipment purchased for use by Athletes wear at cheer or dance Events and during practices and training.

6. "Bain" means Bain Capital Private Equity and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which Bain manages or controls, together with all present and former directors, members, officers, employees, agents, representatives, or any persons acting or authorized to act on its behalf.

7. "Camp Producer" means any Person that operates cheer or dance Camps.

8. "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, text messages, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

9. "Document" means the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes,

without limitation, electronically stored information, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, sketches, photographs, videotapes, audiotapes, film and sound reproductions, emails, internal or external web sites, audio or video discs (e.g., CD, DVD, Blu-ray and DVDHD), computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records of representations of any kind, and all mechanical or electronic data, records of representations of any kind.

10. "Due Diligence" means any appraisals and/or analyses undertaken to establish the assets, liabilities, and commercial potential of a firm, corporation, or entity.

11. "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent, or other Person who is or was employed by the responding Defendant or, where applicable, another Person.

12. "Event" means a cheerleading or dance competition, including championships, whether considered School cheerleading or dance or not.

13. "Event Producer" means a person or entity that finances, organizes, or advertises a Championship, Championship Qualifier, School Event.

14. "Identify," when used in reference to an individual Employee, means to provide: the Employee's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such Employee and the period during which such numbers were assigned to be used by that Employee; and business and home electronic mail identifiers as well as the period during which such identifiers were assigned to and used by that Employee.

15. "Identify" (or "Identity") as used herein with respect to any entity other than an individual shall be read to require a statement of all of the following information relating to such

entity: (i) Full name or title; (ii) Principal place of business or other activity; (iii) Place of incorporation (if applicable); (iv) Date of formation; (v) Names of any predecessor or successor corporations or other business entities; (vi) Nature or type of entity; and (vii) Principal business or other activity.

16. "Including" means to emphasize certain types of information requested and should not be construed as limiting the request in any way.

17. "Partners Group" means Partners Group AG and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which Partners Group manages or controls, together with all present and former directors, members, officers, employees, agents, representatives, or any persons acting or authorized to act on its behalf.

18. "Related Actions" means *Fusion Elite All Stars v. Varsity Brands, LLC*, No. 2:20-cv-02600-SHL-cgc and *American Spirit and Cheer Essentials, Inc. v. Varsity Brands, LLC*, No. 2:20-cv-02782-SHL-atc.

19. "Varsity" means Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashion & Supplies, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, Employees, agents, representatives, or any persons acting or authorized to act on their behalf.

20. "You," "Your," or "Your company" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, Employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding Defendant.

## **INSTRUCTIONS**

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests for Production shall be deemed to be continuing in nature so that, if You, Your directors, officers, Employees, agents, representatives or any Person acting on Your behalf, subsequently discover or obtain possession, custody or control of any Document or ESI previously requested or required to be produced, You shall make such Documents or ESI available within seven (7) days of discovery or possession.

2. Unless otherwise noted herein, the relevant time period of these Document Requests is May 26, 2008 to the present (the "Relevant Time Period"). These Document Requests seek all responsive Documents created or generated during the Relevant Period, as well as responsive Documents created or generated outside the Relevant Period, but which contain information concerning the Relevant Period.

3. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, Employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, Employees, representatives or investigators.

4. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

5. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

6. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and

constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

7. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) from which the Document(s) was (or were) originally located.

8. All Documents shall be produced in the file folder, envelope or other container in which the Documents are kept or maintained by You. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks.

9. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document's custodian(s).

10. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Document Requests.

11. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

12. In responding to these Document Requests, You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or investigatory body; (b) that constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency or investigatory body proceeding or investigation; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

13. You are requested to produce any and all electronically stored information in the manner required by the ESI Protocol. Unless otherwise limited by the ESI Protocol, pursuant to

Federal Rules of Civil Procedure 34(b) electronically stored information should be produced in native format (including metadata) whenever possible.

14. The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

15. All words not defined in the Definitions shall be construed using their plain and ordinary meaning. If more than one meaning can be ascribed to a word, the meaning that would make a document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the document from the scope of the request.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents constituting or relating to the purchase Agreement between You and Varsity regarding the acquisition or disposition of any interest in Varsity, including without limitation any amendments, modifications, or negotiations.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to Identify any consultants, attorneys, accountants, bankers, or advisors retained in connection with the acquisition or disposition of any interest in Varsity.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to Identify each of Your Employees and any third parties acting on Your behalf (including attorneys, accountants, consultants, agents, and any other Person acting on Your behalf) involved in approving or negotiating the terms of Your acquisition of any interest in Varsity.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to Identify each of Your Employees and any third parties acting on Your behalf (including attorneys, accountants, consultants, agents, and any other Person acting on Your behalf) involved in governing, managing, or working for or on behalf of Varsity, including title, responsibilities, and dates of service.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to Your ownership and operation of Varsity, including without limitation: all financial data, summaries, or analyses, including profit and loss or asset and debit ledgers, annual reports, SWOT analyses, market analyses, risk analyses, cost analyses, profit projections, financing, long-range plans, growth strategies, and strategies regarding acquisition by Varsity of other Event Producers, Apparel manufacturers, or Camp Producers.

**REQUEST FOR PRODUCTION NO. 6:**

All Due Diligence Documents and Communications relating to Your acquisition of any interest in Varsity, regardless of whether the Documents were created by You or by third parties, including without limitation: financial data, summaries, SWOT analyses, market analyses, risk analyses, cost analyses, profit projections, financing, long-range plans, growth strategies, and strategies regarding acquisition by Varsity of other Event Producers, Apparel manufacturers, or Camp Producers.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications created for or by Your board of directors, or any subcommittee thereof, relating to Your acquisition of any interest in Varsity and/or operation of Varsity, including all financial reports, profit and loss statements, profit projections, acquisition strategies, market analyses, risk analyses, hand-outs, presentations, notes, minutes, reports, white papers, studies, inquiries, or summaries.

**REQUEST FOR PRODUCTION NO. 8:**

All promotional Documents, public statements, announcements, disclosures, or press releases issued by You relating to Varsity or Your acquisition or disposition of any interest in Varsity.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications referring or relating to the acquisition or disposition of any interest in Camp Producers by Varsity, including without limitation all Communications exchanged with Varsity or any other Person involved in facilitating, analyzing, financing, publicizing, advertising, or rating any such acquisition.

**REQUESTS FOR PRODUCTION NO. 10:**

All Documents and Communications relating to Your sale of Varsity, including without limitation:

a. all inquiries, requests for Due Diligence, and offers received by You regarding the potential sale of Varsity, and all Documents and Communications created by You in response to any such inquiries, requests, or offers;

b. all Documents created by You or on Your behalf related to the sale of Varsity, including without limitation: financial data, summaries, SWOT analyses, market analyses, risk analyses, cost analyses, profit projections, growth strategies, strategies regarding acquisition by Varsity of other Event Producers, Apparel manufacturers, or Camp Producers, financing, long-range plans, or other Due Diligence files; and

c. all Documents and Communications relating to the financing of Bain's acquisition of any interest in Varsity, including all Communications with Partners Group and any of its predecessors, successors, subsidiaries, or other entities managed or controlled by Partners Group.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications referring or relating to any loans or credit provided to Varsity including without limitation loan Agreements, loan application forms, loan covenants, and business credit reports.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications referring or relating to the financing of Varsity, including without limitation business plans, consolidated financial statements, investor presentations, and memorandums.

**REQUEST FOR PRODUCTION NO. 13:**

All financial analysts' reports by Moody's, Standard and Poor's, or other rating agencies, including all drafts thereof, concerning the acquisition of Varsity by Charlesbank or Bain and/or other buyers who had a proposal or expression of interest concerning any acquisition merger, consolidation, business combination, or other similar transaction for series of transactions involving Varsity or its subsidiaries.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications referring or relating to insurance contracts, reservations of rights, and/or coverage disputes pertaining to the claims or liabilities of this lawsuit or Related Actions, including without limitation: (a) the kind of coverage; (b) the name and address of insurance company; (c) the name, address, and telephone number of each named insured; (d) policy number; (e) the limits of coverage for each type of coverage contained in the policy; (f) and the name, address, and telephone number of the custodian of the policy.

**REQUEST FOR PRODUCTION NO.15:**

All Documents referring or relating to any joint defense, contribution, indemnification Agreements, or judgment sharing Agreements relating to any investigation, civil, or criminal litigation involving the marketing of Competitive Cheer, Apparel, or Camps.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents referring or relating to the valuation of any interest in Varsity.

**REQUEST FOR PRODUCTION NO. 17:**

For each year of the Relevant Time Period, Your annual or investor reports including all drafts thereof.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents referring or relating to Securities and Exchange Commission filings by You, including without limitation S-1, Prospectus, 8-K, 10K, and current and annual reports, including drafts thereof.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents referring and relating to Hart-Scott-Rodino Act filings with the Federal Trade Commission, Department of Justice, or any other federal or state governmental agency or body relating to the acquisitions of Event Producers, Camp Producers, and Apparel manufacturers by Varsity.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents You submitted voluntarily or produced subject to subpoena or other civil investigatory demand regarding Varsity.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications referring to relating to compensation or remuneration paid to Varsity officers, managers, directors, including without limitation name, position, amount of compensation, factors in determining compensation, and other financial benefits received.

| | |
|---|---|
| Dated: March 26, 2021 | By:      */s/ Joseph R. Saveri* <br>         Joseph R. Saveri |

Joseph R. Saveri*
Steven N. Williams*
Kevin E. Rayhill*
Elissa A. Buchanan*
Anna-Patrice Harris*
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
        swilliams@saverilawfirm.com
        krayhill@saverilawfirm.com
        eabuchanan@saverilawfirm.com
        aharris@saverilawfirm.com

Van Turner (TN Bar No. 22603)
**BRUCE TURNER, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Email: vturner@bruceturnerlaw.net

Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
Ling S. Wang
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
        dhedlund@gustafsongluek.com
        dnordin@gustafsongluek.com
        lwang@gustafsongluek.com

Richard M. Paul III*
Sean R. Cooper*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Email: rick@paulllp.com
       sean@paulllp.com

* *Admitted pro hac vice*

*Attorneys for Individual and Representative Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2021, I served a copy of the foregoing document via email on the counsel listed below.

Ruby Vazquez-Ponce

George S. Cary
Mark W. Nelson
Alexis Collins
Steven J. Kaiser
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC 20037
gcary@cgsh.com
mnelson@cgsh.com
alcollins@cgsh.com
skaiser@cgsh.com

Matthew S. Mulqueen
Adam S. Baldridge
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Charlesbank Capital Partners, LLC*