# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **FUSION ELITE ALL STARS**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC**, et al.,<br><br>        Defendants. | Case No. 2:20-cv-02600-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |
| **JONES**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**BAIN CAPITAL PRIVATE EQUITY**, et al.,<br><br>        Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' JOINT RESPONSE TO DEFENDANTS' MOTION TO MODIFY PREVIOUS DISCOVERY ORDERS THAT ALLOW SHARING OF DISCOVERY MATERIALS (ECF NO. 97) AND COORDINATION OF DEPOSITIONS (ECF NO. 172)**

The Plaintiffs in the *Jones* and *Fusion Elite* cases[1] hereby respond to the Defendants' Motion and Supporting Memorandum to Modify Previous Discovery Orders (*Jones*, ECF 357 or "Motion"). This response is supported by the Declaration of David Seidel ("Seidel Decl."). For the reasons set forth below, the *Jones* and *Fusion* Plaintiffs take no position on Defendants' Motion, so long as Defendants' requested relief is clarified to ensure it does not go beyond Defendants' justifications related to timing. The *Jones* and *Fusion* Plaintiffs and the Defendants have negotiated a more specific set of relief to which the Defendants agree, and to which the *Jones* and *Fusion* Plaintiffs do not object.

Defendants' motion is based entirely on the changed discovery schedule. *See* ECF 357. It argues that because the *American Spirit* timeline is now several months after the *Fusion* and *Jones*' timelines, Defendants could be prejudiced in two ways: First, that the *American Spirit* Plaintiffs could get an unfair advantage by accessing the expert materials in the *Fusion* and *Jones* cases before their own schedule's expert disclosures. *See* ECF No. 357 at 4 ("The current discovery orders did not contemplate a scenario in which the cases would be on such different tracks that the *American Spirit* Plaintiffs would be privy to confidential, strategically useful expert discovery months before their own deadline to disclose experts and produce an opening expert report."); *Id.* at 5 (noting that if *American Spirit* Plaintiffs could attend the expert depositions in *Jones* and *Fusion*, they would be privy to expert opinions "long before they are required to make initial expert disclosures."); *Id.* (arguing it would be unfair "if the *American Spirit* Plaintiffs could access the opinions of Defendants' experts before ever having to disclose their own experts' opinions"); *id.* at 6 (same). And second, Defendants seek to prevent the new

---

[1] This response is made by Plaintiffs Jessica Jones and Christina Lorenzen ("*Jones* Plaintiffs"), together with Plaintiffs Fusion Elite All Stars, Spirit Factor LLC d/b/a Fuel Athletics, Stars and Stripes Gymnastics Academy Inc. d/b/a Stars and Stripes Kids Activity Center, Kathryn Anne Radek, Lauren Hayes, and Janine Cherasaro ("*Fusion* Plaintiffs").

scheduling differences from allowing the *Jones* and *Fusion* Plaintiffs to have a "second opportunity" to depose Defendants' experts months later during the *American Spirit* depositions. *Id.* at 6.

However, the language of the requested relief used in the Motion arguably goes much further than the bases for seeking it. The *Jones* and *Fusion* Plaintiffs are not opposed to Defendants' requested relief so long as it is limited to addressing the potential pitfalls with the new timing of expert discovery among the three cases. But the *Jones* and *Fusion* Plaintiffs do oppose any relief that would prevent access to expert materials beyond that. The first paragraph of the Motion's requested relief would appear to preclude sharing of expert reports for all time, rather than merely prohibiting the sharing until all reports have been duly disclosed under each case's scheduling order. *See* ECF No. 357 at 7. Once all reports have been properly disclosed in all three cases, there is no longer any concern that the *American Spirit* Plaintiffs would gain any advantage by seeing the reports from *Jones* and *Fusion*. And once the reports have been disclosed in all three cases, it is critical for Plaintiffs to be able to have access to the materials from all three cases as they have always been able to do. Yet the requested relief could arguably prevent access to the expert materials across all three cases in perpetuity.

So too with deposition transcripts. While Defendants argue that allowing the *American Spirit* Plaintiffs access to the *Jones* and *Fusion* deposition transcripts before their own depositions would give them an advantage, the advantage is solely alleged on timing concerns. Once the *American Spirit* expert depositions have concluded, there is no longer any justification to preclude the deposition transcripts from being used in any of the three cases as has always been the case. Yet the language of the Motion's requested relief appears to preclude Plaintiffs from using the depositions transcripts from the other cases in perpetuity. *See* ECF No. 357 at 7.

The *Jones* and *Fusion* Plaintiffs oppose the requested relief to the extent it seeks to impose new limitations in perpetuity, unmoored to the Defendants' asserted basis for the relief. Any relief should be limited to addressing the specific concerns alleged and should specifically be limited in time.

The *Jones* and *Fusion* Plaintiffs raised these concerns with Defendants, and informed Defendants that the *Jones* and *Fusion* Plaintiffs would not oppose the requested relief so long as it was limited in time to address Defendants' alleged prejudice while otherwise maintaining the status quo. *See* Seidel Decl. ¶¶ 2–5 and Ex. A. The status quo provides the Plaintiffs in all three cases access to all three cases' materials. Defendants and Plaintiffs were able to draft a clarified set of relief for which the Defendants could agree to, and which the *Jones* and *Fusion* Plaintiffs would not object to. Thus, the *Jones* and *Fusion* Plaintiffs do not oppose the following clarified set of relief, agreed to by the Defendants, and ask that if the Court grants Defendants' Motion, it limit Defendants' requested relief to the below three enumerated modifications. Plaintiffs submit that these clarified modifications fully address Defendants' timing concerns but ensure that the status quo is maintained once the timing concerns are no longer applicable.

1.   The *Jones* and *Fusion* Plaintiffs will not share expert reports with the *American Spirit* Plaintiffs or their experts until after the *American Spirit* Plaintiffs have received Defendants' expert reports.

2.   The *Jones* and *Fusion* Plaintiffs may not ask any questions or attend the Defendants' or Plaintiffs' expert depositions in the *American Spirit* case, and the *American Spirit* Plaintiffs may not ask any questions or attend the Defendants' or Plaintiffs' expert depositions in the *Jones* and *Fusion* cases.

3.    The *Jones* and *Fusion* Plaintiffs will not disclose the Defendants' expert deposition transcripts or the Plaintiffs' expert deposition transcripts from the *Jones* and *Fusion* cases until after the *American Spirit* Plaintiffs have taken the Defendants' expert depositions.

If the relief is limited to the above, the *Jones* and *Fusion* Plaintiffs do not object and take no position on Defendants' Motion. But the *Jones* and *Fusion* Plaintiffs object to any relief that would limit Plaintiffs' access to the materials from all three cases once Defendants' specific timing concerns are no longer applicable.

It is critical that Plaintiffs are ultimately able to use the expert materials from all three cases, as has always been the case. If Defendants' experts make contradictory statements in their reports or in their depositions, Plaintiffs are entitled to use those contradictions for any purpose, including impeachment. The discovery orders have always provided Plaintiffs with access to the materials from all three cases for good reason. Irrespective of any timing concerns raised by Defendants in their Motion, which the *Jones* and *Fusion* Plaintiffs take no position on, Plaintiffs must still be allowed access to the expert materials across all three cases once the Defendants' timing concerns are no longer present.

Dated: October 3, 2022

Respectfully submitted,

By: _____/s/ Joseph R. Saveri_____
        Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
David A Goodwin*
Ling Shan Wang*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
dgoodwin@gustafsongluek.com
lwang@gustafsongluek.com

*Attorneys for Individual and Representative Plaintiffs*


Jonathan W. Cuneo*
Victoria Sims*
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
kvandyc@cuneolaw.com
vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Michael Kane*
Mark R. Suter*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19106

6

Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
mkane@bm.net
msuter@bm.net

Gregory Asciolla
Karin Garvey
Veronica Bosco
DiCello Levitt Gutzler
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
646.933.1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
vbosco@dicellolevitt.com

*Interim Co-Lead Counsel in the Fusion Elite Action for the Proposed Direct Purchaser Class*

J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel in the Fusion Elite Action for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
JUSTICE CATALYST LAW, INC.
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Craig L. Briskin*
JUSTICE CATALYST LAW, INC.
718 7th Street NW Washington, DC 20001
Telephone: (518) 732-6703
cbriskin@justicecatalyst.org

7

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
FINE KAPLAN AND BLACK, R.P.C.
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Frank B. Thacher III (TN BPR #23925)
BURCH, PORTER, & JOHNSON, PLLC
130 North Court Ave.
Memphis, TN 38103
Telephone: (901) 524-5000
nbicks@bpjlaw.com
fthacher@bpjlaw.com

Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
NEAL & HARWELL, PLC
1201 Demonbreun St., Suite 1000 Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com

*Counsel in the Fusion Elite Action for the Proposed Direct Purchaser Class*


\* Admitted *pro hac vice*
+Located in Washington State