UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., ROCKSTAR CHAMPIONSHIPS, LLC, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, and ASHLEY HAYGOOD, Individually and on Behalf of All Others Similarly Situated<br><br>          Plaintiffs,<br>   v.<br><br>VARSITY BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT, LLC, STANBURY, LLC, HERFF JONES, LLC, BAIN CAPITAL, LP, CHARLESBANK CAPITAL PARTNERS, LLC, VARSITY BRANDS HOLDING CO., INC., VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPA TOURS, LLC and JEFF WEBB,<br><br>          Defendants. | Case No. 2:20-cv-02782-SHL-atc |

**DEFENDANTS VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC, VARSITY BRANDS HOLDING CO., INC., AND VARSITY SPIRIT FASHIONS & SUPPLIES, LLC OBJECTIONS AND RESPONSES TO PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS**

Under Rule 34 of the Federal Rules of Civil Procedure, Defendants Varsity Brands, LLC,

Varsity Spirit, LLC, Varsity Brands Holding Co., Inc., Varsity Spirit Fashions & Supplies, LLC

(collectively, "Varsity") hereby respond to Plaintiffs' first Request for Production of Documents

(the "Requests").

## GENERAL OBJECTIONS

Varsity objects to the direction that documents be produced at the law offices of Falanga and Chalker.  Any documents that Varsity produces in response to the Requests will be produced in accordance with the Agreed ESI Protocol (ECF No. 97-2).

Varsity objects to the Requests to the extent that they purport to impose any obligations upon Varsity that differ from, exceed the scope of, or are in addition to those imposed by the Federal Rules of Civil Procedure, applicable local rules, or any other applicable laws or rules.

Varsity objects to the Requests to the extent that they purport to require the production of information and documents that are not in Varsity's possession, custody, or control and/or that could be obtained from other sources that are more convenient, more efficient, less burdensome, or less expensive than obtaining the same information from Varsity.  Varsity further objects to the Requests to the extent they are intended to apply to information or documents that are not available in the ordinary course of Varsity's business, such as archive and/or disaster recovery backups of electronic data or are contained in individual user devices like cell phones.  To the extent that Varsity produces or searches for information or documents, Varsity will do so from within Varsity's own files.

Varsity objects to the Requests to the extent that they call for information that is not relevant to a claim or defense in this action or are not proportional to the needs of this action.

Varsity objects to the Requests to the extent that they impose burdens and obligations to conduct anything beyond a reasonable search for responsive documents or to produce "all" or "any" documents.

Varsity objects to the Requests to the extent that they seek material that is subject to attorney-client privilege or the work product doctrine or other legal privilege or immunity from discovery.

Any production in response to these Requests should not be construed as a stipulation that the material is relevant, within the scope of permitted examination, a waiver of Varsity's general or specific objections, or a commitment that requests for similar discovery would be treated in a similar manner.  Any written Response by Varsity to a particular Request should not be construed as a stipulation that Varsity has any documents responsive to that Request.  Any production in response to these Requests that constitute or contain material that is subject to the attorney-client privilege or the work product doctrine does not constitute waiver of the protections afforded by those doctrines.

Varsity objects to the demand that the Varsity's response be "supplemented" as beyond the scope of the Federal Rules of Civil Procedure.  Varsity will ignore that direction.

Varsity objects to the definition of "document" to the extent it differs from the definition in the ESI Stipulation and will use the definition of "document" contained therein, ignoring the definition put forth in the Requests.

Varsity objects to the definition of "Defendants" as confusing, circular, and nonsensical. Varsity will interpret the term Defendants as Varsity (as defined above) unless a different defendant is specifically identified in the particular request.

Varsity objects to any request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Varsity objects to any and all requests to the extent they seek information that is the subject of the pending Motion for Protective Order, ECF No. 118.  As noted therein, Varsity reserves further response (including the lodging of further objections as appropriate) based on the Court's resolution of that motion.

Varsity objects to any and all requests to the extent they seek information about All Star cheerleading or would otherwise be cumulative or duplicative of discovery requests made in *Fusion Elite All Stars et al. v. Varsity Brands, LLC et al.*, Civ. Action No. 2:20-cv-2600 (W.D. Tenn.).  All such Requests violate the Court's direction to the parties in this case to coordinate discovery on overlapping topics, which include All Star cheerleading.

### OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

<u>Request No. 1</u>:  Please produce any and all financial records or agreements that would reflect how much money was taken in and what was spent out associated with funds obtained by each of the defendant Varsity companies for any sales done that were associated with the sales of merchandise or apparel to schools, for the years 2016, 2017, 2018 and 2019.

<u>Objections and Response to Request No. 1</u>:  Varsity objects to Request No. 1 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 1 because the term "financial records" is vague and ambiguous and the terms "merchandise" and "apparel" are broad and undefined.  Varsity further objects to Request No. 1 because the term "agreement" is vague and ambiguous in the context of a request seeking information about "how much money was taken in and what was spent out." Varsity further objects to Request No. 1 because the request is internally inconsistent and confusing, seeking information regarding "money . . . spent out associated with funds obtained." Varsity further objects to Request No. 1 because it seeks irrelevant information, is overly broad,

4

unduly burdensome, and disproportionate to the needs of the case.  For example, it is not limited to the subject matter of the litigation.  Varsity further objects to Request No. 1 because, to the extent it seeks information about non-cheerleading related products or services, it is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 2:  Please produce any and all financial records associated with the business of the Varsity defendants for the years 2016, 2017, 2018, and 2019.

Objections and Responses to Request No. 2:  Varsity objects to Request No. 2 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 2 because the term "financial records" is vague and ambiguous.  Varsity further objects to Request No. 2 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  For example, it is not limited to the subject matter of the litigation.  Varsity further objects to Request No. 2 because, to the extent it seeks information about non-cheerleading related products or services, it is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 3:  Please produce a copy of the restrictive "exclusivity" email, memo, letter or directive sent by VP Bill Boggs in approximately 2008 to the college coaches stating:

"After much thought and deliberation and based on a number of factors, NCA/ NDA (Varsity) is initiating a new policy related to College Nationals: Due to TV, admin concerns regarding school-based priorities, image and funding, and sponsorship considerations, teams that compete in NCA/NDA College Championships may not be eligible to participate in any other event promoted as a cheer or dance "national championship."

Objections and Response to Request No. 3:  Varsity objects to Request No. 3 because it refers to an "email, memo or directive" from "approximately 2008," which is twelve years before this case was filed and eight years prior to the beginning of the statute of limitations period and is therefore irrelevant.  Varsity further objects to Request No. 3 because, by seeking a particular alleged document from 2008, the request is unduly burdensome and disproportionate to the needs of the case.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 4:  Produce any and all documents, agreements or contracts that relate to or establish any type relationship between Jeff Webb, Varsity Brands, or any of the other Varsity defendants in this case that were entered into from 2010 until the present.

Objections and Response to Request No. 4:  Varsity objects to Request No. 4 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 4 because the term "any type relationship" is vague and ambiguous.  Varsity further objects to Request No. 4 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further

objects to Request No. 4 because, to the extent it seeks information about non-cheerleading related products or services, it is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

<u>Request No. 5</u>:  Please produce any and all contracts, documents, memos, letters, or any agreements between Jeff Webb, Varsity Brands, or any of the other Varsity defendants in this case, or any of the other associated or subsidiary companies (not to be limited to, but to include the co-defendants listed in this litigation) that came into existence or entered into at any time during the last ten years.

<u>Objections and Response to Request No. 5</u>:  Varsity objects to Request No. 5 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 5 because the term "any and all contracts, documents, memos, letter, or any agreements" is vague and ambiguous in the context of the rest of the request. Varsity further objects to Request No. 5 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 5 because, to the extent it seeks information about non-cheerleading related products or services, it is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

<u>Request No. 6</u>:  Please identify and produce a complete list of the name, address, title and phone number for every president and vice-president for each of the Varsity defendant companies,

including the Varsity subsidiaries listed in this litigation for the years 2016, 2017, 2018, 2019 and 2020.

Objections and Response to Request No. 6:  Varsity objects to Request No. 6 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 6 because the terms "president" and "vice-president" are vague and ambiguous.  Varsity further objects to Request No. 6 because, to the extent it seeks information about non-cheerleading related products or services, it is subject to the Motion for Protective Order.  Varsity further objects to Request No. 6 because it seeks personal information without justification.

In light of Varsity's objections, Varsity will not produce documents in response to this Request other than the organizational charts it has already produced.

Request No. 7:  Produce any and all documents, agreements or contracts that relate to or establish the sale, merger or purchase, of any of your subsidiary companies which were entered into during the years 2016, 2017, 2018, 2019 or 2020.

Objections and Response to Request No. 7:  Varsity objects to Request No. 7 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 7 because the phrase "relate to or establish" is vague and ambiguous.  Varsity further objects to Request No. 7 because, to the extent it seeks information about non-cheerleading related products or services, it is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

8

Request No. 8:  Please produce any and all contracts, documents, memos, letters, or any agreements between Jeff Webb, the Varsity defendants or any subsidiary of Varsity or USA Federation for Sport Cheering (USA Cheer) and Varsity Intropa Tours, Inc. which were entered into during the years 2016, 2017, 2018 and 2019.

Objections and Response to Request No. 8:  Varsity objects to Request No. 8 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 8 because the term "any and all contracts, documents, memos, letter, or any agreements" is vague and ambiguous in the context of the rest of the request. Varsity further objects to Request No. 8 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 8 because, to the extent it seeks information about non-cheerleading related products or services, it is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 9:  Please produce any documents, ledgers, accounting records or other financial records that would reflect the gross annual revenues and the net profits for each of the Varsity defendant companies, for each of the years 2016, 2017, 2018 and 2019.

Objections and Response to Request No. 9:  Varsity objects to Request No. 9 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 9 because the terms "ledgers, "accounting records," and "other financial records" are vague and ambiguous, particularly insofar as the requests otherwise only seeks documents sufficient to show "gross annual revenues and net profits" for 2016, 2017,

2018, and 2019.  Varsity further objects to Request No. 9 because the term "gross annual revenues" and "net profits" are vague and ambiguous.  Varsity further objects to Request No. 9 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 9 because, to the extent it seeks information about non-cheerleading related products or services, it is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 10:  Please produce any records that would reflect how many full time employees each of the Varsity companies had in each of the years 2016, 2017, 2018 and 2019.

Objections and Response to Request No. 10:  Varsity objects to Request No. 10 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 10 because, to the extent it seeks information about non-cheerleading related products or services, it is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 11:  Please produce any and all proposed contracts, documents, memos, letters, or any agreements between Jeff Webb, any of the Varsity defendants or any subsidiary of Varsity, that reflect any proposal or offer to buy and/or merge with either BSN Sports, LLC, Herff Jones, LLC or Stanbury Uniforms, LLC.

Objections and Response to Request No. 11:  Varsity objects to Request No. 11 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 11 because the phrase "proposal or offer to buy/and or merge" is vague and ambiguous.  Varsity further objects to Request No. 11 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 11 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 12:  Please produce any document or record that reflects any and all schools that you sold merchandise or apparel to during the years 2016, 2017, 2018, 2019 or 2020 and includes the address of the school and the contact person at the school that the sale was consummated with or through.

Objections and Response to Request No. 12:  Varsity objects to Request No. 12 because it purports to require Varsity to create a list rather than produce documents and thus is an improper document request.  Varsity objects to Request No. 12 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 12 because the terms "merchandise" and "apparel" are vague and ambiguous.  Varsity further objects to Request No. 12 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 13:  Please produce a list that would include the identity by name of the student sized or measured for any type of scholastic uniform or apparel, parents name, address, email address and phone number associated with scholastic sales by your scholastic sales employees/representatives (not All Star sales reps) for each of the years 2016, 2017, 2018, 2019 and 2020.

Objections and Response to Request No. 13:  Varsity objects to Request No. 13 because it purports to require Varsity to create a list rather than produce documents and thus is an improper document request.  Varsity objects to Request No. 13 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 13 because the terms "scholastic uniform" and "apparel" are vague and ambiguous.  Varsity further objects to Request No. 13 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 14:  Please produce any record or document that would reflect a list that would include the identity by name of the student that purchased any scholastic merchandise, the parents name, address, email address and phone number associated with scholastic sales by your scholastic sales (not All Star sales reps) employees/representatives for each of the years 2016, 2017, 2018, 2019 and 2020.

Objections and Response to Request No. 14:  Varsity objects to Request No. 14 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 12 because the term "scholastic merchandise" is vague and ambiguous.  Varsity further objects to Request No. 14 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 15:  Please produce any record or document that would reflect a list that would include the identity by name of the student and/or parent who purchased a school cheerleading uniform, their address, email address and phone number associated with scholastic sales by your scholastic sales (not All Star sales reps) employees/representatives for each of the years 2016, 2017, 2018, 2019 and 2020.

Objections and Response to Request No. 15:  Varsity objects to Request No. 15 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case, including email addresses and phone numbers of individual customers.

Varsity has produced transaction data showing its sales to individuals of cheerleading-related merchandise.  In light of Varsity's objections, Varsity will not produce additional documents in response to this Request.

Request No. 16:  Please produce any record or document that would reflect a list that would include the identity of each school by name, address, email address, phone number, contact person at the school, who attended a Varsity sponsored school camp, convention or program for each of the years 2016, 2017, 2018, 2019 and 2020.

<u>Objections and Response to Request No. 16</u>:  Varsity objects to Request No. 16 because

the term "Varsity school camp" is vague and ambiguous and, to the extent it is meant to refer to

anything other than a cheerleading camp, it seeks documents related to non-cheerleading related

products or services, and as such is the subject of the Motion for Protective Order.  Varsity

further objects to Request No. 16 because it seeks irrelevant information, is overly broad, unduly

burdensome, and disproportionate to the needs of the case.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

<u>Request No. 17</u>:  Please produce any and all financial records that would reflect the

amount charged or accepted by any of the Varsity defendants or any subsidiary company of

Varsity, for holding a summer camp, event, convention or program for each school team, that

would include the identity of each school by name, address, email address, phone number,

contact person at the school, who paid for a Varsity sponsored camp, event, convention or

program and the amount charged to the individual school for each summer camp, event,

convention or program for each of the years 2016, 2017, 2018, 2019 and 2020.

<u>Objections and Response to Request No. 17</u>:  Varsity objects to Request No. 17 because

the terms "financial records," "summer camp," "event," "convention," and "program" are vague

and ambiguous.  Varsity further objects to Request No. 17 to the extent it seeks documents

related to anything other than cheerleading, which is the subject of the Motion for Protective

Order.  Varsity further objects to Request No. 17 because it seeks irrelevant information, is

overly broad, unduly burdensome, and disproportionate to the needs of the case.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 18:  Please produce a copy of every catalog used by, or sent out by, Varsity or any subsidiary company of Varsity for each of the years 2016, 2017, 2018, 2019 and 2020.

Objections and Response to Request No. 18:  Varsity objects to Request No. 18 because the terms "catalog," "used by," and "sent out by" are vague and ambiguous and, to the extent it is meant to refer to anything other than a cheerleading, it seeks documents related to non-cheerleading related products or services, and as such is the subject of the Motion for Protective Order.  Varsity further objects to Request No. 18 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 19:  Please produce a copy of every school exclusive sales contract or sometimes referred to by your sales staff as the "All School" agreements, that Varsity or any subsidiary company of Varsity was a party to or entered into with any school for each of the years 2016, 2017, 2018, 2019 and 2020.

Objections and Response to Request No. 19:  Varsity objects to Request No. 19 because it refers to nonexistent "school exclusive sales contract[s]" and misstates that such "exclusive sales contract[s]" are "sometimes referred to by your sales staff as the 'All School' agreements." Varsity further objects to Request No. 19 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 19 because it seeks documents related to non-cheerleading related products or services, and as such is the subject of the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 20:  Please produce any documents or sales employee manuals or training manuals that existed for the years 2016, 2017, 2018, 2019 and 2020 used by the sales staff or sales managers for scholastic sales employees of Varsity or any subsidiary companies of Varsity.

Objections and Response to Request No. 20:  Varsity objects to Request No. 20 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 20 because the phrase "documents or sales employee manuals or training manuals" is vague and ambiguous.  Varsity further objects to Request No. 20 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 20 because it seeks documents related to non-cheerleading related products or services, and as such is the subject of the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 21:  Please produce a copy of every written or video produced promotion, sales or marketing brochure, commercial or material generated for marketing, public relations or promotion and/or selling either school merchandise, apparel, the "Impact Program" or a service produced or used by Varsity or any subsidiary company of Varsity for each of the years 2016, 2017, 2018 and 2019.

Objections and Response to Request No. 21:  Varsity objects to Request No. 21 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 21 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to

Request No. 21 because it seeks documents related to non-cheerleading related products or services, and as such is the subject of the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 22:  Please produce a copy of the Impact program video for the re-branding of Catawba Ridge High School located in South Carolina and a copy of the total amount billed or charged by Varsity or any subsidiary company of Varsity for this Impact program project.

Objections and Response to Request No. 22:  Varsity objects to Request No. 22 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 22 because the phrases "Impact program video" and "Impact program project" are vague and ambiguous.  Varsity further objects to Request No. 22 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 22 because it seeks documents related to non-cheerleading related products or services, and as such is the subject of the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 23:  Please produce a copy of the Impact program contract or agreement(s) for the re-branding of Catawba Ridge High School located in South Carolina and a copy of the total amount billed or charged by Varsity or any subsidiary company of Varsity for this Impact program project.

<u>Objections and Response to Request No. 23</u>:  Varsity objects to Request No. 23 because the phrases "Impact program" and "Impact program project" are vague and ambiguous.  Varsity further objects to Request No. 23 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 23 because it seeks documents related to non-cheerleading related products or services, and as such is the subject of the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

<u>Request No. 24</u>:  Please produce a complete list of all schools, including their name, address and phone number, who entered into any type of exclusive sales contract or "All School" agreement with Varsity or any subsidiary company of Varsity for the years 2016, 2017, 2018, 2019 and 2020.

<u>Objections and Response to Request No. 24</u>:  Varsity objects to Request No. 24 because the phrase "exclusive sales contract" is vague and ambiguous.  Varsity further objects to Request No. 24 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 24 because it seeks documents related to non-cheerleading related products or services, and as such is the subject of the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

<u>Request No. 25</u>:  Please produce a copy of any and all contracts or agreements entered into by Varsity or any subsidiary company of Varsity and Director's Showcase International (DSI) which was done in between the years 2018 and 2020.

Objections and Response to Request No. 25:  Varsity objects to Request No. 25 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 25 because the phrase "any type of arrangement" is vague and ambiguous.  Varsity further objects to Request No. 25 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case. Varsity further objects to Request No. 25 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 26:  Please produce any and all records, contracts, agreements and financial documents that reflect any type of arrangement between Varsity or any subsidiary of Varsity and Varsity Intropa Tours that have existed since 2010.

Objections and Response to Request No. 26:  Varsity objects to Request No. 26 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 26 because the phrase "any type of arrangement" and terms "records" and "financial documents" are vague and ambiguous.  Varsity further objects to Request No. 26 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 27:  Please produce a copy of any and all contracts, agreements, exclusive sales or "All School" contracts or agreements entered into by Varsity or any subsidiary company of Varsity and Tulsa High School, Piedmont High School, Tulsa Public Schools, Byng High School, Moore Public Schools, Oklahoma City Public Schools, Mustang High School, Deercreek High School or Carl Albert High School, all located in Oklahoma, which were done in between the years 2014 and 2020.

Objections and Response to Request No. 27:  Varsity objects to Request No. 27 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 27 because the term "exclusive sales" is vague and ambiguous.  Varsity further objects to Request No. 27 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 27 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 28:  Please produce a complete list, including names, addresses, email addresses and phone number for all Varsity sales personnel, including their names, addresses and phone numbers, that worked for Varsity during the years 2016, 2017, 2018, 2019 and 2020.

Objections and Response to Request No. 28:  Varsity objects to Request No. 28 because the term "sales personnel" is vague and ambiguous.  Varsity further objects to Request No. 28 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 28 because it

seeks documents related to non-cheerleading related products or services, and as such is subject

to the Motion for Protective Order.  Varsity further objects to Request No. 28 because it seeks

non-public personal information.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 29:  Please produce a complete list of the schools, including their addresses,

contact person for sales at the school, and phone numbers for the schools that Varsity has done

business with since the year 2016.

Objections and Response to Request No. 29:  Varsity objects to Request No. 29 because

the terms "done business with" and "schools" are vague and ambiguous.  Varsity further objects

to Request No. 29 because it seeks irrelevant information, is overly broad, unduly burdensome,

and disproportionate to the needs of the case.  Varsity further objects to Request No. 29 because

it seeks documents related to non-cheerleading related products or services, and as such is

subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 30:  Please produce any and all covenants not to compete entered into with

any employee and any documents used to train or guide the sales staff at Varsity for sales training

to guide their sales staff in selling apparel, merchandise or products to schools.

Objections and Response to Request No. 30:  Varsity objects to Request No. 30 because

the term "covenants not to compete" and the phrase "used to train or guide the sales staff at

Varsity for sales training to guide their sales staff in selling" are vague and ambiguous.  Varsity

further objects to Request No. 30 because it seeks irrelevant information, is overly broad, unduly

burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 30 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 31:  Please produce the proposals, prospectus, contracts or agreements associated for Varsity (or any of their subsidiaries) purchasing and/or merging with any of the other defendants in this case.

Objections and Response to Request No. 31:  Varsity objects to Request No. 31 because the terms "proposals," and "prospectus" are vague and ambiguous.  Varsity further objects to Request No. 31 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 31 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 32:  Please produce any and all contracts or agreements associated with the Impact Program and any schools for the last five (5) years that Varsity was involved with or was made a party thereto.

Objections and Response to Request No. 32:  Varsity objects to Request No. 32 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 32 because it seeks documents related

to non-cheerleading related products or services, and as such is subject to the Motion for

Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 33:  Please produce any and all advertising materials including print, email,

electronic or video used by Varsity sales staff to promote the Impact program for schools that

were done from 2014 to the present.

Objections and Response to Request No. 33:  Varsity objects to Request No. 33 because

the term "advertising material" is vague and ambiguous.  Varsity further objects to Request No.

33 because it seeks irrelevant information, is overly broad, unduly burdensome, and

disproportionate to the needs of the case.  Varsity further objects to Request No. 33 because it

seeks documents related to non-cheerleading related products or services, and as such is subject

to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 34:  From 2015 to the present, all documents for any of the Varsity

defendants, reflecting (a) your board of director and board committee agendas, your board

meeting minutes (and drafts thereof), pre-board meeting board packets, presentations made to or

by the board of directors and board committees, including any and all notes and communications

regarding board of director and board committee meetings regarding some or all of the facts and

allegations in the Complaint in this lawsuit; and (b) your bylaws and any other corporate

governance documents, irrespective of date, and any and all amendments or additions thereto.

Objections and Response to Request No. 34:  Varsity objects to Request No. 34 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 34 because the terms "committee agendas, "board meeting minutes," "draft," "pre-board meeting board packets," and "any other corporate governance documents," are vague and ambiguous.  Varsity further objects to Request No. 34 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 34 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

Subject to and without waiving the stated objections, Varsity refers Plaintiffs to the productions made in the Fusion Elite litigation on December 30, 2020; February 9, 18, and 26, 2021; and March 10 and 19, 2021; which include documents produced in response to a duplicative request.  Varsity will not produce additional documents in response to this Request. Pursuant to the Court's Order Allowing Sharing of Discovery Material (entered as ECF No. 97, Case No. 2:20-cv-2600-SHL-cgc), Plaintiffs have been able to obtain such productions directly from the plaintiffs in the Fusion Elite litigation since February 25, 2021.

Request No. 35:  All documents from 2012 to the present, reflecting or relating to your policies, practices, guidelines and training directed to the subject of compliance with the antitrust or competition laws of the United States, of any state of the United States, the District of Columbia, or any foreign country, including all documents concerning the creation of such policies, and any statements signed by your employees acknowledging their receipt of or compliance with your antitrust compliance policies.

Objections and Response to Request No. 35:  Varsity objects to Request No. 35 because it
does not describe with reasonable particularity each item or category of items to be inspected.
Varsity further objects to Request No. 35 because the terms "policies," "practices," guidelines,"
and "training" are vague and ambiguous.  Varsity further objects to Request No. 35 because it
seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the
needs of the case.  Varsity further objects to Request No. 35 because it seeks documents related
to non-cheerleading related products or services, and as such is the subject to the Motion for
Protective Order.

Subject to and without waiving the stated objections, Varsity refers Plaintiffs to the
productions made in the Fusion Elite litigation on December 30, 2020; February 9, 18, and 26,
2021; and March 10 and 19, 2021; which include documents produced in response to a
duplicative request.  Varsity will not produce additional documents in response to this Request.
Pursuant to the Court's Order Allowing Sharing of Discovery Material (entered as ECF No. 97,
Case No. 2:20-cv-2600-SHL-cgc), Plaintiffs have been able to obtain such productions directly
from the plaintiffs in the Fusion Elite litigation since February 25, 2021.

Request No. 36:  All Documents from 2015 to the present, reflecting or relating to (a)
Contracts (whether executed or not) between you and any school, school principal, school
superintendent, school administrator, school coach or school board, including, all contracts and
agreements between you and any school, school principal, school superintendent, athletic
director, school administrator, school coach or school board, (b) Offers by you to any school,
school principal, school superintendent, school administrator, school coach or school board to
sell goods or services, including offers to sell goods or services where your discounts, rebates, or
prices depend upon multiple or combined purchases of products or services, (c) communications

and/or negotiations with school, school principal, school superintendent, school administrator, athletic director, school coach or school board, or their respective representatives, referencing or relating to such contracts, offers, or negotiations, and (d) communications prepared by or sent to any person outside Varsity that reference or relate to any such contracts, Impact Programs, offers, offers for trips and/or tickets to Disney World or Disney Land, or negotiations, including copies of all 1099s issued to any school or school board for rebates or other payments by Varsity.

Objections and Response to Request No. 36:  Varsity objects to Request No. 36 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 36 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 36 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 37:  Documents from 2015 to the present, sufficient to show the terms and duration associated with each Contract between you and any school, school principal, school superintendent, school administrator, school coach or school board, and each offer you made available to any school, school principal, school superintendent, school administrator, school coach, athletic director or school board.

Objections and Response to Request No. 37:  Varsity objects to Request No. 37 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 37 because it seeks irrelevant information, is overly broad,

unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 37 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 38:  All documents from 2015 to the present, reflecting or relating to the effects of any of the contracts, offers, or contractual provisions entered into with schools, had on the business or sales of any actual or potential competitor of yours.

Objections and Response to Request No. 38:  Varsity objects to Request No. 38 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 38 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 38 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 39:  All documents from 2015 to the present, reflecting or relating to the administration, monitoring, auditing, or enforcement or threatened enforcement of any of your terms of sale, offers, contracts, contractual or offer provisions, with any school, school principal, school superintendent, athletic director, school administrator, school coach or school board.

Objections and Response to Request No. 39:  Varsity objects to Request No. 39 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 39 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 39 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 40:  Documents from 2015 to the present, sufficient to identify each of your employees involved in approving or negotiating the terms of each of your school contracts, offers, or agreements with any school, school principal, school superintendent, athletic director, school administrator, school coach or school board.

Objections and Response to Request No. 40:  Varsity objects to Request No. 40 it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 40 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 41:  For each year from 2015, all financial statements, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, pro

formas, and similar financial documents relating to Varsity or any of the Varsity subsidiaries that sold goods, merchandise or services to schools.

Objections and Response to Request No. 41:  Varsity objects to Request No. 41 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 41 because the terms "financial statements," "equity valuations," "asset appraisals," "financial models," "budgets (proposed or otherwise)," "investor presentations," "pro formas," and "similar financial documents," are vague and ambiguous. Varsity further objects to Request No. 41 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 41 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

Subject to and without waiving the stated objections, Varsity refers Plaintiffs to the productions made in the Fusion Elite litigation on December 30, 2020; February 9, 18, and 26, 2021; and March 10 and 19, 2021; which include documents produced in response to a duplicative request.  Varsity will not produce additional documents in response to this Request. Pursuant to the Court's Order Allowing Sharing of Discovery Material (entered as ECF No. 97, Case No. 2:20-cv-2600-SHL-cgc), Plaintiffs have been able to obtain such productions directly from the plaintiffs in the Fusion Elite litigation since February 25, 2021.

Request No. 42:  All of your monthly, quarterly, and annual audited and unaudited financial statements and related data, including profit and loss statements, balance sheets, cash flow statements, income statements, regulatory filings (including your income tax returns), issuance of equity or debit, loans, and money owed or receivable from 2015 to the present by Varsity or any of the Varsity subsidiaries that sold goods, merchandise or services to schools.

Objections and Response to Request No. 42:  Varsity objects to Request No. 42 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 42 because the terms "related data," "regulatory filings," "issuance of equity or debit, loans, and money owed or receivable" are vague and ambiguous. Varsity further objects to Request No. 42 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 42 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

Subject to and without waiving the stated objections, Varsity refers Plaintiffs to the productions made in the Fusion Elite litigation on December 30, 2020; February 9, 18, and 26, 2021; and March 10 and 19, 2021; which include documents produced in response to a duplicative request.  Varsity will not produce additional documents in response to this Request. Pursuant to the Court's Order Allowing Sharing of Discovery Material (entered as ECF No. 97, Case No. 2:20-cv-2600-SHL-cgc), Plaintiffs have been able to obtain such productions directly from the plaintiffs in the Fusion Elite litigation since February 25, 2021.

Request No. 43:  Documents from 2015 to the present, sufficient to show sales, revenues, profits or losses in as granular a form as you maintain it for (a) all of your school sales in goods, merchandise or services.

Objections and Response to Request No. 43:  Varsity objects to Request No. 43 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 43 because the terms "school sales," "goods," "merchandise," and "services" are vague and ambiguous.  Varsity further objects to Request No. 43 because it seeks irrelevant information, is overly broad, unduly burdensome, and

disproportionate to the needs of the case. Varsity further objects to Request No. 43 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 44:  Documents from 2015 to the present, sufficient to show all direct-to-consumer sales, including quantity, net price, product, purchaser and purchasers phone number, name and address, for any equipment, uniforms, apparel, merchandise or graduation regalia sold on your web site or any other website owned by you, or by any other means.

Objections and Response to Request No. 44:  Varsity objects to Request No. 44 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 44 because the term "any other means" is vague and ambiguous.  Varsity further objects to Request No. 44 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 44 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 45:  Documents since 2015 sufficient to show, on a purchase by purchase basis as well as in the aggregate, the purchases of Varsity or Varsity subsidiary-branded uniforms, equipment, apparel, merchandise such as class rings and championship rings, caps and gowns or graduation regalia by schools or parents of school children, or other customer(s),

including at least the following information for each purchaser or customer: name, address, phone number, email address, customer number, and main contact person or persons, identifying the items, prices and other terms of sale.

Objections and Response to Request No. 45:  Varsity objects to Request No. 45 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 45 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 45 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 46:  Documents and data since 2015 to the present (in machine-readable format such as *.csv, *.txt or other native flat file format) sufficient to show your actual costs, in as granular form as the information is maintained, associated with all of your school uniform, equipment, merchandise and apparel, on a monthly basis and in electronic format, including:

a.  Your costs for producing and selling the school merchandise or apparel, including material costs, compensation for workers, employees, contractors, insurance costs, and all other costs incidental to producing and selling the school merchandise or apparel;

b.  Your costs for advertising expenses;

c.  Your costs for development of trademarks and logos;

d.  Your costs for legal fees expended in protecting the purported intellectual property rights; and

e.   all other costs associated with producing and selling your school merchandise and apparel in an itemized fashion.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of your business or are otherwise not available in electronic form, please produce such data in hard copy.

    <u>Objections and Response to Request No. 46</u>:  Varsity objects to Request No. 46 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 46 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 46 because the terms "school uniform," "equipment," "merchandise," "apparel," "costs," "material costs," "compensation," "workers," "employees," "contractors," "insurance costs," "all other costs," "incidental to," "advertising expenses," "purported intellectual property rights," and "itemized fashion," are vague and ambiguous.  Varsity further objects to Request No. 46 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

    In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.  Varsity further responds that, to the best of its ability to interpret what is being requested, it does not have preexisting documents showing the information requested.

    <u>Request No. 47:</u>  Documents and data since 2015 to the present (in machine-readable format such as *.csv, *.txt or other native flat file format), in as granular form as it is maintained, itemized on a purchaser by purchaser basis, including for each customer or purchaser, at minimum, identity of school, name, address, phone number, email address, customer number,

and main contact person or persons, including date, in electronic format, sufficient to show the following:

    a.   total receipts from school uniform, merchandise and apparel:

    b.   total revenues derived from the sale of advertising involving school uniform, merchandise and apparel:

    c.   total revenues derived from the sale of uniform, merchandise and apparel to schools, students, students parents or other purchasers;

    d.   total revenues derived from the sale of uniform, merchandise and apparel to schools, students, students parents or other purchasers;

    e.   total revenues derived from the sale of any uniform, merchandise and apparel to schools, students, students parents or other purchasers; and

    f.   total revenues derived from licensing your uniform, merchandise and apparel.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of your business or are otherwise not available in electronic form, please produce such data in hard copy.

<u>Objections and Response to Request No. 47</u>:  Varsity objects to Request No. 47 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 47 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to request No. 47 because the terms and phrases "school uniform," "merchandise," "apparel," "sale of advertising involving," "total revenues derived from," and "licensing" are vague and

ambiguous.  Varsity further objects to request No. 47 because subparts c, d, and e are duplicative. Varsity further objects to Request No. 47 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.  Varsity further responds that, to the best of its ability to interpret what is being requested, it does not have preexisting documents showing the information requested.

Request No. 48:  Documents and data since 2015 to the present (in machine-readable format such as *.csv, *.txt or other native flat file format) in as granular form as it is maintained, including by transaction or receipt, broken down by purchaser, including at minimum for each purchaser the name, address, phone number, email address, customer number, and main contact person or persons, itemized by product code, number of items sold, description of product, price, date, check, or other payment method, and transaction, sufficient to show the following:

a.  the terms of each scholastic sale;

b.  the invoice number;

c.  the purchase order number;

d.  net price paid per school item, including all rebates, discounts, and returns;

e.  whether the transaction occurred at the school, over the internet, by phone, or in some other place;

f.  the location from which the school goods, merchandise or apparel were shipped;

g.  the customer's name and address, including the identity of the customer that was billed and the location to which the goods were shipped;

h.  the date you shipped the goods, the date you billed for the goods, and the date the school customer took delivery;

i.  the specification and type of school goods, merchandise or apparel including any unique purchaser-specific identifier, and product classifications and detailed descriptions sold for each transaction;

j.  the quantity (and units of measure) for each type of school good, merchandise or apparel sold in connection with each sale;

k.  all pricing information concerning the school sale, including shipping, tax, or similar charges, and the gross and net unit price for each item in the sale;

l.  the currency in which the school sale was billed and paid;

m.  any discounts, rebates, credits, freight allowances, returns, free goods and/or services or any other pricing adjustment for each school sale, with sufficient information to attribute these adjustments to individual sales;

n.  documents sufficient to understand all codes in the file or invoice;

o.  whether the transaction was associated with or made pursuant to a contract with Varsity, BSN Sports, Herff Jones or Stanbury Uniforms, an offer from Varsity, BSN Sports, Herff Jones or Stanbury Uniforms, including the contract or offer date, and the impact of the transaction on the purchaser's discount, credit or rebate status under the contract or offer;

p.   any and all additional fees or costs associated with the school related transaction (including manufacturing cost, freight charge and transportation cost, sales and distribution cost, marketing or sales cost, and any other cost attributed or allocated to the sale); and

q.   costs paid by a school, school parent, teacher or other purchaser, for merchandise or apparel that was purchased.

Objections and Response to Request No. 48:  Varsity objects to Request No. 48 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 48 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to request No. 48 because the terms and phrases "terms," "scholastic sale," "specification and type of school goods, merchandise or apparel," "product classifications," "detailed description," "all pricing information," "any and all additional fees or costs," and "costs paid" are vague and ambiguous.  Varsity further objects to Request No. 48 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.  Varsity further responds that, to the best of its ability to interpret what is being requested, it does not have preexisting documents showing the information requested.

Request No. 49:  Documents since 2016 to the present, sufficient to show any proposed, contemplated, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spinoffs or any other change in Varsity, the Varsity defendants,

BSN Sports, LLC, Herff Jones, LLC or Stanbury Uniforms, LLC's ownership or the ownership
of any subsidiaries, corporate affiliates, departments, business units or other subdivisions of your
company.

Objections and Response to Request No. 49:  Varsity objects to Request No. 49 because it
does not describe with reasonable particularity each item or category of items to be inspected.
Varsity further objects to Request No. 49 because the terms "proposed," "contemplated,"
"planned," "executed," "any other change," "departments," "business units," and "other
subdivisions" are vague and ambiguous.  Varsity further objects to Request No. 49 because it
seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the
needs of the case.  Varsity further objects to Request No. 49 because it seeks documents related
to non-cheerleading related products or services, and as such is the subject to the Motion for
Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain
what information is sought by this Request, Varsity will not produce documents in response to
this Request.

Request No. 50:  Documents from 2015 to the present, sufficient to show the beneficial
ownership of Varsity and changes thereto over time, including documents sufficient to show any
stock or other interests owned by each person holding a beneficial ownership.

Objections and Response to Request No. 50:  Varsity objects to Request No. 50 because it
does not describe with reasonable particularity each item or category of items to be inspected.
Varsity further objects to Request No. 50 because the terms "beneficial ownership," "stock," and
"other interests" are vague and ambiguous and that the term "Varsity" is vague and ambiguous in

the context of this request.  Varsity further objects to Request No. 50 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 51:  Since 2015, all documents, not to be limited to, but including proposals and prospectus, provided by Varsity or any subsidiary of Varsity's to BCPE Hercules Holdings, LP, Charlesbank Capital Partners and/or Partners Group in connection with the purchase of all or an interest in Varsity or any subsidiary of Varsity by BCPE Hercules Holdings, LP, Charlesbank Capital Partners and Partners Group. (It is pointed out that these documents possibly may contain important financial information such as estimates of percentage of share of the markets, etc. which would be relevant to the claims of the Plaintiffs in this case).

Objections and Response to Request No. 51:  Varsity objects to Request No. 51 because the terms "proposals" and "prospectus" are vague and ambiguous.  Varsity further objects to Request No. 51 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  The justification for this request – that the requested documents "possibly may contain important financial information such as estimates of percentage of share of the markets, etc. which would be relevant to the claims of the Plaintiffs in this case" – establishes the impropriety of the request.

In light of Varsity's objections, Varsity will not produce documents in response to this Request other than that which it produces in response to the unobjected-to portions of Plaintiffs' other requests.

39

Request No. 52:  Documents sufficient to show the price paid by BCPE Hercules

Holdings, LP, Charlesbank and Partners Group for Varsity or any subsidiary of Varsity.

Objections and Response to Request No. 52:  Varsity objects to Request No. 52 because it

seeks irrelevant information.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 53:  Documents in existence since 2017, sufficient to show the relationship

between Varsity or any subsidiary of Varsity and BCPE Hercules Holdings, LP or Bain Capital,

including:

    a.   all documents reflecting or relating to any purchase agreements entered into by

        Varsity or any subsidiary of Varsity and BCPE Hercules Holdings, LP and/or Bain

        Capital and/or to any agreements wherein Varsity or any subsidiary of Varsity agreed

        with BCPE Hercules Holdings, LP and/or Bain Capital, including documents

        reflecting or relating to the negotiations preceding any such agreements and

        communications regarding such agreements;

    b.   documents sufficient to identify each of the Varsity employees involved in approving

        or negotiating the terms of any purchase agreement produced in response to this

        request;

    c.   all documents reflecting or relating to due diligence requests made by BCPE Hercules

        Holdings, LP or Bain Capital to Varsity related to BCPE Hercules Holdings, LP

        and/or Bain Capital's acquisition, in whole or in part, of Varsity and any responses by

        you to such requests;

d.  all documents reflecting or relating to studies or analyses of the effects of any
    contracts or offers produced in response to this request on your revenues, success,
    strategy, profitability or on the prices or fees you charged schools, teachers, parents of
    students or students, or anyone else;

e.  all documents reflecting or relating to financial data, summaries, financial, SWOT or
    other analyses, white papers, slide decks, or other due diligence files related to the
    decision to sell Varsity, in whole or in part to BCPE Hercules Holdings, LP and/or
    Bain Capital and/or Bain Capital's decision to buy some or all of Varsity;

f.  all communications received or sent by Varsity's current and/or former officers,
    directors, agents, accountants, employees, and partners related to BCPE Hercules
    Holdings, LP and/or Bain Capital's acquisition of Varsity;

g.  all documents reflecting or relating to communications received or sent by Varsity's
    current and/or former officers, directors, agents, accountants, employees, and partners
    related to BCPE Hercules Holdings, LP and/or Bain Capital's due diligence
    investigation of Varsity or any of the other Varsity defendants in this case;

h.  all documents discussing, referring to, or describing the methodology used by Varsity
    as part of BCPE Hercules Holdings, LP and/or Bain Capital's due diligence review of
    Varsity;

i.  all documents reflecting or relating to bids, indications of value, suggested bids,
    discussions of value or correspondence related to Varsity prepared by or on behalf of
    BCPE Hercules Holdings, LP and/or Bain Capital;

j.  all documents including correspondence, communications, hand-outs, presentations, notes, minutes or summaries-related to BCPE Hercules Holdings, LP and/or Bain Capital's purchase of Varsity;

k.  all promotional documents, public statements, announcements, disclosures, or press releases issued by BCPE Hercules Holdings, LP and/or Bain Capital relating to Varsity;

l.  all documents or communications exchanged with BCPE Hercules Holdings, LP and/or Bain Capital regarding Varsity or any of the other Varsity defendants in this case;

m.  all documents or communications exchanged with BCPE Hercules Holdings, LP and/or Bain Capital regarding the "All School" agreement or exclusionary agreements or any other contract, agreement or offer made to or entered into with schools;

n.  all documents or communications exchanged with BCPE Hercules Holdings, LP and/or Bain Capital regarding acquisitions by Varsity;

o.  all contracts or written agreements or memorandum of understandings or drafts thereof between BCPE Hercules Holdings, LP and/or Bain Capital and Varsity, BCPE Hercules Holdings, LP and/or Bain Capital and Varsity, BCPE Hercules Holdings, LP and/or Bain Capital and Charlesbank, or BCPE Hercules Holdings, LP and/or Bain Capital and any of Bain Capital's Partner Group;

p.  all documents and communications between BCPE Hercules Holdings, LP and/or

Bain Capital's current and/or former officers, directors, agents, employees, and

partners and any of the Varsity directors or officers;

q.  all documents and communications between the current and/or former officers,

directors, agents, employees, and partners of Charlesbank Capital Partners and/or

Partners Group and any of the Varsity defendants in this case or any of the Varsity

subsidiary directors or officers related to BCPE Hercules Holdings, LP and/or Bain

Capital's acquisition of Varsity; and

r.  all documents created, produced, published or issued by BCPE Hercules Holdings,

LP and/or Bain Capital or third party analysts or consultants regarding Varsity and the

school merchandise or school apparel industry, including without limitation, reports

that analyze or project demand, revenues, income, profits or market share derived

from or relating to school merchandise and apparel.

Objections and Response to Request No. 53:  Varsity objects to Request No. 53 because it

does not describe with reasonable particularity each item or category of items to be inspected.

Varsity further objects to Request No. 53 because it seeks irrelevant information, is overly broad,

unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to

Request No. 53 because it seeks documents related to non-cheerleading related products or

services, and as such is subject to the Motion for Protective Order.  Varsity further objects to

Request No. 53 because it seeks "documents . . . sufficient to show the relationship" between

Varsity and other entities but then lists a series of request for "all documents" regarding various

topics.  Varsity further objects to Request No. 53 because at least the following terms and phrases

are vague and ambiguous:  "any documents wherein Varsity or any subsidiary of Varsity agreed,"

"approving or negotiating," due diligence requests . . . and any responses," "effects of the any

contracts or offers," "financial data," "summaries," financial," "SWOT," "other analyses,"

"white papers," "due diligence files," "the methodology used," "indications of value,"

"exclusionary agreements," and "the school merchandise or apparel industry."  Varsity further

objects to Request No. 53 because it seeks documents related to non-cheerleading related

products or services, and as such is the subject to the Motion for Protective Order.

Subject to and without waiving the stated objections, Varsity refers Plaintiffs to the

productions made in the Fusion Elite litigation on December 30, 2020; February 9, 18, and 26,

2021; and March 10 and 19, 2021; which include documents produced in response to a

duplicative request.  Varsity will not produce additional documents in response to this Request.

Pursuant to the Court's Order Allowing Sharing of Discovery Material (entered as ECF No. 97,

Case No. 2:20-cv-2600-SHL-cgc), Plaintiffs have been able to obtain such productions directly

from the plaintiffs in the Fusion Elite litigation since February 25, 2021.

Request No. 54:  All documents reflecting or relating to Your competition with other

competitors, including any and all documents reflecting any efforts on Varsity's part to take

business from your alleged competitors or potential competitors.

Objections and Response to Request No. 54:  Varsity objects to Request No. 54 because

the terms "competition" and "competitors" and the phrase "any efforts on Varsity' part to take

business from your alleged competitors or potential competitors" are vague and ambiguous.

Varsity further objects to Request No. 54 because it seeks irrelevant information, is overly broad,

unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to

Request No. 54 because it seeks documents related to non-cheerleading related products or

services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 55:  Documents from 2015 to the present, sufficient to identify each person

or entity Varsity considers to be, or previously considered to be, an actual or potential competitor

of Varsity in selling merchandise and apparel to schools including:

a.   all documents analyzing, discussing or relating to the competitive strengths or

weaknesses of actual or potential competitors;

b.   for each year in the relevant requested time period, documents sufficient to identify

the individual shares of the market or markets in which you participate, for Varsity

school products or services and each of Varsity's actual or potential competitors in

each school market in which you compete, measured as a percentage of total sales in

dollars;

c.   all documents and data referencing or relating to determination of all prices and fees

charged by Varsity or your competitors: (a) for sale of school merchandise (b) sale of

school apparel; (c) or for any other good or service provided by Varsity; and

d.   all documents discussing the business models or other aspects of actual or potential

competitors of Varsity in all scholastic markets in which Varsity competes, including

any documents reflecting comparisons of prices or fees charged by Varsity relative to

actual or potential competitors, marketing strategies, or sponsorships in the scholastic

market.

Objections and Response to Request No. 55:  Varsity objects to Request No. 55 because it

does not describe with reasonable particularity each item or category of items to be inspected.

Varsity further objects to Request No. 55 because it seeks irrelevant information, is overly broad,

unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to

Request No. 55 because it seeks "documents . . . sufficient to identify" certain persons, but then

lists a series of request for "all documents" regarding various topics.  Varsity further objects to

Request No. 55 because the phrase "the scholastic markets in which Varsity competes" is vague

and ambiguous.  Varsity further objects to Request No. 55 because it seeks documents related to

non-cheerleading related products or services, and as such is subject to the Motion for Protective

Order.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 56:  All documents in existence since 2015 to the present, reflecting

communications between Varsity or any of your employees and any school, school

superintendent, administrator, principal or teacher regarding decisions to purchase or purchases

of school uniforms, merchandise or apparel.

Objections and Response to Request No. 56:  Varsity objects to Request No. 56 because it

does not describe with reasonable particularity each item or category of items to be inspected.

Varsity further objects to Request No. 55 because the terms "school uniforms," "merchandise,"

and "apparel" are vague and ambiguous.  Varsity further objects to Request No. 56 because it

seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the

needs of the case.  Varsity further objects to Request No. 56 because it seeks documents related

to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 57:  A list of all school sales staff members employed by Varsity from 2015 to the present including their names, sales territory they were assigned to, address and phone numbers.

Objections and Response to Request No. 57:  Varsity objects to Request No. 57 because the term "school sales staff members" is vague and ambiguous.  Varsity further objects to Request No. 57 in that it purports to require Varsity to create a "list" rather than produce documents and is therefore not a proper document request.  Varsity further objects to Request No. 57 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 57 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 58:  Documents in existence from 2015 to the present, sufficient to identify each person or entity that Varsity considers to be, or considered to have been, an actual or potential school sales competitor of Varsity in producing and selling school merchandise and apparel, and:

    a.   all documents analyzing, discussing or relating to the competitive strengths or weaknesses of actual or potential competitors;

b.  for each year since 2015, documents sufficient to identify the individual shares of the market or markets in which you participate, for Varsity and each of your actual or potential competitors, measured as a percentage of total sales in dollars;

c.  all documents and data referencing or relating to the determination of prices and fees charged for school merchandise or apparel by Varsity or your competitors; and

d.  all documents discussing the business models or other aspects of actual or potential scholastic competitors of Varsity. Responsive documents include any materials relating to comparisons of prices or fees charged by Varsity relative to actual or potential scholastic competitors.

Objections and Response to Request No. 58:  Varsity objects to Request No. 58 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 58 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 58 because it seeks "documents . . . sufficient to identify" certain persons, but then lists a series of request for "all documents" regarding various topics.  Varsity further objects to Request No. 58 because the phrase "actual or potential school sales competitor of Varsity in producing and selling school merchandise and apparel" is vague and ambiguous.  Varsity further objects to Request No. 58 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 59:  Documents in existence since 2015, sufficient to show all entities that Varsity partners with for Varsity Sports-branded school merchandise or apparel sales, including any financial arrangements between you and such entities.

Objections and Response to Request No. 59:  Varsity objects to Request No. 59 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 59 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 59 because the phrase "partners with for Varsity Sports-branded school merchandise and apparel sales" and the term "financial arrangements" are vague and ambiguous.  Varsity further objects to Request No. 59 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 60:  Documents in existence since 2015 to the present, sufficient to show all entities that Varsity sub-contracts with for Varsity-branded school merchandise or apparel sales, including any financial arrangements between you and such entities.

Objections and Response to Request No. 60:  Varsity objects to Request No. 60 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 60 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 60 because the phrase "sub-contracts with for Varsity Sports-branded school merchandise or apparel sales" and the term "financial arrangements" are vague and ambiguous.

Varsity further objects to Request No. 60 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 61:  Documents in existence since 2015 to the present, sufficient to identify the website URLs where Varsity school uniform, merchandise and apparel is available for purchase.

Objections and Response to Request No. 61:  Varsity objects to Request No. 61 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 61 because the term "website URLs" is vague and ambiguous.  Varsity further objects to Request No. 61 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 62:  Documents since 2015 to the present, sufficient to identify all Varsity owned school merchandise and apparel copyright designs.

Objections and Response to Request No. 62:  Varsity objects to Request No. 62 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 62 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 62 because the phrase "Varsity owned school merchandise and apparel copyright

designs" is vague and ambiguous.  Varsity further objects to Request No. 62 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 63:  All documents in existence from 2015 to the present, reflecting any steps Varsity have taken to limit the sales of other school merchandise and apparel manufacturers.

Objections and Response to Request No. 63:  Varsity objects to Request No. 63 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 63 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 63 because the phrase "any steps Varsity have taken to limit the sales of other school merchandise and apparel manufacturers" is vague and ambiguous.  Varsity further objects to Request No. 63 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

Request No. 64:  Documents since 2015 describing the Varsity designs and specifications of school merchandise and apparel.

<u>Objections and Response to Request No. 64</u>:  Varsity objects to Request No. 64 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 64 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 64 because the phrase "Varsity designs and specifications of school merchandise and apparel" is vague and ambiguous.  Varsity further objects to Request No. 64 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

<u>Request No. 65</u>:  Documents in existence from 2015 to the present, describing or analyzing Varsity's target customer base for its school merchandise and apparel.

<u>Objections and Response to Request No. 65</u>:  Varsity objects to Request No. 65 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 65 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 65 because the phrase "target customer base" is vague and ambiguous.  Varsity further objects to Request No. 65 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain what information is sought by this Request, Varsity will not produce documents in response to this Request.

<u>Request No. 66</u>:  Documents sufficient to identify and describe the systems and structures
Varsity uses to store, maintain, or utilize your ESI, including all codes, information,
documentation, ESI or programs necessary to utilize any ESI that Varsity is producing in
response to these requests for school related merchandise and apparel.

<u>Objections and Response to Request No. 66</u>:  Varsity objects to Request No. 66 because it
does not describe with reasonable particularity each item or category of items to be inspected.
Varsity further objects to Request No. 66 because it seeks irrelevant information, is overly broad,
unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to
Request No. 66 because the terms, "codes," "information," "documentations," "systems,"
"structures," and "programs" are vague and ambiguous.  Varsity further objects to Request No.
66 because it seeks documents related to non-cheerleading related products or services, and as
such is subject to the Motion for Protective Order.

In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain
what information is sought by this Request, Varsity will not produce documents in response to
this Request.

<u>Request No. 67</u>:  Documents sufficient to show any policy or procedures at Varsity for
the preservation, retention, backup, storage, destruction, and litigation hold policies and practices
for documents, electronic communications equipment, and data storage media (including phones,
mobile devices, laptops, tablets, pagers, personal computers, servers, removable storage media,
cloud storage, and backup media) as well as any changes to, enforcement of, and compliance
with, those policies that have existed since 2015 to the present.

<u>Objections and Response to Request No. 67</u>:  Varsity objects to Request No. 67 because it
does not describe with reasonable particularity each item or category of items to be inspected.

Varsity further objects to Request No. 67 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 67 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

Subject to and without waiving the stated objections, Varsity refers Plaintiffs to the productions made in the Fusion Elite litigation on December 30, 2020; February 9, 18, and 26, 2021; and March 10 and 19, 2021; which include documents produced in response to a duplicative request.  Varsity will not produce additional documents in response to this Request. Pursuant to the Court's Order Allowing Sharing of Discovery Material (entered as ECF No. 97, Case No. 2:20-cv-2600-SHL-cgc), Plaintiffs have been able to obtain such productions directly from the plaintiffs in the Fusion Elite litigation since February 25, 2021.

Request No. 68:  All documents since 2015 to the present which reflect anything concerning any known departure or variance from any of Varsity's policies concerning the retention, storage, or destruction of any document identified in Request No. 67.

Objections and Response to Request No. 68:  Varsity objects to Request No. 68 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 68 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 68 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

Subject to and without waiving the stated objections, Varsity refers Plaintiffs to the productions made in the Fusion Elite litigation on December 30, 2020; February 9, 18, and 26, 2021; and March 10 and 19, 2021; which include documents produced in response to a

duplicative request.  Varsity will not produce additional documents in response to this Request. Pursuant to the Court's Order Allowing Sharing of Discovery Material (entered as ECF No. 97, Case No. 2:20-cv-2600-SHL-cgc), Plaintiffs have been able to obtain such productions directly from the plaintiffs in the Fusion Elite litigation since February 25, 2021.

Request No. 69:  All documents since 2011 to the present, reflecting or relating to Varsity communications with any of the Plaintiffs in this case.

Objections and Response to Request No. 69:  Varsity objects to Request No. 69 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 69 because it seeks documents that are already in the Plaintiffs' possession.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 70:  All communications since 2011 between Varsity, your employees and/or officers and anyone else, including members of the proposed Class, referencing or relating to the allegations in the Complaint, including the filing of the Complaint, exclusive of any communications protected by attorney/client privilege.

Objections and Response to Request No. 70:  Varsity objects to Request No. 70 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 70 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case, particularly, but not limited to the fact that it seeks all communications with anyone "relating to" the allegations in the Complaint, which in themselves are grossly overbroad.  Varsity further objects to Request No. 70

because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 71:  All documents since 2015 to the present that were created, produced, published or issued by third party analysts or consultants regarding Varsity and the school merchandise and apparel industry, including, reports that analyze or project demand, revenues, income, profits or market share derived from or relating to school uniforms, merchandise and apparel.

Objections and Response to Request No. 71:  Varsity objects to Request No. 71 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 71 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 71 because the phrase "the school merchandise and apparel industry" is vague and ambiguous.  Varsity further objects to Request No. 71 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 72:  From 2012 until the present, all documents provided by Varsity to the Federal Trade Commission, Securities and Exchange Commission, Department of Justice, a state attorney general, or any other governmental agency regarding Varsity's selling of school

merchandise and apparel, as well as all such requests that prompted the provision by Varsity of those documents.

Objections and Response to Request No. 72:  Varsity objects to Request No. 72 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 72 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

Subject to and without waiving the stated objections, Varsity responds that it has not provided any such documents in response to an investigation relating to competition in the sale of cheerleading merchandise for the use of school teams.

Request No. 73:  Produce any and all documents, agreements or contracts that relate to or establish the merger, re-branding and/or creation of Varsity Brands and Herff Jones becoming Varsity Brands with Jeff Webb as its CEO in approximately 2014.

Objections and Response to Request No. 73:  Varsity objects to Request No. 73 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 73 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 74:  Please produce any and all contracts, documents, memos, letters, or any agreements between Jeff Webb and Varsity Brands, LLC or any of the other associated or

subsidiary companies (not to be limited to, but to include the co-defendants listed in this

litigation) that came into existence or entered into at any time during the last ten years.

Objections and Response to Request No. 74:  Varsity objects to Request No. 74 because it

is wholly duplicative of Request No. 5 and otherwise incorporates its objections and response to

Request No. 5 by reference.

Request No. 75:  Please produce any records that would reflect how many athletes

attended Varsity Spirit, LLC sponsored school summer camps for each of the years 2016, 2017,

2018, 2019 and 2020.

Objections and Response to Request No. 75:  Varsity objects to Request No. 75 because it

seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the

needs of the case.  Varsity further objects to Request No. 75 because the term "sponsored school

summer camps" is vague and ambiguous.  Varsity further objects to Request No. 75 because it

seeks documents related to non-cheerleading related products or services, and as such is subject

to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 76:  Please produce a list that would include the identity by name of the

student that purchased or rented, were sized or measured for any type of graduation cap and

gown, the parents name, address, email address and phone number associated with scholastic

sales by your scholastic sales (not All Star sales reps) employees/representatives for each of the

years 2016, 2017, 2018 and 2019.

Objections and Response to Request No. 76:  Varsity objects to Request No. 76 because it

purports to require Varsity to create a list rather than produce documents and thus is an improper

document request.  Varsity further objects to Request No. 76 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case. Varsity further objects to Request No. 76 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 77:  Please produce a list that would include the identity by name of the student that purchased or rented, were sized or measured for any type of graduation cap and gown, the parents name, address, email address and phone number associated with scholastic sales by your scholastic sales (not All Star sales reps) employees/representatives for each of the years 2016, 2017, 2018 and 2019.

Objections and Response to Request No. 77:  Varsity objects to Request No. 77 because it is wholly duplicative of Request No. 76 and otherwise incorporates its objections and response to Request No. 76 by reference.

Request No. 78:  Please produce a list that would include the identity of each school by name, address, email address, phone number, contact person at the school, who attended a Varsity Spirit sponsored camp for each of the years 2016, 2017, 2018 and 2019.

Objections and Response to Request No. 78:  Varsity objects to Request No. 78 because it purports to require Varsity to create a list rather than produce documents and thus is an improper document request.  Varsity further objects to Request No. 78 because the term "sponsored camp" is vague and ambiguous.  Varsity further objects to Request No. 78 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case. Varsity further objects to Request No. 78 to the extent it seeks information related to

non-cheerleading related products or services, and as such is subject to the Motion for Protective

Order.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 79:  Please produce a complete list of every camp company that was either

purchased or acquired by you during the last ten years listing the name of the company and when

so acquired.

Objections and Response to Request No. 79:  Varsity objects to Request No. 79 because it

purports to require Varsity to create a list rather than produce documents and thus is an improper

document request.  Varsity further objects to Request No. 79 because the term "camp company"

is vague and ambiguous.  Varsity further objects to Request No. 79 because it seeks irrelevant

information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.

Varsity further objects to Request No. 79 to the extent it seeks information related to non-

cheerleading related products or services, and as such is subject to the Motion for Protective

Order.

In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 80:  Please produce a complete list of every apparel company that was either

purchased or acquired by you during the last ten years listing the name of the company and when

so acquired.

Objections and Response to Request No. 80:  Varsity objects to Request No. 80 because it

purports to require Varsity to create a list rather than produce documents and thus is an improper

document request.  Varsity further objects to Request No. 80 because the term "apparel

company" is vague and ambiguous. Varsity further objects to Request No. 80 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case. Varsity further objects to Request No. 80 to the extent it seeks information related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 81: Please produce a complete list of every Independent Event Producer who has bids for Worlds that is not owned by Varsity. This list should include the name, address, email address and phone number if known to you.

Objections and Response to Request No. 81: Varsity objects to Request No. 81 because it purports to require Varsity to create a list rather than produce documents and thus is an improper document request. Varsity also objects to Request No. 81 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case. Varsity further objects to Request No. 81 because it should be directed to USASF.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 82: Please produce any and all records that reflect the amount of the rebate given on an annual basis during the years 2016, 2017, 2018, 2019 and 2020 for each of the following gyms (this should include all locations for each of these gyms): Cheer Extreme, Cheer Athletics, Stingray Allstars, California Allstars, East Celebrity, Elite, ICE Athletics, Top Gun, Rockstar, Brandon Allstars, Twist and Shout, ACE Cheer Company, World Cup, Maryland Twisters, Woodlands Elite, Cheer Central, Suns, and Spirit of Texas.

Objections and Response to Request No. 82:  Varsity objects to Request No. 82 because it seeks "any and all records" that reflect the amount of rebate given to certain gyms.  Insofar as the amounts sought are data, producing "any and all records" that show these amounts would be overbroad, unduly burdensome, and disproportionate to the needs of the case.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 83:  Please produce any and all records that reflect the amount of free merchandise given on an annual basis during the years 2016, 2017, 2018, 2019 and 2020 for each of the following gyms (this should include all locations for each of these gyms): Cheer Extreme, Cheer Athletics, Stingray Allstars, California Allstars, East Celebrity, Elite, ICE Athletics, Top Gun, Rockstar, Brandon Allstars, Twist and Shout, ACE Cheer Company, World Cup, Maryland Twisters, Woodlands Elite, Cheer Central, Suns, and Spirit of Texas.

Objections and Response to Request No. 83:  Varsity objects to Request No. 83 because it seeks "any and all records" that reflect the amount of "free merchandise" given to certain gyms. Insofar as the amounts sought are data, producing "any and all records" that show these amounts would be overbroad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 83 because the term "free merchandise" is vague and ambiguous.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 84:  Please produce any and all records that reflect the amount paid by Varsity for fully paid bids (not to be limited to but including entry fees, travel and hotels) to the Worlds competition on an annual basis during the years 2016, 2017, 2018 and 2019 for each of the following gyms (this should include all locations for each of these gyms): Cheer Extreme,

Cheer Athletics, Stingray Allstars, California Allstars, East Celebrity, Elite, ICE Athletics, Top

Gun, Rockstar, Brandon Allstars, Twist and Shout, ACE Cheer Company, World Cup, Maryland

Twisters, Woodlands Elite, Cheer Central, Suns, and Spirit of Texas.

    <u>Objections and Response to Request No. 84</u>:  Varsity objects to Request No. 84 because it

seeks "any and all records" that reflect the amount "for fully paid bids" to Worlds for certain

gyms.  Insofar as the amounts sought are data, producing "any and all records" that show these

amounts would be overbroad, unduly burdensome, and disproportionate to the needs of the case.

    In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

    <u>Request No. 85</u>:  Please produce any memos, emails, letters, marketing, advertising or

documents that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC initiated or

received for establishing the recruiting software tool or app known as CaptainU for connecting

high school athletes with college coaches.

    <u>Objections and Response to Request No. 85</u>:  Varsity objects to Request No. 85 because it

seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the

needs of the case.  Varsity further objects to Request No. 85 because the terms "marketing," and

"advertising" are vague and ambiguous in this context.  Varsity further objects to Request No. 85

because it seeks documents related to non-cheerleading related products or services, and as such

is subject to the Motion for Protective Order.

    In light of Varsity's objections, Varsity will not produce documents in response to this

Request.

Request No. 86:  Please produce any contracts or agreements that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC entered into for purchasing or merging with Stanbury Uniforms.

Objections and Response to Request No. 86:  Varsity objects to Request No. 86 because it seeks irrelevant information.  Varsity further objects to Request No. 86 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 87:  Please produce any memos, emails, letters, marketing, advertising or documents that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC initiated or received for establishing the Varsity Performing Arts for marching bands, pep bands, color guards and percussion groups.

Objections and Response to Request No. 87:  Varsity objects to Request No. 87 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 87 because the terms "marketing," and "advertising" are vague and ambiguous in this context.  Varsity further objects to Request No. 87 because it seeks documents related to non-cheerleading related products or services, and as such is subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 88:  Please produce any contracts or agreements that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC entered into for purchasing or merging with Director's Showcase International (DSI).

Objections and Response to Request No. 88:  Varsity objects to Request No. 88 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 88 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 89:  Please produce any contracts or agreements that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC entered into for purchasing or merging with Team Epic Brands.

Objections and Response to Request No. 89:  Varsity objects to Request No. 89 because it seeks irrelevant information.  Varsity further objects to Request No. 89 because the phrase "Team Epic Brands" is vague and ambiguous.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 90:  Please produce any memos, emails, letters, or documents that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC initiated or received for establishing the Video Media Policy for Varsity sponsored competitions.

Objections and Response to Request No. 90:  Varsity objects to Request No. 90 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 91:  Please produce any memos, emails, letters, or documents that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC initiated or received for establishing the Impact program for rebranding schools.

Objections and Response to Request No. 91:  Varsity objects to Request No. 91 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 91 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 91 because the phrase "initiated or received for establishing the Impact program for rebranding schools" is vague and ambiguous.  Varsity further objects to Request No. 91 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 92:  Please produce any contracts or agreements that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC entered into with Largo High School for rebranding their school.

Objections and Response to Request No. 92:  Varsity objects to Request No. 92 because it seeks irrelevant information.  Varsity further objects to Request No. 92 because it seeks

documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

<u>Request No. 93</u>:  Please produce any contracts or agreements that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC entered into for purchasing or merging with JamBrands.

<u>Objections and Response to Request No. 93:</u>  Varsity objects to Request No. 93 because it seeks irrelevant information.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

<u>Request No. 94</u>:  Please produce any memos, emails, letters, or cancellation agreement documents that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC initiated or received for canceling the business relationship with Nfinity or relating to starting to manufacture and to sell your own line of sneakers or athletic foot wear.

<u>Objections and Response to Request No. 94</u>:  Varsity objects to Request No. 94 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 94 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 94 because the phrase "relating to starting to manufacture and to sell your own line of sneakers or athletic foot wear" is vague and ambiguous.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 95:  Please produce any contracts or agreements that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC entered into for purchasing or merging with American Cheerleader magazine.

Objections and Response to Request No. 95:  Varsity objects to Request No. 95 because it seeks irrelevant information.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 96:  Please produce copies of any insurance policies sold by Varsity Brands, LLC or any subsidiary of Varsity Brands, LLC to schools or universities with limiting language that would only insure teams that were attending a Varsity sponsored competition.

Objections and Response to Request No. 96:  Varsity objects to Request No. 96 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 96 because the phrase "with limiting information that would only insure teams that were attending a Varsity sponsored competition" is vague and ambiguous.

Subject to and without waiving its objections, Varsity responds that it has no documents responsive to this request.

Request No. 97:  Please produce any contracts or agreements that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC entered into for a strategic alliance with the National Federation of State High School Association.

Objections and Response to Request No. 97:  Varsity objects to Request No. 97 because it does not describe with reasonable particularity each item or category of items to be inspected. Varsity further objects to Request No. 97 because it seeks irrelevant information, is overly broad,

unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 97 because the term "strategic alliance" is vague and ambiguous.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 98:  Please produce any contracts or agreements that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC entered into for leasing a venue for holding a cheerleading competition during the years 2016, 2017, 2018, 2019 and 2020 with any venues located in Georgia, Florida, Tennessee, or Alabama.

Objections and Response to Request No. 98:  Varsity objects to Request No. 98 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 99:  Please produce any contracts or agreements that Varsity Brands, LLC, or any subsidiary of Varsity Brands, LLC entered into for purchasing or merging with Intropa International Tours/USA.

Objections and Response to Request No. 99:  Varsity objects to Request No. 99 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 100:  Please produce any and all financial records or financial documents that reflect the amount of money earned by Varsity Brands, LLC or any subsidiary of Varsity

Brands, LLC and Varsity Intropa Tours for either travel, tickets or hotels charged to either gyms

or parents of competition cheerleaders, parents of school cheerleaders, school bands or school

color guards, for the years 2016, 2017, 2018, 2019 or 2020.

 Objections and Response to Request No. 100:  Varsity objects to Request No. 100

because it seeks "any and all records" that reflect the "amount of money earned."  Insofar as the

amounts sought are data, producing "any and all records" that show these amounts would be

overbroad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further

objects to Request No. 100 because the phrase "money earned" is vague and ambiguous in this

context.  Varsity further objects to Request No. 100 because it seeks information related to

non-cheerleading related products or services, and as such is subject to the Motion for Protective

Order.

 In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain

what information is sought by this Request, Varsity will not produce documents in response to

this Request.

 Request No. 101:  Please produce any and all records, contracts, agreements and financial

documents that reflect any type of arrangement between Varsity Brands, LLC or any subsidiary

of Varsity Brands, LLC and Varsity Intropa Tours that have existed since 2010.

 Objections and Response to Request No. 101:  Varsity objects to Request No. 101

because it is duplicative of Request No. 26 and otherwise incorporates its objections and

response to Request No. 26 by reference.

 Request No. 102:  Please produce any and all contracts, documents, memos, letters, or

any agreements between Jeff Webb, Varsity Brands, LLC, any subsidiary of Varsity Brands,

LLC, USASF or USA Federation for Sport Cheering (USA Cheer) and Disney World Resort or
Disneyland which were entered into during the years 2016, 2017, 2018, 2019 and 2020.

     <u>Objections and Response to Request No. 102</u>:  Varsity objects to Request No. 102
because it does not describe with reasonable particularity each item or category of items to be
inspected.  Varsity further objects to Request No. 102 because it seeks irrelevant information, is
overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further
objects to Request No. 102 because the phrase "documents, memos, letters" is vague and
ambiguous insofar as the request appears to be seeking contracts and agreements between the
listed entities and "Disney World Resort" or "Disneyland."

     In light of Varsity's objections and in light of the fact that Varsity is unable to ascertain
what information is sought by this Request, Varsity will not produce documents in response to
this Request.

     <u>Request No. 103</u>:  Please produce any records that would reflect how many athletes
attended Varsity sponsored competitions for each of the years 2016, 2017, 2018, 2019 and 2020.

     <u>Objections and Response to Request No. 103</u>:  Varsity objects to Request No. 103
because it seeks irrelevant information, is overly broad, unduly burdensome, and
disproportionate to the needs of the case.  Varsity further objects to Request No. 103 because the
phrase "Varsity sponsored competitions" is vague and ambiguous.  Varsity further objects to
Request No. 103 because it seeks documents related to non-cheerleading related products or
services, and as such is the subject to the Motion for Protective Order.

     In light of Varsity's objections, Varsity will not produce documents in response to this
Request.

Request No. 104:  Please produce any records that would reflect how many athletes attended Varsity sponsored school competitions for each of the years 2016, 2017, 2018, 2019 and 2020.

Objections and Response to Request No. 104:  Varsity objects to Request No. 104 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 104 because the phrase "Varsity sponsored school competitions" is vague and ambiguous.  Varsity further objects to Request No. 104 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 105:  Please produce any records that would reflect how many Varsity sponsored competitions were held for each of the years 2016, 2017, 2018 and 2019.

Objections and Response to Request No. 105:  Varsity objects to Request No. 105 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 105 because the phrase "Varsity sponsored competitions" is vague and ambiguous.  Varsity further objects to Request No. 105 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Request No. 106:  Please produce any records that would reflect how many Varsity sponsored summer training camps were held for each of the years 2016, 2017, 2018 and 2019.

<u>Objections and Response to Request No. 106</u>:  Varsity objects to Request No. 106 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 106 because the phrase "Varsity sponsored summer training camps" is vague and ambiguous.  Varsity further objects to Request No. 106 because it seeks documents related to non-Cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

<u>Request No. 107</u>:  Please produce any records that would reflect how many Varsity sponsored school summer training camps were held for each of the years 2016, 2017, 2018 and 2019.

<u>Objections and Response to Request No. 107</u>:  Varsity objects to Request No. 107 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 107 because the phrase "Varsity sponsored school summer training camps" is vague and ambiguous.  Varsity further objects to Request No. 107 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

<u>Request No. 108</u>:  Please produce any records that would reflect how many athletes attended Varsity sponsored summer camps for each of the years 2016, 2017, 2018, 2019 and 2020.

<u>Objections and Response to Request No. 108</u>:  Varsity objects to Request No. 108 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 108 because the phrase "Varsity sponsored summer camps" is vague and ambiguous.  Varsity further objects to Request No. 108 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

<u>Request No. 109</u>:  Please produce any records that would reflect how many athletes attended Varsity sponsored school summer camps for each of the years 2016, 2017, 2018, 2019 and 2020.

<u>Objections and Response to Request No. 109</u>:  Varsity objects to Request No. 109 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 109 because the phrase "Varsity sponsored school summer camps" is vague and ambiguous.  Varsity further objects to Request No. 109 because it seeks documents related to non-cheerleading related products or services, and as such is the subject to the Motion for Protective Order.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

<u>Request No. 110</u>:  Please produce a complete set of the USASF rules governing Cheer that was used for 2016, 2017, 2018, 2019 and 2020. This includes any updates, changes or directives issued during those years.

<u>Objections and Response to Request No. 110</u>:  Varsity objects to Request No. 110 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.

In light of Varsity's objections, Varsity will not produce documents in response to this Request, which is in any event better directed at USASF.

<u>Request No. 111</u>:  Please produce a complete set of the USA Federation for Sport Cheering (USA Cheer) rules governing Cheer that was used for 2016, 2017, 2018, 2019 and 2020. This includes any updates, changes or directives issued during those years.

<u>Objections and Response to Request No. 111</u>:  Varsity objects to Request No. 111 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.

In light of Varsity's objections, Varsity will not produce documents in response to this Request, which is in any event better directed at USA Cheer.

<u>Request No. 112</u>:  Produce any and all documents, agreements or contracts that relate to or establish the creation of USA Federation for Sport Cheering (USA Cheer) from the year 2006 until the present.

<u>Objections and Response to Request No. 112</u>:  Varsity objects to Request No. 112 because it does not describe with reasonable particularity each item or category of items to be inspected.  Varsity objects to Request No. 112 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects to Request No. 112 because the phrase "relate to or establish the creation of" is vague and ambiguous.

In light of Varsity's objections, Varsity will not produce documents in response to this Request.

Dated: March 29, 2021

George S. Cary*
Alexis Collins*
Steven J. Kaiser*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
alcollins@cgsh.com
skaiser@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC*