## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

AMERICAN SPIRIT AND CHEER
ESSENTIALS, INC., et.al.,

                Plaintiffs,

v.

VARSITY BRANDS, LLC, et.al.,

                Defendants,

CIVIL ACTION
FILE NUMBER:
2:20-cv-02782-SHL- tmp

**REQUEST FOR PRODUCTION
OF DOCUMENTS TO ALL
DEFENDANTS**

### PLAINTIFF'S REQUEST FOR
### PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 34 Plaintiff requests that all Defendants, produce and permit Plaintiffs to inspect and copy the following documents by producing same in accordance with the Agreed ESI Protocol (ECF No. 97-2).   These document requests are continuing in nature and must be supplemented as required by Fed. R. Civ. P. 26 (b)(e).

### DEFINITIONS

1.      "AACCA" means The American Association of *Cheerleading* Coaches and Administrators and all predecessors, successors, subsidiaries,

departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, employees, agents, representatives, or any persons acting or authorized to act on their behalf.

2.      "Agreement" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

3.      "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

4.      "All-Star Cheer" means a discipline of cheerleading in which routines composed of tumbling, stunting, pyramids, and dance are performed by teams of athletes affiliated with All-Star Gyms (as opposed to schools, clubs, or government entities).

5.      "All-Star Gym" means any private enterprise that trains teams of athletes to perform All-Star Cheer routines in competitions.

6.      "And" and "or" should be construed to require the broadest possible response. If, for example, a Request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

7.     "Any" shall be construed to mean "any and all."

8.     "Bid" means an official offer from an Event Producer inviting an All-Star Cheer or School Cheer team to attend a Championship or School Cheer competition.

9.     "Camp" means any camp at which athletes and teams practice Competitive Cheer or dance skills and develop cheerleading or dance routines for School Cheer or All-Star Cheer.

10.     "Championship" means any of the nationally recognized All-Star Cheer championship competitions in the United States, including but not limited to the Cheerleading Worlds, The Summit, School State and National or the U.S. Finals or other national championship competitions.

11.     "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, text messages, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party, but the other party does not necessarily respond.

12.     "Competitive Cheer" means an activity in which teams of athletes perform routines composed of cheerleading moves or routines, including but not limited to, tumbling, stunting, pyramids, and synchronized

dance, and in the case of School Cheer, elements of traditional sideline cheer such as band chants, fight songs, and motivational cheers.

13.    "Complaint" means the July 24, 2020 Complaint in *American Spirit and Cheer Essentials, Inc., et. al. v. Varsity Brands, LLC, et. al. Case No. 2:20-cv-02782-SHL-tmp*, (ECF No. 1), or any future amended complaint(s) filed in the above-captioned action.

14.    The terms "concerning," "reflecting," "regarding," and "relating to" are used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reporting, stating, or summarizing.

15.    "Defendant" means any Defendant named in the Complaint or any amended complaint filed in this action.

16.    "Document" and "Records" means the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. A reference to "document(s)"  or "Records" shall include both ESI and hard-copy documents, as defined herein: 1) "Document Family" refers to a group of related ESI that includes parent and child documents as maintained in the ordinary course of business (e.g., a parent email and any attachments thereto). 2) "Electronically stored information" or

"ESI," as used herein, means, as referenced in the Federal Rules of Civil Procedure, information that is stored electronically, regardless of the media or whether it is in the original format in which it was created, as opposed to stored in hard copy (i.e., on paper). 3) "Extracted Text" means the text extracted from an electronic document and includes all header, footer and document body information when reasonably available. 4) "Hard Copy Document" means a document collected from physical files (paper) and not from electronic sources. 5) "Media" means an object or device, real or virtual, including but not limited to a disc, tape, computer or other device on which data is or was stored. 6) "Metadata" is used to describe the structural information of a file that contains data about the file, as opposed to describing the content of a file. The Metadata fields to be produced are listed in Exhibit 1. Case 2:20-cv-02600-SHL-cgc Document 72 Filed 10/29/20 Page 2 of 17 PageID 486 3. 7) "Native" or "Native Format" means and refers to the format of ESI in the application in which it was originally created and/or as used by the Producing Party in the usual course of its business and in its regularly conducted activities. 8) "OCR text" means text generated through Optical Character Recognition Process of image/bitmap picture representation of the documents. 9) "Producing Party" means or refers to any party in the litigation from which production of ESI or hard copy documents are sought. 10)

"Receiving Party" means or refers to any party in the litigation seeking production of ESI or hard copy documents.          "Event" means a cheerleading or dance competition, including Championship events, involving School Cheer teams, All-Star Cheer teams, or both from which production of ESI or hard copy documents are sought.

17.    "Event Producer" means any entity or person, including independent event producers (IEP's), who finances, operates, organizes, or advertises an Event related to School Cheer or All-Star Cheer.

18.    "IASF" means International All-Star Federation and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, employees, agents, representatives, or any persons acting or authorized to act on their behalf.

19.    "IMPACT Program" or "VIP Branding" or "New School Construction Program" refers to Varsity school partnership programs, sometimes referred to as the "All School" program.

20.    "NCA" means the National Cheerleading Association and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they

manage or control, together with all present and former directors, members, officers, employees, agents, representatives, or any persons acting or authorized to act on their behalf.

21.    "NFHS" means National Federation of State High Schools Association and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, employees, agents, representatives, or any persons acting or authorized to act on their behalf.

22.    "School" means public or private junior high, high school, college, or university, including school districts and state government entities that oversee the high school, college, and university system, together with all present and former officers, employees, agents, representatives, or any persons acting or authorized to act on their behalf.

23.    "School Cheer" means a discipline of cheerleading in which routines composed of tumbling, stunting, pyramids, dance, and elements of traditional sideline cheer such as band chants, fight songs, and motivational cheers are performed by teams of Athletes affiliated with Schools.

24.    "School Cheer Competition" means nationally recognized School Cheer competitions in the United States, including but not limited to:

UCA National High School Cheerleading Championship; UCA National College Championship; UDA National College Championship; NCA National High School Cheerleading Championship; NCA College National Championship; and NDA College National Championship.

25.    "UCA" means Universal Cheerleading Association, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, employees, agents, representatives, or any persons acting or authorized to act on their behalf.

26.    "USA Cheer" means the USA Federation for Sport Cheering and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, employees, agents, representatives, or any persons acting or authorized to act on their behalf.

27.    "USASF" means the U.S. All Star Federation, Inc. and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members,

officers, employees, agents, representatives, or any persons acting or authorized to act on their behalf.

28.    "Varsity" means Varsity Brands, LLC, BSN Sports, LLC, Stanbury Uniforms, LLC, Herff Jones, LLC, Varsity Intropa Tours, LLC, Varsity Brands Holding Co., Inc., Varsity Spirit, LLC, Varsity Spirit Fashion & Supplies, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which they manage or control, together with all present and former directors, members, officers, employees, agents, representatives, or any persons acting or authorized to act on their behalf.

29.    The terms "You," or "Your," means the persons or entities upon whom these Request are served.

## **INSTRUCTIONS**

1.    The Definitions above are provided only for purposes of discovery, in conformance with Rule 45 of the Federal Rules of Civil Procedure and are not intended to be used for any purpose other than discovery. Plaintiffs reserve the right to modify these Definitions or utilize different Definitions for any other purpose.

2.     The Definitions and the Requests are to be fully construed broadly of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3.     All words not defined in the Definitions shall be construed using their plain and ordinary meaning. If more than one meaning can be ascribed to a word, the meaning that would make a Document be covered by the Requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the Request.

4.     In answering and responding to these Requests, you shall furnish such information and Documents in Your possession, custody or control, including information that is in the possession, custody or control of your agents, consultants, accountants, investigators, and (subject to any otherwise applicable privileges) attorneys.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the document number, bates stamp or ESI protocol numbers for the referenced documents that were already produced.

5.     Each Request herein shall be construed independently. No Request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

6.      Where the context in a Request makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.

7.      Your obligation to respond to these Requests is a continuing one. If, after responding to these Requests, You obtain or become aware of any new or additional information pertaining to a request contained herein, You must supplement Your answer in accordance with Federal Rules of Civil Procedure 45.

8.      Documents should be produced in accordance with the terms of the Stipulated Protective Order and the Stipulation Regarding Production of Electronically Stored Information ("ESI Protocol") (ECF No. 97-2).

9.      If there are no Documents or other things responsive to any particular Request, your response shall state so in writing.

10.     If any Document is withheld, in whole or in part, due to a claim of privilege of any kind, please provide a privilege log that sets forth separately with respect to each Document: (a) the nature of the privilege or ground of confidentiality claimed; (b) the author(s) of the Document (designating which, if any, are attorneys); (c) the title of the Documents (or subject line if the Document in an email); (d) the recipient(s) of the Document, including all persons who received copies of the Document (designating

which, if any, are attorneys); (e) a description of the Document (or redacted portion of the Document) as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure; (f) the Bates range of the Document; and (g) the privilege log reference number. Any privilege log or list is to be produced in an Excel spreadsheet or other format capable of electronic sorting.

Unless otherwise noted herein, the relevant time period for these Requests is January 1, 2015 to the present (the "Relevant Time Period"). These Requests seek all responsive Documents created or generated during the Relevant Time Period.

If any of the requested documents are duplicative or cumulative of prior discovery requested in  Fusion Elite All Stars, et. al. v. Varsity Brands, LLC, et. al., Civ. Action No. 2:20-cv-2600 (W.D. Tenn. ) or Jessica Jones, et. al. v. Bain Capital Private Equity, et. al., Civ. Action No.  2:20-cv-02892 , then, in that case, just respond  that the information and/or documents have already been produced through the coordinated discovery agreement between the three cases.

## REQUESTS FOR PRODUCTION

### 1.

Produce for inspection all IMPACT program agreements, VIP Branding agreements or New School Construction Program agreements entered with any junior high, high school or college from 2015 to the present.  If you should answer

that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

2.

Produce any records, dec presentations, sales presentations or documents that reflect the word "market share" relating to school sales of cheerleading uniforms, cheer shoes/sneakers or cheer merchandise or the business done by Defendants in the school market for cheer sales from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

3.

Produce any documents or records that establish any sponsorship agreements by Defendants of any state school athletic or coaches' annual conventions or any conventions held by the National Federation of State High Schools (NFHS) from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

4.

Produce any documents or records that establish agreements between Defendants and the National Federation of State High Schools (NFHS) from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

5.

Produce any letters authored by any of the Defendants threatening an individual competitor or business competitor with litigation, restraining order, injunction or other legal proceeding from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

6.

Produce all records that discuss or relate to the school "Spirit Awards" referenced on Defendants web sites. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

7.

Produce all sales records or sales documents for graduation regalia to include caps and gowns, class or championship rings, tassels or graduation announcements from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

8.

Produce all documents or records that reflect or show the names of the competitors of Defendants in the scholastic cheer market for the years 2016, 2017, 2018, 2019 and 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

9.

Produce all records or documents that evidence or show due diligence for the acquisition of any of the Defendants school related businesses by Bain (or any subdivision of Bain Capital).  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by

referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

10.

Produce all records or documents that mention or reflect anything regarding Defendants competitor N'finity in the school cheer market from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

11.

Produce all records or documents that mention or reflect anything regarding Defendants competitor Rebel in the school cheer market from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

12.

Produce all records or documents that mention or reflect anything regarding Defendants competitor NIKE in the school cheer market from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

13.

Produce all records or documents that mention or reflect anything regarding any other competitor of Defendants in the school cheer market from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

14.

Produce any records or documents that mention or reflect any school cheer related sales made by Defendants for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

15.

Produce any records or documents that mention or reflect American Spirit and Cheer Essentials, Inc., Rockstar Championships, LLC or Jeff & Craig Cheer, LLC, d/b/a Jeff and Craig Camps from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the

referenced documents that were already produced.

16.

Produce any records or documents that mention or reflect any school camp related sales made by Defendants for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

17.

Produce any records or documents that mention or reflect any school cheer competition related sales made by Defendants for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

18.

Produce any records or documents that mention or reflect annual sales figures for Allstar cheer uniforms, sneakers, or cheer merchandise for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already

produced.

19.

Produce any records or documents that mention or reflect annual sales figures for school cheer uniforms, sneakers, or cheer merchandise for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

20.

Produce any records or documents that mention or reflect annual sales figures for Allstar cheer competitions for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

21.

Produce any records or documents that mention or reflect annual sales figures for school cheer competitions for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

22.

Produce any records or documents that mention or reflect annual sales figures
for school cheer camps for the years 2016, 2017, 2018, 2019 or 2020.  If you should
answer that the requested documents have already been provided, then, in that event,
please identify those records by referencing the bates stamp or ESI protocol numbers
for the referenced documents that were already produced.

23.

Produce any records or documents that mention or reflect annual sales figures
for Allstar cheer camps for the years 2016, 2017, 2018, 2019 or 2020.  If you should
answer that the requested documents have already been provided, then, in that event,
please identify those records by referencing the bates stamp or ESI protocol numbers
for the referenced documents that were already produced.

24.

Produce any records or documents that mention or reflect annual sales figures
for school class rings, competition rings, caps and gowns, tassels, and/or graduation
regalia for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the
requested documents have already been provided, then, in that event, please identify
those records by referencing the bates stamp or ESI protocol numbers for the
referenced documents that were already produced.

Respectfully submitted,

 /s/  Robert A. Falanga
Robert A. Falanga, Esq.
Georgia Bar No. 254400

*/s/ Kobelah S. Bennah*
Kobelah S. Bennah
Georgia Bar No. 378113

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Place, Suite C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
Robert@FalangaLaw.com
kobelah@falangalaw.com

## <u>PLAINTIFF'S CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served all counsel to this action with a copy of Plaintiff's Requests to Produce directed to all Defendants for the above-styled case by either hand delivering same, by e-file  and/or by depositing a copy of them in the United States mail in a properly addressed envelope with adequate postage affixed thereto as follows:

Adam S. Baldridge
Nicole D. Berkowitz
Grady M. Garrison
Matthew Sinon Mulqueen
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103

Edward L. Stanton, III
BUTLER SNOW LLP
6075 Poplar Avenue
Suite 500
Memphis, TN 3119

George Cary
Steven J. Kaiser
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037

Paul Edward Coggins
Brendon Patrick Gaffney
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

This __24th__ day of __August__, 2022.

                                 __S/ Robert A. Falanga_____
                                 Robert A. Falanga
                                 Attorney for the Plaintiffs
                                 Georgia Bar No.: 254400

LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Place, Suite C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
RobertFalanga@FalangaLaw.com
kobelah@falangalaw.com