**United States District Court**
**Western District of Tennessee**

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, ET AL.<br><br>                    Plaintiffs,<br>        v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>                    Defendants. | **Case No. 2:20-cv-02782-SHL-tmp** |

**DEFENDANTS VARSITY BRANDS, LLC; BSN SPORTS, LLC; STANBURY UNIFORMS, LLC; HERFF JONES, LLC; VARSITY INTROPA TOURS, LLC; VARSITY SPIRIT, LLC; VARSITY BRANDS HOLDING CO., INC.; AND VARSITY SPIRIT FASHION & SUPPLIES, LLC RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Under Rule 34 of the Federal Rules of Civil Procedure, Defendants Varsity Brands, LLC; BSN Sports, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Varsity Intropa Tours, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC (collectively, "Varsity") hereby respond to Plaintiff's Request for Production of Documents to All Defendants.

## OBJECTIONS TO DEFINITIONS

Varsity notes that the term "AACCA" does not appear in any Request. Varsity accordingly has disregarded the purported definition of this term but reserves its right to object to such definition if used in other contexts.

Varsity objects to the definition of "All-Star Cheer" contained in Definition 4 as vague and ambiguous. Varsity will interpret this term as it does in the ordinary course of its business.

Varsity notes that the term "All-Star Gym" does not appear in any Request.  Varsity accordingly has disregarded the purported definition of this term but reserves its right to object to such definition if used in other contexts.

Varsity notes that the term "Bid" does not appear in any Request.  Varsity accordingly has disregarded the purported definition of this term but reserves its right to object to such definition if used in other contexts.

Varsity objects to the inclusion of "dance" within the definition of "Camp" in Definition 9.  Varsity will exclude "dance" from the definition of "Camp."

Varsity objects to the definition of "Championship" in Definition 10 in that it refers to the vague and undefined criteria "nationally recognized" and "School State and National."  Varsity will interpret the term "Championship" as referring to the USASF Cheerleading Worlds, the Summit, and the U.S. Finals.

Varsity notes that the term "Competitive Cheer" does not appear in any Request.  Varsity accordingly has disregarded the purported definition of this term but reserves its right to object to such definition if used in other contexts.

Varsity objects to Definition 14 as confusing, vague, ambiguous, and seeking to impose an undue burden.  Varsity will interpret the terms therein as commonly used in the English language.

Varsity objects to the definition of "Defendant" in Definition 15.  Varsity will respond only as to itself as required under the Federal Rules of Civil Procedure.

Varsity objects to the definitions of "Document" and "Records" in Definition 16 to the extent they differ from the definitions in the agreed ESI protocol and will interpret the terms as

defined in the agreed ESI protocol.  Varsity further objects to the definition of "Event" in Definition 16 and will interpret that term as it does in the ordinary course of its business.

Varsity notes that the term "Event Producer" does not appear in any Request.  Varsity accordingly has disregarded the purported definition of this term but reserves its right to object to such definition if used in other contexts.

Varsity notes that the term "IASF" does not appear in any Request.  Varsity accordingly has disregarded the purported definition of this term but reserves its right to object to such definition if used in other contexts.

Varsity objects to the definitions of "IMPACT Program," "VIP Branding," and "New School Construction Program" in Definition 19 and will interpret those terms as it does in the ordinary course of its business.

Varsity notes that the term "NCA" does not appear in any Request.  Varsity accordingly has disregarded the purported definition of this term but reserves its right to object to such definition if used in other contexts.

Varsity objects to the definition of "NFHS" in Definition 21 and will interpret the term "NFHS" as the National Federation of State High School Associations and its known employees, officers, and directors, acting as such.

Varsity objects to the term "School" in Definition 22 as unnatural in including "state government entities that oversee the high school, college, and university system" and as vague and ambiguous as to "agents" and "representatives."  Varsity will interpret the term as officers and employees of schools acting as such.

Varsity objects to the term "School Cheer" in Definition 23 as vague and ambiguous and will interpret the term as it does in the ordinary course of its business.

Varsity objects to the definition of "School Cheer Competition" in Definition 24 in that it refers to the vague and undefined criteria "nationally recognized." Varsity will interpret the term as encompassing the competitions listed.

Varsity notes that the term "UCA" does not appear in any Request. Varsity accordingly has disregarded the purported definition of this term but reserves its right to object to such definition if used in other contexts.

Varsity notes that the term "USA Cheer" does not appear in any Request. Varsity accordingly has disregarded the purported definition of this term but reserves its right to object to such definition if used in other contexts.

Varsity notes that the term "USASF" does not appear in any Request. Varsity accordingly has disregarded the purported definition of this term but reserves its right to object to such definition if used in other contexts.

Varsity objects to the definition of "Varsity" in Definition 28 will interpret those terms as encompassing Varsity Brands, LLC; BSN Sports, LLC; Stanbury Uniforms, LLC; Herff Jones, LLC; Varsity Intropa Tours, LLC; Varsity Brands Holding Co., Inc.; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC; any entities under the legal control of those entities; and any of their known employees, officers, and directors, acting as such.

## OBJECTIONS TO INSTRUCTIONS

Varsity objects to Instruction 1 because it references Rule 45 of the Federal Rules of Civil Procedure, which is not the applicable Rule for seeking documents from a party to the litigation. Varsity will interpret this instruction as instead referring to Rule 34 of the Federal Rules of Civil Procedure, which Plaintiffs cite as the Rule under which they are seeking documents at the beginning of their Request for Production.

Varsity objects to Instructions 2 and 3 as vague and ambiguous and seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure.  Varsity will respond in accordance with the Federal Rules of Civil Procedure and/or order of the Court.  Varsity will not undertake to define broad meanings of terms to include documents that would not otherwise be included.

Varsity objects to Instruction 4 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure.  Varsity specifically disclaims any obligation to identify documents previously produced and will not do so.  Without in any way limiting the foregoing, Varsity further objects to Instruction 4 and to all of the Requests to the extent they are intended to apply to information or documents that are not available in the ordinary course of Varsity's business, for example archive and/or disaster recovery backups of electronic data.

Varsity objects to Instruction 6 because the phrase "Where the context in a Request makes it appropriate" is vague and ambiguous.  Varsity will disregard Instruction 6.

Varsity objects to Instruction 7 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure and specifically disclaims any obligation to produce documents created after June 30, 2020.  Varsity further notes Rule 45 of the Federal Rules of Civil Procedure is inapplicable.

Varsity agrees with Instruction 8 but notes that Plaintiffs have entirely failed to follow the ESI Protocol in this case.

Varsity objects to Instruction 9 as seeking to impose unduly burdensome obligations that are beyond those required by the Federal Rules of Civil Procedure. Varsity will respond in accordance with the Federal Rules of Civil Procedure and will disregard Instruction 9 in its entirety.

Varsity objects to Instruction 10 to the extent it is inconsistent with the Parties' Agreed

ESI Protocol.  Although Plaintiffs have completely failed to comply with the Parties' Agreed ESI

Protocol, Varsity will comply with the Parties' Agreed ESI Protocol and will otherwise disregard

Instruction 10.  Varsity also objects to Instruction 10's reference to other ongoing actions as

seeking to impose obligations beyond those required by the Federal Rules of Civil Procedure and

the orders of the Court.  Varsity will not comply with this instruction.

## **GENERAL OBJECTIONS**

Varsity objects to the Requests to the extent that they purport to impose any obligations

upon Varsity that differ from, exceed the scope of, or are in addition to those imposed by the

Federal Rules of Civil Procedure, applicable local rules, or any other applicable laws or rules.  In

responding to these requests, Varsity will comply with the Federal Rules of Civil Procedure and

otherwise rejects any further obligation on its part.

Varsity objects to the time period and the definition of "Relevant Time Period."  Any

request for documents after June 30, 2020 would be overly broad, unduly burdensome, and

disproportional to the needs of the case.  To the extent Varsity produces documents in response to

the requests, Varsity will only do so for documents created during the period January 1, 2015 to

June 30, 2020.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to

topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To

the extent any Request seeks information not the subject of the Court's Protective Order of June

1, 2021, including any document on the subject of cheerleading (other than "athletic equipment

or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No.

236), discovery has closed, and Varsity will not produce further documents in response to any

such Request to that extent.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the

promulgation of requests to bring any disputes regarding Varsity's objections to those requests to

the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any

such disputes to the Court in accordance with its Order, Varsity is not required to produce any

discovery encompassed by the prior Requests for Production, dated January 28, 2022 and

February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over

BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those

entities are accordingly not required to produce any discovery encompassed by the Request for

Production dated February 10, 2021.  Varsity accordingly will not produce any documents

encompassed by those earlier discovery requests beyond that which it has already produced.

<u>**OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**</u>

<u>Request No. 1</u>:  Produce for inspection all IMPACT program agreements, VIP Branding

agreements or New School Construction Program agreements entered with any junior high, high

school or college from 2015 to the present.  If you should answer that the requested documents

have already been provided, then, in that event, please identify those records by referencing the

bates stamp or ESI protocol numbers for the referenced documents that were already produced.

<u>Objections and Response to Request No. 1</u>:  Discovery in this case closed on April 18,

2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective

Order of June 1, 2021.  (ECF No. 132.)  To the extent any Request seeks information not the

subject of the Court's Protective Order of June 1, 2021, including any document on the subject of

cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting –

including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution. The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021. (ECF No. 177.) Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Requests for Production, dated February 10, 2021. Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

In light of Varsity's objections, Varsity will not produce further documents in response to this Request. Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 2: Produce any records, dec [sic] presentations, sales presentations or documents that reflect the word "market share" relating to school sales of cheerleading uniforms, cheer shoes/sneakers or cheer merchandise or the business done by Defendants in the school market for cheer sales from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by

8

referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

        Objections and Response to Request No. 2:  Varsity objects to Request for Production No. 2 because it seeks irrelevant information, is overly broad, unduly burdensome, and disproportionate to the needs of the case.

        Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

        Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021.  Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Varsity further objects to this Request as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed.  In light of this and Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 3:  Produce any documents or records that establish any sponsorship agreements by Defendants of any state school athletic or coaches' annual conventions or any conventions held by the National Federation of State High Schools (NFHS) from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 3:  Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to

the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021.  Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

In light of Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 4:  Produce any documents or records that establish agreements between Defendants and the National Federation of State High Schools (NFHS) from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 4:  Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's protective order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of

11

cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting –

including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not

produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the

promulgation of requests to bring any disputes regarding Varsity's objections to those requests to

the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any

such disputes to the Court in accordance with its order, Varsity is not required to produce any

discovery encompassed by the prior Requests for Production, dated January 28, 2022 and

February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over

BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those

entities are accordingly not required to produce any discovery encompassed by the Request for

Production, dated February 10, 2021.  Varsity accordingly will not produce any documents

encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period

January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates,

inclusive.

In light of Varsity's objections, Varsity will not produce further documents in response to

this Request.  Varsity otherwise reserves its rights, including the right to interpose additional

objections should a further response be deemed to be required.

Request No. 5:  Produce any letters authored by any of the Defendants threatening an

individual competitor or business competitor with litigation, restraining order, injunction or other

legal proceeding from 2015 to the present.  If you should answer that the requested documents

have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 5:  Varsity objects to Request for Production No. 5 because it seeks irrelevant information, and is unduly burdensome, overly broad, and disproportionate to the needs of the case.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's protective order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021.  Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

In light of Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 6:  Produce all records that discuss or relate to the school "Spirit Awards" referenced on Defendants web sites.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 6:  Varsity objects to Request for Production No. 6 because it seeks wholly irrelevant information, and is unduly burdensome, overly broad, and disproportionate to the needs of the case.  Varsity further objects to Request No. 6 because the phrase "school 'Spirit Awards' referenced on Defendants web sites" is vague and ambiguous.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

In light of Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 7:  Produce all sales records or sales documents for graduation regalia to include caps and gowns, class or championship rings, tassels or graduation announcements from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 7:  Varsity objects to Request for Production No. 7 because it is unduly burdensome, overly broad, and disproportionate to the needs of the case.  Varsity further objects to Request No. 7 because the terms "sales records" and "sales documents" are vague and ambiguous.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021.  Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

In light of Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 8:  Produce all documents or records that reflect or show the names of the competitors of Defendants in the scholastic cheer market for the years 2016, 2017, 2018, 2019 and 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 8:  Varsity objects to Request for Production No. 8 because the term "show the names of the competitors" is vague and ambiguous.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those

entities are accordingly not required to produce any discovery encompassed by the Request for

Production, dated February 10, 2021.  Varsity accordingly will not produce any documents

encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period

January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates,

inclusive.

Varsity further objects to this Request as seeking the production of documents that are

largely or entirely duplicative of documents previously sought, as to which production is

completed.  In light of this and Varsity's objections, Varsity will not produce further documents

in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose

additional objections should a further response be deemed to be required.

Request No. 9:  Produce all records or documents that evidence or show due diligence for

the acquisition of any of the Defendants school related businesses by Bain (or any subdivision of

Bain Capital).  If you should answer that the requested documents have already been provided,

then, in that event, please identify those records by referencing the bates stamp or ESI protocol

numbers for the referenced documents that were already produced.

Objections and Response to Request No. 9:  Per the Scheduling Order in this case (ECF

No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes

regarding Varsity's objections to those requests to the Court for resolution.  The Court has

already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance

with its Order, Varsity is not required to produce any discovery encompassed by the prior

Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)

Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to

Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021. Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity further objects to this Request as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed.  In light of this and Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 10:  Produce all records or documents that mention or reflect anything regarding Defendants competitor N'finity in the school cheer market from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 10:  Varsity objects to Request for Production No. 10 because it is unduly burdensome, overly broad, and disproportionate to the needs of the case.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over

BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021.  Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Moreover, Varsity notes that Request for Production No. 10 is duplicative of and subsumed by Request No. 13 below.

Varsity further objects to this Request as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed.  In light of this and Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 11:  Produce all records or documents that mention or reflect anything regarding Defendants competitor Rebel in the school cheer market from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 11:  Varsity objects to Request for Production No. 11 because it is unduly burdensome, overly broad, and disproportionate to the needs of the case.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the
promulgation of requests to bring any disputes regarding Varsity's objections to those requests to
the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any
such disputes to the Court in accordance with its Order, Varsity is not required to produce any
discovery encompassed by the prior Requests for Production, dated January 28, 2022 and
February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over
BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those
entities are accordingly not required to produce any discovery encompassed by the Request for
Production, dated February 10, 2021.  Varsity accordingly will not produce any documents
encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period
January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates,
inclusive.

Moreover, Varsity notes that Request for Production No. 11 is duplicative of and
subsumed by Request No. 13 below.

Varsity further objects to this Request as seeking the production of documents that are
largely or entirely duplicative of documents previously sought, as to which production is
completed.  In light of this and Varsity's objections, Varsity will not produce further documents
in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose
additional objections should a further response be deemed to be required.

Request No. 12:  Produce all records or documents that mention or reflect anything
regarding Defendants competitor NIKE in the school cheer market from 2015 to the present.  If
you should answer that the requested documents have already been provided, then, in that event,

please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 12:  Varsity objects to Request for Production No. 12 because it is unduly burdensome, overly broad, and disproportionate to the needs of the case.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021.  Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Moreover, Varsity notes that Request for Production No. 12 is duplicative of and subsumed by Request No. 13 below.

Varsity further objects to this Request as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed.  In light of this and Varsity's objections, Varsity will not produce further documents

in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 13:  Produce all records or documents that mention or reflect anything regarding any other competitor of Defendants in the school cheer market from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 13:  Varsity objects to Request for Production No. 13 because it is unduly burdensome, overly broad, and disproportionate to the needs of the case.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those

entities are accordingly not required to produce any discovery encompassed by the Request for

Production, dated February 10, 2021.  Varsity accordingly will not produce any documents

encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period

January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates,

inclusive.

Moreover, Varsity notes that Request for Production No. 13 subsumes Requests No. 10

through 12 above, thereby making those Requests duplicative of Request No. 13.

Varsity further objects to this Request as seeking the production of documents that are

largely or entirely duplicative of documents previously sought, as to which production is

completed.  In light of this and Varsity's objections, Varsity will not produce further documents

in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose

additional objections should a further response be deemed to be required.

Request No. 14:  Produce any records or documents that mention or reflect any school

cheer related sales made by Defendants for the years 2016, 2017, 2018, 2019 or 2020. If you

should answer that the requested documents have already been provided, then, in that event,

please identify those records by referencing the bates stamp or ESI protocol numbers for the

referenced documents that were already produced.

Objections and Response to Request No. 14:  Varsity objects to Request for Production

No. 14 because it is unduly burdensome, overly broad, and disproportionate to the needs of the

case.  Varsity further objects to Request No. 14 because the term "school cheer related sales" is

vague and ambiguous.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021. (ECF No. 132.) To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution. The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021. (ECF No. 177.) Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021. Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Varsity further objects to this Request as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed. In light of this and Varsity's objections, Varsity will not produce further documents

in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 15:  Produce any records or documents that mention or reflect American Spirit and Cheer Essentials, Inc., Rockstar Championships, LLC or Jeff & Craig Cheer, LLC, d/b/a Jeff and Craig Camps from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 15:  Varsity objects to Request for Production No. 15 because it is unduly burdensome, overly broad, and disproportionate to the needs of the case.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Varsity also objects to Request No. 15 to the extent it seeks material that is subject to attorney-client privilege or the work product doctrine or other legal privilege or immunity from discovery.

Varsity further objects to this Request as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed.  In light of this and Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 16:  Produce any records or documents that mention or reflect any school camp related sales made by Defendants for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 16:  Varsity objects to Request for Production No. 16 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects because the term "school camp related sales" is vague and ambiguous.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any

such disputes to the Court in accordance with its Order, Varsity is not required to produce any

discovery encompassed by the prior Requests for Production, dated January 28, 2022 and

February 26, 2021. (ECF No. 177.) Similarly, the deadline for bringing any disputes over

BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those

entities are accordingly not required to produce any discovery encompassed by the Request for

Production, dated February 10, 2021. Varsity accordingly will not produce any documents

encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period

January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates,

inclusive.

Varsity further objects to this Request as seeking the production of documents that are

largely or entirely duplicative of documents previously sought, as to which production is

completed. In light of this and Varsity's objections, Varsity will not produce further documents

in response to this Request. Varsity otherwise reserves its rights, including the right to interpose

additional objections should a further response be deemed to be required.

Request No. 17: Produce any records or documents that mention or reflect any school

cheer competition related sales made by Defendants for the years 2016, 2017, 2018, 2019 or

2020. If you should answer that the requested documents have already been provided, then, in

that event, please identify those records by referencing the bates stamp or ESI protocol numbers

for the referenced documents that were already produced.

Objections and Response to Request No. 17: Varsity objects to Request for Production

No. 17 because it is overly broad, unduly burdensome, and disproportionate to the needs of the

case. Varsity further objects because the term "school cheer competition related sales" is vague and ambiguous.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021. (ECF No. 132.) To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution. The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021. (ECF No. 177.) Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021. Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Varsity further objects to this Request as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed.

In light of this and Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 18:  Produce any records or documents that mention or reflect annual sales figures for Allstar cheer uniforms, sneakers, or cheer merchandise for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 18:  Varsity objects to Request for Production No. 18 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects because the term "cheer merchandise" is vague and ambiguous.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any

such disputes to the Court in accordance with its Order, Varsity is not required to produce any

discovery encompassed by the prior Requests for Production, dated January 28, 2022 and

February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over

BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those

entities are accordingly not required to produce any discovery encompassed by the Request for

Production, dated February 10, 2021.  Varsity accordingly will not produce any documents

encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period

January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates,

inclusive.

Varsity further objects to this Request as seeking the production of documents that are

largely or entirely duplicative of documents previously sought, as to which production is

completed.  In light of this and Varsity's objections, Varsity will not produce further documents

in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose

additional objections should a further response be deemed to be required.

Request No. 19:  Produce any records or documents that mention or reflect annual sales

figures for school cheer uniforms, sneakers, or cheer merchandise for the years 2016, 2017,

2018, 2019 or 2020. If you should answer that the requested documents have already been

provided, then, in that event, please identify those records by referencing the bates stamp or ESI

protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 19:  Varsity objects to Request for Production

No. 19 because it is overly broad, unduly burdensome, and disproportionate to the needs of the

case.  Varsity further objects because the term "cheer merchandise" is vague and ambiguous.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021.  Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Varsity objects to Request for Production No. 19 as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed.  In light of this and Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 20:  Produce any records or documents that mention or reflect annual sales figures for Allstar cheer competitions for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

<u>Objections and Response to Request No. 20</u>:  Varsity objects to Request for Production No. 20 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021.  Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Varsity further objects to this Request as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed.  In light of this and Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 21:  Produce any records or documents that mention or reflect annual sales figures for school cheer competitions for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 21:  Varsity objects to Request for Production No. 21 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any

discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021.  Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Varsity further objects to this Request as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed.  In light of this and Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 22:  Produce any records or documents that mention or reflect annual sales figures for school cheer camps for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 22:  Varsity objects to Request for Production No. 22 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021. (ECF No. 132.) To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution. The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021. (ECF No. 177.) Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021. Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Varsity further objects to this Request as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed. In light of this and Varsity's objections, Varsity will not produce further documents

in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 23:  Produce any records or documents that mention or reflect annual sales figures for Allstar cheer camps for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 23:  Varsity objects to Request for Production No. 23 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case.  Varsity further objects because the term "Allstar cheer camps" is vague and ambiguous.

Discovery in this case closed on April 18, 2022, except as to new Plaintiffs and as to topics that were the subject of the Court's Protective Order of June 1, 2021.  (ECF No. 132.)  To the extent any request seeks information not the subject of the Court's Protective Order of June 1, 2021, including any document on the subject of cheerleading (other than "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading," ECF No. 236), discovery has closed, and Varsity will not produce further such information.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those

entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021.  Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Varsity further objects to this Request as seeking the production of documents that are largely or entirely duplicative of documents previously sought, as to which production is completed.  In light of this and Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Request No. 24:  Produce any records or documents that mention or reflect annual sales figures for school class rings, competition rings, caps and gowns, tassels, and/or graduation regalia for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

Objections and Response to Request No. 24: Varsity objects to Request for Production No. 24 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case.

Varsity also objects to any Request for documents that were created outside of the period January 1, 2015 to June 30, 2020 and will not produce documents created outside of those dates, inclusive.

Per the Scheduling Order in this case (ECF No. 100), Plaintiffs had 90 days from the promulgation of requests to bring any disputes regarding Varsity's objections to those requests to the Court for resolution.  The Court has already ruled that, because Plaintiff did not bring any such disputes to the Court in accordance with its Order, Varsity is not required to produce any discovery encompassed by the prior Requests for Production, dated January 28, 2022 and February 26, 2021.  (ECF No. 177.)  Similarly, the deadline for bringing any disputes over BSN's and Herff Jones's responses to Plaintiffs Requests for Production has passed, and those entities are accordingly not required to produce any discovery encompassed by the Request for Production, dated February 10, 2021.  Varsity accordingly will not produce any documents encompassed by those earlier discovery requests.

In light of Varsity's objections, Varsity will not produce further documents in response to this Request.  Varsity otherwise reserves its rights, including the right to interpose additional objections should a further response be deemed to be required.

Dated: September 23, 2022

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted pro hac vice

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; BSN
Sports, LLC; Varsity Spirit, LLC; Stanbury
Uniforms, LLC; Herff Jones, LLC; Varsity
Brands Holding Co., Inc.; Varsity Spirit
Fashions & Supplies, LLC; Varsity Intropa
Tours, LLC*