## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., ROCKSTAR CHAMPIONSHIPS, LLC, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, and ASHLEY HAYGOOD, Individually and on Behalf of All Others Similarly Situated<br><br>    Plaintiffs,<br><br>  v.<br><br>VARSITY BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT, LLC, STANBURY, LLC, HERFF JONES, LLC, BAIN CAPITAL, LP, CHARLESBANK CAPITAL PARTNERS, LLC, VARSITY BRANDS HOLDING CO., INC., VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPA TOURS, LLC and JEFF WEBB,<br><br>    Defendants. | **Case No. 2:20-cv-02782-SHL-atc** |

### USA CHEER'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

COMES NOW Defendant U.S.A. Federation for Sport Cheering, d/b/a USA Cheer ("USA Cheer"), by and through its counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court ("Local Rules"), and responds to the Request for Production of Documents propounded by Plaintiffs as follows:

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.     USA Cheer objects to Plaintiffs' attempt to propound these Requests to it after the expiration of time for Plaintiffs to obtain discovery from USA Cheer. Specifically, in its Order Denying in Part and Granting in Part Plaintiffs' Motion for Amended Scheduling Order (the

"Order"), this Court did *not* grant Plaintiffs leave to pursue additional discovery against USA Cheer.

2.      USA Cheer has fully responded to all previously propounded written discovery from Plaintiffs and produced responsive documents in its possession and control.  Plaintiffs are not entitled to obtain any more or other discovery from USA Cheer, including, without limitation, any additional requests for production or any interrogatories, requests for admission, or depositions.

3.      The Order permits Plaintiffs to, at most, obtain from other parties discovery regarding "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings, and athletic equipment."   ECF No. 236, at p. 4 n.2.  The Court specifically limited any remaining cheerleading-related discovery to "discovery regarding athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading." *Id.*  Therefore, all of these Requests from Plaintiffs' and/or portions thereof relating to camps, competitions, and/or All Star cheer are impermissible subject matter, particularly in light of Plaintiffs' inability to obtain any further discovery, regardless of the topic(s) thereof, from USA Cheer.

4.      Because USA Cheer's role in scholastic cheer is limited, and it does not manufacture or sell any "athletic equipment or uniforms" used in scholastic cheerleading, all of these Requests are objectionable in their entirety.

5.      Notwithstanding the foregoing, for the sole purposes of preserving its objections to the Requests and stating in writing that it has no documents responsive to the Requests, USA Cheer will respond to the Requests as provided herein.

6.      USA Cheer generally objects to any Request, instruction, or definition to the extent that it requests information outside the scope of the Federal Rules of Civil Procedure or Local Rules of this Court, is prohibited by law, or attempts to impose a duty upon USA Cheer not contemplated by the rules or by law.

7.      USA Cheer generally objects to providing any information or documents that may be protected from disclosure by the attorney-client privilege, by the work product doctrine, by any other privilege, by confidentiality and/or by any relevant law or statute.

8.      USA Cheer generally objects to the extent the requested information or documents is irrelevant to the claims and defenses at issue and not proportional to the needs of the case.

9.      USA Cheer generally objects to the extent the Requests are overly broad, vague, and/or ambiguous, particularly to the extent the Requests could be construed to seek discovery related to communications between USA Cheer and its attorneys.  USA Cheer answers these Requests assuming that they do not seek such communications.

10.     USA Cheer generally objects to the extent the Requests are unduly burdensome.  In particular, USA Cheer objects to the Requests in their entirety because, as USA Cheer does not have any documents responsive to these Requests which it is required to produce, it would be unduly burdensome to require USA Cheer to incur the time, expense, and burden of conducting any searches of its electronically stored information ("ESI"), and reviewing that information only to confirm the absence of any such documents.

11.     USA Cheer generally objects to the extent the Requests seek information and/or documents which reflect the policies of a person or entity other than USA Cheer, were generated by a person or entity other than USA Cheer, and/or may contain proprietary and/or confidential information of a person or entity other than USA Cheer.

4888-8770-2068v2
2944761-000002 09/23/2022

12.     USA Cheer objects to the extent that the Requests assume facts and knowledge which are the subject of this lawsuit and which have not been proven in this case.

13.     The Preliminary Statement and General Objections, as well as the below Objections to Definitions and Objections to Instructions, are applicable to each and every one of the following specific objections, answers, and responses, and failure to repeat an objection in answer to a specific Request shall not be deemed a waiver of the objection.  Further, if USA Cheer specifically repeats one or more of these Objections to Definitions, Objections to Instructions, and/or General Objections in response to a specific Request, such specific objection shall not be a waiver of any other Objection.

14.     USA Cheer reserves the right to interpose other objections, both general and specific, as applicable.

15.     USA Cheer reserves the right to supplement, amend, alter, and/or modify its answers to Plaintiffs' Requests.

## OBJECTIONS TO DEFINITIONS

1.     USA CHEER objects to Plaintiffs' purported definitions of "AACCA," "IASF," "NCA," "NFHS," "UCA," "USA Cheer," "USASF," and "Varsity," to the extent that such definitions purport to include any "predecessors, successors, subsidiaries, . . . and/or affiliates," as such former or current related entities are not identified by Plaintiffs in their definitions, may not be readily identifiable by USA Cheer, are not parties to this action, and thus may not have any documents or information relevant to any claim or defense of any party to this action, such that even if USA Cheer could identify any related entities, any documents involving them and obtainable by USA Cheer, if any, are not discoverable under Rule 26 of the Federal Rules of Civil Procedure.

4888-8770-2068v2
2944761-000002 09/23/2022

2.      USA Cheer objects to Plaintiffs' purported definition of "agreement" to the extent that it purports to define that term by use of the term "contract," which is a legal term of art with a specific legal meaning, to wit: the existence of mutual assent between parties supported by consideration, which is a conclusion of law and is not properly the subject of a party's unilaterally imposed definition in these Requests.  USA Cheer further objects to Plaintiffs' purported definition of the term "agreement" to the extent that it purports to define that term by use of the nonlegal terms "arrangement" and "understanding," which are themselves vague, undefined and reasonably susceptible to various interpretations.

3.      USA Cheer objects to Plaintiffs' purported definition of the terms "concerning," "reflecting," "regarding," and "relating to" as being "used in the broadest possible sense" and being defined by a litany of other similar words and phrases, each of which is itself vague, undefined, and reasonably susceptible to various interpretations.  As defined by Plaintiffs, the terms "concerning," "reflecting," "regarding," and "relating to" have no discernible parameters and thus are objectionably vague and ambiguous.

4.      USA Cheer objects to Plaintiffs' purported definition of the term "Defendant" in Requests propounded to USA Cheer, to the extent that the Requests repeatedly use the plural "Defendants" to refer to *all* "Defendants" named in this lawsuit and, consequently, seek documents from USA Cheer that are within the possession and/or control of, and/or are more readily obtainable by, any other "Defendant" named in this lawsuit.

5.      USA Cheer objects to Plaintiffs' purported definition of the terms "Document" and "Records" to the extent they include any information or data in any form that is not readily obtainable by USA Cheer through reasonably practicable means, such that the Request using either term imposes an undue burden on USA Cheer due to the time, expense, effort, and other resources

5

required to retrieve them and prepare them for production.

6.　　USA Cheer objects to Plaintiffs' purported definition of the term "School" to the extent it purports to encompass "school districts and state government entities," which are indisputably not part of any "School" as that term operates in common usage to refer to a single, distinct entity, and to the extent it purports to encompass "all present and former officers, employees, agents, representatives, or any persons acting or authorized to act on their behalf," whom Plaintiffs do not identify, and who are neither known to USA Cheer nor able to be identified by USA Cheer through a reasonable investigation.

7.　　USA Cheer objects to Plaintiffs' purported definition of the term "School cheer competition" to the extent that it is vague because Plaintiffs purport to define it as including all competitions, including others not listed in Plaintiffs' definition, that are "nationally recognized," which phrase is itself undefined, subjective, vague, ambiguous, and reasonably susceptible to various interpretations.

8.　　USA Cheer objects to the time period and the definition of "Relevant Time Period." Any request for documents after June 30, 2020 would be overly broad, unduly burdensome, and disproportionate to the needs of the case.  USA Cheer interprets "Relevant Time Period" to mean January 1, 2015 to June 30, 2020.

9.　　USA Cheer objects to all of Plaintiffs' purported definitions of all terms in the "DEFINITIONS" section of their Requests to the extent that they purport to impose any obligation on USA Cheer to provide any documents beyond those which are discoverable from USA Cheer pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

10.　　USA Cheer reserves its right to supplement and/or amend these objections if, in the course of discovery, it is made aware of any other legally valid bases for objecting to Plaintiffs'

4888-8770-2068v2
2944761-000002 09/23/2022

purported and unilaterally imposed definitions.

## OBJECTIONS TO INSTRUCTIONS

1.      USA Cheer objects to Plaintiffs' Instructions to the extent that they are inconsistent

with or attempt to broaden any of USA Cheer's obligations under Rules 26 and 34 of the Federal

Rules of Civil Procedure.  This objection includes, without limitation, Plaintiffs' impermissible

instruction to "furnish . . . information" in USA Cheer's possession or control in responding to the

Requests.  Pursuant to Rule 34, USA Cheer is only required to provide or permit Plaintiffs to

inspect documents in its possession or control that are responsive to the Requests, if any.  USA

Cheer is not required to, and will not, furnish mere "information" not contained in responsive

documents, if any, or create new documents with requested information.  Plaintiffs cannot

impermissibly use the Requests as an end-around means of propounding additional interrogatories

under Rule 33.

2.      USA Cheer objects to Plaintiffs' Instructions to the extent that they attempt to direct

USA Cheer to interpret any of the Requests in any particular way, including, without limitation,

interpreting the Requests as broadly as possible, interpreting undefined words according to

whatever definition will render additional documents responsive, and interpreting words in the

singular to simultaneously be in the plural and vice versa.  Plaintiffs bear the obligation to state

Requests that identify the documents sought with reasonable particularity.  *See* Fed. R. Civ. P.

34(b)(1)(A).  USA Cheer is not required to, and will not, assume this burden for Plaintiffs.

3.      USA Cheer objects to Plaintiffs' Instructions to the extent that they purport to

require USA Cheer to identify any previously produced document(s) responsive to the Requests,

if any.  Plaintiffs have equal access to all documents produced by all parties in this case and can

determine for themselves what previously produced documents are responsive to their Requests.

4888-8770-2068v2
2944761-000002 09/23/2022

Subject to and without waiving the foregoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions, above, USA Cheer makes the following responses and objections to Plaintiffs' Request for Production of Documents:

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**:  Produce for inspection all IMPACT program agreements, VIP Branding agreements or New School Construction Program agreements entered with any junior high, high school or college from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to USA Cheer's objection to the term "agreement."  USA Cheer objects to this Request on the basis that the terms "IMPACT program agreements," "VIP Branding agreements," and "New School Construction Program agreements" are undefined and USA Cheer cannot be certain as to what these terms are referring.  USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.

8

USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 2**:  Produce any records, dec presentations, sales presentations or documents that reflect the word "market share" relating to school sales of cheerleading uniforms, cheer shoes/sneakers or cheer merchandise or the business done by Defendants in the school market for cheer sales from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "relating to" and "Defendants."  USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because it is vague, as the term "presentations" is undefined and reasonably susceptible to various interpretations.  USA Cheer objects to this Request to the extent that it overly broad and not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "reflect" the phrase "market share."  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class

rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including

scholastic cheerleading" on the basis that such Request is untimely and outside the permissible

scope of the extended discovery period ordered by the Court.   USA Cheer objects to this Request

as not properly limited in time to the extent it seems documents created outside the time period

January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA

Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 3**:  Produce any documents or records that establish any sponsorship

agreements by Defendants of any state school athletic or coaches' annual conventions or any

conventions held by the National Federation of State High Schools (NFHS) from 2015 to the

present.  If you should answer that the requested documents have already been provided, then, in

that event, please identify those records by referencing the bates stamp or ESI protocol numbers

for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to

Definitions, and Objections to Instructions set forth above as if fully restated herein, including but

not limited to its objections to the terms "agreements," "NFHS," and "Defendants."  USA Cheer

objects to this Request to the extent that it seeks documents in the possession and/or control of

"Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other

"Defendants," such that the Request imposes an undue burden on USA Cheer because the same

discovery, if any, can be more easily obtained from other parties to this lawsuit. USA Cheer objects

to this Request to the extent it seeks information outside the scope of "marching band uniforms,

graduation regalia and other scholastic merchandise such as yearbooks and class rings," and

"athletic equipment or uniforms strictly used in the scholastic setting – including scholastic

cheerleading" on the basis that such Request is untimely and outside the permissible scope of the

extended discovery period ordered by the Court.   USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request that would fall within the scope of "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading".

**REQUEST NO. 4**:  Produce any documents or records that establish agreements between Defendants and the National Federation of State High Schools (NFHS) from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "agreements," "NFHS," and "Defendants." USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.   USA Cheer objects to this Request as not

11

properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request that would fall within the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading".

**REQUEST NO. 5**:  Produce any letters authored by any of the Defendants threatening an individual competitor or business competitor with litigation, restraining order, injunction or other legal proceeding from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the term "Defendants."  USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because it is vague, as the terms "threatening" and "competitor" are undefined and reasonably susceptible to various interpretations.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely

12

and outside the permissible scope of the extended discovery period ordered by the Court. USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020. Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request that would fall within the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading."

**REQUEST NO. 6**: Produce all records that discuss or relate to the school "Spirit Awards" referenced on Defendants web sites. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "relating to" and "Defendants." USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit. USA Cheer also objects to this Request to the extent that it overly broad and not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "discuss" or "relate to" the general topic identified in the Request. Indeed, it is not clear that documents that "discuss" or "relate to" Spirit Awards would ever be relevant to any of the claims and defenses in this lawsuit. USA Cheer objects to this Request to the extent it seeks

13

information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court. USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 7**:  Produce all sales records or sales documents for graduation regalia to include caps and gowns, class or championship rings, tassels or graduation announcements from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein.  USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because it is vague, as the term "graduation regalia" is undefined, reasonably susceptible to various interpretations, and it is not clear what it would include other than the items listed in this Request.  USA Cheer therefor construes "graduation regalia" to mean caps and gowns, class or championship rings, tassels or graduation announcements.  USA Cheer

4888-8770-2068v2
2944761-000002 09/23/2022

objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 8**:  Produce all documents or records that reflect or show the names of the competitors of Defendants in the scholastic cheer market for the years 2016, 2017, 2018, 2019 and 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "reflect" and "Defendants."  USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because it is vague, as the term "competitors" and the phrase "scholastic cheer market" are undefined and reasonably susceptible to various interpretations. USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms,

graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 9**:  Produce all records or documents that evidence or show due diligence for the acquisition of any of the Defendants school related businesses by Bain (or any subdivision of Bain Capital).  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "school" and "Defendants."   USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because it is vague, as the term "related" and the phrase "due diligence" are undefined and reasonably susceptible to various interpretations. USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or

uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court. USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020. Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 10**:  Produce all records or documents that mention or reflect anything regarding Defendants competitor N'finity in the school cheer market from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "reflecting" and "Defendants." USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because it is vague, as the term "competitor" and the phrase "school cheer market" are undefined and reasonably susceptible to various interpretations.  USA Cheer objects to this Request to the extent that it overly broad and not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "mention or reflect *anything* regarding . . . N'finity."  USA Cheer objects to this

17

Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request that would fall within the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," or "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading."

**REQUEST NO. 11**:  Produce all records or documents that mention or reflect anything regarding Defendants competitor Rebel in the school cheer market from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "reflecting" and "Defendants." USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this

4888-8770-2068v2
2944761-000002 09/23/2022

Request because it is vague, as the term "competitor" and the phrase "school cheer market" are undefined and reasonably susceptible to various interpretations.  USA Cheer objects to this Request to the extent that it overly broad and not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "mention or reflect *anything* regarding . . . Rebel."  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020. Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request that would fall within the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," or "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading."

**REQUEST NO. 12**:  Produce all records or documents that mention or reflect anything regarding Defendants competitor NIKE in the school cheer market from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but

19

not limited to its objections to the terms "reflecting" and "Defendants." USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because it is vague, as the term "competitor" and the phrase "school cheer market" are undefined and reasonably susceptible to various interpretations.  USA Cheer objects to this Request to the extent that it overly broad and not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "mention or reflect *anything* regarding . . . NIKE."  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request that would fall within the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," or "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading."

**REQUEST NO. 13**:  Produce all records or documents that mention or reflect anything regarding any other competitor of Defendants in the school cheer market from 2015 to the present.

If you should answer that the requested documents have already been provided, then, in that event,
please identify those records by referencing the bates stamp or ESI protocol numbers for the
referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to
Definitions, and Objections to Instructions set forth above as if fully restated herein, including but
not limited to its objections to the terms "reflecting" and "Defendants." USA Cheer objects to this
Request to the extent that it seeks documents in the possession and/or control of "Defendants"
other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants,"
such that the Request imposes an undue burden on USA Cheer because the same discovery, if any,
can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this
Request because it is vague, as the term "competitor" and the phrase "school cheer market" are
undefined and reasonably susceptible to various interpretations.  USA Cheer objects to this
Request to the extent that it overly broad and not proportional to the needs of the case, as
documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely
because they "mention or reflect *anything* regarding any other competitor."  USA Cheer objects to
this Request to the extent it seeks information outside the scope of "marching band uniforms,
graduation regalia and other scholastic merchandise such as yearbooks and class rings," and
"athletic equipment or uniforms strictly used in the scholastic setting – including scholastic
cheerleading" on the basis that such Request is untimely and outside the permissible scope of the
extended discovery period ordered by the Court.  USA Cheer objects to this Request as not
properly limited in time to the extent it seems documents created outside the time period January
1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer
states that it is not aware of any documents responsive to this Request that would fall within the

4888-8770-2068v2
2944761-000002 09/23/2022

scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," or "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading."

**REQUEST NO. 14**:  Produce any records or documents that mention or reflect any school cheer related sales made by Defendants for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**:  USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "reflecting," "school," and "Defendants." USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because it is vague, as the term "related" is undefined and reasonably susceptible to various interpretations.  USA Cheer objects to this Request to the extent that it overly broad and not proportional to the needs of the case, as documents are not relevant to any claim or defense of any party to this lawsuit merely because they "mention or reflect" the general topic referenced in this Request.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely

4888-8770-2068v2
2944761-000002 09/23/2022

and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 15**:  Produce any records or documents that mention or reflect American Spirit and Cheer Essentials, Inc., Rockstar Championships, LLC or Jeff & Craig Cheer, LLC, d/b/a Jeff and Craig Camps from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the term "reflecting."  USA Cheer objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine, including the common interest and joint defense privileges. USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the

extended discovery period ordered by the Court.  USA Cheer objects to this Request as not

properly limited in time to the extent it seems documents created outside the time period January

1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer

states that it is not aware of any documents responsive to this Request that would fall within the

scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as

yearbooks and class rings," or "athletic equipment or uniforms strictly used in the scholastic setting

– including scholastic cheerleading."

**REQUEST NO. 16**:  Produce any records or documents that mention or reflect any school

camp related sales made by Defendants for the years 2016, 2017, 2018, 2019 or 2020.  If you

should answer that the requested documents have already been provided, then, in that event, please

identify those records by referencing the bates stamp or ESI protocol numbers for the referenced

documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to

Definitions, and Objections to Instructions set forth above as if fully restated herein, including but

not limited to its objections to the terms "reflecting," "school," and "Defendants."  USA Cheer

objects to this Request to the extent that it seeks documents in the possession and/or control of

"Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other

"Defendants," such that the Request imposes an undue burden on USA Cheer because the same

discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also

objects to this Request because it is vague, as the term "related" is undefined and reasonably

susceptible to various interpretations.  USA Cheer objects to this Request to the extent that it overly

broad and not proportional to the needs of the case, as documents are not necessarily relevant to

any claim or defense of any party to this lawsuit merely because they "mention or reflect" the

general topic referenced in this Request.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court. USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 17**:  Produce any records or documents that mention or reflect any school cheer competition related sales made by Defendants for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "reflecting" and "Defendants." USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because it is vague, as the term "related" is undefined and reasonably susceptible to various interpretations.  USA Cheer objects to this Request to the extent that it overly broad and

not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "mention or reflect" the general topic referenced in this Request.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 18**:  Produce any records or documents that mention or reflect annual sales figures for Allstar cheer uniforms, sneakers, or cheer merchandise for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the term "reflecting."  USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because

4888-8770-2068v2
2944761-000002 09/23/2022

it is vague, as the term "figures" is undefined and reasonably susceptible to various interpretations. USA Cheer objects to this Request to the extent that it overly broad and not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "mention or reflect" the general topic referenced in this Request.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 19**:  Produce any records or documents that mention or reflect annual sales figures for school cheer uniforms, sneakers, or cheer merchandise for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "reflecting" and "school."  USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any,

can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this

Request because it is vague, as the terms "figures" and "merchandise" are undefined and

reasonably susceptible to various interpretations.  USA Cheer interprets "merchandise" to include

only athletic equipment or uniforms used strictly for scholastic cheer, as set forth in the Court's

Order.  USA Cheer objects to this Request to the extent that it overly broad and not proportional

to the needs of the case, as documents are not necessarily relevant to any claim or defense of any

party to this lawsuit merely because they "mention or reflect" the general topic referenced in this

Request.  USA Cheer objects to this Request as not properly limited in time to the extent it seems

documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and

without waiving the foregoing objection, USA Cheer states that it is not aware of any documents

responsive to this Request.

**REQUEST NO. 20**:  Produce any records or documents that mention or reflect annual

sales figures for Allstar cheer competitions for the years 2016, 2017, 2018, 2019 or 2020.  If you

should answer that the requested documents have already been provided, then, in that event, please

identify those records by referencing the bates stamp or ESI protocol numbers for the referenced

documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to

Definitions, and Objections to Instructions set forth above as if fully restated herein, including but

not limited to its objections to the term "reflecting."  USA Cheer objects to this Request to the

extent that it seeks documents in the possession and/or control of "Defendants" other than USA

Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the

Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more

easily obtained from other USA Cheer objects to this Request to the extent that it overly broad and

not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "mention or reflect" the general topic referenced in this Request.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 21**:  Produce any records or documents that mention or reflect annual sales figures for school cheer competitions for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "reflecting" and "school."  USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this

Request because it is vague, as the term "figures" is undefined and reasonably susceptible to various interpretations.  USA Cheer objects to this Request to the extent that it overly broad and not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "mention or reflect" the general topic referenced in this Request.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 22**:  Produce any records or documents that mention or reflect annual sales figures for school cheer camps for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "reflecting" and "school."  USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants,"

such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because it is vague, as the term "figures" is undefined and reasonably susceptible to various interpretations.  USA Cheer objects to this Request to the extent that it overly broad and not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "mention or reflect" the general topic referenced in this Request.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 23**:  Produce any records or documents that mention or reflect annual sales figures for Allstar cheer camps for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the term "reflecting."  USA Cheer objects to this Request to the

31

extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit. USA Cheer also objects to this Request because it is vague, as the term "figures" is undefined and reasonably susceptible to various interpretations. USA Cheer objects to this Request to the extent that it overly broad and not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "mention or reflect" the general topic referenced in this Request. USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court. USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020. Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

**REQUEST NO. 24**: Produce any records or documents that mention or reflect annual sales figures for school class rings, competition rings, caps and gowns, tassels, and/or graduation regalia for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**RESPONSE**: USA Cheer incorporates all of the General Objections, Objections to Definitions, and Objections to Instructions set forth above as if fully restated herein, including but not limited to its objections to the terms "reflecting" and "school."  USA Cheer objects to this Request to the extent that it seeks documents in the possession and/or control of "Defendants" other than USA Cheer, and/or documents that are more readily obtainable by other "Defendants," such that the Request imposes an undue burden on USA Cheer because the same discovery, if any, can be more easily obtained from other parties to this lawsuit.  USA Cheer also objects to this Request because it is vague, as the term "figures" and the phrase "graduation regalia" are undefined and reasonably susceptible to various interpretations.  USA Cheer objects to this Request to the extent that it overly broad and not proportional to the needs of the case, as documents are not necessarily relevant to any claim or defense of any party to this lawsuit merely because they "mention or reflect" the general topic referenced in this Request.  USA Cheer objects to this Request to the extent it seeks information outside the scope of "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings," and "athletic equipment or uniforms strictly used in the scholastic setting – including scholastic cheerleading" on the basis that such Request is untimely and outside the permissible scope of the extended discovery period ordered by the Court.  USA Cheer objects to this Request as not properly limited in time to the extent it seems documents created outside the time period January 1, 2015 to June 30, 2020.  Subject to and without waiving the foregoing objections, USA Cheer states that it is not aware of any documents responsive to this Request.

September 23, 2022

Respectfully submitted,

33

*/s/ Nicole Berkowitz Riccio*
Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWI
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com
aroach@bakerdonelson.com
kglover@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*;
*USA Federation for Sport Cheering, d/b/a USA Cheer*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 23, 2022, a true and correct copy of the foregoing was forwarded via the Court's ECF system and/or by email to all counsel of record.

*/s/ Nicole Berkowitz Riccio*

34