## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

AMERICAN SPIRIT AND CHEER
ESSENTIALS, INC., ET AL.,

      **Plaintiffs,**

**v.**

VARSITY BRANDS, LLC, ET AL.,

      **Defendants.**

Case No. 2:20-cv-02782-SHL-atc

### DEFENDANT JEFF WEBB'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Jeff Webb, by and through his undersigned counsel, hereby sets forth his Objections and Responses to Plaintiffs' Request for Production of Documents to all Defendants (the "Requests"), as follows:

### GENERAL OBJECTIONS

Webb objects to each of the Requests on the grounds that they improperly seek discovery after the close of fact discovery with respect to Webb.  Fact discovery closed on April 18, 2022.  [ECF 159].  On March 12, 2021, Defendants Varsity Brands, LLC, BSN Sports, LLC, Varsity Spirit, LLC, Varsity Brands Holding Co., Inc., Varsity Spirit Fashions & Supplies, LLC, Varsity Intropa Tours, and other defendants since dismissed filed a Motion for Protective Order, moving for protection from discovery.  [ECF 118].  Webb did not join the Motion for Protective Order and never otherwise moved for protection.  *Id.*  On June 1, 2021, the Court granted the Motion for Protective Order, in part, precluding discovery relating to "marching band uniforms, graduation regalia and other scholastic merchandise such as yearbooks and class rings, and athletic equipment."  [ECF 132].  The Court's Order Denying in Part and Granting in Part Plaintiffs'

1

Motion for Amended Scheduling Order only permitted further discovery into "the subject matter covered by the Protective Order."

Webb objects to all the Requests as harassing because Plaintiffs have served the same Requests on all Defendants, failing to tailor any individual Request to seek discovery that may or may not be in the possession of one, but not all, Defendants.

Webb objects to each Request that purports to require Webb to produce any discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant Jeff Webb, dated March 4, 2021.  Plaintiffs had 90 days form the promulgation of those requests to bring any disputes regarding Webb's objections to those requests to the Court for resolution.  [ECF No. 100].

Webb objects to the Requests to the extent that they purport to impose any obligations upon Webb that differ from, exceed the scope of, or are in addition to those imposed by the Federal Rules of Civil Procedure, applicable local rules, or any other applicable laws or rules.

Webb objects to the instructions and definitions set forth by Plaintiffs to the extent they differ from the Joint Stipulated Protocol for the Discovery of Electronically-Stored Information and Hard Copy Documents.  [ECF No. 97-2].

Webb objects to the definitions of "you" and "your" to the extent they include any person or entity beyond Webb, as an individual.  When "you" or "your" appears in the Requests, Webb will interpret the terms to mean Webb, individually.

Webb objects to the definition of "Defendant[s]" as vague and ambiguous to the extent it purports to refer alternatively to Webb individually, collectively with Varsity defendants, and to all Defendants collectively.  When "Defendant[s]" appears in the Requests, Webb will interpret the term to mean Webb individually, unless the context of the Request indicates it is referring to another defendant in this case.

Webb objects to Plaintiffs' failure to define "Varsity" or "Varsity Defendants."  Webb will interpret "Varsity" or "Varsity Defendants" to mean Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Co., Inc., and Varsity Spirit Fashions & Supplies, LLC, collectively and/or individually.

Webb objects to the Requests to the extent they purport to require the production of information and documents that are not in Webb's possession, custody, or control, are in the possession of a third party, and/or that could be obtained from other sources that are more convenient, more efficient, less burdensome, or less expensive than obtaining the same information from Webb.  Webb further objects to the Requests to the extent they seek production of documents that Webb is not authorized to produce.

Webb objects to the Requests to the extent that they impose burdens and obligations to conduct anything beyond a reasonable search for responsive documents or to produce "all" or "any" documents.

Webb objects to the Requests to the extent they seek documents, information, and material that is subject to the attorney-client privilege, work product doctrine, or any other applicable legal privilege or immunity protecting the material from discovery.  To the extent any production in response to these Requests contains material that is subject to the attorney-client privilege or work product doctrine, such production does not constitute a waiver of the protections afforded by those doctrines, and Webb reserves the right to request the return and/or destruction of such material.

Any production Webb makes in response to these Requests should not be construed as a stipulation that the material is relevant, that the production is a waiver of any objection, or that the Request is within the scope of the Federal Rules of Civil Procedure.

Webb objects to the Requests that do not contain reasonable time limitations.  To the extent Webb produces documents in response to the Requests, Webb will only do so for the period of January 1, 2015 to June 30, 2020.

Webb reserves the right to amend, supplement, or correct any and all responses, information provided herein, objections, and document productions at any time.

### OBJECTIONS & RESPONSES TO REQUESTS FOR PRODUCTION

1.     Produce for inspection all IMPACT program agreements, VIP Branding agreements or New School Construction Program agreements entered with any junior high, high school or college from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**     Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment."  [ECF 236].  Request No. 1 exceeds the scope of discovery in which Plaintiffs are allowed to engage because the purported agreements do not fall within the subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to Request No. 1 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Webb objects further to this Request because it is overly broad and harassing in purporting to require Webb to produce agreements involving entities other than Webb.  Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome.  Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Because the subject matter of Request No. 1 exceeds the scope of allowable discovery at

this stage, and in light of the foregoing objections, Webb will not search for or produce documents

in response to Request No. 1.

2.      Produce any records, dec [sic] presentations, sales presentations or documents that reflect
        the word "market share" relating to school sales of cheerleading uniforms, cheer
        shoes/sneakers or cheer merchandise or the business done by Defendants in the school
        market for cheer sales from 2015 to the present.  If you should answer that the requested
        documents have already been provided, then, in that event, please identify those records by
        referencing the bates stamp or ESI protocol numbers for the referenced documents that
        were already produced.

        **Response:**      Plaintiffs are only entitled to discovery regarding "marching band uniforms,

graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic

equipment."  [ECF 236].  Request No. 2 exceeds the scope of discovery in which Plaintiffs are

allowed to engage because it because documents relating to "the business done by Defendants in

the school market for cheer sales" do not fall within the subject matter about which Plaintiffs may

pursue discovery.  For that reason, Webb objects to Request No. 2 as overly broad, harassing,

irrelevant, and disproportionate to the needs of the case.

        Webb objects that the phrases "school sales," "cheer merchandise," "business done by

Defendants," and "school market" are vague and ambiguous subject to multiple interpretations and

require Webb to speculate as to what documents might be responsive.  Moreover, this Request

purports to require Webb to produce documents relating to business operations of entities other

than Webb, including other defendants in this case.  Indeed, Varsity has already produced

documents using the word "market share" in relation to scholastic cheerleading.  Consequently,

Webb objects to this Request because it seeks discovery and material that can be obtained from

another source that is more convenient and less burdensome.  Webb also objects to the request that

he identify, by bates number, records that have already been produced as imposing a burden not

required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, Webb directs Plaintiffs to documents already produced in this lawsuit and the related matters.  Webb will not otherwise search for or produce documents in response to Request No. 2.

3.      Produce any documents or records that establish any sponsorship agreements by Defendants of any state school athletic or coaches' annual conventions or any conventions held by the National Federation of State High Schools (NFHS) from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**      Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment."  [ECF 236].  Request No. 3 exceeds the scope of discovery in which Plaintiffs are allowed to engage because alleged sponsorship agreements for NFHS conventions do not fall within the subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to Request No. 3 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request purports to require Webb to produce "sponsorship agreements" entered into by entities other than Webb, including defendants in this case.  Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome.  Similarly, Webb objects to the Request to the extent it seeks any documents or information from parties and/or entities other than Webb, as he has no obligation to produce documents that belong to a third party.  Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 3 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 3.

4.      Produce any documents or records that establish agreements between Defendants and the National Federation of State High Schools (NFHS) from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**      Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment."  [ECF 236].  Request No. 4 exceeds the scope of discovery in which Plaintiffs are allowed to engage because alleged agreements with the NFHS do not fall within the subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to Request No. 4 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request purports to require Webb to produce "documents . . . that establish agreements" by entities other than Webb, including defendants in this case.  Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome.  Similarly, Webb objects to the Request to the extent it seeks any documents or information from parties and/or entities other than Webb, as he has no obligation to produce documents that belong to a third party.  Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 4 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 4.

5.      Produce any letters authored by any of the Defendants threatening an individual competitor or business competitor with litigation, restraining order, injunction or other legal proceeding from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**      Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment."  [ECF 236].  Request No. 5 exceeds the scope of discovery in which Plaintiffs are allowed to engage because letters "threatening" "competitor[s] with litigation . . ." do not fall within the subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to Request No. 5 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Webb objects further that Request No. 5 is vague and ambiguous with respect to who or what might constitute an "individual competitor" or a "business competitor," which could involve matters unrelated to any allegations in this lawsuit, much less any allowable discovery at this point. For the same reasons, Webb objects to this Request because it seeks irrelevant information. Moreover, Request No. 5 seeks information and documents relating to competitors of entities other than Webb, including other defendants in this case.  Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome.  Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 5 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 5.

8

6.    Produce all records that discuss or relate to the school "Spirit Awards" referenced on
      Defendants web sites [sic].  If you should answer that the requested documents have
      already been provided, then, in that event, please identify those records by referencing the
      bates stamp or ESI protocol numbers for the referenced documents that were already
      produced.

**Response:**      Plaintiffs are only entitled to discovery regarding "marching band uniforms,

graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic

equipment."  [ECF 236].  Request No. 6 exceeds the scope of discovery in which Plaintiffs are

allowed to engage because documents relating to "Spirit Awards" do not fall within the subject

matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to Request

No. 6 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request purports to require Webb to produce documents relating to a

statement on another party's website.  Consequently, Webb objects to this Request because it seeks

discovery and material that can be obtained from another source that is more convenient and less

burdensome.  Webb objects further that the Request is vague and ambiguous in failing to identify

the Defendants' website to which the Request is referring.  Webb also objects to the request that

he identify, by bates number, records that have already been produced as imposing a burden not

required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 6 exceeds

the scope of allowable discovery at this stage, Webb will not search for or produce documents in

response to Request No. 6.

7.    Produce all sales records or sales documents for graduation regalia to include caps and
      gowns, class or championship rings, tassels or graduation announcements from 2015 to the
      present.  If you should answer that the requested documents have already been provided,
      then, in that event, please identify those records by referencing the bates stamp or ESI
      protocol numbers for the referenced documents that were already produced.

**Response:**      Webb objects to Request No. 7 because it is vague and ambiguous with

respect to the phrase "sales records" and "sales documents."  Because Mr. Webb did not sell any

of the listed items, this Request purports to require Webb to produce documents relating to sales that involve third parties. Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome. Similarly, Webb objects to the Request to the extent it seeks any documents or information from parties and/or entities other than Webb, as he has no obligation to produce documents that belong to a third party. Webb objects further to this Request because Webb is not obligated to produce any discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant Jeff Webb, dated March 4, 2021. Plaintiffs had 90 days form the promulgation of those requests to bring any disputes regarding Webb's objections to those requests to the Court for resolution. [ECF No. 100]. Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, Webb will not produce documents in response to Request No. 7. Subject to and without waiving these objections, Webb states further that he does not have documents responsive to Request No. 7 in his possession, custody, or control.

8.   Produce all documents or records that reflect or show the names of the competitors of Defendants in the scholastic cheer market for the years 2016, 2017, 2018, 2019 and 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**    Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment." [ECF 236]. In purporting to require production of documents regarding all competitors in the "scholastic cheer market," Request No. 8 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents relating to competitors in the "scholastic cheer market" do not fall within the subject matter about which Plaintiffs may pursue discovery.

For that reason, Webb objects to Request No. 8 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, Request No. 8 seeks information and documents relating to competitors of entities other than Webb, including other defendants in this case. Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome. Webb objects to further to Request No. 8 because it is vague and ambiguous with respect to the phrase "scholastic cheer market," which fails to identify with reasonable particularity the items or categories of items to be inspected. Webb objects further to this Request because Webb is not obligated to produce any discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant Jeff Webb, dated March 4, 2021. Plaintiffs had 90 days form the promulgation of those requests to bring any disputes regarding Webb's objections to those requests to the Court for resolution. [ECF No. 100]. Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 8 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 8.

9.    Produce all records or documents that evidence or show due diligence for the acquisition of any of the Defendants school related businesses by Bain (or any subdivision of Bain Capital). If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**    Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment." [ECF 236]. Request No. 9 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents relating to alleged acquisitions by Bain do not fall within

the subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to Request No. 9 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request seeks documents relating to due diligence relating to acquisitions involving parties other than Webb.  Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome.  Webb objects further to this Request because it is vague and ambiguous with its reference to unidentified acquisitions and to "school related businesses."  Webb further objects to the extent the documents and information requested are protected from disclosure by attorney-client privilege, and/or work product doctrine.  Webb objects further to this Request because Webb is not obligated to produce any discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant Jeff Webb, dated March 4, 2021.  Plaintiffs had 90 days form the promulgation of those requests to bring any disputes regarding Webb's objections to those requests to the Court for resolution.  [ECF No. 100].  Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 9 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 9.

10.    Produce all records or documents that mention or reflect anything regarding Defendants competitor N'finity in the school cheer market from 2015 to the present.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**<u>Response:</u>**    Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment."  [ECF 236].  Request No. 10 exceeds the scope of discovery in which Plaintiffs are

allowed to engage because documents related to N'finity and the "school cheer market" do not fall within the subject matter about which Plaintiffs may pursue discovery. For that reason, Webb objects to Request No. 10 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, Request No. 10 seeks information and documents relating to competitors of entities other than Webb, including other defendants in this case. Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome. Webb objects further to this Request because it is vague and ambiguous with respect to the phrase "school cheer market," as Webb is not aware of a single "school cheer market." Webb objects further to this Request because Webb is not obligated to produce any discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant Jeff Webb, dated March 4, 2021. Plaintiffs had 90 days form the promulgation of those requests to bring any disputes regarding Webb's objections to those requests to the Court for resolution. [ECF No. 100]. Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 10 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 10.

11.  Produce all records or documents that mention or reflect anything regarding Defendants competitor Rebel in the school cheer market from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**   Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic

equipment." [ECF 236]. Request No. 11 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents relating to Rebel in the "school cheer market" do not fall within the subject matter about which Plaintiffs may pursue discovery. For that reason, Webb objects to Request No. 11 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, Request No. 11 seeks information and documents relating to competitors of entities other than Webb, including other defendants in this case. Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome. Webb objects further to this Request because Webb is not obligated to produce any discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant Jeff Webb, dated March 4, 2021. Plaintiffs had 90 days form the promulgation of those requests to bring any disputes regarding Webb's objections to those requests to the Court for resolution. [ECF No. 100]. Webb objects further to this Request because it is vague and ambiguous with respect to the phrase "school cheer market," as Webb is not aware of a single "school cheer market." Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 11 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 11.

12.   Produce all records or documents that mention or reflect anything regarding Defendants competitor NIKE in the school cheer market from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**    Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment." [ECF 236].  Request No. 12 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents relating to NIKE in the "school cheer market" do not fall within the subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to Request No. 12 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, Request No. 12 seeks information and documents relating to competitors of entities other than Webb, including other defendants in this case.  Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome.  Webb objects further to this Request because it is vague and ambiguous with respect to the phrase "school cheer market," as Webb is not aware of a single "school cheer market."  Webb objects further to this Request because Webb is not obligated to produce any discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant Jeff Webb, dated March 4, 2021.  Plaintiffs had 90 days form the promulgation of those requests to bring any disputes regarding Webb's objections to those requests to the Court for resolution.  [ECF No. 100].  Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 12 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 12.

13.    Produce all records or documents that mention or reflect anything regarding any other competitor of Defendants in the school cheer market from 2015 to the present.  If you

should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**<u>Response:</u>**        Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment." [ECF 236].  Request No. 13 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents regarding any competitor in the "school cheer market" do not fall within the subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to Request No. 13 as overly broad, harassing, irrelevant and disproportionate to the needs of the case.

Webb also objects to Request No. 13 because it is overly broad in seeking "*anything regarding any other competitor*" of Defendants.  Moreover, Request No. 13 seeks information and documents relating to competitors of entities other than Webb, including other defendants in this case.  Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome.  Webb objects further to this Request because it is vague and ambiguous with respect to the phrase "school cheer market," as Webb is not aware of a single "school cheer market" and must otherwise speculate as to what the Request refers.  For the same reason, Webb objects to this Request because it fails to identify with reasonable particularity the items or categories of items to be inspected.  Webb objects further to this Request because Webb is not obligated to produce any discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant Jeff Webb, dated March 4, 2021.  Plaintiffs had 90 days form the promulgation of those requests to bring any disputes regarding Webb's objections to those requests to the Court for resolution.  [ECF No. 100].  Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

16

Based on the foregoing objections, and because the subject matter of Request No. 13 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 13.

14.    Produce any records or documents that mention or reflect any school cheer related sales made by Defendants for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**    Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment."  [ECF 236].  Request No. 14 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents relating to "any school cheer related sales" do not fall within the subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to Request No. 14 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request purports to require Webb to produce documents relating to sales made by third parties, including defendants in this lawsuit.  Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome.  Webb objects further to this Request because it is vague and ambiguous with respect to what might constitute "school cheer related sales."  For the same reason, Webb objects to this Request because it fails to identify with reasonable particularity the items or categories of items to be inspected.  Webb objects further to this Request because Webb is not obligated to produce any discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant Jeff Webb, dated March 4, 2021.  Plaintiffs had 90 days form the promulgation of those requests to bring any disputes regarding Webb's objections to those requests to the Court for resolution.  [ECF No. 100].  Webb also objects to the request that he identify, by

bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 14 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 14.

15. Produce any records or documents that mention or reflect American Spirit and Cheer Essentials, Inc., Rockstar Championships, LLC or Jeff & Craig Cheer, LLC, d/b/a Jeff and Craig Camps from 2015 to the present. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:** Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment." [ECF 236]. Request No. 15 exceeds the scope of discovery in which Plaintiffs are allowed to engage because it seeks any documents that mention certain Plaintiffs, none of whom have involvement in the subject matters about which discovery is permitted. For that reason, Webb objects to Request No. 15 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case. Webb objects further to Request No. 15 because it is overly broad in requiring Webb to produce any document that even "mention[s]" the listed Plaintiffs, even if such document is irrelevant to the claims or defenses in this lawsuit. Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 15 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 15.

16. Produce any records or documents that mention or reflect any school camp related sales made by Defendants for the years 2016, 2017, 2018, 2019 or 2020. If you should answer

18

that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**   Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment." [ECF 236]. Request No. 16 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents relating to "school camp[s]" do not fall within the subject matter about which Plaintiffs may pursue discovery. For that reason, Webb objects to Request No. 16 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request purports to require Webb to produce documents relating to sales made by third parties, including defendants in this lawsuit. Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome. Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 16 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 16.

17.    Produce any records or documents that mention or reflect any school cheer competition related sales made by Defendants for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**   Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment." [ECF 236]. Request No. 17 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents relating to "school cheer competition[s]" do not fall within

19

the subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to Request No. 17 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request purports to require Webb to produce documents relating to sales made by third parties, including defendants in this lawsuit.  Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome.  Webb objects further to this Request because Webb is not obligated to produce any discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant Jeff Webb, dated March 4, 2021.  Plaintiffs had 90 days form the promulgation of those requests to bring any disputes regarding Webb's objections to those requests to the Court for resolution.  [ECF No. 100].  Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 17 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 17.

18.   Produce any records or documents that mention or reflect annual sales figures for Allstar [sic] cheer uniforms, sneakers, or cheer merchandise for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**     Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment."  [ECF 236].  Request No. 18 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents relating to "Allstar cheer uniforms, sneakers, or cheer merchandise" do not fall within the subject matter about which Plaintiffs may pursue discovery.

For that reason, Webb objects to Request No. 18 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request purports to require Webb to produce documents relating to sales made by third parties, including defendants in this lawsuit. Consequently, Webb objects to this Request because it seeks discovery and material that can be obtained from another source that is more convenient and less burdensome. Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 18 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 18.

19.  Produce any records or documents that mention or reflect annual sales figures for school cheer uniforms, sneakers, or cheer merchandise for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:** Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment." [ECF 236]. Request No. 19 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents relating to "cheer merchandise" do not fall within the subject matter about which Plaintiffs may pursue discovery. For that reason, Webb objects to Request No. 19 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Webb objects further to this Request because it is vague and ambiguous with respect to the terms "annual sales figures" and "cheer merchandise." Moreover, this Request purports to require Webb to produce documents relating to sales made by third parties, including defendants in this lawsuit. Consequently, Webb objects to this Request because it seeks discovery and material that

can be, or already have been, obtained from another source that is more convenient and less

burdensome.  Webb objects further to this Request because Webb is not obligated to produce any

discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant

Jeff Webb, dated March 4, 2021.  Plaintiffs had 90 days form the promulgation of those requests

to bring any disputes regarding Webb's objections to those requests to the Court for resolution.

[ECF No. 100].  Webb also objects to the request that he identify, by bates number, records that

have already been produced as imposing a burden not required by the Federal Rules of Civil

Procedure.

     Based on the foregoing objections, Webb will not produce documents in response to

Request No. 19.  Subject to and without waiving these objections, Webb states further that he does

not have documents responsive to Request No. 19 in his possession, custody, or control.

20.   Produce any records or documents that mention or reflect annual sales figures for Allstar
      cheer competitions for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer
      that the requested documents have already been provided, then, in that event, please
      identify those records by referencing the bates stamp or ESI protocol numbers for the
      referenced documents that were already produced.

     **Response:**     Plaintiffs are only entitled to discovery regarding "marching band uniforms,

graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic

equipment."  [ECF 236].  Request No. 20 exceeds the scope of discovery in which Plaintiffs are

allowed to engage because documents relating to "Allstar cheer competitions" do not fall within

the subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to

Request No. 20 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

     Moreover, this Request purports to require Webb to produce documents relating to sales

made by third parties, including defendants in this lawsuit.  Consequently, Webb objects to this

Request because it seeks discovery and material that can be, or already have been, obtained from

another source that is more convenient and less burdensome.  Webb also objects to the request that

22

he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 20 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 20.

21. Produce any records or documents that mention or reflect annual sales figures for school cheer competitions for the years 2016, 2017, 2018, 2019 or 2020. If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**      Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment." [ECF 236]. Request No. 21 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents relating to "school cheer competitions" do not fall within the subject matter about which Plaintiffs may pursue discovery. For that reason, Webb objects to Request No. 21 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request purports to require Webb to produce documents relating to sales made by third parties, including defendants in this lawsuit. Consequently, Webb objects to this Request because it seeks discovery and material that can be, or already have been, obtained from another source that is more convenient and less burdensome. Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 21 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 21.

22.     Produce any records or documents that mention or reflect annual sales figures for school cheer camps for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**     Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment." [ECF 236].  Request No. 22 exceeds the scope of discovery in which Plaintiffs are allowed to engage because documents relating to "school cheer camps" do not fall within the subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to Request No. 22 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request purports to require Webb to produce documents relating to sales made by third parties, including defendants in this lawsuit.  Consequently, Webb objects to this Request because it seeks discovery and material that can be, or already have been, obtained from another source that is more convenient and less burdensome.  Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 22 exceeds the scope of allowable discovery at this stage, Webb will not search for or produce documents in response to Request No. 22.

23.     Produce any records or documents that mention or reflect annual sales figures for Allstar cheer camps for the years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents have already been provided, then, in that event, please identify those records by referencing the bates stamp or ESI protocol numbers for the referenced documents that were already produced.

**Response:**     Plaintiffs are only entitled to discovery regarding "marching band uniforms, graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic equipment." [ECF 236].  Request No. 23 exceeds the scope of discovery in which Plaintiffs are

allowed to engage because documents relating to "Allstar cheer camps" do not fall within the

subject matter about which Plaintiffs may pursue discovery.  For that reason, Webb objects to

Request No. 23 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request purports to require Webb to produce documents relating to sales

made by third parties, including defendants in this lawsuit.  Consequently, Webb objects to this

Request because it seeks discovery and material that can be, or already have been, obtained from

another source that is more convenient and less burdensome.  Webb also objects to the request that

he identify, by bates number, records that have already been produced as imposing a burden not

required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, and because the subject matter of Request No. 23

exceeds the scope of allowable discovery at this stage, Webb will not search for or produce

documents in response to Request No. 23.

24.     Produce any records or documents that mention or reflect annual sales figures for school
        class rings, competition rings, caps and gowns, tassels, and/or graduation regalia for the
        years 2016, 2017, 2018, 2019 or 2020.  If you should answer that the requested documents
        have already been provided, then, in that event, please identify those records by referencing
        the bates stamp or ESI protocol numbers for the referenced documents that were already
        produced.

**Response:**     Plaintiffs are only entitled to discovery regarding "marching band uniforms,

graduation regalia, scholastic merchandise such as yearbooks and class rings, and athletic

equipment."  [ECF 236].  Request No. 24 exceeds the scope of discovery in which Plaintiffs are

allowed to engage because documents relating to "competition rings" do not fall within the subject

matter about which Plaintiffs may pursue discovery.  Webb objects further that Request No. 24 is

vague and ambiguous in its reference to "competition rings."  For that reason, Webb objects to

Request No. 24 as overly broad, harassing, irrelevant, and disproportionate to the needs of the case.

Moreover, this Request purports to require Webb to produce documents relating to sales made by third parties, including defendants in this lawsuit.  Consequently, Webb objects to this Request because it seeks discovery and material that can be, or already have been, obtained from another source that is more convenient and less burdensome.  Webb objects further to this Request because Webb is not obligated to produce any discovery encompassed by Plaintiffs' First Request for Production of Documents to Defendant Jeff Webb, dated March 4, 2021.  Plaintiffs had 90 days form the promulgation of those requests to bring any disputes regarding Webb's objections to those requests to the Court for resolution.  [ECF No. 100].  Webb also objects to the request that he identify, by bates number, records that have already been produced as imposing a burden not required by the Federal Rules of Civil Procedure.

Based on the foregoing objections, Webb will not search for or produce documents in response to Request No. 24.  Subject to and without waiving these objections, Webb states further that he does not have documents responsive to Request No. 24 in his possession, custody, or control.

Date:  September 23, 2022

By: /s/ *Brendan P. Gaffney*
Paul Coggins*
Brendan Gaffney*
Katherine Wright*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com
katie.wright@lockelord.com

* Admitted *pro hac vice*

Edward L. Stanton III (TN Bar #018904)
S. Keenan Carter (TN #023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7336
Facsimile: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.carter@butlersnow.com

**ATTORNEYS FOR JEFF WEBB**