# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AMERICAN SPIRIT AND CHEER ESSENTIALS, INC. by HEIDI WEBER, ROCKSTAR CHAMPIONSHIPS, LLC by DAVID OWENS, JEFF & CRAIG CHEER, LLC, d/b/a JEFF AND CRAIG CAMPS, by CRAIG HALLMARK, MARK LUKENS and KATHLEEN LUKENS, and ASHLEY HAYGOOD, Individually and on Behalf of all Others Similarly Situated,<br><br>       Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC, BSN SPORTS, LLC, VARSITY SPIRIT LLC, HERFF JONES, LLC, VARSITY BRANDS HOLDING CO., INC., VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., USA FEDERATION FOR SPORT CHEERING, d/b/a USA CHEER, VARSITY INTROPA TOURS, LLC and JEFF WEBB,<br><br>       Defendants. | CIVIL ACTION<br>FILE NUMBER:<br><br>2:20-cv-02782-SHL-tmp<br><br>**MOTION TO MODIFY PREVIOUS DISCOVERY ORDER** |

I.       BACKGROUND

American justice disfavors ex post facto rules. <u>See</u>, <u>e.g.</u>, U.S. Const. art. 1 § 9, cl. 3) ("No Bill of Attainder or ex post facto Law shall be passed."). By "ex post facto" rules, our forebears meant rules that retroactively change the consequences of things done before the rule. This motion is about one reading of the Court's November 10th Order (ECF No. 284). Here is the story.

In February of 2021, the <u>American Spirit</u>, <u>Fusion Elite</u>, and <u>Jones</u> plaintiffs, as well as the Defendants, all agree to make and share disclosures among parties for the sake of efficiency.

WHEREAS, judicial efficiency will be served by allowing Plaintiffs and counsel in each case to review and use material produced in each case;

WHEREAS, Defendants' counsel and Plaintiffs in all three cases have indicated their support for the relief requested below;

Accordingly, the following is ordered:

1. Notwithstanding anything in the protective orders governing the use of discovery material entered in each case covered by the Plaintiffs' Discovery Coordination Committee orders, "Confidential" or "Highly Confidential" (as defined in the respective protective orders in each case) information, data and documents produced in any of the cases covered by the Plaintiffs' Discovery Coordination Committee orders may be disclosed to the parties in all cases covered by the Plaintiffs' Discovery Coordination Committee Order;

2. Plaintiffs and their counsel shall treat any materials exchanged pursuant to Paragraph 1 herein as subject to the protective order in each respective case and may only share and use such materials in accordance with the protective order entered in each case; and

3. No materials shall be shared until protective orders are entered in all cases covered by the Plaintiffs' Discovery Coordinating Committee Order.

**IT IS SO ORDERED**, this 22nd day of February, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

(Case 2:20-cv-02600-SHL-cgc, ECF No. 97 at PageID 804.) Going forward, the American Spirit Plaintiffs rely on that agreement. Id. Similarly, the American Spirit Plaintiffs and others rely on the Court's order codifying that agreement.

2

Indeed, on June 20, 2022, Fusion Elite shares their expert reports to the defense, the American Spirit Plaintiffs and the Jones plaintiffs.



Thereafter, the American Spirit Plaintiffs share those reports with their expert, Dr. John Campbell, PhD, for reference and efficiency:



3

Near the close of discovery, however, the Defendants ask the Court to set aside the agreements and change its order.

> Case 2:20-cv-02782-SHL-tmp    Document 259    Filed 09/19/22    Page 1 of 10    PageID 3898
>
> UNITED STATES DISTRICT COURT
> WESTERN DISTRICT OF TENNESSEE
>
> | | |
> |---|---|
> | FUSION ELITE ALL STARS, et al., <br><br> Plaintiffs, <br> v. <br> VARSITY BRANDS, LLC, et al., <br><br> Defendants. | Case No. 2:20-cv-02600-SHL-tmp <br> Jury Trial Demanded |
> | AMERICAN SPIRIT AND CHEER ESSENTIALS, INC., et al., <br><br> Plaintiffs, <br> v. <br> VARSITY BRANDS, LLC, et al., <br><br> Defendants. | Case No. 2:20-cv-02782-SHL-tmp <br> Jury Trial Demanded |
> | JESSICA JONES, et al., <br> Plaintiffs, <br> v. <br> VARSITY BRANDS, LLC; et al., <br><br> Defendants. | Case No. 2:20-cv-02892-SHL-tmp <br> Jury Trial Demanded |
>
> **DEFENDANTS' MOTION TO MODIFY PREVIOUS DISCOVERY ORDERS THAT ALLOW SHARING OF DISCOVERY MATERIALS (ECF NO. 97) AND COORDINATION OF DEPOSITIONS (ECF NO. 172) AND MEMORANDUM IN SUPPORT**
>
> Defendants in the above-referenced actions respectfully move the Court to modify its previous discovery orders allowing Plaintiffs in the above-referenced cases to share confidential

(ECF No. 259). The Defendants argue their prior agreement might now cause them prejudice. (Id. at PageID 3899) ("Specifically, Defendants request that the Court modify those orders in light of changes in the expert disclosure schedule in American

4

Spirit and to prevent unnecessary and unintended prejudice to Defendants that would result absent such modifications.").[1] Ultimately, the Defendants ask to "carve out":

1. . . . the American Spirit Plaintiffs' access to expert reports and related material in Fusion Elite and Jones[; and]

2. . . . the American Spirit Plaintiffs' participation in depositions of expert witnesses (and access to transcripts of the same) in Fusion Elite and Jones and vice versa.

(Id. at PageID 7998.). Simultaneously, the current deadlines are these:

|  | Fusion Elite | Jones | American Spirit |
|---|---|---|---|
| Close of Fact Discovery Including Depositions | (Past) | (Past) | (Past) |
| Opening Expert Reports | (Past) | (Past) | November 18, 2022 |
| Opposing Expert Reports | (Past) | (Past) | January 13, 2023 |
| Rebuttal Expert Reports | November 21, 2022 | December 14, 2022 | March 13, 2023 |
| Expert Witness Depositions | December 16, 2022 | January 24, 2023 | April 12, 2023 |

(ECF No. 284 at PageID 5869.) The American Spirit Plaintiffs object. (ECF No. 261).

On November 10th, the Court issues the following order:

---

[1] Notably, a wise Tennessean turned Georgian, Mr. Brad Currey Jr., once said: "Promises are important only when they are hard to keep."

5

## CONCLUSION

For the reasons described above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion. Defendants' requested relief to modify the Court's previous discovery orders allowing sharing of discovery materials, (ECF No. 97), and coordinating depositions, (ECF No. 172), is **GRANTED** but the modifications are limited as described in the Jones and Fusion Elite Plaintiffs' Joint Response, (see ECF No. 295 at PageID 5308-09), as reiterated below:

1. The Jones and Fusion Elite Plaintiffs may not share expert reports with the American Spirit Plaintiffs or their experts until after the American Spirit Plaintiffs have received Defendants' expert reports.

2. The Jones and Fusion Elite Plaintiffs may not ask any questions or attend any expert depositions in the American Spirit case, and the American Spirit Plaintiffs may not ask any questions or attend any expert depositions in the Jones and Fusion Elite cases.

3. The Jones and Fusion Elite Plaintiffs may not disclose Defendants' expert deposition transcripts or Plaintiffs' expert deposition transcripts from the Jones and Fusion Elite cases until after the American Spirit Plaintiffs have taken the Defendants' expert depositions.

**IT IS SO ORDERED**, this 10th day of November, 2022.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

(ECF No. 284 at PageID 5873). Thus, the Court's November 10th Order might be read to order the Parties to not share expert reports *after they have already shared expert reports*. Moreover, the American Spirit Plaintiffs' expert used those reports

in making his report, which is due November 18, 2022.² At this point, it is too late to go back.

## II. APPLICABLE LAW

The Court can fix this:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Thus, "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991). The Defendants agree. (ECF No. 259 at PageID 3901).³

---

² Although American Spirit's expert John L. Campbell, Ph.D read the Singer expert report shared by the Fusion Elite counsel, he states in his report that "Although I read the Singer Report with interest, the calculations and opinions in this report are based on my own calculations and review of the documents and testimony that I reviewed through the Relativity Ricoh website or provided to me by plaintiff's counsel."

³ In fairness, both the Defendants' Motion to Modify (ECF No. 259) and this Motion to Modify could be read as motions for revision. Neither the Defendants nor the American Spirit Plaintiffs, however, moved under Local Rule 7.3 (which limits motions for revision). "[L]ocal court rules, however, cannot conflict with the Federal Rules of Civil Procedure, Acts of Congress, and rules of practice and procedure prescribed by the Supreme Court." Carver v. Bunch, 946 F.2d 451, 453 (6th Cir. 1991). Consequently, the Parties evidently agree that reliance upon Fed.R.Civ.P. 54(b) is within the Court's discretion.

### III. DISCUSSION

In this case, the Defendants' requested relief and the Court's November 10th order could be read to put both the plaintiffs in <u>Fusion Elite</u> and the American Spirit Plaintiffs in ex post facto violation. Indeed, those parties kept their agreements and followed the Court's sharing order in June. Now, the Defendants might argue the <u>Fusion Elite</u> and American Spirit Plaintiffs violated the Court's Order in November. To avoid that injustice, the American Spirit Plaintiffs ask only that the Court's order be applied proactively and not to prior conduct. That way, the Court's Order is not made an ex post facto rule.

### III. CONCLUSION

For the sake of justice, the Court's order should be applied only proactively.

[signatures on subsequent page]

          Respectfully submitted,

This 18th day of November 2022.

/s/ Robert A. Falanga
Robert A. Falanga, Esq.
Attorney Bar No. 254400
Interim Lead Class Counsel


/s/ Kobelah Svensen Bennah
Kobelah Svensen Bennah
Attorney Bar No. 378113


LAW OFFICES
FALANGA & CHALKER
11200 Atlantis Pl #C
Alpharetta, GA 30022
Phone: (770) 955-0006
Fax: (770) 955-2123
robert@falangalaw.com
kobelah@falangalaw.com