**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**FUSION ELITE ALL STARS, *et al.,***

**Plaintiffs,**

**v.**

**VARSITY BRANDS, LLC, *et al.,***

**Defendants.**

Case No. 2:20-cv-02600-SHL-tmp
JURY TRIAL DEMANDED

Related Cases:
Case No. 2:20-cv-02892
Case No. 2:20-cv-2782-SHL-tmp

**PLAINTIFFS' MOTION TO EXTEND PAGE LIMITATIONS FOR CLASS CERTIFICATION BRIEFING**

Plaintiffs Fusion Elite All Stars, *et al.,* by counsel, respectfully move for leave to file brief(s) regarding class certification in the excess of the page limitation(s) under Local Rule 7.2, as follows.[1] The LR 7.2(e) limits the length of memoranda in support of and in opposition to motions to 20 pages, and limits reply memoranda to five pages. Those limitations are not appropriate for a class motion in this significant proposed antitrust class action with thousands of potential class members nationwide, regarding an industry that affects tens of thousands of businesses and families, and with damages in the hundreds of millions. In their class opposition, Defendants apparently plan to challenge the underlying merits of Plaintiffs' claims, the reliability of Plaintiffs' two experts, as well as Plaintiffs' ability to satisfy the provisions of Fed. R. Civ. P. 23. Accordingly, consistent with typical page limits for analogous antitrust class actions, Plaintiffs request that the Court extend the page limitations of their upcoming brief in support of class

[1] As per the Court's August 18, 2022 Order [ECF No. 290], Plaintiffs' Motion for Class Certification is due to be filed on or before January 20, 2023, Defendants' Brief in Opposition is due March 3, 2023, and the Reply is due on or before April 17, 2023.

certification to 30 pages; extend the limit of Defendants' combined brief in opposition to 30 pages[2]; and, extend the page limit on the Reply memorandum to 20 pages. While Plaintiffs would prefer not to burden the Court with this request, Defendants have informed Plaintiffs that they oppose the requested page limit extensions and that no deviation from the default page limits under LR 7.2(e) is appropriate.

As grounds for their Motion, Plaintiffs submit that additional pages are necessary given the numerous factual and legal issues in this antitrust class action for violations of Section 2 of the Sherman Act, 15 U.S.C. § 2. The facts in this case alone required thirty-seven pages to articulate in the Amended Consolidated Complaint and each side has two economic experts, with the combined length of their collective reports exceeding 750 pages (including appendices).

Moreover, the requested page limit extensions concern briefing on a motion for class certification, which inherently involves examination of numerous elements pursuant to Fed. R. Civ. P. 23(a)(1) - (4), and 23(b)(3) (predominance). Each provision requires a detailed assessment, and the application of the law to the facts, as well as detailed discussions of expert economic analyses. Plaintiffs believe the sheer number of these issues will necessitate additional briefing beyond the page limits in LR 7.2 (e). Plaintiffs desire to present cogent and comprehensive arguments on these issues, and thus require the sought-after page extensions to do so.

The page limitations that Plaintiffs seek here are consistent with those allowed in analogous antitrust class certification motions in this Circuit. *See, e.g.*, *In re Skelaxin (Metaxalone) Antitrust Litig.*, 1:12-md-02343 (E.D. Tenn. May 6, 2013), ECF No. 156 (granting direct purchaser plaintiffs 35 pages, indirect purchaser plaintiffs 35 pages, and end payor plaintiffs 65 pages for class motions); *id.* at ECF No. 344 (granting each Plaintiff group 30 pages for class replies); *In re*

---

[2] Given that Defendants' arguments against class certification will be the same, Plaintiffs understand they will file one joint opposition to Plaintiffs' Motion for Class Certification.

*Polyurethane Foam Antitrust Litig.*, 1:10-md-02196 (N.D. Ohio Jun. 7, 2013), ECF No. 570 ("Direct Purchaser and Indirect Purchaser Plaintiffs shall have a total of eighty (80) pages (combined) for their respective motions for class certification. Defendants shall have a total of eighty (80) pages (combined) for their opposition to both motions. Direct Purchaser and Indirect Purchaser Plaintiffs shall have a total of thirty (30) pages (combined) for their reply."); *Food Lion, LLC, et al v. Dean Foods Co., et al*, 2:07-cv-00188 (E.D. Tenn. Apr. 20, 2009), ECF No. 193 (granting plaintiffs 50 pages for class motion); *In re Southeastern Milk Antitrust Litig.*, No. 2:08-md-01000 (E.D. Tenn. Aug. 11, 2009), ECF No. 383 (granting plaintiffs 35 pages for class reply); *Clarke, et al. v. Baptist Memorial HealthCare Corporation, et al.*, No. 2:06-cv-02377 (E.D. Tenn. Nov. 24, 2008), ECF No. 205 (granting plaintiffs 40 pages for class reply); *see also id.* at ECF No. 212 (granting plaintiffs 50 pages for class reply). Courts in other Circuits are in accord. *See, e.g.*, *In re Opana ER Antitrust Litig.*, 14-cv-10150 (N.D. Ill. March 18, 2019), ECF No. 435 (permitting direct purchaser plaintiffs and end payor plaintiffs 30 pages each for class motions, 30 pages for class opposition, and 20 pages each for class reply); *In re Restasis Antitrust Litig.*, 18-md-02819 (E.D.N.Y. April 8, 2019), ECF No. 268 (permitting 30 pages for class motion, 40 pages for class opposition, and 20 pages for class reply).

Defendants will not be prejudiced by the requested page limit extensions. The parties' class certification briefs, Plaintiffs' memorandum in support and Defendants' brief in opposition, will *each* be extended by 10 pages. Further, given the detailed factual and legal issues that need to be addressed, and the need to respond to an opposition from two Defendants as well as their arguments on all of the factors contained in Fed. R. Civ. P. 23(a)(1) - (4), and 23(b)(3), as well as the expert analyses, the increase in the length of the reply brief from five to twenty pages is necessary as a practical matter.

In light of the foregoing, Plaintiffs respectfully request that the Court grant their motion to increase the page limitations for their Memorandum in Support of the Motion for Class Certification to thirty pages; Defendants' combined brief in opposition to thirty pages; and Plaintiffs' reply brief to twenty pages.

Lastly, Plaintiffs respectfully request that the Court expedite the briefing on this Motion, such that Defendants' response in opposition shall be due within seven days.

December 21, 2022

Respectfully submitted,

By: *<u>/s/ J. Gerard Stranch, IV</u>*
J. Gerard Stranch, IV (TN BPR #23045)
Benjamin A. Gastel (TN BPR #28699)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

*Liaison Counsel for the Proposed Direct Purchaser Class*

Gregory S. Asciolla*
Karin E. Garvey*
Veronica Bosco*
**DICELLO LEVITT LLC**
485 Lexington Ave., 10th Fl.
New York, NY 10017
Telephone: (646) 933-1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
vbosco@dicellolevitt.com

Jonathan W. Cuneo*
Victoria Sims*
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com

vicky@cuneolaw.com

H. Laddie Montague, Jr.*
Eric L. Cramer*
Mark R. Suter*
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19106
Telephone: (215) 875-3000
hlmontague@bm.net
ecramer@bm.net
msuter@bm.net

*Interim Co-Lead Counsel for the Proposed Direct Purchaser Class*

Benjamin D. Elga*
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street Brooklyn, NY 11201
Telephone: (518) 732-6703
belga@justicecatalyst.org

Roberta D. Liebenberg*
Jeffrey S. Istvan*
Mary L. Russell*
**FINE KAPLAN AND BLACK, R.P.C.**
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
mrussell@finekaplan.com

Nathan A. Bicks (TN BPR #10903)
Sarah E. Stuart (TN BPR #035329)
Aubrey B. Harwell, Jr. (TN BPR #002559)
Charles Barrett (TN BPR #020627)
Aubrey B. Harwell III (TN BPR #017394)
**NEAL & HARWELL, PLC**
1201 Demonbreun St., Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713
aharwell@nealharwell.com
cbarrett@nealharwell.com
tharwell@nealharwell.com
*Admitted pro hac vice

*Counsel for the Proposed Direct Purchaser Class*

**CERTIFICATE OF SERVICE**

The undersigned certifies the foregoing document was filed with the Court's Case Management/Electronic Case Filing System, this 21st day of December, 2022, and served upon the following:

George S. Cary
Steven J. Kaiser
Linden Bernhardt
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Avenue
NW Washington, DC 20037
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Heather Nyong'o Jennifer K. Park
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road
Palo Alto, CA 94304
hnyongo@cgsh.com
jpark@cgsh.com

Matthew S. Mulqueen
Adam S. Baldridge
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Defendants Varsity Brands, LLC; Varsity Spirit Fashions & Supplies; and Varsity Spirit LLC*

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV (TN BPR #23045)