# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES and CHRISTINA LORENZEN, on Behalf of Themselves and All Others Similarly Situated, <br><br>　　　Plaintiffs, <br><br>v. <br><br>VARSITY BRANDS, LLC, et al., <br><br>　　　Defendants. | ) ) ) ) ) ) ) ) ) ) )　　No. 2:20-cv-02892-SHL-tmp |

## ORDER GRANTING DEFENDANTS' MOTION TO EXCEED PAGE LIMITATIONS

　　Before the Court are Defendants' Motion to Exceed Page Limitations in Briefing Defendants' Motion to Exclude Testimony of Plaintiffs' Proffered Expert Randal Heeb, Ph.D., filed February 3, 2023, (ECF No. 373), and Plaintiffs' Response in Opposition, filed February 6, 2023, (ECF No. 375).  Local Rule 7.2 requires that memoranda in support and in opposition of a motion shall not exceed 20 pages in length.  L.R. 7.2(e).  Defendants request an additional ten pages for their memoranda in support of their upcoming motion to exclude Plaintiffs' expert Dr. Heeb's testimony under Federal Rule of Evidence 702.  (ECF No. 373 at PageID 8341.) Defendants aver that additional pages are necessary as Dr. Heeb has produced two expert reports that, when combined, total more than 450 pages and over 1,000 footnotes.  (Id. at PageID 8340.) Moreover, Defendants argue, Dr. Heeb addresses "multiple key issues, including three different alleged markets, class definitions, alleged anticompetitive conduct, and damages."  (Id.) Defendants assert that each requires a response, which is not possible within the 20 pages as required by the Local Rules.

Plaintiffs oppose this extension. Plaintiffs' central argument is that Defendants have represented that they intend to oppose Plaintiffs' four experts in four separate motions, currently totaling a potential of 80 pages of argument. (ECF No. 375 at PageID 8346.) Plaintiffs, meanwhile, will only have a maximum of 40 pages to oppose Defendants' two proffered experts, even though they "address the same issues that Plaintiffs' four experts address." (Id.) Indeed, Plaintiffs express their intention to oppose both of Defendants' experts within a single Daubert motion, totaling only 20 pages. (Id. at PageID 8345-46.) Plaintiffs therefore assert that an additional ten pages is unnecessary and that Defendants fail to provide sufficient reasons to justify an extension, particularly in light of Plaintiffs' ability to comply with the Local Rules. (Id.) Instead of an extension, Plaintiffs ask the Court to order that Defendants be limited to only a single Daubert motion, in which case Plaintiffs would not oppose the additional ten pages. (Id.)

To start, the Court applauds Plaintiffs' desire to consolidate their motions. As the Court has stressed repeatedly (in what seems to be a recurring theme in this case), concision and clarity of argument should be the goal, rather than utilizing every extra page simply because it is available. The Court disagrees, however, that Defendants should be limited to a single Daubert motion. If Defendants have good faith bases to challenge Plaintiffs' experts, and must do so on an individualized basis rather than as a group, they should be permitted to file multiple motions.

Moreover, the requested additional pages are for only a single motion addressing a single expert, rather than a blanket request. This shows at least some consideration by Defendants that they assessed whether they required additional pages for each motion and determined that it was only necessary with one motion. This individualized assessment strengthens Defendants' position that additional pages are necessary.

3

The Court therefore **GRANTS** Defendants' Motion. Defendants shall have an additional ten pages for the memorandum in support of their motion to exclude Dr. Heeb's testimony. As always, the Court cautions that the length of an argument is no guarantee of its success, and indeed could result in more confusion, not clarity.

**IT IS SO ORDERED**, this 7th day of February, 2023.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE