# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>  Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>  Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br><br><br>**JURY DEMAND** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT THE JOSEPH SAVERI LAW FIRM, LLP AS LEAD COUNSEL AND TO APPOINT LEADERSHIP STRUCTURE**

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ...................................................................................................................1

II. LEGAL STANDARD............................................................................................................2

III. ARGUMENT........................................................................................................................3

    A. The Proposed Leadership Structure Meets the Standards of Rule 23(G)(1) and Will Benefit the Proposed Plaintiff Classes.............................................................3

        1. Extensive Investigation of Claims ...............................................................3

        2. Experienced Counsel and Knowledge of Applicable Law ..........................3

        3. Commitment of Resources Necessary to Prosecute Claims ......................11

    B. Commitment to Cooperation and Civility..............................................................12

    C. Added Benefit of Combined Resources and a Multi-Tiered Structure..................13

IV. CONCLUSION...................................................................................................................13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Gamboa v. Ford Motor Co.*,
  381 F. Supp. 3d 853 (E.D. Mich. 2019) ...................................................................................2

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................13

**Federal Rules**

Fed. R. Civ. P. 23 ....................................................................................................................1, 2, 3

**Other Authorities**

Annotated Manual for Complex Litigation (Fourth) 10.21 (2004) ...............................................13

Third Circuit Task Force Report on Selection of Class Counsel, 208 F.R.D. 340,
  417 (2002) ..............................................................................................................................13

Pursuant to Federal Rule of Civil Procedure 23(g)(1), Jessica Jones, and Christina Lorenzen (collectively "Plaintiffs") respectfully submit this Memorandum of Law in support of their Motion to Appoint the Joseph Saveri Law Firm, LLP as Lead Counsel and to Appoint Leadership Structure ("Motion") in the above-captioned action (the "*Jones Action*"). Plaintiffs seek an order appointing the Joseph Saveri Law Firm, LLP ("JSLF") as Lead Counsel of the Jones Action. Plaintiffs also seek to have Gustafson Gluek, PLLC, Hartley LLP, and Paul LLP appointed to an Executive Committee, and Van Turner Jr. of Turner Feild, PLLC appointed as Liaison Counsel (together, referred to herein as "leadership firms").

## I.  INTRODUCTION

JSLF and the leadership firms are among the most skilled and experienced antitrust attorneys in the United States. Each firm has its own long record of success, not only in efficiently managing and leading large complex antitrust litigation, but also in achieving substantial recoveries for plaintiff classes.[1] JSLF serves (or has served) as lead counsel or co-lead counsel in numerous antitrust cases, including the *Capacitors* price-fixing litigation, which JSLF recently led through trial.[2] After trial concluded in *Capacitors*, JSLF secured a total settlement of $604.55 million for the direct purchaser class, one of the largest recoveries ever achieved on behalf of a purchaser class in the United States. JSLF and the leadership firms each bring a number of skilled antitrust attorneys, the necessary human and financial resources to support this litigation, and the commitment to see this litigation through trial on behalf of the proposed classes. Each firm has a reputation for being extremely professional, cooperative, and

---

[1] Detailed declarations and resumes for the proposed leadership firms are attached to the Declaration of Joseph R. Saveri ("Saveri Decl.") as Exhibits 1-5, filed herewith.

[2] *In re Capacitors Antitrust Litigation*, Case No. 17-md-02801-JD (N.D. Cal.).

civil toward co-counsel, opposing counsel, and the Court. Van Turner Jr. is especially well-qualified to serve as Liaison Counsel, having had many years of practice under the local rules in the Western District of Tennessee.

JSLF and the proposed leadership firms have already been working together successfully to manage and litigate the *Jones Action* for over two years, with each firm devoting resources and playing a substantial role in filing, discovery, and motion practice. This Motion asks that JSLF, which has already been representing the class as lead counsel, and the leadership firms, which have already been successfully working with JSLF in representing the class, be officially appointed lead counsel and to the Executive Committee. Defendants have stated they oppose this motion.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure Rule 23(g)(1) provides that when certifying a class, a court "must appoint class counsel." In appointing class counsel, courts apply the following factors: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Courts also consider whether plaintiffs' counsel will "fairly and adequately represent the interests of the [putative] class." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853 (E.D. Mich. 2019) (quoting Fed. R. Civ. P. 23(g)(4)).

## III.   ARGUMENT

**A.   The Proposed Leadership Structure Meets the Standards of Rule 23(g)(1) and Will Benefit the Proposed Plaintiff Classes**

### 1.   Extensive Investigation of Claims

Prior to filing the Complaint on December 20, 2020, JSLF and the leadership firms took significant steps to identify, investigate, and advance the claims in this litigation. *See* Saveri Decl. ¶ 9. Attorneys for JSLF performed substantial work investigating the merits of Plaintiffs' claims, including extensive investigation of the cheerleading industry as to both All Star cheer and school cheer, and the markets for cheer competitions, cheer camps, and cheer apparel (the "relevant markets"). *Id.* ¶ 9. JSLF consulted experts to analyze All Star cheerleading and school cheerleading, and to make a preliminary assessment of the economics of the relevant markets, damages, and the viability of Plaintiffs' claims. *Id.* ¶ 9. JSLF also conducted research on Defendants and performed legal and factual research regarding Plaintiffs' claims under state and federal laws. *Id.* ¶ 9. JSLF continues to develop and investigate the merits and damages claims in the *Jones Action* through retention of experts and other work. *Id.* ¶ 9.

### 2.   Experienced Counsel and Knowledge of Applicable Law

**JSLF (Lead Counsel)**

JSLF is recognized as among the preeminent plaintiffs' antitrust law firms in the country. *See* Saveri Decl., Ex. 1. Chambers and Partners has ranked JSLF "Band 1" (highest ranking) in its "Antitrust: Mainly Plaintiff—California" category. The American Antitrust Institute honored JSLF with its award for Outstanding Antitrust Litigation Achievement in Private Law Practice in 2017. Best Lawyers/U.S. News & World Report named JSLF among the Best Law Firms from 2013-2018 and the California Daily Journal selected JSLF as one of the "Top Boutiques in

California." The Daily Journal honored Mr. Saveri and other JSLF attorneys with the California Lawyer Attorney of the Year (CLAY) award in 2016. JSLF attorneys also serve in leadership positions in the American Bar Association's Antitrust Section and the California Lawyer's Association section on Antitrust, Unfair Competition and Privacy Law. Over the last eight years, JSLF has produced settlements totaling over $1 billion in antitrust class action cases. *See* Saveri Decl., Exhibit 1 (JSLF Firm Resume).

JSLF is led by Joseph R. Saveri and Steven N. Williams, two of the nation's leading antitrust lawyers. Mr. Saveri and Mr. Williams collectively have over 50 years of professional and leadership experience in litigating antitrust claims on behalf of consumers. Saveri Decl. ¶ 10. Both Mr. Saveri and Mr. Williams are rated AV Preeminent by LexisNexis Martindale-Hubbell and were ranked "Band 1" attorneys by Chambers USA in its "Antitrust: Mostly Plaintiff" category for 2018 and 2019. *Id.* ¶ 10. Representative examples of JSLF's recent appointments as lead counsel include: *In re Capacitors Antitrust Litigation*, Case No. 17-md-02801-JD (N.D. Cal.); *In re Restasis Antitrust Litigation*, MDL No. 02819 (NG) (LB) (E.D.N.Y); *In re High-Tech Employee Antitrust Litigation*, Case No. ll-cv-2509 (N.D. Cal.); *In re Cipro Cases I and II*, JCCP Nos. 4154 and 4220 (Cal.); *In re January 2021 Short Squeeze Trading Litigation*, Case No. 1:21-md-02989 (S.D. Fla.) (co-lead for antitrust tranche); *In re Outpatient Medical Center Employee Antitrust Litigation*, Case No. 1:21-cv-00305 (E.D. Ill.). Saveri Decl. ¶ 11.

In *Capacitors*, where JSLF is Lead Counsel and recently took the case to trial and achieved extraordinary results for the plaintiff class, Judge Donato remarked on the firm's skill and expertise:

> "[the] docket and the procedural history in this case demonstrate Counsel's expertise and the Direct Purchaser Plaintiffs' successes to date. . . . Counsel have done much to effectively prosecute the

> Class' claims, and to do so efficiently. . . . Counsel have not come by their success in this litigation easily. Defendants . . . have hired the best antitrust counsel money can buy to defend them."

No. 14-cv-03264 (N.D. Cal. June 27, 2017), ECF No. 1714 at 7. In addition, the JSLF team also includes Ronnie S. Spiegel who joined the firm as a partner in June 2021. Prior to joining JSLF, Ms. Spiegel was a partner at Hagens Berman LLP in Seattle, a leading class action firm, where she worked between 2005 and May 2021. Saveri Decl. ¶ 12. Ms. Spiegel has been selected by Lawdragon as one of its 500 Leading Plaintiff Financial Lawyers (2019-2022), was selected as one of the National Trial Lawyers: Top 100 (2019-2020) and was selected as a Super Lawyer® for Washington for 2023. She has been a member of the Sedona Conference Working Group 1 on eDiscovery and is one of the co-drafters of the Revised Commentary on Rule 45, published October 2020. *Id.* ¶ 12. Ms. Spiegel has devoted nearly her entire career to litigating antitrust price-fixing and monopolization class actions on behalf of plaintiff classes, managing large class action cases through all phases of litigation from filing through class certification, summary judgment and trial. *Id.* ¶ 12. Some of the cases in which Ms. Spiegel has played a key role include: *In re Google Play Developer Antitrust Litigation,* No. 3:20-cv-05792 (N.D. Cal.)*; In re Apple iPhone Antitrust Litigation,* No. 4:19-cv-03074 (N.D. Cal.); *In re Automotive Parts Antitrust Litigation*, 2:12-md-2311 (E.D. Mich.)*; In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M 02-1486 (N.D. Cal.); *In re Static Random Access Memory (SRAM) Antitrust Litigation,* No. 4:07-md-01819 (N.D. Cal.); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. 3:07-md-01827 (N.D. Cal.); *In re Cathode Ray Tube Antitrust Litigation*, No. 3:07-cv-05944 (N.D. Cal.); *In re High Fructose Corn Syrup Antitrust Litigation*, No. 95-1477 (C.D. Ill.); *In re Vitamins Antitrust Litigation*, No. 1:99-mc-00197 (D.D.C.)*; In re McKesson Corp. Shareholder Derivative Litigation*, 4:17-cv-01850 (N.D. Cal.); *In re*

*Containerboard Antitrust Litigation*, 1:10-cv-5711 (N.D. Ill.); and *In re Flat Glass Antitrust Litigation,* MDL No. 1200, Case No. 03-2920 (W.D. Pa.).

The JSLF team also includes several associates, and a team of paralegals, investigators, and other professional staff. Each has significant experience in litigating complex antitrust cases. JSLF makes diversity a priority and is committed to providing substantive opportunities for junior members of its team, a commitment that fosters the next generation of attorneys—particularly in high-stakes cases like this one—and has produced a strong and experienced team. Saveri Decl. ¶ 13. JSLF's broad and diverse team, under the direction of experienced leadership, will ensure tasks are performed by lawyers and other staff with the appropriate level of experience (and billing rates).

**Gustafson Gluek PLLC (Executive Committee)**

Gustafson Gluek is also recognized as one of the top plaintiffs' class action and antitrust law firms in the country. *See* Saveri Decl., Exhibit 2 (Gustafson Gluek Firm Resume). Gustafson Gluek and its attorneys have consistently been recognized by their clients, peers, and courts across the country as leaders in their fields and, as such, have been chosen to lead some of the largest and most complex multi-district litigations. Gustafson Gluek was named in the Top 25 Lead Counsel in Antitrust Complaints filed from 2009 – 2021 in the 2021 Antitrust Annual Report produced by the UC Hastings College of the Law and The Huntington National Bank.

Gustafson Gluek's attorneys have performed key leadership roles in many prominent antitrust cases and recovered significant sums on behalf of the classes they represented. In *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.*, No. 08-cv-00042 (E.D.N.Y.), Gustafson Gluek was Co-Lead Counsel representing a class of direct purchasers of freight forwarding services alleging that the 68 defendants engaged in an international

conspiracy to fix, inflate, and maintain various charges and surcharges for freight forwarding services. Ultimately, Gustafson Gluek helped to recover over $450 million for the class. In *In re DRAM Antitrust Litig.*, No. 02-md-01486 (N.D. Cal. and multiple state court actions), Gustafson Gluek was Co-Lead Counsel for a class of indirect purchasers of DRAM and helped to recover $310 million on behalf of the class.

Gustafson Gluek's attorneys are also currently serving, or have served, in leadership roles in a number of national antitrust cases, including: *In re DPP Beef Litig.*, No. 22-md-03031 (D. Minn.) (Co-Lead Counsel); *In re Surescripts Antitrust Litig.*, No. 19-cv-06627 (N.D. Ill.) (Co-Lead Counsel); *In re Pork Antitrust Litig.*, No. 18-cv-01776 (D. Minn.) (Co-Lead Counsel for Consumer Indirect Purchasers); *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-08637 (N.D. Ill.) (Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs).

Gustafson Gluek's team representing the Plaintiffs in this action include Dan Gustafson, Dan Nordin, Frances Mahoney-Mosedale, and Noah Cozad. Dan Gustafson is a founding member of Gustafson Gluek. Mr. Gustafson has dedicated his career to helping individuals and small businesses litigate against large corporations for various antitrust, product defect, or consumer fraud violations. Mr. Gustafson has also served as an appointed public defender in federal court and has spent thousands of hours representing individuals on a pro bono basis. Mr. Gustafson has been actively involved in many cases in which he, or the firm, has been named Lead Counsel, Co-Lead Counsel, Co-Lead Trial Counsel, or Settlement Counsel, including: *In re DPP Beef Litig.*, No. 22-md-03031 (D. Minn.); *In re Surescripts Antitrust Litig.*, No. 19-cv-06627 (N.D. Ill.); *In re Pork Antitrust Litig.*, No. 18-cv-01776 (D. Minn.) (Co-Lead Counsel for Consumer Indirect Purchasers); *In re Dealer Management Systems Antitrust Litig.*, No. 18-cv-00864 (N.D. Ill.) (Plaintiffs' Steering Committee); *In re Interior Molded Doors Indirect*

*Purchaser Antitrust Litig.*, No. 18-cv-00850 (E.D. Va.) (Co-Lead Counsel); *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-08637 (N.D. Ill.) (Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs); *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.*, No. 08-cv-00042 (E.D.N.Y.).

Dan Nordin is a newer member of Gustafson Gluek but has been primarily representing plaintiffs with antitrust claims in complex class action cases since joining the firm in 2011. Such cases in which Mr. Nordin is currently representing, or has represented plaintiffs include: *In re Google Digital Advertising Antitrust Litig.*, No. 21-md-03010 (S.D.N.Y.) (representing online content publishers); *In re Crop Inputs Antitrust Litig.*, No. 21-md-02993 (E.D. Mo.); *In re Surescripts Antitrust Litig.*, No. 19-cv-06627 (N.D. Ill.); *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19-md-02918 (N.D. Cal.); *In re Dealer Management Systems Antitrust Litig.*, No. 18-cv-00864 (N.D. Ill.); *In re Packaged Seafood Products Antitrust Litig.*, No. 15-md-02670 (S.D. Cal.) (representing consumer indirect purchaser plaintiffs); *In re Blue Cross Blue Shield Antitrust Litig.*, No. 13-cv-20000 (N.D. Ala.) (representing the subscriber plaintiffs).

Frances Mahoney-Mosedale joined Gustafson Gluek as an associate in 2021 after clerking for the firm throughout law school. During her time at the firm, Ms. Mahoney-Mosedale has represented individuals and small businesses in consumer protection, product defect, and antitrust claims. Such cases include *Deere & Company Repair Services Antitrust Litig.*, No. 22-cv-50188 (N.D. Ill.), *In re Google Digital Advertising Antitrust Litig.*, No. 21-md-03010 (S.D.N.Y.), and *3M Combat Arms Earplug Products Liability Litig.*, No. 19-md-02885 (N.D. Fla), and those brought in Minnesota State Court, including *Graves v. 3M Company, et al.*, No. 27-cv-19-19916 (Minn.).

Noah Cozad joined Gustafson Gluek in 2021 after serving as a law clerk to the Honorable Judge Christian Sande of the Fourth Judicial District of Minnesota. Since joining the firm, Mr. Cozad has worked on multiple antitrust class action cases on behalf of individuals and small businesses, including *In re DPP Beef Litig.*, No. 22-md-03031 (D. Minn.); *In re Surescripts Antitrust Litig.*, No. 19-cv-06627 (N.D. Ill.); *Wood Mountain Fish LLC, et al., v. Mowi ASA, et al.,* No. 19-cv-22128 (S.D. Fla.); and *In re Pork Antitrust Litig.*, No. 18-cv-01776 (D. Minn.).

**Hartley LLP (Executive Committee)**

Hartley LLP is also recognized as one of the top plaintiffs' class action and antitrust law firms in the country. *See* Saveri Decl., Exhibit 3 (Hartley Firm Resume). Jason Hartley is an accomplished attorney with significant complex litigation experience. Mr. Hartley has broad and extensive nationwide experience as lead counsel successfully litigating class actions. *See, e.g.*, *Aftermarket Automotive Lighting Prods. Antitrust Litig.*, No. 2:09-ML-2007 (C.D. Cal.); *Fond du Lac Bumper, et al. v. AP Auto Parts Industrial*, No. 09-cv-00852 (E.D. Wis.); *Alfred T. Giuliano, et al. v. SanDisk Corp.*, No. 4:10-cv-02787 (N.D. Cal.); *Spangler, et al., v. National College of Technical Instruction, et al.*, No. 3:14-cv-03005-DMS-RBB (S.D. Cal.); *Leiszler, et al. v. Align Technologies*, No. 3:10-CV-2010 (N.D. Cal.). Mr. Hartley is currently serving as court-appointed co-lead counsel in *In re Diisocyanates Antitrust Litig.*, 2:18-mc-01001-DWA (W.D. Pa.), *Robinson, et al v. Jackson Hewitt, Inc.*, et al, 2:10-CV-9066 (D.N.J.); and *In re DPP Beef Litigation*, 20-cv-1319-JRT (D. Minn.). Mr. Hartley has also served in Executive Committee positions in multiple cases including one of the largest antitrust cases in United States history, *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 1:05-MD-1720 (E.D.N.Y); and more recently *In re: Packaged Seafood Products Antitrust Litig.*, No. 3:15-MD-02670 (S.D. Cal.).

Mr. Hartley is deeply involved in his legal community. He has been recognized as a "Leader in Law" and "Best of the Bar" by San Diego Business Journal; a "Man of Influence" by San Diego Metro; as a "Top Antitrust Attorney" by the Daily Journal; and is on the Best Lawyers® – Class Actions list. He has been selected a San Diego Super Lawyer® for nine consecutive years and has an AV rating from his peers. Hartley LLP was the only San Diego firm awarded a "Top Boutique Law Firm" by the Daily Journal in 2021. The judges in the Southern District of California selected him in a competitive process to be a lawyer representative, serving as a liaison between the bench and federal bar in San Diego, a role he has occupied since 2017. In that role he regularly presents programs to federal judges both in the Southern District and within the Ninth Circuit. Among other San Diego organizations, he served two consecutive terms as a Trustee at the Museum of Man in Balboa Park before being termed out, on the fundraising committee of Elderhelp of San Diego, on the Policy Committee of the San Diego Regional Economic Development Corporation and serves as chief of his son's Adventure Guides group through the Peninsula Family YMCA. Mr. Hartley also values teaching other lawyers, as demonstrated by his involvement as faculty and planning committee member of the American Bar Association's National Institute on Class Actions. He was also recently published by the Antitrust Journal. For nearly a decade, he served as a board member for the American Association for Justice and for Consumer Attorneys of California.

**Paul LLP (Executive Committee)**

Paul LLP is also recognized as one of the top plaintiffs' class action and antitrust law firms in the country. *See* Saveri Decl., Exhibit 4 (Paul LLP Firm Resume). Founding partner Rick Paul has been litigating antitrust cases for over two decades on both the plaintiff and defense side, including serving as antitrust counsel for a Fortune 200 company. He has held

numerous leadership positions in MDLs all over the country and has been appointed as class counsel in over 100 class actions. He is currently serving as co-lead counsel in an antitrust action against Jackson Hewitt and a member of the Plaintiffs' Executive Committee in the matter of *In re Crop Inputs Litigation*, MDL 2820. Mr. Paul has tried numerous cases, including as co-lead trial counsel of a class action on behalf of 22,000 corn farmers in a Minnesota state MDL. *See In re Syngenta Litig.*, No. 27-cv-15-3785 (Minn. 4th Judicial Dist. Ct.). That case settled while in the third week of trial for $1.51 billion.

**Van Turner Jr. of Turner Feild, PLLC (Liaison Counsel)**

Van Turner Jr. is recognized as one of the top plaintiffs' class action and antitrust lawyers in Memphis and Shelby County, having served as Liaison Counsel in numerous class action lawsuits in both federal and state courts in Shelby County. *See* Saveri Decl., Exhibit 5 (Van Turner Jr. Resume). Van Turner has been licensed in Tennessee since 2003 and in Mississippi since 2004. During this course of time, Van Turner has served as Local and Liaison Counsel in numerous class action lawsuits which have resulted in certified class actions and settlements for the aggrieved plaintiffs.

3. **Commitment of Resources Necessary to Prosecute Claims**

JSLF and the leadership firms are experienced class action firms and can dedicate the substantial human and financial resources necessary to effectively prosecute this case. These firms routinely advance significant costs of litigation without the use of outside litigation funds and all are prepared to do so here. Saveri Decl. ¶ 14. JSLF and the leadership firms have highly experienced attorneys and ample support staff to manage and staff a large, complex action such as this one, and to do so in a cost-efficient manner. Saveri Decl. ¶ 15. JSLF and the leadership firms also have a reputation for dealing cooperatively with co-counsel, defense counsel, and the

Court, which will minimize conflict and avoid unnecessary cost and expense. Saveri Decl. ¶ 16. As demonstrated by the excellent results achieved in past cases, JSLF and the other leadership firms are committed to providing the resources required to prosecute this litigation through all phases, including through the complexities of motion practice, discovery, class certification, summary judgment, alternative dispute resolution options, and trial.

**B.      Commitment to Cooperation and Civility**

Given the complex nature of the claims in this case, and the many parties involved, this litigation may not only take a good amount of skill, expertise, and resources, but it will also require a leadership team that operates efficiently together. As pointed out in the Annotated Manual for Complex Litigation (Fourth) 10.21 at 37 (2004) ("Manual") (quoting *N. Indiana Pub. Serv. Co. v. Certain Underwriters at Lloyd's London*, No. 1:95-CV-331, 1996 WL 115466 (N.D. Ind. Mar. 5, 1996)):

> The just and efficient resolution of this case may depend in large part upon the way the attorneys comport themselves and how they overcome conflicts. 'The added demands and burdens of complex litigation place a premium on professionalism.' Manual for Complex Litigation, Third SSS 20.21. 'An attitude by counsel of cooperation, professional courtesy, and acceptance of the obligations owed as officers of the court is critical to successful management of the litigation.' *Id.* 'Counsel need to perform their obligations as advocates in a manner that will foster and sustain good working relations among themselves and with the court.' *Id.* Thus, cooperation, courtesy and professionalism will be the hallmark throughout this litigation.

*Id.* JSLF and the leadership firms all exemplify these qualities. These qualities are always important, but in this case, with the many parties and firms involved, it is essential to have the case run smoothly, minimize conflict, and to operate with efficiency.

### C. Added Benefit of Combined Resources and a Multi-Tiered Structure

In appointing lead counsel, "Court[s] should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of class counsel, especially in a complex case where the defendants are represented by a number of large and highly qualified law firms." Third Circuit Task Force Report on Selection of Class Counsel, 208 F.R.D. 340, 417 (2002) (footnote omitted); *see also* Manual, § 10.221 (noting benefit to having multiple lead counsel in large class action cases). *See also, e.g., In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46, 49 (S.D.N.Y. 1998) (approving multiple counsel arrangement, finding that pooling of resources and experience was advantageous given the "magnitude" of the class action and to "ensure that the litigation will proceed expeditiously against Oxford and the experienced counsel it has retained to represent it").

Here, the proposed leadership structure will allow class counsel to efficiently manage the *Jones Action* and to fairly and adequately represent the proposed plaintiffs class. JSLF and the leadership firms have already been working smoothly and efficiently together for over a year (as well as in the past on other antitrust actions) and seek to have a formal structure confirmed so that pleadings, and communications with opposing counsel and the Court can be streamlined.

### IV. CONCLUSION

For the foregoing reasons, the Court should appoint JSLF as Plaintiffs' Lead Class Counsel, appoint Gustafson Gluek PLLC, Hartley LLP, and Paul LLP as Plaintiffs' Executive Committee, and appoint Van Turner Jr. of Turner Feild, PLLC as Plaintiffs' Liaison Counsel. This structure will promote efficiency and will best serve the interests of the proposed plaintiffs class.

Dated: February 10, 2023

Respectfully submitted,

By: */s/ Joseph R. Saveri*
      Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
TURNER FEILD LAW, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@turnerfeildlaw.com

Richard M. Paul III*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*