# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>　　　　　Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br><br><br>**JURY DEMAND** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO ADD CLASS REPRESENTATIVE

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................................. 1

II.  PROCEDURAL AND FACTUAL BACKGROUND ........................................................... 2

III. ARGUMENT ........................................................................................................................ 3

    A.   Rule 23 Permits the Addition of New Class Representatives ......................................... 3

    B.   Ms. Coulson's Interests are Aligned with the Interests of the Proposed Classes ............. 6

    C.   Substitution of Ms. Coulson Will Protect the Claims and Interests of the Proposed Classes .................................................................................................................................. 8

IV.  CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bearup v. Cintas Corp. No. 2*, No. 1:21-CV-151, 2022 WL 79852
    (S.D. Ohio Jan. 7, 2022) ...................................................................................................6

*Blue Shield of Virginia v. McCready*, 457 U.S. 465 (1982) ..............................................9

*Braun v. Cadence Healthcare Sols., LLC*, No. CV419-101, 2020 WL 8475967
    (S.D. Ga. Dec. 11, 2020)....................................................................................................3

*Compound Prop. Mgmt., LLC v. Build Realty, Inc.*, No. 1:19-CV-133,
    2020 WL 13460834 (S.D. Ohio Dec. 15, 2020) ..........................................................6, 7

*Foman v. Davis*, 371 U.S. 178 (1962) ..................................................................................5

*General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) ....................................................8

*Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v.
    Momenta Pharms., Inc.*, 333 F.R.D. 390 (M.D. Tenn. 2019)................................7, 8

*In re Pharm. Indus. Average Wholesale Price Litig.*, 277 F.R.D. 52
    (D. Mass. 2011)...............................................................................................................4, 5

*In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271 (S.D. Ohio 1997)..........................3

*In re Thornburgh*, 869 F.2d 1503 (D.C. Cir. 1989)...........................................................4

*Kremens v. Bartley*, 431 U.S. 119 (1977) ...........................................................................4

*Morales v. Stevco, Inc.*, No. 1:09-CV-00704 AWI,
    2011 WL 5511767 (E.D. Cal. Nov. 10, 2011)..............................................................6

*Nat'l Fed'n of Blind v. Target Corp.*, 582 F. Supp. 2d 1185 (N.D. Cal. 2007)..............4

*Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, 328 F.R.D. 255 (D. Alaska 2018),
    amended, No. 3:12-CV-00090-TMB, 2019 WL 6331355
    (D. Alaska Nov. 26, 2019).................................................................................................5

*Sly Mag., LLC v. Weider Publications L.L.C.*, 241 F.R.D. 527, (S.D.N.Y. 2007) ..........5

*Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466 (C.D. Cal. 2012)....................4, 5

*U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980) ...................................................4

*Wiener v. Dannon Co.*, 255 F.R.D. 658 (C.D. Cal. 2009)..............................................4, 5

**Statutes**

15 U.S.C. § 26 ........................................................................................................................3

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 11 ...................................................................................................................8

Fed. R. Civ. P. 15 ...................................................................................................................6

Fed. R. Civ. P. 21 .........................................................................................................3, 5, 6, 9

Fed. R. Civ. P. 23 ............................................................................................................ *passim*

**Other Authorities**

A. Conte & H. Newberg, Newberg on Class Action (4th ed. 2002) ..................................................3

Manual of Complex Litigation (Fourth) ........................................................................................5

Plaintiffs Jessica Jones and Christina Lorenzen ("Plaintiffs") respectfully submit this Memorandum of Law in support of Plaintiffs' Motion to Add Class Representative ("Motion"). This Memorandum of Law is supported by the Declaration of Joseph R. Saveri ("Saveri Decl."), filed herewith.

## I.   INTRODUCTION

Plaintiffs seek to add a new class representative, Amy Coulson, to take the place of former class representative Michelle Velotta. It is well established that under Rule 23 that Plaintiffs may add new named class representative. Under Rule 23, Plaintiffs may add new named class representatives at any time, including after a class certification motion has been adjudicated, or even on the eve of settlement. Plaintiffs may do so by motion. A class representative may be added where the proposed representative satisfies the commonality, typicality and adequacy of representation requirements of Rule 23(a). Substitution or addition is particularly appropriate where, as here, a former named class representative has decided to no longer serve as a class representative.

Ms. Coulson readily satisfies the requirements of Rule 23(a). Ms. Coulson's interests align closely with those of other putative class members. Her claims share numerous common questions of law and fact with those of the proposed classes. Her claims are typical of those of other proposed class members. Like the other proposed class members, Ms. Coulson was injured by the same alleged anticompetitive conduct by Defendants, and, like all other class members, she paid more than she otherwise would have paid for Varsity cheer competitions, cheer camps, and cheer apparel, as a direct and proximate result of Defendants' anticompetitive conduct. Ms. Coulson will rely on the same mountain of evidence of Defendants' anticompetitive conduct as all proposed class members. Ms. Coulson has no conflicts with the interests of the proposed classes, and she is represented by counsel who are widely experienced and have been zealously prosecuting this action on behalf of the proposed classes for a number of years. Thus, Ms.

Coulson satisfies Rule 23's commonality, typicality, and adequacy requirements. *See* Fed R. Civ. P. 23(a)(2), (3), and (4).

Importantly, the addition of Ms. Coulson will not prejudice Defendants and will not affect the Court's schedule. Indeed, it will provide for a more robust and well-developed record. Defendants' opposition to Plaintiffs' Motion for Class Certification (ECF No. 387), has not been filed and is not due until March 31, 2023. Ms. Coulson has agreed to sit for a deposition and to provide expedited discovery. Defendants will have ample time, if needed, to further develop the record with Ms. Coulson's testimony and documents without requiring changes to the Court-ordered schedule.

Plaintiffs' addition of a class representative at this point in the case schedule is consistent with Rule 23 and caselaw. Numerous cases have permitted the addition of named class representatives, even at far more advanced stages of litigation. Here, there will be no change to Plaintiffs' substantive allegations. Adding Ms. Coulson will add an additional named representative who purchased the products at issue in this case as defined in the proposed Rule 23 plaintiff classes. The Court, the jury, and all parties will benefit from her addition. Rule 23 permits the addition of Ms. Coulson as an additional named class representative and, therefore, Plaintiffs' Motion should be granted.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs are parents and family members of cheer athletes who indirectly paid Varsity for participation in cheer competitions, cheer camps, and who purchased Varsity cheer apparel. Plaintiffs allege that Defendants engaged in an unlawful exclusionary scheme, the purpose and effect of which was to acquire, maintain, and enhance monopoly power with respect to Varsity cheer competitions, cheer camps, and cheer apparel. *See* Class Action Complaint ("Complaint"), ECF No. 1, PageID 27-38. Plaintiffs allege that Defendants' unlawful actions substantially foreclosed competition, enabling Defendants to raise prices in the three markets to supra-competitive levels, harming members of the proposed classes. *Id.* Plaintiffs bring their claims for

damages under state law and also seek injunctive relief under the federal antitrust law. *Id.*, § IX (claims for injunctive relief under 15 U.S.C. § 26 and for damages under state law of Tennessee and other states).

Plaintiffs brought these claims as a class action under Rule 23 and moved to certify three proposed classes on February 10, 2023. *See* ECF No. 387. When the Complaint was filed, there were three named Plaintiffs representing the proposed classes. One of them, Michelle Velotta, no longer serves as class representative. *See* Order Granting Plaintiffs' Unopposed Motion to Drop Party, ECF No. 250. Ms. Velotta paid for her children to attend Varsity cheer competitions and camps, and purchased Varsity apparel. *See* Saveri Decl., ¶ 2.

Defendants have recently raised the issue as to the standing of the remaining plaintiffs to pursue claims for damages with respect to payments made to attend Varsity cheer camps. Saveri Decl., ¶ 5. Plaintiffs have identified a putative class member, who wishes to serve as a named class representative and will adequately replace Ms. Velotta. Ms. Coulson is the parent of two cheer athletes who participate in both All Star and school cheer. Saveri Decl., ¶ 7. Ms. Coulson is a resident of Memphis, Tennessee. Saveri Decl., ¶ 7. Ms. Coulson, among other things, paid for Varsity cheer camps attended by her daughters. Saveri Decl., ¶ 7.

### III.   ARGUMENT

#### A.   Rule 23 Permits the Addition of New Class Representatives

Under Rule 23, new class representatives may be added by motion.[1] *See In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) ("When, and if, required the court may substitute new class representatives."); A. Conte & H. Newberg, Newberg on Class Actions § 3.42 (4th ed. 2002) ("Under Rule 23, the court may . . . invite interventions to bolster or substitute for class representation."); *see also U.S. Parole Comm'n v. Geraghty*, 445

---

[1] This is consistent with Rule 21 which provides for the addition of a party. "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 21 permits the addition of a party "even in the late stages of a case." *Braun v. Cadence Healthcare Sols., LLC*, No. CV419-101, 2020 WL 8475967, at *1 (S.D. Ga. Dec. 11, 2020).

U.S. 388, 415-16 n.8 (1980) (Powell, J., dissenting) ("If the named plaintiff's own claim becomes moot after certification, the court can re-examine his ability to represent the interests of class members. Should it be found wanting, the court may seek a substitute representative.").

Courts have wide discretion to add new class representatives, including while class issues are in dispute or even after class certification has been adjudicated. For example, if a court were to find during the class certification briefing or hearing that one of the named class representatives is not typical, the court can allow for the addition or substitution of a class representative. "As long as the proposed class satisfies the requirements of Rule 23, the court may certify the class conditioned upon the substitution of another named plaintiff." *See Nat'l Fed'n of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1209 (N.D. Cal. 2007) (giving plaintiffs leave to locate a class representative to replace the person initially proposed as the class representative); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 477 (C.D. Cal. 2012) (permitting plaintiffs to add new plaintiffs who purchased product within statute of limitations); *Wiener v. Dannon Co.*, 255 F.R.D. 658, 673 (C.D. Cal. 2009) (giving plaintiff who failed to satisfy typicality requirement "leave to substitute in an appropriate class representative"); *Kremens v. Bartley*, 431 U.S. 119, 134-35 (1977) (ordering "substitution of class representatives with live claims" where named plaintiffs' claims were determined to be moot); *In re Thornburgh*, 869 F.2d 1503, 1509–10 (D.C. Cir. 1989) (court permitted substitution where class representatives' claims became moot).

Courts allow for substitutions or additions even after class certification is fully briefed. *See, e.g., In re Pharm. Indus. Average Wholesale Price Litig.*, 277 F.R.D. 52, 59 (D. Mass. 2011) ("*AWP*"). "Such discretion protects the interests of the class as a whole . . . ." *Id*. The same remains true even after a class certification motion is heard. *See e.g., Nat'l Fed'n of Blind.*, 582 F. Supp. 2d at 1209 (court permitted plaintiffs to locate a class representative after class certification hearing); *Tait*, 289 F.R.D. at 477 (same); *Weiner*, 255 F.R.D. at 673 (same).

Substitution or addition of a named plaintiff remains appropriate even after a class has been certified. "Later replacement of a class representative . . . may be appropriate if a representative . . . is no longer pursuing the litigation. In such circumstances, courts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative who meets the Rule 23(a) requirements." *See* Manual of Complex Litigation (Fourth), § 21.26. "The court may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification." *Id*. Indeed, courts have allowed for the addition of new class representatives even after a settlement has been proposed. *See e.g., AWP*, 277 F.R.D. at 56-60 (court permitted plaintiffs to add four new plaintiffs in order to ensure there was a class representative for each subclass proposed in connection with class action settlement). Here, the Court has yet to adjudicate plaintiffs' recently filed class certification motion. ECF No. 387. Defendants' response to the motion is not due until March 31, 2023 and, therefore, Defendants will suffer little, if any, prejudice from the addition or substitution of Ms. Coulson.[2] Saveri Decl., ¶ 8-9. There will be no change to the substance of the claims in this case and the opinions offered by Plaintiffs' experts will not change. *Id*. Nor can Plaintiffs see any reason that Defendants' expert opinions would change. *Id*. Moreover, the addition of Ms. Coulson will not require any alteration in the case schedule. *Id*.[3]

In addition, the new class representative may be an absent class member and need not be a named plaintiff via an amended complaint. "Rule 23(a) does not explicitly require that a class representative must be a named plaintiff in the action." *Peterson v. Alaska Commc'ns Sys. Grp., Inc*., 328 F.R.D. 255, 268 (D. Alaska 2018), amended, No. 3:12-CV-00090-TMB, 2019 WL 6331355 (D. Alaska Nov. 26, 2019) (quoting *Morales v. Stevco, Inc*., No. 1:09-CV-00704 AWI,

---

[2] Plaintiffs will produce documents to defendants on an expedited basis showing Ms. Coulson's indirect purchases and will make her available for deposition.

[3] Adding a plaintiff at this juncture would also be permitted by Rule 21. *See supra* n.1. While undue delay or undue prejudice may justify a court's refusal to add a party, "[i]n the absence of any [such] reason . . . the leave sought should, as the rules require, be freely given . . . ." *Sly Mag., LLC v. Weider Publications L.L.C.*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("*Foman*")).

2011 WL 5511767, at *8 (E.D. Cal. Nov. 10, 2011) ("*Morales*")). In sum, to add a new named representative, the operative pleadings need not be amended, and courts do not require that Federal Rules of Civil Procedure 15 or 16 be satisfied. *Id*.

### B. Ms. Coulson's Interests are Aligned with the Interests of the Proposed Classes

Courts in the Sixth Circuit routinely permit the addition or substitution of new plaintiffs. One primary reason for this leeway is that "some aspect of the class inquiry, particularly predominance, can be shaped, in part, by the extent to which a large percentage of class members have a shared experience." *Compound Prop. Mgmt., LLC v. Build Realty, Inc*., No. 1:19-CV-133, 2020 WL 13460834, at *5 (S.D. Ohio Dec. 15, 2020) ("*Compound*"); *see also Bearup v. Cintas Corp. No. 2*, No. 1:21-CV-151, 2022 WL 79852, at *4 (S.D. Ohio Jan. 7, 2022) (granting motion to add fifty-eight new plaintiffs where the new plaintiffs "complain of similar injuries as the current plaintiffs").

Here, one of the original class representatives, Michelle Velotta, is no longer pursuing the litigation. Saveri Decl., ¶¶ 2-4. Ms. Velotta indirectly purchased Varsity goods and services, including paying for her children's participation in Varsity cheer camps. As the case progressed, Ms. Velotta grew uncooperative and eventually ceased interacting with Plaintiffs' counsel on any level, failing to respond to emails and phone calls. She ultimately failed to appear for her scheduled deposition. Saveri Decl., ¶ 3. On April 5, 2022, Plaintiffs filed an unopposed motion under Rule 21 to drop Ms. Velotta. ECF No. 246. On April 6, 2022, the Court granted Plaintiffs' motion. ECF No. 250.

Just as with other class representatives, a new class representative "must meet the requirements of Rule 23(a), and have claims that are common and typical among the class." *Morales*, 2011 WL 5511767, at *8. Ms. Coulson satisfies the requirements of Rule 23(a). Ms. Coulson satisfies the commonality and typicality requirements because, like other class members, she was impacted by the same anticompetitive conduct by Defendants and suffered the same harm as all other class members, as a result. *See* Saveri Decl., ¶ 7.

Ms. Coulson will seek to prove the same common questions as Plaintiffs and other proposed class members.[4] *See* Rule 23(a)(1) (commonality). For example, those common questions include, among others: (1) the nature and extent of Defendants' anticompetitive scheme; (2) the nature and extent of Defendants' exclusionary practices; (3) the scheme's duration; (4) the participation of each Defendant; (4) the anticompetitive effect of such conduct; (5) antitrust injury; and (6) damages. Ms. Coulson shares a common interest in proving these facts and would necessarily rely on the same common evidence as other class members to do so. *See, e.g., Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 404 (M.D. Tenn. 2019) ("*Momenta*") (quoting *In re Foundry Resins Antitrust Litig.*, 242 F.R.D. 393, 404-05 (S.D. Ohio 2007)) ("Price-fixing conspiracy cases by their very nature deal with common legal and factual questions about the existence, scope, and extent of the alleged conspiracy.").

Ms. Coulson's claims are also typical of those of the proposed classes because they arise from the same event, practice, or course of conduct that gives rise to the claims of other class members. Fed. R. Civ. P. 23(a)(2) (typicality); *Momenta*, 333 F.R.D. at 404 (internal citations omitted) ("a plaintiff's claim is typical if it arises from the same practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory").

In addition, Ms. Coulson satisfies the adequacy requirement of Rule 23 because her claims do not conflict with those of the proposed class members, and she is represented by

---

[4] As shown in Plaintiffs' motion for class certification, this case also involves numerous common questions of law and fact which predominate over any individual ones that may be present. ECF No. 387-1, § V.B., PageID 10307-10318.; *see* Rule 23(b)(3) (requiring Plaintiffs to show predominance of common questions of law or fact). Indeed, the addition of Ms. Coulson will enhance the record with respect to Rule 23(b)(3)'s predominance requirement. *See Compound*, 2020 WL 13460834, at *5.

experienced counsel who are vigorously prosecuting this case. *See* Rule 23(a)(4) (adequacy).[5] Rule 23(a)(4) requires that the representative parties must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The two criteria for determining whether class representatives are adequate are '(1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Momenta*, 333 F.R.D. at 404-05.

### C. Substitution of Ms. Coulson Will Protect the Claims and Interests of the Proposed Classes

The substitution of Ms. Coulson is warranted at this time. First, Defendants have recently informed Plaintiffs that they intend to assert that the current class representatives are inadequate representatives or challenge standing of the current Plaintiffs to pursue their claims where neither paid for Varsity cheer camps.[6] Plaintiffs vigorously disagree with this contention. *See* Indirect Purchaser Plaintiffs' Memorandum of Law in Support of Motion for Class Certification, ECF 387-1, PageID 10310-10311 (Plaintiffs will use overwhelmingly common evidence to prove that Defendants' Network Agreements and Family Plan, both of which incentivize gym owners to send athletes to Varsity camps, were exclusionary and in restraint of trade, and that Varsity tied

---

[5] As the Supreme Court explained in *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982):

> The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. Those requirements therefore also tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest.

*Id.* at 157 n. 13.

[6] Recently, Defendants have gone so far as to threaten Plaintiffs with sanctions under Rule 11 based on their assertion that the current class representatives did not indirectly purchase or pay for Varsity camps. Saveri Decl., ¶ 5. The assertion of violations under Rule 11 with the purpose of discouraging a party from prosecuting her claims, or to harass, delay, or needlessly increase the cost of litigation is itself a violation of Rule 11. *See* Rule 11(b)(1).

eligibility to compete in its highly sought national competitions to attendance at its camps); *see Blue Shield of Virginia v. McCready*, 457 U.S. 465, 484 (1982) (holding that citizens have standing to bring antitrust claims where their injuries are "inextricably intertwined with the injury the conspirators sought to inflict"). Nonetheless, it is appropriate to add Ms. Coulson to protect the interests of the proposed classes from Defendants' misguided attack and remove any doubt that the requirements of Rule 23 are satisfied. It will benefit the proposed classes to have this additional class representative to pursue their common claims and to address the common injuries all class members suffered. Federal Rule of Civil Procedure 21 also supports the motion to add Ms. Coulson as class representative.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion and allow for the addition of Ms. Coulson as an additional class representative for the proposed classes.

Dated: February 23, 2023

Respectfully submitted,

By: *Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com

dseidel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
**TURNER FEILD, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*