# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | **JURY DEMAND** |

### DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION TO ADD CLASS REPRESENTATIVE

I, Joseph R. Saveri, declare the following under penalty of perjury:

1. I am the Founder and Managing Partner of the Joseph Saveri Law Firm, LLP, counsel for Plaintiffs Jessica Jones, and Christina Lorenzen (collectively, "Plaintiffs"), in *Jones v. Bain Capital Private Equity*, case no. 2:20-cv-02892-SHL-tmp ("Jones Action"). I am a member in good standing of the State Bar of California and have been admitted *pro hac vice* in the United States District Court for the Western District of Tennessee, Western Division. I am over 18 years of age and have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them. I write this Declaration in support of Plaintiffs' Motion to Add Class Representative ("Motion").

2. Former class representative Michelle Velotta appeared in the original complaint filed in this litigation. ECF No. 1. Ms. Velotta paid Varsity for her daughters to attend Varsity cheer competitions and Varsity cheer camps, and to purchase Varsity cheer apparel.

3. In early 2022, the parties negotiated a February 26, 2022 deposition date for Ms. Velotta, but as the date approached Ms. Velotta stopped responding to emails from my firm, so the deposition was postponed to March 26, 2022. As that date approached, Ms. Velotta continued to be unresponsive, so the deposition was taken off calendar.

4. On April 5, 2021, Plaintiffs filed a motion with the Court to drop Ms. Velotta as a class representative. ECF No. 246. On April 6, 2022, the court granted Plaintiffs' motion. ECF No 250.

5. On February 2, 2023, Varsity Counsel Steven Kaiser sent me a letter asserting that Plaintiffs lacked standing to assert a claim regarding Varsity cheer camps, and challenging Plaintiffs' claims as to cheer camps overall, and demanding that Plaintiffs withdraw any such claims or Defendants would file a motion seeking sanctions. On February 16, 2023, Mr. Kaiser again threatened sanctions attaching a motion joined by each Defendant.

6. On February 17, 2023, I sent Mr. Kaiser a letter responding to his communications and draft motion for sanctions. In my letter I explained that Plaintiffs do have

standing to bring claims with respect to Varsity cheer camps because Varsity's anticompetitive actions regarding camps were inextricably intertwined with Defendants' larger scheme to acquire, maintain and enhance monopoly power in the markets for cheer competitions, cheer camps, and cheer apparel. Specifically, Varsity incentivized gym owners to send athletes to Varsity camps by providing discounts and rebates to the gym owners for athletes' participation in the camps, and by requiring athletes to attend Varsity camps as a prerequisite to attending Varsity's highly sought national championships, held annually at exotic locations including Disneyworld in Orlando, Florida. For these and other reasons, I explained that Plaintiffs have standing to allege claims relating to Varsity cheer camps and noted the Court's opinion on Defendants' motion to dismiss regarding class certification being the appropriate time to address any challenges to class representatives.

7. Plaintiffs would now like to add a new class representative to replace Ms. Velotta. Amy Coulson has agreed to serve as a class representative. Ms. Coulson resides in the Memphis, Tennessee metropolitan area, where Varsity has its headquarters. She has paid Varsity indirectly for her three daughters to compete in Varsity cheer competitions and attend Varsity camps, and has purchased Varsity uniforms, other apparel, and accessories, continually since 2012. Her daughters have competed on All Star gym teams as well as for their middle school and high school cheerleading teams, and have attended Varsity competitions and camps, and purchased apparel in connection with both teams.

8. Ms. Coulson intends to produce documents to Defendants on an expedited basis showing her indirect purchases and testify about her experiences paying for and attending Varsity competitions and camps, and purchasing Varsity apparel. Her testimony is highly relevant to the claims in the above-captioned action, and, while Plaintiffs continue to believe they have standing to bring claims regarding the competitions, camps, and apparel markets, Ms. Coulson's addition will directly address Defendants' stated concerns regarding standing.

9. The addition of Ms. Coulson as a class representative will not change the substance or nature of Plaintiffs' class action claims, their experts' opinions, or the legal theories in this action, and will not change or otherwise affect the case schedule.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 23, 2023 in San Francisco, California.

*/s/ Joseph R. Saveri*
Joseph R. Saveri