# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JESSICA JONES, *et al.*,

        Plaintiffs,

   v.

VARSITY BRANDS, LLC, *et al.*,

        Defendants.

**Civ. Action No. 2:20-cv-02892**

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT THE JOSEPH SAVERI LAW FIRM, LLP AS LEAD COUNSEL AND TO APPOINT LEADERSHIP STRUCTURE**

Defendants respectfully respond in opposition to Plaintiffs' Motion to Appoint Class Counsel. (*See* ECF No. 380.)

## INTRODUCTION

Defendants oppose Plaintiffs' motion for appointment of lead counsel for two principal reasons. First, Plaintiffs continue to pursue baseless camp-related claims for which they lack standing, either individually or on behalf of the classes they seek to certify and represent. The decision by Plaintiffs' counsel to persist with these baseless claims has unfortunately necessitated Defendants' pursuing sanctions under Rule 11. Second, Plaintiffs' attorneys have inefficiently litigated this matter, including by filing nearly a dozen baseless motions to compel that have wasted the resources of the parties and the Court. As one court rightly noted, "it is not reputation built upon past practice, but rather competence displayed by present performance, which demonstrates the adequacy of counsel in a class action." *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 487 (W.D. Mich. 1994). Counsel's performance in this matter suggests they lack the

qualifications necessary to fairly and adequately represent the interests of their putative classes.

Defendants respectfully request that the Court deny Plaintiffs' Motion to Appoint Class Counsel.

## ARGUMENT

Federal Rule of Civil Procedure 23(g)(1)(A) provides that the Court must consider the

following factors in appointing class counsel:

> (i)     the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)   counsel's knowledge of the applicable law; and
>
> (iv)    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  The Court may also "consider any other matter pertinent to

counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P.

23(g)(1)(B).  Although experience is a relevant factor, the Court must ultimately consider

counsels' performance in the present matter.  *See, e.g.*, *Ballan*, 159 F.R.D. at 487; *Bolanos v.*

*Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 156 (S.D.N.Y. 2002).

## I.      Plaintiffs' Counsel Continues to Pursue Baseless Cheer Camp-Related Claims.

There is no basis in law or fact for Plaintiffs' continued assertion of claims relating to

camps.  To have standing to bring claims in a particular market, a plaintiff must have participated

in that market.  (*See, e.g.*, *American Spirit*, ECF No. 194 at PageID 2938.)  Discovery confirmed

that neither of the two named Plaintiffs—Jessica Jones and Christina Lorenzen—ever paid for or

attended a Varsity camp.  As early as July 13, 2021, Plaintiffs stated in interrogatory responses

that neither of the remaining Plaintiffs had ever directly or indirectly paid registration fees for a

Varsity cheer camp.  (*See* Kaiser Decl. Ex. A, Plaintiffs' Combined Objections and Responses to

Defendants' First Set of Interrogatories, Attach. A at 1-6.)  In early 2022, Plaintiffs confirmed

this fact in their depositions.  (*See* Kaiser Decl., Ex. B, Lorenzen Dep. at 86:12-19; Kaiser Decl,

Ex. C, Jones Dep. at 49:4-50:7.)  Yet Plaintiffs persist in seeking damages related to alleged

overcharges for Varsity camp registration fees and just recently filed a motion for certification of

classes of such indirect purchasers, despite their clear lack of standing to do so.  (*See* ECF No. 1

at ¶¶ 243, 245, 249-50; ECF No. 387 at PageID 10281.)

The decision by Plaintiffs' counsel to continue pursuing baseless claims has forced

Defendants to begin the process of seeking sanctions under Rule 11.  Plaintiffs' counsel had

several opportunities to avoid this result.  Varsity raised Plaintiffs' lack of standing in its

responses to Plaintiffs' Interrogatories in October 2022.  (Kaiser Decl., Ex. D at 4.)  Defendants

again brought this issue to the attention of counsel in a February 2, 2023, letter.  (Kaiser Decl.,

Ex. E, Kaiser Letter to Saveri 2/2/2023.)  Defendants noted Plaintiffs' lack of standing and

requested that Plaintiffs not "seek[] certification of a class relating to camps" and "officially

dismiss[] the claims relating to camps from the case via a stipulated order of dismissal.  (*Id.*)

Defendants further noted that "[s]hould Plaintiffs persist in asserting claims based on camps,

including by moving to certify a class relating to camps, Varsity will ask the Court for

sanctions."  (*Id.*)  Plaintiff's counsel did not respond to this letter.  Instead, on February 10, 2023,

Plaintiffs filed a motion for class certification seeking to certify a class that included "registration

fees for attendance at Varsity Cheer Camps" (ECF No. 387) to pursue claims relating to

"overcharges" in what Plaintiffs' experts claim is a "cheerleading camp" market.

Defendants served Plaintiffs' counsel with a copy of Defendants' draft Rule 11 motion on

February 16, 2023.  Plaintiffs' counsel responded via letter the following day, declining the

opportunity to avoid the motion by dropping Plaintiffs' camp claims.  Instead, Plaintiffs' counsel

stated that if Defendants proceeded with their Rule 11 motion, counsel would file its own Rule

11 motion against Defendants and their counsel.  (Kaiser Decl., Ex. F, Saveri Letter to Kaiser 2/17/23.)  Further communication from Defendants to Plaintiffs on this issue has yet to produce any change in Plaintiffs' position.  (Kaiser Decl., Ex. G, Kaiser Letter to Saveri 2/23/23.)

Plaintiffs now seek to add a new plaintiff for the purpose of having a plaintiff to assert standing to pursue the claims relating to camps.  (ECF No. 394-1 at PageID 13381.)  Plaintiffs do so more than fifteen months after the deadline to add parties (ECF No. 61) and more than ten months after the close of discovery (ECF No. 175).  This attempt does not remedy Plaintiff's counsel's failure to identify class representatives who can support their claims.  Rather, it exhibits counsel's disregard for the Court's Scheduling Orders, further exemplifying their lack of fitness to serve as class counsel.

While the pursuit of baseless claims is sufficient on its own to cast doubt on the fairness and adequacy of counsel's representation, it is also suggestive of a lack of reasonable investigation of the named representatives prior to filing this lawsuit.  Plaintiffs' counsel has an affirmative duty to vet potential class representatives and their willingness to take part in litigation.  *See Ballan*, 159 F.R.D. at 489 (stating that the "failure to make a reasonable pre-filing investigation of proposed class representatives is sufficient to find counsel inadequate.").

For example, this case originally included a third Plaintiff, Michelle Velotta, who alleged she "indirectly paid Varsity for enrollment in Varsity School Competitions and Varsity Cheer Camps." (*See* ECF No. 1, ¶ 14.)  During discovery, Defendants noticed Ms. Velotta's deposition multiple times and even accommodated her request for a Saturday deposition due to her work week, only to have her cancel or reschedule each time.  As the discovery deadline loomed, Plaintiffs' counsel revealed that Ms. Velotta had ceased communicating with them and participating in discovery.  (*See* ECF No. 246-1 at PageID 4752.)  Plaintiffs moved to drop her as

a party, representing to the Court that there would be no "material difference in the litigation as a result." (*Id.*)  In reality, dropping Ms. Velotta left Plaintiffs without any alleged purchaser of camp attendance.

A similar series of events unfolded in October 2021, when Plaintiffs' counsel moved to withdraw from their representation of Plaintiff Christina Lorenzen.  Like Ms. Velotta, counsel asserted that Ms. Lorenzen had ceased communicating with them, that her conduct was "not consistent with the role of a potential class representative in federal litigation," and that her refusal to speak to them made "her unable to fulfill her duty to the class to vigorously prosecute the lawsuit." (ECF No. 125 at PageID 2341; *see also* ECF No. 127-1 at PageID 2354.)  The Court denied the motion to withdraw for lack of compliance with LR 83.5, given the motion's lack of identification of substitute counsel or Ms. Lorenzen's signature.  It was only when the Court required Plaintiffs' counsel to obtain the required consent to the withdrawal that Ms. Lorenzen apparently had a change of heart and decided not to withdraw.  Even so, the episode suggests counsel failed to accurately assess Ms. Lorenzen's ability or willingness to participate as a class representative.

In *Ballan*, the Court denied Plaintiffs' request to appoint class counsel, in part, because counsel had "inexcusably bollixed their selection of class representatives."  159 F.R.D. at 488. Among other issues, the court pointed to "recalcitrant plaintiffs" who were dropped after failing to participate in discovery, along with one plaintiff who never purchased the relevant stock at issue in the case, as evidence that counsel had failed to make a reasonable pre-filing investigation of the proposed class representatives.  *Id.* at 488-89.  That failure alone was "sufficient to find counsel inadequate."  *Id.* at 489.

**II.      Plaintiffs' Counsel has Failed to Show their Ability to Litigate this Matter Efficiently.**

Also pertinent to Plaintiffs' request for appointment as lead counsel is the long history of inefficient and abusive discovery conduct in this case.  Plaintiffs' approach to discovery is consistent with the "let's see what sticks" approach employed elsewhere in this case, including the attempt to leverage allegations implicating All Star cheerleading into a larger case involving scholastic and camp claims, the addition of Bain, Charlesbank, and Jeff Webb as defendants, and the more recent proposal of adding as defendants seventeen investment funds that were advised by either Bain or Charlesbank.  This heavy-handed approach to litigation has forced Defendants and the Court to waste significant amounts of time and expense addressing meritless issues.

Plaintiffs' motion to compel the production of every single document withheld as privileged by Charlesbank and Bain is a prime example.  Plaintiffs filed that motion in May 2022, asserting as grounds for the requested relief the Defendants had produced privilege logs in an untimely manner.  (ECF No. 290.)  In fact, Defendants had produced the logs very quickly after the parties' agreed date for substantial completion of the productions, which included over 100,000 pages and contained a substantial amount of irrelevant privileged material as a result of Plaintiffs' intransigence during prior negotiations over the scope of the requests.  Plaintiffs further claimed that Defendants' logs were substantively deficient, even though the logs contained *more* information than Plaintiffs had provided on their own and Plaintiffs had prior notice of the logs' format and never objected.  (Order Denying Motion to Compel, ECF No. 326 at PageID 7142.)  Magistrate Judge Pham denied the motion to compel, observing that Plaintiffs' position failed to "acknowledge relevant, intervening events." (*Id.* at 7148.)  While the motion was patently baseless from the start, Defendants and the Court were forced to waste substantial time addressing it.

Over the course of discovery, Plaintiffs filed over a dozen motions to compel that were either denied in whole or in part. First, Plaintiffs filed four motions to compel discovery responses that resulted in multiple hearings being set. (*See* ECF No. 100-103). The Court denied one of the motions as moot following the parties' reaching an agreement (ECF No. 167), and denied the others in part (ECF No. 174). Plaintiffs then moved to compel the deposition of Adam Blumenfeld (the CEO of Varsity Brands, the parent company of Varsity Spirit), which the Court denied (ECF No. 229). Undeterred, counsel sought to compel the depositions of *eighteen* witnesses from Charlesbank and Bain (ECF No. 228), a list that the Court significantly tailored (ECF No. 261). Plaintiffs filed another motion to compel discovery responses (ECF No. 214), which the Court again denied in part (ECF No. 272). Plaintiffs then filed yet another set of five motions to compel interrogatory responses (ECF Nos. 265, 269, 270, 274, and 275), all of which the Court denied (ECF No. 287). Plaintiffs' particular fixation with Charlesbank and Bain eventually led Magistrate Judge Pham to observe that "[t]he history of discovery between the Jones plaintiffs and Charlesbank and Bain is long, complicated, and dominated by motion practice." (ECF No. 325 at PageID 7120.)

The bottom line is Plaintiffs' counsel's needless and excessive motion practice prejudiced Defendants, multiplied attorneys' fees, commandeered the Court's time, and wasted class resources. Courts have not hesitated to consider discovery conduct in denying motions to appoint class counsel. *See, e.g.*, *Auscape Int'l v. Nat'l Geographic Enters. Inc.*, No. 02 Civ. 6441 LAK HBP, 2003 WL 23531750, at *9 (S.D.N.Y. July 25, 2003) (finding that counsel would be inadequate representatives based on multiple factors, including their approach to discovery); *Jin v. Shanghai Original, Inc.*, 990 F.3d 251, 263 (2d Cir. 2021).

Regardless of Plaintiffs' experience litigating these types of matters, the Court must assess their actual performance in *this* case. It falls short of the competent representation needed for a case of this magnitude, and the Court should deny Plaintiffs' Motion to Appoint Class Counsel.

## CONCLUSION

Plaintiffs' counsel have persisted in asserting meritless camp-based claims for which they lack standing and wasted resources through needless discovery disputes and motion practice. The conduct set out above demonstrates an unwillingness or inability to fairly and adequately represent the interests of the classes counsel seeks to represent. For these reasons, Defendants request that the Court deny Plaintiffs' Motion to Appoint Class Counsel.


Dated: February 24, 2023                    Respectfully submitted,

                                            s/ Matthew S. Mulqueen

                                            George S. Cary*
                                            Steven J. Kaiser*
                                            Linden Bernhardt*
                                            CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                            2112 Pennsylvania Avenue, NW
                                            Washington, DC 20037
                                            Phone: (202) 974-1500
                                            Fax: (202) 974-1999
                                            gcary@cgsh.com
                                            skaiser@cgsh.com
                                            lbernhardt@cgsh.com

                                            Jennifer Kennedy Park*
                                            Heather Nyong'o*
                                            CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                            1841 Page Mill Road, Suite 250
                                            Palo Alto, CA 94304
                                            Phone: (650) 815-4100
                                            Fax: (202) 974-1999
                                            jkpark@cgsh.com

hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC*; *BSN Sports, LLC*;
*Varsity Spirit, LLC*; *Stanbury Uniforms, LLC*; *Herff
Jones, LLC; Varsity Brands Holding Co., Inc.*; *Varsity
Spirit Fashions & Supplies, LLC; Varsity Intropa
Tours*

s/ Nicole Berkowitz Riccio

Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com
aroach@bakerdonelson.com
kglover@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc. and
USA Federation for Sport Cheering, d/b/a USA
Cheer*

s/ Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*

9

Michele Naudin
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500 Memphis,
Tennessee 38119 Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com

*Attorneys for Jeff Webb*

10