# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES, *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>VARSITY BRANDS, LLC, *et al.*,<br><br>    Defendants. | Civ. Action No. 2:20-cv-02892 |

**DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND MEMORANDUM IN SUPPORT THEREOF**

## INTRODUCTION

All Defendants hereby move this Court for sanctions under Rule 11 of the Federal Rule of Civil Procedure against Plaintiffs and Plaintiffs' counsel for continuing the baseless pursuit of claims relating to cheerleading camps, including through the filing of a motion for class certification of a class to pursue such claims. As discussed in greater detail below, no Plaintiff has standing to pursue such claims under well-settled law that this Court has already applied in one of the related cheerleading cases.

## BACKGROUND

On February 10, 2023, Plaintiffs filed a motion for class certification, which class definitions included indirect purchasers of "registration fees for attendance at Varsity Cheer Camps." (ECF No. 387 at PageID 10281.) According to the Complaint and expert reports in this case, Plaintiffs intend to pursue monetary damages related to alleged overcharges for such registration fees. (*See* Complaint, ECF No. 1 ¶¶ 243, 245, 249-50).)

There is no basis in law or fact for claims relating to camps. As this Court has already ruled, to have standing to bring claims in a particular market, a plaintiff must have participated in that market. Neither Plaintiff did so here.[1] (*American Spirit*, ECF No. 194 at PageID 2938.) As confirmed in discovery, neither Plaintiff ever paid a registration fee for attendance at a Varsity cheer camp, directly or indirectly. Neither Plaintiff nor any members of either Plaintiffs' family ever attended a Varsity cheer camp, much less paid for one.

Plaintiffs' counsel has been well aware of this issue for nearly a year and yet chose to proceed with filing their motion for class certification to pursue camp-related claims. Plaintiffs' counsel served Plaintiffs' interrogatory responses on July 13, 2021, which detailed that neither of the remaining Plaintiffs had ever indirectly or directly purchased registration fees for attendance at a Varsity cheer camp. (*See* Kaiser Decl., Ex. A, Plaintiffs' Combined Objections and Responses to Defendants' First Set of Interrogatories, Attach. A at 1-6.) Plaintiffs were deposed on January 20, 2022 and February 10, 2022, respectively, at which they both confirmed these facts. (*See* Kaiser Decl., Ex. B, Lorenzen Dep. at 86:12-19; Kaiser Decl, Ex. C, Jones Dep. at 49:4-50:7.)

Varsity has pursued this issue with Plaintiffs for months. In Varsity's responses to Plaintiffs' interrogatories relating to Varsity's "defenses," served on October 10, 2022, Varsity noted the lack of standing. (Kaiser Decl., Ex. D, at 4 ("Varsity further notes that the fact that no Plaintiff in this case purchased attendance at a Varsity cheerleading camp (or attended a Varsity cheerleading camp) means that Plaintiffs lack standing to assert claims regarding cheerleading

---

[1] There were originally three Plaintiffs in this case. The third (Michelle Velotta) asserted that she paid for registration fees at Varsity camps. But, on April 5, 2022, this Plaintiffs asked the Court to voluntarily dismiss her claims (ECF No. 246), which the Court granted the next day (ECF No. 250). From the date of the dismissal forward, no Plaintiff has had standing to assert a camp-related claim in this case.

camps.") On February 2, 2023, more than a week before Plaintiffs' motion for class certification was due, Defendants sent a letter to Plaintiffs noting the lack of standing and requesting that Plaintiffs not "seek[] certification of a class relating to camps" and "officially dismiss[] the claims relating to camps from the case via a stipulated order of dismissal. (Kaiser Decl., Ex. E, Kaiser Letter to Saveri 2/2/2023.) Defendants further informed Plaintiffs that "[s]hould Plaintiffs persist in asserting claims based on camps, including by moving to certify a class relating to camps, Varsity will ask the Court for sanctions." (*Id.* at 2.)

Plaintiffs did not respond to this letter and have offered no basis for continuing to pursue claims relating to camps. Instead, on February 10, 2023, Plaintiffs filed a motion for class certification seeking to certify a class that included "registration fees for attendance at Varsity Cheer Camps" (ECF No. 387) to pursue claims relating to "overcharges" in what Plaintiffs' experts claim is a "cheerleading camp" market.

## ARGUMENT

Rule 11 of the Federal Rules of Civil Procedure requires parties not to pursue baseless claims. Among other things, Rule 11 requires that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11. "Rule 11 expressly mandates the imposition of sanctions once a violation is found." *Albright v. Upjohn Co.*, 788 F.2d 1217, 1222 (6th Cir. 1986) (reversing denial of sanctions where counsel had failed to conduct an adequate inquiry to ensure that claim was "well grounded in fact").

Here, discovery has revealed that neither Plaintiff has standing to pursue claims relating to camps and there is therefore no legal or factual basis for such clams. Plaintiffs did not directly

or indirectly purchase "registration fees for attendance at Varsity Cheer Camps." (*See* Kaiser Decl. Ex. A, Plaintiffs' Combined Objections and Responses to Defendants' First Set of Interrogatories, Attach. A at 1-6.) Plaintiffs were deposed on January 20, 2022 and February 10, 2022, respectively, at which they both confirmed these facts. (See Kaiser Decl., Ex. B, Lorenzen Dep. at 86:12-19; Kaiser Decl., Ex. C, Jones Dep. at 49:4-50:7.) For example, when asked if her daughter ever attended a cheerleading camp, Ms. Lorenzen could not have been more clear. (Kaiser Decl., Ex. B, Lorenzen Dep. 86:18-19 ("███████████████████████").) As the Court concluded in dismissing the claims of a plaintiff in the related *American Spirit* case, "[w]ithout a consumer, customer, competitor or participant in the relevant market as a Plaintiff, or any injury to Plaintiff inextricably entwined with injury in the relevant market, Plaintiffs fail to satisfy [the standing factor relating to the nature of the plaintiff's alleged injuries]." (*American Spirit*, ECF No. 194 at PageID 2938.) This is settled, black-letter law. *See, e.g., Southaven Land Co., Inc. v. Malone & Hyde, Inc.*, 715 F.2d 1079, 1086 (6th Cir. 1983) ("A significant element of the § 4 'standing' inquiry is the nature of the plaintiff's alleged injury either as a 'customer' or 'participant' in the 'relevant market.'"); *Fla. Seed Co., Inc. v. Monsanto Co.*, 105 F.3d 1372, 1374 (11th Cir. 1997) ("Basically, a plaintiff must show that it is a customer or competitor in the relevant antitrust market.").

Because Plaintiffs have improperly pursued camp-related claims, including through the recent filing of their motion for class certification, Rule 11 sanctions should be imposed. In similar circumstances—where an antitrust plaintiff pursued claims that it plainly had no standing to pursue—courts have imposed such sanctions. *See, e.g., Pierce v. Com. Warehouse*, 142 F.R.D. 687, 694 (M.D. Fla. 1992) (sanctioning "Plaintiffs and counsel for Plaintiffs" for violating Rule 11 in pursuing antitrust claims that they plainly lacked standing to pursue); *Colo. Chiropractic*

*Council v. Porter Mem'l Hosp.*, 650 F. Supp. 231, 237-40 (D. Colo. 1986) (same).

## CONCLUSION

Defendants request that the Court sanction Plaintiffs and their counsel for their conduct as outlined above, including by awarding Defendants their legal fees and costs in bringing this motion and in defending against Plaintiffs' claims relating to camps, and order whatever further such relief as it deems appropriate, including to deter further misconduct in the future. To avoid the further wasteful expenditure of resources in defending against Plaintiffs' camp-related claims, Defendants request that the Court dismiss those claims forthwith.

Dated: March 9, 2023

Respectfully submitted,

/s Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)

        Adam S. Baldridge (TN #23488)
        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ
        165 Madison Avenue, Suite 2000
        Memphis, TN 38103
        Phone: (901) 526-2000
        Fax: (901) 577-0866
        mmulqueen@bakerdonelson.com
        abaldridge@bakerdonelson.com

*Attorneys for Defendants Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC; Charlesbank Capital Partners, LLC; and Bain Capital Private Equity LP*

s/ Nicole Berkowitz Riccio
Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com
aroach@bakerdonelson.com
kglover@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc. and USA Sport Cheering, d/b/a USA Cheer*

s/ Brendan P. Gaffney
Paul E. Coggins*
Brendan P. Gaffney*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

6

\* Admitted *pro hac vice*

Edward L. Stanton III (TN #018904)
S. Keenan Carter (TN #023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Phone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.Carter@butlersnow.com

*Attorneys for Jeff Webb*