IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>  Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>  Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br><br><br>**JURY DEMAND** |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT CLASS COUNSEL**

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................2

    A. DEFENDANTS HAVE NO STANDING TO CHALLENGE CLASS COUNSEL ..................................................................................................................2

    B. PLAINTIFFS' CAMPS CLAIMS ARE MERITORIOUS AND NAMED PLAINTIFFS HAVE STANDING UNDER *BLUE SHIELD OF VIRGINIA V. MCCREADY* ...........................................................................................................3

    C. PLAINTIFFS' COUNSEL HAS DILIGENTLY PURSUED DISCOVERY .........4

III. CONCLUSION......................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Blue Shield of Virginia v. McCready*, 457 U.S. 465 (1982) ........................................................3, 4

*California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F.Supp.2d 572 (D.N.J. Jan. 10, 2001) ..............................................................................................................................2

*Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130*, 657 F.2d 890 (7th Cir. 1981) ..............................................................................................................................2

*Greebel v. FTP Software, Inc.*, 939 F.Supp. 57 (D. Mass. Aug. 15, 1996) .....................................2

*In re Capacitors Antitrust Litig.,* Case No. 3:17-md-02801-JD (N.D. Cal.) ...................................1

*In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261 (3d Cir. 2005)....................................................2

*Miller v. Affiliated Fin. Corp.,* 600 F.Supp. 987 (N.D. Ill. Nov. 6, 1984).......................................3

*Riccard v. Prudential Ins. Co.*, 307 F.3d 1277 (11th Cir. 2002) .....................................................3

**Federal Rules**

Fed. R. Civ. P. 11 .............................................................................................................................3

Fed. R. Civ. P. 21 .............................................................................................................................4

Fed. R. Civ. P. 23 .............................................................................................................................4

Fed. R. Civ. P. 30(b)(1)....................................................................................................................5

Fed. R. Civ. P. 30(b)(6)....................................................................................................................5

**MEMORANDUM OF LAW**

Plaintiffs respectfully submit this reply in support of their Motion to Appoint the Joseph Saveri Law Firm LLP as Lead Counsel and to Appoint Leadership Structure (ECF No. 380) ("Motion") and in response to Defendants' inappropriate opposition (ECF No. 383). This reply is supported by the Supplemental Declaration of Joseph R. Saveri ("Supp. Decl."), filed herewith.

## I.   INTRODUCTION

Plaintiffs' counsel has impeccable qualifications and they have followed the letter of the law in representing Plaintiffs and the proposed classes.[1] Defendants have no standing to challenge Plaintiffs' Motion. In fact, Plaintiffs and the proposed classes would be greatly *disadvantaged* if Plaintiffs' motion were not to be granted and if Defendants – whose interests are contrary to what is best for Plaintiffs – were allowed to have a say. Nor should Defendants be allowed to use their opposition to make self-serving arguments on the merits of Plaintiffs' claims and class certification, neither of which has anything to do with appointment of class counsel.

Defendants' opposition must be seen for what it is – an improper end-run around standard litigation practice. Whether Plaintiffs' claims regarding cheer camps are meritorious, whether the product markets at issue are sufficiently intertwined to confer standing, or whether named plaintiffs are appropriate class representatives, are not issues to be litigated on a motion to appoint class counsel. As the Court held when Defendants raised standing challenges at the motion to dismiss stage, "[t]he suitability of named plaintiffs as representatives of the class will be addressed at the class certification stage." ECF No. 333 at 3, 44-45. Further, Defendants' attempt to blame Plaintiffs' counsel for moving to compel discovery is both incorrect and absurd.

---

[1] *See, e.g.,* Supp. Decl., Ex. 1 (3/9/2023, Fee Order, *In re Capacitors Antitrust Litig.,* Case No. 3:17-md-02801-JD (N.D. Cal.)) (March 9, 2023, Order noting Saveri Law Firm's skill and showing exceptional result for class members).

Plaintiffs' counsel rightly moved to compel where Defendants steadfastly refused to comply with discovery in any meaningful way. This is not a sign of inadequacy it is a sign of great diligence. The Court should grant Plaintiffs' Motion.

## II. ARGUMENT

### A. DEFENDANTS DO NOT HAVE STANDING TO OPPOSE CLASS COUNSEL

Defendants have no standing to challenge appointment of class counsel. And rightly so, where Defendants' interests are contrary to what is in Plaintiffs' and putative class members' best interests. *Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981);[2] s*ee also In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005) (In case under the PLSRA, the Third Circuit affirmed the general rule against defendants' standing to challenge appointment of lead counsel, noting it "makes sense because defendants will rarely have the best interests of the class at heart."*); California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F.Supp.2d 572, 575 n.2 (D.N.J. Jan. 10, 2001) (under PLSRA defendants have no right to challenge "the adequacy of lead plaintiffs and their chosen counsel"); *Greebel v. FTP Software, Inc.*, 939 F.Supp. 57, 60 (D. Mass. Aug. 15, 1996) (same). Defendants should have no voice here. Nor should they be allowed to improperly use their opposition to make self-serving arguments regarding the merits of Plaintiffs' claims and class certification that have nothing to

---

[2] As the Seventh Circuit explained in *Eggleston*:

> [I]t is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether "the representative parties will fairly and adequately protect the interests of the class," . . . [relying on the defendants] is a bit like permitting a fox, although with pious countenance, to take charge of the chicken house. *Eggleston*, 657 F.2d at 895.

do with appointment of class counsel – conduct which is itself sanctionable.[3]

B. **PLAINTIFFS' CAMPS CLAIMS ARE MERITORIOUS AND PLAINTIFFS HAVE STANDING UNDER *BLUE SHIELD OF VIRGINIA V. MCCREADY***

Defendants' opposition is a preemptive effort to challenge the merits of Plaintiffs' claims and to attempt to defeat class certification. ECF No. 383 at 2-5. Defendants do so to avoid a mountain of evidence showing Defendants' anticompetitive conduct with respect not only to cheer camps, but to all parts of their self-described Varsity "ecosystem." *See, e.g.,* Supp. Decl., Ex. 2 (Expert Rep. of Janet S. Netz, Ph.D., at pp. 62-63, 89-92; Expert Rep. of Randal Heeb, Ph.D., at ¶¶ 227, 247-249, 269, 271-272). As shown in Plaintiffs' class certification motion, all class members' claims will hinge on the same common questions and common evidence of liability and harm regardless of which of the three main cheer products (competitions, camps, or apparel) they may have purchased. *See* ECF No. 387.

Defendants also seek to intimidate and attack the class representatives, even where they have repeatedly demonstrated and expressed their commitment to fulfill their roles.[4] Defendants also seek to attack and intimidate Plaintiffs' counsel, including with a motion for sanctions under Rule 11. On February 2, 2023 (8 days before class certification papers were due on February 10), and for the first time, Defendants attempted to extort Plaintiffs into dismissing their camp claims

---

[3] *See, e.g., Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (sanctions proper where "an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose"); s*ee also Miller v. Affiliated Fin. Corp.,* 600 F.Supp. 987, 992 n.9 (N.D. Ill. Nov. 6, 1984) ("[a]ny needless proliferation of time caused by an inappropriate forcing of evidentiary presentation … may itself call Rule 11 into consideration").

[4] Current named plaintiffs produced relevant documents, responded to interrogatories, and sat for deposition, and have fulfilled all duties to date in keeping apprised of the litigation. Both have testified to their ongoing commitment to serving the best interests of the proposed classes and fulfilling all duties as class representatives. Supp. Decl., ¶5; *id.*, Ex. 5 (Jones and Lorenzen Declarations); *id.*, Ex. 6 (Lorenzen Dep. Tr., at 218:10-224:8); *id.*, Ex. 7 (Jones Dep. Tr., at 263:9-265:9).

by threatening that Plaintiffs must immediately dismiss all claims related to cheer camps, or Defendants would file a sanctions motion. *See* Supp. Decl., Ex. 3 (2/2/2023, Ltr. from S. Kaiser). On February 17, 2023, Plaintiffs' counsel Joseph Saveri explained Plaintiffs' position to Defendants, and stated that Plaintiffs maintain that there is standing where the markets and harm that occurred are intertwined under the standards of *Blue Shield of Virginia v. McCready*, 457 U.S. 465 (1982). *See* Supp. Decl., Ex. 4 (2/17/2023, Ltr. from J. Saveri). Defendants went ahead and filed their sanctions motion, anyway. *See* ECF No. 402. Notably, Defendants could have raised their standing argument after the depositions of Plaintiffs had concluded in February 2022, but took no action. Supp. Decl., ¶3.

To protect the valid claims of the proposed classes from Defendants' attack, on February 23, 2023, Plaintiffs properly moved under Rule 23 to add a Plaintiff, a resident of Memphis, who among other things, indirectly purchased camps.[5] *See* ECF No. 394. The addition of Ms. Coulson will protect proposed class members should Defendants continue their attacks against the current named plaintiffs. Defendants would not be prejudiced by this replacement. Plaintiffs have offered to make Ms. Coulson immediately available for deposition and provide expedited discovery. Supp. Decl., ¶4.

C.  **PLAINTIFFS' COUNSEL HAS DILIGENTLY PURSUED DISCOVERY**

Defendants' discovery abuses are well-documented. For example, as this Court noted Defendants "resisted engaging in discovery until the court ordered discovery to proceed," despite the Defendants conceding "that many of the materials the plaintiffs have requested are relevant." *See, e.g.,* ECF No. 261 at 8-9 & n.4 (Court reminding Defendants Charlesbank and Bain

---

[5] Plaintiffs motion to replace Ms. Velotta, is also contemplated by the Federal Rules. *See* ECF No. 250 (Order of Court allowing dismissal of Ms. Velotta and noting that under Fed. R. Civ. P. 21 "on motion or on its own, . . . may at any time . . . add or drop a party").

discovery was not stayed, and they needed to comply). Defendants not only refused to produce documents in any meaningful way in response to Plaintiffs' requests, necessitating motions to compel, but they also refused to produce Rule 30(b)(6) witnesses and refused to make key Rule 30(b)(1) witnesses available for deposition despite Plaintiffs' best efforts to compromise and meet and confer. *See, e.g.,* ECF Nos. 227-1, 244, 261, 304-1, 304-4, 304-5, 318. Plaintiffs' counsel rightfully sought to obtain such key discovery to advance and support the claims of the proposed classes. Defendants claim that Plaintiffs' counsel should be faulted where motions to compel were denied, ECF No. 383 at 6-8, but neglect that those motions were also granted in large part, perhaps even more so than any were denied. *See, e.g.,* ECF Nos 261, 325 (granting in part, and noting Defendants caused delay on Rule 30(b)(6) depositions, and admonishing Defendants' conduct as not "well taken" regarding Rule 30(b)(1) depositions). Plaintiffs' counsel filed appropriate and necessary motions to compel to combat Defendants' repeated discovery obstructions. This is not a sign of inadequacy of counsel, it is a sign of counsel's diligence.

### III.     CONCLUSION

Defendants' improper opposition is a perfect example of how they have wasted Plaintiffs' and counsel's time and resources. The Court should grant Plaintiffs' Motion and see Defendants' conduct for what it is – *obstructive nonsense*.


Dated: March 15, 2023                    Respectfully submitted,

                                         By:      *Joseph R. Saveri*
                                                  Joseph R. Saveri

                                         Joseph R. Saveri*
                                         Steven N. Williams*
                                         Ronnie Seidel Spiegel*+
                                         Kevin E. Rayhill*

Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
TURNER FEILD, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600

Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*