IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES and CHRISTINA LORENZEN, on Behalf of Themselves and All Others Similarly Situated,<br><br>  Plaintiffs,<br>v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)  No. 2:20-cv-02892-SHL-cgc<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING REQUEST FOR LIMITED HEARING ON DEFENDANTS'
MOTION TO STRIKE AND PLAINTIFFS' MOTION TO RECONSIDER**

  Before the Court are, among others, two pending motions. First are Defendants Varsity Brands, LLC; Varsity Spirit, LLC; U.S. All Star Federation; Charlesbank Capital Partners, LLC, Bain Capital Private Equity, LP; and Jeff Webb's (together, "Defendants") combined Motion to Strike Class Allegations, (ECF No. 55), and Memorandum of Law in Support, (ECF No. 56), filed on March 12, 2021, Plaintiffs Jessica Jones and Christina Lorenzen's (together, "Indirect Purchasers") Response, (ECF No. 70), filed on April 15, 2021, and Defendants' Reply, (ECF No. 74), filed on April 29, 2021. Second, there are the Indirect Purchasers' Motion to Reconsider Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, (ECF No. 335), filed on August 12, 2022, Defendants' Response, (ECF No. 345), filed on August 26, 2022, and the Indirect Purchasers' Reply, (ECF No. 348), filed on September 1, 2022.

  The Parties requested oral argument on their respective motions pursuant to Local Rule 7.2(d), asserting that it would assist the Court in understanding the motion and the attendant issues and to answer any questions it may have. The Court agrees that portions of this matter are

unsuitable for decision without oral argument.  Therefore, the Court **GRANTS** the Parties' requests for a hearing, but only with respect to the specific issues described below.

## QUESTIONS TO BE ADDRESSED

The hearing being granted shall be limited solely to the legal issues identified by the Court below.  Other issues may be addressed, but only to the extent that they are essential to these specified issues.  The Parties are cautioned that the Court is not seeking additional argument on other motions or issues, particularly the recently filed Motion for Sanctions.  (See ECF No. 402.)

Issues to be Addressed:

1. Whether Cheer Competitions and Cheer Camps are "bundled goods and services," and the legal effect of that finding on the applicability of the Tennessee Trade Practices Act.

2. Whether the Tennessee Consumer Protection Act's ("TCPA") class action bar applies to this case and prevents the Indirect Purchasers from bringing a class action seeking relief under that statute.

    a. Whether the class action bar in the TCPA is distinguishable from the New York class action bar displaced by Federal Rule 23 in Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010).

3. Whether questions of law or fact common to class members predominate over any questions affecting only individual members in the putative Rule 23(b)(3) class seeking damages for violations of various state antitrust and consumer protection laws.

    a. Whether there are substantive differences in the laws of the at least 30 states relevant to this putative class, and how that will impact the predominance inquiry.

    b. Whether a class action brought under the laws of over 30 states will be manageable.

The Parties are not required to file prefatory written briefing in advance of the hearing, but the Court may request additional briefing depending on the course of the hearing.

The hearing date shall be set by separate Order.

**IT IS SO ORDERED,** this 22nd day of March, 2023.

                                               s/ Sheryl H. Lipman
                                               SHERYL H. LIPMAN
                                               CHIEF UNITED STATES DISTRICT JUDGE