# EXHIBIT A

Case 2:20-cv-02892-SHL-tmp   Document 414-2   Filed 03/23/23   Page 1 of 3   PageID 13664

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

**ASIA**
BEIJING
HONG KONG
SEOUL

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

MITCHELL S. DUPLER
MICHAEL A. MAZZUCHI
D. BRUCE HOFFMAN
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
JEREMY CALSYN
LEAH BRANNON
MATTHEW C. SOLOMON
ELAINE EWING
NOWELL D. BAMBERGER
DANIEL P. CULLEY
KENNETH S. REINKER
MACEY LEVINGTON
CHASE D. KANIECKI
  RESIDENT PARTNERS
KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEC. HINDS
SARA D. SCHOTLAND
WILLIAM B. MCGURN III
JOHN S. MAGNEY
MARK LEDDY
JOHN C. MURPHY, JR.
DAVID M. BECKER
GEORGE S. CARY
JANET L. WELLER
LINDA J. SOLDO
MICHAEL H. KRIMMINGER
MATTHEW D. SLATER
DAVID I. GELFAND
GIOVANNI P. PREZIOSO
  SENIOR COUNSEL
STEVEN J. KAISER
THOMAS A. BEDNAR
KATHLEEN WARD BRADISH
CUNZHEN HUANG**
CARL LAWRENCE MALM
CHARLES STERLING
JOHN P. MCGILL, JR.
PATRICK FULLER
SAIF I. SHAH MOHAMMED
CHRISTIAN J. MAHONEY
  RESIDENT COUNSEL

MATTHEW I. BACHRACK
LARRY C. DEMBOWSKI
  SENIOR ATTORNEYS
EMILY M. ARNOLD
HANI BASHOUR
LINDEN BERNHARDT
JORGE A. BONILLA LOPEZ
JACKIE M. BRUNE
MADISON C. BUSH
SAMUEL H. CHANG
SARAH CHOI
EVERETT K. CORAOR
LISA M. DANZIG
WILLIAM S. DAWLEY
GRAY W. DECKER
ALAN B. FREEDMAN
MICHAEL GOLDENBERG
JULIA GORMAN
SAVANNAH HAYNES
ERIC HAZOURY
JESSICA HOLLIS
STEPHEN J. HOUCK
JOHN F. KOZAK
TOBIAS A. KRAFT
RISHI KUMAR
BLAIR WEST KUYKENDALL
ELISE G. LANE
GABRIEL J. LAZARUS
MEGHAN A. LEIBOLD
CLOTILDE LE ROY
MEGAN LINDGREN
MOLLY MA
SHANNON MANLEY
ERIN MASON
JACK MASSEY
JENNA R. MAZZELLA
BETHLEHEM MEBRATU
KELSEY NUSSENFELD
AMBER V. PHILLIPS
RATHNA RAMAMURTHI*
CALEB J. ROBERTSON
BEN ROSENBLUM
SABA SADRI
MICHAEL G. SANDERS

GRIGG SCHNEIDER
MICHAEL SCHULMAN
WILLIAM SEGAL
DAVID SEIDMAN
LAUREN E. SEMRAD
GARRETT D. SHINN
CAMERON SILVERBERG
NORA MCCLOSKEY SINES
URJITA SUDULA
NICOLE TATZ
ISABEL M. TUZ
ZACH TSCHIDA
PETER D. YOUNG
  ASSOCIATES

\* Admitted only to a bar other than that of the District of Columbia. Working under the supervision of principals of the Washington office.

\*\* Special Legal Consultant, qualified in the People's Republic of China.

D: +1 (202) 974-1554
skaiser@cgsh.com

February 2, 2023

Joseph R. Saveri, Jr., Esq.
Joseph Saveri Law Firm, LLP
601 California Street, Suite 1000
San Francisco, CA 94108

   Re: <u>*Jessica Jones, et al., v. Varsity Brands, LLC, et al.*</u>

Counsel:

   We write regarding the claims in this case relating to camps.

   As you know, neither of the Plaintiffs in this case ever paid for or attended a Varsity camp.  (*See* Plaintiffs' Combined Objections and Responses to Defendants' First Set of Interrogatories, at 1-6; *see also* Lorenzen Dep. at 86:12-19; Jones Dep. at 49:4-50:7.)  They therefore have no standing to pursue claims based on camps.  *See* American Spirit ECF No. 194, at 12-18 (dismissing claims because no Plaintiff had purchased the products at issue and Plaintiffs therefore lacked standing).  Accordingly, Defendants request that Plaintiffs drop their claims relating to camps from this case without further delay, including by not seeking certification of a class relating to camps and officially dismissing the claims relating to camps from the case via a stipulated order of dismissal.

   Should Plaintiffs persist in asserting claims based on camps, including by moving to certify a class relating to camps, Varsity will ask the Court for sanctions.  As you know, Rule 11 of the Federal Rules of Civil Procedure requires, on the pain of possible sanctions, that parties not pursue baseless claims.  Among other things, Rule 11 requires that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and "the factual

Joseph R. Saveri, Esq.
February 2, 2023
Page 2

contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. Pro. 11. Here, discovery has shown there is no legal or factual basis for standing as to the claims relating to camps. Should Plaintiffs continue to pursue these claims, Rule 11 sanctions would be appropriate, as many courts have found in similar circumstances where a party pursued antitrust claims despite plainly having no standing to do so. *See, e.g.*, *Pierce v. Commercial Warehouse*, 142 F.R.D. 687, 694 (M.D. Fla. 1992); *Colorado Chiropractic Council v. Porter Memorial Hospital*, 650 F. Supp. 231, 237-40 (D. Colo. 1986).

Defendants reserve all of their rights relating to these and Plaintiffs' other claims in this case, which are fatally flawed for numerous additional reasons.

Very truly yours,

Steven J. Kaiser