# EXHIBIT C

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

**ASIA**
BEIJING
HONG KONG
SEOUL

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

MITCHELL S. DUPLER
MICHAEL A. MAZZUCHI
D. BRUCE HOFFMAN
ROBIN M. BERGEN
DEREK M. BUSH
BRIAN BYRNE
JEREMY CALSYN
LEAH BRANNON
MATTHEW C. SOLOMON
ELAINE EWING
NOWELL D. BAMBERGER
DANIEL P. CULLEY
KENNETH S. REINKER
MACEY LEVINGTON
CHASE D. KANIECKI
  RESIDENT PARTNERS
KENNETH L. BACHMAN, JR.
DANIEL B. SILVER
RICHARD DEC. HINDS
SARA D. SCHOTLAND
WILLIAM B. MCGURN III
JOHN S. MAGNEY
MARK LEDDY
JOHN C. MURPHY, JR.
DAVID M. BECKER
GEORGE S. CARY
JANET L. WELLER
LINDA J. SOLDO
MICHAEL H. KRIMMINGER
MATTHEW D. SLATER
DAVID I. GELFAND
GIOVANNI P. PREZIOSO
  SENIOR COUNSEL
STEVEN J. KAISER
THOMAS A. BEDNAR
KATHLEEN WARD BRADISH
CUNZHEN HUANG**
CARL LAWRENCE MALM
CHARLES STERLING
JOHN P. MCGILL, JR.
PATRICK FULLER
SAIF I. SHAH MOHAMMED
CHRISTIAN J. MAHONEY
  RESIDENT COUNSEL

MATTHEW I. BACHRACK
LARRY C. DEMBOWSKI
  SENIOR ATTORNEYS
EMILY M. ARNOLD
HANI BASHOUR
LINDEN BERNHARDT
JORGE A. BONILLA LOPEZ
JACKIE M. BRUNE
MADISON C. BUSH
SAMUEL H. CHANG
SARAH CHOI
EVERETT K. CORAOR
LISA M. DANZIG
WILLIAM S. DAWLEY
GRAY W. DECKER
ALAN B. FREEDMAN
MICHAEL GOLDENBERG
JULIA GORMAN
SAVANNAH HAYNES
ERIC HAZOURY
JESSICA HOLLIS
STEPHEN J. HOUCK
JOHN F. KOZAK
TOBIAS A. KRAFT
RISHI KUMAR
BLAIR WEST KUYKENDALL
ELISE G. LANE
GABRIEL J. LAZARUS
MEGHAN A. LEIBOLD
CLOTILDE LE ROY
MEGAN LINDGREN
MOLLY MA
SHANNON MANLEY
ERIN MASON
JACK MASSEY
JENNA R. MAZZELLA
BETHLEHEM MEBRATU
KELSEY NUSSENFELD
AMBER V. PHILLIPS
RATHNA RAMAMURTHI*
CALEB J. ROBERTSON
BEN ROSENBLUM
SABA SADRI
MICHAEL G. SANDERS

GRIGG SCHNEIDER
MICHAEL SCHULMAN
WILLIAM SEGAL
DAVID SEIDMAN
LAUREN E. SEMRAD
GARRETT D. SHINN
CAMERON SILVERBERG
NORA MCCLOSKEY SINES
URJITA SUDULA
NICOLE TATZ
ISABEL M. TUZ
ZACH TSCHIDA
PETER D. YOUNG
  ASSOCIATES

\* Admitted only to a bar other
  than that of the District of
  Columbia. Working under the
  supervision of principals of
  the Washington office.

\*\* Special Legal Consultant,
   qualified in the People's
   Republic of China.

D: +1 (202) 974-1554
skaiser@cgsh.com

February 23, 2023

Joseph R. Saveri, Jr., Esq.
Joseph Saveri Law Firm, LLP
601 California Street, Suite 1000
San Francisco, CA 94108

Re: *Jessica Jones, et al., v. Varsity Brands, LLC, et al.*

Mr. Saveri:

This letter is in response to yours of February 18.

Thank you for acknowledging that neither Plaintiff participated in the "camp market" as Plaintiffs have alleged it. They have no damages in that "market," were not otherwise harmed in that "market," and are not likely to be harmed in that "market." They therefore lack standing to bring claims in that market or represent others in seeking to do so. That is black letter law.

The cases you cite are not on point. In each, the plaintiff actually suffered injury in the market in which they were attempting to bring a claim, unlike here, where neither Plaintiff suffered an injury in camps. For example, in *Blue Cross of Virginia v. McCready*, 457 U.S. 465 (1982), the issue was whether a party who had been denied reimbursement as a result of an anticompetitive health insurance scheme to exclude psychologists from the psychotherapy market, which was effectuated via an agreement not to reimburse for psychotherapy treatment received from psychologists, had standing. As a result of the scheme, the plaintiff did not receive reimbursement for her use of a psychologist to obtain psychotherapy treatment (and thereby participated in the psychotherapy market) and thus suffered harm. The Supreme Court held that the plaintiff had standing under the antitrust laws. The Court's decision relates to when

Joseph R. Saveri, Esq.
February 23, 2023
Page 2

an *injured* party has standing; it does not give license to parties that did not suffer injury in the market (here camps) to sustain a claim for harm in that market.

Of similar accord are the other cases you cite in your letter. *See, e.g., Southaven Land Co., Inc. v. Malone & Hyde, Inc.*, 715 F.2d 1079, 1086-87 (6th Cir. 1983) (denying standing because "Southaven is not a consumer, customer, competitor or participant in the relevant market or otherwise inextricably intertwined with any such entity" in the sense of being used "as a fulcrum, conduit or market force to injure competitors or participants in the relevant product and geographical markets")

You do not cite a case—presumably because no such case exists—where a party was permitted to assert antitrust claims in a market in which it made *no* purchases, as is the case here.

Your invocation of "tying" is also plainly misplaced. In a tying case, the potential actionable injury is the overcharge in the tied (*i.e.*, camps) market. *Pogue v. International Indus., Inc.*, 524 F.2d 342, 345-46 (6th Cir. 1975). Here neither Plaintiff alleges payment of such an overcharge.

In terms of timing, Defendants of course reserve all of their defenses until trial and, in any event, standing is not waivable. Your assertion of strategic conduct here is unfortunate. Ms. Velotta—the only Plaintiff to allege the indirect purchase of registration fees for Varsity cheer camps—did not exit this case until April 6, 2022. Plaintiffs' motion for class certification was the first court filing after that date that sought to pursue a claim for damages related to camps. In the meantime, Varsity noted the lack of standing in their interrogatory responses of October 10, 2022 and reminded Plaintiffs of the lack of standing in their letter to you of February 2, 2023.

Your assertion that another Plaintiff with standing could be located at this late date is not well taken. The time to amend pleadings to add new parties has long passed, you were aware of the need for a plaintiff that actually had standing in April 2022, and discovery has been closed for nearly a year. And, in any event, the theoretical possibility of some other party having standing does not forgive you or your clients for filing a motion that has no basis in law or fact.

This is not a close call or an arguable issue. We suggest you reconsider your position and drop the camp claims forthwith, including by filing a modified motion for class certification to that effect.

As to your threat to seek sanctions against Defendants and their counsel should we proceed, we simply note that itself would be a sanctionable act and reserve all rights in that regard.

Joseph R. Saveri, Esq.
February 23, 2023
Page 3

                                         Very truly yours,

                                         Steven J. Kaiser