# APPENDIX A

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations |
|---|---|---|---|---|
| Arizona | Ariz. Rev. Stat. §§ 44-1402, *et seq*. | | "Arizona . . . provide[s] for treble damages only upon a showing that a defendant's violation was 'flagrant.'" *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 99 (S.D.N.Y. 2017) (citing Ariz. Rev. Stat. § 44–1408).<br><br>Under Arizona law, plaintiffs must follow procedural requirements which include serving a copy of the complaint on the attorney general and filing proof of service with the court.  § 44-1415. | |
| Arkansas | Ark. Code Ann. §§ 4-75-301, *et seq*.<br><br>Arkansas (Ark. Code §§ 4-88-101, et seq.) | "There is no private right to a cause of action pursuant to the subchapter of the Arkansas Code relating to unfair monopolies." *Coffee.org, Inc. v. Green Mountain Coffee Roasters, Inc.*, 2012 WL 511485, at *4 (W.D. Ark. Feb 15, 2012). | | Private class actions under Arkansas consumer protection law are "prohibited unless the claim is being asserted for a violation of Arkansas Constitution, Amendment 89." § 4-88-113. |
| California | Cal. Bus. and Prof. Code §§ 16720, *et seq*.<br><br>Cal. Bus. & Prof Code §§ 17200, et seq. | | California law antitrust provisions do not "deal[] expressly with monopolization or attempted monopolization" and "do[] not address unilateral conduct." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986), opinion modified on other grounds on denial of reh'g, 810 F.2d 1517 (9th Cir. 1987). | No judgement or relief under California consumer protection law "shall be granted" until proof of service of the brief or petition on the California Attorney General is filed with the court.  § 17209. |

1

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations |
|---|---|---|---|---|
| | | | "Interpretations of federal antitrust law are at most instructive, not conclusive, when construing the Cartwright Act, given that the Cartwright Act was modeled not on federal antitrust statutes but instead on statutes enacted by California's sister states around the turn of the 20th century." *Aryeh v. Canon Bus. Solutions, Inc.,* 55 Cal. 4th 1185, 1195 (Cal. Sup. Ct. 2013). | |
| Connecticut | Conn. Gen. Stat. §§ 42-110b, *et seq*. | Connecticut Unfair Trade Practices Act requires privity between the plaintiff and defendant in private suits. *Waterbury Petroleum Prods, Inc. v. Canaan Oil and Fuel Co.*, 477 A.2d 988 (Conn. 1984). | | |
| District of Columbia | D.C. Code §§ 28-4502, *et seq*.<br><br>D.C. (D.C. Code §§ 28-3901, *et seq.*) | | Federal law is only a permissive "guide" for interpreting the District of Columbia's antitrust laws. D.C. Code § 28-4515.<br><br>The "continuing violations" doctrine does not apply under the law of the District of Columbia. *In re Pre-Filled Propane Tank Antirust Litig.,* 2019 WL 4796528, at *12 (W.D. Mo. Aug. 21, 2019). | Requires plaintiffs to follow specific procedural requirements including filing a complaint with the appropriate department. § 28-3905. |

2

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations |
|---|---|---|---|---|
| Florida | Fla. Stat. §§ 501.201, *et seq*. | | "Florida courts would not necessarily follow federal interpretations of the Sherman Act." *In re Pre-Filled Propane Tank Antirust Litig.*, 2019 WL 4796528, at *12 (W.D. Mo. Aug. 21, 2019) (holding that the continuing violations doctrine does not apply under Florida law); *compare* Fla. Stat. Ann. § 401.204(1) *to* 15 U.S.C. § 2. | |
| Hawaii | Haw. Re. Stat § 480-13.3 | | A party pursuing antitrust actions under Hawaii law must serve a copy of their complaint upon the Hawaii attorney general within seven days of filing. The attorney general retains sole discretion to determine whether the state will pursue the action or file an action involving similar claims, and plaintiffs may only proceed with the action should the attorney decline to pursue legal recourse. *See* Haw. Rev. Stat. § 480-13.3(a)(1). Actions that do not adhere to these procedural notification requirements are subject to dismissal. *See In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 232 (M.D. Pa. 2010) ("[A]ny action based upon unfair competition must adhere to the attorney general notification procedures enumerated by statute; the IEU plaintiffs' failure to comply with the statutory provision therefore | |

3

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations |
|---|---|---|---|---|
| | | | warrants dismissal."); *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 232 (M.D. Pa. 2010) (dismissing indirect purchasers' claim under the Hawaii Antitrust Act when plaintiffs did not follow service requirements of § 480–13.3). | |
| Idaho | Idaho Code §§ 48-104, *et seq*.<br><br>Idaho Code Ann. §§ 48-601, *et seq.* | Idaho law only allows an attorney general to bring an action on behalf of an indirect purchaser. I.C. § 48-108. | | "Notwithstanding anything to the contrary contained elsewhere in this chapter, no private cause of action exists under this subsection." Idaho Code Ann. § 48-603(b). |
| Iowa | Iowa Code §§ 553.4, *et. eq.* | | Under Iowa law, courts have discretion to order double damages only upon a finding of willful or flagrant. Iowa Code § 553.12 (stating that "exemplary damages which do not exceed twice the actual damages [are] awarded under subsection 2 . . . if: (a) the trier of fact determines that the prohibited conduct is willful or flagrant . . ."). | |
| Kansas | Kan. Stat. Ann. §§ 50-101, *et seq*.<br><br>Kan. Stat. Ann. §§ 50-623, *et seq*. | | "[T]he Kansas Monopolies and Unfair Trade Act prohibits combinations and conspiracies only." *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 283 (D. Mass. 2004) (citations and quotations omitted). | Kansas law does not permit class action recovery under its consumer protection law. § 50-623(b).<br><br>Additionally, Plaintiffs must give notice to the Kansas Attorney General. § 50-623(g). |

4

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations |
|---|---|---|---|---|
| | | | The statute of limitations under Kansas antitrust law is only three years. *Idstrom v. All. Radiology, P.A.*, 388 P.3d 923 (Kan. Ct. App. 2017). | |
| Maine | Me. Stat. tit. 5, §§ 207, *et seq*. | | | Maine law includes specific procedural notice requirements and limitations on the recovery of attorneys' fees or costs incurred. |
| Maryland | Md. Code, Com Law, Section 11-204, *et seq*. | Only the state or a political subdivision thereof may maintain an action for damages stemming from an antitrust violation in Maryland. Md. Code Ann., Com. Law § 11-209(b)(ii). | | |
| Massachusetts | Mass. Gen. Laws ch. 93A, §§ 1, *et seq*. | | | Specific procedural requirement must be followed and limits relief to actual damages or $25 dollars. Mass. Gen. Laws ch. 93A § 9. |
| Michigan | Mich Comp. Laws Ann. § 445.771, *et seq*. | | Michigan antitrust law permits treble damages only upon a showing that a defendant's violation was "flagrant." *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 99 (S.D.N.Y. 2017) (citing *A & M Supply Co. v. Microsoft Corp.*, 252 Mich.App. 580, 583, 654 N.W.2d 572 (2002)). | |

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations |
|---|---|---|---|---|
| Minnesota | Minn. Stat. §§ 325F.68, *et seq*. and Minn. Stat. § 8.31, *et seq*. | | | "Neither the Minnesota False Statement in Advertising Act (MFSAA) nor the Minnesota Consumer Fraud Act (MCFA) provide a private cause of action; thus, a plaintiff suing for violations of those statutes must pursue relief under Minnesota's Private Attorney General Statute, which allows a plaintiff to seek money damages, costs and attorney fees, and injunctive relief." *Johnson v. Bobcat Co.*, 175 F. Supp. 3d 1130 (D. Minn. 2016). |
| Mississippi | Miss. Code Ann. §§ 75-21-3 | | To state a claim under Mississippi antitrust law, Plaintiffs must allege that the monopoly was "accomplished in part at least by transactions lying wholly within [the state]." *State ex rel. Fitch v. Yazaki North America, Inc.*, 294 So. 3d 1178 (Sup. Ct. of Miss. 2020).<br><br>The statute of limitations under Mississippi antitrust law is only three years. Miss. Code Ann. § 15-1-49(1). | |
| Nebraska | Neb. Rev. Stat. §§ 59-801 | | Under Nebraska law, only the Attorney General of Nebraska may seek treble damages. *Compare* Neb Rev. St. 59-821 ("any person . . . shall recover actual damages") *to* Neb. Rev. St. 84- | |

6

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations |
|---|---|---|---|---|
| | | | 212 (The Attorney General . . . may recover treble damages."). | |
| Nevada | Nev. Rev. Stat. §§ 598A.060, *et seq.*<br><br>Nev. Rev. Stat. §§ 598.0903–598.0999 | | "Any person commencing an action for any violation of the provisions of this chapter shall, simultaneously with the filing of the complaint with the court, mail a copy of the complaint to the Attorney General." Nev. Rev. Stat. § 598A.210. | Nevada's Deceptive Trade Practices Act ("NDTPA") allows private civil action only by "an elderly person or a person with a disability." Nev. Rev. Stat. § 598.0907. *See also In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 234 (M.D. Pa. 2010) ("The Nevada class plaintiffs are not alleged to be either elderly or disabled, and the IEU plaintiffs offer no explanation for their failure to satisfy this standing requirement. Accordingly, the court will dismiss the consumer protection claims arising under the NDTPA.") |
| New Hampshire | N.H. Rev. Stat. Ann. §§ 356:2, *et seq*. | | Under New Hampshire law, a party may recover doubled or trebled damages only if the court so determines in its discretion. N.H. Rev. Stat. §§ 358-A:10; *In re Globe Distributors, Inc.*, 129 B.R. 304, 320 (Bankr. D.N.H. 1991) ("Whether the damages should be doubled or trebled is problematical since the statute authorizes a choice in that regard in the discretion of the Court but provides no | |

7

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations |
|---|---|---|---|---|
| | | | standard for the exercise of that discretion."). | |
| New York | N.Y. Gen. Bus. Law §§ 340, *et seq*. | | New York's antitrust statute, the Donnelly Act, does not apply to unilateral conduct. *Commonwealth Elec. Inspection Servs., Inc. v. Town of Clarence*, 6 A.D.3d 1185, 1186 (N.Y. App. Div. 2004) ("We conclude that the action taken by each of the municipalities in this case, consisting of the enactment of a particular ordinance, was purely unilateral and thus was not accomplished by means of the essential statutorily proscribed "contract, agreement, arrangement or combination.").<br><br>New York's Donnelly Act does not contain a harmonization provision, and it is "well settled" that New York courts will interpret New York antitrust law differently from federal law "where State policy, differences in the statutory language or the legislative history justify such a result." *Sperry v. Crompton Corp.*, 863 N.E.2d 1012, 1018 (N.Y. 2007). | |
| North Dakota | N.D. Cent. Code §§ 51-08.01, *et seq*. | | Under North Dakota law, damages may be increased to up to three times actual damages only if the trier of fact finds | |

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations |
|---|---|---|---|---|
| | | | that the violation is "flagrant." N.D. Cent. Code §§ 51-08.1-08(2). | |
| Oregon | Or. §§ 646.725, *et seq.*<br><br>Or. Rev. Stat. §§ 646.605, *et seq.* | | Although federal law is "persuasive" when interpreting Oregon antitrust law, it is not binding. For example, the Ninth Circuit declined to follow federal standards for deciding whether a bundled discount violated Oregon antitrust laws, instead determining that to be an "unsettled" question of Oregon law and certifying the question to the Oregon Supreme Court. *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883, 911 (9th Cir. 2008). | Plaintiff must follow procedural requirements including notification by mailing the complaint to the Oregon Attorney General. "[Co]urt may not enter judgment for the plaintiff until proof of mailing is filed with the court." Or. Rev. Stat. § 646.638(2). |
| Tennessee | Tenn. Code Ann. §§ 47-25-101 | | Tennessee antitrust law does not provide a cause of action for unilateral conduct. *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 284 (D. Mass. 2004) (Reviewing Tennessee's antitrust statute and holding that "[n]one of these terms appears to include unilateral conduct.").<br><br>The statute of limitations under Tennessee antitrust law is only three years. *In re Pre-Filled Propane Tank Antirust Litig.*, No. 14-02567-MD-W-GAF, 2019 WL 4796528, at *15 (W.D. Mo. Aug. 21, 2019). | |

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations |
|---|---|---|---|---|
| | | | Whether the "continuing violations" doctrine applies under Tennessee law is unsettled. *Id.* ( "[T]he Court is unaware of any Tennessee court opinion that has recognized the continuing violation doctrine as applied to [Tennessee Trade Practices Act] claims or to [the three year] statute of limitations."). | |
| Utah | Utah Code Ann. §§ 76-10-3104, *et seq.* | | Under Utah law, "[t]he attorney general shall be notified by the plaintiff about any class action involving antitrust violations that includes plaintiffs from [Utah]." Utah Code Ann. §§ 76-10-3109. | |
| Washington | None | Indirect purchaser actions are not allowed under Washington law. *Blewett v. Abbott Laboratories*, 86 Wash. App. 782, 783-84 (Wash. Ct. App. 1997) ("Guided by *Illinois Brick*, we hold indirect purchasers are not "injured" by anti-competitive activity and therefore lack standing to sue under RCW 19.86.090."). | | |