# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | **JURY DEMAND** |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO ADD CLASS REPRESENTATIVE

I.  **DEFENDANTS MISCHARACTERIZE THE FACTS AND IMPORT OF THE TIMING OF PLAINTIFFS' MOTION TO ADD CLASS REPRESENTATIVE.**

Defendants' primary argument in opposition to Plaintiffs' Motion (ECF No. 394) is that Plaintiffs "unduly delayed" in filing the Motion, and that the Motion is "barred by the Scheduling Order" and Rule 16. *See* Defs' Opp., ECF No. 404, PageID 13538. Defendants first assert that the Court should deny Plaintiffs' Motion because Plaintiffs "have not attempted to comply with Rule 16 . . . ." This is wrong. Rule 23 is the preferred means for adding a class representative.[1] Rules 15 and 16 have no application here because Plaintiffs do not seek to amend the Complaint.[2] Instead, Plaintiffs merely seek to replace a class representative who has been withdrawn. Ms. Coulson is a putative class member who paid for her children to attend Varsity camps, competitions, and apparel. *See* ECF No. 394-2 ("Saveri Decl.") at ¶ 7. As an indirect purchaser of Varsity products, her addition will ensure that the Class will not be prejudiced by Ms. Velotta's withdrawal.

Defendants next claim that Plaintiffs "undu[ly] delay[ed] by any measure" by seeking to add a new class representative on February 23, 2023. Defs' Opp., PageID 13540. But Defendants assertion is misguided, because Plaintiffs filed their motion immediately after Defendants threatened Plaintiffs with sanctions if they did not voluntarily dismiss a significant portion of their claims. Moreover, because Rule 23 addresses the adequacy of class representatives, it is precisely during the class certification stage that the issue is addressed. *See also* Order Granting in Part and Denying in Part Defendants U.S. All Star Federation, Inc., Jeff Webb, Varsity Brands,

---

[1] *See In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) ("*Telectronics*") ("Rule 23 seems to contemplate the possible substitution of non-parties as class representatives"); 'Under Rule 23, the court may . . . invite interventions to bolster or substitute for class representation.'" (quoting Herbert Newberg, et al., 1 *Newberg on Class Actions*, § 3.42 (3d. ed.1992)). Defendants concede this point, noting that in a case "similar to the present circumstances," Defs' Opp., PageID 13542, the court granted the plaintiff "leave to substitute in an appropriate class representative." *Wiener v. Dannon Co., Inc.*, 255 F.R.D. 658, 673 (C.D. Cal. 2009).
[2] *See Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, 328 F.R.D. 255, 268 (D. Alaska 2018), amended, No. 3:12-CV-00090-TMB, 2019 WL 6331355 (D. Alaska Nov. 26, 2019) ("Courts . . . consider[ing] . . . whether to appoint a non-named plaintiff as an additional class representative have not undertaken a Rule 15 or Rule 16 analysis, nor have they required the pleadings be amended to include class representatives as a named plaintiff in the action.").

LLC, and Varsity Spirit Fashion & Supplies, Inc.'s Motions to Dismiss, ECF No. 333, PageID 7243-244 ("[T]he suitability of the named plaintiffs as representatives of the class will be addressed at the class certification stage."). Here, Plaintiffs filed their motion immediately after Defendants threatened Plaintiffs with sanctions over the alleged lack of standing, significantly before class certification is decided by the Court, and significantly before "trial or at summary judgment," when Defendants asserted standing issues would be decided. *See* ECF No. 405-2 (Kaiser Decl. Ex. B) at 4. Defendants thus fail to show how adding Ms. Coulson would negatively impact the case schedule. Caselaw is clear that courts have discretion to add class representatives even when the proceedings are substantially more advanced. *See generally*, Pls' Mot., ECF No 394-1, PageID 13375 – 378 (citing cases supporting substitution of class representative under Rule 23); *see also McAnaney v. Astoria Fin. Corp.*, 2007 WL 2702348, at *13 (E.D.N.Y. Sept. 12, 2007) (noting that where a named plaintiff is no longer an adequate representative of the class, the procedure "favored" over decertifying the class is to give plaintiffs' counsel a "reasonable period of time for the substitution or intervention of a new class representative") (internal citation and quotation marks omitted); *Whitlock v. Johnson*, 153 F.3d 380, 384 (7th Cir. 1998) (finding district court was proper in allowing certified class claims to continue "with the substitution of appropriate class representatives" after the failure of the named plaintiff's individual claim on the merits); *Little Caesar Enterprises, Inc. v. Smith*, 172 F.R.D. 236, 244 n. 3 (E.D. Mich. 1997) ("Affording plaintiffs the opportunity to provide such substitutes is the common practice in cases where, although the current named representatives are inadequate, adequate representatives are known.").

II.    **DEFENDANTS HAVE NOT SHOWN THEY WOULD BE PREJUDICED BY THE ADDING MS. COULSON.**

Defendants assert they would be prejudiced by Ms. Coulson's addition because they would need to take discovery "to assess the substantive merits of whatever claim she is seeking to bring . . . ." Defs' Opp., PageID 13540. Untrue. Defendants have known what Plaintiffs' claims are for well over two years and have had ample time to assess the substantive merits of

those claims through discovery, including expert discovery. The addition of Ms. Coulson would not change the parties' claims or defenses. Defendants also assert they need to assess "her suitability as a class representative," *id*., but fail to show how they would be prejudiced by this. Her addition does not change the substance of Plaintiffs' claims. Once again, Defendants are attempting to get value from their dilatory conduct.[3] As explained in Plaintiffs' Motion, Plaintiffs are prepared to produce Ms. Coulson's documents and make her available for deposition on an expedited basis. *See* ECF No. 394-1, PageID 13377 n.2. Indeed, it would be Plaintiffs who would be prejudiced if the Motion is denied.[4]

Defendants speculate that adding Ms. Coulson would require discovery regarding "the intermediaries in any purchase chain between Ms. Coulson and Varsity . . . ." Defs' Opp., PageID 13540. This is not well taken. This is irrelevant to any disputed issue in the case. Significantly, this issue has not been raised with respect to the other class representatives. Defendants have had ample time to investigate through discovery, including expert discovery, whether intermediaries in the purchase chain affect Plaintiffs' claims.

Defendants complain that they are prejudiced because they have to respond to Plaintiffs' Motion while preparing their opposition to class certification and other filings. This is ironic in light of Defendants' recently filed motion for sanctions. Defendants waited until Plaintiffs' responses to four separate Daubert motions were due to file their motion for sanctions, which is based to a significant extent on the withdrawal of Michelle Velotta as a class representative more than eleven months before. Thus any prejudice from the timing is self-inflicted. *See* footnote 3, *supra*. Numerous cases have held that pursuant to Rule 23 class representatives can be added even late in cases, including after class certification has been fully briefed. *See* Pls' Mot., ECF

---

[3] *See* ECF No. 417 at 15–16 (explaining how Defendants have previously tried "to use their own delay as a shield to prevent Plaintiffs from seeking relief").

[4] Failure to add Ms. Coulson risks leaving claims of class members who paid Varsity's alleged inflated camp prices unaddressed and their rights unvindicated. "[C]ourts make an inquiry into the adequacy of the class representatives in order to protect the rights of absent class members, not to ensure that the party opposing certification is satisfied with the representatives." *Telectronics*, 172 F.R.D. at 283. "Such discretion protects the interests of the class as a whole . . . ." *In re Pharm. Indus. Average Wholesale Price Litig.*, 277 F.R.D. 52, 59 (D. Mass. 2011).

No. 394-1 at PageID 13375-378, and cases cited therein.

### III. DEFENDANTS' CONFLICTING ARGUMENTS PROVE THEIR GAMESMANSHIP.

Defendants next argue that Plaintiffs' Motion should be denied "[s]ince, in Plaintiffs' conception," the current plaintiffs have standing, and thus "the addition of Ms. Coulson is unnecessary." *See* Defs' Opp., PageID 13542-543. This proves Defendants' gamesmanship, given that it was Defendants who threatened Plaintiffs with sanctions if they did not immediately dismiss their claims related to camps, because Defendants argue the class representatives lack standing. *See* ECF No. 417. Plaintiffs' Motion to add a new class representative was filed to ensure that any alleged standing deficiency be cured. Yet Defendants now assert the Court should *deny* that motion because Plaintiffs believe the two class representatives have standing under the "inextricably intertwined" doctrine.

### IV. MS. COULSON HAS STANDING TO BRING CLAIMS AGAINST DEFENDANTS.

Defendants assert that Plaintiffs have failed to show that Ms. Coulson has standing to assert a claim regarding the relevant market for cheer camps. Defs' Opp., PageID 13545. This is wrong. Plaintiffs have shown that Ms. Coulson paid for her children to compete in Varsity events and attend Varsity camps, and purchased Varsity apparel. *See* Saveri Decl., ¶¶ 7-8. This is sufficient to show standing under *Southaven Land Co. v. Malone & Hyde, Inc.*, 715 F.2d 1079, 1085 (6th Cir. 1983) ("*Southaven*"). Here, Ms. Coulson made purchases in all three relevant product markets, including camps. *See* Saveri Decl., ECF No. 394-2 at ¶ 7. Her injury was caused by Defendants anticompetitive actions. There is little chance of duplicative recovery as the indirect and direct classes have hired their own experts who have quantified damages for each subclass using sophisticated regression analysis. Under *Southaven*, Ms. Coulson has antitrust standing.[5]

---

[5] Plaintiffs satisfy *In re Aluminum Warehousing Antitrust Litig.*, 520 F. Supp. 3d 455, 474 (S.D.N.Y. 2021), *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Defs' Opp., PageID 13539. *Cf. In re Opana ER Antitrust Litig.*, 162 F. Supp. 3d 704, 721–22 (N.D. Ill. 2016) (citing *Lewis v. Casey*, 518 U.S. 343, 395–96 (1996) ("Whether the named plaintiffs 'may assert the rights of

Defendants now also assert for the first time that the two **other** class representatives lack standing to being claims relating to Varsity camps. In addition to being irrelevant to the question at issue here, Defendants' argument fails because the current class representatives have standing to assert claims relating to the camps market because Defendants' sale and marketing of these products, as part of their self-described "ecosystem," is interlinked and intertwined. *Blue Shield of Virginia v. McCready,* 457 U.S. 465, 484 (1982).[6] In fact, as the record shows, Defendants made attending their camps a prerequisite to attending their most sought after competitions and provided financial incentives to direct purchaser gyms to direct cheer athletes to attend Varsity camps, exploiting power in the competitions market to foreclose competitors' access to the camps market. Motion, PageID 13380-381.[7] Varsity also possessed market power in all three relevant markets and leveraged that market power to require cross-participation in the three relevant markets and exclude rivals from those markets. The markets are inextricably intertwined. *Blue Shield of Virginia v. McCready*, 457 U.S. 465, 484 (1982).[8]

---

absent class members is neither a standing issue nor an Article III case or controversy issue but depends rather on meeting the prerequisites of Rule 23 governing class actions. . . .'"). Defendants reliance on umbrella standing cases is wholly misplaced. *See In re Aluminum Warehousing Antitrust Litig.* 520 F. Supp. 3d 455, 476 (S.D.N.Y. 2021) (distinguishing "umbrella" standing where plaintiffs did not purchase products from wrongdoer but instead from other manufacturers setting prices under "umbrella" set by wrongdoer). Here, Plaintiffs purchased Varsity products and services.

[6] See also *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2013 WL 2456612, *15 (E.D. Mich., 2013) (indirect purchaser plaintiffs had standing in "inextricably linked and intertwined" markets where demand in a vehicles market created demand in a vehicle components market); *In re Auto. Parts Antitrust Litig.,* 29 F. Supp. 3d 982, 1002 (E.D. Mich., 2014). (stating that "[t]he Court's conclusion [that plaintiffs have standing] is not altered by [plaintiffs'] status relative to market participation" and "[s]tanding under antitrust law can be established even where the market participant test is blurry"); *Gold v. Eva Nats., Inc.,* 586 F. Supp. 3d 158, 162 (E.D.N.Y. 2022) ("Plaintiff satisfies the requirements for class standing at this juncture . . . [because] even though the plaintiff did not purchase each of the products at issue," the claims with respect to each product were "sufficiently similar").

[7] For this reason, the Court's decision in American Spirit is of no precedential value because the American Spirit plaintiffs failed to develop or present such evidence or argue the relevant authorities. *See Southaven*, 715 F.2d at 1086. Nor does *Fla. Seed Co. v. Monsanto Co.,* 105 F.3d 1372, 1374 (11th Cir. 1997) help Defendants as it employs the target area test for determining standing, a test that has been expressly rejected by the Sixth Circuit. *See Southaven*, 715 F.2d at 1082.

[8] Defendants' reliance on *Pogue v. Int'l Indus., Inc.*, 524 F.2d 342, 345–46 (6th Cir. 1975), *Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 887 (10th Cir.1997), *Klein v.*

Dated: April 5, 2023

Respectfully submitted,

By: _____/s/ Joseph R. Saveri_____
Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
TURNER FEILD, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com

---

*Am. Land Title Ass'n*, 926 F. Supp. 2d 193, 201 n.6 (D.D.C. 2013), and *Tic-X-Press, Inc. v. Omni Promotions Co.*, 815 F.2d 1407, 1415 (11th Cir. 1987) is misplaced. Plaintiffs are not pursuing Section 1 tying claims.

ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*