# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES and CHRISTINA LORENZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; JEFF WEBB; CHARLESBANK CAPITAL PARTNERS LLC; and BAIN CAPITAL PRIVATE EQUITY;<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-cgc |

### DEFENDANT U.S. ALL STAR FEDERATION, INC.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

COMES NOW Defendant U.S. All Star Federation, Inc. ("USASF"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court ("Local Rules"), and provides its first supplemental responses to the First Set of Interrogatories propounded by Plaintiffs as follows:

### OBJECTIONS TO DEFINITIONS

1.     USASF objects to the definitions of "document" and "documents." The parties have negotiated the meaning of the term "document" for discovery purposes in this litigation as set forth in the parties' Joint Stipulated Protocol for the Discovery of Electronically-Stored Information and Hard Copy Documents (the "Agreed ESI Protocol"). USASF will follows the definition in the parties' Agreed ESI Protocol and disregard the definition in Plaintiffs' First Set of Interrogatories.

2.     USASF objects to the term "employee" in that it defines the term in an unnatural way to include non-employees. Where the term employee appears in the requests, USASF will interpret that term to cover actual employees of USASF.

3.     USASF objects to the terms "You" or "Your" to the extent they seek to include any person or entity beyond USASF. Where "You" or "Your" appears in the requests, USASF will interpret the terms to cover USASF.

## OBJECTIONS TO INSTRUCTIONS

1.     USASF objects to the Instructions to the extent Plaintiffs seek to impose obligations beyond those required by the Federal Rules of Civil Procedure. USASF will respond in accordance with the Federal Rules of Civil Procedure and will otherwise disregard the Instructions.

2.     USASF objects to the time period contained in Instruction 7 and the embedded definition of "Relevant Time Period." Any request for information for the more than 12 year period specified by Instruction 7 would be overly broad, unduly burdensome, and disproportional to the needs of the case, and inconsistent with the Court's previous rulings in this matter. To the extent USASF responds to the interrogatories, USASF will only do so for the period January 1, 2015 to June 30, 2020.

## INTERROGATORIES

The above objections are explicitly incorporated by reference to each of the following responses as if they were set forth in full in each individual response.

**INTERROGATORY NO. 1**: State each affirmative defense to the claims against You.

**RESPONSE**: USASF objects to this Interrogatory as premature as it seeks information that USASF is not required to provide prior to filing an answer in this case. USASF further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the

2

attorney-client privilege and work product doctrine. Subject to and without waiving any of the foregoing objections, USASF will identify any affirmative defenses when an answer is required under the Federal Rules of Civil Procedure.

**FIRST SUPPLEMENTAL RESPONSE**: USASF incorporates its Objections to Definitions, Objections to Instructions, and previous response to this Interrogatory as if stated herein. Subject to and without waiving the foregoing objections, USASF states that its affirmative defenses are set forth in its Answer at ECF No. 337 in the section titled "Affirmative Defenses," in the Second, Third, Fifth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, and Seventeenth Defenses. The remainder of the defenses set forth therein are a non-exhaustive list of failures of Plaintiffs' pleadings and/or anticipated failures of proof on issues on which Plaintiffs bear the burden of proof. They are therefore not affirmative defenses and are outside the scope of Interrogatory No. 1. As to the Twenty-Third Defense set forth in USASF's Answer at ECF No. 337 in the section titled "Affirmative Defenses," USASF refers to the responses to this Interrogatory submitted by the other Defendants in this matter. USASF reserves the right to assert and rely upon other applicable defenses that may become available or apparent as this matter proceeds and, accordingly, reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 2**: State each fact which supports each affirmative defense stated in response to Interrogatory No. 1.

**RESPONSE**: USASF objects to this Interrogatory as premature as it seeks information that USASF is not required to provide prior to filing an answer in this case. USASF further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Moreover, USASF objects to this

3

Interrogatory on the basis that it contains multiple subparts, one for each affirmative defense that USASF will ultimately assert. Based on the Second Set of Interrogatories already served by Plaintiffs, Plaintiffs are far in excess of the twenty-five interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing objections, USASF will identify the facts supporting its affirmative defenses when and to the extent it is required to do so under the Federal Rules of Civil Procedure.

**FIRST SUPPLEMENTAL RESPONSE**: USASF incorporates its Objections to Definitions, Objections to Instructions, and previous response to this Interrogatory as if stated herein. USASF objects to this Interrogatory as overly broad and unduly burdensome to the extent it asks USASF to literally identify "each fact" which supports its affirmative defenses and on the basis that doing so would improperly seek to constrain USASF's ability to defend itself at trial. *See Hedge v. Vought Aircraft Indus., Inc.*, No. 3:05-0831, 2008 WL 11510345, at *6 (M.D. Tenn. Aug. 14, 2008) ("contention interrogatories must typically be narrowly tailored and ask for specific details or legal positions; interrogatories asking for 'all facts' in support of a position have been held to be overly burdensome."); *Lillard v. University of Louisville*, Civil Action No. 3:11-cv-554-JGH, 2014 WL 12725816, at *7 (W.D. Ky. Apr. 7, 2014) (describing similar interrogatories as "blockbuster interrogatories" that are "understandably met with concern by the courts"). Defendants have collectively produced approximately 150,000 documents, comprising hundreds of thousands, if not over one million, pages of documents. The parties have engaged in dozens of depositions and exchanged voluminous expert reports. Identifying <u>all</u> of the facts which support USASF's affirmative defenses would be unduly burdensome and not proportional to the needs of the case. USASF objects to this Interrogatory on the basis that the word "fact" is vague and susceptible to multiple interpretations. USASF interprets the word "fact" as not seeking any case

4

law or legal argument which USASF may use to support its claims and not requiring a specific identification of evidence which USASF may rely on to support such facts. USASF further objects to this Interrogatory to the extent it seeks attorney work product which is protected from disclosure. Moreover, given the sprawling and incoherent nature of Plaintiffs' Complaint, the specific facts that support USASF's affirmative defenses that may become relevant upon the conclusion of Plaintiffs' trial presentation are not ascertainable in the exhaustive sense that the interrogatory appears to seek to require. USASF further objects to this Interrogatory on the basis that Plaintiffs are far in excess of the twenty-five interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure. *See* ECF No. 286, pp. 6-9 (describing the hundreds or thousands of interrogatories served on Defendants considering the Second Set of Interrogatories propounded by Plaintiffs on each Defendant).

Subject to and without waiving the foregoing objections, USASF states as follows:

**Second, Tenth, and Thirteenth Defenses:** To the extent these defenses are comprised of legal argument, no response is required. USASF further responds that insofar as the bulk of the conduct referenced in the Complaint occurred outside the applicable statute of limitations and/or statute of repose period (i.e., more than four years prior to Plaintiffs filing their action, or such other period as is applicable under the particular law at issue), Plaintiffs' claims for damages are barred, in whole or in part, by the statute of limitations and/or statute of repose. Each of the claims that Plaintiffs purportedly bring are brought under laws that have statutes of limitations. To the extent any Plaintiff or putative class member has entered an agreement with USASF, such agreement may contain a contractual limitations or repose period. Any claim that accrued outside the applicable statute of limitations is barred. For example, claims based on increased prices due to the alleged anticompetitive effects of rules or policies adopted and/or implemented by USASF

5

outside the applicable statutory limitations period would be barred. For the same reason, Plaintiffs' claims are barred by the doctrine of laches, and such claims may also be barred even if based on conduct within the statutory period. A plaintiff is not permitted to wait years after the conduct to bring a claim and seek such relief, as Plaintiffs have done here. USASF further relies on the reports of Defendants' experts in this matter, which further demonstrate that Plaintiffs' claims, if any, are barred by the applicable statutes of limitations and/or repose and/or the doctrine of laches. USASF further incorporates its Second, Tenth, and Thirteenth Defenses as set forth in its Answer at ECF No. 337 in the section titled "Affirmative Defenses". USASF reserves the right to identify additional facts which support this defense in the event that Plaintiffs identify other conduct which they believe occurred within the statutory limitations period or in the event that this matter is certified as a class action.

**Third Defense:** Certain USASF membership agreements, for example, certain agreements between USASF and its event producer members, contain arbitration provisions. In the event that Plaintiffs' seek to certify a class which contains persons who have entered into arbitration agreements with USASF, such class must exclude those persons who have entered into arbitration provisions in their agreements with USASF. No further response is required to the extent this defense depends on legal argument. USASF further incorporates its Third Defense as set forth in its Answer at ECF No. 337 in the section entitled "Affirmative Defenses".

**Fifth, Eleventh, Twelfth, and Fifteenth Defenses:** To the extent these defenses are comprised of legal argument, no response is required. Plaintiffs allege that they have been damaged by conduct known to them and dating as far back as 2003. Nevertheless, Plaintiffs allege that they continued to be members of USASF and continued to compete in Varsity competitions and purchase Varsity apparel. Plaintiffs otherwise failed to take steps to mitigate, prevent, or avoid

6

the damages they claim to have suffered. Plaintiffs' claims are therefore barred, in whole or in part, by their failure to mitigate damages and the doctrines of waiver, estoppel, ratification, consent, and/or acquiescence. USASF further incorporates its Fifth, Eleventh, Twelfth, and Fifteenth Defenses as set forth in its Answer at ECF No. 337 in the section entitled "Affirmative Defenses".

**Fourteenth and Seventeenth Defenses:** To the extent these defenses are comprised of legal argument, no response is required. Further, these defenses may require an individualized inquiry of all putative class members to evaluate whether any class member has received or will receive compensation from others for the same injuries claimed in this lawsuit. This may be dependent on the outcome of other lawsuits currently pending against Defendants, including *Fusion Elite et al. v. Varsity Brands, Inc. et al.* and *American Spirit & Cheer Essentials et al. v. Varsity Brands, Inc. et al.* It is premature to identify additional facts which support these defenses at this time. USASF further incorporates its Fourteenth and Seventeenth Defenses as set forth in its Answer at ECF No. 337 in the section titled "Affirmative Defenses".

**Twenty-Third Defense:** USASF incorporates by reference any and all other defense asserted by any other defendant to the extent that defense would apply to USASF. USASF also incorporates by reference the responses of all other Defendants to this Interrogatory.

As to all affirmative defenses, USASF incorporates by reference the responses of all other Defendants to this Interrogatory. USASF reserves the right to assert and rely upon other applicable defenses that may become available or apparent as this matter proceeds and, accordingly, reserves the right to supplement its response to this Interrogatory.

Because this Interrogatory asks about USASF's "affirmative defenses," no response is required to the extent USASF included other defenses, which relate to failures of Plaintiffs'

7

pleadings and/or anticipated failures of proof on issues on which Plaintiffs bear the burden of proof, in its Answer at ECF No. 337 in the section titled "Affirmative Defenses." Nevertheless, USASF incorporates by reference the remaining defenses set forth in the section titled "Affirmative Defenses" in its Answer at ECF No. 337. USASF further notes that the fact that no Plaintiff in this case purchased attendance at a Varsity cheerleading camp or attended a Varsity cheerleading camp means that Plaintiffs lack standing to assert claims regarding cheerleading camps. *See* Sixth Defense, USASF's Answer at ECF No. 337. If Plaintiffs do not withdraw such claims, USASF reserves the right to seek all appropriate sanctions for the cost of defending against such claims. USASF reserves the right to identify other failures of Plaintiffs' proof at trial or at summary judgment, depending on what proof Plaintiffs submit to establish standing, if any. As to the remaining defenses, USASF refers Plaintiffs to the briefs filed in support of its motion to strike (ECF Nos. 55, 56, 76) and reserves its right to supplement the points made therein in responding to any motion for class certification on the schedule set by the Court. USASF refers Plaintiffs to the briefs filed in support of the various Defendants' motions to dismiss (ECF Nos. 57-60, 72-75) and to the particulars set forth in its Answer (including the section titled "Affirmative Defenses") in respect of Plaintiffs' failure to state a claim, Plaintiffs' inability to state a claim for conspiracy to monopolize, Plaintiffs' lack of standing, Plaintiffs' inability to attribute conduct or causation to USASF, Plaintiffs' inability to establish that USASF's rules were not procompetitive and/or did not promote the public interest, and Plaintiffs' failure to satisfy the procedural requirements under certain state laws. USASF further refers Plaintiffs to the reports of Defendants' experts, which further support its defenses and affirmative defenses.

USASF reserves its rights as to any other failure of proof in Plaintiffs' case, which can only be identified at the conclusion of Plaintiffs' case at trial, should Plaintiffs' claims not be disposed

4881-0606-8529v3
2933399-000004 09/30/2022

of at summary judgment. USASF also reserves its right to move for summary judgment, including as to any issue as to which Plaintiffs' have the burden of proof.

4881-0606-8529v3
2933399-000004 09/30/2022

## VERIFICATION

I, being first duly sworn, state that I am a duly authorized representative to execute this verification, and that I have read the foregoing Supplemental Responses To Plaintiffs' First Set Of Interrogatories to USASF ("Interrogatory Responses"); that the Interrogatory Responses were put together with the assistance of counsel; that the Interrogatory Responses are based on information and belief, relying upon the investigation of records or other information believed to be correct, and are therefore subject to inadvertent or undiscovered errors, are based on and necessarily limited by the records and information still in existence, presently recollected, and discovered to date in the course of preparation of these Interrogatory Responses; and that subject to the above limitations, the Interrogatory Responses are true to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

This, the 30th day of September, 2022.

*Kathy Pewree* (signature)

October 3, 2022

Respectfully submitted,

*/s/ Nicole Berkowitz Riccio*
Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
niccio@bakerdonelson.com
aroach@bakerdonelson.com
kglover@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2022, a true and correct copy of the foregoing was forwarded via the Court's ECF system and/or by email to all counsel of record.

 */s/ Nicole Berkowitz Riccio*