# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| JONES et al.,<br><br>          Plaintiffs,<br>v.<br><br>VARSITY BRANDS, LLC et al.,<br><br>          Defendants. | **Civ. Action No. 2:20-cv-02892** |

**RESPONSES OF DEFENDANTS BAIN CAPITAL PRIVATE EQUITY AND CHARLESBANK CAPITAL PARTNERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant Bain Capital Private Equity and Charlesbank Capital Partners (collectively, "Respondents") hereby respond to Plaintiffs' First Set of Interrogatories.

**OBJECTIONS TO DEFINITIONS**

1.      Respondents note that the vast majority of the terms purportedly defined in the "Definitions" (other than "You," "Your," and "state") are not used in the interrogatories and including them in the Definitions is inappropriate and improper surplusage.  Because the terms are not used, no further response is needed, but Respondents specifically note that they do not accept the definitions for any other purpose and specifically reserve their rights should Plaintiffs seek to use the same or similar definitions in other circumstances.

2.      Respondents object to the terms "You" and "Your" in Definition 37 to the extent they seek to include any person or entity beyond the named Defendants.  Where "You" or "Your" appear in the requests, Respondents will interpret the terms to cover Respondents as defined herein.

## OBJECTIONS TO INSTRUCTIONS

1. Respondents object to the Instructions to the extent Plaintiffs seek to impose any burden on Respondents beyond those required by the Federal Rules of Civil Procedure. Respondents will respond in accordance with the Federal Rules of Civil Procedure and will otherwise disregard the Instructions.

2. Respondents object to the time period contained in Instruction 7 and the embedded definition of "Relevant Time Period" as overly broad and unduly burdensome, and as seeking to renegotiate the limits on discovery previously agreed upon by the parties. To the extent Respondents respond to these requests, Respondents will only do so for the period December 10, 2016 to June 30, 2020.

## OBJECTIONS AND RESPONSES TO REQUESTS

The above objections are explicitly incorporated by reference to each of the following responses as if they were set forth in full in each individual response.

<u>Interrogatory No. 1</u>: State each affirmative defense to the claims against You.

<u>Objection and Response to Interrogatory No. 1</u>: *See* ECF Nos. 338 and 339, sections entitled "Affirmative and Other Defenses," paragraphs 1, 2, and 5. (The remainder of the defenses set forth therein are a non-exhaustive list of failures of Plaintiffs' pleadings and/or anticipated failures of proof on issues on which Plaintiffs bear the burden of proof. They are therefore not affirmative defenses and are outside the scope of Interrogatory No. 1.) Respondents reserve their rights to supplement its affirmative defenses and its rights as to any and all failures of proof in Plaintiffs' case, whether as anticipated in ECF Nos. 338 and 339 or otherwise.

<u>Interrogatory No. 2</u>: State each fact which you contend supports each affirmative defense You stated in response to Interrogatory No. 1.

<u>Objection and Response to Interrogatory No. 2</u>: Respondents object to Interrogatory 2 as seeking information that Respondents are not required to disclose under the Federal Rules of Civil Procedure and as seeking Respondents' work product. In addition, to literally identify "each fact" that supports its affirmative defenses would be unduly burdensome and would improperly seek to constrain Respondents' ability to defend itself at trial. Moreover, given the incoherent nature of Plaintiffs' complaint, the specific facts that support Respondents' affirmative defenses that may become relevant upon the conclusion of Plaintiffs' trial presentation are not ascertainable in the exhaustive sense that the interrogatory appears to seek to require.

Subject to and without waiving those objections, Respondents respond further that insofar as the bulk of the conduct referenced in the Complaint occurred outside the applicable statute of limitations and/or statute of repose period (*i.e.*, more than four years prior to Plaintiffs filing their action (or such other period as is applicable under the particular law at issue)), Plaintiffs' claims for damages are barred, in whole or in part, by the statute of limitations and/or statute of repose. Each of the claims that Plaintiffs purportedly bring are brought under laws that have statutes of limitations. Any claim that accrued outside the applicable statute of limitations is barred. For example, claims based on increased prices due to the anticompetitive effects of an acquisition that occurred outside the applicable statute of limitations would be barred, as the Court has already held. For the same reason, claims for injunctive relief based on conduct that occurred outside the relevant statutory period are barred by the doctrine of laches, and such claims may also be barred even if based on conduct within the statutory period. A plaintiff is not permitted to wait years after the conduct at issue to bring a claim and seek such relief, which is what Plaintiffs have done here.

Moreover, Plaintiffs allege that they have been damaged by conduct known to them and dating as far back as 2003. Yet Plaintiffs allege that they chose to continue patronizing Varsity's cheerleading competitions and chose to continue purchasing apparel from Varsity. Plaintiffs otherwise failed to take steps to avoid or lessen their alleged damages. Plaintiffs' claims are therefore barred, in whole or in part, by their failure to mitigate damages, waiver, estoppel, and/or by the voluntary payment doctrine.

Because the interrogatory asks about Respondents' "affirmative defenses," no response as to the "other defenses" is required. That said, although Plaintiffs' lack of standing is not an affirmative defense because the burden to establish standing is on each Plaintiff, Respondents further note that the fact that no Plaintiff in this case purchased attendance at a Varsity cheerleading camp (or attended a Varsity cheerleading camp) means that Plaintiffs lack standing to assert claims regarding cheerleading camps. Respondents reserve the right to identify other failures of Plaintiffs' proof of standing at trial or at summary judgment, depending on what proof Plaintiffs bring forward to establish standing, if any.

As to the remaining listed other defenses, Respondents refer Plaintiffs to its briefs filed in support of its motion to strike (ECF No. 55) and reserves its right to supplement the points made therein in responding to any motion for class certification on the schedule set by the Court. Respondents refer Plaintiffs to the briefs filed in support of the various Defendants' motions to dismiss (ECF Nos. 59) in respect of Plaintiffs' failure to state a claim and to the particulars set forth in its Answer as to procedural requirements under certain state laws, which Plaintiffs have not satisfied.

Respondents likewise reserves its rights as to any other failure of proof in Plaintiffs' case, which can only be identified at the conclusion of Plaintiffs' case at trial, should Plaintiffs' claims

4

not be summarily dismissed under Rule 56.  Respondents also reserves their right to move for summary judgment, including as to any issue as to which Plaintiffs have the burden of proof.

Dated: October 3, 2022

*/s/ Steven J. Kaiser*

George S. Cary\*
Steven J. Kaiser\*
Linden Bernhardt\*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park\*
Heather Nyong'o\*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Rd, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

\* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Defendants Bain Capital Private Equity and Charlesbank Capital Partners*

5