# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES and CHRISTINA LORENZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>VARSITY BRANDS, LLC, VARSITY SPIRIT, LLC, VARSITY SPIRIT FASHION & SUPPLIES, LLC, U.S. ALL STAR FEDERATION, INC., JEFF WEBB, CHARLESBANK CAPITAL PARTNERS LLC, and BAIN CAPITAL PRIVATE EQUITY,<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-cgc |

**DEFENDANT JEFF WEBB'S SUPPLEMENTAL OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 33 and 26 of the Federal Rules Civil Procedure, Defendant Jeff Webb ("Webb") submits his Supplemental Objections and Answers to Plaintiffs' First Set of Interrogatories to Defendant Jeff Webb (the "Interrogatories") as follows:

**OBJECTIONS TO DEFINITIONS**

1.  Mr. Webb objects to the definition of the term "Document" and "Documents" as used in Definition 4 to the extent those terms are inconsistent with the Federal Rules of Civil Procedure. Mr. Webb will interpret those terms consistent with the Federal Rules of Civil Procedure.

2.  Mr. Webb objects to the terms "You," "Your," or "Your company" in Definition 7 to the extent they seek to include any person or entity beyond Jeff Webb. Where "You," "Your," or "Your company" appears in the requests, Mr. Webb will interpret the terms to refer to Jeff Webb, individually.

1

## OBJECTIONS TO INSTRUCTIONS

1. Mr. Webb objects to the Instructions to the extent Plaintiffs seek to impose any burden on Mr. Webb beyond those required by the Federal Rules of Civil Procedure or the Local Rules of the Western District of Tennessee. Mr. Webb will respond in accordance with the Federal Rules of Civil Procedure and the applicable Local Rules, and will otherwise disregard instructions 2 through 6 and 8 through 15.

2. Mr. Webb objects to the time period contained in Instruction 7, as well as the definition of the "Relevant Time Period" as overly broad and unduly burdensome, and as contrary to the limits on discovery previously imposed by the Court. To the extent Mr. Webb responds to the Requests, he will only do so for the period of January 1, 2015 to December 10, 2020.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

State each affirmative defense to the claims against You.

**SUPPLEMENTAL ANSWER:**

Mr. Webb objects to Interrogatory No. 1 as overly broad in that it imposes a burden on Mr. Webb in excess of the requirements of the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 8, Mr. Webb is obligated to state his affirmative defenses in responding to Plaintiffs' pleading.

Subject to and without waiving the foregoing objections, Mr. Webb refers Plaintiffs to the section entitled "Affirmative and Other Defenses" in his Answer to Plaintiffs' Complaint Class Action [ECF 336] filed August 15, 2022. Mr. Webb reserves his right to supplement his affirmative defenses, assert and rely upon other applicable defenses that may become available or apparent as this matter proceeds, and his rights as to any and all failures of proof in Plaintiffs' case, where as anticipated in ECF 336 or otherwise.

**INTERROGATORY NO. 2**:

State each fact which supports each affirmative defense in response to Interrogatory No. 1.

**SUPPLEMENTAL ANSWER:**

Mr. Webb objects to Interrogatory No. 2 as premature and overly broad in that it imposes a burden on Mr. Webb in excess of the requirements of the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 8, Mr. Webb is obligated to state his affirmative defenses in responding to Plaintiffs' pleading. Mr. Webb also objects to Interrogatory No. 2 because it is overly broad, unduly burdensome, and improperly seeks to constrain Mr. Webb's ability to defend himself at trial in purporting to require Mr. Webb to "state each fact" supporting each affirmative defense. *See Hedge v. Vought Aircraft Indus., Inc.*, No. 3:06-0831, 2008 WL 11510345, at *6 (M.D. Tenn. 2008) ("[I]nterrogatories asking for 'all facts' in support of a position have been held to be overly burdensome."). Mr. Webb further objects to this Interrogatory to the extent it seeks to require Mr. Webb to provide a narrative account of his case. *See Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) ("[S]uch 'contention interrogatories' are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case."). Mr. Webb further objects that the term "fact" is vague and ambiguous and may be subject to different interpretations of what may or may not constitute a "fact."

Moreover, given the vague, imprecise, and unclear nature of Plaintiffs' Complaint, the specific facts that support Mr. Webb's affirmative defenses that may become relevant upon the conclusion of Plaintiffs' trial presentations are not ascertainable in the exhaustive sense that this Interrogatory appears to require. Mr. Webb further objects to this Interrogatory as seeking Mr. Webb's work product. Mr. Webb also objects further to this Interrogatory on the grounds that it

3

contains multiple subparts, with each affirmative defense that Mr. Webb will assert constituting a separate subpart. Combined with the Plaintiffs' Second Set of Interrogatories, Plaintiffs have exceeded their limit of twenty-five interrogatories under Federal Rule of Civil Procedure 33.

Subject to and without waiving the foregoing objections, Mr. Webb refers Plaintiffs to the section entitled "Affirmative and Other Defenses" in his Answer to Plaintiffs' Complaint Class Action [ECF 336] filed August 15, 2022. Mr. Webb further responds as follows:

Much of the conduct alleged in the Complaint occurred outside the applicable statutes of limitations periods. Each of the claims that Plaintiffs purportedly bring are brought under laws that have statutes of limitations. Any claim that accrued outside the applicable limitations period is barred. Mr. Webb directs Plaintiffs to *Defendants' Response in Opposition to Plaintiffs' Motion to Reconsider Order Granting in Part and Denying in Part Defendants' Motion to Dismiss* [ECF 345], the parties' briefing on Defendants' Motions to Dismiss, and the Court's Order granting in part and denying in part Defendants' Motions to Dismiss.

All claims against Mr. Webb are time barred because he stepped down from his position as Varsity's CEO in 2016, after which point he lacked any operational authority and lacked involvement in the alleged conduct. Following Mr. Webb's departure as CEO, Mr. Webb was not involved in operational decisions or otherwise involved in the day-to-day operations of Varsity. Mr. Webb also left Varsity's Board of Directors in 2018, after which point Mr. Webb did not even have a vote as a member of the Board. For these same reasons, Mr. Webb was not the cause of or responsible for any alleged damages to Plaintiffs, and any damages Plaintiffs allege to have sustained were necessarily the result of acts or omissions of third parties or other independent, intervening or superseding causes.

Plaintiffs failed to take steps to ameliorate their damages, if any. Plaintiffs' allege conduct dating back to 2003, yet Plaintiffs continued to patronize Varsity's cheerleading competitions and purchase Varsity's apparel following 2003. There is no indication in the deposition testimony or in the multitudes of documents produced in this case as to why Plaintiffs could not have pursued their claims years prior to Plaintiffs filing this action. Moreover, Plaintiffs did not participate in certain alleged markets at issue in this case because they did not purchase attendance or actually attend any Varsity cheerleading camp. For those Plaintiffs who claim that they did participate in certain alleged markets, any purported damages they are too remote, as Plaintiffs testified that they paid lump sums to gyms and schools for their cheerleading expenses.

Mr. Webb's decisions made during his tenure as CEO were made based on Mr. Webb's and the Board of Director's determinations that the actions or decisions would enable Varsity and its related entities to provide, or continue to provide, a superior product and service to its customers and grow cheerleading to the benefit of all participants. Varsity offered products that customers sought out and preferred. Moreover, other market forces and participants impacted the relevant markets. Despite Plaintiffs' claims, the relevant markets remain competitive and provide customers with alternative types of products and services. Mr. Webb further refers Plaintiffs to the reports of Defendants' expert witnesses in this matter, which demonstrate competitive markets in which Varsity operates and further supports this defense.

No response is required as to Defense Nos. 1, 4-6, 8, 9, and 14-16, and 18-19 as these defenses are not affirmative defenses and, instead, are elements of Plaintiffs' prima facie claims. This Interrogatory requests facts solely as to Mr. Webb's affirmative defenses. Mr. Webb otherwise refers Plaintiffs to his briefs filed in support of his motion to strike [ECF 56] and the briefs filed in support of the various Defendants' motions to dismiss in respect to Plaintiffs' failure

5

to state a claim. Mr. Webb further refers Plaintiffs to the reports of Defendants' experts, which further support his defenses and affirmative defenses.

In light of Mr. Webb's objections, the facts referenced in this Interrogatory response are not intended to encompass all facts upon which Mr. Webb may rely in support of any affirmative defense. In referencing facts in responding to this Interrogatory, Mr. Webb does not waive his reliance on any other fact that may support an affirmative or other defense. Mr. Webb reserves his right to supplement his affirmative defenses and his rights as to any and all failures of proof in Plaintiffs' case, where as anticipated in ECF 336 or otherwise.

Date:  October 3, 2022				Respectfully submitted,

By: /s Brendan P. Gaffney

Paul E. Coggins*
Brendan P. Gaffney*
Katherine Wright*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com
katie.wright@lockelord.com

* Admitted *pro hac vice*

Edward L. Stanton III (TN Bar #018904)
S. Keenan Carter (TN #023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7336
Facsimile: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.carter@butlersnow.com

*Attorneys for Jeff Webb*

## CERTIFICATE OF SERVICE

By my signature below, I do hereby certify that on October 3, 2022, a true and correct copy of the foregoing was served on all parties of record in this case via email and/or certified mail.

By:  /s/ Brendan P. Gaffney
Attorney for Jeff Webb

7