IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>        Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>        Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br><br><br>**JURY DEMAND** |

**PLAINTIFFS' MOTION TO EXTEND PAGE LIMITATION FOR CLASS CERTIFICATION REPLY BRIEF**

Under Local Rule 7.2(e), a reply in support of a motion may not exceed five pages in length unless otherwise ordered by the Court. Indirect Purchaser Plaintiffs ("Plaintiffs"), through counsel, respectfully move for leave to file a reply brief in support of their Motion for Class Certification (ECF No. 387) in excess of the five-page limitation set forth in Local Rule 7.2(e).[1] Specifically, Plaintiffs seek an additional 25 pages, for a total of thirty pages, for their reply brief. In support of this motion, Plaintiffs offer the following points and authorities.

**I.      BACKGROUND**

On February 10, 2023, Plaintiffs filed their Motion for Class Certification ("Motion"). ECF No. 387. As authorized by the Court, the brief was 30 pages in length. *See* ECF No. 369.

On February 23, 2023, Defendants made an oral request for permission to file an overlength brief in opposition based on their statements regarding the complexity of the issues

---

[1] The filing deadline for Plaintiffs' reply in support of their motion for class certification is May 25, 2023. ECF 342 at PageID 7547.

presented and their need to address them at a video status conference with the Court. The Court granted permission. On March 31, 2023, Defendants filed their Memorandum of Law in Response to Plaintiffs' Motion for Class Certification ("Opposition"). ECF No. 420. As permitted, Defendants' Opposition is 30 pages in length. Among other things, it cites 70 cases, 65 of which were not cited by Plaintiffs in their Motion. The Opposition raises numerous arguments that Plaintiffs have not yet had the opportunity to address, including state law and statutory challenges as well as arguments regarding the elements of Rule 23(a) and Rule 23(b). Much of their Opposition involves a number of misinterpretations of law and misstatements of fact, which Plaintiffs should have the opportunity to address. This is a class action involving important issues. In particular, Plaintiffs wish to address incorrect arguments regarding variations in state law and the requirements of Rule 23(a) and Rule 23(b)(3) in Defendants' Opposition.

**II.     ARGUMENT**

    **A.     Antitrust Class Actions Involve Complex Issues of Law and Fact that Cannot be Fully Addressed in Five Pages**.

"The interpretation and application of local rules 'are matters within the district court's discretion . . . .'" *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (quoting *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 714 (6th Cir.2006)).

"Antitrust class actions are inherently complex . . . ." *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 533 (E.D. Mich. 2003). Courts routinely grant requests to exceed page limits where, as here, "complicated issues and facts in [the] case justify exceeding the page limit." *Lawson v. Hedgespeth*, No. 117CV00061GNSHBB, 2019 WL 2997392, at *1 (W.D. Ky. July 9, 2019) (granting motion to exceed page limits); *see also Frederick v. Fed.-Mogul, Inc.*, No. 06-11549-BC, 2008 WL 4372635, at *3 (E.D. Mich. Sept. 19, 2008) (granting motion to

exceed page limit and finding "legal complexity of the issues may justify extending the page limits"). The same reasoning applies where, as here, multiple claims are brought under both federal and state law. *See Clayton, Jr. v. Heartland Res., Inc.*, No. 1:08CV-94-JHM, 2010 WL 4778787, at *12 (W.D. Ky. Nov. 16, 2010) (granting motion to exceed page limits for opening brief and reply in case involving multiple claims involving federal and state law); *Browning next friend of C.S. v. Edmonson Cnty., Kentucky*, No. 118CV00057GNSHBB, 2020 WL 4718763, at *2 (W.D. Ky. Aug. 13, 2020) (same) (reversed in part on other grounds by *Browning v. Edmonson Cnty., Kentucky*, 18 F.4th 516 (6th Cir. 2021)). Courts also allow parties to exceed page limits where it is necessary to address errors or misstatements of fact or law. *See Burks v. Washington*, No. 19-CV-10027, 2023 WL 2612607, at *7 (E.D. Mich. Mar. 23, 2023) (granting motion to exceed page limit where Plaintiff argued the extra pages were necessary to address "factual and legal errors.").

Here, the legal and factual arguments presented are, as the Court acknowledged in the related *Fusion Elite* case, "complex with a litany of factual allegations and elements necessary for class certification." *See* the Court's Order in the related *Fusion Elite* case, ECF No. 311, PageID 5653.

Due to the complex factual and legal issues in this action, both sides asked for and received the Court's permission to exceed Rule 7.2(e)'s page limit for the Motion and the Opposition. In order to provide the Court with an adequate record upon which to adjudicate the claims and defenses in this action, Plaintiffs require 30 pages to fully respond to Defendants' assertions.

Plaintiffs acknowledge the Court's guidance regarding concision and will make every effort to be as succinct as possible in their reply brief.

### B. Defendants' Opposition Raises Multiple Arguments and Contains Many Errors of Law and/or Fact and Misleading Statements that Cannot be Fully Addressed in Five Pages.

Defendants contest virtually all aspects of Rule 23(a) as well as predominance under Rule 23(b).. They also raise spurious attacks against named Plaintiffs themselves. In addition, Defendants raise claims as to the laws of particular states. They also raise arguments beyond the scope of the motion, which should be addressed. While Plaintiffs do not find any of Defendants' arguments to be meritorious, they should have a full opportunity to respond.

### III. CONCLUSION

As the Court has recognized, the complexity and importance of the issues at stake in this action require a robust record upon which the Court can adjudicate the merits. On multiple occasions the Court has granted the parties' requests for additional pages. Defendants' Opposition raises multiple issues for the first time, relying on dozens of cases that Plaintiffs have not addressed, and they make misleading and erroneous arguments to which Plaintiffs should have a full opportunity to respond.

For the reasons stated above, Plaintiffs respectfully ask the Court to grant their Motion and allow Plaintiffs up to 30 pages to reply to Defendants' Opposition.

Dated: April 7, 2023

Respectfully submitted,

By: *Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
TURNER FIELD, PLLC
2650 Thousand Oaks Boulevard
Suite 2325
Memphis, TN 38118
Office: (901) 290-6610
Fax: (901) 290-6611
vturner@turnerfeildlaw.com

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
David A Goodwin*
Ling Shan Wang*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
dgoodwin@gustafsongluek.com
lwang@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*

**CERTIFICATE OF CONSULTATION**

I hereby certify, pursuant to Local Rule 7.2(a)(1)(B), that on April 6, 2023, my colleague, Kevin Rayhill, emailed counsel for Defendants advising them that Plaintiffs intended to file a motion seeking the relief set out above and asking if they opposed. On April 7, 2023, Matthew Mulqueen responded on behalf of all Defendants and said that Defendants do not consent to the requested relief.

                                                         */s/ Joseph R. Saveri*
                                                       Joseph R. Saveri