# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br><br><br>**JURY DEMAND** |

**PLAINTIFFS' REPLY IN SUPPORT OF CROSS-MOTION FOR SANCTIONS AGAINST DEFENDANTS AND COUNSEL**

I.  **INTRODUCTION**

Defendants' Opposition (ECF No. 434, the "Opposition") to Plaintiffs' Cross-Motion for Sanctions (ECF No. 417, the "Cross-Motion") fails to provide any defense for their improper and unwarranted motion for sanctions, which, as plaintiffs detailed in their Cross-Motion, was timed to interfere with Plaintiffs' class certification motion, and was the culmination of Defendants' attempts to dissuade Plaintiffs from fully prosecuting their reasonable claims under the Sherman Act. *See* Cross-Motion at 4-5. Defendants' opposition is entirely an argument on the merits, and repeats what they argue in opposition to class certification—another example of Defendants using Rule 11 for an improper purpose. Moreover, Defendants' arguments on the merits are wrong, proving that their motion for sanctions is frivolous, but also showing that Plaintiffs camp claims are proper. Plaintiffs either have standing under the inextricably intertwined doctrine, or the standing issue can be cured by adding a new class representative.

II.  **ARGUMENT**

  A.  **Plaintiffs Have Standing to Assert Claims in the Relevant Product market for Camps.**

Defendants argue that Plaintiffs lack standing to bring claims relating to Varsity cheer camps on behalf of the class. This is wrong. As Plaintiffs have shown, because the named Plaintiffs purchased Varsity's products in the relevant product markets, their claims are typical of those of the class. And because the relevant product markets for cheer competitions and cheer camps are inextricably intertwined with each other within Varsity's self-described "ecosystem," Plaintiffs have standing to bring claims on behalf of the class in all three relevant product markets. *See* Cross-Motion at 6-9 (explaining that the relevant product markets are inextricably intertwined due to Defendants' policies and practices necessitating or incentivizing purchases in one or more of the relevant product markets in order to participate in another, and citing multiple

cases that stand for the proposition that attempts to deny standing by focusing exclusively on one sub-part of an integrated whole are unsuccessful). Defendants' Opposition does not dispute the several cases explicitly holding that a Plaintiff has standing in one market based on purchases in another. *See* Cross-Motion. Moreover, even if Defendants were correct that Plaintiffs lack standing—they are not correct—this would at best provide an argument for the Court to consider at class certification. It would *not* provide a reason for granting sanctions.

Plaintiffs have both Article III standing and antitrust standing to bring antitrust claims because they have suffered antitrust injury in the form of purchasing Defendants' products at allegedly artificially inflated prices. Defendants' assertions to the contrary lack merit.

### B. Plaintiffs' Motion to Add Class Representative Cures Any Alleged Standing Issue

Plaintiffs have asked the Court to add a third class representative who, like the withdrawn class representative she would replace, has suffered injuries that that are typical of the class, including paying for Varsity camps. *See* Plaintiffs' Motion to Add Class Representative, ECF No. 394.[1]

Defendants' assertion that Plaintiffs are out of time is both wrong and inappropriate in the context of Defendants' Rule 11 motion. Under Rule 23, courts can add a class representative "[w]hen, and if, required . . . ." *In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997). This is true even after class certification is fully briefed. *In re Pharm. Indus. Average Wholesale Price Litig.*, 277 F.R.D. 52, 59 (D. Mass. 2011). Defendants' opposition does not dispute this.

---

[1] As noted in Plaintiffs' Motion to Add Class Representative, addition of a class representative is appropriate even in the late stages of a class action when another class representative's claims have been mooted. ECF No. 394-1 at PageID 13375-376 ((citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 415-16 n.8 (1980) (Powell, J., dissenting)).

### C. Prior Examples of Defendants' Misuse of the Federal Rules are Relevant to Plaintiffs' Cross-Motion.

Defendants' assertion that other examples of their gamesmanship, including their prior motion for sanctions, are irrelevant is wrong. Defendants have engaged in a pattern of misbehavior with the purpose of inhibiting Plaintiffs' ability to prosecute their claims. Their current motion for sanctions is yet another example of Defendants attempting to bully Plaintiffs into dropping their legitimate claims. Thus, Defendants' prior misconduct is relevant to showing that this latest example is being pursued for an improper purpose. By waiting until Plaintiffs class certification motion was due to raise these issues, despite knowing about them for nearly a year beforehand, and then arguing that Plaintiffs are somehow out of time to seek to add a new class representative is precisely the kind of tactics Defendants have employed in the past. Regardless, they are wrong on the law and have made out no basis for imposing sanctions. Defendants' conduct has diverted Plaintiffs' resources away from the class certification motion. This is a misuse of the Federal Rules and is precisely the kind of behavior Rule 11 is designed to discourage. Defendants' prior misconduct during discovery, as well as their prior motion for sanctions that was denied is relevant.

### III. CONCLUSION

Defendants' motion for sanctions lacks a basis in law or the facts and amounts to a barely disguised attempt to interfere with plaintiffs' prosecution of their claims. Defendants should not be allowed to continue abusing the Federal Rules, and Plaintiffs should be awarded their costs in fighting Defendants' abusive tactics.

Dated: April 13, 2023

Respectfully submitted,

By:    */s/ Joseph R. Saveri*
        Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner (TN Bar No. 22603)
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
vturner@bruceturnerlaw.net

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*

        HARTLEY LLP
        101 West Broadway, Suite 820
        San Diego, CA 92101
        Telephone: (619) 400-5822
        hartley@hartleyllp.com
        brizuela@hartleyllp.com

        Daniel E. Gustafson*
        Daniel C. Hedlund*
        Daniel J. Nordin*
        David A Goodwin*
        Ling Shan Wang*
        GUSTAFSON GLUEK PLLC
        Canadian Pacific Plaza
        120 South Sixth Street, Suite 2600
        Minneapolis, MN 55402
        Telephone: (612) 333-8844
        Facsimile: (612) 339-6622
        dgustafson@gustafsongluek.com
        dhedlund@gustafsongluek.com
        dnordin@gustafsongluek.com
        dgoodwin@gustafsongluek.com
        lwang@gustafsongluek.com

        * Admitted *pro hac vice*

        +Located in Washington State

        *Attorneys for Individual and Representative Plaintiffs*