# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES et al., | |
| Plaintiffs, | Civ. Action No. 2:20-cv-02892 |
| v. | |
| VARSITY BRANDS, LLC et al., | |
| Defendants. | |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' PROFFERED EXPERT JAMES H. ARONOFF

## **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................1

ARGUMENT ................................................................................................................1

I.      Mr. Aronoff Lacks Relevant Experience and Expertise........................................1

II.     Proposing Simplistic Prohibitions on Activities About Which Plaintiffs Complain Is Not
        Proper Testimony .................................................................................................3

III.    Mr. Aronoff's Recommendations Are Non-Specific...............................................3

IV.     Mr. Aronoff Should Not Provide a Factual Narrative............................................4

CONCLUSION..............................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997)....................................................................................................4

*In re Davol, Inc./C.R. Bard, Inc. Polypropylene Hernia Mesh Prods. Liab. Litig.*,
    546 F.Supp.3d 666 (S.D. Ohio. 2021)........................................................................5

*In re E.I. DuPont de Numours & Co. C-8 Pers. Inj. Litig.*,
    345 F.Supp.3d 920 (S.D. Ohio 2015)..........................................................................5

*In re TMI Litig.*,
    193 F.3d 613 (3d Cir. 1999)........................................................................................5

*Jahn v. Equine Servs., PSC*,
    233 F.3d 382 (6th Cir. 2000)......................................................................................5

*O'Bannon v. NCAA*,
    7 F.Supp.3d 955 (N.D. Cal. 2014) .............................................................................2

*Tindall v. H&S Home, LLC*,
    2012 WL 3241885 (M.D. Ga. Aug. 7, 2012) ..............................................................2

## INTRODUCTION

Plaintiffs provide no basis for permitting the testimony of Mr. Aronoff, and instead in effect concede Defendants' points.  Their main argument is that Mr. Aronoff is "an expert regarding corporate compliance" (ECF No. 424 at PageID 14248) who is prepared to testify about "regulatory compliance, corporate governance, and conduct relief" (*id.* at PageID 14253).  Plaintiffs provide nothing, however, to suggest such testimony would be relevant or to show how a so-called expert in "corporate compliance" has expertise at all relevant to this case.  This is not a case about "regulatory compliance" or "corporate compliance."  Nor do Plaintiffs meaningfully respond to the fact that Mr. Aronoff's opinions are nothing more than anodyne observations that the Court could order Defendants not to do the things that Plaintiffs' other experts have said were anticompetitive.  Plaintiffs do not even try to explain how such observations could help the Court in "fashioning injunctive relief," particularly insofar as Mr. Aronoff himself conceded that his "recommendations" are non-specific, or why the Court needs the help of a lawyer by training to fashion relief.  In their struggle to make Mr. Aronoff relevant, Plaintiffs suggest he could assess the economic effects of his "recommendations" on competition or other marketplace participants.  But, at the same time, Mr. Aronoff and Plaintiffs insist that Mr. Aronoff, who is not an economist by trade or training, is not offering economic testimony and has done no economic analysis.

## ARGUMENT

## I.    MR. ARONOFF LACKS RELEVANT EXPERIENCE AND EXPERTISE

As set forth in Defendants' opening brief (ECF No. 385-1 at PageID 10095-96), Mr. Aronoff has no experience in antitrust or sports and is not an economist by training or profession.  Plaintiffs do not dispute this; they instead say he is an expert in "corporate compliance."  (ECF No. 424 at PageID 14248.)  But nowhere in their twenty-page brief do Plaintiffs explain how "corporate compliance" is relevant to this case.  This is not a case about "corporate compliance,"

and Defendants are not aware of any allegations relating to "corporate compliance."  Nor do Plaintiffs explain how Mr. Aronoff's purported experience in "highly regulated industries" (*id.* at PageID 14258) has any potential relationship to this case, which does not involve a "highly regulated industry," such as financial services, where Mr. Aronoff has spent his entire professional life.  Indeed, nowhere in their brief do Plaintiffs really identify what opinions about "corporate compliance" Mr. Aronoff would offer, nor are those opinions contained in his report.[1]

Instead, Plaintiffs assert that "Mr. Aronoff has conducted a qualitative analysis of the business practices and conduct at issue in the case," and in his "opinion, such conduct could be modified and remedied through changes in conduct which would be neutral."  (*Id.*)  But Mr. Aronoff is not competent to evaluate whether something would be competitively neutral (if that is what he means by "neutral").  He is not an economist, nor did he look into the economic effect of his proposed "changes in conduct."  Plaintiffs concede this point, asserting that "Mr. Aronoff is not offering an opinion on the subject of economics or purporting to offer any economic analysis."  (ECF No. 424 at PageID 14255; *see also* ECF No. 385-5, Aronoff Dep. 10:17-21 (same).)  Conversely, Professor Murphy, who *is* an economist and who *did* examine Mr. Aronoff's proposals on an economic basis, concluded that the changes that Mr. Aronoff proposes would be anticompetitive, reduce competition, and harm consumers in the cheerleading industry.  (ECF No. 382-6 at 213-27.)  For example, Mr. Aronoff proposes banning Varsity from competing

---

[1] Plaintiffs rely on *Tindall v. H&S Home, LLC*, 2012 WL 3241885 (M.D. Ga. Aug. 7, 2012), where the court largely excluded the proffered testimony.  However, because, unlike here, the case involved the propriety of internal business practices, the court allowed limited testimony on that topic.  Mr. Aronoff does not propose to provide such testimony, which, in any event, would be irrelevant.  Plaintiffs also inaptly cite *O'Bannon v. NCAA*, 7 F.Supp.3d 955, 1007-08 (N.D. Cal. 2014) for the irrelevant proposition that "[c]ourts also rely on expert testimony in fashioning injunctive relief."  (ECF No. 424 at PageID 14253.)  The portion of the court's opinion on remedies says nothing about experts, much less indicates reliance on any.  In any event, the fact that a court used an expert to consider remedies says nothing to rehabilitate Mr. Aronoff.

with other event producers.  (ECF No. 385-3, Aronoff Rep. at ¶ 116.)  To the extent Plaintiffs

offer Mr. Aronoff to testify on "competitive neutrality," he does not have the expertise to do so

and has done no work to substantiate such an opinion.  To the extent he is offering an opinion on

some other unspecified form of "neutrality," it would be irrelevant and potentially confusing to

the trier-of-fact.

## II.   PROPOSING SIMPLISTIC PROHIBITIONS ON ACTIVITIES ABOUT WHICH PLAINTIFFS COMPLAIN IS NOT PROPER TESTIMONY

Plaintiffs also do not meaningfully address that Mr. Aronoff's "recommendations" merely

repeat whatever practice Plaintiffs complain about and then state that Varsity or USASF should

be barred from engaging in such practice.  Mr. Aronoff admitted as much.  (*See, e.g.*, ECF No.

385-5, Aronoff Dep. 37:19-38:21 ("Q: But just generally, it seems like what you did was you

took what the plaintiffs were complaining about and said your recommendation was [that]

Varsity … stop doing whatever it was they were complaining about.  A: … So, yeah, that's core.

The message is don't continue to engage in this problematic activity. … So in one sense, I agree

with you.").)  Such testimony would not be helpful to the Court in fashioning remedies.[2]

## III.   MR. ARONOFF'S RECOMMENDATIONS ARE NON-SPECIFIC

As Defendants demonstrated in their opening brief, Mr. Aronoff's recommendations

about World Bids, USASF, transparency, judges, and rebates are all non-specific and, in some

---

[2] Mr. Aronoff appears to be offered to testify as to injunctive relief.  Plaintiffs argue for a lenient application of the *Daubert* standard because "the expert testimony at issue will be considered by a judge as opposed to a jury."  (ECF No. 424 at PageID 14259.)  However, Plaintiffs hedge, also stating that the "testimony is relevant to issues of liability as well as the injunctive relief that Plaintiffs seek here" (*id.* at PageID 14252) and "may … be relevant to rebut Defendants' defenses" as to whether there were "no less competitive alternatives" (*id.* at PageID 14261).  As a non-economist who has admittedly conducted no economic analysis, Mr. Aronoff is not qualified to opine on these issues.  Plaintiffs likewise cannot both have a "relaxed" *Daubert* standard for testimony to the Court (*id.* at PageID 14259) and provide testimony to the jury.

instances, hedged.  (*See* ECF No. 385-1 at PageID 10102-04.)  Plaintiffs do not dispute this. They argue that "Mr. Aronoff made it abundantly clear throughout his deposition that 'none of these recommendations were intended to provide specific rules that may be embodied in an agreement or an order ….'"  (ECF No. 424 at PageID 14256; *see also* ECF No. 385-1 at PageID 10101-02 (citing multiple additional similar admissions).)  In other words, Mr. Aronoff has not even provided specific proposals for the Court to consider, making his proposed testimony unhelpful.

**IV.   MR. ARONOFF SHOULD NOT PROVIDE A FACTUAL NARRATIVE**

It is not clear if Plaintiffs propose that Mr. Aronoff testify about the (biased and incorrect) factual narrative he includes in his report or merely seek to defend its inclusion in the report.  In Plaintiffs' response to Defendants' motion to exclude factual narrative testimony of another of their experts, Plaintiffs conceded the point, stating that "Plaintiffs wholly agree that no expert witness in this case should be permitted to take the stand and regurgitate either side's factual narrative for sake of regurgitation."  (ECF No. 427 at PageID 14343.)

Here, Plaintiffs do not address Mr. Aronoff's admissions that he was instructed to "assume that the allegations in the complaint were true, for purposes of making recommendations."  (ECF No. 385-5, Aronoff Dep. 83:13-15; *see also id.* at 68:19-21 (same)).  Mr. Aronoff cannot now be allowed to testify to, or endorse, the "facts" that he was told to assume.  Plaintiffs likewise say he assessed the opinions of Plaintiffs' other experts and found them "reasonable" (ECF No. 424 at PageID 14261).  Neither Plaintiffs nor Mr. Aronoff provide any information about how he assessed those opinions, rendering his proposed testimony pure *ipse dixit* and inadmissible.  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").  It appears

Plaintiffs intend to use Mr. Aronoff as a proxy trier-of-fact to validate their other experts, which is not permitted under the Federal Rules. *See, e.g., In re TMI Litig.*, 193 F.3d 613, 715-16 (3d Cir. 1999).

The cases that Plaintiffs cite prove Defendants' point. In Plaintiffs' first case, the court *excluded* the proffered narrative testimony for exactly the reason it should be excluded here. *In re Davol, Inc./C.R. Bard, Inc. Polypropylene Hernia Mesh Prods. Liab. Litig.*, 546 F.Supp.3d 666, 677 (S.D. Ohio. 2021). The court distinguished Plaintiffs' second case, *In re E.I. DuPont de Numours & Co. C-8 Personal Injury Litigations*, 345 F.Supp.3d 920 (S.D. Ohio 2015), on that very basis. 546 F.Supp.3d, at 678. In *DuPont*, a scientist was allowed to provide a chronology of tests that DuPont had employed to test for a contaminant in a water system to explain the results of those tests based on "his expertise and training in analytic chemistry, and his knowledge of how the state of the art methods developed over time, to contextualize the case specific facts against general developments in analytical methods." 345 F.Supp.3d, at 927. Here, Plaintiffs propose nothing of the sort. By his own admission, Mr. Aronoff simply parrots a narrative of facts he was told to assume or other proffered "experts" had put forward and he found to be "reasonable."[3]

## CONCLUSION

Mr. Aronoff's testimony should be excluded in its entirety.

---

[3] Plaintiffs also cite *Jahn v. Equine Services, PSC*, 233 F.3d 382 (6th Cir. 2000), for the proposition that an expert can provide an opinion that "had a factual basis in the record." (ECF No. 424 at PageID 14265). The case says nothing about whether an expert can provide a factual narrative, which is not permitted. *See Davol*, 546 F.Supp.3d at 677; *see also* ECF No. 385-1 at PageID 10096-99. Rather, the case addressed the argument that a veterinary expert's opinion as to the cause of death of a horse had been "pull[ed]… from thin air." *Jahn*, 233 F.3d at 391.

Dated: April 28, 2023

Respectfully submitted,

/s Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Defendants Varsity Brands,
LLC, Varsity Spirit, LLC; Varsity Spirit
Fashions & Supplies, LLC; Charlesbank
Capital Partners, LLC; Bain Capital Private
Equity LP*

6

s/ Nicole Berkowitz Riccio
Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
James Andrew Roach (TN #37934)
Karen Lott Glover (TN #38714)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com
aroach@bakerdonelson.com
kglover@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.
and USA Sport Cheering, d/b/a USA Cheer*

s/ Brendan P. Gaffney
Paul E. Coggins*
Brendan P. Gaffney*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

* Admitted *pro hac vice*

Edward L. Stanton III (TN #018904)
S. Keenan Carter (TN #023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Phone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.Carter@butlersnow.com

*Attorneys for Jeff Webb*