# APPENDIX A - Plaintiffs' Response To Defendants' State Law Chart

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations | Plaintiffs' Response[1] |
|---|---|---|---|---|---|
| Arizona | Ariz. Rev. Stat. §§ 44-1402, *et seq*. | | "Arizona . . . provide[s] for treble damages only upon a showing that a defendant's violation was 'flagrant.'" *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 99 (S.D.N.Y. 2017) (citing Ariz. Rev. Stat. § 44–1408). Under Arizona law, plaintiffs must follow procedural requirements which include serving a copy of the complaint on the attorney general and filing proof of service with the court. § 44-1415. | | **Arizona's class and notification procedures do not apply**. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, (2010) ("There is no reason [ ] to read Rule 23 as addressing only whether claims made eligible for class treatment by some other law should be certified as class actions. . . . And like the rest of the Federal Rules of Civil Procedure, Rule 23 *automatically* applies in all civil actions and proceedings in the United States district courts."); *Hanna v. Plumer*, 380 U.S. at 473-74 (1965) ("To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act"). *See Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, plc*, 15 Civ. 6549, 2018 WL 7197233 at \*26 (S.D.N.Y. Dec. 16 2018) ("Arizona's pre-suit notice requirement is purely procedural").<br><br>**Arizona law is in harmony with Federal antitrust law**: "It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes." Ariz. Rev. Stat. § 44-1412; *Laborers & Operating Eng'rs Util. Agreement Health & Welfare Trust Fund for Ariz. v. Philip Morris Inc*., 42 F. Supp. 2d 943, 949 (D. Ariz. 1999) ("Arizona's antitrust act mirrors federal law and is analyzed and construed in harmony with federal law."); *Brooks Fiber Comm'ns of Tucson, Inc. v. GST Lightwave, Inc*., 992 F. Supp. 1124, 1130 (D. Ariz. 1997). (same); *Pasco Indus., Inc. v. Talco Recycling, Inc*., 985 P.2d 535, 542 (Ariz. Ct. App. 1998) (same).<br><br>**Arizona's enhanced damages are easily handled with jury questions**: *In re Zetia (Ezetimibe) Antitrust Litig.*, MDL No. 2:18-md-2836, 2020 WL 5778756, at \*27 (E.D. Va. Aug. 14, 2020) ("[A]ssuming arguendo that the three states [including AZ] identified by Defendants impose some additional burden of proof with respect to liability and/or damages, and thus present individualized issues, such variations are immaterial and pose no risk of overtaking the overwhelming common evidence expected to be presented at trial."); *see also In re Restasis Antitrust Litig.,* 335 F.R.D. 1, 38 (E.D.N.Y. 2020) (enhanced damages statutes are easily accounted for with jury questions and do not create predominance issues). |
| Arkansas | Ark. Code Ann. §§ 4-75-301, *et seq*. Arkansas (Ark. Code §§ 4-88-101, *et seq*.) | "There is no private right to a cause of action pursuant to the subchapter of the Arkansas Code relating to unfair monopolies." *Coffee.org, Inc. v. Green Mountain Coffee Roasters, Inc.*, 2012 WL 511485, at \*4 (W.D. Ark. Feb 15, 2012). | | Private class actions under Arkansas consumer protection law are "prohibited unless the claim is being asserted for a violation of Arkansas Constitution, Amendment 89." § 4-88-113. | **Arkansas procedure does not apply**: *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74. The subsection prohibiting class actions unless the claim is being asserted for a violation of the Arkansas Constitution, is procedural and not applicable in federal courts. *See Mounce v. CHPSC, LLC,* 2017 WL 4392048 at \*7 (W.D. Ark., Sept. 29, 2017) ("Instead it seems more reasonable that the class-action amendment to the ADTPA is procedural in nature.").<br><br>**Indirect purchasers have claims under the Arkansas Deceptive Trade Practices Act:** *See Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline,* PLC, 737 F. Supp. 2d 380, 405 (E.D. Pa. 2010); *In re Lithium Ion Batteries Antitrust Litig*.., No. 13-MD-2420 YGR 2014 WL 4955377, at \*22 (N.D. Cal. Oct. 2, 2014). *see also In re Dynamic Random Access Memory Antitrust Litig*., 516 F.Supp.2d 1072, 1108–09 (N.D.Cal.2007) (allowing indirect purchaser claim to proceed under ADTPA based on allegations that acts were unconscionable). |

[1] An appendix to Defendants opposition to class certification contained purported variations in state antitrust and consumer protection laws. ECF No. 420-1 (orange headings above). Plaintiffs' responses are included here under the green heading.

APPENDIX A - Plaintiffs' Response To Defendants' State Law Chart

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations | Plaintiffs' Response[1] |
|---|---|---|---|---|---|
| California | Cal. Bus. and Prof. Code §§ 16720, *et seq*. Cal. Bus. & Prof Code §§ 17200, et seq. | | California law antitrust provisions do not "deal[] expressly with monopolization or attempted monopolization" and "do[] not address unilateral conduct." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1478 (9th Cir. 1986), opinion modified on other grounds on denial of reh'g, 810 F.2d 1517 (9th Cir. 1987). "Interpretations of federal antitrust law are at most instructive, not conclusive, when construing the Cartwright Act, given that the Cartwright Act was modeled not on federal antitrust statutes but instead on statutes enacted by California's sister states around the turn of the 20th century." *Aryeh v. Canon Bus. Solutions, Inc*., 55 Cal. 4th 1185, 1195 (Cal. Sup. Ct. 2013). | No judgment or relief under California consumer protection law "shall be granted" until proof of service of the brief or petition on the California Attorney General is filed with the court. Cal. Bus. & Prof. Code § 17209. | **California procedure does not apply**: *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74. And notice to the Attorney General is only required "in any proceeding in the Supreme Court of California, a state court of appeal, or the appellate division of a superior court." Cal. Bus. and Prof. Code § 17209. "That provision [§ 17209], by its terms, applies only to appellate proceedings in state court." *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, plc,* 15 Civ. 6549, 2018 WL 7197233 at *38 (S.D.N.Y. Dec. 26, 2018)<br><br>**California antitrust law is aligned with Federal antitrust law:** Compare Cal. Bus. Prof. Code § 16720 and 15 U.S.C. § 1. Further, "[t]he Cartwright Act has identical objectives to the federal antitrust acts, and cases construing the federal antitrust laws are permissive authority in interpreting the Cartwright Act." *Tucker v. Apple Computer, Inc.*, 493 F. Supp.2d 1090, 1102 (N.D. Cal. 2006); *Cty. of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1160 (9th Cir. 2001) ("The analysis under California's antitrust law mirrors the analysis under federal law because Cartwright Act, Cal. Bus. & Prof. Code § 16700 et seq., was modeled after the Sherman Act.");*Corwin v. Los Angeles Newspaper Serv. Bureau, Inc*., 484 P.2d 953, 959 (Cal. 1971) ("Sections 16720 and 16726 of the Cartwright Act were patterned after the Sherman Act and decisions under the latter act are applicable to the former."). |
| Connecticut | Conn. Gen. Stat. §§ 42-110b, *et seq*. | Connecticut Unfair Trade Practices Act requires privity between the plaintiff and defendant in private suits. *Waterbury Petroleum Prods, Inc. v. Canaan Oil and Fuel Co.*, 477 A.2d 988 (Conn. 1984). | | | **Connecticut law no longer requires privity under the CUTPA**: The statute originally required privity, but that has since been amended. "[T]he legislature chose to eliminate that privity requirement and instead conferred standing on any person who could establish an ascertainable loss as a result of an unfair trade practice."*Soto v. Bushmaster Firearms Int'l, LLC,* 331 Conn. 53, 90 (Conn. 2019). |

APPENDIX A - Plaintiffs' Response To Defendants' State Law Chart

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations | Plaintiffs' Response[1] |
|---|---|---|---|---|---|
| District of Columbia | D.C. Code §§ 28-4502, *et seq*. D.C. (D.C. Code §§ 28-3901, et seq.) | | Federal law is only a permissive "guide" for interpreting the District of Columbia's antitrust laws. D.C. Code § 28-4515. The "continuing violations" doctrine does not apply under the law of the District of Columbia. *In re Pre-Filled Propane Tank Antirust Litig.,* 2019 WL 4796528, at *12 (W.D. Mo. Aug. 21, 2019). | Requires plaintiffs to follow specific procedural requirements including filing a complaint with the appropriate department. § 28- 3905. | **D.C. procedure does not apply in Federal district court**: *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, 406 (2010); *Hanna,* 380 U.S. at 473-74. Federal district courts have allowed class actions to proceed under D.C. Code § 28-4515 without the plaintiffs having gone through the complaint procedure. *See e.g., Qureshi v. American University,* 2023 WL 2387811, F9(D.D.C. Mar. 7, 2013).<br><br>**D.C. law follows Federal antitrust interpretation:** "[A] court of competent jurisdiction may use as a guide interpretations given by federal courts to comparable antitrust statutes." D.C. Code § 28-4515;*see also, In re Tobacco/Gov'tal Health Care Cost Litig*., 83 F. Supp. 2d 125, 134 n.7 (D.D.C 1999) (liability under the D.C. Code § 28-4502 is "governed by the same principles" as liability under §1 of the Sherman Act.)<br><br>**D.C. law permits unjust enrichment claims for indirect purchasers**: *In re TFT–LCD (Flat Panel) Antitrust Litig.,* Case No. 07–1827 SI, 2011 WL 4501223, *12, 2011 U.S. Dist. LEXIS 110635, *49 (N.D.Cal. Sept. 28, 2011)(allowing indirect purchasers to pursue their unjust enrichment claims under District of Columbia law);*In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1177 (N.D. Cal. 2015)(same). |
| Florida | Fla. Stat. §§ 501.201, *et seq*. | | "Florida courts would not necessarily follow federal interpretations of the Sherman Act." *In re Pre-Filled Propane Tank Antirust Litig.*, 2019 WL 4796528, at *12 (W.D. Mo. Aug. 21, 2019) (holding that the continuing violations doctrine does not apply under Florida law); *compare* Fla. Stat. Ann. § 401.204(1) *to* 15 U.S.C. § 2. | | **Florida procedure does not apply**: *Shady Grove,* 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74.<br><br>**Florida competition law follows Federal competition law:** Fla. Stat. § 501.204(2) states that interpretations of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) should be given "due consideration and great weight." The FTC Acts § 45(a)(1) overlaps with the Sherman Act.*See Cal. Dental Ass'n v. F.T.C*., 526 U.S. 756, 762 n.3 (1999) ("The FTC Act's prohibition on unfair competition and deceptive acts of practice, 15 U.S.C § 45(a)(1), overlaps the scope of § 1 of the Sherman Act"). |

APPENDIX A - Plaintiffs' Response To Defendants' State Law Chart

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations | Plaintiffs' Response[1] |
|---|---|---|---|---|---|
| Hawaii | Haw. Re. Stat § 480-13.3 | | A party pursuing antitrust actions under Hawaii law must serve a copy of their complaint upon the Hawaii attorney general within seven days of filing. The attorney general retains sole discretion to determine whether the state will pursue the action or file an action involving similar claims, and plaintiffs may only proceed with the action should the attorney decline to pursue legal recourse. *See* Haw. Rev. Stat. § 480-13.3(a)(1). Actions that do not adhere to these procedural notification requirements are subject to dismissal. *See In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 232 (M.D. Pa. 2010) ("[A]ny action based upon unfair competition must adhere to the attorney general notification procedures enumerated by statute; the IEU plaintiffs' failure to comply with the statutory provision therefore warrants dismissal."); *id.* (dismissing indirect purchasers' claim under the Hawaii Antitrust Act when plaintiffs did not follow service requirements of §480–13.3). | | **Hawaii procedure does not apply:** *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74. Hawaii's pre-suit notice requirement is procedural, and Rule 23 controls. "This Court agrees with the weight of federal case law, which holds the pre-suit notice provision in the Hawaii Antitrust Act would, first of all, not require dismissal of the suit in state court and that, even if it did, would not override Rule 23 to bar a claim in federal district court." *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, plc,* 15 Civ. 6549, 2018 WL 7197233 at *26 (S.D.N.Y. Dec. 26, 2018); *In re Restasis*, 355 F.Supp.3d 145 (E.D.N.Y. 2018) (finding that Hawaii's notice requirement is procedural and not controlling in federal court).<br><br>**Hawaii antitrust law follows Federal antitrust law**: "This chapter shall be construed in accordance with judicial interpretations of similar federal antitrust statutes, except that lawsuits by indirect purchasers may be brought as provided in this chapter." Haw. Rev. Stat. § 480-3. |
| Idaho | Idaho Code §§ 48-104, *et seq*. Idaho Code Ann. §§ 48-601, *et seq*. | Idaho law only allows an attorney general to bring an action on behalf of an indirect purchaser. I.C. § 48-108. | | "Notwithstanding anything to the contrary contained elsewhere in this chapter, no private cause of action exists under this subsection." Idaho Code Ann. § 48-603(b). | **Idaho procedure does not apply**: *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74.<br><br>**Federal courts allow indirect purchaser claims under the Idaho Consumer Protection Statute**: *See e.g*., *Speerly v. General Motors, LLC,*, No. 19-11044 2023 WL 2572457 (E.D. Mich. March 20, 2023); *In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527 (S.D.N.Y. 2021) (certifying Idaho subclass alleging claims under Idaho Code Ann. §§ 48-601, et seq.). *See also In re Lidoderm Antitrust Litig.,* 103 F. Supp. 3d 1155, 1168 (N.D. Cal. 2015) (Idaho consumer fraud law can be applied where "misleading, false, or deceptive" conduct is directed *to consumers*); *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig*., 295 F. Supp. 3d 927, 1022 (N.D. Cal. 2018) (upholding indirect purchaser claims under Idaho CPA); *In re New Motor Vehicles Canadian Exp. Antitrust Litig*., 350 F. Supp. 2d 160, 185 (D. Me. 2004) (same). |

APPENDIX A - Plaintiffs' Response To Defendants' State Law Chart

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations | Plaintiffs' Response[1] |
|---|---|---|---|---|---|
| Iowa | Iowa Code §§ 553.4, et. eq. | | Under Iowa law, courts have discretion to order double damages only upon a finding of willful or flagrant. Iowa Code § 553.12 (stating that "exemplary damages which do not exceed twice the actual damages [are] awarded under subsection 2 . . . if: (a) the trier of fact determines that the prohibited conduct is willful or flagrant . . . "). | | **Iowa laws are harmonized with Federal antitrust law**: "This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purposes as this chapter." Iowa Code § 553.2. *See also Mueller v. Wellmark, Inc.*, 861 N.W.2d 563, 567 (Iowa 2015) ("[W]hen interpreting the Iowa Competition Law, we have generally adhered to federal interpretations of federal antitrust law.") *Davies v. Genesis Med. Ctr*., 994 F. Supp. 1078, 1103 (S.D. Iowa 1998) ("When interpreting Iowa antitrust statutes, Iowa courts are required by Section 553.2 to give considerable weight to federal cases construing similar sections of the Sherman Act.").<br><br>**Iowa exemplary damages are easily dealt with through jury instructions**: *In re Zetia (Ezetimibe) Antitrust Litig*., MDL No. 2:18-md-2836, 2020 WL 5778756, at *27 (E.D. Va. Aug. 14, 2020) (finding that exemplary damages under Iowa law, and other indirect repealer laws are easily handled and do not predominate or prevent class certification). |
| Kansas | Kan. Stat. Ann. §§ 50-101, *et seq*. Kan. Stat. Ann. §§ 50-623, *et seq*. | | "[T]he Kansas Monopolies and Unfair Trade Act prohibits combinations and conspiracies only." *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 283 (D. Mass. 2004) (citations and quotations omitted). The statute of limitations under Kansas antitrust law is only three years. *Idstrom v. All. Radiology, P.A*., 388 P.3d 923 (Kan. Ct. App. 2017). | Kansas law does not permit class action recovery under its consumer protection law. § 50-623(b). Additionally, Plaintiffs must give notice to the Kansas Attorney General. § 50-623(g). | **Kansas class procedure does not apply**: *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74. Class action prohibitions are procedural rules and do affect the ability to bring class claims in a federal forum. *See e.g., Francis v. General Motors, LLC,* 504 F. Supp. 3d 659 689-90 (E.D. Mich. 2020); *In re Volkswagen Timing Chain Product Liability Litig.,* No. 16-2765, 2017 WL 1902160 at *24 (D.N.J. May 8, 2017) ("Circuit Courts applying *Shady Grove* have also held that class actions may proceed despite states statutes prohibiting such actions."). Failure to provide a notice to the state attorney general is further not a defense for any defendant under Kansas law. *See* Kan. Stat. Ann. § 50-634(g).<br><br>**Kansas antitrust law is in harmony with Federal antitrust law**: "[T]he Kansas restraint of trade act shall be construed in harmony with ruling judicial interpretations of federal antitrust law by the United States supreme court." Kan. Stat. Ann. § 50-163(b). Federal Sherman Act cases "may be persuasive authority for any state court interpreting its antitrust laws." *Bergstrom v. Noah* 974 P.2d 520, 531 (Kan. 1999). "[A]ny person who may be damaged or injured by any agreement, monopoly, trust, conspiracy, or combination which is declared unlawful by the Kansas restraint of trade act shall have a cause of action against any person causing such damage or injury." Kan. Stat. Ann. § 50-161(b). *See also* Kan. Stat. Ann. § 50-163(d)(2) ("(d) The Kansas restraint of trade act shall not be construed to prohibit: (2) actions or proceedings by indirect purchasers pursuant to K.S.A. 50-161, and amendments thereto"). Continuing violation rule and Kansas law are "harmonized" with federal law *See In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-cv-6549, 2012 WL 2403727 at *40-1, (S.D.N.Y. June 11, 2021) ("Accordingly, this Court agrees with others that have concluded that claims in indirect-purchaser actions are timely because there are allegations of overcharges within the class period that within the statute of limitations."). |

APPENDIX A - Plaintiffs' Response To Defendants' State Law Chart

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations | Plaintiffs' Response[1] |
|---|---|---|---|---|---|
| Maine | Me. Stat. tit. 5, §§ 207, *et seq.* | | | Maine law includes specific procedural notice requirements and limitations on the recovery of attorneys' fees or costs incurred. | **Maine procedure does not apply**: *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74. Failure to comply with Maine's pre-suit notice requirement does not preclude a plaintiff from bringing a claim under Maine's Unfair Trade Practices Act. *See In re Effexor Antitrust Litig.,* 337 F.Supp. 3d 435, 454 (D.N.J. 2018).<br><br>**Indirect Purchaser classes are regularly certified under Maine law**: *See In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.,* 335 F.R.D. 1, 40 (E.D.N.Y. 2020); *In re Zetia (Ezetimibe) Antitrust Litig.,* MDL No. 2:18-md-2836, 2020 WL 5778756, at *27 (E.D. Va. Aug. 14, 2020) (finding differences with respect to damages under Maine and other *Illinois Brick* repealers are easily remedied and thus do not affect predominance); *In Re Xyrem (Sodium Oxybate) Antitrust Litigation*, No. 20-md-02966-RS, slip op. at 28 (N.D. Cal. May 12, 2023). |
| Maryland | Md. Code, Com Law, Section 11-204, *et seq*. | Only the state or a political subdivision thereof may maintain an action for damages stemming from an antitrust violation in Maryland. Md. Code Ann., Com. Law § 11-209(b)(ii). | | | **Maryland procedure does not apply**: *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74.<br><br>"A person whose business or property has been injured or threatened with injury by a violation of § 11-204 of this subtitle may maintain an action for damages or for an injunction or both against any person who has committed the violation regardless of whether the person maintaining the action dealt directly of indirectly with the person who has committed the violation." Code Com. Law§ 11-209(b)(1)(2)(i) |
| Massachusetts | Mass. Gen. Laws ch. 93A, §§ 1, *et seq*. | | | Specific procedural requirement must be followed and limits relief to actual damages or $25 dollars. Mass. Gen. Laws ch. 93A §9. | **Massachusetts procedure does not apply**: *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74. "Massachusetts statute's notice requirement - designed to encourage settlement - is procedural not substantive in nature."*In re Generic Pharmaceuticals Pricing Antitrust Litig.,* 368 F. Supp. 3d 814, 848 (E.D. Pa. 2019) (referencing Mass. Gen. Law Ch. 93A § 9 procedures).<br><br>**$25 is not the limit to statutory recovery**: "In all other cases, if the court finds for the petitioner recovery shall be in the amount of actual damages *or* twenty-five dollars, which ever is greater . . . ." Mass. Gen. Laws ch. 93A § 9(3) (emphasis added). |
| Michigan | Mich. Comp. Laws Ann. § 445.771, *et seq*. | | Michigan antitrust law permits treble damages only upon a showing that a defendant's violation was "flagrant." *In re Digital Music Antitrust Litig*., 321 F.R.D. 64, 99 (S.D.N.Y. 2017) (citing *A & M Supply Co. v. Microsoft Corp.,* 252 Mich. App. 580, 583, 654 N.W.2d 572 (2002)). | | **Michigan antitrust law is in harmony with federal antitrust law**: "It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to the interpretations given by the federal courts to comparable antitrust statutes." Mich. Comp. Laws. § 445.784. "The Michigan antitrust laws were patterned after the Sherman Anti-Trust Act, 15 U.S.C. § 1 *et seq.* " *ETT Ambulance Service Inc., v. Rockford Ambulance,* 516 N.W.2d 498, 500 (Mich. Ct. App. 1994).<br><br>**Michigan enhanced damages are easily handled through jury instructions**: "[A]ssuming arguendo that the three states identified [including MI] by Defendants impose some additional burden of proof with respect to liability and/or damages, and thus present individualized issues, such variations are immaterial and pose no risk of overtaking the overwhelming common evidence expected to be presented at trial."*In re Zetia (Ezetimibe) Antitrust Litig.*, MDL No. 2:18-md-2836, 2020 WL 5778756, at *27 (E.D. Va. Aug. 14, 2020). *See also In re Restasis Antitrust Litig*., 335 F.R.D. 1, 38 (E.D.N.Y. 2020) (holding that Michigan and other enhanced damages statutes are easily accounted for with jury questions and thus do not create predominance issues). |

APPENDIX A - Plaintiffs' Response To Defendants' State Law Chart

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations | Plaintiffs' Response[1] |
|---|---|---|---|---|---|
| Minnesota | Minn. Stat. §§ 325F.68, et seq. and Minn. Stat. § 8.31, et seq. | | | "Neither the Minnesota False Statement in Advertising Act (MFSAA) nor the Minnesota Consumer Fraud Act (MCFA) provide a private cause of action; thus, a plaintiff suing for violations of those statutes must pursue relief under Minnesota's Private Attorney General Statute, which allows a plaintiff to seek money damages, costs and attorney fees, and injunctive relief." *Johnson v. Bobcat Co.*, 175 F. Supp. 3d 1130 (D. Minn. 2016). | **Minnesota procedure does not apply:** *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74. There is no dispute that MFSAA and MCFA claims are litigated through the Minnesota Private Attorney Generals Statute. It is unclear how this fact pertains or precludes class certification here under Rule 23.<br><br>**Indirect Purchaser classes are regularly certified under Minnesota law**: *See, In re Restasis* (Cyclosporine Ophthalmic Emulsion) Antitrust Litig., 335 F.R.D. 1, 40 (E.D.N.Y. 2020); *In Re Xyrem (Sodium Oxybate) Antitrust Litigation*, No. 20-md-02966-RS, slip Op. at 28 (N.D. Cal. May 12, 2023). |
| Mississippi | Miss. Code Ann. §§ 75-21-3 | | To state a claim under Mississippi antitrust law, Plaintiffs must allege that the monopoly was "accomplished in part at least by transactions lying wholly within [the state]." *State ex rel. Fitch v. Yazaki North America, Inc.*, 294 So. 3d 1178 (Sup. Ct. of Miss. 2020).<br>The statute of limitations under Mississippi antitrust law is only three years. Miss. Code Ann. § 15-1-49(1). | | **Mississippi antitrust law is harmonized with Federal antitrust law:** The Continuing Violation rule and Mississippi law are "harmonized" with federal law. "[T]he antitrust statutes of these five states [which includes Mississippi] are to be applied with federal antitrust principles in mind." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1098 (N.D. Cal. 2007). *See also, In re Loestrin 24 FE Antitrust Litig.*, 410 F. Supp. 3d 352, 369-70 (D.R.I. 2019) (holding that plaintiffs could bring a nationwide antitrust claim in Mississippi despite the statute requiring intrastate effect, because the complaint alleged nationwide antitrust violations, the impact of which was felt within each state); *In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-cv-6549, 2012 WL 2403727 at *40-1, (S.D.N.Y. June 11, 2021) ("Accordingly, this Court agrees with others that have concluded that claims in indirect-purchaser actions are timely because there are allegations of overcharges within the class period that within the statute of limitations."). |
| Nebraska | Neb. Rev. Stat. §§ 59-801 | | Under Nebraska law, only the Attorney General of Nebraska may seek treble damages. *Compare* Neb Rev. St. 59-821 ("any person . . . shall recover actual damages") *to* Neb. Rev. St. 84-212 (The Attorney General . . . may recover treble damages."). | | **Nebraska procedure does not apply:** *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74.<br><br>**Nebraska antitrust law follows Federal antitrust law**s: "When any provision of sections 59-801 to 59-831 . . . is the same as or similar to the language of the federal antitrust law, the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts." Neb. Rev. Stat. § 59-829. |

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations | Plaintiffs' Response[1] |
|---|---|---|---|---|---|
| Nevada | Nev. Rev. Stat. §§ 598A.060, *et seq.* Nev. Rev. Stat. §§ 598.0903–598.0999 | | "Any person commencing an action for any violation of the provisions of this chapter shall, simultaneously with the filing of the complaint with the court, mail a copy of the complaint to the Attorney General." Nev. Rev. Stat. § 598A.210. | Nevada's Deceptive Trade Practices Act ("NDTPA") allows private civil action only by "an elderly person or a person with a disability." Nev. Rev. Stat. § 598.0907. *See also In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 234 (M.D. Pa. 2010) ("The Nevada class plaintiffs are not alleged to be either elderly or disabled, and the IEU plaintiffs offer no explanation for their failure to satisfy this standing requirement. Accordingly, the court will dismiss the consumer protection claims arising under the NDTPA.") | **Nevada procedure does not apply:** *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74. *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, plc*, 15 Civ. 6549, 2018 WL 7197233 at *26 (S.D.N.Y. Dec. 16 2018) (finding that Nevada's pre-suit requirement is procedural and therefore does not control in federal court). <br><br>**Nevada antitrust law is in harmonized with Federal antitrust law:** "The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes." Nev. Rev. Stat. § 598A.050. "NRS 41.600 permits a victim of consumer fraud, including a 'deceptive trade practice as defined in NRS 598.0915to 598.0925,' to bring an action in court." *Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada ex rel. County of Clark,* 120 Nev. 948, 959 (Nev. 2004). "Both the Nevada Supreme Court and the Ninth Circuit have stated that 'any person who is victim of consumer fraud,' including a 'deceptive trade practice,' has a private cause of action under Nevada Law." *Vrugtman v. It's Just Lunch Int'l LLC,* No. EDCV 20-2352, 2021 WL 4979443 at *5 (C.D. Cal. Sept. 24, 2021). |
| New Hampshire | N.H. Rev. Stat. Ann. §§ 356:2, *et seq*. | | Under New Hampshire law, a party may recover doubled or trebled damages only if the court so determines in its discretion. N.H. Rev. Stat. §§ 358-A:10; *In re Globe Distributors, Inc.*, 129 B.R. 304, 320 (Bankr. D.N.H. 1991) ("Whether the damages should be doubled or trebled is problematical since the statute authorizes a choice in that regard in the discretion of the Court but provides no standard for the exercise of that discretion."). | | **New Hampshire's antitrust laws are aligned with Federal antitrust law**: N.H. Rev. Stat. § 356:14 ("In any action or prosecution under this chapter, the courts may be guided by interpretations of the United States' antitrust laws."). *See also Minuteman v. Microsoft Corp*., 795 A.2d 833, 836 (N.H. 2002) ("While judicial review of our antitrust law is sparse, both we and the United States District Court for the District of New Hampshire have looked to federal law when construing RSA chapter 356."). <br><br>**New Hampshire 's discretionary treble damages are not a bar to class certification**: *See In re Zetia (Ezetimibe) Antitrust Litig.,* MDL No. 2:18-md-2836, 2020 WL 5778756, at *27 (E.D. Va. Aug. 14, 2020) (finding that damages determinations under New Hampshire and other *Illinois Brick* repealers do not affect predominance); *In Re Xyrem (Sodium Oxybate) Antitrust Litigation*, No. 20-md-02966-RS, slip Op. at 28 (N.D. Cal. May 12, 2023). |

APPENDIX A - Plaintiffs' Response To Defendants' State Law Chart

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations | Plaintiffs' Response[1] |
|---|---|---|---|---|---|
| New York | N.Y. Gen. Bus. Law §§ 340, *et seq*. | | New York's antitrust statute, the Donnelly Act, does not apply to unilateral conduct. *Commonwealth Elec. Inspection Servs., Inc. v. Town of Clarence*, 6 A.D.3d 1185, 1186 (N.Y. App. Div. 2004) ("We conclude that the action taken by each of the municipalities in this case, consisting of the enactment of a particular ordinance, was purely unilateral and thus was not accomplished by means of the essential statutorily proscribed "contract, agreement, arrangement or combination."). New York's Donnelly Act does not contain a harmonization provision, and it is "well settled" that New York courts will interpret New York antitrust law differently from federal law "where State policy, differences in the statutory language or the legislative history justify such a result." *Sperry v. Crompton Corp.*, 863 N.E.2d 1012, 1018 (N.Y. 2007). | | **New York procedure does not apply:** *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74.<br><br>**New York antitrust law is aligned with Federal antitrust law**: "Under New York law, the state and federal antitrust statutes 'require identical basic elements of proof.'"*Reading Int'l Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 332-33 (S.D.N.Y. 2003); *Gebman v. Kelly*, No. 08-CV-307, 2008 U.S. Dist. LEXIS 61762, at *12 (N.D.N.Y. Aug. 8, 2008) ("Courts generally interpret New York's Donnelly Act 'in a fashion identical to its federal counterpart, the Sherman Act.'"). *See also Anheuser-Busch, Inc. v. Abrams*, 520 N.E.2d 535, 539 (N.Y. 1988) ("The Donnelly Act – often called a 'Little Sherman Act' – should generally be construed in light of Federal precedent and given a different interpretation only where State policy, differences in the statutory language or the legislative history justify such a result."). New York's Donnelly Act is sufficiently similar to Federal law to allow claims of unilateral conduct to proceed in federal court. |
| North Dakota | N.D. Cent. Code §§ 51-08.01, *et seq*. | | Under North Dakota law, damages may be that the violation is "flagrant." N.D. Cent. Code §§ 51-08.1-08(2). increased to up to three times actual damages only if the trier of fact finds that the violation is "flagrant." N.D. Cent. Code §§ 51-08.1-08(2). | | **North Dakota enhanced damages are easily addressed with jury questions:** *See In re Zetia (Ezetimibe) Antitrust Litig.*, MDL No. 2:18-md-2836, 2020 WL 5778756, at *27 (E.D. Va. Aug. 14, 2020) (finding that enhanced damages under North Dakota and other*Illinois Brick* repealers re easily remedied and thus do not affect predominance).<br><br>**North Dakota antitrust law is aligned with Federal antitrust law**: "The language of [North Dakota Uniform State Antitrust Act ("NDUSAA")] parallels Section 1 of the Sherman Act. And North Dakota courts look to federal antitrust law in interpreting the NDUSAA." *In re Electronic Books Antitrust Litig.*, No. 11 MD 2293 (DLC), 2014 WL 2535112, at *15 (S.D.N.Y. June 5, 2014). |
| Oregon | Or. §§ 646.725, *et seq*. Or. Rev. Stat. §§ 646.605, *et seq*. | | Although federal law is "persuasive" when interpreting Oregon antitrust law, it is not binding. For example, the Ninth Circuit declined to follow federal standards for deciding whether a bundled discount violated Oregon antitrust laws, instead determining that to be an "unsettled" question of Oregon law and certifying the question to the Oregon Supreme Court. *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883, 911 (9th Cir. 2008). | Plaintiff must follow procedural requirements including notification by mailing the complaint to the Oregon Attorney General. "[Co]urt may not enter judgment for the plaintiff until proof of mailing is filed with the court." Or. Rev. Stat. § 646.638(2). | **Oregon procedure does not apply**: *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74. Attorney general notification requirements are procedural.*See e.g.*, *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, plc,* 15 Civ. 6549, 2018 WL 7197233 at *26 (S.D.N.Y. Dec. 16 2018).<br><br>**Oregon antitrust law is aligned with Federal antitrust law**: The decisions of federal courts in construction of federal law relating to the same subject shall be persuasive authority in construction of ORS 646.705 to 646.805." Or. Rev. Stat. § 646.715. *See also Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris, Inc*., 185 F.3d 957, 963 n.4 (9th Cir. 1999) (Oregon antitrust laws "are almost identical to the federal antitrust statutes," and Oregon courts look to federal decisions for guidance in interpreting state antitrust laws). |

APPENDIX A - Plaintiffs' Response To Defendants' State Law Chart

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations | Plaintiffs' Response[1] |
|---|---|---|---|---|---|
| Tennessee | Tenn. Code Ann. §§ 47-25-101 | | Tennessee antitrust law does not provide a cause of action for unilateral conduct. *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 284 (D. Mass. 2004) (Reviewing Tennessee's antitrust statute and holding that "[n]one of these terms appears to include unilateral conduct.").<br>The statute of limitations under Tennessee antitrust law is only three years. *In re Pre-Filled Propane Tank Antirust Litig.*, No. 14-02567-MD-W-GAF, 2019 WL 4796528, at *15 (W.D. Mo. Aug. 21, 2019).<br><br>Whether the "continuing violations" doctrine applies under Tennessee law is unsettled. Id. ( "[T]he Court is unaware of any Tennessee court opinion that has recognized the continuing violation doctrine as applied to [Tennessee Trade Practices Act] claims or to [the three year] statute of limitations."). | | **Tennessee procedure does not apply**: *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-74; *In re Zetia (Ezetimibe) Antitrust Litig.*, 400 F. Supp. 3d 418, 441 (E.D. Va. 2019)("*Shady Grove* governs class actions in federal court and permits the EPPs' suit under the Tennessee statute.")<br><br>**Tennessee law prohibits the conduct pled here**: Tenn. Code Ann. § 47-25-101 ("All arrangements, contracts, agreements, trusts, or combinations between persons or corporations designed, or which tend, to advance, reduce, or control the price or the cost to the producer or the consumer of any such product or article, are declared to be against public policy, unlawful, and void."). *See e.g., In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 338 F. Supp. 3d 187, 265 (S.D.N.Y. 2019); *In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.*, No. 2895, 2022 WL 736250, at *18 (D. Del. Mar. 11, 2022) (relevant California, New York, and Tennessee statutes "do not prohibit claims against one co-conspirator who participated in a concerted scheme")<br><br>**Tennessee antitrust law is harmonized with Federal antitrust law**: *In re Namenda Indirect Purchaser Antitrust Litig.*, No. 1:15-cv-6549, 2012 WL 2403727 at *40-1 (S.D.N.Y. June 11, 2021) ("Accordingly, this Court agrees with others that have concluded that claims in indirect-purchaser actions are timely because there are allegations of overcharges within the class period that within the statute of limitations."). Tenn. Sup. Ct. looks to decisions interpreting the Sherman Act and comparable state laws for guidance in interpreting its antitrust laws. *See Freeman Industries, LLC v. Eastman Chemical Co.*, 172 S.W.3d 512, 523 (Tenn. 2005); *Spahr v. Leegin Creative Leather Products, Inc.*, 2008 U.S. Dist. LEXIS 90079, at *42 (E.D. Tenn. Aug. 20, 2008); *Rockholt Furniture, Inc. v. Kincaid Furniture Co., Inc.*, 1998 U.S. Dist. LEXIS 24255, at *18 (E.D. Tenn. July 6, 1998).<br><br>**Indirect Purchaser classes are regularly certified under Tennessee law:** *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 335 F.R.D. 1, 40 (E.D.N.Y. 2020); *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2017 WL 679367, at *31 (N.D. Cal. Feb. 21, 2017); *In Re Xyrem (Sodium Oxybate) Antitrust Litigation*, No. 20-MD-02966-RS, 2023 WL 3440399, at *10 (N.D. Cal. May 12, 2023). |
| Utah | Utah Code Ann. §§ 76-10-3104, *et seq.* | | Under Utah law, "[t]he attorney general shall be notified by the plaintiff about any class action involving antitrust violations that includes plaintiffs from [Utah]." Utah Code Ann. §§ 76-10-3109. | | **Utah procedure does not apply:** *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-7. Rule requiring plaintiff send pre-suit notice to the state attorney general are purely procedural. *See, e.g. Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, plc,* 15 Civ. 6549, 2018 WL 7197233 at *26 (S.D.N.Y. Dec. 16 2018).<br><br>**Utah antitrust law is aligned with Federal antitrust law:** "The Legislature intends that the courts, in construing this act, will be guided by interpretations given by the federal courts to comparable federal antitrust statutes and by other state courts to comparable state antitrust statutes." Utah Code § 76-10-3118. |

10

APPENDIX A - Plaintiffs' Response To Defendants' State Law Chart

| State | Statute Cited by Plaintiffs | Indirect Purchaser Plaintiffs Have No Standing to Sue | State Law Does Not "Mirror" Federal Law | State Consumer Protection Law Variations | Plaintiffs' Response[1] |
|---|---|---|---|---|---|
| Washington | None | Indirect purchaser actions are not allowed under Washington law. *Blewett v. Abbott Laboratories*, 86 Wash. App. 782, 783-84 (Wash. Ct. App. 1997) ("Guided by *Illinois Brick*, we hold indirect purchasers are not "injured" by anti-competitive activity and therefore lack standing to sue under RCW 19.86.090.") | | | **Washington procedure does not apply:** *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399–400, 406 (2010); *Hanna*, 380 U.S. at 473-7.<br><br>**Plaintiffs can bring claims for unjust enrichment based on anticompetitive actions:** Class actions for unjust enrichment based on actions that would violate antitrust laws are allowed to go forward even in states that follow the Illinois Brick Rule, including Washington. *See e.g. In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 46 (D.D.C. 2008) ("No reason or logic supports a conclusion that a state's adherence to the rule of Illinois Brick dispossesses a person not only of a statutory legal remedy for an antitrust violation, but also dispossesses the same person of his right to pursue a common law equitable remedy" denying motion to dismiss claims for unjust enrichment); *id.* ("Plaintiffs allege facts sufficient to support an inference of unjust enrichment under the common law of many jurisdictions—that plaintiffs conferred, and were impoverished by, overpayments that defendants benefitted from and did not deserve, and that plaintiffs have no adequate remedy at law"); *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 669–70 (E.D. Mich. 2000) ("Rather than allegations and proof of the elements necessary for its antitrust claims, Plaintiffs' common law claims for unjust enrichment depend upon allegations and proof that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." (quotation marks and citation omitted); *In re Cardizem CD Antitrust Litig.*, MDL No. 1278, slip op. at 28–32, May 23, 2003 ("federal statutes should not be construed to displace a court's traditional equitable jurisdiction absent 'the clearest command or an inescapable inference to the contrary.'") (quoting *Miller v. French*, 530 U.S. 327, 336 (2000); *Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114, 133 (D.D.C. 2018). |