# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**  Plaintiffs,  v.  **VARSITY BRANDS, LLC, et al.,**  Defendants. | Case No. 2:20-cv-02892-SHL-tmp  **JURY DEMAND** |

## SAMPLE PROPOSED SPECIAL VERDICT FORM

Plaintiffs Christina Lorenzen and Jessica Jones ("Plaintiffs") have moved the Court to certify three classes of indirect purchasers – A Nationwide Damages Class, a State Law Damages Class, and an Injunctive Relief Class. The State Law Damages class claims are brought under the laws of states whose antitrust laws are interpreted in conformity with federal antitrust law. While most issues are common to all class members and will be considered using pattern jury instructions, certain issues involve questions particular to certain states and will be answered on this Special Verdict Form. [1]

### FIRST PHASE VERDICT SLIP[2] CHEER COMPETITIONS

### Agreements in Restraint of Trade

1. Is the cheer competitions market a valid antitrust product market?

    _____ Yes    _____ No

    (If you answer yes, you will proceed to Question 2. If you answer no, you will proceed to Question 6.)

---

[1] Plaintiffs submit this sample proposed Special Verdict Form to give the Court an idea of the verdict questions jurors will be asked to answer after Plaintiffs have presented their evidence and arguments at trial and in addition to any pattern jury instructions. This is an exemplar verdict form presented solely for purposes of Plaintiffs' motion for class certification. Plaintiffs reserve the right to submit a final version of a special verdict form at the appropriate time. The inclusion of some questions (e.g., market power) should not be interpreted as a concession by the Plaintiffs that, by the time of trial, a factual dispute will remain live for the jury.

[2] In *In Re HIV Antitrust Litigation,* 3:19-CV-02573 (N.D. Cal) the Court's proposed jury instruction included an instruction that the indirect purchasers' state law antitrust claims and state law consumer protection claims were either modeled after federal antitrust law or are similar to federal antitrust claims and that the court would instruct the jury as to the requirements of federal antitrust law, but those same requirements applied to the state law antitrust claims and the state law consumer protection claims. The *HIV* class action included antitrust claims and consumer protection claims in the following states that Plaintiffs have also brought here: California, Connecticut, Washington DC, Florida, Hawaii, Iowa, Kansas Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri. Nebraska, Nevada, New Hampshire, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin. The remaining states of Arkansas, Arizona, and Idaho require a deceptive, unfair, or unconscionable act which similarly can encompass antitrust violations. *See* A.R.S. § 44-1522, Idaho Code Ann. §§ 48-601, Ark. Code Ann. § 4-88-101.

2. Did Defendants wrongfully engage in a concerted anticompetitive scheme to restrain trade in the cheer competitions market?

   _____ Yes   _____ No

   (If you answer yes, you will proceed to Question 3. If you answer no, you will proceed to Question 6.)

3. Did Defendants' scheme result in artificially inflated prices in the cheer competitions market?

   _____ Yes   _____ No

   (If you answer yes, you will proceed to Question 4. If you answer no, you will proceed to Question 6.)

4. Were Plaintiffs injured in their business or property because of Defendants' anticompetitive conduct?

   _____ Yes   _____ No

   (Proceed to Question 5.)

### Illegal Monopoly

5. Did Defendants possess monopoly power in the cheer competitions market?

   _____ Yes   _____ No

   (If you answer yes, you will proceed to Question 6. If you answer no, you will proceed to Question 8.)

6. Did Defendants willfully acquire or maintain monopoly power in the cheer competitions market by engaging in anticompetitive conduct?

   _____ Yes   _____ No

   (If you answer yes, you will proceed to Question 7. If you answer no, you will proceed to Question 8.)

7. Were Plaintiffs injured in their business or property because of Defendants' anticompetitive conduct?

   _____ Yes   _____ No

   (Proceed to Question 8.)

## CHEER APPAREL

### Agreements in Restraint of Trade

8. Is the cheer apparel market a valid antitrust product market?

   \_\_\_\_\_ Yes   \_\_\_\_\_ No

   (If you answer yes, you will proceed to Question 9. If you answer no, you will proceed to Question 12.)

9. Did Defendants wrongfully engage in a concerted anticompetitive scheme to restrain trade in the cheer apparel market?

   \_\_\_\_\_ Yes   \_\_\_\_\_ No

   (If you answer yes, you will proceed to Question 10. If you answer no, you will proceed to Question 12.)

10. Did Defendants' scheme result in artificially inflated prices in the cheer apparel market?

    \_\_\_\_\_ Yes   \_\_\_\_\_ No

    (If you answer yes, you will proceed to Question 11. If you answer no, you will proceed to Question 12.)

11. Were Plaintiffs injured in their business or property because of Defendants' anticompetitive conduct?

    \_\_\_\_\_ Yes   \_\_\_\_\_ No

    (Proceed to Question 12.)

### Monopolization[3]

12. Did Varsity possess monopoly power in the cheer apparel market?

    \_\_\_\_\_ Yes   \_\_\_\_\_ No

    (If you answer yes, you will proceed to Question 13. If you answer no, you will proceed to Question 15.)

---

[3] *See* ABA-JI-CIVANTI 3.A.1; *see generally Pacific Bell Tel. Co. v. Link Line Commc'ns.*, 555 U.S. 438 (2009); *Verizon Commc'ns. v. Law Offices of Curtis V. Trinko*, 540 U.S. 398 (2004*); Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977); *United States v. Grinnell Corp.*, 384 U.S. 563 (1966); *LePage's Inc. v. 3M*, 324 F.3d 141 (3d Cir. 2003) (en banc); *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001).

13. Did Varsity willfully acquire or maintain monopoly power in the cheer apparel market by engaging in anticompetitive conduct?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

(If you answer yes, you will proceed to Question 14. If you answer no, you will proceed to Question 15.)

14. Were Class Members injured in their business or property because of Defendants' anticompetitive conduct?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

(Proceed to Question 15.)

## **CHEER CAMPS**

### **Agreements in Restraint of Trade**

15. Is the cheer camps market a valid antitrust product market?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

(If you answer yes, you will proceed to Question 16. If you answer no, you will proceed to Question 22.)

16. Did Defendants wrongfully engage in a concerted anticompetitive scheme to restrain trade in the cheer camps market?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

(If you answer yes, you will proceed to Question 17. If you answer no, you will proceed to Question 22.)

17. Did Defendants' scheme have the effect of restraining trade in the cheer camps market?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

(If you answer yes, you will proceed to Question 18. If you answer no, you will proceed to Question 22.)

18. Were Class Members injured in their business or property because of Defendants' anticompetitive conduct?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

(Proceed to Question 22.)

## Monopolization

19. Is the cheer camps market a valid antitrust market?

   _____ Yes   _____ No

   (If you answer yes, you will proceed to Question 20. If you answer no, you will proceed to Question 23.)

20. Did Varsity possess monopoly power in the cheer camps market?

   _____ Yes   _____ No

   (If you answer yes, you will proceed to Question 21. If you answer no, you will proceed to Question 23.)

21. Did Varsity willfully acquire or maintain monopoly power in the cheer camps market by engaging in anticompetitive conduct?

   _____ Yes   _____ No

   (If you answer yes, you will proceed to Question 22. If you answer no, you will proceed to Question 23)

22. Were Class Members injured in their business or property because of Defendants' anticompetitive conduct?

   _____ Yes   _____ No

   (Proceed to Question 23.)

## ADDITIONAL QUESTIONS

23. Was the conduct that you found to violate the antitrust law(s) flagrant?

   _____ Yes   _____ No

24. Was the conduct that you found to violate the antitrust law(s) willful?

   _____ Yes   _____ No

25. Did the Defendants act knowingly in their conduct?

\_\_\_\_\_ Yes     \_\_\_\_\_ No

26. Was Defendants' conduct unfair?

\_\_\_\_\_ Yes     \_\_\_\_\_ No

27. Was Defendants' conduct deceptive?

\_\_\_\_\_ Yes     \_\_\_\_\_ No

28. Was Defendants' conduct unconscionable?

\_\_\_\_\_ Yes     \_\_\_\_\_ No

29. Would it be inequitable (unjust) for Defendants to keep the benefits that they obtained through their violation of the antitrust law(s) that you found?

\_\_\_\_\_ Yes     \_\_\_\_\_ No

## **SECOND PHASE VERDICT SLIP**

1. Given Phase I findings, did Class Members pay some amount more for Varsity Cheer Competitions than they would have in the absence of Varsity's scheme?

    \_\_\_\_\_ Yes     \_\_\_\_\_ No

    If your answer is yes, what is your estimate of how much more Class Members paid in the market for Varsity Cheer Competitions? $ _____

2. Given Phase I findings, did Class Members pay some amount more for Varsity Cheer Apparel than they would have paid in the absence of Defendants' scheme?

    \_\_\_\_\_ Yes     \_\_\_\_\_ No

    If your answer is yes, what is your estimate of how much more Class Members paid in the market for Varsity Cheer Apparel? $ _____

3. Given Phase I findings, did Class Members pay some amount more for Varsity Cheer Camps than they would have paid in the absence of Defendants' scheme?

     \_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer is yes, what is your estimate of how much more Class Members paid in the market for Varsity Cheer Camps? $ _____

| | |
|---|---|
| Dated: May 25, 2023 | Respectfully submitted,<br><br>By:   */s/ Joseph R. Saveri*<br>    Joseph R. Saveri<br><br>Joseph R. Saveri\*<br>Steven N. Williams\*<br>Ronnie Seidel Spiegel\*+<br>Kevin E. Rayhill\*<br>Elissa A. Buchanan\*<br>David Seidel\*<br>JOSEPH SAVERI LAW FIRM, LLP<br>601 California Street, Suite 1000<br>San Francisco, California 94108<br>Telephone: (415) 500-6800<br>Facsimile: (415) 395-9940<br>jsaveri@saverilawfirm.com<br>swilliams@saverilawfirm.com<br>rspiegel@saverilawfirm.com<br>krayhill@saverilawfirm.com<br>eabuchanan@saverilawfirm.com<br>dseidel@saverilawfirm.com<br><br>Van Turner Jr. (TN Bar No. 22603)<br>TURNER FEILD, PLLC<br>2650 Thousand Oaks Blvd., Suite 2325<br>Memphis, Tennessee 38118<br>Telephone: (901) 290-6610<br>Facsimile: (901) 290-6611<br>vturner@turnerfeildlaw.com<br><br>Richard M. Paul III\*<br>Ashlea Schwarz\*<br>PAUL LLP<br>601 Walnut, Suite 300<br>Kansas City, Missouri 64106<br>Telephone: (816) 984-8100 |

rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Dated: May 25, 2023                  By:    */s/ Joseph R. Saveri*
                                                                        Joseph R. Saveri