# PLAINTIFFS' SAMPLE NOTICE PLAN

## I.   CASE BACKGROUND AND CLASS DEFINITION

This Notice Plan is submitted by Christina Lorenzen and Jessica Jones ("Plaintiffs") in *Jones et al. v. Varsity Brands, LLC*, et al., Case No. 2:20-cv-02892-SHL-tmp.[1] This document outlines the efforts that will be made to provide Notice of Class Certification to reach putative class members ("Class Members").

Plaintiffs allege that Defendants[2] have engaged in an exclusionary scheme to further, maintain, enhance, and abuse Varsity's monopoly power in the markets for cheer competitions, cheer camps, and cheer apparel in the United States (together, the "relevant markets"). Class Action Complaint, ECF No. 1 ("Complaint"), ¶¶1-76. Plaintiffs allege that Defendants have exploited Varsity's monopoly power to cause prices in those markets to be at supra-competitive levels (higher than they would have been absent Defendants' anticompetitive conduct). *Id.*, ¶12. Plaintiffs allege that Varsity controls more than 75% of each of those product markets within the United States. *Id.*, ¶41. Plaintiffs also allege that Varsity leverages its monopoly power in the cheer competitions market to erect barriers to entry in the other two markets, as when it requires athletes who wish to attend its highly sought-after national competitions to attend its camps or excludes rival apparel manufacturers from exhibiting at its competitions. *Id.*, ¶¶4-5, 153, 158. As

---

[1] This sample notice plan is similar to the one that was recently approved by the Court in the direct purchaser action, *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-cv-02600-SHL-tmp (W.D. Tenn.), ECF No. 336 (April 25, 2023, Order Granting Preliminary Approval of Settlement, Provisional Certification of Proposed Settlement Classes, Approval of Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process and Scheduling a Final Approval Hearing).

[2] "Defendants" include Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC (collectively "Varsity"); U.S. All Star Federation, Inc.; Jeff Webb; Charlesbank Capital Partners LLC; and Bain Capital Private Equity.

a result of Defendants' alleged anticompetitive scheme, all Class Members overpaid for Varsity competitions, camps, and apparel during the Class Period.[3] *Id.*, ¶¶12, 217-225. Plaintiffs are parents and families of competitive cheer athletes who indirectly paid for Varsity cheer competitions, Varsity cheer camps, and Varsity cheer apparel. *Id.*, ¶¶13, 15. The members of the classes number in the millions and they live and compete in every state in the United States. *Id.*, ¶44. The three proposed classes are sufficiently numerous, and joinder is impracticable.

Plaintiffs have moved the Court to certify the following three classes (the "IPP Classes"):

A Nationwide Damages Class pursuant to Rule 23(b)(3) under Tennessee law[4] defined as:

> All natural persons and entities in the United States that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, until the continuing Exclusionary Scheme alleged herein ends (the "Class Period") for: (a) registration fees associated with participation in Varsity Cheer Competitions; (b) Varsity Cheer Apparel; or (c) registration fees for attendance at Varsity Cheer Camps.

A State Law Damages Class pursuant to Rule 23(b)(3) defined as:

> All natural persons and entities in the United States that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, until the continuing Exclusionary Scheme alleged herein ends (the "Class Period") for: (a) registration fees associated with participation in Varsity Cheer Competitions; (b) Varsity Cheer Apparel; or (c) registration fees for attendance at Varsity Cheer Camps, in Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Iowa, Kansas, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New

---

[3] Plaintiffs allege a Class Period from December 10, 2016, until the alleged continuing exclusionary scheme ends. *See* Complaint, ¶¶29-31.

[4] On August 1, 2022, the Court issued an opinion on Defendants' motions to dismiss, granting Defendants' motions as to the consumer protection laws of Alabama, Alaska, Colorado, and Illinois, and Tennessee. ECF No. 333. On August 12, 2022, Plaintiffs moved for reconsideration with respect to the Tennessee state claims. ECF No. 335. Because Plaintiffs' motion for reconsideration is still pending, Plaintiffs have included claims under Tennessee law.

>York, North Carolina, North Dakota, Oregon, Rhode Island, South
>Dakota, Tennessee, Utah, Vermont, Washington, West Virginia,
>and Wisconsin.

An Injunctive Relief Class pursuant to Rule 23(b)(2) under federal law defined as:

>All natural persons and entities in the United States that indirectly
>paid Varsity or any Varsity subsidiary or affiliate, from December
>10, 2016, until the continuing Exclusionary Scheme alleged herein
>ends (the "Class Period") for: (a) registration fees associated with
>participation in Varsity Cheer Competitions; (b) Varsity Cheer
>Apparel; or (c) registration fees for attendance at Varsity Cheer
>Camps.

Excluded from the IPP Classes are Defendants and their parent companies, subsidiaries and affiliates, officers, executives, and employees; Defendants' attorneys in this case, federal government entities and instrumentalities, states or their subdivisions, and all judges and jurors assigned to this case.

## II.     NOTICE PLAN OVERVIEW

### A.     Plan Components

This document outlines the process for providing Notice to the members of the IPP Classes. This plan is consistent with the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure and satisfies due process.

The IPP Classes consist of parents and families of competitive cheer athletes who number in the millions. Complaint, ¶¶13, 15, 44. Competitive cheer is an activity that tends to generate intense interest for both the athletes and their families. This interest is expressed in the time, energy, and expense dedicated to participating in cheer competitions and camps, and in purchasing cheer apparel, and in the social and intellectual energy that is devoted to following, commenting on, and reading about competitive cheer in a number of media, including online

chat forums, social media, and digital and print media.[5]

In order to ensure that as many members of the IPP Classes as possible receive Notice, Plaintiffs propose to employ a multi-pronged approach that has been widely used and approved in other large class actions.

### 1. Notice by U.S. Mail and/or Electronic Mail

Plaintiffs will send notices to Class Members directly through the United States Postal Service and/or via electronic mail employing contact information gleaned from registration and purchase data supplied to Plaintiffs by Defendants. *See* Fed. R. Civ. P. 23(c)(2)(B) ("the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort"). Plaintiffs have asked for, and Defendants have produced, names, addresses and contact information for Class Members who paid Varsity to attend competitions or camps or who purchased Varsity apparel.

### 2. Targeted Advertising on Social Media

Plaintiffs will purchase targeted advertising specifically designed to reach parents and families of cheer athletes on social media sites, potentially including Facebook, Twitter, Instagram, YouTube, TikTok, and/or programmatic banner ads. This kind of targeted advertising is a technique that Plaintiffs used successfully to locate potential class members at the outset of this action.

---

[5] *See e.g.*, Allie Jones, *Inside the Cheerlebrity Economy*, The Atlantic, February 11, 2014, available for download at https://www.theatlantic.com/culture/archive/2014/02/inside-cheerlebrity-economy/357813/; Caroline Moss, *The Huge But Hidden World Of High School 'Cheerlebrities' Who Have Hundreds Of Thousands Of Fans On Instagram*, Jan 25, 2014, Business Insider, available for download at https://www.businessinsider.com/cheerlebrities-of-instagram-carley-manning-2014-1?op=1.

### 3. Targeted Advertising in Print and Digital Media

Plaintiffs will purchase advertising in national publications and websites geared toward cheer athletes, potentially including Inside Cheerleading magazine, which has print and digital editions and nearly one million social media followers, as well as other websites directed to and operated by cheerleaders and their families, such as https://cheerupdates.com, www.cheermad.com, https://fierceboard.com, and/or https://cheertheory.com, as well as cheer-oriented threads on Reddit.com and other chat forums.[6]

### 4. Dedicated Website, Email, and Telephone Access

Plaintiffs will engage a class action administrator to create a dedicated informational case website that will provide information about the case (including key documents), information about how to opt out of the litigation, copies of the notices, answers to Frequently Asked Questions, and a dedicated phone line and email address through which Class Members may contact the administrator to have their questions answered. The administrator may also set up a Facebook page designed to provide easy access to updated information about the case. The administrator will also set up a phone line to provide information to Class Members. The outreach efforts set forth above will direct potential Class Members to the website and other resources.

### 5. Notice in Earned Media

Plaintiffs will also issue a nationwide press release announcing certification of the IPP Classes in order to gain publicity through earned media.

---

[6] The precise print and digital publication recommendations may be subject to change based on availability, timing, or content approval.

6. **Paid Search Campaign**

Notice will also include a paid search campaign on Google to help drive Class Members who are actively searching for information about the litigation to the dedicated website. Paid search ads will complement the digital and social media efforts, as search engines are frequently used to locate a specific website rather than a person typing in the URL. Search terms would relate to not only the litigation itself but also the subject matter of the lawsuit. The paid search ads would be driven by the individual user's search activity: searches for the litigation or terms related to it will trigger a targeted advertisement directing the user to the dedicated website.

Notice Plans similar to this one have been approved in many large class actions. Plaintiffs anticipate that the combined Notice Plan will reach 75-90% of the Class Members, which more than satisfies the requirements of the Federal Rules and due process.

B. **Notice Plan Summary:**

| Medium | Description |
|---|---|
| Direct Mail and Email | Notice to be sent to Class Members via U.S. Mail and/or electronic mail based on contact information gleaned from Varsity or other available data. |
| Social Media | Targeted advertising on relevant social media, potentially including:<br>• Facebook,<br>• Twitter,<br>• Instagram,<br>• YouTube,<br>• TikTok, and/or<br>• Programmatic banner ads |
| Digital and Print Media | Targeted advertising in cheer-oriented media, potentially including:<br>• *Inside Cheerleading,*<br>• https://cheerupdates.com,<br>• www.cheermad.com,<br>• https://fierceboard.com, and/or<br>• https://cheertheory.com |

| | |
|---|---|
| Earned Media | Press releases regarding class certification, and related developments, to be potentially released through PR Newswire, US1 National Newswire, and/or Tweeted via PR Newswire and Lead Counsel's Twitter accounts. |
| Paid Search Campaign | Paid Google search campaign to help drive Class Members who are actively searching for information about the litigation to the dedicated website. |
| Website and Phone Line | A dedicated website with email contact and telephone number to provide Class Members with an easy to use interface where they can seek information and answers to their questions and information about the case, including key documents, such as any Court orders and class notices, as well as an interface for Class Members to submit questions to the administrator. |

## II. Delivery and Due Process

The Sample Notice Plan described herein reflects the strongest possible notice program practicable. Where the names and contact information for Class Members are known, Plaintiffs will send written notice to each such Class Member through United States mail and/or electronic mail.[7] In addition, Plaintiffs will employ a strategic, microtargeted notice method designed to reach the maximum number of Class Members by targeting the content they are known to frequent in the media they are known to use. This includes digital and print media, social media, dissemination through news sources via press release(s), a paid search campaign, and a dedicated website and email address through which Class Members will be able to contact the

---

[7] *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974) ("individual notice to identifiable class members is not a discretionary consideration to be waived in a particular case. It is, rather, an unambiguous requirement of Rule 23").

administrator to submit their questions, as well as an informational phone line. Plaintiffs are confident that the Notice Plan, by covering multiple outlets frequented by different age and demographic groups within the cheerleading community, will reach a high percentage of Class Members, in conformance with the Federal Judicial Center's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*.[8]

The combined elements of the Proposed Notice Plan will provide the best notice practicable. It will comply with Rule 23 and will protect the due process rights of absent Class Members.

---

[8] Available for download at https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

# SAMPLE NOTICE[1]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

*Jones, et al. v. Varsity Brands, LLC, et al.*
Case No. 2:20-cv-02892-SHL-tmp

> # If you paid Varsity or any Varsity subsidiary or affiliate for Varsity Cheer competition registration fees, apparel, or camps, a class action lawsuit could affect your rights.

*A federal court authorized this Notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

- The purpose of this Notice is to alert you about a class action lawsuit brought by the parents and families of competitive cheer athletes who indirectly paid for Varsity cheer competitions, Varsity cheer camps, or Varsity cheer apparel (the "Lawsuit").

- The Court has determined that the Lawsuit can proceed as a class action and has certified the following three classes (the "IPP Classes" or "Classes"):

    o A Nationwide Damages Class

    o A State Law Damages Class

    o An Injunctive Relief Class

- Your rights are affected whether you act or don't act. Please read this Notice carefully.

---

[1] This sample notice plan is similar to the one that was recently approved by the Court in the direct purchaser action, *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-cv-02600-SHL-tmp (W.D. Tenn.), ECF No. 336 (April 25, 2023, Order Granting Preliminary Approval of Settlement, Provisional Certification of Proposed Settlement Classes, Approval of Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process and Scheduling a Final Approval Hearing).

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| **OPT OUT OF THE LAWSUIT** | **Remove yourself from the Lawsuit. Receive no benefits if the Classes prevail or a settlement is reached but retain the right to sue separately.**<br><br>If you do not want to participate in the Lawsuit, you may ask to be excluded in writing by [EXCLUSION DATE]. By electing to exclude yourself, or "opt out" of this litigation, you will not receive any benefits of any judgment or settlement obtained in this class action, nor will you be bound by any decision in this Lawsuit that is favorable to Defendants. You will retain the right to file a separate lawsuit regarding the same legal claims at issue in this case. | _____, 2023 |
| **DO NOTHING** | **Stay in the Lawsuit to await the outcome. Give up the right to sue separately.**<br><br>If you do nothing, you will automatically be part of this Lawsuit if you qualify as a Class Member for any of the IPP Classes. Plaintiffs and their attorneys will act as your representatives and counsel. If Plaintiffs prevail or a settlement is reached in this Lawsuit and you are confirmed as a Class Member, you will be entitled to your proportionate share of any money or other benefits they obtain for the IPP Class(es). If the Defendants prevail, however, you will be bound by that judgment and will not be able to separately sue the Defendants regarding the legal claims in this case. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case has not yet decided in favor of the Plaintiffs or the Defendants.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**  2

# BASIC INFORMATION

## 1. Why was this Notice issued?

A federal court authorized this Notice because you have a right to know about this class action lawsuit and about all of your rights and options. This Notice explains the Lawsuit and your legal rights.

The Honorable Sheryl H. Lipman of the United States District Court for the Western District of Tennessee is overseeing this class action. The lawsuit is called *Jones, et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02892-SHL-tmp. The people who filed this lawsuit are called the "Plaintiffs" and the companies and individual they sued are called the "Defendants."[2]

## 2. What is this lawsuit about?

This Lawsuit alleges that the Defendants have engaged in a concerted exclusionary scheme to acquire, maintain, and enhance Varsity's monopoly power in the markets for cheer competitions, cheer camps, and cheer apparel (the "relevant markets") in the United States, and have exploited Varsity's monopoly power to cause supra-competitive prices in those markets. Plaintiffs further allege that Varsity controls more than 75% of each of those product markets within the United States, and that Varsity leverages its monopoly in the competition market to erect barriers to entry in the other markets, as when it requires athletes who wish to attend its highly sought-after national competitions to attend its camps or excludes rival apparel manufacturers from exhibiting at its competitions. As a result of the Defendants' alleged anticompetitive scheme, Plaintiffs and the members of the IPP Classes overpaid for Varsity's cheer competitions, camps, and apparel.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "Class Representatives" or "Plaintiffs." Together, the people included in the class action are called a "class" or "class members." One court resolves the lawsuit for all class members, except for those who opt out of the litigation.

## 4. Is there money available?

No money or benefits are available now because the Court has not decided the merits of the Plaintiffs' claims and the two sides have not settled the case. There is no guarantee that money or

---

[2] Defendants are Varsity Brands, LLC ("Varsity Brands"); Varsity Spirit, LLC ("Varsity Spirit"); Varsity Spirit Fashion & Supplies, LLC ("Varsity Spirit Fashion") (collectively with Varsity, Brands and Varsity Spirit, "Varsity"); U.S. All Star Federation, Inc. ("USASF"); Jeff Webb; Charlesbank Capital Partners LLC ("Charlesbank"); and Bain Capital Private Equity ("Bain") (together with Varsity, USASF, Jeff Webb, and Charlesbank, "Defendants").

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**   3

4877-0963-0310, v. 2

benefits will ever be obtained. If money or benefits become available, either by way of settlement or if the Plaintiffs prevail at trial or through legal motions, Class Members may have to take additional steps, such as submitting a claim form or providing other evidence, in order to determine whether they are eligible to recover any money or benefits. If that happens, you will be notified of whatever additional steps you must take. You can stay informed of the progress of this Lawsuit by visiting [Website URL].

## AM I A CLASS MEMBER?

### 5. Who is included in the Nationwide Damages Class?

The Nationwide Damages Class includes: All natural persons and entities in the United States that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, until the continuing Exclusionary Scheme alleged herein ends (the "Class Period") for: (a) registration fees associated with participation in Varsity Cheer Competitions; (b) Varsity Cheer Apparel; or (c) registration fees for attendance at Varsity Cheer Camps.

### 6. Who is included in the State Law Damages Class?

The State Law Damages Class includes: All natural persons and entities in the United States that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, until the continuing Exclusionary Scheme alleged herein ends (the "Class Period") for: (a) registration fees associated with participation in Varsity Cheer Competitions; (b) Varsity Cheer Apparel; or (c) registration fees for attendance at Varsity Cheer Camps, in Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Iowa, Kansas, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin.

### 7. Who is included in the Injunctive Relief Class?

The Injunctive Relief Class includes: All natural persons and entities in the United States that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, until the continuing Exclusionary Scheme alleged herein ends (the "Class Period") for: (a) registration fees associated with participation in Varsity Cheer Competitions; (b) Varsity Cheer Apparel; or (c) registration fees for attendance at Varsity Cheer Camps.

### 8. Are there exceptions to being a Class Member?

Yes. The following are excluded from the Classes: Defendants and their parent companies, subsidiaries and affiliates, officers, executives, and employees; Defendants' attorneys in this case,

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]   4

4877-0963-0310, v. 2

federal government entities and instrumentalities, states or their subdivisions, and all judges and jurors assigned to this case.

## YOUR RIGHTS AND OPTIONS

### 9. How do I opt out of the Lawsuit?

If you want to keep your right, if any, to separately sue the Defendants about the legal issues in this case, you must take steps to exclude yourself from the Lawsuit. This is called "opting out" of the Class(es). The deadline for requesting exclusion from the Lawsuit is **[Exclusion Deadline]**.

To exclude yourself, you must submit a written request for exclusion that includes the following information:

- The name of the lawsuit: *Jones, et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02892-SHL-tmp (W.D. Tenn.);
- Your name and current address;
- Your personal signature; and
- A statement clearly indicating your intent to be excluded from the Lawsuit.

Your request for exclusion must be mailed to the address below so it is postmarked no later than **[Exclusion Deadline]**.

[Class Action Administrator]
[Attn: Exclusion Requests]
[P.O. Box XXX]
[City, State, Zip]

By electing to be excluded: (1) you will not share in any potential recovery that might be obtained by the IPP Classes as a result of trial, legal motion, or settlement in this Lawsuit; (2) you will not be bound by any decision in this lawsuit that is either favorable to the IPP Classes or favorable to the Defendants; and (3) you may present any claims you have against the Defendants by filing your own lawsuit.

### 10. What happens if I do nothing at all?

If you do nothing, you will keep the right to a share of any recovery that may be awarded as a result of trial, legal motion, or settlement in this Lawsuit. You will not be able to start another lawsuit, continue another lawsuit, or be part of any other lawsuit against Defendants about the legal and factual issues in this case. All the Court's orders in the case will apply to you and legally bind you. You will also be bound by any judgment in the Lawsuit.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**   5

4877-0963-0310, v. 2

# THE LAWYERS REPRESENTING YOU

## 11. Do I have a lawyer in the case?

Yes. The Court has appointed the following law firms to represent the Classes ("Class Counsel").[3] You will not be charged for their services.

- Joseph Saveri Law Firm, LLP
- Gustafson Gluek PLLC
- Paul LLP
- Hartley LLP
- Van Turner of Turner Feild, PLLC

## 12. Should I get my own lawyer?

You do not need to hire your own lawyer, because Class Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 13. How will the lawyers be paid?

If Class Counsel achieves a recovery for one or more of the Classes, for example by way of settlement or after winning at trial, the Court will be asked to approve reasonable attorneys' fees, as well as reimbursement of expenses Class Counsel have advanced on behalf of the Classes. If the Court grants Class Counsel's requests, fees and expenses would either be deducted from any money obtained for the Classes, or the Court may order the Defendants to pay attorneys' fees and costs in addition to any damages awarded to the Classes. Class Members will not have to pay any attorneys' fees or expenses except out of money obtained for the Classes.

# WHEN AND HOW WILL THE LAWSUIT BE RESOLVED?

## 14. How and when will the Court decide who is right?

If the claims against Defendants are not resolved by a settlement or legal motion, Class Counsel will have to prove Plaintiffs' claims at trial. A jury trial is scheduled for May 2024. There is no

---

[3] The Court has not yet appointed Class Counsel. Plaintiffs have filed briefing with the Court to request that the listed firms be appointed, with the Joseph Saveri Law Firm LLP appointed as Lead Counsel, Van Turner of Turner Field, PLLC appointed as Liaison Counsel, and the remaining firms to serve on an Executive Committee. The request is currently pending with the Court. *See* ECF No. 380 (February 10, 2023, Plaintiffs' Motion to Appoint Lead Class Counsel) and 407 (March 15, 2023, Reply ISO Plaintiffs' Motion for to Appoint Lead Class Counsel). For purposes of this sample Notice, the firm names have been added so that the Court may most easily visualize the proposed plan.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]**     6

guarantee that Plaintiffs will win, or that they will get any money for the Classes. Any judgment will be binding on all Class Members who have not opted out of this Lawsuit, regardless of who wins.

## 15. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case on behalf of Plaintiffs and the IPP Classes, and counsel for the Defendants will present Defendants' defenses. You and/or your own lawyer are welcome to attend the trial at your own expense. If one or more of the IPP Classes obtain money or benefits as a result of trial, legal motion or settlement, you will be notified about how to participate. We do not know how long this will take.

# GETTING MORE INFORMATION

## 16. How do I get more information?

For more detailed information about this litigation, please refer to the dedicated class website: [Website URL].

If you have additional questions, you may contact the Class Action Administrator by email, phone, or mail:

Email: [Email Address]

Toll-Free: 1-XXX-XXX-XXXX

Mail: [Mailing Address]

Publicly filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Western District of Tennessee or reviewing the Court's online docket.

**PLEASE DO NOT WRITE OR CALL THE COURT OR THE DEFENDANTS FOR INFORMATION.**

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit [Website URL]        7

4877-0963-0310, v. 2