**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.,**<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br><br><br>**JURY DEMAND** |

**SUPPLEMENTAL DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Joseph R. Saveri, declare the following under penalty of perjury:

1. I am the Founder and Managing Partner of the Joseph Saveri Law Firm, LLP, counsel for Plaintiffs Jessica Jones and Christina Lorenzen (collectively, "Plaintiffs"), in *Jones v. Bain Capital Private Equity*, case no. 2:20-cv-02892-SHL-tmp. I am a member in good standing of the State Bar of California and have been admitted *pro hac vice* in the United States District Court for the Western District of Tennessee, Western Division. I am over 18 years of age and have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them.

2. I make this Declaration in further support of Indirect Purchaser Plaintiffs' Motion for Class Certification, ECF No. 387 ("Motion") and Memorandum of Law in support thereof, ECF No. 389 ("Memo"), and in addition to my earlier Declaration and accompanying exhibits in support of Motion, ECF No. 389-1 ("Saveri Decl."). This Declaration is also in support of Plaintiffs' Reply in Support of Indirect Purchaser Plaintiffs' Motion for Class Certification ("Reply"), filed herewith, and in reply to Defendants' opposition, ECF No. 420 ("Opp.").[1]

3. Plaintiffs have described the many common questions of law and fact that exist in this case. *See* Class Action Complaint, ECF No. 1 ("Complaint"), ¶36 (a)-(n).

4. Plaintiffs' experts have carefully analyzed the data and other evidence in this case and have applied reliable methodology to establish causation and impact and to estimate damages using common evidence. Plaintiffs' experts have provided detailed reports and rebuttal reports in response to Defendants' experts Dr. Murphy and Mr. Orszag. *See* Saveri Decl., Exs. 1-8; *see also* ECF Nos. 424, 426, 428, 430 (Plaintiffs' oppositions to Defendants' *Daubert* motions). In providing their rebuttal reports, Plaintiffs' experts considered the opinions, criticisms, and citations provided by Defendants' experts, including consideration of any

[1] Please note, to avoid confusion with the exhibits submitted with my previous declaration, the exhibits to my instant supplemental declaration are all referred to herein with the prefix "SSD, Ex. _" and are submitted with this supplemental declaration and filing. Exhibits to my previous declaration are prefaced herein with "Saveri Decl., Ex. _," and are not reattached. Rather, they were included with Plaintiffs' opening Motion and Memo, and are simply referenced herein.

procompetitive or lawful explanations Defendants offer for their conduct, and accounted for them in forming their rebuttal opinions. *See generally* Saveri Decl., Ex. 2 (Netz Rebuttal Report at 5, 75-89); Saveri Decl., Ex. 4 (Heeb Rebuttal Report, ¶¶4, 252-258, 330-339, 383-388, 407, 410-412, 457-460, 489).

5. Dr. Maki has submitted a Declaration to respond to Defendants' opposition to Plaintiffs' Motion and to support Plaintiffs' Reply, in which she explains her passthrough methodology. *See* Declaration of Dr. Jen Maki ("Maki Decl.") and accompanying exhibits, submitted herewith. Dr. Maki shows that the criticism of her work is misguided, inconsistent with the record in this case, and at odds with basic economic and econometric principles.

6. The record is replete with documents and testimony from Defendants[2] and others in the industry that demonstrate that Plaintiffs can answer the many common questions that exist here using common proof, common to all class members. For example:

[2] "Defendants" in this action are Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashion & Supplies, LLC (together "Varsity"); Jeff Webb; United States All Star Federation ("USASF"); Bain Capital Private Equity, LLC ("Bain"); and, Charlesbank Capital Partners, LLC ("Charlesbank").

a. Plaintiffs can show with common proof that Defendants formed an exclusionary scheme, and that each defendant had a role in it. *See generally* Saveri Decl., Ex. 1 (Netz Report); Saveri Decl., Ex. 2 (Netz Rebuttal Report); Saveri Decl., Ex 3 (Heeb Report); Saveri Decl., Ex. 4 (Heeb Rebuttal Report).

b. Plaintiffs can show with common proof that the relevant geographic market is nationwide. *See generally* Saveri Decl., Ex. 1 (Netz Report at 3, 43-45, 56, 61); Saveri Decl., Ex. 2 (Netz Rebuttal at 39-40, 55).



c. Plaintiffs can show with common proof that Varsity's pricing and policies were set on a national scale. *See generally* Saveri Decl., Ex. 3 (Heeb Report, ¶¶138, 144, 275); Saveri Decl., Ex. 4 (Heeb Rebuttal Report, ¶188 & fns. 123, 126). For example:



d. Plaintiffs can show with common proof that Varsity has acquired market power in each of the relevant product markets, and that such market power is nationwide. *See generally* Saveri Decl., Ex. 1 (Netz Report at 3, 41-62); Saveri Decl., Ex. 3 (Heeb Report, ¶¶42, 112); Saveri Decl., Ex. 4 (Heeb Rebuttal Report, ¶¶8, 36,

126).



e. Plaintiffs can show with common proof that Defendants specifically intended to dominate the relevant markets through an aggressive system of acquisitions. *See* Saveri Decl., Ex. 1 (Netz Report at 67 & n. 266); Saveri Decl., Ex. 2 (Netz Rebuttal Report at 85-89). For example:





f. Plaintiffs can show with common proof that Varsity's product markets were intertwined, and that Defendants considered the product markets to be within the same ecosystem. Memo at 7. Plaintiffs can also show with common proof that Defendants sought to lock indirect purchasers into the Varsity ecosystem. *See* Memo at 7-8; Saveri Decl., Ex. 1 (Netz Report at 61-65, 89). For example:

- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]

3 [redacted]



g. Plaintiffs can show with common proof that Defendants engaged in a host of anticompetitive conduct that was intended to foreclose competition in the relevant markets. For example, Plaintiffs can show with common proof that Varsity's rebate and discount programs were exclusionary. *See* Saveri Decl., Ex. 1 (Netz Report at 5, 104-113); Saveri Decl., Ex. 2 (Netz Rebuttal Report at 2-3, 89); Saveri Decl., Ex. 3 (Heeb Report, ¶¶219-226); Saveri Decl., Ex. 4 (Heeb Rebuttal, ¶¶259-270, 470-481). The evidence confirms how Varsity used rebate and discount programs to exclude rivals in the markets. For example:



h. Plaintiffs can show with common proof that Defendants sought to foreclose rivals in the relevant markets. For example:





i. Plaintiffs can show with common proof how Defendants sought to "counter-program" Varsity events to foreclose rivals in the cheer competitions market. For example:





j. Plaintiffs can show with common proof how the rule-making bodies for competitive cheer were used to further Varsity's monopolies and to exclude competition. *See generally* Saveri Decl., Ex. 2 (Netz Rebuttal at 73-84). For example:





k. Plaintiffs can show with common proof that Defendants' conduct caused them injury. (Heeb Report, ¶¶32; 69-72; 93-108; 231-232). *See generally*, Ex. 3 (Heeb Report, ¶¶278-312); Ex. 4 (Heeb Rebuttal Report, ¶¶496-625); *see also* Maki Decl., ¶¶3-5.

l. Plaintiffs can show with common proof that the number of uninjured class members is *de minimis*. *See, e.g.*, Saveri Decl., Ex 3 (Heeb Report, ¶¶13, 313-316); Saveri Decl., Ex. 4 (Heeb Rebuttal Report, ¶¶99-102).

m. thletes and their families at a rate of 100% or greater. *See* Maki Decl., ¶¶6-13.

n. Plaintiffs can also show with common proof that harm to all class members is ongoing. Plaintiffs sufficiently allege ongoing harm in their Complaint. *See* ECF No. 1 (Complaint, ¶¶6, 22, 163, 231-38, 240, 247).



remedies are predominantly aimed at mitigating Varsity's undue



o. Plaintiffs can show with common proof the aggregate damages to the proposed classes with respect to competitions, camps and apparel. *See* Saveri Decl., Ex. 6 (Maki Report, ¶¶104-120); Saveri Decl., Ex. 7 (Maki Rebuttal Report, ¶¶39-42); Maki Decl., ¶¶1-4.

7. Plaintiffs have sufficiently alleged that Varsity and USASF are headquartered in Tennessee and that Varsity's anticompetitive conduct emanated from Tennessee. ECF No. 1 (Complaint, ¶241).

8. 



10. Dr. Maki has provided methodology that will allow for calculation of aggregate damages for the proposed classes. Saveri Decl., Ex. 6 (Maki Report, ¶¶104-120); Saveri Decl., Ex. 7 (Maki Rebuttal Report, ¶¶39-42); Maki Decl., ¶¶1-4. This remains true even if any categories of sales are ultimately excluded after summary judgment or trial. This also remains true to the extent the sales for any particular state may ever be excluded from any of the classes. *Id.* Overcharge rates can ultimately be applied to each verified claim, yielding each class member's recovery. *See* Appendix D (Sample Notice Plan).

[redacted]

12. Plaintiffs demonstrate how they can address any differences in damage calculations. For example, Plaintiffs have provided a well-designed proposed trial plan and sample notice plan that will each class member receives damage payments only as appropriate. *See* Reply, Appendix C (Sample Trial Plan) and Appendix D (Sample Notice Plan).

13. Plaintiffs also provide a template for how any state law differences can be addressed. Plaintiffs provide a detailed chart analyzing the similarities and variances in state laws. *See* Reply, Appendix A (Multi-State Variation Chart). Plaintiffs also intend to use pattern jury instructions for common questions as well as special verdict forms to accommodate for any state law variances. *See* Reply, Appendices B (Sample Special Verdict Forms).

[redacted]

[redacted]

16. Plaintiffs are willing and able to participate in an evidentiary hearing should the Court wish to have further explanation or a further showing of the evidence, or to hear from Plaintiffs' experts, or Plaintiffs themselves.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 25, 2023 in San Francisco, California.

*/s/ Joseph R. Saveri*
Joseph R. Saveri