# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES, ET AL.<br><br>                Plaintiffs,<br>   v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>                Defendants. | Case No. 2:20-cv-02892-SHL-tmp |

**DEFENDANTS' MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF JEN MAKI, PHD, AND FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Pursuant to this Court's scheduling orders and Rules 16, 26, and 37, Defendants move to strike the supplemental declaration of Plaintiffs' expert witness Jen Maki, PhD, submitted in connection with their Reply in Support of Indirect Purchaser Plaintiffs' Motion for Class Certification.  *See* Reply, ECF No. 453; Maki Decl., ECF No. 455.  Pursuant to LR 7.2(c), Defendants also seek leave to file a surreply in opposition to Plaintiffs' Motion for Class Certification to address the substantial volume of new arguments and material in the reply.

## ARGUMENT

This Court's scheduling orders set clear deadlines for the parties' disclosure of expert witnesses.  *See* ECF Nos. 61, 175, 254, 342.  Pursuant to those orders, Plaintiffs submitted opening expert reports on June 22, 2022, Defendants submitted opposing expert reports on September 23, 2022, and Plaintiffs submitted rebuttal expert reports on December 14, 2022.  The parties completed all expert depositions before the Court's January 24, 2023, deadline.  Those same scheduling orders set deadlines for *Daubert* and class certification briefing on the assumption that all fact and expert discovery would be complete on January 24, 2023.

Plaintiffs' Reply in Support of Class Certification was due on May 25, 2023. Plaintiffs sought an additional twenty-five pages for the reply, for a total of thirty. The Court denied that request, noting that a thirty-page filing would "defeat[] the function of a 'reply' as a filing limited solely to addressing issues raised by the opposing party." Order, ECF No. 436 at PageID 16708. The Court allowed a twenty-page reply instead. *See id.*

On May 25, as part of their reply submission, Plaintiffs filed a nine-page declaration containing new opinions from their expert Jen Maki, PhD, describing how she determined classwide damages, including the percentage of damages allegedly passed on to the indirect purchaser plaintiffs. *See* ECF No. 455 ("Maki Declaration"). In her declaration, Dr. Maki further opines on facts and data she reviewed in this case; attempts to newly explain how her prior 100% pass through conclusion is consistent with evidence that gyms and schools sometimes bundle or absorb competition, apparel, and other fees and costs; puts forth a brand new opinion that the pass through rate is actually higher than 100% in this case; and expounds on the purported analysis she performed regarding the alleged classwide injury and damages. *See id.* These opinions are untimely and should be stricken.

The Maki Declaration was just one of numerous submissions accompanying Plaintiffs' reply in support of class certification, which in total consists of over *one thousand* pages. In addition to a twenty-page brief, Plaintiffs filed a fourteen-page supplemental declaration from Joseph Saveri, which contains a substantial amount of legal and factual argument and essentially serves as an extension of the brief (ECF No. 454-1); an eleven-page chart with legal arguments addressing the variation in the numerous state laws applicable to Plaintiffs' claims (ECF No. 453-1); a ten-page Sample Proposed Special Verdict Form (ECF No. 453-2); an eight-page Proposed Trial Plan (ECF No. 453-3); and a fifteen-page Sample Notice Plan (ECF No. 453-4).

Plaintiffs' voluminous reply submissions contain a substantial amount of new arguments and material that provide good cause for Defendants' requested surreply.

I.      **The Court Should Strike the Supplemental Declaration of Jen Maki**

The Federal Rules require a party to disclose the identity of an expert witness accompanied by a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Ratliff v. Shelby County*, No. 220CV02012TLPATC, 2022 WL 275750, at *10 (W.D. Tenn. Jan. 28, 2022) ("Courts may strike documents filed in violation of local rules or the Federal Rules of Civil Procedure.").

The Court's initial scheduling order required Plaintiffs to disclose the identities of their experts and their opinions by March 18, 2022. *See* ECF No. 61. The Court made clear that the parties would need to demonstrate "good cause" for relief from the deadlines in that order. *See id.*; *see also* Fed. R. Civ. P. 16(b)(4) ("A scheduling order "may be modified only for good cause and with the judge's consent."). The Court subsequently allowed such relief by extending Plaintiffs' expert disclosure deadline twice, first to May 18, 2022, and then to June 20, 2022. *See* ECF Nos. 175, 294. The Court made clear that further amendments to the schedule would require "extraordinary circumstances." ECF No. 175. The Court similarly set deadlines of December 14, 2022, for Plaintiffs' rebuttal expert reports and January 24, 2023, for all expert depositions to be completed. *See* ECF No. 342. Plaintiffs produced Dr. Maki's expert report on

3

June 20, 2022; submitted a rebuttal report for Dr. Maki on December 14, 2022; and made Dr. Maki available for a deposition on January 23, 2023. Expert discovery closed the following day.

Plaintiffs' untimely disclosure of the Maki Declaration—four months after the close of expert discovery and almost a year after the twice-extended disclosure deadline—violates Rule 26(a) and this Court's scheduling orders. Dr. Maki should have disclosed all of her opinions nearly a year ago and should have provided any true rebuttal testimony in December of last year. Instead, her new declaration contains new and expanded discussions of her opinions in the case. *See* ECF No. 455, Maki Decl. ¶ 3. For example, Dr. Maki offers a new opinion that there are no "intermediate participants" in the chain of distribution that "might have absorbed or not passed on any illegal overcharges," even though she previously acknowledged at her deposition that gyms and schools might absorb charges and that she did not look at data to confirm whether or not that occurred.[1] She further opines that All Star gyms that bundle competition and apparel fees and costs "typically increase their monthly membership fees in proportion to the increase in Varsity registration fees." *Id.* ¶ 4. That opinion is not found in either her original or rebuttal report. Similarly, Dr. Maki brushes aside evidence of gyms absorbing increased costs as "anecdotal" and not "reliable," while at the same time relying on different anecdotal evidence to support her opinions, despite having not previously opined on the relative "reliability" of such evidence. *Id.* ¶ 5. She makes comparisons, not found in her prior disclosures, between the supply and distribution chains in this case and in other industries. *See id.* ¶ 11. Dr. Maki also

---

[1] *Compare* ECF No. 455, Maki Decl. ¶ 3 *with* ECF No. 392-3, Maki Dep. 65:19-66:10.

offers the new opinion that the pass through rate in this case is actually greater than the implausible 100% rate she previously testified to.[2]

The proper remedy for Plaintiffs' failure to make these disclosures in compliance with Rule 26(a) and with this Court's scheduling orders is to strike the declaration. Fed. R. Civ. P. 37(c)(1). In *Terves, LLC v. Yueyang Aerospace New Materials Co.*, No. 1:19 CV 1611, 2022 WL 1092658, at *6 (N.D. Ohio Apr. 12, 2022), for example, a party attached an expert declaration to its reply in support of summary judgment in an attempt to "clarif[y]" the expert's prior reports. The Court observed that the report "expand[ed] and arguably contradict[ed] opinions" in those reports and in his deposition, and that it would be prejudicial to the opposing party to have to address these new contentions after summary judgment briefing had been completed. *See id.* The court therefore struck the declaration. *See id.* (citing *HLV, LLC v. Van Buren County*, 775 Fed.Appx. 204, 214 (6th Cir. 2019)).

While the "usual remedy for noncompliance with Rule 26(a)" is "exclusion of [the] late or undisclosed evidence," a party may avoid that sanction if it can show that its failure to make a timely disclosure is "substantially justified or is harmless." *HLV, LLC*, 775 F. App'x 204 at 214. "The potentially sanctioned party . . . bears the burden of proving harmlessness or substantial justification." *Gregory v. Raven*, No. 2:18-CV-02793 JPM, 2020 WL 4194524, at *3 (W.D. Tenn. July 21, 2020) (citing *EQT Prod. Co. v. Phillips*, 767 F. App'x 626, 634 (6th Cir. 2019)). When assessing those two exceptions, courts typically consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the

---

[2] In Dr. Maki's expert report, she opined that "the overcharge pass-on rate is 100 percent." ECF No. 391-4, Maki Rep. ¶ 120. In her untimely declaration, she now opines that "the pass-through rate appears to be greater than 100%." ECF No. 455, Maki Decl. ¶ 13.

evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* at *3 (citing *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015)). Plaintiffs cannot satisfy either exception here.

   The first three factors weigh in Defendants' favor. The untimely disclosure, coming well after the applicable deadline, is an unwelcome surprise that Defendants are unable to cure. By waiting until four months after the expert deposition deadline to disclose the opinions contained in the Maki Declaration—and even worse, attached to a reply brief—Plaintiffs have deprived Defendants of the ability to offer responsive opinions from their own experts on the same topics and to probe the reliability of her supposed methodology at a deposition. The disclosure also prevented Defendants from addressing the opinions in its primary opposition to Plaintiffs' motion for class certification. *See, e.g.*, *Gregory*, 2020 WL 4194524, at *3-4 (finding that an expert disclosure was not harmless where it came two months after the deadline, after a substantial extension had already been granted, and prevented the opposing party from deposing the expert); *Williams v. Defs. Inc.*, No. 219CV02567SMHCGC, 2021 WL 4896581, at *5 (W.D. Tenn. Oct. 20, 2021) ("A party is surprised when an opposing party fails to make a disclosure by the required deadline. . . . Defendants cannot cure the surprise because discovery is complete."). As to the third factor, while the trial in this matter is some time away, allowing Plaintiffs to offer untimely and unchallenged expert opinions in connection with substantive pretrial motions has the potential to shape—unfairly—what that eventual trial may look like. Alternatively, allowing further examination of Dr. Maki would delay and postpone the case. *See Williams*, 2021 WL 4896581, at *5 (finding the third factor supported exclusion where allowing further examination

of a witness would "postpone [the Court's] partial summary judgment order to allow Defendants to cross-examine" the witness).[3]

The fourth and fifth factors also weigh in Defendants' favor. Plaintiffs seek to use Dr. Maki's testimony to demonstrate that they can establish damages on a classwide basis with common proof, as well as the amount of those damages. Both are key issues in this case, and experts on these topics "have been anticipated since the inception of the case." *Gregory*, 2020 WL 4194524, at *4. And, extraordinarily, Plaintiffs have made no attempt to explain why the untimely submission should be permitted under the Court's "extraordinary circumstances" standard for amendments to the scheduling order. Instead, Plaintiffs simply filed the declaration without permission. *See Williams*, 2021 WL 4896581, at *5 (finding the fifth factor supported exclusion where the plaintiff "g[a]ve no reason" for its untimely disclosure). While all of Dr. Maki's opinions should have been disclosed on June 20, 2022, Plaintiffs' violation of Rule 26(a) is even more inexcusable given that Dr. Maki had two prior opportunities to clarify her faulty opinions in her rebuttal report[4] and at her deposition.

---

[3] Attempting to cure by reopening discovery would take this case back many months. Defendants would first need the opportunity to have their own experts evaluate Dr. Maki's new opinions and to offer their own opinions via supplemental report. Defendants would also be entitled to depose Dr. Maki on her new opinions. The *Daubert* motions—which are now fully briefed and ready for decision—would need to be reopened, as would the class certification briefing. Because passthrough is crucial to all of Plaintiffs' claims, going forward with the summary judgment motions process, with opening briefs currently due on July 28, 2023, would make no sense. The already compressed schedule for trial in March 2024 would become untenable. There would likewise be substantial expense unfairly incurred by Defendants. All of these repercussions, of course, demonstrate why Plaintiffs should have adhered to the deadlines in the first place.

[4] This is not the first time Plaintiffs have offered new opinions at an inappropriate time. As noted in Defendants' motion to exclude Dr. Maki's opinions, Dr. Maki's rebuttal report offered new damage calculations, based on new overcharge amounts, applied to new sales figures. *See* ECF No. 392 at 16.

Plaintiffs' disclosure of the Maki Declaration violates Rule 26(a) and this Court's scheduling orders, is without justification, and would cause harm to Defendants. The appropriate remedy at this stage in the litigation is exclusion of the declaration by striking it from the record. *See Gregory*, 2020 WL 4194524, at *3; *Williams*, 2021 WL 4896581, at *5; *Terves*, 2022 WL 1092658, at *6.

## II.     Defendants Request Leave to File a Surreply to Address Plaintiffs' Voluminous Reply Submissions

Pursuant to LR 7.2(c), Defendants request leave to file a surreply of up to twenty pages to address the substantial number of new arguments and material filed by Plaintiffs in connection with their reply in support of class certification. Plaintiffs' reply submissions exceed *one thousand* pages of briefing, appendices, and exhibits. In essence, the reply submissions appear to represent Plaintiffs' attempt at a redo after failing to address many of the key issues for certification in their opening brief. For example, Plaintiffs' reply includes thirty-three pages of "appendixes" consisting of a Sample Proposed Special Verdict Form, a Proposed Trial Plan, and a Sample Notice Plan. Plaintiffs' opening class certification brief did not discuss or attach any of these documents, which now serve as key components of Plaintiffs' arguments in favor of certification under Rules 23(b)(3). *See* Reply, ECF No. 453 at PageID 16985; ECF Nos. 453-2, 453-3, 453-4. As another example, after essentially not addressing the issue at all in their opening brief, Plaintiffs include four pages of briefing and an eleven-page single-spaced chart on the issue of variations in state law as to twenty-five different states and the District of Columbia. *See* Reply, ECF No. 453 at PageID 16985-16989; ECF No. 453-1. Throughout the reply submissions, Plaintiffs cite and rely on inapplicable case law that warrants response.

In light of the substantial volume of arguments and material submitted by Plaintiffs for the first time in connection with their reply, good cause exists for Defendants' requested surreply.

8

Defendants make this request for a joint surreply, instead of a separate request for each Defendant, to present necessary responses to Plaintiffs' arguments in the most efficient and concise manner possible.

## CONCLUSION

For the reasons set out above, Defendants respectfully request that the Court strike the Maki Declaration. Defendants also request that the Court grant them leave to file a surreply of up to twenty pages to address new arguments and material presented in Plaintiffs' Reply.

Dated: June 1, 2023

Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted pro hac vice

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Defendants Varsity Brands, LLC, Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC; Charlesbank Capital Partners, LLC; Bain Capital Private Equity LP*

s/ Nicole Berkowitz Riccio
Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc. and USA Sport Cheering, d/b/a USA Cheer*

s/ Brendan P. Gaffney
Paul E. Coggins*
Brendan P. Gaffney*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

\* Admitted *pro hac vice*

Edward L. Stanton III (TN #018904)

10

                                                  S. Keenan Carter (TN #023386)
                                                  BUTLER SNOW LLP
                                                  6075 Poplar Avenue, Suite 500
                                                  Memphis, Tennessee 38119
                                                  Phone: (901) 680-7336
                                                  Fax: (901) 680-7201
                                                  Edward.Stanton@butlersnow.com
                                                  Keenan.Carter@butlersnow.com

                                                  *Attorneys for Jeff Webb*

## CERTIFICATE OF CONSULTATION UNDER LOCAL RULE 7.2(a)(1)(B)

     I hereby certify that on May 31, 2023 and on June 1, 2023, I emailed counsel for Plaintiffs advising them that Defendants intended to file a motion seeking the relief set out above.  David Seidel, counsel for Plaintiffs, responded on June 1, 2023, that Plaintiffs oppose the relief sought in this motion.

                                                  s/ Matthew S. Mulqueen
                                                  Matthew S. Mulqueen