# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**  Plaintiffs,  v.  **VARSITY BRANDS, LLC, et al.**  Defendants. | Case No. 2:20-cv-02892-SHL-tmp  **JURY DEMAND** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF JEN MAKI, PHD, AND FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**MEMORANDUM OF LAW**

**I.     There is no Basis for Striking Dr. Maki's May 25, 2023 Declaration**

Defendants' Motion to Strike the Declaration of Jen Maki, Ph.D. ("Motion to Strike"), ECF No. 458, asserts that Dr. Maki's May 25, 2023 Declaration in Support of Plaintiffs' Motion for Class Certification ("Maki Declaration"), ECF No. 455, "violates Rule 26(a) and this Court's scheduling orders." ECF No. 458 at 4. Defendants' arguments are baseless. Plaintiffs identified Dr. Maki and timely produced her expert and rebuttal reports in accordance with the schedule set by the Court (*see* ECF No. 294) and in full compliance with Rule 26(a)(2)(B). Dr. Maki's Declaration is solely directed at responding to Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Opposition"), ECF No. 421, which misstates and mischaracterizes Dr. Maki's opinions from her reports. Dr. Maki's Declaration in response to Defendants' Opposition is permissible and appropriate under the Federal Rules and relevant case law. There is no basis for striking the Maki Declaration.

    **A.     The Statements in Dr. Maki's Declaration Are Not New Opinions; They Properly Respond to Defendants' Opposition**

Courts in the Sixth Circuit routinely allow experts to respond to assertions made in an opposition brief. *See, e.g.*, *Key v. Shelby Cnty.*, 551 F. App'x 262, 264 (6th Cir. 2014) ("*Shelby Cnty.*") ("reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief") (quoting *Peters v. Lincoln Electric Co.*, 285 F.3d 456, 476 (6th Cir. 2002)); *see also Kondash v. Kia Motors Am., Inc.*, No. 1:15-CV-506, 2019 WL 7820563, at *1 (S.D. Ohio Dec. 16, 2019) ("*Kondash*") (denying motion to strike two supplemental expert reports filed with the class certification reply because the expert reports "respond[ed] to Kia's arguments in its class certification opposition and/or its *Daubert* motions"); *Memphis Pub. Co. v. Newspaper Guild of Memphis, Loc. 33091*, No. 04-2620 B/P, 2005 WL 3263878, at *2 (W.D. Tenn. Nov. 30, 2005), amended, No. 04-2620 B/P, 2005 WL 3448043 (W.D. Tenn. Dec. 14, 2005) ("where the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers—both

briefs and affidavits—may properly address those issues") (quoting *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993)); *Goebelbecker v. Platipak Packaging, Inc.*, No. 1:06 CV 576, 2007 WL 4287854, at *5 (N.D. Ohio Dec. 5, 2007) (same). Under clear Sixth Circuit precedent, Dr. Maki's Declaration was appropriately filed with Plaintiffs' reply, because it directly responded to arguments that Defendants made in their opposition.

Defendants purport to challenge five "new opinions" from Dr. Maki that they contend are untimely under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiffs address each of these assertions, in turn.

1. **The Pass-Through Rate Is 100%.**

Defendants assert that Dr. Maki "offers the new opinion that the pass through rate in this case is actually greater than the implausible 100% rate she previously testified to." Motion to Strike at 5. This assertion fails on a number of levels. First, it is false. As Dr. Maki's Declaration makes clear, she does not assert the pass-through rate is greater than 100%: ███

███

███

Maki Declaration, ¶14 (emphasis added). Defendants' attempt to mischaracterize Dr. Maki's Declaration should be ignored.

Second, Dr. Maki's statement that ███ is not a new opinion. Dr. Maki disclosed this opinion in her June 20, 2022 Expert Damages Report. *See* ECF No. 389-6 ("Maki Report"), ¶13 (the ███

███). She also disclosed the opinion in her December 14, 2022 Expert Damages Rebuttal Report ("Maki Rebuttal Report"), ECF No. 389-7, ¶17.a:

███

Moreover, Dr. Maki's Declaration is in direct response to Defendants' opposition to Plaintiffs' motion for class certification. In their opposition, Defendants argued that Dr. Maki's opinions on pass through are wrong. Opposition at 17–19. For example, Defendants argued that "Dr. Maki's conclusion that 100% of any overcharge was always 'passed on' to putative class members . . . even though putative class members bought a variety of different products in a variety of different geographies through a variety of different intermediaries facing different competitive conditions, is not based on any economic principle or study and, thus, is essentially *per se* invalid." *Id*. at 17–18.

Dr. Maki's Declaration on pass through responds to Defendants' misguided arguments and mischaracterizations of her previously disclosed opinion. It also provides further academic support, since Defendants raised that precise issue in their opposition. *Id.* Indeed, Dr. Maki had already disclosed multiple academic sources in her rebuttal report, noting that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Maki Rebuttal Report, ¶17.b, nn.12–13. Dr. Maki's Declaration merely responds to Defendants' arguments related to her previously disclosed opinions.

Defendants also argue that Dr. Maki disclosed a new opinion related to price markups by gyms. Defendants assert that Dr. Maki "further opines that All Star gyms that bundle competition and apparel fees and costs 'typically increase their monthly membership fees in proportion to the increase in Varsity registration fees,'" and argue that this opinion "is not found in either her original or rebuttal report." Motion to Strike at 4. Not so. Dr. Maki makes the same statement in both of her reports. Her opening report cites testimony from direct purchaser gym owners and states, ▮▮▮▮▮▮▮▮▮▮ and, ▮▮▮▮▮▮▮▮▮▮ Maki Report, ¶120. Dr. Maki further disclosed her opinion on markups in her rebuttal. For example, in her rebuttal report, Dr. Maki cites record evidence produced by direct purchaser gyms and states that one gym ▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████

████ and another gym indicated that it *upcharged camps registration fees*. Rebuttal Report, ¶17.a. Dr. Maki also cites academic literature for support: ████████████████████

████████████████████████████████████████

████████████████████████ *Id.*, ¶17.c, n.13 (quoting The Harvard Business Review, 2008 *Harvard Business Review On Pricing*. Harvard Business School Pub.).[1] Therefore, there is no question that Dr. Maki disclosed her opinion on markups in her original reports.

Dr. Maki's statements regarding the direct purchaser gyms' markup on bundled products in her Declaration directly respond to assertions made in Defendants' Opposition. In arguing against Dr. Maki's opinion on pass through and markups, Defendants argued that "[a]lthough practices vary, gyms often bundle gym time, training, apparel, choreography, and competitions, with competitions being a relatively small portion of the total." Opposition at 18. Thus, the specific statement Defendants take issue with is not a new opinion. It responds directly to Defendants' bundling argument.

2. **There are no "intermediate participants" in the chain of distribution.**

Defendants assert that "Dr. Maki offers a new opinion that there are no 'intermediate participants' in the chain of distribution that 'might have absorbed or not passed on any illegal overcharges . . .'" Motion to Strike at 4. This is not new. Dr. Maki disclosed the same opinion in her rebuttal report: ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ Rebuttal Report, ¶14.

Again, Defendants raised the issue in their opposition, making Dr. Maki's additional

---

[1] Although Dr. Maki found abundant evidence in the record of direct purchaser gyms adding markup charges to Varsity's fees for competitions and camps and charges for apparel, she eventually concluded the evidence was insufficient to support a global statement that Plaintiffs and the Class paid more than the 100% pass through.

response in her Declaration appropriate. Defendants argued the following:

> Plaintiffs have likewise not established they can show passthrough to downstream purchasers (i.e., putative class members) through common proof. Dr. Maki's conclusion that 100% of any overcharge was always "passed on" to putative class members, even though putative class members bought a variety of different products in a variety of different geographies *through a variety of different intermediaries* facing different competitive conditions, is not based on any economic principle or study and, thus, is essentially *per se* invalid.

Opposition at 18 (emphasis added) (internal citations omitted). Dr. Maki responds directly to Defendants' baseless assertion in her declaration:



Maki Declaration, ¶3.

### 3.   Dr. Maki's Statements Are Supported by Supply-Chain Comparisons.

Defendants assert that Dr. Maki "makes comparisons, not found in her prior disclosures, between the supply and distribution chains in this case and in other industries." Motion to Strike at 4. This too, is not a new opinion. In her rebuttal report Dr. Maki compares the simple supply chain in this case, in which it is very easy to determine the pass-through rate because the direct purchaser gyms and schools are the only intermediaries, with a ▮▮▮▮▮▮ ▮▮▮▮ such as that in the pharmaceutical industry, where it is ▮▮▮▮▮▮▮▮▮ Rebuttal Report, ¶13. That Dr. Maki references different industries (electrical wire and sodas rather than pharmaceuticals) in order to respond to Defendants' opposition to class certification does not mean that her opinion on intermediaries was undisclosed. And, as noted above, Defendants put the issue of intermediaries in the supply chain directly at issue in their opposition. Opposition at 18 (asserting that Dr. Maki's opinion on pass through is wrong because Defendants assert without citation that Plaintiffs bought products "*through a variety of different intermediaries*"). Dr. Maki's statement in response is timely and appropriate.

### 4.   Dr. Maki's Statements Are Supported by Reliable Evidence

Defendants further contend that "Dr. Maki brushes aside evidence of gyms absorbing

increased costs as 'anecdotal' and not 'reliable,' while at the same time relying on different anecdotal evidence to support her opinions, despite having not previously opined on the relative 'reliability' of such evidence." Motion to Strike at 4. This assertion, even if it were factually correct—it is not—would fail to provide a basis for striking the Maki Declaration under Rules 26(a)(2)(B) and 37(c) because it does not pertain to a previously undisclosed expert opinion. Rather, Defendants' argument here is little more than an untimely and improper attempt to re-argue Defendants' *Daubert* motion, which is fully briefed. *See* ECF Nos. 391, 446. Even if the Court were to credit Defendants' critique, this would go to weight, not admissibility, and does not support Defendants' motion to strike. *See Burlison v. United States*, No. 07-2151-JPM-CGC, 2010 WL 569556, at *3, n.3 (W.D. Tenn. Feb. 11, 2010) ("[c]omparing two pieces of evidence and determining which is more credible should be left for the finder of fact and should not be considered when ruling on Rule 702 admissibility") (quoting *Jahn v. Equine Services, PSC*, 233 F.3d 382, 391 (6th Cir. 2000).

      B.      **The Statements in Dr. Maki's Declaration Are Substantially Justified**

Defendants expend much energy focusing on Plaintiffs' burden to overcome a hypothetical showing that Plaintiffs have failed to comply with Rule 26(a), but there is no basis to conclude that Dr. Maki's declaration is in violation of Rule 26(a). *See, e.g.*, *Kondash*, 2019 WL 7820563, at *1 (denying motion to strike two supplemental expert reports filed with the class certification reply because the expert reports "respond[ed] to Kia's arguments in its class certification opposition and/or its Daubert motions"). As demonstrated above, Plaintiffs fully complied with Rule 26(a) by timely identifying Dr. Maki and producing her expert reports. The matter ends there. Dr. Maki's Declaration is confined to addressing assertions made in Defendants' opposition to class certification. These are not new opinions: they are appropriate responses to Defendants' mischaracterizations of her opinions and arguments against class certification. This is entirely appropriate. *See* § I.A, *supra*.

**II.**      **Defendants Request for a Surresponse Should be Denied.**

Defendants have put in 30 pages of class certification briefing in opposition to Plaintiffs'

motion and 108 pages of briefing challenging all four of Plaintiffs' experts. Plaintiffs have requested a hearing on class certification, and should the Court grant that request, Defendants will have their opportunity to assert their positions once more. Enough is enough.

Defendants make multiple references to the number of total pages in Plaintiffs' class certification briefing and assert they need a surresponse in order to address the "substantial number of new arguments" raised in Plaintiffs' briefing. Motion to Strike at 8. But as noted above, Defendants fail to cite a single new argument raised for the first time in Plaintiffs' reply. For example, Defendants contend that they need to respond to Plaintiffs' briefing regarding state law issues, but Plaintiffs' arguments were made in direct response to a multitude of new assertions made by Defendants regarding state law issues in their opposition. Opposition at § III.D (consisting of four full pages of argument citing more than one dozen cases and the laws of 25 states to assert that differences in state laws render Plaintiffs' case unmanageable). As part of their strained argument, Defendants point to Plaintiffs' eleven-page state law chart and claim they have not had a chance to address these issues. But four of the five columns in Plaintiffs' chart were pulled verbatim from a chart Defendants filed with their opposition. *See* ECF 421-2. Plaintiffs simply added a fifth column to respond in organized fashion to each piece of Defendants' chart. "[A] 'desire to . . . explain the new cases' cited in a reply memorandum does not ordinarily establish good cause for filing a sur-reply." *Little Hocking Water Ass'n, Inc. v. E.I. DuPont De Nemours & Co.*, No. 2:09-CV-1081, 2014 WL 12651139, at *2 (S.D. Ohio Oct. 31, 2014) (quoting *Bishop v. Children's Ctr. For Developmental Enrichment*, No. 2:08-cv-766, 2011 U.S. Dist. LEXIS 130536, at *6 (S.D. Ohio Nov. 10, 2011)).

A surresponse is not appropriate where it merely seeks to address arguments made in response to an opposition brief. *See, e.g.*, *Advanced Critical Devices, Inc. v. Bos. Sci. Corp.*, No. 1:21-CV-02227, 2022 WL 1266117, at *3 (N.D. Ohio Apr. 28, 2022) (holding that arguments made in reply that respond to arguments made in opposition are not "new arguments" and as such, "any attempt by [a party] to re-address [through a surresponse the issues it already raised in opposition] is an improper attempt to have the last word and the Court will not permit it"). Here,

as noted above, Dr. Maki raised no new arguments in her declaration. *See supra* at § I.A. And all of Plaintiffs' reply briefing is in direct response to Defendants' opposition. There is thus no new argument in reply, and no good cause to justify a surresponse.

Further, Defendants claim they need an opportunity to respond to Plaintiffs' appendices presenting their proposed trial plan (ECF No. 453-3), notice plan (ECF No. 453-4), special verdict form (ECF No. 453-2), and chart explaining similarities between various state laws (ECF No. 453-1). But these were all presented to the Court to counter Defendants' assertion that differences in state law would make the case unmanageable for class treatment. Opposition at 22–25. Thus, these are not new arguments and are appropriately submitted in reply. — Defendants simply want the last word on class certification. But that is disfavored by courts in the Sixth Circuit, where plaintiffs—who hold the burden on class certification—are generally entitled to the last word.[2] *See e.g., Curran v. Wepfer Marine Servs., Inc.*, No. 1:20-cv-01229-STA-jay, 2021 WL 6690321, at *1 (W.D. Tenn. Feb. 3, 2021) ("In general, sur-[responses] 'are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'") (quoting *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012)); *Loomis v. Unum Grp. Corp.*, 539 F. Supp. 3d 898, 904–05 (E.D. Tenn. 2021) (same).

Defendants' attempt to obtain the last word through a surresponse should be denied.

Dated: June 15, 2023                    Respectfully submitted,

                                        By:      */s/ Joseph R. Saveri*
                                                   Joseph R. Saveri

                                        Joseph R. Saveri*
                                        Steven N. Williams*
                                        Ronnie Seidel Spiegel*+
                                        Kevin E. Rayhill*
                                        Elissa A. Buchanan*

---

[2] Defendants not only want the last word on class certification briefing, but they want 20 pages to boot. Even if the Court were inclined to grant Defendants a sur-response, 20 pages is excessive. Plaintiffs' Motion for Class Certification was only 30 pages, Defendants opposition was 30 pages, and Plaintiffs' reply was 20 pages.

David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
TURNER FEILD, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Sean R. Cooper*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
sean@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
Fatima Brizuela*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza

120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*