# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | |
| | **JURY DEMAND** |

---

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET PAGE ALLOWANCES FOR SUMMARY JUDGMENT MOTIONS

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET PAGE ALLOWANCES FOR SUMMARY
JUDGMENT MOTIONS

## MEMORANDUM OF LAW

I.     **Defendants' Request for Hundreds of Pages of Briefing is Excessive and Unnecessary.**

In their Motion to Set Page Allowances for Summary Judgment Motions (ECF No 462, "Motion"), Defendants ask the Court for 100 pages of briefing and 50 pages for statements of material facts for their proposed motions for summary judgment.[1] Plaintiffs oppose the Motion.[2] As an initial matter, there are numerous issues of disputed facts which make the likelihood of success of a motion for summary judgment under Rule 56 highly unlikely. Moreover, Defendants' requested page limits are excessive and unnecessary and will impose significant burden and redundancy without providing any appreciable benefit. Plaintiffs propose that Defendants' request for a joint brief that will address issues common to all defendants be limited to no more than 20 pages of briefing and 10 pages of material facts per Local Rule 56.1, and that each Defendant may add an additional five pages of briefing to address any individual issues related to that Defendant. Whatever the Court decides, Plaintiffs respectfully ask to be allotted the same page limits as Defendants so that they can fully respond.

Plaintiffs' core allegations regarding Defendants' anticompetitive scheme are common to all Defendants and are supported by the same evidence. *See* Pls.' Mot. for Class Certification, ECF No. 387, pp. 13–14 (Rule 23(a)(2) commonality), 16–27 (Rule 23(b)(3) predominance); and Reply in Supp. of Class Certification, ECF No. 454, pp. 3–4 (commonality), 9–15 (predominance). Defendants can address these allegations in a single joint motion, for which the twenty pages allowed under LR 56.1(a) is sufficient. Allowing Defendants to vastly exceed the

---

[1] Specifically, Defendants propose a joint motion of approximately 50 pages, plus anticipated individual motions by Defendants Jeff Webb, USASF, Bain Capital Private Equity, and Charlesbank Capital Partners totaling up to an additional 50 pages, plus 50 pages of combined statements of fact. Motion, ECF No 462, PageID 18245.

[2] In their original proposal to Plaintiffs, Defendants suggested 100 pages of briefing for their motions, 100 pages for Plaintiffs' responses, and fifty pages for their replies, plus an additional 50 pages of fact statements for Defendants and 25 pages for additional fact statement for Plaintiffs, as well as an unspecified number of exhibits. Plaintiffs told Defendants they would oppose Defendants' Motion and proposed asking for a conference with the Court to discuss page limits. *See* Declaration of David Seidel, Exhibit A.

Local Rule 20-page limit in order to address issues common to the defendants would do nothing but unduly burden Plaintiffs with having to respond to 100 pages of largely repetitive briefing. Defendants do not need 100 pages of briefing and 50 pages of material facts to address summary judgment.

Defendants state that "[u]nder Local rule [*sic*] 56.1, each Defendant is entitled to file a motion for summary judgment with a 20-page memorandum of law and a 10-page statement of material facts, for a collective total of 140 pages of briefing and 70 pages of material facts." Motion, ECF No. 462 at 1–2. But the fact that Defendants felt the need to ask the Court's permission to file such an extreme amount of briefing belies the extraordinary and superfluous nature of their request. The summary judgment issues in this case are almost entirely common to the defendants, without the need to file substantial briefs on individual issues.[3]

Plaintiffs propose that the Court hold the parties to the page limits set forth in LR 56.1 for Defendants' joint motion for summary judgment, and then provide five pages to each defendant to address any individual issues. There is nothing extraordinary about Plaintiffs' core allegations to merit the extreme number of pages Defendants seek. This action alleges anticompetitive collusion and monopolization claims. The fact that it involves state law claims does not affect whether there are disputed issues of material fact. Any state law differences go to manageability.

None of the reasons Defendants put forth as to why they need such a substantial number of pages are compelling. *See* Motion, ECF No. 462 at 2. For example, there are not eleven different "product/geographic market pairs" as Defendants inaccurately suggest. *Compare* Motion, ECF No. 462 at 2 *with* Suppl. Decl. of J. Saveri in Supp. of Indirect Purchaser Pls.' Mot.

---

[3] Indeed, Defendants state that there are "seven named Defendants," arguing that the rules thus provide them the ability to file a 140-page brief. *See* Defs.' Mot., ECF No. 462 at 1–2 & n.1. But the local rules only provide 20-pages of briefing to each individual defendant so that each defendant can address its own unique individual issues, where they exist. Defendants are thus essentially arguing that Bain needs 20 pages of briefing distinct from Charlesbank, for example, or that each of the three Varsity defendants needs 20 pages of briefing (60-pages total) to address individual issues distinct from each other. Such a position is not supported by the needs of this case, where the majority of the issues are common to all defendants.

for Class Certification, ECF No. 454-01, pp. 6–7. Moreover, Defendants' unsupported assertion does not provide a reason for the parties to file hundreds of pages of unnecessary briefing. *See e.g.*, *Kitchen v. Winn*, No. 2:17-CV-11627, 2019 WL 3943118, at *2 (E.D. Mich. Aug. 21, 2019) (denying motion to exceed page limits and ordering defendants to file single summary judgment motion where the allegations against them were similar). Nor do Plaintiffs' state law claims provide justification for Defendants' excessive request because state antitrust and consumer protection laws are modeled on federal law so differences are minimal and would not raise substantially different factual issues. *See In re K-Dur Antitrust Litig*., No. CIV.A. 01-1652 (JAG), 2008 WL 2660776, at *3 (D.N.J. Feb. 21, 2008) ("Although Plaintiffs' claims for damages arise solely under state law, the essential elements of a private antitrust action are the same under federal and state law."). *See also* Reply, ECF No. 454 at 16–19.

Plaintiffs do not agree that Defendants' proposal is appropriate or that such voluminous briefing and fact statements are warranted. Plaintiffs submit that one 20-page combined brief, plus 5-pages for any individual defendant that needs to raise issues unique to that defendant is more than sufficient here. However, should the Court grant Defendants' Motion, Plaintiffs ask that they be given a fair opportunity to respond with an equal amount of pages in response.

## II.    Conclusion

Defendants' Motion seeks an extraordinary and unnecessary amount of pages that will unduly burden the parties and the Court. Defendants are surely capable of filing substantially shorter briefing than they request. Defendants' Motion should be denied. Plaintiffs ask that the Court instead order that Defendants may file a 20-page joint brief with 5-pages of briefing for each Defendant that needs to raise issues unique to that Defendant, and that Plaintiffs may file the same number of pages for their responses.


Dated: July 6, 2023                          Respectfully submitted,

                                             By:   */s/Joseph R. Saveri*
                                                   Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
TURNER FEILD, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Ashlea Schwarz*
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
brizuela@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SET PAGE ALLOWANCES FOR SUMMARY
JUDGMENT MOTIONS

Daniel J. Nordin*
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and
Representative Plaintiffs*