# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES and CHRISTINA LORENZEN on Behalf of Themselves and All Others Similarly Situated,  Plaintiffs, v. VARSITY BRANDS, LLC, et al., Defendants. | ) ) ) ) ) ) ) ) ) ) No. 2:20-cv-02892-SHL-tmp |

## ORDER GRANTING DEFENDANTS' MOTION TO SET PAGE ALLOWANCE FOR SUMMARY JUDGMENT MOTIONS

Before the Court are Defendants' Motion to Set Page Allowances for Summary Judgment Motions, filed June 22, 2023, (ECF No. 462), and Plaintiffs' Opposition, filed July 6, 2023, (ECF No. 464). Defendants ask the Court to set page allowances for their forthcoming Motions for Summary Judgment in excess of those in Local Rule 56.1. (ECF No. 462.) Defendants state that they anticipate filing a joint motion for summary judgment to address arguments applicable to all Defendants, as well as individual motions for summary judgment for Jeff Webb, the U.S. All Star Federation, Inc., Bain Capital Private Equity, and Charlesbank Capital Partners, to address arguments unique to those individual defendants. (Id.)

Defendants thus propose extended page limits of: (1) one hundred (100) total pages of legal memoranda in support of the five anticipated motions, allocated across the motions as deemed necessary by Defendants; and (2) fifty (50) pages of statements of material fact, again allocated across the motions as deemed necessary by Defendants. (Id.) Thus, in total, Defendants would have an allowance of 150 pages across their motions and statements of material fact.

According to Defendants, these page allowances are justified given the complexity of a case involving six causes of action across roughly 30 states and multiple product and geographic markets. (Id.) Indeed, Defendants argue, in the absence of an order setting alternative page allowances, each of the seven named Defendants would be entitled to an individual motion for summary judgment along with 20 pages of legal memoranda in support of the motion and a 10 page statement of material fact, resulting in a total of 140 pages of briefing and 70 pages of material facts.[1] (Id.) Defendants aver, therefore, that their proposal, though lengthy, is shorter than the default. (Id.)

Plaintiffs, of course, oppose the Motion. They raise several arguments in opposition, including: (1) there are numerous disputes of material fact in the record, making resolution of the case on summary judgment unlikely; (2) Plaintiffs' allegations against Defendants involve a common, anticompetitive scheme among all Defendants and thus they do not warrant individual motions; and (3) that the incredible extension requested by Defendants necessarily indicates the "extraordinary and superfluous nature of their request." (ECF No. 464 at PageID 18252.) Plaintiffs also argue that there are not in fact as many contested markets as Defendants suggest, nor do the state law claims support additional briefing given that the state statutes are modeled on federal law and therefore do not raise additional issues that would require extended pages. (Id. at PageID 18252-53.) Plaintiffs propose instead that Defendants be permitted to file a single

---

[1] In their Motion, Defendants list the seven named Defendants as "Bain Capital Private Equity, Charlesbank Capital Partners, LLC, Jeff Webb, Varsity Spirit Fashions & Supplies, Inc., Varsity Brands, LLC, Varsity Brands, LLC, and U.S. All Star Federation, Inc.," listing "Varsity Brands, LLC" twice. (ECF No. 462 at PageID 18245 n.1.) After a review of the docket caption, Varsity Brands, LLC is indeed improperly listed twice. According to Plaintiffs' Complaint, one of these listed Defendants should be Varsity Spirit, LLC. (See ECF No. 1 at PageID 1.)

joint motion for summary judgment with 20 pages of memorandum in support, along with five additional pages for each Defendant to address its own unique issues.  (Id.)

The Court, for the most part, agrees with Plaintiffs.  The requested page limits appear to extend far beyond what is likely necessary to support Defendants' arguments.  But the Court must concede, too, that the Local Rules permit the individual Defendants to file their own motions for summary judgment, meaning Defendants' proposal does in fact cut down the number of potential pages of briefing.  The Court, therefore, with great reluctance, **GRANTS** Defendants' Motion.  Defendants may file a total of **one hundred (100) pages of legal memoranda** in support of their forthcoming motions for summary judgment and **fifty (50) pages of statements of material fact**, allocated across the motions as deemed necessary by Defendants.  Plaintiffs are similarly entitled to Responses of equal total length, allocated as determined necessary by Plaintiffs.

Defendants, however, must make every reasonable effort to address the issues on a joint basis and be as efficient in their writing as possible.  They must also be direct and explicit as to which arguments are raised on an individual basis and which are raised on a joint basis.  In closing, and as Plaintiffs presciently warn, disputes of material fact are more likely to arise the longer the motion trying to argue otherwise.

**IT IS SO ORDERED,** this 11th day of July, 2023.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE