UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JESSICA JONES et al.,<br><br>        Plaintiffs,<br>  v.<br><br>VARSITY BRANDS, LLC et al.,<br><br>        Defendants. | **Civ. Action No. 2:20-cv-02892** |

**BAIN'S INDIVIDUAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# **TABLE OF CONTENTS**

Introduction ..........................................................................................................................................1

Statement of Facts ...............................................................................................................................2

Argument .............................................................................................................................................3

      I.      Bain Is Not Liable for Varsity's Actions ................................................................3

      II.     Bain Had No "Direct Participation" in Any Anticompetitive Scheme ....................5

Conclusion ..........................................................................................................................................6

i

# **TABLE OF AUTHORITIES**

**Cases**

*Anwar v. Dow Chem. Co.*,
  876 F. 3d 841 (6th Cir. 2017)...................................................................................................5

*Corrigan v. U.S. Steel Corp.*,
  478 F.3d 718 (6th Cir. 2007)....................................................................................................3

*Cupp v. Alberto-Culver USA, Inc.*,
  310 F. Supp. 2d 963 (W.D. Tenn. 2004)...................................................................................5

*FTC v. On Point Glob. LLC*,
  No. 19-25046-Civ-Scola, 2021 WL 4892228 (S.D. Fla. Sept. 29, 2021).............................. 5-6

*Precision, Inc. v. Kenco/Williams, Inc.*,
  66 F. App'x 1 (6th Cir. 2003)...................................................................................................6

*Seybold v. Tazewell Cnty.*,
  No. 20-cv-1386-JES-JEH, 2022 WL 68385 (C.D. Ill. Jan. 6, 2022) ........................................5

*Trinity Indus., Inc. v. Greenlease Holding Co.*,
  No. 08-cv-1498, 2014 WL 1766083 (W.D. Pa. May 2, 2014)..................................................4

*United States v. Bestfoods*,
  524 U.S. 51 (1998)............................................................................................................ 3-4, 6

## INTRODUCTION

Plaintiffs' case against Defendant Bain Capital Private Equity[1] ("Bain") ignores basic principles of corporate separation in a misbegotten effort to impose liability on Bain for the alleged actions of Varsity.[2] This effort relies on the unremarkable fact that certain Bain officers served on the board of directors of the general partner of the holding company that, through several intermediate entities, indirectly owned the Varsity Defendants. But, as the Supreme Court has made clear, the veil of corporate separateness between Bain and the Varsity Defendants cannot be pierced—and Bain cannot be held liable for the conduct of directors acting on behalf of Varsity—unless Plaintiffs can show, at a minimum, that these individuals actually acted *contrary to the interests of* Varsity and *for the interests* of Bain. Plaintiffs have alleged no such facts, and there is zero support for such a theory in the record. This failure alone is dispositive and requires dismissal of all claims against Bain.

There is a second, independent reason that Plaintiffs' claims against Bain should be dismissed. When this Court allowed those claims to go forward in the face of Bain's motion to dismiss, it did so because "[d]iscovery may elucidate further facts as to Bain['s] . . . direct participation in the scheme," which the Court noted "*will be required* at later litigation phases." (ECF No. 332 at PageID 7198 (emphasis added).) Discovery has *not* elucidated such facts. Instead, the record shows that Bain and its officers had almost no direct involvement with Varsity's cheerleading business and certainly had no "direct participation" in any scheme that

---

[1] Plaintiffs' Complaint names a "Bain Capital Private Equity," which may refer to either Bain Capital Private Equity, LP or its managing entity, Bain Capital Private Equity (GP), LLC. Reserving all rights, Bain's motion covers both entities, which, for purposes of this motion only, are not distinguished one from another.

[2] For purposes of this memorandum, "Varsity" and the "Varsity Defendants" refers to Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Spirit Fashions & Supplies, LLC. "Charlesbank" refers to Charlesbank Capital Partners, LLC.

1

Plaintiffs say is anticompetitive. Thus, as already recognized by this Court, Plaintiffs' claims must fail as a matter of law.

Bain accordingly is entitled to summary judgment dismissing all claims against it.[3]

## STATEMENT OF FACTS

Bain is a registered investment advisor that provides investment advisory services to pooled investment vehicles. Third-party investors contribute capital to the Bain-advised funds, and the funds typically acquire equity stakes in companies identified by Bain.

On July 30, 2018, BCPE Hercules Holdings, LP (the "Holding Company"), an entity owned by certain Bain-advised funds, indirectly acquired the Varsity entities that are Defendants in this litigation. (SUF ¶ HC 229.)[4] Since that point, Bain officers have held seats on the board of directors of the general partner of the Holding Company and served as officers of the Holding Company. (SUF ¶ 219.) No Bain officer or other affiliated individual has served on the boards of the Varsity Defendants. (SUF ¶ 219.) Bain itself has never owned, directly or indirectly, the Varsity Defendants. (SUF ¶ 227.)

No Bain officer or Bain-affiliated individual, including the Bain officers who served on the board of the Holding Company, had any direct involvement in any of the conduct that Plaintiffs label anticompetitive. (SUF ¶ 221.) Indeed, Plaintiffs have not even identified any allegedly anticompetitive acquisition that took place after the Bain-advised funds acquired Varsity, much less one in which Bain had any direct involvement. (SUF ¶ 226, 230.) Bain

---

[3] Per the Court's order (ECF No. 465), Bain has submitted this brief to address issues pertaining individually to it. Bain has also joined the joint brief filed by all Defendants as to common issues.

[4] The entities between the Holding Company and the highest-level Varsity Defendant are called BCPE Hercules VB Topco, Inc.; BCPE Hercules VB Intermediate Holdings, Inc.; BCPE Hercules VB Holdings, Inc.; Hercules VB Holdings, Inc.; and Varsity Brands Holding Co., Inc. (SUF ¶ 229.)

likewise did not set the terms of the Varsity Family Plan or negotiate Varsity Network Agreements. (SUF ¶ 223.) Bain had no involvement with USASF or with setting Varsity's competition schedule. (SUF ¶ 225.) Bain had no involvement in the Squad Credentialing Requirement for camps. (SUF ¶ 224.)

## ARGUMENT[5]

Under applicable doctrines of corporate law, Bain cannot be held liable for Varsity's actions for two independent reasons. *First*, an entity such as Bain is not liable for the actions of its officers (or any other Bain-affiliated individual) when they are acting as officers, directors, or employees of a different entity. Plaintiffs bear the burden of proving the applicability of any exception to this basic rule and they cannot. *Second*, Bain cannot be held liable for any of the anticompetitive conduct at issue, unless, as the Court has already held, Plaintiffs can demonstrate Bain's "independent" and "direct participation" in the wrongful acts at issue. There is nothing in the record to establish this, either.

Bain accordingly is entitled to summary judgment.

### I. BAIN IS NOT LIABLE FOR VARSITY'S ACTIONS

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (quotation marks omitted); *see also Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724-26 (6th Cir. 2007) (same).

---

[5] The standard for summary judgment is provided in the joint brief in support of Defendants' Motion for Summary Judgment.

This principle of corporate separateness applies with even greater force here, where Bain was not the "owner" of the Varsity Defendants, but rather several of its officers served as directors of the general partner of the indirect parent entity of the Varsity Defendants. A company is presumptively not liable for the acts of its officers when they are acting as directors or employees of another entity. As the Supreme Court has held, individuals with dual roles as officers or directors at two different entities "can and do 'change hats' to represent the two corporations separately." *Bestfoods*, 524 U.S. at 69. It accordingly would be legal error to "automatic[ally] attribut[e] . . . the actions of dual officers and directors" to the other entity. *Id.* at 70.

The presumption against imputed liability can be overcome only where a dual officer or director acts in ways "plainly contrary to the interests" of the company for which he or she is nominally acting (*i.e.*, Varsity) "yet nonetheless advantageous" to the other company (*i.e.*, Bain). *Id.* at 70 n.13; *see also Trinity Indus., Inc. v. Greenlease Holding Co.*, No. 08-cv-1498, 2014 WL 1766083, at *10-11 (W.D. Pa. May 2, 2014) (quoting *Bestfoods*, 524 U.S. at 70 n.13). This presumption against liability is strongest where, as here, the behavior is "consistent with the norms of corporate behavior." *Bestfoods*, 524 U.S. at 70 n.13. As such, it "cannot be enough to establish liability [of one entity] . . . that dual officers and directors made policy decisions and supervised activities [of the other entity]." *Id.* at 69-70.

There is no evidence in the record to overcome the *Bestfoods* presumption as to Bain. Among other things, there is no evidence that any Bain officer (or any Bain-affiliated individual) acted in any sense "contrary to the interests of" Varsity "yet nonetheless advantageous to" Bain. *Id.* at 70 n.13. Where, as here, a sponsor such as Bain "had an existence and purpose separate from" the portfolio company and advised funds that "invested in" the portfolio company, the

4

sponsor is not liable for the actions of the portfolio company, even though it had "a financial interest in its success, and provided resources . . . in pursuit of maximizing its investment." *FTC v. On Point Glob. LLC*, No. 19-25046-Civ-Scola, 2021 WL 4892228, at *5, 15 (S.D. Fla. Sept. 29, 2021) (holding private equity sponsor Drago Global not liable for the actions of its portfolio company despite, among other things, having its founder, CEO, and chairperson serve as chairperson of the portfolio company's board of managers, "work[ing] to attract investment" to the portfolio company, "provid[ing] advice on strategy and executive recruitment," and "approv[ing] decisions brought to the Board, such as those involving equity and debt transactions"); *see also Anwar v. Dow Chem. Co.*, 876 F. 3d 841, 853-54 (6th Cir. 2017) (applying *Bestfoods* presumption to find Dow not liable for the actions of its employee when that employee was acting as an officer of a subsidiary entity); *Seybold v. Tazewell Cnty.*, No. 20-cv-1386-JES-JEH, 2022 WL 68385, at *6-11 (C.D. Ill. Jan. 6, 2022) (dismissing claims against private equity sponsor HIG for actions of portfolio company).

As *Bestfoods* and the other cases cited above make clear, it would be incorrect as a matter of law to hold Bain liable for the alleged actions of the Varsity Defendants based on the fact that Bain officers acted as directors or officers of the Varsity Defendants' indirect parent entity. But that is precisely what Plaintiffs improperly seek to do here. Because there is no legal basis for such a claim, summary judgment is appropriate.

## II.   BAIN HAD NO "DIRECT PARTICIPATION" IN ANY ANTICOMPETIVE SCHEME

There is likewise no evidence of "Bain['s] . . . direct participation in the scheme," which the Court previously held would "be required at later litigation stages." (ECF No. 332 at PageID 7198.) *See also Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963, 973 (W.D. Tenn. 2004) (dismissing antitrust claims against corporate parent because "[t]he Court declines to presume

5

that a parent company participates in every decision or action of its subsidiary"). Discovery is complete, and there is no evidence that Bain or the Bain officers (or any other Bain-affiliated individual) had any involvement, much less "direct participation in," the actions of Varsity or USASF that Plaintiffs contend violated the antitrust laws. As noted above, Plaintiffs have not identified any "anticompetitive" acquisitions that took place after the Bain-advised funds' July 2018 investment in Varsity, much less one in which Bain officers or any Bain-affiliated individuals had any direct involvement. Bain had no involvement in setting the terms of the Varsity Family Plan or negotiating Varsity Network Agreements. (SUF ¶ 223.) Bain had no involvement with USASF. (SUF ¶ 222.) Bain had no involvement in setting Varsity's competition schedule. (SUF ¶ 225.) Bain had no involvement in the Squad Credentialing Requirement for camps. (SUF ¶ 224.) Indeed, there is simply no evidence that Bain, its officers, or any Bain-affiliated individuals had any "direct participation" in any conduct that Plaintiffs have sought to bring into issue in this case. The mere fact that Bain officers served as officers or directors of the Holding Company does not remotely suffice. *See, e.g.*, *Precision, Inc. v. Kenco/Williams, Inc.*, 66 F. App'x 1, 5-6 (6th Cir. 2003) (holding that having representatives on the board of an entity does not create liability for the entity's actions); *On Point Glob. LLC*, 2021 WL 4892228, at *15; *cf. Bestfoods*, 524 U.S. at 65 ("[T]he existence of the parent-subsidiary relationship . . . is simply irrelevant to the issue of direct liability.").

## CONCLUSION

For the foregoing reasons and the reasons stated in the Varsity Defendants' memorandum, Bain respectfully requests that the Court grant its motion for summary judgment and dismiss all claims against Bain in this litigation.

Dated: July 28, 2023								Respectfully submitted,

/s Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Bain Capital Private Equity, LLC*