**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

JESSICA JONES et al.,

               Plaintiffs,

      v.

VARSITY BRANDS, LLC et al.,

             Defendants.

**Civ. Action No. 2:20-cv-02892**

**CHARLESBANK CAPITAL PARTNERS, LLC'S INDIVIDUAL MEMORANDUM OF
LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## <u>TABLE OF CONTENTS</u>

Introduction....................................................................................................................1

Statement of Facts..........................................................................................................2

Argument ........................................................................................................................3

     I.     Charlesbank Is Not Liable for Varsity's Actions.......................................3

     II.    Charlesbank Employees Had No "Direct Participation" in Any
           Anticompetitive Scheme ............................................................................5

Conclusion ......................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

*Anwar v. Dow Chem. Co.*,
  876 F. 3d 841 (6th Cir. 2017) ................................................................................5

*Corrigan v. U.S. Steel Corp.*,
  478 F.3d 718 (6th Cir. 2007) ................................................................................4

*Cupp v. Alberto-Culver USA, Inc.*,
  310 F. Supp. 2d 963 (W.D. Tenn. 2004) ..............................................................6

*FTC v. On Point Glob. LLC*,
  No. 19-25046-Civ-Scola, 2021 WL 4892228 (S.D. Fla. Sept. 29, 2021) ........... 5-6

*Precision, Inc. v. Kenco/Williams, Inc.*,
  66 F. App'x 1 (6th Cir. 2003) ...............................................................................6

*Seybold v. Tazewell Cnty.*,
  No. 20-cv-1386-JES-JEH, 2022 WL 68385 (C.D. Ill. Jan. 6, 2022) .....................5

*Trinity Indus., Inc. v. Greenlease Holding Co.*,
  No. 08-cv-1498, 2014 WL 1766083 (W.D. Pa. May 2, 2014) ................................4

*United States v. Bestfoods*,
  524 U.S. 51 (1998) .............................................................................................. 4-6

## INTRODUCTION

Plaintiffs' case against Defendant Charlesbank Capital Partners, LLC ("Charlesbank") ignores basic principles of corporate separation in a misbegotten effort to impose liability on Charlesbank for the alleged actions of Varsity.[1]  This effort relies on the unremarkable fact that certain Charlesbank officers served as directors of the holding company that owned the Varsity Defendants.  But, as the Supreme Court has made clear, the veil of corporate separateness between Charlesbank and the Varsity Defendants cannot be pierced—and Charlesbank cannot be held liable for the conduct of directors acting on behalf of Varsity—unless Plaintiffs can show, at a minimum, that these individuals actually acted *contrary to the interests of* Varsity and *for the interests* of Charlesbank.  Plaintiffs have alleged no such facts, and there is zero support for such a theory in the record.  This failure alone is dispositive and requires dismissal of all claims against Charlesbank.

There is a second, independent reason that Plaintiffs' claims against Charlesbank should be dismissed.  When this Court allowed those claims to go forward in the face of Charlesbank's motion to dismiss, it did so because "[d]iscovery may elucidate further facts as to . . . Charlesbank's direct participation in the scheme," which the Court noted "*will be required* at later litigation phases."  (ECF No. 332 at PageID 7198 (emphasis added).)  Discovery has *not* elucidated such facts.  Instead, the record shows that Charlesbank, its officers and affiliated individuals had almost no direct involvement with Varsity's cheerleading business and certainly had no "direct participation" in any scheme that Plaintiffs say is anticompetitive.  Thus, as already recognized by this Court, Plaintiffs' claims must fail as a matter of law.

---

[1] For purposes of this memorandum, "Varsity" and the "Varsity Defendants" refers to Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Spirit Fashions & Supplies, LLC.  "Bain" refers to Bain Capital Private Equity, LP.

Charlesbank is thus entitled to summary judgment dismissing all claims against it.[2]

## STATEMENT OF FACTS

Charlesbank is a registered investment advisor that provides investment advisory services to pooled investment vehicles. Third-party investors contribute capital to the Charlesbank-advised funds, and the funds typically acquire equity stakes in companies identified by Charlesbank.

In December 2014, certain Charlesbank-advised funds acquired a majority of the equity in an entity called Hercules VB Holdings, Inc. (the "Holding Company"). The Holding Company, through an intermediate downstream entity called Varsity Brands Holdings Co., Inc., indirectly acquired the Varsity Defendants. (SUF ¶ 241.) From that point until July 2018, Charlesbank officers served as directors of the Holding Company. (SUF ¶ 231.) For a brief period of time in 2017, a Charlesbank officer served as CEO of Varsity Brands. (SUF ¶ 242.) Charlesbank itself has never owned, directly or indirectly, the Varsity Defendants. (SUF ¶ 238.)

In July 2018, the equity that the Charlesbank-advised funds held in the Holding Company was sold to funds advised by Bain and others, including a minority portion that was sold to another fund advised by Charlesbank. Charlesbank has since had one member of the board of the general partner of a new top-level entity called BCPE Hercules Holdings, LP.

No Charlesbank officer or affiliate, including the Charlesbank officers who served on the board of the Holding Company, had any direct involvement in any of the conduct that Plaintiffs label anticompetitive. Indeed, certain of the allegedly anticompetitive activities identified by the Plaintiffs either took place prior to the Charlesbank-advised funds owning a majority interest in

---

[2] Per the Court's order (ECF No. 465), Charlesbank has submitted this brief to address issues pertaining individually to it. Charlesbank has also joined the joint brief filed by all Defendants as to common issues.

Varsity or following the period during which the Charlesbank-advised funds owned a majority

interest in Varsity.  With respect to allegedly anticompetitive acquisitions identified by Plaintiffs,

such acquisitions at issue were negotiated by, undertaken by, and implemented by the Varsity

Defendants, not Charlesbank.  (SUF ¶ 236.)  Charlesbank did not negotiate, direct, or fund any of

them.  (SUF ¶ 236.)  Charlesbank did not set the terms of the Varsity Family Plan or negotiate

Varsity Network Agreements.  (SUF ¶ 223.)  Charlesbank had no involvement with USASF or

with setting Varsity's competition schedule.  (SUF ¶ 232.)  Charlesbank had no involvement in

the Squad Credentialing Requirement for camps.  (SUF ¶ 234.)

## ARGUMENT[3]

Under applicable doctrines of corporate law, Charlesbank cannot be held liable for

Varsity's actions for two independent reasons.  *First*, an entity such as Charlesbank is not liable

for the actions of its officers (or any other Charlesbank-affiliated individual) when they are

acting as officers, directors, or employees of a different entity.  Plaintiffs bear the burden of

proving the applicability of any exception to this basic rule and they cannot.  *Second*,

Charlesbank cannot be held liable for any of the anticompetitive conduct at issue unless, as the

Court has already held, Plaintiffs can demonstrate Charlesbank's "independent" and "direct

participation" in the wrongful acts at issue.  There is nothing in the record to establish this, either.

Charlesbank accordingly is entitled to summary judgment.

## I.    CHARLESBANK IS NOT LIABLE FOR VARSITY'S ACTIONS

"It is a general principle of corporate law deeply ingrained in our economic and legal

systems that a parent corporation (so-called because of control through ownership of another

---

[3] The standard for summary judgment is provided in the joint brief in support of Defendants'
Motion for Summary Judgment.

corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (quotation marks omitted); *see also Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724-26 (6th Cir. 2007) (same).

This principle of corporate separateness applies with even greater force here, where Charlesbank was not the "owner" of the Varsity Defendants, but rather several of its officers served as directors of the indirect parent entity of the Varsity Defendants. A company is presumptively not liable for the acts of its officers when they are acting as directors or employees of another entity. As the Supreme Court has held, individuals with dual roles as officers or directors at two different entities "can and do 'change hats' to represent the two corporations separately." *Bestfoods*, 524 U.S. at 69. It accordingly would be legal error to "automatic[ally] attribut[e] . . . the actions of dual officers and directors" to the other entity." *Id.* at 70.

The presumption against imputed liability can be overcome only where a dual officer or director acts in ways "plainly contrary to the interests" of the company for which he or she is nominally acting (*i.e.*, Varsity) "yet nonetheless advantageous" to the other company (*i.e.*, Charlesbank). *Id.* at 70 n.13; *see also Trinity Indus., Inc. v. Greenlease Holding Co.*, No. 08-cv-1498, 2014 WL 1766083, at *10-11 (W.D. Pa. May 2, 2014) (quoting *Bestfoods*, 524 U.S. at 70 n.13). This presumption against liability is strongest where, as here, the behavior is "consistent with the norms of corporate behavior." *Bestfoods*, 524 U.S. at 70 n.13. As such, it "cannot be enough to establish liability [of one entity] . . . that dual officers and directors made policy decisions and supervised activities [of the other entity]." *Id.* at 69-70.

There is no evidence in the record to overcome the *Bestfoods* presumption as to Charlesbank. Among other things, there is no evidence that any Charlesbank officer (or other Charlesbank-affiliated individual) acted in any sense "contrary to the interests of" Varsity "yet

4

nonetheless advantageous to Charlesbank." *Id.* at 70 n.13. Where, as here, the sponsor "had an existence and purpose separate from" the portfolio company and advised funds that "invested in" the portfolio company, a sponsor such as Charlesbank is not liable for the actions of the portfolio company, even though it had "a financial interest in its success, and provided resources . . . in pursuit of maximizing its investment." *FTC v. On Point Glob. LLC*, No. 19-25046-Civ-Scola, 2021 WL 4892228, at *5, 15 (S.D. Fla. Sept. 29, 2021) (holding private equity sponsor Drago Global not liable for the actions of its portfolio company despite, among other things, having its founder, CEO, and chairperson serve as chairperson of the portfolio company's board of managers, "work[ing] to attract investment" to the portfolio company, "provid[ing] advice on strategy and executive recruitment," and "approv[ing] decisions brought to the Board, such as those involving equity and debt transactions"); *see also Anwar v. Dow Chem. Co.*, 876 F. 3d 841, 853-54 (6th Cir. 2017) (applying *Bestfoods* presumption to find Dow not liable for the actions of its employee when that employee was acting as an officer of a subsidiary entity); *Seybold v. Tazewell Cnty.*, No. 20-cv-1386-JES-JEH, 2022 WL 68385, at *6-11 (C.D. Ill. Jan. 6, 2022) (dismissing claims against private equity sponsor HIG for actions of portfolio company).

As *Bestfoods* and the other cases cited above make clear, it would be incorrect as a matter of law to hold Charlesbank liable for the alleged actions of the Varsity Defendants based on the fact that Charlesbank officers acted as directors and officers of Varsity or Varsity Defendants' indirect parent entity. But that is precisely what Plaintiffs improperly seek to do here. Because there is no legal basis for such a claim, summary judgment is appropriate.

## II.    CHARLESBANK EMPLOYEES HAD NO "DIRECT PARTICIPATION" IN ANY ANTICOMPETITIVE SCHEME

There is likewise no evidence of "Charlesbank's direct participation in the scheme," which the Court previously held would "be required at later litigation stages." (ECF No. 332 at

PageID 7198.)  *See also Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963, 973 (W.D. Tenn. 2004) (dismissing antitrust claims against corporate parent because "[t]he Court declines to presume that a parent company participates in every decision or action of its subsidiary"). Discovery is complete, and there is no evidence that Charlesbank, its officers, or any other Charlesbank-affiliated individual had any involvement, much less "direct participation in," the actions of Varsity or USASF that Plaintiffs contend violated the antitrust laws.  Neither Charlesbank nor any Charlesbank-affiliated individual negotiated, directed, or funded any of the acquisitions that Plaintiffs seek to bring into issue, Varsity did.  (SUF ¶ 236.)  Charlesbank had no involvement in setting the terms of the Varsity Family Plan or negotiating Varsity Network Agreements.  (SUF ¶ 233.)  Charlesbank had no involvement with USASF.  (SUF ¶ 232.) Charlesbank had no involvement in setting Varsity's competition schedule.  (SUF ¶ 235.) Charlesbank had no involvement in the Squad Credentialing Requirement for camps.  (SUF ¶ 234.)  Indeed, there is simply no evidence that Charlesbank or any Charlesbank-affiliated individual had any "direct participation" in any conduct that Plaintiffs have sought to bring into issue in this case.  The mere fact that Charlesbank officers served on the board of directors or as an employee does not remotely suffice.  *See, e.g.*, *Precision, Inc. v. Kenco/Williams, Inc.*, 66 F. App'x 1, 5-6 (6th Cir. 2003) (holding that having representatives on the board of an entity does not create liability for the entity's actions); *On Point Glob. LLC*, 2021 WL 4892228, at *15; *cf. Bestfoods*, 524 U.S. at 65 ("[T]he existence of the parent-subsidiary relationship . . . is simply irrelevant to the issue of direct liability.").

## CONCLUSION

For the foregoing reasons and the reasons stated in the Varsity Defendants' memorandum, Charlesbank respectfully request that the Court grant its motion for summary judgment and dismiss all claims against Charlesbank in this litigation.

Dated: July 28, 2023                 Respectfully submitted,

                                     /s Matthew S. Mulqueen

                                     George S. Cary*
                                     Steven J. Kaiser*
                                     CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                     2112 Pennsylvania Avenue, NW
                                     Washington, DC 20037
                                     Phone: (202) 974-1500
                                     Fax: (202) 974-1999
                                     gcary@cgsh.com
                                     skaiser@cgsh.com

                                     Jennifer Kennedy Park*
                                     Heather Nyong'o*
                                     CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                     1841 Page Mill Road, Suite 250
                                     Palo Alto, CA 94304
                                     Phone: (650) 815-4100
                                     Fax: (202) 974-1999
                                     jkpark@cgsh.com
                                     hnyongo@cgsh.com

                                     * Admitted *pro hac vice*

                                     Matthew S. Mulqueen (TN #28418)
                                     Adam S. Baldridge (TN #23488)
                                     BAKER, DONELSON, BEARMAN, CALDWELL &
                                     BERKOWITZ
                                     165 Madison Avenue, Suite 2000
                                     Memphis, TN 38103
                                     Phone: (901) 526-2000
                                     Fax: (901) 577-0866
                                     mmulqueen@bakerdonelson.com
                                     abaldridge@bakerdonelson.com

                                     *Attorneys for Charlesbank Capital Partners, LLC*