IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES and CHRISTINA LORENZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>  Plaintiffs,<br>v.<br><br><br>VARSITY BRANDS, LLC, et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 2:20-cv-02892-SHL-tmp<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING IN PART AND DENYING IN PART INDIRECT PURCHASERS' MOTION FOR LEAVE TO AMEND**

Before the Court is Plaintiffs Jessica Jones and Christina Lorenzen's (together, "Indirect Purchasers") Motion for Leave to Amend, filed August 23, 2022, (ECF No. 343), Defendants Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC; U.S. All Star Federation, Inc. ("USASF"); Charlesbank Capital Partners, LLC ("Charlesbank"); Bain Capital Private Equity, LP ("Bain"); and Jeff Webb's (together, "Defendants") Response, filed September 6, 2022, (ECF No. 349), and Indirect Purchasers' Reply, (ECF No. 355), filed September 16, 2022. For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

Varsity[1] is a prominent host of competitive cheerleading competitions and camps. In 2014, Charlesbank, a Boston-based company, acquired Varsity for $1.5 billion. (Id. at PageID

---

[1] The Indirect Purchasers define "Varsity" as the collective term to represent Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Fashion & Supplies, LLC. (ECF No. 1 at PageID 4.)

22.) Charlesbank then "converted both Varsity Brands, Inc. and Varsity Spirit, Inc. to limited liability companies owned and controlled by Charlesbank." (Id.) During the period of Charlesbank's ownership, Plaintiffs allege that "Charlesbank conspired with Varsity and Webb to consolidate Varsity's market power by acquiring its biggest rivals." (Id. at PageID 28.) In particular, Varsity acquired "Cheer Limited, one of Varsity's largest rivals," in 2014; acquired JAM Brands, "its largest remaining competitor," and Allgoods, LLC, an apparel company, in 2015; and, in 2016-17, acquired "actual or potential competitors . . . including Aloha Productions, Spirit Celebrations, Mardi Gras Spirit, and Team Epic Brands." (Id. at PageID 23–24.)

Four years after Charlesbank's acquisition, Bain, another Boston-based company, acquired Varsity in an approximately $2.5 billion deal. (Id. at PageID 22.) According to Plaintiffs, Bain purchased Varsity "to obtain the benefits of [its] monopoly power" in the proposed markets and "provided funding to enhance, extend, and ensure Varsity Brands' monopoly power." (Id. at PageID 8–9.) Specifically, Plaintiffs allege that Bain participated in the anticompetitive scheme by sitting on Varsity's Board of Directors, funding further acquisitions of rivals, including its acquisition of Epic Brands in January 2018, (see id. at PageID 26), and "conspiring with Varsity and Webb" to continue and enhance the monopoly. (Id. at PageID 28.) Even after Bain's acquisition of Varsity, Plaintiffs contend that Charlesbank continued "to be actively involved in the alleged anticompetitive scheme" by sitting on Varsity's Board of Directors. (Id.) Bain owned Varsity at the time that the Complaint was filed. (Id. at PageID 22.)

Indirect Purchasers are the parents of Competitive Cheer Athletes who were members of either All-Star Gym teams or school cheer teams. (Id. at PageID 6.) They allege that all

Defendants committed violations of § 1, 2, and 3 of the Sherman Act, and the antitrust and consumer protection laws of thirty-one (31) states, including Tennessee. Based on these allegations, Plaintiffs filed their Class Action Complaint on December 10, 2020. (ECF No. 1.)

Defendants filed a combined Motion to Strike, as well as individual Motions to Dismiss on March 12, 2021. (ECF Nos. 55, 57, 58, 59 & 60.) At the time, two related cases were also before the Court: Fusion Elite All Stars v. Varsity Brands, LLC, 2:20-cv-02600-SHL-tmp (W.D. Tenn. Aug. 13, 2020) ("Fusion")[2] and American Spirit and Cheer Essentials Inc. v. Varsity Brands, LLC, 2:20-cv-02782-SHL-tmp (W.D. Tenn. Jul. 24, 2020) ("American Spirit")[3]. Bain and Charlesbank were initially defendants in American Spirit but were dismissed from that case on October 28, 2021. (American Spirit, ECF No. 141.)

On September 18, 2021, Indirect Purchasers filed Motions to Compel Discovery Responses from both Bain and Charlesbank, seeking documents from a variety of custodians. (ECF Nos. 101, 102.) Chief Magistrate Judge Tu M. Pham held a hearing on the motions on November 19, 2021. (ECF No. 164.) At the hearing, Bain and Charlesbank asserted that because they had been dismissed from American Spirit, their dismissal from the present case was imminent. (ECF No. 169 at PageID 2718.) As a result, they argued that they should not be required to participate in discovery until the Court had ruled on their pending Motions to Dismiss. (Id.) On December 13, 2021, Judge Pham granted Indirect Purchaser's Motion to

---

[2] The parties in Fusion filed a Joint Notice of Settlement on January 31, 2023. (ECF No. 324.) The Court granted the parties Motion for Preliminary Approval of Settlement on April 25, 2023. (ECF No. 336.) A Final Settlement Fairness Hearing has been set for September 26, 2023. (ECF No. 337.)

[3] American Spirit was dismissed on March 21, 2023. (ECF No. 306.)

Compel in part and ordered that discovery would proceed regardless of the pending dispositive motion. (ECF No. 174.)

Despite Judge Pham's ruling that Bain and Charlesbank were required to comply with their discovery obligations, the two entities dragged their feet throughout the discovery process. The Court had to enter several orders to get Bain and Charlesbank to provide discovery. See (ECF No. 174) (granting in part Motion to Compel); (ECF No. 261 at PageID 5240 n.4) ("It bears repeating: discovery as to Bain and Charlesbank is not and never has been stayed. . . . Defendants have repeatedly noted that they expect Bain and Charlesbank to be dismissed from the case. Defendants' confidence in their ability to predict the rulings of the court is not a reason to prevent or stall discovery.") (internal citations omitted); (ECF No. 325 at PageID 7129) ("The reason for the delayed filing of the motion is solely due to defendants' incorrect interpretation of the court's prior order.").

After a delay caused by Bain and Charlesbank's misreading of Court orders, Indirect Purchasers took the Rule 30(b)(6) depositions of Bain and Charlesbank on July 6 and 7, 2022. (ECF No. 344 at PageID 7566.) During the Charlesbank 30(b)(6) deposition, the Indirect Purchasers discovered the following additional Charlesbank entities that purchased ownership stakes in Varsity during the 2014 transaction:

| Entity | Varsity Ownership |
|---|---|
| Charlesbank Equity Fund VIII, Limited Partnership | 29.67% |
| Charlesbank Equity Fund VII, Limited Partnership | 19.26% |
| CB Offshore Equity Fund VIII, L.P. | 8.47% |
| CB Offshore Equity Fund VII, L.P. | 4.47% |
| CB Parallel Fund VII, Limited Partnership | 1.92% |
| Charlesbank Equity Coinvestment Fund VIII, Limited Partnership | 1.05% |
| Charlesbank Equity Coinvestment Fund VII, Limited Partnership | 0.47% |
| CB Associates Fund VIII, Limited Partnership | 0.04% |

(Id.) During Bain's 30(b)(6) deposition, the following identities of Bain and Charlesbank entities that acquired common stock ownership interests in Varsity during the 2018 transaction were also revealed:

| Entity | Varsity Ownership |
|---|---|
| Bain Capital Fund XII, L.P. | 53.61% |
| Charlesbank Equity Fund IX, Limited Partnership | 12.60% |
| BCIP Associates V, LP | 6.76% |
| Bain Capital Fund (Lux) XII, SCSp | 3.81% |
| Bain Capital Fund (DE) XII, L.P. | 2.95% |
| CB Offshore Equity Fund IX, Limited Partnership | 2.90% |
| Charlesbank Executives Fund IX, Limited Partnership | 0.52% |
| BCIP Associates V-B, LP | 0.42% |
| Charlesbank Associates Fund IX, Limited Partnership | 0.02% |

(Id.)

Bain and Charlesbank's predictions that they would soon be out of the case turned out to be incorrect. The Court denied Charlesbank and Bain's Motion to Dismiss, (ECF No. 332), and granted in part and denied in part Varsity, USASF, and Jeff Webb's Motions to Dismiss, (ECF No. 333), on August 1, 2022.

On August 23, 2022, Indirect Purchasers filed the instant motion seeking to amend their Complaint to include the above entities as Defendants.[4]

---

[4] On August 12, 2022, the Indirect Purchasers sought reconsideration of several of the Court's rulings on Defendants' Motions to Dismiss. (ECF No. 335.) Indirect Purchasers include the following footnote in the instant motion:

## ANALYSIS

Indirect Purchasers move to amend their Complaint to include the Charlesbank and Bain entities that acquired and maintained ownership interests in Varsity during the relevant time period.  (ECF No. 344 at PageID 7567.)  Defendants oppose the amendment, arguing that the motion is untimely under the Scheduling Order and that any proposed amendment would be futile.  (ECF No. 349 at PageID 7650.)

### I.     Standard for Amendment

"Seeking leave to amend a complaint after the scheduling order's deadline implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16."  McNichols v. Lyons, No. 3:17-CV-688-RGJ, 2023 WL 5154525, at *2 (W.D. Ky. Aug. 10, 2023) (quoting Carrizo (Utica) LLC v. City of Girard, Ohio, 661 F. App'x 364, 367 (6th Cir. 2016)).  Rule 15 provides that a plaintiff may amend his pleading with the court's leave, which should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the

---

Plaintiffs recently sought reconsideration of the Court's order granting Defendants' motions to dismiss on the Tennessee antitrust and consumer protection claims. In Plaintiffs' motion for reconsideration, Plaintiffs sought leave to amend to add factual allegations on the cheer camps and cheer competitions markets, and to address certain specific pleading requirements of state laws giving rise to Plaintiffs' claims. Should the Court find that Plaintiffs had not adequately pled facts concerning those markets, Plaintiffs would seek leave to amend on similar grounds.

(ECF No. 344 at PageID 7567 n.3) (internal citations omitted).

On August 31, 2023, the Court entered an Order Granting Indirect Purchasers' Motion to Reconsider and Granting in Part and Denying in Part Defendants' Motion to Strike.  (ECF No. 475.)  Upon reconsideration, the Court again dismissed the Indirect Purchasers' Tennessee Trade Practices Act claims relating to the Cheer Camp and Competition markets.  (Id. at PageID 19497.)  To the extent that Indirect Purchasers are attempting to "Bring It On Again" and amend the complaint as to these claims, the motion is **DENIED**.

absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). "A party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court[.]" McNichols, 2023 WL 5154525, at *2 (quoting Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc., 64 F.3d 1001, 1008 (6th Cir. 1995)). But when the deadline established by the court's scheduling order has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend." Com. Benefits Grp., Inc. v. McKesson Corp., 326 F. App'x 369, 376 (6th Cir. 2009).

## II.     Rule 16

In determining whether a plaintiff has shown good cause under Rule 16(b) for failure to seek leave to amend before the deadline had passed, the Court considers whether: 1) the plaintiff exhibited diligence in trying to meet the scheduling order's requirements; and 2) defendant is prejudiced by amendment. McNichols, 2023 WL 5154525, at *2 (citing Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). "If a party is delayed in discovering the basis for amending its pleadings due to circumstances beyond its control, it may use that delay as a basis for arguing that a Rule 16(b) order deadline should be extended." Id. (citing Permasteelisa CS Corp. v. Airolite Co., LLC, No. 2:06-CV-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007)). Prejudice to the non-moving party is a relevant consideration, "but the main focus should remain on the moving party's exercise of diligence." Cooke v. AT&T Corp., No. 2:05-CV-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007) (citing Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 830 (6th Cir. 2005)).

7

The Court's April 7, 2021 Scheduling Order established a November 19, 2021deadline to amend pleadings.  (ECF No. 61 at PageID 355.)  This motion was filed long after that deadline.  Despite this, Indirect Purchasers' motion exclusively cites to the generous Rule 15 standard.  Nevertheless, Indirect Purchasers have shown good cause to modify the Scheduling Order.

Here, Indirect Purchasers could not have sought leave to amend the Complaint earlier because the depositions of Bain and Charlesbank did not take place until July 2022, several months after the close of discovery.  This delay was a result of Bain and Charlesbank's reticence to participate in the discovery process.

Defendants argue Indirect Purchasers knew the identity of the investors before the November 19, 2021 deadline because the 2018 investors were listed in a document that was produced in June 2021 and that the 2014 investors were listed in a document that was produced in October 2021.  (ECF No. 349 at PageID 7652.)  Plaintiffs acknowledge that these entities were mentioned in documents produced during discovery, but they assert that "the contractual relationships, and the extent of their involvement, ownership, and benefit" was not clear until the 30(b)(6) depositions.  (ECF No. 356 at PageID 7735.)  Because Plaintiffs were entitled to understand the full involvement of these entities through deposition testimony, but were thwarted in their efforts by Defendants' feet dragging, the Court is persuaded that Indirect Purchasers were diligent in their attempt to comply with the Scheduling Order.

As for whether Defendants will be prejudiced by the amendment, Indirect Purchasers state that no further discovery as to the new entities would be necessary, thus their addition would not prejudice Defendants.  Defendants disagree, arguing that these entities will be prejudiced "by being added to the case years after it began and even more years after their respective investments in Varsity Brands."  (ECF No. 349 at PageID 7653.)  However, again, the

8

lateness of the addition of these parties is the result of Bain and Charlesbank's own reluctance to engage in discovery. The record supports a conclusion that the entities to be added have had knowledge of this matter for some time, and thus the Court does not find that the amendment will cause any prejudice to Defendants. Therefore, the Court finds good cause to allow amendment under Rule 16.

### III.     Rule 15

"In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Id. (quoting Brumbalough v. Camelot Care Centers, Inc., 427 F.3d 996, 1001 (6th Cir. 2005)). As discussed above, the delay in filing the motion was not avoidable, and there is no undue prejudice to Defendants. Further, there is no evidence of bad faith or lack of notice to Defendants, given their full knowledge of this matter and the ownership interests of these other entities. This is Indirect Purchasers' first request to amend the Complaint. The only consideration remaining is whether the proposed amendment would be futile.

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Id. (quoting Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000)). To survive a Rule 12(b)(6) motion, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." DirecTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim." Fed. R. Civ. P.

8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Iqbal, 556 U.S. at 677).

As Defendants point out, Indirect Purchasers have not attached an amended complaint to their motion. Instead, in their Reply, Indirect Purchasers set forth the following allegations:

> Defendants, acting in concert, participated independently in an anticompetitive scheme to foreclose competition and exclude rivals. The evidence shows that the acquisitions of rivals was a key feature of this conduct. The evidence also shows that the funds necessary for such acquisitions came from capital advanced or arranged by Charlesbank and Bain, including the limited partnerships Plaintiffs seek to add. Further the affiliated entities either received hundreds of millions of dollars in monopoly profits in the form of special dividends or proceeds of the $2.88 billion sale to Bain in 2018 or stand to receive similar payouts in the future. In addition, these affiliated entities, together with Charlesbank and Bain are liable for the acts of their agents in violation of federal and state antitrust, consumer protection, and common law.

(ECF No. 356 at PageID 7739.) "Normally, a party seeking an amendment should attach a copy of the amended complaint." Kuyat v. BioMimetic Therapeutics, Inc., 747 F.3d 435, 444 (6th Cir. 2014). At the very least, the allegations should be laid out in the Motion for Leave to Amend, to allow a court to evaluate whether the proposed amendments would be futile. Here, Indirect Purchasers set forth the allegations that they planned to include in their amended complaint in their Reply. Although the claims were not properly raised, the Court will nevertheless consider them.

The allegations, though somewhat thin, overlap substantially with the claims brought against Bain and Charlesbank that have already survived a motion to dismiss. (ECF No. 332.) As a result, and taking all facts in the light most favorable to the Indirect Purchasers, the Court finds the amendment would not be futile. Therefore, Indirect

Purchaser's Motion for Leave to Amend is **GRANTED**.  Plaintiffs may add the Bain and Charlesbank affiliated entities as Defendants.  However, the Amended Complaint may not include claims that were not raised in the Reply.  To the extent that Indirect Purchasers are attempting to resurrect claims that have already been dismissed, the motion is **DENIED**.

## CONCLUSION

Indirect Purchasers' Motion for Leave to Amend is **GRANTED IN PART** and **DENIED IN PART**.  Indirect Purchasers are directed to file an Amended Complaint by September 27, 2023.

**IT IS SO ORDERED,** this 20th day of September, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
