**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

|  |  |
|---|---|
| JONES, ET AL. <br><br>                  Plaintiffs, <br>     v. <br><br> VARSITY BRANDS, LLC, ET AL., <br><br>                  Defendants. | **Case No. 2:20-cv-02892-SHL-tmp** |

**DEFENDANTS' MOTION TO REQUIRE ADHERENCE WITH FORMATTING REQUIREMENTS OF LOCAL RULE 7.1**

Local Rule 7.1 requires that, in papers presented for filing, "[l]ines must be double-spaced, except that quotations may be indented and single-spaced and headings and footnotes may be single-spaced."  LR 7.1(b).  All widely-used word processing programs, including Microsoft Word, Google Documents, and Apple Pages, use 28 "points" of spacing when set to double-space lines.

In the process of preparing replies in support of Defendants' motion for summary judgment, Defendants discovered that Plaintiffs have with regularity overrode the standard double-space setting and instead spaced lines 24 points apart.  This has enabled  Plaintiffs to have approximately 27 lines on each page, rather than the approximately 23 lines per page that would result from formatting using standard double spacing.  By doing so, Plaintiffs gained approximately 7 and a half additional pages for their statement of additional facts and approximately 17 additional pages for their legal memoranda opposing summary judgment.[1]

---

[1] These calculations are based on approximately four additional lines per page for Plaintiffs' 49-page statement of additional material fact (effectively rendering it a 57-and-a-half page statement) and 99 pages of legal memoranda (effectively rendering those memoranda 116 pages long).

This was not in accordance with the rules requiring double-spacing.  *See, e.g.*, *P.G. ex rel. D.G. v. City Sch. Dist. of New York*, No. 14 CIV. 1207 KPF, 2015 WL 787008, at *1 (S.D.N.Y. Feb. 25, 2015) ("Plaintiffs' counsel abused the page limit and violated the Local Rules by reducing the line spacing to slightly less than double-spaced.  This meant that rather than having 23 lines per page, Plaintiffs had 27 lines per page."); *Doubleday Acquisitions LLC v. Envirotainer AB*, No. 1:21-CV-03749-SCJ, 2022 WL 18777366, at *3 (N.D. Ga. July 1, 2022) (surveying cases and concluding that the court's local rules, which required text to be "double-spaced between lines," required "parties to use a word processor's default double-spacing option rather than exact spacing").

There do not appear to be any cases in this district pertaining to this issue.  During the meet and confer process relating to this motion, Plaintiffs pointed to cases from districts in the Ninth Circuit to the effect that 24-point spacing complies with those courts' local rules, in particular *Andrich v. Glynn*, No. CV-21-00047-TUC-RM, 2023 WL 4847592, at *3 (D. Ariz. July 28, 2023) and *Sameer v. Khera*, No. 117CV01748DADEPG, 2018 WL 3472557, at *1 (E.D. Cal. July 18, 2018).  At least one of those districts has local rules expressly allowing documents with up to 28 lines per page; this district does not.  *See Andrich*, at *3.[2]

To ensure a level playing field going forward, Defendants request that the Court issue an order requiring the default spacing of Microsoft Word, Google Docs, and Apple Pages (28 points between lines for double spacing, 14 points between lines for single spacing) for filings subject to Local Rule 7.1.

---

[2] *See* Local Rule 7.1(b)(1), *available at* https://www.azd.uscourts.gov/sites/azd/files/local-rules/LRCiv_2021.pdf.

Dated: October 19, 2023

Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted pro hac vice

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Defendants Varsity Brands, LLC,
 Varsity Spirit, LLC; Varsity Spirit Fashions &
 Supplies, LLC; Charlesbank Capital*

*Partners, LLC; Bain Capital Private Equity
LP*

s/ Nicole Berkowitz Riccio
Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.
 and USA Sport Cheering, d/b/a USA Cheer*

s/ Brendan P. Gaffney
Paul E. Coggins*
Brendan P. Gaffney*
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

* Admitted *pro hac vice*

Edward L. Stanton III (TN #018904)
S. Keenan Carter (TN #023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Phone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.Carter@butlersnow.com

*Attorneys for Jeff Webb*

4

**CERTIFICATE OF CONSULTATION UNDER LOCAL RULE 7.2(a)(1)(B)**

I hereby certify that on September 28, 2023, I notified Plaintiffs' counsel via email of Defendants' position that Plaintiffs' use of 24-point spacing did not comply with Local Rule 7.1(b).  Plaintiffs indicated via email on September 28, 2023, that they disagreed with Defendants' interpretation of the rule.  Defendants notified Plaintiffs of Defendants' intent to seek the relief requested in this motion via telephone on October 18, 2023, after which Defendants sought an agreed resolution of the issue via email consultation.  Plaintiffs indicated via email on October 19 that they continued to disagree with Defendants' interpretation of LR 7.1(b) and would not agree to use Microsoft Word's double spacing, necessitating this motion.

s/ Matthew S. Mulqueen
Matthew S. Mulqueen