# **APPENDIX A**

## APPENDIX A

| Ds' Obj. No. | Pls.' Resp. to Defs.' SUF No. | Plaintiffs' Evidence; Defs.' Objections | Plaintiffs' Response |
|---|---|---|---|
| 1 | *Passim.* See Defs.' Appendix A. (ECF No. 507) | Exs. 1-8 [Pls.' Expert Reports and. Rebuttal Reports. <br><br> Inadmissible expert testimony. Fed. R. Evid. 702, 403; *see also Ask Chems., LP v. Comput. Packages, Inc.*, 593 F. App'x 510, 510 (6th Cir. 2014); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 584 (S.D.N.Y. 2018). | Admissible expert opinion. Fed. R. Evid.[1] 702, 703. |
| 2, 3 | 3, 18 | Ex. 20 [Cota Dep.] at 223:11-17. <br><br> The cited testimony purports to offer an expert opinion but the witness is not qualified as an expert witness. Fed. R. Evid. 701, 702. | Statements based on personal knowledge (*see* Ex. 20, 50:9-52:21); rationally based on employment-based perception, proper opinion testimony of lay witness. 602, 701, 807. |
| 4 | 28 | Ex. 20 [Cota Depo] at 64:24-65:19. <br><br> The cited testimony is inadmissible for lack of foundation and personal knowledge. Fed. R. Evid. 602. | Statements based on personal knowledge (*see* Ex. 20, 50:9-52:21); rationally based on employment-based perception. 602, 701, 807. |
| 5 | 41 | Ex. 11 at 70:22-71:23. <br><br> The cited testimony is inadmissible for lack of foundation and personal knowledge. Fed. R. Evid. 602. | The witness had personal knowledge of the Swarovski contract through his position at Varsity. 602, 807. |

---

[1] All subsequent citations are to the Federal Rules of Evidence unless otherwise indicated.

| Ds' Obj. No. | Pls.' Resp. to Defs.' SUF No. | Plaintiffs' Evidence; Defs.' Objections | Plaintiffs' Response |
|---|---|---|---|
| 6 | 48 | Ex. 19 [Cherasaro Dep.] at 58:18-59:7.<br><br>The cited testimony is inadmissible hearsay and it lacks foundation and personal knowledge, Fed. R. Evid. 602, 802. | Not hearsay. The witness testified that her long involvement with cheerleading and her knowledge of the rules informed her testimony, which was based on her personal knowledge and rationally based on her perceptions. 801, 602, 701, 807. |
| 7 | 115 | Ex. 11[Parrish Dep.] at 31:22-33:3<br><br>The cited testimony is inadmissible hearsay. Fed. R. Evid. 802. Lack of personal knowledge. Fed. R. Evid. 602.  Speculative. *See Simmerman v. Ace Bayou Corp.*, 2016 WL 109944 at *3 (E.D. Ky. Jan. 8.2016). | Not hearsay. The witness testified that he was a founding member of the NACCC, providing foundation and establishing his personal knowledge for his testimony about the NACCC's interactions with the rival rulemaking organization USASF. 801, 602, 807. |
| 8 | 121 | Ex. 139<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. Irrelevant as it predates the limitations period. Fed. R. Evid. 401. | Not Hearsay: Varsity executives forwarded both, manifesting belief in truth of IEP statements [801(d)(2)(B)] in email that is a party admission and business record. 801(d)(2)(A); 803(6); 807. Also, email and attachments are recorded recollections and business records. 803(5); 803(6); 807. Also not irrelevant. *See* Order Denying Defendants Bain Capital Private Equity, LP and Charlesbank Capital Partners, LLC's Motion to Dismiss ("MTD Order"), Aug. 1, 2022, ECF No. 332 at PageID 7191-7192. See also, *Oshana v. Coca-Cola Co.*, No. 04 C 3596, 2005 WL 1661999, at *5 (N.D. Ill. July 13, 2005) ("*Oshana*") (a plaintiff "may use evidence before the statutory period to support her claims, [but] she may not rely on that evidence as constituting the violation giving rise to injury within the statutory period"). |
| 9 | 130 | Ex. 198<br><br>Contains inadmissible | Not hearsay: USASF VP responded manifesting belief in truth and party admission. 801(d)(2)(B), 801(d)(2)(D. Also, |

| Ds' Obj. No. | Pls.' Resp. to Defs.' SUF No. | Plaintiffs' Evidence; Defs.' Objections | Plaintiffs' Response |
|---|---|---|---|
| | | hearsay. Fed. R. Evid. 802. | business record. 803(6), 807. |
| 10 | 130 | Ex. 201<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: Varsity executives manifested belief statements were true. 801(d)(2)(B). Also, recorded recollection; business record. 803(5); 803(6), 807. |
| 11 | 130 | Ex. 202<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: USASF VP forwarded to Varsity manifesting belief in truth. 801(d)(2)(B). Also, business record; market report. 803(6), 803(17), 807. |
| 12 | 133 | Ex. 55<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: cited document contains no hearsay statements. 801. Also, business record, market report. 803(6), 803(17), 807. |
| 13 | 133 | Ex. 56.<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: cited evidence contains no hearsay statements, and emailed by Varsity executives manifesting belief in truth. 801(c), 801(d)(2)(B). Also, business record; market report. 803(6), 803(17), 807. |
| 14 | 140 | Ex. 136.<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: USASF executive manifested belief statements were true. 801(d)(2)(B). Also, Gym owner statement is recorded recollection business record. 803(5), 803(6), 807. |
| 15 | 140 | Ex. 137.<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: USASF VP forwarded to Varsity manifesting belief in truth. 801(d)(2)(B). Also, business record. 803(6), 807. |
| 16 | 171, 212 | Ex. 132.<br><br>Lack of personal knowledge. Fed. R. Evid. 602. Speculative. *See Simmerman v. Ace Bayou Corp.*, 2016 WL 109944 at *3 (E.D. Ky. Jan. 8. 2016). | Webb statement is party admission [801(d)(2)(A)] and Fowlkes's email—a recorded recollection, employee statement made in the course of the relationship, and evincing personal knowledge [803(5), 801(d)(2)(D), 602]—manifests belief that Webb's statement is true. 801(d)(2)(B), 807. |
| 17 | 211 | Ex. 266.<br><br>Irrelevant as it predates the limitations period. Fed. R. Evid. 401. | Not irrelevant. *See* MTD Order at PageID 7191-7192; *see also Oshana v. Coca-Cola Co.*, No. 04 C 3596, 2005 WL 1661999, at *5. Also, Party admission; business record. 801(d)(2)(D), 803(6); 807. |
| 18 | 223 | Ex. 12 [Elza Dep.] at 56:2-57:17. | Not hearsay: party admission. 801(d)(2)(D). Also, the witness demonstrated personal |

| Ds' Obj. No. | Pls.' Resp. to Defs.' SUF No. | Plaintiffs' Evidence; Defs.' Objections | Plaintiffs' Response |
|---|---|---|---|
| | | The cited testimony is inadmissible hearsay. Fed. R. Evid. 802. | knowledge (*see* Ex. 12 at 281:17-282:10); ;. 602, 807. |