# **APPENDIX B**

## APPENDIX B

| Ds' Obj. No. | Pls.' SUF No. | Plaintiffs' Evidence; Defs.' Objections | Plaintiffs' Response |
|---|---|---|---|
| 1 | *Passim.* See Defs' Appendix A, ECF 508. | Exs. 1-8 [Pls.' Expert and Rebuttal Reports].<br><br>Inadmissible expert testimony. Fed. R. Evid. 702, 403; *see also Ask Chems., LP v. Comput. Packages, Inc.*, 593 F. App'x 510, 510 (6th Cir. 2014); *In re LIBOR-Based Fin. Instruments* | Admissible expert opinion. Fed. R. Evid.[1] 702, 703. |
| 2 | 28 | Ex. 30 [Jones Dep.] at 34:21-36:6, 36:2-36:6.<br><br>The cited testimony is inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: cited testimony contains no hearsay statements; based on Plaintiff's personal knowledge. 801; 602; 807. |
| 3 | 42 | Ex. 12 [Elza Dep.] at 152:7-156:3.<br><br>The cited testimony is inadmissible for lack of foundation and personal knowledge. Fed. R. Evid. 602. | Statements based on Witness's personal knowledge (*see* Ex. 12 at 33:23-34:1; 100:6-8). 602; 807. |
| 4, 5 | 61, 64 | SUF 61: Ex. 20 [Cota Dep.] at 53:15–21; SUF 64: Ex. 20 [Cota Dep.] at 53:9-54:2.<br><br>The cited testimony is inadmissible for lack of foundation and personal knowledge. Fed. R. Evid. 602. | Statements based on personal knowledge (s*ee* Ex. 20, 50:9-52:21); rationally based on employment-based perception. 602, 701; 807. |
| 6 | 68 | Ex. 11 [Parrish Dep.] at 476:9-478:12.<br><br>The cited testimony purports to offer an expert opinion but the witness is not qualified as an expert witness. Fed. R. Evid. 701, 702. | Statements based on personal knowledge (*see* Ex. 11, 317:5-318:13; 476:8-10); rationally based on employment-based perception; not based on any scientific, technical, or other specialized knowledge. 602, 701, 702, 807. |
| 7 | 75 | Ex. 101<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: Admissible as generally known, readily verifiable. 201; 807. |
| 8, 9 | 77, 102, | Ex. 102 | Admissible reputation evidence; generally known within |

---

[1] All subsequent citations are to the Federal Rules of Evidence unless otherwise indicated.

| Ds' Obj. No. | Pls.' SUF No. | Plaintiffs' Evidence; Defs.' Objections | Plaintiffs' Response |
|---|---|---|---|
| | 103, 114, 156 | Contains inadmissible hearsay. Fed. R. Evid. 802. Lack of personal knowledge. Fed. R. Evid. 602. Speculative. *See Simmerman v. Ace Bayou Corp.*, 2016 WL 109944 at *3 (E.D. Ky. Jan. 8. 2016) ("Speculative testimony is inadmissible for lay and expert witnesses alike."). | jurisdiction; business record. 803(21); 201; 803(6); 807. |
| 10 | 103 | Ex. 189<br><br>Irrelevant as it predates the limitations period. Fed. R. Evid. 401. | Not irrelevant. *See* Order Denying Defendants Bain Capital Private Equity, LP and Charlesbank Capital Partners, LLC's Motion to Dismiss ("MTD Order"), Aug. 1, 2022, ECF No. 332 at PageID 7191-7192. *See also Oshana v. Coca-Cola Co.*, No. 04 C 3596, 2005 WL 1661999, at *5 (N.D. Ill. July 13, 2005) ("*Oshana*") (a plaintiff "may use evidence before the statutory period to support her claims, [but] she may not rely on that evidence as constituting the violation giving rise to injury within the statutory period"). Also, party admission; business record. 801(d)(2)(A); 803(6); 807. |
| 11 | 127 | Ex. 165 at 5259.<br><br>The cited testimony is inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: party manifests belief in truth of statements; business record. 801(d)(2)(B); 803(6); 807. |
| 12 | 130 | Ex. 173<br><br>Lack of personal knowledge Fed. R. Evid. 602. Speculative. *See Simmerman v. Ace Bayou Corp.*, 2016 WL 109944 at *3 (E.D. Ky. Jan. 8. 2016). | Statements based on personal knowledge; party admission; forwarded emails manifest belief in truth of statements; business record. 602; 801(d)(2)(A); 801(d)(2)(B); 803(6); 807. |
| 13 | 131 | Ex. 133<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: party admission. 801(d)(2)(A). |
| 14 | 132 | Ex. 201<br><br>Contains inadmissible hearsay. Fed. R. | Not hearsay: Varsity executives manifested belief statements were true. 801(d)(2)(B). Also, recorded |

| Ds' Obj. No. | Pls.' SUF No. | Plaintiffs' Evidence; Defs.' Objections | Plaintiffs' Response |
|---|---|---|---|
| | | Evid. 802. | recollection; business record. 803(5), 803(6), 807. |
| 15 | 133 | Ex. 136<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: USASF executive manifested belief statements were true. 801(d)(2)(B). Also, gym owner statement is recorded recollection; business record. 803(5); 803(6); 807. |
| 16 | 133, 134, 147, 157 | Ex. 132<br><br>Lack of personal knowledge. Fed. R. Evid. 602. Speculative. *See Simmerman v. Ace Bayou Corp.*, 2016 WL 109944 at *3 (E.D. Ky. Jan. 8. 2016). | Webb statement: party admission; Fowlkes manifested belief in truth. 801(d)(2)(A) & (B). Fowlkes email: recorded recollection; party admission; based on personal knowledge. 803(5); 801(d)(2)(D); 602; 807. |
| 17 | 137, 145, 146 | Ex. 139<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. Irrelevant as it predates the limitations period. Fed. R. Evid. 401. | Not hearsay: Varsity emails manifest belief in truth of IEP statements; party admission. 801(d)(2)(A), 801(d)(1)(B) Also, recorded recollection; business record. 803(5); 803(6); 807. Not irrelevant. *See* MTD Order at 7191-7192; *see also Oshana*, 2005 WL 1661999, at *5. |
| 18 | 140 | Ex. 190<br><br>Irrelevant as it predates the limitations period. Fed. R. Evid. 401. | Not irrelevant. *See* MTD Order at 7191-7192; *see also Oshana*, 2005 WL 1661999, at *5. |
| 19 | 140 | Ex. 191<br><br>Irrelevant as it predates the limitations period. Fed. R. Evid. 401. Inadmissible under Fed. R. Evid. 401 and 403 as it relates to a non-voting seat on a USASF committee not at-issue in this case. | Not irrelevant. *See* MTD Order at 7191-7192; *see also Oshana*, 2005 WL 1661999, at *5. Relevant to Varsity control of USASF. 401; 402. |
| 20 | 140 | Ex. 200<br><br>Irrelevant as it relates to emergency procedures not at issue in this case. Fed. R. Evid. 401. | Relevant as decreased safety indicates decreased quality resulting from lack of competition. 401; 402; *Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2284 (2018). |
| 21 | 142 | Ex. 179 | Not irrelevant. *See* MTD Order at 7191-7192; *see also Oshana*, 2005 |

| Ds' Obj. No. | Pls.' SUF No. | Plaintiffs' Evidence; Defs.' Objections | Plaintiffs' Response |
|---|---|---|---|
| | | Irrelevant as it predates the limitations period. Fed. R. Evid. 401. | WL 1661999, at *5. |
| 22, 23 | 142, 147 | Ex. 180, 152<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: USASF VP (Ex. 180) and to Varsity executives (Ex. 152) manifested belief in truth of 3rd party email. 801(d)(2)(B). Also, business record. 803(6); 807. |
| 24 | 148 | Ex. 95<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. Violates the Best Evidence Rule. Fed. R. Evid. 1002. | Not hearsay: party admission. 801(d)(2)(D). Also, business record. 803(6); 807. |
| 25 | 144 | Ex. 183<br><br>Contains inadmissible hearsay under. Fed. R. Evid. 802. Irrelevant under Fed. R. Evid. 401. | Not hearsay: party admission. *03(d)(2)(A). Also business record. 803(6); 807. |
| 26 | 144 | Ex. 184<br><br>Contains inadmissible hearsay under. Fed. R. Evid. 802. | Not hearsay: party admission. 801(d)(2)(A), 801(d)(2)(D). Also, business record. 803(6); 807. |
| 27 | 144 | Ex. 185<br><br>Contains inadmissible hearsay under. Fed. R. Evid. 802. | Not hearsay: forwarded by former USASF Treasurer and Board member to USASF VP with manifestations that she believed it to be true. 801(d)(2)(B) & (D). Also, business record. 803(6); 807. |
| 28 | 145, 146 | Ex. 187<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. Irrelevant as it predates the limitations period. Fed. R. Evid. 401. | Admissible business record. 803(6); 807. Not irrelevant. See MTD Order at PageID 7191-7192; *see also Oshana,* 2005 WL 1661999, at *5. |
| 29 | 146 | Ex. 186<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. Irrelevant as it predates the limitations period. Fed. R. Evid. 401. | Not hearsay: forwarded among USASF executives with manifestations of belief in truth. 801(d)(2)(B). Also, business record. 803(6); 807. |
| 30 | 147 | Ex. 63<br><br>Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: USASF VP responded manifesting belief in truth. 801(d)(2)(B). Also, business record. 803(6); 807. |
| 31 | 147 | Ex. 131 | Not hearsay: USASF VP |

| Ds' Obj. No. | Pls.' SUF No. | Plaintiffs' Evidence; Defs.' Objections | Plaintiffs' Response |
|---|---|---|---|
| | | Contains inadmissible hearsay. Fed. R. Evid. 802. | forwarded to Varsity manifesting belief in truth. 801(d)(2)(B). Also, business record. 803(6); 807. |
| 32 | 147 | Ex. 137  Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: USASF VP forwarded to Varsity manifesting belief in truth. 801(d)(2)(B). Also, business record. 803(6); 807. |
| 33 | 147 | Ex. 196  Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: USASF VP forwarded to Varsity manifesting belief in truth. 801(d)(2)(B). Also, business record. 803(6); 807. |
| 34 | 147 | Ex. 199  Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: party admission and manifestation of belief in truth of Webb statement. 801(d)(2)(D), 801(d)(2)(B). Also, business record. 803(6); 807. |
| 35 | 160 | Ex. 214  Contains inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: party admission. 801(d)(2)(D). Witness demonstrated personal knowledge (*see* Ex. 12 at 281:17-282:10). 602; 807. |
| 36 | 183 | Ex. 12 [Elza Dep.] at 281:23-282:10.  The cited testimony is inadmissible for lack of foundation and personal knowledge. Fed. R. Evid. 602. | Witness demonstrated personal knowledge. 602; 807. |
| 37 | 189 | Ex. 12 [Elza Dep.] at 57:2-17.  The cited testimony is inadmissible hearsay. Fed. R. Evid. 802. | Not hearsay: forwarded by Varsity executives manifesting belief in truth. 801(d)(2)(B). Also, business record; personal knowledge. 602; 803(6); 807. |
| 38 | 215 | Ex. 4 [Heeb Reb.] at ¶¶ 330-339 & n.392.  The cited excerpt is inadmissible hearsay. Fed. R.Evid. 802. | Admissible expert opinion. Fed. R. Evid.[2] 702, 703. |
| 39 | 215 | Ex. 76 at 7771-78.  Contains inadmissible hearsay and lacks foundation. Fed. R. Evid. 802, 602. | Cited testimony contains no hearsay; based on Plaintiff's personal knowledge. 801(c); 602; 807. |

---

[2] All subsequent citations are to the Federal Rules of Evidence unless otherwise indicated.

Respectfully submitted,

Dated: October 20, 2023

By:     */s/ Joseph R. Saveri*
       Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
**TURNER FEILD, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Ashlea Schwarz*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822

hartley@hartleyllp.com
Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*