**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION AT MEMPHIS**

| | |
|---|---|
| **JESSICA JONES and CHRISTINA LORENZEN, on behalf of themselves and all others similarly situated**<br><br>　　　**Plaintiffs,**<br><br>**v.**<br><br>**VARSITY BRANDS, LLC; VARSITY SPIRIT, LLC; VARSITY SPIRIT FASHION & SUPPLIES, LLC; U.S. ALL STAR FEDERATION, INC.; JEFF WEBB; CHARLESBANK CAPITAL PARTNERS LLC; and BAIN CAPITAL PRIVATE EQUITY;**<br><br>　　　**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Civ. Action No. 2:20-cv-02892-SHL-cgc**<br><br>**JURY TRIAL DEMANDED** |

**U.S. ALL STAR FEDERATION, INC.'S**
**ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

Defendant U.S. All Star Federation, Inc. ("USASF") submits the following Answer and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint ("the Amended Complaint"):

No response is required to the various headings or subheadings throughout the Complaint. To the extent that responses are required to such headings or subheadings, they are denied. To the extent that any allegation is not specifically admitted, it is denied.

With respect to all allegations in the Amended Complaint, USASF denies that it engaged in any conspiracy, scheme, enterprise, or other wrongdoing, or that it is liable to Plaintiffs for any damages or other relief they may claim.

1

BJB 4867-7552-4742
2933399-000004

To the extent the allegations in the Complaint refer to any person or entity other USASF, its employees, or any related entities or persons, USASF lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and therefore denies them as specified in Federal Rule of Civil Procedure 8(b)(5). In addition, the Complaint collectively refers to Varsity and USASF as "Defendants."  To the extent that the allegations in the Complaint relate to a collective group of "Defendants," unnamed defendants, or others, USASF denies the allegations to the extent they suggest that USASF engaged in any scheme, enterprise, conspiracy, or other wrongdoing.

## I.  NATURE OF THE ACTION

1.  Denied.

2.  Paragraph 2 of the Amended Complaint appears to define the term "Competitive Cheer" as used in the Amended Complaint and, therefore, no response is required.  To the extent a response is required, USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Amended Complaint as to "Competitive Cheer" as a whole, and, therefore, denies the same.  With respect to All Star Cheer specifically, USASF admits the allegations contained in the first and third sentence of Paragraph 2.  USASF admits that the All Star Cheer teams are typically affiliated with a private gym.  USASF admits that rule-making organizations like USASF set some of the rules and regulations for All Star Cheer competitions.  USASF admits that its rules for competitions produced by USASF event producers include some general requirements about the inseam and coverage requirements for apparel.  The remaining allegations contained in Paragraph 2 of the Amended Complaint are denied.

BJB 4867-7552-4742
2933399-000004

3.      USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Amended Complaint and, therefore, denies the same.

4.      Denied.

5.      USASF denies the last sentence of Paragraph 5 of the Amended Complaint. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 5 of the Amended Complaint and, therefore, denies the same.

6.      Denied.

## II.    JURISDICTION AND VENUE

7.      Paragraph 7 states legal conclusions to which no response is required.  To the extent any response to these allegations is necessary, USASF denies them. USASF notes in particular denial of the characterization that this case has been brought by "the Class" as no class has been certified.

8.      USASF admits that the Court has personal jurisdiction over USASF because it transacts business in this District and has its principal place of business in this District.  USASF denies any remaining allegations in this paragraph.

9.      USASF admits that venue is proper in this District, that USASF does business in this District, that USASF has agents in this District, and that USASF's principal place of business is in this District.  USASF denies any remaining allegations in this paragraph.

10.     Denied.

BJB 4867-7552-4742
2933399-000004

11.     USASF admits that it engages in interstate commerce.   USASF denies any remaining allegations in this paragraph.

12.     Denied.

## III.   PARTIES

### A.     Plaintiffs

13.     USASF denies any allegation contained in Paragraph 13 of the Amended Complaint that states, suggests, or implies that Plaintiff Jones paid unfairly high prices for goods and services from Varsity and/or that Plaintiff Jones has suffered any economic harm or damages in this matter. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 of the Amended Complaint and, therefore, denies the same.

14.     USASF denies any allegation contained in Paragraph 14 of the Amended Complaint that states, suggests, or implies that Plaintiff Lorenzen paid unfairly high prices for goods and services from Varsity and/or that Plaintiff Lorenzen has suffered any economic harm or damages in this matter.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 14 of the Amended Complaint and, therefore, denies the same.

### B.     Varsity Defendants

15.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Amended Complaint and, therefore, denies the same.

4

BJB 4867-7552-4742
2933399-000004

16.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Amended Complaint and, therefore, denies the same.

17.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Amended Complaint and, therefore, denies the same.

**C.     Defendant USASF**

18.     USASF admits that it is a Tennessee non-profit corporation with its principal place of business in Memphis, Tennessee.  USASF admits that it has promulgated rules governing All Star Competitions involving USASF member event producers in the United States and this District and that it produces the Cheerleading World Championship each year, also referred to as The Cheerleading Worlds or Worlds.  USASF denies any remaining allegations in this paragraph.

**D.     Defendant Jeff Webb**

19.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Amended Complaint and, therefore, denies the same.

**E.     Charlesbank Defendant**

20.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Amended Complaint and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

21.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Amended Complaint and, therefore, denies the same.

22.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Amended Complaint and, therefore, denies the same.

23.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Amended Complaint and, therefore, denies the same.

24.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Amended Complaint and, therefore, denies the same.

25.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Amended Complaint and, therefore, denies the same.

26.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Amended Complaint and, therefore, denies the same.

27.     USASF denies the first and second sentence of Paragraph 27 of the Amended Complaint.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 27 of the Amended Complaint and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

28.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Amended Complaint and, therefore, denies the same.

F.     **Bain Defendants**

29.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Amended Complaint and, therefore, denies the same.

30.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Amended Complaint and, therefore, denies the same.

31.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Amended Complaint and, therefore, denies the same.

32.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Amended Complaint and, therefore, denies the same.

33.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of the Amended Complaint and, therefore, denies the same.

34.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of the Amended Complaint and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

35.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Amended Complaint and, therefore, denies the same.

36.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Amended Complaint and, therefore, denies the same.

37.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Amended Complaint and, therefore, denies the same.

## IV.     ALLEGED AGENTS & CO-CONSPIRATORS

38.     Denied.

39.     Denied.

40.     Denied.

41.     Paragraph 41 of the Amended Complaint purports to set out a definition, and accordingly no response is required.  To the extent a response is required, USASF denies that the definition set forth in Paragraph 41 is appropriate.

42.     Paragraph 42 of the Amended Complaint purports to set out a definition, and accordingly no response is required.  To the extent a response is required, USASF denies that the definition set forth in Paragraph 42 is appropriate.

43.     Denied.

## V.     CLASS ALLEGATIONS

BJB 4867-7552-4742
2933399-000004

44.     Paragraph 44 characterizes Plaintiffs' action and states legal conclusions to which no response is required.  To the extent any response to these allegations is necessary, USASF denies them.

45.     Paragraph 45 characterizes Plaintiffs' action and states legal conclusions to which no response is required.  To the extent any response to these allegations is necessary, USASF denies them.

46.     Paragraph 46 characterizes Plaintiffs' action and states legal conclusions to which no response is required.  To the extent a response is required, USASF denies them.

47.     Paragraph 47 characterizes Plaintiffs' action and states legal conclusions to which no response is required.  To the extent any response to these allegations is necessary, USASF denies them.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

## VI.     INTERSTATE TRADE & COMMERCE

55.     USASF admits that the conduct alleged in the Amended Complaint involved interstate commerce.  USASF denies any remaining allegations in this paragraph.

BJB 4867-7552-4742
2933399-000004

56.     USASF admits that the conduct alleged in the Amended Complaint involved interstate commerce.  USASF denies any remaining allegations in this paragraph.

## VII.    FACTUAL ALLEGATIONS

### A.  Background

#### 1.  About Competitive Cheer

57.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 57 of the Amended Complaint as to "Competitive Cheer" as a whole, and, therefore, denies the same.  With respect to All Star Cheer specifically, USASF admits that athletes perform routines, which can be 2 minutes and 30 seconds in length, and that can incorporate elements of tumbling, stunting, pyramids, and synchronized dance, and can be set to music.  USASF denies that All Star Cheer requires a "significant amount" of strength, flexibility, endurance, effort, coordination, and cooperative teamwork and denies that All Star Cheer is always athletically rigorous and technically challenging, as there are opportunities to participate in All Star Cheer at all skill levels.  Any remaining allegations contained in this paragraph are denied.

58.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 58 of the Amended Complaint as to "Competitive Cheer" as a whole, and, therefore, denies the same.  With respect to All Star Cheer specifically, USASF admits the first sentence of Paragraph 58.  USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph 58 of the Amended Complaint with respect to All Star Cheer and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

59.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of the Amended Complaint and, therefore, denies the same.

60.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 60 of the Amended Complaint as to "Competitive Cheer" as a whole, and, therefore, denies the same.  With respect to All Star Cheer specifically, USASF admits the allegations in the first two sentences of Paragraph 60.  USASF admits that All Star Cheer competitions can draw participants who live locally to the competition, in the same region as the competition, or who travel from various parts of the United States to attend a competition. USASF admits that UCA, NCA, and USA Championships are USASF-member event producers, but states that these event producers also produce non-All Star Cheer competitions.  The remaining allegations in this paragraph are denied.

61.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 61 of the Amended Complaint as to "Competitive Cheer" as a whole, and, therefore, denies the same.  With respect to All Star Cheer specifically, USASF admits the allegations contained in the first sentence of Paragraph 61.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 61 of the Amended Complaint and, therefore, denies the same.

62.     USASF admits that the number of teams that participate in a given All Star Cheer competition can vary.  USASF admits that the maximum number of athletes that can participate on one team at a USASF-sanctioned competition depends on the division and age group.  USASF

11

lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 62 of the Amended Complaint and, therefore, denies the same.

63.      Paragraph 63 of the Amended Complaint purports to set out a definition, and accordingly no response is required.  To the extent a response is required, USASF denies that the definition set forth in Paragraph 63 is appropriate.

### a.  All-Star Cheer

64.      USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of the Amended Complaint and, therefore, denies the same.

65.      USASF denies that All Star Cheer routines all involve tumbling.  The remaining allegations contained in this paragraph are admitted.

66.      USASF denies that All Star Competitions are typically organized by All Star Gyms. USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in the last two sentences of Paragraph 66 of the Amended Complaint and, therefore, denies the same.  USASF admits any remaining allegations contained in this paragraph.

### b.  School Cheer

67.      USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 67 of the Amended Complaint and, therefore, denies the same.

68.      USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 68 of the Amended Complaint and, therefore, denies the same.

12

BJB 4867-7552-4742
2933399-000004

69.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 69 of the Amended Complaint and, therefore, denies the same.

70.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of the Amended Complaint and, therefore, denies the same.

71.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 71 of the Amended Complaint and, therefore, denies the same.

72.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 72 of the Amended Complaint and, therefore, denies the same.

73.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 73 of the Amended Complaint and, therefore, denies the same.

## 2.  Cheer Apparel

74.     Denied.

75.     USASF lacks information and knowledge sufficient to form a belief regarding the truth of the allegations pertaining to Varsity's entry into the Cheer Apparel Market and, therefore, denies the same.  The remaining allegations contained in this paragraph are denied.

76.     Paragraph    76    appears    to    refer    to    an    article    at https://slate.com/business/2016/02/rebel-wants-to-disrupt-the-suprisingly-entrenched-

BJB 4867-7552-4742
2933399-000004

cheerleader-uniform-industry.html. The materials at https://slate.com/business/2016/02/rebel-wants-to-disrupt-the-suprisingly-entrenched-cheerleader-uniform-industry.html speak for themselves. USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials displayed at that website, and therefore denies the same. USASF further denies that the materials at https://slate.com/business/2016/02/rebel-wants-to-disrupt-the-suprisingly-entrenched-cheerleader-uniform-industry.html -- which was published before the statutory limitations period – accurately reflects the state of the cheerleading uniform market today or at the time the article was written. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 76 of the Amended Complaint and, therefore, denies the same.

### 3. Cheer Camp

77.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 77 of the Amended Complaint and, therefore, denies the same.

78.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 78 of the Amended Complaint and, therefore, denies the same.

79.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 79 of the Amended Complaint and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

80.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 80 of the Amended Complaint and, therefore, denies the same.

81.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 81 of the Amended Complaint and, therefore, denies the same.

82.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 82 of the Amended Complaint and, therefore, denies the same.

83.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 83 of the Amended Complaint and, therefore, denies the same.

84.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 84 of the Amended Complaint and, therefore, denies the same.

### 4.  Varsity

85.     USASF admits that the company that is now known as Varsity Spirit was founded by Jeff Webb in 1974, and otherwise denies the allegations in Paragraph 85.

86.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 86 of the Complaint and, therefore, denies the same.

87.     Denied.

BJB 4867-7552-4742
2933399-000004

88.     USASF admits the allegations contained in the first sentence of Paragraph 88 of the Amended Complaint.  The remaining allegations contained in this paragraph are denied.

89.     USASF denies that it requires attendance at cheer camps to compete in any of its sanctioned competitions.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 89 of the Amended Complaint and, therefore, denies the same.

90.     USASF denies any suggestion, statement, or allegation in Paragraph 90 that the payment of USASF registration fees are indirect payments to Varsity.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 90 of the Amended Complaint and, therefore, denies the same.

91.     Denied.

### a.  A Brief History of Varsity

92.     Admitted.

93.     USASF admits the allegations contained in the first sentence of Paragraph 93 of the Complaint.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 93 of the Amended Complaint and, therefore, denies the same.

94.     USASF admits that Webb formed the Universal Cheerleaders Association ("UCA").  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 94 of the Amended Complaint and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

95.     USASF admits that UCA is a Varsity-affiliated event producer today. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 95 of the Amended Complaint and, therefore, denies the same.

96.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 96 of the Amended Complaint and, therefore, denies the same.

97.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 97 of the Amended Complaint and, therefore, denies the same.

98.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 98 of the Amended Complaint and, therefore, denies the same.

99.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 99 of the Amended Complaint and, therefore, denies the same.

100.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 100 of the Amended Complaint and, therefore, denies the same.

101.     USASF disputes the characterization of USASF as Varsity employees.  While USASF personnel's paychecks were processed by Varsity, USASF reimbursed Varsity for the amount of their salaries.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 101 of the Amended Complaint,

17

BJB 4867-7552-4742
2933399-000004

including the allegations contained in footnote 10 to that Paragraph, and, therefore, denies the same.

102.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 102 of the Amended Complaint and, therefore, denies the same.

103.    USASF denies the allegation that it conspired with Charlesbank and Charlesbank Funds VII and VIII.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 103 of the Amended Complaint and, therefore, denies the same.

104.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 104 of the Amended Complaint and, therefore, denies the same.

105.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 105 of the Amended Complaint and, therefore, denies the same.

106.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 106 of the Amended Complaint and, therefore, denies the same.

107.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 107 of the Amended Complaint and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

108.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 108 of the Amended Complaint and, therefore, denies the same.

109.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 109 of the Amended Complaint and, therefore, denies the same.

110.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 110 of the Amended Complaint and, therefore, denies the same.

111.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 111 of the Amended Complaint and, therefore, denies the same.

112.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 112 of the Amended Complaint and, therefore, denies the same.

113.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 113 of the Amended Complaint and, therefore, denies the same.

114.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 114 of the Amended Complaint and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

115.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 115 of the Amended Complaint and, therefore, denies the same.

116.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 116 of the Amended Complaint and, therefore, denies the same.

117.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 117 of the Amended Complaint and, therefore, denies the same.

> **b. Plaintiffs' Allege Varsity Has Acquired Monopoly Power in the Cheer Competition Market by Acquiring or Impairing Rival Promoters.**

118.     USASF denies any allegation in Paragraph 118 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Cheer Competition Market.  USASF denies any remaining allegations in this paragraph.

119.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 119 of the Amended Complaint and, therefore, denies the same.

120.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 120 of the Amended Complaint and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

121.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 121 of the Amended Complaint and, therefore, denies the same.

122.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 122 of the Amended Complaint and, therefore, denies the same.

123.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 123 of the Amended Complaint and, therefore, denies the same.

124.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 124 of the Amended Complaint and, therefore, denies the same.

125.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 125 of the Amended Complaint and, therefore, denies the same.

126.    USASF denies the characterization that Varsity "controlled" USASF's Board of Directors.  Dan Kessler, one of the original owners of JAM Brands, sat on USASF's Board since 2012 and continued to sit on the Board after Varsity's acquisition of JAM Brands.  USASF denies that Varsity used USASF to erect barriers to entry or to foreclose competitors from the Relevant Markets.  Any remaining allegations contained in this paragraph are denied.

BJB 4867-7552-4742
2933399-000004

127.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 127 of the Amended Complaint and, therefore, denies the same.

128.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 128 of the Amended Complaint and, therefore, denies the same.

### c. Plaintiffs Allege Varsity Has Acquired Monopoly Power in the Cheer Apparel Market by Acquiring or Impairing Rival Promoters.

129.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 129 of the Amended Complaint and, therefore, denies the same.

130.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 130 of the Amended Complaint and, therefore, denies the same.

131.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 131 of the Amended Complaint and, therefore, denies the same.

132.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 132 of the Amended Complaint and, therefore, denies the same.

### d. Plaintiffs Allege Varsity Enhances Its Market Dominance by Exercising Near-Complete Control Over the Organizations That Set the Rules.

BJB 4867-7552-4742
2933399-000004

133.    Denied.

**i.   USASF**

134.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 134 of the Amended Complaint and, therefore, denies the same.

135.    The term "create" is vague and ambiguous and USASF denies the allegation that "Varsity joined with other promoters to create the USASF" on that basis.  USASF denies that Varsity provided it with an "$1.8 million interest free loan" at the inception of USASF in 2003, but admits that Varsity provided funding to USASF at its inception and for some years thereafter and further admits that any money Varsity provided to support USASF was repaid by 2013. USASF denies any remaining allegations contained in this paragraph.

136.    USASF admits that U.S. Trademark Application No. 78/323,016 for the stylized mark U.S. ALL STAR FEDERATION USASF (and Design) was filed in 2003 before USASF's formation and was submitted by Varsity.  USASF admits that its offices were previously located at the same address as Varsity's headquarters.  USASF admits that, in the past, USASF employees were paid directly by Varsity, but that USASF reimbursed Varsity for these salaries.  USASF admits that for The Cheerleading Worlds event, some expenses may have been paid by Varsity and then billed to USASF for reimbursement.  USASF denies any remaining allegations contained in this paragraph.

137.    USASF admits that U.S. Trademark Application No. 78/323,016 for the stylized mark U.S. ALL STAR FEDERATION USASF (and Design) was filed in 2003 before USASF's formation and was submitted by Varsity.  USASF admits that the registration that issued from this

BJB 4867-7552-4742
2933399-000004

application was assigned by Varsity to USASF in 2017. USASF admits that it has published image guidelines, which include inseam and coverage requirements for uniforms, for use in competitions produced by USASF-member event producers. USASF admits that it has published safety and level rules for use in competitions produced by USASF-member event producers. USASF admits that it has published scoring and judging standards for use at The Cheerleading Worlds competition. The remaining allegations contained in Paragraph 137 of the Amended Complaint are denied.

138.    The term "acquired" is vague and ambiguous, and USASF denies the allegation that USASF "acquired" NACCC on that basis. USASF denies any remaining allegations contained in this paragraph.

139.    USASF admits that its offices were previously located at the same address as Varsity's headquarters. USASF admits that, in the past, USASF employees were paid directly by Varsity, but that USASF reimbursed Varsity for these salaries. USASF denies any remaining allegations contained in this paragraph.

140.    USASF's bylaws speak for themselves and USASF denies any allegations contained in Paragraph 140 of the Amended Complaint that are inconsistent with or contradicts those bylaws. USASF admits that Varsity owns or is affiliated with the brands associated with the Universal Cheerleaders Association, the Universal Dance Association, the National Cheerleaders Association, the United Spirit Association, the American Cheerleaders Association, the Universal Dance Association, and JAMFest. USASF denies any remaining allegations contained in this paragraph.

BJB 4867-7552-4742
2933399-000004

141.    USASF's Bylaws speak for themselves and set forth the rights and obligations of USASF's Board of Directors and USASF denies any allegation contained in Paragraph 141 of the Complaint that is inconsistent with or contradicts the USASF Bylaws.  USASF admits that Varsity owns or is affiliated with the brands associated with JAM Brands and Epic Brands.  The remaining allegations contained in this paragraph are denied.

142.    USASF admits that Varsity has obtained access to additional seats on USASF's Board through acquisitions of other event producers.  The remaining allegations contained in this paragraph are denied.

143.    USASF admits that its website is located at www.usasf.net. USASF denies that its website is owned by Varsity.  USASF admits that, like many organizations, USASF has a domain privacy service in order to reduce spam and unwanted solicitations.  The remaining allegations contained in this paragraph are denied.

## ii.  Other Regulatory Organizations

144.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 144 of the Amended Complaint and, therefore, denies the same.

145.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 145 of the Amended Complaint and, therefore, denies the same.

146.    Denied.

147.    USASF lacks information and knowledge sufficient to verify whether the letter posted at https://spiritcompany.com/2011/10/usasfiasf-worlds-policy-update was a letter on behalf

of USASF, and therefore denies the same.  USASF admits that it owns federal registrations and/or has common law rights in the marks THE CHEERLEADING WORLDS (and Design), Worlds, and the Cheerleading World Championships and that it is USASF's position that the use of "World Championship" or "Worlds" in the name of another competitive cheerleading event would constitute trademark infringement.  USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in the last sentence of Paragraph 147 of the Amended Complaint and, therefore, denies the same.  The remaining allegations contained in this paragraph are denied.

**B.  Plaintiffs Allege Varsity Engaged in a Scheme to Exclude Rivals and Acquire, Enhance, and Maintain Monopoly Power in the Relevant Markets.**

148.    Denied.

149.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 149 of the Amended Complaint and, therefore, denies the same.

150.    USASF denies any allegation in Paragraph 150 of the Complaint that there was any anticompetitive conduct or exclusionary scheme.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 150 of the Amended Complaint and, therefore, denies the same.

151.    USASF denies any allegation in Paragraph 151 of the Complaint that there was any anticompetitive conduct or exclusionary scheme.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 151 of the Amended Complaint and, therefore, denies the same.

**1.    Alleged Elements of Varsity's Exclusionary Scheme**

26

a.    **Plaintiffs Allege Varsity and USASF Created a System of Bids for Admission to National Tournaments as a Means to Funnel Athletes to Its Local and Regional Tournaments.**

152.    The terms "Varsity's major Cheer Competitions," "end-of-season competitions," and "Varsity's most popular competitions" are vague and ambiguous and susceptible to multiple interpretations, and USASF is unable to discern what competitions Plaintiffs are referring to. USASF denies the allegations contained Paragraph 152 of the Amended Complaint on that basis. USASF denies any remaining allegations contained in this paragraph.

153.    Denied.

154.    USASF admits that Worlds was held for the first time in 2004. USASF denies any remaining allegations contained in this paragraph.

155.    The terms "Varsity or USASF's Championship competitions" and "Varsity-promoted championships" are vague and ambiguous, and USASF is unable to discern what competitions Plaintiffs are referring to. USASF admits that "bids" are awarded to teams that qualify to compete in the Cheerleading World Championships and that All Star Teams can earn bids by attending and succeeding at All Star Competitions that are qualified to offer bids. USASF denies any remaining allegations contained in this paragraph.

156.    USASF denies the allegations contained in the second sentence of Paragraph 156 as they pertain to the Cheerleading World Championships. USASF admits that it provides All Star Competition producers with the rights to confer the Bids to the Cheerleading World Championship. USASF denies the characterization as to how Fully Paid Bids, Partially Paid Bids, and At-Large Bids are awarded as they pertain to the Cheerleading World Championship. The number of bids and the particular events at which they may be awarded are approved in advance

27

by USASF.  USASF denies any remaining allegations contained in this paragraph as they pertain to the Cheerleading World Championship.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 156 of the Amended Complaint and, therefore, denies the same.

157.    The term "controls" in the context of the phrase "Varsity controls 80% of Worlds' Bids" is vague and ambiguous and USASF denies the allegation that "Varsity controls 80% of Worlds' Bids" on that basis.  USASF denies the remaining allegations contained in this paragraph.

158.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 158 of the Amended Complaint and, therefore, denies the same.

159.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 159 of the Amended Complaint and, therefore, denies the same.

160.    Denied.

> **2.    Plaintiffs Allege Varsity and USASF Created Competition Rules That Deny Potential Competitors a Foothold in the Industry.**

161.    Denied.

162.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 162 of the Amended Complaint and, therefore, denies the same.

163.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 163 of the Amended Complaint and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

164.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 164 of the Amended Complaint and, therefore, denies the same.

165.     USASF admits that in order to compete in an event produced by a USASF-member event producer, the competitors must be members of USASF.  The remaining allegations contained in Paragraph 165 are denied.

166.     USASF admits that K&K Insurance Group designed a policy for cheer gyms that are members of USASF.  The terms of this insurance coverage, the pricing offered by K&K Insurance Group, and its availability to gyms who are not members of USASF are decisions made independently by K&K Insurance Group.  USASF therefore lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 166 of the Amended Complaint and, therefore, denies the same.

167.     USASF admits that between at least 2016 and 2020 USASF-member event producers were generally not permitted to hold an event which awards bids to USASF's Cheerleading World Championships within a 500-mile radius of another event which awards bids to USASF's Cheerleading World Championships on the same weekend.  The remaining allegations contained in this paragraph are denied.

168.     USASF admits that all of the event producers owned by or affiliated with Varsity are USASF members.  USASF admits that to enter an event produced by a USASF member, All Star Gyms, All Star Cheerleaders, and All Star Team coaches must be USASF members, which involves an annual membership fee paid to USASF.  The allegation contained in the last two sentences of Paragraph 168 appear to come from USASF's Annual Reports.  USASF's Annual

29

Reports speak for themselves and USASF denies any allegation contained in the last two sentences of Paragraph 168 of the Amended Complaint that is inconsistent with or contradicts these Annual Reports.  To the extent the allegations contained in the last two sentences of Paragraph 168 of the Amended Complaint are consistent with these Annual Reports, such allegations are admitted.  The remaining allegations contained in this paragraph are denied.

169.    USASF admits that it has copyright protection in its rules, which are original works of authorship and subject to protection under the copyright laws of the United States.  USASF admits that it does not permit persons who are not members of USASF to reproduce its copyrighted works, to prepare derivative works based upon the copyrighted works, to distribute copies of the copyrighted works, or to display its copyrighted works publicly, just like other organizations with copyrighted works.  The remaining allegations contained in Paragraph 169 of the Amended Complaint are denied.

170.    The allegations contained in Paragraph 170 of the Amended Complaint appear to be based on a letter posted at https://spiritcompany.com/2011/10/usasfiasf-worlds-policy-update. USASF lacks information and knowledge sufficient to verify whether the letter posted at https://spiritcompany.com/2011/10/usasfiasf-worlds-policy-update was a joint letter on behalf of USASF and IASF, therefore, denies the same.  USASF admits that it owns federal registrations and/or has common law rights in the marks THE CHEERLEADING WORLDS (and Design), Worlds, and the Cheerleading World Championships and that it is USASF's position that the use of "World Championship" or "Worlds" in the name of another competitive cheerleading event would constitute trademark infringement.  The remaining allegations contained in this paragraph are denied.

BJB 4867-7552-4742
2933399-000004

171.    USASF admits that only All-Star Gyms who are members of USASF are permitted to compete at events produced by an event producer member of USASF.  USASF admits that event producer members of USASF are not permitted to affiliate with, partner with, or own any other event producing company that is not a member of USASF.  USASF denies any allegation in Paragraph 171 of the Complaint that states, suggests, or implies that USASF has engaged in exclusionary conduct, that USASF's membership rules favor Varsity, or that USASF's membership rules evidence a conspiracy to monopolize in the Relevant Markets.  The remaining allegations contained in this paragraph are denied.

### 3.    Plaintiffs Allege Varsity Uses Exclusive Agreements with All-Star Gyms and Schools to Foreclose Access to the Relevant Markets.

172.    USASF denies any allegation in Paragraph 172 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF denies that it "reap[s] hundreds of millions of dollars each year."  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 172 of the Amended Complaint and, therefore, denies the same.

173.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 173 of the Amended Complaint and, therefore, denies the same.

174.    USASF denies any allegation in Paragraph 174 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive

BJB 4867-7552-4742
2933399-000004

conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 174 of the Amended Complaint and, therefore, denies the same.

175.    USASF denies any allegation in Paragraph 175 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 175 of the Amended Complaint and, therefore, denies the same.

176.    USASF denies any allegation in Paragraph 176 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 176 of the Amended Complaint and, therefore, denies the same.

177.    USASF denies any allegation in Paragraph 177 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 177 of the Amended Complaint and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

178.    USASF denies any allegation in Paragraph 178 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 178 of the Amended Complaint and, therefore, denies the same.

179.    USASF denies any allegation in Paragraph 179 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 179 of the Amended Complaint and, therefore, denies the same.

180.    USASF denies any allegation in Paragraph 180 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 180 of the Amended Complaint and, therefore, denies the same.

181.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 181 of the Amended Complaint and, therefore, denies the same.

BJB 4867-7552-4742
2933399-000004

182.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 182 of the Amended Complaint and, therefore, denies the same.

183.    Denied.

### 4.    Plaintiffs Allege Varsity Forecloses Access to the Cheer Apparel Market.

184.    The article referenced in Paragraph 184 of the Amended Complaint appears to refer to materials posted at ttps://www.inc.com/magazine/201603/leigh-buchanan/rebel-athletic-custom-cheerleading-uniforms-startup.html.           The         materials         at https://www.inc.com/magazine/201603/leigh-buchanan/rebel-athletic-custom-cheerleading-uniforms-startup.html speak for themselves.  USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials displayed at that website, and therefore denies the same.   USASF denies any allegation in Paragraph 184 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 184 of the Amended Complaint and, therefore, denies the same.

185.    USASF denies any allegation in Paragraph 185 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form

BJB 4867-7552-4742
2933399-000004

a belief about the truth of the remaining allegations contained in Paragraph 185 of the Amended Complaint and, therefore, denies the same.

186.   Denied.

**5.   Plaintiffs Allege Varsity Leverages Its Monopoly Power in the Cheer Competition Market to Foreclose Competition in the Cheer Camp Market.**

187.   USASF denies any allegation in Paragraph 187 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 187 of the Amended Complaint and, therefore, denies the same.

188.   USASF denies any allegation in Paragraph 188 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 188 of the Amended Complaint and, therefore, denies the same.

189.   USASF denies any allegation in Paragraph 189 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form

BJB 4867-7552-4742
2933399-000004

a belief about the truth of the remaining allegations contained in Paragraph 189 of the Amended Complaint and, therefore, denies the same.

190.    USASF denies any allegation in Paragraph 190 of the Amended Complaint that states, suggests, or implies that Varsity has engaged in exclusionary conduct or possesses an unlawful monopoly in the Relevant Markets and/or that USASF is part of an anticompetitive conspiracy in the Relevant Markets.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 190 of the Amended Complaint and, therefore, denies the same.

## 6.    Plaintiffs Allege Varsity Counter-Programmed Rivals' Competitions.

191.    USASF admits the first sentence of Paragraph 191 of the Amended Complaint. USASF denies that the number of event producers that can hold Worlds qualifying events is 42. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 191 of the Amended Complaint and, therefore, denies the same.

192.    Denied.

193.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 193 of the Amended Complaint and, therefore, denies the same.

194.    Paragraph 194 states legal conclusions and characterizes Plaintiffs' purported legal position to which USASF need not respond.  To the extent any response to these allegations is necessary, USASF denies them.

195.    Denied.

36

BJB 4867-7552-4742
2933399-000004

### C.  Varsity's Alleged Monopoly Power in the Relevant Markets

#### 1.  Alleged Monopoly Power in the Cheer Competition Market (the Primary Market)

##### a.  The Alleged Relevant Cheer Competition Market

196.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in the second sentence of Paragraph 196 of the Amended Complaint and, therefore, denies the same.  The remaining allegations are denied.

197.    USASF denies any suggestion, statement, or allegation in Paragraph 197 that the payment of USASF registration fees are indirect payments to Varsity.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 197 of the Amended Complaint and, therefore, denies the same.

198.    Denied.

##### i.  Plaintiffs Allege There Are No Substitutes for Competitive Cheer.

199.    Denied.

200.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations that "Competitive Cheer Athletes train vigorously for Cheer Competitions" and, therefore, denies the same.  USASF denies any remaining allegations contained in this paragraph.

201.    Denied.

202.    Denied.

203.    The allegations in Paragraph 203 of the Amended Complaint appear to be quoting materials  at  https://usagym.org/pages/home/publications/technique/2002/7/cheergymnastics.pdf. The                                              materials                                              at https://usagym.org/pages/home/publications/technique/2002/7/cheergymnastics.pdf   speak   for

37

themselves.  USASF lacks information and knowledge sufficient to form a belief about the truth of the content of the materials displayed at that website, and therefore denies the same.   USASF denies any remaining allegations contained in this paragraph.

### b.  The Alleged Relevant Geographic Market

204.    USASF admits that there is a regional aspect to competitions.  USASF denies the remaining allegations contained in this paragraph.

205.    USASF admits that some international cheer competitions may be subject to different rules than U.S. competitions, but upon information and belief, the rules put out by the IASF are based on USASF's rules.  USASF denies the first sentence of Paragraph 205 of the Amended Complaint.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 205 of the Amended Complaint and, therefore, denies the same.

206.    Denied.

### c.  Plaintiffs Allege Varsity Has Monopoly Power as a Dominant Supplier in the Cheer Competition Market.

207.    Denied.

208.    Denied.

209.    Denied.

### d.  Alleged Barriers to Entry

210.    Denied.

### i.  Alleged Natural Barriers to Entry

BJB 4867-7552-4742
2933399-000004

211.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 211 of the Amended Complaint and, therefore, denies the same.

212.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 212 of the Amended Complaint and, therefore, denies the same.

213.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 213 of the Amended Complaint and, therefore, denies the same.

### ii.  Alleged Barriers to Entry Created by the Alleged Exclusionary Scheme

214.    USASF admits that it has copyright protection in its rules, which are original works of authorship and subject to protection under the copyright laws of the United States.  USASF admits that it does not permit persons who are not members of USASF to reproduce its copyrighted works, to prepare derivative works based upon the copyrighted works, to distribute copies of the copyrighted works, or to display its copyrighted works publicly, just like other organizations with copyrighted works.  The remaining allegations contained in Paragraph 214 are denied.

215.    Denied.

216.    Denied.

217.    Denied.

### 2.  Alleged Monopoly Power in the Cheer Apparel Market (Related Market)

### a.  The Alleged Relevant Cheer Apparel Market

218.    Denied.

BJB 4867-7552-4742
2933399-000004

219. Denied.

220. Denied.

221. Denied.

    **b. The Alleged Relevant Geographic Market**

222. Denied.

    **c. Plaintiffs Allege Varsity Has Monopoly Power with Respect to Sales of Cheer Apparel.**

223. Denied.

224. USASF lacks information and knowledge sufficient to form a belief about the truth of the number of copyrights possessed by Varsity on uniform design and, therefore, denies the same. The remaining allegations contained in Paragraph 224 of the Amended Complaint are denied.

225. Denied.

    **d. Alleged Barriers to Entry**

226. Denied.

    **i. Alleged Natural Barriers to Entry**

227. USASF therefore lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 227 of the Amended Complaint and, therefore, denies the same.

228. USASF therefore lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 228 of the Amended Complaint and, therefore, denies the same.

229. Denied.

BJB 4867-7552-4742
2933399-000004

      **ii.**     **Alleged Barriers to Entry Imposed Through the Alleged Exclusionary Scheme**

230.    USASF therefore lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 230 of the Amended Complaint and, therefore, denies the same.

231.    USASF admits that apparel for use at competitions produced by USASF event producer members must comply with the inseam and coverage requirements set forth by the applicable All Star Competition Rules.  The remaining allegations contained in Paragraph 231 of the Amended Complaint are denied.

232.    Denied.

**3.**    **Alleged Monopoly Power in the Cheer Camp Market (Related Market)**

    **a.**    **The Alleged Relevant Cheer Camp Market**

233.    The first sentence of Paragraph 233 of the Complaint purports to set out a definition and accordingly, no response is required.  To the extent a response is required, USASF denies that the definition set forth in Paragraph 233 is appropriate.  USASF denies the remaining allegations in this paragraph.

234.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 234 of the Amended Complaint and, therefore, denies the same.

235.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 235 of the Amended Complaint and, therefore, denies the same.

    **b.**    **The Alleged Relevant Geographic Market**

236.    Denied.

    c.    **Plaintiffs Allege Varsity Has Monopoly Power in the Production, Ownership and Sales of Cheer Camps.**

237.    Denied.

238.    USASF denies that Varsity has an "exclusionary scheme" with All-Star Gyms. USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 238 of the Amended Complaint and, therefore, denies the same.

239.    USASF denies that Varsity has "control over USASF." USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 239 of the Amended Complaint and, therefore, denies the same.

240.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 240 of the Amended Complaint and, therefore, denies the same.

241.    Denied.

242.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 242 of the Amended Complaint and, therefore, denies the same.

    e.    **Alleged Barriers to Entry**

243.    Denied.

        i.    **Alleged Natural Barriers to Entry**

BJB 4867-7552-4742
2933399-000004

244.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 244 of the Amended Complaint and, therefore, denies the same.

**ii.     Alleged Barriers to Entry Imposed Through the Exclusionary Scheme**

245.     USASF denies the allegations contained in the last sentence of Paragraph 245 of the Complaint.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 245 of the Amended Complaint and, therefore, denies the same.

246.     USASF denies the allegations contained in the last sentence of Paragraph 246 of the Complaint.  USASF lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 246 of the Amended Complaint and, therefore, denies the same.

247.     USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 247 of the Amended Complaint and, therefore, denies the same.

**VIII.   PLAINTIFFS ALLEGE THEY HAVE BEEN HARMED AND SUFFERED ANTITRUST INJURY AS A DIRECT AND PROXIMATE RESULT OF DEFENDANTS' ACTIONS.**

248.     Denied.

249.     Denied.

**A.  Plaintiffs Allege Varsity Charges Parents Monopoly Rents in Related Markets.**

250.     Denied.

251.     Denied.

43

252.    Denied.

253.    Denied.

254.    USASF denies any suggestion, statement, or allegation in Paragraph 254 that the payment of USASF registration fees are indirect payments to Varsity.   USASF denies the remaining allegations in this Paragraph.

255.    USASF lacks information and knowledge sufficient to form a belief about the truth of the allegations relating to the studies described in Paragraph 255 of the Amended Complaint and, therefore, denies the same. USASF denies the remaining allegations in this Paragraph.

256.    USASF denies any suggestion, statement, or allegation in Paragraph 256 that USASF and its members have not made efforts to make the sport of All Star Cheer safer for athletes.  USASF denies the remaining allegations in this Paragraph.

### B. Plaintiffs Allege the Alleged Exclusionary Scheme Caused Anticompetitive Effects in the Relevant Markets Without Procompetitive Benefits.

257.    Denied.

258.    Denied.

259.    USASF lacks knowledge or information sufficient to form a belief about the allegation in the last sentence of Paragraph 259.  The remaining allegations contained in this paragraph are denied.

260.    Denied.

261.    Denied.

## IX.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### For Injunctive Relief Under Section 16 of the Clayton Act for Violations of Sections 1, 2 and 3 of the Sherman Act, 15 U.S.C. §§ 1-3

BJB 4867-7552-4742
2933399-000004

**(On Behalf of Plaintiffs and the Injunctive Relief Class)**

262.   USASF incorporates by reference all of its answers to the preceding and ensuing paragraphs as if fully alleged herein.

263.   Denied.

264.   Denied.

265.   Denied.

266.   Denied.

267.   Denied.

268.   The allegations contained in this paragraph are denied and USASF denies that Plaintiffs or any proposed class member is entitled to injunctive or any other relief.

269.   The allegations contained in this paragraph are denied and USASF denies that Plaintiffs or any proposed class member is entitled to injunctive or any other relief.

**SECOND CLAIM FOR RELIEF**
**Violation of Tennessee Antitrust Law**
**(On Behalf of Plaintiffs and the Nationwide Damages Class)**

270.   USASF incorporates by reference all of its answers to the preceding and ensuing paragraphs as if fully alleged herein.

271.   Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in this paragraph are denied.

272.   Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in this paragraph are denied.

BJB 4867-7552-4742
2933399-000004

273.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in this paragraph are denied.

274.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in this paragraph are denied.

275.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in this paragraph are denied and USASF denies that Plaintiffs or any proposed class member is entitled to monetary or any other relief.

276.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in this paragraph are denied and USASF denies that Plaintiffs or any proposed class member is entitled to monetary or any other relief.

## THIRD CLAIM FOR RELIEF
### Violation of State Antitrust Law
### (On Behalf of Plaintiffs and the State Law Damages Class)

277.     USASF incorporates by reference all of its answers to the preceding and ensuing paragraphs as if fully alleged herein.

278.     Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief.   The remaining allegations in this

BJB 4867-7552-4742
2933399-000004

paragraph are denied.

279.   Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief.   The remaining allegations in this paragraph are denied.

280.   Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief.   The remaining allegations in this paragraph are denied and USASF denies that Plaintiffs or any proposed class member is entitled to monetary or any other relief.

281.   Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief.   The remaining allegations in this paragraph are denied and USASF denies that Plaintiffs or any proposed class member is entitled to monetary or any other relief.

### FOURTH CLAIM FOR RELIEF
**Unfair Methods of Competition, and Unfair and Deceptive Acts, in Violation of State Consumer Protection Law
(On Behalf of Plaintiffs and the State Law Damages Class)**

282.   USASF incorporates by reference all of its answers to the preceding and ensuing paragraphs as if fully alleged herein.

47

283.    Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in this paragraph are denied.

284.    Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in this paragraph are denied.

285.    Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in this paragraph are denied.

286.    Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in this paragraph are denied.

287.    Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in this paragraph are denied and USASF denies that Plaintiffs or any proposed class member is entitled to monetary or any other relief.

**FIFTH CLAIM FOR RELIEF**
**Unjust Enrichment Under Tennessee Law**

48

**(On Behalf of Plaintiffs and the Nationwide Damages Class)**

288.   USASF incorporates by reference all of its answers to the preceding and ensuing paragraphs as if fully alleged herein.

289.   Paragraph 289 of the Complaint states a legal conclusion and merely characterizes Plaintiffs' claim and no response is required.  To the extent a response is required, the allegations contained in this paragraph are denied.

290.   Denied.

291.   Denied.

292.   Denied.

293.   Denied.

294.   Denied.

295.   Denied.

296.   Denied.

297.   The allegations in this paragraph are denied and USASF denies that Plaintiffs or any proposed class member is entitled to monetary or any other relief.

**SIXTH CLAIM FOR RELIEF**
**For Declaratory Relief Under 28 U.S.C. § 2201 for Violations of Sections 1, 2, and 3 of the Sherman Act, 15 U.S.C. §§ 1-3**
**(On Behalf of Plaintiffs and the Injunctive Relief Class)**

298.   USASF incorporates by reference all of its answers to the preceding and ensuing paragraphs as if fully alleged herein.

299.   The allegations in this paragraph are denied and USASF denies that Plaintiffs or any proposed class member is entitled to declaratory or any other relief.

**PRAYER FOR RELIEF**

49

USASF denies that Plaintiffs are entitled to the relief sought in the Prayer for Relief or to any other relief.

USASF denies all allegations in the Amended Complaint (including headings and captions) not specifically and expressly admitted in this answer.

## JURY TRIAL DEMANDED

USASF does not oppose and joins in Plaintiffs' demand for a trial by jury on all issues so triable.

## <u>AFFIRMATIVE DEFENSES</u>

## FIRST DEFENSE

The allegations in Plaintiffs' Amended Class Action Complaint (the "Amended Complaint") fail to state a claim upon which relief can be granted against USASF. Even taking the allegations in the Plaintiffs' Amended Complaint as true, Plaintiffs have failed to sufficiently allege that USASF engaged in a conspiracy, combination, or contract with one or more other entities, that USASF effected an unlawful restraint on competition in the alleged markets, that any allegedly anticompetitive conspiracy or other conduct by USASF proximately caused Plaintiffs' alleged injuries, or that USASF acted with a specific intent to monopolize. Therefore, this Court should dismiss Plaintiffs' claims against USASF with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the applicable statute of limitations. Claims under the Sherman Act are subject to a

four-year statute of limitations.  15 U.S.C. §15b.  The state antitrust claims and state consumer protection act claims remaining are subject to their own statutes of limitation, which in many instances differ from the statute of limitations under the Sherman Act.  *See* A.R.S. § 44-140; Cal. Bus. & Prof. Code § 16750.1; D.C. Code § 28-4511(b); HRS § 480-24; Idaho Code § 48-115(2); Iowa Code Ann. § 553.16; K.S.A. § 50-101 *et seq.*; 14 M.R.S.A. § 752; Md. Code Ann., Com. Law § 11-209(d)(1); MCL 445.781(2); Minn. Stat. Ann. § 325D.64, subd. 1; Miss. Code Ann. § 15-1-49(1); Neb. Rev. Stat. § 59-829; NRS 598A.220(2); N.H. RSA § 356:12(II); NMSA § 57-1-12(B); N.Y. Gen. Bus. Law § 340(5); N.C.G.S. § 75-16.2; NDCC § 51-08.1-10; Or. Rev. Stat. § 646.800; R.I. Gen. Laws § 6-36-23; SDCL § 37-1-14.4; Tenn. Code Ann. § 47-25-101 *et seq.*; Utah Code § 76-10-3117; W. Va. Code § 47-18-11; A.R.S. § 12-541(5); Ark. Code Ann. § 4-88-115; Cal. Bus. & Prof. Code § 17208; Conn. Gen. Stat. Ann. § 42-110g(f); D.C. Code §§ 28-3901 *et seq.*; Fla. Stat. § 95.11(3)(f); HRS § 480-24; Idaho Code § 48-619; K.S.A. § 60-512(2); 14 M.R.S.A. § 752; Mass. Gen. Laws ch. 260, § 5A; MCL 445.991(9); Minn. Stat. Ann. § 541.05, subd. 1(2); Mo. Rev. Stat. § 516.120(2); Mont. Code Ann. § 27-2-211; Neb. Rev. St. §§ 59-1601 *et seq.*; NRS 11.190(2)(d); N.H. RSA § 358-A:3(IV-a); *Nance v. L.J. Dolloff Assocs., Inc.*, 126 P.3d 1215, 1220 (N.M. Ct. App. 2005); N.Y. Gen. Bus. Law § 349(h); N.C.G.S. § 75-16.2; Or. Rev. Stat. § 646.638(6); R.I. Gen. Laws § 6-36-23; SDCL § 37-24-33; Utah Code § 78B-2-305(4); 12 V.S.A. § 511; W. Va. Code § 46A-5-101; Wis. Stat. § 425.307(1).

Plaintiffs filed their first Complaint on December 10, 2020, seeking to recover injunctive and declaratory relief from USASF for its alleged conspiracy with Varsity in violation of the Sherman Act, and to recover damages for violations of state antitrust laws and consumer protection laws, and to recover disgorgement damages under Tennessee unjust enrichment law.  [Dkt. 1.]

51

Plaintiffs attempt to support their claim against USASF with allegations dating as far back as 2003, well beyond the applicable statute of limitations periods under each of these laws.  While USASF does not concede that it participated in any conspiracy, Plaintiffs have made no allegation that USASF or Varsity fraudulently concealed their alleged activities.  To the contrary, throughout the Amended Complaint, Plaintiffs admit that they were aware of the alleged activities well before the start of the applicable limitations periods, and base their claim against USASF, in whole or in part, on allegations occurring before that date.

Alternatively, while USASF does not concede that it participated in any conspiracy, any Plaintiffs and/or putative class members who were not aware of the alleged acts and/or omissions of USASF prior to the start of the applicable limitations periods, failed to exercise reasonable diligence to discover their claims as they made no effort to investigate USASF's alleged affiliation with Varsity.

Further, alternatively and additionally, many of the state law claims brought by Plaintiffs began to accrue at the first transaction that Plaintiffs claim was an indirect purchaser from Varsity, which requires an individualized inquiry and may predate the applicable statutes of limitations. For example, to the extent any state law claim has a statute of limitations of one year or less, Plaintiffs have not identified any actionable transaction which took place within the 12 months preceding December 10, 2020, and accordingly, their claims are time- barred under those statutes.

### THIRD DEFENSE

To the extent that Plaintiffs and any putative class members entered into membership agreements with USASF which contain arbitration provisions, some or all of Plaintiffs' claims and the claims of any putative class members may be subject to arbitration.  Some of USASF's

agreements with its members contain valid and enforceable arbitration provisions, which, if accepted by the member, require arbitration of all controversies or claims by a member against USASF.  The arbitration provision expressly applies to all controversies or claims, regardless of whether they arise before, during, or after termination of the said agreement.  To the extent that any putative class members accepted the arbitration provision in their agreements with USASF, their claims are subject to arbitration and cannot be resolved as part of this lawsuit.

### FOURTH DEFENSE

Plaintiffs and/or any putative class members cannot assert a claim against USASF for conspiracy to monopolize in violation of the Sherman Act or analogous state laws as a matter of law because, taking Plaintiffs' allegations as true (albeit not admitting them), Varsity controlled USASF at all times relevant to the Amended Complaint and, therefore, USASF could not conspire with Varsity.

The "key" for a plaintiff to establish a conspiracy claim under the Sherman Act in the Sixth Circuit "is whether the contract, combination, or conspiracy joins together independent centers of decisionmaking." *Medical Ctr. at Elizabeth Pl., LLC v. Atrium Health Sys.*, 817 F.3d 934, 939 (6th Cir. 2016) (quoting *American Needle, Inc. v. National Football League*, 560 U.S. 183, 201 (2010)) (internal quotation marks and ellipses omitted).  *See also Richter Concrete Corp.*, 547 F.Supp. at 915 ("Section 2's prohibition against conspiracies is directed solely at concerted action among independent entities acting with the specific intent to monopolize.").

Plaintiffs allege throughout their Amended Complaint that Varsity controlled the relevant acts, omissions, and decisions of USASF at all times relevant to this lawsuit.  Plaintiffs' claims against USASF for conspiracy to monopolize under the Sherman Act and analogous state laws,

BJB 4867-7552-4742
2933399-000004

therefore, fail and are barred because, taking Plaintiffs' allegations as true, at no time relevant to this litigation did USASF commit any act or omission or make any decision in furtherance of the alleged conspiracy as a result of Varsity's alleged control over USASF.

### FIFTH DEFENSE

Plaintiffs and any putative class members failed to exercise reasonable care to mitigate, prevent, or avoid any damages they may have suffered.  Plaintiffs allege that they have been negatively impacted by an alleged conspiracy to monopolize the relevant markets, resulting in alleged artificially inflated prices, based on allegations dating as far back as 2003.  They also allege public knowledge of the facts giving rise to this claim for many years.

If Plaintiffs and/or any putative class members believed that USASF and/or Varsity was acting unfairly and anticompetitively for numerous years before they filed the Complaint, Plaintiffs had an obligation to take action to prevent, avoid, or lessen their damages by affirmative steps, including, without limitation, asserting their putative cause of action sooner.  The failure of Plaintiffs and/or any putative class members to take reasonable action to mitigate their damages was the sole and/or partial cause of their damages, if any.

### SIXTH DEFENSE

Plaintiffs and/or any putative class members lack standing under the Sherman Act, 15 U.S.C. §§ 1-3, the remaining state antitrust and consumer protection laws, and/or Article III of the Constitution, to bring their antitrust claim against USASF.

Additionally, Plaintiff Jones is a resident and citizen of Kansas and Plaintiff Lorenzen is a resident and citizen of Colorado.  Plaintiffs lack standing to bring claims under the laws of states in which they did not reside and do not have a claim for relief under such state laws.  Further,

BJB 4867-7552-4742
2933399-000004

because the Court has dismissed Plaintiffs' claims under Colorado law, Plaintiff Lorenzen lacks standing to bring a claim under the laws of any state.

**SEVENTH DEFENSE**

The damages allegedly suffered by Plaintiffs and/or any putative class members, if any, are not attributable to USASF's conduct.  Plaintiffs allege throughout the Amended Complaint that Varsity controlled USASF in all of its alleged acts, omissions, and/or decisions relevant to this litigation.  Therefore, the alleged damages, if any, are not attributable to USASF.

Rather, Plaintiffs' claims and/or the claims of any putative class members are barred because their alleged injuries and damages were not legally or proximately caused by any acts or omissions of USASF and/or were caused, if at all, solely and proximately by the conduct of Plaintiffs and/or putative class members themselves or third parties including, without limitation, the prior, intervening, or superseding conduct of such Plaintiffs, putative class members, or third parties.

**EIGHTH DEFENSE**

USASF's alleged conduct forming the basis of Plaintiffs' claims under the Sherman Act and analogous state statutes had procompetitive benefits, including, without limitation, the promotion of athlete safety and the uniformity of rules in sanctioned cheer competitions.

**NINTH DEFENSE**

USASF's alleged conduct forming the basis of Plaintiffs' claims under the Sherman Act and analogous state statutes, promoted the public interest, including, without limitation, athlete safety through risk mitigation measures designed to, *e.g.*, minimize the risk of injury to athletes.

**TENTH DEFENSE**

55

The Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrine of laches. The doctrine of laches "bars a party's dilatory claim," and stems from "the principle that equity aids the vigilant and not those who slumber on their rights." *Biodiversity Conservation Alliance v. Jiron*, 762 F.3d 1036, 1090-91 (10th Cir. 2014) (internal quotation marks omitted); *In re Native Energy Farms, LLC*, 745 F. App'x 272, 276 (9th Cir. 2018) (same); *Floyd v. Floyd*, No. 97-2686, 1999 WL 812315, at *4 (4th Cir. Oct. 12, 1999) (same). Specifically, laches will bar a claim when two elements are present: (1) unreasonable delay in asserting one's rights; and (2) a resulting prejudice to the defending party. *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1054 (6th Cir. 2015) (citation and internal quotation marks omitted).

Plaintiffs attempt to support their claim against USASF with allegations dating as far back as 2003, well beyond the applicable statute of limitations periods under each of these laws. Plaintiffs' allegations repeatedly refer to publicly known conduct and events, which occurred many years in the past. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims. Additionally, Plaintiffs' unreasonable delay in bringing their claims has resulted in economic prejudice to USASF. Plaintiffs' delay caused USASF to continue to deal with Plaintiffs in the same manner, to its prejudice. Accordingly, the equitable principles embodied by the doctrine of laches bars Plaintiffs and the putative class members from seeking relief at this delayed juncture.

## ELEVENTH DEFENSE

The Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrine of waiver as a result of Plaintiffs' own acts or omissions. Plaintiffs attempt

to support their claim against USASF with allegations dating as far back as 2003, well beyond the applicable statute of limitations periods under each of these laws.  Plaintiffs' allegations repeatedly refer to publicly known conduct and events, which occurred many years in the past.  According to facts alleged in Plaintiffs' Amended Complaint, allegations of concerted and anticompetitive action between USASF and Varsity have existed for many years.

Plaintiffs' and the putative class members' conduct in continuing to pay registration fees for renewed membership with USASF and continuing to participate in its events under their respective membership agreements, despite the public allegations against USASF, is conduct amounting to their waiver of any right to bring this lawsuit.  Plaintiffs' conduct and the conduct of the putative class members was, and continues to be, inconsistent with any intention other than to waive their right to bring suit.  Plaintiffs and the putative class members, by their actions, accepted the benefits of an ongoing relationship with USASF and relinquished their right to bring suit.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel. Plaintiffs attempt to support their claim against USASF with allegations dating as far back as 2003, well beyond the applicable statute of limitations periods under each of these laws.  Plaintiffs' allegations repeatedly refer to publicly known conduct and events, which occurred many years in the past. According to facts alleged in Plaintiffs' Amended Complaint, allegations of concerted and anticompetitive action between USASF and Varsity have existed for many years.  USASF  relied in good faith, and to its detriment, on Plaintiffs' and the putative class members' actions in continuing to pay registration fees for renewed membership with USASF and continuing to participate in its events under their respective membership agreements, and their continued

57

acceptance of the benefits of an ongoing relationship with USASF, without complaining about the alleged existence of an anticompetitive conspiracy to monopolize the relevant markets between USASF and Varsity.

USASF had no knowledge of the alleged complaints of Plaintiffs and/or the putative class members, nor did it have the means to discover these complaints. Plaintiffs' claims and the claims of the putative class members are therefore estopped.

### THIRTEENTH DEFENSE

To the extent any Plaintiff or putative class member executed an agreement with USASF or Varsity that provides a period of limitations or repose within which to bring claims, their claims are barred in whole or in part by that agreement. To the extent any agreements between Plaintiffs and/or putative class members and USASF or Varsity include valid and enforceable clauses waiving or agreeing not to pursue class actions or other claims or clauses requiring resolution of claims against USASF in another forum, claims are barred in whole or in part by that agreement.

### FOURTEENTH DEFENSE

Any recovery by the Plaintiffs or putative class members must be reduced or offset by amounts the Plaintiffs or putative class members received or will receive, by way of settlement or otherwise, from others for the same injuries claimed in this lawsuit.

### FIFTEENTH DEFENSE

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, due to the ratification of, consent, and acquiescence to USASF and Varsity's alleged conduct. Plaintiffs attempt to support their claim against USASF with allegations dating as far back as 2003, well beyond the applicable statute of limitations periods under each of these laws. Plaintiffs'

BJB 4867-7552-4742
2933399-000004

allegations repeatedly refer to publicly known conduct and events, which occurred many years in the past.  According to facts alleged in Plaintiffs' Amended Complaint, allegations of concerted and anticompetitive action between USASF and Varsity have existed for many years.

Accordingly, because Plaintiffs have been aware for years of the same conduct they now challenge—much of which has provided Plaintiffs and putative class members direct benefits—Plaintiffs' claims and those of the putative class are barred by the doctrine of ratification.

### SIXTEENTH DEFENSE

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, to the extent Plaintiffs and any putative class members seek improper multiple damage awards or damages duplicative of those sought in other litigation in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the Unites States Constitution.  Such conduct is also inconsistent with the U.S. Supreme Court's ruling in *Illinois Brick*.

### SEVENTEENTH DEFENSE

Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, to the extent that Plaintiffs or members of the putative class have had substantially similar claims dismissed with prejudice in prior litigation and/or have settled such claims.

### EIGHTEENTH DEFENSE

Plaintiffs' claims and/or the claims of any putative class members are barred because their alleged injuries and damages were not legally or proximately caused by any acts or omissions of USASF and/or were caused, if at all, solely and proximately by the conduct of Plaintiffs and/or putative class members themselves or third parties including, without limitation, the prior, intervening, or superseding conduct of such Plaintiffs, putative class members, or third parties.

BJB 4867-7552-4742
2933399-000004

**NINETEENTH DEFENSE**

Plaintiffs bring claims under numerous state antitrust and consumer protection statutes. Many states require such claims to be brought by the state attorney general and do not afford a private right of action. For example, Ark. Code Ann. § 4-75-315 and Iowa Code § 553.7 limits the right to bring a suit to the Iowa attorney general. Idaho Code Ann. § 48-603(b) expressly provides that no private right of action exists under this statute. Other states do not afford a private right of action to indirect purchasers. *See* ECF No. 76-1. To the extent any of Plaintiffs' state law claims do not provide for a private right of action, Plaintiffs lack standing to pursue such claim and cannot state a plausible claim for relief.

**TWENTIETH DEFENSE**

Plaintiffs bring claims under numerous state antitrust and consumer protection statutes. In many states, such claims may not be brought as a class action. For example, Ark. Code § 4-88-113, Mont. Code Ann. § 30-14-133, and Tenn. Code Ann. § 47-18-109(g) prohibit class actions. Kan. Stat. Ann. § 50-634 prohibits private class actions for damages or civil penalties, except under limited circumstances. Cal. Bus. & Prof. Code § 17203 places restrictions on persons who can serve as class representative and the type of relief that can be recovered. *See also Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998). To the extent any of Plaintiffs' state law claims may not be brought as a class action or as a class action for damages, Plaintiffs lack standing to pursue such claims individually, lack standing to pursue such claims on behalf of a class, and cannot state a plausible claim for relief.

**TWENTY-FIRST DEFENSE**

BJB 4867-7552-4742
2933399-000004

Plaintiffs bring claims under numerous state antitrust and consumer protection statutes. Many states require procedural requirements to be satisfied before a plaintiff may file a lawsuit on such claim.  For example, Ariz. Rev. Stat. § 44-1415, Nev. Rev. Stat. § 598A.210, Utah Code Ann. § 76-10-3109, Cal. Bus. Prof. Code § 17209, and Or. Rev. Stat. § 646.638(2), require notice and/or service on the state attorney general simultaneously with the filing of the complaint.  In the District of Columbia, any lawsuit must be brought in the Superior Court of the District Court of Columbia. D.C. Code § 28-3905(k)(5).  In Maine and Massachusetts, a plaintiff must provide a defendant a written demand at least 30 days prior to the filing of an action for damages.  Me. Stat. tit. 5 § 213; Mass. Gen. Laws ch. 93A § 9.  To the extent any of Plaintiffs failed to satisfy any state procedural prerequisites before filing this action, Plaintiffs lack standing to pursue such state law claims and fail to state a claim for relief.

## TWENTY-SECOND DEFENSE

Plaintiffs bring claims under numerous state antitrust and consumer protection statutes. Many states have limitations on actions against nonprofit organizations.  For example, under D.C. Code § 28-3905, an action brought against a nonprofit organization "shall not be based on membership in such organization, membership services, training or credentialing activities, sale of publications of the nonprofit organization . . . , or any other transaction, interaction, or dispute not arising from the purchase or sale of consumer goods or services in the ordinary course of business." To the extent Plaintiffs' against USASF, a nonprofit organization, are barred by any state law, Plaintiffs lack standing to pursue such state law claims and fail to state a claim for relief.

## TWENTY-THIRD DEFENSE

BJB 4867-7552-4742
2933399-000004

USASF adopts and incorporates by reference any and all other defense asserted by any other defendant to the extent that the defense would apply to USASF.

### RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

USASF has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent as this matter proceeds.  USASF reserves the right to amend or seek to amend its answers and/or its affirmative defenses.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, USASF demands a trial by jury of all claims and defenses upon which it is entitled to a jury by trial by a court of competent jurisdiction.

### PRAYER FOR RELIEF

USASF requests that Plaintiffs' Amended Complaint be dismissed with prejudice, that the Court find that neither Plaintiffs nor the purported class is entitled to any judgment or relief, that the Court enter judgment in favor of USASF, and that the Court award USASF its attorneys' fees, costs, and expenses, pre-judgment interest, and such further relief as the Court deems just and proper.

This, the 27th day of October, 2023.

Respectfully submitted,

*s/ Nicole Berkowitz Riccio*
Grady Garrison (TN #008097)
Nicole D. Berkowitz (TN #35046)
James Andrew Roach (TN #37934)
BAKER, DONELSON, BEARMAN,

62

BJB 4867-7552-4742
2933399-000004

CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com
aroach@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*

BJB 4867-7552-4742
2933399-000004