UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES, ET AL.<br><br>               Plaintiffs,<br><br>    v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>               Defendants. | **Case No. 2:20-cv-02892-SHL-tmp**<br><br><br><br>**BAIN DEFENDANTS' ANSWER<br>TO THE AMENDED CLASS<br>ACTION COMPLAINT** |

Bain Capital Private Equity, LP, Bain Capital Fund XII, L.P., Bain Capital Fund (DE) XII, L.P., and Bain Capital Fund (Lux) XII, SCSp ("Bain"),[1] as and for their answer to the Amended Class Action Complaint, ECF No. 490 (September 27, 2023) (the "Complaint"), respectfully state as follows:

No response is required to the various headings or subheadings throughout the Complaint. To the extent that responses are required to such headings or subheadings, they are denied. To the extent a response is required, all answers to allegations in a particular paragraph of the Complaint should be construed to apply equally to the allegations contained in the footnote or subpart, if any, accompanying or comprising such paragraph of the Complaint, unless expressly stated otherwise. To the extent that any allegation is not specifically admitted, it is denied.

---

[1]   Bain Capital Private Equity, LP, Bain Capital Fund XII, L.P., Bain Capital Fund (DE) XII, L.P., and Bain Capital Fund (Lux) XII, SCSp are separate legal entities and have filed a joint answer solely for the sake of efficiency.

To the extent the allegations in the Complaint refer to (1) Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Spirit Fashions & Supplies, LLC ("Varsity"); (2) the U.S. All Star Federation ("USASF"), its employees, or any related entities or persons; or (3) Charlesbank Capital Partners, LLC ("Charlesbank"), its employees, or any related entities or persons, Bain lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and therefore denies them as specified in Federal Rule of Civil Procedure 8.1(b)(5). In addition, the Complaint collectively refers to Varsity, USASF, Bain, and Charlesbank as "Defendants." To the extent that the allegations in the Complaint relate to a collective group of "Defendants," unnamed defendants, or others, Bain denies the allegations to the extent they suggest that Bain engaged in any scheme, enterprise, conspiracy, or other wrongdoing.

1. Bain denies the allegations in Paragraph 1.

2. Bain admits that cheerleading can involve teams performing routines with a variety of elements and that cheerleading teams can be affiliated with, among other things, private gyms and schools. Bain further admits that some cheerleading teams choose to compete with one another in competitions and that competitions typically have rules. Bain otherwise denies the allegations asserted in Paragraph 2, in part because the term "Competitive Cheer" is vague and ambiguous.

3. Bain denies the allegations in Paragraph 3.

4. Bain denies the allegations in Paragraph 4.

5. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 5. Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

6. Bain denies the allegations in Paragraph 6.

2

7.      Paragraph 7 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

8.      Paragraph 8 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain does not contest personal jurisdiction over Bain Capital Private Equity, LP, Bain Capital Fund XII, L.P., Bain Capital Fund (DE) XII, L.P., and Bain Capital Fund (Lux) XII, SCSp for this action.  Bain otherwise denies the allegations asserted in this paragraph.

9.      Paragraph 9 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them. Bain does not contest venue in the United States District Court for the Western District of Tennessee.  Bain otherwise denies the allegations asserted in this paragraph.

10.      Bain denies the allegations in Paragraph 10.

11.      Paragraph 11 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them, in part because the specific "products and services" and "activities" of the various "Defendants" are not specified.

12.      Bain denies the allegations in Paragraph 12.

13.      Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 13 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

14.      Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 14 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

15.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 15 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

16.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 16 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

17.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 17 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

18.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 18 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

19.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 19 insofar as they relate to individuals or entities other than Bain.  Bain admits that Jeff Webb was Chairman of the Board of Directors of Varsity Brands, LLC.  Bain otherwise denies the allegations asserted in this paragraph.

20.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 20 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

21.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 21 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

22.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 22 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

23.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 23 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

24.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 24 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

25.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 25 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

26.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 26 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

27.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 27 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

28.     Bain denies the allegations in Paragraph 28.

29.     Bain admits that Bain Capital Private Equity, LP is a Delaware limited partnership, with its principal place of business in Boston, Massachusetts.  Bain admits that Bain Capital Private Equity, LP is a registered investment advisor, formed in 2000, but otherwise denies the allegations in the second sentence of Paragraph 29.  Bain denies the allegations in the

third and fourth sentences of Paragraph 29. ███████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████ and otherwise

denies the allegations in the fifth sentence of Paragraph 29.

30.     Bain denies the allegations of Paragraph 30.

31.     Bain admits that Bain Capital Fund XII, L.P. is a Cayman limited partnership and

denies the remainder of the allegations in Paragraph 31.

32.     Bain admits that Bain Capital Fund (DE) XII, L.P. is a Delaware limited

partnership and denies the remainder of the allegations in Paragraph 32.

33.     Bain admits that Bain Capital Fund (Lux) XII, SCSp is a Luxembourg special

limited partnership and denies the remainder of the allegations in Paragraph 33.

34.     Bain admits that BCIP Associates V, LP and BCIP Associate V-B, LP are

Delaware limited partnerships and denies the remainder of the allegations in Paragraph 34.

35.     ███████████████████████████████████

████████████████████████████████████████████ but

otherwise denies the allegations in Paragraph 35.

36.     The first sentence of Paragraph 36 seems to state legal conclusions to which Bain

need not respond.  To the extent any response to the allegations in this sentence is necessary,

Bain denies them.  Bain denies the allegations of the second and third sentences of Paragraph 36.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████     Bain otherwise denies the allegations in the fourth sentence of

Paragraph 36.  Bain denies the allegations in the fifth and sixth sentences of Paragraph 36.  The first sentence of footnote 7 purports to refer to a document, the contents of which speak for themselves.  ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ and otherwise denies the allegations in the second sentence of footnote 7.  ████████████████████████████████████

████████████████████████████████████████████ but otherwise denies the allegations of the third sentence of footnote 7.  Bain denies the allegations in the fourth sentence of footnote 7 and in footnote 8.

37.     Bain denies the allegations in Paragraph 37.

38.     Paragraph 38 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

39.     Paragraph 39 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

40.     Paragraph 40 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

41.     Paragraph 41 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

42.     Paragraph 42 states legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.  Paragraph 42 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 42 for their true and correct contents.  Bain lacks

knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 42 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

43.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 43 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

44.     Paragraph 44 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Injunctive Relief Class," as no class has been certified.

45.     Paragraph 45 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Nationwide Damages Class," as no class has been certified and Bain further notes that the Court has previously struck the allegations about the so-called Nationwide Damages Class.

46.     Paragraph 46 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "State Law Damages Class," as no class has been certified.

47.     Paragraph 47 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is

necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Classes," as no class has been certified.

48.  Paragraph 48 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Classes," as no class has been certified.

49.  Paragraph 49 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Classes," as no class has been certified.

50.  Paragraph 50 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by the "Classes," as no class has been certified.

51.  Paragraph 51 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by "the Classes," as no class has been certified.

52.  Paragraph 52 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain notes in particular denial of the characterization that this case has been brought by "the Classes," as no class has been certified.

53.     Paragraph 53 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

54.     Paragraph 54 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

55.     Paragraph 55 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

56.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 56 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

57.     Bain admits that cheerleading can involve teams performing routines with a variety of elements, and Bain admits that cheerleading can be athletically rigorous and technically challenging, requiring strength, flexibility, endurance, effort, coordination, focus and cooperative teamwork, among other skills.  Bain otherwise denies the allegations asserted in Paragraph 57.

58.     Bain admits that some cheer events are not sideline performances in support of a sporting event.  Bain otherwise denies the allegations asserted in Paragraph 58, in part because the terms employed are vague and ambiguous.

59.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 59 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

60.     Bain admits that cheerleading teams may compete with one another at competitions and that those competitions can take a number of forms.  Bain lacks knowledge or

information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 60 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

61.    Bain admits that competitions can last for one or more days. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 61 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

62.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 62 insofar as they relate to individuals or entities other than Bain. Bain admits that Varsity offers cheer events. Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

63.    Bain admits that cheerleading teams can be affiliated with private gyms, schools, and other organizations. Bain otherwise denies the allegations asserted in Paragraph 63, in part because the terms employed are vague and ambiguous.

64.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 64 insofar as they relate to individuals or entities other than Bain. Bain admits that some All Star Gyms have paid Varsity registration fees to enter All Star competitions. Bain otherwise denies the allegations asserted in this paragraph.

65.    Bain admits that cheerleading can involve teams performing routines with a variety of elements, including tumbling, stunting, and dance, that such routines can be set to

music, that cheerleading teams can compete with one another, and that cheerleading teams are open to a range of age groups. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 65 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

66. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 66 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

67. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 67 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

68. Paragraph 68 purports to characterize the contents of written documents, which documents speak for themselves. Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 68 for their true and correct contents. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 68 insofar as they relate to individuals or entities other than Bain. Bain admits that cheer competitions can include cheerleading teams associated with schools and that competitions can include elements such as tumbling, stunting, pyramids, dance, chants, fight songs, and cheers. Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

69. Bain admits that Varsity owns the brands associated with the National Cheerleaders Association and the Universal Cheerleaders Association and that Varsity operates

cheerleading competitions and camps under those brands, among others.  Bain otherwise denies the allegations asserted in Paragraph 69, in part because the terms employed are vague and ambiguous.

70.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 70 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

71.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 71 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

72.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 72 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

73.     Bain admits that Varsity's IMPACT program provides a number of offerings to schools, including rebranding.  Bain otherwise denies the allegations asserted in Paragraph 73.

74.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 74 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

75.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 75 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

76.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 76.  Paragraph 76 purports to characterize the contents of written documents, which documents speak for themselves.  Bain

denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 76 for their true and correct contents.

77.     Bain admits that some cheerleaders and cheerleading teams attend camps.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 77 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

78.     Bain admits that Varsity offers cheerleading camps.  Bain otherwise denies the allegations asserted in Paragraph 78.

79.     Bain admits that Varsity Spirit is the largest cheerleading camp provider in the world.  Bain otherwise denies the allegations asserted in Paragraph 79.

80.     Bain admits that Varsity offers cheerleading camps under a variety of brands, including UCA, NCA, United Spirit Association, and V!ROC.  Bain otherwise denies the allegations asserted in Paragraph 80.

81.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 81 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

82.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 82 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

83.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 83 insofar as they relate to individuals or

entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

84.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 84 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

85.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 85 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

86.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 86 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

87.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 87 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

88.    Bain admits that Varsity offers cheer-related products.  Bain otherwise denies the allegations asserted in Paragraph 88.

89.    Bain admits that Varsity offers cheerleading camps.  Bain otherwise denies the allegations asserted in Paragraph 89.

90.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 90 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

91.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 91 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

92.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 92 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

93.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 93 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

94.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 94 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

95.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 95 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

96.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 96 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

97.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 97 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

98.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 98 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

99.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 99 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

100.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 100 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

101.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 101 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

102.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 102 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

103.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 103 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

104.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 104 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

105.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 105 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

106.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 106 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

107.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 107 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

108.    ██████████████████████████████████████████ ██████████████████ and otherwise denies the allegations in Paragraph 108.

109.    Bain admits that Bain Capital Private Equity, LP, in its capacity as an advisor to certain funds, conducted diligence of Varsity's business, including diligence on existing strengths and potential for investment returns.  Bain otherwise denies the allegations in Paragraph 109.

110.    ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████ ██████████████████████████████████ ████████████████████████ Bain denies that Bain raised $785 million in new cash equity to fund the 2018 acquisition. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the other allegations contained in Paragraph

110 insofar as they relate to individuals or entities other than Bain and otherwise denies those allegations.

111.   Bain denies the allegations in Paragraph 111.

112.   ███████████████████████████████████████████████████

███████████████████████████████████████████ and otherwise

denies the allegations in Paragraph 112.

113.   Bain denies the allegations in Paragraph 113.

114.   Bain denies the allegations in Paragraph 114.

115.   ████████████████████████████████████████

████████████████████████████ but otherwise denies the allegations in

Paragraph 115, including Plaintiffs' characterization of the cited document, the contents of which

speak for themselves.

116.   Bain denies the allegations in Paragraph 116.

117.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 117 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

118.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 118 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

119.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 119 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

120.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 120 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

121.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 121 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

122.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 122 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

123.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 123 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

124.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 124 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

125.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 125 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

126.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 126 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

127.   Paragraph 127 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the

contents of the referenced documents and refers to the documents cited in Paragraph 127 for their true and correct contents. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in this paragraph insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

128. Bain denies the allegations asserted in Paragraph 128.

129. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 129 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

130. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 130 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

131. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 131 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

132. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 132 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

133. Bain denies the allegations in Paragraph 133.

134. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 134 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

135.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 135 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

136.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 136 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

137.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 137 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

138.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 138 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

139.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 139 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

140.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 140 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

141.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 141 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

142.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 142 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

143.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 143 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

144.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 144 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

145.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 145 insofar as they relate to individuals or entities other than Bain.  Paragraph 145 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 145 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

146.   Bain denies the allegations in Paragraph 146.

147.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 147 insofar as they relate to individuals or entities other than Bain.  Paragraph 147 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in

Paragraph 147 for their true and correct contents. Bain otherwise denies the allegations asserted in this paragraph.

148.    Bain denies the allegations in Paragraph 148.

149.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 149 insofar as they relate to individuals or entities other than Bain. Bain admits that Jeff Webb founded the company that is now known as Varsity Spirit. Bain otherwise denies the allegations asserted in this paragraph.

150.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 150 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

151.    Bain denies the allegations in Paragraph 151.

152.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 152 insofar as they relate to individuals or entities other than Bain. Bain admits that Varsity offers cheer events. Bain otherwise denies the allegations asserted in this paragraph.

153.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 153 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

154.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 154 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

155.    Bain denies the allegations in Paragraph 155.

156.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 156 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

157.     Bain denies the allegations in Paragraph 157.

158.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 158 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

159.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 159 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

160.     Bain denies the allegations in Paragraph 160.

161.     Bain denies the allegations in Paragraph 161.

162.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 162 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

163.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 163 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

164.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 164 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

165.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 165 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

166.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 166 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

167.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 167 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

168.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 168 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

169.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 169 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

170.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 170 insofar as they relate to individuals or entities other than Bain.  Paragraph 170 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 170 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

171.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 171 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

172.     Bain denies the allegations in Paragraph 172.

173.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 173 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

174.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 174 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

175.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 175 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

176.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 176 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

177.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 177 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

178.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 178 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

179.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 179 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

180.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 180 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

181.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 181 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

182.    Bain admits that Varsity's IMPACT program provides a number of offerings to schools, including rebranding.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 182 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

183.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 183 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

184.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 184 insofar as they relate to individuals or entities other than Bain.  Paragraph 184 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in

Paragraph 184 for their true and correct contents. Bain otherwise denies the allegations asserted in this paragraph.

185.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 185 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

186.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 186 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

187.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 187 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

188.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 188 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

189.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 189 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

190.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 190 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

191.   Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 191 insofar as they relate to individuals or entities other than Bain. Bain otherwise denies the allegations asserted in this paragraph.

192.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 192 insofar as they relate to individuals or entities other than Bain.  Paragraph 192 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 192 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

193.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 193 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

194.    Paragraph 194 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

195.    Bain denies the allegations in Paragraph 195.

196.    Paragraph 196 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

197.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 197 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

198.    Bain denies the allegations in Paragraph 198.

199.    Bain denies the allegations asserted in Paragraph 199, in part because the term "close economic substitutes that could constrain their pricing" is vague and ambiguous.

200.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 200.

201.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Bain denies the allegations in the first sentence of Paragraph 201. Bain lacks knowledge or information sufficient to form a belief as to whether the allegations in the paragraph are always true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and, on that basis, Bain denies them.

202.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Bain denies the allegations in the first sentence of Paragraph 202. Bain lacks knowledge or information sufficient to form a belief as to whether the allegations in the paragraph are always true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and, on that basis, Bain denies them.

203.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Bain denies the allegations in the first sentence of Paragraph 203. Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 203 insofar as they relate to individuals or entities other than Bain. The remainder of the paragraph contains vague and ambiguous allegations, which Bain denies on that basis. Bain refers to the cited document for its true and accurate contents. Bain otherwise denies the allegations asserted in this paragraph.

204.    Paragraph 204 states legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.

205.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Bain denies the allegations in the first sentence of Paragraph 205. Bain lacks sufficient information to form a belief as to whether the allegations in the paragraph are always

true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and, on that basis, Bain denies them.

206.    Bain lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 206 are true.

207.    Bain denies the allegations in Paragraph 207.

208.    Bain denies the allegations in Paragraph 208.

209.    Bain denies the allegations in Paragraph 209.

210.    Bain denies the allegations in Paragraph 210.

211.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 211 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

212.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 212 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

213.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 213 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

214.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 214 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

215.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 215 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

216.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 216 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

217.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 217 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

218.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 218 insofar as they relate to individuals or entities other than Bain.  Paragraph 218 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 218 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

219.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 219 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

220.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 220 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

221.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 221 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

222.     Paragraph 222 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them, in part because the terms "primary market" and "targeted customers" are vague and ambiguous.

223.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 223 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

224.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 224 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

225.     Bain denies the allegations in Paragraph 225.

226.     Bain denies the allegations in Paragraph 226.

227.     Bain admits that businesses, including apparel manufacturers, may make capital investments in the course of business.  Bain otherwise denies the allegations asserted in Paragraph 227, which are vague and ambiguous.

228.     Bain denies the allegations in Paragraph 228, in part because the terms employed are vague and ambiguous.

229.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 229 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

230.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 230 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

231.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 231 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

232.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 232 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

233.     Paragraph 233 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms "instrumental" and "championship level" are vague and ambiguous.

234.     Bain admits that Varsity offers cheerleading camps.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 234 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

235.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 235 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the term "largest cheerleading championships" is vague and ambiguous.

236.     Paragraph 236 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain also notes that the terms "primary market," "USASF standards," "targeted customers," and "regional sense of camps" are vague and ambiguous.  Bain otherwise denies the allegations asserted in this paragraph.

237.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 237 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

238.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 238 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

239.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 239 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

240.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 240 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms "a lot of money" and "equipment" are vague and ambiguous.

241.    Bain denies the allegations in Paragraph 241.

242.    Bain admits that Varsity offers cheerleading camps.  Bain otherwise denies the allegations asserted in Paragraph 242.

243.    Bain denies the allegations in Paragraph 243.

244.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 244 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

245.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 245 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

246.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 246 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

247.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 247 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

248.     Paragraph 248 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

249.     Paragraph 249 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

250.     Bain denies the allegations in Paragraph 250.

251.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 251 insofar as they relate to individuals or entities other than Bain.  Paragraph 251 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 251 for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

252.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 252 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

253.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 253 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

254.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 254 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

255.     Bain lacks knowledge or information sufficient to form a belief as to whether the allegations in the paragraph are true.  Paragraph 255 purports to characterize the contents of written documents, which documents speak for themselves.  Bain denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents for their true and correct contents.  Bain otherwise denies the allegations asserted in this paragraph.

256.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 256 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

257.     Bain denies the allegations in Paragraph 257.

258.     Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 258 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

259.    Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 259 insofar as they relate to individuals or entities other than Bain.  Bain otherwise denies the allegations asserted in this paragraph.

260.    Bain denies the allegations in Paragraph 260.

261.    Paragraph 261 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

262.    Bain incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

263.    Paragraph 263 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

264.    Bain denies the allegations in Paragraph 264.

265.    Paragraph 265 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

266.    Paragraph 266 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

267.    Paragraph 267 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

268.    Bain denies the allegations in Paragraph 268.

269.    Paragraph 269 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent any response is required, Bain denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations asserted in Paragraph 238.

270.    Bain incorporates by reference its answers to the preceding paragraphs as if fully stated herein.  Bain further notes that the Court has struck the allegations of a Nationwide Damages Class.

271.    Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 271 state legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  Bain also notes that the Court has struck the allegations of a Nationwide Damages Class.

272.    Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 272 states legal conclusions to which Bain need not respond.  Bain lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 272 insofar as Bain relate to individuals or entities other than Bain.  Bain admits that Varsity Spirit, LLC is a Tennessee company and that Varsity Spirit, LLC and Varsity Spirit Fashions & Supplies, LLC have a principal place of business in Tennessee.  Bain otherwise denies the allegations in this paragraph.  Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's Order.  Bain also notes that the Court has struck the allegations of a Nationwide Damages Class.

273.    Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 273 state legal conclusions to which Bain need not respond.

To the extent any response to these allegations is necessary, Bain denies them.  Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's Order.  Bain further notes that the Court has struck the allegations of a Nationwide Damages Class.

274.    Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 274 state legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's Order.  Bain further notes that the Court has struck the allegations of a Nationwide Damages Class.

275.    Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 275 state legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's Order.  Bain further notes that the Court has struck the allegations of a Nationwide Damages Class.

276.    Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  Paragraph 276 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response to Paragraph 276 is required, Bain denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations in Paragraph 276.

Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint. The inclusion of these claims therefore violates the Court's Order. Bain further notes that the Court has struck the allegations of a Nationwide Damages Class.

277.   Bain incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

278.   Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief. The remaining allegations in Paragraph 278 state legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them. Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint. The inclusion of these claims therefore violates the Court's Order.

279.   Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief. The remaining allegations in Paragraph 279 state legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them. Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint. The inclusion of these claims therefore violates the Court's Order.

280.   Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to

the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief.  The remaining allegations in Paragraph 280 state legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.  Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's.

281.    Plaintiffs' Third Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and as to the Tennessee claims related to the Cheer Camp and Cheer Competition markets, and no response is required as it relates to the dismissed portions of Plaintiffs' Third Claim for Relief.  Paragraph 281 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response to Paragraph 281 is required, Bain denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations in Paragraph 281.  Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's Order.

282.    Bain incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

283.    Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in Paragraph 283 are denied.  Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's Order.

284.     Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in Paragraph 284 state legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.  Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's Order.

285.     Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in Paragraph 285 state legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.  Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's Order.

286.     Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  The remaining allegations in Paragraph 286 state legal conclusions to which Bain need not respond. To the extent any response to these allegations is necessary, Bain denies them.  Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's Order.

287.     Plaintiffs' Fourth Claim for Relief has been dismissed as to the claims brought under the laws of Alaska, Colorado, Alabama, Illinois, and Tennessee, and no response is

required as it relates to the dismissed portions of Plaintiffs' Fourth Claim for Relief.  Paragraph 287 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response to Paragraph 287 is required, Bain denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations in Paragraph 256. Bain further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's Order.

288.    Bain incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

289.    Paragraph 289 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent any response is required, Bain denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations asserted in Paragraph 289.

290.    Bain denies the allegations in Paragraph 290.

291.    Bain denies the allegations in Paragraph 291.

292.    Bain denies the allegations in Paragraph 292.

293.    Paragraph 293 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

294.    Paragraph 294 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

295.    Paragraph 295 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

296.    Paragraph 296 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

297.    Paragraph 297 states legal conclusions to which Bain need not respond.  To the extent any response to these allegations is necessary, Bain denies them.

298.    Bain incorporates by reference its answers to the preceding and succeeding paragraphs as if fully stated herein.

299.    Paragraph 299 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent any response is required, Bain denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations asserted in Paragraph 299.

### GENERAL DENIAL

300.    Bain denies all allegations contained in the Complaint (including headings and captions) not specifically admitted in this Answer.

### JURY DEMAND

Plaintiffs' jury demand is a self-operative statement to which no response is required. Bain reserves its rights as to triability of any claim or counterclaim in this case.

### AFFIRMATIVE AND OTHER DEFENSES

1.    Insofar as the bulk of the conduct referenced in the Complaint occurred outside the applicable statute of limitations and/or statute of repose period, more than four years prior to Plaintiffs filing their action, Plaintiffs' claims for damages are barred, in whole or in part, by the statute of limitations and/or statute of repose.

2.    Insofar as the bulk of the conduct referenced in the Complaint occurred more than four years prior to Plaintiffs filing their action (or more than such other period as may be deemed relevant), Plaintiffs' claims for injunctive relief are barred, in whole or in part, by the doctrine of laches.

3.      Plaintiffs' claims may not be maintained as a class action.  In addition to not satisfying the requirements of Rule 23, under the laws of many states, claims under the state antitrust and consumer protection statutes may not be brought as a class action.  For example, Ark. Code § 4-88-113, Mont. Code Ann. § 30-14-133, and Tenn. Code Ann. § 47-18-109(g) prohibit class actions. Kan. Stat. Ann. § 50-634 prohibits private class actions for damages or civil penalties, except under limited circumstances.  Cal. Bus. & Prof. Code § 17203 places restrictions on persons who can serve as class representative and the type of relief that can be recovered. *See also Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998).  To the extent any of Plaintiffs' state law claims may not be brought as a class action or as a class action for damages, Plaintiffs lack standing to pursue such claims individually, lack standing to pursue such claims on behalf of a class, and cannot state a plausible claim for relief.

4.      Plaintiffs lack standing to pursue claims related to camps.

5.      Plaintiffs allege that they have been damaged by conduct known to them and dating as far back as 2003.  Yet Plaintiffs chose to continue patronizing Varsity's cheerleading competitions, chose to continue purchasing apparel from Varsity, and otherwise failed to take steps to avoid or lessen their alleged damages.  Plaintiffs' claims are therefore barred, in whole or in part, by their failure to mitigate damages, waiver, estoppel, and/or by the voluntary payment doctrine.

6.      Plaintiffs have failed to state a claim upon which relief can be granted, including as stated in the motions to dismiss of the various Defendants, which were recently granted in part by the Court.  This includes, but is not limited to, failure to state a claim under the Tennessee Trade Practices Act and failure to state a claim under the Tennessee Trade Practices Act.

7.    Plaintiffs bring claims under numerous state antitrust and consumer protection statutes.  Many states require procedural requirements to be satisfied before a plaintiff may file a lawsuit on such claim.  For example, Ariz. Rev. Stat. § 44-1415, Nev. Rev. Stat. § 598A.210, Utah Code Ann. § 76-10-3109, Cal. Bus.  Prof. Code § 17209, and Or. Rev. Stat. § 646.638(2), require notice and/or service on the state attorney general simultaneously with the filing of the complaint.  In the District of Columbia, any lawsuit must be brought in the Superior Court of the District Court of Columbia.  D.C. Code § 28-3905(k)(5).  In Maine and Massachusetts, a plaintiff must provide a defendant a written demand at least 30 days prior to the filing of an action for damages.  Me. Stat. tit. 5 § 213; Mass. Gen. Laws ch. 93A § 9.  To the extent any of Plaintiffs failed to satisfy any state procedural prerequisites before filing this action, Plaintiffs lack standing to pursue such state law claims and fail to state a claim for relief.

## RESERVATION OF RIGHTS

Bain currently has insufficient knowledge or information upon which to form a belief as to any other potential affirmative defenses that may be available to it, and expressly reserves the right to amend or supplement this Answer and affirmative defenses, as well as to assert any and all additional or alternative defenses under any applicable law or regulations, in the event that discovery indicates that such defenses are available. Assertion by Bain of any affirmative defense(s) or any other defense(s) shall not be deemed a concession that Bain bears the burden of proof with respect to any of them. Bain reserves its right to assert counterclaims as may be appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Bain denies that Plaintiffs are entitled to any relief and respectfully requests a judgment against Plaintiffs as follows:

48

A.  That Plaintiffs take nothing by their Complaint in this action;

B.  That the Court enter judgment against Plaintiffs and in favor of Bain, and that the

Complaint in this action be dismissed with prejudice as to Bain;

C.  That the Court award Bain any and all other relief to which it may be entitled or

which the Court deems just and proper.

Dated: October 27, 2023                    Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
Linden Bernhardt*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com
lbernhardt@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN &
 HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted pro hac vice

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Bain Capital Private Equity, LP ,
Bain Capital Fund XII, L.P., Bain Capital
Fund (DE) XII, L.P., and Bain Capital Fund
(Lux) XII, SCSp*