# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | **JURY DEMAND** |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE LATE-PRODUCED DOCUMENT IN OPPOSITION TO SUMMARY JUDGMENT

Plaintiffs Jessica Jones and Christina Lorenzen ("Plaintiffs"), individually and on behalf of all others similarly situated, move for leave to supplement their opposition to Defendant Charlesbank Capital Partners, LLC's ("Charlesbank") pending motion for summary judgment with a document recently produced by Charlesbank. In support of this Motion, Plaintiffs rely on the Declaration of David Seidel, filed herewith, and assert as follows:

## FACTUAL BACKGROUND

1. On December 10, 2020, Plaintiffs filed their Class Action Complaint, alleging that Charlesbank had "conspired with Varsity and Webb to consolidate Varsity's market power by acquiring its biggest rivals." ECF No. 1, ¶ 119.

2. Plaintiffs served Charlesbank with a set of requests for production of documents on March 26, 2021, which Charlesbank contested. *See* ECF No. 290-2, Ex. A (ECF No. 290-3), Ex. C (ECF No. 290-5), Ex. E (ECF No. 290-7). On December 13, 2021, the Court ordered Charlesbank to produce documents responsive to Plaintiffs' requests. ECF No. 174. Charlesbank complied in three stages between September 15, 2021, and April 1, 2022. *See* ECF No. 290-2, ¶ 9.

3. Fact discovery closed on April 18, 2022. *See* ECF No. 175.

4. On July 28, 2023, Defendants moved for summary judgment. *See* ECF Nos. 466-473. Charlesbank argued that "the record shows that Charlesbank, its officers and affiliated individuals . . . certainly had no 'direct participation' in any scheme that Plaintiffs say is anticompetitive." ECF No. 473 at 4; *see also id.* at 5 ("No Charlesbank officer or affiliate . . . had any direct involvement in any of the conduct that Plaintiffs label anticompetitive."). With respect to the "acquisitions at issue," Charlesbank stated that it "did not negotiate, direct, or fund any of them." *Id.* at 6; *see also id.* at 9 ("Neither Charlesbank nor any Charlesbank-affiliated individual negotiated, directed, or funded any of the acquisitions that Plaintiffs seek to bring into issue, Varsity did.").

5.      On September 15, 2023, Plaintiffs filed their opposition. *See* ECF Nos. 477-485.[1] Plaintiffs argued that "[a]bundant evidence shows that Charlesbank was a knowing and active participant in Defendants' unlawful scheme" and "actively assessed, approved, and provided financing for Varsity's anticompetitive acquisitions, effectuating the acquisition of at least 8 of Varsity's largest competitors and providing well over $100 million to finance the acquisitions." ECF No. 484 at 19.

6.      On October 3, 2023, Plaintiffs informed Charlesbank that they had learned about a case study regarding Varsity, which was previously published on Charlesbank's website but is now unavailable. *See* Declaration of David Seidel ("Seidel Decl."), Ex. A at 1. Plaintiffs informed Charlesbank's counsel that the case study could not be located among the documents produced by Charlesbank and requested that they be directed to "the final version of the case study." *Id*.

7.      On October 6, 2023, almost 14 months after the close of fact discovery, Charlesbank produced a new document, Bates-stamped CB00546529, and confirmed that it "is what was on the website" (the "Case Study"). *Id*.; *see also id.*, Ex. B.  The Case Study includes a description of Charlesbank's "role" with respect to Varsity's "M&A" efforts, stating that Charlesbank "[w]orked with management to identify and integrate highly strategic and accretive acquisitions, including cheerleading competition operator JAM Brands . . . along with various smaller tuck-in acquisitions." Seidel Decl., Ex. B at 1.

8.      On October 13, 2023, Defendants filed their reply papers. *See* ECF Nos. 503-508. Charlesbank argued again that it had "no direct involvement in any relevant cheerleading business," including with respect to acquisitions made by Varsity during Charlesbank's ownership period. ECF No. 506 at 12-13.

9.      Plaintiffs now seek leave to add the late-produced Case Study to the factual record in support of Plaintiffs' Opposition to Charlesbank's Motion for Summary Judgment.

---

[1] Plaintiffs filed a notice of errata and corrected version of their opposition on September 20, 2023. *See* ECF No. 488, 488-1.

## LEGAL STANDARD AND ARGUMENT

10. A party seeking to supplement its response to a dispositive motion must ensure that the new materials are neither duplicative nor immaterial to the claims at issue. *See Church Joint Venture v. Blasingame*, No. 12-2999, 2016 WL 3248044, at *11 (W.D. Tenn. Jan. 13, 2016), *aff'd sub nom. Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925 (6th Cir. 2020). Plaintiffs readily meet that burden.

11. The Case Study is distinct from any other document in the record. First, being a late-produced document that was previously unavailable, Plaintiffs could not have offered the Case Study before now. Second, Charlesbank's view that the Case Study "seems essentially identical to CB00202737," which it had produced during discovery, is incorrect. Seidel Decl., Ex. A at 1. A redline comparison reveals substantial differences in wording between the two documents. *See* Seidel Decl., Ex. D. Further, CB00202737 is a draft for internal review that does not show it was ever published to the Charlesbank website, whereas the Case Study is the final version published on Charlesbank's website, as confirmed by Charlesbank. *See* Seidel Decl., Ex. A, Ex. C.

12. The Case Study is material to the issue of Charlesbank's liability and further evidence that there is a genuine factual dispute regarding whether Charlesbank was involved in Varsity's anticompetitive acquisitions. *See supra* ¶¶ 4, 8. The Case Study shows that Charlesbank admitted to direct involvement in Varsity's acquisitions, including the largest acquisition of all, JAM Brands. Also, Charlesbank published the case study to its own website, showing that Charlesbank itself takes credit for its direction of the "highly strategic" acquisitions.

13. Moreover, the Case Study itself, in addition to the fact Charlesbank published it on the Charlesbank website, directly contradicts Andrew Janower's sworn deposition testimony. According to Mr. Janower, Charlesbank was not involved in Varsity's acquisitions at all. *See, e.g.*, ECF No. 481, Ex. 29 [Charlesbank Dep.] at 141:9-13 ("█████████████████████████
████████████████████████████████████████████████████████████

███████████████████████████████████████"); *id.* at 291:8-11 ("████████████

████████████████████████████████████████████████████████████████████

███████"). However, the Case Study shows that Charlesbank considered itself to have played a major role in the "highly strategic and accretive" acquisition of JAM Brands, which was Varsity's largest competitor and controlled approximately 30% of the All Star cheer competitions market when it was acquired. Seidel Decl., Ex. B at 1; *see also* ECF No. 480, ¶ 100.

14. Charlesbank's late production of the Case Study prejudiced Plaintiffs ability to conduct related discovery and to respond to Defendants' motion for summary judgment. To mitigate this prejudice, Plaintiffs' respectfully request that the Court admit the Case Study to the record on summary judgment. The Case Study will assist the Court in ruling on Charlesbank's motion for summary judgment. *See, e.g.*, *GWACS Armory, LLC v. KE Arms, LLC*, No. 20-CV-0341-CVE-CDL, 2022 WL 18639042, at *1 (N.D. Okla. Dec. 30, 2022) (granting motion to supplement summary judgment record where "new evidence was discovered after defendants' dispositive motions had been filed, and the new evidence is potentially relevant to the Court's ruling on those motions").

15. Plaintiffs are continuing to meet and confer with Defendants over this discovery issue, including the late-produced document and Charlesbank's failure to preserve relevant information on its website. For the time being, however, Plaintiffs seek to add this late-produced document to the record in opposition to Charlesbank's motion for summary judgment.

## CONCLUSION

16. For the reasons stated above, Plaintiffs' Motion should be granted.

Dated: October 31, 2023                     Respectfully submitted,

By:     /s/ Joseph R. Saveri
          Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
**TURNER FEILD, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Ashlea Schwarz*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*

## CERTIFICATE OF CONSULTATION

I hereby certify, pursuant to Local Rule 7.2(a)(1)(B), that on October 30, 2023, my colleague, David Seidel, emailed counsel for Defendants (specifically Steven Kaiser, George Cary, Savannah Haynes, and Matt Mulqueen) advising them that Plaintiffs intended to file a motion seeking to supplement the record with the late-produced document and asking if they opposed. Mr Kaiser responded on October 31, saying that Charlesbank opposes this motion.

                                                              */s/ Joseph R. Saveri*
                                                                Joseph Saveri