# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | |
| | **JURY DEMAND** |

### DECLARATION OF DAVID H. SEIDEL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO REQUIRE ADHERENCE WITH FORMATTING REQUIREMENTS OF LOCAL RULE 7.1

I, David H. Seidel, declare the following under penalty of perjury:

1. I am an associate attorney at the Joseph Saveri Law Firm, LLP, counsel for Plaintiffs Jessica Jones and Christina Lorenzen ("Plaintiffs") in *Jones v. Bain Capital Private Equity*, case no. 2:20-cv-02892-SHL-tmp. I am a member in good standing of the State Bar of California and have been admitted *pro hac vice* in the United States District Court for the Western District of Tennessee, Western Division. I am over 18 years of age and have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them. I write this declaration in support of Indirect Purchaser Plaintiffs' Opposition to Defendants' Motion to Require Adherence with Formatting Requirements of Local Rule 7.1.

2. Attached as **Exhibit A** are the relevant sections related to line spacing from the book *Typography for Lawyers*, 2nd ed., written by Matthew Butterick, which can also be accessed at https://typographyforlawyers.com/line-spacing.html.

3. Attached as **Exhibit B** is a photograph of page 1 of Plaintiffs' Opposition[1] to Defendants' Joint Motion for Summary Judgment (ECF No. 485), with a pica-scale ruler next to the text.

4. Attached as **Exhibit C** is a true and correct copy of a blog post titled, "The new document look" from the Microsoft Website, https://learn.microsoft.com/en-us/archive/blogs/joe_friend/the-new-document-look dated May 22, 2006 (last visited October 29, 2023).

5. Attached as **Exhibit D** is a true and correct copy of an email from Matthew Mulqueen to Plaintiffs' counsel dated September 28, 2023.

6. Attached as **Exhibit E** is a sample document drafted using Microsoft Word with 1-inch margins, 12-pont Times New Roman Font, and Word's "double" line setting.

---

[1] Plaintiffs filed an errata to their Opposition which corrected several typographical and other errors. *See* ECF Nos. 488 and 488-1.

7.     Attached as **Exhibit F** is a sample document drafted on an Apple computer using Apple Pages with 1-inch margins, 12-pont Times New Roman Font, and Apple Pages' "double" line setting.

8.     In formatting briefs, letters, and other documents, the Joseph Saveri Law firm relies on *Typography for Lawyers*, and generally follows the book's guidance on formatting questions. Each new lawyer that begins at the firm is given a copy of *Typography for Lawyers*.

9.     Since joining the firm in April 2022, I have become aware that our firm has used 12-point font with 24-point double spacing for many of the filings in this case. I have drafted many motions and briefs using 24-point spacing, and I have instructed other lawyers and litigation support personnel to use 24-point spacing when double spacing is required.

10.    In drafting our Opposition briefs to all of Defendants' summary judgment motions, we used 12-point Times New Roman font, and 24-point line spacing using Microsoft Word. We achieved this line spacing by not selecting the "double" line spacing option, but instead selecting the "exactly" option and setting the line spacing to 24-points.

11.    In other jurisdictions where numbered pleading lines are present, Microsoft Word's "double" spacing setting produces text that does not line up with the numbered pleading lines. By using 24-point spacing with 12-point font, each line of text lines up with the numbered pleading lines.

12.    I also understand that Plaintiffs have filed some documents with Microsoft Word's "double" line settings. I understand that this stems from the fact that some other drafters and litigation support personnel in our office were accustomed to using Microsoft Word's "double" spacing rather than 24-point spacing. In those instances, they may have used the "double" line setting without considering more nuanced document formatting.

13.    Because Microsoft Word's "double" line setting provides more space between lines than exactly double-spaced lines, I consider both 24-point line spacing and Microsoft Word's "double" line setting to both comply with Local Rule 7.1(b)'s double-spacing

requirement. For any paper drafted in 12-point font, I consider any line spacing less than 24-point spacing to be less than double-spaced and not in compliance with Local Rule 7.1(b).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of November, 2023 at San Francisco, California.

*/s/ David H. Seidel*
David H. Seidel
