# EXHIBIT A

Case 2:20-cv-02892-SHL-tmp   Document 524-2   Filed 11/02/23   Page 1 of 14    PageID 32920

MATTHEW BUTTERICK

# TYPOGRAPHY FOR LAWYERS

© 2010–15 Matthew Butterick. All rights reserved.

Copyrighted materials are reproduced either with permission of their owners or under fair use. Trademarks are the property of their respective owners. No endorsement is implied.

I have not been compensated to recommend any of the third-party products mentioned in the text.

This book is not legal advice.

Published by
O'Connor's
P. O. Box 3348
Houston, TX 77253–3348
(800) OCONNOR
oconnors.com

Printed in the U.S.A.
Second edition, first printing: October 2015

ISBN 978-1-59839-262-3

*To Jessica—*
*my best friend, my favorite lawyer,*
*and a very patient typographer's wife.*

| | |
|---|---|
| 9 | **Foreword** by Bryan A. Garner |
| 13 | **Introduction** |

| | |
|---|---|
| 19 | **Why typography matters** |
| 20 | what is typography? |
| 21 | who is typography for? |
| 23 | why does typography matter? |
| 29 | what is good typography? |
| 33 | where do the rules come from? |

| | | | | |
|---|---|---|---|---|
| 37 | **Type composition** | | 73 | **Text formatting** |
| | **BASIC RULES** | | | **BASIC RULES** |
| 38 | straight and curly quotes | | 74 | underlining |
| 41 | one space between sentences | | 76 | goofy fonts |
| 45 | paragraph and section marks | | 77 | monospaced fonts |
| 46 | hyphens and dashes | | 78 | system fonts |
| 48 | ampersands | | 81 | bold or italic |
| 49 | signature lines | | 82 | all caps |
| 50 | trademark and copyright symbols | | 86 | point size |
| 52 | ellipses | | | |
| | | | | **ADVANCED RULES** |
| | **ADVANCED RULES** | | 90 | headings |
| 54 | apostrophes | | 92 | letterspacing |
| 57 | accented characters | | 94 | kerning |
| 58 | foot and inch marks | | 95 | color |
| 59 | white-space characters | | 97 | alternate figures |
| 61 | word spaces | | 100 | ordinals |
| 61 | nonbreaking spaces | | 101 | web and email addresses |
| 62 | tabs and tab stops | | 103 | emails |
| 65 | hard line breaks | | 104 | small caps |
| 66 | carriage returns | | 106 | hierarchical headings |
| 67 | hard page breaks | | 108 | OpenType features |
| 68 | optional hyphens | | 109 | mixing fonts |
| 69 | math symbols | | | |
| 70 | ligatures | | 112 | **Font recommendations** |

# CONTENTS

| | | | |
|---|---|---|---|
| 131 | **Page layout** | 173 | **Sample documents** |
| | **BASIC RULES** | 174 | caption pages |
| 132 | centered text | 178 | motions |
| 133 | justified text | 182 | research memos |
| 135 | first-line indents | 186 | letterhead |
| 136 | space between paragraphs | 194 | business cards |
| 137 | line spacing | 196 | résumés |
| 140 | line length | 200 | grids of numbers |
| 141 | page margins | 202 | presentations |
| 144 | watermarks | 204 | contracts |
| 145 | body text | 208 | court opinions |
| 145 | hyphenation | | |
| 147 | block quotations | | |
| 148 | bulleted and numbered lists | 215 | **Appendix** |
| | **ADVANCED RULES** | 216 | typewriter habits |
| 150 | tables | 218 | how to interpret court rules |
| 153 | rules and borders | 224 | printers and paper |
| 155 | widow and orphan control | 228 | how to make a PDF |
| 156 | space above and below | 230 | bibliography |
| 157 | page break before | | |
| 158 | keep lines together | | |
| 160 | keep with next paragraph | 234 | **Afterword** |
| 161 | columns | | |
| 161 | footnotes | 237 | **Acknowledgments** |
| 162 | line numbers | | |
| 164 | Bates numbering | | |
| 166 | paragraph and character styles | | |
| 169 | maxims of page layout | | |

# FOREWORD BY BRYAN A. GARNER

IF MATTHEW BUTTERICK DIDN'T EXIST, IT WOULD BE necessary to invent him. What's unusual about the tour de force you're now holding is that not only is it bold and fresh and original, but also it's fully developed: it reads like a fifth edition. It's smartly reasoned, it's backed up by years of cultivated expertise, and it's well written.

Here's how to use this book if you're a supervising lawyer (Sarah) dealing with an associate (Ralph):

"Ralph, thanks for the memo. I'm looking forward to reading it. But …"

"Is there a problem?"

"Well yes. Frankly, I don't want to read it. You're underlining case names, you're putting two spaces after periods, and the font is just ghastly. I could spend 30 minutes making it presentable, but I want the associates who work with me to do that in the first place. Do you own Butterick?"

9

"Huh?"

"Butterick. *Typography for Lawyers*. Here, take my copy home tonight. I'll need it back tomorrow. Learn this stuff, please. I want all your writing for me to comply with Butterick. Got that?"

"Sure, Sarah. Thanks. I'll see you tomorrow."

Tomorrow will be a very new day.

Here's how to proceed if you're an associate (Leslie) dealing with a supervisor (Russell):

"Leslie, I don't like the formatting of this memo. I want double-spaced Courier. And two spaces after a period!"

[Smiling pleasantly.] "You're kidding!"

"No, that's the way I want documents formatted."

[Smiling pleasantly but incredulously.] "Is that just for editing purposes? I mean, we're about to send this off to the client!"

"That's the final format for transmitting it to the client." [He would say *transmitting*, wouldn't he?]

"Russ, bear with me. You're the partner here, but haven't you read Butterick? I really think we should follow Butterick. It makes the firm look better."

"Who the hell is Butterick?"

"You know, *Typography for Lawyers*. He's the guy who sets the standards for document design in law offices. He makes a good case that most lawyers are completely in the dark about typography. Here, have a look at it."

Russell demurs.

10

"Really, Russ, I was shocked to learn that there should be only one space after a period. He makes an irrefutable case. Here, read just page 41." [Be sure to say /ir-**ref**-yə-tə-bəl/, for credibility's sake.]

[Russell reads.] "I don't care. I want double-spaced Courier. And two spaces after a period."

"OK, Russ." [Beaming enthusiastically.] "But I'm telling you, you've got to read Butterick."

Here's how to proceed if you're on a committee that will be producing a report. At the tail end of the first meeting, as people are packing up, you say: "Can we make everyone's life easier with just one ground rule? We will follow Butterick in all our drafts and in the final report. OK?"

"Butterick?"

"Sure. *Typography for Lawyers*. It'll make our committee work so much more pleasant when we're exchanging drafts. You don't know Butterick? I'll get you a copy. Believe me: it'll change your life. You'll wonder how you ever did without it."

"You're kidding."

"Absolutely not. You'd do well to learn Butterick!"

Please remember these bits of dialogue. Adapt them. Use them. Often.

Is Butterick infallible? No: on page 106 he recommends three-level decimals. But otherwise he's assuredly infallible.

— BRYAN A. GARNER

11

> **BY THE WAY**
>
> → Is space before a paragraph equivalent to space after? Sometimes. In word processors, the space between two paragraphs is the *larger* of the space after the first paragraph and the space before the second paragraph. Thus, if every paragraph has 12 points of space after, you'll get 12 points of space between each pair. But if each paragraph has 6 points of space before and 6 points after, the space between will only be 6 points. To avoid surprises, I prefer to rely on space after, and use space before in special circumstances. For instance, a BLOCK QUOTATION may need space before and after to look vertically aligned.
>
> → Space between paragraphs is a poor choice for court filings with LINE NUMBERS. The only way to preserve the vertical alignment is to make the space between paragraphs equal to a whole line space. This leaves a lot of big gaps in the page and eats up your page limits. It can work with HEADINGS, however, because a document contains fewer of them.

*Line spacing* is the vertical distance between lines of text. Most lawyers use either double- or single-spaced lines—nothing in between.

These are obsolete TYPEWRITER HABITS. Originally, a typewriter's platen could only move the paper vertically in units of a single line. Therefore, line-spacing choices were limited to one, two, or more lines at a time. Single-spaced typewritten text is dense and hard to read. But double-spacing is still looser than optimal.

Most courts adopted their line-spacing standards in the typewriter era. That's why court rules usually call for double-spaced lines. On a typewriter, each line is the height of the font, thus double spacing means twice the font size. So if you're required to use a 12-point font, double line spacing means 24 points.

**line spacing**

*120–145% of the point size*

The traditional term for line spacing is **leading** (rhymes with **bedding**), so named because traditional print shops put strips of lead between lines of type to increase vertical space.

Curiously, the so-called "double" line-spacing option in your word processor doesn't produce true double line spacing. Microsoft Word's "double" spacing, for instance, is about 15% looser, and it varies depending on the font. To get accurate spacing, you should always set it yourself, exactly.

> For most text, the optimal line spacing is between 120% and 145% of the point size. So if you're working with an 11-point font, use roughly 13–16 points of line spacing. (The text in this paragraph is 11.5 point with 12 points of line spacing. It's too tight.)

> For most text, the optimal line spacing is between 120% and 145% of the point size. So if you're working with an 11-point font, use roughly 13–16 points of line spacing. (The text in this paragraph is 11.5 point with 15 points of line spacing. It's fine.)

> For most text, the optimal line spacing is between 120% and 145% of the point size. So if you're working with an 11-point font, use roughly 13–16 points of line spacing. (The text in this paragraph is 11.5 point with 18 points of line spacing. It's too loose.)

Word processors have a bewildering number of ways to set line spacing. Don't panic—it all amounts to the same thing.

#### HOW TO SET LINE SPACING

If you prefer setting line height in inches rather than points, divide the point measurement by 72 (there are 72 points to an inch).

**WORD** | *Right-click in the text and select ‹Paragraph› from the menu. Go to the menu under ‹Line spacing›. ‹Exactly› is best—enter a fixed measurement. ‹Single›, ‹1.5 lines›, and ‹Double› are equivalent to about 117%, 175%, and 233% line spacing, contrary to what their names suggest. Don't use these—they miss the target zone of 120–145%. ‹Multiple› is also acceptable—enter line spacing as a decimal. To get line spacing in the 120–145% range, use a ‹Multiple› value of 1.03–1.24. (Not 1.20–1.45—as noted above, Word uses peculiar line-spacing math.) Never use ‹At least›, because that gives Word permission to adjust your line spacing unpredictably.*

**WORDPERFECT** | ⟨Format⟩ → ⟨Line⟩ → ⟨Height⟩ *and* ⟨Spacing⟩. *Line spacing in WordPerfect is the* ⟨Height⟩ *value multiplied by the* ⟨Spacing⟩ *value. (The benefit of this complication may be appreciated by WordPerfect fans. It is lost on me.) I recommend always leaving* ⟨Spacing⟩ *at 1.0 and just setting your line spacing with* ⟨Height⟩. *Selecting* ⟨Height⟩ *lets you choose from* ⟨Fixed⟩ *or* ⟨At Least⟩. *Use* ⟨Fixed⟩—*enter a measurement in the 120–145% range. Don't use* ⟨At Least⟩.

### BY THE WAY

→ Recall that different fonts set at the same point size may not appear the same size on the page. (See POINT SIZE for why.) A side effect is that fonts that run small will need less line spacing, and vice versa.

→ Line spacing affects the length of a document more than point size. If you need to fit a document onto a certain number of pages, try adjusting the line spacing first.

→ Some lawyers have suggested to me that courts should adopt Microsoft Word's interpretation of line spacing as the standard. I disagree, for a simple but serious reason. Access to the courts is a fundamental right. Interpreting line spacing according to the quiddities of a commercial software program would imply that parties have to buy a license to that program to comply with the rules and thereby gain access to the courts. But double line spacing in its traditional sense can be implemented with any typesetting program.

I would make the same argument against court rules that demand specific fonts, like Times New Roman or Arial, because they're also commercially licensed software.

④ If the rules allow you to use either a serif or a sans serif font (see page 81) for BODY TEXT, I recommend a serif font. Most books, newspapers, and magazines use serif fonts for body text. It's the traditional choice and still the best choice.

⑤ If the rules call for a proportionally spaced font, use your discretion. Just about every font is proportionally spaced, so this kind of rule doesn't create a meaningful limitation. A tasteful serif font, like those shown in FONT RECOMMENDATIONS, is the best bet.

⑥ If the rules set a minimum point size, use the minimum. For instance, many courts require that text be set at 12 point or larger. As you know from POINT SIZE, 12 point is already pretty big. No need to go bigger. (I've only found a handful of courts that permit 11 point, and none that permit 10 point.)

> Courts sometimes allow a smaller point size for monospaced fonts. I assume this is because these fonts fit fewer words per page, and the point-size adjustment is meant to account for this. It is not, however, a reason to prefer a monosapced font.

**PAGE LAYOUT**

① The rules may allow PAGE MARGINS that result in oversize LINE LENGTHS. Feel free to widen the page margins to get a more reasonable line length. For instance, Calif. Rule of Court 2.107 requires margins "at least one inch from the left edge ... [and] at least ½ inch from the right edge." At maximum, this creates seven-inch lines, which will be too long for most 12-point fonts. The "at least" qualifier is a signal that you needn't fill up every square inch.

② Likewise, the rules may allow you to fit a certain number of lines per page. You may want to use fewer if it makes for a more legible and appealing layout. Remember the ninth MAXIM OF PAGE LAYOUT—*don't fear white space.*

③ LINE SPACING rules should be interpreted arithmetically, not as word-processor lingo. If a rule calls for double-spaced lines, set your line spacing to exactly twice the point size of the body

text. Don't rely on the "Double" line-spacing option in your word processor, which may not be equivalent. For instance, in Word, "Double" line spacing is about 15% larger than true double spacing. This reduces the number of lines per page.

④ Avoid putting RULES AND BORDERS within or around the page that aren't explicitly required. It clutters the page. For example, in Los Angeles courts, almost every litigator puts two vertical lines on the left edge of the page and one vertical line on the right. But this practice is not required by any rule. In state court, the line on the left is optional—you can use a solid single or double line, but you can also use a "vertical column of space at least ⅓ inch wide." (Calif. Rule of Court 2.108(4).) Nothing is required on the right side. Meanwhile, our federal court requires no vertical lines on either side. Follow the rules, not the crowd.

⑤ If a court rule explicitly requires vertical lines, make them no more than half a point thick. This will keep them relatively unobtrusive.

**ELECTRONIC FILING AND PDFS**

The tips above apply equally to PDFs. PDFs preserve your formatting exactly, including fonts, so you don't have to worry that readers will see something different from what you intended. (Though make sure you know HOW TO MAKE A PDF correctly.)

But if you have to file certain documents (e.g., proposed orders) as Word or WordPerfect files, be careful. Word-processor file formats require the recipient to have the same fonts installed. Therefore, to be safe, set these documents in Times New Roman or another standard SYSTEM FONT to ensure they display accurately.