# EXHIBIT B

## INTRODUCTION

This case is about classic monopolists operating in a unique market. Defendants have intentionally and successfully implemented an illegal anticompetitive scheme to acquire and exercise monopoly power over one of America's iconic endeavors: cheerleading. Defendants did so through the Varsity Cheer ecosystem, foreclosing and harming competition in the markets for competitions, camps, and apparel. The record Plaintiffs have developed shows Defendants charged supra-competitive prices in all three markets throughout the Class Period, extracting hundreds of millions of dollars of ill-gotten profits from cheer athletes and their families through the anticompetitive scheme.

For all the below reasons, Defendants' Joint Motion for Summary Judgment must be denied.

## BACKGROUND FACTS AND CLAIMS[1]

Varsity's own internal documentation shows their market share for cheer competitions increased from roughly 42% in 2013 to over 80% in 2018 for All Star competitions that cater to All Start gym teams, while achieving 100% of the Varsity cheer competitions for school teams throughout the Class Period. Ex. 1 [Netz report] at pg. 52; Ex. 2 [Netz Rebuttal] at ¶11. This was the selling point for both Bain and Charlesbank when they each acquired control of Varsity from its founder, Defendant Webb, and infused it with private equity capital. *See e.g.* Ex. 93 at -6023.

This market share alone demonstrates monopoly power. Generally, proof of more than 60% of market share creates presumptive monopoly power. See *United States v. Grinnell Corp.*, 384 U.S. 563, 571, (1966); *American Tobacco Co. v. United States*, 328 U.S. 781, 797 (1946) (over two-thirds of market constitutes a monopoly); *Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*, 917 F.2d 1413, 1443 (6th Cir.1990) ("There is substantial merit in a presumption that market

---

[1] As cited herein, "PSOF" refers to Plaintiffs' Additional Statement of Facts, filed herewith, and "RDSOF" refers to Plaintiffs' Response to Defendants' Statement of Facts, filed herewith. Unless otherwise noted, all citations to exhibits herein ("Ex. ___") are citations to the exhibits attached to the Declaration of Joseph R. Saveri, filed herewith.

intentionally and successfully implemented an illegal an

exercise monopoly power over one of America's iconic

so through the Varsity Cheer ecosystem, foreclosing and

competitions, camps, and apparel. The record Plaintiffs

charged supra-competitive prices in all three markets thr

hundreds of millions of dollars of ill-gotten profits from

the anticompetitive scheme.

For all the below reasons, Defendants' Joint Moti

