IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES and CHRISTINA LORENZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 2:20-cv-02892-SHL-tmp<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING DEFENDANTS' MOTION TO REQUIRE ADHERENCE WITH FORMATTING REQUIREMENTS OF LOCAL RULE 7.1**

Before the Court is Defendants' Motion to Require Adherence with Formatting Requirements of Local Rule 7.1, filed October 19, 2023. (ECF No. 509.) Defendants assert that Plaintiffs filings are not in compliance with Local Rule 7.1, which sets forth the formatting requirements for pleadings and motions filed with the Court. The Rule states, "[l]ines must be double-spaced, except that quotations may be indented and single-spaced and headings and footnotes may be single-spaced." L.R. 7.1(b).

According to Defendants, "[a]ll widely-used word processing programs, including Microsoft Word, Google Documents, and Apple Pages, use 28 'points' of spacing when set to double-space lines," but, Plaintiffs have been using twenty-four points between each line. (ECF No. 509 at 32301.) Defendants contend that the spacing of Plaintiffs' documents has allowed them to include approximately twenty-seven lines on each page, rather than the twenty-three lines per page that results from "standard double spacing." (Id.) Defendants request that Plaintiffs be ordered to use the default spacing for Microsoft Word, Google Docs, and Apple Pages "to ensure a level playing field going forward[.]" (Id. at PageID 32302.)

Plaintiffs responded on November 2, 2023.  (ECF No. 524.)  They argue that the traditional definition of double-spacing is "line spacing that is twice the size of the font."  (Id. at PageID 32903) (citing M. Butterick, Typography for Lawyers at 137 (2d ed., 2015)).  In support, they include an affidavit from Typography expert Matthew Butterick, author of Typography for Lawyers.  (ECF No. 524-8.)  Butterick explains that "formatting rules about line spacing 'should be interpreted arithmetically, not as word-processor lingo."  (ECF No. 524-8 at PageID 32954) (quoting Butterick, supra at 221).  Plaintiffs also point out that they have been using this spacing for "many if not most of the filings in this case."[1]  (ECF No. 524 at PageID 32911.)

Courts have taken different approaches to this issue.  See Sameer v. Khera, No. 1:17-CV-01748-DAD-EPG, 2018 WL 3472557, at *1 (E.D. Cal. 2018) ("[T]his means that the font of documents filed with the Court in this case must be drafted using Times New Roman with a minimum font size of 12-point, with footnotes a minimum of 11-point, and that line spacing of such documents . . . must be double-spaced meaning, at minimum, 24-point line spacing."); but see Doubleday Acquisitions LLC v. Envirotainer AB, No. 1:21- CV-03749-SCJ, 2022 WL

---

[1] Reading between the slightly larger spaced lines, it appears that Defendants initially raised this issue in an attempt to extend their time to file a reply in support of their Motion for Summary Judgment.  On September 28, 2023, counsel for Defendants sent an email to Plaintiffs' counsel pointing out the spacing issue and stating,

> Please advise if you will agree to a joint motion seeking an order allowing Plaintiffs to refile their summary judgment papers in full compliance with Local Rule 7.1(b), extending Defendants' reply deadline to two weeks after Plaintiffs' resubmission, and allowing Defendants 50 pages to allocate across their reply briefs.  If we cannot agree, Defendants intend to file a motion to strike Plaintiffs' summary judgment submissions seeking the same relief extending Defendants' time to respond to resubmitted filings and allocating 50 pages across the reply briefs.

(ECF No. 524-5 at PageID 32944.)

18777366, at *1–4 (N.D. Ga. July 1, 2022) ("[A] common sense understanding of 'double spaced' in the context of word processing along with the practical application of that understanding . . . quickly leads to the conclusion that 'double spaced' refers to the standard 'double' setting for spacing in [Word].").

As Defendants point out, the issue of what constitutes a double space has not been raised in this district.  (ECF No. 509.)  The Local Rules themselves do not take a position on the definition of "double spaced."  Therefore, the Court finds that Plaintiffs' use of twenty-four-point spacing does not violate Local Rule 7.1 and **DENIES** the Motion.  However, in so finding, the Court does not take a position on the correct definition of "double spaced."

The Court further notes that the last thing any party needs is more words on a page.[2]  The length of an argument is no guarantee of its success, and indeed could result in more confusion, not clarity.  Moving forward, the Parties are encouraged to spend their valuable time focusing on the merits of this case, and certainly not figuring out how many sometimes-useless words will fit on a page.

**IT IS SO ORDERED,** this 14th day of November, 2023.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Indeed, Plaintiffs' twelve pages worth of prose, two declarations, and multiple other exhibits filed in opposition to this Motion, while interesting, displays both sides' tendency toward overkill.