UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES, ET AL.<br><br>      Plaintiffs,<br>v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>      Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br>**DEFENDANT CHARLESBANK'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE LATE-PRODUCED DOCUMENT IN OPPOSITION TO SUMMARY JUDGMENT** |

1. Plaintiffs' Motion for Leave to File Late-Produced Document in Opposition to Summary Judgment (the "Motion") is spurious and should be denied. There is an increased burden where, like here, "amendment is sought at a late stage in the litigation . . . ." *Siegner v. Twp. of Salem*, 654 F. App'x 223, 228 (6th Cir. 2016) (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). Plaintiffs cannot possibly meet this standard.

2. <u>First</u>, Plaintiffs' statement that the document it seeks to add to its opposition "was previously unavailable" and "could not have been offered" before now, ECF. No. 522 ¶ 11, is demonstrably false. Plaintiffs have had the very document they now seek to supplement the summary judgment record with since no later than September 2021, when they cited it to this Court. *See* Declaration of Steven J. Kaiser ("Kaiser Decl.") ¶ 3; *see also* ECF No. 102 (sealed) at 11 n.11 (Sept. 17, 2021) (citing the document at issue as it appeared on Charlesbank's website).[1]

---

[1] The document was taken off Charlesbank's website as part of a routine refresh in September 2022, after the close of discovery.

3. Thus, contrary to Plaintiffs' assertions, not only was the document previously available to Plaintiffs, but Plaintiffs were fully aware of it for two years before their deadline to oppose summary judgment. *Compare* ECF No. 522 (Oct. 31, 2023) (claiming that the document was "previously unavailable," and that Plaintiffs "could not have offered the [document]" in its September 15, 2023 opposition to summary judgment) *with* ECF No. 102 (sealed) at 11 n. 11 (Sept. 17, 2021) (citing the document at issue as it appeared on Charlesbank's website and representing that Plaintiffs accessed it as of August 30, 2021).[2]

4. Second, Plaintiffs' assertion that the document was "late produced" and is "distinct from any other document in the record" is also inaccurate. ECF. No. 522 ¶ 11. Charlesbank produced five different versions of the document to Plaintiffs during regular fact discovery, and each produced version is substantively the same or very similar to the version that appeared on Charlesbank's website that Plaintiffs cited to the Court in 2021. *See* Kaiser Decl., Exs. A-E. To the extent there are differences between the produced versions and the version that appeared on the website, the differences are minor, non-substantive wording changes—and certainly do not change any information regarding Charlesbank's purported "involvement in Varsity's acquisitions," the purpose for which Plaintiffs purportedly seek to cite the document. *See* ECF No. 522 ¶ 12. Indeed, Plaintiffs' characterization of the differences between the website version and the produced versions as "substantial" in their submission is absurd; Plaintiffs' own redline shows most of the changes were adding "Brands" after the word "Varsity" and swapping out certain adjectives. *See* ECF No. 522-5 at 2. Yet another produced version of the document, not

---

[2] Plaintiffs did not request a copy of the document until October 3, 2023, nearly three weeks after Plaintiffs submitted their opposition to summary judgment. Following the October 3 request, Charlesbank promptly provided a courtesy copy of the website-version of the document, which was identical to what Plaintiffs cited to the Court in September 2021, on October 6, 2023.

highlighted by Plaintiffs in their submission to the court, is nearly identical to the website version—the differences being just two typos that were corrected and a small clarification to explain that Charlesbank's new investment following sale to Bain in 2018 was a minority investment. *See* Kaiser Decl. Ex. D.

5. <u>Finally</u>, as Charlesbank previously informed Plaintiffs, *see* Kaiser Decl. ¶ 8 & Ex. F, the five versions of the document that Charlesbank produced during regular fact discovery are all of the versions of the document that appeared in the files of designated Charlesbank custodians subject to review in these cases. *See id.* The parameters of that review were determined by the Court in its order resolving certain discovery disputes. *See* ECF No. 174. Charlesbank had no obligation to produce to Plaintiffs publicly available information falling outside of those parameters and, in any event, given the similarities between the produced versions of the document and the website version, any such production would have been unreasonably cumulative. *See* Fed. R. Civ. P. 26(B)(2)(C) (requiring limitation of discovery otherwise allowable if the material sought is "unreasonably cumulative or duplicative").

6. At bottom, it appears that Plaintiffs were simply dilatory in not including the document in their original opposition to summary judgment. That is not a basis on which to allow Plaintiffs to amend their submission. *See, e.g., Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (finding that plaintiff's delay in discovering "publicly available information" that was "available long before [plaintiff] sought leave to amend" did not warrant further case delay); *see also Nat'l Prod. Inc. v. Arkon Res., Inc.*, 2016 WL 9224046, at *4 (W.D. Wash. Nov. 8, 2016) (denying defendant's untimely motion for leave to amend its answer under Rule 16(b) when defendant claimed plaintiff was at fault for failing to produce relevant documents, but the

documents in question were either publicly available or not explicitly requested by defendant in discovery).

7. Further, allowing Plaintiffs to amend their opposition at this stage would be prejudicial to Charlesbank, which submitted its summary judgment reply brief on October 13, 2023. *See Hukic*, 588 F.3d at 432 ("Allowing an amendment after discovery is closed and summary judgment motions are 'fully briefed' imposes significant prejudice" on the non-moving party). Moreover, allowing a party to liberally amend their filings under circumstances like this—where there is no good cause and Plaintiffs simply wish to highlight a particular document that they regret not addressing in their original submission—is an unworkable standard that undermines the orderly operation of the courts and is a waste of the court's and the parties' resources.

8. For these reasons, Plaintiffs' motion should be denied.

Dated: November 14, 2023

                    Respectfully submitted,

                    s/ *Matthew S. Mulqueen*

                    George S. Cary*
                    Steven J. Kaiser*
                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
                    2112 Pennsylvania Avenue, NW
                    Washington, DC 20037
                    Phone: (202) 974-1500
                    Fax: (202) 974-1999
                    gcary@cgsh.com
                    skaiser@cgsh.com

                    Jennifer Kennedy Park*
                    Heather Nyong'o*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted pro hac vice

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Charlesbank Capital Partners, LLC*