# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | **JURY DEMAND** |

## PLAINTIFFS' MOTION TO UNSEAL COURT RECORDS

I.   **INTRODUCTION**

Plaintiffs move the Court for an order requiring Defendants to show cause why all papers and exhibits filed in support of and in opposition to the following motions should not be unsealed:

- Plaintiffs' Motion for Class Certification (ECF No. 389);
- Defendants' Motions for Summary Judgment (ECF Nos. 467 – 473);
- Defendants' Motions to Exclude Plaintiffs' Experts (ECF Nos. 383, 386, 390, 392); and
- Plaintiffs' Motion to Exclude Portions of Defendants' Experts (ECF No. 384).

These papers and exhibits have all been filed under seal because the documents and information contained within them have been designated Confidential or Highly Confidential by Defendants under the Protective Order, ECF No. 62. In producing documents in this action, Defendants labeled virtually every document as Confidential or Highly Confidential. Thus, Plaintiffs have been required to file virtually all supporting exhibits and expert reports under seal.

Putting aside whether Defendants complied with the Protective Order's requirement to only designate as Confidential what Defendants "reasonably and in good faith" believed were permissibly confidential, ECF No. 62 at § 2.5, once documents are filed with the Court, they become part of the judicial process and record. As part of the judicial proceedings, filings are no longer governed by the Protective Order. Once part of the judicial record, the documents may only be sealed under a far more exacting standard. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("*Shane*"). There is a strong presumption that all judicial records are open for public scrutiny. *Id.* As the party seeking to keep this information hidden from public scrutiny, it is Defendants' burden to meet this exacting standard. *Id.*

Defendants cannot meet their burden of demonstrating that the documents and papers filed in support and opposition to these motions should be sealed from public scrutiny. Moreover, class action litigation provides further basis to unseal the judicial records, because a substantial

section of the public *are the unnamed class members*. The unnamed class members have thus far been largely prevented from seeing critically important motions and the evidence in support. Further, antitrust actions are matters of substantial public concern, and therefore require still further justifications for sealing. For all the reasons set forth below, the Court should unseal the papers and documents filed in support and in opposition to the motions for class certification, summary judgment, and to exclude expert testimony.

## II.     LEGAL STANDARD

"[T]here is a stark difference between so-called "protective orders" entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Shane*, 825 F.3d at 305. "Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of 'good cause[.]'" *Id.* (quoting Fed. R. Civ. P. 26(c)(1)). But at the "adjudication stage," a "very different" standard and consideration applies. *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).

There is a "strong presumption in favor of openness" to court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983) ("*Brown & Williamson*")). This is because the public has a "strong interest in obtaining the information contained in the court record." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1180). Even more so in antitrust cases, because in antitrust cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179). Moreover, "in class actions—where by definition 'some members of the public are also parties to the case'—the [already high] standards for denying public access to the record 'should be applied . . . with particular strictness.'" *Id.* (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).

A party wishing to overcome the courts' "strong presumption in favor of openness" bears a "heavy" burden, requiring a showing of "*the most compelling reasons* [to] justify non-disclosure of judicial records." *Id*. (emphasis added) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id*. (citing *Press–Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–11 (1984)). Thus, "[t]he proponent of sealing . . . must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id*. at 305–306 (quoting *Baxter*, 297 F.3d at 548).

### III.   BACKGROUND

Defendants produced approximately 252,189 documents in the above-captioned action and two related actions.[1] Virtually all of these documents were designated as "Confidential" or "Highly Confidential" pursuant to the protective order in this case, ECF No. 62. Thus, under the protective order, Plaintiffs have been required to file virtually all documents produced by Defendants and all papers quoting from those documents under seal. *See* Declaration Of David Seidel In Support Of Plaintiffs' Motion To Unseal Court Records ("Seidel Declaration"), ¶ 3. Plaintiffs only filed the documents under seal because Defendants had designated them confidential. Plaintiffs do not see any compelling reasons why the court records should be maintained in secrecy.

Plaintiffs met and conferred with Defendants on this issue several times. Defendants oppose unsealing the records. *See* Seidel Declaration, ¶ 7.

---

[1] 252,189 represents the total number of documents produced by Defendants in this action as well as *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-cv-02600-SHL-tmp, and *American Spirit and Cheer Essentials, Inc., et al. v. Varsity Brands, LLC, et al.*, No. 2:20-cv-02782-SHL-tmp. *See* Order Allowing Sharing of Discovery Material, Feb. 22, 2021, ECF No. 47 (authorizing Plaintiffs in all three actions to share all discovery materials produced by Defendants).

## IV.   ARGUMENT

It is Defendants' burden to provide "the most compelling reasons" to justify sealing court records. *Shane*, 825 F.3d at 305. That burden "is a heavy one." *Id.* They must provide detailed reasons on a document-by-document basis for sealing the papers and exhibits that have been filed in this action. *Id.* Moreover, even if Defendants can show a compelling reason with respect to some information in some documents, the seal must be "narrowly tailored to serve that reason." *Id.* Thus, only narrowly tailored redactions may be implemented. That is why the Sixth Circuit has held that the party seeking to seal judicial records must "demonstrate—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Id.*

Moreover, this litigation in particular warrants strict scrutiny over sealing because this is an antitrust class action. It has generated significant public interest throughout the country because millions of families in all 50 states participate in Varsity cheer events, attend Varsity cheer camps, and purchase Varsity apparel. *See* Seidel Declaration, ¶ 4. An antitrust class action of this scale is a matter of widespread and significant public interest. And because it is a class action, the unnamed class plaintiffs have even more justification for seeing the judicial record than even the public non-class members do. *See Shane*, 825 F.3d at 305.

Plaintiffs now ask the Court to issue an order for the Defendants to show cause why the judicial records on the motions for class certification and summary judgment and *Daubert* motions should not be unsealed. A list of the papers and exhibits filed with the Court that Plaintiffs ask the Court to unseal is attached as **Exhibit A** to the Seidel Declaration.

With respect to the two class representative depositions, Plaintiffs have reviewed those deposition transcripts and believe that except for sensitive personal information as described in Rule 5.2(a) of the Federal Rules of Civil Procedure and section 13.4.2 and 13.4.3 of the Western District of Tennessee's Electronic Case Filing (ECF ) Policies & Procedures, the entire transcripts can be unsealed. Attached as **Exhibit B** to the Seidel Declaration is a transcript of the

deposition of Plaintiff Christina Lorenzen, with highlighted portions showing Plaintiffs' proposed redactions. The redactions are necessary to protect the identities of Ms. Lorenzen's minor children and other sensitive information. *See* Fed. R. Civ. P. 5.2(a); W.D. Tenn. ECF Policies & Procedures, §§ 13.4.2 and 13.4.3; *see also In re Flint Water Cases*, 2021 WL 1268263, at *1 (E.D. Mich. Apr. 6, 2021) (citing Fed. R. Civ. P. 5.2(a) and the court's "broad docket management authority to redact this information" and authorizing redaction of pro se plaintiffs' personally identifying information); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) ("[e]very court has supervisory power over its own records and files, and access has been denied where ... interest[s] of privacy outweigh the public's right to know."). Other than the highlighted portions, the remainder of Plaintiff Christina Lorenzen's deposition transcripts that were filed in the Court record should be unsealed.

Attached as **Exhibit C** to the Seidel Declaration is a transcript of the deposition of Plaintiff Jessica Jones, with highlighted portions showing Plaintiffs' proposed redactions. The redactions are necessary to protect personally identifying information, statements revealing the identity of a minor, or other sensitive information. *See* Fed. R. Civ. P. 5.2(a); W.D. Tenn. ECF Policies & Procedures, §§ 13.4.2 and 13.4.3; *In re Flint Water Cases*, 2021 WL 1268263, at *1; *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474. Other than the highlighted portions, the remainder of Plaintiff Jessica Jones' deposition transcript that were filed in the Court record should be unsealed.

## CONCLUSION

The documents filed with the parties' motions for class certification and summary judgment should be open to the public and the class members. Unless Defendants can make a showing of the most compelling reasons, they should be a matter of public record. The Court should order Defendants to show cause why the exhibits that they unduly designated as confidential should not be unsealed.

Dated: November 21, 2023 	Respectfully submitted,

By:	  */s/ Joseph R. Saveri*  
	Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
**TURNER FEILD, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Ashlea Schwarz*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100

rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*

## CERTIFICATE OF CONSULTATION

I hereby certify, pursuant to Local Rule 7.2(a)(1)(B), that my firm met and conferred with counsel for Defendants regarding this motion. David Seidel, an attorney at my firm, met and conferred with counsel for all Defendants several times, both telephonically and through email correspondence, including telephone calls on October 3, and October 18, 2023. Defendants did not agree to unseal the documents in question during those discussions

           */s/ Joseph R. Saveri*

           Joseph R. Saveri