IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **VARSITY BRANDS, LLC, et al.** <br><br> Defendants. | Case No. 2:20-cv-02892-SHL-tmp <br><br><br><br> **JURY DEMAND** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND TO STRIKE CLAIMS PREVIOUSLY DISMISSED AND MATERIAL PREVIOUSLY STRUCK**

Plaintiffs oppose Defendants' motion because the Court's prior orders dismissing or striking certain of Plaintiffs' claims are operative and controlling. Plaintiffs followed the Court's instructions precisely, only adding new allegations related to the newly added Defendants and nothing else. *See* ECF No. 487 at 11 ("Plaintiffs may add the Bain and Charlesbank affiliated entities as Defendants. . . . To the extent that Indirect Purchasers are attempting to resurrect claims that have already been dismissed, the motion is DENIED.") Plaintiffs are not attempting to resurrect claims that have already been dismissed. The Court's prior orders do not need to be revisited, amended, or revised.

Further, Plaintiffs did not remove the previously dismissed claims because Plaintiffs do not want to risk being held to have voluntarily removed claims and lose any future appellate or other rights with respect to the dismissed claims. Plaintiffs therefore oppose the motion in order to preserve the dismissed claims for purposes of appeal. It is not customary or required for plaintiffs following an order of dismissal of some of plaintiffs' claims to file an amended complaint dropping the dismissed claims. Plaintiffs expressed this view to Defendants during prior meet and confer sessions, but Defendants believed that motion practice remained necessary.

Plaintiffs do not contest the validity of the Court's prior rulings on Defendants' original motions to dismiss and strike. *See* ECF Nos. 333, 475. Plaintiffs' Amended Complaint did not supplement, change, or in any way amend the previously dismissed claims. Therefore, to the extent that Defendants seek an order to enforce the Court's prior orders, Defendants' motion should be denied. *See, e.g.*, *Cronin v. Ohio Dep't of Transportation*, No. 1:09 CV 2699, 2012 WL 13026820, at *3 (N.D. Ohio Jan. 10, 2012) (declining to "revisit its holdings with respect to Plaintiffs' previously dismissed claims"). There is no dispute that the Court's prior orders of dismissal remain in effect and control.

The Court should further reject Defendants' insinuation that Plaintiffs have improperly reasserted the Dismissed Claims in an "attempt[] to resurrect" them. ECF No. 511 at 1–2. To be clear, Plaintiffs followed the Court's order permitting amendment to the letter, adding only the new Defendants and allegations related to them, as the Court instructed. They did not amend in

any other respect. As noted, Plaintiffs did not voluntarily remove the previously dismissed claims to ensure that Plaintiffs preserve their appellate rights with respect to them. Although "[m]ost circuits refuse to require a plaintiff to replead dismissed claims in order to preserve the right to appeal the dismissal," the Sixth Circuit has not expressly ruled on this issue. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citation and internal quotation marks omitted).[1] Therefore, given the state of the law, if Plaintiffs had voluntarily omitted the previously dismissed claims from the Amended Complaint, they would have risked waiving their right to appeal. *See id.* (citing cases from the Sixth and Eighth Circuits that stand for the proposition that "a plaintiff may not rely on claims asserted in a former complaint if a subsequent, voluntarily amended complaint does not include those claims").[2] As such, Plaintiffs submit that it was entirely appropriate for them not to voluntarily remove the dismissed claims from their Amended Complaint. *See e.g.*, *Graham v. Hubbs Mach. & Mfg., Inc.*, No. 4:14-CV-419 (CEJ), 2015 WL 10986348, at *2 (E.D. Mo. June 15, 2015) (finding that it was "reasonable" for plaintiff to reassert dismissed claims due to the "existence of conflicting case law on the issue"). In addition to the facts that Plaintiffs followed the Court's Order and caution dictates that the dismissed claims be included to preserve Plaintiffs' right to appeal, there is no prejudice to Defendants.

Finally, Defendants cannot resist taking the opportunity to overreach. Their brief contains further argument in support of their motion for Summary Judgment. *See* ECF No. 511 at 2

---

[1] District courts have relied on *Hayward* for the general principle that plaintiffs do not waive their right to appeal a claim dismissed with prejudice by not repleading it in an amended complaint. *See, e.g.*, *Cosby v. KPMG, LLP*, No. 3:16-CV-121-TAV-DCP, 2021 WL 1845182, at *2 (E.D. Tenn. May 7, 2021); *Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08-CV-408, 2015 WL 1442842, at *7 (S.D. Ohio Mar. 27, 2015). However, in *Hayward*, the amendment at issue was not voluntary, and the Sixth Circuit distinguished cases where plaintiffs had voluntarily amended their complaints. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617-18 (6th Cir. 2014).

[2] Plaintiffs note that neither of the Sixth Circuit cases cited by the Court in *Hayward* have been overruled. *See Clark v. Johnston*, 413 F. App'x 804 (6th Cir. 2011); *Drake v. City of Detroit, Michigan*, 266 F. App'x 444 (6th Cir. 2008).

(arguing that Plaintiffs' "additional claims under various states' laws [] should be dismissed as well, for the reasons stated in Defendants' summary judgment motion and associated briefing"). Defendants' continued argument for summary judgment outside of their voluminous Summary Judgment briefing is misplaced and inappropriate. It should be ignored.[3]

Dated: November 22, 2023

Respectfully submitted,

By:      /s/ Joseph R. Saveri
        Joseph R. Saveri

Joseph R. Saveri*
Steven N. Williams*
Ronnie Seidel Spiegel*+
Kevin E. Rayhill*
Elissa A. Buchanan*
David Seidel*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
rspiegel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com
dseidel@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
**TURNER FEILD, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118

---

[3] To the extent Defendants are attempting to shoehorn their entire motion for summary judgment briefing into a new motion to dismiss through a single sentence without specifying the arguments they are asserting, that would be improper, and Plaintiffs do not waive or concede their opposition by not responding. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *see also* ECF No. 475 at 9 (holding that a "single perfunctory sentence" is insufficient to warrant a response).

Case No. 2:20-cv-02892-SHL-tmp        3
**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND TO STRIKE CLAIMS PREVIOUSLY DISMISSED AND MATERIAL PREVIOUSLY STRUCK**

Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Ashlea Schwarz*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*