1

1        IN THE UNITED STATES DISTRICT

2      FOR THE WESTERN DISTRICT OF TENNESSEE

3              WESTERN DIVISION

4  ================================================

5  JESSICA JONES, ET AL.,

6              Plaintiffs,

7  vs.                          NO. 2:20-cv-02892

8  BAIN CAPITAL PRIVATE EQUITY, ET AL.,

9              Defendants.
   _____

10

11

12            STATUS CONFERENCE (TEAMS)

13      BEFORE THE HONORABLE SHERYL H. LIPMAN

14

15              Thursday

16          23rd of February, 2023

17

18

19

20

21

22

23          CANDACE S. COVEY, RDR, CRR
                OFFICIAL REPORTER
24       FOURTH FLOOR FEDERAL BUILDING
          MEMPHIS, TENNESSEE 38103

25


              UNREDACTED TRANSCRIPT

2

1                   A P P E A R A N C E S

2

    Appearing on behalf of the Plaintiffs:
3
                   JOSEPH SAVERI
4                  DAVID SEIDEL
                   RONNIE SPIEGEL
5                  Joseph Saveri Law Firm
                   601 California Street
6                  Suite 1000
                   San Francisco, CA 94108
7

8
    Appearing on behalf of the Defendants:
9
                   HEATHER NYONG'O
10                 CLEARY GOTTLIEB STEEN & HAMILTON LLP
                   650 California Street
11                 Suite 2000
                   San Francisco, CA 94108
12
                   STEVEN KAISER
13                 CLEARY GOTTLIEB STEEN & HAMILTON LLP
                   2112 Pennsylvania Avenue, NW
14                 Suite 1000
                   Washington, DC 20037
15
                   MATTHEW MULQUEEN
16                 NICOLE BERKOWITZ RICCIO
                   BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
17                 165 Madison Avenue
                   Suite 2000
18                 Memphis, TN 38103

19                 PAUL COGGINS
                   BRENDAN GAFFNEY
20                 LOCKE LORD, LLP
                   2200 Ross Avenue
21                 Suite 2800
                   Dallas, TX 75201
22
                   EDWARD STANTON
23                 BUTLER SNOW, LLP
                   6075 Poplar Avenue
24                 Suite 500
                   Memphis, TN 38119
25

                        UNREDACTED TRANSCRIPT

1          Thursday

2          February 23, 2023

3          The Teams hearing began on this date, Thursday the

4  23rd day of February, at 1:30 p.m. when and where evidence

5  was introduced and proceedings were had as follows:

6

7          ----------------------

8          **THE COURT:**  Good afternoon.  We are here for a

9  status conference in Jones versus Bain Capital, et al.  I

10  guess, Varsity Brands, et al., 20-2892.

11          Let's see who we've got here for plaintiffs.  I

12  know I saw Mr. Saveri.  Where did he go?  He disappeared once

13  everyone started appearing on my screen.  Who is here for the

14  plaintiffs?

15          **MR. SEIDEL:**  Good afternoon, Your Honor.  David

16  Seidel on behalf of the plaintiffs.

17          **MR. SAVERI:**  Excuse me, Your Honor.  Joseph

18  Saveri.  Good afternoon.  On behalf of the plaintiffs.  I'm

19  sorry about that.

20          **THE COURT:**  Good afternoon.

21          All right.  Anyone else here for the plaintiffs?

22          **MS. SPIEGEL:**  Yes.  Ronnie Spiegel, Your Honor,

23  from the Joseph Saveri Law Firm, for the Jones plaintiffs.

24          **THE COURT:**  Okay.  Anyone else for plaintiffs?

25          And Varsity Brands, who do we have here for

UNREDACTED TRANSCRIPT

4

1  Varsity Brands?

2           **MS. NYONG'O:**  Good afternoon, Your Honor.  This

3  is Heather Nyong'O.  I'm here on behalf of Varsity defendants

4  along with Charlesbank and Bain.

5           **THE COURT:**  Anyone else?

6           **MR. MULQUEEN:**  Good afternoon, Your Honor.

7  Matthew Mulqueen.

8           **MR. KAISER:**  Good afternoon, Your Honor.  Steve

9  Kaiser, also on behalf of the same defendants.

10          **THE COURT:**  Got it.

11          Anyone else?

12          All right.  Jeff Webb?

13          **MR. COGGINS:**  Your Honor, Paul Coggins.  And I'm

14  here with my partner, Brendan Gaffney, for Jeff Webb.  And I

15  believe Ed Stanton might be on.

16          **THE COURT:**  I do see Mr. Stanton.

17          **MR. COGGINS:**  Okay.  I don't see him.

18          **MR. STANTON:**  I am.  Good afternoon, Your Honor.

19          **THE COURT:**  Good afternoon.

20          Anyone else for Jeff Webb?  Mr. Webb?

21          And then for U.S. All Star Federation?

22          **MS. RICCIO:**  Your Honor, you have Nicole Riccio

23  for U.S. All Star Federation today.

24          **THE COURT:**  Thank you, Ms. Riccio.

25          Anyone else?

1          All right.  So you all were called, of course, we

2    had a status conference on January 18th, according to your

3    filing.  I'm going to trust you looked up what date we were

4    here before.  And we had set the Fusion Elite matter for

5    January of '24 for trial at that point.  You all, of course,

6    we're going to confer and figure out whether you wanted to

7    just go right into this trial or delay it to May.

8          You filed on January 23rd ECF 372, and said, hey,

9    Judge, we'll take May.  Well, what's happened now is Fusion

10   Elite has announced a settlement, so they are not going to

11   take that January trial date, assuming -- well, they won't

12   anyway, even if something falls apart, although I'm going to

13   assume the settlement is not going to fall apart.

14         So it leads me to conclude that we can try your

15   case in January.  But I thought rather than just set that,

16   since we were in a different posture before, that I would

17   call you all together and talk about that.

18         So the other matter had been set for

19   January 16th.  Will that work?  Let's hear from the

20   plaintiffs first.

21         **MR. SAVERI:**  Your Honor, Joseph Saveri, on behalf

22   of the plaintiffs.  Yes, that would work for us.

23         **THE COURT:**  Okay.  Let's hear the Varsity Brands,

24   et cetera, defendants, next.

25         **MS. NYONG'O:**  Thank you, Your Honor.  This is

1   Heather Nyong'O, and I think I'm speaking on behalf of all of

2   the defendants here.  That date will not be acceptable to all

3   of the defendants for three key reasons.

4           The first is that -- and as we mentioned to the

5   Court and to plaintiffs on several occasions, there are key

6   all-star events that are occurring and lead up to the spring

7   events that are incredibly important and will impact witness

8   availability for that January trial date.

9           There's a key difference here between, and as the

10  parties -- the plaintiffs indicated at great lengths in the

11  last status conference, there are key differences in the

12  trials between Fusion Elite and the Jones plaintiffs, and

13  that is particularly that the Fusion Elite case was focused

14  exclusively on the All Star competition market.  The Jones

15  plaintiffs had a number of categories of claims and

16  defendants and that particularly refers to also scholastic.

17          Now, there are key events that are critical for

18  the scholastic market, and those occur actually in January

19  and February and that's a USA and NCA national events, and

20  that would greatly impact availability on the scholastic

21  discussions in January at trial.

22          Moreover --

23          **THE COURT:**  Who -- well, okay.  Try your third.

24          **MS. NYONG'O:**  Okay.  Well, I'll actually go to

25  the second date, which is -- the second issue, which is the

UNREDACTED TRANSCRIPT

1    Fusion Elite trial date in January was really key to the pace

2    and the dates that were already in play for Fusion Elite.

3    Fusion Elite was a month ahead of the Jones case for all of

4    the briefings, the substantive motions, and so there would

5    have been, for example, over four months of leeway to look at

6    the motions for, particularly, summary judgment before the

7    Fusion Elite trial.  We would have less than three months for

8    the Jones summary judgment.

9           And, actually, that leads me to the third point

10   here, which is that the parties and, respectfully, we believe

11   the Court do need significantly more time to digest the three

12   key substantive motions that are coming your way and already

13   are in briefing.

14          Those are, of course, the class certification

15   motions, the Daubert, and also summary judgment.  We believe

16   that the Jones case is fraught with a number of problems

17   making each of those motions and, particularly, summary

18   judgment much more complicated.

19          There are several more defendants in the Jones

20   case beyond what we have in Fusion Elite.  We have Jeff Webb.

21   We have Bain.  We have Charlesbank.  And as the Court knows,

22   there is, on your Docket at 343, the additional 17 defendants

23   that the Jones case would like to add.  As the Court just

24   saw, I'm not sure if you've seen, we just saw that the Jones

25   plaintiff just requested to add an additional plaintiff

UNREDACTED TRANSCRIPT

1    15 months after the close of amending of pleadings, which is

2    at great prejudice to the defendants here, which we would be

3    happy to address if the Court would like.

4              And also -- we also believe that, basically, the

5    class certification motion, the Daubert motions, which are

6    going to be much more complicated here and if the Court does

7    not dispose, which we think the Court should, of several of

8    the claims and defendants that the plaintiffs have added here

9    at those phases, the summary judgment is going to be much

10   more complicated here.

11             We have competitions.  We have camps.  We have

12   apparel.  The addition of camps and apparel and addition of

13   scholastics to the competitions is different than Fusion

14   Elite and, again, fraught with lots of issues.

15             We also have the different categories of

16   defendants that are going to have to be addressed on summary

17   judgment, which we didn't have in Fusion Elite.  So we think

18   all of that really puts us in a place where we don't see the

19   possibility of having a trial before May.

20             **THE COURT:**  Well, you're going to.  And I suggest

21   in the future, you don't start out an argument in front of a

22   judge with that trial date is not acceptable.

23             **MS. NYONG'O:**  I apologize, Your Honor.

24             **THE COURT:**  What I heard you say is some of your

25   witnesses, I guess, I'm not sure that the kids participating

UNREDACTED TRANSCRIPT

1   in the competition are your witnesses or not.  But some of

2   them might be busy on some days in January and February.

3              And then I heard a whole lot about how the Court

4   is going to have a lot of work to do, and you're just looking

5   out for the Court.  That's what I heard you say and with a

6   lot more words.

7              I do -- your warnings about, you know, a lot of

8   motions to come and different markets to have to wrestle

9   with, I get that, and I appreciate that.  And I think that's

10  a very valid point.

11             January is -- between the -- so I generally, in

12  you know, sort of every regular case, set the trial date four

13  months after the deadline to file summary judgment motions.

14  This is more than four months.  However, I can appreciate

15  that -- I mean, this is essentially five months after.  I can

16  appreciate we may need another month or so in there.  But I

17  don't -- so there may be some time between the January date

18  I'm talking about and the May date you all have proposed that

19  we should look at.  But I don't see any reason to postpone it

20  to May.

21             **MS. NYONG'O:**  And if I may Your Honor, apologies

22  for the use of the word "acceptable".  That was certainly not

23  my intention.  I would like to just address the witness

24  availability, which is not about the students but, instead,

25  about the executives and individuals who run the events.  We

```
 1   think that it will be testimony from actual Varsity employees

 2   relating to the scholastic market --

 3             THE COURT:  What are the dates?

 4             MS. NYONG'O:  -- that are to be addressed at

 5   trial.

 6             THE COURT:  What are the dates of those events?

 7             MS. NYONG'O:  In January and February for the

 8   UCAA.

 9             THE COURT:  They're specific dates.  You're

10   saying that it's all -- both of those months?

11             MS. NYONG'O:  They occur during both of those

12   months.  I don't have the precise dates at my fingertips for

13   each of those events.

14             THE COURT:  Well, what that tells me is we could

15   do it in March, so let's look at a March date.

16             MR. NYONG'O:  And I will just note, Your Honor,

17   that, again, March is when the All Star events really take

18   place in March and April.  Again, which relate to, again, the

19   employees of Varsity and USASF, who would be testifying in

20   the trial.

21             THE COURT:  And why couldn't you bring them in

22   when they need to testify, and then they go back to their

23   events?  You're not going to just say, we can't do this trial

24   for four months because those people have to be other places.

25   That doesn't work.  There are planes that go from one place
```

UNREDACTED TRANSCRIPT

1    to another.

2         **MS. NYONG'O:**  Thank you, Your Honor.  We can make

3    the March date work then.

4         **THE COURT:**  And how long did we say this -- what

5    was you all's estimate on this trial, the length of this

6    trial?

7         **MR. SAVERI:**  Your Honor, Joseph Saveri.  We said

8    three weeks, I believe.

9         **THE COURT:**  I think we have in the minutes from

10   the last hearing that you all said four weeks, but not a lot

11   different.  March 11th, what does that look like?

12        **MR. SAVERI:**  Your Honor, Joseph Saveri on behalf

13   of the plaintiffs.  That's certainly acceptable to us.  And

14   I'm open, and that would be fine.

15        **MS. NYONG'O:**  And, Your Honor, I'll look across

16   the screen to my co-defense counsel, that is acceptable to

17   Varsity, Bain, and Charlesbank.

18        **MR. COGGINS:**  As it is to Mr. Webb.

19        **MS. RICCIO:**  That's fine for USASF as well.

20   Thank you.

21        **THE COURT:**  All right.  We'll set on the first

22   day March 11, 9:30.  I'm trying to look how much ahead of the

23   trial date we had scheduled the other.  We had scheduled a

24   pretrial about a month before, which it seems like that does

25   make sense.

1          **MR. SAVERI:**  Your Honor, Joseph Saveri.  If I had

2    a -- in the Fusion case, the trial was set to start on

3    January 16 and the pretrial conference -- oh, yeah, it was

4    Jan- -- it was a month before.  I was --

5          **THE COURT:**  Right.

6          **MR. SAVERI:**  The pretrial order was six weeks.

7    That's right.

8          **THE COURT:**  Yeah.  So for the pretrial

9    conference, what about Thursday, February 15th?  And remember

10   this is something you have to be in Memphis in person.  Any

11   lawyer who is going to participate in the trial has to be

12   here in person for the pretrial.  So with that in mind,

13   Thursday, February 15, at 10 o'clock.

14         **MR. SAVERI:**  For the pretrial conference, Your

15   Honor?

16         **THE COURT:**  Yes.

17         **MR. SAVERI:**  For the plaintiffs, that works.

18         **MS. NYONG'O:**  That's acceptable for the

19   defendants as well, Your Honor.

20         **THE COURT:**  Is that all the defendants or --

21         **MR. COGGINS:**  It is for Mr. Webb, Your Honor.

22         **MS. RICCIO:**  Yes, Your Honor.

23         **THE COURT:**  Okay.  And I think we did have the

24   joint proposed pretrial order due rather -- in a regular case

25   it would be due one week before.  I think we had the other

1  one do about two weeks before.  What about February 2nd for

2  the joint proposed pretrial order?

3            **MS. NYONG'O:**  Thank you, Your Honor.

4            **MR. SAVERI:**  So that's six weeks before?  Your

5  Honor, that's -- no, I misunderstood.  I got it.  Sorry.

6  That's fine.

7            **THE COURT:**  Okay.

8            Which, you know, it keeps the pressure on us to

9  get rulings on any pending motions due in time for you all to

10  work on that pretrial order.

11            **MR. SAVERI:**  Right.

12            **THE COURT:**  All right.  Anything else we need to

13  address today?

14            **MR. SAVERI:**  Your Honor, Joseph Saveri.  We

15  also -- I think you set in the Fusion case the deadline for

16  the motions in limine as well as the trial memo.  Do we need

17  to set those too while we're all together?

18            **THE COURT:**  Let's do that.  So the trial memo was

19  due about a month before -- well, motions in limine were due

20  about a month before the pretrial conference --

21            **MR. SAVERI:**  Right.

22            **THE COURT:**  -- in the other matter and the trial

23  memo about a week later.  So using that same rubric, let's

24  look at motions in limine due January 12th?

25            **MR. SAVERI:**  Okay.

14

1          **THE COURT:**  And trial memo January 19th.

2          Does that make sense to everyone?

3          **MR. SAVERI:**  For the plaintiffs, Joseph Saveri,

4    again, yes.

5          **MS. NYONG'O:**  Yes, Your Honor, for the

6    defendants.

7          **MR. COGGINS:**  Yes.

8          **THE COURT:**  All right.  What else would be

9    helpful to set now?

10          **MR. SAVERI:**  I think those are all the dates,

11    Your Honor.  Again, Joseph Saveri.  I think that fills out

12    the calendar.

13          **THE COURT:**  Okay.

14          Anything from defendants?

15          **MR. KAISER:**  Your Honor, I say there is one thing

16    related to the class certification motions, which is the

17    defendants would like 30 pages to respond.  The plaintiffs

18    were given 30 pages to file, you know, in their brief.  We've

19    looked at it.  We have a draft.  Twenty pages is just not

20    going to allow us to sufficiently deal with all the issues,

21    so we'd ask for 30 pages.

22          We've tried to get agreement from the plaintiffs

23    and been unsuccessful.  Not that they've said no, but just it

24    hasn't reached a conclusion.  But we just wonder if something

25    like this can just be taken care of right now on the record

UNREDACTED TRANSCRIPT

15

1    so we don't need to burden the Court with more papers.

2              **THE COURT:**  Always appreciated.

3              Mr. Saveri, what's your position?

4              **MR. SAVERI:**  We received the request yesterday.

5    I'm just checking, did we do --  I'm going to check with my

6    colleagues.  Was our opening brief 25 or 30?  Would someone

7    on my team just --

8              **MR. KAISER:**  It was 30, Mr. Saveri.

9              **MR. SAVERI:**  Yes, Judge.  That's fine with us.

10             And then, I guess on the reply, the way we left

11   it in the past is we'll get back -- once we see it, we'll

12   have an idea of whether we need more.  And I remember some

13   cautionary language about encouraging brevity.

14             **THE COURT:**  As I've said before and I think in

15   the last conference, it's -- you're just much more effective

16   that way, frankly.

17             Yeah, Mr. Kaiser, so I'll grant your oral motion

18   to exceed the page limits up to 30 pages.

19             **MR. KAISER:**  Thank you, Your Honor.

20             **THE COURT:**  What else?

21             **MR. SAVERI:**  Nothing from the plaintiffs, Your

22   Honor.

23             **MS. NYONG'O:**  Nor the defendants, Your Honor.

24             **THE COURT:**  And let me say, I know we've got

25   those -- the motions that have been pending too long that is

16

1   my fault.  The motions to strike and then the recent motions

2   for reconsideration of the things we did rule on, I

3   anticipate getting those out soon.  The goal is certainly by

4   the end of March, so -- and probably in sort of a

5   comprehensive order that deals with all those issues.

6           All right.  Well, I guess if nothing else, thank

7   you all for your time.  We'll get an order entered that

8   reflects these dates that we've set.  And we'll all keep

9   moving forward.

10          **MR. SAVERI:**  Thank you, Your Honor.

11          **MS. NYONG'O:**  Great.  Thank you, Your Honor.

12          **THE COURT:**  Thank you all very much.

13          (Adjournment.)

14

15

16

17

18

19

20

21

22

23

24

25

UNREDACTED TRANSCRIPT

17

**C E R T I F I C A T E**

         I, CANDACE S. COVEY, do hereby certify that the

foregoing 17 pages are, to the best of my knowledge, skill

and abilities, a true and accurate transcript from my

stenotype notes of the Teams Status Conference on the

23rd day of February, 2023, in the matter of:


Jones, et al.

vs.

Bain Capital Private Equity, et al.


Dated this 12th day of December, 2023.




                        ___S/Candace S. Covey___

                        CANDACE S. COVEY, LCR, RDR, CRR
                        Official Court Reporter
                        United States District Court
                        Western District of Tennessee




                    UNREDACTED TRANSCRIPT