*UNITED STATES DISTRICT COURT*
*WESTERN DISTRICT OF TENNESSEE*
*Western Division*
*Office of the Clerk*

| | |
|---|---|
| *Wendy R. Oliver, Clerk* | *Deputy-in-Charge* |
| *242 Federal Building* | *U.S. Courthouse, Room 262* |
| *167 N. Main Street* | *111 South Highland Avenue* |
| *Memphis, Tennessee 38103* | *Jackson, Tennessee 38301* |
| *(901) 495-1200* | *(731) 421-9200* |

---

**NOTICE OF RE-SETTING**
**Before Chief Judge Sheryl H. Lipman, United States District Judge**

---

**January 3, 2024**

    **RE:    2:20-cv-2892-SHL**
               **JESSICA JONES, ET AL v. BAIN CAPITAL PRIVATE EQUITY, ET AL**

    **Dear Sir/Madam:**

    The **JURY TRIAL** has been **RESET** before **Chief Judge Sheryl H. Lipman** from MONDAY, MARCH 11, 2024 at 9:30 A.M. to **MONDAY, JULY 8, 2024** at **9:30 A.M.** in **Courtroom No. 1, 11ᵗʰ floor of the Federal Building, Memphis, Tennessee.**

    The **PRETRIAL CONFERENCE** has been **RESET** from THURSDAY, FEBRUARY 15, 2024 at 10:00 A.M. to **THURSDAY, JUNE 13, 2024** at **9:30 A.M.** in **Courtroom No. 1, 11ᵗʰ floor of the Federal Building, Memphis, Tennessee.**

    The **PROPOSED JOINT PRETRIAL ORDER** must be furnished to the Court by **MAY 29, 2024.**

    **PLEASE SEE ATTACHED PRETRIAL PROCEDURES.**

    If you have any questions, please contact the case manager at the telephone number or email address provided below.

               Sincerely,
               WENDY R. OLIVER, CLERK
               BY:    *s/Melanie Mullen*,
                           Case Manager for Chief Judge Sheryl H. Lipman
                           901-495-1255
                           melanie_mullen@tnwd.uscourts.gov

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**Office of the Clerk**

**PRETRIAL PROCEDURES**

Prior to the pretrial conference, counsel <u>must</u> do the following:

Complete all discovery.

Confer prior to the pretrial conference to exchange information as to the ultimate issues of law and fact, to eliminate unnecessary or irrelevant issues that appear in the pleadings or discovery, to arrive at all possible stipulations, and to exchange documents and exhibits which will be offered in evidence at trial.

Counsel shall prepare a single proposed Joint Pretrial Order that covers the items set forth below.   If counsel are unable to agree, they shall submit a proposed joint pre-trial order including all matters agreed upon and specifying those areas of disagreement.   Plaintiff=s attorney is responsible for initiating the proposed pretrial order, but all counsel are responsible for ensuring that the proposed pretrial order is timely submitted to chambers.   The proposed pretrial order shall contain the following:

1.  A complete listing of all parties, both plaintiff and defendant, who remain in the case as of the date the joint pretrial document is filed.   Do not use "et al."

2.  Any remaining jurisdictional questions;

3.  A list of pending motions;

4.  A short summary of the case that may be read to the venire at the beginning of voir dire;

5.  The respective contentions of the parties, including contentions as to the nature and amount of damages and as to liability;

6.  A comprehensive written statement of uncontested facts that may be stipulated and read to the jury (possible sources of these agreed facts are the pleadings, discovery, or admission of counsel);

7.  Contested issues of fact;

    A written statement of contested issues of fact that will explain to the court the nature of the parties dispute;

8.  Contested issues of law;

    A written statement of the contested issues of law. This is not to be a restatement of the disputed facts but the legal issues such as negligence, contributory negligence, etc.   This is the most important part of the joint pretrial order as these issues, not the pleadings, will

2

govern the trial.   The court wants an agreed list not a separate list for each party.   If either party insists on a triable issue, it is to be listed in the pretrial order and will be a triable issue unless the court decides otherwise at the pretrial conference.

9. A list of exhibits (except documents for impeachment only) to be offered in evidence by the parties, and to the extent possible, a stipulation on their admissibility.   If the parties cannot stipulate, then the objections must be noted in the proposed pretrial order.   To the extent possible, objections shall be ruled on at the pretrial conference.

   The parties are expected to have complied with Federal Rules of Civil Procedure 26(a)(3)(C) on pretrial disclosures.   That rule requires disclosures of witnesses, deposition testimony, and exhibits, (other than impeachment evidence), to the opposing counsel thirty days before trial.   Within fourteen days thereafter, the opposing party must serve and file a list disclosing any objection, together with the grounds therefor, to the admissibility of any exhibit, deposition testimony, or witness testimony.
   Before the conference, each party shall furnish to the other party for copying and inspection all exhibits which are to be offered in evidence.

10. A list of witnesses, indicating those who will be called, in the absence of reasonable notice to opposing counsel to the contrary, and those who only <u>may</u> be called. Any objection to a witness in general must be noted in the proposed joint pretrial order.   If any Rule 702 (Aexpert@) witnesses, including treating physicians who will give expert testimony, are listed, the witness shall be identified as such, along with the subject matter of the expert testimony.   Opposing counsel shall specify any objection to the witness=s expertise or testimony in the proposed joint pretrial order.   To the extent possible, objections will be ruled on at the pretrial conference.

11. Deposition testimony:

   If a party desires to offer deposition testimony into evidence at the trial, s/he shall designate only those relevant portions to be read at trial.   All objections to any such testimony must be noted in the proposed joint pretrial document so that the court may rule prior to trial.   To the extent possible, objections will be ruled on at the pretrial conference.

12. An estimate of the length of trial.

13. A statement indicating whether the case is a jury trial or non-jury trial. If it is a jury case, counsel shall file with the court, two weeks prior to the beginning of trial, copies of all proposed jury instructions, using the Court's "shell" instructions as a baseline (https://www.tnwd.uscourts.gov/JudgeLipman/index.juryinst.shtml), any special questions for voir dire examination of the jury venire, and any special interrogatories or verdict forms that counsel wish to submit to the jury.   Counsel shall furnish opposing counsel a copy of same. The court will conduct a general voir dire and either ask the proposed special questions of counsel at that time, or allow counsel to conduct limited voir dire.

   If the case is non-jury, the parties should submit proposed findings of fact and proposed conclusions of law in place of the proposed jury instructions.

14. The amount of the ascertainable damages.   The listing of the amount of damages shall not constitute an agreement as to the recoverability of same unless so stated.

15. A list of the names of all attorneys interested in the case and copies of all interested firms= letterheads.

16. A list of any special equipment such as video cassette recorders, overhead projectors, easels, computers, etc. that the parties intend to bring for use at the trial.   (The court provides a presentation system including counsel table monitors, witness monitor, an HD ceiling projector, a 75-inch HD television monitor for the jury, a document camera, and a video distribution system for these components.   The court does not provide personal computers or laptops to counsel, however, at the Court's discretion, counsel may access the video distribution system with their own laptops to disseminate computer generated evidence.   Connection types are HDMI, lightning, display port, mini display port, and USB-C.)

Any motions in limine, not covered by the objections, must be filed two weeks before the trial date.   The opposing party must file a response within five days of date of service of the motion in limine.

The attorneys who will try the case are required to attend the pretrial conference in person. The parties are not required to attend the conference.   The attorneys will be generally familiar with pretrial procedures and come to the conference with full authority to accomplish the purpose of the conference, which is to simplify and define the triable issues, expedite the trial, and save expense.   At the time of the conference, counsel will report to the Court the prospects of settlement. For a discussion of pretrial conferences, see 23 Federal Rules Decisions 129-138.

If an attorney fails to appear at the pretrial conference or to comply with the directions set forth herein, an ex parte hearing may be held and judgment of dismissal or default or other appropriate sanctions entered.

After the pretrial conference, the Court will enter a Pretrial Order which shall govern the conduct at trial and will constitute the final statement of the issues involved.

Please take note of the requirements of Local Rule [16.4] of this Court. All parties are required to submit to the court pretrial memoranda, including proposed findings of fact and conclusions of law at least 14 days prior to the date of the trial.   The submission of pretrial memoranda is not required in jury cases.

The procedures set forth in this letter apply to pro se litigants as well as attorneys.

4