IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

---

JESSICA JONES, ET AL.,          )
                                )
    Plaintiffs,                 )
                                )
VS.                             )   NO. 2:20-CV-2892
                                )
BAIN CAPITAL PRIVATE EQUITY,    )
ET AL.,                         )
                                )
    Defendants.                 )

---

TRANSCRIPT OF STATUS/SCHEDULING CONFERENCE (Via Teams)

BEFORE THE

HONORABLE SHERYL H. LIPMAN

JANUARY 3, 2024

POLLY W. WARDLAW, CCR, LPR
OFFICIAL COURT REPORTER
167 N. MAIN STREET – SUITE 242
MEMPHIS, TENNESSEE  38103

*UNREDACTED TRANSCRIPT*

```
 1                    A P P E A R A N C E S
 2
 3   Appearing on behalf of the Plaintiffs:
 4        JOSEPH SAVERI
          DAVID SEIDEL
 5        RONNIE SPIEGEL
          DANIEL J. NORDIN
 6        RICHARD PAUL
          Joseph Saveri Law Firm
 7        601 California Street
          Suite 1000
 8        San Francisco, CA 94108
 9
10   Appearing on behalf of the Defendants:
11        HEATHER NYONG'O
          GEORGE CARY
12        CLEARY GOTTLIEB STEEN & HAMILTON LLP
          650 California Street
13        Suite 2000
          San Francisco, CA 94108
14
15        STEVEN KAISER
          CLEARY GOTTLIEB STEEN & HAMILTON LLP
16        2112 Pennsylvania Avenue, NW
          Suite 1000
17        Washington, DC 20037
18
          MATTHEW MULQUEEN
19        NICOLE BERKOWITZ RICCIO
          GRADY GARRISON
20        BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
          165 Madison Avenue
21        Suite 2000
          Memphis, TN 38103
22
23
24
25
```

*UNREDACTED TRANSCRIPT*

 1                        A P P E A R A N C E S

 2

 3         EDWARD L. STANTON
           BRENDAN GAFFNEY
 4         PAUL COGGINS
           LOCKE LORD, LLP
 5         2200 Ross Avenue
           Suite 2800
 6         Dallas, TX 75201

 7

           KATHERINE K. FELL
 8         RICHARD PARKER
           MILBANK LLP
 9         1850 K Street NW
           Suite 1100
10         WASHINGTON D.C. 20006

11

           SHEA WELLFORD
12         Martin, Tate, Morrow & Marston, P.C.
           6410 Poplar Avenue
13         Suite 1000
           Memphis, Tennessee 38119
14

15         CHRISTOPHER TAYBACK
           MICHAEL BONANNO
16         QUINN EMANUEL TRIAL LAWYERS
           865 S. Figueroa Street
17         10th Floor
           Los Angeles, California 90017
18
           BURT BRILLHART
19         JERRY GARCIA
           GENERAL COUNSEL FOR VARSITY BRANDS
20

21

22

23

24

25

                          *UNREDACTED TRANSCRIPT*

```
 1                           WEDNESDAY
 2                        JANUARY 3, 2024
 3
 4                    ***********************
 5
 6             THE COURT:  Good morning.  We're here for the
 7   status conference in Jones versus -- I've got it -- on
 8   the calendar it's Bain Capital, is the first one listed,
 9   et al., 20-2892.  It may take me an hour or so just to
10   call role.  Let's start with plaintiffs.
11             Mr. Saveri, I can see you.  Who else do you have
12   here on behalf of plaintiffs?
13             MR. SAVERI:  Good morning, Your Honor.  Ronnie
14   Spiegel from my office, David Seidel from my office.  I
15   believe Mr. Paul is on the line as well.  And I can't see
16   everybody on my screen.  And Mr. Hartley is there too.  I
17   see him as well.  I'm sorry, Your Honor.
18             THE COURT:  That's fine.  And --
19             MR. SAVERI:  And -- excuse me.
20             THE COURT:  Yes.  Anyone else?  Anyone else,
21   Mr. Saveri?
22             MR. SAVERI:  I don't see any, Your Honor.
23             THE COURT:  All right.  Then for -- at least as
24   of now for Bain Capital we've got the Baker Donelson
25   folks.  Mr. Mulqueen, who do we have from Baker Donelson?
```

1  And I guess you're -- right now you're Bain Capital,
2  you're Charlesbank, and the Varsity Brands defendants,
3  correct?
4          MR. MULQUEEN:  Correct.  Good morning, Your
5  Honor.  And our pending motion to withdraw is only as to
6  the Charlesbank entities.  And Mr. Cary can introduce the
7  Cleary folks here on behalf of, currently, Bain and the
8  Varsity Brands.
9          THE COURT:  Anyone else from Baker?
10         MR. MULQUEEN:  That's it from Baker today.
11         THE COURT:  All right.  And then --
12         MS. RICCIO:  Sorry, Your Honor.  I didn't mean
13 to interrupt.  Mr. Garrison and myself are also from
14 Baker Donelson but here for U.S. All Star Federation.
15         THE COURT:  Okay, great.  Thank you.  And then
16 for the -- from Cleary?
17         MR. CARY:  Yes, Your Honor.  George Cary for the
18 Varsity defendants.  I've also got with me Burt Brillhart
19 who is the general counsel of Varsity Brands; Jerry
20 Garcia, the deputy general counsel; and from Cleary
21 Gottlieb we've got Heather Nyong'O and Steve Kaiser.
22         THE COURT:  Great.  Thank you.  And I see
23 Mr. Stanton here for Jeff Webb.  Mr. Stanton, who else do
24 we have here for Mr. Webb?  Good morning.
25         MR. STANTON:  Good morning, Your Honor.  Also

1   for Jeff Webb from Locke Lord, Paul Coggins and Brendan
2   Gaffney.
3           THE COURT: Thank you, sir. Then for -- for the
4   people who are coming in or hoping to come in for
5   Charlesbank and -- no, just for Charlesbank, that would
6   be Milbank? The Milbank firm?
7           MR. PARKER: Yeah, your Honor, this is Rich
8   Parker from Milbank, and I'm here with my partner
9   Katherine Fell. Both from Milbank.
10          THE COURT: All right. And then Ms. Wellford is
11  here as well from Martin Tate on behalf of Charlesbank.
12          MS. WELLFORD: Yes, Your Honor.
13          THE COURT: Okay. Did I cover everyone? Did I
14  miss someone?
15          MR. TAYBACK: Your Honor, this is Christopher
16  Tayback from Quinn Emanuel along with Mike Bonanno from
17  Quinn Emanuel, and we have a pro hac vice application
18  pending to represent Bain Capital in this matter with
19  Mr. Mulqueen.
20          THE COURT: Okay. All right. Anyone else? Let
21  me first address the motions to withdraw. The -- well,
22  let me say overall you all no doubt anticipated where I
23  was going to go with this and the reason I scheduled
24  this -- I hope you anticipated -- that we need to revisit
25  the schedule because we've got a lot of pending motions.

1  You're going to start to see some orders on those soon,
2  but we've still got a lot to do.  And so the main reason
3  for this conference from my perspective was to talk about
4  the schedule.
5         Going back to the motions to withdraw, the new
6  attorneys coming in, let me say I'm going to grant the
7  motions with the understanding that I'm not -- the
8  revised schedule -- you're kind of lucky that I'm going
9  to revise the schedule anyway.  I'm not going to revise
10 it to allow you to get up to speed.  It's late in the
11 game.  I assume you all knew what you were getting into,
12 the new folks.
13        As I said, you're getting a little bit of a
14 break because I'm going to revise the schedule for other
15 reasons.  But I just want to be clear and get everyone's
16 understanding that I'm not going to revise it to allow
17 you to come in and get up to speed over the next, you
18 know, couple of years, whatever it took us to get where
19 we are.  I'm committed to getting this case done.
20        Everyone kind of understand that?  I'm seeing
21 lots of nods of the heads.
22        MR. PARKER:  We are prepared to go.
23        THE COURT:  Okay, thank you.  Then the record
24 will show that ECF 553 and 554 are granted so that Baker
25 Donelson is no longer representing the Charlesbank

1  defendants.  And I guess Milbank and Martin Tate are --
2  the individuals from those firms are representing those
3  defendants.  Baker stays in as to the Varsity Brands
4  defendants as well as those who are representing the
5  organization.
6          Then as to 554, the Cleary Gottlieb folks are
7  withdrawing from -- you're withdrawing from both
8  Charlesbank and Bain Capital, correct?
9          MR. GARY:  That's correct, Your Honor.
10         THE COURT:  Okay.  So we'll grant that with
11 Milbank and Martin Tate coming in for the Charlesbank
12 defendants.  And for Bain, Baker Donelson continuing to
13 represent them.  And the Quinn Emanuel firm coming in as
14 well pending those pro hac vice motions.
15         Did I mess that up at all?  Any questions about
16 any of that?
17         MR. CARY:  No, Your Honor.  You got that right.
18         THE COURT:  Cool.  All right.  Let's talk about
19 the schedule.  We've got the March 11 trial date which
20 I'm really sorry I'm not going to be able to get
21 everything ruled on in order for us to go to trial that
22 day.  My sort of best guess is to when I think we're
23 going to be ready to go to trial, which includes both
24 time to rule on the motions as well as a little bit of a
25 cushion following the ruling of the motions before the

1  actual trial, I think June.  We would be ready to go to
2  trial in June.
3         So let's look at June.  We'll set the trial date
4  first and then work our way back with these other
5  deadlines we need to set.  I know we were talking about a
6  several-week trial.  Do we want to speculate on how long
7  the trial will last based on where you are now?
8         MR. SAVERI:  Your Honor, it's Joseph Saveri.
9  We're planning on a three-to-four-week trial.
10         THE COURT:  Okay.  I think that's what we had
11 before.  Mr. Saveri -- well, first of all, you spell my
12 first name with an S not a C.  But why did you submit the
13 -- your status conference submission, why not put it on
14 the docket?
15         MR. SAVERI:  If it hasn't been docketed it was a
16 mistake, Your Honor.
17         THE COURT:  Okay.
18         MR. SAVERI:  And I apologize for the misspelling
19 of your name.
20         THE COURT:  All right.  It's pronounced the
21 same.
22         We'll check on that and get it on the docket if
23 it's not on the docket.  June 10th?
24         MR. SAVERI:  Your Honor -- excuse me, Your
25 Honor.  It's Joe Saveri.  I'm available June 10th.  I

1  have co-counsel too.  They have their calendars, so it
2  feels like this is a time for them to object or forever
3  hold their peace.  But June 10th is okay with me.
4          MS. RICCIO:  Your Honor, U.S. A and staff,
5  including Mr. Garrison and myself, have another trial the
6  first week of June in the Middle District of Florida.  We
7  are hoping that that trial will only take one week, but I
8  think that it might be prudent to give us a few extra
9  days of a buffer if that's possible.
10         THE COURT:  Do you expect that trial to go?
11         MS. RICCIO:  Yes, at this time we do.
12         THE COURT:  We could go June 17.  I've got a
13 couple of concerns with that.  The first is we're going
14 to run into two holidays.  The Juneteenth holiday is that
15 Wednesday, and then based on predicted length of the
16 trial we'd also run into the 4th of July.  That's not
17 necessarily a problem.  I guess the issue -- the issue I
18 have is in a trial that lengthy I generally like to, you
19 know, take a one-day break along the way for me to handle
20 some other things in court and to give the jury a break.
21 And with a couple of holidays that ends up with a bunch
22 of breaks.
23         We could -- what about -- to avoid all that what
24 about July 8th?
25         MR. SAVERI:  Your Honor, on behalf of myself

1    that would work for me.
2           THE COURT:  Okay.  I'm sorry, I was looking at
3    the calendar and not you all.  Who said that?
4           MR. SAVERI:  I'm sorry, Your Honor.  It's Joseph
5    Saveri.  That July date is fine with me.  Thank you.
6           THE COURT:  Thank you.  Does anyone have an
7    issue with the July 8th date?  Only speak up if you have
8    an issue with that as the trial date.  I hear none.
9    That's awesome.
10          I do know -- as I said, as it gets closer we'll
11   figure it out, but I'm likely to take whether it's a
12   Friday afternoon or a whole Friday, I'll have to see, to
13   try to get some other things in.  And generally we start
14   trial -- try to start trial at 9, but I sometimes fit in
15   another matter at 9 and start trial at 9:15 or 9:30.
16          So let's back up from that date and figure out
17   the other dates we need to set.  So looking at the
18   previous schedule we had the pretrial -- well, we had
19   motions in limine two months before the trial date, so
20   that would make motions in limine due May 8th.
21          The trial memo was due one week after, so that
22   would be May 15.  Then the joint proposed pretrial order
23   was due about two weeks after that, so that's May 29,
24   with a pretrial conference about two weeks later.  And
25   this one you all -- you're going to need to be here in

1    person for this.  Let's see what we can do.
2               That trial was the week of June 10th, right?
3    The conflicting trial?
4               MS. RICCIO:  It's the week of June 3rd
5    potentially going into the 8th or 9th.  So later that --
6    I'm sorry, Your Honor.  I'm looking at the wrong month.
7    Yes, that's right.  So the week of June 3rd potentially
8    going into the 10th or 11th.  But the second half of that
9    week may work for a pretrial conference.
10              THE COURT:  Okay, good.  What about -- how about
11   Thursday, June 13th at 9:30 for a pretrial conference?
12   Again, any lawyer who is going to participate in the
13   trial as a lawyer would need to be here in person for
14   that pretrial conference.
15              Anyone have an issue with being here in person
16   on June 13th at 9:30?  Wow.  That's good.  All right.
17   And that is a little less than a month but almost a month
18   before the trial, so I think that's good.
19              What else do we need to discuss today?  That's
20   my list that we needed.  Anyone else have anything you
21   need to discuss today?  Let's start with plaintiffs.
22              MR. SAVERI:  No, Your Honor.  Thank you.
23              THE COURT:  Whoever -- well, let's go to Varsity
24   Brands.
25              MR. CARY:  Your Honor, nothing else from the

1  Varsity defendants.  Thank you.
2          THE COURT:  Bain Capital?
3          MR. STANTON:  Nothing, Your Honor.
4          THE COURT:  For Charlesbank?
5          MR. PARKER:  Your Honor, we had some funds that
6  were recently named, and we'll be moving for summary
7  judgment within about the next 10 days.  So you can
8  expect papers on that.
9          THE COURT:  Is that in compliance with the
10 schedule?  Where are we on --
11         MR. PARKER:  This would be an amendment to the
12 complaint that was granted several weeks ago.
13         THE COURT:  Okay.
14         MR. PARKER:  And we're going to go right to
15 summary judgment on that.
16         THE COURT:  Okay.  Yep, if it's on the new --
17 the Amended Complaint, got it.  Okay.
18         MR. PARKER:  Yes, it is.
19         THE COURT:  Okay, thank you.  We'll look for
20 that.  U.S. All Star Federation, any issues?
21         MS. RICCIO:  Your Honor, we just had a few minor
22 logistical questions as we -- in connection with trial
23 and pretrial exchanges.  One request was I believe we
24 need permission from the court in order for counsel to
25 access the conference rooms in the court.  And I think we

1  were wondering -- I would expect that plaintiffs would
2  also like a conference room -- if the court could
3  authorize us to access the conferences rooms during the
4  trial in this case?
5          THE COURT:  We don't really -- we don't have
6  conference -- I mean, what conference rooms -- you know,
7  what conference rooms are you referring to?
8          MS. RICCIO:  I believe the clerk's office told
9  us there were a few conference rooms throughout the
10 building to meet with witnesses.  Is that incorrect?
11         THE COURT:  There are witness rooms.  I mean,
12 just the regular witness rooms.
13         MS. RICCIO:  Okay.
14         THE COURT:  Which you do have access to.  But, I
15 mean, there aren't really conference rooms.  Which, you
16 know, if you want to reach out to our senators and tell
17 them how we need a new building I'd be happy to support
18 you in that effort because we've had lots of
19 conversations about that.  But we don't have conference
20 rooms.
21         MS. RICCIO:  Okay.  Thank you, Your Honor.  I
22 think maybe we misunderstood.
23         THE COURT:  Well, let me follow up on that.  We
24 can talk -- I can see what is going on with the other
25 courtrooms during that trial and see if maybe we can't

1   get y'all into some of the other witness rooms that are
2   attached to the other courtrooms.  So remind me of that
3   as we get closer and we can, you know, see what we can
4   sort of jerry-rig.  But it's going to depend on what else
5   is going on in the building.
6           MS. RICCIO:  Okay.  Thank you, Your Honor.  That
7   will be helpful.
8           Two other small logistical questions.  Your
9   pretrial procedures typically require the parties to
10  submit jury instructions, proposed voir dire, and
11  proposed verdict forms two weeks before trial.  The
12  pretrial conference in this case is earlier than it
13  usually is, and so we wanted to check with Your Honor as
14  to when you would like to receive those submissions.
15          THE COURT:  Yeah, thank you.  That would be
16  helpful to get those earlier.  Let's get those with the
17  joint proposed pretrial order on May 29th.  And that way
18  if there are particular jury instruction issues in
19  particular we can discuss that at the pretrial
20  conference.
21          For jury instructions I've got shells on the
22  website for both civil and criminal, and if you'll start
23  with the civil shell, which is just the basic
24  instructions but it's in the order I like to give them,
25  that would be helpful for us.  And then just insert what

1   you've got from there.  If you can work together
2   obviously that would be preferable to get a joint set,
3   but we'll obviously deal with any conflicts.
4           MS. RICCIO:  Thank you, Your Honor.  And one
5   final clarification along the same lines.  The pretrial
6   procedures set a five-day turn-around for responses to
7   motions in limine.  We can certainly satisfy that turn-
8   around period, but you did set the motions in limine
9   deadlines quite early, and so I wanted to know if you had
10  any guidance or if you wanted to set a response date.
11          THE COURT:  Yeah, we can set a different
12  response date.  But I want to get those fully briefed
13  before the pretrial conference so that we can deal with
14  any issues we've got there.  So that's May 8th, is the
15  due date.  How about May 24th for responses?  That's a
16  little over two weeks.  Does that help?
17          MS. RICCIO:  Yes, Your Honor.  Thank you.
18          THE COURT:  I have no sense at this point of how
19  complicated your motions in limine will be, but if as you
20  get closer that's not realistic let me know.  But that
21  would be -- that gives us a couple of weeks to look at
22  them and be ready for the pretrial conference.
23          MS. RICCIO:  Yes, Your Honor.  That seems
24  reasonable as well.
25          THE COURT:  Okay.  Good questions.  Any others?

1                MR. SAVERI:  Yes, Your Honor.  It's Joseph
2    Saveri.  I'd probably appreciate some guidance about what
3    your practice is with respect to the submission of jury
4    questionnaires in connection with the jury selection
5    process.  I don't know if that same date that we're using
6    for the jury instructions would make sense, but I wanted
7    to raise that issue and at least get the benefit of your
8    thinking right now.
9                THE COURT:  I don't typically do jury
10   questionnaires.  I think I've only done it once in a
11   large long criminal case.  I'm kind of thinking off the
12   top of my head.  I'm not sure -- tell me why you think we
13   might need one in this case.
14               MR. SAVERI:  Because it is a complex case, and
15   my experience has been that it helps expedite the jury
16   selection process.  It gives all the sides information.
17   So I think it's a useful exercise, not necessarily in all
18   cases, but it's certainly something I think that we would
19   want to consider and talk to the other side about.  And I
20   just wanted to raise it right now in terms of the
21   scheduling process.
22               THE COURT:  Right.  Let's set a deadline and --
23   a deadline for you all to submit a proposed questionnaire
24   if you wish me to -- if you want us to consider that.
25   Let's have any request for a jury questionnaire submitted

1  by May 24th.
2          MR. SAVERI:  That's fine with us, Your Honor.
3          MR. CARY:  That's fine for us, Your Honor, as
4  well.  George Cary for the Varsity defendants.
5          THE COURT:  Okay.  And if you all will -- you
6  know, to the extent that's a joint request, even if you
7  have different questions try and coordinate that if you
8  can.
9          MR. SAVERI:  Yes, Your Honor.
10         MR. CARY:  We will, Your Honor.
11         THE COURT:  Anything else?  I was going to
12 through the list.  Anything for Mr. Webb?
13         MR. STANTON:  No, Your Honor.
14         THE COURT:  All right.  Anyone have anything
15 else?  All right.  Well, we'll get -- yes?
16         MR. CARY:  I was going to say nothing Your
17 Honor.
18         THE COURT:  Okay, thanks.  It's easier for these
19 things to have you in court and looking at you, but I
20 realize that this is a whole lot more convenient.  Well,
21 we'll have you in court soon enough.  We'll get this
22 revised scheduling order out.  As I said, you're going to
23 start to see some orders on those pending motions, and we
24 will be ready for trial July 8th.
25         Thank you all very much.  Have you good rest of

*UNREDACTED TRANSCRIPT*

1  your day.

2            (Proceedings concluded at 9:58 a.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*UNREDACTED TRANSCRIPT*

1         **C E R T I F I C A T E**

2

3

4         I, POLLY WARDLAW, CCR, LCR, do hereby certify that the foregoing 19 pages are, to the best of my knowledge, skill, and abilities, a true and accurate

5   transcript from my stenotype notes of the Status Conference proceedings on the 3rd day of January 2024, in

6   the matter of:

7

8

9

10  Jessica Jones, et al.

11  vs.

12  Bain Capital Private Equity, et al.

13

14  Dated this 8th day of January 2024

15

16

17

18

19

20

21

22
                                    S/ Polly Wardlaw
23                                  Polly Wardlaw, CCR, LCR
                                    Official Court Reporter
24                                  United States District Court
                                    Western District of Tennessee
25

*UNREDACTED TRANSCRIPT*