IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES and CHRISTINA LORENZEN on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br><br><br>VARSITY BRANDS, LLC, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 2:20-cv-02892-SHL-tmp<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF JAMES H. ARONOFF**

Before the Court is Defendants' Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC; U.S. All Star Federation; USA Sport Cheering, d/b/a USA Cheer, Charlesbank Capital Partners, LLC; Bain Capital Private Equity, LP; and Jeff Webb's (together, "Defendants") Motion to Exclude the Testimony of James H. Aronoff, filed February 10, 2023. (ECF No. 385.)  Plaintiffs Jessica Jones and Christina Lorenzen (together, "Indirect Purchasers") filed an Opposition to the Motion on March 31, 2023.  (ECF No. 424.)  Defendants replied on April 28, 2023.  (ECF No. 443.)  For the reasons stated below, the Motion is **GRANTED**.

**BACKGROUND**

Varsity[1] is a prominent host of competitive cheerleading competitions and camps.  The Indirect Purchasers are the parents of Competitive Cheer Athletes who were members of either All-Star Gym teams or school cheer teams.  (ECF No. 1 at PageID 6.)  They allege that they paid

---

[1] The Indirect Purchasers define "Varsity" as the collective term to represent Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Fashion & Supplies, LLC.  (ECF No. 1 at PageID 4.)

artificially inflated prices for goods and services, including enrollment in cheer competitions and apparel purchased indirectly from Varsity, and seek to represent a class of all indirect purchasers of Varsity products and all entrants into Varsity or All-Star Cheer Competitions. (Id.)

On June 20, 2022, Indirect Purchasers disclosed an expert report submitted by James H. Aronoff. (ECF No. 386-1 (sealed).) Aronoff's report contains three parts. The first part summarizes the "history of Varsity with respect to Varsity's growth, ownership structure, and product and service offerings." (Id. at PageID 10130.) The second part describes Varsity's operational model "whereby Varsity allegedly creates barriers to entry, and otherwise uses its superior market share and access to capital, to dampen and eliminate competition in a number of related segments of the Competitive Cheer market." (Id.) The third part provides "specific, pragmatic recommendations for structural relief to the Competitive Cheer market." (Id.)

On December 14, 2022, Indirect Purchasers also disclosed a rebuttal report from Aronoff that responded to arguments propounded by other experts. (ECF No. 386-2.) On February 10, 2023, Defendants filed the instant motion, requesting that the Court exclude Aronoff's testimony in its entirety.[2] (ECF No. 385.)

## ANALYSIS

Defendants' motion challenges the admissibility of Aronoff's opinions, offering three broad arguments. Defendants contend: 1) Aronoff has no relevant experience; 2) the vast majority of his report is a factual narrative, and 3) his structural relief recommendations are improper subjects of expert testimony. (See ECF 385-1.)

---

[2] Although both parties request oral argument on the motion (ECF No. 385 at PageID 10084, ECF No. 424 at PageID 14248), the Court finds oral argument is unnecessary as the motion can be resolved on the briefs.

Courts are tasked with a gatekeeping function as to the admissibility of expert testimony. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993). Federal Rule of Evidence 702 requires that an expert witness be specially qualified before they can give opinion testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The opinion offered by the expert must also satisfy three requirements to be admissible: "First, the witness must be qualified by 'knowledge, skill, experience, training, or education.' Second, the testimony must be relevant, meaning that it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.' Third, the testimony must be reliable." In re Scrap Metal Antitrust Litig., 527 F.3d 517, 528–29 (6th Cir. 2008) (quoting Fed. R. Evid. 702); accord United States v. Rios, 830 F.3d 403, 413 (6th Cir. 2016), reh'g en banc denied.

Federal district courts have broad discretion to exclude proposed expert testimony. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 139 (1997); accord Lovelace v. Pediatric Anesthesiologists, P.A., No. 2:13-cv-02289-SHL-dkv, 2014 WL 8136184, at *1 (W.D. Tenn. Nov. 14, 2014). Once a litigant challenges the admissibility of proposed expert testimony, the proponent bears the burden of establishing, by a preponderance of the evidence, that it is admissible. Fed. R. Evid. 702 advisory committee's note to the 2023 amendments (citing Bourjaily v. United States, 483 U.S. 171 (1987)).

As explained below, although the Court finds that Aronoff is qualified to offer opinions in this matter, the portion of his report that is merely a factual narrative is excludable because it is irrelevant. Even more broadly, the entirety of Aronoff's testimony is excluded because it is not the product of specialized knowledge, is not specific, and would not be helpful in understanding evidence or determining facts.

I.  **Aronoff's Qualifications**

Defendants first argue that Aronoff is not qualified to serve as an expert. (ECF No. 385-1 at PageID 10099.) They assert that Aronoff does not have any experience relating to sports or sports management, he is not an economist, and prior to this assignment, he had no experience with antitrust litigation. (Id.) Although Aronoff asserts that he is an expert in compliance programs, Defendants argue that his opinions are not related to those programs, but simply "suggest[] that 'relief' could take the form of forbidding Varsity and/or USASF from undertaking the things that Plaintiffs or Plaintiffs' other proffered experts complain about." (Id.)

Indirect Purchasers contend that Aronoff's "long curriculum vitae demonstrates his experience and expertise with corporate governance and compliance of large and complex business organizations." (ECF No. 424 at PageID 14253.) Indeed, Aronoff has more than thirty-eight years of professional experience, primarily in the financial services industry. (ECF No. 386-1 (sealed) at PageID 10131.) He has held several senior positions within highly regulated financial institutions that operate in competitive markets. (Id. at PageID 10132.) He is currently a Managing Director at CohnReznick LLP, where he advises clients on issues relating to "regulatory compliance, best practices, restructuring and workouts, dispute resolution, and enterprise risk management." (Id.)

4

The Court finds that Aronoff's experience in the field of corporate governance and compliance qualifies him to provide testimony on the topic.

**II.      Aronoff's Use of Factual Narrative**

Next, Defendants assert that the vast majority of Aronoff's reports are "factual narrative" that do not draw any technical or scientific conclusions. (ECF No. 385-1 at PageID 10096.) Indirect Purchasers respond that the Aronoff's report contextualizes and analyzes historical facts and that this type of expert testimony is admissible. (ECF No. 424 at PageID 14264.)

"'[A]n expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence.'" Shall v. Suzuki Motor of America, Inc., No. 4:14-CV-00074-JHM, 2020 WL 1162193, at *5 (W.D. Ky. Mar. 10, 2020) (citing In re Fosamax Prods. Liab. Litig., 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009); Highland Capital Mgmt., LP v. Schneider, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005)). To the extent such evidence is admissible, it is "properly presented through percipient witnesses and documentary evidence." Id. (citing Tillman v. C.R. Bard, Inc., 96 F. Supp. 3d 1307, 1330 (M.D. Fla. 2015)). "However, as opposed to providing a mere factual narrative, [an] expert is allowed to articulate the 'factual underpinning' upon which [he] bases [his] opinion." Id. (quoting Pledger v. Reliance Trust Co., No. 1:15-CV-4444-MHC, 2019 WL 4439606, at *12 (N.D. Ga. Feb. 25, 2019)).

Here, nineteen pages of Aronoff's forty-one page opening report is a section titled "Background," which provides a history of competitive cheer, details Varsity's corporate and acquisition history, discusses Varsity's involvement with competitive cheer governing bodies, and describes private equity firms' ownership of Varsity. (ECF No. 386-1 at PageID 10134–54.) These facts are supported by footnotes to deposition testimony, documents, and Indirect Purchasers' Complaint. (Id.)

5

The Court finds that, while this information may be appropriate to be offered by fact witnesses or through documentary evidence, it is not relevant or necessary to contextualize or support Aronoff's opinion testimony in his opening report regarding Varsity's operational model. (See id. at PageID 10162–68.) To the extent that Aronoff intended to testify to these facts, such testimony is excluded. See In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig., 546 F. Supp. 3d 666, 677 (S.D. Ohio 2021) ("A history without any expert analysis or other application of the expert's expertise is simply a factual narrative that should be presented to the jury directly.") (internal quotations omitted).

### III.     Aronoff's Structural Relief Recommendations

Finally, what remains of Aronoff's opinions from his reports, specifically his structural relief recommendations, is excluded because the opinions are not relevant. Defendants argue that his opinions providing "recommendations for relief with respect to the alleged activity of the defendants" in both his opening report and rebuttal reports do not meet the requirements of Rule 702. (ECF No. 385-1 at PageID 10099, ECF No. 386-1 (sealed) at PageID 10128, ECF No. 386-2 (sealed) at PageID 10190.) According to Defendants, this testimony is neither relevant nor reliable. (ECF No. 385-1 at PageID 10099).

Specifically, Defendants contend that Aronoff's opinions should be excluded because his recommendations relate to injunctive relief and do not help the "trier of fact to understand the evidence or determine a fact in issue." (Id.) (citing Fed. R. Evid. 702(a)). Indirect Purchasers counter by arguing that "Aronoff's recommendations were provided as guideposts for the trier of fact to evaluate when analyzing the competitive effects of Defendants' business practices over the years, including the availability of mitigating practices grounded in corporate governance

that would restore and maintain competition in the relevant market[.]"  (ECF No. 424 at PageID 14257.)

An expert opinion is relevant if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a); see also In re Scrap Metal Antitrust Litig., 527 F.3d at 528–29.  Aronoff's recommendations do not appear to rely on any specialized or technical knowledge.  Further, as Defendants point out, Aronoff's recommendations are non-specific.  Aronoff himself testified at his deposition that "these recommendations, if accepted, are the starting point of crafting actual procedures" and "none of these recommendations were intended to provide specific rules that may be embodied in an agreement or an order."  (ECF No. 386-3 (sealed) at PageID 10246, 10254.)  Because Aronoff's opinions are not clearly the product of specialized knowledge and are not specific, the Court does not find the testimony helpful in understanding evidence or determining any facts.  As a result, Aronoff's testimony is **EXCLUDED** in its entirety.[3] However, if Defendants offer proof that relates to Aronoff's testimony, the Court will at that time consider whether Aronoff will be allowed to testify as a rebuttal expert.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Exclude the Testimony of James H. Aronoff is **GRANTED.**

**IT IS SO ORDERED,** this 9th day of January, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Because the Court finds that Aronoff's testimony is not relevant, it need not reach the question of whether his testimony is reliable.