# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**  Plaintiffs,  v.  **VARSITY BRANDS, LLC, et al.**  Defendants. | Case No. 2:20-cv-02892-SHL-tmp  **JURY DEMAND** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 569]**

Plaintiffs respectfully submit this Response to Defendants' Notice of Supplemental Authority, ECF No. 569. Defendants submitted a Sixth Circuit case, *Fox v. Saginaw County*, 67 F.4th 284 (6th Cir. April 28, 2023) ("*Fox*"), and an opinion from the Eastern District of Michigan, *Norman v. FCA US, LLC*, No. 2:22-CV-11393-TGB-CI, 2023 WL 6388926 (E.D. Mich. Sept. 30, 2023) ("*Norman*"). But *Fox* is not a recent case. It was issued in April 2023, long before Defendants' motion for summary judgment was filed. Defendants failed to cite *Fox* in their voluminous Summary Judgment briefing, and the briefing on summary judgment has long been closed. Moreover, neither *Fox* or *Norman* is applicable here. *Fox* addresses the "juridical link" doctrine regarding unrelated defendants, which is not at issue. Further, *Fox* reaffirms the ordinary Article III standing principles that establish Plaintiffs' standing in this action. And *Norman's* erroneous expansion of *Fox* is unpersuasive and should not be followed.

In *Fox*, a local county government seized the plaintiff's property and sold it to cover unpaid property taxes without distributing the surplus to the plaintiff. 67 F.4th at 288. The plaintiff brought a class action against the county, and named as a defendant *every other county in the state*, on behalf of others who may have been independently harmed by other counties. The plaintiff in *Fox* argued that because the other counties could conceivably have injured some absent class members in a similar—but entirely unrelated—manner, they could be named as defendants under the "juridical link" doctrine. *Id*. The Sixth Circuit rejected the theory on the basis that the plaintiff lacked standing to sue unrelated defendant counties that had not injured the plaintiff. *Id*.

Despite *Fox* being limited to the inclusion of unrelated Defendants under the "juridical link" doctrine, Defendants now argue that *Fox* stands for the proposition that "a class may not be certified where the proposed representative plaintiffs do not have standing to bring all of the claims that they seek to assert on behalf of the class." ECF No. 569 at 1. But the holding of *Fox* concerned only the juridical link doctrine regarding the addition of unrelated defendants. 67 F.4th at 288. Thus, *Fox* cannot be expanded in the manner Defendants argue. Given *Fox*'s inapplicability to this case, it is not surprising that Defendants never cited to *Fox* in any of their

two summary judgment briefs, submitted in July and October of 2023, despite *Fox* having been decided in April 2023. Nor did Defendants ever argue that the Court lacks Article III case-or-controversy jurisdiction over the non-Tennessee state claims.

Moreover, in rejecting the juridical link doctrine, *Fox* merely reaffirmed bedrock principles of standing in class actions, holding that the "usual three-part test for standing applies with full force in the class-action context." *Id*. at 294. First, "Plaintiffs must have suffered an injury;" second "[t]hey must trace this injury to the defendant;" and third, "they must show that a court can redress it." *Id*. at 293. *Fox* concerned the second prong of the three-part test, because in *Fox* the plaintiff sought to include numerous defendants that allegedly engaged in entirely unconnected conduct against unnamed plaintiffs, solely because the conduct was similar.[1] Thus, the named plaintiff there could not trace his or her injury to the vast majority of named defendants. *Fox* held that "[l]ike all plaintiffs, class representatives must prove their own 'case or controversy with the defendants' in order to seek relief for 'any other member of the class.'" *Id*. (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). *Fox* simply held that a plaintiff must have standing on a "defendant-by-defendant" basis. *Id.* at 298. There is no dispute that Plaintiffs here meet the Article III three-part test for standing as articulated by *Fox* and countless other class-action cases.

Defendants now rely on *Norman*, a district court case, to argue that "a proposed class representative [cannot] bring 'claims based in the laws of states of which they have not been injured' and [cannot] maintain a class action consisting of such claims." Defs' Not. Of Supp. Auth., ECF 569 at 1–2 (citing *Norman* at *7–*8). But *Norman's* erroneous expansion of *Fox* is unpersuasive and contrary to settled principles.

In *Norman*, the plaintiffs asserted a nationwide class under the Magnuson-Moss Warranty Act, a federal law that creates a cause of action for failure to comply with a written or implied

---

[1] The claims asserted in *Fox* were analogous to a hypothetical case in which a plaintiff who was mugged at gunpoint by an individual defendant, then tries to bring a class action on behalf of every person who was mugged at gunpoint by anyone.

warranty, but which relies on state law to determine whether a warranty has been violated. *Norman*, 2023 WL 6388926 at *7. Inexplicably, *Norman* held that "Plaintiffs lack standing to sue under the laws of states where they have not been injured," but provided no citation for the assertion. *See id*. And in building towards this erroneous argument, *Norman* relied on *DaimlerChrysler Corporation v. Cuno*, for the proposition that "a plaintiff must demonstrate standing for each claim he seeks to press." *Id.* (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). But *DaimlerChrysler* was a case about *taxpayer* standing, concerning an *entire class of taxpayers*, and holding that the entire class of state taxpayers did not have standing. *See DaimlerChrysler* at 346. *DaimlerChrysler* held that taxpayers did not raise a case or controversy because their claims of taxpayer harm were too speculative, hypothetical, and unmoored from any real injury of anyone. *See id.* at 344–45. *Norman's* reliance on *DaimlerChrysler* is thus unpersuasive. So too is *Norman's* expansion of *Fox*.

In declining to follow the "juridical link" doctrine, *Fox* held simply that plaintiffs "may not seek relief against different *conduct* that has harmed other class members." *Fox*, 67 F.4th at 294 (emphasis added). Indeed, *Norman* quotes *Fox* for the unremarkable position that "a plaintiff who meets the 'actual-injury requirement' does not thereby obtain a license to sue anyone over anything." *Norman*, 2023 WL 6388926 at *7. *Fox* says nothing about a case, like this one, alleging a single scheme of conduct by defendants. The fact that the single scheme of conduct has violated multiple state laws does not remove the case from the normal class-action consideration under Rule 23. *See, e.g.*, *In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777, 806 (N.D. Ohio 2011) ("This Court would similarly confuse Article III standing and Federal Civil Rule 23's requirements if it would, at this stage, dismiss all state-law claims but those of the jurisdictions in which the named Indirect Purchaser Plaintiffs reside, or to which they are connected."); *see also Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 421 (6th Cir. 1998) (reversing lower court's dismissal of class claims for "confus[ing] the requirements of Article III and Rule 23" where representative plaintiff properly sought to represent class over claims against the same defendant and same conduct, but regarding different health plans).

The settled principles that contradict *Norman's* far-reaching pronouncement were adeptly described in a recent case from the Middle District of Tennessee, which Defendants allude to in a footnote. In *Generation Changers Church v. Church Mutual Insurance Company* ("*GCC*"), a Nashville church sought damages from an insurer for breach of contract, on behalf of itself and a class of similarly situated churches in several states. No. 3:21-CV-00764, 2023 WL 6206152, at *1 (M.D. Tenn. Sept. 22, 2023). The Defendant moved to dismiss on the basis that *GCC* lacked standing to assert claims on behalf of the absent class members in the non-Tennessee states. The *GCC* court denied the defendant's motion. The *GCC* court, like *Fox*, focused first on whether the named plaintiff had standing to bring an individual claim against the defendants. *Id.* at *2. After holding that the plaintiff did have standing, the court then asked whether Rule 23 authorized the plaintiff to represent the absent class members even though many of their claims were brought under the laws of other states. *Id.* at *3. The court held in the affirmative, noting that "[A]llowing a plaintiff, acting in a representative capacity, to assert the claims of others is, at a fundamental level, what Rule 23 is all about." *Id.* at *5. As the court in *GCC* correctly noted, "if it really were the case that a class action plaintiff must have personal standing with regard to each injury of each class member, then Rule 23 would be a meaningless contradiction," because "[r]epresentative plaintiffs would be unable to represent anyone but themselves." *See GCC*, 2023 WL 6206152 at *5.[2]

*Norman's* (and now Defendants') attempt to vastly overextend *Fox's* holding should not be followed. Determining whether a representative plaintiff may represent unnamed class-plaintiffs from other states is analyzed under Rule 23, not Article III. *See In re Zantac (Ranitidine) Prod. Liab. Litigation,* No. 21-10335, 2022 WL 16729170, at *6 (11th Cir. Nov. 7, 2022) ("In sum, all circuits which have addressed whether a plaintiff can represent unnamed class members whose claims fall under different states' laws have concluded that it is a question

---

[2] Article III of the Constitution does not prohibit representative standing where authorized. *See GCC* at *3 (Guardians sue on behalf of children; shareholders on behalf of corporations; whistleblowers on behalf of governments).

that concerns Rule 12(b)(6) or Rule 23—not Article III."). *Fox* squares with this too, since *Fox* merely held that the named plaintiff there did not have Article III standing against unrelated defendants who engaged in unrelated conduct against unnamed plaintiffs, and declined to follow the juridical link doctrine to bootstrap those unrelated defendants into the same case.

Dated: January 23, 2024

Respectfully submitted,

By: _____/s/ Joseph R. Saveri_____
Joseph R. Saveri

Joseph R. Saveri*
Ronnie Seidel Spiegel*+
David Seidel*
Kevin E. Rayhill*
Elissa A. Buchanan*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
dseidel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
**TURNER FEILD, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Ashlea Schwarz*
**PAUL LLP**

601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*