IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES and CHRISTINA LORENZEN, on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br><br><br>VARSITY BRANDS, LLC, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 2:20-cv-02892-SHL-tmp<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND STRIKE CLAIMS PREVIOUSLY DISMISSED AS MOOT AND ORDERING
INDIRECT PURCHASERS TO FILE A SECOND AMENDED COMPLAINT**

Before the Court is the Defendants' Motion to Dismiss and to Strike Claims Previously Dismissed and Material Previously Struck, filed by all Defendants on October 27, 2023. (ECF No. 511.) Plaintiffs Jessica Jones and Christina Lorenzen (together, "Indirect Purchasers") filed a response on November 11, 2022. (ECF No. 532.) Defendants replied on December 6, 2023. (ECF No. 536.) For the reasons below, the Motion is **DENIED AS MOOT**.

On September 20, 2023, the Court granted Indirect Purchasers' motion to amend their complaint to add certain Bain and Charlesbank affiliated entities as Defendants. (ECF No. 487.) However, in granting that motion, the court stated, "[t]o the extent that Indirect Purchasers are attempting to resurrect claims that have already been dismissed, the motion is **DENIED**." (Id. at PageID 31530.)

On September 27, 2023, Indirect Purchasers filed their Amended Complaint, which included all of the claims that the Court had previously dismissed. (ECF No. 489.) As a result, Defendants filed the instant motion, requesting that the Court strike those claims and allegations

from the Amended Complaint under Rule 12(f) and/or dismiss them under Rules 12(b)(6) or Rule 12(b) of the Federal Rules of Civil Procedure. (ECF No. 511 at PageID 32323.)

Indirect Purchasers filed a response to the motion, agreeing that the claims identified by Defendants have been previously dismissed, but expressing concern that voluntarily excluding them from the Amended Complaint could result in the waiver of future appellate rights. (ECF No. 532 at PageID 33330.) Indirect Purchasers acknowledge that "[m]ost circuits refuse to require a plaintiff to replead dismissed claims in order to preserve the right to appeal the dismissal," but that the Sixth Circuit has not expressly ruled on this issue. (Id. at PageID 33301) (quoting Hayward v. Cleveland Clinic Found., 759 F.3d 601, 617 (6th Cir. 2014)). Although district courts have relied on Hayward for the principle that plaintiffs do not waive their right to appeal a claim dismissed with prejudice by not including it in an amended complaint, Indirect Purchasers worry that the Sixth Circuit may distinguish a voluntary amendment versus one that is in compliance with a court order. (ECF No. 532 at PageID 33301); see, e.g., Cosby v. KPMG, LLP, No. 3:16-CV-121-TAV-DCP, 2021 WL 1845182, at *2 (E.D. Tenn. May 7, 2021); Kline v. Mortg. Elec. Sec. Sys., No. 3:08-CV-408, 2015 WL 1442842, at *7 (S.D. Ohio Mar. 27, 2015).

All Parties agree that these claims have been dismissed, such that there is no need to dismiss them again. As a result, the motion to dismiss or strike those claims is **DENIED AS MOOT**.

Although the Court is skeptical that it did not already direct Indirect Purchasers to exclude the dismissed claims from their amended complaint in its order granting Indirect Purchasers' motion to amend, to the extent it did not explicitly do so, it does so now. For the Court's sanity, for judicial efficiency (some of which has already been lost because of Indirect Purchasers' inclusion of previously-dismissed claims) and for clarity of the record, Indirect

Purchasers are **ORDERED** to file a Second Amended Complaint that contains only the surviving claims within seven days of this Order.

      **IT IS SO ORDERED,** this 20th day of February, 2024.

                                          s/ Sheryl H. Lipman
                                          SHERYL H. LIPMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE