UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES, et al.<br><br>                    Plaintiffs,<br>       v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>                    Defendants. | Case No. 2:20-cv-02892-SHL-tmp |

**DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants move to dismiss the claims in Plaintiffs' second amended complaint (ECF No. 576) that are purportedly brought under the laws of states other than Colorado and Kansas, the states in which Plaintiffs allegedly made indirect purchases. In particular, Defendants ask the Court to dismiss such claims in Plaintiffs' Third and Fourth Claims for Relief and all claims in Plaintiffs' Second and Fifth Claims for Relief (which are brought solely under Tennessee law).

**BACKGROUND**

As the Court knows, this case involves cheerleading. Plaintiffs are two individuals who live in Colorado and Kansas. (ECF No. 576 ¶¶ 13-14.) They assert that they indirectly purchased certain cheerleading related products and services that were supplied by Varsity. (*Id.*) They seek to recover what they term "overcharges" that they say they incurred in relation to those alleged purchases. (*Id.* ¶¶ 1, 194, 275, 280, 296.) Plaintiffs seek to assert claims under the laws of 32 states and the District of Columbia. (*Id.* ¶¶ 278, 285.)

On February 20, 2024, to address Plaintiffs' failure in their first amended complaint to follow the Court's admonition to the Plaintiffs not to "attempt[] to resurrect claims that have

already been dismissed," (ECF No. 487 at PageID 31530) the Court ordered Plaintiffs to file a second amended complaint that removed references to dismissed claims and allegations pertaining to a proposed nationwide damages class. (ECF No. 574 at PageID 33508.) Plaintiffs did so on February 27, 2024.[1]

Plaintiffs continue, however, to seek to assert claims under the laws of states in which they did not make any relevant purchases.[2] The Court previously held that any claim of the kind the Plaintiffs seek to assert must be made under the laws of the state in which the alleged indirect purchase took place. (ECF No. 475 at PageID 19523.) Here Plaintiffs do not allege any purchases outside of their home states of Colorado and Kansas. Because Plaintiffs themselves therefore have no claims under the laws of any states other than Colorado and Kansas, Defendants ask the Court to dismiss Plaintiffs' purported claims under the laws of the other states.

In its decision on Defendants' original motion to dismiss, the Court allowed Plaintiffs' claims under these other states' laws to go forward on the basis that the issue could be addressed

---

[1] In paragraph 270 of Plaintiffs' second amended complaint, Plaintiffs refer to "relevant markets" in reference to Tennessee law. In paragraph 147, Plaintiffs define "Relevant Markets" as "the Competitive Cheer Market (the 'primary market') and the Cheer Apparel Market and Cheer Camp Market (the 'related markets')". However, the Court previously confined Plaintiffs' claims under Tennessee law to claims related to cheerleading apparel, as to which Plaintiffs allege only one, single, nationwide market. Because Plaintiffs specifically acknowledge this limitation in their claims (*see* ECF No. 576 ¶ 45 n.9), Defendants understand this to have been a drafting error.

[2] Plaintiffs also continue to assert claims relating to camp purchases, even though they do not allege that they made camp purchases. The manifest lack of standing to assert such claims is addressed in Defendants' motion for summary judgment (ECF No. 471 at 17-20; ECF No. 505 at 3-6) and opposition to Plaintiffs' motion for class certification (ECF No. 420 at PageID 13742). Defendants do not reraise that issue here. Nor do Defendants reraise the many other issues with Plaintiffs' state law claims, which should be dismissed for the reasons stated in Defendants' motion for summary judgment and associated briefing. (*See* ECF No. 471 at 47-60; ECF No. 505 at 21-27.)

at the time of class certification.  (ECF No. 333 at PageID 7243-44.)  Since that decision was issued, however, the Sixth Circuit held that standing must be assessed at the time the complaint is filed based on the actual Plaintiffs, not based on potential class members.  *See Fox v. Saginaw Cnty.*, 67 F.4th 284, 294-95 (6th Cir. 2023).  This prompted another district court in the Sixth Circuit to twice dismiss out-of-state claims brought in identical circumstances as the claims at issue here.  *See Norman v. FCA US, LLC*, No. 2:22-CV-11393-TGB-CI, 2023 WL 6388926 (E.D. Mich. Sept. 30, 2023); *see also Chapman v. Gen. Motors LLC*, No. 2:19-CV-12333-TGB-DRG, 2024 WL 698789 (E.D. Mich. Feb. 14, 2024).

## ARGUMENT

Since the Court ruled on Defendants' motion to dismiss Plaintiffs' original complaint, the Sixth Circuit issued its opinion in *Fox v. Saginaw County*, 67 F.4th 284 (6th Cir. 2023).  In that case, the Sixth Circuit held that a class may not be certified where the proposed representative plaintiffs do not have standing to bring all of the claims that they seek to assert on behalf of the class.  *Fox*, at 292-300.  It further held that, even where a plaintiff seeks to represent a class, standing must be addressed at the outset, not in light of the standing that proposed class members may have.  *Id.* at 294-95.

Here of course, Plaintiffs do not themselves have standing to bring claims under the laws of any state other than the ones in which they allegedly indirectly purchased the products or services at issue, specifically Colorado in the case of Ms. Lorenzen and Kansas in the case of Ms. Jones.  For this exact reason, the court in *Norman v. FCA US, LLC,* citing the "clarification provided by *Fox*," held that a proposed class representative could not bring "claims based in the laws of states of which they have not been injured" and could not maintain a class action

3

consisting of such claims. *Norman*, 2023 WL 6388926, at *7-8. The court dismissed the claims purportedly brought on behalf of individuals located in other states.[3]

Defendants previously submitted *Fox* and *Norman* as supplemental authority. (ECF No. 569.) Plaintiffs responded with an (inappropriate) seven page brief styled as a "notice." (ECF No. 572.) In that brief, Plaintiffs did not dispute that following *Norman* would require the dismissal of their claims under the laws of all states other than Colorado and Kansas. Instead, they argue that *Norman* was "erroneous," "unpersuasive," and "inexplicabl[e]." (*Id.* at PageID 33484-85.) Their argument turns on Plaintiffs' misguided effort to limit *Fox* to the specific circumstances where a plaintiff sought to bring a class action against different defendants based on similar conduct. The court in *Norman* considered and rejected this very argument, concluding that *Fox* could not be "so narrowly cabined." *Norman*, at *7. Instead, the court concluded, a putative class representative (or group of representatives) must have standing to assert a claim under each law at issue and "Plaintiffs lack standing to sue under the laws of states where they have not been injured." *Id.*; *see also Chapman*, 2024 WL 698789 at *10 (same).

Plaintiffs' effort to cabin *Fox* in the exact way that the court in *Norman* and *Chapman* rejected runs afoul of *Fox* itself, where the Sixth Circuit made clear that a putative class plaintiff "may not seek relief against different conduct that has harmed other class members even when it is 'similar' to the conduct that harmed the representative." *Fox*, at 294 (citing *Blum v. Yaretsky*, 457 U.S. 991, 999-1001 & 1001 n.13 (1982)). The Sixth Circuit emphasized that a plaintiff must

---

[3] Since *Fox* was decided, another district court in the Sixth Circuit declined to dismiss out-of-state claims in a class action on standing grounds. *See Generations Changers Church v. Church Mutual Ins. Co.*, 2023 WL 6206152 (M.D. Tenn. Sept. 23, 2023). Although this decision was issued after *Fox* was decided, the court did not consider the implications of *Fox* on the issue of a proposed multi-state class where the proposed representative did not itself have standing under several of the state laws at issue. *See also Fisher v. FCA US LLC*, 2024 WL 186071 (E.D. Mich. Jan. 17, 2024) (same).

have standing "'at the outset of the litigation.'" *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)). Applying that constitutional requirement to the matter at hand, the Sixth Circuit held that, in assessing standing, a court may "not rely on the class members' injuries because they [are] not parties." *Id.* at 295 (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011)).[4]

The only justification for letting Plaintiffs' "claims" under the laws of states other than Colorado and Kansas go forward is the potential standing of proposed class members, which is exactly the approach the Sixth Circuit rejected in *Fox*. This Court has (properly) held that an indirect purchaser's remedy lies, if at all, in the laws of the state in which he or she made the alleged indirect purchase. (ECF No. 475 at PageID 19517-23.) Plaintiffs cannot seriously contest that the named Plaintiffs, as such, lack standing to bring claims under the laws of any states other than the states in which they made purchases. Nor could they dispute that, among the more than thirty states' laws under which Plaintiffs seek to proceed, they made purchases in only two of them, Colorado and Kansas.

Plaintiffs also asserted that Defendants' raising of the issue was somehow untimely. (*See* ECF No. 572 at PageID 33483.) This is incorrect. First, because standing is an issue of subject-matter jurisdiction, it can be raised at any stage in the proceeding. *See, e.g.*, *U.S. v. Hays*, 515 U.S. 737, 742 (1995). Second, Defendants in fact did raise this issue in their original motion to

---

[4] Plaintiffs also argued that *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998) supports their view that the issue is one of "normal class-action consideration under Rule 23." (ECF. No. 572 at PageID 33485.) The Sixth Circuit in *Fox* rejected the premise that *Fallick* stands for that proposition, concluding that "*Fallick* confirms" the result in *Fox*, namely that "'individual standing is a prerequisite' to 'class actions.'" *Fox,* at 298. The court in *Norman* likewise rejected Plaintiffs' argument, holding that the legal claims at issue in *Fallick* were identical to each other (whether the defendant had violated ERISA) and "the same cannot be said of claims premised on the laws of all fifty states that could conceivably form the basis of any MMWA claim." *Norman*, at *7.

dismiss in 2021. The Court allowed the claims to go forward at the time (ECF No. 333), but that motion was decided before the Sixth Circuit issued its decision in *Fox*. As the court in *Norman* held, "given the clarification provided by *Fox* of the relationship between Article III standing and Rule 23, the issue of standing must be addressed at the motion-to-dismiss stage rather than at the class-certification stage." *Norman,* at *8. And, as in *Norman*, "[b]ecause Plaintiffs cannot bring … claims under the law of states in which they have not been injured, they cannot proceed" on behalf of a class that includes such out-of-state claims. *Id.*; *see also Chapman*, 2024 WL 698789 at *10.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that all claims in the Second Amended Complaint purportedly brought under the laws of states other than Colorado and Kansas be dismissed with prejudice.

Dated: March 12, 2024                    Respectfully submitted,

s/ Matthew S. Mulqueen

George S. Cary*
Steven J. Kaiser*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
Fax: (202) 974-1999
gcary@cgsh.com
skaiser@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com

hnyongo@cgsh.com

\* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC*


s/ Nicole Berkowitz Riccio

Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
James Andrew Roach (TN #37934)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com
aroach@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*


s/ Brendan P. Gaffney

Paul E. Coggins\*
Brendan P. Gaffney\*
Kiprian E. Mendrygal\*
Jennifer McCoy\*
Katherine Wright
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800

7

Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com
kmendrygal@lockelord.com
jennifer.mccoy@lockeord.com
katie.wright@lockelord.com

* Admitted pro hac vice

Edward L. Stanton III (TN #018904)
S. Keenan Carter (TN # 023386)
BUTLER SNOW LLP
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Telephone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.carter@butlersnow.com

*Attorneys for Jeff Webb*

/s/ Michael D. Bonanno

Michael D. Bonanno*
Ryan T. Andrews*
QUINN EMANUEL URQUHART AND SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
mikebonanno@quinnemanuel.com
ryanandrews@quinnemanuel.com

Christopher Tayback*
QUINN EMANUEL URQUHART AND SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Phone: (231) 443-3000
Fax: (231) 443-3100
christayback@quinnemanuel.com

8

\* Admitted pro hac vice

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Defendants Bain Capital Private Equity, LLC, Bain Capital Fund XII, L.P., Bain Capital Fund (DE) XII, L.P., and Bain Capital Fund (Lux) XII, SCSp*


/s/ Richard G. Parker
Scott A. Edelman\*
Fiona A. Schaeffer\*
Katherine K. Fell\*
55 Hudson Yards,
New York, NY 10001
Phone: (212) 530-5000
Fax: (212) 530-5219
sedelman@milbank.com
fschaeffer@milbank.com
kfell@milbank.com

Richard G. Parker\*
1850 K. Street, N.W.
Washington, DC 20006
Phone: (202) 835-7500
Fax: (202) 263-7586
rparker@milbank.com

\* Admitted pro hac vice

MARTIN, TATE, MORROW & MARSTON, P.C.
Shea S. Wellford (TN #16947)
International Place, Tower II
6410 Poplar Ave., Ste. 1000
Memphis, TN 38119
Phone: (901) 522-9000

        Fax: (901) 527-3746
        sheawellford@martintate.com

        *Attorneys for Charlesbank Capital Partners, LLC,*
        *Attorneys for Charlesbank Equity Fund VII, LP,*
        *Charlesbank Equity Fund VIII, LP, and Charlesbank*
        *Equity Fund IX, LP*