UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JONES, ET AL.<br><br>               Plaintiffs,<br>   v.<br><br>VARSITY BRANDS, LLC, ET AL.,<br><br>              Defendants. | **Case No. 2:20-cv-02892-SHL-tmp**<br><br><br><br>**VARSITY DEFENDANTS'<br>ANSWER TO THE SECOND<br>AMENDED CLASS ACTION<br>COMPLAINT** |

Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Spirit Fashions & Supplies, LLC[1] ("Varsity"), as and for their answer to the Second Amended Class Action Complaint, ECF No. 576 (February 27, 2024) (the "Complaint"), respectfully state as follows:

No response is required to the various headings or subheadings throughout the Complaint. To the extent that responses are required to such headings or subheadings, they are denied. To the extent a response is required, all answers to allegations in a particular paragraph of the Complaint should be construed to apply equally to the allegations contained in the footnote or subpart, if any, accompanying or comprising such paragraph of the Complaint, unless expressly stated otherwise. To the extent that any allegation is not specifically admitted, it is denied.

To the extent the allegations in the Complaint refer to (1) the U.S. All Star Federation ("USASF"), its employees, or any related entities or persons; (2) Bain Capital Private Equity ("Bain"), its employees, or any related entities or persons; or (3) Charlesbank Capital Partners,

---

[1] Incorrectly identified in the Complaint as "Varsity Spirit Fashion & Supplies, LLC."

LLC ("Charlesbank"), its employees, or any related entities or persons, Varsity lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and therefore denies them as specified in Federal Rule of Civil Procedure 8.1(b)(5).  In addition, the Complaint collectively refers to Varsity, USASF, Bain, and Charlesbank as "Defendants."  To the extent that the allegations in the Complaint relate to a collective group of "Defendants," unnamed defendants, or others, Varsity denies the allegations to the extent they suggest that Varsity engaged in any scheme, enterprise, conspiracy, or other wrongdoing.

      1.      Varsity denies the allegations in Paragraph 1.

      2.      Varsity admits that cheerleading can involve teams performing routines with a variety of elements and that cheerleading teams can be affiliated with, among other things, private gyms and schools.  Varsity further admits that some cheerleading teams choose to compete with one another in competitions and that competitions typically have rules.  Varsity otherwise denies the allegations asserted in Paragraph 2, in part because the term "Competitive Cheer" is vague and ambiguous.

      3.      Varsity denies the allegations in Paragraph 3.

      4.      Varsity denies the allegations in Paragraph 4.

      5.      Varsity denies the allegations in Paragraph 5, in part because the terms employed are vague and ambiguous.

      6.      Varsity denies the allegations in Paragraph 6.

      7.      Paragraph 7 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

      8.      Paragraph 8 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity admits that it

does business in the United States and in the Western District of Tennessee and does not contest personal jurisdiction over it for this action.  Varsity otherwise denies the allegations asserted in this paragraph.

9.      Paragraph 9 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity does not contest venue in the United States District Court for the Western District of Tennessee.  Varsity otherwise denies the allegations asserted in this paragraph.

10.      Varsity denies the allegations in Paragraph 10.

11.      Paragraph 11 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them, in part because the specific "products and services" and "activities" of the various "Defendants" are not specified.

12.      Varsity denies the allegations in Paragraph 12.

13.      Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 13 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

14.      Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 14 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

15.      Varsity admits the allegations in Paragraph 15, except that Varsity Brands, LLC has a principal place of business in Dallas, Texas, not Memphis, Tennessee.

16.     Varsity admits the allegations in Paragraph 16, except that UCA stands for "Universal Cheerleaders Association" and NCA stands for "National Cheerleaders Association."

17.     Varsity admits the allegations in Paragraph 17.

18.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 18 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

19.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 19 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that Jeff Webb founded the company that is now known as Varsity Spirit, that he was Chairman of the Board of Directors of Varsity Brands, LLC, and that he was CEO of Varsity Brands, LLC from 2014 to 2017.  Varsity otherwise denies the allegations asserted in this paragraph.

20.     Varsity denies that Charlesbank Capital Partners, LLC owned Varsity Brands at any time.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 20 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

21.     Varsity denies that Charlesbank Capital Partners, LLC owned Varsity Brands at any time.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 21 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

22.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 22 insofar as they relate to

individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

23.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 23 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

24.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 24 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

25.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 25 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

26.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 26 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

27.     Varsity denies the allegations in Paragraph 27.

28.     Varsity denies the allegations in Paragraph 28.

29.     Varsity denies that Bain Capital Private Equity owned Varsity Brands at any time. Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or

falsity of the allegations contained in Paragraph 29 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

30.     Varsity denies that Bain Capital Private Equity owned Varsity Brands at any time. Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 30 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

31.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 31 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

32.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 32 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

33.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 33 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

34.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 34 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

35.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 35 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

36.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 36 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

37.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 37 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

38.     Paragraph 38 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

39.     Paragraph 39 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

40.     Paragraph 40 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

41.     Paragraph 41 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

42.     Paragraph 42 states legal conclusions to which Varsity need not respond. To the extent any response to these allegations is necessary, Varsity denies them.  Paragraph 42 purports to characterize the contents of written documents, which documents speak for themselves.

Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 42 for their true and correct contents. Varsity otherwise denies the allegations asserted in this paragraph.

43.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 43 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

44.    Paragraph 44 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity notes in particular denial of the characterization that this case has been brought by the "Injunctive Relief Class," as no class has been certified.

45.    Paragraph 45 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity notes in particular denial of the characterization that this case has been brought by the "State Law Damages Class," as no class has been certified.

46.    Paragraph 46 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity notes in particular denial of the characterization that this case has been brought by the "the Classes," as no class has been certified.

47.    Paragraph 47 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity notes in particular denial of the characterization that this case has been brought by the "the Classes," as no class has been certified.

48.     Paragraph 48 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity notes in particular denial of the characterization that this case has been brought by "the Classes," as no class has been certified.

49.     Paragraph 49 states legal conclusions and characterizes Plaintiffs' purported legal position, to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity notes in particular denial of the characterization that this case has been brought by "the Classes," as no class has been certified.

50.     Paragraph 50 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity notes in particular denial of the characterization that this case has been brought by "the Classes," as no class has been certified.

51.     Paragraph 51 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity notes in particular denial of the characterization that this case has been brought by "the Classes," as no class has been certified.

52.     Paragraph 52 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

53.     Paragraph 53 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

54.     Paragraph 54 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

55.     Varsity denies the allegations in this paragraph.

56.     Varsity admits that cheerleading can involve teams performing routines with a variety of elements, and Varsity admits that cheerleading can be athletically rigorous and technically challenging, requiring strength, flexibility, endurance, effort, coordination, focus and cooperative teamwork, among other skills.  Varsity otherwise denies the allegations asserted in Paragraph 56.

57.     Varsity admits that some cheer events are not sideline performances in support of a sporting event.  Varsity otherwise denies the allegations asserted in Paragraph 57, in part because the terms employed are vague and ambiguous.

58.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 58 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

59.     Varsity admits that cheerleading teams may compete with one another at competitions, and that those competitions can take a number of forms.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 59 insofar as they relate to individuals or entities other than Varsity. Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

60.     Varsity admits that competitions can last for one or more days.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 60 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

61.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 61 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that it offers many popular cheer events, including events at Walt Disney World Resort.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

62.     Varsity admits that cheerleading teams can be affiliated with private gyms, schools, and other organizations.  Varsity otherwise denies the allegations asserted in Paragraph 62, in part because the terms employed are vague and ambiguous.

63.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 63 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that some All Star Gyms have paid Varsity registration fees to enter All Star competitions.  Varsity otherwise denies the allegations asserted in this paragraph.

64.     Varsity admits that cheerleading can involve teams performing routines with a variety of elements, including tumbling, stunting, and dance, that such routines can be set to music, that cheerleading teams can compete with one another, and that cheerleading teams are open to a range of age groups.  Varsity notes that tumbling and stunting are subject to various limitations in All Star cheer based on the skill level and age group of the athletes and that coaches and choreographers determine which tumblers do individual tumbling passes.  Varsity otherwise denies the allegations asserted in Paragraph 64, in part because the terms employed are vague and ambiguous.

65.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 65 insofar as they relate to

individuals or entities other than Varsity. Varsity otherwise denies the allegations asserted in this paragraph.

66.     With respect to the allegations in the second sentence of Paragraph 66, Varsity admits that payment structures for school cheer can vary and that some athletes' families pay fees to the school, which in turn may pay Varsity for entry fees, uniforms, and equipment. Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 66 insofar as they relate to individuals or entities other than Varsity. Varsity otherwise denies the allegations asserted in this paragraph.

67.     Paragraph 67 purports to characterize the contents of written documents, which documents speak for themselves. Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 67 for their true and correct contents. Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 67 insofar as they relate to individuals or entities other than Varsity. Varsity admits that cheer competitions can include cheerleading teams associated with schools and that competitions can include elements such as tumbling, stunting, pyramids, dance, chants, fight songs, and cheers. Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

68.     Varsity admits that it owns the brands associated with the National Cheerleaders Association and the Universal Cheerleaders Association and that it operates cheerleading competitions and camps under those brands, among others. Varsity otherwise denies the allegations asserted in Paragraph 68, in part because the terms employed are vague and ambiguous.

69.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 69 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

70.     Varsity admits that it owns the brands associated with the National Cheerleaders Association and the Universal Cheerleaders Association, that Jeff Webb founded the company that eventually became Varsity Spirit, and that Varsity helped found USA Cheer.   Varsity lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 insofar as they relate to individuals or entities other than Varsity. Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

71.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 71 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

72.     Varsity admits that the IMPACT program provides a number of offerings to schools, including rebranding.  Varsity otherwise denies the allegations asserted in Paragraph 72.

73.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 73 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

74.     Varsity admits that it started selling apparel in 1980, including apparel that may have been used in competitions, and that it decides what vendors may sell products at its competitions.  Varsity otherwise denies the allegations asserted in Paragraph 74.

75.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 75.  Paragraph 75 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 75 for their true and correct contents.

76.     Varsity admits that some cheerleaders and cheerleading teams attend camps. Varsity lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 76 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

77.     Varsity admits that it offers cheerleading camps.  Varsity otherwise denies the allegations asserted in Paragraph 77.

78.     Varsity admits that Varsity Spirit is the largest cheerleading camp provider in the world.  Varsity otherwise denies the allegations asserted in Paragraph 78.

79.     Varsity admits that it offers cheerleading camps under a variety of brands, including UCA, NCA, United Spirit Association, and V!ROC.  Varsity otherwise denies the allegations asserted in Paragraph 79.

80.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 80 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

81.     Varsity admits that it owns the brands associated with the United Spirit Association and operates camps under that brand.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

82.     Varsity admits that it acquired United Special Events, Inc.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

83.     Varsity admits that in 2004, it acquired the National Spirit Group, the parent company of the National Cheerleading Association, and that Varsity operates camps under the NCA brand in a variety of locations.  Varsity otherwise denies the allegations asserted in Paragraph 83.

84.     Varsity admits that the company that is now known as Varsity Spirit was founded by Jeff Webb in 1974.  Varsity otherwise denies the allegations asserted in Paragraph 84.

85.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 85 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that it offers many popular events and that it is the largest provider of cheerleading camps in the country, and otherwise denies the allegations asserted in Paragraph 85.

86.     Varsity denies the allegations in Paragraph 86.

87.     Varsity admits that it offers clothing, shoes, bows, and other cheer-related products.  Varsity otherwise denies the allegations asserted in Paragraph 87.

88.     Varsity admits that it offers cheerleading camps.  Varsity otherwise denies the allegations asserted in Paragraph 88.

89.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 89 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

90.     Varsity denies the allegations in Paragraph 90.

91.     Varsity admits the allegations in Paragraph 91.

92.     Varsity admits the allegations in the first three sentences of Paragraph 92.  The last sentence of Paragraph 92 refers to a statement made by Mr. Herkimer.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 92 insofar as they relate to individuals or entities other than Varsity, and on that basis denies the allegations in the last sentence of this paragraph.

93.     Varsity admits the allegations in Paragraph 93.

94.     Varsity denies the allegations in Paragraph 94.

95.     Varsity admits that Riddell Sports Inc. acquired Varsity Spirit Corporation in 1997 at a reported price of approximately $91 million, that at the time of the acquisition Jeff Webb was President and CEO of Varsity Spirit Corporation, and that Jeff Webb was to be Vice Chairman of Riddell Sports Inc.  Varsity otherwise denies the allegations asserted in Paragraph 95.

96.     Varsity admits that Varsity Brands, Inc. was publicly traded between 2001 and 2003.  Varsity otherwise denies the allegations asserted in Paragraph 96.

97.     Varsity denies the allegations in Paragraph 97.

98.     Varsity denies the allegations in Paragraph 98.

99.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 99 insofar as they relate to

individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

100.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 100 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

101.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 101 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

102.    Varsity denies the allegations in Paragraph 102.

103.    Varsity denies the allegations in Paragraph 103.

104.    Varsity denies the allegations in Paragraph 104.

105.    Varsity denies the allegations in Paragraph 105.

106.    Varsity denies the allegations in Paragraph 106.

107.    Varsity denies the allegations in Paragraph 107.

108.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 108 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

109.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 109 insofar as they relate to

individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

110.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 110 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

111.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 111 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

112.    Varsity denies the allegations asserted in Paragraph 112.

113.    Varsity denies the allegations asserted in Paragraph 113.

114.    Varsity denies the allegations asserted in Paragraph 114.

115.    Paragraph 115 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

116.    Varsity admits the first and second sentences of Paragraph 116.  Paragraph 116 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 116 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

117.    Varsity denies the allegations in Paragraph 117.

118.     Varsity denies the allegations in the first two sentences of Paragraph 118.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in the third sentence of this paragraph.

119.     Varsity admits that it acquired the Spirit Festival brand in 2011.  Varsity otherwise denies the allegations asserted in Paragraph 119.

120.     Varsity admits that it acquired the CHEERSPORT, CheerLogistics, and Universal Spirit brands in 2012 and that competitions under the CHEERSPORT brand have been held in, among other places, Atlanta.  Varsity otherwise denies the allegations asserted in Paragraph 120.

121.     Varsity admits that it acquired Cheer Ltd. in 2014.  Varsity otherwise denies the allegations asserted in Paragraph 121.

122.     Varsity admits that it acquired The JAM Brands in 2015.  Paragraph 122 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 122 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

123.     Varsity admits that JAM Brands conducted cheerleading competitions in various divisions and owned what is referred to as COA and what is referred to as America's Best.  Varsity otherwise denies the allegations asserted in Paragraph 123, in part because the terms employed are vague and ambiguous.

124.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations in Paragraph 124.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

125.    Varsity denies the allegations in Paragraph 125, in part because the terms employed are vague and ambiguous.

126.    Paragraph 126 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 126 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

127.    Varsity admits that it owns the brands associated with Aloha Productions, Spirit Celebrations, Mardi Gras Spirit, and The Epic Brands.  Varsity otherwise denies the allegations asserted in Paragraph 127.

128.    Varsity admits that it acquired Just Briefs in 2010 and hired Tish Reynolds as part of the acquisition.  Varsity otherwise denies the allegations asserted in Paragraph 128.

129.    Varsity admits that Varsity Brands Holding Co., Inc. owns BSN Sports, LLC. Varsity otherwise denies the allegations asserted in Paragraph 129.

130.    Varsity admits that it acquired Allgoods, LLC in 2015.  Varsity otherwise denies the allegations asserted in Paragraph 130.

131.    Varsity admits that, like all event producers, it determines the vendors that sell at its events.  Varsity otherwise denies the allegations asserted in Paragraph 131.

132.    Varsity denies the allegations in Paragraph 132.

133.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 133 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

134.     Varsity admits that it funded the USASF at its inception and for some years thereafter (no other industry participant would do so).  Varsity denies that it provided an "$1.8 million interest free loan" at the inception of USASF in 2003 but admits that any money that Varsity provided to support USASF was repaid by 2013.  Varsity otherwise denies the allegations asserted in Paragraph 134, including because the terms employed are vague or ambiguous.

135.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 135 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that the original trademark applicant for the marks "U.S. All Star Federation" was Varsity Spirit Corporation.  Varsity admits that it has supported USASF throughout its existence and that, as part of supporting the USASF's work, it donated employee time and provided office space to help start the organization and allowed USASF employees at times to work at Varsity's offices.  Varsity admits that it has paid the salaries of some USASF staff members in the past and that Varsity was later reimbursed for those payments by USASF.  Varsity otherwise denies the allegations asserted in this paragraph, including because the terms employed are vague and ambiguous.

136.     Varsity admits that the original trademark applicant for the marks "U.S. All Star Federation" was Varsity Spirit Corporation and that the registration that issued from this application was assigned by Varsity to USASF in 2017.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 136 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

137.     Varsity denies the allegations in Paragraph 137.

138.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 138 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that Varsity and USASF are separate entities, and that as part of supporting the USASF's work, Varsity donated employee time and provided office space to help start the organization, and allowed USASF employees at times to work at Varsity's offices.  Varsity admits that it has paid the salaries of some USASF staff members in the past, and that Varsity was later reimbursed for those payments by USASF. Varsity otherwise denies the allegations asserted in this paragraph.

139.    Paragraph 139 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 139 for their true and correct contents.  Varsity admits that it owns the brands associated with the Universal Cheerleaders Association, CHEERSPORT, the National Cheerleaders Association, the United Spirit Association, the American Cheerleaders Association, the Universal Dance Association, and JAMFest.  Varsity otherwise denies the allegations asserted in this paragraph.

140.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 140 insofar as they relate to individuals or entities other than Varsity.  Varsity admits Varsity owns the brands associated with JAM Brands and Epic Brands.  Varsity otherwise denies the allegations asserted in this paragraph.

141.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 141 insofar as they relate to

individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

142.    Varsity denies the allegations in Paragraph 142.

143.    Varsity admits entering into an agreement to be a corporate partner of the National Federation of State High School Associations.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 143 insofar as they relate to individuals or entities other than Varsity.  The term "sets the rules" is vague and ambiguous, as is the term "many high schools throughout the United States" and Varsity denies the allegations on that additional basis.  The final sentence is also ambiguous because it refers to a contract that allegedly ended in 2010 in the present tense.  Varsity otherwise denies the allegations asserted in this paragraph.

144.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 144 insofar as they relate to individuals or entities other than Varsity.  Paragraph 144 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 144 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

145.    Varsity denies the allegations in Paragraph 145.

146.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 146 insofar as they relate to individuals or entities other than Varsity.  Paragraph 146 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such

characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 146 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

147.    Varsity denies the allegations in Paragraph 147.

148.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 148 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that Jeff Webb founded the company that is now known as Varsity Spirit.  Varsity otherwise denies the allegations asserted in this paragraph.

149.    Varsity denies the allegations in Paragraph 149.

150.    Varsity denies the allegations in Paragraph 150.

151.    Varsity admits that it offers many popular cheer events, including events at Walt Disney World Resort.  Varsity otherwise denies the allegations asserted in Paragraph 151.

152.    Varsity denies the allegations in Paragraph 152.

153.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 153 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

154.    Varsity denies the allegations in Paragraph 154.

155.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 155 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that bids can be fully paid, partially

paid, or at-large and that bids are typically awarded at competitions by the producers of those competitions.  Varsity otherwise denies the allegations asserted in this paragraph.

156.    Varsity denies the allegations in Paragraph 156.

157.    Varsity admits that it typically requires teams which attend The Summit to receive a bid.  Varsity further admits that The Summit has been held in the past at the ESPN's Wide World of Sports Complex at the Walt Disney World Resort.  Varsity otherwise denies the allegations asserted in Paragraph 157.

158.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 158 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that Varsity requires that at least 75% of the members of a cheerleading squad competing at Varsity's UCA National High School Cheerleading Championship or at Varsity's NCA High School Nationals receive safety instruction through the Squad Credentialing Program available at Varsity cheerleading camps. Varsity otherwise denies the allegations asserted in this paragraph.

159.    Varsity denies the allegations in Paragraph 159.

160.    Varsity denies the allegations in Paragraph 160.

161.    Varsity admits that it requires teams that choose to participate in its NDA/NCA College Championships to not participate in another event promoted as a cheer or dance "national championship."  Varsity otherwise denies the allegations in Paragraph 161.

162.    Varsity admits that NCATA teams are gymnastics teams and that Varsity conducts cheerleading and dance competitions and that therefore it requires teams that participate in its cheerleading and dance competitions to not participate in NCATA events.  Varsity otherwise denies the allegations asserted in Paragraph 162.

163.    Varsity admits that it began offering competitions under The Summit brand in 2013.  Varsity otherwise denies the allegations asserted in Paragraph 163.

164.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 164 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

165.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 165 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

166.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 166 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

167.    Varsity admits the first sentence of Paragraph 167.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 167 insofar as they relate to individuals or entities other than Varsity. Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

168.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 168 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

169.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 169 insofar as they relate to individuals or entities other than Varsity.  Paragraph 169 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 169 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

170.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 170 insofar as they relate to individuals or entities other than Varsity. Varsity otherwise denies the allegations asserted in this paragraph.

171.     Varsity denies the allegations in Paragraph 171.

172.     Varsity admits the fourth sentence of Paragraph 172.  Varsity otherwise denies the allegations asserted in this paragraph.

173.     Varsity denies the allegations in Paragraph 173.

174.     Varsity denies the allegations in Paragraph 174.

175.     Varsity denies the allegations in Paragraph 175.

176.     Varsity admits that it offers a rebate program called the Family Plan to any gym that chooses to participate and qualifies for participation.  Varsity otherwise denies the allegations asserted in Paragraph 176.

177.     Varsity admits that it offers a rebate program called the Family Plan to any gym that chooses to participate and qualifies for participation, and that the rebate is based on a gym's

participation in Varsity's competitions over a one-year period.  Varsity otherwise denies the allegations asserted in Paragraph 177.

178.    Varsity admits that it has provided Varsity Fashion Dollars that can be used for future purchase of apparel if the recipient chooses.  Varsity otherwise denies the allegations asserted in Paragraph 178.

179.    Varsity admits that it offers a rebate program called the Family Plan to any gym that chooses to participate and qualifies for participation, and that the rebate is based on a gym's participation in Varsity's competitions and apparel purchases over a one-year period.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 179 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

180.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 180 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

181.    Varsity admits that the IMPACT program provides a number of offerings to schools, including rebranding.  Varsity otherwise denies the allegations asserted in Paragraph 181.

182.    Varsity denies the allegations in Paragraph 182.

183.    Varsity admits that, like all event producers, it decides which vendors sell at its events.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 183 insofar as they relate to individuals or entities other than Varsity.  Paragraph 183 purports to characterize the contents of written

documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 183 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

184.    Varsity denies the allegations in Paragraph 184.

185.    Varsity denies the allegations in Paragraph 185.

186.    Varsity admits that it has offerings related to cheerleading choreography under the V!ROC brand and that the V!ROC brand offers rebates.  Varsity otherwise denies the allegations asserted in Paragraph 186.

187.    Varsity denies the allegations in Paragraph 187.

188.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 188 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that Varsity requires that at least 75% of the members of a cheerleading squad competing at Varsity's UCA National High School Cheerleading Championship, Varsity's NCA High School Nationals, or Varsity's USA Spirit Nationals receive safety instruction through the Squad Credentialing Program available at Varsity cheerleading camps.  Varsity otherwise denies the allegations asserted in this paragraph.

189.    Varsity admits that cheerleading camps can offer bids to attend certain scholastic competitions.  Varsity otherwise denies the allegations asserted in Paragraph 189.

190.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 190 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that cheerleading teams must receive a

bid to compete at The Cheerleading Worlds, a USASF competition. Varsity otherwise denies the allegations asserted in this paragraph.

191. Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 191 insofar as they relate to individuals or entities other than Varsity. Paragraph 191 purports to characterize the contents of written documents, which documents speak for themselves. Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 191 for their true and correct contents. Varsity otherwise denies the allegations asserted in this paragraph.

192. Varsity denies the allegations in Paragraph 192.

193. Paragraph 193 states legal conclusions to which Varsity need not respond. To the extent any response to these allegations is necessary, Varsity denies them.

194. Varsity denies the allegations in Paragraph 194.

195. Paragraph 195 states legal conclusions to which Varsity need not respond. To the extent any response to these allegations is necessary, Varsity denies them.

196. Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 196 insofar as they relate to individuals or entities other than Varsity. Varsity otherwise denies the allegations asserted in this paragraph.

197. Varsity denies the allegations in Paragraph 197.

198. Varsity denies the allegations asserted in Paragraph 198, in part because the term "close economic substitutes that could constrain their pricing" is vague and ambiguous.

199.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 199.

200.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Varsity denies the allegations in the first sentence of Paragraph 200.  Varsity lacks knowledge or information sufficient to form a belief as to whether the allegations in the paragraph are always true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and, on that basis, Varsity denies them.

201.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Varsity denies the allegations in the first sentence of Paragraph 201.  Varsity lacks knowledge or information sufficient to form a belief as to whether the allegations in the paragraph are always true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and, on that basis, Varsity denies them.

202.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Varsity denies the allegations in the first sentence of Paragraph 202.  Varsity admits that it has supported STUNT.  The remainder of the paragraph contains vague and ambiguous allegations, which Varsity denies on that basis.  Varsity refers to the cited document for its true and accurate contents.  Varsity otherwise denies the allegations asserted in Paragraph 202.

203.    Paragraph 203 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

204.    The term "functional or economic substitute" is vague and ambiguous, and, on that basis, Varsity denies the allegations in the first sentence of Paragraph 204.  Varsity lacks knowledge or information sufficient to form a belief as to whether the allegations in the

paragraph are always true (or the extent to which they are true) and notes that many of the terms used in the allegations are vague and ambiguous, and, on that basis, Varsity denies them.

205.    Varsity lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 205 are true.

206.    Varsity denies the allegations in Paragraph 206.

207.    Varsity denies the allegations in Paragraph 207.

208.    Varsity denies the allegations in Paragraph 208.

209.    Varsity denies the allegations in Paragraph 209.

210.    Varsity admits that an event producer must be able to finance the events it wants to produce but denies any implication that this imposes any barrier to entry, particularly given the myriad of entities that produce events.  Varsity otherwise denies the allegations asserted in Paragraph 210.

211.    Varsity admits that a competition must have teams to be a competition but denies the implication that this imposes any barrier to entry, particularly given the thousands of teams and myriad of entities that produce events.  Varsity otherwise denies the allegations asserted in Paragraph 211.

212.    Varsity admits that a competition must have some means of scoring events and judges typically serve that role but denies the implication that this imposes any barrier to entry, given the widespread availability of judges and myriad of entities that produce events. Varsity otherwise denies the allegations asserted in Paragraph 212.

213.    Varsity denies the first sentence of Paragraph 213.  Varsity admits that competitions must have rules.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations about what all event producers and teams

"want" in respect of competitions.  Varsity otherwise denies the allegations asserted in Paragraph 213.

214.    Varsity denies the allegations in Paragraph 214.

215.    Varsity denies the allegations in Paragraph 215.

216.    Varsity denies the allegations in Paragraph 216.

217.    Paragraph 217 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 217 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph, including because the terms "specialized apparel" and "specialized equipment" are vague and ambiguous.

218.    Varsity denies the allegations in Paragraph 218, including because the term "specialized apparel and equipment" is vague and ambiguous and because Varsity does not know what, if anything, gyms "require."

219.    Varsity denies the allegations in Paragraph 219.

220.    Varsity denies the allegations in Paragraph 220.

221.    Paragraph 221 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them, in part because the terms "primary market" and "targeted customers" are vague and ambiguous.

222.    Varsity denies the allegations in Paragraph 222.

223.    Varsity admits that it holds at least 200 copyrights on uniform designs and that it has successfully enforced its copyrights when they have been infringed.  Varsity otherwise denies the allegations asserted in Paragraph 223.

224.     Varsity denies the allegations in Paragraph 224.

225.     Varsity denies the allegations in Paragraph 225.

226.     Varsity admits that businesses, including apparel manufacturers, may make capital investments in the course of business.  Varsity otherwise denies the allegations asserted in Paragraph 226, which are vague and ambiguous.

227.     Varsity denies the allegations in Paragraph 227, including because the terms employed are vague and ambiguous.

228.     Varsity admits that it holds at least 200 copyrights on uniform designs, and that it has successfully enforced its copyrights when they have been infringed.  Varsity agrees that the law requires parties not to infringe copyrights or trademarks held by others.  Varsity otherwise denies the allegations asserted in Paragraph 228.

229.     Varsity admits that it decides which vendors may sell products at its competitions.  Varsity otherwise denies the allegations asserted in Paragraph 229.

230.     Varsity denies the allegations in Paragraph 230.

231.     Varsity denies the allegations in Paragraph 231.

232.     Paragraph 232 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity admits that cheerleading camps can provide educational opportunities to cheerleaders.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms "instrumental" and "championship level" are vague and ambiguous.

233.     Varsity admits that it offers a variety of cheerleading camps.  Varsity otherwise denies the allegations asserted in Paragraph 233.

234.     Varsity admits that Varsity requires that at least 75% of the members of a cheerleading squad competing at Varsity's UCA National High School Cheerleading Championship or at Varsity's NCA High School Nationals receive safety instruction through the Squad Credentialing Program available at Varsity cheerleading camps.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the term "largest cheerleading championships" is vague and ambiguous.

235.     Paragraph 235 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.  Varsity also notes that the terms "primary market," "USASF standards," "targeted customers," and "regional sense of camps" are vague and ambiguous.  Varsity otherwise denies the allegations asserted in this paragraph.

236.     Varsity denies the allegations in Paragraph 236.

237.     Varsity denies the allegations in Paragraph 237.

238.     Varsity denies the allegations in Paragraph 238.

239.     Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 239 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms "a lot of money" and "equipment" are vague and ambiguous.

240.     Varsity denies the allegations in Paragraph 240.

241.     Varsity admits that it offers cheerleading camps.  Varsity otherwise denies the allegations asserted in Paragraph 241.

242.     Varsity denies the allegations in Paragraph 242.

243.    Varsity admits that businesses, including providers of cheerleading camps, may make investments in the course of business.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

244.    Varsity admits that it has offered bids to cheerleading competitions at cheerleading camps.  Varsity otherwise denies the allegations asserted in Paragraph 244.

245.    Varsity admits that Varsity requires that at least 75% of the members of a cheerleading squad competing at Varsity's UCA National High School Cheerleading Championship, Varsity's NCA High School Nationals, or Varsity's USA Spirit Nationals receive safety instruction through the Squad Credentialing Program available at Varsity cheerleading camps.  Varsity otherwise denies the allegations asserted in Paragraph 245.

246.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 246 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph, in part because the terms employed are vague and ambiguous.

247.    Paragraph 247 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

248.    Paragraph 248 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

249.    Varsity denies the allegations in Paragraph 249.

250.    Varsity admits that, at a limited number of events where guaranteeing reasonable hotel rates is necessary for the competition to be staged, certain participants are required to lodge at a particular hotel or hotels.  Paragraph 250 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations

are consistent with the contents of the referenced documents and refers to the documents cited in Paragraph 250 for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

251.    Varsity admits that cheer competitions, like other events, can require attendees to purchase tickets.  Varsity otherwise denies the allegations asserted in Paragraph 251.

252.    Varsity denies the allegations in Paragraph 252, in part because the terms employed are vague and ambiguous.

253.    Varsity denies the allegations in Paragraph 253.

254.    Varsity lacks knowledge or information sufficient to form a belief as to whether the allegations in the paragraph are true.  Paragraph 254 purports to characterize the contents of written documents, which documents speak for themselves.  Varsity denies that such characterizations are consistent with the contents of the referenced documents and refers to the documents for their true and correct contents.  Varsity otherwise denies the allegations asserted in this paragraph.

255.    Varsity denies the allegations in Paragraph 255.

256.    Varsity denies the allegations in Paragraph 256.

257.    Varsity denies the allegations in Paragraph 257.

258.    Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 258 insofar as they relate to individuals or entities other than Varsity.  Varsity otherwise denies the allegations asserted in this paragraph.

259.    Varsity denies the allegations in Paragraph 259.

260.     Paragraph 260 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

261.     Varsity incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

262.     Paragraph 262 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

263.     Varsity denies the allegations in Paragraph 263.

264.     Paragraph 264 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

265.     Paragraph 265 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

266.     Paragraph 266 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

267.     Varsity denies the allegations in Paragraph 267.

268.     Paragraph 268 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent any response is required, Varsity denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations asserted in Paragraph 268.

269.     Varsity incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

270.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The

remaining allegations in Paragraph 270 state legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

271.    Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 271 state legal conclusions to which Varsity need not respond.  Varsity lacks knowledge or information sufficient to form a belief with respect to the truth or falsity of the allegations contained in Paragraph 271 insofar as they relate to individuals or entities other than Varsity.  Varsity admits that Varsity Spirit, LLC is a Tennessee company and that Varsity Spirit, LLC and Varsity Spirit Fashions & Supplies, LLC have a principal place of business in Tennessee.  Varsity otherwise denies the allegations in this paragraph.

272.    Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 272 state legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

273.    Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 273 state legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

274.    Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  The remaining allegations in Paragraph 274 state legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

275.     Plaintiffs' Second Claim for Relief has been dismissed as to the Cheer Camps and Cheer Competitions Market and no response is required as it relates to these markets.  Paragraph 275 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response to Paragraph 275 is required, Varsity denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations in Paragraph 275.

276.     Varsity incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

277.     Paragraph 277 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

278.     Paragraph 278 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

279.     Paragraph 279 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

280.     Paragraph 280 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response to Paragraph 280 is required, Varsity denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations in Paragraph 280.

281.     Varsity incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

282.     Varsity denies the allegations in Paragraph 282.

283.     Paragraph 283 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

284.     Paragraph 284 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

285.     Paragraph 285 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

286.     Paragraph 286 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent a response to Paragraph 286 is required, Varsity denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations in Paragraph 286.  Varsity further notes that the Court ordered Plaintiffs not to seek to reassert dismissed matters in this Complaint.  The inclusion of these claims therefore violates the Court's Order and Varsity reserves its rights to seek appropriate redress.

287.     Varsity incorporates by reference its answers to the preceding paragraphs as if fully stated herein.

288.     Paragraph 288 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent any response is required, Varsity denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations asserted in Paragraph 288.

289.     Varsity denies the allegations in Paragraph 289.

290.     Varsity denies the allegations in Paragraph 290.

291.     Varsity denies the allegations in Paragraph 291.

292.     Paragraph 292 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

293.     Paragraph 293 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

294.     Paragraph 294 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

295.     Paragraph 295 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

296.     Paragraph 296 states legal conclusions to which Varsity need not respond.  To the extent any response to these allegations is necessary, Varsity denies them.

297.     Varsity incorporates by reference its answers to the preceding and succeeding paragraphs as if fully stated herein.

298.     Paragraph 298 contains Plaintiffs' characterization of their action, to which no response is required.  To the extent any response is required, Varsity denies that Plaintiffs or the Class they seek to represent have any cognizable claim and otherwise denies the allegations asserted in Paragraph 298.

## GENERAL DENIAL

299.     Varsity denies all allegations contained in the Complaint (including headings and captions) not specifically admitted in this Answer.

## JURY DEMAND

Plaintiffs' jury demand is a self-operative statement to which no response is required. Varsity reserves its rights as to triability of any claim or counterclaim in this case.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Insofar as the bulk of the conduct referenced in the Complaint occurred outside the applicable statute of limitations and/or statute of repose period, Plaintiffs' claims for damages are barred, in whole or in part, by the statute of limitations and/or statute of repose.

2.      Insofar as the bulk of the conduct referenced in the Complaint occurred more than four years prior to Plaintiffs filing their action (or more than such other period as may be deemed relevant), Plaintiffs' claims for injunctive relief are barred, in whole or in part, by the doctrine of laches.

3.      Plaintiffs' claims may not be maintained as a class action.  In addition to not satisfying the requirements of Rule 23, under the laws of many states, claims under the state antitrust and consumer protection statutes may not be brought as a class action.  For example, Ark. Code § 4-88-113, Mont. Code Ann. § 30-14-133, and Tenn. Code Ann. § 47-18-109(g) prohibit class actions. Kan. Stat. Ann. § 50-634 prohibits private class actions for damages or civil penalties, except under limited circumstances.  Cal. Bus. & Prof. Code § 17203 places restrictions on persons who can serve as class representative and the type of relief that can be recovered.  *See also Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998).  To the extent any of Plaintiffs' state law claims may not be brought as a class action or as a class action for damages, Plaintiffs lack standing to pursue such claims individually, lack standing to pursue such claims on behalf of a class, and cannot state a plausible claim for relief.

4.      Plaintiffs lack standing to pursue claims related to camps.

5.      Plaintiffs allege that they have been damaged by conduct known to them and dating as far back as 2003.  Yet Plaintiffs chose to continue patronizing Varsity's cheerleading competitions, chose to continue purchasing apparel from Varsity, and otherwise failed to take steps to avoid or lessen their alleged damages.  Plaintiffs' claims are therefore barred, in whole or in part, by their failure to mitigate damages, waiver, estoppel, and/or by the voluntary payment doctrine.

6.      Plaintiffs have failed to state a claim upon which relief can be granted, including as stated in the motions to dismiss of the various Defendants.  The Court has already granted Varsity's motion to dismiss in part.

7.      Plaintiffs bring claims under numerous state antitrust and consumer protection statutes.  Many states require procedural requirements to be satisfied before a plaintiff may file a lawsuit on such claim.  For example, Ariz. Rev. Stat. § 44-1415, Nev. Rev. Stat. § 598A.210, Utah Code Ann. § 76-10-3109, Cal. Bus.  Prof. Code § 17209, and Or. Rev. Stat. § 646.638(2), require notice and/or service on the state attorney general simultaneously with the filing of the complaint.  In the District of Columbia, any lawsuit must be brought in the Superior Court of the District Court of Columbia.  D.C. Code § 28-3905(k)(5).  In Maine and Massachusetts, a plaintiff must provide a defendant a written demand at least 30 days prior to the filing of an action for damages.  Me. Stat. tit. 5 § 213; Mass. Gen. Laws ch. 93A § 9.  To the extent any of Plaintiffs failed to satisfy any state procedural prerequisites before filing this action, Plaintiffs lack standing to pursue such state law claims and fail to state a claim for relief.

## RESERVATION OF RIGHTS

Varsity currently has insufficient knowledge or information upon which to form a belief as to any other potential affirmative defenses that may be available to it and expressly reserves the right to amend or supplement this Answer and affirmative defenses, as well as to assert any and all additional or alternative defenses under any applicable law or regulations, in the event that discovery indicates that such defenses are available.  Assertion by Varsity of any affirmative defense(s) or any other defense(s) shall not be deemed a concession that Varsity bears the burden of proof with respect to any of them.  Varsity reserves its right to assert counterclaims as may be appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Varsity denies that Plaintiffs are entitled to any relief and respectfully requests a judgment against Plaintiffs as follows:

A. That Plaintiffs take nothing by their Complaint in this action;

B. That the Court enter judgment against Plaintiffs and in favor of Varsity, and that the Complaint in this action be dismissed with prejudice as to Varsity;

C. That the Court award Varsity any and all other relief to which it may be entitled or which the Court deems just and proper.

Dated: March 12, 2024                 Respectfully submitted,

                                      s/ Matthew S. Mulqueen

                                      George S. Cary*
                                      Steven J. Kaiser*
                                      CLEARY GOTTLIEB STEEN &
                                       HAMILTON LLP
                                      2112 Pennsylvania Avenue, NW
                                      Washington, DC 20037
                                      Phone: (202) 974-1500
                                      Fax: (202) 974-1999
                                      gcary@cgsh.com
                                      skaiser@cgsh.com

                                      Jennifer Kennedy Park*
                                      Heather Nyong'o*
                                      CLEARY GOTTLIEB STEEN &
                                       HAMILTON LLP
                                      1841 Page Mill Road, Suite 250
                                      Palo Alto, CA 94304
                                      Phone: (650) 815-4100
                                      Fax: (202) 974-1999
                                      jkpark@cgsh.com
                                      hnyongo@cgsh.com

                                      * Admitted pro hac vice

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Varsity Brands, LLC; Varsity
 Spirit, LLC; Varsity Spirit Fashions &
 Supplies, LLC*