IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES and CHRISTINA LORENZEN, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 2:20-cv-02892-SHL-tmp<br>)<br>)<br>)<br>) |

**ORDER GRANTING INDIRECT PURCHASERS' MOTION TO ADD
CLASS REPRESENTATIVE, DENYING DEFENDANTS' MOTION FOR
SANCTIONS, AND DENYING INDIRECT PURCHASERS'
CROSS-MOTION FOR SANCTIONS**

Before the Court are three related motions. First is Plaintiffs Jessica Jones and Christina Lorenzen's (together, "Indirect Purchasers") Motion to Add Class Representative (ECF No. 394), filed February 23, 2023, Defendants Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC; U.S. All Star Federation; Charlesbank Capital Partners, LLC, Bain Capital Private Equity, LP; and Jeff Webb's (together, "Defendants") response (ECF No. 404), filed March 9, 2023, and Indirect Purchasers' reply (ECF No. 433), filed April 5, 2023.[1] Second is Defendants' Motion for Sanctions Under Rule 11 of the Federal Rules of Civil Procedure ("Defendants' Motion for Sanctions") (ECF No. 402), filed March 9, 2023, and Indirect Purchasers' response (ECF No. 414), filed March 23, 2023. Third is Indirect Purchasers' Cross-Motion for Sanctions Against Defendants and Counsel ("Cross-Motion for

---

[1] Although Indirect Purchasers request oral argument on the motion (ECF No. 394 at PageID 13366), the Court finds oral argument unnecessary as the motion can be resolved on the briefs.

Sanctions") (ECF No. 416), filed March 23, 2023, and Defendants' response (ECF No. 434), filed April 6, 2023. For the reasons stated below, Indirect Purchasers' Motion to Add Class Representative is **GRANTED**, Defendants' Motion for Sanctions is **DENIED**, and Indirect Purchasers' Cross-Motion for Sanctions is **DENIED.**

## BACKGROUND

Varsity[2] is a prominent host of competitive cheerleading camps and competitions. The Indirect Purchasers are the parents of competitive cheer athletes who were members of either All-Star Gym teams or school cheer teams. (ECF No. 1 at PageID 6.) They allege that they paid artificially inflated prices for goods and services, including enrollment in cheer competitions and apparel purchased indirectly from Varsity, and they seek to represent a class of all indirect purchasers of Varsity products and all entrants into Varsity or All-Star Cheer Competitions. (Id.)

Indirect Purchasers filed their Complaint on December 10, 2020. (ECF No. 1.) At the time this suit was filed, there were three named Plaintiffs representing the proposed classes: Jessica Jones, Christina Lorenzen, and Michelle Velotta. (See id.) Velotta paid for her children to attend Varsity cheer competitions and camps, and purchased Varsity apparel. (ECF No. 394 at PageID 13375.) On July 13, 2021, Indirect Purchasers submitted their Combined Objections and Responses to Defendants' First Set of Interrogatories, which shows that Velotta was the only named plaintiff who had paid for cheer camps. (ECF No. 403-2 (sealed) at PageID 13512.)

On April 5, 2022, Indirect Purchasers filed an unopposed motion seeking to remove Velotta as a putative named class representative. (ECF No. 246.) In their motion, Indirect Purchasers stated that Velotta had "ceased participating in discovery, and ha[d] ceased returning

---

[2] The Indirect Purchasers define "Varsity" as the collective term to represent Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Fashion & Supplies, LLC. (ECF No. 1 at PageID 4.)

2

phone calls and email communications from her counsel for the purposes of counseling her, preparing her for her deposition, and otherwise enabling her to perform the role of class representative as required by Fed. R. Civ. P. 23." (Id. at PageID 4752.)  They also assured the Court that, "[o]ther Plaintiffs in this case will act as class representatives, and as a result there will be no prejudice or material difference in the litigation as a result of dropping Ms. Velotta as a party to this action." (Id.)  On April 6, 2022, the Court granted the motion and Velotta was terminated as a putative class representative.  (ECF No. 250.)

On October 3, 2022, Defendants provided their responses to Indirect Purchasers' Second Set of Interrogatories.  (ECF No. 405-2 (sealed).)  In their response, Defendants asserted that neither of the remaining named plaintiffs have standing to assert claims related to cheerleading camps.  (Id. at PageID 13559) ("Varsity further notes that the fact that no Plaintiff in this case purchased attendance at a Varsity cheerleading camp (or attended a Varsity cheerleading camp) means that Plaintiffs lack standing to assert claims regarding cheerleading camps.").  However, Defendants never filed a motion to dismiss the cheer camp claims from the case.

On February 2, 2023, counsel for Defendants sent a letter to Indirect Purchasers' counsel which stated:

> As you know, neither of the Plaintiffs in this case ever paid for or attended a Varsity camp. They therefore have no standing to pursue claims based on camps. Accordingly, Defendants request that Plaintiffs drop their claims relating to camps from this case without further delay, including by not seeking certification of a class relating to camps and officially dismissing the claims relating to camps from the case via a stipulated order of dismissal.
>
> Should Plaintiffs persist in asserting claims based on camps, including by moving to certify a class relating to camps, Varsity will ask the Court for sanctions.  As you know, Rule 11 of the Federal Rules of Civil Procedure requires, on the pain of possible sanctions, that parties not pursue baseless claims. Among other things, Rule 11 requires that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary

>support after a reasonable opportunity for further investigation or discovery." Here, discovery has shown there is no legal or factual basis for standing as to the claims relating to camps. Should Plaintiffs continue to pursue these claims, Rule 11 sanctions would be appropriate, as many courts have found in similar circumstances where a party pursued antitrust claims despite plainly having no standing to do so.

(ECF No. 405-1 (sealed).) On February 10, 2023, Indirect Purchasers filed their Motion for Class Certification, which included indirect purchasers who paid cheer camp fees in their class definitions. (ECF No. 387 at PageID 10281.)

On February 23, 2023, Indirect Purchasers filed their Motion to Add Class Representative, seeking to add Amy Coulson as a class representative. (ECF No. 394.) Coulson is a parent of two cheer athletes who participate in both All-Star and school cheer. (ECF No. 394-1 at PageID 13375.) Like Velotta, Coulson paid for Varsity cheer camps attended by her daughters. (Id.) Coulson is a resident of Memphis, Tennessee. (Id.)

On March 9, 2023, Defendants followed through on the warning in their February 2 letter and filed their Motion for Sanctions. (ECF No. 402.) Defendants argue that Indirect Purchasers should be sanctioned for pursuing their claims relating to cheerleading camps when none of their named plaintiffs have standing to pursue them. (Id. at PageID 13479.) Defendants seek as sanctions the dismissal of claims relating to cheerleading camps, as well as the legal fees and costs for bringing this motion and defending against the cheer camp claims. (Id. at PageID 13483.)

On March 23, 2023, Indirect Purchasers filed their Cross-Motion for Sanctions, arguing that Defendants' Motion for Sanctions was itself frivolous and improper. (ECF No. 416 at PageID 13683.) Accordingly, they seek attorney's fees and costs incurred in opposing Defendants' Motion for Sanctions and for drafting their Cross-Motion for Sanctions. (Id.)

4

## ANALYSIS

**I.      Motion to Add Class Representative**

Indirect Purchasers seek to add Coulson as a class representative "to take the place of former class representative Michelle Velotta." (ECF No. 394-1 at PageID 13373.)  Although Indirect Purchasers maintain that the existing proposed class representatives have standing to pursue claims related to camps, they argue that the addition of Coulson would "remove any doubt that the requirements of Rule 23 are satisfied." (Id. at PageID 13381.)  Defendants oppose the motion, arguing that the motion is untimely under the Scheduling Order and would prejudice them. (ECF No. 404 at PageID 13538.)

Rule 23 permits the addition of a new class representative in these circumstances. "Replacement [of a class representative] may [] be appropriate if a representative . . . is no longer pursuing the litigation." See Manual of Complex Litigation (Fourth), § 21.26.  Further, "Rule 23(a) does not explicitly require that a class representative must be a named plaintiff in the action." Peterson v. Alaska Commc'ns Sys. Grp., Inc., 328 F.R.D. 255, 268 (D. Alaska 2018), amended, No. 3:12-CV-00090-TMB, 2019 WL 6331355 (D. Alaska Nov. 26, 2019) (quoting Morales v. Stevco, Inc., No. 1:09-CV-00704 AWI, 2011 WL 5511767, at *8 (E.D. Cal. Nov. 10, 2011)). "Courts that have considered the rare circumstance of whether to appoint a non-named plaintiff as an additional class representative have not undertaken a Rule 15 or Rule 16 analysis, nor have they required the pleadings be amended to include class representatives as a named plaintiff in the action." Id. (citing Morales, 2011 WL 5511767, at *8; Norwood v. Raytheon, Co., 237 F.R.D. 581, 586–605 (W.D. Tex 2006); In re Telectronics Pacing Sys., Inc., 172 F.R.D. 271, 283 (S.D. Ohio 1997)).

It is unclear why Indirect Purchasers waited until after they filed their Motion for Class Certification to file this Motion to Add Class Representative.  However, Courts have permitted

substitutions of Class representatives even after class certification is fully briefed. See, e.g., Wiener v. Dannon Co., Inc., 255 F.R.D. 658, 673 (C.D. Cal. 2009) (allowing plaintiffs to locate a class representative after denying class certification); Shankroff v. Advest, Inc., 112 F.R.D. 190, 194 (S.D.N.Y. 1986) (allowing thirty days to propose at least one substitute representative after finding class certification requirements met, but that the sole proposed representative was inadequate).

Here, the termination of Velotta as a class representative raised questions as to Indirect Purchasers' standing to pursue claims for the cheer camp market. True, Indirect Purchasers should have remedied this possible deficiency earlier, but, by the same token, Defendants should have filed a motion to dismiss or strike when they became aware of the issue (which would have undoubtedly cleared up the record and simplified the litigation).

Despite all this, Defendants correctly acknowledge that the Court has the power to add class representatives. (ECF No. 404 at PageID 13541.) Indirect Purchasers have demonstrated good cause to add Coulson, thus the Court will allow her to be added as a proposed class representative. The Court will consider whether Coulson meets the requirements of Rule 23 in its order on class certification.[3] In the meantime, Indirect Purchasers are ordered to produce documents showing Coulson's indirect purchases within fourteen days of the entry of this Order. Coulson must also be made available for a deposition fourteen days after that document production is completed, if Defendants seek a deposition.

---

[3] Claims brought for violations of Tennessee antitrust law were previously dismissed as to cheer camps and cheer competitions. (ECF No. 333 at PageID 7201; ECF No. 475 at PageID 19497.) Because Coulson is a resident of Tennessee, it is uncertain that her addition would resolve all standing issues as to cheer camps.

**II.     Cross-Motions for Sanctions**

   A.     <u>Legal Standard</u>

Under Rule 11 of the Federal Rules of Civil Procedure, sanctions are appropriate when a pleading is presented for an improper purpose, lacks evidentiary support, or is unwarranted by existing law. <u>See</u> Fed. R. Civ. P. 11(b), (c). Courts may impose sanctions on "any attorney, law firm, or party that violate[s] the rule." Fed. R. Civ. P. 11(c)(1). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." <u>Id.</u> If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion. <u>Id.</u>

   B.     <u>Defendants' Motion for Sanctions</u>

Defendants seek Rule 11 sanctions against Indirect Purchasers for their continued pursuit of camp-related claims when neither proposed class representative has standing to bring them. (ECF No. 403 (sealed) at PageID 13488) (citing <u>Pierce v. Com. Warehouse</u>, 142 F.R.D. 687, 694 (M.D. Fla. 1992) (sanctioning "Plaintiffs and counsel for Plaintiffs" for violating Rule 11 in pursuing antitrust claims that they lacked standing to pursue); <u>Colo. Chiropractic Council v. Porter Mem'l Hosp.</u>, 650 F. Supp. 231, 237-40 (D. Colo. 1986) (same)).

Indirect Purchasers counter that the current proposed class representatives have standing because they sustained an injury from purchasing Varsity products in different markets that were "inextricably intertwined with the other products in Varsity's ecosystem." (ECF No. 414 at PageID 13653) (citing <u>Blue Shield of Virginia v. McCready</u>, 457 U.S. 465 (1982)). Further, they argue that even if the class representatives lack standing, they have cured this deficiency by moving to add a new class representative. (<u>Id.</u> at PageID 13656.)

Defendants have not shown that Indirect Purchasers' conduct is sanctionable under Rule 11. Indirect Purchasers' standing arguments have an adequate basis in law and fact. Further,

Indirect Purchasers have sought to remedy any flaw in their pleadings by seeking to add an additional class representative, which the Court is permitting. As a result, Defendants' Motion for Sanctions is **DENIED**.

    C.    <u>Cross-Motion for Sanctions</u>

Indirect Purchasers seek sanctions against Defendants, arguing that Defendants' Motion for Sanctions violates Rule 11. (ECF No. 416 at PageID 13686.) Indirect Purchasers argue that Defendants' motion is frivolous, multiplies the proceedings, and needlessly increases litigation costs. (Id.) Although the Court agrees that Defendants' Motion for Sanctions was a stretch, it was not without any legal or factual basis. Indirect Purchasers were on notice that there was a potential standing issue long before the class certification stage. Although the Court did not find this conduct to be sanctionable, neither does it find Defendants' Motion for Sanctions to be frivolous. Therefore, the Cross-Motion for Sanctions is also **DENIED**.

Moving forward, all Parties are encouraged to spend their valuable time litigating the merits of the case, rather than prosecuting opposing counsel's purported strategic errors.

## CONCLUSION

For the reasons stated above, Indirect Purchasers' Motion to Add Class Representative is **GRANTED**, Defendants' Motion for Sanctions is **DENIED**, and Indirect Purchasers' Cross-Motion for Sanctions is **DENIED**.

    **IT IS SO ORDERED,** this 18th day of March, 2024.

                                       s/ Sheryl H. Lipman
                                       SHERYL H. LIPMAN
                                       CHIEF UNITED STATES DISTRICT JUDGE