IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>                    Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>                    Defendants. | Case No. 2:20-cv-02892-SHL-tmp |

**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

# DECLARATION OF JOSEPH R. SAVERI

I, Joseph R. Saveri, declare the following under penalty of perjury:

1. I am the Founder and Managing Partner of the Joseph Saveri Law Firm, LLP ("JSLF"). My firm is one of the law firms representing Jessica Jones, Christina Lorenzen, and Amy Coulson (collectively, "Plaintiffs" or "Class Representatives") in the above-captioned matter. The other law firms are Paul LLP, Hartley LLP, Gustafson Gluek PLLC (collectively, "leadership firms"); and Turner Feild, PLLC ("liaison counsel"). I have been actively involved in prosecuting and resolving this Action from its inception and have been supervising and managing it on a day-to-day basis at all times. I am familiar with its proceedings, and have personal knowledge of the matters set forth in this Declaration. If called upon as a witness, I would be competent to testify to them.

2. I submit this Declaration in support of Plaintiffs' motion seeking entry of an Order (1) granting preliminary approval of the settlement reached with Defendants on April 28, 2024 (the "Proposed Settlement") pursuant to Fed. R. Civ. Pro. 23(e); (2) granting provisional certification of the proposed Settlement Classes pursuant to Fed. R. Civ. Pro. 23(a) and (b); (3) approving JSLF, the leadership firms, and liaison counsel as Class Counsel pursuant to Fed. R. Civ. Pro. 23(g) and appointing JSLF as Lead Class Counsel; (4) directing notice to the proposed State Law Damages Class pursuant to Fed. R. Civ. Pro. 23(c) and 23(e); (5) appointing Angeion Group LLC as Settlement Administrator and Citibank N.A. as Escrow Agent; and (6) scheduling a final approval hearing.

3. Unless otherwise defined herein, all capitalized terms have the same meanings set forth in the Settlement Agreement ("SA"), attached hereto as **Exhibit 1**.

## PROPOSED CLASS COUNSEL'S PROSECUTION OF THE ACTION

**Proposed Class Counsel's Pre-Suit Investigation**

4.  Prior to filing the complaint, on behalf of their clients, JSLF and the leadership firms took significant steps to identify, investigate, and advance the claims in this litigation. Attorneys for JSLF performed substantial work investigating the merits of Plaintiffs' claims, including extensive investigation of the competitive cheerleading industry as to both All Star Cheer and School Cheer, and the markets for cheer competitions, cheer camps, and cheer apparel. JSLF consulted experts to analyze the competitive cheer industry and preliminarily assess the economics of the relevant markets and the viability of Plaintiffs' claims. JSLF also researched appropriate defendants and performed legal and factual research regarding Plaintiffs' claims under federal and state laws.

**Plaintiffs' Class Action Complaint and Defendants' Rule 12 Motions**

5.  On December 10, 2020, Plaintiffs filed their initial Class Action Complaint against Defendants Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Spirit Fashion & Supplies, LLC (collectively "Varsity"); U.S. All Star Federation, Inc. ("USASF"); Jeff Webb; Charlesbank Capital Partners LLC ("Charlesbank"); and Bain Capital Private Equity, LP ("Bain").[1] *See* ECF No. 1.

6.  On March 12, 2021, the Defendants each filed Motions to Dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF Nos. 57–60. On the same day they filed a joint

---

[1] On September 27, 2023, Plaintiffs named as Defendants Charlesbank Equity Fund VII, Limited Partnership, Charlesbank Equity Fund VIII, Limited Partnership, and Charlesbank Equity Fund IX, Limited Partnership (collectively, the "Charlesbank Funds") (collectively with Charlesbank, the "Charlesbank Defendants"); and Bain Capital Fund XII, L.P., Bain Capital Fund (DE) XII, L.P., and Bain Capital Fund (Lux) XII, (collectively the "Bain Funds") (collectively with Bain, the "Bain Defendants").

Motion to Strike Class Allegations pursuant to Fed. Civ. Pro. R. 12(f) and 23. *See* ECF No. 55. On April 15, 2021, Plaintiffs filed responses to Defendants' Motion to Dismiss and Motion to Strike. *See* ECF Nos. 67–69 and 70, respectively. Defendants filed their replies on April 29, 2021. *See* ECF Nos. 72–76.

7. On August 1, 2022, the Court issued an Order denying Bain and Charlesbank's Motion to Dismiss. *See* ECF No. 332. On the same day, the Court issued an Order granting Defendants' Motion to Dismiss as to Plaintiffs' claims under the laws of Alabama, Alaska, Colorado, Illinois, and Tennessee. *See* ECF No. 333.

8. On August 12, 2022, Plaintiffs filed a Motion for Reconsideration of the Court's Order dismissing Plaintiffs' Tennessee state law claims. *See* ECF No. 335. On August 26, 2024, Defendants filed a joint response. *See* ECF No. 345. Plaintiffs filed a reply in support of their Motion for Reconsideration. *See* ECF No. 348.

9. On August 31, 2023, the Court ruled on Plaintiffs' Motion for Reconsideration and Defendants' Motion to Strike Class Allegations. *See* ECF No. 475. Upon reconsideration, the Court rejected Defendants' arguments that Rule 23 is preempted by the Tennessee Consumer Protection Act's class action ban and allowed Plaintiffs' claims under the statute to proceed. *Id.* at 18. In addition, the Court denied Defendants' motion to strike the Injunctive Relief Class and State Law Damages Class. *Id.* at 2.

**Discovery**

10. At the outset of discovery, working in conjunction with counsel for the plaintiffs in the related *American Spirit* Action and *Fusion* Action, proposed Class Counsel negotiated a Discovery Coordination Order that enhanced judicial efficiency, avoided undue burden on parties and third parties, and promoted the just resolution of all cases. *See* ECF No. 159. Proposed Class

Counsel negotiated a comprehensive protocol for electronically stored information produced by all parties. *See* ECF No. 91. Additionally, proposed Class Counsel negotiated and drafted a Stipulated Protective Order governing confidential information. *See* ECF No. 62 (granting motion for Protective Order).

11. Discovery in this matter has been massive. It was also made more complicated and inefficient by the fact that much of the discovery was taken during the COVID pandemic, requiring much of the work to be performed remotely. Proposed Class Counsel secured the production of hundreds of thousands of documents from Defendants and non-parties. In addition, hundreds of thousands of lines of transactional data were produced reflecting payments by direct purchasers for products and services in the Relevant Markets during the relevant period.

12. Proposed Class Counsel were required to file numerous motions to compel compliance with document requests, interrogatories, and deposition requests served on Defendants. *See, e.g.*, ECF Nos. 100–103, 214, 215, 265, 269, 270, 274, 275, 290. Discovery matters were referred to Magistrate Judge Pham. Proposed Class Counsel prevailed on virtually every motion to compel, and many were submitted to Judge Lipman for review or reconsideration. Proposed Class Counsel also filed motions to compel compliance with subpoenas duces tecum served on non-parties. *See, e.g.*, ECF Nos. 212, 305.

13. In preparation for the numerous fact depositions, proposed Class Counsel (a) identified key documents to be used at each deposition, (b) prepared extensive deposition outlines, (c) coordinated deposition strategy and questioning with plaintiffs in the related American Spirit Action and Fusion Action (as well as logistics with Defendants in this case and additional parties in the American Spirit Action and Fusion Action), and (d) took or defended 39 fact depositions in this Action. This included depositions of Plaintiffs Jones and Lorenzen and

numerous former and current officers, managers, directors, or employees of Defendants Varsity and USASF, as well as numerous knowledgeable persons employed by the Charlesbank Defendants and Bain Defendants, respectively. Deponents included top executives and officers of Defendants, including Defendant Jeff Webb. Several depositions were conducted over two days. Virtually all depositions were conducted remotely.

14. Given the importance of expert issues, including economic issues in this case, proposed Class Counsel spent significant time strategizing during discovery and briefing, including working with their retained experts, Dr. Janet S. Netz, Dr. Randal Heeb, Dr. Jen Maki, and James H. Aronoff, to assess whether economic analyses and evidence common to each of the Settlement Classes would be capable of addressing (i) monopoly power, (ii) substantial foreclosure, (iii) common impact, (iv) aggregate damages, and (v) anticompetitive effects. The experts also analyzed merits issues, including liability, impact and damages. As is common in cases of this complexity and importance, the development of expert testimony is crucial for class certification, summary judgment and trial. Proposed Class Counsel devoted hundreds of hours and incurred millions of dollars in costs in developing this testimony.

15. Plaintiffs participated in extensive expert discovery. Each side submitted lengthy expert reports, and each expert was deposed. The need for extensive expert discovery illustrates the complexities of this case, which required proposed Class Counsel to grapple with and overcome numerous obstacles, including proving: (1) that Varsity had monopoly power over the Relevant Markets; (2) that the challenged conduct foreclosed a substantial amount of competition in the Relevant Markets; (3) that the challenged conduct elevated prices in the Relevant Markets above competitive levels; (4) aggregate damages suffered by the State Law Damages Class as a whole; and (5) that the challenged conduct had significant anticompetitive effects.

16.    Fact discovery closed on April 18, 2022, and expert discovery closed on January 24, 2023.

**<u>Plaintiffs' Amended Class Action Complaints</u>**

17.    On August 23, 2022, Plaintiffs filed a Motion for Leave to Amend their complaint. *See* ECF No. 344. On September 6, 2022, Defendants filed a joint response to Plaintiffs' Motion for Leave to Amend. *See* ECF No. 349. On September 16, 2022, Plaintiffs filed a reply in support of their Motion for Leave to Amend. On September 20, 2023, the Court granted Plaintiffs' Motion for Leave to Amend. *See* ECF No. 487.

18.    On September 27, 2023, Plaintiffs filed their Amended Class Action Complaint, adding the Charlesbank Funds and Bain Funds as Defendants. *See* ECF No. 489.

19.    On October 27, 2023, Defendants filed a joint Motion to Dismiss and to Strike Claims Previously Dismissed and Material Previously Struck. *See* ECF No. 511. Plaintiffs filed their response to Defendants' Motion to Dismiss and to Strike Claims Previously Dismissed and Material Previously Struck on November 22, 2023. *See* ECF No. 532. Defendants filed a reply on December 6, 2023. *See* ECF No. 536.

20.    On February 20, 2024, the Court denied Defendants' Motion to Dismiss and to Strike Claims Previously Dismissed and Material Previously Struck as moot and ordered Plaintiffs to file a second amended complaint. *See* ECF No. 574.

21.    On February 27, 2024, Plaintiffs filed their Second Amended Complaint. *See* ECF No. 575. The Second Amended Complaint is the operative complaint in this Action.

22.    On March 12, 2024, Defendants filed a joint Motion to Dismiss the Second Amended Complaint except as to Plaintiffs' claims under the laws of Colorado and Kansas. *See* ECF No. 581.

23. On March 18, 2024, the Court granted Plaintiffs' Motion to Add Class Representative. *See* ECF No. 591.

### *Daubert* Motions

24. On February 10, 2023, Plaintiffs filed a Motion to Exclude Johnathan M. Orszag and Dr. Kevin Murphy, in Part. *See* ECF No. 384. Defendants filed a response on March 31, 2023. *See* ECF No. 422. Plaintiffs filed a reply on April 28, 2023. *See* ECF No. 441. On February 6, 2024, the Court granted Plaintiffs' Motion to Exclude Johnathan M. Orszag in full and Dr. Murphy as to his opinion that event prices increased due to changes in demand. *See* ECF. No. 573.

25. On February 10, 2023, Defendants filed Motions to Exclude Dr. Janet S. Netz, James H. Aronoff, Dr. Randal Heeb, and Dr. Jen Maki. *See* ECF Nos. 382, 385, 388, 391. Plaintiffs filed their responses on March 31, 2023. *See* ECF Nos. 424, 425, 427, 429. Defendants filed their replies on April 28, 2023. *See* ECF Nos. 443, 445, 447, 448.

26. On January 9, 2024, the Court granted Defendants' Motion to Exclude James H. Aronoff. *See* ECF No. 568. On February 28, 2024, the Court denied Defendants' Motion to Exclude Dr. Netz in full except as to her limited opinion regarding Varsity's motives. *See* ECF No. 577. On March 6, 2024, the Court denied Defendants' Motion to Exclude Dr. Heeb in full except as to his limited opinion regarding Varsity's motives. *See* ECF No. 579. On the same day, the Court denied Defendants' Motion to Exclude Dr. Maki except as to her damages calculations for states in which Plaintiffs are not pursuing damages. *See* ECF No. 580.

### Plaintiffs' Motions to Certify Classes and Appoint Lead Counsel

27. On February 10, 2023, Plaintiffs filed their Motion for Class Certification. *See* ECF No. 387. Defendants filed their response on March 31, 2023. *See* ECF No. 420. Plaintiffs

filed a reply on May 25, 2023. *See* ECF No. 453. On the same day, Plaintiffs filed their Motion to Appoint Lead Counsel. *See* ECF No. 380. Defendants filed their response on February 24, 2023. *See* ECF No. 398. Plaintiffs filed a reply on March 15, 2023. *See* ECF No. 407. Since filing Plaintiffs' Motion for Class Certification, Settlement Counsel have learned through consultation with Plaintiffs' experts that the State Law Damages Class is likely comprised of approximately 340,000 individuals across 34 states, while the Injunctive Relief Class is likely comprised of millions of individuals nationwide.

**Defendants' Motion for Summary Judgment**

28. On July 28, 2023, Defendants moved for summary judgment. *See* ECF Nos. 466–473. Plaintiffs filed their response on September 15, 2023. *See* ECF No. 477–488. Defendants filed their replies on October 13, 2023. *See* ECF Nos. 503–508.

**Preparation for Trial**

29. The Court set trial for this matter on July 8, 2024. Following the setting of the trial date, proposed Class Counsel prepared the case for trial in earnest. Proposed Class Counsel prepared opening statements, direct examinations, cross-examinations and closing argument. Proposed Class Counsel conducted extensive jury work, including issue testing and other preparation for trial. Proposed Class Counsel hired jury consultants, trial graphics firms and incurred other significant trial preparation costs. Proposed Class Counsel prepared a list of trial exhibits and designated trial testimony, after reviewing all the depositions taken in the case. Preparation for trial alone consumed hundreds of additional hours of time and required the expenditure of significant funds.

**Mediation**

30. Plaintiffs and Defendants participated in three mediations in an effort to resolve the matter. The first mediation was conducted by David Wade of Martin, Tate, Morrow & Marston, P.C. on July 27, 2021. The mediation was unsuccessful. The second mediation was conducted by Randall Wolff on June 26, 2023. The mediation was unsuccessful.

31. On March 9, 2024, the Parties participated in a mediation before the Hon. Layn Phillips (ret.) of Phillips ADR. The Parties continued to negotiate in the weeks after the March 2024 full-day mediation with the assistance of Clay Cogman, Esq. of Phillips ADR, resulting in an agreement in-principle that led to the Proposed Settlement.

## THE PROPOSED SETTLEMENT

32. After extensive negotiations, on April 28, 2024, proposed Class Counsel and Defendants executed the Settlement Agreement (attached as **Ex. 1**). The Settlement provides for Defendants to pay $82.5 million in cash for the benefit of members of the State Law Damages Class, and to institute significant prospective relief that unwinds some of the key conduct challenged as allegedly anticompetitive in this case for the benefit of the Injunctive Relief Class. Based on Plaintiffs' experts' evaluation of the data, the State Law Damages Class numbers in the hundreds of thousands of persons, and the Injunctive Relief Class comprises millions of individuals. Even without considering the substantial prospective relief, the settlement amount reflects a significant portion of the damages computed by Plaintiffs' damages economist (Dr. Maki) in her report that was submitted during the expert discovery period.

33. All State Law Damages Class members will receive payment from the settlement fund in accordance with Plaintiffs' proposed Plan of Allocation, which (1) divides the Net Settlement Fund into pools based on the category of eligible purchases made by the Damages Class relating to Competitions, Camps and Apparel, as established by Plaintiffs' expert

economists in the litigation; and (2) provides payments on a pro rata basis determined by the number of years an eligible Claimant made valid purchases in each category.

34. The Net Settlement Fund is the Settlement Fund Amount after deductions for (a) the expenses of the Settlement Administrator and the costs of notice to the proposed Settlement Classes; (b) any tax obligation incurred as a result of interest earned on the Settlement Fund Amount; and (c) Settlement Class Counsel's Fee and Cost Amount and any Class Representative service awards. Proposed Class Counsel intends to seek an award for attorneys' fees equal to one-third of the Settlement Fund Amount (i.e., approximately $27.5 million) and reimbursable litigation costs of $9,250,249.14. Proposed Class Counsel intend to seek service awards of $50,000 each for Jessica Jones and Christina Lorenzen and $25,000 for Amy Coulson.

35. The Parties also, on April 28, 2024, reached a confidential Supplemental Settlement Agreement, providing that Defendants would be entitled to a rescind the Proposed Settlement if class members comprising a certain significant share of the relevant sales during the Class Period timely and validly opted out of the Proposed Settlement. The parties will be providing that Supplemental Agreement to the Court *in camera* for its review.

36. I know of no separate agreements or conflicts that would affect the settlement amount, the eligibility of Class Members to participate in the Settlement, or the treatment of Class Members' claims.

37. Proposed Class Counsel have collectively prosecuted numerous antitrust class actions as lead counsel or in other leadership positions. It represents a fair arm's length resolution of a complex hard fought antitrust class action. The proposed Settlement results from a successful mediation, after two prior unsuccessful efforts. We have each personally negotiated many class and non-class litigation settlements. It is the opinion of Class Counsel that the

Settlement Agreement with Defendants in this case is fair, reasonable, and adequate and is in the best interests of the Settlement Classes. The Settlement avoids the delay and uncertainly of continued protracted litigation against Defendants, represented by many of the most qualified law firms in the United States. Jury trials are inherently risky and uncertain. Even if Plaintiffs were to be successful at trial, Plaintiffs would face lengthy and uncertain appeals. The Proposed Settlement provides substantial benefits to members of the Settlement Classes through compensation and injunctive relief, and thus, in our considered view, the Court should approve the settlement.

## CONCLUSION

38. For the reasons set forth above and in the accompanying Memorandum of Law, I respectfully submit that under Rule 23(e), the Settlement's terms are fair, reasonable, and adequate in all respects and should be approved.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 13, 2024 in San Francisco, CA.

/s/ Joseph R. Saveri<br>
Joseph R. Saveri