# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into this 28th day of April 2024, by and among Defendants, as defined below, and Plaintiffs Jessica Jones, Christina Lorenzen, and Amy Coulson individually and as representatives of a class of consumers who indirectly paid Defendants for Competitive Cheer products and services in *Jones, et al. v. Varsity Brands, LLC, et al.*, Docket No. 2:20-cv-02892, currently pending before the Honorable Sheryl H. Lipman in the United States District Court for the Western District of Tennessee. Plaintiffs enter into this Settlement Agreement both individually and on behalf of the Settlement Classes, as defined below. This Settlement Agreement is intended by Defendants and Plaintiffs to fully, finally, and forever compromise, release, resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court.

**WHEREAS,** Plaintiffs allege, among other things, that Defendants engaged in an unlawful exclusionary scheme to eliminate competition in the Competitive Cheer market and artificially raise prices for Competitive Cheer products and services, in violation of Sections 1, 2 and 3 of the Sherman Act, 15 U.S.C. §§ 1-3, and the antitrust and consumer protection laws of various states;

**WHEREAS,** Defendants deny each and all of Plaintiffs' claims and allegations of wrongdoing arising out of any of the conduct, statements, acts or omissions alleged in the Action; have not conceded or admitted any liability in this Action, or that they violated any duty owed to Plaintiffs or the Settlement Classes; further deny the allegations that Plaintiffs or any member of the Settlement Classes were harmed by any conduct by Defendants alleged in the Action or otherwise; have asserted defenses to each of Plaintiffs' claims; and intend to continue with a vigorous defense of this Action if this Settlement Agreement is not approved by the Court;

1

**WHEREAS,** Plaintiffs and Defendants have engaged in extensive discovery regarding the facts pertaining to the Settlement Classes' claims and Defendants' defenses;

**WHEREAS,** Plaintiffs and Defendants agree that neither this Settlement Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations alleged in the Action;

**WHEREAS,** Plaintiffs have thoroughly analyzed the facts and law regarding the Action and have concluded that a settlement with Defendants according to the terms set forth below is fair, adequate, reasonable, and in the best interest of Plaintiffs and the Settlement Classes;

**WHEREAS,** despite their belief that they are not liable for the claims asserted against them in the Action, Defendants have decided to enter into this Settlement Agreement to avoid the expense, inconvenience, and distraction of burdensome and protracted further litigation, and thereby to put to rest this controversy with respect to the Settlement Classes and avoid the risks inherent in complex litigation;

**WHEREAS,** arm's-length settlement negotiations have taken place between Class Counsel and Defendants' Counsel, including through mediation;

**WHEREAS,** this Settlement Agreement, together with the Escrow Agreement, embodies all the terms and conditions of the settlement between Defendants and Plaintiffs, both individually and on behalf of the Settlement Classes; and

**WHEREAS,** the Parties have agreed to finalize this formal settlement agreement by April 28, 2024;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Settling Parties, in consideration of the covenants, agreements, and releases set forth herein, that the claims of Plaintiffs and the Settlement Classes be finally

and fully settled, compromised, released, and dismissed on the merits and with prejudice as to Defendants and the Releasees, without costs except as provided by this Settlement Agreement, upon and subject to the approval of the Court, following notice to the Settlement Classes, on the following terms and conditions:

## DEFINITIONS

The following terms, as used in any part of this Settlement Agreement, shall have the following meanings:

a.      "Action" means the action captioned *Jones, et al. v. Varsity Brands, LLC, et al.*, Docket No. 2:20-cv-02892-SHL-tmp, pending in the United States District Court for the Western District of Tennessee.

b.      "Affiliates" means entities controlling, controlled by or under common control with another entity.

c.      "Class Counsel" refers to Joseph Saveri Law Firm, LLP; PAUL LLP; Hartley LLP; Gustafson Gluek PLLC; and Turner Field, PLLC.

d.      "Class Period" means the period beginning December 10, 2016, and ending March 31, 2024.

e.      "Class Representatives" refers to Jessica Jones, Christina Lorenzen, and Amy Coulson.

f.      "Complaint" means the operative Second Amended Class Action Complaint, filed in this Action on February 27, 2024 (ECF No. 576).

g.      "Court" means the United States District Court for the Western District of Tennessee.

h.      "Defendants" means Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC (collectively, "Varsity"); U.S. All Star Federation, Inc. ("USASF"); Jeff Webb; Charlesbank Capital Partners LLC; Charlesbank Equity Fund VII, Limited Partnership; Charlesbank Equity Fund VIII, Limited Partnership; Charlesbank Equity Fund IX, Limited Partnership; Bain Capital Private Equity, LP; Bain

3

Capital Fund XII, L.P.; Bain Capital Fund (DE) XII, L.P.; and Bain Capital Fund (Lux) XII, SCSp.

i.       "Defendants' Counsel" means Cleary Gottlieb Steen & Hamilton LLP; Baker, Donelson, Bearman, Caldwell & Berkowitz; Locke Lord LLP; Butler Snow LLP; Quinn Emanuel Urquhart and Sullivan, LLP; Milbank LLP; and Martin, Tate, Morrow & Marston, P.C.

j.       "Effective Date" means the date on which all the following events and conditions have been met or have occurred:

i.       All Settling Parties have executed this Settlement Agreement;

ii.      The Court has entered an order granting final approval of this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and entered Final Judgment dismissing this Action with prejudice as to the Defendants; and

iii.     The time for any person with standing to appeal or to seek permission to appeal from the Court's approval of this Settlement Agreement and entry of Final Judgment as to the Defendants has expired, or, if appealed, the Court's approval of this Agreement and the Final Judgment as to the Defendants have been affirmed or undisturbed in their entirety by the court to which such appeal is taken and such affirmance has become no longer subject to further appeal or review; provided, however, a modification or reversal on appeal of any Fee and Cost Amount awarded by the Court or the Plan of Allocation approved by the Court shall not be deemed a modification of all or part of the terms of this Settlement Agreement or the Final Judgment. Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

k.       "Escrow Account" means that escrow account to be established with a bank or trust company pursuant to the terms and conditions of the Escrow Agreement.

l.        "Escrow Agent" means the bank or trust company that agrees to establish and maintain the Escrow Account pursuant to the terms of the Escrow Agreement.

m.        "Escrow Agreement" means an escrow agreement in a form mutually satisfactory to the Escrow Agent, Settlement Classes, and Defendants.

n.        "Fee and Cost Amount" means an amount to be sought by Class Counsel to provide payment of their reasonable attorneys' fees, reimbursement of their costs (including all costs related to settlement administration and notice to the Settlement Classes), and payment of service awards to the Class Representatives.

o.        "Final Judgment" means a final order approving the Settlement Agreement under Federal Rule of Civil Procedure 23(e) and dismissing the Action and all claims therein against Defendants with prejudice as to all Settlement Classes Members, together with entry of a final judgment sufficient under Rule 58 of the Federal Rules of Civil Procedure.  Notwithstanding the foregoing, the Settling Parties agree that the Court's determination of the Fee and Cost Amount, or modifications to any amounts of individual payments shall not affect whether a judgment or other order is deemed a Final Judgment.

p.        "IRS" means the United States Internal Revenue Service.

q.        "Person" means an individual or an entity.

r.        "Released Claims" means those claims released pursuant to Paragraphs 10-15 of this Settlement Agreement.

s.        "Releasees" refers jointly and severally, individually and collectively, to Defendants, and each of their former, past, and present, direct and indirect, parents, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and insurers, and their respective former, past, and present officers, directors, stockholders, members, general or limited partners, partnerships, employees, management companies, financial or investment advisors, co-investors, bankers, accountants, attorneys, executors, trusts, trustees, administrators, and anyone claiming by or through them, as identified in

Appendix A. The Releasees shall also include any direct or indirect majority or minority investor in any Releasee, as well as their respective past and present, direct and indirect, parents, subsidiaries, affiliates, divisions, predecessors, and successors, and their respective past and present officers, directors, stockholders, members, general or limited partners, partnerships, advisors (including financial or investment advisors), bankers, accountants, attorneys, executors, trusts, trustees, administrators, independent consultants, partners, and employees, and any fund or managed account managed or advised directly or indirectly by any Defendant or Releasee or its affiliates, and any entity that managed, manages, advised, or advises any fund or managed account that made a direct or indirect investment in any Releasee at any time and, as to each such entity, its past and present, direct and indirect, parents, subsidiaries, affiliates (including, but not limited to, management companies, funds, investment advisors, and investment entities), divisions, predecessors, and successors, and their respective past and present officers, directors, advisors, independent consultants, partners, and employees.

t.      "Releasors" refers jointly and severally, individually and collectively to each of the Plaintiffs and the Settlement Class Members, and to their respective past and present officers, directors, employees, agents, shareholders, attorneys, servants, representatives, parent companies, subsidiaries, Affiliates, divisions, partners, insurers, receivers, and bankruptcy trustees and the predecessors, successors, heirs, executors, executives, administrators, beneficiaries, estates, and assigns of any of the foregoing.

u.      "Settlement Administrator" means the entity approved by the Court to administer the Settlement Agreement according to its terms under the supervision of Class Counsel. Plaintiffs shall select the Settlement Administrator, subject to approval of the Court.

v.      "Settlement Fund Amount" means eighty-two million five hundred thousand dollars ($82,500,000.00) payable in lawful money of the United States, and any interest earned on amounts held in the Escrow Account.

w.      "Settlement Classes" means:

Injunctive Relief Class: All natural persons and entities in the United States that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, through March 31, 2024, for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions, including registration fees to USASF; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions, including registration fees to USASF.

State Law Damages Class: All natural persons and entities in Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Iowa, Kansas, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin, that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, through March 31, 2024, for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions.

Excluded from the Settlement Classes are Defendants, their parent companies, subsidiaries and affiliates, officers, executives, and employees; Defendants' attorneys in this case, federal government entities and instrumentalities, states or their subdivisions, and all judges and jurors assigned to this case.

x.      "Settlement Class Member" means any person who meets the "Settlement Classes" definition above and who has not timely and validly opted out of the settlement set forth in this Settlement Agreement.

y.      "Settling Parties" means, collectively, Plaintiffs, on behalf of themselves and the Settlement Classes, and Defendants.

z.      "Tax Expenses" means any tax payments, including interest and penalties due on income earned by the Settlement Fund Amount.

aa.      "Varsity Cheer Apparel" shall mean any item of clothing, including footwear, or accessory sold by Varsity that was intended for, purchased for, or used in conjunction with competitive cheerleading.

bb.      "Varsity Cheer Competitions" shall mean any cheer competition owned, hosted, sponsored by, and/or produced by Varsity.

cc.     "Varsity Cheer Camp Fees" shall mean any money paid directly or indirectly for attendance at a cheerleading camp owned, hosted, sponsored by, and/or produced by Varsity.

A.     **Approval of This Settlement Agreement, Preliminary Approval, Notice, Final Approval and Judgment, and Dismissal of Claims**

1.     ***Best Efforts to Effectuate this Settlement.*** The Settling Parties shall use their best efforts to effectuate this Settlement Agreement and obtain a Court order that Defendants are excused from further proceedings in the Action, and Defendants shall cooperate in the Class Representatives' efforts to promptly seek and obtain the Court's preliminary and final approval of this Settlement Agreement and to secure the prompt, complete, and final dismissal with prejudice of the Action as to Defendants.

2.     ***Settlement Classes Certification.*** The Settling Parties hereby stipulate for purposes of settlement only that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied, and, subject to Court approval, the Settlement Classes, as defined above, shall be certified for settlement purposes only. Defendants have not waived and expressly reserve the right to oppose class certification and to seek an appeal under Rule 23(f) of the Federal Rules of Civil Procedure of any order certifying a class other than the Settlement Classes. Nothing in this Settlement Agreement may be used in any judicial or administrative proceedings respecting the propriety of class certification other than for purposes of effectuating this Settlement Agreement. The Court's certification of the Settlement Classes is not and shall not be deemed to be the adjudication of any fact or issue for any purpose other than the accomplishment of the provisions of this Settlement Agreement and shall not be considered as law of the case, res judicata, or collateral estoppel in this or any other proceeding unless the Court has entered Final Judgment.

3.     ***Motion for Preliminary Approval and Notice to Class.*** Unless modified by the Court, within fifteen (15) days from the date of execution of this Settlement

Agreement, Plaintiffs shall submit the executed Agreement to the Court with a motion for preliminary approval (the "Preliminary Approval Motion"). The Preliminary Approval Motion shall request entry of an order in form and substance mutually satisfactory to the Settling Parties, preliminarily approving the settlement, authorizing dissemination of notice to the Settlement Classes that includes notice of the opportunity to timely opt out, and scheduling a fairness hearing for final approval of the settlement. Additionally, Plaintiffs may seek an award of the Fee and Cost Amount.

4.    *Notice.* Class Counsel shall, in accordance with Rule 23(c)(2) of the Federal Rules of Civil Procedure, and unless modified by the Court, direct the Settlement Administrator to provide the Settlement Classes with notice within thirty (30) calendar days after the Court's order granting the Preliminary Approval Motion (the "Preliminary Approval Order"), pursuant to Paragraph 17 of this Settlement Agreement. The Preliminary Approval Motion shall include the proposed form of, method for, and timetable for disseminating notice to the Settlement Classes and ask the Court to find that the proposed form of and method for dissemination of the notice to the Settlement Classes constitutes valid, due and sufficient notice to the Settlement Classes, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

5.    *Dissemination of Notice.* Class Counsel shall propose, and Defendants' Counsel shall not unreasonably oppose, that the Notice be disseminated using a methodology developed by the Settlement Administrator.

6.    *Settlement Administrator.* The Settlement Classes shall retain a Settlement Administrator that shall, under the direction of Class Counsel, be responsible for the notice administration process, distribution of the Settlement Fund to the Settlement Classes, withholding and paying applicable taxes, and other duties as provided herein. Class Counsel shall obtain approval by the Court of the choice of Settlement Administrator. The Settlement Administrator shall sign and be bound by the Protective

9

Order entered in the Action. The fees and expenses of the Settlement Administrator shall be reimbursed out of the Settlement Fund Amount. Defendants shall provide funds for settlement administration in accordance with Paragraph 16(a). This amount shall be immediately available for reimbursement of actual costs, fees, and expenses related to providing notice to the Settlement Classes. Such costs, fees, and expenses related to providing notice to the Settlement Classes shall be paid exclusively from the Settlement Fund and shall not revert to Defendants under any circumstances.

7. ***Motion for Final Approval and Entry of Final Judgment.*** Not less than thirty-five (35) calendar days before the date set by the Court to hold a fairness hearing to consider whether this Settlement should be finally approved, Class Representatives shall submit, in consultation with Defendants, a Motion for Final Approval of the Settlement. Defendants shall not object to a Motion for Final Approval of the Settlement by the Court seeking the following:

      a.    Fully and finally approving this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Classes within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

      b.    Finding that the notice given to the Settlement Classes constitutes the best notice practicable under the circumstances and complies in all respects with the due, adequate, and sufficient notice requirements of Federal Rule of Civil Procedure 23, and meets the requirements of due process;

      c.    Directing that the Action and all claims therein be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

      d.    Discharging and releasing the Releasees from the Released Claims;

e.      Permanently barring and enjoining the institution and prosecution, by any Settlement Class Member, of any other action against the Releasees based on the Released Claims;

f.      Reserving continuing and exclusive jurisdiction over the settlement and this Settlement Agreement, including all future proceedings concerning the administration, interpretation, consummation, and enforcement of this settlement, to the United States District Court for the Western District of Tennessee;

g.      Finding under Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay and directing that the judgment of dismissal as to Defendants shall be final and entered forthwith; and

h.      Requiring Class Counsel to file with the Clerk of the Court under seal a record with the names and addresses of individuals who timely opt out of the Settlement Classes and to provide a copy of the record to Defendants' Counsel.

No later than five (5) business days after the Court fully and finally approves this Settlement Agreement and its terms, Plaintiffs shall seek entry of Final Judgment of the Action.

8.      ***Effect on Continued Proceedings against Defendants.*** On the date the Court enters an order preliminarily approving the Settlement Agreement, Plaintiffs and each Settlement Class Member, and anyone claiming through or on behalf of them, shall be barred and enjoined from commencing, instituting, continuing to prosecute, intervening in, participating in as class members or otherwise, or receiving any benefits or relief from any action or any proceeding against Defendants in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against the Releasees and any claims arising out of, relating

to, or in connection with the defense, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the terms of this Settlement Agreement.

9. ***Notification of Federal and State Officials.*** Defendants shall notify federal and state officials of the Settlement as specified in 28 U.S.C. §§ 1715(a) & (b).

**B.** **Release and Discharge**

10. ***Released Claims.*** In addition to the effect of the Final Judgment entered in the Action, on the Effective Date and in consideration of payment of the Settlement Fund Amount described in Paragraph 16 of this Settlement Agreement, the Releasees shall be fully, finally, and forever released, acquitted, and discharged from any and all manner of claims, demands, rights, actions, suits, and causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties, injuries, attorneys' fees, judgments, liens, losses, debts, obligations, guarantees, indemnities, and obligations of every kind and nature in law, equity, or otherwise that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, jointly or severally, whether known or unknown, relating in any way whatsoever to the claims, demands, or causes of action asserted in the Action or arising out of the factual predicate alleged in the Second Amended Complaint filed in the Action. The Parties intend for this release to extinguish all claims that have been or could have been brought by the Releasors based on the matters set forth or otherwise alleged or referred to in the Second Amended Complaint filed in the Action. For the sake of clarity, the Settling Parties recognize and agree that (1) Released Claims shall include claims that are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, disclosed or undisclosed, contingent or accrued, regardless of the type or amount of relief or damages claimed; and (2) Released Claims shall include

any unknown claims regardless of whether, if known by Releasors, such claims might have affected this Settlement Agreement with Defendants and the release of the Releasees.

11.     The Released Claims do not include any claim arising in the ordinary course between (a) any of the Releasees, on the one hand and (b) Plaintiffs, Settlement Class Members, or Releasors, on the other hand, for any product defect, breach of warranty, breach of contract, claim under the Uniform Commercial Code, claims for personal or bodily injury (including claims for sexual or emotional abuse, whether direct, indirect, or vicariously), claims for violation of ERISA, claims for discrimination, classification or misclassification, workplace safety, employee leave or benefits or claims under the WARN Act, or overtime pay under the Fair Labor Standards Act or similar state labor codes.

12.     ***Covenant Not to Sue.*** Releasors, and anyone claiming through or on behalf of them, shall not sue or otherwise seek to establish liability against Defendants or any of the Releasees based, in whole or in part, on any of the Released Claims. Releasors acknowledge that they and Defendants each consider it to be a material term of this Settlement Agreement that all Releasors will be bound by the provisions of this paragraph.

13.     ***Select Relinquishment of Rights.*** Upon final approval and entry of Final Judgment by the Court, Defendants waive and relinquish as against each Settlement Class Member any rights that they might otherwise have pursuant to arbitration agreements, forum selection clauses, or jury waiver clauses with respect to the Released Claims.

14.     ***Waiver of California Civil Code Section 1542 and Similar Laws.*** The Releasors acknowledge that for the consideration received hereunder, it is their intention to release, and they are releasing all Released Claims, whether known or unknown. In furtherance of this intention, the Releasors expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California

13

Civil Code Section 1542 ("Section 1542") and similar statutes or common law principles in other states. The Releasors acknowledge that they have been advised by Class Counsel of the contents and effects of Section 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

15. ***Express Waiver of Rights.*** The provisions of the Release set forth above in Paragraph 10 shall apply according to their terms, regardless of provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. The Releasors may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasors hereby expressly waive and fully, finally, and forever relinquish any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release and covenant not to sue set forth in Paragraphs 10, 11, and 12.

**C.** **Settlement Consideration: Payment**

16. ***Settlement Payment.*** Defendants, jointly and severally, agree to pay the Settlement Fund Amount in the following installments:

      a.    A non-reversionary payment to cover the notice and settlement administration fees. Plaintiffs shall solicit a competitive bid for notice and settlement administration, select a vendor, and provide a good faith estimate of the cost to Defendants. This payment shall not exceed $2.5 million. This payment will be fully funded into the escrow account within thirty (30) calendar days from the later of

the date the Preliminary Approval Order is entered on the Court's

docket and the date the amount is provided in writing to

Defendants with accompanying documentation of the selected

vendor.

b.      The Balance of the Settlement Fund Amount (the "Settlement

Fund Amount" less the amount disbursed under Paragraph 16(a)

will be deposited into an Escrow Account within thirty (30)

calendar days from the date the Court's Final Approval of the

Settlement Agreement is no longer subject to appeal by anyone,

including, for example, any objector to the Settlement. The Parties

agree that they will not appeal the Court's Final Approval of the

Settlement. The Parties agree that the deposit will be due even if an

appeal is taken. Subject to Paragraph 16(c) of this Agreement, the

Balance of the Settlement Fund, along with any accrued interest,

will revert to Defendants in the event an appeal is successful.

c.      For the avoidance of doubt, a modification or reversal on appeal of

any Fee and Cost Amount awarded by the Court or of the Plan of

Allocation approved by the Court shall not trigger any reversion of

any portion of the Settlement Fund Amount, including the Balance

of the Settlement Fund or any interest accrued thereon.

d.      Neither the provisions of Rule 60 of the Federal Rules of Civil

Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken

into account in determining the deadlines stated above in

Paragraphs 16(a)-(b).

17.     ***Notice, Fees, and Costs.*** Upon entry of the Court's order granting the

Preliminary Approval Motion (the "Preliminary Approval Order"), Plaintiffs and the

Settlement Administrator shall provide notice to the Settlement Classes as set forth in the

Preliminary Approval Order. Costs, fees, and expenses related to administering the settlement, including providing notice to the Settlement Classes, shall be paid out of the Settlement Fund Amount.

18.  ***No Additional Payments by Defendants.*** Under no circumstances will Defendants or any of the Releasees be required to pay more than the Settlement Fund Amount, and under no circumstances shall this Settlement Agreement be construed to require Defendants or any of the Releasees to make any other payments.

19.  ***No Other Discovery.*** From the date this Settlement Agreement is fully executed, neither Defendants nor Plaintiffs or any Settlement Class Member, shall file motions against the other or initiate or participate in any discovery, motion practice, or proceeding directly adverse to the other in connection with the Action, except as specifically provided for herein. Defendants and Plaintiffs shall not be obligated to respond or supplement prior responses to formal discovery that have been previously propounded by the other in the Action. Defendants shall retain the right, by motion or otherwise, to protect, or attempt to protect, from disclosure any and all documents and information designated as Confidential and/or Attorneys' Eyes Only under the Discovery Confidentiality Order in this Action (ECF No. 62).  Plaintiffs shall not take a position regarding any such efforts.

**D.     Settlement Fund Amount**

20.  ***Exclusivity of Relief in Settlement Fund Amount.*** Each Settlement Class Member shall look solely to the Settlement Fund Amount for settlement and satisfaction, as provided herein, of all claims released by the Releasors under Paragraphs 10-15 herein. Except as provided by order of the Court after finally approving the Settlement Agreement, no Settlement Class Member shall have any interest in the Settlement Fund Amount or any portion thereof. Service awards to Class Representatives may be ordered or authorized by the Court and paid from the Settlement Fund Amount. Any payment or lack of payment of service awards shall have no effect on the finality of the Settlement

Agreement or the claims released by the Releasors under Paragraphs 10-15 of this Settlement Agreement.

21.     ***Escrow Fund Interest.*** Payments into the Escrow Account may, when made, be invested in instruments secured by the full faith and credit of the United States, and any interest earned thereon shall add to and become part of the Settlement Fund Amount.

22.     ***Allocation of Settlement Fund Amount***. All Settlement Class Members will receive payment from the Settlement Fund Amount and shall only be excluded from receiving payment if they timely and validly opt out in accordance with the procedures set forth in the notice served on the Settlement Classes, subject to approval by the Court. Allocating the Settlement Fund Amount among the Settlement Classes shall be based on a Plan of Allocation approved by the Court and implemented by the Settlement Administrator. The proposed Plan of Allocation shall also comply with Paragraph 32. Defendants reserve and retain any and all legal rights to object to or otherwise respond to the Plan of Allocation proposed by Plaintiffs and/or to propose their own Plan of Allocation to the Court.

23.     ***No Liability for Distribution of Settlement Fund Amount.*** Except as provided in Paragraph 16, neither Defendants nor any of the Releasees shall have any responsibility for, financial obligation for, or liability whatsoever with respect to the investment, distribution, use, or administration of the Settlement Fund Amount, including, but not limited to, the costs and expenses of such investment, distribution, or administration. Defendants, and Releasees shall likewise have no responsibility for, financial obligation for, or liability whatsoever with respect to distribution of the Settlement Fund Amount. Defendants shall not be responsible or otherwise liable for any disputes relating to the amount, allocation, or distribution of any attorneys' fees, costs, or service awards.

24.      ***Distribution of Settlement Fund Amount.*** After the Effective Date, the Settlement Fund Amount will be distributed in accordance with the Court's orders and this Settlement Agreement, including a Plan of Allocation that Class Counsel shall submit at the appropriate time for approval by the Court.

25.      ***No Opt-Out Reduction.*** There shall be no reduction of the Settlement Fund by reason of any Settlement Class Member timely and appropriately opting out of the Settlement.

E.      **Attorneys' Fees and Reimbursement of Costs; Service Awards**

26.      Class Counsel may, in its sole discretion, seek an award of the Fee and Cost Amount at the time of filing the Preliminary Approval Motion or at such later time as Class Counsel deems appropriate. Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed.

27.      Any order or proceeding relating to any application for, or approval of, the Fee and Cost Amount, the pendency of any such application, or any appeal or review of an order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Final Judgment.

28.      Class Counsel shall have sole authority to determine the allocation of attorneys' fees awarded by the Court. Defendants and the Releasees shall have no responsibility for and no liability whatsoever with respect to the division of attorneys' fees and expenses among Class Counsel, and any negotiation or dispute among Class Counsel in that regard shall not operate to terminate or cancel this Settlement Agreement

or affect or delay the finality of the Final Judgment. Defendants and the Releasees shall have no responsibility for and no liability whatsoever with respect to any payment to Class Counsel or to any other counsel representing any Plaintiff or any member of the Settlement Classes or to any other Person who may assert some claim thereto or to any other fee and expense award that the Court may make in this Action, other than as set forth in this Settlement Agreement.

29.     ***Service Awards***. Class Counsel may seek Court approval for service awards to the Class Representatives to compensate them for their participation in this Action. Such service awards shall be paid out of the Settlement Fund Amount after Court approval and the Effective Date, and in no event shall Defendants or any of the Releasees be obligated to pay anything in addition to the Settlement Fund Amount.

**F.     Disbursement of the Settlement Fund Amount**

30.     Disbursements of the Settlement Fund Amount may be distributed to Settlement Class Members in accordance with a Plan of Allocation subject to approval by the Court.

31.     The Settlement Fund shall be applied to pay Settlement Class Members their share of the Settlement Fund Amount according to the Plan of Allocation after the following deductions have been made:

   a.     the costs of all required notices and settlement administration;

   b.     any tax obligation incurred as a result of interest earned on the Settlement Fund Amount; and

   c.     Class Counsel's Fee and Cost Amount and any Class Representative service awards in the amount awarded by the Court.

32.     ***Balance Remaining in Settlement Fund Amount; No Reversion.*** If monies remain from the Settlement Fund Amount following all distribution efforts approved by the Court (whether by reason of tax refunds, uncashed checks, or otherwise), that cannot be economically or efficiently distributed to certain Settlement Class

Members (because of the costs of distribution as compared to the amount remaining), Class Counsel shall, with the agreement of Defendants, make an application to the Court for such sums to be used to make cy pres payments for the benefit of the members of the Settlement Classes.

**G.** **Settlement Consideration: Prospective Relief**

33.    Defendants agree to maintain, for a period of five (5) years from the date of execution of this Settlement Agreement, the following conduct:

a.    Varsity will not condition a Competitive Cheer athlete or team's eligibility to compete at an end-of-season championship competition on prior participation at a Varsity-owned Cheer Camp. To the extent that Varsity continues to require completion of Varsity's Squad Credentialing Program for attendance at such a competition, it will make such credentialing available without requiring attendance at a camp at a reasonable cost to teams or participants seeking Squad Credentialing.

b.    Varsity will not offer or require exclusive purchasing arrangements as a condition for participation in the Varsity Family Plan, Network Program, or any rebate or discount program relating to Cheer Competitions.

c.    Varsity will not require participants in 35% or more of its Cheer Competitions to stay at Varsity-approved accommodations as a prerequisite to their participation in Varsity-owned Cheer Competitions, including, without limitation, through Varsity's Stay to Play or Stay Smart programs.

d.    USASF will not disclose to any of its event producer members confidential information regarding cheer competition schedules or attendance records shared with USASF by another event producer

member that is affirmatively identified by that event producer member as "confidential" and either "not to be shared with any other USASF member" or other similar language. "Confidential information" does not include, without limitation, information that is publicly known at the time of disclosure to USASF or when it becomes publicly known at no fault of USASF (which may include through disclosure at a USASF Board or committee meeting), information that USASF learns from another source not subject to any confidentiality limitations, or information that is shared with USASF with the purpose or understanding that it will be shared with other members. For the purpose of effectuating this provision, within thirty days after the Court's Final Approval of the Settlement, USASF will provide notice to its event producer members that (1) they have the choice to designate any information shared with USASF as "confidential" and "not to be shared with any other USASF member"; (2) to exercise such choice, they must affirmatively identify the information as "confidential" and either "not to be shared with any other USASF member" or words to that effect in writing contemporaneous with their submission of such information to USASF; and (3) that any information shared with the USASF that is not so designated as confidential may be publicly disclosed or used for any legitimate USASF purpose. USASF will subsequently provide a similar such notice to its event producer members and applicants at or around the time that it circulates event producer membership applications each year.

e.    Within sixty days after final approval of this Settlement Agreement, Varsity will confirm to Class Counsel in writing that it

has implemented the provisions of Paragraphs 33(a)-(c) above, and USASF will confirm to Class Counsel that it has implemented the provision in Paragraph 33(d) above.

**H.      Rescission of the Settlement Agreement**

34.      ***Option to Rescind.*** If (a) this Settlement Agreement is not approved by the Court in substantially the form drafted and agreed upon by the Parties, including certification of the Settlement Classes; or (b) if any material objections to the Settlement Agreement are sustained by the Court; or (c) if final approval of this Settlement does not occur and the Court does not enter the Final Order and Judgment substantially in the form agreed to by the Parties; then Defendants and Class Representatives shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement in its entirety by providing written notice to the undersigned counsel, by personal delivery, email, or by overnight courier within ten (10) business days of an Order by the Court satisfying any of the preceding conditions in this paragraph. A modification or reversal on appeal of the Fee and Cost Amount awarded by the Court, the Class Representatives' service awards, or the Plan of Allocation shall not be deemed a modification of this Settlement Agreement or the Final Judgment and shall not provide an option to rescind under this paragraph.

35.      ***Supplemental Agreement.*** Defendants shall have the option to rescind this Agreement if a certain number of potential Settlement Members timely exclude themselves from the Settlement Classes as set forth in a confidential agreement which shall not be filed on the docket of this Action (the "Supplemental Agreement"). Notwithstanding that the Settling Parties have agreed to bring the substantive content of the Supplemental Agreement to the attention of the Court in a confidential letter to the Court, the Settling Parties shall keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.

36. ***Effect of Rescission Pursuant to Paragraphs 34 and 35.*** If the Settlement Agreement is rescinded, canceled, or terminated pursuant to either Paragraph 34 or Paragraph 35, any and all obligations pursuant to this Settlement Agreement shall cease immediately. In no event, however, shall any funds deposited pursuant to Paragraph 6 for notice and/or administration be refunded.

37. ***Use of Agreement as Evidence.*** This Settlement Agreement, regardless of whether it shall become final, and any and all negotiations, documents, and discussions associated with it, shall be governed by Rule 408 of the Federal Rules of Evidence and shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations made in the Action, and evidence thereof shall not be admissible or used directly or indirectly in any way in the Action or in any other action or proceeding, except an action to enforce or interpret the Settlement Agreement. The parties expressly reserve all of their rights if this Settlement does not become final in accordance with the terms of this Settlement Agreement.

**I.     Taxes**

38. ***Responsibility regarding Taxes.*** Class Counsel shall be solely responsible for directing the Settlement Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Fund Amount. Further, Class Counsel shall be solely responsible for directing the Escrow Agent to pay from the Settlement Fund, as and when legally required, any and all Tax Expenses. Class Counsel shall be entitled to direct the Escrow Agent in writing to pay customary and reasonable Tax Expenses, including reasonable professional fees and expenses incurred in connection with carrying out their responsibilities as set forth in this paragraph, from the Settlement Fund by notifying the Escrow Agent in writing. Defendants and the Releasees shall have no responsibility to make any tax filings or tax payments relating in any way to payments made pursuant to this Settlement Agreement.

39.     ***Settlement Administrator is IRS Administrator.*** For purposes of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "Administrator" of the Escrow Account shall be the Settlement Administrator, who shall timely and properly file or cause to be filed on a timely basis, all tax returns necessary or advisable with respect to the Escrow Account (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)).

40.     ***Treatment of Escrow Account.*** The Settling Parties shall treat, and shall cause the Settlement Administrator to treat, the Escrow Account as being at all times a "qualified settlement fund" ("QSF") within the meaning of Treas. Reg. § 1.468B-1. The Settlement Fund Amount will be invested in instruments secured by the full faith and credit of the United States or an interest bearing or non-interest bearing deposit obligation of Citibank N.A. insured by the Federal Deposit Insurance Corporation to the applicable limits, and any interest earned (or negative interest) thereon shall become part of (or paid from) the Settlement Fund Amount. Defendants shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund Amount or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Defendants and the Settlement Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification

as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations.

41. **_Treatment of Escrow Account as QSF._** The Settling Parties, their counsel, the Settlement Administrator, and the Escrow Agent agree that they will not ask the Court to take any action inconsistent with the treatment of the Escrow Account as a QSF. In addition, the Settlement Administrator and, as required, the parties shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-l(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

42. **_Settlement Fund Amount Interest._** Interest earned by the Settlement Fund Amount shall be for the benefit of the Settlement Classes.

43. **_Tax Withholding and Reporting._** Disbursements from the Settlement Fund Amount for the payment of any taxes shall be made by the Escrow Agent in accordance with all applicable state and federal statutes and regulations.

**J.      Miscellaneous**

44. **_Objections._** The procedures and requirements regarding Settlement Class Members' rights and options, including filing objections in connection with and/or appearing at the fairness hearing, are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objections to the Settlement Agreement, in accordance with such Settlement Class Member's due process rights. The Settling Parties will request that the Preliminary Approval Order further

25

provide that objectors who fail to properly or timely file their objections, along with the required information and documentation set forth above, or to serve them as provided above, shall not be heard during the fairness hearing, nor shall their objections be considered by the Court.

45.     ***Headings.*** The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning of this Settlement Agreement.

46.     ***No Party Deemed to Be the Drafter.*** None of the parties hereto shall be deemed to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

47.     ***Entire Agreement.*** This Settlement Agreement constitutes the entire agreement as between the Settling Parties pertaining to the settlement of the Action and supersedes any and all prior and contemporaneous undertakings of the Settling Parties in connection therewith. This is an integrated agreement. This Settlement Agreement may be modified or amended only by a writing executed by Class Counsel and Defendants' Counsel and approved by the Court.

48.     ***Determination of Illegal, Invalid, or Unenforceable Provision.*** With the exception of Paragraphs 10-15 of this Settlement Agreement, if any one or more of the provisions of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, such illegality, invalidity or unenforceability shall not affect any other provision if Defendants' Counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement Agreement. If any portion or all of Paragraphs 10-15 of this Settlement Agreement shall for any reason be held to be illegal, invalid or unenforceable in any respect, Class Representatives and Defendants shall each, in their sole discretion, have the option to rescind this Settlement Agreement in its entirety by providing written notice

to the undersigned counsel, by personal delivery, email, or by overnight courier within ten (10) business days of such holding.

49.     ***Retention of Rights***. Defendants retain their rights under the Protective Order in this Action (ECF No. 62) to seek to maintain the confidentiality of any of their documents so designated, including with respect to any appeal in the Action.  Plaintiffs will not take a position regarding any such efforts.

50.     ***Choice of Law.*** All terms of this Settlement Agreement shall be governed and interpreted according to the substantive laws of Tennessee without regard to its choice of law or conflict of laws principles.

51.     ***Consent to Jurisdiction.*** The Court retains exclusive jurisdiction over all matters relating to the implementation, enforcement, and performance of the Settlement Agreement. The Settling Parties hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or related to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement, including without limitation any suit, action, proceeding, or dispute relating to the Released Claims and Paragraphs 10-15 of this Settlement Agreement.

52.     ***Execution in Counterparts.*** This Settlement Agreement may be executed in counterparts by Class Representatives and Defendants, and a PDF signature shall be deemed an original signature for purposes of executing this Settlement Agreement and so executed shall constitute one agreement.

53.     ***Binding Effect***. This Settlement Agreement shall be binding on, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties. Without limiting the generality of the foregoing, each and every covenant and agreement herein shall be binding on all Settlement Class Members and all Releasees and Releasors.

54.     ***Timeframe.*** To the extent that any timeframe set out in this Settlement Agreement is ambiguous, said ambiguity shall be resolved by applying the convention contained in Rule 6 of the Federal Rules of Civil Procedure.

55.     ***Confidentiality of Settlement Negotiations***. Class Counsel shall keep strictly confidential and not disclose to any third party, including specifically any counsel representing any other current, future, or former party to the Action, any non-public information regarding the Settling Parties' negotiation of the settlement or the Settlement Agreement, except that the Settling Parties may file under seal any documents concerning this settlement or the negotiation of the Settlement Agreement in connection with a motion or proceeding to enforce or contest the terms of this Settlement Agreement. Information contained within this Settlement Agreement shall be considered public. After Preliminary Approval, the Settling Parties reserve the right to issue a press release regarding execution of the Settlement Agreement and the amount paid in connection with the Settlement Agreement. The Settling Parties agree that before Preliminary Approval of the Settlement Agreement, they shall not publish, issue, or cause to be issued any such press release concerning the Settlement Agreement. In response to media inquiries, the Settling Parties, and their counsel, agree to limit their response to "the parties have reached an agreement to settle the matter." However, the Settling Parties agree that nothing in this paragraph precludes or limits Defendants from communicating with their employees, limited partners, investors, or insurers about the Settlement Agreement as they deem appropriate in their sole discretion, and as contemplated by the prospective relief provisions in Paragraph 33 of this Settlement Agreement.

56.     ***Notices.*** Any notice or other communication required or permitted to be delivered to any party under this Settlement Agreement shall be in writing and shall be deemed properly delivered, given, and received when delivered either by hand, by registered mail, by courier or express delivery service, or by electronic mail, (or to such

other address or electronic mail address, as such party shall have specified in a written notice given to the other parties):

    If to Class Counsel:

        JOSEPH SAVERI LAW FIRM, LLP
        Joseph R. Saveri
        601 California Street, Suite 1505
        San Francisco, CA 94108
        Tel: (415) 500-6800
        jsaveri@saverilawfirm.com

    If to Defendants' Counsel:

        CLEARY COTTLIEB STEEN & HAMILTON LLP
        George S. Cary
        2112 Pennsylvania Avenue, NW
        Washington, DC 20037
        Tel: (202) 974-1500
        gcary@cgsh.com

        BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
        Grady Garrison
        165 Madison Avenue, Suite 2000
        Memphis, TN 38103
        Tel: (901) 526-2000
        ggarrison@bakerdonelson.com

        LOCKE LORD LLP
        Paule E. Coggins
        2200 Ross Avenue, Suite 2800
        Dallas, TX 75201
        Tel: (214) 740-8000
        pcoggins@lockelord.com

        QUINN EMANUEL URQUHART AND SULLIVAN, LLP
        Michael D. Bonanno
        1300 I Street NW, Suite 900
        Washington, DC 20005
        Tel: (202) 538-8000
        mikebonanno@quinnemanuel.com

        QUINN EMANUEL URQUHART AND SULLIVAN, LLP
        Christopher Tayback
        865 S. Figueroa Street, 10th Floor
        Los Angeles, CA 90017
        Tel: (231) 443-3000
        christayback@quinnemanuel.com

MILBANK LLP
Richard G. Parker
1850 K Street NW
Washington, DC 20006
Tel: (202) 835-7500
rparker@milbank.com

**IN WITNESS WHEREOF**, the Settling Parties hereto have agreed to this

Settlement Agreement as of the date first herein written above.

George S. Cary
Steven J. Kaiser
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
gcary@cgsh.com
skaiser@cgsh.com

*Attorneys for Defendants Varsity Brands,*
*LLC, Varsity Spirit, LLC; and Varsity*
*Spirit Fashions & Supplies, LLC*

Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com

*Attorneys for U.S. All Star Federation,*
*Inc.*

Paul E. Coggins
Brendan P. Gaffney
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

*Attorneys for Jeff Webb*

30

_[signature]_

Michael D. Bonanno
Ryan T. Andrews
QUINN EMANUEL URQUHART AND
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
mikebonanno@quinnemanuel.com
ryanandrews@quinnemanuel.com

Christopher Tayback
QUINN EMANUEL URQUHART AND
SULLIVAN, LLP
865 S Figueroa Street, 10th Floor
Los Angeles, CA 90017
Phone: (231) 443-3000
Fax: (231) 443-3100
christayback@quinnemanuel.com

_Attorneys for Defendants Bain Capital
Private Equity, LLC, Bain Capital Fund
XII, L.P., Bain Capital Fund (DE) XII,
L.P., and Bain Capital Fund (Lux) XII,
SCSp_

_[signature]_

Richard G. Parker
MILBANK LLP
1850 K. Street, N.W.
Washington, DC 20006
Phone: (202) 835-7500
Fax: (202) 263-7586
rparker@milbank.com

Scott A. Edelman
Katherine Kelly Fell
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Phone: (212) 530-5000
Fax: (212) 530-5219
sedelman@milbank.com
kfell@milbank.com

_Attorneys for Charlesbank Capital
Partners, LLC, Charlesbank Equity
Fund VII, LP,
Charlesbank Equity Fund VIII, LP, and
Charlesbank Equity Fund IX, LP_

31

Joseph R. Saveri
Ronnie Seidel Spiegel
David Seidel
Kevin E. Rayhill
Elissa A. Buchanan
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
dseidel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
TURNER FEILD, PLLC
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III
Ashlea Schwarz
PAUL LLP
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley
HARTLEY LLP
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com

Daniel E. Gustafson
Daniel C. Hedlund

Daniel J. Nordin
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

*Attorneys for Individual and
Representative Plaintiffs*

## APPENDIX A

Varsity Brands, LLC
Varsity Brands, Inc. (Delaware)
Hercules Achievement Holdings, LLC (Delaware)
Hercules Achievement, LLC (Delaware)
Hercules VB Holdings, LLC (Delaware)
Varsity Brands Holding CO., LLC (Indiana)
Varsity Spirit LLC
Varsity Spirit Fashions & Supplies, LLC
BCPE Hercules Holdings, LP (Delaware)
BCPE Hercules VB Topco, Inc. (Delaware)
BCPE Hercules Achievement Topco, Inc. (Delaware)
U.S. All Star Federation, Inc.
Bain Capital, LP
Bain Capital Private Equity
Bain Capital Fund XII, L.P.
BCIP Associates V, LP
Bain Capital Fund (Lux) XII, SCSp
Bain Capital Fund (DE) XII, L.P.
BCIP Associates V-B, LP
Randolph Street Ventures, L.P. 2018-88
Charlesbank Capital Partners, LLC
Charlesbank Associates Fund IX, Limited Partnership
Charlesbank Equity Fund VIII, Limited Partnership
Charlesbank Equity Fund VII, Limited Partnership
CB Offshore Equity Fund VIII, L.P.
CB Offshore Equity Fund VII, L.P.
CB Parallel Fund VII, Limited Partnership
Charlesbank Equity Coinvestment Fund VIII, Limited Partnership
Charlesbank Equity Coinvestment Fund VII, Limited Partnership
CB Associates Fund VIII, Limited Partnership
Charlesbank Equity Fund IX, Limited Partnership
CB Offshore Equity Fund IX, Limited Partnership
Charlesbank Executives Fund IX, Limited Partnership
CB Hercules Holdings, LLC
Charlesbank Equity Fund IX GP, Limited Partnership
Charlesbank Equity Fund VIII GP, Limited Partnership
Charlesbank Equity Fund VII GP, Limited Partnership
Charlesbank Capital Partners, LP
Jeff Webb