# EXHIBIT C

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE**
*Jones, et al. v. Varsity Brands, LLC, et al.,* Case No. 2:20-cv-02892

## <u>Notice of Class Action Settlement</u>

## An $82.5 million proposed Settlement will provide payments to persons who indirectly paid Varsity, such as through a gym or school, to participate in a Varsity cheer competition or camp, or to buy Varsity cheer clothing.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The Court has preliminarily approved a proposed $82.5 million settlement ("Settlement") for claims of competitive cheer athletes' families who indirectly paid for Varsity cheer competitions, camps, and/or apparel and also provides for changes in conduct to resolve a lawsuit called *Jones et al. v. Varsity Brands, LLC, et al.,* Case No. 2:20-cv-02892 (W.D. Tenn.) (the "Action").

- The Action was brought by certain competitive cheer athletes' families and alleged that Defendants ("Defendants"[1]) obtained and maintained control over the All Star Cheer and school cheer events marketplace, through acquisitions of rivals, exclusive dealing agreements, and collusion with USASF, in violation of antitrust laws. The Action alleges that this anticompetitive conduct caused Varsity to overcharge for participation in competitive cheer competitions and camps and for apparel. Defendants believe Plaintiffs' claims lack merit, that their conduct was pro-competitive, not anticompetitive, and that Defendants have valid defenses to Plaintiffs' allegations.

- The Settlement offers cash payments to members of the Class who file valid timely claim forms later in the process.

- Your rights are affected whether you act or don't act. Please read this Notice carefully. For the full terms of the Settlement, you should look at the Settlement Agreement available at www.CheerAntitrustSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM *[Deadline To Be Determined]* | The only way to get a payment. The claim form process will occur later. The instructions, including the deadline to submit a claim, will be available on the Settlement website after the Court grants final approval of the Settlement. |
| EXCLUDE YOURSELF *[Postmarked by Month, Day, Year]* | Get no payment. This is the only option that removes you from the Action so you aren't bound by the Settlement, and you can sue Defendants for damages only at your own expense for the claims in this case. Class Members cannot elect to be excluded from the Injunctive Relief Class. |
| OBJECT *[Postmarked by Month, Day, Year]* | Write to the Court about why you don't like the Settlement. |
| GO TO A HEARING *[Month, Day, Year]* | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | Get no payment. Give up your rights to sue Defendants. |

---

[1] Defendants include Varsity Brands LLC; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC; U.S. All Star Federation, Inc.; Jeff Webb; Charlesbank Capital Partners LLC; and Bain Capital Private Equity

# BASIC INFORMATION

| 1. Why did I get this Notice package? |
|---|

You or someone in your family may have paid to participate in a Varsity competition and/or camp and/or paid for Varsity apparel. The Court sent you this Notice because you have a right to know about a proposed class action settlement, and about all your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. You will be informed of the progress of the Settlement.

The Court in charge of the case is the United States District Court for the Western District of Tennessee, and the case is called *Jones, et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02892-SHL-tmp. The people who filed the class action are called the "Plaintiffs" and the companies and individual they sued are called the "Defendants."

| 2. What is this lawsuit about? |
|---|

The Action claimed that Defendants engaged in a concerted exclusionary scheme to acquire, maintain, and enhance Varsity's monopoly power in the markets for cheer competitions, cheer camps, and cheer apparel in the U.S., and have exploited Varsity's monopoly power to cause supra-competitive prices in those markets. Plaintiffs alleged that Varsity controlled more than 75% of each of those product markets and that Varsity leveraged its monopoly in these markets to erect barriers to entry in the other markets. As a result, Plaintiffs allege that they and the Classes overpaid for Varsity's cheer competitions, camps, and apparel.

| 3. What is a class action? |
|---|

In a class action, one or more people called "Class Representatives" (here Jessica Jones, Christina Lorenzen, and Amy Coulson) sue on behalf of other people with similar claims. All these people are a Class or Class Members. One Judge (in this case, U.S. District Court Judge Sheryl H. Lipman) resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. Why is there a Settlement? |
|---|

The Court didn't decide in favor of Plaintiffs or Defendants. The Plaintiffs think they could have won at trial. The Defendants think that the Plaintiffs wouldn't have won anything at trial. But there was no trial. Instead, both sides agreed to a settlement. This avoids the cost of a trial, and the Class Members get compensated. The Class Representatives and the attorneys think the Settlement is best for Class Members.

# WHO IS IN THE SETTLEMENT?

| 5. Who is included in the Settlement? |
|---|

Judge Lipman decided for this Settlement that there are two Classes described below:

**Damages Class:** everyone who fits this description is a member of the Damages Class:

> All natural persons and entities in Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Iowa, Kansas, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin, that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016 through March 31, 2024, for: registration,

entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions or Cheer Camps or purchased Varsity Cheer Apparel.

**Injunctive Relief Class:** everyone who fits this description is a member of the Injunctive Relief Class:

All natural persons and entities in the United States that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, through March 31, 2024, for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions, including registration fees to USASF; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions, including registration fees to USASF.

### 6. Are there exceptions to being included?

Yes. The following are excluded from the Classes: Defendants, their parent companies, subsidiaries and affiliates, officers, executives, and employees; Defendants' attorneys in this case, federal government entities and instrumentalities, states or their subdivisions, and all judges and jurors assigned to this case.

If you did not pay a gym or school to participate in a Varsity competition or camp, or for Varsity apparel between December 10, 2016, and March 31, 2024, you are not a Class Member or a part of this Settlement.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-877-796-7731 toll-free or visit www.CheerAntitrustSettlement.com for more information. Or you can fill out and return the claim form described in Question 9 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8. What does the Settlement provide?

Defendants have agreed to create an $82,500,000 fund to be distributed to Damages Class Members who send in valid claim forms.

All Damages Class Members that (a) do not exclude themselves from the Class by the deadline and (b) who file a valid and timely claim during a process that will occur later will be paid from the monies provided by Varsity in this Settlement (the "Settlement Fund"). The money in this Settlement Fund will also be used to pay, as approved by the Court:

- The cost of Settlement administration and notice, and applicable taxes on the Settlement Fund and any other related tax expenses;

- Money awards for Class Representatives for their service on behalf of the Class; and

- Attorneys' fees and reimbursement of expenses for Settlement Class Counsel.

After these amounts are deducted, the remainder is the Net Settlement Fund. It will only be distributed to Damages Class Members if the Court finally approves the Settlement and the plan for allocating the Net Settlement Fund to Damages Class Members.

In addition, under the Settlement, Defendants have agreed to the following business changes to begin on the date of the Court's final approval of the Settlement:

 a. Varsity will not condition a Competitive Cheer athlete or team's eligibility to compete at an end-of-season championship competition on prior participation at a Varsity-owned Cheer Camp. To the extent that

Varsity continues to require completion of Varsity's Squad Credentialing Program for attendance at such a competition, it will make such credentialing available without requiring attendance at a camp at a reasonable cost to teams or participants seeking Squad Credentialing.

b.  Varsity will not offer or require exclusive purchasing arrangements as a condition for participation in the Varsity Family Plan, Network Program, or any rebate or discount program relating to Cheer Competitions.

c.  Varsity will not require participants in 35% or more of its Cheer Competitions to stay at Varsity-approved accommodations as a prerequisite to their participation in Varsity-owned Cheer Competitions, including without limitation, through Varsity's Stay to Play or Stay Smart programs.

d.  USASF will not disclose to any of its event producer members confidential information regarding cheer competition schedules, or attendance records, shared with USASF by another event producer member that is affirmatively identified by that event producer member as "confidential" and either "not to be shared with any other USASF member" or other similar language. "Confidential information" does not include, without limitation, information that is publicly known at the time of disclosure to USASF or when it becomes publicly known at no fault of USASF (which may include through disclosure at a USASF Board or committee meeting), information that USASF learns from another source not subject to any confidentiality limitations, or information that is shared with USASF with the purpose or understanding that it will be shared with other members. For the purpose of effectuating this provision, within thirty days after the Court's Final Approval of the Settlement, USASF will provide notice to its event producer members that (1) they have the choice to designate any information shared with USASF as "confidential" and "not to be shared with any other USASF member"; (2) to exercise such choice, they must affirmatively identify the information as "confidential" and either "not to be shared with any other USASF member" or words to that effect in writing contemporaneous with their submission of such information to USASF; and (3) that any information shared with the USASF that is not so designated as confidential may be publicly disclosed or used for any legitimate USASF purpose. USASF will subsequently provide a similar notice to its event producer members and applicants at or around the time that it circulates event producer membership applications each year.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 9.  How can I get a payment?

If the Court approves the Settlement, the Court will then approve a Claim Form and set a deadline for Damages Class Members to submit a claim. To receive a payment, you must submit a valid Claim Form by the deadline that will be determined after the final approval hearing. The Claim Form will be posted on the Settlement website and available by calling the toll-free number 1-877-796-7731. Damages Class Members will be able to submit claims electronically using the Settlement website or through the mail. Information regarding filing a Claim Form will be mailed or emailed to Damages Class Members for whom the Settlement Administrator has valid and current addresses.

Right now, precisely how much each Damages Class Member will receive from the Net Settlement Fund is unknown. The amount of your payment, if any, will be determined by the Court-approved plan of allocation. The plan of allocation, subject to approval of the Court, can be summarized as follows:

> The Net Settlement Fund will be divided into pools based on the category of eligible purchases made by the Damages Class relating to Competitions, Camps and Apparel, as established by Plaintiffs' expert economists in the litigation. Purchases relating to Competitions will be allocated 53% of the Net Settlement Fund; purchases relating to Camps will be allocated 26% of the Net Settlement Fund; and purchases relating to Apparel will be allocated 21% of the Net Settlement Fund.

Payments from the Net Settlement Fund in each pool (Competitions, Camps, Apparel) will be calculated on a pro rata basis from the number of years an eligible Claimant made valid purchases in each category. The Settlement Administrator will perform the calculations and determine the payment each Class Member is entitled to receive upon receipt and validation of all eligible Class Member claims. If the claims submitted for a particular pool are disproportionate to the other pools, the Settlement Administrator has authority to revise the allocations to align with the claims submitted.

By signing the Claim Form, a Class Member will affirm under penalty of perjury certain information related to the Athlete's participation in an All Star Gym or school cheer team, as well as the types of purchases made in each year (competitions, camps, apparel). In addition, Class Members must submit documentation showing proof of participation in an All Star Gym or school cheer team. For example, an Athlete's All Star Gym invoice would suffice to show participation. The Settlement Administrator may require additional claim documentation and/or information after you submit your Claim Form. This may include, among other things, records relating to purchases claimed, events attended, or registered participants. Information related to proof of residence currently or at the time of the events relating to your claim may also be requested as part of the validation process. Claims may be selected for further review and/or rejected because of concerns related to fraud.

The Settlement Administrator will make decisions regarding claim submissions, including claim validity and amounts, with input from Settlement Class Counsel and Settlement Class Counsel's consulting economic expert. The complete Plan of Allocation will be available on the Settlement website, www. CheerAntitrustSettlement.com.

## 10. When would I get my payment?

The Court will hold a hearing on ▮▮▮▮▮▮, to decide whether to approve the Settlement. If Judge Lipman approves the Settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a valid claim form will be informed of the progress of the Settlement. Please be patient. We want to pay you as soon as possible.

## 11. What am I giving up to get a payment or stay in the Damages Class?

Unless you exclude yourself from the Damages Class, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you, including the release of claims contained in the Settlement Agreement, even if you don't file a Claim Form. The Settlement Agreement is available on the Settlement website at www. CheerAntitrustSettlement.com.

Specifically, the Settlement Agreement provides that the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any member of the putative Settlement Class has objected to the Settlement or makes a claim upon or participates in distribution of the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) under any federal, state, or local law of any jurisdiction in the United States, that Releasors, or each of them, ever had, now have, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof that arise out of the factual predicate alleged in or are reasonably related to or based upon the claims alleged in the Complaint in the Action prior to the Execution Date. For the avoidance of doubt, claims arising in the ordinary course between (a) any of the Releasees, on the one hand, and (b) Plaintiffs, Settlement Class Members, or Releasors, on the other, and arising under Article 2 of the Uniform Commercial Code (pertaining to sales) or similar state laws, the laws of negligence or product liability, strict liability, or

implied warranty, breach of contract, breach of express warranty, or personal injury (including claims for sexual or emotional abuse or harm, whether direct, indirect, or vicariously), will not be released. The claims described as being released in this paragraph are referred to herein as the "Released Claims."

By remaining in the Damages Class, upon the Effective Date of the Settlement, all Damages Class Members shall be deemed to have, and by operation of Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against any and all of the Releasees. Each Class Member shall be deemed to have released all Released Claims against all of the Releasees unless such Settlement Class Member exclude themselves in writing pursuant to a Notice Plan approved by the Court. All Class Members agree to be permanently barred and enjoined from commencing any action against any Releasee with respect to the Released Claims, except for Damages Class Members who elect to be excluded from the Damages Class and retain the right to sue for damages only.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 12. How do I get out of the Settlement?

To exclude yourself from the Damages Class, you must send a letter by mail saying that you want to be excluded from *Jones, et al. v. Varsity Brands, LLC, et al*. Be sure to include your name, address, telephone number, and your signature, as well as your statement that you want to be excluded from the Damages Class. You must mail your exclusion request postmarked no later than _____ to:

Cheer Settlement Administrator
Attn: Exclusion Requests
P.O. Box 58220
Philadelphia, Pennsylvania 19102

If you ask to be excluded from the Damages Class, you will not get any Settlement payment, and you cannot object to the Settlement. You may be able to sue Defendants for damages in the future for the claims in this case. You cannot exclude yourself from the Injunctive Relief Class.

### 13. If I don't exclude myself from the Damages Class, can I sue Defendants for damages later?

No. Unless you exclude yourself from the Damages Class, you give up any right to sue Defendants for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Damages Class to start or continue your own lawsuit for damages. Remember, the exclusion deadline is _____.

### 14. If I exclude myself from the Damages Class, can I get money from this Settlement?

No. If you exclude yourself from the Damages Class, do not send in a Claim Form to ask for any money. But you may sue, continue to sue, or be part of a different lawsuit against Defendants for damages only.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in the case?

Yes. The Court asked the law firms of Joseph Saveri Law Firm, LLP; Gustafson Gluek PLLC; HARTLEY LLP; PAUL LLP; and Turner Field, PLLC to represent you and the Class Members (called "Class Counsel"). You will not individually pay these lawyers. If you have any questions about the Notice or the Settlement, you can contact them. You can also hire an attorney at your own expense.

## 16. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $27,500,000 to them for attorneys' fees (which is one-third of the total Settlement value); reimbursement of expenses to them in the amount of $9,250,249.14; and payment of $50,000 to each of Jessica Jones and Christina Lorenzen, and $25,000 to Amy Coulson for their services as Class Representatives. The fees would pay Class Counsel for investigating and litigating the case and negotiating the Settlement. The Court may award less than these amounts. If the Court grants Class Counsel's requests, these amounts would be deducted from the Settlement Fund. Damages Class Members will not pay any individual attorneys' fees or expenses.

## OBJECTING TO THE SETTLEMENT

## 17. How do I tell the Court that I don't like the Settlement?

You can object to the Settlement if you don't like any of it and tell the Court why you think the Court shouldn't approve it. The Court will consider your views. To object, send a letter saying that you object to *Jones, et al. v. Varsity Brands, LLC, et al.* and include your name, address, telephone number, signature, and the reasons you object. Mail your objection to the following addresses, so that it is postmarked to the Court and Counsel no later than _____:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>U.S. District Court for the Western District of Tennessee<br>167 North Main Street<br>Memphis, Tennessee 38103 | Joseph Saveri<br>Joseph Saveri Law Firm<br>601 California Street Suite 1505<br>San Francisco, California 94108 | Steven J. Kaiser<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue, NV<br>Washington DC 20037 |

## 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you don't like something about the Settlement. Excluding yourself is telling the Court that you don't want to be part of the Damages Class. If you exclude yourself from the Damages Class, you have no basis to object to the Settlement Fund or Net Settlement Fund, and can only object to the injunctive relief portions of the settlement, detailed in Section 8(a) – (d).

## THE COURT'S FAIRNESS HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at ____ on _____, at the United Sates District Court for the Western District of Tennessee, Odell Horton Federal Building, 167 North Main Street, Memphis, Tennessee 38103. There, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Lipman will listen to people who have asked to speak. The Court may also decide how much to pay Class Counsel. After the hearing, she will decide whether to approve the Settlement.

**Important:** The time and date of the Fairness Hearing may change without additional mailed or published notice. For updated information on the hearing, visit: www. CheerAntitrustSettlement.com.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But you can come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend.

| 21. May I speak at the hearing? |
| --- |

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Jones, et al. v. Varsity Brands, LLC, et al*., Case No. 2:20-cv-02892-SHL-tmp (W.D. Tenn.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked to the Court no later than _____ and must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses provided in response to Question 17. You can't speak at the hearing regarding the Settlement Fund or Net Settlement Fund if you exclude yourself from the Damages Class.

# IF YOU DO NOTHING

| 22. What happens if I do nothing at all? |
| --- |

If you do nothing, you'll get no money from this Settlement. But, unless you exclude yourself from the Damages Class, you won't be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

| 23. Are there more details about the Settlement and how do I get them? |
| --- |

This Notice is a summary. For more information, contact the Settlement Administrator by phone toll-free at 1-877-796-7731, by email at info@CheerAntitrustSettlement.com, or write to Varsity Cheer Settlement Administrator, P.O. Box 58220, Philadelphia, PA 19102,  or visit the Settlement website, www.CheerAntitrustSettlement.com, where you will find answers to common questions about the Settlement, copies of court documents and the Settlement Agreement, information about filing a claim, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**Please Do Not Attempt to Contact Judge Lipman or the Clerk of Court with Any Questions.**