

601 CALIFORNIA STREET
SUITE 1505
SAN FRANCISCO CA 94108

TEL  415.500.6800
FAX  415.395.9940

May 15, 2024

<u>Via ECF</u>

The Honorable Sheryl H. Lipman
United States District Court
Western District of Tennessee
Odell Horton Federal Building
167 North Main Street
Memphis, TN 38103

    Re:    ***Jones v. Bain Capital Equity,***
                  **Case No. 2:20-cv-2892-SHL-tmp**

Your Honor:

On May 13, 2024, Plaintiffs filed the unopposed motion for preliminary approval of the proposed settlement agreed by the Parties on April 28, 2024 (the "Proposed Settlement" or "Agreement"). *See* ECF No. 606. Pursuant to Fed. R. Civ. P. 23(e)(3), Plaintiffs write to inform the Court that, on April 28, 2024, the Parties also entered into a supplemental agreement relating to Defendants' option to rescind the Agreement should a certain number of class members timely opt out of the Proposed Settlement (the "Supplemental Agreement"). A copy is attached hereto as **Exhibit 1**.

The Parties have agreed that they will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose it publicly. *See* Agreement (ECF No. 606-3), ¶ 35. This is because "[t]he threshold number of opt outs required to trigger [a] blow provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out." *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 250 (11th Cir. 2009); *see also In re Skelaxin (Metaxalone) Antitrust Litigation*, No. 1:12-MD-2343, 2015 WL 1486709, at *2 (E.D. Tenn., Mar. 31, 2015) (finding good cause to seal opt-out threshold because "[p]otential opt-outs may exploit this type of provision by demanding undue compensation for not scuttling the settlement"). Accordingly, Plaintiffs request that the Court review the Supplemental Agreement *in camera* and file it under seal.

The Honorable Sheryl H. Lipman
May 15, 2024
Page 2

Further, Plaintiffs submit that the Supplemental Agreement is fair, reasonable, and adequate under Rule 23 for the same reasons articulated in Plaintiffs' motion for preliminary approval of the Proposed Settlement and because blow up provisions that are the subject of the Supplemental Agreement "give plaintiff's counsel leverage to negotiate the strongest possible settlement to discourage opt outs." *Medina v. NYC Harlem Foods Inc.*, No. 21-CV-1321 (VSB), 2022 WL 1184260, at *6 (S.D.N.Y. Apr. 21, 2022) (citation omitted); *see also* Plaintiffs' Memorandum of Law (ECF No. 606-1), § IV.A.

Respectfully submitted,

*/s/ Joseph R. Saveri*

Joseph R. Saveri

cc:   Counsel of record (by ECF)