# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES, et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:20-cv-02892-SHL-tmp |
| ) | |
| VARSITY BRANDS, LLC, et al., ) | |
|     Defendants. ) | |

## ORDER DIRECTING INDIRECT PURCHASERS TO SUBMIT SUPPLEMENTAL BRIEFING REGARDING TERMS OF THE SETTLEMENT

Before the Court is Plaintiffs Jessica Jones, Christina Lorenzen, and Amy Coulson's (together, "Indirect Purchasers") Unopposed Motion for Preliminary Approval of Settlement, filed on May 13, 2024. (ECF No. 606.) Indirect Purchasers seek appointment of Joseph Saveri Law Firm, LLP as Lead Class Counsel, Gustafson Gluek PLLC, Hartley LLP, and Paul LLP as the Indirect Purchasers' Executive Committee, and Turner Field PLLC as Plaintiffs' Liaison Counsel pursuant to Rules 23(c)(1)(B) and 23(g). (ECF No. 380, 606-1 at PageID 35482.) However, additional information is necessary, as described below, to evaluate whether these appointments are appropriate.

The Court may appoint persons as class counsel if they are adequate under Rule 23(g)(1) and (4). Fed. R. Civ. P. 23(g)(2). In making this determination, information to consider includes:

    (i)    the work counsel has done in identifying or investigating potential claims in the action;

    (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii)    counsel's knowledge of the applicable law; and

    (iv)    the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A).  Other matters pertinent to counsel's ability to represent the interests of the class fairly and adequately may also be considered.  Fed. R. Civ. P. 23(g)(1)(B).

Based on the briefing and the docket, the Court is unable to determine the propriety of appointing the Executive Committee firms and Liaison Counsel.  Although each firm is undoubtedly experienced in complex litigation, none of them make any representations about their involvement in this case, and it is not obvious from the filings that the firms were substantially involved in the case.  Indirect Purchasers' supplemental briefing should detail and describe their involvement in this action, such as what documents they prepared, along with any other significant efforts they undertook during the pendency of this action.

For the reasons described above, the Court finds that a more thorough analysis of this issue is necessary for its assessment of the motion and the Proposed Settlement.  Plaintiffs are therefore **DIRECTED** to submit supplemental briefing clarifying this issue within **fourteen days** of entry of this Order.

**IT IS SO ORDERED,** this 17th day of May, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE