# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>    Defendants. | Case No. 2:20-cv-02892-SHL-tmp |

# SUPPLMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

**TABLE OF CONTENTS**

I. LEGAL STANDARD ...................................................................................................1

II. DISCUSSION ................................................................................................................2

    A. Executive Committee Counsel................................................................................3

        1. Gustafson Gluek PLLC................................................................................4

        2. Hartley LLP .................................................................................................5

        3. P<small>AUL</small> LLP....................................................................................................7

    B. Liaison Counsel .......................................................................................................8

III. CONCLUSION...............................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brigiotta's Farmland Produce & Garden Ctr., Inc. v. United Potato Growers of Idaho, Inc.*, No. 4:10-CV-307-BLW, 2010 WL 3928544 (D. Idaho Oct. 4, 2010) ...................................................................................................................1

*Fero v. Excellus Health Plan, Inc.*, No. 6:15-CV-6569 EAW, 2016 WL 297742 (W.D.N.Y. Jan. 25, 2016) .................................................................................2, 8

*Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853 (E.D. Mich. 2019) ............................................1

*In re Enzo Biochem Data Sec. Litig.*, No. CV 23-4282 (GRB) (AYS), 2023 WL 6385387 (E.D.N.Y. Sept. 29, 2023) ...................................................................1, 2

*In re Motorsports Merch. Antitrust Litig.*, 112 F. Supp. 2d 1329 (N.D. Ga. 2000)........................2

*In re Shopping Carts Antitrust Litig.*, MDL No. 451, 1983 WL 1950 (S.D.N.Y. Nov.18, 1983) ..................................................................................................2

*Lyman v. Ford Motor Co.*, No. 21-CV-10024, 2022 WL 856393 (E.D. Mich. Mar. 22, 2022) ......................................................................................................3

*Thomas v. Beech-Nut Nutrition Co.*, No. 1:21-CV-133, 2022 WL 18399665 (N.D.N.Y. Mar. 22, 2022)..........................................................................................8

**Federal Rules**

Fed. R. Civ. P. 23 .........................................................................................................................1

**Other Authorities**

*Manual for Complex Litigation* (FOURTH) (2007) ......................................................................2, 4

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

On May 13, 2024, Plaintiffs Jessica Jones, Christina Lorenzen, and Amy Coulson, on behalf of themselves and the proposed Settlement Classes, moved pursuant to Fed. R. Civ. P. 23(c)(1)(b) and 23(g) that the Court designate the Joseph Saveri Law Firm, LLP ("JSLF") as Lead Class Counsel; Gustafson Gluek PLLC ("Gustafson Gluek"), Hartley LLP, and PAUL LLP (together "proposed Executive Committee Counsel") as Executive Committee Counsel; and Turner Feild, PLLC ("Turner Feild") as Liaison Counsel. *See* ECF No. 606-1 at 24; *see also* ECF No. 380. Plaintiffs submit this supplemental memorandum of law in response to the Court's May 17, 2024 Order (ECF No. 609), directing Plaintiffs to "detail and describe [proposed Executive Committee and Liaison Counsel's] involvement in this action, such as what documents they prepared, along with any other significant efforts they undertook during the pendency of this action." *Id.* at 2. Plaintiffs' memorandum of law in support of their unopposed motion for preliminary approval of settlement is incorporated herein by reference. *See* ECF No. 606-1.

## I.  LEGAL STANDARD

Fed. R. Civ. P. 23(g)(1) provides that when certifying a class, a court "must appoint class counsel." In appointing class counsel, courts apply the following factors: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A). Courts also consider whether plaintiffs' counsel will "fairly and adequately represent the interests of the [putative] class." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 868 (E.D. Mich. 2019) (quoting Fed. R. Civ. P. 23(g)(4)). Further, "a court should consider establishing an executive committee if the litigation involves numerous complex issues [or] if there is a substantial amount of work to be done." *In re Enzo Biochem Data Sec. Litig.*, No. CV 23-4282 (GRB) (AYS), 2023 WL 6385387, at *3 (E.D.N.Y. Sept. 29, 2023) (citation and internal quotation marks omitted); *see also Brigiotta's Farmland Produce & Garden Ctr., Inc. v. United Potato Growers of Idaho, Inc.*, No. 4:10-CV-307-BLW,

2010 WL 3928544, at *1 (D. Idaho Oct. 4, 2010) (noting that "[c]ourts have also appointed an executive committee to assist in carrying out the fulfillment of leadership duties") (citation omitted). In addition, courts may appoint liaison counsel where "significant involvement from a local law firm . . . is important to effectively represent the class." *Fero v. Excellus Health Plan, Inc.*, No. 6:15-CV-6569 EAW, 2016 WL 297742, at *3 (W.D.N.Y. Jan. 25, 2016).

## II.   DISCUSSION

"An antitrust class action is arguably the most complex action to prosecute." *In re Motorsports Merch. Antitrust Litig.*, 112 F. Supp. 2d 1329, 1337 (N.D. Ga. 2000); *see also id.* (stating that "[t]he legal and factual issues involved are always numerous and uncertain in outcome"); *see also In re Shopping Carts Antitrust Litig.*, MDL No. 451, 1983 WL 1950, at *7 (S.D.N.Y. Nov.18, 1983) (noting that "antitrust price fixing actions are generally complex, expensive and lengthy") (citation omitted). This litigation was no exception. *See* ECF No. 606-1, § II.B; *see also* ECF No. 606-2 (Declaration of Joseph R. Saveri), ¶¶ 4–31; *see also* Supplemental Declaration of Joseph R. Saveri ("SSD"), ¶¶ 3–4.

Accordingly, due to the complexity of the issues and the substantial amount of work to be done in this action, proposed Class Counsel adopted and operated under a leadership structure in the interests of "achieving efficiency and economy without jeopardizing fairness to the parties." *Manual for Complex Litigation* (Fourth) § 10.221 (2007); *see also id.*, § 10.22 (encouraging counsel to organize and coordinate their efforts without court involvement); *see also In re Enzo Biochem Data Sec. Litig.*, 2023 WL 6385387, at *3 (E.D.N.Y. Sept. 29, 2023). Having filed the *Jones* Action, Joseph Saveri functioned as Lead Class Counsel. *See* SSD, ¶ 5. Gustafson Gluek, Hartley LLP, and Paul LLP functioned as Executive Committee Counsel. *Id.*; *see also* Declaration of Daniel J. Nordin ("Nordin Decl."); Declaration of Jason S. Hartley ("Hartley Decl."); Declaration of Richard M. Paul III ("Paul Decl."). Turner Feild functioned as Liaison Counsel. *See* SSD, ¶ 5; *see also* Declaration of Van D. Turner, Jr. ("Turner Decl.").

In his role, Mr. Saveri took primary day-to-day responsibility for all aspects of the

litigation. *See* SSD, ¶ 6. This included managing and supervising the attorneys and professional staff at JSLF. Also, due to the size and complexity of the action, JSLF relied on the participation of proposed Executive Committee and Liaison Counsel at all stages of the litigation.[1] *Id.*, ¶¶ 5–9; *see also infra*. Together, all counsel worked as a team. *Id.*, ¶ 7. Responsibility for projects and tasks were allocated and assigned to constituent members of that team. *Id.* Work was performed in a collaborative non-duplicative manner. *Id.* Firm resources were devoted to projects commensurate with the scope and complexity of each project. *Id.* All told, Plaintiffs' legal team demonstrated itself to be high performing and nimble, delivering the highest quality representation to Plaintiffs and the proposed Settlement Classes. *Id.* This included all phases of the litigation, including law and motion practice, document review, depositions, expert discovery, class certification, trial preparation, mediation, and, ultimately, settlement. *Id.* Defendants are well capitalized businesses, able to retain the highest quality representation to attempt to defeat Plaintiffs' claims. *Id.* The participation and contribution from all proposed Class Counsel firms was appropriate and necessary to achieve the outstanding result achieved on behalf of the proposed Settlement Classes. *Id.*; *see also Lyman v. Ford Motor Co.*, No. 21-CV-10024, 2022 WL 856393, at *11 (E.D. Mich. Mar. 22, 2022) (finding that a multi-tiered leadership structure would "ensure that sufficient resources will be available to handle the anticipated immense burdens of this litigation on behalf of the putative class").

    A.    **Executive Committee Counsel**

In the interest of efficiency and economy, JSLF tasked proposed Executive Committee Counsel with discrete non-duplicative research, drafting, and document review responsibilities, as well the responsibility of preparing for and attending certain depositions. *See* SSD, ¶ 8. For

---

[1] In performing the work described herein, proposed Executive Committee Counsel and Liaison Counsel devoted thousands of hours and significant resources toward litigating this case and obtaining significant relief for the proposed Settlement Classes. *See* SSD, ¶ 4. Plaintiffs will provide a detailed breakdown of proposed Class Counsel's individual and collective lodestar and reimbursable expenses in a subsequent motion for attorneys' fees and unreimbursed litigation costs and expenses.

example, proposed Executive Committee Counsel participated in briefing Plaintiffs' motion for class certification and opposing Defendants' motions to dismiss and summary judgment motions. *Id.* Proposed Executive Committee Counsel also participated in trial preparation. *Id.* Proposed Executive Committee Counsel participated in mediations and settlement negotiations. *Id.* A case of this scope and complexity required the participation of multiple firms and the division of labor between them. This case involved an antitrust conspiracy between and among Varsity affiliated entities, Charlesbank affiliated entities, Bain affiliated entities, USASF, and Jeff Webb. Evidence was required with respect to each to demonstrate liability, impact, and the damages allegedly caused by their respective conduct. The responsibilities delegated to proposed Executive Committee Counsel reflect the complexity of this challenge and are typical of duties often fulfilled by committees of counsel in complex litigation. *See, e.g.*, *Manual for Complex Litigation*, § 10.221 (2007) (stating that "lead counsel may task committees with preparing briefs or conducting portions of the discovery program if one lawyer cannot do so adequately"). Therefore, Plaintiffs respectfully submit that their request to designate Gustafson Gluek, Hartley LLP, and PAUL LLP as Executive Committee Counsel should be granted.

### 1. Gustafson Gluek PLLC

Gustafson Gluek was involved throughout all stages of this litigation. *See* SSD, ¶ 6; *see also* Nordin Decl., ¶ 3. For example, Gustafson Gluek was tasked with the following responsibilities:

- Analyzing and revising the original complaint prior to filing;

- Researching and drafting Plaintiffs' opposition to Defendant USASF's motion to dismiss;

- Researching and drafting Plaintiffs' opposition to Defendants' motion to strike Plaintiffs' class allegations;

- Analyzing discovery requests propounded by the direct purchaser plaintiffs in the *Fusion* Action to determine what additional requests Plaintiffs should propound and drafting such requests;

- Evaluating Defendants Bain and Charlesbank's respective discovery responses to assess sufficiency, challenging inappropriate objections and deficiencies and engaging in meet and confers, both by telephone conference, email, and letter, regarding

deficiencies and the negotiation of custodians and search terms;

- Researching and drafting Plaintiffs' motion to compel Defendants Bain and Charlesbank to produce sufficient responses to Plaintiffs' discovery requests;

- Analyzing and coding production documents, including documents that were produced by Defendants and third parties in this litigation and documents to be produced by Plaintiffs;

- Analyzing, researching, and summarizing the status of various state law claims after relevant orders from the Court;

- Preparing for and taking various depositions, including of key personnel from Defendants Bain and Charlesbank;

- Assisting co-counsel in the preparation for oral arguments on reconsideration of Defendants' motion to dismiss and motion to strike, including attending the in-person hearing on same;

- Summarizing deposition transcripts via deposition digests and the exhibits used therein via exhibit charts; and

- Researching and drafting Plaintiffs' opposition to Defendants' motion to exclude the expert testimony of Dr. Netz.

*Id.* Therefore, Gustafson Gluek should be designated Executive Committee Counsel.

### 2. Hartley LLP

Hartley LLP was involved throughout all stages of this litigation. *See* SSD, ¶ 6; *see also* Hartley Decl., ¶ 4. For example, Hartley LLP was tasked with the following responsibilities:

- Evaluating the draft complaint and researching causes of action to assert on behalf of Plaintiffs and the putative classes;

- Reviewing and evaluating Defendants' written discovery requests to Plaintiffs, and researching documents and information for responsive evidence to such requests;

- Analyzing and evaluating Defendants' discovery responses to determine adequacy, challenge inappropriate objections, and identify insufficiencies requiring follow up with Defendants;

- Researching and drafting a motion to compel Defendant Webb to provide sufficient responses after multiple meet and confer sessions;

- Analyzing and revising Plaintiffs' draft written discovery responses to Defendants' requests;

- Participating in telephone conferences with co-counsel regarding discovery negotiations with Defendants and strategizing Plaintiffs' approach to same;

- Proposing and negotiating search terms with Defendants for document searches and

- productions of Defendant custodians; researching, outlining and preparing motion to compel regarding same;

- Drafting discovery requests to Defendants regarding specific research items, such as the International Olympic Committee's recognition of competitive cheer;

- Analyzing and summarizing multiple deposition transcripts;

- Researching and assembling relevant documents in the record for expert analysis and use in various expert reports for Plaintiffs;

- Researching various legal issues including market definition, scienter requirement of different states' consumer protection statutes, liability of corporations for wholly owned subsidiaries under different states' laws, Plaintiffs' continuing violation theory regarding statute of limitations and tolling of same;

- Preparing for and/or participating in the depositions of several Defendant witnesses;

- Analyzing Defendants' expert reports for *Daubert* motions; researching, outlining and drafting Plaintiffs' motion to exclude Jonathan Orszag;

- Assisting with Plaintiffs' opposition to Defendants' motion to exclude James H. Aronoff;

- Assisting with Plaintiffs' response to Defendants' motion for Rule 11 sanctions;

- Assisting Plaintiffs' counsel in preparing for oral argument on Defendants' motion to strike and reconsideration of their motion to dismiss and attending in person hearing on same;

- Reviewing and analyzing Plaintiffs' reply brief in support of class certification;

- Reviewing Defendants' motion to strike the declaration of Dr. Jen Maki in support of Plaintiffs' motion for class certification;

- Assisting with preparation for the June 2023 and March 2024 in person mediations, including revising detailed mediation briefs and attending both mediations;

- Researching, outlining, and drafting Plaintiffs' opposition to Defendant Webb's motion to dismiss;

- Analyzing complaint filed by a Varsity competitor to determine whether it had any impact on our case;

- Assisting with trial preparations, including interviewing trial consultants, attending multiple focus group exercises, researching and drafting motions in limine, designating deposition testimony and identifying exhibits, preparing witnesses, creating a schedule, pretrial order and pretrial memorandum, and conducting strategy conferences with co-counsel to prepare for trial;

- Participating in the selection of a settlement administrator, including leading the bid process;

- Revising and strategizing the settlement term sheet and settlement agreement; and

- Researching class notice requirements under Sixth Circuit and Supreme Court precedent and assisting in preparing class notice documents and methodology.

*Id.* Therefore, Hartley LLP should be designated as Executive Committee Counsel.

### 3.    PAUL LLP

PAUL LLP was involved throughout all stages of this litigation. *See* SSD, ¶ 6; *see also* Paul Decl., ¶¶ 4-27. For example, Paul LLP was tasked with the following responsibilities:

- Providing substantial input into the drafting of the original complaint;

- Assisting with the drafting of the Plaintiffs' class certification briefings, including conducting legal and factual research on jury instructions for each state where Plaintiffs had pled state law antitrust claims, creating summary exhibits for the Court to support predominance and superiority arguments, and researching, drafting, and providing special verdict forms for each jurisdiction;

- Providing legal guidance and drafting input for Plaintiffs' oppositions to motions to dismiss filed by Defendants Bain, Charlesbank, and USASF;

- Providing legal briefing and analysis with respect to the parties' various *Daubert* motions;

- Analyzing and participating in the briefing of Plaintiffs' oppositions to Defendants' various motions for summary judgment;

- Participating in the written discovery process, document review, and the crafting of Plaintiffs' various requests for production;

- Negotiating search terms and custodians for various Defendants;

- Overseeing the review of the vast privilege logs for Defendants Bain, Charlesbank, and Jeff Webb;

- Participating in the drafting of the deposition protocol, including reviewing documents, researching the known custodians and applicable law, and putting together the factual predicate necessary to seek an exception to the presumptive ten deposition rule for briefing;

- Collaborating with co-counsel, as well as plaintiffs' counsel in the *Fusion* and *American Spirit* actions, to ensure an economical and efficient deposition phase;

- Actively participating in Defendant depositions;

- Providing drafting input for several 30(b)(6) deposition notices, including for the depositions of Defendants USASF, Bain, and Charlesbank;

- Preparing outlines of issues for trial, culling the evidence for documents and testimony to be used at trial, preparing for and participating in a jury focus group, and legal briefing for trial;

- Designating 40 depositions for trial and cutting video of those depositions to be played at trial;

- Maintaining master witness and trial exhibit lists;

- Creating demonstratives for trial, drafting motions in limine, and working with co-counsel on the trial strategy and implementation plan;

- Assisting with the preparation for the June 2023 and March 2024 mediations, including the drafting of mediation statements, and attending both mediations;

- Providing drafting input for the settlement term sheet, settlement agreement, and preliminary approval briefing; and

- Working with the proposed Settlement Administrator to draft notice forms and create a plan of allocation.

*Id.* Therefore, PAUL LLP should be designated as Executive Committee Counsel.

B.   **Liaison Counsel**

Courts consider the inclusion of local counsel to be "something . . . of great significance" in considering a leadership structure that would best meet the needs of the potential class. *Thomas v. Beech-Nut Nutrition Co.*, No. 1:21-CV-133 (DNH/CFH), 2022 WL 18399665, at *5 (N.D.N.Y. Mar. 22, 2022) (citation omitted). Here, proposed Lead and Executive Committee Counsel's attorneys were admitted before the Court *pro hac vice*. While local counsel was not strictly required for admission, given the complexity and size of this litigation, significant involvement from local counsel was important to effectively represent the proposed Settlement Classes. *See* Local Rule 83.4(d); *see also Fero*, 2016 WL 297742, at *3 (W.D.N.Y. Jan. 25, 2016). This is especially true given that Memphis is where Defendants Varsity and USASF are headquartered, Defendant Webb resides, and was the focal point of Defendants' alleged anticompetitive conduct. *See, e.g.*, *Thomas*, 2022 WL 18399665, at *5 ("Given that defendant's headquarters appears located within [the court's jurisdiction], having counsel within a reasonable distance and within this District will serve this litigation well and allow it to proceed most efficiently throughout the discovery process and beyond."). Accordingly, Plaintiffs retained Turner Feild—in particular, Van D. Turner, Jr., a respected class action antitrust attorney with over two decades of practice experience under this District's local rules. *See* SSD, ¶ 9; *see also*

Turner Decl., ¶ 4. Turner Feild was involved throughout all stages of this litigation. *See* SSD, ¶ 9; *see also* Turner Decl., ¶ 3. For example, Turner Feild:

- Evaluated the original complaint prior to filing, filed the complaint, and handled service of process issues and other preliminary matters;

- Assisted with researching and drafting Plaintiffs' opposition to Defendant Webb's motion to dismiss;

- Analyzed discovery requests and responses and motions to compel the same;

- Evaluated discovery responses and advised co-counsel as to the standard approach of the local bar in addressing discovery issues;

- Analyzed, researched, and summarized various orders from the Court;

- Attended key in-person hearings and advised counsel on local rules and procedures;

- Attended multiple telephone conferences with co-counsel regarding discovery negotiations, mediation, and trial preparation; and

- Assisted with securing trial consultants, which included providing feedback on potential issues with local jury.

*Id.* Therefore, Turner Feild should be designated as Liaison Counsel.

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs' request to appoint Gustafson Gluek PLLC, Hartley LLP, and Paul LLP as Executive Committee Counsel, and Turner Feild, PLLC as Liaison Counsel should be granted.

Dated: May 24, 2024

Respectfully submitted,

By:    /s/ *Joseph R. Saveri*
       Joseph R. Saveri

Joseph R. Saveri*
Ronnie Seidel Spiegel*+
David Seidel*
Kevin E. Rayhill*
Elissa A. Buchanan*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
dseidel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
**TURNER FEILD, PLLC**
2650 Thousand Oaks Boulevard, Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Ashlea Schwarz*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, California 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com

Daniel E. Gustafson*

Daniel C. Hedlund*
Daniel J. Nordin*
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*

+Located in Washington State

*Attorneys for Individual and Representative Plaintiffs*