# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | |

**SUPPLEMENTAL DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

## DECLARATION OF JOSEPH R. SAVERI

I, Joseph R. Saveri, declare the following under penalty of perjury:

1. I am the Founder and Managing Partner of the Joseph Saveri Law Firm, LLP ("JSLF"). My firm is one of the law firms representing Plaintiff in the above-captioned matter. The other law firms are Gustafson Gluek PLLC, Hartley LLP, and Paul LLP (together with JSLF, the "leadership firms"); and Turner Feild, PLLC (together with the leadership firms, "proposed Class Counsel"). I have been actively involved in prosecuting and resolving this action from its inception and have been supervising and managing it on a day-to-day basis at all times. I am familiar with its proceedings and have personal knowledge of the matters set forth in this Declaration. If called upon as a witness, I would be competent to testify to them.

2. I submit this Declaration in support of Plaintiffs' request that the Court designate Class Counsel pursuant to Fed. R. Civ. P. 23(c)(1)(b) and 23(g). Plaintiffs have requested that the Court designate me as Lead Class Counsel; Gustafson Gluek PLLC, Hartley LLP, and Paul LLP as Executive Committee Counsel; and Turner Feild, PLLC as Liaison Counsel.

3. The legal, factual, and logistical issues involved in this litigation are many and complex. For example, Plaintiffs alleged and were required to prove the existence and extent of Defendants' anticompetitive scheme, the existence and extent of Defendants' exclusionary practices, the duration of Defendants' exclusionary scheme, the participation of each Defendant, the anticompetitive effect of such conduct, antitrust injury, and damages. Defendants disputed every element of Plaintiffs' claims and raised affirmative defenses under various states statutes of limitation. Further, JSLF and proposed Executive Committee Counsel were in four cites (San Francisco, San Diego, Minneapolis, and Kansas City) across three geographically distant states, California, Minnesota, and Missouri; Defendants Varsity, USASF, and Webb were headquartered

or resided in Memphis, Tennessee, which was also the focal point of Defendants' alleged anticompetitive practices; and the Bain and Charlesbank Defendants were headquartered in Boston, Massachusetts. As such, discovery—particularly at the deposition phase, which was further complicated by travel restrictions due to COVID—required careful coordination between parties across various time zones.

4. The work required to prosecute this litigation was substantial. *See* ECF No. 606-2 (Declaration of Joseph R. Saveri), ¶¶ 4–31. For example, proposed Class Counsel conducted extensive pre-filing investigations without the benefit of government involvement or the ability to compel pre-complaint document production; engaged in extensive fact and expert discovery, including the review of hundreds of thousands of production documents and taking or defending 39 fact depositions; prepared and responded to numerous motions, including the parties' respective *Daubert* motions, Plaintiffs' motions for reconsideration and class certification, and Defendants' motions for summary judgment; participated in three in-person mediations and subsequent negotiations; and negotiated the proposed Settlement. In total, this litigation has generated over 35,000 filed pages. *See* ECF No. 609 at 2 (PageID 35606). Proposed Class Counsel devoted thousands of hours and significant resources toward litigating this case and obtaining significant relief for the proposed Settlement Classes.

5. Due to the complexity of the issues and the substantial amount of work to be done in this action, proposed Class Counsel adopted and operated under a leadership structure to streamline the litigation from its outset. Having filed this action, I functioned as Lead Class Counsel. Gustafson Gluek PLLC, Hartley LLP, and Paul LLP functioned as Executive Committee Counsel. Turner Feild, PLLC functioned as Liaison Counsel.

6. In my role, I took primary day-to-day responsibility for all aspects of the litigation. This included managing and supervising the attorneys and professional staff at JSLF. Due to the size and complexity of this action, JSLF relied on the participation of proposed Executive Committee and Liaison Counsel at all stages of litigation.

7. Plaintiffs' counsel all worked together as a team. Responsibility for projects and tasks were allocated and assigned to constituent members of that team. Work was performed in a collaborative non-duplicative manner. Firm resources were devoted to projects commensurate with the scope and complexity of each project. Plaintiffs' counsel demonstrated itself to be a high performing and nimble team, delivering the highest quality representation to Plaintiffs and the proposed Settlement Classes. This included all phases of the litigation, including law and motion practice, document review, depositions, expert discovery, class certification, trial preparation, mediation, and, ultimately, settlement. Defendants are well capitalized businesses, able to retain the highest quality representation to attempt to defeat Plaintiffs' claims. The participation and contribution from all the proposed Class Counsel firms was appropriate and necessary to achieve the outstanding result achieved on behalf of the proposed Settlement Classes.

8. In the interest of efficiency and economy, JSLF tasked proposed Executive Committee Counsel with discrete non-duplicative research, drafting, and document review responsibilities, as well the responsibility of preparing for and attending certain depositions. For example, proposed Executive Committee Counsel participated in briefing Plaintiffs' motion for class certification and opposing Defendants' motions to dismiss and summary judgment motions. Proposed Executive Committee Counsel also participated in trial preparation. Proposed Executive Committee Counsel participated in mediations and settlement negotiations.

9. Given the complexity and size of this litigation, the leadership firms considered involvement from local counsel important to effectively represent the proposed Settlement Classes. As such, Plaintiffs' retained proposed Liaison Counsel to advise the leadership firms with respect to this District's local rules and procedures and to assist, without limitation, with filing and service matters and securing trial consultants. Proposed Liaison Counsel was involved throughout all stages of this litigation.

10. For the reasons set forth above and in the accompanying supplemental memorandum of law, I respectfully submit that Plaintiffs' request to designate Lead Class Counsel, Executive Committee Counsel, and Liaison Counsel should be approved.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 24, 2024 in San Francisco, CA.

<i>/s/ Joseph R. Saveri</i><br>
Joseph R. Saveri