IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br><br><br>**JURY DEMAND** |

## DECLARATION OF RICHARD M. PAUL III
## IN SUPPORT OF APPOINTMENT AS CLASS COUNSEL

I, Richard M. Paul III, under penalty of perjury, hereby declare:

1. I make this declaration based on my personal knowledge and if called to testify to the contents hereof, I could and would competently do so.

2. I founded PAUL LLP in 2013, and it maintains its legal practice in Kansas City, Missouri. The firm generally handles class actions, mass torts, and antitrust litigations. Our practice spans the United States.

3. We are a trial firm and often serve as trial counsel in complex litigation. We routinely try cases to judges and juries in both state and federal court, as well as arbitrations.

4. In this matter, PLLP has been involved since day one. PAUL LLP, along with the Joseph Saveri Law Firm, Inc., Gustafson Gluek PLLC, and Bruce Turner, PLLC, filed the initial Class Action Complaint on December 10, 2020.

5. Since such time, we have been actively involved and committed to the prosecution of this antitrust case.

6. Specifically, my firm was materially involved in drafting pleadings, taking depositions, reviewing documents, trial preparation, and settlement resolution.

7. **Briefing.** PLLP participated in the briefing of pleadings, motions, and other court documents. This began by providing substantial input into the drafting of the original complaint.

8. PLLP also gave input and drafted various pretrial scheduling orders and participated in the legal analysis for most all of the significant pleadings that were submitted to the Court.

9. As an example, PLLP was involved in the drafting of the Motion and Memorandum in Support of Class Certification and Reply in Support. In addition to conducting legal and factual research and drafting of the briefs themselves, PLLP conducted extensive legal research on the jury instructions for each state where Plaintiffs had pled state law antitrust claims to attach to the Reply in Support of Class Certification, including creating summary exhibits for the Court to support predominance and superiority arguments. In addition, PLLP researched, drafted, and provided special verdict forms for each jurisdiction.

10. As the Court is aware, Defendants filed multiple motions to dismiss, both early on and later in the litigation. PLLP provided legal guidance and drafting for each; most notably those of defendants Bain, Charlesbank, and USASF.

11. Likewise, when the parties filed *Daubert* motions, PLLP provided legal briefing and analysis for each affirmative and defensive brief. PLLP took the lead on all briefing for arguments directed at Plaintiffs' experts Drs. Heeb and Maki and Defendants' experts Dr. Murphy and Mr. Orszag.

12. As a last example, PLLP analyzed and participated in the briefing of all Oppositions to Motions for Summary Judgment by the Defendants, individually and jointly. Specifically, PLLP took the lead on drafting the Opposition to USASF's Motion.

13. **Discovery.** PLLP participated in the written discovery process as well. Like all lead firms, PLLP devoted hundreds of hours to general and specific document review. Similarly, PLLP participated in the crafting of the Requests for Production of Documents served on Defendants.

14. Relatively early in the litigation, PLLP was actively involved in negotiating search terms and custodians for various Defendants.

15. PLLP was tasked with overseeing the review of the vast privilege logs for Bain, Charlesbank, and Jeff Webb. As an example, just one of Charlesbank's privilege logs included 7,920 entries. After review, PLLP took the lead on significant and extended meet and confers, which led to motions to compel that were drafted and argued by PLLP attorneys.

16. **Depositions.** Before depositions commenced, PLLP participated in negotiating and drafting the Deposition Protocol that was entered by this Court on November 15, 2021 (Doc. 159). For this, PLLP also reviewed documents, researched the known custodians, researched applicable law, and put together the factual predicate necessary to seek an exception to the presumptive 10 deposition rule for briefing.

17. Between *Fusion Elite* and *Jones*, there were over 50 depositions taken, the vast majority of which were Defendants' current and former employees. Where multiple cases noticed the deposition, PLLP attorneys collaborated with *Jones* co-counsel and the other two classes' counsel in advance of the depositions to ensure no overlap in questioning and/or when appropriate, to provide indirect purchaser's questions to the lead questioning counsel to ask so as to be as efficient as possible.

18. PLLP played an active role and substantively participated in eight (8) Defendant depositions, including Damianne Albee (Vice President of International Operations for Varsity Brands and former Director for Varsity All Star); Jeffrey Fowlkes (Senior Advisor to John Newby at Varsity Spirit); Nicole Lauchaire (Senior Vice President of Corporate Communications for Varsity Spirit and Varsity Brands); Lynn Singer (Executive Director of Communications and Dance at USASF); and Ali Stangle (Interim Executive Director of the USASF). With regard to Jim Hill (former National Sales Director for Varsity); David Katz (Managing Director of Charlesbank); Thomas O'Rourke (former Principal at Bain Capital), PLLP served as lead questioning counsel for all Plaintiffs, including *Fusion Elite* and *American Spirit and Cheer Essentials, Inc.*

19. For several of these depositions, and others where PLLP was not lead, PLLP was involved in the meet and confers and motion practice related to the propriety of, scope of, and timing of the depositions.

20. Additionally, PLLP was involved in drafting several Federal Rule of Civil Procedure 30(b)(6) deposition notices, most notably those for USASF, Bain Capital, and Charlesbank. This effort included the review of thousands of documents to understand the parameters of each corporate representative's potential testimony, drafting narrowly tailored topics, and significant strategy sessions, via phone, Zoom, and email, with co-counsel.

21. **Trial Preparation.** Early in the case, given its trial experience, PLLP was tasked with preparing the case for trial. Thus, even while discovery was ongoing, PLLP worked to prepare outlines of issues for trial; culling the evidence for documents and testimony to be used at trial; preparing for and participating in a jury focus group; and legal briefing for trial.

22. In coordination with the Joseph Saveri Law Firm, Paul LLP also played a substantial role in creating the Order of Proof, which was the *Jones* class's trial preparation document that began at the outset of discovery and provided the evidence obtained through discovery to prove Plaintiffs' claims.

23. Beginning in 2022, PLLP began trial preparations in earnest. By the time of settlement, PLLP had designated 40 depositions and had begun cutting the video to be played at trial.

24. PLLP also maintained a master witness list and had begun the process of ordering witnesses for Plaintiffs' case in chief. Likewise, PLLP maintained a trial exhibit list and had completed the majority of the arduous process of identifying those exhibits used in multiple depositions with multiple exhibit numbers and essentially de-duping the exhibit list for trial.

25. PLLP had also began creating demonstratives, drafting motions in limine, and working with co-counsel on the trial strategy and implementation plan.

26. **Settlement.** PLLP was involved in both the 2023 and 2024 mediations. For each, PLLP helped prepare the PowerPoint presentations for the mediator and defense counsel; and participated in the drafting of the mediation statements. PLLP also attended both mediations.

27. PLLP was intimately involved in drafting the Term Sheet, Settlement Agreement, and Preliminary Approval briefing. PLLP has also taken the lead working with the proposed settlement administrator to draft the direct notices and the publication notices to the classes as well as create the plan of allocation for paying the Damages Class Members.

28. PLLP will continue to invest time as this litigation moves into the settlement phase to ensure claimants are aware of and have an opportunity to participate in the settlement should the Court approve.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated this 22nd day of May 2024, in Kansas City, Missouri.

*/s/ Richard M. Paul III (per email consent dated 5/24/2024)*
Richard M. Paul III