# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-tmp<br><br><br><br><br><br>**JURY DEMAND** |

## DECLARATION OF JASON S. HARTLEY
## IN SUPPORT OF APPOINTMENT AS CLASS COUNSEL

I, Jason S. Hartley declare:

1. I am the Founder of Hartley, LLP ("HLLP") and am its Managing Partner. I am an attorney of record in this matter and HLLP is one of the law firms representing Plaintiffs in the above-captioned matter.[1] I submit this Declaration in support of Plaintiffs' Motion to Appoint Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g) and in response to the Court's May 17, 2024 Order requesting supplemental information from my firm. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would testify competently to them.

2. HLLP's firm profile was attached at Exhibit C to the February 10, 2023 Saveri Declaration in Support of Plaintiffs' Motion to Appoint Lead Counsel (ECF 380 #2) and is

---

[1] The other firms are The Joseph Saveri Law Firm, LLP; Turner Field, PLLC; Paul LLP; and Gustafson Gluek PLLC.

incorporated here by reference.

3. I was the supervising attorney for the HLLP team of lawyers who worked on this case since its inception, including Jason Lindner, Fatima Brizuela, Dylan McFarland and Maureen Forsyth.

4. HLLP attorneys undertook many significant tasks to advance the litigation on behalf of the class since the inception of the case in December 2020. Those tasks include the following:

   a. Evaluated the draft complaint and researched causes of action to assert on behalf of Plaintiffs and the putative class;

   b. Reviewed and evaluated Defendants' written discovery requests to Plaintiffs, including Requests for Production of Documents and Interrogatories, and researched documents and information for responsive evidence in order to respond to discovery requests served on Plaintiffs;

   c. Analyzed and evaluated Defendant Webb's discovery responses to determine adequacy, challenge inappropriate objections, and identify insufficiencies requiring follow up with Defendants. This involved writing multiple meet and confer letters to Defendants, responding to same from Defendants and conducting telephonic conferences to discuss the discovery issues with Defendants;

   d. Researched and drafted a motion to compel Defendant Webb to provide sufficient responses after multiple meet and confer sessions alone were not fruitful;

   e. Analyzed and revised Plaintiffs' draft written discovery responses to Defendants' requests and confirmed their sufficiency and accuracy;

   f. Analyzed other Defendants' responses to Plaintiffs' discovery requests and evaluated them for sufficiency, accuracy and to challenge inappropriate objections;

   g. Attended myriad telephone conferences with co-counsel regarding discovery negotiations with Defendants and strategize Plaintiffs' approach to same with all Defendants;

   h. Researched, reviewed Plaintiffs' documents in conjunction with Defendants' requests for production and identified and assembled responsive Plaintiffs' documents for production to Defendants;

   i. Proposed and negotiated search terms with Defendants for document searches and

      productions of Defendant custodians; researched, outlined and prepared motion to compel regarding same;

j. Drafted discovery requests to Defendants regarding specific research such as Olympic recognition of cheer events;

k. Analyzed and summarized multiple deposition transcripts;

l. Researched and assembled relevant documents in the record for expert analysis and use in various expert reports for Plaintiffs;

m. Researched various legal issues including market definition; scienter requirement of different states' consumer protection statutes, liability of corporations for wholly owned subsidiaries under different states' laws; continuing violation theory regarding statute of limitations and tolling of same;

n. Identified relevant documents and exhibits for depositions and prepared outlines for and took the depositions of several Defendant witnesses, including USASF's Amy Clark, former Varsity employee Marlene Cota; Ethan Portnoy of Defendant Bain and the 30(b)(6) deposition of Defendant Charlesbank;

o. Analyzed Defendants' expert reports for Daubert motions and researched, outlined and drafted motion challenging Defendants' expert Orszag;

p. Assisted preparing oppositions to Defendants' Motion to Exclude Plaintiffs' expert Aranoff;

q. Assisted responding to Defendants' motion for sanctions;

r. Assisted Plaintiffs' counsel in preparing for argument on Motion to Strike and reconsideration of Motion to Dismiss, attended the Court's argument on those Motions in person;

s. Reviewed and analyzed Plaintiffs' Reply brief in support of class certification;

t. Reviewed Defendants' Motion to Strike Plaintiffs' expert Maki's reply report;

u. Assisted Plaintiffs' preparation for both mediations, including revising detailed mediation briefs, and attended both mediations in Napa and New York;

v. Researched, outlined and drafted Plaintiffs' opposition to Defendant Webb's Motion to Dismiss;

w. Analyzed new complaint filed by Varsity competitor to determine whether any impact on our case;

x. Interviewed trial consultants, researched and assembled materials for focus group, prepared presentation for focus group and attended multiple focus group exercises in preparation for trial;

y. Began researching and drafting dozens of motions in limine for trial;

z. Assisted various pretrial tasks like designating deposition testimony, identifying exhibits, preparing witnesses, creating a schedule, pretrial order and pretrial memorandum, and conducting strategy conferences with co-counsel to prepare for trial;

aa. Researched claims administrators and solicited bids from same, summarized multiple bids and evaluated each, selected claims administrator;

bb. Revised and strategized settlement term sheet and settlement agreement; and

cc. Researched class notice required under Sixth Circuit and Supreme Court precedent and assisted in preparing class notice documents and methodology.

5. HLLP is led by Jason S. Hartley and Jason M. Lindner, who collectively have over 50 years of professional and leadership experience in litigating antitrust claims on behalf of consumers. Both Mr. Hartley and Mr. Lindner are rated AV Preeminent by LexisNexis Martindale-Hubbell and were selected as "Super Lawyers" by their peers on both the Plaintiff's and Defendant's side, an honor awarded only the top 5% of lawyers in their community.

6. HLLP's recent appointments as lead counsel in antitrust class actions include *In re Diisocyanates Antitrust Litigation*, Case No. 2:18-mc-01001-WSH (W.D. Penn.); *In re Cattle and Beef Antitrust Litigation,* MDL No. 22-md-3031 (JRT/JFD) (D. Minn.); and *Robinson, et al, v. Jackson Hewitt*, et al., Case No. 2:19-cv-09066-MEF-JRA (D.N.J.).

7. HLLP has highly experienced attorneys and support staff to manage and staff a large, complex action such as this one, and has demonstrated its ability and willingness to do so in this litigation in a cost-efficient manner.

8. HLLP has a reputation for dealing cooperatively with co-counsel, defense

counsel, and the Court.

    I declare under penalty of perjury under the laws of the United States and the State of Tennessee that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in San Diego, California on May 20, 2024.

By:   */s/ Jason S. Hartley (per email consent dated 5/24/2024)*
       Jason S. Hartley