**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **JESSICA JONES, et al.,**<br>Plaintiffs,<br>v.<br>**VARSITY BRANDS, LLC, et al.**<br>Defendants. | Case No. 2:20-cv-02892-SHL-tmp |

# MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO PERMIT ILLINOIS INDIRECT PURCHASERS TO PARTICIPATE IN THE PROPOSED SETTLEMENT

# TABLE OF CONTENTS

**Page**

I. Introduction....1

II. Background....2

III. The Motion Should be Granted Because Allowing Illinois Indirect Purchasers to Participate in the Settlement Would Enhance the Benefits of the Settlement, Be in the Public Interest, and Accomplishes the Salutary Purposes of the State Laws Providing Remedies for Defendants' Conduct....4

IV. Conclusion....6

Plaintiffs and Defendants (collectively, the "Parties") hereby submit this Joint Motion to permit Illinois indirect purchasers to participate in the proposed settlement.

## I. Introduction

Plaintiffs and Defendants, joined by the Attorney General of Illinois, respectfully ask the Court for leave to amend the settlement agreement to permit Illinois indirect purchasers to participate in the proposed settlement. After reviewing the terms of the proposed settlement, the Attorney General of Illinois has sought to ensure Illinois indirect purchasers receive the benefits of the settlement on the same terms as indirect purchasers residing in states that have enacted laws repealing *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) (hereinafter referred to as "Repealer States"). After meeting and conferring, an agreement has been reached to add Illinois indirect purchasers to the State Law Damages Class. *See* ECF No. 606-3 at 7 [Settlement Agreement]. This would allow Illinois indirect purchasers to participate in the settlement on the same basis as the other indirect purchaser states, and tracks the procedure followed in similar circumstances by the Eastern District of Pennsylvania, the Northern District of California and the Southern District of New York (citations below).

Allowing Illinois indirect purchasers to participate would not require any delay or modifications to the settlement schedule. Pursuant to this Motion, and as agreed by the parties to this Motion, Plaintiffs would immediately provide notice to Illinois indirect purchasers and would allow Illinois indirect purchasers to submit claim forms along with other indirect purchasers once the Court approves the settlement after the November 22, 2024 fairness hearing. Should the Court grant this Motion, the settlement administrator is prepared to send notice to Illinois indirect purchasers within three days using the same class member information used to date with respect to indirect purchasers from other states.

Plaintiffs initially pled class claims under the Illinois Antitrust Act ("IAA"). 40 ILCS 10/7(2). The Court dismissed the Illinois claims on the grounds that, under the IAA, only the Attorney General of Illinois may bring a class action on behalf of Illinois indirect purchasers. Having received notice of the settlement, the Attorney General of Illinois contacted Plaintiffs and Defendants and requested that, like in other similar cases, Illinois indirect purchasers be permitted to participate in the settlement. Plaintiffs, Defendants, and the Attorney General, believe that the most efficient and fair way to proceed under these circumstances is to allow Illinois indirect purchasers to participate in the settlement and to submit claims along with indirect purchasers from other states. This result will permit Illinois indirect purchasers to participate in the settlement without causing any delay. A similar process has been adopted in several other cases involving the same substantive and procedural issues involving Illinois indirect purchasers. *See In re Remicade Antitrust Litig.*, No. 17-CV-04326, 2023 WL 2530418, at *3 (E.D. Pa. Mar. 15, 2023); *In re Keurig Green Mountain Single-Serve Antitrust Litigation*, No. 14-2542, 2021 WL 10724138, at *2 (S.D.N.Y. June 2, 2021); *In re Xyrem*, No. 3:20-MD-02966-RS-SVK (N. D. Cal.) at Dkt. No. 533.

## II. Background

On December 10, 2020, Plaintiffs filed this action on behalf of indirect purchasers against Defendants, asserting antitrust violations and seeking damages under the antitrust and consumer protection laws of 38 states. *See* ECF No. 1. Along with claims under other state statutes and laws, Plaintiffs asserted class claims under the IAA, which has an *Illinois Brick* repealer statute authorizing indirect purchaser claims. The IAA includes a class action bar, which provides, among other things, that only the Attorney General of Illinois is permitted to bring such claims on behalf of a class. *See* 740 ILCS 10/7(2). On March 12, 2021, Defendants filed a motion to

dismiss the Illinois state law damages claims asserting the Illinois class action bar. *See* ECF No. 58-1 at 16–17. Plaintiffs opposed, arguing that under *Shady Gove Orthopedic Associates v. Allstate Insurance*, 559 U.S. 393 (2010), the class action bar was not applicable in a federal action brought under Rule 23. *See* ECF No. 70 at 3. The Court granted Defendants' motion. ECF No. 333 at 49–52.

On April 28, 2024, Plaintiffs and Defendants reached a settlement resolving all claims. The settlement provides, among other things, for the payment of $82.5 million dollars along with certain injunctive relief. Under the settlement, after paying attorneys' fees, costs, service awards, and settlement administration fees, the settlement fund would be distributed to the indirect purchasers of the 34 states included in the State Law Damages Class. *See* ECF No. 606-3 [Settlement Agreement]. As drafted, this does not include Illinois indirect purchasers because of the Court's ruling on the motion to dismiss. *See id* at 7. Plaintiffs filed their motion for preliminary approval of the settlement on May 13, 2024. ECF No. 606-1. The Court granted preliminary approval of the settlement on June 18, 2024. ECF No. 612.

The Court's preliminary approval order set various deadlines, including, as relevant here, the following deadlines:

- September 2, 2024: Last day for Plaintiffs to file motion for fees, costs, and service awards.
- September 26, 2024: Last day for State Law Damages Class members to opt out or object to the Settlement Agreement.
- October 17, 2024: Last day for Plaintiffs to file motion for final approval of the settlement, including a final plan of allocation.
- November 22, 2024: Date of final settlement approval fairness hearing.

The Office of the Illinois Attorney General ("OAG") has reviewed the terms of the proposed settlement. *See* Decl. of R. Schultz at ¶ 2. The OAG agrees that the proposed settlement provides substantial benefits to settlement class members. *Id*. ¶ 5. The OAG has requested that Illinois indirect purchasers be permitted to participate in the settlement as other indirect purchasers residing in the states listed in the State Lw Damages Class. *Id*. ¶ 3. The OAG wishes to do so without delaying the settlement approval process. *Id*. ¶ 6. The parties have met and conferred and have reached agreement.

## III. The Motion Should be Granted Because Allowing Illinois Indirect Purchasers to Participate in the Settlement Would Enhance the Benefits of the Settlement, Be in the Public Interest, and Accomplishes the Salutary Purposes of the State Laws Providing Remedies for Defendants' Alleged Conduct

As noted, allowing Illinois indirect purchasers to participate in the settlement is in the public interest because while Illinois indirect purchasers may have small individual claims, they may not pursue a class action; only the Attorney General can. *See* 740 ILCS 10/7(2); ECF No. 333 at 49–52.

Courts have routinely granted similar motions to expand settlement classes to permit participation of Illinois indirect purchasers in class action settlements like this. The parties propose to do so by a simple amendment to the settlement agreement to add Illinois indirect purchasers to the State Law Damages Class. By doing so, the Court would permit Illinois indirect purchasers to participate in the settlement while not disrupting the settlement approval process or the claims distribution process. Similar amendments have been granted. For example, in *Remicade*, the court granted preliminary approval of a settlement in August 2022. *See In re Remicade Antitrust Litig.*, 2023 WL 2530418 at *3. Like here, after the court preliminarily approved the settlement, the Illinois Attorney General sought to include Illinois indirect purchasers in the settlement, to which the parties agreed. *Id.* Indeed, in *Remicade*, the parties had

already submitted a plan of allocation, and subsequently amended the plan of allocation to include Illinois in the claims process. *Id.*

Similarly, in *In re Keurig Green Mountain Single-Serve Antitrust Litigation*, the Attorney General asked the settling parties to include Illinois indirect purchasers. The court permitted the parties to amend the plan of allocation after the settlement and plan of allocation had been preliminarily approved. *See* 2021 WL 10724138 at *2. A similar result was achieved in *In re Xyrem Antitrust Litigation*, where, upon motion of the parties and the Attorney General, the court added Illinois "to the list of states in the Damage Class [previously] certified by the Court." *See In re Xyrem*, 3:20-MD-02966-RS-SVK at Dkt. No. 533.

Consistent with prior cases, the parties agree that the most efficient course would be to amend the settlement agreement solely to add Illinois indirect purchasers to the State Law Damages Class. *See* ECF No. 606-3 at 7 [Settlement Agreement]. Doing so would have the effect of allowing Illinois indirect purchasers to participate in the settlement by submitting claims along with other indirect purchasers from the other 34 states. Because the settlement has not been finally approved, claim forms have not been distributed. Thus, Illinois indirect purchasers may receive the benefits of the settlement without modification to the schedule set by the Court or delaying the settlement approval process in any way or increasing administration costs. *See* Decl. of J. Saveri at ¶ 3. As agreed by the OAG, email and other notice can be sent to Illinois indirect purchasers with adequate time to opt out or object. *See* Decl. of J. Saveri at ¶ 2; Decl. of R. Schultz at ¶ 6. The Settlement Administrator is prepared to send notice to Illinois indirect

purchasers within three days of a Court order approving this plan.[1]

Moreover, granting the motion would not require any modification to the current schedule. *See* Decl. of R. Schultz at ¶ 6; Decl. of J. Saveri at ¶¶ 2–3. If the Court approves the parties' agreement and provides leave to do so, Angeion will provide notice to Illinois indirect purchasers and update the settlement website to include Illinois indirect purchasers. Under the Court's order, September 26, 2024 is the deadline for class members to opt out or to object to the settlement. This deadline provides ample time for Illinois residents to be notified of the settlement and deadlines, to object or opt out if desired, and to appear at the November 22, 2024 fairness hearing if desired. *See* Decl. of R. Schultz at ¶ 7; Decl. of J. Saveri at ¶¶ 2–3.

## IV. Conclusion

Plaintiffs and Defendants, with support from the Illinois Attorney General, jointly seek leave of court to (1) amend the settlement agreement to include Illinois in the State Law Damages Class; and (2) immediately provide notice to Illinois indirect purchasers.

[1] The Illinois Attorney General is aware that Plaintiffs' damage calculation indicates that the total damages attributable to Illinois indirect purchasers is only 6.1% of the total damage calculation. While the Illinois Attorney General could bring a separate class action lawsuit based on the same facts and theories against the same Defendants, judicial economy is served by amending the proposed settlement to included Illinois indirect purchasers in the State Law Damages Class. It is also unlikely that Illinois indirect purchasers would bring individual claims. But regardless, Illinois indirect purchasers will have the option to opt out of the settlement in the same manner as the other damages class members.

Dated: August 15, 2024

Respectfully submitted,

*s/ Joseph R. Saveri*

Joseph R. Saveri*
Ronnie Seidel Spiegel*+
David Seidel*
Kevin E. Rayhill*
Elissa A. Buchanan*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
dseidel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com

Van Turner Jr. (TN Bar No. 22603)
**TURNER FEILD, PLLC**
2650 Thousand Oaks Blvd., Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
VTurner@TurnerFeildLaw.com

Richard M. Paul III*
Ashlea Schwarz*
**PAUL LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
rick@paulllp.com
ashlea@paulllp.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

* Admitted *pro hac vice*
+ Located in Washington State

*Attorneys for Plaintiffs*

*s/ George S. Cary*

George S. Cary*
Steven J. Kaiser*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Phone: (202) 974-1500
gcary@cgsh.com
skaiser@cgsh.com

Jennifer Kennedy Park*
Heather Nyong'o*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Phone: (650) 815-4100
Fax: (202) 974-1999
jkpark@cgsh.com
hnyongo@cgsh.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
mmulqueen@bakerdonelson.com
abaldridge@bakerdonelson.com

*Attorneys for Defendants Varsity Brands, LLC, Varsity Spirit, LLC; Varsity Spirit Fashions & Supplies, LLC*

*s/ Grady Garrison*

Grady Garrison (TN #008097)
Nicole Berkowitz Riccio (TN #35046)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc. and USA Sport Cheering, d/b/a USA Cheer*

*s/ Paul E. Coggins*

Paul E. Coggins*
Brendan P. Gaffney*
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214) 740-8000
Fax: (214) 740-8800
pcoggins@lockelord.com
bgaffney@lockelord.com

* Admitted *pro hac vice*

Edward L. Stanton III (TN #018904)
S. Keenan Carter (TN #023386)
**BUTLER SNOW LLP**
6075 Poplar Avenue, Suite 500
Memphis, Tennessee 38119
Phone: (901) 680-7336
Fax: (901) 680-7201
Edward.Stanton@butlersnow.com
Keenan.Carter@butlersnow.com

*Attorneys for Jeff Webb*

*s/ Michael D. Bonanno*

Michael D. Bonanno*
Ryan T. Andrews*
**QUINN EMANUEL URQUHART AND SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, D.C. 20005
Phone: (202) 538-8000
Fax: (202) 538-8100
mikebonanno@quinnemanuel.com
ryanandrews@quinnemanuel.com

Christopher Tayback*
**QUINN EMANUEL URQUHART AND SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017
Phone: (231) 443-3000
Fax: (231) 443-3100
christayback@quinnemanuel.com

* Admitted *pro hac vice*

Matthew S. Mulqueen (TN #28418)
Adam S. Baldridge (TN #23488)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Phone: (901) 526-2000
Fax: (901) 577-0866
mmulqueen@bakerdonelson.com

abaldridge@bakerdonelson.com

*Attorneys for Defendants Bain Capital Private Equity, LLC, Bain Capital Fund XII, L.P., Bain Capital Fund (DE) XII, L.P., and Bain Capital Fund (Lux) XII, SCSp*

*s/ Richard G. Parker*

Richard G. Parker*
**MILBANK LLP**
1850 K. Street, N.W.
Washington, DC 20006
Phone: (202) 835-7500
Fax: (202) 263-7586
rparker@milbank.com

Scott A. Edelman*
Fiona A. Schaeffer*
Katherine K. Fell*
**MILBANK LLP**
55 Hudson Yards,
New York, NY 10001
Phone: (212) 530-5000
Fax: (212) 530-5219
sedelman@milbank.com
fschaeffer@milbank.com
kfell@milbank.com

* Admitted *pro hac vice*

Shea S. Wellford (TN #16947)
**MARTIN, TATE, MORROW & MARSTON, P.C.**
International Place, Tower II
6410 Poplar Ave., Ste. 1000
Memphis, TN 38119
Phone: (901) 522-9000
Fax: (901) 527-3746
sheawellford@martintate.com

*Attorneys for Charlesbank Capital Partners, LLC., Charlesbank Equity Fund VII, LP, Charlesbank Equity Fund VIII, LP, and Charlesbank Equity Fund IX, LP*

*s/ Richard S. Schultz*

Richard S. Schultz (*pro hac vice* forthcoming)
Assistant Attorney General, Antitrust Bureau
Office of the Illinois Attorney General
115 S. LaSalle Street
Floor #23
Chicago, IL 60603
Phone: (872) 272-0996
Fax: (312) 814-4209
rchard.schultz@ilag.gov

*Attorneys for Interested Party State of Illinois*