IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**VARSITY BRANDS, LLC, et al.**<br><br>Defendants. | Case No. 2:20-cv-02892-SHL-tmp |

**DECLARATION OF RICHARD S. SCHULTZ IN SUPPORT OF JOINT MOTION TO ADD ILLINOIS TO STATE LAW DAMAGES CLASS**

I, Richard S. Schultz, declare the following under penalty of perjury:

1. I am an Assistant Attorney General with the Office of the Illinois Attorney General ("OAG"). I represent the Illinois Attorney General and the State of Illinois in the above-captioned case. If called upon as a witness, I would be competent to testify to the facts stated herein.

2. I have reviewed the files and records in this matter. I have reviewed the proposed settlement in addition to the settlement approval schedule, including the Court's Order Granting Preliminary Approval of the Settlement, Docket Number 612.

3. Upon review of the settlement agreement and the underlying causes of action in this case, the OAG believes that the most efficient and fair way to proceed with respect to the Illinois indirect purchasers' claims against Defendants is to allow Illinois indirect purchasers to participate in the settlement process by being included in the State Law Damages Class ("Damages Class").

4. Pursuant to 740 ILCS 10/7(2), only the Attorney General of Illinois may pursue class action claims on behalf of Illinois indirect purchasers.

5. The settlement, if approved, provides valuable settlement benefits. Were Illinois indirect purchasers permitted to participate in the settlement on the same terms as the indirect purchasers of other states in the Damages Class, that would provide a significant benefit to Illinois indirect purchasers and would further the purposes of the IAA. The OAG supports the settlement and final approval.

6. So long as notice is promptly provided to the Illinois indirect purchasers, including targeted notice on the same basis as was provided to the other states, the OAG does not believe that any modification to the schedule is necessary.

7.       Pursuant to the schedule, Illinois indirect purchasers would be able to opt-out our object to the settlement by the September 26, 2024 deadline, and would be able to articulate any objections at the November 2, 2024 fairness hearing if desired.

8.       If the Court were to grant the parties' joint motion to include Illinois indirect purchasers in the Damages Class, Illinois indirect purchasers would be able to submit claim forms on the same basis as the other indirect purchasers when the claim forms are available after the Court provides final approval of the settlement.

9.       I believe that this outcome is the most fair and efficient way to handle the Illinois indirect purchasers' claims and is in the public interest.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 15, 2024 in Chicago, Illinois.

                                              */s/ Richard S. Schultz*
                                              Richard S. Schultz
                                              Assistant Attorney General
                                              Office of the Illinois Attorney General
                                              115 S. LaSalle Street, Floor 23
                                              Chicago, IL 60603