IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES, et al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:20-cv-2892-SHL-tmp |
| ) | |
| VARSITY BRANDS, LLC, et al., ) | |
| Defendants. ) | |

**ORDER GRANTING JOINT MOTION TO PERMIT ILLINOIS INDIRECT PURCHASERS TO PARTICIPATE IN THE PROPOSED SETTLEMENT**

Before the Court is the Joint Motion to Permit Illinois Indirect Purchasers to Participate in the Proposed Settlement, filed by Plaintiffs and Defendants on August 15, 2024. (ECF No. 615.) In the motion, the Parties are joined by the Illinois Attorney General in requesting that the Court grant them leave to amend the settlement agreement in this matter to permit Illinois indirect purchasers to participate in the proposed settlement. For the following reasons, the motion is **GRANTED**.

**BACKGROUND**[1]

On June 18, 2024, the Court entered an Order Granting Indirect Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Provisional Certification of Proposed Settlement Classes, Approval of Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process and Scheduling a Final Approval Hearing. (ECF No. 612.) As part of that Order, the Court conditionally certified a state law damages class that included thirty-three states and the District of Columbia (the "State Law Damages Class"). (Id.

---

[1] For a more fulsome recitation of the factual and procedural history in this matter, see ECF No. 612.

at PageID 35671.)  So, persons and entities from those states that indirectly paid Defendant Varsity[2] during the relevant period were eligible to participate in the State Law Damages Class.

Illinois was not among the states included in the State Damages Class, as the Court had previously dismissed the antitrust and consumer protection laws brought under Illinois state law based in part on the fact that the state's laws only permit its attorney general to bring a class action on behalf of indirect purchasers.  (ECF No. 333 at PageID 7201, 7247–51.)  However, after the Illinois Attorney General received notice that the case had settled, he "contacted Plaintiffs and Defendants and requested that, like in other similar cases, Illinois indirect purchasers be permitted to participate in the settlement."  (ECF No. 615 at PageID 35679.)  According to the Parties and the Illinois Attorney General, allowing indirect purchasers from Illinois to participate in the settlement and to submit claims as those from the State Law Damages Class "will permit Illinois indirect purchasers to participate in the settlement without causing any delay."  (Id.)

## ANALYSIS

In determining that claims under Illinois law should be dismissed, the Court explained that, because the state's restrictions on indirect purchaser actions were substantive in nature, and therefore must be followed in federal court, claims under the Illinois law were precluded.  (ECF No. 333 at PageID 7250–51.)  Having now reviewed the terms of the proposed settlement, "the Attorney General of Illinois has sought to ensure Illinois indirect purchasers receive the benefits of the settlement on the same terms as indirect purchasers" in the State Law Damages Class.  (See ECF No. 615 at PageID 35678.)

---

[2] Plaintiffs Jessica Jones, Christina Lorenzen, and Amy Coulson, who have previously been defined as the Indirect Purchasers, define "Varsity" as the collective term to represent Defendants Varsity Brands, LLC; Varsity Spirit, LLC; and Varsity Fashion & Supplies, LLC. (ECF No. 576 (sealed) at PageID 33680.)

According to the Parties and the Illinois Attorney General, the best way to do this is to allow indirect purchasers from Illinois to participate in the settlement and to submit claims along with the indirect purchasers from the State Law Damages Class. (Id. at PageID 35769.) They further state that "[c]ourts have routinely granted similar motions to expand settlement classes to permit participation of Illinois indirect purchasers in class action settlements like this." (Id. at PageID 35679, 35681 (citing In re Remicade Antitrust Litig., No. 17-CV-04326, 2023 WL 2530418, at *3 (E.D. Pa. Mar. 15, 2023); In re Keurig Green Mountain Single-Serve Antitrust Litigation, No. 14-2542, 2021 WL 10724138, at *2 (S.D.N.Y. June 2, 2021); In re Xyrem, No. 3:20-MD-02966-RS-SVK (N. D. Cal.) at Dkt. No. 533).) Finally, the Parties assert that, if the Court grants the motion, the current schedule would not have to be modified and the Illinois indirect purchasers may receive the benefits of the settlement without delaying the settlement approval process or increasing administrative costs. (Id. at PageID 35682–83.)

For good cause shown, the motion is **GRANTED**. Illinois indirect purchasers shall be allowed to participate in the settlement on the same basis as the other members of the State Law Damages Class.

Plaintiffs' counsel shall work with the settlement administrator to immediately provide notice of this amendment to all reasonably identifiable Illinois indirect purchasers, on the same basis as was provided to the other indirect purchasers. The settlement website shall also be updated to make clear that Illinois indirect purchasers may participate in the settlement. Illinois indirect purchasers may opt-out or lodge objections to the settlement by September 26, 2024, in accordance with, and as is disclosed in the notice and the settlement website.

**IT IS SO ORDERED,** this 23rd day of August, 2024.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE