## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | |

**JOINT DECLARATION OF JOSEPH R. SAVERI, JASON S. HARTLEY, RICHARD M. PAUL, DANIEL E. GUSTAFSON, AND VAN D. TURNER, JR. IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT OF EXPENSES, AND FOR SERVICE AWARDS FOR THE CLASS REPRESENTATIVES**

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

Pursuant to the Court's June 18, 2024 Order Granting Indirect Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Provisional Certification of Proposed Settlement Classes, Approval of Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process and Scheduling a Final Approval Hearing (the "Preliminary Approval Order") (ECF No. 612) and 28 U.S.C. §1746, we, Joseph R. Saveri, Richard M. Paul, Jason S. Hartley, Daniel E. Gustafson, and Van D. Turner, Jr., make the following declaration in support of Indirect Purchaser Plaintiffs' Memorandum of Law in Support of Motion for an Award of Attorneys' Fees, for Reimbursement of Expenses, and for Service Awards for the Class Representatives (the "Memorandum"):

1.       We are the founders or founding members of Joseph Saveri Law Firm, LLP ("JSLF"), Paul LLP ("Paul"), Hartley LLP ("Hartley"), Gustafson Gluek PLLC ("Gustafson") and Turner Feild, PLLC ("Turner"), respectively, and together we represent Class Representatives Jessica Jones, Christina Lorenzen, and Amy Coulson (collectively, "Plaintiffs" or "Class Representatives") and the Classes[1] in the above-captioned class action (the "Action").

_____

[1] The classes are defined as follows, based on the Court's Preliminary Approval Order, (ECF No. 612), and its order granting leave to add Illinois indirect purchasers to the state law damages class (ECF No. 618):

  a. State Law Damages Class: All natural persons and entities in Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin, that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, through March 31, 2024, for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions.

  b. Injunctive Relief Class: All natural persons and entities in the United States that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, through March 31, 2024, for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions, including registration fees to USASF; (b) Varsity Cheer Apparel;

JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES

We have been approved by the Court as Settlement Class Counsel (Preliminary Approval Order, ECF 612 at PageID 35672, ¶ 6) for the two provisionally certified Classes for purposes of the Settlement (the "Settlement Classes"): the State Law Damages Class and the Injunctive Relief Class in the Action. *Id.* at 28, ¶ 3. Each of us has been actively involved in developing, prosecuting, and resolving this Action, is familiar with its proceedings, and has personal knowledge of the matters set forth herein. If called upon and sworn as witnesses, each of us could and would testify competently thereto.

2.      Unless otherwise defined herein, all capitalized terms have the same meanings set forth in the April 28, 2024 Settlement Agreement ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Joseph R. Saveri in Support of Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, ECF No. 606-2.

3.      On April 28, 2024, after weeks of arms-length negotiation, the parties agreed to settle Plaintiffs' claims in exchange for payment of $82,500,000.00 into a Settlement Fund for the benefit of the State Law Damages Class, as well as prospective changes to Defendants' business practices that will provide substantial forward-looking relief to Plaintiffs and the members of both Settlement Classes. The Settlement, which provides a common fund and common benefits for all members of the Settlement Classes, is an excellent result for the Settlement Classes because it: (a) provides for an immediate substantial cash recovery for families of cheer athletes in the State Law Damages Class; (b) institutes significant reforms to Varsity and USASF's business practices that will save the members of the Injunctive Relief Class—and indeed all families and caregivers of cheer athletes—from overpaying for Varsity's cheer competitions, camps, or apparel, or having their confidential personal identifying

---

(c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions, including registration fees to USASF.

c. Excluded from the Settlement Classes are Defendants, their parent companies, subsidiaries and affiliates, officers, executives, and employees; Defendants' attorneys in this case, federal government entities and instrumentalities, states or their subdivisions, and all judges and jurors assigned to this case.

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

information shared by USASF, for the foreseeable future; (c) avoids the risks of losing at trial or on appeal and coming away with nothing, which are substantial in a complex antitrust class action such as this; and (d) provides an immediate benefit to the Classes, avoiding the potentially years-long delays and uncertainty associated with trial and appeal. The Settlement is fair, reasonable, and adequate.

4.      The Settlement was a direct result of the persistent effort, deep experience, and strategic insight Settlement Class Counsel brought to the Action. Settlement Class Counsel prosecuted the Action vigorously from the start, investigating the facts, drafting a detailed complaint and targeted written discovery, reviewing hundreds of thousands of documents, developing expert testimony from four highly-respected experts, deposing over 40 percipient witnesses and  expert witnesses, defending depositions of the Class Representatives and Plaintiffs' experts, engaging in extensive motion practice including fully briefing class certification and summary judgment, and preparing for trial. All the while Settlement Class Counsel kept the lines of communication with Defendants' counsel open, engaging in three separate mediations with experienced mediators and, after finally making real progress during the third mediation, continuing to negotiate the details with Defendants' counsel until the outline of an agreement was reached. Settlement Class Counsel then worked with Defendants' counsel to draft a memorandum of understanding and subsequent Settlement Agreement.

5.      Settlement Class Counsel devoted 43,743.45 hours to prosecuting the Action and negotiating a Settlement that is fair, reasonable, and adequate. Billed at rates that are consistent with locally prevailing rates for attorneys with Settlement Class Counsel' experience in complex litigation such as this, Settlement Class Counsel's lodestar is $32,770,367.

6.      In addition, Settlement Class Counsel incurred $7,450,156.47 in expenses, the most significant of which was the cost of retaining four experts to support Plaintiffs' claims, calculate total damages, show that Plaintiffs' claims could be proved using common evidence, and show that Varsity's overcharges were passed on to the Indirect Purchaser Plaintiffs, among other things. The cost for these experts alone was $6,743,955.31. Other significant expenses

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

included printing and copying, stenographers and videographers for depositions, trial consultants, and travel.

7.    The hours spent and costs incurred were, in the judgment of Settlement Class Counsel, necessary to fully prosecute the claims in this Action. The successful outcome achieved by Settlement Class Counsel weighs in favor of granting the Motion.

## HISTORY OF CLASS COUNSEL'S
## PROSECUTION OF THE ACTION

### Investigation and Filing of Complaint

8.    We began investigating Varsity and the market for competitive cheer in early 2020 during the COVID-19 pandemic. Attorneys at JSLF interviewed participants at different levels of the industry, including parents or cheer athletes and executives at other cheer promotions. These individuals provided us with useful information about Varsity's pricing and business practices and their effects on families of cheer athletes and on Varsity's competitors. They also provided information about online chatrooms and bulletin boards where parents of cheer athletes expressed their frustration with Varsity's pricing and allegedly anticompetitive policies, among other issues, as well as publications geared toward competitive cheer athletes and their families. JSLF combed these sources for information that informed the drafting of the complaint and discovery.

9.    Our investigation revealed that the families and caregivers of the cheer athletes that indirectly paid for Varsity cheer competitions, camps, and apparel through their All Star gyms and/or schools were being overcharged by Varsity as a result of Varsity's exploitation of its unlawfully acquired monopoly power in the market for those products. While other market participants may also have been affected by Defendants' anticompetitive actions, including All Star gyms, independent event producers ("IEPs"), and apparel manufacturers, the indirect purchaser cheer families bore the full brunt of Varsity's supracompetitive pricing. We decided that an indirect purchaser case brought on their behalf would create the greatest benefit in terms of returning the overcharges to those who had paid them.

10.    After several months spent collecting information, JSLF began drafting a complaint. JSLF posted ads through Facebook and Google that targeted families of cheer athletes, searching for individuals willing to serve as named plaintiffs in the Action or as potential witnesses. Though many people we spoke with supported the Action, few were willing to take on a large opponent such as Varsity, especially when Varsity was perceived as holding power over their children's success or failure in competitive cheer. Eventually, JSLF signed retainers with Jessica Jones, Christina Lorenzen, and Michelle Velotta. (Ms. Velotta eventually dropped out of the Action for personal reasons.)

11.    In or around mid-August, 2020, JSLF learned of two other antitrust class actions that had been filed against Varsity. *Fusion Elite All Stars, et al., v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02600-SHL-cgc ("*Fusion*"), was filed in this Court on August 13, 2020, bringing claims on behalf of a class of direct purchaser plaintiffs, specifically All Star gyms that paid to participate in Varsity competitions, and purchased Varsity apparel. *American Spirit And Cheer Essentials, Inc., et al., v. Varsity Brands, LLC, et al*., Case No. 2:20-cv-02782-SHL-atc ("*American Spirit*," together with *Fusion*, the "Related Actions"), was originally filed in the Northern District of Georgia on July 24, 2020. On October 27, 2020, that case was transferred to this Court. *American Spirit* brought claims on behalf of independent cheer competition producers, independent cheer camp producers, parents of school cheer athletes, and cheer apparel manufacturers.

12.    As JSLF neared the filing date for the Complaint, JSLF reached out to counsel at Paul; Gustafson, and Turner to assemble a team with the experience, expertise, and resources necessary to succeed in a large and challenging class action against highly-funded defendants such as this. With those firms on board, Settlement Class Counsel was ready to file. Subsequently, as discovery was heating up in or around April 2021, we invited Hartley LLP to join the Settlement Class Counsel team. Founder Jason Hartley filed a motion for leave to appear *pro hac vice* on April 9, 2021, which the Court approved that day, and a notice of appearance on April 10, 2021. This completed the litigation team for Plaintiffs.

13.    On December 10, 2020, we filed the Complaint initiating the Action. In addition to naming Varsity Brands, LLC, Varsity Spirit Fashions & Supplies, LLC, and Varsity Spirit Fashions & Supplies, LLC (collectively with Varsity Brands, LLC and Varsity Spirit, LLC, "Varsity"), the Complaint also named Varsity founder Jeff Webb, the United States All-Star Federation ("USASF"), and the two entities that eventually purchased Varsity, Charlesbank Capital Partners LLC; and Bain Capital Private Equity, as Defendants.[2] The claims in the Complaint are complex. Plaintiffs asserted claims on behalf of three different classes: a nationwide class seeking injunctive relief under Fed. R. Civ. P. 23(b)(2); a nationwide class asserting claims under Tennessee antitrust law (this class was denied by the Court), and a State Law Damages Class asserting claims under the antitrust and consumer protection laws of over 30 states. Plaintiffs alleged three distinct but interrelated product markets—cheer competitions, cheer camps, and cheer apparel—across two structures of competitive cheer: All Star and school. Plaintiffs also alleged that the Varsity Defendants had conspired with the entity that purports to regulate All Star cheer: USASF.

14.    Five days after filing the Complaint, on December 15, 2020, we learned of a case management conference scheduled for December 16, 2020 in the Related Actions, and filed an expedited motion for Joseph Saveri to appear at the conference, (ECF No. 8). The Court granted the same day. ECF No. 9. At the hearing, Mr. Saveri argued that despite being several months behind the Related Actions, we would be able to coordinate discovery and other pretrial proceedings with counsel in the Related Actions, thereby conserving the Court's and the parties' resources, eliminating duplication of effort, and expediting the proceedings. As a result, the

---

[2] After reviewing documents produced in discovery, Settlement Class Counsel amended the pleadings to include three funds controlled by Charlesbank (Charlesbank Equity Fund VII, L.P, Charlesbank Equity Fund VIII, L.P, and Charlesbank Equity Fund IX, Limited Partnership), and three funds controlled by Bain (Bain Capital Fund XII, L.P., Bain Capital Fund (De) XII, L.P.; and Bain Capital Fund (Lux) XII, SCSP) to the Second Amended Complaint. For simplicity, we will refer to Charlesbank and the funds it controls as "Charlesbank," and Bain and the funds it controls as "Bain."

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

parties in all three actions were able to stipulate to sharing discovery and working cooperatively on depositions, which the Court subsequently approved.

15.    Soon thereafter, the Court issued its Order Establishing Plaintiffs' Discovery Coordination Committee (ECF No. 45), its Order Allowing Sharing Of Discovery Material (ECF No. 47), and, some months later, its Order Granting Plaintiffs' Joint Motion To Facilitate Coordination Of Depositions In The Related Actions (ECF No. 159).

**Motions to Dismiss**

16.    On March 12, 2021, Defendants USASF, Jeff Webb, and Varsity each filed individual motions to dismiss, and Bain and Charlesbank filed a joint motion to dismiss. ECF Nos. 57, 58, 59, 60. Defendants also collectively filed a motion to strike class allegations. ECF No. 56.

17.    On April 15, 2021, we filed oppositions to each of Defendants' motions to dismiss and the motion to strike, five briefs in total. ECF Nos. 67, 68, 69, 70, 71. Our briefing totaled over 100 pages. The Court ruled in Plaintiffs' favor regarding injunctive and declaratory relief under Sections 1, 2, and 3 of the Sherman Act, and the state law damages claims seeking damages under the state laws of all but four of the states in Plaintiffs' Complaint, but dismissed Plaintiffs' claims on behalf of a nationwide class under Tennessee's antitrust and consumer protection laws. ECF No. 333 at PageID 7260; ECF No. 475 at PageID 19527.

18.    Also on August 1, 2022, the Court denied Bain and Charlesbank's motion to dismiss, finding that Plaintiffs had adequately pled their involvement in the alleged anticompetitive scheme. ECF No. 332.

19.    On August 31, 2023, the Court denied Defendants' motion to strike Plaintiffs' state law damages class but granted the motion to strike with regard to the nationwide class under the TTPA and Tennessee class with regard to competitions and camps under the TTPA.

**Discovery**

20.    Beginning in March 2021, we began drafting written discovery. As envisioned in the Court's Order Establishing Plaintiffs' Discovery Coordination Committee, we were careful

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

not to duplicate discovery in the Related Actions. Nonetheless, due to the complex structure of the *Jones* Action, we had to draft five different sets of requests for production ("RFPs"), interrogatories, and requests for admission ("RFAs"), totaling 136 RFPs, 46 interrogatories, and hundreds of RFAs. We engaged in numerous negotiations with Defendants' counsel over the scope of Plaintiffs' discovery requests, meeting and conferring frequently over a period of months. Ultimately, we were required to file several substantial motions to compel before Magistrate Judge Pham.

21. In addition to serving significant discovery requests on the Defendants, we also needed to serve subpoenas on numerous third-party entities in order to establish damages and other evidence necessary to prove our case.

22. Between the fall of 2020 and the spring of 2022, we served over 100 subpoenas to gyms, former employees, and the financial institutions that performed analysis for the defendants related to mergers and acquisitions.

23. A chart showing the subpoenas served is below:

| Entity | Entity Type | Date Served |
|---|---|---|
| Cheer Athletics-Plano, Inc. | Gym | 10/20/2020 |
| Brian Elza | Former employee | 10/5/2021 |
| Francis LeTard | Former employee | 10/5/2021 |
| CA Allstar Cheerleading of Camarillo | Gym | 10/18/2021 |
| Celebrity Cheer, Inc. | Gym | 10/18/2021 |
| KC Cheer, Inc. | Gym | 10/18/2021 |
| Stingray Cheer Company, Inc. | Gym | 10/18/2021 |
| Woodlands Elite Cheer Co., L.P. | Gym | 10/18/2021 |
| Cheer Central, Inc. | Gym | 10/20/2021 |
| Cheer Extreme Allstars LLC | Gym | 10/20/2021 |

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

| Entity | Entity Type | Date Served |
|---|---|---|
| Mac's Cheer, Inc. | Gym | 10/20/2021 |
| Stars Vipers Rainboas Inc. | Gym | 10/20/2021 |
| Atlanta Jayhawks Grayson, LLC | Gym | 10/22/2021 |
| Ba Boosters, Inc | Gym | 10/22/2021 |
| Cheer Extreme Raleigh, LLC | Gym | 10/22/2021 |
| Cheer Factor High Performance Training Center, Inc. | Gym | 10/22/2021 |
| Gymtyme, LLC | Gym | 10/22/2021 |
| S.T.C.G., Inc. | Gym | 10/22/2021 |
| Star Athletics Cheerleading Parents Association, Inc. A N.J. Nonprofit Corp | Gym | 10/22/2021 |
| Top Gun Cheer and Dance Training Center, Inc. | Gym | 10/22/2021 |
| World Cup | Gym | 10/22/2021 |
| Marlene Cota | Former Employee | 11/3/2021 |
| Bliss Academy of Dance, LLC, | Gym | 11/10/2021 |
| Coa Elite LLC | Gym | 11/10/2021 |
| Flip Starz Cheer Force Booster Club, Inc. | Gym | 11/10/2021 |
| Mindi Tumbling & Cheer L.L.C. | Gym | 11/10/2021 |
| Rockstar Cheer Cleveland | Gym | 11/10/2021 |
| West Coast Fame All Star Cheer L.L.C. | Gym | 11/10/2021 |
| ACE Cheer Company LLC | Gym | 11/15/2021 |
| Dance Savannah, LLC | Gym | 11/15/2021 |
| East Jersey Elite Allstars, LLC | Gym | 11/15/2021 |
| Harlem Girls Cheer, Inc | Gym | 11/15/2021 |

JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES

| Entity | Entity Type | Date Served |
|---|---|---|
| Magic Cheerleading, Inc | Gym | 11/15/2021 |
| Pacific Coast Magic | Gym | 11/15/2021 |
| TGC Fundraising | Gym | 11/15/2021 |
| Gem City Gymnastics & Tumbling, LLC | Gym | 11/29/2021 |
| Louisiana Cheer Force, LLC | Gym | 11/29/2021 |
| POP Cheer Factory, LLC | Gym | 11/29/2021 |
| Iconic Allstars | Gym | 12/1/2021 |
| Impact Cheer & Tumbling, LLC | Gym | 12/1/2021 |
| Mustang Cheer, LLC | Gym | 12/1/2021 |
| Northern Elite All Stars, Inc | Gym | 12/1/2021 |
| The Prymus Angels Corporation | Gym | 12/1/2021 |
| Ignite Dance Company, L.L.C | Gym | 12/3/2021 |
| Infinity Athletics Ny LLC | Gym | 12/3/2021 |
| Royalty Elite L.L.C | Gym | 12/3/2021 |
| TNT Magnum Cheer All-Stars | Gym | 12/3/2021 |
| Dynasty Spirit Elite All Stars, Inc | Gym | 12/14/2021 |
| Cheervibe, Inc. | Gym | 12/15/2021 |
| Masters Athletic Elite, LLC | Gym | 12/15/2021 |
| Plus Royalty All-Stars | Gym | 12/15/2021 |
| Riptide Cheer Allstars | Gym | 12/15/2021 |
| Sienna Reign | Gym | 12/15/2021 |
| Sonic Elite Olympia, LLC | Gym | 12/15/2021 |
| Dance Attack, LLC | Gym | 12/16/2021 |

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

| Entity | Entity Type | Date Served |
|---|---|---|
| Dream Athletics LLC | Gym | 12/20/2021 |
| J Star Gymnastics LLC | Gym | 12/20/2021 |
| Royalty Athletics LLC | Gym | 12/20/2021 |
| Gems Cheer Royals | Gym | 12/21/2021 |
| Texas Aces Tumbling and Cheer LLC | Gym | 1/10/2022 |
| Arizona Element Elite | Gym | 1/12/2022 |
| Five Star Athletics Competitive Cheer and Dance LLC | Gym | 1/12/2022 |
| Harrison LLC | Gym | 1/12/2022 |
| Motor City Heat Elite LLC | Gym | 1/12/2022 |
| Rockstar Cheer Holly Springs | Gym | 1/12/2022 |
| Whitley County Dazzlers | Gym | 1/12/2022 |
| Gymnastics Sport Center LLC | Gym | 1/14/2022 |
| Behind the Curtain Dance Studio, LLC | Gym | 1/18/2022 |
| Black Canyon Gymnastics LLC | Gym | 1/26/2022 |
| CNY Cheer Co. Inc | Gym | 1/26/2022 |
| Fit Factory Elite LLC | Gym | 1/26/2022 |
| Gina's Gymnastics | Gym | 1/26/2022 |
| Nogare's Gymnastics Academy Inc. | Gym | 1/26/2022 |
| Brandon All Stars | Gym | 1/31/2022 |
| East Celebrity Elite | Gym | 1/31/2022 |
| Star Athletics | Gym | 1/31/2022 |
| Stars Vipers | Gym | 1/31/2022 |
| Cheer Obsession Athletics | Gym | 2/11/2022 |

JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES

| Entity | Entity Type | Date Served |
|---|---|---|
| Colorado Lightning Athletics | Gym | 2/11/2022 |
| Elite All Stars of Maine LLC | Gym | 2/11/2022 |
| Kx Athletics Inc | Gym | 2/11/2022 |
| Steele Athletics Inc | Gym | 2/11/2022 |
| Stuntz Academy of Tumbling Cheer and Dance LLC. | Gym | 2/11/2022 |
| Three Cheers | Gym | 2/11/2022 |
| Two Minutes & 30 Seconds Inc. | Gym | 2/11/2022 |
| CT Hart Cheer | Gym | 2/14/2022 |
| Dance & Cheer Stars | Gym | 2/14/2022 |
| Elite Cheer & Tumble Ltd | Gym | 2/14/2022 |
| Gravity Dance Center | Gym | 2/14/2022 |
| High Voltage Cheer LLC | Gym | 2/14/2022 |
| Hit Force Coaching LLC | Gym | 2/14/2022 |
| Indiana Gym Nest LLC | Gym | 2/14/2022 |
| Miss Dana's Diamonds LLC | Gym | 2/14/2022 |
| Universal Gymnastics and Cheer | Gym | 2/14/2022 |
| A1 Spirit Athletics LLC | Gym | 2/23/2022 |
| Bemo Legacy LLC | Gym | 2/23/2022 |
| Champion Athletics LLC | Gym | 2/23/2022 |
| Cool Image Dance & Gymnastics LLC | Gym | 2/23/2022 |
| Element All Stars LLC | Gym | 2/23/2022 |
| Power Athletix LLC | Gym | 2/23/2022 |
| Quest Athletics | Gym | 2/23/2022 |

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

| Entity | Entity Type | Date Served |
|---|---|---|
| Storm Elite All Stars INC. | Gym | 2/23/2022 |
| US Cheer Rebels | Gym | 2/23/2022 |
| Force Xtreme Cheer and Dance | Gym | 3/8/2022 |
| York Elite Allstar Cheer | Gym | 3/8/2022 |
| Jefferies LLC | Financial Institution | 3/23/2022 |
| Goldman Sachs & Co LLC | Financial Institution | 3/28/2022 |

24.     We reviewed approximately 330,000 documents produced by Defendants and third parties. This was labor intensive work, requiring hundreds of hours of review and the expense of contracting with Everlaw, a document hosting and review service.

25.     We took and participated in over 40 depositions of percipient witnesses, sometimes as sole deposing counsel, and other times in collaboration with counsel from the Related Actions, as provided for in the Court's November 15, 2021 Order Granting Plaintiffs' Joint Motion to Facilitate Coordination of Depositions in the Related Actions, ECF No. 159. We also deposed Defendants' two experts and defended the depositions of our own four experts. We also defended the depositions of class representatives Jessica Jones and Christina Lorenzen.

26.     The following chart shows the depositions taken, defended, or attended by us:

| Witness | Affiliation | Date(s) | Primary Jones Firm/ Attorney Examining or Defending | Other Jones Plaintiff Firm/Attorneys Present |
|---|---|---|---|---|
| Brian Elza | Former Varsity employee (General Manager, VP of Sales) | 11/16/21 11/17/21 | Gustafson: D. Nordin | Gustafson: F. Mahoney-Mosedale <br><br> JSLF: L. Concepcion |

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

| Witness | Affiliation | Date(s) | Primary Jones Firm/ Attorney Examining or Defending | Other Jones Plaintiff Firm/Attorneys Present |
|---|---|---|---|---|
| Francis LeTard | Former Varsity employee (VP of Operations) | 11/22/21 | Gustafson: D. Nordin | Gustafson: A. Amara<br><br>JSLF: L. Concepcion |
| Nicole Lauchaire | Varsity (Senior VP of Corporate Marketing & Communications) | 12/9/21 | Paul LLP: A. Schwarz | |
| Sarah Minzghor | Fusion Elite Allstars (Owner) | 12/17/21 | | JSLF: A. Harris |
| Damianne Albee | Varsity (VP of International Operations) | 1/11/22 | Paul LLP: A. Schwarz | |
| Lorenzen, Christina | Class Rep | 1/20/22 | JSLF: R. Spiegel | JSLF: K. Malone |
| Jones, Jessica | Class Rep | 2/10/22 | JSLF: R. Spiegel | |

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

| Witness | Affiliation | Date(s) | Primary Jones Firm/ Attorney Examining or Defending | Other Jones Plaintiff Firm/Attorneys Present |
|---------|-------------|---------|------------------------------------------------------|-----------------------------------------------|
| Craig Davis (deposed in his personal capacity and as a 30(b)(6) designee) | Varsity (VP, Business Operations & Strategy) | 2/23/22 2/24/22 | <u>Gustafson</u>: D. Nordin | |
| Lynn Singer | USASF (Executive Director, Communications & Dance) | 3/2/22 | <u>Paul LLP</u>: S. Cooper | |
| Jamie Parrish | Former Varsity employee (Director of Strategy) | 3/3/22 3/17/22 | <u>JSLF</u>: J. Saveri | <u>JSLF</u>: K. Rayhill |
| John Nichols | Former Varsity employee (Executive VP and General Manager; CFO); USASF | 3/8/22 3/9/22 | <u>Gustafson</u>: D. Nordin | <u>JSLF</u>: J. Saveri, K. Rayhill |
| Steve Peterson (deposed in his personal capacity and as a 30(b)(6) designee) | USASF (VP of Events & Corporate Alliances) | 3/9/22 4/4/22 | <u>JSLF</u>: J. Saveri | <u>JSLF</u>: K. Rayhill |
| Pashupati Nangia | Varsity (CFO) | 3/10/22 | <u>JSLF</u>: K. Rayhill | |

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

| Witness | Affiliation | Date(s) | Primary Jones Firm/ Attorney Examining or Defending | Other Jones Plaintiff Firm/Attorneys Present |
|---|---|---|---|---|
| Jackie Kennedy | Varsity (VP of Marketing & Communications) | 3/16/22 | JSLF: R. Spiegel | |
| Melanie Berry | Varsity (Senior Vice President of Special Events and Competitions) | 3/18/22 | JSLF: K. Rayhill | |
| Jim Hill | Former Varsity employee (All Star Advisor) | 3/21/22 | Paul LLP: R. Paul | Paul LLP: A Schwartz |
| John Newby (deposed in his personal capacity and as a 30(b)(6) designee) | Varsity (Executive VP/General Manager) | 3/23/22 3/24/22 | JSLF: J. Saveri | JSLF: K. Rayhill |
| Buffy Duhon | Varsity (VP Business Projects & Brand Operations) | 3/25/22 | JSLF: K. Rayhill | |
| Joshua Quintero | Varsity (Advisor) | 3/29/22 | Gustafson: D. Nordin | Gustafson: L. Wang |

| Witness | Affiliation | Date(s) | Primary Jones Firm/ Attorney Examining or Defending | Other Jones Plaintiff Firm/Attorneys Present |
|---|---|---|---|---|
| Alison Stangle (deposed in her personal capacity and as a 30(b)(6) designee) | USASF (Executive Director) | 3/30/22 | Paul LLP: S. Cooper | |
| Amy Clark (deposed in her personal capacity and as a 30(b)(6) designee) | USASF (VP of Membership) | 3/31/22 | Hartley: F. Brizuela | |
| Jeffrey Fowlkes | Varsity (Manager) | 4/5/22 | Paul LLP: S. Rowe | |
| Marlene Cota | Former Varsity employee (VP of Business Development/ Corporate Alliances) | 4/6/22<br><br>4/7/22 | Hartley: F. Brizuela | Hartley: M. Forsyth |
| John Sadlow | Varsity (Executive VP) | 4/7/22 | Gustafson: D. Nordin | |
| William Seely | Varsity (President of Varsity Spirit) | 4/13/22<br>4/14/22 | JSLF: J. Saveri | JSLF: D. Seidel |

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

| Witness | Affiliation | Date(s) | Primary Jones Firm/ Attorney Examining or Defending | Other Jones Plaintiff Firm/Attorneys Present |
|---|---|---|---|---|
| Cole Stott | Former Varsity employee (General Manager, Knoxville) | 4/13/22 | JSLF: K. Rayhill | |
| Karen Wilson | USASF (Regional Director) | 4/14/22 | Gustafson: L. Wang | Gustafson: D. Nordin |
| Sheila Noone | Former Varsity employee (VP, Public Relations) | 4/14/22 4/19/22 | Gustafson: L. Wang | Gustafson: D. Nordin |
| Jim Chadwick (deposed in his personal capacity and as a 30(b)(6) designee) | Former USASF employee (President & Chairman of the Board) | 4/15/22 | JSLF: K. Rayhill | |
| Josh Beer | Charlesbank (Managing Director) | 4/20/22 | Gustafson: D. Nordin | Gustafson: D. Goodwin |
| Andrew Janower (deposed in his personal capacity and as a 30(b)(6) | Charlesbank (Managing Director) | 4/22/22 7/6/22 | Gustafson: D. Nordin JSLF: J. Saveri | Gustafson: D. Goodwin JSLF: D. Seidel, C. Hydal |

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

| Witness | Affiliation | Date(s) | Primary Jones Firm/ Attorney Examining or Defending | Other Jones Plaintiff Firm/Attorneys Present |
|---------|-------------|---------|------------------------------------------------------|-----------------------------------------------|
| Saron Tesfalul | Bain (Principal, Consumer Retail & Dining Vertical) | 4/27/22 | JSLF: K. Rayhill | |
| David Katz | Charlesbank (Principal, Managing Director) | 4/29/22 | Paul LLP: S. Cooper | |
| Brandon White | Charlesbank (Managing Director) | 4/29/22 | JSLF: J. Saveri | |
| Ethan Portnoy | Bain (Vice President) | 5/2/22 | Hartley: F. Brizuela | Hartley: M. Forsyth |
| Neil Kalvelage | Charlesbank (Operating Partner) | 5/4/22 | JSLF: J. Saveri | |
| Thomas O'Rourke | Former Bain employee (Principal) | 5/4/22 | Paul LLP: S. Cooper | |

JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES

| Witness | Affiliation | Date(s) | Primary Jones Firm/ Attorney Examining or Defending | Other Jones Plaintiff Firm/Attorneys Present |
|---|---|---|---|---|
| Ryan Cotton (deposed in his personal capacity and as a 30(b)(6) designee) | Bain (Managing Director) | 5/5/22 7/7/22 | JSLF: J. Saveri<br><br>Gustafson: D. Nordin | JSLF: D. Seidel, C. Hydal |
| Jeff Webb | Defendant; Former Varsity employee (Founder and Chairman) | 5/12/22 5/13/22 | JSLF: J. Saveri | JSLF: T. Manfredi |
| David Owens | Non-party Event producer | 5/17/22 | JSLF: K. Rayhill | |

**Expert Discovery**

27.    Settlement Class Counsel retained four highly respected experts with specialized antitrust knowledge and extensive experience. The experts included:

a.    Randall Heeb, Ph.D., an expert economist and econometrician specializing in antitrust. Dr. Heeb was asked to analyze Defendants' economic data to determine whether economic analysis and evidence common to the Class could show that Defendants had monopoly power and had substantially foreclosed competition, whether their actions had anticompetitive effects, whether their actions had common impact on substantially all members of the Classes, and the amount of aggregate damages;

b.    Jen Maki, Ph.D., an expert in microeconomics who specializes in modeling the factors that drive demand for products and services within markets. Dr.

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

> Maki was tasked with analyzing Defendants' voluminous sales data and
> determining the extent of the harm caused by Defendants' alleged
> anticompetitive activities within each of the relevant product markets, and the
> amount of Defendants' overcharges that were passed on to the Classes by
> direct purchaser All Star gyms;

    c.    Janet Netz, Ph.D., an expert in the field of Industrial Organization, tasked with
defining the relevant markets and assessing whether Varsity held and abused
its market power in those markets; and

    d.    James H. Aronoff, an expert in corporate structure with a focus on the finance
industry, who was asked to recommend structural relief.

28.    Plaintiffs' experts analyzed documents and data produced in the litigation and
applied widely accepted economic and econometric techniques. In particular, Dr. Heeb analyzed
record evidence and used multivariate regression analysis to show that Defendants charged
supracompetitive prices, and that the supracompetitive pricing had class-wide impact and was
susceptible of proof through class-wide evidence. Dr. Heeb also used regression analysis to
quantify the extent of the supracompetitive overcharges on an aggregated basis. And Dr. Maki
estimated the amount of overcharges within the relevant product markets and on a state-by-state
basis, as well as estimating the extent to which Varsity's supracompetitive prices to the direct
purchaser All Star gyms were passed on to the Classes.

29.    We worked closely with the experts, devoting hundreds of hours to helping draft
their reports, ensuring that they had access to relevant discovery materials, preparing the experts
for their depositions, and then defending those depositions.

30.    On June 20, 2022, we produced merits reports from each of our experts to
Defendants.

31.    On September 23, 2022, Defendants produced opposition reports from two
experts, Dr. Kevin Murphy and James Orszag, attacking Plaintiffs' expert reports. Dr. Murphy
opined that "Plaintiffs' experts' analyses are fatally flawed and should not be relied upon in

assessing the relevant facts of this case." Murphy Report at 3. And Jonathan Orszag's report argued that "Plaintiffs' experts provide no economic basis to support Plaintiffs' allegation that USASF was part of a conspiracy with Varsity during the alleged class period." Orszag Report at 3, 6.

32.    Between November 2022 and January 2023, we took the depositions of Defendants' experts, and defended our own expert depositions.

33.    On February 10, 2023, we filed motions to exclude Dr. Murphy's Report in part, and Mr. Orszag's Report in full. ECF No. 384. The Court granted Plaintiffs' motion to exclude Dr. Orszag's opinions in their entirety. Order, ECF No. 573 at PageID 33496. And while the Court denied some aspects of Plaintiffs' motion to exclude Dr. Murphy's opinions, Class Counsel succeeded in showing that Dr. Murphy's alternative explanation for Varsity's rising prices must be excluded as relying on fundamentally unreliable data. *Id*. at PageID 33505.

34.    Also on February 10, 2023, Defendants filed motions to exclude the testimony of each of Plaintiffs' experts, which we successfully opposed, substantially defeating three out of Defendants' four *Daubert* motions. The Court denied Defendants' motion to exclude Dr. Heeb's testimony with the exception of Dr. Heeb's opinions about Varsity's *intent* to eliminate or diminish competition. ECF No. 579 at PageID 33894. The Court denied Defendants' motion to exclude Dr. Netz's opinions with one exception regarding her statement that "Varsity recognizes . . . barriers [to entry] as a means to thwart competition." ECF No. 577 at PageID 33859. And the Court denied Defendants' motion to exclude Dr. Maki's opinions except for her opinion regarding damages in states that Plaintiffs were not pursuing. ECF No. 580 at PageID 33934. The Court excluded Mr. Aronoff's opinions in their entirety. ECF No. 568 at PageID 33433.

**Class Certification and Summary Judgment**

35.    We filed our Motion for Class Certification on February 10, 2023. *See* ECF No. 387. The motion was supported by four expert reports and four expert rebuttal reports, as well as 59 exhibits. Defendants filed their response on March 31, 2023. *See* ECF No. 420. Plaintiffs filed their reply, supported by 37 additional exhibits, on May 25, 2023. *See* ECF No. 453.

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

36.    Defendants filed four separate motions for summary judgment: one joint motion by all Defendants (ECF No. 466), one from USASF (ECF No. 469), one from Jeff Webb (ECF No. 467), and one jointly from Bain and Charlesbank (ECF No. 466). Class Counsel filed oppositions to all four motions, including briefing totaling 99 pages, plus factual statements totaling 139 pages and 10 pages of objections to Defendants' statement of facts, as well as 309 exhibits.

**Negotiation and Settlement**

37.    On July 27, 2021, Plaintiffs and Defendants engaged in Court-ordered mediation conducted via Zoom by David Wade of Martin, Tate, Morrow & Marston, P.C. We submitted our mediation statement setting forth the factual and legal basis supporting settlement to Defendants and the mediator on July 22, 2021. We also sent a demand letter to Defendants on July 26, 2021. Discovery was just beginning at that time and in part because neither side could accurately gauge the strength of the other side's evidence, the mediation was unsuccessful.

38.    On June 26, 2023, the Parties participated in a second mediation conducted by Randall Wolff in Yountville, California. This mediation was unsuccessful in resolving the case.

39.    On March 9, 2024, the Parties participated in a third full-day mediation, this time before the Hon. Layn Phillips (ret.) of Phillips ADR. Though the Parties did not reach an agreement that day, they continued to negotiate in the weeks after the mediation with the assistance of Clay Cogman, Esq. of Phillips ADR, resulting in an agreement in-principle that led to the proposed settlement.

40.    After agreeing to the proposed settlement, the parties drafted the settlement agreement, the proposed forms of notice and other settlement related documents. Plaintiffs also set up a bid process for settlement administrators, ultimately selected Angeion, the administrator with the winning bid. Angeion estimates that the costs for the notice plan and the claims administration process will be approximately $584,486.00. A request for those expenses to be paid from the Settlement Fund will be submitted.

**Time and Expense**

41.    Class Counsel has vigorously prosecuted this Action from its inception, committing the time and resources necessary to achieve a successful outcome even though success—and payment, which is contingent on a successful outcome—were never assured. To date, Class Counsel has devoted 43,743.45 hours to the prosecution of the Action. At rates that are consistent with local practice, this equates to a lodestar of $32,770,367. In addition, Plaintiffs expended $7,450,156.47 in costs and expenses that were reasonable and necessary to the successful prosecution of the Action, including $6,743,955.31 to pay Plaintiffs' experts, without whose work these results would not have been possible. Other critical elements of Class Counsel's efforts that have resulted in unreimbursed expenses include: the creation and maintenance of an electronic document database; mediation; travel and lodging; court reporters and transcripts; computerized legal research; and copying, among other things. Class Counsel's work was non-duplicative, and has been audited and standardized to conform with ABA Litigation codes.

**Settlement Class Counsel Are Experienced Litigators with a
Track Record of Success in Complex Class Actions.**

42.    All five firms representing Plaintiffs and the Settlement Classes have extensive experience litigating high-stakes, complex class actions such as this. We have recovered a combined $6 billion on behalf of our clients, against some of America's largest companies.

43.    For a more detailed description of the five firms representing the indirect purchaser class, see our motion requesting that the five firms be appointed lead counsel in this action, and accompanying declarations. *See* ECF Nos. 380, 380-1–380-7.

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2024, in San Francisco, CA.

*/s/ Joseph R. Saveri*

Joseph R. Saveri

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2024, in Minneapolis, MN.

*/s/ Daniel E. Gustafson*

Daniel E. Gustafson

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2024, in Kansas City, MO.

*/s/ Richard M. Paul III*

Richard M. Paul III

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2024, in San Diego, CA.

*/s/ Jason S. Hartley*

Jason S. Hartley

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2024, in Memphis, TN.

*/s/ Van D. Turner, Jr.*

Van D. Turner, Jr.

**JOINT DECLARATION IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES**

## <u>SIGNATURE ATTESTATION</u>

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2024 in San Francisco, California.

By:     */s/ Joseph R. Saveri*
Joseph R. Saveri