IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | |

**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

# DECLARATION OF JOSEPH R. SAVERI

I, Joseph R. Saveri, declare the following under penalty of perjury:

1. I am the Founder and Managing Partner of Joseph Saveri Law Firm, LLP ("JSLF"). This declaration describes JSLF's work in the above-captioned class action, in support of Plaintiffs' Motion for an Award of Attorneys' Fees, for Reimbursement of Expenses and for Service Awards for the Class Representatives. I have personal knowledge of the matters set forth in this Declaration. If called upon as a witness, I would be competent to testify to them.

2. On June 18, 2024, JSLF was appointed Plaintiffs' Lead Class Counsel for the purposes of settlement in this action. *See* ECF No. 612 (Order Granting Preliminary Approval of Settlement) at 29. The Court also named Gustafson Gluek PLLC ("Gustafson"), Hartley LLP ("Hartley"), and Paul LLP ("Paul") to the Plaintiffs' Executive Committee Counsel, and Turner Feild, PLLC ("Turner") Plaintiffs' Liaison Counsel (collectively with JSLF, "Class Counsel"). *Id*.

3. The schedule attached as **Exhibit A** is a true and correct summary identifying JSLF's attorneys, paralegals and other staff who have worked on this litigation, the number of hours those individuals worked, their current hourly billing rates and their respective lodestar values. **Exhibit A** also sets forth my firm's total hours and lodestar from inception of the case through and including June 30, 2024, broken down by aspect of the case. In total, my firm spent 35,583.4 hours working on this action during this period, with a corresponding total lodestar of $ $27,733,219.00. My personal lodestar in this case was $3,234,140.00. This schedule was prepared from contemporaneous, daily time records prepared and maintained by my firm.

4. The schedule attached as **Exhibit B** sets forth unreimbursed litigation expenses incurred by JSLF on behalf of Plaintiffs and the Settlement Classes, from inception of the case through and including June 30, 2024.[1] In total, my firm has incurred $7,292,856.44 in unreimbursed costs and expenses. These costs are reflected on the books and records of my firm. They were incurred on behalf of the Settlement Classes by my firm and have not been

---

[1] The costs and expenses set forth in Exhibit B are reflected in the books and records of my firm.

reimbursed. JSLF has pursued this case on a contingent basis. To date, JSLF has received no compensation of any kind in this action.

**JSLF's Pre-Suit Investigation**

5. In early 2020, during the COVID pandemic, attorneys at my firm began investigating a possible class action against Varsity. JSLF attorneys performed media searches and interviewed industry participants at various levels with direct experience of Varsity's business practices, including parents and caregivers of cheer athletes, executives at Varsity's competitors, and bloggers and reporters who had researched and written about the competitive cheer industry. In connection with our investigation, we consulted with expert economists and industry experts. These efforts led directly to the identification of several potential class representatives, including the three original named Plaintiffs.

6. JSLF also performed legal research regarding potential claims under federal and state laws.

7. Our research allowed us to identify claims against additional Defendants who participated in the alleged anticompetitive scheme, including: three Varsity Defendants (Varsity Brands, LLC, Varsity Spirit, LLC, and Varsity Spirit Fashion & Supplies, LLC (collectively, "Varsity"); the U.S. All Star Federation, Inc. ("USASF"), which was started and controlled by Varsity; Varsity founder Jeff Webb; and two financial entities that owned and controlled Varsity: Charlesbank Capital Partners LLC ("Charlesbank"); and Bain Capital Private Equity ("Bain"). Later, with the assistance of full discovery, Class Counsel added several funds controlled by Bain and Charlesbank, including: Charlesbank Equity Fund VII, Limited Partnership; Charlesbank Equity Fund VIII, Limited Partnership; Charlesbank Equity Fund IX, Limited Partnership; Bain Capital Fund XII, L.P.; Bain Capital Fund (DE) XII, L.P.; and Bain Capital Fund (Lux) XII.

**Plaintiffs' Class Action Complaint and Defendants' Rule 12 Motions**

8. Class Counsel, led by JSLF, filed Plaintiffs' initial Class Action Complaint on December 10, 2020. By their complaint, Plaintiffs brought claims on behalf of a class of indirect purchasers, the families of competitive cheer athletes who paid supracompetitive prices for

competitions, camps, and apparel. In light of the Supreme Court's decision in *Illinois Brick v. Illinois*, 423 U.S. 720 (1977), indirect purchasers may not bring claims for damages under federal antitrust law. Plaintiffs asserted claims for damages under state law and sought injunctive and declaratory relief under Sections 1, 2, and 3 of the Sherman Act.

9.      On March 12, 2021, Defendants filed four separate motions to dismiss on various grounds, and a motion to strike the class allegations. Under my direction, Class Counsel researched and drafted Plaintiffs' oppositions to each of Defendants' motions to dismiss. As part of this effort, I tasked Executive Committee Counsel and Liaison Counsel with non-duplicative research and drafting responsibilities. JSLF filed Plaintiffs' responses to Defendants' motions on April 15, 2021. *See* ECF Nos. 67–70.

10.     Plaintiffs' oppositions were largely successful. On August 1, 2022, the Court denied Bain and Charlesbank's motions to dismiss. *See* ECF No. 332. On the same day, the Court issued a separate Order upholding Plaintiffs' claims for injunctive and declaratory relief on behalf of a nationwide class, their state law damages claims on behalf of a nationwide class under Tennessee law with regard to apparel (the Court denied Plaintiffs' Tennessee claims for competitions and camps), and individual state law damages classes for all but five states sought by Plaintiffs. *See* ECF No. 333. On August 31, 2023, the Court denied Defendants' Motion to Strike. *See* ECF No. 475.

11.     JSLF attorneys researched and drafted Plaintiffs' Motion for Reconsideration of the Court's Order dismissing Plaintiffs' nationwide claims for competitions and camps under Tennessee law, and the reply in support thereof, filed on September 1, 2022. *See* ECF Nos. 335, 348, respectively. JSLF attorneys argued the reconsideration motion in the hearing held on April 24, 2023.[2] *See* ECF No. 451. On August 31, 2023, the Court granted the motion for

---

[2] On August 31, 2023, the Court ruled on Plaintiffs' Motion for Reconsideration and Defendants' Motion to Strike Class Allegations. *See* ECF No. 475. Upon reconsideration, the Court rejected Defendants' arguments that Rule 23 is preempted by the Tennessee Consumer Protection Act's class action ban and allowed Plaintiffs' claims under the statute to proceed. *Id.* at 18. In addition, the Court denied Defendants' motion to strike the Injunctive Relief Class and State Law Damages Class. *Id.* at 2.

reconsideration, but denied the nationwide classes for competitions and camps under Tennessee law. *See* ECF No. 475.

12.     JSLF researched and drafted Plaintiffs' Motion for Leave to Amend the complaint, which was filed on August 23, 2022, and, after asking for and receiving leave from the Court, the Reply in support thereof, which was filed on September 16, 2022. See ECF Nos. 343, 355. On September 20, 2023, the Court granted Plaintiffs' Motion for Leave to Amend. *See* ECF No. 487.

13.     JSLF drafted Plaintiffs' Amended Class Action Complaint, which added several funds controlled by Charlesbank and Bain as Defendants,[3] and was filed on September 27, 2023. *See* ECF No. 489. In addition, JSLF researched and drafted Plaintiffs' response to Defendants' joint Motion to Dismiss and to Strike Claims Previously Dismissed and Material Previously Struck. *See* ECF No. 532. On February 20, 2024, the Court denied Defendants' Motion to Dismiss. *See* ECF No. 574. JSLF drafted Plaintiffs' Second Amended Complaint, which was filed on February 27, 2024. *See* ECF No. 575. The Second Amended Complaint is the operative complaint in this Action.

14.     On March 12, 2024, Defendants filed a joint Motion to Dismiss the Second Amended Complaint except as to Plaintiffs' claims under the laws of Colorado and Kansas. *See* ECF No. 581. JSLF and Executive Committee Counsel were in the process of researching and drafting Plaintiffs' response when this case settled in principal on April 30, 2024.

15.     After one of the named Plaintiffs was no longer able to fulfill their duties, JSLF was retained by a new class representative, Amy Coulson. JSLF attorneys then researched and drafted Plaintiffs' Motion to Add Class Representative, filed on February 23, 2023, and the Reply in support thereof, filed on April 5, 2023. *See* ECF No. 394, 433, respectively. On March 18,

---

[3] The additional Defendants are: Charlesbank Equity Fund VII, Limited Partnership ("Charlesbank Fund VII"); Charlesbank Equity Fund VIII, Limited Partnership ("Charlesbank Fund VIII"); Charlesbank Equity Fund IX, Limited Partnership ("Charlesbank Fund IX") (collectively with Charlesbank Funds VII and VIII, the "Charlesbank Funds") (together with Charlesbank, the "Charlesbank Defendants"); and Bain Capital Private Equity, LP ("Bain" or "Bain Capital"); Bain Capital Fund XII, L.P., Bain Capital Fund (DE) XII, L.P., and Bain Capital Fund (Lux) XII, SCSp.

2024, the Court granted Plaintiffs' motion, adding Ms. Coulson as a class representative. *See* ECF No. 591.

**Discovery**

16.     Soon after filing the Complaint, JSLF took part in negotiations involving counsel from the Related Actions[4] regarding the coordination of discovery, negotiating stipulations that resulted in orders establishing a joint Discovery Coordination Committee, authorizing the sharing of evidence among the plaintiffs in the three Related Actions, and establishing a framework for plaintiffs in the three related actions to jointly take depositions. *See* ECF Nos. 45, 47, and 159. These Orders prevented duplication of effort and ensured the efficient use of the parties' and the Court's resources, while enabling Plaintiffs to prosecute their claims. Additionally, JSLF participated in negotiating and drafting a Stipulated Protective Order governing confidential information, and a comprehensive protocol for electronically stored information. *See* ECF Nos. 62, 91, respectively.

17.     JSLF attorneys, working in coordination with other Class Counsel, drafted and served extensive written discovery, including 136 requests for production ("RFPs"), 46 interrogatories, and hundreds of requests for admission, and drafted responses to Defendants' discovery requests. JSLF then engaged in intensive, months-long negotiations with counsel for Varsity over the scope of discovery, including multiple protracted disputes over responses to Plaintiffs' RFPs, custodians, relevant time period, and search terms.

18.     While many disagreements were resolved by consent, others required court intervention. JSLF attorneys drafted and filed multiple motions to compel discovery from Varsity and replies in support thereof, and assisted Executive Committee Counsel in drafting motions to compel discovery from the other Defendants. *See* ECF Nos. 100–103, 214, 215, 265, 269, 270,

---

[4] As used herein, Related Actions refers to *Fusion Elite All Stars, et al., v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02600-SHL-tmp ("*Fusion*"), and "*American Spirit*" refers to *American Spirit And Cheer Essentials, Inc., et al., v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02782-SHL-tmp ("*American Spirit*").

274, 275, 290. These efforts eventually yielded the production of hundreds of thousands of documents, which JSLF and Executive Committee Counsel reviewed and subsequently used at deposition and in connection with the development of expert testimony. These materials were also relied on in connection with class certification and summary judgement as well as preparation for trial.

19.     Class Counsel took 40 depositions of percipient fact witnesses and participated in seven expert depositions, either as lead questioning attorney or working in coordination with Executive Committee Counsel or counsel from the Related Actions. Class Counsel deposed numerous former and current officers, managers, directors, or employees of Defendants Varsity and USASF, as well as numerous knowledgeable persons employed by the Charlesbank Defendants and Bain Defendants, respectively. Deponents included top executives and officers of Defendants, including Defendant Jeff Webb. All depositions were taken remotely by Zoom or other remote means. This was one of the first complex antitrust cases where the depositions were taken entirely by remote means. The parties were required to develop novel and untested procedures and mechanisms for doing so. Several depositions were conducted over two days. Preparation involved identifying key documents, preparing extensive deposition outlines, coordinating deposition strategy and questioning with plaintiffs' counsel in the Related Actions, and working out logistics with Defendants in this case and additional parties in the Related Actions, all of which was complicated by the need to work remotely during the pandemic.

**Experts**

20.     Early on in the action, JSLF attorneys began developing expert testimony that is crucial for class certification, summary judgment and trial. We interviewed several economists and econometricians experienced in large antitrust actions, eventually settling on four highly qualified experts:

   a.   Randall Heeb, Ph.D., an expert economist and econometrician specializing in antitrust, who was tasked with proving Defendants' anticompetitive activities harmed the Classes and quantifying the extent of damages;

    b. Jen Maki, Ph.D., an expert in microeconomics who specializes in modeling the demand factors within markets, who was asked to quantify damages within the submarkets and to estimate the amount of passthrough by the direct purchasers;

    c. Janet Netz, Ph.D., an expert in the field of Industrial Organization who was asked to define the relevant markets and assess whether Varsity held market power within them; and

    d. James H. Aronoff, an expert in corporate structure with a focus on the finance industry, who was asked to recommend structural relief to support Plaintiffs' injunctive relief claims.

21. In addition to developing the substance of their testimony, JSLF attorneys also worked closely with these experts to assess whether economic analyses and evidence common to each of the Settlement Classes would be capable of addressing the elements of Plaintiffs' claims, including monopoly power, substantial foreclosure, common impact, aggregate damages, and anticompetitive effects, as well as merits issues including liability, impact and damages, including the question of whether Defendants' supracompetitive prices were passed on to members of the indirect purchaser damages class. JSLF and Executive Committee Counsel reviewed expert reports and rebuttals for each of the four experts, as well as preparing them for their depositions, and defending the depositions. JSLF devoted hundreds of hours and incurred millions of dollars in costs in developing the experts' testimony.

22. On March 31, 2023, Defendants filed Motions to Exclude Dr. Janet S. Netz, James H. Aronoff, Dr. Randal Heeb, and Dr. Jen Maki. See ECF Nos. 424, 425, 427, 429. JSLF worked collaboratively with Executive Committee Counsel to research and draft Plaintiffs' responses to Defendants' motions. These efforts were largely successful. On February 28, 2024, the Court denied Defendants' Motion to Exclude Dr. Netz in full except as to her limited opinion regarding Varsity's motives. *See* ECF No. 577. On March 6, 2024, the Court denied Defendants' Motion to Exclude Dr. Heeb in full except as to his limited opinion regarding Varsity's motives. *See* ECF No. 579. On the same day, the Court denied Defendants' Motion to Exclude Dr. Maki except as

to her damages calculations for states in which Plaintiffs are not pursuing damages. *See* ECF No. 580. However, on January 9, 2024, the Court granted Defendants' Motion to Exclude James H. Aronoff. *See* ECF No. 568.

23. Defendants retained two experts to attack Plaintiffs' experts. Kevin Murphy, Ph.D., and Jonathan Orszag. Class Counsel succeeded in excluding their testimony nearly completely. JSLF and Executive Committee Counsel researched and drafted Plaintiffs' Motion to Exclude Johnathan M. Orszag and Dr. Kevin Murphy, in Part, which JSLF filed on February 10, 2023. *See* ECF No. 384. JSLF drafted Plaintiffs' reply, which was filed on April 28, 2023. *See* ECF No. 441. On February 6, 2024, the Court granted Plaintiffs' Motion to Exclude Johnathan M. Orszag in full, and excluded Dr. Murphy's opinions and testimony relating to his alternative theory that event prices increased due to changes in demand. *See* ECF. No. 573.

**Dispositive Motions**

24. JSLF took the lead in researching and drafting Indirect Purchaser Plaintiffs' Motion for Class Certification, which was filed on February 10, 2023. *See* ECF Nos. 387–389. The Memorandum of Law in support of the motion was thirty pages long, and was supported by eight expert reports, 59 exhibits, and three declarations. Class Counsel also led the research and drafting of the Reply in Support of Indirect Purchaser Plaintiffs' Motion for Class Certification filed the Reply in support thereof on May 25, 2023. ECF No. 453.

25. I tasked Executive Committee Counsel with non-duplicative research and drafting responsibilities as part of these efforts. JSLF also researched and drafted Plaintiffs' Motion to Appoint Lead Counsel, which was filed on February 10, 2023, and their reply, which was filed on March 15, 2023. *See* ECF Nos. 380, 407.

26. On July 28, 2023, Defendants filed five separate motions for summary judgment. *See* ECF Nos. 466–473. JSLF and Executive Committee Counsel shared research and drafting responsibilities for Plaintiffs' response, which was filed on September 15, 2023. *See* ECF Nos. 477–488. JSLF attorneys assembled more than 300 exhibits, and researched and drafted the Statement of Facts and Counterstatement of Facts, including briefing totaling 99 pages, plus

factual statements totaling 139 pages and 10 pages of objections to Defendants' statement of facts, as well as 309 exhibits. Under my direction JSLF and Executive Committee researched and drafted opposition to Defendants' motions. JSLF attorneys also researched and briefed state law issues.

**Trial Preparation**

27. The Court set trial for this matter on July 8, 2024. Beginning in December, 2023, JSLF and Executive Committee Counsel prepared the case for trial. This intensive process included preparing opening statements, witness lists, direct examinations, cross-examinations and closing argument, and gathering trial exhibits and testimony after reviewing all the depositions taken in the case. Class Counsel also retained jury consultants to conduct extensive jury work, including issue testing and other preparation for trial, and a trial graphics firm to prepare trial exhibits. These efforts consumed hundreds of additional hours of time and required the expenditure of significant funds.

**Mediation and Settlement**

28. Under my lead, Class Counsel participated in three mediations in an attempt to negotiate a settlement to this Action. Class Counsel shared responsibilities for researching and preparing statements, exhibits, and presentations for these mediations. The first mediation took place on July 27, 2021, and was conducted by David Wade of Martin, Tate, Morrow & Marston, P.C. Those mediation efforts were unsuccessful. A little over a year later, a second mediation was conducted by Randall Wolff on June 26, 2023. Those mediation efforts were unsuccessful.

29. On March 9, 2024, the Parties participated in a third mediation, conducted by the Hon. Layn Phillips (ret.) of Phillips ADR. JSLF took the lead in drafting Plaintiffs' mediation statement, and shared responsibility with Executive Committee for preparing presentation materials. Over the ensuing weeks, JSLF led continued negotiations with Defendants with the assistance of Clay Cogman, Esq. of Phillips ADR. These efforts resulted in an agreement in-principle that led to the Settlement Agreement. JSLF took the lead in drafting the term sheet. After the parties executed the term sheet, JSLF drafted and negotiated the Settlement Agreement,

which was executed on April 28, 2024. Among other things, the Settlement Agreement provides for Defendants to pay $82.5 million in cash for the benefit of members of the State Law Damages Class, and to institute significant prospective relief that unwinds some of the key conduct challenged as allegedly anticompetitive in this case for the benefit of the Injunctive Relief Class. JSLF also drafted and negotiated other settlement documentation, including the forms of notice, as well as the forms of orders and judgments necessary to effectuate and implement the settlement.

30. Class Counsel solicited bids from multiple settlement administrators and selected Angeion Group LLC ("Angeion"), and JSLF secured Citibank N.A. as escrow agent.

31. JLSF took the lead in drafting Plaintiffs' Motion for Preliminary Approval of Settlement, which was filed on May 13, 2024. *See* ECF No. 606. JSLF also took the lead in drafting Plaintiffs' supplemental briefing in support of the preliminary approval motion, which was filed on May 24, 2024. *See* ECF No. 610. The Court granted Plaintiffs' Motion for Preliminary Approval on June 18, 2024. *See* ECF No. 612.

32. JSLF and Executive Committee Counsel have worked with Angeion to ensure State Law Damages Class Members were provided notice of the settlement as ordered by the Court. In addition, JSLF took the lead in negotiating, researching, and drafting a joint motion with Defendants and the Attorney General of Illinois, seeking to allow Illinois residents to participate in the settlement, which was filed on August 15, 2024. *See* ECF No. 615. On August 23, 2024, the Court approved the motion. *See* ECF No. 618.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2024, in San Francisco, CA.

*/s/ Joseph R. Saveri*
Joseph R. Saveri

# EXHIBIT 1

*Varsity v. Jones*
**Joseph Saveri Law Firm**
**Fees: Inception - June 30, 2024**

**Fees By Timekeeper At Current rates**

| Timekeeper | Professional Status | Hours | Rate | Total |
|---|---|---|---|---|
| Joseph R. Saveri | Partner | 2,310.10 | $ 1,400.00 | $ 3,234,140.00 |
| Kevin Rayhill | Associate | 2,160.80 | $ 800.00 | $ 1,728,640.00 |
| Elissa Buchanan | Associate | 1,474.90 | $ 550.00 | $ 811,195.00 |
| Julie Han | Associate | 1,344.40 | $ 625.00 | $ 840,250.00 |
| Brian Lowry | Paralegal | 35.50 | $ 400.00 | $ 14,200.00 |
| Jenel Day | Paralegal | 22.20 | $ 625.00 | $ 13,875.00 |
| Gurjit Aulkh | Paralegal | 167.20 | $ 445.00 | $ 74,404.00 |
| Christiopher Young | Partner | 10.60 | $ 1,100.00 | $ 11,660.00 |
| Amy Ortiz | Paralegal | 145.80 | $ 400.00 | $ 58,320.00 |
| Ruby Ponce | Paralegal | 1,010.40 | $ 625.00 | $ 631,500.00 |
| Sean Robertson | Associate | 26.00 | $ 400.00 | $ 10,400.00 |
| Nanci Murdock | Associate | 923.10 | $ 550.00 | $ 507,705.00 |
| Katharine Malone | Associate | 190.10 | $ 650.00 | $ 123,565.00 |
| Abraham Maggard | Associate | 14.10 | $ 400.00 | $ 5,640.00 |
| Sofia Jordan | Economist | 2,363.20 | $ 675.00 | $ 1,595,160.00 |
| Sean Bockover | Associate | 2,871.20 | $ 550.00 | $ 1,579,160.00 |
| Latoya Concepcion | Paralegal | 1,066.50 | $ 550.00 | $ 586,575.00 |
| Linda Szabados | Law Clerk | 48.00 | $ 375.00 | $ 18,000.00 |
| Anna-Patrice Harris | Associate | 889.90 | $ 650.00 | $ 578,435.00 |
| Ronnie S. Spiegel | Partner | 3,738.00 | $ 1,200.00 | $ 4,485,600.00 |
| Jacquelyn Lindsey | Associate | 4,022.40 | $ 650.00 | $ 2,614,560.00 |
| Ashliegh N. Jensen | Paralegal | 1,499.30 | $ 625.00 | $ 937,062.50 |
| Christopher Hydal | Associate | 4,659.00 | $ 800.00 | $ 3,727,200.00 |
| Yasmin Jayasuria | Paralegal | 436.40 | $ 425.00 | $ 185,470.00 |
| David H. Seidel | Partner | 1,534.60 | $ 1,100.00 | $ 1,688,060.00 |
| Travis L. Manfredi | Associate | 128.30 | $ 750.00 | $ 96,225.00 |
| Cadio Zirpoli | Partner | 111.00 | $ 1,200.00 | $ 133,200.00 |
| Aaron Cera | Associate | 102.20 | $ 550.00 | $ 56,210.00 |
| Amara A. Getzell | Paralegal | 1,363.30 | $ 550.00 | $ 749,815.00 |
| Kathleen Jordan McMahon | Associate | 33.50 | $ 625.00 | $ 20,937.50 |
| Louis Kessler | Associate | 397.70 | $ 900.00 | $ 357,930.00 |
| Alex Zeng | Law Clerk | 25.20 | $ 300.00 | $ 7,560.00 |
| Itak Moradi | Associate | 126.40 | $ 800.00 | $ 101,120.00 |
| Alice J. Ilie | Paralegal | 332.10 | $ 450.00 | $ 149,445.00 |
|  |  | **35,583.40** |  | **$ 27,733,219.00** |

**Fees By Category**

| Category Description | Hours | Amount |
|---|---|---|
| Case Assessment, Development and Administration | 3,944.00 | $ 2,962,269.00 |
| Experts | 1,747.20 | $ 1,444,835.00 |
| Mediation and Settlement | 1,213.50 | $ 1,160,695.00 |
| Pre-Trial Pleadings and Motions | 7,754.90 | $ 6,448,277.50 |
| Discovery | 18,821.10 | $ 14,125,012.50 |
| Trial Preparation and Trial | 2102.70 | $ 1,592,130.00 |
| **Totals** | **35,583.40** | **$ 27,733,219.00** |

# EXHIBIT 2

**V*arsity v. Jones***
**Joseph Saveri Law Firm**
Expenses: Inception - 06-30-2024

| Code # | Description | Amount |
|---|---|---|
| E101 | Copies | $ 80,952.25 |
| E102 | Outside Printing | $ 66,128.89 |
| E106 | Online Research | $ 45,891.42 |
| E107 | Deliver Services / Messengers | $ 5,194.98 |
| E109 | Local Travel | $ 2,206.15 |
| E110 | Out of Town Travel | $ 46,604.64 |
| E111 | Meals | $ 3,979.29 |
| E112 | Court Fees | $ 1,318.52 |
| E115 | Deposition Transcripts | $ 91,664.45 |
| E118 | Litigation Support Vendors | $ 225,889.85 |
| E119 | Experts | $ 6,667,347.81 |
| E121 | Arbitrators / Mediators | $ 17,285.94 |
| E121 | Other | $ 38,392.25 |
| | **Total** | **$ 7,292,856.44** |