IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>VARSITY BRANDS, LLC, et al.,<br><br>　　　　　Defendant. | Case No. 2:20-cv-02892-SHL-tmp |
| **DECLARATION OF JASON HARTLEY ON BEHALF OF HARTLEY LLP IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES** | |

I, Jason Hartley, declare as follows:

1. I am the Managing Partner of the law firm Hartley LLP. I submit this declaration in support of Plaintiffs' motion for an award of attorneys' fees and expenses in connection with the services rendered, and costs and expenses incurred in this action (the "Action").

2. My firm serves as Class Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the Action. The schedule attached as Exhibit A is a true and correct summary identifying the Hartley LLP attorneys and paralegal who have worked on this litigation, the number of hours those individuals worked, their hourly billing rates, and their respective lodestar values. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar, by year at current rates from inception of the case through and including June 30, 2024. The total number of hours spent by my firm during this period was 1585.70, with a corresponding total lodestar calculated at current rates of $1,303,648.00. This schedule was prepared from contemporaneous, daily time records prepared and maintained by my firm.

3. On June 18, 2024, the Court appointed Joseph Saveri Law Firm, LLP as IPPs' lead class counsel and Hartley LLP, Paul LLP and Gustafson Gluek, PLLC as Executive Committee Counsel for the proposed IPP Class. *See* ECF No. 612. This team, including Hartley LLP, worked diligently to represent the interests of Indirect Purchaser Plaintiffs.

4. More specifically, in connection with representing the IPPs in the Action, Hartley LLP attorneys performed the following:

(a) Evaluated the draft complaint and researched causes of action to assert on behalf of Plaintiffs and the putative class;

(b) Reviewed and evaluated Defendants' written discovery requests to Plaintiffs, including Requests for Production of Documents and Interrogatories, and researched documents and information for responsive evidence in order to respond to discovery requests served on Plaintiffs;

(c) Analyzed and evaluated Defendant Webb's discovery responses to determine adequacy, challenge inappropriate objections, and identify insufficiencies requiring follow up with Defendants. This involved writing multiple meet and confer letters to Defendants, responding to same from Defendants and conducting telephonic conferences to discuss the discovery issues with Defendants;

(d) Researched and drafted a motion to compel Defendant Webb to provide sufficient responses after multiple meet and confer sessions alone were not fruitful;

(e) Analyzed and revised Plaintiffs' draft written discovery responses to Defendants' requests and confirmed their sufficiency and accuracy;

(f) Analyzed other Defendants' responses to Plaintiffs' discovery requests and evaluated them for sufficiency, accuracy and to challenge inappropriate objections;

(g) Attended myriad telephone conferences with co-counsel regarding discovery negotiations with Defendants and strategized Plaintiffs' approach to same with all Defendants;

(h) Researched and reviewed Plaintiffs' documents in conjunction with Defendants' requests for production and identified and assembled responsive Plaintiffs' documents for production to Defendants;

(i) Proposed and negotiated search terms with Defendants for document searches and productions of Defendant custodians' responsive documents; researched, outlined and prepared motion to compel regarding same;

(j)      Drafted discovery requests to Defendants regarding specific research such as Olympic recognition of cheer events;

(k)      Analyzed and summarized multiple deposition transcripts;

(l)      Researched and assembled relevant documents in the record for expert analysis and use in various expert reports for Plaintiffs;

(m)      Researched various legal issues including market definition; scienter requirement of different states' consumer protection statutes, liability of corporations for wholly owned subsidiaries under different states' laws; continuing violation theory regarding statute of limitations and tolling of same;

(n)      Identified relevant documents and exhibits for depositions and prepared outlines for and took the depositions of several Defendant witnesses, including USASF's Amy Clark, former Varsity employee Marlene Cota; Ethan Portnoy of Defendant Bain and the 30(b)(6) deposition of Defendant Charlesbank;

(o)      Analyzed Defendants' expert reports for Daubert motions and researched, outlined and drafted the Daubert motion challenging Defendants' expert Orszag;

(p)      Assisted preparing oppositions to Defendants' Motion to Exclude Plaintiffs' expert Aranoff;

(q)      Assisted responding to Defendants' motion for sanctions;

(r)      Assisted Plaintiffs' counsel in preparing for argument on Motion to Strike and reconsideration of Motion to Dismiss, attended the Court's argument on those Motions in person;

(s)      Reviewed and analyzed Plaintiffs' Reply brief in support of class certification;

(t)      Reviewed Defendants' Motion to Strike Plaintiffs' expert Maki's reply report;

(u)      Assisted Plaintiffs' preparation for both mediations, including revising detailed mediation briefs, and attended both mediations in Napa and New York;

(v)      Researched, outlined and drafted Plaintiffs' opposition to Defendant Webb's Motion to Dismiss;

(w)      Analyzed new complaint filed by Varsity competitor to determine whether any impact on our case;

(x)      Interviewed trial consultants, researched and assembled materials for focus group, prepared presentation for focus group and attended multiple focus group exercises in preparation for trial;

(y)      Began researching and drafting dozens of motions in limine for trial;

    (z)    Assisted various pretrial tasks like designating deposition testimony, identifying exhibits, preparing witnesses, creating a schedule, pretrial order and pretrial memorandum, and conducting strategy conferences with co-counsel to prepare for trial;

    (aa)    Researched claims administrators and solicited bids from same, summarized multiple bids and evaluated each, selected claims administrator;

    (bb)    Revised and strategized settlement term sheet and settlement agreement; and

    (cc)    Researched class notice required under Sixth Circuit and Supreme Court precedent and assisted in preparing class notice documents and methodology

5.    Following the completion of fact and expert discovery, we worked with our co-Class Counsel to draft a class certification motion and brief along with supporting materials, researching and drafting key elements of those papers. Plaintiffs' class certification motion was finalized and prepared for filing on the day the principal terms of the settlement were agreed upon.

6.    Hartley LLP attorneys participated in a first court-ordered mediation session on July 27, 2021, which was conducted via Zoom by David Wade of Martin, Tate, Morrow & Marston, P.C. That mediation was unsuccessful. The Parties participated in a second mediation conducted by Randall Wolff on June 26, 2023. and we subsequently provided input in the ensuing weeks-long negotiations encompassing all the key settlement terms and conditions, including, *inter alia*, the Settlement Fund amount, the details of the significant prospective relief achieved for the Classes, and the scope of the release. This mediation was also unsuccessful. Lastly, we participated in a full-day mediation with Hon. Layne Phillips on March 9, 2024, which, over the subsequent weeks, ultimately resulted in the Settlement Agreement. Following the parties' execution of the Settlement Agreement, Hartley LLP was involved in the drafting of the preliminary approval briefing and supporting papers.

7.    In addition to all of the specific work identified above, we participated in regular joint video conferences with our co-Class Counsel to discuss overall litigation strategy, including

the best ways to conduct discovery, discussing key documents and testimony, organizing the factual record for various litigation purposes, and overall litigation and settlement strategy.

8. The lodestar amount reflected in Exhibit A is for work performed by attorneys and professional staff at my firm for the benefit of the Settlement Classes. The current hourly rates for the attorneys and professional staff in my firm reflected in Exhibit A are the usual and customary hourly rates used by my firm in similar contingent complex litigation matters. My firm's work on this case was performed on a wholly contingent basis. My firm has not received any amounts in connection with this case.

9. My firm has expended a total of $6,579.65 in unreimbursed costs and expenses in connection with the prosecution of the Action from inception of the case through and including June 30, 2024. These costs are set forth in the Schedule attached as Exhibit B and are reflected on the books and records of my firm. They were incurred on behalf of the Settlement Classes by my firm and have not been reimbursed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed this 3rd day of September, 2024 at San Diego, California.

　　　　　　　　　　　　　　　　　　　*/s/ Jason S. Hartley*
　　　　　　　　　　　　　　　　　　　Jason S. Hartley

## **SIGNATURE ATTESTATION**

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2024 in San Francisco, California.

By:    /s/ *Joseph R. Saveri*
       Joseph R. Saveri

# EXHIBIT A

**EXHIBIT A TO THE DECLARATION OF JASON HARTLEY**

**Reported Hours and Current Lodestar**
**Inception through June 30, 2024**

| TIMEKEEPER | POSITION | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Jason Hartley | P | 402.90 | 975.00 | 392,827.50 |
| Jason Lindner | P | 187.30 | 900.00 | 168,570.00 |
| Dylan McFarland | OC | 414.30 | 875.00 | 362,512.50 |
| Maureen Forsyth | OC | 154.80 | 850.00 | 131,580.00 |
| Fatima Brizuela | A | 407.90 | 595.00 | 242,700.50 |
| Tina Glover | PL | 18.50 | 295.00 | 5,457.50 |
| **TOTAL** | | **1585.70** | | **1,303,648.00** |

Legend:

P =   Partner
OC = Of Counsel
A =   Associate
PL = Paralegal

**EXHIBIT A TO THE DECLARATION OF JASON HARTLEY**

**Reported Hours and Current Lodestar by Task**
**Inception through June 30, 2024**

| Task | Hours | Lodestar |
|---|---|---|
| Case Assessment, Development and Administration | 27.5 | $18,985.00 |
| Experts | 31.9 | $29,736.00 |
| Mediation and Settlement | 186.40 | $178,295.00 |
| Pre-Trial Pleadings and Motions | 405.40 | $361,068.50 |
| Discovery | 644.70 | $456,584.00 |
| Trial Preparation and Trial | 289.80 | $258,979.50 |
| | | |
| **Total** | **1585.70** | **$1,303,648.00** |

2

# EXHIBIT B

**EXHIBIT B TO THE DECLARATION OF JASON HARTLEY**

**Reported Expenses of Hartley LLP**
**Inception through June 30, 2024**

| CATEGORY | AMOUNT |
|---|---:|
| E106 – Online Research | 1890.16 |
| E110 – Out of Town Travel | 4343.86 |
| E112 – Court/Filing Fees | 345.63 |
| **TOTAL HARTLEY LLP EXPENSES** | **6,579.65** |