# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **JESSICA JONES, et al.,** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.** | |
| Defendants. | |

## DECLARATION OF J. GERARD STRANCH, IV

# DECLARATION OF J. GERARD STRANCH, IV

I, J. Gerard Stranch, IV, declare as follows under penalty of perjury:

1. I am a trial attorney admitted to practice in Tennessee. I am also admitted to practice before the U.S. District Courts for the Western, Middle and Eastern Districts of Tennessee. I am the Founding and Managing Member of STRANCH, JENNINGS & GARVEY, PLLC, a law firm headquartered in Nashville, Tennessee, which specializes in the prosecution of class actions, mass tort proceedings and additional complex litigation across the nation. I have never been suspended, sanctioned, disbarred or disqualified by any court or subject to discipline by any regulatory body.

2. I submit this Declaration in support of Plaintiffs' unopposed motion for an award of attorneys' fees and costs to Joseph Saveri Law Firm, LLP, PAUL LLP, Hartley LLP, Gustafson Gluek PLLC, and Turner Feild, PLLC (together "Class Counsel").

3. I have been involved in varying capacities with several class actions and complex litigation in Tennessee state courts and federal courts, as well as other federal courts throughout the nation. In addition to Tennessee state and federal courts, I am admitted to practice before the U.S. District Court for the District of Colorado, as well as the U.S. Courts of Appeals for the Sixth, Eighth and Ninth Circuits, having handled numerous cases before each of these courts.

4. I have substantial experience as plaintiffs' counsel in class action and mass tort litigation and have served in leadership positions on numerous cases, including:

- Lead trial attorney in the Sullivan Baby Doe case (originally filed as *Staubus v. Purdue*) against U.S. opioid producers Endo Health Solutions Inc. and Endo Pharmaceuticals Inc., resulting in a $35 million settlement agreement, the largest per capita settlement achieved by any prosecution with Endo to date;

- Personally appointed to the steering committee of the *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, resulting in approximately $17 billion in settlements, the largest consumer auto settlement and one of the largest settlements in any matter ever;

- The executive committee in *Dahl v. Bain Capital Partners* (antitrust), resulting in a $590.5 million settlement;

- Personally appointed to the steering committee in *In re: New England Compounding Pharmacy, Inc.*, resulting in more than $230 million in settlements; and

- Appointed as co-lead counsel in *In re: Alpha Corp. Securities Litigation*, resulting in a $161 million recovery for the class.

5. As a result of my class action practice on behalf of plaintiffs, I have become intimately familiar with the regular hourly rates for attorneys and paralegals that are applied by plaintiffs' counsel to complex actions such as this matter before the Court, the reasonableness of such rates, and the out-of-pocket expenses that are required to successfully prosecute such actions. I am also very familiar with the enormous risks faced by class counsel, including the risk of receiving no fee after years of work if a case is unsuccessful, and the opportunity cost of foregoing other potential cases or the security of hourly rate legal work, as well as the significant out-of-pocket expenses incurred by plaintiffs' counsel in this action.

6. I served as counsel for the Plaintiffs in a related antitrust class action against Varsity: *Fusion Elite All Stars v. Varsity Brands, LLC*, Case No. 2:20-cv-02600-SHL-tmp. Through that case I became very familiar with the facts, the Defendants, the quality of Defendants' legal representation, the legal theory in this action, and with the risks and pitfalls of bringing a complex antitrust class action such as this. I was also very familiar with the type and quality of work performed by plaintiffs' counsel in that action, and with the fees those attorneys charge. The Court approved the motion for fees and costs in that case. *See* Case No. 2:20-cv-02600, ECF No. 350.

7. With respect to Plaintiffs' Motion for Award of Attorney's Fees and Costs in this matter, I have been asked to provide my professional opinion as to the reasonableness of the hourly rates for attorney and paralegal work utilized by plaintiffs' counsel, the reasonableness of their total time recorded and the reasonableness of the total fee requested in their Motion, based on the circumstances, risk, time and outcome of the Settlement, which the Court previously

approved in its June 18, 2024 Order (ECF No. 612), and in accordance with Rule 1.5 of the Tennessee Rules of Professional Conduct. In doing so, I have reviewed the following documents:

- Order Granting Indirect Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Provisional Certification of Proposed Settlement Classes, Approval of Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process and Scheduling a Final Approval Hearing (ECF No. 612);

- Docket for *Jones, et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20−cv−02892−SHL−tmp (W.D. Tenn. Dec. 10, 2020);

- Indirect Purchaser Plaintiffs' Memorandum of Law in Support of Motion for an Award of Attorneys' Fees, for Reimbursement of Expenses, and for Service Awards for the Class Representatives;

- Joint Declaration of Joseph R. Saveri, Jason S. Hartley, Richard M. Paul, Daniel E. Gustafson, and Van D. Turner, Jr. (dated September 3, 2024);

- Declaration of Joseph R. Saveri (dated September 3, 2024);

- Declaration of Richard M. Paul, III (dated August 30, 2024);

- Declaration of Jason Hartley (dated September 3, 2024);

- Declaration of Daniel J. Nordin (dated September 3, 2024); and

- Declaration of Van D. Turner, Jr. (dated August 30, 2024).

8. The Tennessee Rules of Professional Conduct ("TRPC") require that a "lawyer's fee and charges for expenses shall be reasonable." Tenn. Sup. Ct. R. 8, RPC 1.5(a). TRPC Rule 1.5(a) provides that the factors to be considered in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

    (6) The nature and length of the professional relationship with the client;

    (7) The experience, reputation, and ability of the lawyer or lawyers performing the services;

    (8) Whether the fee is fixed or contingent;

    (9) Prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

    (10) Whether the fee agreement is in writing.

*Id.*

    9.    Before addressing each of these factors, I would note that Class Counsel's fee, if any, was contingent on the outcome of this action, as referenced by TRPC Rule 1.5(a)(8). Given this fact and the fact that this Action presented unique and unsettled legal issues, there was significant risk that Class Counsel would receive no fee for its services in this matter. Thus, an award for attorneys' fees should account for this significant risk, which justifies an award more than the hourly rates charged by defense counsel for comparable class action defense work.

    10.    Plaintiff-side antitrust class action litigation is an area of the law that few Tennessee firms practice, and this practice area requires substantial skill and expertise in order to effectively represent clients. Additionally, aside from the complexity inherent in any class action prosecution, this action presented unique challenges due to the multifarious nature of the claims, involving three classes alleging violations of federal antitrust law and the antitrust and consumer protection laws of more than 30 states, in three distinct but related product markets, with two types of competitive cheer, by thirteen Defendants. Plaintiffs also had to prove that direct purchasers had passed on the alleged overcharges, which added another layer of complexity. The skill and time demanded from and provided by Class Counsel in prosecuting these diverse and challenging claims was significant and exemplary under TRPC Rule 1.5(a)(1).

    11.    Class Counsel has been precluded from other litigation work given the complex nature of this action and the significant time commitments it required of Class Counsel. Under TRPC Rule 1.5(a)(2), this opportunity cost supports Class Counsel's requested fee award. I

further understand that the Class Representatives have expressly acknowledged this fact and support Class Counsel's motion for attorneys' fees. In this regard, it should be noted that, under TRPC Rule 1.5(a)(10), each Class Representative executed a written fee agreement with Class Counsel in which she expressly agreed to serve as a class representative and to pay fees and expenses out of any gross recovery obtained in this matter.

12. Class Counsel seek a percentage-of-the-fund fee of one-third of the common fund settlement they have negotiated with Defendants, which amounts to a fee of $27,500,000. Class Counsel expended 43,743.45 hours prosecuting this action. At Class Counsel's current rates, the lodestar would be $32,770,367, significantly higher than the fee they seek. Pursuant to TRPC Rule 1.5(a)(3), I submit that the fee for attorney and paralegal work submitted by Class Counsel are in line with the rates customarily charged in the Western Division of Tennessee for complex class action work.

13. Moreover, pursuant to TRPC Rule 1.5(a)(4), it is clear that the results obtained by Class Counsel in this case are excellent, with Defendants agreeing to pay $82.5 million into a settlement fund for the benefit of the damages class and to institute significant prospective relief for the benefit of all class members. Such a result, particularly considering the vigorous defense mounted by Defendants in this action, supports the requested fee award.

14. Consistent with TRPC Rule 1.5(a)(7), I am aware that Class Counsel's experience, reputation, and ability are truly exceptional. Class Counsel have a long history of successfully litigating class action matters. This case is no exception.

15. Under TRPC Rule 1.5(a)(6), while the Class Counsel in this matter had not previously represented the Class Representatives prior to this action, Class Counsel's relationship with Plaintiffs Jones and Lorenzen has now lasted over three years, and their relationship with Amy Coulson has lasted over one-and-a-half years. This is a significant time for one legal matter and demonstrates that the Class Representatives and their chosen counsel have established a successful working relationship.

16.     Class Counsel have expended enormous time and effort in this matter, having expended a total of 43,743.45 hours prosecuting this action. At Class Counsel's current rates, the lodestar would be $32,770,367. I have examined Class Counsel's rates and, based on my experience in complex class actions in this district, I find their rates to be reasonable. This is supported by the fact that Class Counsel is asking the Court for a percentage-of-the fund fee award of one-third of the settlement fund, or $27,500,000, which equates to a lodestar multiplier of approximately 0.84. In light of the challenges this case presented, the skill, expertise, and perseverance Class Counsel brought to bear in the case, and the excellent outcome for the class, this is a reasonable fee.

17.     Class Counsel have incurred $7,450,156.47 in out-of-pocket litigation expenses, the majority of which were devoted to court expert fees. As is common in complex class actions such as this, expert merits reports, rebuttal reports, and testimony from several experts (in this case, four experts) were required to support Plaintiffs' claims and respond to Defendants' own expert reports. Other significant expenses included document hosting, deposition transcripts, online research, mediation fees, and travel. In my experience, these costs are reasonable in a complex class action like this.

18.     Based on all the forgoing factors, I respectfully submit that it is my professional opinion that the fee of one-third of the common fund sought by Class Counsel is fair, reasonable and commensurate with the rates charged in this federal jurisdiction for similarly high level, class action antitrust litigation. This is especially so in light of the comparative lodestar multiplier of 0.84.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2024, in Nashville, Tennessee.

*/s/ J. Gerard Stranch, IV*<br>
J. Gerard Stranch, IV

**SIGNATURE ATTESTATION**

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2024 in San Francisco, California.

By:    */s/ Joseph R. Saveri*
       Joseph R. Saveri