# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JESSICA JONES et al., | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| VARSITY BRANDS, LLC, et al. | |
| Defendants. | |

**INDIRECT PURCHASER PLAINTIFFS' [PROPOSED] PLAN OF ALLOCATION FOR THE NET SETTLEMENT FUND TO THE STATE LAW DAMAGES CLASS MEMBERS**

## INTRODUCTION

Indirect Purchaser Plaintiffs[1] ("Plaintiffs") on behalf of the State Law Damages Class[2], certified provisionally for settlement purposes, hereby submit this proposed Plan of Allocation to allocate the $82.5 million Settlement Fund, plus any interest earned on the Settlement Fund, and net of Court awarded attorneys' fees, expenses, service awards for the Class Representatives, and Settlement costs, including costs of notice to the Settlement Classes and settlement and claims administration (the "Net Settlement Fund" or "NSF"). The NSF will be entirely distributed to State Law Damages Class members who timely file a valid claim ("Claimants"), with no reversion to Defendants.

The Plan of Allocation proposes dividing the Net Settlement Fund into three tranches: (1) the Competitions Tranche (Claimants who paid for Varsity competitions); (2) the Camps Tranche (Claimants who paid for Varsity camps); and (3) the Apparel Tranche (Claimants who purchased Varsity apparel). Once all claims have been received, the Settlement Administrator will divide each tranche into pro-rata shares according to a formula designed to ensure equitable and efficient distribution of the NSF to all claimants.

State Law Damages Class members making a claim will follow a two-step process, involving the submission of documentary proof of participation in competitive cheer through membership in an All Star Gym or through a school team, and a claim form specifying which Varsity products they purchased and the years in which they purchased them. Each Claimant will receive a payment equal to the number of years they claimed for each tranche, multiplied by the pro-rata share for that tranche. For each Claimant, the total dollar amount for each applicable tranche will be added together to determine the Claimant's final payment. This proposed Plan of

---

[1] Capitalized terms have the same meanings set forth in the Settlement Agreement. *See* ECF No. 606-3, Ex. 1.

[2] Excluded from the Settlement Classes are Defendants, their parent companies, subsidiaries and affiliates, officers, executives, and employees; Defendants' attorneys in this case, federal government entities and instrumentalities, states or their subdivisions, and all judges and jurors assigned to this case.

Allocation is a fair, reasonable, practical, and efficient way to allocate the NSF, and is equitable to all members of the State Law Damages Class.

## THE PLAN OF ALLOCATION

The Plan of Allocation works as follows:

1. Within 30 days after the Court issues an order finally approving the Settlement and Plan of Allocation ("Final Approval"), Angeion will disseminate (via email or mail) a notification to all potential Settlement Class members for whom Angeion has a valid email or address, informing them that the State Law Damages Claim Form ("Claim Form") is available and the deadline by which it must be submitted. The notification will provide instructions for submitting a Claim Form online at the Settlement website (www.CheerAntitrustSettlement.com) and for obtaining a physical copy of the Claim Form and mailing it to the Settlement Administrator.

2. Each State Law Damages Class member will be required to execute the Claim Form in exchange for receiving any distribution from the NSF. The Claim Form will indicate that it can be submitted electronically via an online portal available on the Settlement Website or may be emailed or mailed to Angeion.

3. The Claim Form will require each Claimant to prove through documentary evidence their inclusion in the State Law Damages Class, as well as a declaration under oath of the years in which they purchased the relevant products (Competitions, Camps, Apparel).

4. *Timeliness*. The submission of the Claim Form under penalty of perjury with required supporting documentation to Angeion will be deemed timely if it is received or postmarked within 150 days of Final Approval.

## ALLOCATION OF NET SETTLEMENT FUND BETWEEN CLAIMANTS

5. *Net Settlement Fund Allocation and Pro-Rata Shares*. During this Action, Dr. Maki calculated aggregate damages to the State Law Damages Class. Consistent with Dr. Maki's calculations of damages, the Net Settlement Fund will be allocated into three tranches:

2

(1) the Competitions Tranche, (2) the Camps Tranche, and (3) the Apparel Tranche. 53% of the NSF will be distributed to Claimants who purchased Varsity competitions (symbolized as (.53)NSF in the discussion below), 26% will be distributed to Claimants who purchased Varsity camps (symbolized as (.26)NSF below), and 21% will distributed to Claimants who purchased Varsity apparel (symbolized as (.21)NSF below). The Plan of Allocation's proposed allocation of the NSF is reasonably proportional to Dr. Maki's calculated damages attributable to each tranche.

6. Once all claims have been received, Angeion will divide each tranche into pro-rata "Annual Shares" by first adding up the total number of years that all Claimants made purchases in the relevant tranche ("Claimant Years" or "CY"), and then dividing the total tranche by the total Claimant Years. To illustrate:

- The Competitions pro-rata Annual Share can be symbolized as [ (.53)NSF ÷ CY ];
- The Camps pro-rata Annual Share can be symbolized as [ (.26)NSF ÷ CY ];
- The Apparel pro-rata Annual Share can be symbolized as [ (.21)NSF ÷ CY) ].

7. *Calculating Individual Payments*. Individual payments from each tranche will be calculated by multiplying each tranche's "Annual Share" by the number of years an individual Claimant purchased the relevant product tranche. An individual's total payment will be the sum of all three payments from each product tranche.

8. State Law Damages Class members will be able to participate in the Settlement distribution through a two-step process. **First**, they must provide documentation proving that either they or their dependent participated in competitive cheer through membership in an All Star Gym or through a school team ("Supporting Documents"). The Supporting Documents can be in the form of, but are not limited to, signed contracts, invoices, payment receipts, order forms, All Star Gym or school membership dues, awards received by the cheerleader, or other documents that verify participation. Angeion will have discretion, in consultation with Co-Lead Class Counsel, to determine the validity and sufficiency of any documents submitted for this purpose. **Second**, a Claimant must fill out and sign under penalty of perjury a Claim

3

Form specifying the Varsity products (Competitions, Camps, Apparel) they purchased by year.

9. Each Claimant who submits a valid Claim Form will receive a payment equal to the number of years they claimed purchases for each tranche, multiplied by the pro-rata Annual Share for that tranche. Those numbers will then be added together, so that each Claimant receives the sum of their payments from the Competitions Tranche, the Camps Tranche, and the Apparel Tranche.

10. *Ensuring Equitable Treatment Across Tranches*. If the Claims approved for a particular tranche are disproportionate to the other tranches, so that individual payments for one tranche would be significantly disproportionate to the other tranches, Angeion, in consultation with Dr. Maki and Co-Lead Class Counsel, has authority to revise the percentage allocations of each tranche to ensure the average payments to each class member from each Tranche are not substantially disproportional to each other.

## PROCESSING OF CLAIMS

11. All Claim Forms submitted, and any supporting documentation will be reviewed and processed by Angeion, in consultation with Co-Lead Class Counsel, as needed and appropriate.

12. *Acceptance and Rejection*. Within 45 days after the deadline to submit Claim Forms (195 days after Final Approval), Angeion will review all completed Claim Forms and Supporting Documents to determine whether the submitted Claim Form is timely, properly completed, and signed, and whether the Supporting Documents are sufficient. If a Claim Form is incomplete or Supporting Documents are not sufficient, Angeion will notify the Claimant via email regarding the deficiency. All deficiency notices will go out within 45 days after the deadline to submit Claim Forms.

4

13. Claimants will have 30 calendar days from the date of the deficiency notice to cure any identified deficiency. If a Claimant fails to adequately respond and/or correct any deficiency within 30 calendar days, their claim may be rejected without further notice.

14. Within 30 days of receiving any timely responses by Claimants to any deficiency notices, Angeion will then perform a final review of all Claim Forms and supporting documentation, including any updated Claim Forms in response to a deficiency notice, and make final determinations as to whether each will be finally accepted or rejected. Based on this schedule, Angeion will have completed its final review of all Claim Forms, including any updated Claim Forms in response to a deficiency notice, within 255 days after the Court grants Final Approval.

15. Claimants may contact Angeion by email to inquire about the status of their claim submission.

16. Angeion will process all correctly completed Claims Forms submitted after the deadline but will mark them as "Late Approved Claims" and consult with Class Counsel to determine whether any late but otherwise valid Claim Forms should be accepted. Angeion will not, however, provide any deficiency notices to Claims submitted after the deadline, and may reject them without further notice.

17. *The Pro-Rata Distribution Calculation for Claimant*. Angeion, in consultation with Co-Lead Class Counsel, will be responsible for determining the total amount each Claimant will receive from the three tranches pursuant to the methodology described in paragraphs 6–8.

18. *Fraud Detection*. Angeion shall use best efforts to detect and reject any fraudulently submitted claims. Upon detection and rejection of fraudulently submitted claims, Angeion shall not be required to communicate the rejection to the fraudulent Claimant.

## REPORT TO THE COURT REGARDING DISTRIBUTION OF THE NET SETTLEMENT FUND

19. After all Claims have been reviewed and finally approved or rejected, Angeion will prepare a final report for the Court's review and approval ("Final Report"). The Final Report will be submitted to the Court no later than 30 days after final determinations of Claim Forms are made. The Final Report will explain the tasks and methodologies employed by Angeion in processing the Claims and administering the Plan of Allocation. It will also contain (a) the number of accepted and rejected claim forms, (b) the pro-rata Annual Shares calculated for each tranche; and (c) the mean, median, largest, and smallest payouts for each tranche and for each Claimant in total. Finally, the Final Report shall contain an accounting of the expenses associated with the Plan of Allocation, including all bills from Angeion, any taxes that are due and owing, and any other fees or expenses associated with the settlement administration and allocation process. As provided in the Settlement Agreement, those costs are to be paid by out of the Settlement Fund upon Court approval.

## PAYMENT TO CLAIMANTS

20. Upon Court approval of the Final Report, Angeion will make the appropriate payments to each qualifying Claimant according to the payment method provided through the Claim Form.

## RESOLUTION OF DISPUTES

21. In the event of any disputes between a Claimant and Angeion on any subject (*e.g.*, timeliness, required completeness or documentation of a claim, the calculation of a Claimant's pro-rata share of any of the tranches), Angeion shall make best efforts to inquire into the basis for dispute, and allow Claimants to rectify any problems, but the ultimate decision of Angeion related to acceptance or rejection of a claim shall be final.

Dated: October 17, 2024              By:      */s/ Joseph R. Saveri*
                                                    Joseph R. Saveri

Joseph R. Saveri*
Ronnie Seidel Spiegel* +
David Seidel*
Kevin E. Rayhill*
Elissa A. Buchanan*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
dseidel@saverilawfirm.com
krayhill@saverilawfirm.com
eabuchanan@saverilawfirm.com

Van Turner (TN Bar No. 22603)
**TURNER FEILD, PLLC**
2650 Thousand Oaks Boulevard, Suite 2325
Memphis, Tennessee 38118
Telephone: (901) 290-6610
Facsimile: (901) 290-6611
Vturner@bruceturnerlaw.net

Richard M. Paul III*
Ashlea Schwarz*
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Fax: (816) 984-8101
Rick@PaulLLP.com
Ashlea@PaulLLP.com

Jason S. Hartley*
**HARTLEY LLP**
101 West Broadway, Suite 820
San Diego, California 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com

Daniel E. Gustafson*
Daniel C. Hedlund*
Daniel J. Nordin*
**GUSTAFSON GLUEK PLLC**

Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

\* Admitted pro hac vice

+Located in Washington State

*Attorneys for Individual and
Representative Plaintiffs*