**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **JESSICA JONES, et al.** | Case No. 2:20-cv-02892-SHL-tmp |
| Plaintiffs, | |
| v. | |
| **VARSITY BRANDS, LLC, et al.,** | |
| Defendants | |

**DECLARATION OF REBECCA EVANS RE IMPLEMENTATION OF NOTICE PLAN, REPORT ON EXCLUSIONS AND OBJECTIONS AND CLAIMS ADMINISTRATION PROCESS**

1.      I am a Project Manager at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). I am over 21 years of age and am not a party to this Action. I am familiar with the facts set forth herein based on personal knowledge, as well as information that has been provided to me by my colleagues in the ordinary course of business at Angeion.

2.      Angeion was retained as the Settlement Administrator[1] and appointed by the Court pursuant to the Order Granting Indirect Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Provisional Certification of Proposed Settlement Classes, Approval of Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process and Scheduling a Final Approval Hearing dated June 18, 2024 (the "Preliminary Approval Order")

---

[1] Unless otherwise noted, capitalized terms have the same meaning as in the Settlement Agreement attached as Exhibit 1 to the Declaration of Joseph R. Saveri in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement (ECF 606-3).

DECLARATION OF REBECCA EVANS RE IMPLEMENTATION OF NOTICE PLAN AND
REPORT ON EXCLUSIONS AND OBJECTIONS AND CLAIMS ADMINISTRATION PROCESS

(ECF 612, ¶ IV).

3.      The Notice Plan (ECF 606-4) approved by the Court was designed to provide notice to Settlement Class members utilizing a combination of traditional and state-of-the-art notice tactics, including: (1) direct notice via email to all reasonably identifiable Class Members; (2) direct notice via mail to all reasonably identifiable Settlement Class members; (3) a digital and social media campaign ("Media Notice"); (4) trade-specific media and publication campaign ("Trade Media & Publication Notice"); (5) poster notice in direct purchaser All Star Cheer gyms ("Poster Notice"); and (6) issuance of a press release.

4.      The approved Notice Plan also provided for the implementation of a dedicated Settlement website and a toll-free telephone line where Settlement Class members could learn more about their rights and options pursuant to the terms of the Settlement. Angeion also monitored social media traffic regarding the Settlement to provide accurate and correct information, as appropriate.

5.      This Declaration describes the implementation of the Notice Plan, reports on any opt-outs from the Settlement Class or objections to the Settlement and confirms that Angeion is prepared to follow the Plan of Allocation in its Claims Administration Process.

## CLASS LIST

6.      On or about June 28, 2024, Class Counsel sent spreadsheets with athlete contact information from U.S. All Star Federation ("USASF"). The spreadsheets included the name and mailing addresses for approximately 50,028 athletes and email addresses and phone numbers for approximately 52,688 athletes. The spreadsheet containing email addresses and phone numbers also identified the state associated with that information for approximately 30,304 individuals.

7.      Class Counsel directed Angeion to mail and email individuals with contact information

2

DECLARATION OF REBECCA EVANS RE IMPLEMENTATION OF NOTICE PLAN AND
REPORT ON EXCLUSIONS AND OBJECTIONS AND CLAIMS ADMINISTRATION PROCESS

located in the 33 states and the District of Columbia included in the State Law Damages Class definition, as well as those for which no physical location was provided.

8.    The spreadsheets provided by Class Counsel included address information for 71 All Star gyms used by athletes in qualifying states. In addition, Class Counsel obtained permission from counsel in a related settlement, *Fusion Elite All Stars, et al v. Varsity Brands, LLC, et al.,* U.S. District Court for the Western District of Tennessee, Western Division, Case No. 2:20-cv-02600-SHL-tmp ("Fusion Settlement"), to use the address information for the gyms noticed in that case for the Notice Plan in this case. As a result, an additional 3,053 gyms were included in the notice campaign.

## **EMAIL NOTICE**

9.    As part of the Notice Plan, and as directed by Class Counsel, Angeion reviewed the Settlement Class data described above to create a list of potential Settlement Class members with valid email addresses that were associated with qualifying states. To include as many potential Settlement Class members as possible, and with Class Counsel's approval, Angeion also included email addresses that were not associated with any state in the notice campaign. Email addresses associated with a state that was not a part of State Law Damages Class definition were not included in the notice campaigns.

10.    After standardizing, normalizing, and de-duping the information, Angeion identified a total of 32,488 eligible, valid email addresses. These included both email addresses associated with a state identified in the State Law Damages Class definition as well as email addresses not associated with any state.

11.    On or about July 18, 2024, Angeion commenced the direct email notice campaign by sending the Email Notice to the 32,488 email addresses identified above. A copy of the Email

Case No. 2:20-cv-02892-SHL-tmp
DECLARATION OF REBECCA EVANS RE IMPLEMENTATION OF NOTICE PLAN AND
REPORT ON EXCLUSIONS AND OBJECTIONS AND CLAIMS ADMINISTRATION PROCESS

Notice is attached hereto as **Exhibit A**.

12.     As is typically the case, during the initial delivery attempt, some emails failed to be delivered for several reasons. For example, a notice sent to an email addresses no longer in use may be returned as a "hard bounce." Likewise, an email may be returned as a "soft bounce" due to sensitive email servers. To optimize delivery, Angeion initiated a second round of emails to reattempt delivery of Email Notices that were returned as soft bounces. As of the date of this declaration, a total of 30,222 potential Settlement Class members received the Email Notice, or approximately 93% of the potential Settlement Class members with valid email addresses described above.

13.     On August 23, 2024, the Court entered the Order Granting Joint Motion to Permit Illinois Indirect Purchasers to Participate in the Proposed Settlement (ECF 618) ("Illinois Purchasers Order") which allowed indirect purchasers in Illinois to participate in the Settlement.

14.     Angeion reviewed the Settlement Class data and identified 18,593 email addresses to be included in the Email Notice campaign to Illinois indirect purchasers. On August 26, 2024, Angeion commenced a direct email notice to these 18,593 potential Settlement Class members. As was done in the initial email campaign, Angeion initiated a second round of emails to the Illinois indirect purchasers to reattempt delivery to any email whose initial Email Notice was returned as a soft bounce. As of the date of this declaration, a total of 17,788 potential Settlement Class members received the Email Notice, or approximately 96% of the emails included in the Illinois notice campaign.

## MAILED NOTICE

15.     As part of the Notice Plan, Angeion reviewed the Settlement Class data described above to create a list of potential Settlement Class members with valid mailing addresses in the 33

DECLARATION OF REBECCA EVANS RE IMPLEMENTATION OF NOTICE PLAN AND
REPORT ON EXCLUSIONS AND OBJECTIONS AND CLAIMS ADMINISTRATION PROCESS

states and the District of Columbia included in the State Law Damages Class definition.

16.    After standardizing, normalizing, and de-duping the information, a total of 22,401 potential Settlement Class members were identified for inclusion in the notice mailing campaign.

17.    Prior to mailing the notice, Angeion ran these addresses through the United States Postal Service's ("USPS") National Change of Address ("NCOA") database, which provides updated addresses for all individuals who have moved during the previous four years and filed a change of address form with the USPS. Where updated addresses were provided by the NCOA, Angeion used the updated addresses.

18.    On July 18, 2024 (the "Notice Date"), Angeion mailed the Long Form Notice to the 22,401 potential Settlement Class members identified above via USPS First-Class mail, postage prepaid. A true and correct copy of the Long Form Notice is attached hereto as **Exhibit B**.

19.    In accordance with the Illinois Purchasers Order, Angeion caused an updated version of the Long Form Notice to be mailed to an additional 1,689 Settlement Class members identified as potential Illinois indirect purchasers. The updated Long Form Notice is attached hereto as **Exhibit C**.

20.    As of the date of this Declaration, a total of 3,942 Long Form Notices have been returned as undeliverable with no forwarding address. Angeion performed address verification searches (commonly referred to as "skip tracing") and was subsequently able to re-mail 2,435 Notices to updated addresses obtained via the skip tracing process.

21.    As a result of these efforts, as of the date of this declaration, 22,583 of the total 26,525 Long Form Notices mailed were mailed to Settlement Class members and not returned as undeliverable, or 85% of the total number of Long Form Notices mailed.

**MEDIA NOTICE**

**Programmatic Display Advertising, Social Media Notice, Paid Search Campaign**

22.    Angeion implemented the programmatic display advertising campaign, social media campaign, and paid search campaign, as described in the Notice Plan Declaration. Between July 18, 2024, and September 26, 2024, Angeion conducted a digital media campaign to inform the Settlement Class of the settlement by placing banner ads on the following: (a) Facebook (b) Instagram (c) "X" formerly known as Twitter (d) TikTok and (e) Reddit. True and correct examples of the social and digital media ads are attached hereto as **Exhibit D**.

**TRADE MEDIA & PUBLICATION NOTICE**

23.    Angeion caused the Summary Notice to be published in Inside Cheerleading. A true and correct copy of the published Summary Notice is attached hereto as **Exhibit E**. Notice of the Settlement was also disseminated via internet banner advertisements on cheerleading-focused websites such as cheerupdates.com, fierceboard.com, and cheertheory.com. True and correct examples of the banner advertisements posted on the trade media websites are attached hereto as **Exhibit F**.

24.    In total, the social media and programmatic display advertising campaigns delivered a total of 41,027,164 ads served to viewers on various websites (impressions).

25.    The Media Notice component of the Notice Plan was designed to deliver an approximate 80.35% reach to the Target Audience (*i.e.*, a group likely to comprise the members of the Settlement Class) with an average frequency of 3.24 times per person. The Media Notice campaign ***exceeded*** this estimate and delivered an approximate 82.77% reach with an average frequency of 5.68 times per person.

Case No. 2:20-cv-02892-SHL-tmp
DECLARATION OF REBECCA EVANS RE IMPLEMENTATION OF NOTICE PLAN AND
REPORT ON EXCLUSIONS AND OBJECTIONS AND CLAIMS ADMINISTRATION PROCESS

**POSTER NOTICE**

26.     As described above, the Settlement Class data included address information for 71 All Star gyms used by athletes in qualifying states. In addition, Class Counsel obtained permission from counsel in the Fusion Settlement to use the All Star gym address data from that matter in the Notice Plan in this Settlement. As a result, an additional 3,053 All Star gyms were added to the poster notice campaign.

27.     In accordance with the Notice Plan, a poster-size version of the short-form notice (11" x 17") ("Poster Notice") was sent to a total of 3,124 All Star gyms in qualifying states along with a cover letter requesting the All Star gym to post the Notice in a highly visible area where State Law Damages Class members are most likely to view the Notice. A true and correct copy of the Poster Notice and cover letter is attached hereto as **Exhibit G**.

28.     In accordance with the Illinois Purchasers Order, Angeion mailed the Poster Notice to an additional five (5) All Star gyms in Illinois.

29.     As of the date of this declaration, a total of 704 Poster Notices have been returned as undeliverable with no forwarding address. Angeion performed skip trace searches and was subsequently able to re-mail 256 Poster Notices to updated addresses obtained via the skip tracing process.

30.     As a result of these efforts, as of the date of this declaration, 2,681 of the total 3,120 Poster Notices mailed were mailed and not returned as undeliverable, or approximately 86% of the total number of Poster Notices mailed.

**PRESS RELEASE**

31.     On or before July 18, 2024, Angeion caused the Publication Notice to be published via press release distributed over PR Newswire. Attached hereto as **Exhibit H** is a copy of the Press

DECLARATION OF REBECCA EVANS RE IMPLEMENTATION OF NOTICE PLAN AND
REPORT ON EXCLUSIONS AND OBJECTIONS AND CLAIMS ADMINISTRATION PROCESS

Release.

### SETTLEMENT WEBSITE & TOLL-FREE TELEPHONE SUPPORT

32.     On or before July 18, 2024, Angeion established a dedicated Settlement website: www.CheerAntitrustSettlement.com. The Settlement website contains general information about the Settlement and related deadlines, as well as important documents, including a downloadable Notice, the Settlement Agreement, the Class Action Complaint, Amended Class Action Complaint, and Second Amended Class Action Complaint, and the Preliminary Approval Order, among other documents. The Settlement website also contains a list of Frequently Asked Questions and a Contact Us link whereby members of the Settlement Classes can send an email to a dedicated email address established for the Settlement: Info@CheerAntitrustSettlement.com. Additionally, the Settlement website includes a Registration Form where potential Settlement Class members can provide their contact information to receive updates regarding the Settlement, including notification of the availability of the State Law Damages Claim Form ("Claim Form"). Between July 18, 2024, and September 26, 2024, the Settlement website registered a total of 295,766 visits from 256,490 unique visitors. To date, a total of 2,204 potential Class Members have registered to receive future updates about the Settlement and claim filing process. Angeion will continue maintaining and, as appropriate, updating the Settlement website until the conclusion of this settlement administration.

33.     On or before July 18, 2024, Angeion established a dedicated toll-free hotline for the Settlement (877-796-7731). The hotline utilizes an interactive voice response ("IVR") system to provide callers with responses to frequently asked questions and to inform members of the Settlement Classes of important dates and deadlines pertinent to the Settlement. The toll-free hotline is accessible 24 hours a day, 7 days a week. To date, the hotline has received 194 calls.

Angeion will update the IVR as necessary through the administration of the Settlement.

## REPORT ON OPT-OUTS RECEIVED TO DATE

34.     The deadline for members of the State Law Damages Class to submit a request for exclusion ("opt-out") from the Settlement was September 26, 2024. To date, Angeion has not received any opt-out requests.

## REPORT ON OBJECTIONS RECEIVED TO DATE

35.     The deadline for members of the Settlement Class to submit an objection to the Settlement was September 26, 2024. Angeion is not aware of any objections to the Settlement.

## CLAIMS ADMINISTRATION PROCESS

36.     I have reviewed the proposed Plan of Allocation describing the claims administration process and the calculation of payments to eligible Settlement Class members who submit a valid and timely Claim Form. Angeion hereby confirms that it will work with Class Counsel to implement the Plan of Allocation as described.

37.     A copy of the proposed Claim Form is attached hereto as **Exhibit I.**

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: October 17, 2024

_____
REBECCA J. EVANS

Case No. 2:20-cv-02892-SHL-tmp
DECLARATION OF REBECCA EVANS RE IMPLEMENTATION OF NOTICE PLAN AND
REPORT ON EXCLUSIONS AND OBJECTIONS AND CLAIMS ADMINISTRATION PROCESS

# EXHIBIT A

| | |
|---|---|
| **From:** | Cheer Settlement Administrator <info@cheerantitrustsettlement.com> |
| **Sent:** | Thursday, July 18, 2024 5:01 PM |
| **To:** | |
| **Subject:** | Notice of Class Action Settlement – Jones v. Varsity Brands LLC |

**[EXTERNAL]**

NAME:

Notice ID:

You are receiving this email because a proposed class action settlement may affect your legal rights. Please read this notice carefully.

**An $82.5 million proposed Settlement will provide payments to persons who paid an All Star Gym or school to participate in a Varsity cheer competition or camp, or to buy Varsity cheer clothing.**

*Why am I getting this email?* A class action was brought by competitive cheer athletes' families and alleged that Defendants, including Varsity Brands LLC and U.S. All Star Federation, Inc. ("Defendants") maintained control over the All Star Cheer and school cheer events, through acquisitions of rivals, purported exclusive dealing agreements, and purported collusion with USASF, in violation of antitrust laws. Further, the suit alleges that this anticompetitive conduct caused Varsity to overcharge for participation in competitive cheer competitions and camps and for the required apparel. Defendants believe Plaintiffs' claims lack merit, that their conduct was pro-competitive, not anticompetitive, and that Defendants have valid defenses to Plaintiffs' allegations.

The Court has preliminarily approved a proposed **$82.5 million** settlement ("Settlement") for claims of competitive cheer athletes' families who indirectly paid (such as through a payment to a gym or school) for Varsity cheer competitions, camps, and/or apparel and also provides for changes in conduct to resolve the class action lawsuit called *Jones et al. v. Varsity Brands, LLC, et al.,* Case No. 2:20-cv-02892, pending in the United States District Court for the Western District of Tennessee ("Action").

*What does the Settlement provide?* The Settlement offers cash payments to members of the Damages Class who file valid timely Claim Forms. The details and deadline to submit a Claim Form will be made available after the Court grants final approval of the Settlement. In addition, under the Settlement, Defendants have agreed to business changes to begin on the date of the Court's final approval of the Settlement. Please visit www.CheerAntitrustSettlement.com for updates, and to view the full terms of the Settlement.

If you are not sure whether you are included, you can ask for free help. You can call toll-free 1-877-796-7731 or visit www.CheerAntitrustSettlement.com for more information.

*How can I get a payment?* The Court will hold a hearing on November 22, 2024, to decide whether to approve the Settlement. If the Settlement is approved, the Claim Form and plan for payment will be made available. The Court will approve a Claim Form and set a deadline for Damages Class Members to submit a claim. To receive a payment, you must submit a valid and timely Claim Form. Please visit www.CheerAntitrustSettlement.com for updates.

At this time, it is not known precisely how much each Damages Class Member will receive from the Settlement Fund. The amount of your payment, if any, will be determined by the plan of allocation to be approved by the Court. The complete Plan of Allocation will be made available at www.CheerAntitrustSettlement.com.

*What rights do I give up by staying in the Class or submitting a Claim?* Unless you exclude yourself from the Damages Class, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you, including the release of claims contained in the Settlement Agreement, even if you don't file a Claim Form.

*How do I get out of the Settlement?* To exclude yourself from the Settlement for the Damages Class, you must send a letter by mail saying that you want to be excluded from *Jones, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-cv-02892-SHL-tmp. You must include the name of the case, your name, address, telephone number, signature, proof of membership in the State Law Damages Class, which may include a sworn statement with supporting details indicating that the individual is a member of one or both of the proposed Classes, and your statement that you want to be excluded from the Damages Class. You must mail your exclusion request **postmarked** no later than September 26, 2024 to: Cheer Settlement Administrator, Attn: Exclusion Requests, P.O. Box 58220, Philadelphia, PA 19102.

*Do I have a Lawyer in this Case?* Yes. The Court has appointed attorneys from the following law firms to represent you and all Class Members: Joseph Saveri Law Firm, LLP; Gustafson Gluek, PLLC, Hartley LLP; Paul LLP; and Turner Fields, PLLC.

These lawyers are called Class Counsel. You will not be individually charged for these lawyers. If you have any questions about the Notice or the Action, you can contact the above-listed Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

*How do I tell the Court that I don't like the Settlement?* You can tell the Court that you don't agree with any part of the Settlement by objecting. You can give reasons why you think the Court shouldn't approve it by sending a letter saying that you object to each of the entities listed in the chart below and include: (a) the name of the case (*Jones, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-02892-SHL-tmp); (b) your name and address and, if represented by counsel, the name, address, and telephone number of counsel; (c) proof of membership in one of the proposed Classes, which may include a sworn statement with supporting details indicating that the individual is a member of one or both of the proposed Classes; (d) a statement detailing all objections to the Settlement; and (e) a statement of whether you will appear at the Fairness Hearing, either with or without counsel. Mail your

objection to each of the following addresses, so that it is received by the Court and Counsel no later than September 26, 2024:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court U.S. District Court for the Western District of Tennessee 167 North Main Street Memphis, Tennessee 38103 | Joseph Saveri Joseph Saveri Law Firm, LLP 601 California Street, Suite 1505 San Francisco, CA 94108 | Steven J. Kaiser Cleary Gottlieb Steen & Hamilton LLP 2112 Pennsylvania Avenue, NW Washington DC 20037 |

For complete information on how to object, please visit www.CheerAntitrustSettlement.com.

**_What happens if I do nothing at all?_** If you do nothing, you'll get no money from this Settlement. But, unless you exclude yourself from the Damages Class, you won't be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

**_Are there more details about the Settlement?_** Yes, visit www.CheerAntitrustSettlement.com for more details, including a longer FAQ, answers to common questions about the Settlement, the Claim Form (after it has been approved by the Court), plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

You can also contact the Settlement Administrator by phone, email, or mail:

Toll-Free 1-877-796-7731 | info@CheerAntitrustSettlement.com
Cheer Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

**Please Do Not Contact Judge Lipman or the Clerk of Court with Any Questions.**

Unsubscribe

# EXHIBIT B

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE**

*Jones, et al. v. Varsity Brands, LLC, et al.,* Case No. 2:20-cv-02892

## Notice of Class Action Settlement

# An $82.5 million proposed Settlement will provide payments to persons who indirectly paid Varsity, such as through a gym or school, to participate in a Varsity cheer competition or camp, or to buy Varsity cheer clothing.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The Court has preliminarily approved a proposed $82.5 million settlement ("Settlement") for claims of competitive cheer athletes' families who indirectly paid for Varsity cheer competitions, camps, and/or apparel and also provides for changes in conduct to resolve a lawsuit called *Jones et al. v. Varsity Brands, LLC, et al.,* Case No. 2:20-cv-02892 (W.D. Tenn.) (the "Action").

- The Action was brought by certain competitive cheer athletes' families and alleged that Defendants ("Defendants"[1]) obtained and maintained control over the All Star Cheer and school cheer events marketplace, through acquisitions of rivals, exclusive dealing agreements, and collusion with USASF, in violation of antitrust laws. The Action alleges that this anticompetitive conduct caused Varsity to overcharge for participation in competitive cheer competitions and camps and for apparel. Defendants believe Plaintiffs' claims lack merit, that their conduct was pro-competitive, not anticompetitive, and that Defendants have valid defenses to Plaintiffs' allegations.

- The Settlement offers cash payments to members of the Class who file valid timely claim forms later in the process.

- Your rights are affected whether you act or don't act. Please read this Notice carefully. For the full terms of the Settlement, you should look at the Settlement Agreement available at www.CheerAntitrustSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM<br>*Deadline To Be Determined* | The only way to get a payment. The claim form process will occur later. The instructions, including the deadline to submit a claim, will be available on the Settlement website after the Court grants final approval of the Settlement. |
| EXCLUDE YOURSELF<br>*Postmarked by September 26, 2024* | Get no payment. This is the only option that removes you from the Action so you aren't bound by the Settlement, and you can sue Defendants for damages only at your own expense for the claims in this case. Class Members cannot elect to be excluded from the Injunctive Relief Class. |
| OBJECT<br>*Received by September 26, 2024* | Write to the Court about why you don't like the Settlement. |
| GO TO A HEARING<br>*November 22, 2024* | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | Get no payment. Give up your rights to sue Defendants. |

---

[1] Defendants include Varsity Brands LLC; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC; U.S. All Star Federation, Inc.; Jeff Webb; Charlesbank Capital Partners LLC; and Bain Capital Private Equity.

## BASIC INFORMATION

**1. Why did I get this Notice package?**

You or someone in your family may have paid to participate in a Varsity competition and/or camp and/or paid for Varsity apparel. The Court sent you this Notice because you have a right to know about a proposed class action settlement, and about all your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. You will be informed of the progress of the Settlement.

The Court in charge of the case is the United States District Court for the Western District of Tennessee, and the case is called *Jones, et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02892-SHL-tmp. The people who filed the class action are called the "Plaintiffs" and the companies and individual they sued are called the "Defendants."

**2. What is this lawsuit about?**

The Action claimed that Defendants engaged in a concerted exclusionary scheme to acquire, maintain, and enhance Varsity's monopoly power in the markets for cheer competitions, cheer camps, and cheer apparel in the U.S., and have exploited Varsity's monopoly power to cause supra-competitive prices in those markets. Plaintiffs alleged that Varsity controlled more than 75% of each of those product markets and that Varsity leveraged its monopoly in these markets to erect barriers to entry in the other markets. As a result, Plaintiffs allege that they and the Classes overpaid for Varsity's cheer competitions, camps, and apparel.

**3. What is a class action?**

In a class action, one or more people called "Class Representatives" (here Jessica Jones, Christina Lorenzen, and Amy Coulson) sue on behalf of other people with similar claims. All these people are a Class or Class Members. One Judge (in this case, U.S. District Court Judge Sheryl H. Lipman) resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**4. Why is there a Settlement?**

The Court didn't decide in favor of Plaintiffs or Defendants. The Plaintiffs think they could have won at trial. The Defendants think that the Plaintiffs wouldn't have won anything at trial. But there was no trial. Instead, both sides agreed to a settlement. This avoids the cost of a trial, and the Class Members get compensated. The Class Representatives and the attorneys think the Settlement is best for Class Members.

## WHO IS IN THE SETTLEMENT?

**5. Who is included in the Settlement?**

Judge Lipman decided for this Settlement that there are two Classes described below:

**Damages Class:** everyone who fits this description is a member of the Damages Class:

> All natural persons and entities in Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Iowa, Kansas, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin, that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, through March 31, 2024, for: (a) registration,

entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions.

**Injunctive Relief Class:** everyone who fits this description is a member of the Injunctive Relief Class:

All natural persons and entities in the United States that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, through March 31, 2024, for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions, including registration fees to USASF; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions, including registration fees to USASF.

---

### 6.  Are there exceptions to being included?

Yes. The following are excluded from the Classes: Defendants, their parent companies, subsidiaries and affiliates, officers, executives, and employees; Defendants' attorneys in this case, federal government entities and instrumentalities, states or their subdivisions, and all judges and jurors assigned to this case.

If you did not pay a gym or school to participate in a Varsity competition or camp, or for Varsity apparel between December 10, 2016, and March 31, 2024, you are not a Class Member or a part of this Settlement.

---

### 7.  I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-877-796-7731 toll-free or visit www.CheerAntitrustSettlement.com for more information. Or you can fill out and return the claim form described in Question 9 to see if you qualify.

## <u>THE SETTLEMENT BENEFITS – WHAT YOU GET</u>

---

### 8.  What does the Settlement provide?

Defendants have agreed to create an $82,500,000 fund to be distributed to Damages Class Members who send in valid claim forms.

All Damages Class Members that (a) do not exclude themselves from the Class by the deadline and (b) who file a valid and timely claim during a process that will occur later will be paid from the monies provided by Varsity in this Settlement (the "Settlement Fund"). The money in this Settlement Fund will also be used to pay, as approved by the Court:

- The cost of Settlement administration and notice, and applicable taxes on the Settlement Fund and any other related tax expenses;

- Money awards for Class Representatives for their service on behalf of the Class; and

- Attorneys' fees and reimbursement of expenses for Settlement Class Counsel.

After these amounts are deducted, the remainder is the Net Settlement Fund. It will only be distributed to Damages Class Members if the Court finally approves the Settlement and the plan for allocating the Net Settlement Fund to Damages Class Members.

In addition, under the Settlement, Defendants have agreed to the following business changes to begin on the date of the Court's final approval of the Settlement:

    a.   Varsity will not condition a Competitive Cheer athlete or team's eligibility to compete at an end-of-season championship competition on prior participation at a Varsity-owned Cheer Camp. To the extent that Varsity continues to require completion of Varsity's Squad Credentialing Program for attendance at such a competition, it will make such credentialing available without requiring attendance at a camp and at a reasonable cost to teams or participants seeking Squad Credentialing.

    b.   Varsity will not offer or require exclusive purchasing arrangements as a condition for participation in the Varsity Family Plan, Network Program, or any rebate or discount program relating to Cheer Competitions.

    c.   Varsity will not require participants in 35% or more of its Cheer Competitions to stay at Varsity-approved accommodations as a prerequisite to their participation in Varsity-owned Cheer Competitions, including without limitation, through Varsity's Stay to Play or Stay Smart programs.

    d.   USASF will not disclose to any of its event producer members confidential information regarding cheer competition schedules, or attendance records, shared with USASF by another event producer member that is affirmatively identified by that event producer member as "confidential" and either "not to be shared with any other USASF member" or other similar language. "Confidential information" does not include, without limitation, information that is publicly known at the time of disclosure to USASF or when it becomes publicly known at no fault of USASF (which may include through disclosure at a USASF Board or committee meeting), information that USASF learns from another source not subject to any confidentiality limitations, or information that is shared with USASF with the purpose or understanding that it will be shared with other members. For the purpose of effectuating this provision, within thirty days after the Court's Final Approval of the Settlement, USASF will provide notice to its event producer members that (1) they have the choice to designate any information shared with USASF as "confidential" and "not to be shared with any other USASF member"; (2) to exercise such choice, they must affirmatively identify the information as "confidential" and either "not to be shared with any other USASF member" or words to that effect in writing contemporaneous with their submission of such information to USASF; and (3) that any information shared with the USASF that is not so designated as confidential may be publicly disclosed or used for any legitimate USASF purpose. USASF will subsequently provide a similar notice to its event producer members and applicants at or around the time that it circulates event producer membership applications each year.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 9.  How can I get a payment?

If the Court approves the Settlement, the Court will then approve a Claim Form and set a deadline for Damages Class Members to submit a claim. To receive a payment, you must submit a valid Claim Form by the deadline that will be determined after the final approval hearing. The Claim Form will be posted on the Settlement website and available by calling the toll-free number 1-877-796-7731. Damages Class Members will be able to submit claims electronically using the Settlement website or through the mail. Information regarding filing a Claim Form will be mailed or emailed to Damages Class Members for whom the Settlement Administrator has valid and current addresses.

Right now, precisely how much each Damages Class Member will receive from the Net Settlement Fund is unknown. The amount of your payment, if any, will be determined by the Court-approved plan of allocation. The plan of allocation, subject to approval of the Court, can be summarized as follows:

    The Net Settlement Fund will be divided into pools based on the category of eligible purchases made by the Damages Class relating to Competitions, Camps and Apparel, as established by

Plaintiffs' expert economists in the litigation. Purchases relating to Competitions will be allocated 53% of the Net Settlement Fund; purchases relating to Camps will be allocated 26% of the Net Settlement Fund; and purchases relating to Apparel will be allocated 21% of the Net Settlement Fund.

Payments from the Net Settlement Fund in each pool (Competitions, Camps, Apparel) will be calculated on a pro rata basis from the number of years an eligible Claimant made valid purchases in each category. The Settlement Administrator will perform the calculations and determine the payment each Class Member is entitled to receive upon receipt and validation of all eligible Class Member claims. If the claims submitted for a particular pool are disproportionate to the other pools, the Settlement Administrator has authority to revise the allocations to align with the claims submitted.

By signing the Claim Form, a Class Member will affirm under penalty of perjury certain information related to the Athlete's participation in an All Star Gym or school cheer team, as well as the types of purchases made in each year (competitions, camps, apparel). In addition, Class Members must submit documentation showing proof of participation in an All Star Gym or school cheer team. For example, an Athlete's All Star Gym invoice would suffice to show participation. The Settlement Administrator may require additional claim documentation and/or information after you submit your Claim Form. This may include, among other things, records relating to purchases claimed, events attended, or registered participants. Information related to proof of residence currently or at the time of the events relating to your claim may also be requested as part of the validation process. Claims may be selected for further review and/or rejected because of concerns related to fraud.

The Settlement Administrator will make decisions regarding claim submissions, including claim validity and amounts, with input from Settlement Class Counsel and Settlement Class Counsel's consulting economic expert. The complete Plan of Allocation will be available on the Settlement website, www.CheerAntitrustSettlement.com.

## 10. When would I get my payment?

The Court will hold a hearing on November 22, 2024 to decide whether to approve the Settlement. If Judge Lipman approves the Settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a valid claim form will be informed of the progress of the Settlement. Please be patient. We want to pay you as soon as possible.

## 11. What am I giving up to get a payment or stay in the Damages Class?

Unless you exclude yourself from the Damages Class, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you, including the release of claims contained in the Settlement Agreement, even if you don't file a Claim Form. The Settlement Agreement is available on the Settlement website at www.CheerAntitrustSettlement.com.

Specifically, the Settlement Agreement provides that the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any member of the putative Settlement Class has objected to the Settlement or makes a claim upon or participates in distribution of the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) under any federal, state, or local law of any jurisdiction in the United States, that Releasors, or each of them, ever had, now have, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof that arise out of the factual predicate alleged in or are reasonably related

to or based upon the claims alleged in the Complaint in the Action prior to the Execution Date. For the avoidance of doubt, claims arising in the ordinary course between (a) any of the Releasees, on the one hand, and (b) Plaintiffs, Settlement Class Members, or Releasors, on the other, and arising under Article 2 of the Uniform Commercial Code (pertaining to sales) or similar state laws, the laws of negligence or product liability, strict liability, or implied warranty, breach of contract, breach of express warranty, or personal injury (including claims for sexual or emotional abuse or harm, whether direct, indirect, or vicariously), will not be released. The claims described as being released in this paragraph are referred to herein as the "Released Claims."

By remaining in the Damages Class, upon the Effective Date of the Settlement, all Damages Class Members shall be deemed to have, and by operation of Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against any and all of the Releasees. Each Class Member shall be deemed to have released all Released Claims against all of the Releasees unless such Settlement Class Member exclude themselves in writing pursuant to a Notice Plan approved by the Court. All Class Members agree to be permanently barred and enjoined from commencing any action against any Releasee with respect to the Released Claims, except for Damages Class Members who elect to be excluded from the Damages Class and retain the right to sue for damages only.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 12. How do I get out of the Settlement?

To exclude yourself from the Damages Class, you must send a letter by mail saying that you want to be excluded from *Jones, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-cv-02892-SHL-tmp. Be sure to include the name of the case, your name, address, telephone number, your signature, proof of membership in the Damages Class, which may include a sworn statement with supporting details indicating that the individual is a member of the proposed Damages Class, as well as your statement that you want to be excluded from the Damages Class. You must mail your exclusion request postmarked no later than September 26, 2024 to:

Cheer Settlement Administrator
Attn: Exclusion Requests
P.O. Box 58220
Philadelphia, Pennsylvania 19102

If you ask to be excluded from the Damages Class, you will not get any Settlement payment, and you cannot object to the Settlement. You may be able to sue Defendants for damages in the future for the claims in this case. You cannot exclude yourself from the Injunctive Relief Class.

### 13. If I don't exclude myself from the Damages Class, can I sue Defendants for damages later?

No. Unless you exclude yourself from the Damages Class, you give up any right to sue Defendants for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Damages Class to start or continue your own lawsuit for damages. Remember, the exclusion deadline is September 26, 2024.

### 14. If I exclude myself from the Damages Class, can I get money from this Settlement?

No. If you exclude yourself from the Damages Class, do not send in a Claim Form to ask for any money. But you may sue, continue to sue, or be part of a different lawsuit against Defendants for damages only.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in the case?

Yes. The Court asked the law firms of Joseph Saveri Law Firm, LLP; Gustafson Gluek PLLC; HARTLEY LLP; PAUL LLP; and Turner Field, PLLC to represent you and the Class Members (called "Class Counsel"). You will not individually pay these lawyers. If you have any questions about the Notice or the Settlement, you can contact them. You can also hire an attorney at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $27,500,000 to them for attorneys' fees (which is one-third of the total Settlement value); reimbursement of expenses to them in the amount of $9,250,249.14; and payment of $50,000 to each of Jessica Jones and Christina Lorenzen, and $25,000 to Amy Coulson for their services as Class Representatives. The fees would pay Class Counsel for investigating and litigating the case and negotiating the Settlement. The Court may award less than these amounts. If the Court grants Class Counsel's requests, these amounts would be deducted from the Settlement Fund. Damages Class Members will not pay any individual attorneys' fees or expenses.

## OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court that I don't like the Settlement?

You can object to the Settlement if you don't like any of it and tell the Court why you think the Court shouldn't approve it. The Court will consider your views. To object, send a letter to each of the entities listed in the chart below saying that you object and include(a) the name of the case (*Jones, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-02892-SHL-tmp); (b) your name and address and, if represented by counsel, the name, address, and telephone number of counsel; (c) proof of membership in one of the proposed Classes, which may include a sworn statement with supporting details indicating that the individual is a member of one or both of the proposed Classes; (d) a statement detailing all objections to the Settlement; and (e) a statement of whether you will appear at the Fairness Hearing, either with or without counsel. Mail your objection to each of the following addresses, so that it is received by the Court and Counsel no later than September 26, 2024:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court U.S. District Court for the Western District of Tennessee 167 North Main Street Memphis, Tennessee 38103 | Joseph Saveri Joseph Saveri Law Firm 601 California Street Suite 1505 San Francisco, California 94108 | Steven J. Kaiser Cleary Gottlieb Steen & Hamilton LLP 2112 Pennsylvania Avenue, NW Washington DC 20037 |

### 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you don't like something about the Settlement. Excluding yourself is telling the Court that you don't want to be part of the Damages Class. If you exclude yourself from the Damages Class, you have no basis to object to the Settlement Fund or Net Settlement Fund, and can only object to the injunctive relief portions of the settlement, detailed in Section 8(a) – (d).

## THE COURT'S FAIRNESS HEARING

**19. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at 10:00 a.m. on November 22, 2024, at the United Sates District Court for the Western District of Tennessee, Odell Horton Federal Building, Courtroom 1, 167 North Main Street, Memphis, Tennessee 38103. There, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Lipman will listen to people who have asked to speak. The Court may also decide how much to pay Class Counsel. After the hearing, she will decide whether to approve the Settlement.

**Important:** The time and date of the Fairness Hearing may change without additional mailed or published notice. For updated information on the hearing, visit: www.CheerAntitrustSettlement.com.

**20. Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have. But you can come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend.

**21. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Jones, et al. v. Varsity Brands, LLC, et al*., Case No. 2:20-cv-02892-SHL-tmp (W.D. Tenn.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be received by the Court no later than September 26, 2024, and must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses provided in response to Question 17. You can't speak at the hearing regarding the Settlement Fund or Net Settlement Fund if you exclude yourself from the Damages Class.

## IF YOU DO NOTHING

**22. What happens if I do nothing at all?**

If you do nothing, you'll get no money from this Settlement. But, unless you exclude yourself from the Damages Class, you won't be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

**23. Are there more details about the Settlement and how do I get them?**

This Notice is a summary. For more information, contact the Settlement Administrator by phone toll-free at 1-877-796-7731, by email at info@CheerAntitrustSettlement.com, or write to Cheer Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, or visit the Settlement website, www.CheerAntitrustSettlement.com, where you will find answers to common questions about the Settlement, copies of court documents and the Settlement Agreement, information about filing a claim, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**Please Do Not Attempt to Contact Judge Lipman or the Clerk of Court with Any Questions.**

# EXHIBIT C

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE**

*Jones, et al. v. Varsity Brands, LLC, et al.,* Case No. 2:20-cv-02892

## <u>Notice of Class Action Settlement</u>

**An \$82.5 million proposed Settlement will provide payments to persons who indirectly paid Varsity, such as through a gym or school, to participate in a Varsity cheer competition or camp, or to buy Varsity cheer clothing.**

> **ILLINOIS RESIDENTS: PLEASE TAKE NOTICE THAT ILLINOIS IS NOW INCLUDED IN THE DAMAGES CLASS AND ILLINOIS RESIDENTS MAY NOW PARTICIPATE IN THE PROPOSED SETTLEMENT.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The Court has preliminarily approved a proposed \$82.5 million settlement ("Settlement") for claims of competitive cheer athletes' families who indirectly paid for Varsity cheer competitions, camps, and/or apparel and also provides for changes in conduct to resolve a lawsuit called *Jones et al. v. Varsity Brands, LLC, et al.,* Case No. 2:20-cv-02892 (W.D. Tenn.) (the "Action").

- The Action was brought by certain competitive cheer athletes' families and alleged that Defendants ("Defendants"[1]) obtained and maintained control over the All Star Cheer and school cheer events marketplace, through acquisitions of rivals, exclusive dealing agreements, and collusion with USASF, in violation of antitrust laws. The Action alleges that this anticompetitive conduct caused Varsity to overcharge for participation in competitive cheer competitions and camps and for apparel. Defendants believe Plaintiffs' claims lack merit, that their conduct was pro-competitive, not anticompetitive, and that Defendants have valid defenses to Plaintiffs' allegations.

- The Settlement offers cash payments to members of the Class who file valid timely claim forms later in the process.

- Your rights are affected whether you act or don't act. Please read this Notice carefully. For the full terms of the Settlement, you should look at the Settlement Agreement available at www.CheerAntitrustSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM<br>*Deadline To Be Determined* | The only way to get a payment. The claim form process will occur later. The instructions, including the deadline to submit a claim, will be available on the Settlement website after the Court grants final approval of the Settlement. |
| EXCLUDE YOURSELF<br>*Postmarked by September 26, 2024* | Get no payment. This is the only option that removes you from the Action so you aren't bound by the Settlement, and you can sue Defendants for damages only at your own expense for the claims in this case. Class Members cannot elect to be excluded from the Injunctive Relief Class. |
| OBJECT<br>*Received by September 26, 2024* | Write to the Court about why you don't like the Settlement. |
| GO TO A HEARING<br>*November 22, 2024* | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | Get no payment. Give up your rights to sue Defendants. |

---

[1] Defendants include Varsity Brands LLC; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC; U.S. All Star Federation, Inc.; Jeff Webb; Charlesbank Capital Partners LLC; and Bain Capital Private Equity.

## BASIC INFORMATION

| 1. Why did I get this Notice package? |
| --- |

You or someone in your family may have paid to participate in a Varsity competition and/or camp and/or paid for Varsity apparel. The Court sent you this Notice because you have a right to know about a proposed class action settlement, and about all your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. You will be informed of the progress of the Settlement.

The Court in charge of the case is the United States District Court for the Western District of Tennessee, and the case is called *Jones, et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02892-SHL-tmp. The people who filed the class action are called the "Plaintiffs" and the companies and individual they sued are called the "Defendants."

| 2. What is this lawsuit about? |
| --- |

The Action claimed that Defendants engaged in a concerted exclusionary scheme to acquire, maintain, and enhance Varsity's monopoly power in the markets for cheer competitions, cheer camps, and cheer apparel in the U.S., and have exploited Varsity's monopoly power to cause supra-competitive prices in those markets. Plaintiffs alleged that Varsity controlled more than 75% of each of those product markets and that Varsity leveraged its monopoly in these markets to erect barriers to entry in the other markets. As a result, Plaintiffs allege that they and the Classes overpaid for Varsity's cheer competitions, camps, and apparel.

| 3. What is a class action? |
| --- |

In a class action, one or more people called "Class Representatives" (here Jessica Jones, Christina Lorenzen, and Amy Coulson) sue on behalf of other people with similar claims. All these people are a Class or Class Members. One Judge (in this case, U.S. District Court Judge Sheryl H. Lipman) resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. Why is there a Settlement? |
| --- |

The Court didn't decide in favor of Plaintiffs or Defendants. The Plaintiffs think they could have won at trial. The Defendants think that the Plaintiffs wouldn't have won anything at trial. But there was no trial. Instead, both sides agreed to a settlement. This avoids the cost of a trial, and the Class Members get compensated. The Class Representatives and the attorneys think the Settlement is best for Class Members.

## WHO IS IN THE SETTLEMENT?

| 5. Who is included in the Settlement? |
| --- |

Judge Lipman decided for this Settlement that there are two Classes described below:

**Damages Class:** everyone who fits this description is a member of the Damages Class:

> All natural persons and entities in Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Iowa, Illinois, Kansas, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin, that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, through March 31, 2024, for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions.

**Injunctive Relief Class:** everyone who fits this description is a member of the Injunctive Relief Class:

> All natural persons and entities in the United States that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, through March 31, 2024, for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions, including registration fees to USASF; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions, including registration fees to USASF.

---

### 6.  Are there exceptions to being included?

Yes. The following are excluded from the Classes: Defendants, their parent companies, subsidiaries and affiliates, officers, executives, and employees; Defendants' attorneys in this case, federal government entities and instrumentalities, states or their subdivisions, and all judges and jurors assigned to this case.

If you did not pay a gym or school to participate in a Varsity competition or camp, or for Varsity apparel between December 10, 2016, and March 31, 2024, you are not a Class Member or a part of this Settlement.

---

### 7.  I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-877-796-7731 toll-free or visit www.CheerAntitrustSettlement.com for more information. Or you can fill out and return the claim form described in Question 9 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

---

### 8.  What does the Settlement provide?

Defendants have agreed to create an $82,500,000 fund to be distributed to Damages Class Members who send in valid claim forms.

All Damages Class Members that (a) do not exclude themselves from the Class by the deadline and (b) who file a valid and timely claim during a process that will occur later will be paid from the monies provided by Varsity in this Settlement (the "Settlement Fund"). The money in this Settlement Fund will also be used to pay, as approved by the Court:

- The cost of Settlement administration and notice, and applicable taxes on the Settlement Fund and any other related tax expenses;
- Money awards for Class Representatives for their service on behalf of the Class; and
- Attorneys' fees and reimbursement of expenses for Settlement Class Counsel.

After these amounts are deducted, the remainder is the Net Settlement Fund. It will only be distributed to Damages Class Members if the Court finally approves the Settlement and the plan for allocating the Net Settlement Fund to Damages Class Members.

In addition, under the Settlement, Defendants have agreed to the following business changes to begin on the date of the Court's final approval of the Settlement:

a. Varsity will not condition a Competitive Cheer athlete or team's eligibility to compete at an end-of-season championship competition on prior participation at a Varsity-owned Cheer Camp. To the extent that Varsity continues to require completion of Varsity's Squad Credentialing Program for attendance at such a competition, it will make such credentialing available without requiring attendance at a camp and at a reasonable cost to teams or participants seeking Squad Credentialing.

b. Varsity will not offer or require exclusive purchasing arrangements as a condition for participation in the Varsity Family Plan, Network Program, or any rebate or discount program relating to Cheer Competitions.

c. Varsity will not require participants in 35% or more of its Cheer Competitions to stay at Varsity-approved accommodations as a prerequisite to their participation in Varsity-owned Cheer Competitions, including without limitation, through Varsity's Stay to Play or Stay Smart programs.

d.  USASF will not disclose to any of its event producer members confidential information regarding cheer competition schedules, or attendance records, shared with USASF by another event producer member that is affirmatively identified by that event producer member as "confidential" and either "not to be shared with any other USASF member" or other similar language. "Confidential information" does not include, without limitation, information that is publicly known at the time of disclosure to USASF or when it becomes publicly known at no fault of USASF (which may include through disclosure at a USASF Board or committee meeting), information that USASF learns from another source not subject to any confidentiality limitations, or information that is shared with USASF with the purpose or understanding that it will be shared with other members. For the purpose of effectuating this provision, within thirty days after the Court's Final Approval of the Settlement, USASF will provide notice to its event producer members that (1) they have the choice to designate any information shared with USASF as "confidential" and "not to be shared with any other USASF member"; (2) to exercise such choice, they must affirmatively identify the information as "confidential" and either "not to be shared with any other USASF member" or words to that effect in writing contemporaneous with their submission of such information to USASF; and (3) that any information shared with the USASF that is not so designated as confidential may be publicly disclosed or used for any legitimate USASF purpose. USASF will subsequently provide a similar notice to its event producer members and applicants at or around the time that it circulates event producer membership applications each year.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 9.  How can I get a payment?

If the Court approves the Settlement, the Court will then approve a Claim Form and set a deadline for Damages Class Members to submit a claim. To receive a payment, you must submit a valid Claim Form by the deadline that will be determined after the final approval hearing. The Claim Form will be posted on the Settlement website and available by calling the toll-free number 1-877-796-7731. Damages Class Members will be able to submit claims electronically using the Settlement website or through the mail. Information regarding filing a Claim Form will be mailed or emailed to Damages Class Members for whom the Settlement Administrator has valid and current addresses.

Right now, precisely how much each Damages Class Member will receive from the Net Settlement Fund is unknown. The amount of your payment, if any, will be determined by the Court-approved plan of allocation. The plan of allocation, subject to approval of the Court, can be summarized as follows:

The Net Settlement Fund will be divided into pools based on the category of eligible purchases made by the Damages Class relating to Competitions, Camps and Apparel, as established by Plaintiffs' expert economists in the litigation. Purchases relating to Competitions will be allocated 53% of the Net Settlement Fund; purchases relating to Camps will be allocated 26% of the Net Settlement Fund; and purchases relating to Apparel will be allocated 21% of the Net Settlement Fund.

Payments from the Net Settlement Fund in each pool (Competitions, Camps, Apparel) will be calculated on a pro rata basis from the number of years an eligible Claimant made valid purchases in each category. The Settlement Administrator will perform the calculations and determine the payment each Class Member is entitled to receive upon receipt and validation of all eligible Class Member claims. If the claims submitted for a particular pool are disproportionate to the other pools, the Settlement Administrator has authority to revise the allocations to align with the claims submitted.

By signing the Claim Form, a Class Member will affirm under penalty of perjury certain information related to the Athlete's participation in an All Star Gym or school cheer team, as well as the types of purchases made in each year (competitions, camps, apparel). In addition, Class Members must submit documentation showing proof of participation in an All Star Gym or school cheer team. For example, an Athlete's All Star Gym invoice would suffice to show participation. The Settlement Administrator may require additional claim documentation and/or information after you submit your Claim Form. This may include, among other things, records relating to purchases claimed, events attended, or registered participants. Information related to proof of residence currently or at the time of the events relating to your claim may also be requested as part of the validation process. Claims may be selected for further review and/or rejected because of concerns related to fraud.

The Settlement Administrator will make decisions regarding claim submissions, including claim validity and amounts, with input from Settlement Class Counsel and Settlement Class Counsel's consulting economic expert. The complete Plan of Allocation will be available on the Settlement website, www.CheerAntitrustSettlement.com.

## 10. When would I get my payment?

The Court will hold a hearing on November 22, 2024 to decide whether to approve the Settlement. If Judge Lipman approves the Settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a valid claim form will be informed of the progress of the Settlement. Please be patient. We want to pay you as soon as possible.

## 11. What am I giving up to get a payment or stay in the Damages Class?

Unless you exclude yourself from the Damages Class, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you, including the release of claims contained in the Settlement Agreement, even if you don't file a Claim Form. The Settlement Agreement is available on the Settlement website at www.CheerAntitrustSettlement.com.

Specifically, the Settlement Agreement provides that the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any member of the putative Settlement Class has objected to the Settlement or makes a claim upon or participates in distribution of the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) under any federal, state, or local law of any jurisdiction in the United States, that Releasors, or each of them, ever had, now have, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof that arise out of the factual predicate alleged in or are reasonably related to or based upon the claims alleged in the Complaint in the Action prior to the Execution Date. For the avoidance of doubt, claims arising in the ordinary course between (a) any of the Releasees, on the one hand, and (b) Plaintiffs, Settlement Class Members, or Releasors, on the other, and arising under Article 2 of the Uniform Commercial Code (pertaining to sales) or similar state laws, the laws of negligence or product liability, strict liability, or implied warranty, breach of contract, breach of express warranty, or personal injury (including claims for sexual or emotional abuse or harm, whether direct, indirect, or vicariously), will not be released. The claims described as being released in this paragraph are referred to herein as the "Released Claims."

By remaining in the Damages Class, upon the Effective Date of the Settlement, all Damages Class Members shall be deemed to have, and by operation of Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against any and all of the Releasees. Each Class Member shall be deemed to have released all Released Claims against all of the Releasees unless such Settlement Class Member exclude themselves in writing pursuant to a Notice Plan approved by the Court. All Class Members agree to be permanently barred and enjoined from commencing any action against any Releasee with respect to the Released Claims, except for Damages Class Members who elect to be excluded from the Damages Class and retain the right to sue for damages only.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## 12. How do I get out of the Settlement?

To exclude yourself from the Damages Class, you must send a letter by mail saying that you want to be excluded from *Jones, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-cv-02892-SHL-tmp. Be sure to include the name of the case, your name, address, telephone number, your signature, proof of membership in the Damages Class, which may include a sworn statement with supporting details indicating that the individual is a member of the proposed Damages Class, as well as your statement that you want to be excluded from the Damages Class. You must mail your exclusion request postmarked no later than September 26, 2024 to:

Cheer Settlement Administrator
Attn: Exclusion Requests
P.O. Box 58220
Philadelphia, Pennsylvania 19102

If you ask to be excluded from the Damages Class, you will not get any Settlement payment, and you cannot object to the Settlement. You may be able to sue Defendants for damages in the future for the claims in this case. You cannot exclude yourself from the Injunctive Relief Class.

**13. If I don't exclude myself from the Damages Class, can I sue Defendants for damages later?**

No. Unless you exclude yourself from the Damages Class, you give up any right to sue Defendants for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Damages Class to start or continue your own lawsuit for damages. Remember, the exclusion deadline is September 26, 2024.

**14. If I exclude myself from the Damages Class, can I get money from this Settlement?**

No. If you exclude yourself from the Damages Class, do not send in a Claim Form to ask for any money. But you may sue, continue to sue, or be part of a different lawsuit against Defendants for damages only.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in the case?**

Yes. The Court asked the law firms of Joseph Saveri Law Firm, LLP; Gustafson Gluek PLLC; HARTLEY LLP; PAUL LLP; and Turner Field, PLLC to represent you and the Class Members (called "Class Counsel"). You will not individually pay these lawyers. If you have any questions about the Notice or the Settlement, you can contact them. You can also hire an attorney at your own expense.

**16. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to $27,500,000 to them for attorneys' fees (which is one-third of the total Settlement value); reimbursement of expenses to them in the amount of $9,250,249.14; and payment of $50,000 to each of Jessica Jones and Christina Lorenzen, and $25,000 to Amy Coulson for their services as Class Representatives. The fees would pay Class Counsel for investigating and litigating the case and negotiating the Settlement. The Court may award less than these amounts. If the Court grants Class Counsel's requests, these amounts would be deducted from the Settlement Fund. Damages Class Members will not pay any individual attorneys' fees or expenses.

## OBJECTING TO THE SETTLEMENT

**17. How do I tell the Court that I don't like the Settlement?**

You can object to the Settlement if you don't like any of it and tell the Court why you think the Court shouldn't approve it. The Court will consider your views. To object, send a letter to each of the entities listed in the chart below saying that you object and include(a) the name of the case (*Jones, et al. v. Varsity Brands, LLC, et al.*, No. 2:20-02892-SHL-tmp); (b) your name and address and, if represented by counsel, the name, address, and telephone number of counsel; (c) proof of membership in one of the proposed Classes, which may include a sworn statement with supporting details indicating that the individual is a member of one or both of the proposed Classes; (d) a statement detailing all objections to the Settlement; and (e) a statement of whether you will appear at the Fairness Hearing, either with or without counsel. Mail your objection to each of the following addresses, so that it is received by the Court and Counsel no later than September 26, 2024:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>U.S. District Court for the Western District of Tennessee<br>167 North Main Street<br>Memphis, Tennessee 38103 | Joseph Saveri<br>Joseph Saveri Law Firm<br>601 California Street Suite 1505<br>San Francisco, California 94108 | Steven J. Kaiser<br>Cleary Gottlieb Steen & Hamilton LLP<br>2112 Pennsylvania Avenue, NW<br>Washington DC 20037 |

**18. What is the difference between objecting and excluding?**

Objecting is telling the Court that you don't like something about the Settlement. Excluding yourself is telling the Court that you don't want to be part of the Damages Class. If you exclude yourself from the Damages Class, you have no basis to object to the Settlement Fund or Net Settlement Fund, and can only object to the injunctive relief portions of the settlement, detailed in Section 8(a) – (d).

## THE COURT'S FAIRNESS HEARING

**19. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at 10:00 a.m. on November 22, 2024, at the United Sates District Court for the Western District of Tennessee, Odell Horton Federal Building, Courtroom 1, 167 North Main Street, Memphis, Tennessee 38103. There, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Lipman will listen to people who have asked to speak. The Court may also decide how much to pay Class Counsel. After the hearing, she will decide whether to approve the Settlement.

**Important:** The time and date of the Fairness Hearing may change without additional mailed or published notice. For updated information on the hearing, visit: www.CheerAntitrustSettlement.com.

**20. Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have. But you can come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend.

**21. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Jones, et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02892-SHL-tmp (W.D. Tenn.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be received by the Court no later than September 26, 2024, and must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses provided in response to Question 17. You can't speak at the hearing regarding the Settlement Fund or Net Settlement Fund if you exclude yourself from the Damages Class.

## IF YOU DO NOTHING

**22. What happens if I do nothing at all?**

If you do nothing, you'll get no money from this Settlement. But, unless you exclude yourself from the Damages Class, you won't be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

**23. Are there more details about the Settlement and how do I get them?**

This Notice is a summary. For more information, contact the Settlement Administrator by phone toll-free at 1-877-796-7731, by email at info@CheerAntitrustSettlement.com, or write to Cheer Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, or visit the Settlement website, www.CheerAntitrustSettlement.com, where you will find answers to common questions about the Settlement, copies of court documents and the Settlement Agreement, information about filing a claim, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**Please Do Not Attempt to Contact Judge Lipman or the Clerk of Court with Any Questions.**

**Cheer Settlement Administrator**

1650 Arch Street Ste 2210

Philadelphia, Pennsylvania 19103-2041

*Electronic Service Requested*

# EXHIBIT D



 **Angeion Group**
Sponsored · 

If you paid for Varsity Cheer Competitions or Camps or bought Varsity apparel, you may be entitled to money.



CHEERANTITRUSTSETTLEMENT.COM

**Varsity Cheer Competitions and Camps**
$82.5 Million Settlement

Learn more







 **Angeion Group** ✔ @AngeionGroup

If you paid for Varsity Cheer Competitions or Camps or bought Varsity apparel, you may be entitled to money as part of a proposed $82.5 million Class Action Settlement.



www.cheerantitrustsettlement.com
Varsity Cheer Competitions and Camps

   

# EXHIBIT E

**An $82.5 million proposed Settlement will provide payments to persons who paid an All Star Gym or school to participate in a Varsity cheer competition or camp, or to buy Varsity cheer clothing.**

A class action was brought by competitive cheer athletes' families and alleged that Defendants, including Varsity Brands LLC and U.S. All Star Federation, Inc. ("Defendants") maintained control over the All Star Cheer and school cheer events, through acquisitions of rivals, purported exclusive dealing agreements, and purported collusion with USASF, in violation of antitrust laws. Further, the suit alleges that this anticompetitive conduct caused Varsity to overcharge for participation in competitive cheer competitions and camps and for the required apparel. Defendants believe Plaintiffs' claims lack merit, that their conduct was pro-competitive, not anticompetitive, and that Defendants have valid defenses to Plaintiffs' allegations.

**What does the Settlement provide?**
The Court has preliminarily approved a proposed $82.5 million settlement ("Settlement") for claims of competitive cheer athletes' families who indirectly paid for Varsity cheer competitions, camps, and/or apparel and also provides for changes in conduct to resolve the class action lawsuit called *Jones et al. v. Varsity Brands, LLC, et al.*, Case No. 2:20-cv-02892, pending in the United States District Court for the Western District of Tennessee ("Action").

The Settlement offers cash payments to members of the Damages Class who file valid timely Claim Forms. The details and deadline to submit a Claim Form will be made available after the Court grants final approval of the Settlement. Please visit www.CheerAntitrustSettlement.com for updates, and to view the full terms of the Settlement.

**Am I eligible to receive a payment from the Settlement?**

Everyone who fits this description is a member of the Damages Class:

All natural persons and entities in Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida Hawaii, Idaho, Iowa, Kansas, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin, that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, through March 31, 2024, for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions.

If you are not sure whether you are included, you can ask for free help. You can call toll-free 1-877-796-7731 or visit www.CheerAntitrustSettlement.com for more information.

**How do I get a payment from the Settlement?**
The Court will hold a hearing on November 22, 2024, to decide whether to approve the Settlement. If the Settlement is approved, the Claim Form and plan for payment will be made available. The Court will approve a Claim Form and set a deadline for Damages Class Members to submit a claim. To receive a payment, you must submit a valid and timely Claim Form. Please visit www.CheerAntitrustSettlement.com for updates.

At this time, it is not known precisely how much each Damages Class Member will receive from the Settlement Fund. The amount of your payment, if any, will be determined by the plan of allocation to be approved by the Court. The complete Plan of Allocation will be made available at www.CheerAntitrustSettlement.com.

**What are my rights?**
If you do nothing, you'll get no money from this Settlement. Unless you exclude yourself from the Damages Class, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the issues in this case. It also means that all of the Court's orders will apply to you and legally bind you, including the release of claims contained in the Settlement Agreement, even if you don't file a Claim Form. You may exclude yourself from the Damages Class by sending a letter postmarked no later than September 26, 2024. If you do not agree with any part of the Settlement, you can send an objection so that it is received no later than September 26, 2024. Further instructions on excluding and objecting are available by viewing the FAQs or the long from notice on the Settlement website at www.CheerAntitrustSettlement.com.

**The Court's hearing.**
The Court will hold a hearing on November 22, 2024 to consider whether to approve the Settlement and approve Class Counsel's request of attorneys' fees of up to one-third of the Settlement Fund, plus reimbursement of costs and expenses and service payments to the Class Representatives. You or your own lawyer may appear and speak at the hearing at your own expense. More information about the Settlement is available on the Settlement website, www.CheerAntitrustSettlement.com, and in the Long Form Notice accessible on that website, or by calling 1-877-796-7731.

# EXHIBIT F







# EXHIBIT G

**AG | ANGEION GROUP**
*Writing the Rules*

1650 Arch Street, Suite 2210
Philadelphia, PA 19103
www.angeiongroup.com
215.563.4116 (P)
215.525.0209 (F)

July 19, 2024

RE:    *Jones et al. v. Varsity Brands, LLC, et al.*
       Case No. 2:20-cv-02892, U.S. District Court for the Western District of Tennessee

Dear Gym Owner/Manager:

Enclosed is a legal Poster Notice regarding the above-referenced class action, concerning individuals or families who paid an All Star Gym or school to participate in a Varsity cheer competition or camp, or to buy Varsity cheer clothing from December 10, 2016 through March 31, 2024.

Angeion is the Court-appointed Settlement Administrator in this matter and, pursuant to the Court's June 18, 2024 Order granting preliminary approval, we are sending the enclosed Poster Notice and requesting that it be posted in a highly visible area where Class Members are most likely to view the notice. If you would like to review the Court's Order, please visit the Important Documents page of the Settlement website at www.CheerAntitrustSettlement.com.

For additional information, call toll-free 1-877-796-7731. You may also write to the Settlement Administrator by mail: Cheer Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, Pennsylvania 19103, or email: info@CheerAntitrustSettlement.com.

Sincerely,

Angeion Group, LLC

Cheer Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
1-877-796-7731
info@CheerAntitrustSettlement.com
www.CheerAntitrustSettlement.com

# Notice of Settlement of Varsity Cheer Class Action

*Jones et al. v. Varsity Brands, LLC, et al.,* Case No. 2:20-cv-02892, U.S. District Court for the Western District of Tennessee

## An $82.5 million proposed Settlement will provide payments to persons who paid an All Star Gym or school to participate in a Varsity cheer competition or camp, or to buy Varsity cheer clothing.

*A federal court directed this Notice. This is not an advertisement or a solicitation from a lawyer.*

### What is the purpose of this Notice?

A class action was brought by competitive cheer athletes' families and alleged that Defendants, including Varsity Brands LLC and U.S. All Star Federation, Inc. ("Defendants") maintained control over the All Star Cheer and school cheer events, through acquisitions of rivals, purported exclusive dealing agreements, and purported collusion with USASF, in violation of antitrust laws. Further, the suit alleges that this anticompetitive conduct caused Varsity to overcharge for participation in competitive cheer competitions and camps and for the required apparel. Defendants believe Plaintiffs' claims lack merit, that their conduct was pro-competitive, not anticompetitive, and that Defendants have valid defenses to Plaintiffs' allegations.

The Court has preliminarily approved a proposed $82.5 million settlement ("Settlement") for claims of competitive cheer athletes' families who indirectly paid for Varsity cheer competitions, camps, and/or apparel and also provides for changes in conduct to resolve the class action lawsuit called *Jones et al. v. Varsity Brands, LLC, et al.,* Case No. 2:20-cv-02892, pending in the United States District Court for the Western District of Tennessee ("Action").

For this Settlement, there are two Classes, a Damages Class and an Injunctive Relief Class. The Settlement offers cash payments to members of the Damages Class who file valid timely Claim Forms. The details and deadline to submit a Claim Form will be made available after the Court grants final approval of the Settlement. Please visit www.CheerAntitrustSettlement.com for updates, and to view the full terms of the Settlement.

If you are not sure whether you are included, you can ask for free help. You can call toll-free 1-877-796-7731 or visit www.CheerAntitrustSettlement.com for more information.

### How Can I Get a Payment?

The Court will hold a hearing on November 22, 2024, to decide whether to approve the Settlement. If the Settlement is approved, the Claim Form and plan for payment will be made available. The Court will approve a Claim Form and set a deadline for Damages Class Members to submit a claim. To receive a payment, you must submit a valid and timely Claim Form. Please visit www.CheerAntitrustSettlement.com for updates.

At this time, it is not known precisely how much each Damages Class Member will receive from the Settlement Fund. The amount of your payment, if any, will be determined by the Plan of Allocation to be approved by the Court. The complete Plan of Allocation will be made available at www.CheerAntitrustSettlement.com.

### What Rights Do I Give Up by Staying in the Class or submitting a Claim?

Unless you exclude yourself, you are staying in the Damages Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the issues in this case. It also means that all of the Court's orders will apply to you and legally bind you, including the release of claims contained in the Settlement Agreement, even if you don't file a Claim Form.

### How Do I Get Out of the Settlement?

To exclude yourself from the Damages Class, you must send a letter by mail saying that you want to be excluded from *Jones, et al. v. Varsity Brands, LLC, et al.,* No. 2:20-cv-02892-SHL-tmp. You must include the name of the case, your name, address, telephone number, signature, proof of membership in the Damages Class, which may include a sworn statement with supporting details indicating that the individual is a member of the proposed State Law Damages Class, and your statement that you want to be excluded from the Damages Class. You must mail your exclusion request postmarked no later than September 26, 2024 to: Cheer Settlement Administrator, Attn: Exclusion Requests, P.O. Box 58220, Philadelphia, PA 19102. You cannot exclude yourself from the Injunctive Relief Class.

**Do I have a Lawyer in this Case?** Yes. The Court has appointed attorneys from the following law firms to represent you and all Class Members: Joseph Saveri Law Firm, LLP; Gustafson Gluek, PLLC, Hartley LLP; PAUL LLP; and Turner Fields, PLLC.

These lawyers are called Class Counsel. You will not be individually charged for these lawyers. If you have any questions about the Notice or the Action, you can contact the above-listed Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### How Do I Tell the Court that I don't like the Settlement?

You can tell the Court that you don't agree with any part of the Settlement by objecting. You can give reasons why you think the Court shouldn't approve it by sending a letter saying that you object to each of the following: (1) the Clerk of the Court; (2) Class Counsel; and (3) Defense Counsel (contact information each of these entities is available on the website below). Be sure to include (a) the name of the case (*Jones, et al. v. Varsity Brands, LLC, et al.,* No. 2:20-02892-SHL-tmp); (b) your name and address and, if represented by counsel, the name, address, and telephone number of counsel; (c) proof of membership in one of the proposed Classes, which may include a sworn statement with supporting details indicating that the individual is a member of one or both of the proposed Classes; (d) a statement detailing all objections to the Settlement; and (e) a statement of whether you will appear at the Fairness Hearing, either with or without counsel. Mail the objection so that it is **received** no later than September 26, 2024. For complete information on how to object, please visit www.CheerAntitrustSettlement.com.

### What Happens If I Do Nothing at All?

If you do nothing, you'll get no money from this Settlement. But, unless you exclude yourself from the Damages Class, you won't be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Defendants about the issues in this case, ever again.

### Are There More Details About the Settlement?

Yes, visit www.CheerAntitrustSettlement.com for more details, answers to common questions about the Settlement, the Claim Form (after it has been approved by the Court), plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

You can also contact the Settlement Administrator by phone, email, or mail:

Toll-Free 1-877-796-7731 ● info@CheerAntitrustSettlement.com
Cheer Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

*Please Do Not Contact Judge Lipman or the Clerk of Court with Any Questions.*

# EXHIBIT H

# Settlement Administrator Angeion Group Announces Proposed Settlement in Varsity Brands Class Action

NEWS PROVIDED BY

**Angeion Group** ➙

Jul 18, 2024, 09:00 ET

*Jones, et al. v. Varsity Brands, LLC, et al.,* Case No. 2:20-cv-02892

**An $82.5 million proposed Settlement will provide payments to persons who paid an All Star Gym or school to participate in a Varsity cheer competition or camp, or to buy Varsity cheer clothing.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

SAN FRANCISCO, July 18, 2024 /PRNewswire/ -- A class action was brought by competitive cheer athletes' families and alleged that Defendants, including Varsity Brands LLC and U.S. All Star Federation, Inc. ("Defendants") maintained control over the All Star Cheer and school cheer events, through acquisitions of rivals, purported exclusive dealing agreements, and purported collusion with USASF, in violation of antitrust laws. Further, the suit alleges that this anticompetitive conduct caused Varsity to overcharge for participation in competitive cheer competitions and camps and for the required apparel. Defendants believe Plaintiffs' claims lack merit, that their conduct was pro-competitive, not anticompetitive, and that Defendants have valid defenses to Plaintiffs' allegations.

**What does the Settlement provide?**

The Court has preliminarily approved a proposed $82.5 million settlement ("Settlement") for claims of competitive cheer athletes' families who indirectly paid for Varsity cheer competitions, camps, and/or apparel and also provides for changes in conduct to resolve the class action lawsuit called *Jones et al. v. Varsity Brands, LLC, et al*., Case No. 2:20-cv-02892, pending in the United States District Court for the Western District of Tennessee ("Action").

The Settlement offers cash payments to members of the Damages Class who file valid timely Claim Forms. The details and deadline to submit a Claim Form will be made available after the Court grants final approval of the Settlement. Please visit **www.CheerAntitrustSettlement.com** for updates, and to view the full terms of the Settlement.

**Am I eligible to receive a payment from the Settlement?**

Everyone who fits this description is a member of the Damages Class:

> All natural persons and entities in Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Iowa, Kansas, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin, that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, through March 31, 2024,5 for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions.

If you are not sure whether you are included, you can ask for free help. You can call toll-free 1-877-796-7731 or visit **www.CheerAntitrustSettlement.com** for more information.

**How do I get a payment from the Settlement?**

The Court will hold a hearing on November 22, 2024, to decide whether to approve the Settlement. If the Settlement is approved, the Claim Form and plan for payment will be made available. The Court will

approve a Claim Form and set a deadline for Class Members to submit a claim. To receive a payment, you must submit a valid and timely Claim Form. Please visit **www.CheerAntitrustSettlement.com** for updates.

At this time, it is not known precisely how much each Class Member will receive from the Settlement Fund. The amount of your payment, if any, will be determined by the plan of allocation to be approved by the Court. The complete Plan of Allocation will be made available at **www.CheerAntitrustSettlement.com**.

**What are my rights?**

If you do nothing, you'll get no money from this Settlement. Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you, including the release of claims contained in the Settlement Agreement, even if you don't file a Claim Form. You may exclude yourself from the Settlement by sending a letter postmarked no later than September 26, 2024. If you do not agree with any part of the Settlement, you can send an objection so that it is **received** no later than September 26, 2024. Further instructions on excluding and objecting are available by viewing the FAQs or the Long Form Notice on the Settlement website at **www.CheerAntitrustSettlement.com**.

**The Court's hearing.**

The Court will hold a hearing on November 22, 2024 to consider whether to approve the Settlement and approve Class Counsel's request of attorneys' fees of up to one-third of the Settlement Fund, plus reimbursement of costs and expenses and service payments to the Class Representatives. You or your own lawyer may appear and speak at the hearing at your own expense. More information about the Settlement is available on the Settlement website, **www.CheerAntitrustSettlement.com**, and in the Long Form Notice accessible on that website, or by calling 1-877-796-7731**.**

**This notice is only a summary.**

**For more information, including the full Notice and Settlement Agreement, visit**

**www.CheerAntitrustSettlement.com, email info@CheerAntitrustSettlement.com, or call 1-877-796-7731**

**Contact:**

Angeion Group

Shiri Lasman

(215) 563-4116

SOURCE Angeion Group

# EXHIBIT I

Cheer Antitrust Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email: info@CheerAntitrustSettlement.com
Website: www.CheerAntitrustSettlement.com

| SUBMISSION DEADLINE: |
| :---: |
| **[DEADLINE]** |

This is an **important court-ordered document** in *Jones, et al. v. Varsity Brands, LLC, et al.,* United States
District Court for the Western District of Tennessee, Case No. 2:20-cv-02892-SHL-tmp

## STATE LAW DAMAGES CLASS CLAIM FORM

### I.    INSTRUCTIONS

1.    Complete all required sections of the attached Claim Form:

   **Part II:**    Fully complete this section by providing the Claimant name and contact information.

   **Part III:**    Read the Class Definition in Part III and check the Acknowledgement box.

   **Part IV:**    Answer the questions about your purchases of Varsity Cheer Apparel, Camps, and/or
   Competitions.

   **Part V:**    Attach documentation showing proof of participation in an All Star Gym or school cheer team and
   check the Confirmation box.

   **Part VI:**    Choose your preferred payment method and provide the required information.

   **Part VII:**    Fully complete, sign, and date the Claim Form Certification section.

2.    Mail the completed Claim Form to the Settlement Administrator at the address above **or** complete the Claim
Form online so that it is postmarked or submitted no later than [CLAIM DEADLINE].

3.    Please add the email, info@CheerAntitrustSettlement.com to your contact list to ensure that future email
correspondence is delivered to your inbox.

### II.    CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form. If this
information changes, you **MUST** notify the Settlement Administrator in writing by mail or email.

Claimant Name (First, Middle, Last)

| |
| --- |

| Address 1 (Street Name and Number) | Address 2 (Apartment, Unit or Box Number) |
| --- | --- |
| | |

| City | State |
| --- | --- |
| | |

| Zip Code | Country |
| --- | --- |
| | |

| Telephone Number (Mobile or Home) | Email Address |
| --- | --- |
| | |

If you are filling out this Claim Form on behalf of your minor child or dependent, please provide the athlete's full
name:

| |
|---|

### III.    SETTLEMENT INFORMATION AND CLASS DEFINITION

On [FINAL APPROVAL DATE], the Court in this case issued its [Order Granting Final Approval] ("Final Approval Order"), granting final approval of a settlement between Plaintiffs Jessica Jones, Christina Lorenzen, and Amy Coulson (together, "Plaintiffs") and Defendants Varsity Brands, LLC; Varsity Spirit, LLC; Varsity Spirit Fashion & Supplies, LLC; U.S. All Star Federation, Inc.; Jeff Webb; Charlesbank Capital Partners LLC; Charlesbank Equity Fund VII, Limited Partnership; Charlesbank Equity Fund VIII, Limited Partnership; Charlesbank Equity Fund IX, Limited Partnership; Bain Capital Private Equity, LP; Bain Capital Fund XII, L.P.; Bain Capital Fund (DE) XII, L.P.; and Bain Capital Fund (Lux) XII, SCSp (together, "Defendants"). A copy of the Final Approval Order may be viewed and downloaded on the settlement website, www.CheerAntitrustSettlement.com.

The antitrust claims have been settled for (a) an aggregate cash payment totaling $82,500,000 (the "Settlement Fund"), and (b) an agreement to implement significant business changes that address conduct on the part of Defendants that the Plaintiffs have challenged as anticompetitive in this case (together, the "Settlement").

The Long Form Notice summarizes both the litigation and the terms of the Settlement. The purpose of this proof of claim ("Claim Form") is to ensure that members of the State Law Damages Class can participate in the distribution of the $82.5 million Settlement Fund, less attorneys' fees, expenses, administration costs, service awards approved by the Court, and any taxes owed ("Net Settlement Fund"). The Net Settlement Fund will be allocated per the Plan of Allocation approved by the Court. Copies of the Long Form Notice and the Plan of Allocation may be viewed and downloaded on the settlement website, www.CheerAntitrustSettlement.com.

You must be a member of the **State Law Damages Class** and submit a complete, valid Claim Form and Supporting Documents in order to be eligible for a Settlement Payment. Judge Lipman approved the following State Law Damages Class definition for purposes of this Settlement:

**State Law Damages Class:** everyone who fits this description is a member of the State Law Damages Class:

All natural persons and entities in Arizona, Arkansas, California, Connecticut, the District of Columbia, Florida, Hawaii, Idaho, Iowa, Illinois, Kansas, Maine, Massachusetts, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wisconsin, that indirectly paid Varsity or any Varsity subsidiary or affiliate, from December 10, 2016, through March 31, 2024, for: (a) registration, entrance, or other fees and expenses associated with participation in one or more Varsity Cheer Competitions; (b) Varsity Cheer Apparel; (c) Varsity Cheer Camp Fees; or (d) accommodations at one or more Varsity Cheer Competitions.

**Excluded from the Class:**

Defendants, their parent companies, subsidiaries and affiliates, officers, executives, and employees; Defendants' attorneys in this case, federal government entities and instrumentalities, states or their subdivisions, and all judges and jurors assigned to this case.

If you did not pay a gym or school to participate in a Varsity competition or camp, or for Varsity apparel between December 10, 2016, and March 31, 2024, you are not a Class Member or a part of this Settlement.

**This Claim Form is to be used only by members of the State Law Damages Class**. You do not need to file a Claim Form to be eligible for injunctive relief under the Settlement.

| |
|---|
| **ACKNOWLEDGEMENT:**<br><br>☐   By checking this box, I confirm that I have read the definition of the Class and I am a member of the Class and can participate in the proposed Settlement. |

IV.    **INFORMATION ABOUT YOUR VARSITY CHEER PURCHASES**

a.    **Varsity Cheer Competitions:**

Check the box below each year that you paid for registration expenses associated with participation in one or more Varsity Cheer Competitions, such as through payments to your School or All-Star Gym team, between **December 10, 2016, and March 31, 2024**.

| 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|------|------|------|------|------|------|------|------|------|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

b.    **Varsity Cheer Camps:**

Check the box below each year that you paid to participate in Varsity Cheer Camps, such as through payments to your School or All-Star Gym team, between **December 10, 2016, and March 31, 2024**.

| 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|------|------|------|------|------|------|------|------|------|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

c.    **Varsity Cheer Apparel:**

Check the box below each year that you purchased Varsity Cheer Apparel, such as through payments to your School or All-Star Gym team, between **December 10, 2016, and March 31, 2024**.

| 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|------|------|------|------|------|------|------|------|------|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

V.    **DOCUMENTATION**

You must submit documentation showing proof of participation in an All Star Gym or school cheer team. Supporting Documents can be in the form of, but are not limited to, signed contracts, invoices, payment receipts, order forms, All Star Gym or school membership dues, awards received by the cheerleader, or other documents that verify participation.

You must also submit documentation showing proof of residency in one of the State Law Damages Class states between December 10, 2016, and March 31, 2024. Supporting Documents can be in the form of, but are not limited to, any government issued identification card showing your name and residential address, any invoice or bill issued to you showing your name and residential address, and/or any letter addressed to you showing your name and residential address.

| **CONFIRMATION:** |
|---|
| ☐    By checking this box, I confirm that I have submitted the required documentation described above. |

**Important Note:** The Settlement Administrator may require additional claim documentation and/or information after you submit your Claim Form. This may include, among other things, records relating to purchases claimed,

events attended, or registered participants. Information related to proof of residence currently or at the time of events relating to your claim may also be requested as part of the validation process. Claims may be selected for further review and/or rejected because of concerns related to fraud.

**VI.    PAYMENT PREFERENCE**

You may choose to receive your settlement payment by check or digital disbursement. Please check the box below your preferred payment method. If you choose a digital payment, you **must** provide the email and/or phone number associated with your account.

| Check: | PayPal: | Venmo: |
|--------|---------|--------|
| ☐ | ☐ | ☐ |

PayPal or Venmo Email: _____

PayPal or Venmo Phone Number: _____

**VII.    CERTIFICATION**

By signing below, you are certifying under penalty of perjury that the information provided in this Claim Form is accurate and complete.

I declare, under penalty of perjury, under the laws of the United States of America that the foregoing information provided by the undersigned is true and correct and that this proof of claim was executed as follows:

Sign your name here: _____    Type/Print Your Name here: _____

Date (Month, Day, Year) _____    Location (City and State) _____

Country (if outside of the U.S.) _____

**YOU MUST SUBMIT THIS CLAIM FORM BY [CLAIM DEADLINE]**

**PLEASE DIRECT ANY QUESTIONS ABOUT THIS CLAIM FORM TO THE SETTLEMENT ADMINISTRATOR BY DOING ONE OF THE FOLLOWING:**

- **Calling the toll-free number: 1-877-796-7731**
- **Writing to: Cheer Antitrust Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103**
- **Emailing: info@CheerAntitrustSettlement.com**

**ACCURATE PROCESSING OF CLAIMS MAY TAKE SIGNIFICANT TIME.**

**THANK YOU IN ADVANCE FOR YOUR PATIENCE.**